1  Scott R. Mosko (State Bar No. 106070)
   FINNEGAN, HENDERSON, FARABOW,
2    GARRETT & DUNNER, L.L.P.
   Stanford Research Park
3  3300 Hillview Avenue
   Palo Alto, California 94304
4  Telephone:   (650) 849-6600
   Facsimile:   (650) 849-6666
5

6  Attorney for Defendants Pacific Northwest
   Software, Inc. and Winston Williams
7

8

9  UNITED STATES DISTRICT COURT

10 NORTHERN DISTRICT OF CALIFORNIA

11 SAN JOSE DIVISION

12 FACEBOOK, INC.                                   CASE NO. C 07-01389 RS

13          Plaintiff,                              **DEFENDANT PACIFIC NORTHWEST SOFTWARE, INC.'S AND**
14          v.                                      **DEFENDANT WINSTON WILLIAMS'S MOTION TO DISMISS**
15 CONNECTU LLC, (now known as CONNECTU,            **FOR LACK OF PERSONAL**
   INC.), PACIFIC NORTHWEST SOFTWARE,               **JURISDICTION PURSUANT TO FED.**
16 INC., WINSTON WILLIAMS, AND DOES 1-25,           **R. CIV. P. 12(b)(2)**

17          Defendants.                             Date:   May 2, 2007
                                                    Time:   9:30 a.m.
18                                                  Dept.:  4
                                                    Judge:  Hon. Richard Seeborg
19

20

21

22

23

24

25

26

27

28

Doc. No. 460115

DEFENDANTS' MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION
CASE NO. C 07-01389 RS

Dockets.Justia.com

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 2, 2007 at 9:30 a.m. or soon thereafter as counsel may be heard by Magistrate Judge Richard Seeborg of above entitled Court, located at 280 South First Street, San Jose, California, Pacific Northwest Software, Inc. ("PNS") and Winston Williams ("Mr. Williams") will and hereby do move this Court to dismiss them from this action for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

Defendants' assertions are based upon this Motion, including the accompanying Memorandum and Points and Authorities in Support of Motion to Dismiss, the accompanying Declaration of Winston Williams and the Declaration of John Taves, all the pleadings in the case, and such other arguments and evidence as may properly come before the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

PNS and Mr. Williams move to dismiss the claims against them because this Court cannot exercise personal jurisdiction over them. As the amended complaint alleges, PNS, a Washington state based corporation with its principal place of business in Washington was hired by Co-Defendant ConnectU, LLC ("ConnectU") to write software. (Taves Decl. ¶ 1) Neither ConnectU nor the ConnectU individuals with whom PNS had contact were located in California. (*Id.* at ¶ 12) At the time ConnectU hired PNS, Mr. Williams was employed by PNS. (*Id.*) Mr. Williams was employed as a software writer by PNS. He was never a manager or owner.

Plaintiff accuses ConnectU of hiring PNS to write software that was allegedly used to gain access to Plaintiff's website. Plaintiff apparently contends this software was used to effect the downloading of what it alleges to have been "proprietary data," but in actuality took the form of email addresses Plaintiff voluntarily posted on its website, which were viewable by all users.

These allegations of downloading proprietary data are spurious. In any event, neither PNS nor Mr. Williams can be held to answer to the amended complaint in this Court. PNS was hired by a customer located in a state other than California. It performed services directed by this non-California entity and was paid according to its invoices. Mr. Williams was the PNS employee who

performed a portion of the services requested by this customer. Neither PNS nor Mr. Williams acted independently. PNS's services were directed by ConnectU, and Mr. Williams' activities were performed consistent with responsibilities while employed at PNS. Under these circumstances, PNS and Mr. Williams could only be held to answer to the allegations in the amended complaint if this Court can assert general jurisdiction over them. Neither had any appreciable contacts with California. Plaintiff does not allege any facts from which an inference can be reached to establish that any of the charging claims occurred in California. To the extent that any acts were felt in California, they were directed by ConnectU. The corporate structure of ConnectU prevents this Court from finding that PNS acted as the alter ego of ConnectU. And the corporate structures of ConnectU and PNS prevent this Court from finding Mr. Williams was the alter ego of either PNS or ConnectU. Certainly Plaintiff has failed to allege any facts suggesting alter ego. Because this Court cannot assert personal jurisdiction over PNS and/or Mr. Williams, this Motion should be granted and they should both be dismissed from this action.

## II.   FACTS

PNS is a Washington State corporation with a principal place of business in Washington. Mr. Williams is a citizen of the state of Washington. Neither PNS nor Mr. Williams maintains a registered agent for service in California. Neither PNS nor Mr. Williams own, lease, possess, or maintain any real or personal property in California. Neither own, lease, or maintain an office, residence, or place of business in California. Neither PNS nor Mr. Williams has paid taxes of any kind in the State of California. Neither maintains any bank, savings, or loan accounts in California. Neither has sold any goods in California. Neither PNS nor Mr. Williams has derived substantial revenue from goods used or consumed in California or services rendered in California. Mr. Williams does not engage in a business and has not engaged in business in California. PNS engages in little or no business in California. (Declaration of John Taves, ¶¶ 1-12; Declaration of Winston Williams ¶¶ 1-15)

The Complaint asserts seven causes of action against PNS and Mr. Williams: violation of Penal Code Section 502(c) and "common law misappropriation/unfair competition" for the "unauthorized appropriation" of data from a website, violation of Massachusetts General Law 93A §

2, violation of California Business and Professions Code §17529.4, violation of California Business and Professions Code §17538.45, violation 15 U.S.C.S. §7701, et seq., and violation of 18 U.S.C. §1030. (Am. Complaint ¶¶ 29, 35, 39, 45, 50, 55, 62) The alleged facts supporting these counts concern Plaintiff's claim that each of the Defendants gained unauthorized access to a website, and took proprietary data from it. (Am. Complaint ¶ 18) Plaintiff further alleges that co-Defendant ConnectU hired Co-Defendant PNS to write software to access this website. (*Id.* at ¶ 17) At all relevant times, Mr. Williams was an employee of PNS, and was performing the duties assigned to him as an employee of PNS. (Williams Decl. ¶ 16; Taves Decl. ¶ 12)

## III. ARGUMENT

### A. Plaintiff Cannot Meet its Burden to Establish that Personal Jurisdiction Exists

Plaintiff "has the initial burden of demonstrating facts justifying the exercise of jurisdiction." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Plaintiff cannot meet this burden because neither PNS nor Mr. Williams has sufficient contacts with California. In no stretch of the imagination can either be deemed to have purposefully availed itself or himself of California's benefits. This motion therefore must be granted.

California's long-arm statute permits California courts to exercise jurisdiction on any basis not inconsistent with the federal or state Constitution. Cal. Code Civ. Proc. § 410.10. Under the federal Constitution's due process clause, a court may assume jurisdiction over a nonresident defendant if the defendant has constitutionally sufficient "minimum contacts" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "The overriding constitutional principle is that maintenance of an action in the forum must not offend 'traditional conception[s] of fair play and substantial justice.'" *Id.* at 320. The defendant's "conduct and connection with the forum State" must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). *Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir. 1990).

Personal jurisdiction is of two types: general and specific. General jurisdiction exists when the activities of a nonresident in the forum state are substantial, continuous, and systematic, or extensive and wide-ranging. *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 445

1  (1952). In such circumstances, it is not necessary that the cause of action be related to the
2  defendant's forum activities. *Id.*

3  A court may assert specific jurisdiction over a defendant where a plaintiff establishes:
4  (1) the defendant has purposefully availed himself of the benefits and protections of the forum state;
5  (2) the claim arose directly out of defendant's contacts with the forum state; and (3) the exercise of
6  jurisdiction is reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78 (1985). These
7  requirements protect non-residents from being sued in foreign courts as a result of "random,
8  fortuitous or attenuated contacts over which they had no control." *Id.* If any of the three
9  requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of
10 law. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006).

11 "Purposeful availment" requires that the defendant has either purposefully directed its
12 activities at residents of the forum, or purposefully availed itself of the privilege of conducting
13 activities within the forum state, thus invoking the benefits and protections of local law. *Hanson v.*
14 *Denckla*, 357 U.S. 235, 253-54 (1958). This prong is only satisfied when the defendant purposefully
15 and voluntarily directs his activities toward the forum so that he should expect, by virtue of the
16 benefit he receives, to be subject to the court's jurisdiction based on his contacts with the forum.
17 *U.S. v. Swiss American Bank, Ltd.,* 274 F.3d 610, 623-624 (1st Cir. 2001). Thus, the "purposeful
18 availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result
19 of "random," "fortuitous," or "attenuated" contacts, or of the "unilateral activity of another party or a
20 third person." *Id.* When a defendant purposefully avails itself of the privilege of conducting
21 activities within the forum State, it has clear notice that it is subject to suit there, and can act to
22 alleviate the risk of burdensome litigation by procuring insurance, passing the expected costs on to
23 customers, or, if the risks are too great, severing its connection with the State. *World-Wide*
24 *Volkswagen,* 444 U.S. at 297.

25 Applying these principles here, this Court lacks jurisdiction over PNS and Mr.
26 Williams because (a) neither has had significant contacts with the forum, (b) neither has availed
27 itself or himself of the benefit of the forum in any way, purposefully or otherwise, and (c) the
28 Plaintiff's claims do not arise out of any personal contacts between either PNS or Mr. Williams and

the forum (nor can Plaintiff plead otherwise).  Moreover, the facts on which Plaintiff's claims are based occurred as a result of ConnectU's hiring of PNS, and Mr. Williams performing services consistent with his employment with PNS for a non-California entity.  Hence this Court's exercise of personal jurisdiction over PNS or Mr. Williams would not comport with fair play and substantial justice.

### 1. There is No Credible Evidence Allowing this Court to Exercise General Jurisdiction Over PNS or Mr. Williams

Courts find general jurisdiction over a non-resident defendant only where the contacts with the state are substantial, continuous, and systematic, or extensive and wide-ranging.  *Perkins,* 342 U.S. at 445.

#### a. PNS

As established in the accompanying declaration of John Taves, PNS has no appreciable contacts with California.  (Taves Decl. ¶¶ 1-11)  Plaintiff has failed to allege any facts contradicting the Taves declaration.  Hence this Court cannot exercise general jurisdiction over PNS.

#### b. Mr. Williams

As established in the accompanying declaration of Winston Williams, he has no established contacts with California.  (Williams Decl. ¶¶ 1-15).  Here too, Plaintiff fails to allege any facts to the contrary.  This Court cannot exercise general jurisdiction over him.

### 2. There is No Credible Evidence Allowing this Court to Exercise Specific Jurisdiction Over PNS or Mr. Williams

For specific jurisdiction to exist, (a) moving defendants PNS and/or Mr. Williams must have purposefully availed itself or himself of California's benefits, (b) the alleged claims must be related to or arise out of PNS's or Mr. Williams's contacts with California, and (c) the assertion of personal jurisdiction over PNS or Mr. Williams must be fair and reasonable.  *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).  Plaintiff cannot meet its burden to establish any of these prongs for specific jurisdiction.

1           **a.**      **PNS did not avail itself of California's Benefits**

2           The purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous or attenuated contacts, or of the unilateral activity of another party or a third person."  *Burger King,supra,* 471 U.S. at 475. Plaintiff alleges that PNS was hired by ConnectU to write software to gain unauthorized access to Facebook's website and misappropriate information.  (Am. Complaint ¶ 17)  The amended complaint does not allege where ConnectU was located.  As indicated in John Taves's declaration, ConnectU was not located in California.  So, PNS, a Washington corporation was retained by a non-California entity to write software.  (Taves Decl. ¶ 12)  Under these facts, there can be no inference that PNS could expect any benefits from California by performing this work.

          Thus, the only basis upon which this Court could exercise jurisdiction over PSN is through general jurisdiction principles.  Because Plaintiff has not alleged any facts to allow this Court to exercise general jurisdiction, PNS must be dismiss.

          **b.**      **Mr. Williams Did Not Avail Himself of California's Benefits**

          Regarding Mr. Williams' involvement with PNS's customer, ConnectU, Plaintiff inaccurately alleges that he was directly hired by ConnectU.  (Am. Complaint ¶ 17)  In fact, as stated in the accompanying declarations, at all relevant times Mr. Williams was employed by PNS and was performing his duties consistent with the assignment given to him by PNS.  (Taves Decl. ¶ 12; Williams Decl. ¶ 16)  Even if the Court accepts Plaintiff's inaccurate allegations in Paragraph 17 of the Amended Complaint as true, Plaintiff has effectively admitted in Paragraph 17 of the Amended Complaint that co-Defendant ConnectU, a non-California entity directed the software to be written.  Said differently, and in the terms of the *Burger King* Court, the alleged wrongdoings occurred as a result of the "unilateral activity of another party." 471 U.S. at 475. Under these facts, there can be no inference that Mr. Williams could expect any benefits from California by performing the work he was assigned to do from his Washington-based employer.

          As the district courts in California have found, acts performed by individuals, in their official capacities, cannot reasonably be attributed to them as individual acts creating personal jurisdiction.  *Colt Studio, Inc. v. Badpuppy Enter.*, 75 F. Supp. 2d 1104, 1111

(C.D. Cal. 1999), *citing Mihlon v. Superior Court*, 169 Cal. App. 3d 703, 713 (Cal. 1985). Mr. Williams is doubly shielded from this Court exercising specific jurisdiction over him. He was employed by a Washington entity and performed his duties while at PNS. And, the alleged wrongful acts were directed by co-Defendant ConnectU. Thus, the only basis upon which this Court can assert personal jurisdiction over Mr. Williams's would be if he were subject to general jurisdiction in California. As shown above, Plaintiff has not established that this Court may assert general jurisdiction over Mr. Williams, so he must be dismissed from this action.

### 3. The Alleged Claims are Not Related to or Do Not Arise Out of PNS's or Mr. Williams's Contacts with California

#### a. PNS

PNS was retained by ConnectU to write software. ConnectU was never located in California. PNS was paid as a result of the invoices it issued to ConnectU. (Taves Decl. ¶ 12) Hence regarding the PNS/ConnectU relationship, there can be no inference that any of the acts PNS took concerned California. ConnectU requested services and directed PNS what it wanted to do. There are no facts from which any inference can be made that PNS is the alter ego of ConnectU. So even if ConnectU's acts involved California, the corporate structure prevents a finding that this Court has jurisdiction over PNS. *Colt Studio, supra,* 75 F. Supp. 2d at 1111.

#### b. Mr. Williams

To the extent that Mr. Williams has any contacts with California, it is as a result of his being an employee of PNS, which was hired by ConnectU. As discussed above, although ConnectU concedes jurisdiction, a separate analysis must be performed as to Mr. Williams before this Court can find it has jurisdiction over him. Plaintiff does not allege that Mr. Williams took any acts regarding Plaintiff outside his position as an employee of PNS, or that he acted inconsistently with the direction from PNS's customer, ConnectU, who Plaintiff alleges directed the software to be written. (Am. Complaint ¶ 17) Moreover, there is no allegation or evidence suggesting that the corporate form should be disregarded, which would be the only basis that would allow this Court to exercise specific jurisdiction over Mr. Williams. *See Sheard v. Superior Court,* 40 Cal.App.3d 207, 210 (1974); *Flynt Distrib. Co. v. Harvey,* 734 F.2d 1389, 1393 (9th Cir. 1984).

Plaintiff fails to allege that Mr. Williams is the "alter ego" of ConnectU or PNS.  This motion therefore must be granted.

### c. Exercising Jurisdiction Over either PNS or Mr. Williams Would Not be Fair or Reasonable

To satisfy due process requirements, the Court's exercise of personal jurisdiction must be reasonable.  Stated in other terms, personal jurisdiction must comport with "fair play and substantial justice." *Burger King ,supra,* 471 U.S. at 476.  Some courts analyze this prong with a seven-factor test: These factors are: "(1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Panavision Intern., L.P. v. Toeppen,* 141 F.3d 1316, 1323 (9th Cir. 1998). "No one factor is dispositive; a court must balance all seven." *Id.* at 1323; *Core-Vent Corp. v. Nobel Industries AB,* 11 F.3d 1482, 1487-1488 (9th Cir. 1993).

Plaintiff has the burden to prove that there are sufficient facts to justify the assertion of jurisdiction over PNS and/or Mr. Williams. *Rio Properties, supra,* 284 F.3d at 1019. Plaintiff does not allege or provide any facts consistent with these factors above.  This motion must be granted.

///
///
///
///
///
///
///

## IV.     CONCLUSION

For the foregoing reasons, both PNS and Mr. Williams respectfully request that their motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) be granted.

Dated: March 21, 2007

FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.

By:             /s/
   Scott R. Mosko
   Attorney for Pacific Northwest Software,
   Inc. and Winston Williams