1  G. HOPKINS GUY, III (State Bar No. 124811)
   I. NEEL CHATTERJEE (State Bar No. 173985)
2  MONTE COOPER (State Bar No. 196746)
   THERESA A. SUTTON (State Bar No. 211857)
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA  94025
   Telephone:   650-614-7400
5  Facsimile:    650-614-7401

6  Attorneys for Plaintiff
   The Facebook, Inc.
7

8                 UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11 THE FACEBOOK, INC.,                              Case No.  5:07-CV-01389-RS

12                 Plaintiff,                       **FACEBOOK'S MOTION TO
                                                    ENLARGE TIME TO RESPOND TO
13        v.                                        MOTION TO DISMISS PURSUANT
                                                    TO FED. R. CIV. P. 12(B)(2), AND
14 CONNECTU LLC, PACIFIC NORTHWEST                  RESCHEDULE MAY 2, 2007
   SOFTWARE and WINSTON WILLIAMS,                   HEARING**
15
                   Defendants.
16

## I. INTRODUCTION

Plaintiff Facebook, Inc., requests an order, pursuant to Civil Local Rule 6-3, enlarging the time for it to respond to Defendants Pacific Northwest Software and Winston Williams' motion to dismiss and to reschedule the May 2, 2007 hearing on that motion. Facebook does not seek to enlarge the time related to any other hearing dates. On March 21, 2007, Pacific Northwest Software and Winston Williams filed a joint motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Facebook's opposition to the motion is currently due on April 11, 2007.

In connection with this Motion to Enlarge Time, Facebook will file a motion to take expedited jurisdictional discovery. Such discovery is necessary to enable Facebook to provide the Court with a complete record demonstrating that it may properly exercise personal jurisdiction over the defendants. In the event the Court agrees that Facebook is entitled to take jurisdictional discovery, and to afford Facebook an opportunity to fully develop its response to the motion to dismiss, Facebook's deadline to respond must be extended. Accordingly, Facebook seeks an order enlarging the time for its response and, concomitantly, rescheduling the May 2 hearing.

## II. FACTS

Facebook filed a complaint against defendant ConnectU on August 17, 2005, alleging that ConnectU misappropriated Facebook information and violated California Penal Code Section 502(c). On February 23, 2007, Facebook filed a First Amended Complaint ("FAC"). In the FAC, Facebook added two parties, Pacific Northwest Software ("PNS") and Winston Williams, and alleged five additional claims for relief against all parties.

On March 21, 2007, PNS and Williams filed a joint Motion to Dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Docket No. 23. The hearing is set for May 2, 2007. Facebook's opposition is due on April 11, 2007. Facebook will, in connection with this motion, file a motion for expedited discovery related to this Court's exercise of personal jurisdiction over the defendants. In that motion, Facebook will ask the Court to permit immediate jurisdictional discovery in order to demonstrate that this Court may exercise jurisdiction over the

1    defendants.

2    Facebook asked the defendants to stipulate to an enlargement of time for Facebook
3    to respond to the motion to dismiss. Decl. of Theresa A. Sutton in Supp. of Mot. to Enlarge
4    Time, ¶ 3. Counsel for defendants indicated an unwillingness to do so and has delayed any
5    meaningful discussion until a time when it would be too late for Facebook to obtain the relief it
6    seeks. *Id.* As a result, Facebook seeks relief from the Court.

## III. LEGAL ARGUMENT

The Court may, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Civil Local Rule 6-3(b), enlarge the time for Facebook to respond to the defendants' Motion to Dismiss. Rule 6(b) authorizes the enlargement of time for "cause shown." Good cause exists for the requested enlargement of time.

Defendants filed their Motion to Dismiss on March 21, 2007 and set a hearing for May 2, 2007. See Docket No. 23. Based on the May 2, 2007, hearing date, Facebook's opposition is due on April 11, 2007. In their motion, defendants argue that the Court may not properly exercise personal jurisdiction over them. This argument is belied by the various statements defendants make in their motion papers and the declarations submitted therewith. In fact, PNS admits that it has contacts with California. Declaration of John Taves in Support of Motion to Dismiss (Docket No. 24), ¶¶ 8, 9, 11, 12. Mr. Williams makes similar admissions. Declaration of Winston Williams in Support of Motion to Dismiss (Docket No. 27), ¶¶ 11, 16.

In order to demonstrate that personal jurisdiction exists over these defendants, and to test statements made in PNS' and Williams' Declarations, Facebook wishes to conduct limited jurisdictional discovery. In order to do so effectively, however, the discovery must be taken before Facebook is required to respond to the Motion. Facebook therefore seeks to enlarge the time for its response to the motion to dismiss to afford it an opportunity to conduct limited discovery and incorporate that discovery into its opposition. For these reasons, Facebook also seeks to reschedule the May 2 hearing. As discussed above, good cause exists for doing so.

## IV. CONCLUSION

Facebook seeks an enlargement of time to respond to PNS and Williams' motion

to dismiss.  An extension of time will enable Facebook to engage in limited, expedited discovery related to this Court's exercise of personal jurisdiction over these defendants.  As will be more fully discussed in Facebook's Motion for Expedited Discovery re Personal Jurisdiction, such discovery is often granted under these circumstances.  Thus, enlarging the time for Facebook to respond to PNS and Williams' Motion to Dismiss and rescheduling the May 2, 2007 hearing is appropriate under the circumstances.

Dated: April 4, 2007

G. HOPKINS GUY, III
I. NEEL CHATTERJEE
MONTE COOPER
THERESA A. SUTTON
ORRICK, HERRINGTON & SUTCLIFFE LLP


/s/ I. Neel Chatterjee /s/
I. Neel Chatterjee
Attorneys for Plaintiff
The Facebook, Inc.