| | |
|---|---|
| 1 | G. HOPKINS GUY, III (State Bar No. 124811) |
| 2 | I. NEEL CHATTERJEE (State Bar No. 173985)<br>MONTE COOPER (State Bar No. 196746) |
| 3 | THERESA A. SUTTON (State Bar No. 211857)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 4 | 1000 Marsh Road<br>Menlo Park, CA  94025 |
| 5 | Telephone:    650-614-7400<br>Facsimile:     650-614-7401 |

Attorneys for Plaintiff
Facebook, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| FACEBOOK, INC., | Case No.  5:07-CV-01389-RS |
|---|---|
| Plaintiff, | **FACEBOOK'S MOTION FOR EXPEDITED DISCOVERY RE: PERSONAL JURISDICTION** |
| v. | |
| CONNECTU LLC, PACIFIC NORTHWEST SOFTWARE and WINSTON WILLIAMS, | Date:    May 16, 2007<br>Time:    9:30 A.M.<br>Dept.:   4 |
| Defendants. | Judge:   Honorable Richard Seeborg |

#### NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 16, 2007 at 9:30 A.M. or soon thereafter as counsel may be heard by Magistrate Judge Richard Seeborg of the above entitled Court, located at 280 South First Street, San Jose, California, Plaintiff The Facebook, Inc. will and hereby does move this Court to authorize expedited discovery related to Defendants Pacific Northwest Software and Winston Williams' Motion to Dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

Facebook's request is based upon this Motion, the accompanying Memorandum and Points and Authorities in Support of Motion for Expedited Discovery Re Personal Jurisdiction, the accompanying Declaration of I. Neel Chatterjee, all the pleadings in the case, and such other arguments and evidence as may properly come before the Court.

#### MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Facebook requests an order allowing expedited discovery related to Pacific Northwest Software and Winston Williams' motion to dismiss for lack of personal jurisdiction. The defendants' motion is set for hearing on May 2, 2007; Facebook's opposition is due on April 11, 2007. Concurrently with this motion, Facebook also separately seeks an order rescheduling the May 2 hearing as it relates to Pacific Northwest Software and Winston Williams' motion to dismiss. As this removed case has been pending for more than 18 months, Facebook does not wish to enlarge any other dates for upcoming hearings.

Defendants removed this action on March 9, 2007, from Santa Clara Superior Court where Facebook filed a First Amended Complaint. Even though Facebook had specifically alleged that personal jurisdiction over all of the defendants was appropriate (*see* Amended Complaint ¶ 6), Pacific Northwest Software and Williams contend that they do not have sufficient minimum contacts with California to support the exercise of personal jurisdiction. In the earlier State Court proceedings, other witnesses submitted false testimony to escape California jurisdiction under similar theories — something Facebook intends to raise with this Court

1  separately.

2  In order to apprise the Court of all facts relevant to the pending Motion to Dismiss,
3  Facebook wishes to conduct limited discovery to demonstrate that personal jurisdiction exists
4  over these defendants.

5  **II.   FACTS**

6  **A.   The Parties**

7  Facebook, Inc., headquartered in Palo Alto, California, developed and operates one
8  of the most popular online "social networks" on the Internet, www.facebook.com, in which
9  college students and alumni interact with one another based upon existing friendships, collegiate
10 allegiances, and common interests. Decl. of Neel Chatterjee in Supp. of Mot. for Expedited
11 Discovery ("Chatterjee Decl."), ¶ 2. ConnectU LLC, now a defunct Delaware Limited Liability
12 Company, operates a largely unsuccessful competing website called www.connectu.com. *Id.*

13 Pacific Northwest Software ("PNS") was hired in December 2004 by ConnectU to
14 develop a program designed to breach Facebook's security mechanisms and steal millions of units
15 of data including user information and college-specific course data. Mot. to Dismiss, 1:15-20.
16 Winston Williams was an employee of PNS and, according to both ConnectU and PNS,
17 developed the program ConnectU used to steal data from Facebook. *Id.*; *see also* Chatterjee
18 Decl., Exs. A (107:9-18; 109:19-22); B (148:3-150:9). In December 2004, and at all times
19 thereafter, Facebook was in Palo Alto. Chatterjee Decl., ¶ 3. ConnectU was aware of this fact
20 and alleged as much in a related case in the District of Massachusetts. *Id.*

21 **B.   The California Lawsuit**

22 During the spring and summer of 2004 and again in early-2005, Defendants
23 admittedly gained unlawful access to Facebook's website using specially created software
24 programs that were designed to breach Facebook's security mechanisms and violate Facebook's
25 Terms of Service. FAC ¶¶ 13-21. After gaining access, Defendants extracted millions of
26 Facebook users' email addresses and profiles, as well as other proprietary information that
27 Facebook had collected, stored and processed. *Id.* ¶¶ 17-25. ConnectU used the misappropriated
28 emails to send Facebook users unsolicited emails, including thousands located at California

schools such as Stanford, the University of California, and UCLA. *Id.*

In response, Facebook filed its original complaint against ConnectU and its four principal members on August 17, 2005. *See* Aug. 17, 2005, Complaint. Facebook sought damages based on California common law misappropriation and violations of California Penal Code Section 502(c). *Id.* The State Court permitted limited jurisdictional discovery of ConnectU and the four individual defendants. All of the defendants ultimately admitted that they extracted email addresses and course information from Facebook, which they further admitted is located in California, but contend that their actions were not unauthorized or illegal. In response to the original complaint, the individual defendants filed a motion to quash service of summons for lack of personal jurisdiction. *See* Oct. 25, 2005, Mot. to Quash. In support of that motion, the defendants said they were acting as "members" of ConnectU LLC — a statement they would later recant. *Id.* Their motion to quash was granted, and the individual defendants were dismissed from this action.

After a half-year of discovery in both the California action and a parallel lawsuit filed by ConnectU against Facebook in the District of Massachusetts, Facebook learned sufficient facts to determine what roles PNS and Williams had played in the spamming of its website users. Chatterjee Decl., ¶ 4. Facebook therefore moved to file the FAC naming PNS and Williams as co-defendants, and adding five new causes of action. Over Defendants' objections, the Court permitted the amendment and the FAC was filed in California Superior Court on February 23, 2007. Defendants responded by removing to Federal Court on March 9, 2007.

  **C.**   **Defendants' Rule 12(b)(2) Motion to Dismiss**

PNS and Williams filed a Motion to Dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. In an effort to have this case dismissed, the defendants claim that this Court may not properly exercise personal jurisdiction over them. In his carefully worded Declaration, Mr. Taves (a PNS principal) unequivocally admits PNS has done business in California. He also deliberately makes no mention of PNS' efforts to gain unauthorized access to Facebook's California servers to help spam Facebook's California website users. Taves Decl., ¶¶ 8, 9, 11, 12.

Williams, in his declaration, likewise suggests that he has contact with California. Williams Decl., ¶ 11. Williams also declared that "[a]ny activity that concerned email addresses available on thefacebook.com website in which I was involved was done pursuant to my employment with Pacific Northwest Software, Inc." *Id.*, ¶ 12. Notably, Williams does not deny that his hacking of the Facebook website required him to attack servers located in California, nor does he deny that California students were spammed as a result of his actions.

### III.  LEGAL ARGUMENT

Well-established Ninth Circuit law provides that "[o]n a motion to dismiss, a court has discretion to allow a plaintiff to conduct jurisdictional discovery." *EMAG Solutions v. Toda Kogyo Corp.*, 2006 WL 3783548, *2 (N.D. Cal.). "Discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Id.; see also America West Airlines, Inc. v. GPA Group, Ltd.,* 877 F.2d 793, 801 (9th Cir. 1989) ("where pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed").

Defendants argue that Facebook must show that this Court has general jurisdiction over them in order to proceed. Mot. to Dismiss, 2:3-5. They are wrong as a matter of law. Specific and/or general jurisdiction is all that is required. Discovery is needed to test both of these standards.

Jurisdiction also is appropriate based on statements made in the defendants' supporting Declarations, in which they indicate that they have contacts with California. Taves Decl., ¶¶ 8, 9, 11, 12; Williams Decl., ¶¶ 11, 16. Further, in their motion, they do not deny that they performed the acts alleged. They just contend that "someone made them do it." Mot. to Dismiss, 2:1-2; 6:22-24. Facebook should be permitted to explore the defendants' statements before responding to their motion. This discovery is especially important in light of Defendant ConnectU's statements in its Answer to Facebook's original complaint, that if Facebook suffered damages "any fault not attributable to Plaintiff was a result of fault on the part of persons and/or entities other than" ConnectU. *See* Answer, 2nd Aff. Defense. Importantly, based on ConnectU's testimony in January 2006 and August 2005, it is clear that the "persons and/or

1  entities other than" ConnectU include defendants PNS and Williams.  During those depositions,
2  ConnectU testified that Williams, an employee of PNS, was responsible for developing the
3  "importer" program (sometimes referred to as "Social Butterfly") that extracted 2.9 to 3 million
4  email addresses from the Facebook website. *Id.*, Exs. A (107:9-18; 109:19-22); B (148:3-150:9).
5  Further, to eliminate all doubt, PNS itself pointed to Williams in a January 2007 deposition
6  indicating that it was he who developed the program to perform the acts alleged. *Id.*, Ex. C
7  (61:25-62:4; 88:13-90:1; 98:13-22).

8  Defendants are likely to argue that Facebook is not entitled to take this discovery
9  because many depositions have occurred in this matter.  Facebook has not taken Williams'
10 deposition and, in fact, its efforts to do so were repeatedly thwarted.  Furthermore, though
11 Facebook attempted to depose PNS in January 2007, those efforts were equally stonewalled.
12 Despite being noticed as a corporate designee deposition, Mr. Taves, who appeared on behalf of
13 PNS, admitted that he made no effort to prepare for his deposition and, as a result, was unfamiliar
14 with the topics contained in the deposition subpoena.  Furthermore, at the time of PNS'
15 deposition, it was not named as a defendant and was not, therefore, disputing this Court's
16 jurisdiction.  As a result, no questions were asked on this topic.

## IV.  CONCLUSION

Facebook seeks to take discovery that is narrowly tailored to uncover only the facts relevant to whether this Court may properly exercise jurisdiction in this case over the defendants challenging this Court's jurisdiction.  Accordingly, it should be permitted to take discovery prior to responding to the defendants' Motion to Dismiss.

Dated: April 5, 2007                           ORRICK, HERRINGTON & SUTCLIFFE LLP

                                               /s/ I. Neel Chatterjee/s/
                                               I. Neel Chatterjee
                                               Attorneys for Plaintiff
                                               Facebook, Inc.