1    G. HOPKINS GUY, III (State Bar No. 124811)
     I. NEEL CHATTERJEE (State Bar No. 173985)
2    MONTE COOPER (State Bar No. 196746)
     THERESA A. SUTTON (State Bar No. 211857)
3    ORRICK, HERRINGTON & SUTCLIFFE LLP
     1000 Marsh Road
4    Menlo Park, CA 94025
     Telephone: 650-614-7400
5    Facsimile: 650-614-7401

6    Attorneys for Plaintiff
     The Facebook, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE FACEBOOK, INC., | Case No. 5:07-CV-01389-RS |
| Plaintiff, | **FACEBOOK'S MOTION TO RESCHEDULE THE JUNE 20, 2007 CASE MANAGEMENT CONFERENCE** |
| v. | |
| CONNECTU LLC, PACIFIC NORTHWEST SOFTWARE and WINSTON WILLIAMS, | |
| Defendants. | |

OHS West:260209387.1

FACEBOOK'S MOTION TO RESCHEDULE CMC
CASE NO. 5:07-CV-01389-RS

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff Facebook, Inc. hereby requests, pursuant to Local Rules 7-11 and 16-2(d), that the Court reschedule the Case Management Conference ("CMC") currently scheduled for June 20, 2007, to April 25, 2007 or the earliest available date before June 20, 2007. This case was pending in California Superior Court for more than 18 months before it was removed on March 9, 2007. The parties have engaged in substantial discovery efforts and many issues are ripe for resolution. A CMC was set for April 26, 2007, at which time Facebook believes the State Court would have scheduled a trial setting conference. That CMC was interrupted when the case was removed to this Court on March 9, 2007.

Facebook believes the parties and the Court will avoid unnecessary delay and will benefit from a revised schedule for this case, including a trial setting conference, as soon as possible in order to accelerate the progress of this matter and any possible settlement negotiations. Facebook also wishes to expeditiously continue the proceedings pending in State Court rather than put everything on hold for several months. The facts and proceedings are set forth below.

In meet and confer discussions, counsel for defendants stated that a CMC is not appropriate at this time because two motions to dismiss are currently pending. The current status of these motions is of no import: 1) ConnectU has not moved to dismiss all claims asserted against it; 2) ConnectU, in response to the original complaint, raised arguments identical to those it raises now, and the Superior Court rejected them (overruling its demurrer); and 3) all of the asserted claims arise from the same set of facts and circumstances. Defendants also have contended in the parties' meet and confer discussions that an early CMC is not appropriate because two defendants, Pacific Northwest Software ("PNS") and Winston Williams, are not yet formally before the Court. One attorney represents all three defendants. As a result, no prejudice will result to any of the defendants if the Court reschedules the CMC to an earlier date.

**Background**

On August 17, 2005, Facebook filed a complaint against ConnectU LLC and four individuals alleging violations of California's Penal Code Section 502(c) and common law misappropriation laws. ConnectU, conceding jurisdiction in California, filed a Demurrer

asserting that Facebook failed to state a claim for which relief could be granted. The State Court overruled ConnectU's Demurrer. At the same time ConnectU filed its Demurrer, the four principals filed a Motion to Quash Service of Subpoena for Lack of Personal Jurisdiction, in which they argued that any actions they took against Facebook were done in their capacities as "members" of ConnectU LLC. They later recanted this position to avoid dismissal of a case ConnectU filed against Facebook in the District of Massachusetts. The State Court granted the Motion to Quash. Within two months of the order overruling ConnectU's Demurrer, ConnectU filed a Motion to Stay the State Court action in favor of a related District of Massachusetts action between Facebook (and its principals) and ConnectU. The State Court denied that motion, as well.

During the course of discovery in this matter and the related Massachusetts action, Facebook uncovered facts showing that PNS and Williams assisted in ConnectU's wrongdoing. As a result, Facebook filed a motion for leave to amend its complaint to add PNS and Williams as parties and allege additional causes of action. The State Court granted Facebook's motion and, on February 23, 2007, Facebook filed a First Amended Complaint. In response, the defendants filed a Notice of Removal. All defendants are represented by the same counsel, and that firm has been counsel of record in this matter since it commenced.

At the time ConnectU filed the Notice of Removal on March 9, 2007, the following activity was pending in the State Court action:

1.  Facebook's Motion to Compel Further Responses to its Second Set of Requests for Production of Documents was fully briefed by the parties and was set for hearing on March 16, 2007. On that day the Honorable Peter Manoukian, perhaps unaware that the case had been removed, issued an Order granting in-part Facebook's motion. In the Order, the State Court ordered ConnectU to provide further responses, produce documents and produce a privilege log within 20 days. Decl. of Theresa Sutton in Supp. of Mot. to Reschedule CMC ("Sutton Decl."), Ex. A.

2.  Seven depositions of non-party, out-of-state witnesses were scheduled over the course of 10 days beginning on March 21, 2007. Two of the witnesses, iMarc, LLC and

David Gucwa, had agreed to appear voluntarily. The day before he was to appear, Mr. Gucwa abruptly canceled his deposition. Facebook immediately received a letter from defendants' counsel indicating that they now represent Mr. Gucwa. The other five witnesses, all of whom are either officially represented by defendants' counsel or otherwise advised by them, simply refused to appear. Facebook was forced to cancel iMarc's deposition so as not to unnecessarily incur additional costs, but iMarc continues to ask Facebook to reschedule the deposition.

3. ConnectU's responses to Facebook's Second Set of Special Interrogatories, which sought information about the location of the code defendants used to hack into Facebook's website, were due on March 27, 2007. *Id.*, Ex. B. ConnectU did not respond.

4. PNS agreed to produce additional documents in response to a subpoena issued to it prior to its involvement as a party in this matter. *Id.*, Ex. C. Those documents have not been produced.

5. PNS agreed to set a day to continue its deposition. *Id.*, Ex. D. Facebook attempted to depose PNS in January 2007. Mr. Taves, PNS' CEO, appeared on behalf of the company but had made no effort to prepare for the deposition, despite the detailed list of topics contained in the subpoena. *Id.*, Ex. E. As a result, he was unable to substantively answer many questions. After meeting and conferring with defendants' counsel, PNS agreed to appear again — after being adequately prepared to testify. No date has been set for that deposition.

Facebook wishes to pick up where it left off in the State Court proceedings and, as a result, asks the Court to reschedule the CMC for the earliest available date.

**Meet and Confer Efforts**

On Friday, March 6, 2007, Counsel for the parties met and conferred to reach an agreement about rescheduling the CMC. Counsel for defendants opposes this motion for an early CMC because defendants believe the CMC should await the outcome of the pending motions to dismiss. For the reasons stated above, Facebook disagrees. As a result, the parties were unable to agree on whether the CMC should be rescheduled.

**Proposed Case Management Schedule**

Facebook proposes the following case management and ADR schedule. A copy of this

schedule was emailed to counsel for defendants on Friday, March 6, 2007, but defendants' counsel has not yet commented on it.

| Date | Event | Governing Rule |
|---|---|---|
| 3/9/2007 | Notice of removal filed | |
| 4/25/2007 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom 4, 5th Floor, SJ at 2:30 P.M. | Civil _L.R. 16-10 |
| 5/15/2007 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan<br>• file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | FRCivP_26(f) & ADR L.R.3-5<br>Civil_L.R. 16-8 |
| 6/1/2007 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil _L.R . 16-9 |

## I.    CONCLUSION

For the foregoing reasons, Facebook respectfully requests that the Court grant its Motion to Reschedule the June 20, 2007 CMC to April 25, 2007 or another early date at the Court's convenience.

Dated: April 9, 2007                              ORRICK, HERRINGTON & SUTCLIFFE LLP


                                            /s/ I. Neel Chatterjee /s/
                                          I. Neel Chatterjee
                                          Attorneys for Plaintiff
                                          THE FACEBOOK, INC.