1　G. HOPKINS GUY, III (State Bar No. 124811)
　　I. NEEL CHATTERJEE (State Bar No. 173985)
2　MONTE COOPER (State Bar No. 196746)
　　THERESA A. SUTTON (State Bar No. 211857)
3　ORRICK, HERRINGTON & SUTCLIFFE LLP
　　1000 Marsh Road
4　Menlo Park, CA  94025
　　Telephone:　650-614-7400
5　Facsimile:　650-614-7401

6　Attorneys for Plaintiff
　　The Facebook, Inc.

7

8　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

9　　　　　　　　　　　　　NORTHERN DISTRICT OF CALIFORNIA

10　　　　　　　　　　　　　　　　SAN JOSE DIVISION

11

| THE FACEBOOK, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CONNECTU LLC, PACIFIC NORTHWEST SOFTWARE and WINSTON WILLIAMS,<br><br>　　　　　　Defendants. | Case No.  5:07-CV-01389-RS<br><br>**DECLARATION OF THERESA A. SUTTON IN SUPPORT OF FACEBOOK'S MOTION TO RESCHEDULE THE JUNE 20, 2007 CASE MANAGEMENT CONFERENCE** |
|---|---|

OHS West:260210445.1

SUTTON DECLARATION ISO FACEBOOK'S MOTION TO
RESCHEDULE CMC
CASE NO. 5:07-CV-01389-RS

I, Theresa A. Sutton, declare as follows:

1. I am an associate with the law firm of Orrick, Herrington & Sutcliffe LLP, attorneys for the Plaintiff, Facebook Inc. in the above-captioned matter. I submit this declaration pursuant in support of the Facebook's Motion to Reschedule the June 20, 2007, Case Management Conference. I have personal knowledge of the facts set forth herein and could and would testify competently if called to do so.

2. At the time ConnectU filed the Notice of Removal on March 9, 2007, the following activity was pending in the State Court action:

   a. Facebook's Motion to Compel Further Responses to its Second Set of Requests for Production of Documents was fully briefed by the parties and was set for hearing on March 16, 2007. On that day the Honorable Peter Manoukian, perhaps unaware that the case had been removed, issued an Order granting in-part Facebook's motion. In the Order, the State Court ordered ConnectU to provide further responses, produce documents and produce a privilege log within 20 days. Attached hereto as **Exhibit A** is a true and correct copy of the Order Granting in Part Facebook's Motion to Compel.

   b. Seven depositions of non-party, out-of-state witnesses were scheduled over the course of 10 days beginning on March 21, 2007. Two of the witnesses, iMarc, LLC and David Gucwa, had agreed to appear voluntarily. The day before he was to appear, Mr. Gucwa abruptly canceled his deposition. Facebook immediately received a letter from defendants' counsel indicating that they now represent Mr. Gucwa. The other five witnesses, all of whom are either officially represented by defendants' counsel or otherwise advised by them, simply refused to appear. Facebook was forced to cancel iMarc's deposition so as not to unnecessarily incur additional costs, but iMarc continues to ask Facebook to reschedule the deposition.

   c. ConnectU's responses to Facebook's Second Set of Special Interrogatories, which sought information about the location of the code defendants used to hack into Facebook's website, were due on March 27, 2007. Attached hereto as **Exhibit B** is a true and correct copy of Facebook's Special Interrogatories. ConnectU did not respond to these interrogatories.

   d. PNS agreed to produce additional documents in response to a subpoena

1  issued to it prior to its involvement as a party in this matter. Attached hereto as **Exhibit C** is a
2  true and correct copy of an email from Scott Mosko, counsel for defendants, indicating that PNS
3  located additional documents and would be producing them. Those documents have not been
4  produced.

5          e.      PNS agreed to set a day to continue its deposition. Attached hereto as
6  **Exhibit D** is a true and correct copy of an email from Mr. Mosko indicating that he would
7  propose a date for the continued deposition of PNS. Mr. Mosko has not provided any dates for
8  PNS' deposition. Facebook attempted to depose PNS in January 2007. Mr. Taves, PNS' CEO,
9  appeared on behalf of the company but had made no effort to prepare for the deposition, despite
10 the detailed list of topics contained in the subpoena. Attached hereto as **Exhibit E** is a true and
11 correct copy of relevant excerpts of PNS' deposition in which Mr. Taves admits he made no
12 effort to prepare for his deposition. Mr. Taves was unable to substantively answer many
13 questions. After meeting and conferring with Mr. Mosko, PNS agreed to appear again — after
14 being adequately prepared to testify.

15       3.      On Friday, March 6, 2007, my colleague Yvonne Greer and I spoke to Mr. Mosko
16 and asked him to agree, on behalf of the defendants, to reschedule the CMC. He indicated that he
17 would not agree to reschedule the CMC. He asked me to explain the basis for doing so, and I
18 explained that Facebook did not want to delay this action any longer, the original complaint was
19 filed more than 18 months ago, and many items were pending at the time ConnectU removed this
20 action. I said that Facebook wants to raise the afore-mentioned activity with the Court and ask
21 the Court to get this matter back on track. Mr. Mosko indicated that the case was not ready for an
22 early CMC because two motions to dismiss are currently pending and not all of the parties are
23 before the Court. I pointed out that even if the Court were to grant both motions, at least two
24 claims for relief would remain as ConnectU did not move to dismiss Facebook's claim for relief
25 under the Computer Fraud and Abuse Act or Massachusetts common law misappropriation. Mr.
26 Mosko and I were unable to agree to reschedule the CMC.

27       4.      Following the meet and confer, I forwarded the following proposed schedule to
28 Mr. Mosko for his review and comment. I have not received any comments from him regarding

this proposed schedule.

| Date | Event | Governing Rule |
|------|-------|----------------|
| 3/9/2007 | Notice of removal filed | |
| 4/25/2007 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom 4, 5th Floor, SJ at 2:30 P.M. | Civil _L.R. 16-10 |
| 5/15/2007 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan<br>• file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | FRCivP_26(f) & ADR L.R.3-5<br>Civil_L.R. 16-8 |
| 6/1/2007 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil _L.R . 16-9 |

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 9th day of April, 2007, at Menlo Park, California.

                                                  /s/ Theresa A. Sutton /s/
                                                      Theresa A. Sutton