# EXHIBIT A

Dockets.Justia.com

# SUPERIOR COURT, STATE OF CALIFORNIA
## COUNTY OF SANTA CLARA
### DEPARTMENT 7

191 North First Street, San Jose, CA 95113
408.882.2170   ·   408.882.2193 (fax)
*smanoukian@scscourt.org*
*http://www.sccsuperiorcourt.org*

*(For Clerk's Use Only)*

| FACEBOOK v. CONNECTU | | Case No.: 1-05-CV-047381 |
|---|---|---|
| Date: 16 March 2007 | Time: 8:30 a.m. | Line Number: 4 |

**This matter will be heard by the Honorable Judge Socrates Peter Manoukian in Department 7 in the Downtown Superior Courthouse, 3rd Floor, 191 North First Street, San Jose. Any party opposing the tentative ruling must call Department 7 at 408.882.2170 and the opposing party no later than 4:00 PM on Thursday 15 March 2007.**

The Motion Plaintiff Facebook, Inc. ("Facebook") to Compel Defendant ConnectU, LLC ("ConnectU") to provide further answers and responses to Request for Production (Set Two) nos. 24-79, and the Motion by ConnectU for relief from waiver of its objections to Facebook's document requests,

came on regularly for hearing before the Honorable Socrates Peter Manoukian on 16 March 2007, at 8:30 a.m. in Department 7. The matter having been submitted, the Court finds and orders as follows:

## BACKGROUND

This case arises from a business dispute. Facebook and ConnectU operate social networking websites. Facebook alleges that ConnectU unlawfully gained access to Facebook's servers to obtain Facebook's confidential business information. Facebook has asserted two causes of action against ConnectU for violation of Penal Code § 502(c) and common law misappropriation.

The parties are also engaged in parallel federal litigation in the District of Massachusetts filed by ConnectU in September 2004. In that litigation, ConnectU has asserted claims against Facebook for breach of contract, misappropriation of trade secrets, breach of fiduciary duty, unjust enrichment, intentional interference with prospective business advantage, breach of duty of good faith and fair dealing and fraud.

## DISCOVERY DISPUTE

Facebook has moved to compel further responses by ConnectU to its document requests. In connection with its motion, Facebook argues that because ConnectU's responses to the document requests were untimely, ConnectU has waived its objections to the requests.

ConnectU has filed a motion "for an order stating that [ConnectU's] responses to [Facebook's] second set of document requests were timely served," or, in the alternative, for an order granting relief from any waiver of privilege or objection pursuant to Code of Civil Procedure § 2031.300.

## DISCUSSION

I.      **Relief from Waiver of Objections**

In her declaration, Karen J. Reimer ("Reimer"), litigation assistant employed by counsel for ConnectU, acknowledges that Facebook's request for production of documents (set two) were served by mail on 24 October 2006. Reimer states that the document requests were received by counsel for ConnectU on 27 October 2006. Reimer states that she mistakenly calculated a due date of 1 December 2006 for the document requests based on the date of receipt (27 October 2006) rather than the date of service (24 October 2006). Reimer states that the original due date should have been 28 November 2006. When Reimer was later informed of the two week extension agreed to by counsel for the parties, she calculated a new deadline of 15 December 2006 based on the incorrect 1 December 2006 date. ConnectU's responses were actually due on 12 December 2006.

On 13 December 2006, counsel for ConnectU contacted counsel for Facebook to request a further extension of the response deadline. Counsel for Facebook informed counsel for ConnectU that responses were due on 12 December 2006 and that ConnectU's objections had been waived by its failure to provide a timely response. Later that day, 13 December 2006, counsel for ConnectU served by mail its initial responses to the document requests. These initial responses were signed by counsel for ConnectU and, *inter alia*, asserted various objections to the document requests.[1] A separate verification of the initial responses by ConnectU was served by mail on 27 December 2006.

Based, in particular, on Reimer's declaration, the Court concludes that ConnectU's responses were served one day late. Pursuant to Code of Civil Procedure § 2031.300(a), ConnectU waived any objection to Facebook's document requests.

The Court may grant relief from such waiver if (1) a substantially compliant response was made and (2) the failure to timely respond resulted from "mistake, inadvertence or excusable neglect." (Code Civ. Proc. § 2031.300(a).) The Court concludes that this standard has been met. Substantially compliant discovery responses were made. The failure to provide a timely response was inadvertent.[2] The Court will therefore consider ConnectU's objections in deciding Facebook's motion to compel.

## II.    Facebook's Motion to Compel

Facebook has moved to compel further responses to its requests for production of documents (set two) nos. 24-79.

In connection with a motion to compel further responses to a document request, the burden is on the moving party to establish good cause for the discovery. To establish good cause, the moving party must show both: (1) relevance to the subject matter and (2) specific facts justifying discovery. (**Weil & Brown, Civil Procedure Before Trial** (2006) 8:1495.6; Code Civ. Proc. § 2031.310(b).) For discovery purposes, information is "relevant to the subject matter" if it might reasonably assist a party in evaluating the case, preparing for trial, or facilitating settlement thereof. (***Gonzalez v. Superior Court*** (1995) 33 Cal. App. 4th 1539, 1546.) "Absent a claim of privilege or attorney work product, the party who seeks to compel production has met his burden of showing good cause simply by a fact-specific showing of relevance." (***Kirkland v. Super. Ct.*** (2002) 95 Cal. App. 4th 92, 98.)

Facebook's motion is directed both towards ConnectU's initial responses, which are discussed above, as well as supplemental responses served later.

## A.    Timeliness of Facebook's Motion

ConnectU argues that Facebook's motion to compel is untimely because it was made more than 50 days after the date on which responses to the document requests were due. ConnectU's argument with without merit. The deadline set forth in Code of Civil Procedure § 2031.310(c) is based on the date of the service of a response, not the date on which the response was due. Further, the deadline for serving notice of a motion to compel further responses to document requests runs from the date "of the service of the response, *or any supplemental response*." (Code Civ. Proc. § 2031.310(c) (emphasis added).)

ConnectU served its supplemental responses by mail on 26 January 2007. Facebook served a corrected notice of motion by mail on counsel for ConnectU on 2 March 2007.  2 March 2007 is less than 50 days after 26 January 2007.

## B.    Meet and Confer

ConnectU further argues that counsel for Facebook failed adequately to meet and confer with ConnectU's counsel prior to the filing of the motion. However, the Court concludes that the declaration of Facebook's counsel in support of Facebook's motion satisfies Code of Civil Procedure § 2031.310(b)(2).

---

[1] Had it been timely, ConnectU's response would have been adequate to preserve its objections. (***Food 4 Less Supermarkets, Inc. v. Super. Ct.*** (1995) 40 Cal. App. 4th 651, 657-8.)

[2] Facebook insists that Reimer deliberately miscalculated the response deadlines for its document requests. However, it has provided no meaningful support for this contention, other than to point to Reimer's past experience as a legal assistant and paralegal.

C.    Document Requests at Issue

    1.    Nos. 24-26, 28, 29, 31, 32, 34, 35, 37-39, 47, 48, 50-52, 55

Facebook does not address requests nos. 24-26, 28, 29, 31, 32, 34, 35, 37-39, 47, 48, 50-52, 55 in its memorandum in support of its motion. The only basis for compelling further responses to these requests presented in Facebook's separate statement is ConnectU's waiver of its objections. Because the Court has concluded that ConnectU is entitled to relief from such waiver, Facebook's motion fails as to these requests.

    2.    Nos. 27, 30, 33, 36, 40, 44-46, 49, 53 and 54

Requests nos. 27, 30, 33, 36, 46, 49 seek documents regarding payments made specified third parties that Facebook contends performed or were asked to perform actions on behalf of ConnectU that are the basis for Facebook's causes of action in this litigation. Nos. 44 and 45 seek documents related to ConnectU's communications with some of those specified third parties. No. 40 seeks documents relating to access by ConnectU to the Facebook website. Nos. 53 and 54 seek documents related to ConnectU's profit and loss statements and balance sheets.

In its supplemental responses, ConnectU has agreed to provide non-privileged responsive documents for these requests to the extent that they have not already been produced in the Massachusetts litigation. Facebook nonetheless insists that further responses should be compelled. Facebook's principal argument focuses on the phrasing of ConnectU's agreement to produce documents. ConnectU states that it will provide documents "if they concern this responding party." All of the documents sought by Facebook in nos. 27, 30, 33, 36, 44-46, 53 and 54 "concern" the responding party (i.e., ConnectU). The Court discerns no basis for compelling any further response.

    3.    Nos. 42 and 43

Requests nos. 42 and 43 seek documents related to agreements with and payments made to a person that Facebook contends is the original creator of ConnectU's website. ConnectU has agreed to provide documents that "constitute" such an agreement. Facebook's requests are not limited to documents that constitute the agreement. Further responses are required.

    4.    Nos. 56, 57, 60, 61, 64

Requests nos. 56 and 57 seeks documents related to ConnectU's business plans. Nos. 60 and 61 seek documents sufficient to identify the persons involved in the development of ConnectU websites and the population of those websites with users. No. 64 seeks documents regarding interviews with ConnectU's founders. ConnectU's only responses to these requests are objections based on lack of relevance. ConnectU's objection is without merit. Facebook has shown good cause for discovery of these documents. Further responses are required.

    5.    No. 59

Request no. 59 seeks documents related to any communications ConnectU has had regarding Facebook. ConnectU's response is an objection based on overbreadth and an offer to meet and confer to discuss a more narrowed request. ConnectU provides no argument in support of its objection in its opposition to Facebook's motion. In its separate statement, Facebook argues that such documents potentially go to many of the causes of action and defenses at issue in this litigation. The Court concludes that Facebook has shown good cause for its discovery request. A further response must be provided.

    6.    No. 62

Request no. 62 seeks documents to sufficient to identify users of ConnectU social networking websites and the dates that they joined those websites. Facebook contends that these documents will show the movement of users over time as a result of ConnectU's purportedly unlawful conduct. Facebook further contends that these users are potential witnesses to spamming and other acts by ConnectU. ConnectU's only response to no. 62, other than general objections, is, "See previous productions." Facebook has established good cause for the discovery of the requested documents. A further response must be provided.

7.    No. 63

Request no. 63 seeks documents sufficient to identify "any investors, potential investors, loans, investments, gifts, contributions, offers to purchase, or other forms of financing contributed to or received" by ConnectU.

While ConnectU has not raised the issue, this request implicate the privacy rights of third parties. If disclosure of information would impair a person's "inalienable right of privacy" provided by the California Constitution, Article 1, §1, then even highly relevant information may be shielded from discovery. (*Britt v. Super. Ct.*, 20 Cal .3d 844, 855-56 (1978).) Personal financial information comes within the zone of privacy protected by the California Constitution. (*Moskowitz v. Super. Ct.*, 137 Cal. App. 3d 313, 315 (1982).) Here, Facebook seeks documents regarding the identities of investors and potential investors and the financial contributions themselves. As such, Facebook has the burden of showing that: (1) the documents requested are directly relevant to the litigation and (2) there are no alternate means for obtaining the information.  (**Weil & Brown, Civil Procedure Before Trial** § 8:320-21 (2006).) Direct relevance means that the discovery is essential to determining the truth of the matter in dispute. (*Britt*, 20 Cal. 3d at 859-62.)

As with no. 62, ConnectU's response to no. 63 is, "See previous productions." Facebook contends that a further response is required because investors may have information regarding ConnectU, its operations and this litigation. However, Facebook does not describe any specific conduct by any investor or potential investor. Facebook also does not provide any description of the relevance of information regarding the financial contributions. For these reasons, the Court concludes that Facebook has failed to make a sufficient showing of direct relevance to overcome the constitutional privacy interests of the third parties involved.

8.    Nos. 41, 58, 65, 66, 68 and 75

Requests nos. 41, 58, 65, 66, 68 and 75 seek documents related to ConnectU's communications, business and operations. In its supplemental responses, ConnectU has agreed to provide non-privileged, responsive documents that have not already been produced in the Massachusetts litigation. As such, the Court discerns no basis for compelling further responses.

9.    Nos. 67, 69-74 and 76-79

Requests nos. 67, 69-75 and 76-79 seek documents related to total numbers ConnectU website users and ConnectU's finances. ConnectU's response to each of these requests is as follows: "Responding party believes that to the extent such documents exist, they were produced in the Massachusetts action." Facebook argues that such responses are insufficient. The Court agrees. ConnectU must provide an unequivocal statement that responsive, non-privileged documents have already been produced in the Massachusetts litigation, that it will produce responsive, non-privileged documents in compliance with the requests, and/or that no responsive, non-privileged documents exist.

## CONCLUSION

The Motion of ConnectU is GRANTED. ConnectU is relieved from the waiver of its objections to Facebook's document requests.

The Motion of Facebook is GRANTED IN PART. ConnectU shall provide further code-complaint responses to document requests nos. 42, 43, 56, 57, 59, 60-62, 64, 67, 69-74 and 76-79. All responses, documents and things shall be produced within 20 calendar days of this Order.

Also within 20 calendar days of this Order, ConnectU shall provide a privilege log pursuant to Code of Civil Procedure § 2031.240 for the document requests that are the subject of Facebook's motion.

DATED: 16 March 2007

HON. SOCRATES PETER MANOUKIAN
*Judge of the Superior Court*
*County of Santa Clara*

# EXHIBIT B

G. HOPKINS GUY, III (State Bar No. 124811)
I. NEEL CHATTERJEE (State Bar No. 173985)
MONTE COOPER (State Bar No. 196746)
THERESA A. SUTTON (State Bar No. 211857)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:    650-614-7400
Facsimile:    650-614-7401

Attorneys for Plaintiff
THE FACEBOOK, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| FACEBOOK, INC., | CASE NO.  1:05-CV-047381 |
| Plaintiff, | **FACEBOOK'S SECOND SET OF SPECIAL INTERROGATORIES TO CONNECTU** |
| v. | |
| CONNECTU LLC AND DOES 1-25, | |
| Defendants. | |

**PROPOUNDING PARTY:** FACEBOOK, INC.

**RESPONDING PARTY:**    CONNECTU

**SET NO.:**                        TWO (NOS. 24-48)

Pursuant to California Code of Civil Procedure Section 2030, defendant FACEBOOK, Inc. hereby requests that CONNECTU LLC respond in writing to FACEBOOK's Second Set of Special Interrogatories within the time required by Section 2030 by delivering such written response to the offices of Orrick, Herrington & Sutcliffe LLP, 1000 March Road, Menlo Park, California 94025.

## INSTRUCTIONS AND DEFINITIONS

1.      FACEBOOK means the plaintiff Facebook, Inc., the entity that runs the website www.facebook.com, and where appropriate, its agents, servants, employees, investigators, and attorneys, and all other persons and entities representing it or acting on its behalf.

2.      CONNECTU, YOU, or YOUR means defendant ConnectU LLC, formerly known as HarvardConnection, the entity that owns and/or runs the website www.connectu.com, and where appropriate, its agents, servants, employees, investigators, and attorneys, and all other persons and entities representing it or acting on its behalf.

3.      ANSWER means YOUR complaint in this action.

4.      ANY shall be understood to include and encompass all.  As used herein, the singular shall always include the plural and the present tense also shall include the past tense. The words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request all documents or things that might otherwise be construed to be outside its scope.

5.      If any document requested herein is withheld pursuant to any objection based upon privilege, identify each document for which the privilege is claimed and state:

a.      the type of document (letter, report, memoranda, etc.), including any title or identifying number thereon;

b.      Its date of origin or preparation:

c.      The name of its author or originator;

d.      The name of its addressee(s), if any;

e.      A brief summary of its substance; and

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        f.      The factual and legal basis upon which a privilege is claimed sufficient to permit the Court to adjudicate the validity of the claim.

**SPECIAL INTERROGATORIES**

**INTERROGATORY NO. 24:**

Identify all FACEBOOK users who were invited to join CONNECTU, as a result of CONNECTU's using the accounts of, or sending unsolicited invitations from, "god@harvard.edu," "Jennifer Starr,"  "Jenn Starr" (e.g., jstarr@georgetown.edu; jstarr@harvard.edu;  starr.je@neu.edu; jstarr@amherst.edu;  jstarr@dartmouth.edu, etc.), "mjhall," "bolger@sas.upenn.edu," "bolger@umich.edu," or any fictitious email account created by or on behalf of CONNECTU and its members, principals, agents, or employees, including but not limited to identifying all documents and communications that summarize, describe or refer to the activities related to the solicitations using the Jennifer Starr or other fictitious email accounts set out in the July 22, 2004 and August 26, 2004 emails bearing the Bates Numbers iMarc000622-625 and C007512-7616.

**INTERROGATORY NO. 25:**

For each FACEBOOK user identified in response to Special Interrogatory Number 24, identify the date(s) the fictitious account was used or the date(s) the relevant FACEBOOK user was invited to join CONNECTU, and further identify the person(s) associated with CONNECTU who was/were responsible for authorizing the use of the fictitious email account.

**INTERROGATORY NO. 26:**

For each FACEBOOK user identified in response to Special Interrogatory Number 24, identify the method by which CONNECTU obtained that user's email address from FACEBOOK including, but not limited to, identifying the individual(s) responsible for providing the FACEBOOK user's email address to CONNECTU, as well as identifying any FACEBOOK user account used by CONNECTU to acquire the email address.

**INTERROGATORY NO. 27:**

Identify all FACEBOOK users who were invited to join CONNECTU as a result of CONNECTU's utilizing the programs known as "importer," "Facebook importer," "importer.i2hub.com," "import system," and/or "crawler."

**INTERROGATORY NO. 28:**

1    For each FACEBOOK user identified in response to Special Interrogatory Number

2    27, identify the date(s) such FACEBOOK user was invited to join CONNECTU and the person(s)

3    associated with CONNECTU who were responsible for authorizing the use of, or actually causing

4    the use of, "importer," "Facebook importer," "importer.i2hub.com," "import system," and/or

5    "crawler."

6    **INTERROGATORY NO. 29:**

7    Identify all FACEBOOK users whose profile information was imported from

8    FACEBOOK to CONNECTU as a result of CONNECTU's utilizing the program known as

9    "Social Butterfly."

10    **INTERROGATORY NO. 30:**

11    For each FACEBOOK user identified in response to Special Interrogatory Number

12    29, identify the date(s) such FACEBOOK user's profile information was imported by

13    CONNECTU from FACEBOOK, and further identify the person(s) associated with CONNECTU

14    who were responsible for authorizing the use of, or actually causing the use of, "Social Butterfly"

15    for such profile importation.

16    **INTERROGATORY NO. 31:**

17    Identify all courses or course information CONNECTU has obtained from

18    FACEBOOK including, but not limited to, all courses or course information referenced in

19    Cameron Winklevoss' email dated May 3, 2004 (C003867) wherein he states "We have been able

20    to suck courses of theFACEBOOK.com, so we should be able to launch with as many, if not

21    more schools than Mark."

22    **INTERROGATORY NO. 32:**

23    For all courses or course information identified in response to Special

24    Interrogatory Number 31, identify the date(s) the course(s) or course information was obtained

25    from FACEBOOK, the identity of the individual(s) who obtained the course(s) or course

26    information, the FACEBOOK user account used by the individual(s) to obtain the course(s) or

27    course information, and the use(s) to which such course(s) or course information was put by

28    CONNECTU.

1    **INTERROGATORY NO. 33:**

2           Describe all facts that support YOUR contention that "Plaintiff was at fault in and

3    about the matters referred to in the Complaint and such fault on the part of Plaintiff proximately

4    caused and contributed to the damages complained of" as set forth in the Second Affirmative

5    Defense of YOUR ANSWER.

6    **INTERROGATORY NO. 34:**

7           Describe all facts that support YOUR contention that "any fault not attributable to

8    said Plaintiff was a result of fault on the part of persons and/or entities other than" YOU as set

9    forth in the Second Affirmative Defense of YOUR ANSWER.

10   **INTERROGATORY NO. 35:**

11          Describe all facts that support YOUR contention that "Plaintiff has directed,

12   ordered, approved, and ratified Defendant's conduct" as set forth in the Third Affirmative

13   Defense of YOUR ANSWER.

14   **INTERROGATORY NO. 36:**

15          Describe all facts that support YOUR contention that "Plaintiff has failed and

16   neglected to use reasonable care to minimize and mitigate the losses, injury and damage

17   complained" as set forth in the Fourth Affirmative Defense of YOUR ANSWER.

18   **INTERROGATORY NO. 37:**

19          Describe all facts that support YOUR contention that "Plaintiff is barred by virtue

20   of Plaintiff's conduct in causing the damages alleged" as set forth in the Fifth Affirmative

21   Defense of YOUR ANSWER.

22   **INTERROGATORY NO. 38:**

23          Describe all facts that support YOUR contention that Plaintiff's damages "were

24   caused and/or brought about by intervening and superseding causes, and were not caused by

25   CONNECTU" as set forth in the Seventh Affirmative Defense of YOUR ANSWER.

26   **INTERROGATORY NO. 39:**

27          Describe all facts that support YOUR contention that the "causes of action, and

28   each of them, are barred by the doctrine of waiver" as set forth in the Ninth Affirmative Defense

1   of YOUR ANSWER.

2   **INTERROGATORY NO. 40:**

3   Describe all facts that support YOUR contention that "Plaintiff has no standing to

4   sue" as set forth in the tenth and eleventh affirmative defenses of YOUR ANSWER.

5   **INTERROGATORY NO. 41:**

6   Identify all dates that importer.i2hub.com was used by CONNECTU to connect to

7   FACEBOOK's website, and identify all url addresses to which the importer itself was directed on

8   such dates.

9   **INTERROGATORY NO. 42:**

10  Identify all payments or loans made by RowAmerica LLC, Winklevoss

11  Consultants, or Howard Winklevoss personally, to CONNECTU from March 31, 2004 through

12  the present, which payments or loans covered (in whole or in part) costs associated with the

13  acquisition of the email addresses of users of FACEBOOK, costs associated with the acquisition

14  of course information available from FACEBOOK, or costs associated with the development, use

15  and operation of the software programs known as "importer," "import system," "Facebook

16  importer," "importer.i2hub.com," "Social Butterfly" and/or "crawler."

17  **INTERROGATORY NO. 43:**

18  For each payment or loan YOU identify in response to Special Interrogatory

19  Number 42, identify all parties associated with RowAmerica LLC, Winklevoss Consultants, or

20  Howard Winklevoss and CONNECTU who are knowledgeable about the payment(s) or loan(s),

21  the date(s) and amount(s) of the loans and payment(s), the date(s) and amount(s) of any re-

22  payment by CONNECTU of the payment(s) and loan(s) to RowAmerica LLC, Winklevoss

23  Consultants, or Howard Winklevoss, and the amount of such re-payment(s) if interest was

24  included.

25  **INTERROGATORY NO. 44:**

26  Identify all locations, including the last known location, of all computer code

27  written by anyone for the "Facebook importer," "importer.i2hub.com," "importer," "import

28  system," "social butterfly," and "crawler," as discussed in, at least, documents numbered C08673,

OHS West:260065977.2                                    - 7 -

1   C010448, C006537, C008965, C010360, C008662, and C008954.

2   **INTERROGATORY NO. 45:**

3           To the extent the computer code identified in response to Special Interrogatory No.

4   44 no longer exists in the last known location, identify the date of destruction and the reason for

5   said destruction.

6   **INTERROGATORY NO. 46:**

7           Provide the Bates number range for, or other identifying information sufficient to

8   enable Facebook to locate in your production, any code you obtained from iMarc, as discussed in

9   iMarc 000001-2.

10  **INTERROGATORY NO. 47:**

11          If you did not receive source code in response to your request, as set forth in iMarc

12  iMarc 000001-2, explain why.

13  **INTERROGATORY NO. 48:**

14          Identify by date and content all communications with Pacific Northwest Software,

15  i2Hub, iMarc LLC, John Taves, Wayne Chang, Winston Williams, Joel Voss, David Gucwa,

16  Howard Winklevoss, Marc Pierrat, and/or Maria Antonelli related "importer.i2hub.com,"

17  "importer," "import system," "social butterfly," and "crawler," as that program(s) is referenced or

18  discussed in, at least, documents numbered C08673, C010448, C006537, C008965, C010360,

19  C008662, and C008954.

20  **INTERROGATORY NO. 48:**

21          Please identify all documents and communications that summarize, describe or

22  refer to the activities related to obtaining information from the website www.thefacebook.com

23  described in iMarc00082 or iMarc000659, or related to  iMarc000622-625.

24

25

26

27

28

1    Dated: February 16, 2007

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

G. HOPKINS GUY, III
I. NEEL CHATTERJEE
MONTE COOPER
THERESA A. SUTTON
Orrick, Herrington & Sutcliffe LLP

_____
        Monte M.F. Cooper
      Attorneys for Plaintiff
      THE FACEBOOK, INC.



1  G. HOPKINS GUY, III (State Bar No. 124811)
   I. NEEL CHATTERJEE (State Bar No. 173985)
2  MONTE COOPER (State Bar No. 196746)
   THERESA A. SUTTON (State Bar No. 211857)
3  YVONNE P. GREER (State Bar No. 214072)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
4  1000 Marsh Road
   Menlo Park, CA  94025
5  Telephone:    650-614-7400
   Facsimile:    650-614-7401
6
   Attorneys for Plaintiff
7  FACEBOOK, INC.

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF SANTA CLARA

10

11
   FACEBOOK, INC.,                          CASE NO.  1:05-CV-047381
12
                    Plaintiff,
13                                          **PROOF OF SERVICE**
           v.
14
   CONNECTU LLC
15
                    Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

OHS West:260091942.1

PROOF OF SERVICE

1       I am more than eighteen years old and not a party to this action. My place of employment

2 and business address is 1000 Marsh Road, Menlo Park, CA 94025.

3       On February 20, 2007, I delivered to the below listed individuals the following documents:

4     **1.**   **DECLARATION OF MONTE COOPER FOR ADDITIONAL SPECIAL INTERROGATORIES PROPOUNDED TO DEFENDANT CONNECTU**

5     **2.**   **FACEBOOK'S SECOND SET OF SPECIAL INTERROGATORIES TO CONNECTU**

6

| | |
|---|---|
| ☒ | By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below before 5:00 p.m. on February 20, 2007. |
| ☒ | By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Menlo Park, California addressed as set forth below on February 20, 2007. |
| ☐ | By causing personal delivery by WESTERN MESSENGER of the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | By placing a true and correct copy of the document(s) in a Federal Express envelope addressed as set forth below and then sealing the envelope, affixing a pre-paid Federal Express air bill, and causing the envelope to be delivered to a Federal Express agent for delivery. |

**Scott Mosko, Esq.**
**Lily Lim, Esq.**
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
3300 Hillview Avenue
Palo Alto, California 94304-1203
Telephone: (650) 849-6600
**Facsimile: (650) 849-6666**

**ATTORNEYS FOR DEFENDANTS CONNECTU**

      Executed on February 20, 2007, at Menlo Park, California. I declare under penalty of perjury that the foregoing is true and correct.

_____
Abby Ako Nai

1  G. HOPKINS GUY, III (State Bar No. 124811)
   I. NEEL CHATTERJEE (State Bar No. 173985)
2  MONTE COOPER (State Bar No. 196746)
   THERESA A. SUTTON (State Bar No. 211857)
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA  94025
   Telephone:    650-614-7400
5  Facsimile:    650-614-7401

6  Attorneys for Plaintiff
   FACEBOOK, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF SANTA CLARA

10

11  FACEBOOK, INC.,                        CASE NO.  1-05-CV-047381

12          Plaintiff,                     **DECLARATION OF
                                           MONTE COOPER FOR
13      v.                                 ADDITIONAL SPECIAL
                                           INTERROGATORIES
14  CONNECTU LLC AND DOES 1-25,            PROPOUNDED TO DEFENDANT
                                           CONNECTU**
15          Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

OHS West:260179239.1

DECLARATION OF MONTE COOPER FOR ADDITIONAL SPECIAL INTERROGATORIES

1    I, Monte Cooper, declare:

2        1.      I am an active member of the State Bar of California and am an attorney with the

3    law firm Orrick, Herrington & Sutcliffe LLP, counsel for Plaintiff Facebook, Inc.  I have personal

4    knowledge of the facts set forth in this declaration and could and would competently testify to

5    them under oath if called as a witness.

6        2.      I am propounding to Defendant ConnectU the attached Second Set of Special

7    Interrogatories served concurrently herewith.

8        3.      This set of interrogatories will cause the total number of specially prepared

9    interrogatories propounded to the party to whom they are directed to exceed the number of

10   specially prepared interrogatories permitted by Section 2030.030 of the Code of Civil Procedure.

11       4.      Facebook has previously propounded a total of 23 specially prepared

12   interrogatories to this party which were tailored to questions of personal jurisdiction, because at

13   the time four co-defendants had moved to quash on the basis of lack of personal jurisdiction.

14   This set of interrogatories contains a total of 25 specially prepared interrogatories that are the first

15   since the Court resolved the personal jurisdiction issue.  I am familiar with the issues and the

16   previous discovery conducted by all of the parties in the case.

17       5.      This number of questions is warranted both because of the circumstances

18   previously related to the pendency of the motions to quash, and because under Code of Civil

19   Procedure § 2030.040 of the complexity of the existing and potential issues in this case and due to

20   the expedience of using this method of discovery to provide to the responding party the

21   opportunity to conduct an inquiry, investigation, or search of files or records to supply the

22   information sought.

23       7.      None of the questions in this set of interrogatories is being propounded for any

24   improper purpose such as to harass the party, or the attorney for the party, to whom it is directed,

25   or to cause unnecessary delay or needlessly increase in the cost of litigation.

26

27

28

OHS West:260179239.1                          - 2 -

1    Executed this 16th day of February, 2007, at Menlo Park, California.

2    I declare under penalty of perjury under the laws of California that the foregoing is true

3 and correct.

4

5

6                                                                    Monte Cooper

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF MONTE COOPER FOR ADDITIONAL SPECIAL INTERROGATORIES

# EXHIBIT C

**Sutton, Theresa A.**

| | |
|---|---|
| **From:** | Mosko, Scott [scott.mosko@finnegan.com] |
| **Sent:** | Tuesday, March 20, 2007 5:33 AM |
| **To:** | Sutton, Theresa A. |
| **Subject:** | RE: Pacific Northwest Software production |

Theresa,
I apologize for not responding to this email earlier.  My son was diagnosed with pnemonia, so things have been hectic.  In the future, I would appreciate it if you would leave voicemails when you have a question.

We have identified additional files regarding ConnectU on one of the PNS servers.   There seems to be quite a large number of files, so it will take a bit of time to process them.

Scott

Scott-

Please confirm whether PNS produced all documents responsive to the supboena duces tecum Facebook issued, including those contained on any "pickatime.com" servers and in Wayne Chang's files.

Theresa

_____
       O
O R R I C K

Theresa Sutton
Orrick, Herrington & Sutcliffe LLP
Silicon Valley Office
1000 Marsh Road, Menlo Park, CA 94025
650.614.7307 (Voice)
650.614.7401 (Fax)
tsutton@orrick.com
www.orrick.com

_____

From: Mosko, Scott [mailto:scott.mosko@finnegan.com]
Sent: Wednesday, February 21, 2007 4:11 PM
To: Sutton, Theresa A.
Subject: RE: Pacific Northwest Software production

Theresa,

We are in the process of confirming whether there are additional files/documents that are responsive to FB's subpoena to PNS. I need some additional time to either confirm no additional files exist or get other files, process them and send them to you. Once we are sure no additional files exist, I will confirm.

Thanks


Scott R. Mosko
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
3300 Hillview Avenue
Palo Alto, California  94304-1203
PH: 650-849-6672
FAX: 650-849-6666
EMAIL: scott.mosko@finnegan.com <mailto:scott.mosko@finnegan.com>


---

From: Sutton, Theresa A. [mailto:tsutton@orrick.com]
Sent: Friday, February 16, 2007 4:04 PM
To: Mosko, Scott
Cc: Cooper, Monte; Menon, Deepa; Greer, Yvonne; Dalton, Amy; Ako-Nai, Abby; Mudurian, Karen
Subject: RE: Pacific Northwest Software production


Scott-

    Please confirm that Pacific Northwest Software has now searched the "pickatime.com" servers, Wayne Chang's files, the website into which the PNS developers enter their time, and PNS's Quickbooks records. Please also confirm that PNS has produced all responsive documents contained therein.

    Please also confirm that PNS is not withholding, for any reason, any documents or materials that are responsive to the subpoena.

    Thank you.
    Theresa


---

    O
O R R I C K

Theresa Sutton
Orrick, Herrington & Sutcliffe LLP
Silicon Valley Office
1000 Marsh Road, Menlo Park, CA 94025
650.614.7307 (Voice)
650.614.7401 (Fax)
tsutton@orrick.com
www.orrick.com <file://www.orrick.com>


---

From:  Sutton, Theresa A.
Sent:  Monday, February 05, 2007 11:16 PM

To:     'Mosko, Scott'
Cc:     Cooper, Monte; Menon, Deepa; Greer, Yvonne; Dalton, Amy; Ako-Nai, Abby; Mudurian, Karen
Subject:     Pacific Northwest Software production

Scott-

As Mr. Taves testified during the Pacific Northwest Software deposition, some of the company's files had not been searched and, as a result, responsive documents were not produced. The following items, at least, must be reviewed and responsive documents/information must be produced in response to the subpoena issued by Facebook to Pacific Northwest Software:

* The pickatime.com servers
* Wayne Chang's email and servers
* The website in which the Pacific Northwest Software developers enter their time
* Quickbooks

In addition, although Mr. Taves testified that Pacific Northwest Software located no interesting source code, Pacific Northwest Software was required to turn over all source code responsive to the subpoena.  Please confirm that it has done so.  In addition, Mr. Taves testified that he thought he had asked Mr. Shkuropat to check his and Mr. Novikov's emails, but he said he would need to check his notes to make sure.  Please confirm that Messrs. Shkuropat and Novikov in fact checked their electronic files and produced all responsive documents.

Theresa

_____
    O
O R R I C K

Theresa Sutton
Orrick, Herrington & Sutcliffe LLP
Silicon Valley Office
1000 Marsh Road, Menlo Park, CA 94025
650.614.7307 (Voice)
650.614.7401 (Fax)
tsutton@orrick.com
www.orrick.com <file://www.orrick.com>


========================================================

IRS Circular 230 disclosure:
    To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

========================================================

    NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
    For more information about Orrick, please visit http://www.orrick.com/

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

# EXHIBIT D

**Sutton, Theresa A.**

| | |
|---|---|
| **From:** | Mosko, Scott [scott.mosko@finnegan.com] |
| **Sent:** | Wednesday, February 21, 2007 4:17 PM |
| **To:** | Sutton, Theresa A. |
| **Subject:** | RE: PNS production |

Theresa,

As my earlier email indicated, we are trying to determine if there are additional responsive files in the possession of PNS. Once we know, I will get you dates.

Thanks

Scott R. Mosko
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
3300 Hillview Avenue
Palo Alto, California  94304-1203
PH: 650-849-6672
FAX: 650-849-6666
EMAIL: scott.mosko@finnegan.com

> **From:** Sutton, Theresa A. [mailto:tsutton@orrick.com]
> **Sent:** Friday, February 16, 2007 11:10 AM
> **To:** Mosko, Scott
> **Cc:** Cooper, Monte; Greer, Yvonne; Dalton, Amy; Menon, Deepa; Thornton, Laurie
> **Subject:** RE: PNS production
>
> Scott-
>
> We received the production this morning.
>
> I will not physically be at the hearing on Tuesday, so please just send me some dates for when PNS will be available for deposition.
>
> If you think there is something we need to talk about, feel free to call me or send me an email. Otherwise, you agreed to make PNS available for deposition and to have the witness prepared to speak on the topics set out in the Notice.  And, I'd like to move forward on setting that up.
>
> Theresa



**O**
**ORRICK**

*Theresa Sutton*
*Orrick, Herrington & Sutcliffe LLP*
*Silicon Valley Office*

4/9/2007

*1000 Marsh Road, Menlo Park, CA 94025*
*650.614.7307 (Voice)*
*650.614.7401 (Fax)*
*tsutton@orrick.com*
*www.orrick.com*


**From:** Mosko, Scott [mailto:scott.mosko@finnegan.com]
**Sent:** Friday, February 16, 2007 9:32 AM
**To:** Sutton, Theresa A.
**Subject:** RE: PNS production

Theresa,

I believe the cover letter was addressed to Monte.  And when you get a chance, give me a call about PNS. Or, we can talk at the hearing on Tuesday


Scott R. Mosko
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
3300 Hillview Avenue
Palo Alto, California  94304-1203
PH: 650-849-6672
FAX: 650-849-6666
EMAIL: scott.mosko@finnegan.com


**From:** Sutton, Theresa A. [mailto:tsutton@orrick.com]
**Sent:** Friday, February 16, 2007 8:29 AM
**To:** Mosko, Scott
**Cc:** Cooper, Monte; Dalton, Amy; Greer, Yvonne; Menon, Deepa
**Subject:** RE: PNS production

Scott-

We have not received these documents. How did you send them and to whom?

Also, please send me dates on which PNS is available to continue its deposition.

Theresa

---



**O R R I C K**

*Theresa Sutton*
*Orrick. Herrington & Sutcliffe LLP*
*Silicon Valley Office*
*1000 Marsh Road, Menlo Park, CA 94025*

*650.614.7307 (Voice)*
*650.614.7401 (Fax)*
*tsutton@orrick.com*
*www.orrick.com*

**From:** Mosko, Scott [mailto:scott.mosko@finnegan.com]
**Sent:** Wednesday, February 14, 2007 3:10 PM
**To:** Sutton, Theresa A.
**Subject:** PNS production

Theresa,

We are serving additional PNS documents today.  If you have questions, please let me know.

Scott R. Mosko
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
3300 Hillview Avenue
Palo Alto, California  94304-1203
PH: 650-849-6672
FAX: 650-849-6666
EMAIL: scott.mosko@finnegan.com

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

======================================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

======================================================================

NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR

SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

# **<u>EXHIBIT E</u>**

1

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

-----------------------------------------------------------

THEFACEBOOK, INC.,                    )

               Plaintiff,            )

       vs.                            )      NO. 1 05 CV 047381

CONNECTU LLC,                         )

             Defendant.            )

**CERTIFIED COPY**

-----------------------------------------------------------

CONFIDENTIAL

VIDEOTAPED DEPOSITION UPON ORAL EXAMINATION

OF

JOHN TAVES

-----------------------------------------------------------

8:58 a.m. - 4:49 p.m.

January 29, 2007

719 Second Avenue, Suite Number 900

Seattle, Washington

Joan E. Kinn, CCR, RPR

Court Reporter

CONFIDENTIAL - JOHN TAVES 1/29/2007

7

| | | |
|---|---|---|
| 1 | MS. SUTTON:  Theresa Sutton, Orrick, | 08:56:47 |
| 2 | Herrington & Sutcliffe on behalf of the plaintiff, | 08:56:49 |
| 3 | Facebook. | 08:56:51 |
| 4 | MR. MOSKO:  And my name is Scott Mosko on | 08:56:52 |
| 5 | behalf of ConnectU and on behalf of Pacific Northwest | 08:56:55 |
| 6 | Software, Inc. | 08:57:01 |
| 7 | I believe the videographer misidentified the | 08:57:03 |
| 8 | case number.  This is a Washington state case, not a | 08:57:07 |
| 9 | California case.  I understand the Washington state case | 08:57:11 |
| 10 | number is 06-2-39146-2 SEA. | 08:57:15 |
| 11 | | 08:57:32 |
| 12 | Whereupon, | |
| 13 | JOHN TAVES, | |
| 14 | having been first duly sworn, was called as a witness | |
| 15 | herein and was examined and testified as follows: | |
| 16 | | |
| 17 | E X A M I N A T I O N | |
| 18 | BY MS. SUTTON: | 08:57:33 |
| 19 | Q.    Could you please state your full name for the | 08:57:39 |
| 20 | record. | 08:57:41 |
| 21 | A.    John Taves. | 08:57:41 |
| 22 | Q.    No middle name? | 08:57:43 |
| 23 | A.    I don't use it, but. | 08:57:45 |
| 24 | Q.    Okay.  J-O-H-N for John? | 08:57:46 |
| 25 | A.    Mm-hm. | 08:57:50 |

CONTINENTAL REPORTING SERVICE, INC.
(800) 308-3377

CONFIDENTIAL - JOHN TAVES 1/29/2007

44

```
1   knowledgeable at Pacific Northwest Software, and you       09:38:53
2   don't know.  Is there anybody else at Pacific Northwest    09:38:56
3   Software who would know what you worked on for ConnectU?   09:38:58
4       A.    Not now.                                         09:39:03
5       Q.    You have no recollection of any work you have    09:39:06
6   done for ConnectU?                                         09:39:08
7       A.    That's correct.                                  09:39:12
8       Q.    Did you attempt to go back through files and     09:39:17
9   look at things to figure out what you did for ConnectU     09:39:20
10  before you came to your deposition?                        09:39:23
11      A.    No.                                              09:39:25
12      Q.    You made no effort at all to educate yourself    09:39:27
13  on what your company did for ConnectU?                     09:39:30
14      A.    That's correct.                                  09:39:32
15            MS. SUTTON:   Okay, let's take a break.          09:39:33
16            (Brief recess.)                                  09:39:37
17            MR. MOSKO:   Ms. Sutton, when you asked the      09:51:08
18  question about whether Mr. Taves had any recollection of   09:51:11
19  the work that Pacific Northwest Software had done on       09:51:14
20  behalf of ConnectU, Mr. Taves was responding with         09:51:18
21  respect -- understood the question to mean the specific    09:51:22
22  details, and that's the basis upon which he answered       09:51:26
23  that question.  He does have general information about     09:51:29
24  what work Pacific Northwest Software did for ConnectU.     09:51:33
25  I'm suggesting perhaps if that's of interest to you, you   09:51:37
```

CONFIDENTIAL - JOHN TAVES 1/29/2007

45

| | | |
|---|---|---|
| 1 | might inquire about it. | 09:51:41 |
| 2 | BY MS. SUTTON: | 09:51:44 |
| 3 | Q. On Exhibit A, Mr. Taves, if we could go look | 09:51:45 |
| 4 | at number 1, all communications and interactions with | 09:51:48 |
| 5 | Howard Winklevoss, Tyler Winklevoss, Cameron Winklevoss, | 09:51:51 |
| 6 | Divya Narendra, ConnectU and i2Hub; do you see that? | 09:51:51 |
| 7 | A. Mm-hm. | 09:51:56 |
| 8 | Q. Did you make any effort to educate yourself | 09:51:57 |
| 9 | about this topic? | 09:52:00 |
| 10 | MR. MOSKO: Other than producing the | 09:52:02 |
| 11 | documents, is that what you're asking? | 09:52:04 |
| 12 | MS. SUTTON: Yep. | 09:52:07 |
| 13 | A. No. | 09:52:07 |
| 14 | BY MS. SUTTON: | 09:52:08 |
| 15 | Q. Okay, for number 3, did you make any effort | 09:52:08 |
| 16 | to educate yourself about any work done to acquire | 09:52:10 |
| 17 | information from the Facebook website on behalf of | 09:52:13 |
| 18 | ConnectU? | 09:52:16 |
| 19 | MR. MOSKO: Other than producing the | 09:52:17 |
| 20 | documents? | 09:52:19 |
| 21 | Q. All of these questions are other than | 09:52:19 |
| 22 | producing documents, did you make -- | 09:52:22 |
| 23 | A. No. | 09:52:24 |
| 24 | Q. Okay. How about for number 4, did you make | 09:52:24 |
| 25 | any effort to educate yourself about that topic? | 09:52:27 |

CONFIDENTIAL - JOHN TAVES 1/29/2007

46

| 1 | A. | No. | 09:52:30 |

1    A.    No.                                              09:52:30

2    Q.    Number 5, did you make any effort to educate    09:52:31

3  yourself about that topic?                             09:52:34

4    A.    Other than looking at the books, no.           09:52:39

5    Q.    So you --                                       09:52:42

6    A.    Which is producing the documents.              09:52:43

7    Q.    Okay.  Did you make any effort to educate      09:52:48

8  yourself about topic number 6?                         09:52:51

9    A.    No.                                             09:53:00

10    Q.    Any effort to educate yourself about topic     09:53:02

11  number 7?                                              09:53:07

12    A.    No.                                             09:53:07

13    Q.    Any effort to educate yourself about topic     09:53:08

14  number 8?                                              09:53:11

15          MR. MOSKO:  I don't understand the question,   09:53:12

16  it's vague and nonsensical.                            09:53:13

17    Q.    And he's right, don't answer that question.    09:53:18

18    A.    Yeah, I don't understand that one either.      09:53:21

19    Q.    That's okay, no problem.                        09:53:23

20          MS. SUTTON:  Okay, so I took a break, we are    09:53:25

21  making arrangements to call the judge to talk about your  09:53:27

22  lack of effort to educate yourself on the topics despite  09:53:32

23  the fact that's what you're here for.  So as soon as   09:53:37

24  that's arranged, we'll get the call --                 09:53:40

25          MR. MOSKO:  Perhaps --                          09:53:42

1   financially interested in the said action or the outcome

2   thereof;

3           I further certify that each witness before

4   examination was by me duly sworn to testify the truth, the

5   whole truth and nothing but the truth;

6           I further certify that the deposition, as

7   transcribed, is a full, true and correct transcript of the

8   testimony, including questions and answers, and all

9   objections, motions, and exceptions of counsel made and

10  taken at the time of the foregoing examination.

11

12          IN WITNESS WHEREOF, I have hereunto set

13  my hand and affixed my official seal this 31st_____ day of

14  January_____, 2007.

15

16

17                           _Joan E. Kinn_

18                           JOAN E. KINN

19                           Notary Public in and for

20                           the State of Washington,

21                           residing at Fall City.

22                           KI-NN-*J-E401NR

23

24

25