Scott R. Mosko (State Bar No. 106070)
scott.mosko@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California  94304
Telephone:    (650) 849-6600
Facsimile:     (650) 849-6666

Appearing specially for Defendants
Winston Williams and Pacific Northwest
Software, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.<br><br>                        Plaintiff,<br><br>          v.<br><br>CONNECTU LLC, (now known as CONNECTU INC.) PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, AND DOES 1-25,<br><br>                        Defendants. | CASE NO.  C 07-01389 RS<br><br>**DEFENDANTS PACIFIC NORTHWEST SOFTWARE, INC. AND WINSTON WILLIAMS' OPPOSITION TO FACEBOOK'S MOTION TO ENLARGE TIME TO RESPOND TO MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2), AND RESCHEDULE MAY 2, 2007 HEARING** |

Doc. No. 460959

DEFENDANTS OPPOSITION TO FACEBOOK'S CIVIL L.R. 6-3 MOTION
CASE NO.  C 07-01389 RS

1    Without conferring with counsel regarding its request, and after waiting over two weeks, Plaintiff improperly seeks expedited relief in the form of an Order delaying its opposition and the hearing on a motion to dismiss. Plaintiff's unexcused delay, and Plaintiff's failure to follow this Court's local rules as they apply to such requests require that this Civil L.R. 6-3 motion be denied.

This case is a retaliatory action filed as result of a much earlier-filed District of Massachusetts action which accuses Facebook, Inc. of stealing and implementing the idea that is now manifested in the popular website, www.facebook.com. The District of Massachusetts action commenced in 2004. In August 2005, Facebook, Inc. filed this action in Santa Clara County Superior Court. Facebook accused four individuals, who had no contacts with California, of accessing its social network website and taking email addresses found on the website. The Santa Clara County Superior Court dismissed these four individual defendants from the action pursuant to their motion to quash for lack of personal jurisdiction. The only remaining Defendant, until recently, was ConnectU, LLC.

On February 23, 2007, Plaintiff amended its complaint to name as additional defendants an individual (Winston Williams) and a company (Pacific Northwest Software, Inc, "PNS"), both Washington state citizens, and both known to Facebook well before this August 2005 retaliatory action was filed. Plaintiff's motion suggests it recently learned about the existence of Mr. Williams and PNS, and has moved expeditiously to add them as Defendants. However, Plaintiff has known about them since before the original August 2005 complaint was filed. In fact, nearly one year ago, Plaintiff told the Santa Clara County Superior Court that it intended to add Mr. Williams and PNS to this litigation. (Mosko Decl. Exh. 1--Plaintiff's Case Management Statement served May 17, 2006. *See* Attachment A) So, with the opportunity that has existed for over one year to do unlimited discovery regarding these parties, Plaintiff now tells this Court it needs a continuance because it does not have sufficient information to oppose a motion for lack of personal jurisdiction.

On March 9, 2007, this action was removed to federal court in light of two newly-asserted federal claims. On March 21, 2007, Mr. Williams and PNS filed motions to dismiss for lack of personal jurisdiction. A hearing was noticed for May 2, 2007, providing Facebook with four weeks, i.e. twice the amount of time to file its Opposition than the local rules require.

Doc. No. 460959

1

DEFENDANTS OPPOSITION TO FACEBOOK'S CIVIL L.R. 6-3 MOTION

CASE NO. C 07-01389 RS

1    Facebook waited two weeks after the motion to dismiss was filed before contacting counsel
2 for Mr. Williams and PNS with a two sentence request that the hearing be delayed so it could
3 conduct unspecified discovery on personal jurisdiction.  The second sentence threatened that if this
4 proposal was not agreed to, Facebook would go to the Court.  (Sutton Decl. Exh. A)  Initially, the
5 timing of this request raises questions.  Although Civil L.R. 6-3 does not set a deadline for such a
6 request, the party seeking this relief surely is obligated to act promptly.  Civil L.R. 6-3 specifically
7 contemplates that the parties confer regarding the circumstances surrounding the request.  There was
8 ample time within which such discussions could have occurred if Facebook had raised this issue
9 even a week earlier.  Instead, Facebook waited until the eleventh hour to approach counsel, and then,
10 in violation of the local rules, filed its motion before any conference about the request occurred.
11 Under these circumstances, Facebook surprisingly argues that "*defendants* . . . delayed any
12 meaningful discussion until a time when it would be too late for Facebook to obtain the relief it
13 seeks."  (Moving papers, p. 3, lines 4 - 6, emphasis supplied)

14    In addition to the unexcused delay in making this motion, Facebook flatly misrepresents
15 Defendants' position.  Within 24 hours of Facebook's two sentence request for an enlargement of
16 time, Defendants responded with a summary of key information established in discovery suggesting
17 there is no need for additional discovery, including (a) that Facebook has already taken over 7 hours
18 of deposition of PNS, and (b) that additional depositions totaling over 12 hours were taken during
19 which inquiries were made about both PNS and Mr. Williams.  After reciting these facts,
20 Defendants' counsel suggested a date and stated, "I am willing to talk with you regarding your
21 request."  (Sutton Decl. Exh. B)  Amazingly, despite actually attaching this correspondence to its
22 moving papers, Facebook tells this Court that, "Counsel for defendants indicated an unwillingness
23 [to stipulate to Facebook's request]."  (Moving papers, p. 3, line 4)

24    Civil L.R. 6-3 provides that the moving party must include a declaration showing the effort it
25 made to obtain a stipulation to an enlargement of time on a scheduled motion.  Under the
26 circumstances set forth above, Facebook cannot be said to have made the kind of effort contemplated
27 by this Rule.  Certainly there are circumstances where a plaintiff is entitled to discovery in
28 connection with a motion to dismiss for lack of personal jurisdiction.  However, there is no

automatic right for such discovery. *See e.g. Protrade Sports, Inc. v. Nextrade Holdings, Inc.,* No. C05-04039, 2006 U.S. Dist. LEXIS 6631 (N.D. Cal. Feb. 1, 2006), at *9, n.2.

> Plaintiff has requested leave to conduct discovery on the issue of personal jurisdiction. Given that Plaintiff has failed to establish any indication that Defendant might be subject to the personal jurisdiction of this Court, the Court finds that discovery would create undue burden and cost for Defendant and would result in a waste of judicial resources. A plaintiff is not entitled to discovery without making a "colorable" showing of personal jurisdiction. *Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp.*, (7th Cir. 2000) 230 F3d 934, 946. Since Plaintiff has not done so here, the Court denies Plaintiff's request to conduct discovery on the issue of personal jurisdiction.

*See also* Moore's Federal Practice § 12.31[7] (3rd ed. 2005) ("Permitting discovery to establish jurisdiction is never automatic . . . The plaintiff seeking jurisdictional discovery must have a colorable case for jurisdiction and must demonstrate to the district court what additional facts would be found if discovery were permitted.")

As shown, and as Defendants indicated in response to Facebook's unsupported request for a continuance to take discovery, (Sutton Decl. Exh. B), a plaintiff is not always entitled to such discovery. Defendants were willing to speak with Facebook regarding its position. Instead, Facebook waited too long. Plaintiff could have requested a stipulation for an enlargement of time on this motion two weeks ago. It did not. Instead, Plaintiff comes to the Court requesting immediate relief without providing any basis for the requested discovery or any basis to delay its opposition or the hearing on the motion to dismiss. For the foregoing reasons, this Civil L.R. 6-3 motion should be denied.

Respectfully submitted,

Dated: April 9, 2007         FINNEGAN, HENDERSON, FARABOW,
                             GARRETT & DUNNER, L.L.P.


By:      /s/ *Scott R. Mosko*
    Scott R. Mosko
    Attorneys for Defendants Winston Williams and
    Pacific Northwest Software, Inc.