1  Scott R. Mosko (State Bar No. 106070)
   FINNEGAN, HENDERSON, FARABOW,
2    GARRETT & DUNNER, L.L.P.
   Stanford Research Park
3  3300 Hillview Avenue
   Palo Alto, California  94304
4  Telephone:    (650) 849-6600
   Facsimile:    (650) 849-6666
5

6  Attorneys for Defendant
   ConnectU LLC.
7

8

9                            UNITED STATES DISTRICT COURT

10                          NORTHERN DISTRICT OF CALIFORNIA

11                                    SAN JOSE DIVISION

12  FACEBOOK, INC.                              CASE NO.  C 07-01389 RS

13              Plaintiff,                      **DEFENDANT CONNECTU'S OPPOSITION TO FACEBOOK'S MOTION TO ADVANCE THE CASE MANAGEMENT CONFERENCE**

14              v.

15  CONNECTU LLC, (now known as CONNECTU
    INC.) PACIFIC NORTHWEST SOFTWARE,
16  INC., WINSTON WILLIAMS, AND DOES 1-25,

17              Defendants.

Doc. No.  461257

Connectu's Opposition to Facebook's Motion to Advance the CMC
CASE NO.  C 07-01389 RS

Dockets.Justia.com

1  Plaintiff's request to advance the CMC from June 20, 2007 to April 27, 2007 is both
2  unreasonable and unnecessary. The Northern District generally sets the initial CMC approximately
3  100 days after the action is initiated. In this case the CMC was set 103 days after Defendant
4  ConnectU LLC removed it from state court. By that time, the parties should have had the chance to
5  challenge the viability of the pleadings through motions to dismiss, the results of which many times
6  limit or change the scope of the case. As the Court's calendar will reflect, ConnectU has noticed
7  such a motion for hearing on May 2, 2007. These 100 days also provide defendants with the
8  opportunity to investigate the charging allegations, and marshal whatever evidence they believe is
9  necessary to defend the case during the Rule 26 stay of discovery. These 100 days between the
10 initiation of the federal action and the CMC represent a reasonable time for such investigation and
11 should not be disturbed without good cause. Plaintiff does not establish good cause in this request.

12 Plaintiff tells this Court none of this ramp up investigation is necessary because this case was
13 removed from the state court. The Northern District does not provide for a different schedule in the
14 case of removal. Plaintiff further and inaccurately tells this Court that before this case was removed,
15 the state court was on the verge of setting trial[1]. This case was removed because Plaintiff filed an
16 amended complaint that substantially changed the issues and added two new parties. Plaintiff's state
17 court complaint is comprised of two counts. The First Amended Complaint is comprised of seven
18 counts, including two causes of action arising under federal law and new causes of action arising
19 under the general laws of Massachusetts. Plaintiff has had a substantial time to investigate these
20 new claims. ConnectU just learned about them. The 100 days between the initiation of the federal
21 action and the CMC is a reasonable time that will allow for the development of a thoughtful and
22 comprehensive approach. It should not be shortened.

23 While shortening the time to the CMC would be a strain on the originally named defendant,
24 ConnectU LLC, it would be even more burdensome on the two new parties recently added to this
25 case. Plaintiff effectively tells this Court these new parties should be prepared to go to trial now

---

[1] Plaintiff interestingly tells this Court that the state court would have set a trial date at its next CMC. In light of the condition of the amended complaint, Defendant strongly disagrees.

1  because they retained the same counsel as the earlier-named defendant, ConnectU LLC. Plaintiff
2  fails to explain whether or why it believes these new parties should be treated as if they were the
3  alter ego of ConnectU. Certainly no such allegation exists in the First Amended Complaint.
4      These new parties are separate from ConnectU. They have different issues than those facing
5  ConnectU. For example, these new parties do not believe this Court has jurisdiction over them.
6  And, as this Court knows, these new parties have filed motions challenging the assertion of
7  jurisdiction over them. Even if such motions had not been filed, certainly these parties are entitled to
8  the same due process, which includes the time to investigate and analyze this case as other entities
9  recently named in an action. Plaintiff chose to name these new parties--they did not voluntarily
10 enter this litigation on their own. The logical steps and approaches provided by this Court's
11 schedule should not be interrupted, particularly where a Plaintiff has decided to bring in new parties.
12     Plaintiff's request inaccurately and unfairly characterizes many of the activities in both the
13 state court case and a District of Massachusetts case involving some of the same parties. Because
14 none of these inaccuracies--such as the reference to individuals "recanting" testimony, the
15 characterization of defendants acts, or some of the so-called "pending" activity in state court--has
16 any bearing on this motion, ConnectU will not waste time correcting the record. Suffice it to say
17 they are inaccurate.
18     This is a new case which was removed from state court as a result of a recently-filed
19 amended complaint. Plaintiff provides no justification for altering the schedule established by the
20 Northern District of California. The current June 20, 2007 CMC should remain on calendar.

Respectfully submitted,

Dated: April 12, 2007    FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.

    /s/ *Scott R. Mosko*
    Scott R. Mosko, Attorneys for Defendant
    ConnectU LLC