1  G. HOPKINS GUY, III (State Bar No. 124811)
   I. NEEL CHATTERJEE (State Bar No. 173985)
2  MONTE COOPER (State Bar No. 196746)
   THERESA A. SUTTON (State Bar No. 211857)
3  YVONNE P. GREER (State Bar No. 214072)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
4  1000 Marsh Road
   Menlo Park, CA  94025
5  Telephone:    650-614-7400
   Facsimile:    650-614-7401
6
   Attorneys for Plaintiff
7  THE FACEBOOK, INC.

8
                           UNITED STATES DISTRICT COURT
9
                          NORTHERN DISTRICT OF CALIFORNIA
10
                                   SAN JOSE DIVISION
11

12
| FACEBOOK, INC., | Case No.  5:07-CV-01389-RS |
|---|---|
| Plaintiff, | **REPLY MEMORANDUM IN SUPPORT OF FACEBOOK INC.'S MOTION FOR EXPEDITED DISCOVERY RE: PERSONAL JURISDICTION** |
| v. | |
| CONNECTU, LLC; PACIFIC NORTHWEST SOFTWARE; AND WINSTON WILLIAMS, | |
| Defendants. | Date:    May 16, 2007<br>Time:    9:30 A.M.<br>Judge:   Honorable Richard Seeborg |

## I. INTRODUCTION

Facebook, Inc. has made a prima facie showing of personal jurisdiction over Defendants Pacific Northwest Software ("PNS") and Winston Williams (collectively, "Defendants"). Should the Court entertain hearing evidence related to jurisdiction, jurisdictional discovery should be allowed because Defendants have submitted statements related to personal jurisdiction. Namely, Facebook should be allowed to test Defendants' conclusory assertions through deposition and written discovery.

Facebook has not had prior opportunities to seek discovery related to PNS' and Mr. Williams' contacts with California. The 30(b)(6) deposition of ConnectU in ConnectU's Massachusetts federal action was conducted prior to the filing of this action, and was directed to altogether different topics. By court order, the discovery and depositions taken in this case were strictly limited to the issue of personal jurisdiction of ConnectU's founders. Indeed, ConnectU objected and filed a motion for sanctions when Facebook attempted to seek information regarding PNS and Mr. Williams' involvement in the matters related to the California complaint.

Defendants' proposed "compromise" regarding the depositions that Facebook seeks will unnecessarily delay this case. Given the absence of relevant discovery provided to date, Facebook should not be forced to agree to limit future depositions when additional documents will likely be provided. Facebook simply intends to address the only issue this Court needs to resolve—the basic question of personal jurisdiction. Facebook's proposed limited jurisdictional discovery plan is designed to do just that, and no more.

## II. ARGUMENT

### A. Jurisdictional Discovery Regarding Pacific Northwest Software and Winston Williams is Warranted.

#### 1. Facebook Has Presented a Prima Facie Showing of Personal Jurisdiction Over PNS and Winston Williams in Its Pleading.

Defendants contend that Facebook is not entitled to discovery because it has failed to make a "colorable" showing of personal jurisdiction. On the contrary, Facebook's First Amended Complaint alleges facts sufficient to support personal jurisdiction over Defendants PNS and Williams based on their active participation in the tortious "hacking" and "spamming" acts

directed specifically to Facebook, a California-based corporation. *See* Amended Complaint ¶¶3-4, 6, and 17-19. All that is required to overcome a motion to dismiss are facts sufficiently alleged in the pleadings. *See Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1129 (9th Cir. 2003); *Data Disc v. Systems Technology Assoc., Inc.*, 577 F.2d 1280 (9th Cir. 1977). Should the Court choose to follow this established Ninth Circuit precedent, no discovery is necessary and Defendants' motion should be denied.

Defendants' incorrectly rely upon *Protrade Sports, Inc., v. Nextrade Holding, Inc.,* No. C05-04039, 2006 U.S. Dist. Lexis 6631 (N.D. Cal. 2006). In *Protrade*, the court found that plaintiff asserted little to establish general jurisdiction, "save allegations that Defendant has an accessible website and that Defendant 'promotes and sells its products nationwide'." *Id.* at *5-*6. With regard to specific jurisdiction, the *Protrade* plaintiff's allegations were equally insufficient because it "provided only bare allegations of commercial activity in the forum state" because [defendant's] "website [was] 'designed to solicit customers in the forum." *Id.* at 8. In contrast to *Protrade,* Facebook has alleged facts to establish personal jurisdiction over both Defendants by alleging that each was engaged in conduct designed to harm Facebook, a corporation operating in California. *See* Amended Complaint ¶¶3-4, 6, and 17-19. In fact, PNS admits that at least 2% of its revenues have come from customers located inside of California, which should be sufficient to establish minimum contacts, and perhaps even general jurisdiction given that at least one of those entities is a California School District. *Perkins v. Benguet Consolidated Mining Co.,* 342 U.S. 437, 445 (1952); s*ee also* Taves Decl. ¶ 11 and Sutton Decl. Ex. C.

**2.    Discovery Should Be Granted Because PNS and Williams Have "Controverted" Personal Jurisdiction.**

Because PNS and Williams have controverted the issue of personal jurisdiction over them by submitting statements, Facebook should be allowed to seek jurisdictional discovery if the Court wished to discuss it at the motion to dismiss phase. *See eMag Solutions, LLC v. Toda Kogyo Corp.*, 2006 U.S. Dist. LEXIS 94462, 7-8 (N.D. Cal. 2006) *citing Laub v. United States DOI*, 342 F.3d 1080, 1093 (9th Cir. 2003). Even if this Court finds that Facebook has not made a "colorable" showing of personal jurisdiction, as Defendants contend, several California

district courts have ruled that "plaintiff is not obligated to make out a 'prima facie' case of personal jurisdiction before it can obtain limited jurisdictional discovery, because "[i]t would be counterintuitive to require a plaintiff, prior to conducting discovery, to meet the same burden that would be required to defeat a motion to dismiss." *Orchid Biosciences, Inc. v. ST. Louis Univ.*, 198 F.R.D. 670, 672-73 (S.D. Cal. 2001); *eMag Solutions, LLC v. Toda Kogyo Corp.*, 2006 U.S. Dist. LEXIS 94462, 8-9 (N.D. Cal. 2006). Accordingly, Facebook's motion for expedited jurisdictional discovery should be granted.

Defendants have contested this Court's exercise of personal jurisdiction over them with the filing of their Motion to Dismiss on March 21, 2007. *See* Docket No. 23. In support of the Motion to Dismiss, both Williams and John Taves, the CEO of PNS, have submitted declarations attempting to establish that PNS and Williams have no contacts. Decl. of Theresa Sutton in Supp. of Reply Memo. in Supp. of Mot. For Expedited Discovery ("Sutton Decl."), Exs. A and B. Both declarations provide several conclusory statements about each party's contacts with California that Facebook should be allowed to test through jurisdictional discovery.

Some of the statements made in the declarations are questionable based upon facts known to Facebook. For example, in Paragraph 8 of John Taves' Declaration, he concludes that "PNS has not and does not derive substantial revenue from goods used or consumed in California or services rendered in California." Sutton Decl., Ex. A, 1:15-16. In paragraph 9, Mr. Taves concludes that "PNS has signed perhaps one or fewer contracts regarding a California entity." *Id.*, 1:17. In paragraph 11, Taves admits that revenues are generated from customers located in California. *Id.*, 1:19-20. Contrary to Mr. Taves' declaration, Facebook has discovered evidence that PNS conducts substantial business within the forum state through publicly available information provided by PNS's own website regarding its noted clients in California. *Id.*, Ex. C. Likewise, Williams' declaration indicates in a conclusory statement in paragraph 11 that he has not derived "substantial revenue" from California. *Id.*, Ex. B, 1:18-19. Williams does not explain what he means by "substantial." Facebook should be allowed to elicit deposition testimony and written discovery to test such conclusory statements to discover any explanations regarding contradictory evidence; what both parties believe to be "substantial revenue;" what

contracts PNS has signed with California entities; and how PNS accounts for its revenues generated from California to come up with its estimate. Likewise, Facebook also should be entitled to inquire as to what extent PNS and Willams were aware that their illegal hacking was aimed at Facebook, a California corporation, and was likely to result in the spamming of tens of thousands of California students who were resident at California universities and who used the Facebook website.

Defendants raise numerous arguments related to the timing of PNS' or Williams' addition as parties. This issue is irrelevant to this Court's determination of whether it should order jurisdictional discovery. Indeed, this issue was already decided against PNS and Williams in Facebook's Motion to Amend the Complaint in the California state action.[1] The Superior Court allowed the amendment over the objection of the parties.

### B. Facebook Has Not Had Ample Opportunity to Explore PNS's and Williams Contacts with California Through Prior Depositions and Other Discovery.

Defendants contend that Facebook has had ample opportunity to explore PNS' and Williams' contacts with California through depositions and discovery in the recently dismissed Massachusetts federal action and in this action. Defendants' assertions are unfounded. PNS and Williams were added as parties to this action on February 23, 2007, two and a half years after the filing of the Massachusetts federal action and a year and a half after the filing of this action.

Defendants indicate that Facebook had an opportunity at the August 9, 2005[2] deposition of ConnectU in the Massachusetts federal action where Facebook was the Defendant and ConnectU was the Plaintiff. That deposition was a 30(b)(6) deposition on other topics in a different case. This action had not even been filed at that time, and this deposition was the first

---

[1] Although Facebook obtained information on PNS and Williams during the deposition of ConnectU LLC in late 2005, their participation and the extent to which they could be liable to Facebook separate and apart from ConnectU was not clear. The deposition excerpts of ConnectU cited by ConnectU in support of the instant motion demonstrate that at the time of those depositions, it was unclear on whose behalf Williams was acting when he gained unauthorized access to Facebook's information. *See* Mosko Decl. to Opp. to Mot. for Expedited Discovery, Exs. A and D. During the August 9, 2005 deposition taken in the Massachusetts action, Cameron Winklevoss for ConnectU indicated that Williams and PNS extracted email addresses from Facebook. Sutton Decl., Ex. D, 35:1-20; 149:5-150:25. However, at its January 16, 2006 deposition, ConnectU indicated that Williams was a part of ConnectU when the company accessed the Facebook servers. *Id.*, Ex. E, 85:10-86:16.

[2] Defendants incorrectly assert that the deposition occurred in July 2005.

place where the unlawful activity was admitted.  At that point, the full scope of the activity was unknown.

Next, Defendants contend that Facebook had ample opportunity to explore Defendants' contacts with California by way of "detailed discovery" through depositions and interrogatories propounded in the "current case."  Defendants provide strategically excerpted text from Special Interrogatories and responses to and from ConnectU defendants and from the January 2006 deposition testimony of ConnectU.  That "detailed discovery" was limited by court order to the issue of personal jurisdiction related to the founders of ConnectU LLC, Cameron, Tyler, and Howard Winklevoss, and Divya Narendra because those Defendants moved to quash the complaint based on lack of personal jurisdiction over them.  Sutton Decl., Exs. F and G.  In fact, during ConnectU's January 2006 deposition, Facebook sought to elicit testimony from ConnectU regarding the extent of PNS' involvement.  *Id.*, Ex. E, 34:7-35:2.  ConnectU objected to that line of questioning and then moved for sanctions against Facebook for asking such questions.  *Id.* Ex. H.

The deposition of PNS should not affect this Court's conclusion.  PNS' January 2007 deposition occurred prior to the addition of PNS or Williams as parties to this lawsuit, and was in no way directed to "California contacts."  More significantly, PNS by its own admission failed to produce a person knowledgeable on any of the topics pursuant to the subpoena.  During that deposition, John Taves, who appeared as the "person most knowledgeable" on behalf of PNS, unequivocally stated that, despite having reviewed the subpoena and the topics attached to the subpoena prior to the deposition, Mr. Taves made no effort to educate himself on the deposition topics, and did not know of the specific projects PNS completed for ConnectU.  *Id.*, Ex. I, 42:10-46:18.  A further deposition of PNS was being scheduled by the attorneys to remedy this lack of knowledge by Taves at the point when the Defendants removed the action.  *Id.* Ex. L and ¶ 25. It is disingenuous for them now to contend the first PNS deposition was "sufficient" for purposes of any issue associated with the Motion to Dismiss.

REPLY MEMORANDUM IN SUPPORT OF FACEBOOK INC.'S
MOTION FOR EXPEDITED DISCOVERY

**C.    Defendants Request to Conduct Depositions in One Sitting Will Cause Unnecessary Delays.**

Based on this Court's Order Granting Facebook's Motion to Enlarge Time, and its request that Facebook identify the types of discovery it seeks, Facebook sought to confer with Defendants to set up a discovery plan. Defendants offered to allow depositions go forward, so long as Facebook agreed that it would ask all questions (not just questions about personal jurisdiction) during this one deposition. As discussed below, Facebook indicated a general agreement with this proposal, so long as Defendants agreed to produce all documents prior to the depositions. Defendants were unwilling to agree.

Facebook has requested depositions of Williams, Wayne Chang (a current employee of PNS with material knowledge regarding PNS' and Williams' involvement in the wrongful acts alleged), David Gucwa (a person with material knowledge regarding PNS' and Williams' involvement in the wrongful acts alleged), PNS, and ConnectU. These depositions would last no more than four hours and would be for the limited purpose of eliciting facts related to Williams' and PNS' contacts with California. Sutton Decl*.,* ¶ 12. In addition, Facebook seeks to propound five interrogatory questions and five requests for production of documents — again, limited to the issue of personal jurisdiction. *Id.,* ¶ 13. Defendants insisted that Facebook ask all questions, jurisdictional and substantive, at these proposed depositions so as to conduct them "efficiently" and any further depositions would only be allowed for what they determined to be "good cause." *Id.,* ¶ 14. Defendants counter-proposal will only delay the completion of the pleading phase of this case and would likely result in unnecessary motion practice and discovery disputes in the future.

Facebook's main concern with Defendants' proposal is that Defendants have not yet produced all relevant documents to this case, official discovery under the Federal Rules has not commenced (although substantial discovery occurred prior to remand), and discovery requests specifically related to the newly added parties and new claims have not been propounded. To force substantive deposition questions to occur with the jurisdictional issues that need to be resolved immediately would leave Facebook at risk of missing possible issues that have yet to be

revealed through documents and other discovery not already produced.

Defendants acknowledge that not all relevant documents have been produced. On April 23, 2007, the parties met and conferred on the issue of jurisdictional discovery regarding PNS and Williams. *Id.,* ¶ 15. On that Defendants indicated that they had responsive documents to produce from, but did not state when they would be produced. *Id.,* ¶ 16. Facebook indicated that ConnectU had previously failed to produce any software code related to the applications that ConnectU, PNS and Williams created and used to obtain Facebook's protected data. *Id.,* ¶ 17. Defendants indicated that ConnectU did not have the code, that Mr. Chang would have it, but that Defendants would verify where it is located. *Id.,* ¶ 18. Also, at almost the same time as the removal of this case, the state court issued an order granting Facebook's Motion to Compel certain documents, including but not limited to, documents specifically related to Facebook's claims and affirmative defenses at issue in this litigation. Sutton Decl*.,* ¶ 19, Ex. J, 3. While Defendants indicated that the Order was not binding in Federal Court, they agreed to review the Order to determine what documents have not been produced in this action (so the "one sitting" depositions could go forward). *Id.,* ¶ 21.

As of the filing of this reply, Defendants have not produced the additional PNS documents, have not followed up with the production of any documents related to the software code, and have not indicated whether additional documents exist consistent with the State Court's Order on Facebook's motion to compel. *Id.,* ¶ 22. Under Defendants' "one-sitting" deposition proposal, the forward progress toward moving this case beyond the pleading stages of litigation would inevitably need to be delayed. In addition, Facebook wishes to avoid the disputes that will likely arise regarding whether "good cause" exists to warrant a continued deposition should subsequently produced documents or discovery uncover additional issues.

Defendants contend that they fully expected previously noticed depositions of several key witnesses with knowledge of Defendants' involvement, including Wayne Chang and David Gucwa, to move forward prior to the lifting of the Rule 26 stay.[3] Defendants contend that

---

[3] Notably, Facebook has requested numerous times to schedule the requisite Rule 26(f) conference but Defendants refuse to set a date before the end of May 2006.

"the only reason these depositions [of Messrs. Chang and Williams, and the continued deposition of PNS] had not occurred by the time Plaintiff filed this motion is the Rule 26 stay of discovery, which became effective once ConnectU removed this case." Opp'n. to Mot. for Expedited Discovery, 6:10-15 (emphasis in original). These witnesses, however, refused to appear for deposition. The third party depositions did not occur because the witnesses, at the advice of Defendants' counsel, refused to appear for deposition and refused to produce any responsive documents. *Id.,* ¶ 23 and Ex. K.

Facebook should be allowed to move forward with the normal course of litigation starting with the resolution of the jurisdictional issues in this case. Discovery related the PNS' and Williams' contacts with California is the only issue that needs to be resolved immediately. Therefore, this Court should order the jurisdictional discovery that Facebook seeks, and nothing more.

### III. CONCLUSION

For all the foregoing reasons, Facebook's Motion for Expedited Discovery Re: Personal Jurisdiction should be granted. Facebook should be allowed to take the depositions of Pacific Northwest Software, Winston Williams, David Gucwa, Wayne Chang, and ConnectU regarding PNS's and Mr. Williams contacts with California. Facebook should also be allowed to propound five interrogatories and five document requests to each Defendant limited to personal jurisdiction issues.

Dated: May 2, 2007                    ORRICK, HERRINGTON & SUTCLIFFE LLP


                                      /s/ Yvonne P. Greer /s/
                                      Yvonne P. Greer
                                      Attorneys for Plaintiff
                                      THE FACEBOOK, INC.

REPLY MEMORANDUM IN SUPPORT OF FACEBOOK INC.'S MOTION FOR EXPEDITED DISCOVERY