# EXHIBIT K

Dockets.Justia.com



FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

55 Cambridge Parkway • Cambridge, MA 02142-1292 • 617.452.1600 • Fax 617.452.1666
www.finnegan.com

CHRISTOPHER S. SCHULTZ
617.452.1623
christopher.schultz@finnegan.com

March 5, 2007

Yvonne Greer, Esq.                                    ***VIA E-MAIL &***
Orrick, Herrington & Sutcliffe, L.L.P.          ***CONFIRMATION BY MAIL***
1000 Marsh Road
Menlo Park, CA 94025

                    Re:    Facebook, Inc. v. ConnectU, LLC
                           Case No. 1 05 CV 047381

Dear Yvonne:

        This letter sets forth the objections of Wayne Chang ("Mr. Chang") to the
Subpoena *Duces Tecum* issued by Facebook, Inc. ("Facebook") and directed to
Mr. Chang.  Pursuant to Mass. R. Civ. P. 45(d)(1), Mr. Chang objects as follows:

1.      Mr. Chang objects to the date and time for the deposition specified in the
subpoena, and the date and time for the production and inspection of documents,
as being unduly burdensome and failing to allow reasonable time for compliance,
particularly in light of Mass. R. Civ. P. 45(d)(1).

2.      Mr. Chang objects to the subpoena because the discovery sought is
duplicative.

        a.      Facebook has already obtained discovery on the topics sought from
                Pacific Northwest Software, iMarc, and ConnectU.  Thus, any
                further discovery with respect to these areas would be totally
                duplicative of discovery which has already been obtained.
                Therefore, the subpoena is unnecessary and harassing.

3.      Mr. Chang objects to the subpoena because it calls for information that is
irrelevant and unlikely to lead to the discovery of admissible facts.

        a.      The subpoena requests testimony and documents, materials, and
                information that are not relevant to the proceeding in the captioned
                case and requests testimony and documents, materials, and
                information that are not reasonably calculated to lead to the
                discovery of admissible evidence or relevant to the claim or

Washington, DC • Atlanta, GA • Cambridge, MA • Palo Alto, CA • Reston, VA • Brussels • Taipei • Tokyo

Yvonne Greer, Esq.
March 5, 2007
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

defense of any party.  For example, the subpoena requests **all** communications between an extensive list of parties "regarding Facebook or its website" (request 1), "regarding ConnectU or its website" (requests 2 and 5), "regarding Mark Zuckerberg" (request 3), and "regarding Harvardconnection or the harvardconnection.com website" (request 4).  The subpoena requests **all** communications between Mr. Chang and iMarc (request 6) regardless of subject matter and **all** communication regarding **any** work for a large list of entities (request 7).  The subpoena also requests code relating to other websites separate from the websites involved in this litigation (request 8).  The subpoena also requests Mr. Chang's resume (request 12).  The allegations in this lawsuit relate to a very limited set of facts and the broad discovery requested is not warranted.  The scope of the subpoena significantly exceeds anything Facebook needs in the underlying action.

4.    Mr. Chang objects to the subpoena to the extent that it calls for information that is protected.

a.    The subpoena calls for potential testimony and the potential production of documents, materials, and information that are protected from disclosure by the attorney-client privilege, attorney work-product immunity, community of interest privilege, or other privileges or immunities recognized at law.  Mr. Chang intends to preserve, and hereby further asserts on behalf of himself, each of those privileges and immunities with respect to testimony and all documents, materials, and information called for by the subpoena as to which such privileges and/or immunities apply.  Inadvertent production or disclosure of any such document, material, or information shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such document, material, or information or any other document, material, or information, or with respect to the subject matter thereof.  An objection based on attorney-client privilege and/or the attorney work product doctrine should not be construed as a representation that such documents exist or existed.  Such objections indicate only that the requests are of such a scope as to embrace subject matter protected by the attorney-client privilege and/or the attorney work product doctrine.

b.    The subpoena seeks the potential production of documents, materials, and information considered confidential by Mr. Chang and that may contain trade secrets, confidential data, or commercially sensitive material.

Yvonne Greer, Esq.
March 5, 2007
Page 3

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

5.      Mr. Chang objects to the subpoena because it is vague and ambiguous.

6.      Mr. Chang objects to the subpoena because it is unreasonably broad,
burdensome and harassing.

    a.      The subpoena seeks to impose obligations beyond those set forth
in the Massachusetts Local Rules.

    b.      The subpoena requests documents, materials, and information
outside the possession, custody, or control of Mr. Chang.

    c.      The subpoena contains requests that are not limited in time and
therefore requests documents, materials, or information that are not
relevant to the proceeding in the captioned case.

    d.      The subpoena contains requests that require Mr. Chang to conduct
discovery of or to investigate third persons or to reply on behalf of
persons or corporations over whom he exercises no control or on
whose behalf he has no authority to respond.

    e.      The subpoena contains requests that may be obtained from parties
to this litigation.  For example, communications with parties to this
litigation, such as ConnectU, can and have been obtained from
those parties.  As a third party,  the burden should not be imposed
on Mr. Chang to produce these documents.

    f.      Additionally, as stated above in Section 3.a the requests have not
been tailored to the allegations in the underlying litigation and
instead request "all communications" between a large list of entities
regarding very broad topics, and other information which is
irrelevant to the underlying lawsuit.

    In light of these objections, production and inspection of documents
sought by the subpoena and the deposition of Mr. Chang will not take place at
the requested time and place, until a court orders such discovery.

Sincerely,

Christopher S. Schultz

cc:     Theresa Sutton, Esq.



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025
*tel* 650-614-7400
*fax* 650-614-7401
WWW.ORRICK.COM

March 6, 2007

Yvonne Greer
(650) 614-7698
ygreer@orrick.com

*VIA EMAIL AND U.S. MAIL*

Christopher Schultz
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
55 Cambridge Parkway
Cambridge, MA  02142-1292

Re:     *Facebook v. ConnectU* (California Superior Court Case No. 1-05-CV-047381)

Dear Christopher:

I have received your letter of March 5, 2007, objecting to the Subpoena *duces tecum* issued to Wayne Chang on February 22, 2007 in the above-referenced matter.

Contrary to your assertion, Mr. Chang's written objections do not relieve him of his obligation to appear for his scheduled deposition. *See* Mass. R. Civ. P. 30.7(b). Therefore, Facebook will be present to take Mr. Chang's deposition as scheduled on March 22, 2007, at the designated time and place pursuant to Facebook's validly noticed subpoena *duces tecum*. Mr. Chang's failure to appear may be deemed a contempt of the court pursuant to Mass. R. Civ. P. 45(f). Further, if Mr. Chang fails to appear, Facebook will seek from him all costs incurred as a result of his failure to appear.

In addition, Mr. Chang's objections to Facebook's document requests are improper, and Facebook will move to compel production if you do not promptly withdraw the objections and agree to produce responsive documents. Please provide me with your availability this week to discuss his objections.

Very truly yours,

Yvonne P. Greer



**FINNEGAN**
**HENDERSON**
**FARABOW**
**GARRETT &**
**DUNNER** LLP

55 Cambridge Parkway • Cambridge, MA 02142-1292 • 617.452.1600 • Fax 617.452.1666
www.finnegan.com

CHRISTOPHER S. SCHULTZ
617-452-1623
christopher.schultz@finnegan.com

March 8, 2007

Yvonne Greer, Esq.
Orrick, Herrington & Sutcliffe, L.L.P.
1000 Marsh Road
Menlo Park, CA 94025

**VIA E-MAIL &**
**CONFIRMATION COPY BY MAIL**

Re:    Facebook, Inc. v. ConnectU, LLC
       Case No. 1 05 CV 047381

Dear Yvonne:

We received your letter regarding Mr. Chang's subpoena and do not agree that he is either required to appear for deposition or produce documents, unless a court of competent jurisdiction orders him to do so.

We note that there is no such thing as Mass. R. Civ. P. 30.7(b), and we are therefore unclear as to the authority on which you base your demands. In contrast, Mass. R. Civ. P. 45(d)(1) clearly states that if a responding party objects to a Rule 45 subpoena, there is no further duty to respond absent a court order. The leading Massachusetts Practice treatise expands this authority to all third -party discovery, stating "[s]ervice of the objection stays the discovering party's hand. In the absence of a court order, it relieves the prospective deponent of any further obligation." James W. Smith & Hiller B. Zobel, Massachusetts Practice, Rules Practice, Civil Rules 39-61, vol. 8 § 45.7, 141 (West Pub. Co. 1977 and 2006 supp.).

Accordingly, Mr. Chang will not appear for deposition or produce documents in response to your subpoena. We suggest you cancel any arrangements you may have made in that regard.

Sincerely,

Christopher S. Schultz

cc: Theresa Sutton, Esq.

Washington, DC • Atlanta, GA • Cambridge, MA • Palo Alto, CA • Reston, VA • Brussels • Taipei • Tokyo



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025
tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

March 13, 2007

Theresa A. Sutton
(650) 614-7307
tsutton@orrick.com

*VIA EMAIL AND U.S. MAIL*

Christopher Schultz
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
55 Cambridge Parkway
Cambridge, MA  02142-1292

Re:     *Facebook v. ConnectU*

Dear Mr. Schultz:

I am in receipt of your letters to Yvonne Greer regarding Mr. Chang's refusal to produce documents and to appear for his deposition on March 22, 2007.  On February 21, 2007, the Massachusetts Superior Court ordered Mr. Chang to comply with the Subpoena *Duces Tecum* by producing documents and appearing for deposition.  Further, as you must know, Mr. Chang's written objections do not relieve him of his obligation to appear for his deposition.

In your March 8, 2007, letter, you mischaracterize Mass. R. Civ. P. 45(d)(1). That rule does not support Mr. Chang's refusal to appear; instead, it applies only to the production of documents.  You likewise misrepresent "the leading Massachusetts Practice treatise."  Again, the section you cite relates only to the production of documents.  I suggest you read Section 45.9 on the following page. If you can cite to a Massachusetts case or rule that actually says that a deponent need not appear in light of a Court order and without a legitimate excuse, Facebook will reconsider its position.

In the meantime, as Ms. Greer indicated, Facebook will be present on March 22, 2007, to depose Mr. Chang.  If he persists in his refusal, Facebook will seek relief from the court, including a contempt sanction and costs incurred.

Best regards,

Orrick, Herrington & Sutcliffe LLP

Theresa A. Sutton



**FINNEGAN HENDERSON FARABOW GARRETT & DUNNER**

55 Cambridge Parkway • Cambridge, MA 02142-1292 • 617.452.1600 • Fax 617.452.1666
www.finnegan.com

CHRISTOPHER S. SCHULTZ
617-452-1823
christopher.schultz@finnegan.com

March 15, 2007

Theresa Sutton, Esq.                            **VIA E-MAIL &**
Orrick, Herrington & Sutcliffe, L.L.P.    **CONFIRMATION COPY BY MAIL**
1000 Marsh Road
Menlo Park, CA 94025

      Re:    Facebook, Inc. v. ConnectU, LLC
             Case No. 1 05 CV 047381

Dear Ms. Sutton:

    For all of the reasons detailed in our earlier correspondence, including the removal of the action from California Superior Court to Federal Court, as we stated before, Mr. Chang will not attend the March 22, 2007 deposition.

              Sincerely,

              Christopher S. Schultz

cc: Yvonne Greer, Esq.

Washington, DC • Atlanta, GA • Cambridge, MA • Palo Alto, CA • Reston, VA • Brussels • Taipei • Tokyo

March 5, 2007

Yvonne Greer, Esq.
Orrick, Herrington & Sutcliffe, L.L.P.
1000 Marsh Road
Menlo Park, CA 94025

          Re:    Facebook, Inc. v. ConnectU, LLC
                <u>Case No. 1 05 CV 047381</u>

Dear Ms. Greer:

    Pursuant to Mass. R. Civ. P. 45(d)(1), I object to the Subpoena *Duces Tecum* issued by Facebook, Inc. ("Facebook") as follows:

    I object to the date and time for the deposition specified in the subpoena, and the date and time for the production and inspection of documents, as being unduly burdensome and failing to allow reasonable time for compliance, particularly in light of Mass. R. Civ. P. 45(d)(1).

1.     I object to the subpoena because the discovery sought is duplicative.

        a.    Facebook has already obtained discovery on the topics sought from Pacific Northwest Software, iMarc, ConnectU and the former individual defendants named in this action. Thus, any further discovery with respect to these areas would be totally duplicative of discovery which has already been obtained. Therefore, the subpoena is unnecessary and harassing.

2.     I object to the subpoena because it calls for information that is irrelevant and unlikely to lead to the discovery of admissible facts.

        a. The subpoena requests testimony and documents, materials, and information that are not relevant to the proceeding in the captioned case and requests testimony and documents, materials, and information that are not reasonably calculated to lead to the discovery of admissible evidence or relevant to the claim or defense of any party. For example, the subpoena requests all communications between an extensive list of parties "regarding Facebook or its website" (request 1), "regarding ConnectU or its website" (request 2 and 5), regarding Mark Zuckerberg" (request 3), and regarding Harvardconnection or the harvardconnection.com website" (request 4). The subpoena requests all communications between me and iMarc (request 6) regardless of subject matter and all communication regarding any work for ConnectU (request

7). The subpoena also requests all documents related to any business arrangements between I2Hub and ConnectU (request 9). The subpoena also requests "efforts to recruit campus reps" (request 10) without any qualification. The subpoena also requests my resume (request 13). The allegations in this lawsuit relate to a very limited set of facts and the broad discovery requested is not warranted. The scope of the subpoena significantly exceeds anything Facebook needs in the underlying action.

3.    I object to the subpoena to the extent that it calls for information that is protected.

a. The subpoena calls for potential testimony and the potential production of documents, materials, and information that are protected from disclosure by the attorney-client privilege, attorney work-product immunity, community of interest privilege, or other privileges or immunities recognized at law. I intend to preserve, and hereby assert, each of those privileges and immunities with respect to testimony and all documents, materials, and information called for by the subpoena as to which such privileges and/or immunities apply. Inadvertent production or disclosure of any such document, material, or information shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such document, material, or information or any other document, material, or information, or with respect to the subject matter thereof. An objection based on attorney-client privilege and/or the attorney work product doctrine should not be construed as a representation that such documents exist or existed. Such objections indicate only that the requests are of such a scope as to embrace subject matter protected by the attorney-client privilege and/or the attorney work product doctrine.

b. The subpoena seeks the potential production of documents, materials, and information considered confidential by me and that may contain trade secrets, confidential data, or commercially sensitive material.

4.    I object to the subpoena because it is vague and ambiguous.

5.    I object to the subpoena because it is unreasonably broad, burdensome and harassing.

a. The subpoena seeks to impose obligations beyond those set forth in the Massachusetts Local Rules.

b. The subpoena requests documents, materials, and information outside the possession, custody, or control of me.

c. The subpoena contains requests that are not limited in time and therefore requests documents, materials, or information that are not relevant to the proceeding in the captioned case.

d. The subpoena contains requests that require me to conduct discovery of or to investigate third persons or to reply on behalf of persons or corporations over whom I exercise no control or on whose behalf I have no authority to respond.

e. The subpoena contains requests that may be obtained from parties to this litigation. For example, communications with parties to this litigation, such as ConnectU, can and have been obtained from those parties. As a third party, the burden should not be imposed on me to produce these documents.

f. Additionally, as stated above in Section 3.a the requests have not been tailored to the allegations in the underlying litigation and instead request "all communications" between a large list of entities regarding very broad topics, and other information which is irrelevant to the underlying lawsuit.

In light of these objections, production and inspection of documents sought by the subpoena and the deposition of me will not take place at the requested time and place, until a court orders such discovery.

Sincerely,

Suhann M. Desbaties



## ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025
tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

March 6, 2007

Yvonne Greer
(650) 614-7698
ygreer@orrick.com

*VIA OVERNIGHT MAIL*

Ruthann DeGutis
719 Boylston St., Apt 2F
Boston, MA  02116-2645

Re:    *Facebook v. ConnectU* (California Superior Court Case No. 1-05-CV-047381)

Dear Ms. DeGutis :

I have received your letter of March 5, 2007, objecting to the Subpoena *duces tecum* issued on February 21, 2007 in the above-referenced matter.

Contrary to your assertion, your written objections do not relieve you of your obligation to appear for your scheduled deposition. *See* Mass. R. Civ. P. 30.7(b). Therefore, Facebook will be present to take your deposition as scheduled on March 26, 2007, at the designated time and place pursuant to Facebook's validly noticed subpoena *duces tecum*. Your failure to appear may be deemed a contempt of the court pursuant to Mass. R. Civ. P. 45(f). Further, if you fail to appear, Facebook will seek from you all costs incurred as a result of your failure to appear.

In addition, your objections to Facebook's document requests are improper, and Facebook will move to compel production if you do not promptly withdraw your objections and agree to produce responsive documents. Please provide me with your availability this week to discuss your objections.

Very truly yours,

Yvonne P. Greer

719 Boylston Street, Apt. 2F
Boston, MA 02116

March 8, 2007

*VIA OVERNIGHT MAIL*

**Yvonne P. Greer**
**Orrick, Herrington & Sutcliffe LLP**
1000 Marsh Road
Menlo Park, CA 94025

RE:    **Facebook v. ConnectU**

     (California Superior Court Case No. 1-05-CV-047381)

Dear Ms. Greer:

I received your letter regarding the subpoena, and I do not agree that I am
either required to appear for deposition, or produce documents unless a court
of competent jurisdiction orders me to do so.

I am advised that there is no such provision as Mass. R. Civ. P. 30.7(b) and I
am therefore unclear on the authority on which you base your demands. In
contrast, I am advised that Mass. R. Civ. P. 45(d)(1) clearly states that if a
responding party objects to a Rule 45 subpoena there is no further duty to
respond absent a court order. The leading Massachusetts Practice treatise
expands this authority to all third-party discovery, stating "[s]ervice of the
objection stays the discovering party's hand. In the absence of a court order, it
relieves the prospective deponent of any further obligation." James W. Smith &
Hiller B. Zobel, Massachusetts Practice, Rules Practice, Civil Rules 39-61, vol. 8
§ 45.7, 141 (West Pub. Co. 1977 and 2006 supp.)

Accordingly, I will not appear for deposition or produce documents in response
to your subpoena. I suggest you cancel any arrangements you may have made
in that regard.

Sincerely,

Ruthann M. DeGutis

# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025

*tel* 650-614-7400
*fax* 650-614-7401

WWW.ORRICK.COM

March 13, 2007

Theresa A. Sutton
(650) 614-7307
tsutton@orrick.com

*VIA EXPRESS MAIL*

Ruthann DeGutis
719 Boylston St., Apt 2F
Boston, MA  02116-2645

Re:    *Facebook v. ConnectU*

Dear Ms. deGutis:

I am in receipt of your letters to Yvonne Greer regarding your refusal to produce documents and to appear for your deposition on March 26, 2007.  On February 21, 2007, the Massachusetts Superior Court ordered you to comply with the Subpoena *Duces Tecum* by producing documents and appearing for deposition.  Further, your written objections do not relieve you of your obligation to appear for your deposition.  I suggest you read Mass. R. Civ. P. 45(d)(1) for yourself to see that it does not "clearly state" that you have no further duty to respond to the subpoena.  Moreover, your position is specious in light of the fact that a Court Order already exists requiring you to produce documents and appear for deposition.  I have attached a copy of that Order for your convenience.

You also should read "the leading Massachusetts Practice treatise" for yourself.  Again, the section you cite relates only to the production of documents.  I also suggest that you read Section 45.9 on the following page.  If you can cite to a Massachusetts case or rule that actually says that a deponent need not appear in light of a Court order and without a legitimate excuse, Facebook will reconsider its position.

In the meantime, as Ms. Greer indicated, Facebook will be present on March 26, 2007, to take your deposition.  If you persist in your refusal, Facebook will seek relief from the court, including a contempt sanction and costs incurred.

Best regards,

Orrick, Herrington & Sutcliffe LLP

Theresa A. Sutton

OHS West:260194507.1

4

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

---------------------------------------------------x
THEFACEBOOK, INC.                                  )
                                                   )
                      Plaintiffs,                  )
                                                   )
            v.                                     )          Civil Action No.  07-0766-/3
                                                   )
CONNECTU LLC,                                      )
                                                   )
                      Defendant.                   )
---------------------------------------------------x

[Proposed] ORDER FOR TAKING DEPOSITIONS IN COMMONWEALTH FOR
PROCEEDING IN TRIBUNAL OUTSIDE COMMONWEALTH
PURSUANT TO MASS. GEN. L. CH. 223A, § 11

Pursuant to Mass. Gen. L. ch. 223A, § 11, this Court hereby orders that:

I.  Wayne Chang, appear at the offices of Proskauer Rose LLP, One International

Place, Boston, Massachusetts 02110-2600, 617.526.9651 on Thursday, March

22, 2007 at 9:00 A.M. to give testimony for use in proceedings presently pending

before the Superior Court of the State of California, in and for the County of

Santa Clara, entitled TheFacebook, Inc. v. Connectu LLC, et al., ("the

California action"), bearing Docket No. 1-05-CV-047381.  This Court further

orders that Mr. Chang produce documents as commanded by the subpoena

issued in this matter;

OHS West:260172743.1

II. Ruthann deGutis, appear at the offices of Proskauer Rose LLP, One International Place, Boston, Massachusetts 02110-2600, 617.526.9651 on Monday, March 26, 2007 at 9:00 A.M. to give testimony for use in proceedings presently pending before the Superior Court of the State of California, in and for the County of Santa Clara, entitled TheFacebook, Inc. v. Connectu LLC, et al., ("the California action"), bearing Docket No. 1-05-CV-047381. This Court further orders that Ms. deGutis produce documents as commanded by the subpoena issued in this matter;

III. David Gucwa, appear at the offices of Proskauer Rose LLP, One International Place, Boston, Massachusetts 02110-2600, 617.526.9651 on Wednesday, March 21, 2007 at 9:00 A.M. to give testimony for use in proceedings presently pending before the Superior Court of the State of California, in and for the County of Santa Clara, entitled TheFacebook, Inc. v. Connectu LLC, et al., ("the California action"), bearing Docket No. 1-05-CV-047381. This Court further orders that Mr. Gucwa produce documents as commanded by the subpoena issued in this matter;

IV. Mark Hall, appear at the offices of Proskauer Rose LLP, One International Place, Boston, Massachusetts 02110-2600, 617.526.9651 on Tuesday, March 27, 2007 at 9:00 A.M. to give testimony for use in proceedings presently pending before the Superior Court of the State of California, in and for the County of Santa Clara, entitled TheFacebook, Inc. v. Connectu LLC, et al., ("the

California action"), bearing Docket No. 1-05-CV-047381. This Court further orders that Mr. Hall produce documents as commanded by the subpoena issued in this matter; and

V.  iMarc LLC, appear at the offices of of Proskauer Rose LLP, One International Place, Boston, Massachusetts 02110-2600, 617.526.9651 on Friday, March 23, 2007 at 9:00 A.M. then and there to produce for oral examination one or more officers, directors or managing agents, or other persons who consent to testify on its behalf regarding the topics identified in Schedule A of the Subpoena *duces tecum*. The deposition will be recorded stenographically and on videotape, and will continue from day to day, or on such further dates as may be noticed or agreed, until completed. Your testimony is for use in proceedings presently pending before the Superior Court of the State of California, in and for the County of Santa Clara, entitled TheFacebook, Inc. v. Connectu LLC, et al., ("the California action"), bearing Docket No. 1-05-CV-047381. This Court further orders that iMarc produce documents as commanded by the subpoena issued in this matter.

The taking of testimony shall be governed by the Rules of Civil Procedure of the State of Massachusetts. The testimony will be taken before a Certified Shorthand Reporter or their deputy. Any Notary Public of the Commonwealth of Massachusetts may issue a subpoena, subject to provisions of Mass. R. Civ. P. 45, to compel the appearance and testimony of the parties listed above at such time and place which is both in accordance with the provisions of

Mass. R. Civ. P. 45 and in accordance with the terms of any Notice of Subpoena *duces tecum* served in California.

_____

Associate Justice, Superior Court

Date: _____

I HEREBY ATTEST AND CERTIFY ON
*February 2/2/07* THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

Asst. Clerk

719 Boylston St., Apt. 2F
Boston, MA  02116
March 15, 2007

*VIA OVERNIGHT MAIL*

**Theresa A. Sutton**
**Orrick, Herrington & Sutcliffe LLP**
1000 Marsh Road
Menlo Park, CA 94025

Dear Ms. Sutton:

For all of the reasons detailed in my earlier correspondence, including the removal of the action from California Superior Court to federal court, as I stated before, I will not attend the March 22, 2007 deposition.

Sincerely,

Ruthann M. DeGutis

RECEIVED

MAR 1 6 2007

OH & S



**FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP**

55 Cambridge Parkway • Cambridge, MA 02142-1292 • 617.452.1600 • Fax 617.452.1666
www.finnegan.com

CHRISTOPHER S. SCHULTZ
617.452.1623
christopher.schultz@finnegan.com

March 20, 2007

Yvonne Greer, Esq.                                              *VIA E-MAIL &*
Orrick, Herrington & Sutcliffe, L.L.P.               *CONFIRMATION BY MAIL*
1000 Marsh Road
Menlo Park, CA 94025

              Re:    Facebook, Inc. v. ConnectU, LLC
                     Case No. 1 05 CV 047381

Dear Ms. Greer:

          We have recently been retained to represent David Gucwa ("Mr. Gucwa")
as it concerns your attempt to take his deposition and seek documents from him.
We have just begun to review this matter. Consequently, the currently noticed
deposition date of March 20, which we understand you have unilaterally moved
to March 21, must be postponed. We require time to review this matter, and time
to review the documents we understand you convinced him to send to you.
Further, because this case has recently been removed to the Federal Court, this
deposition cannot go forward pursuant to Rule 26. In any event, and to preserve
objections, this letter sets forth such objections on behalf of Mr. Gucwa to the
Subpoena *Duces Tecum* issued by Facebook, Inc. ("Facebook"). Pursuant to
Mass. R. Civ. P. 45(d), Mr. Gucwa objects as follows:

1.       We object to the subpoena in that it was not properly served on
Mr. Gucwa. The proof of service regarding the attempted service of Mr. Gucwa
fails to reflect that he was personally served. Moreover, Mr. Gucwa does not live
at the address stated on the proof of service.

2.       We are advised that you contacted Mr. Gucwa and asked that he provide
documents to you. We are further advised that he has sent documents to you.
We require an opportunity to investigate the manner in which these documents
were provided, and the opportunity to review them. Mr. Gucwa reserves the right
to assert privilege and other objections which, if the district court concludes this
subpoena was valid, will be formally asserted.

3.       Mr. Gucwa objects to the subpoena because the discovery sought is
duplicative. Indeed, Facebook has already obtained discovery on the topics
sought in the subpoena. Thus, any further discovery with respect to these areas

Washington, DC • Atlanta, GA • Cambridge, MA • Palo Alto, CA • Reston, VA • Brussels • Taipei • Tokyo

Yvonne Greer, Esq.
March 20, 2007
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

would be totally duplicative of discovery which has already been obtained.
Therefore, the subpoena is unnecessary and harassing.

4.      Mr. Gucwa objects to the subpoena as it is vague, ambiguous, and
overbroad.

5.      Mr. Gucwa objects to the subpoena to the extent it seeks attorney client
privileged and work product protected information.

        As we indicated, given our recent retention by Mr. Gucwa, we will need
time to investigate the matter.  We trust that once the parties have a discovery
conference as it concerns this case, as required by the rules, a reasonable
schedule can be agreed upon as it concerns his deposition, if you are still
interested in taking it.

                              Sincerely,

                              Christopher S. Schultz

cc:     Theresa Sutton, Esq.



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025
tel +1-650-614-7400
fax +1-650-614-7401
WWW.ORRICK.COM

March 20, 2007
*(emailed copy erroneously dated March 13, 2007)*

Theresa A. Sutton
(650) 614-7307
tsutton@orrick.com

*VIA EMAIL AND U.S. MAIL*

Christopher Schultz
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
55 Cambridge Parkway
Cambridge, MA  02142-1292

Re:    *Facebook v. ConnectU*

Dear Mr. Schultz:

I am in receipt of your letter of today's date to Yvonne Greer regarding Mr. Gucwa. Mr. Gucwa's time for asserting objections has passed and, as a result, his objections have been waived.

To the extent your statements that we "convinced" Mr. Gucwa to send us documents and "contacted Mr. Gucwa and asked that he provide documents" is meant to imply that Facebook did more than serve Mr. Gucwa with a subpoena *duces tecum,* your statements are false. Facebook caused a valid subpoena to issue and be served on Mr. Gucwa. In response, Mr. Gucwa appeared at the law offices of Proskauer Rose on March 12, 2007 at approximately 12:30 P.M. He told the receptionist that he was there in response to a subpoena, and he then turned over a CD containing responsive documents to a Proskauer attorney.

Your assertion that Facebook "unilaterally" moved Mr. Gucwa's deposition also is untrue; Mr. Gucwa agreed to change the deposition date in response to a request to do so.

Facebook also disagrees that the deposition cannot go forward because ConnectU filed a Notice of Removal. As I noted in my letter to you regarding Mr. Chang (as well as to Ms. DeGutis), the Massachusetts court issued an Order directing several depositions, including Mr. Gucwa's. That Order remains in effect despite ConnectU's filing. Mr. Gucwa's failure to appear is in violation of that Order.

We can agree on one thing: An investigation on your part is in order. I suggest, however, that in the future your investigation occur prior to your sending factually inaccurate letters and causing Facebook to incur unnecessary costs to correct your mistakes.

Because Facebook has no interest in incurring additional unnecessary costs, it will postpone its noticed depositions. Facebook will, however, raise with the Court ConnectU's and Finnegan's



ORRICK

Letter to Christopher Schultz
March 20, 2007
*(emailed copy erroneously dated March 13, 2007)*
Page 2

repeated interference with Facebook's discovery efforts, which are designed to further delay this matter.

To the extent I have not specifically addressed the points raised in your letter, you should assume Facebook disagrees with your statements.

Best regards,

Orrick, Herrington & Sutcliffe LLP

Theresa A. Sutton