1 Scott R. Mosko (State Bar No. 106070)
 FINNEGAN, HENDERSON, FARABOW,
2 GARRETT & DUNNER, L.L.P.
 Stanford Research Park
3 3300 Hillview Avenue
 Palo Alto, California 94304
4 Telephone: (650) 849-6600
 Facsimile: (650) 849-6666
5

6 Attorneys for Defendant ConnectU, LLC

7

8 UNITED STATES DISTRICT COURT

9 NORTHERN DISTRICT OF CALIFORNIA

10 SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC. Plaintiff, v. CONNECTU LLC, (now known as CONNECTU, INC.), PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, AND DOES 1-25, Defendants. | CASE NO. C 07-01389 RS **DEFENDANT CONNECTU LLC'S CIVIL L.R. 6-3 MOTION TO ENLARGE TIME, DECLARATION OF SCOTT R. MOSKO, AND [PROPOSED] ORDER** |

Doc. No. 463869

## APPLICATION FOR ENLARGEMENT OF TIME

This case is not moving forward--it's moving backward. Instead of following this Court's Order dismissing three counts and granting leave to amend so Plaintiff could attempt to allege a viable claim, the "[proposed] [*sic*] Second Amended Complaint" adds five new parties--three of whom were already dismissed by the state court for lack of personal jurisdiction. This improper pleading, combined with Plaintiff's unwillingness to withdraw it, results in this application. Unless this Second Amended Complaint is stricken by the Court on its own motion, Defendant, through this Civil L.R. 6-3 Motion, on behalf of itself and other defendants, seeks an Order enlarging the time in which they must file either a motion to dismiss or answer to the Second Amended Complaint. This enlargement will allow the Court to systematically deal with the confusion caused by this Second Amended Complaint.

Defendants are prepared to demonstrate in a formal motion, if necessary, that (1) pursuant to Federal Rule 15, any attempt to name additional parties must be done through a formal motion to amend, and (2) this Court's earlier order (Mosko Decl. Exh. A) did not provide Plaintiff the right to add these new parties. If Defendants need to make such a motion, they respectfully request the opportunity to do so without having to simultaneously answer or otherwise plead to the claims. If this Court agrees that the naming of five new parties is improper, the Second Amended Complaint would be stricken, making it unnecessary for the newly named defendants to make an appearance. Thus, Moving Defendant proposes that the issue of whether Plaintiff can simply name five new parties without seeking authority from the Court to do so, be addressed before any response is due. Plaintiff has rejected Defendants' proposal that each be given an extension to answer or otherwise plead, necessitating this application for enlargement.

## FACTS AND ARGUMENT

In late 2003 and early 2004, TheFacebook, Inc.'s incorporator and principal, Mark Zuckerberg, who now appears as a plaintiff in the Second Amended Complaint, stole the ideas of the concepts found in thefacebook.com website from Cameron Winklevoss, Tyler Winklevoss, and Divya Nirendra, who now appear as defendants in the Second Amended Complaint. In October, 2004, the Winklevoss's, through their company ConnectU LLC, sued TheFacebook, Inc. and

1  Zuckerberg in district court in the state of Massachusetts seeking compensation and relief from the
2  above-described theft.
3        In August, 2005, TheFacebook, Inc. filed this retaliatory action in Santa Clara County
4  Superior Court, alleging in two causes of action that they were damaged because the Winklevoss's,
5  Narendra, and three other defendants wrongfully downloaded email addresses from
6  TheFacebook.com. These allegations are false. Despite TheFacebook, Inc.'s knowledge that the
7  Winklevoss's and Narendra had no contacts with California, they were named anyway in the state
8  court action. They were forced to expend money, time, and effort to move, successfully, for an order
9  dismissing them from the state court action. On June 2, 2006, the state Court granted their motion to
10 quash for lack of personal jurisdiction. (Mosko Decl. Exh. B).
11       On February 23, 2007, TheFacebook, Inc. filed a First Amended Complaint asserting four
12 additional counts, two of which were based on federal statutes. Defendant thereafter removed this
13 case to federal court. Pursuant to a motion to dismiss this First Amended Complaint, this Court
14 issued an Order partially granting that motion on May 21, 2007. (Mosko Decl. Exh. A). While the
15 Court granted leave to amend, such leave was limited to amending the claims that were dismissed.
16 *See Id. at fn 11, and p. 10.*
17       Nowhere in this Order does this Court provide authority to add a new party plaintiff. Nor
18 does this Court authorize Plaintiff to add back the Winklevoss's or Narendra, particularly where the
19 state court had dismissed them from the lawsuit for lack of personal jurisdiction. Nor does this
20 Court authorize Plaintiff to add two newly-named defendants to this action, i.e. David Gucwa and
21 Wayne Chang. (*Id.*)
22       On May 31, 2007, Defendants proposed to Plaintiff that they have to and including July 11,
23 2007 in which to respond or otherwise plead to the improperly-filed Second Amended Complaint.
24 (Mosko Decl. Exh. C) This proposal would have allowed at least some of the Defendants to file a
25 motion to strike, and have such motion heard before any answer or motion to dismiss would need to
26 be filed. Plaintiff rejected this proposal. (*Id.*) ConnectU LLC is informed that at least one of the
27 newly-named defendants has already been served with the Second Amended Complaint.
28

Plaintiff should withdraw the improperly-filed Second Amended Complaint. It was filed contrary to this Court's Order, and in violation of the Federal Rules of Civil Procedure governing the circumstances under which an amended Complaint may be filed. *See e.g. Brass v. County of Los Angeles,* 328 F.3d 1192, 1195-96 (9th Cir. 2003) Alternatively, and respectfully, Defendant suggests that the Court, on its own motion strike the Second Amended Complaint. Alternatively, if the Court prefers a formal motion to strike, Defendants will file such a motion within a few days after the Court rules on this Civil L.R. 6-3 application. Given the clear violation of the Court's order and failure to follow the procedure for adding new parties, moving Defendant respectfully requests on behalf of itself and others, an order providing that no defendant named in the Second Amended Complaint need respond or otherwise plead unless and until this Court authorizes their addition.

Finally, in an earlier Order denying Plaintiff's motion to advance the Case Management Conference, this Court stated it did not intend to hold such a conference until it was clear who the parties were and which counts would remain in the case. "It is the Court's preference to have the pleadings settled and a determination as to who will be parties to this action prior to the [initial case management] conference." (Mosko Decl. Exh. D) Now, Plaintiff, through the back door, is trying to add five new parties to this action, making it less clear which parties will be part of this case. Plaintiff has told both this Court and the state court that this case is ready for trial. The addition of new parties to this action is improper and inconsistent with that position. However, if the Court is willing to entertain the possibility that a new plaintiff and three already-dismissed defendants and two other defendants should be added to this case, the Case Management Conference should be postponed, and discovery should not be allowed to commence before an order issues finalizing which parties and which counts will be in this action.

Dated: June 5, 2007

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.


By: _____/s/_____
Scott R. Mosko
Attorneys for ConnectU, LLC

3

DEFENDANT MOTION TO ENLARGE
TIME AND SUPPORTING DECLARATION
CASE NO. C 07-01389 RS

## DECLARATION OF SCOTT R. MOSKO

I, Scott R. Mosko declare,

I am an attorney at law duly licensed to practice before this Court. I am a partner in the law firm of Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP, attorneys of record for Defendant ConnectU LLC. If called to testify, I could and would competently testify as follows:

(1) Attached hereto as Exhibit A is a true and correct copy of this Court's Order dated May 21, 2007;

(2) Attached hereto as Exhibit B is a true and correct copy of the Santa Clara Superior Court's Order dated June 6, 2006;

(3) Attached hereto as Exhibit C is a true and correct copy of an email string between me and Monte Cooper, one of Plaintiff's attorneys in this case.

(4) Attached hereto as Exhibit D is a true and correct copy of this Court's Order dated April 13, 2007.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on June 5, 2007, at Palo Alto, California.

/s/
Scott R. Mosko

## [PROPOSED] ORDER

Upon good cause shown, IT IS HEREBY ORDERED that

The Second Amended Complaint is STRICKEN from the Court's record as it violates this Court's earlier Order of May 21, 2007. No new parties may be added to this action. Plaintiff may re-file its Second Amended Complaint consistent with this Order within 10 days. Defendants shall have 20 days in which to respond or otherwise plead to the new complaint.

## [ALTERNATIVELY]

Defendant ConnectU LLC's application for order enlarging time is granted. ConnectU is ordered to file its motion to strike Plaintiff's Second Amended Complaint within 5 days of this Order. Defendants need not answer or otherwise plead to the allegations in the Second Amended Complaint pending further Order from this Court. The Case Management Conference for this Case is continued from July 11, 2007, to _____, by which time the Court expects the issues of which, if any parties, and which, if any claims shall remain in this action. The Rule 26 stay of discovery shall remain in place until three weeks before the re-set Case Management Conference is held, by which time the Court expects the parties to file a Joint Case Management Conference Statement.

DATED:

_____
RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE