G. HOPKINS GUY, III (State Bar No. 124811)
  hopguy@orrick.com
I. NEEL CHATTERJEE (State Bar No. 173985)
  nchatterjee@orrick.com
MONTE COOPER (State Bar No. 196746)
  mcooper@orrick.com
THERESA A. SUTTON (State Bar No. 211857)
  tsutton@orrick.com
YVONNE P. GREER (State Bar No. 214072)
  ygreer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:     650-614-7400
Facsimile:     650-614-7401

Attorneys for Plaintiffs
FACEBOOK, INC. and MARK ZUCKERBERG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., and MARK ZUCKERBERG,<br><br>           Plaintiffs,<br><br>     v.<br><br>CONNECTU, INC. (formerly known as CONNECTU, LLC), CAMERON WINKLEVOSS, TYLER WINKLEVOSS, DIVYA NARENDRA, PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, WAYNE CHANG, and DAVID GUCWA AND DOES 1-25,<br><br>           Defendants. | CASE NO.  5:07-CV-01389-RS<br><br>**PLAINTIFFS' OPPOSITION TO CONNECTU'S CIVIL L.R. 6-3 MOTION TO ENLARGE TIME** |

OHS West:260248233.2                                    -1-                    PLAINTIFFS' OPPOSITION TO DEFENDANT'S
                                                                                                    MOTION TO ENLARGE TIME
                                                                                                    CASE NO. 5:07-CV-01389-RS

## I. INTRODUCTION

ConnectU's Motion to Enlarge Time should be denied. ConnectU's motion purports to be brought pursuant to Civil Local Rule 6-3, which permits modifications of existing deadlines, but does not meet any of the explicit requirements of that Rule. Notably, a cursory review of ConnectU's papers (and, more specifically, its Proposed Order) leaves no doubt that ConnectU's "Civil L.R. 6-3 Motion to Enlarge Time" is an attempt to circumvent this Court's motion practice rules. ConnectU's motion is replete with requests for relief and argument that are not authorized by Rule 6-3.

In its motion, ConnectU asks the Court to strike the Second Amended Complaint or order Facebook to withdraw it. ConnectU asks the Court to continue the July 11, 2007, Case Management Conference. ConnectU argues that the Second Amended Complaint violates this Court's May 21, 2007, Order granting Facebook leave to amend its Complaint. And, ConnectU asks the Court to prohibit Facebook from ever adding new parties to this action. None of these issues is properly brought pursuant to Civil Local Rule 6-3, which only authorizes "Motions to Change Time." ConnectU's failure to comport with these explicit requirements provides ample grounds for this Court to deny ConnectU's Motion.

## II. STATEMENT OF FACTS

On August 17, 2005, Facebook filed a complaint in California Superior Court against ConnectU, Tyler, Cameron and Howard Winklevoss, and Divya Narendra. In the complaint, Facebook alleged that the defendants misappropriated Plaintiffs' and their users' data and violated California Penal Code Section 502(c). These claims were based on the defendants' intentional and surreptitious access to Facebook's website, after which they extracted millions of email addresses and other personal user information. The original defendants did not deny that they engaged in the alleged activity; they simply contend it was legal. The individual defendants successfully moved to Quash Service of Summons and Complaint for lack of personal jurisdiction and were dismissed from this case in June 2006.

After extensive discovery over nearly 18 months, Facebook was granted leave to amend its complaint to add two additional defendants, Winston Williams and Pacific Northwest

Software.  Facebook also added five additional claims, including violations of the Federal CAN-SPAM Act, Computer Fraud and Abuse Act, and California Business and Professions Code Sections 17529.4 and 17538.45.  In response, ConnectU removed this action on March 9, 2007, to this Court.

ConnectU then moved to dismiss five of the seven claims, pursuant to Rule 12(b)(6).  On May 21, 2007, the Court granted-in-part and denied-in-part ConnectU's motion.  In that Order, the Court granted Facebook leave to amend its complaint.

On May 30, 2007, Facebook filed a Second Amended Complaint in which it dropped its Fourth and Fifth claims for relief and amended its Sixth.  The Second Amended Complaint also names an additional plaintiff, Mark Zuckerberg, and adds defendants Tyler and Cameron Winklevoss, Divya Narendra, Wayne Chang and David Gucwa.

### III. ARGUMENT

#### A. ConnectU's Requests For Relief Are Improper

ConnectU spends the majority of its motion asking the Court for relief that is not authorized by Rule 6-3.  Indeed, a cursory review of its Proposed Order shows that ConnectU is not really interested in obtaining an extension of time to respond to the Second Amended Complaint.  Instead, ConnectU actually wants the Court to strike the Second Amended Complaint; to permit it to file a motion to strike; to continue the July 11, 2007, Case Management Conference; to order Facebook to withdraw the Second Amended Complaint; and/or to issue an order prohibiting Facebook from ever adding new parties.  Civil L.R. 6-3 only governs "motions to change time."  ConnectU's extraneous requests, therefore, are inappropriate and should be rejected.

#### B. ConnectU's Motion Fails to Comply with Civil L.R. 6-3

ConnectU failed to meet the explicit requirements of Civil Local Rule 6-3.  Rule 6-3 requires ConnectU to submit a declaration that:

> 1) sets forth with particularity, the reasons for the requested enlargement of time;
>
> 2) describes the efforts ConnectU has made to obtain a stipulation to the time change;

3) identifies the substantial harm or prejudice that would occur if the Court did not change the time;

4) discloses all previous time modifications in the case; and

5) describes the effect the requested time modification would have on the schedule for the case.

Civil L.R. 6-3(a). The Declaration of Scott Mosko submitted in support of ConnectU's Motion to Enlarge Time is completely devoid of any of the requisite factual statements. Further, ConnectU's motion fails to provide the basic information required by Rule 6-3.

### C. ConnectU Fails to Identify Substantial Harm or Prejudice

ConnectU's Motion to Enlarge Time identifies no cognizable harm or prejudice that would occur if the Court denies its motion. Indeed, ConnectU's basis for requesting an extension of time (the length of which is not specified) is to allow the Court to "deal with the confusion caused by this Second Amended Complaint." Motion, 1:10-11. ConnectU does not identify the purported "confusion" or why this motion is an appropriate vehicle for addressing it. Importantly, Rule 6-3 only authorizes a request for a modification of time for ConnectU to perform some act under the Rules. Rule 6-3 does not authorize a request to clear up confusion.

In order to obtain an extension of time in which to respond to the Second Amended Complaint, ConnectU must identify the harm or prejudice it will suffer if the Court does not grant its motion. It does not do so. Instead, ConnectU's motion is replete with requests for relief and argument not authorized by, and irrelevant to, Rule 6-3. As a result, ConnectU's motion must be denied.

### D. ConnectU Mischaracterizes Efforts to Obtain a Stipulation

ConnectU's motion and, more specifically, the declaration submitted in support thereof, fails to describe the efforts ConnectU made to obtain a stipulation to the time change it now seeks.[1] In fact, ConnectU made no effort to obtain a stipulation for the reasons it suggests. Instead, in response to Facebook's request that counsel for ConnectU accept service for the newly

---

[1] *After* ConnectU filed the present motion, it requested an extension of time to answer the Second Amended Complaint in order to give the Court an opportunity to decide this Civil L.R. 6-3 motion. Facebook agreed to an extension for all defendants until June 25, 2007. Sutton Decl., ¶ 7.

named defendants ConnectU wrote:

> While I do not currently have authority to accept service on behalf of each of the newly named parties, I suspect I will have such authority shortly. I will notify you once I do. I propose that all defendants have until July 11 in which to respond or otherwise plead. Please let me know if you agree.

Mosko Decl., Ex. C. Not wishing to delay the case any longer than necessary, Facebook responded that it would personally serve the defendants and would not agree to an extension of time to respond or otherwise plead.[2] *Id.* Facebook received no further communications from ConnectU.

ConnectU's suggestion to Facebook that "all defendants have until July 11 in which to respond or otherwise plead" to the Second Amended Complaint falls short of satisfying Rule 6-3(a)(2). The e-mail exchange between counsel for ConnectU and Facebook demonstrates that ConnectU never sought an extension on the basis that it would "allow[] at least some of the Defendants to file a motion to strike and have such motion heard before any answer or motion to dismiss would need to be filed." Motion, 2:22-26. Thus, ConnectU's assertion that "Plaintiff rejected this proposal" is misleading and factually inaccurate. ConnectU has not satisfied Civil L.R. 6-3(a)(2) and, as a result, its motion must be denied.

### E. Facebook Did Not Violate A Court Order

ConnectU argues that the Second Amended Complaint was filed "contrary to this Court's Order" and in violation of the Federal Rules of Civil Procedure. Motion, 3:1-2. It was not. The May 21, 2007, Order, in which the Court granted Facebook leave to amend its complaint, is silent as to whether Facebook was authorized to add parties. Order re Mot. to Dismiss (Docket No. 73), 10:12-13. In mid- and late-March, Facebook learned of new facts and law that necessitated the

---

[2] The Court recently ruled on ConnectU's Motion to Dismiss, and in its Order granted Facebook leave to amend three claims for relief. In response to the Court's Order, Facebook dropped two of those claims and amended the third. Consequently, ConnectU should simply be filing an answer to the Second Amended Complaint. Pacific Northwest Software and Winston Williams filed a Motion to Dismiss for lack of personal jurisdiction, which will be heard on July 11, 2007. None of these defendants, therefore, will be prejudiced by having to respond pursuant to Rule 15(a). The remaining defendants have the statutorily-imposed 20 days to respond. And, while ConnectU seeks relief on their behalf, it is not clear that ConnectU has standing to do so. Counsel for Facebook has asked for confirmation that ConnectU's counsel represents the newly-added defendants, but that request has gone unanswered.

addition of new parties. In fact, Facebook was prepared to file a motion for leave to amend its complaint (and can do so immediately, if required) based on the new facts and circumstances. However, the timing of this Court's May 21, 2007, Order granting Facebook leave to amend its complaint provided a more efficient means for Facebook to add parties to conform to the newly discovered evidence and law. Notwithstanding the circumstances surrounding the amendment, ConnectU's argument regarding whether or not Facebook was entitled to amend is improperly submitted in ConnectU's Civil L.R. 6-3 motion and should be disregarded.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Enlarge Time should be denied.

Dated: June 8, 2007              ORRICK, HERRINGTON & SUTCLIFFE LLP


                                 /s/ Theresa A. Sutton /s/
                                 Theresa A. Sutton
                                 Attorneys for Plaintiffs
                                 FACEBOOK, INC. and MARK ZUCKERBERG

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 8, 2007.

Dated: June 8, 2007.                              Respectfully submitted,

                                                  /s/ Theresa A. Sutton /s/
                                                  Theresa A. Sutton

OHS West:260248233.2        - 6 -        PLAINTIFFS' OPPOSITION TO DEFENDANT'S
                                         MOTION TO ENLARGE TIME
                                         CASE NO. 5:07-CV-01389-RS