*E-FILED 6/14/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FACEBOOK, INC.,

Plaintiff,

v.

CONNECTU LLC, et al.,

Defendants.

_____________________________________/

NO. C 07-01389 (RS)

**ORDER RE RULE 6-3 MOTION**

Before the Court is the motion of defendant ConnectU, LLC, brought under Civil Local Rule 6-3, to enlarge the time for it and other defendants to respond to the second amended complaint herein. Plaintiff FaceBook and newly-added plaintiff Mark Zuckerberg (collectively "Facebook") oppose the motion, arguing that the request to extend the response date is not warranted or is moot in light of an agreement reached between the parties, and that the other issues raised in ConnectU's motion are not proper subjects for relief under Civil Local Rule 6-3.

Facebook is technically correct that Rule 6-3 provides only for enlarging or shortening time for hearing an underlying substantive motion; thus, in most circumstances it is preferable to set out any substantive relief in a separate motion filed with the Rule 6-3 motion rather than incorporating such requests in the same document. In the interests of efficient case management, however, it is preferable to address the issues raised by ConnectU at this juncture without elevating form over substance.

United States District Court
For the Northern District of California



Dockets.Justia.com

United States District Court
For the Northern District of California

The central point of controversy is whether it was proper for Facebook to add new parties to the second amended complaint without seeking a stipulation or leave of court to do so. The Court's order granting in part defendants' motion to dismiss only expressly authorized Facebook to amend particular claims. Under those circumstances, it would at least have been good practice, and possibly a requirement of the rules, for Facebook to seek additional leave of Court or a stipulation prior to adding new parties. *See Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1138 n.15 (C.D. Cal. 2001) (finding violation of Fed. R. Civ. P. 15 where plaintiff added new claims beyond those expressly addressed in prior ruling on motion to dismiss). Nevertheless, at this juncture it would be neither in the interests of justice nor advance the efficient administration of this action to strike the second amended complaint, or to direct Facebook to file a motion for leave to amend. Given the liberal standards of Rule 15 as to when leave to amend may be granted, the preferable course is to deem the second complaint properly filed, without prejudice to any arguments the newly-added defendants may make in a motion to dismiss as to why they should not be parties to this action.[1]

As the parties are aware, presently on calendar for July 11, 2007, is the motion of defendants Pacific Northwest Software and Winston Williams to dismiss for lack of personal jurisdiction. It appears likely that some, if not all, of the newly-added defendants will also seek dismissal for lack of personal jurisdiction.[2] Although the factual and legal arguments may vary to some degree according to particular defendants' individual circumstances, it seems likely that at least some of the conclusions the Court reaches as to Pacific Northwest and Winston Williams will be instructive in the context of evaluating any other motions to dismiss for lack of jurisdiction. Motion papers prepared for other defendants in advance of the ruling on Pacific Northwest and William's motion would likely be significantly less helpful to the Court than papers prepared in light of that ruling.

Accordingly, the Court finds that good cause exists to extend the deadline for all newly-

---

[1] Defendants should not file a motion to strike the complaint based on an argument that Facebook should have sought leave of Court or a stipulation prior to adding parties to the second amended complaint, but this order does not prohibit defendants from filing a motion to strike on any other grounds they may believe still exist.

[2] Indeed, some of the "newly-added" defendants were previously named, but prevailed on a motion to quash service for lack of personal jurisdiction when the action was pending in state court.

named defendants (including those who prevailed on the motion to quash in state court) to respond to the second amended complaint until 20 days following the issuance of a written order on the pending motion of Pacific Northwest and Williams.[3]

In the event ConnectU intends to move to dismiss the second amended complaint, it shall file its motion by the June 25, 2007, deadline stipulated to by Facebook. Pacific Northwest and Williams may join in any such motion without prejudice to their pending motion. If ConnectU intends to answer the second amended complaint, it shall do so by June 25, 2007. Pacific Northwest and Williams need not file an answer until 20 days after the issuance of any written order denying their pending motion to dismiss, in the event the Court so rules.

The Court previously stated a preference to have the pleadings settled prior to holding a case management conference. In light of the unreasonable delay that would transpire by maintaining that approach, the initial case management conference shall go forward as scheduled on July 11, 2007. Discovery will remain stayed with respect to newly-named defendants.

IT IS SO ORDERED.

Dated: June 13, 2007

RICHARD SEEBORG
United States Magistrate Judge

[3] In the event any defendant is entitled to an even later date based on when service is effected, the later date shall apply.



United States District Court
For the Northern District of California

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

I. Neel Chatterjee nchatterjee@orrick.com, kmudurian@orrick.com

Monte M.F. Cooper mcooper@orrick.com, adalton@orrick.com, shart@orrick.com

George Hopkins Guy , III hopguy@orrick.com, adalton@orrick.com, msagmit@orrick.com

Scott Richard Mosko scott.mosko@finnegan.com, dawn.butler@finnegan.com, karen.reimer@finnegan.com, lissette.vazquez@finnegan.com, matthew.tueller@finnegan.com, randal.holderfield@finnegan.com, rosanna.herrick@finnegan.com

Theresa Ann Sutton tsutton@orrick.com, aako-nai@orrick.com, ygreer@orrick.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 6/14/07** **Chambers of Judge Richard Seeborg**

**By: /s/ BAK**

**United States District Court**
For the Northern District of California