# EXHIBIT 23

1  Scott R. Mosko (State Bar No. 106070)
   FINNEGAN, HENDERSON, FARABOW,
2    GARRETT & DUNNER, L.L.P.
   Stanford Research Park
3  3300 Hillview Avenue
   Palo Alto, California 94304
4  Telephone:   (650) 849-6600
   Facsimile:   (650) 849-6666
5

6  Attorneys for Defendants
   Connectu LLC, Cameron Winklevoss,
7  Tyler Winklevoss, Howard Winklevoss,
   and Divya Narendra
8

9

10               SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                          COUNTY OF SANTA CLARA

12

13  THE FACEBOOK, INC.                    CASE NO. 105 CV 047381

14              Plaintiff,                **SECOND AMENDED RESPONSE OF**
                                          **DEFENDANT CONNECTU LLC TO**
15        v.                              **FORM INTERROGATORIES**

16  CONNECTU LLC, CAMERON WINKLEVOSS,
    TYLER WINKLEVOSS, HOWARD
17  WINKLEVOSS, DIVYA NARENDRA, AND
    DOES 1-25,
18
                Defendants.
19

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | Plaintiff THEFACEBOOK, INC. |
| 2 | RESPONDING PARTY: | Defendant CONNECTU LLC |
| 3 | SET NO.: | ONE (1) |

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

The above-named party hereby responds, pursuant to California Code of Civil Procedure Section 2030, to the form interrogatories as follows:

## PREFATORY STATEMENT

It should be noted that this responding party has not fully completed its investigation of the facts relating to this case, has not completed discovery, and has not completed its preparation for trial.

All of the responses contained herein are based only upon such information and documents as are presently available to and specifically known to this responding party and disclose only those contentions which presently occur to such responding party.

It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth.

The following responses are given without prejudice to responding party's right to produce evidence of any subsequently discovery fact or facts which this responding party may later recall. Responding party accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are made. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as are presently known, but should in no way be to the prejudice of this responding party in relation to further discovery, research, or analysis.

Responding Party incorporates its initial responses and its amended responses to these Form Interrogatories. In addition, Responding Party adds the following:

## AMENDED RESPONSE TO FORM INTERROGATORIES

**Response to 2.11**

No.

**Response to 2.12**

No.

**Response to 4.1**

No. ConnectU did not have insurance, nor does ConnectU believe that any damages have occurred based on the facts alleged in the complaint.

**Response to 4.2**

ConnectU has never been self-insured, nor does ConnectU believe that any damages have occurred based on the facts alleged in the complaint.

**Response to 8.2**

ConnectU is not an individual and therefore has never held a "job", nor has ConnectU ever been employed, as this Interrogatory uses the word "employment".

**Response to 8.3**

ConnectU is not an individual and therefore has never "worked for compensation", as this phrase is used in this Interrogatory.

**Response to 8.4**

ConnectU has never had a "monthly income" as this phrase is used in this Interrogatory.

**Response to 11.1**

ConnectU has never filed an action or made a written claim or demand for compensation for personal injuries.

**Response to 12.1**

(a) Persons who had knowledge of some of the facts alleged in the complaint include Cameron Winklevoss, Tyler Winklevoss, Howard Winklevoss, Divya Narendra and Winston Williams.

(b) Each of the above-mentioned people made statements about some of the facts alleged in the complaint.

(c) Each of the above-mentioned people heard some of the statements made about some of the facts alleged in the complaint.

(d) Cameron Winklevoss, Tyler Winklevoss, Divya Narendra, Howard Winklevoss and Winston Williams have knowledge about some of the facts alleged in the complaint.

**Response to 12.2**

No.

**Response to 12.3**

No.

**Response to 12.4**

No.

**Response to 12.5**

No.

**Response to 12.6**

No.

**Response to 12.7**

ConnectU does not understand how the phrase "inspected the scene" could be applicable regarding the facts alleged in the complaint.

**Response to 13.1**

No.

**Response to 13.2**

No.

**Response to 16.1**

ConnectU does not understand what "contributed to the occurrence of the INCIDENT. . ." means in this context. As stated in ConnectU's demurrer, ConnectU understands the only "data" alleged in the complaint is comprised of email addresses which were supplied by Plaintiff's registrants and these registrants' friends. ConnectU understands these registrants and registrants' friends freely provided these email addresses with the understanding they would be shared. ConnectU is not aware of any facts suggesting that Plaintiff made any reasonable efforts to conceal these email addresses. If Plaintiff is contending it has been damaged as a result of the downloading of these email addresses, then persons who contributed to this activity would include those who set up Plaintiff's website, presumptively Mark Zuckerberg and perhaps others. Documents concerning the set-up and operation of Plaintiff's website are presumptively in Plaintiff's possession.

**Response to 16.2**

Yes.

(a) Cameron Winklevoss, Tyler Winklevoss, Divya Narendra and those who set up and operate Plaintiff's website.

(b) See ConnectU's pending demurrer.

    (c) All documents related to the creation and set up of Plaintiff's website

**Response to 16.3**

ConnectU cannot respond to this Interrogatory because ConnectU is unaware of any "injuries" that "plaintiff has disclosed in discovery proceedings" in this case.

**Response to 16.6**

ConnectU cannot respond to this Interrogatory because Plaintiff has not claimed any loss of earnings or income in any discovery proceedings in this case.

**Response to 16.7**

ConnectU cannot respond to this Interrogatory because Plaintiff has not claimed any property damage in any discovery proceedings in this case.

**Response to 16.8**

ConnectU cannot respond to this Interrogatory because Plaintiff has not claimed any property damage in any discovery proceedings in this case.

**Response to 16.9**

No.

**Response to 17.1**

Regarding Request No. 2, ConnectU did not specifically access Plaintiff's website to acquire email addresses. ConnectU accessed Plaintiff's website to see what was available on this site and to determine whether its intellectual property had been misappropriated. On certain occasions, ConnectU downloaded email addresses that were available on this site. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Tyler Winklevoss, Divya Narendra and Winston Williams. Documents concerning ConnectU's access were identified in ConnectU's second amended response to Plaintiff's first set of Requests for Production.

Regarding Request No. 3, ConnectU did not specifically access Plaintiff's website to identify the colleges and universities included in the online directory. ConnectU accessed Plaintiff's website to see what was available on this site and to investigate whether its intellectual property had been misappropriated. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Tyler Winklevoss, Divya Narendra and Winston Williams. Documents concerning ConnectU's access were identified in ConnectU's second amended response to Plaintiff's first set of Requests for Production.

Regarding Request No. 4, ConnectU did not specifically access Plaintiff's website to identify visible features on Plaintiff's site. ConnectU accessed Plaintiff's website to see what was available on this site and to investigate whether its intellectual property had been misappropriated. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Tyler Winklevoss, Divya Narendra and Winston Williams. Documents concerning ConnectU's access were identified in ConnectU's second amended response to Plaintiff's first set of Requests for Production.

Regarding Request No. 5, ConnectU did not specifically access Plaintiff's website to determine what functions were permitted by Plaintiff's software. ConnectU accessed Plaintiff's website to see what was available on this site and to investigate whether its intellectual property had

been misappropriated. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Tyler Winklevoss, Divya Narendra and Winston Williams. Documents concerning ConnectU's access were identified in ConnectU's second amended response to Plaintiff's first set of Requests for Production.

Regarding Request No. 6, ConnectU did not access Plaintiff's website to circumvent known security features on the website. ConnectU accessed Plaintiff's website to see what was available on this site and to investigate whether its intellectual property had been misappropriated. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Tyler Winklevoss, Divya Narendra and Winston Williams. Documents concerning ConnectU's access were identified in ConnectU's second amended response to Plaintiff's first set of Requests for Production.

Regarding Request No. 7, ConnectU members used more than one user name and password to access Plaintiff's website.

Regarding Request No. 8, while some of the email addresses obtained from Plaintiff's website were used to invite some of the members of Plaintiff's website to join ConnectU, the majority were not so used. See also ConnectU's prior Response to this Interrogatory. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Tyler Winklevoss, Divya Narendra and Winston Williams. Documents concerning these invitations were identified in ConnectU's second amended response to Plaintiff's first set of Requests for Production.

Regarding Request No. 9, some users of ConnectU have requested that ConnectU invite their friends who are users of Facebook's website to join ConnectU. ConnectU has sent emails to some of the email addresses obtained from Facebook to invite Facebook users to join ConnectU. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Tyler Winklevoss, Divya Narendra and Winston Williams. Documents concerning these invitations were identified in ConnectU's second amended response to Plaintiff's first set of Requests for Production.

Regarding Request No. 10, while ConnectU is unsure of what Plaintiff intended by the word "data" in addition to some email addresses and profiles, ConnectU did download from Plaintiff's website publicly available course which Responding Party is informed and believed was initially located on University Registrar websites. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Tyler Winklevoss and Divya Narendra.

Regarding Request No. 11, ConnectU, did not track and does not know whether an invitation it sent to a Facebook user resulted in this users decision to join connectu.com. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Tyler Winklevoss, Divya Narendra, and Winston Williams. ConnectU is not aware of any documents regarding this response.

Regarding Request No. 12, ConnectU retained Pacific Northwest Software for the purpose of developing and furthering the ConnectU website. Pacific Northwest Software worked with some email addresses that ConnectU obtained from Plaintiff's website. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Tyler Winklevoss and Winston Williams Documents concerning ConnectU's access were identified in ConnectU's second amended response to Plaintiff's first set of Requests for Production.

Regarding Request No. 13, ConnectU retained Winston Williams of Pacific Northwest Software for the purpose of developing and furthering the ConnectU website. Winston Williams of Pacific Northwest Software worked with some email addresses that ConnectU obtained from Plaintiff's website. Persons knowledgeable regarding the response to this Interrogatory may include

Cameron Winklevoss, Tyler Winklevoss, and Winston Williams. Documents concerning ConnectU's access were identified in ConnectU's second amended response to Plaintiff's first set of Requests for Production.

Regarding Request No. 14, ConnectU has not generated significant revenue during its existence. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra. Documents supporting this response include tax returns.

Regarding Request No. 15, ConnectU did not specifically access Plaintiff's website to identify features that might improve ConnectU's business. ConnectU accessed Plaintiff's website to see what was available on this site and to investigate whether its intellectual property had been misappropriated. On certain occasions, ConnectU downloaded email addresses that were available on this site. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Tyler Winklevoss, Divya Narendra, and Winston Williams. Documents concerning ConnectU's access were identified in ConnectU's second amended response to Plaintiff's first set of Requests for Production.

Regarding Request No. 16, ConnectU does not recall if Plaintiff's website included "Terms of Use". Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Tyler Winklevoss and Divya Narendra. ConnectU is not aware of any documents regarding this response.

Regarding Request No. 17, ConnectU does not recall if Plaintiff's website included "Terms of Use", or if it did, what those terms were. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Tyler Winklevoss and Divya Narendra. ConnectU is not aware of any documents regarding this response.

Regarding Request No. 18, ConnectU does not recall if Plaintiff's website included "Terms of Use", or if it did, what those terms were. ConnectU never agreed to be bound by any terms of use. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra. ConnectU is not aware of any documents regarding this response.

Regarding Request No. 19, ConnectU does not recall if Plaintiff's website included "Terms of Use", or if it did, what those terms were. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Tyler Winklevoss and Divya Narendra. ConnectU is not aware of any documents regarding this response.

Regarding Request No. 20, ConnectU does not recall if Plaintiff's website included "Terms of Use", or if it did, what those terms were. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Tyler Winklevoss and Divya Narendra. ConnectU is not aware of any documents regarding this response.

Regarding Request No. 21, ConnectU does not recall if Plaintiff's website included "Terms of Use", or if it did, what those terms were. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra. ConnectU is not aware of any documents regarding this response.

Regarding Request No. 22, ConnectU does not currently use a data import program called "Social Butterfly". Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Tyler Winklevoss, Divya Narendra and Winston Williams. ConnectU is not aware of any documents regarding this response.

Regarding Request No. 23, ConnectU is not aware of any member of a social networking site who "switched" to ConnectU. Some ConnectU members requested that ConnectU access Plaintiff's website for the purposes of inviting their friends to join ConnectU. Some of the email addresses ConnectU downloaded from Plaintiff's website were used in this process. Under these circumstances, the Social Butterfly software facilitated this process. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Tyler Winklevoss, Divya Narendra, and Winston Williams. ConnectU is not aware of any documents regarding this response.

Regarding Request No. 24, ConnectU did not obtain email accounts from Plaintiff's website. On certain occasions, ConnectU downloaded email addresses that were available on this site. Regarding some of these email addresses, see the response immediately above. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Tyler Winklevoss, Divya Narendra and Winston Williams.

Regarding Request No. 25 ConnectU does not recall if Plaintiff's website included "Terms of Use", or if it did, what those terms were. ConnectU never agreed to be bound by any terms of use. ConnectU never obtained "email accounts". Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra. ConnectU is not aware of any documents regarding this response.

**Response to 50.3**

Plaintiff has cited 3 paragraphs of what it contends to be part of its "Terms of Use" in its complaint. ConnectU is not a party to any agreement or contract involving Plaintiff. To the extent Plaintiff is claiming a breach of contract, ConnectU has no knowledge of any agreement or the terms of such agreement. ConnectU is informed and believes that a contract cannot be enforced against an individual or entity who did not agree to the terms of the contract and/or did not receive adequate consideration. ConnectU was not subject to the provisions alleged in Plaintiff's complaint.

**Response to 50.4**

Plaintiff has cited 3 paragraphs of what it contends to be part of its "Terms of Use" in its complaint. ConnectU is not a party to any agreement or contract involving Plaintiff. ConnectU is not aware of any agreement, release, accord and satisfaction or novation as it or they concern ConnectU or Plaintiff.

**Response to 50.5**

Plaintiff has cited 3 paragraphs of what it contends to be part of its "Terms of Use" in its complaint. ConnectU is not a party to any agreement or contract involving Plaintiff. To the extent Plaintiff is claiming a breach of contract, ConnectU has no knowledge of any agreement or the terms of such agreement. ConnectU is informed and believes that a contract cannot be enforced against an individual or entity who did not agree to the terms of the contract and/or did not receive adequate consideration. ConnectU therefore contends that the provisions cited in Plaintiff's complaint are not enforceable.

**Response to 50.6**

Plaintiff has not cited in its complaint the entire document it purportedly contends to be an agreement. ConnectU does not have any document that would support Plaintiff's apparent contention that ConnectU is a party to an agreement with Plaintiff. Therefore, ConnectU cannot respond as to whether this alleged agreement contains ambiguous terms.

## VERIFICATION

CAMERON WINKLEVOSS, under penalty of perjury under the laws of the State of California, states as follows:

1. That he is one of the members of ConnectU LLC;

2. That he has read the foregoing SECOND AMENDED RESPONSE OF DEFENDANT CONNECTU LLC TO FORM INTERROGATORIES and knows the contents thereof, and that the same is true of his own knowledge, save and except as to the matters which are therein stated on his information or belief, and as to those matters, he believes it to be true.

Executed on the 31 day of March 2006.

_____
Cameron Winklevoss

1  Scott R. Mosko (State Bar No. 106070)
   FINNEGAN, HENDERSON, FARABOW,
2    GARRETT & DUNNER, L.L.P.
   Stanford Research Park
3  3300 Hillview Avenue
   Palo Alto, California 94304
4  Telephone:   (650) 849-6600
   Facsimile:   (650) 849-6666
5

6  Attorneys for Defendants ConnectU, LLC,
   Cameron Winklevoss, Tyler Winklevoss,
7  Howard Winklevoss and Divya Narendra

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                          COUNTY OF SANTA CLARA

11

12 | THEFACEBOOK, INC.                           | CASE NO. 105 CV 047381
13 |                Plaintiff,                   | **CERTIFICATE OF SERVICE**
14 |        v.
15 | CONNECTU LLC, CAMERON WINKLEVOSS,
16 | TYLER WINKLEVOSS, HOWARD
   | WINKLEVOSS, DIVYA NARENDRA, AND
17 | DOES 1-25,
18 |                Defendants.

# CERTIFICATE OF SERVICE

I am a citizen of the United States, over the age of 18 years, and not a party to this action. My place of employment and business address is Finnegan, Henderson April 3, 2006, I caused a copy of the following documents to be served:

- **DEFENDANT HOWARD WINKLEVOSS'S DECLARATION**
- **DEFENDANT TYLER WINKLEVOSS'S DECLARATION**
- **DEFENDANT CAMERON WINKLEVOSS'S DECLARATION**
- **DEFENDANT DIVYA NARENDRA'S DECLARATION**
- **SECOND AMENDED RESPONSE OF DEFENDANT CONNECTU LCC TO FORM INTERROGATORIES**
- **AMENDED RESPONSE OF DEFENDANT CAMERON WINKLEVOSS TO FORM INTERROGATORIES**
- **AMENDED RESPONSE OF DEFENDANT TYLER WINKLEVOSS TO FORM INTERROGATORIES**
- **AMENDED RESPONSE OF DEFENDANT DIVYA NARENDRA TO FORM INTERROGATORIES**
- **AMENDED RESPONSE OF DEFENDANT HOWARD WINKELVOSS TO FORM INTERROGATORIES**
- **THIRD AMENDED RESPONSE OF DEFENDANT CAMERON WINKLEVOSS TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES (1-23)**

to be served on all parties as follows:

*Attorneys for Plaintiff*
Joshua H. Walker, Esq.
Monte Cooper, Esq.
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650.614.7400
Facsimile: 650.614.7401

☒ Via First Class Mail
☐ Via Hand Delivery
☐ Via Overnight Courier
☐ Via Facsimile

I am readily familiar with my firm's practice for collection and processing correspondence for mailing with the United States Postal Service, to wit, that correspondence be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope

1  and placed it for collection at our business offices on April 3, 2006, following ordinary business
2  practice.
3
4        I declare under penalty of perjury under the laws of the State of California that the foregoing
5  is true and correct. Executed on April 3, 2006, at Palo Alto, California.

                                                         */s/ Karen Reimer*
                                                         Karen Reimer