Scott R. Mosko (State Bar No. 106070)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California  94304
Telephone:     (650) 849-6600
Facsimile:      (650) 849-6666

Attorney for Defendant ConnectU, LLC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., and MARK ZUCKERBERG,<br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>CONNECTU LLC, (now known as CONNECTU, INC.), CAMERON WINKLEVOSS, TYLER WINKLEVOSS, DIVYA NARENDRA, PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, WAYNE CHANG, DAVID GUCWA, and DOES 1-25,<br><br>　　　　　　　Defendants. | CASE NO. C 07-01389 RS<br><br>**DEFENDANT CONNECTU LLC'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Defendant ConnectU, LLC ("ConnectU"), by and through its attorneys, hereby answers Plaintiffs' Second Amended Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1. ConnectU is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies them.

2. ConnectU is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2 and therefore denies them.

3. ConnectU admits that it is incorporated in the State of Connecticut. ConnectU admits that its principal place of business is 500 West Putnam Avenue, Greenwich, Connecticut. ConnectU denies the balance of the allegations of Paragraph 3.

4. ConnectU admits that Cameron Winklevoss is a citizen of the State of Connecticut and was a resident of the State of Massachusetts until at least 2004. ConnectU admits Cameron Winklevoss was one of the founders of ConnectU and that Mr. Winklevoss is an officer of ConnectU, Inc. and held an equivalent position with ConnectU, Inc.'s, predecessor, ConnectU, LLC. ConnectU denies the balance of the allegations of Paragraph 4.

5. ConnectU admits that Tyler Winklevoss is a citizen of the State of Connecticut and was a resident of the State of Massachusetts until at least 2004. ConnectU admits that Tyler Winklevoss was one of the founders of ConnectU and that Mr. Winklevoss is an officer of ConnectU, Inc. and held an equivalent position with ConnectU, Inc.'s predecessor, ConnectU, LLC. ConnectU denies the balance of the allegations of Paragraph 5.

6. ConnectU admits that Divya Narendra is currently a citizen of the State of Massachusetts. ConnectU admits that Mr. Narendra was a citizen of New York until late 2006, and a resident of the State of Massachusetts from September 2000 through June 2004. ConnectU denies the balance of the allegations of Paragraph 6.

7. ConnectU denies that it hired Pacific Northwest Software, Inc. ("PNS") to gain unauthorized access to Facebook's servers. ConnectU denies that its access to Facebook's servers was unauthorized. ConnectU denies that any access to Facebook's website was without permission.

ConnectU is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 7 and therefore denies them.

8. ConnectU denies that it developed a software application designed to hack into www.facebook.com and steal information. ConnectU denies that it employed Defendant Winston Williams ("Williams"). ConnectU is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 8 and therefore denies them.

9. ConnectU denies that it hired Defendant Wayne Chang to gain unauthorized access to Plaintiffs' server and website and to misappropriate information found therein. ConnectU is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 9 and therefore denies them.

10. ConnectU denies that it hired Defendant David Gucwa to gain unauthorized access to Plaintiffs' server and website and to misappropriate information found therein. ConnectU is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 10 and therefore denies them.

11. ConnectU denies the allegations of Paragraph 11.

12. ConnectU denies the allegations of Paragraph 12.

## GENERAL ALLEGATIONS

**A. Mark Zuckerberg**

13. ConnectU is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies them.

**B. Facebook**

14. ConnectU denies that it was aware that www.facebook.com operated from California during all relevant times outlined in the Second Amended Complaint. ConnectU is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 14 and therefore denies them.

15. ConnectU is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies them.

16. ConnectU denies the allegations of Paragraph 16.

17. ConnectU is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 17 and therefore denies them.

18. ConnectU is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies them.

19. ConnectU is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies them.

20. ConnectU is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies them.

21. ConnectU is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies them.

22. ConnectU denies the allegations of Paragraph 22.

23. ConnectU denies the allegations in Paragraph 23.

**B[sic]. Unauthorized Access, Misappropriation, and Commercial Use by Defendants**

24. ConnectU denies the allegations of Paragraph 24.

25. ConnectU denies the allegations of Paragraph 25.

26. ConnectU denies the allegations of Paragraph 26.

27. ConnectU admits that it sent some emails using the email address god@harvard.edu. ConnectU denies the balance of the allegations in Paragraph 27.

28. ConnectU denies the allegations of Paragraph 28.

29. ConnectU denies the allegations of Paragraph 29.

30. ConnectU denies the allegations of Paragraph 30.

31. ConnectU denies the allegations of Paragraph 31.

32. ConnectU denies the allegations of Paragraph 32.

33. ConnectU denies the allegations of Paragraph 33.

34. ConnectU denies that "ConnectU, Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra were specifically informed by one or more of the other Defendants that 'some person from thefacebook' identified how the 'headers' used by ConnectU worked, and why the spamming of Facebook users (including those based in California) had generated complaints."

ConnectU denies that the "headers that Defendants were aware created these complaints were email headers originating from connectu.com, and were misleading because they did not identify the solicitations as commercial solicitations and did not accurately reflect that the email originated from the administrators of connectu.com rather than friends of the Facebook users who received the email." ConnectU is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 34, and therefore denies them.

35. ConnectU denies the allegations of Paragraph 35.

36. ConnectU denies the allegations of Paragraph 36.

37. ConnectU denies the allegations of Paragraph 37.

38. ConnectU denies the allegations of Paragraph 38.

39. ConnectU denies the allegations of Paragraph 39.

40. ConnectU denies the allegations of Paragraph 40.

41. ConnectU denies the allegations of Paragraph 41.

42. ConnectU denies the allegations of Paragraph 42.

43. ConnectU denies the allegations of Paragraph 43.

44. ConnectU denies the allegations of Paragraph 44.

45. ConnectU denies the allegations of Paragraph 45.

## FIRST CAUSE OF ACTION
**(Violation of California Penal Code § 502(c) - Against All Defendants)**

46. ConnectU incorporates by this reference its answers to Paragraphs 1 through 45 above.

47. ConnectU denies the allegations of Paragraph 47.

48. ConnectU denies the allegations of Paragraph 48.

49. ConnectU denies the allegations of Paragraph 49.

50. ConnectU denies the allegations of Paragraph 50.

51. ConnectU denies the allegations of Paragraph 51.

## SECOND CAUSE OF ACTION
**(Common Law Misappropriation/Unfair Competition under Massachusetts and California Law - Against All Defendants)**

52. ConnectU incorporates by this reference its answers to Paragraphs 1 through 51 above.

53. ConnectU is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 53 and therefore denies them.

54. ConnectU denies the allegations of Paragraph 54.

55. ConnectU denies the allegations of Paragraph 55.

56. ConnectU denies the allegations of Paragraph 56.

## THIRD CAUSE OF ACTION
**(Violation of Massachusetts General Laws 93A § 2 - Against All Defendants)**

57. ConnectU incorporates by this reference its answers to Paragraphs 1 through 56 above.

58. ConnectU denies the allegations of Paragraph 58.

59. ConnectU denies the allegations of Paragraph 59.

60. ConnectU denies the allegations of Paragraph 60.

**FOURTH CAUSE OF ACTION**
**(Violation of 15 U.S.C. §§ 7704(a)(1),(2),(3) and 7705 - Against All Defendants)**

61. ConnectU incorporates by this reference its answers to Paragraphs 1 through 60 above.

62. ConnectU denies the allegations of Paragraph 62.

63. ConnectU denies the allegations of Paragraph 63.

64. ConnectU denies the allegations of Paragraph 64.

65. ConnectU denies the allegations of Paragraph 65.

66. The allegations of Paragraph 66 are vague and unintelligible. To the extent a response is required, ConnectU denies the allegations of Paragraph 66.

67. ConnectU is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 67 and therefore denies them.

68. ConnectU denies the allegations of Paragraph 68.

**FIFTH CAUSE OF ACTION**
**(Violation of 18 U.S.C. § 1030 - Against All Defendants)**

69. ConnectU incorporates by this reference its answers to Paragraphs 1 through 68 above.

70. ConnectU denies the allegations of Paragraph 70.

71. ConnectU denies the allegations of Paragraph 71.

72. ConnectU denies the allegations of Paragraph 72.

73. ConnectU denies the allegations of Paragraph 73.

74. ConnectU denies the allegations of Paragraph 74.

75. ConnectU denies the allegations of Paragraph 75.

**PRAYER FOR RELIEF**

ConnectU denies that the Plaintiffs are entitled to any of the relief prayed for in the Second Amended Complaint.

# AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following is not already at issue by way of the foregoing denials, and without prejudice to ConnectU's right to plead additional affirmative defenses as discovery into the facts of the matter warrants, ConnectU hereby asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

76. Plaintiffs' Second Amended Complaint is barred in whole or in part by the applicable statutes of limitations, including but not limited to, Section 1030(g) of Title 18 of the United States Code.

## SECOND AFFIRMATIVE DEFENSE

77. Plaintiffs' Second Amended Complaint is barred in whole or in part by the doctrine of res judicata/claim preclusion.

## THIRD AFFIRMATIVE DEFENSE

78. Plaintiffs' Second Amended Complaint is barred in whole or in part by the doctrine of collateral estoppel/issue preclusion.

## FOURTH AFFIRMATIVE DEFENSE

79. Plaintiffs' Second Amended Complaint is barred in whole or in part by the doctrine of equitable estoppel.

## FIFTH AFFIRMATIVE DEFENSE

80. Plaintiffs' Second Amended Complaint is barred in whole or in part by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

81. Plaintiffs' Second Amended Complaint is barred in whole or in part because this Court lacks personal jurisdiction over one or all of the Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

82. Plaintiffs were at fault in and about the matters referred to in the Second Amended Complaint and such fault on the part of the Plaintiffs proximately caused and contributed to the damages complained of, if any there were; and ConnectU further alleges that any fault not

1  attributable to said Plaintiffs was a result of fault on the part of persons and/or entities other than
2  ConnectU.

### EIGHTH AFFIRMATIVE DEFENSE

83. Plaintiffs have failed and neglected to use reasonable care to minimize and mitigate the losses, injury and damage complained of, if any there were.

### NINTH AFFIRMATIVE DEFENSE

84. Plaintiffs are barred by virtue of Plaintiffs' conduct in causing the damages alleged by Plaintiffs under the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

85. Plaintiffs' damages, if any occurred, were caused and/or brought by intervening and superseding causes, and were not caused by ConnectU.

### ELEVENTH AFFIRMATIVE DEFENSE

86. Plaintiffs have no standing to sue as they were not the owner of the property alleged to have been appropriated.

### TWELFTH AFFIRMATIVE DEFENSE

87. Plaintiffs' Second Amended Complaint, in whole or in part, fails to state a cause of action as there is no privity between the parties.

### THIRTEENTH AFFIRMATIVE DEFENSE

88. Plaintiffs' Second Amended Complaint is barred in whole or in part by the doctrine of in pari delicto.

### FOURTEENTH AFFIRMATIVE DEFENSE

89. Plaintiffs' Second Amended Complaint, in whole or in part, does not state facts sufficient to constitute a cause of action against ConnectU.

### FIFHTEENTH AFFIRMATIVE DEFENSE

90. Plaintiffs' Third Cause of Action is barred because the conduct alleged in Plaintiffs' Second Amended Complaint did not occur primarily and substantially in Massachusetts.

WHEREFORE, ConnectU prays for judgment against the Plaintiffs as follows:

(1) that the Plaintiffs take nothing from their Second Amended Complaint;

(2) that this Court dismiss the Plaintiffs' Second Amended Complaint with prejudice;

(3) that this Court award ConnectU its costs and reasonable attorney's fees incurred in defending against this action;

(4) for such other and further relief as the Court deems proper.

Dated: June 25, 2007

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.


By: _____/S/_____
    Scott R. Mosko
    Attorneys for Defendants
    ConnectU, LLC