1  G. HOPKINS GUY, III (State Bar No. 124811)
       hopguy@orrick.com
2  I. NEEL CHATTERJEE (State Bar No. 173985)
       nchatterjee@orrick.com
3  MONTE COOPER (State Bar No. 196746)
       mcooper@orrick.com
4  THERESA A. SUTTON (State Bar No. 211857)
       tsutton@orrick.com
5  YVONNE P. GREER (State Bar No. 214072)
       ygreer@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
7  Menlo Park, CA  94025
   Telephone:     650-614-7400
8  Facsimile:     650-614-7401

9  Attorneys for Plaintiffs
   FACEBOOK, INC. and MARK ZUCKERBERG

10

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                          SAN JOSE DIVISION

14

15  FACEBOOK, INC. and MARK                    Case No.  5:07-CV-01389-RS
    ZUCKERBERG,
16                                             **JOINT CASE MANAGEMENT
                   Plaintiffs,                 STATEMENT**
17
          v.                                   Judge:      Honorable Richard Seeborg
18
    CONNECTU, INC. (formerly known as
19  CONNECTU, LLC), CAMERON
    WINKLEVOSS, TYLER WINKLEVOSS,
20  DIVYA NARENDRA, PACIFIC
    NORTHWEST SOFTWARE, INC.,
21  WINSTON WILLIAMS, WAYNE CHANG,
    and DAVID GUCWA AND DOES 1-25,
22
                   Defendants.
23

24

25

26

27

28

1   This Court has set the initial Case Management Conference for July 11, 2007.  Pursuant

2   to an Order Dated June 14, 2007, the Court has enlarged the time in which 5 recently-named

3   defendants would be required to file responsive pleadings to the Second Amended Complaint.

4   That Order further provides that the Court expects these recently-named defendants may file

5   motions to dismiss for lack of personal jurisdiction.  At the time this Joint Case Management

6   Conference Statement was filed, the only defendant who had answered the Second Amended

7   Complaint is ConnectU.  Defendants Pacific Northwest Software, Inc. and Winston Williams

8   have filed a motion to dismiss for lack of personal jurisdiction.

9   Defendants' Winklevoss, Narendra, Chang, Gucwa, Williams and Pacific Northwest

10  Software, Inc.'s participation in the July 11, 2007 Case Management Conference, and in the

11  activities leading up to this CMC is a stipulated "special appearance."  As each of the

12  Defendants have already filed or intend to file motions to dismiss for lack of personal

13  jurisdiction, all parties stipulate that participation in conferences related to the Joint Case

14  Management Statement and the issues related to the motion to dismiss for lack of personal

15  jurisdiction, their involvement in the preparation of this Joint Case Management Conference

16  Statement, and/or their appearance at the currently-scheduled Case Management Conference on

17  July 11, 2007, shall not be used in any way to defeat their motions to dismiss for lack of

18  personal jurisdiction.

19  **I.    JURISDICTION AND SERVICE**

20  Plaintiffs contend that this court has subject matter jurisdiction over Plaintiffs' claims

21  under 28 U.S.C. §§ 1331, 1332, and 1367, and that venue is proper under 28 U.S.C. § 1391.  All

22  named defendants have been served with the Second Amended Complaint.  *See* Dkt. No. 76.

23  Defendants Pacific Northwest Software, Inc., and Winston Williams have filed a motion to

24  dismiss the First Amended Complaint for lack of personal jurisdiction, pending before this

25  Court.  Dkt. No. 23.

26  All defendants disagree that this Court has subject matter jurisdiction pursuant to 28

27  U.S.C. § § 1332, and 1367.  One or more defendants disagrees that venue is proper in this

28  district.

**II.    FACTS**

The Parties believe that the issues, facts, parties (including who has answered and who may still challenge jurisdiction), have been presented in detail in other pleadings.  The parties will be prepared to discuss the factual allegations of the case, if necessary, at the conference.

**III.    LEGAL ISSUES**

**1.**    Did Defendants violate California Penal Code § 502(c)?

**2.**    Did Defendants' engage in common law misappropriation/unfair competition?

**3.**    Did Defendants' violate Massachusetts General Law § 93A?

**4.**    Did defendants violate the CAN SPAM Act, 15 U.S.C. § 7704?

**5.**    Did defendants' violate the Computer Fraud and Abuse Act, 18 U.S.C. § 1030?

**6.**    What damages, if any, are available to Defendants in the event a claim is successful?

**7.**    Do one or more of the affirmative defenses in ConnectU's Answer bar any or all of Plaintiffs' claims?

**8**.    Do the doctrines of res judicata, claim preclusion, collateral estoppel, laches, and/or issue preclusion bar some or all of the claims against some or all of the defendants?

**9**.    Should this action be stayed?

**10**.    Does personal jurisdiction over each of the individual defendants, and Pacific Northwest Software, Inc. exist?

**11**.    Is venue proper in this Court?

**IV.    MOTIONS**

**Resolved Motions**.  Defendant ConnectU filed a Demurrer on October 25, 2005; the demurrer was overruled.  Cameron Winklevoss, Tyler Winklevoss, Divya Narendra, Howard Winklevoss, filed a Motion to Quash because the Court lacked personal jurisdiction on October 25, 2005, which was granted.  Defendant ConnectU filed a Motion to Stay on September 6, 2006, which was denied.  Both parties filed various motions to compel discovery.  Facebook's motion to compel further responses to document requests was pending at the time ConnectU removed this action to this Court.  Facebook filed a Motion for Leave to File a First Amended

1    Complaint on January 23, 2007, which was granted.  ConnectU filed a Motion to Dismiss

2    pursuant to Federal Rule 12(b)(6) on March 21, 2007, which was granted-in-part.  Facebook

3    filed, on April 4, 2007, a Local Rule 6-3 motion to enlarge the time required for it to respond to

4    Pacific Northwest Software and Williams' Motion to Dismiss, which was granted.  Facebook

5    filed a Motion for Expedited Discovery on April 5, 2007, which was granted.  Facebook filed,

6    on April 9, 2007, a Motion to Reschedule the June 20, 2007, CMC, which was denied.

7    ConnectU filed, on June 5, 2007, a Local Rule 6-3 motion to enlarge time to respond to the

8    Second Amended Complaint, which was granted-in-part.

9         **Pending Motions.**  Defendants Pacific Northwest Software and Winston Williams filed

10   a Motion to Dismiss for Lack of Personal Jurisdiction on March 21, 2007.  This motion is set for

11   hearing on July 11, 2007.

12        **Proposed Motions.**

13        *Plaintiffs' Statement:*

14        Plaintiffs expect to file a Motion to Strike Defendant ConnectU's Affirmative Defenses.

15   Plaintiffs further expect to file a Motion in opposition to any motion to dismiss or motion to

16   strike by Cameron Winklevoss, Tyler Winklevoss, or Divya Narendra which sets out, among

17   other matters, why those individuals are once again appropriately named as defendants and

18   subject to personal jurisdiction in California.  To the extent that this Motion may raise the issue

19   of sanctions related to the earlier jurisdictional challenge, Plaintiffs expect to discuss the subject

20   matter of the motion with Defendants and the Court prior to setting the issue for hearing.

21   Plaintiffs further expect to file a Motion to Compel shortly with respect to the following issues

22   a) responses to interrogatories related to personal jurisdiction, b) appropriate Rule 30(b)(6)

23   testimony related to personal jurisdiction, and c) document production from Pacific Northwest

24   Software that was promised but withheld.  Plaintiffs will also  file one or more motions for

25   summary judgment.   Plaintiffs also may raise in a motion  issues associated with the

26   inappropriateness of "speaking" objections and instructions not to answer at depositions.

27        *Defendants' Statement:*

28        (1) Defendant Pacific Northwest Software, Inc. intends to file a motion for

1  protective order.  Despite this Court's Order allowing limited discovery (i.e. specifically limited

2  to 2 depositions and one set of interrogatories) as it directly related to the issues of personal

3  jurisdiction, Plaintiffs have violated that order by subpoenaing each of Pacific Northwest

4  Software, Inc.'s California customers--where the subpoenas call for document production 8 days

5  *after* the due date for Plaintiffs' opposition to the motion.  That opposition was filed on June 25,

6  2007.  The due date for objections or documents is July 2, 2007.  The hearing date for the

7  motion to dismiss is July 11, 2007.  These subpoenas were designed solely to harass Pacific

8  Northwest Software Inc.'s customers.

9          (2) Defendants Cameron Winklevoss, Tyler Winklevoss and Divya Narendra

10  intend to file a motion to dismiss because, as the State Court has already ruled, California courts

11  cannot assert personal jurisdiction over them.  These defendants also intend to assert res

12  judicata, collateral estoppel, and abuse of process in this motion to dismiss.

13          (3) Defendants Wayne Chang and David Gucwa will file motions to dismiss on

14  the grounds that this Court cannot assert personal jurisdiction over them.

15          (4) Some of the defendants may file motions to dismiss because some of the

16  claims fail to state facts sufficient to constitute a cause of action.

17          (4) If any of the defendants remain in this case after motions to dismiss, they

18  intend to file motions for summary judgment on each of the claims for relief.

19  **V.    AMENDMENT OF PLEADINGS**

20          *Plaintiffs' Position*

21          Plaintiffs do not anticipate adding or dismissing any parties, claims, or defenses.

22  Plaintiffs note that there is a clerical error in the Second Amended Complaint, and seeks the

23  Court's guidance on how best to proceed.  The Second Amended Complaint contains an

24  inadvertent citation to the "Federal Rules of Civil Procedures Sections 1331, 1332, 1391(b) and

25  (c)."  This passage should cite to "28 U.S.C. Sections 1331, 1332, 1367, and 1391(b) and (c)."

26

27

28

1    *Defendants' Position:*

2         Only Defendant ConnectU has filed an answer.  Depending upon whether other

3    defendants file motions to dismiss, and this Court's order, ConnectU may amend its answer

4    consistent with such order.

5    **VI.    EVIDENCE PRESERVATION**

6         *Plaintiffs' Position*

7         Because discovery relevant in this case has already taken place in related cases, potential

8    evidence in this action has already been collected.  In addition, plaintiffs have sent company-

9    wide emails to prevent any on-going erasures of any potentially relevant material.  During prior

10   discovery, Plaintiffs encountered certain technical difficulties while gathering documents from a

11   single computer hard drive.  After attempting all reasonable means of data recovery, Plaintiffs

12   have extracted all recoverable information from the computer hard drive.  Plaintiffs have learned

13   that measures to preserve some evidence from Defendants, such as electronic information from

14   Winston Williams, were not taken and that Williams' computer has been stolen.

15        *Defendants' Position*

16        Each of the Defendants has been notified not to destroy evidence that might be relevant

17   to this case.  The contentious nature of this litigation is continually demonstrated by Plaintiffs.

18   Note their characterization of the "technical difficulties" regarding the computer likely used by

19   Zuckerberg when he stole ConnectU's ideas and source code, and compare it to their

20   unsupported claim that Mr. Williams did not take measures to preserve evidence.  Regarding

21   these "technical difficulties", one or more of the defendants may propound discovery and/or file

22   a motion regarding their circumstances.

23   **VII.   INITIAL DISCLOSURES**

24        The parties will discuss the scheduling of initial disclosures pursuant to Rule 26 at the

25   Case Management Conference.  Plaintiff believes Rule 26 disclosures should be exchanged

26   promptly after the hearing.  Defendants believe that before further time, effort and costs are

27   incurred regarding this case, the parties and the Court should agree to stay this case in light of

28   the pre-existing Massachusetts case that will undoubtedly resolve all the issues in this action.

1   Even if a stay is not granted, neither Pacific Northwest Software, Inc., Winston Williams, nor

2   the newly-named individual defendants should have to make any Rule 26 disclosures unless or

3   until the Court finds that it has personal jurisdiction over any of them (or if any makes a general

4   appearance).

5   **VIII.   <u>DISCOVERY</u>**

6         *Plaintiffs Position:*

7         The vast majority of discovery in this case is complete.  Plaintiffs believe the primary

8   remaining issue is the number of false emails sent to stolen email addresses.  Plaintiffs propose

9   the schedule set forth at the end of this statement.  Pursuant to the Court's order, plaintiffs are in

10  the process of taking limited jurisdictional discovery of defendants PNS and Williams, including

11  depositions and a limited number of interrogatories.

12        Other than for jurisdictional discovery, ConnectU has not served a single deposition

13  notice in this action.  ConnectU did serve 26 requests for production to which Facebook

14  responded.  ConnectU filed a motion to compel which was denied.  Defendants have not sought

15  any other discovery to date, even though ConnectU has had ample time to do so.

16        Plaintiffs do not believe a stay of this case is warranted.  Defendants sought a stay of this

17  case before and their request was denied.

18        *Defendants' Position:*

19        Plaintiffs' statement that the vast majority of discovery has already been completed

20  couldn't be farther from the truth.  Plaintiffs explicitly admit the falsity of this statement by

21  telling the Court they believe 50 more hours of deposition is appropriate.  *See Section, A, below.*

22  Regarding the limited discovery taken by ConnectU, it took Plaintiffs over six months to serve

23  documents in response to ConnectU's initial document requests.  Around that time, Plaintiffs

24  moved to amend their complaint, and have now amended their complaint three times.  Unlike

25  Plaintiffs, Defendants do not have the luxury of taking discovery multiple times.  Plaintiffs have

26  embarked on a process of changing allegations.  This case has substantially changed in breadth

27  since it commenced.  For the first time in this statement, Plaintiffs represent that they do not

28  intend to further amend the complaint.  Once the Court decides which Defendants will remain in

1    the case, unless it is stayed, they will continue their discovery efforts.  Plaintiffs' criticism of

2    Defendants' approach cannot be justified.

3         In any event, the discovery ConnectU has performed has been blocked at nearly every

4    stage.  ConnectU's deposition of Zuckerberg was abruptly interrupted, which forced ConnectU

5    to move to compel his attendance, which the Superior Court granted.  Further, Plaintiffs have

6    played procedural games interfering with document production.  Shortly after this obstreperous

7    activity, Plaintiffs amended their complaint to add two federal claims, a claim arising under the

8    general statutes of Massachusetts and three other California statutory claims.  ConnectU

9    removed this case, resulting in the Rule 26 stay of discovery.  And, the addition of 5 new

10   defendants, assuming one or more of them remains in this case, further complicates the

11   coordination of discovery efforts.  The Rule 26 stay was undoubtedly imposed to allow the

12   claims and the parties to be finalized, as nearly as possible, before the unlimited spending of

13   time and money on discovery begins.  Plaintiffs' late approach of adding claims and defendants

14   and then insisting that discovery be closed only a few months after the schedule would permit a

15   hearing on a motion to determine whether these newly-named defendants even belong in the

16   case, is unfair, improper, and would violate due process.

17        Given the procedural activities and posture of this case, Defendant ConnectU has taken

18   only one deposition, and that was limited to issues directly related to personal jurisdiction.

19   Unless this case is stayed, ConnectU expects to propound discovery requests and interrogatories,

20   and thereafter notice depositions.  The other defendants, if they remain in the case after the

21   Court rules on motions to dismiss for lack of personal jurisdiction, intend to conduct discovery,

22   but given their recent entry into the case, these defendants are not in a position to detail what this

23   discovery might be.  Moreover, many of the newly named defendants do not have the

24   knowledge that the previous discovery has disclosed.

25        David Gucwa, who will be represented by the Dechert firm is a newly named party.  Mr.

26   Gucwa is informed that hundreds of thousands of documents have been produced between the

27   parties in the Massachusetts case, that may be relevant to this case, as Plaintiffs' statement

28   concedes.  Mr. Gucwa will require a reasonable time to get up to speed, in the event this Court

1    denies his expected motion to dismiss.  Plaintiffs have known about Mr. Gucwa since even

2    before this case was filed.  This Court has stayed discovery as it concerns him (and Messrs.

3    Winklevoss, Narendra, and Chang).  Neither Mr. Gucwa, nor the other newly-named defendants

4    should be forced to expend time and effort reviewing and preparing for a case that may be

5    dismissed for lack of personal jurisdiction.  Plaintiffs waited nearly two years to bring these new

6    parties into this case.  It would be a denial of due process to force Mr. Gucwa, as well as the

7    other newly-named parties, to come up to speed on this case, which includes reviewing hundreds

8    of thousands of documents, propounding discovery, and taking depositions within a few months

9    after the schedule would allow for a hearing on their motions to dismiss for lack of personal

10   jurisdiction.

11          This case should be stayed entirely, as the resolution of the Massachusetts action will end

12   this action.  If the Court is inclined to allow this case to proceed, Defendants propose that once

13   the Court rules on the last motion to dismiss, it hold a supplemental case management

14   conference at which point the defendants, and particularly the newly-named defendants will be

15   in a better position to advise the Court on the amount of time each expects is necessary for

16   preparation, and the discovery each contemplates.  In the mean time, all discovery should be

17   stayed in light of Plaintiffs' decision to add 5 new defendants and new claims to this case.

18   Otherwise these newly named defendants would be forced to expend enormous funds reviewing

19   and preparing for, and participating in discovery in vain, if the Court grants their motions.

20          **A.    Fact and Expert Depositions**

21          *Plaintiffs position:*

22          Plaintiffs proposes that each side be allowed to take up to 50 total hours of fact witness

23   depositions (including F.R.C.P. 30(b)(6) depositions), in addition to the limited jurisdictional

24   discovery already authorized by this Court.  Plaintiffs further propose that each side be allowed

25   to take seven deposition hours per expert report, should they be necessary.

26   / / /

27

28

1    *Defendants' Position[1]:*

2          Each party represented by separate counsel should be entitled to the 10 deposition limit

3    pursuant to the Federal Rules of Civil Procedure.  Each deposition should be limited to no more

4    than 7 hours, also pursuant to the Federal Rules of Civil Procedure, although the parties should

5    meet and confer about the appropriate length of any Rule 30(b)(6) deposition.  Regarding

6    ConnectU, there are only 3 owners, i.e. Cameron Winklevoss, Tyler Winklevoss and Divya

7    Narenda, each of whom is now a defendant.  Plaintiff has already taken each of their

8    depositions for 2 hours.  Plaintiff should not be allowed to take multiple depositions of these

9    individual defendants by cleverly using Rule 30(b)(6).  Nor should Plaintiffs be entitled to

10   expand this limitation because of their recent addition of Zuckerberg as a party plaintiff.

11   Similarly, Plaintiffs have taken over 8 hours of Pacific Northwest Software, Inc.'s deposition (in

12   two sessions) and 4 hours of Winston Williams's deposition.  Plaintiffs have also taken a 2 hour

13   deposition of Howard Winklevoss.  Each of the previously-mentioned depositions should count

14   toward the 10 depositions allowed by the Federal Rules.

15         **B.        Interrogatories**

16         The parties agree that each party currently represented by separate counsel is entitled to

17   propound 25 interrogatories.

18         **C.        Requests for Admissions**

19         The parties agree that the Federal Rules of Civil Procedure shall govern Requests for

20   Admission.

21         **D.        Requests For Production**

22         The Parties agree that the Federal Rules of Civil Procedure shall govern Requests for

23   Production.

24   / / /

25

26

---

27   [1] Initially Defendants question why Plaintiffs believe they need any depositions in light of their
     statement above that "the primary remaining issue is the number of false emails sent to stolen
28   email addresses."

1    Plaintiffs' additional position:

2    Based on representations by their counsel, document collection from Defendants

3    ConnectU, Tyler, Cameron and Howard Winklevoss; and Gucwa is largely complete at this

4    time.  Document collection from Defendants Williams and Chang remains.

5    In or around October 2006, Plaintiffs suggested that the parties reach agreement on a list

6    of key search terms in order to search Plaintiffs' approximately 1,000,000 records in order to

7    pare down the volume of records to be produced and provide only those that are relevant.

8    Defendants refused to participate in identifying search terms.  Plaintiffs recently offered this

9    process in the related Massachusetts action, but have received no response.

10    Defendants' response to Plaintiffs' position:

11    Regarding Plaintiffs' proposal that the parties agree on search terms, Defendants strongly

12    disagree.  If a party propounds an enforceable Request for Production, the responding party must

13    perform a reasonable search to find and produce all responsive documents.  The propounding

14    party should not be tasked with the responsibility of guessing at search terms that might or might

15    not identify the document.

16    **E.    Protective Order**

17    The parties entered into a stipulated protective order while the action was pending before

18    the California court. The parties seek the Court's guidance as to how to proceed in adapting the

19    current protective order to address the Court's and the Northern District's approach to protective

20    orders.

21    **IX.    CLASS ACTIONS**

22    This is not a class action.

23    **X.    RELATED CASES**

24    Counsel for plaintiffs are aware of two pending related proceedings to this case:

25    *ConnectU Inc. v. Mark Zuckerberg et al.*, No. 04-11923 (D.Mass) and *ConnectU LLC v. Mark*

26    *Zuckerberg et al.*, No. 07-1796 (1st Cir.).  The First Circuit appeal was filed when an earlier,

27    related case was dismissed on March 28, 2007.  That case was *ConnectU LLC v. Mark*

28    *Zuckerberg, et al*, No. 1:07-CV-10593-DPW.

1

## XI.    RELIEF

2

Plaintiffs seek judgment against Defendants including damages[2], disgorgement by

3

Defendants, pre- and post- judgment interest; injunctive relief, and attorneys' fees and costs.

4

## XII.    SETTLEMENT AND ADR

5

The parties agree that mediation may be desirable.  They disagree as to the scope of any

6

potential mediation.  To that end, Counsel for Facebook and ConnectU have a fundamental

7

difference regarding the potential for settlement.  Their positions are set forth below.

8

Plaintiffs position:  Facebook believes that the parties should seek a global settlement of

9

all disputes between the parties through mediation with Magistrate Judge Chen or a mutually

10

acceptable Magistrate Judge or mediator with experience in complex disputes.  ConnectU and

11

most defendants in this case are represented by the same firm in the two cases and claim that its

12

lead counsel (both from Finnegan Henderson) is different in the two cases. Further, plaintiffs

13

believe this Court has the authority to order the parties to a settlement conference to discuss

14

global settlement as all parties relevant to a global settlement are before this Court.  To the

15

extent any Defendant in the Massachusetts Action not a party to this action is needed, plaintiff

16

believes they will appear voluntarily.[3]  Defendants make numerous other statements in their

17

position which do not appear to have any bearing on whether or not ADR is desirable in this

18

case.  Relatedly, a mediation on ConnectU's appeal to the First Circuit is likely to be ordered.

19

Plaintiffs will not respond to those comments here.  Plaintiffs are happy to discuss any of those

20

issues at the hearing, should the Court wish.

21

Defendants' Position:  ConnectU is represented by the same law firm in the California

22

and Massachusetts actions, but has chosen to staff the actions separately.  ConnectU's California

23

24

25

26

27

28

---

[2] As stated in the Second Amended Complaint, Plaintiffs seek damages including:
Compensatory damages pursuant to California Penal Code § 502(e)(1) and 18 U.S.C. § 1030
(a)(4) for costs of responding to Defendants' actions; exemplary damages under California Civil
Code § 3426.3(c), punitive damages under California Penal Code § 502(e)(4) (exemplary or
punitive damages), economic damages under 18 U.S.C. § 1030 (a)(5)(B)(i); statutory damages
under 15 U.S.C. § 7701, et seq., calculated as the number of violations multiplied by up to $250,
in an amount not to exceed $2,000,000; aggravated damages under 15 U.S.C. § 7701, in an
amount not to exceed three times the amount of statutory damages available, and general
damages in an amount to exceed $25,000.
[3] Plaintiffs counsel in this case represents all Defendants in the Massachusetts action except for
one.

1   counsel does not represent ConnectU in the Massachusetts case and knows little about it.

2   ConnectU's counsel in the Massachusetts case does not represent ConnectU in this case.

3   ConnectU's position is that any settlement discussions in this case must be limited to the issues

4   in this case, regardless of where its counsel are located, and regardless of how it has chosen to

5   staff the cases.  Although Facebook does not like ConnectU's staffing decision, Facebook was

6   the party who chose to file a separate action in California, not ConnectU.  Moreover, long before

7   filing the California action, Facebook asserted affirmative defenses in the Massachusetts action

8   that duplicate the issues that later formed the basis of this action.  For that reason alone, the only

9   forum in which these actions might both be resolved is Massachusetts--i.e. the venue of the

10  earlier-filed action.  This is also one of the reasons this case should be stayed, as the

11  Massachusetts case will necessarily resolve the issues in this case.

12        Facebook insists that any settlement discussion include the issues raised in

13  Massachusetts.  ConnectU is more than willing to discuss settlement in a mediation or settlement

14  conference as it concerns the issues pled in the Second Amended Complaint in this action.

15  However, Plaintiff's founder and CEO, Mark Zuckerberg, has already testified that Facebook

16  never suffered any damages as a result of any of the accused acts.  By comparison, ConnectU

17  seeks very substantial damages in the Massachusetts action.  Thus, in ConnectU's view, this

18  case is not the tail wagging the dog.  It is just the tail, or more accurately, the tip of the tail.

19  ConnectU recently made a mandatory settlement demand in the Massachusetts case, to which

20  Facebook did not respond.  ConnectU and Facebook will also be participating in mandatory

21  mediation in connection with an appeal in the Massachusetts action, scheduled for late July.

22  Given Facebook's position that both cases need to be discussed during ADR sanctioned by this

23  Court, and for additional reasons set forth above, ConnectU does not believe ADR would be

24  effective at this juncture in this action.

25  **XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

26        The parties have already consented to Magistrate Judge Seeborg for all purposes in this

27  matter.

28

XIV.    **OTHER REFERENCES**

Plaintiffs do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.  Defendants would consider such options.

XV.    **NARROWING OF ISSUES**

*Plaintiffs' Position:*

Because of much of the discovery in this case has already taken place in related cases and before this action was removed to this Court, Plaintiffs believe summary judgment will be appropriate in this case.

*Defendants' Position:*

See Defendants' submission in Paragraph VIII, above.

XVI.    **EXPEDITED SCHEDULES**

*Plaintiffs' Position*

Because of much of the discovery in this case has already taken place in related cases and before this action was removed to this Court, Plaintiffs believe that this case may be resolved on an expedited basis.

*Defendants' Position*:

See Defendants' submission in Paragraph VIII, above.

XVII. **SCHEDULING**

|  | Plaintiffs' Proposal | Defendants' Proposal[4] |
|---|---|---|
| Fact Discovery Cut-off | November 30, 2007 | Late Spring/Summer of 2008 |
| Expert Reports | December 21, 2007 |  |
| Rebuttal Expert Reports | January 11, 2008 |  |
| Expert Discovery Cut-off | January 31, 2008 | Late Summer/Fall of 2008 |

---

[4] Defendants appreciate that the Court's standing order requires the parties to opine on scheduling.  However, Defendants suggest at this stage the Court not set dates.  This case should be stayed pending the resolution of the Massachusett action.  However, if the Court is disinclined to stay this case, Defendants propose that after the last motion to dismiss for lack of personal jurisdiction is heard, the Court schedule a case management conference, by which time the parties will be in a better position to opine on dates.

| Last Day to Hear Dispositive Motions | April 13, 2008 | Late 2008 |
|---|---|---|
| Pre-trial Hearing | July 7, 2008 | |
| Trial | July 19, 2008 | Late Spring/Summer 2009 |

## XVIII. <u>TRIAL</u>

Through its Second Amended Complaint, Plaintiffs seek a jury trial.  Given the number of claims and defendants, as of this date Plaintiffs anticipate a trial length of two weeks. Defendants believe if this case were tried, it is likely that it would take three weeks or more.

## XIX.    <u>DISCLOSURE OF NON-PARTY INTERESTED ENTITIES AND PERSONS</u>

Pursuant to Civil L.R. 3-16, Plaintiffs and ConnectU certify that as of this date, other than the named parties, there is no such interest to report.  <u>See</u> Dkt. Nos. 20, 32.

/ / /

/ / /

/ / /

1   Dated: June 29, 2007                          ORRICK, HERRINGTON & SUTCLIFFE LLP

2
                                                  /s/ Monte M.F. Cooper /s/
3                                                 _____
                                                  Name Of Attorney
                                                  Attorneys for Plaintiffs
4                                                 Facebook, Inc. and Mark Zuckerberg

5   Dated: June 29, 2007                          FINNEGAN, HENDERSON, FARABOW,
                                                  GARRETT, & DUNNER, LLP
6

7                                                 /s/ Scott R. Mosko
                                                  _____
8                                                 Scott R. Mosko
                                                  Attorneys for Defendant ConnectU
9

10  Dated: June 29, 2007                          FINNEGAN, HENDERSON, FARABOW,
                                                  GARRETT, & DUNNER, LLP
11

12                                                /s/ Scott R. Mosko
                                                  _____
                                                  Scott R. Mosko
13                                                Attorneys Making Special Appearance on behalf
                                                  of Defendants Pacific Northwest Software, Inc.,
14                                                Winston Williams, Cameron Winklevoss, Tyler
                                                  Winklevoss, Divya Narendra and Wayne Chang
15

16  Dated: June 29, 2007                          DECHERT, LLP

17                                                /s/ Valerie M. Wagner
                                                  _____
18                                                Valerie M. Wagner
                                                  Attorneys Making Special Appearance on behalf
19                                                of Defendant David Gucwa

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 29, 2007.

Dated:  June 29, 2007.                    Respectfully submitted,

                                          /s/ Monte M.F. Cooper /s/
                                          Monte M.F. Cooper

**Filer's Attestation:**  Pursuant to General Order No. 45, §X(B), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from its signatory.

Dated: June 29, 2007                      Respectfully submitted,

                                          /s/ Monte M.F. Cooper /s/
                                          Monte M.F. Cooper

OHS West:260262060.1

JOINT CASE MANAGEMENT STATEMENT
5:07-CV-01389-RS