1  G. HOPKINS GUY, III (State Bar No. 124811)
    hopguy@orrick.com
2  I. NEEL CHATTERJEE (State Bar No. 173985)
    nchatterjee@orrick.com
3  MONTE COOPER (State Bar No. 196746)
    mcooper@orrick.com
4  THERESA A. SUTTON (State Bar No. 211857)
    tsutton@orrick.com
5  YVONNE P. GREER (State Bar No. 214072)
    ygreer@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
7  Menlo Park, CA 94025
   Telephone: 650-614-7400
8  Facsimile: 650-614-7401

9  Attorneys for Plaintiffs
   FACEBOOK, INC. and MARK ZUCKERBERG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC. and MARK ZUCKERBERG,<br><br>            Plaintiffs,<br><br>   v.<br><br>CONNECTU, INC. (formerly known as CONNECTU, LLC), CAMERON WINKLEVOSS, TYLER WINKLEVOSS, DIVYA NARENDRA, PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, WAYNE CHANG, and DAVID GUCWA AND DOES 1-25,<br><br>            Defendants. | Case No. 5:07-CV-01389-RS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE CONNECTU LLC'S AFFIRMATIVE DEFENSES AND**<br><br>Date: August 15, 2007<br>Time: 9:30 a.m.<br>Judge: Honorable Richard Seeborg |

## I. INTRODUCTION

ConnectU's answer fails to provide any notice of the bases for ConnectU's assertion of nine affirmative defenses. Under the United States Supreme Court's new pleading standards in *Bell Atl. Corp. v. Twombly*, every pleading must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 1965.

In its answer, ConnectU pleads no facts, and there is no way to determine what grounds support ConnectU's allegations. Because ConnectU does not plead any factual allegations *at all* to support its affirmative defenses, Facebook, Inc. and Mark Zuckerberg (collectively, "Plaintiffs") respectfully move this Court to strike the Second, Third, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth and Thirteenth affirmative defenses asserted in ConnectU LLC's ("ConnectU") Answer to Plaintiffs' Second Amended Complaint, filed on June 25, 2007.

## II. STATEMENT OF FACTS

This is a case about a malicious effort to extract and use millions of units of data, including private information such as electronic mail addresses and profile data (such as religious and political views, home addresses, and birthdates), from the popular website www.facebook.com. Facebook, Inc. and Mark Zuckerberg seek to hold accountable all individuals and companies who engaged in the effort to hack its website and "spam" its members.

In its second amended complaint, Plaintiffs assert five causes of action against ConnectU LLC and others involved in the extraction of data from Facebook's website. ConnectU LLC's answer, filed on June 25, 2007, raises fifteen affirmative defenses, including the doctrines of *res judicata*, collateral estoppel, equitable estoppel, waiver, unclean hands, *in pari delicto*, negligence, and lack of causation. ConnectU Answer to Pls.' Second Am. Compl. ("Answer") ¶¶ 77-80, 82-85, 88.

## III. ARGUMENT

### A. ConnectU's Affirmative Defenses Are Insufficient as a Matter of Law.

Federal Rule of Civil Procedure 12(f) permits a court to "order stricken from any

pleading any ***insufficient defense*** or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial … ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *see also Bell Atl. Corp.*, 127 S. Ct. at 1968 (Deficiencies in pleadings "should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.") (citations omitted); *Purex Corp. v. General Foods Corp.*, 318 F. Supp. 322, 323 (C.D. Cal. 1970) ("[I]f the defense here asserted is invalid as a matter of law, such determination should be made now, in order to avoid the needless expenditures of time and money...."). Because ConnectU's *res judicata*, collateral estoppel, equitable estoppel, waiver, unclean hands, *in pari delicto*, negligence, and lack of causation defenses amount to no more than conclusory allegations, they are insufficient as a matter of law and should be stricken to prevent needless expense by the parties and this Court.

**B.     ConnectU Fails To Provide Fair Notice Of The Grounds Upon Which Its Unclean Hands and *In Pari Delicto* Defenses Rests.**

For example, ConnectU's unclean hands and *in pari delicto* defenses fail to provide Plaintiffs with fair notice of the grounds upon which they rest. "Like complaints, affirmative defenses must give plaintiff 'fair notice' of the defense being advanced." *Qarbon.com Inc. v. Ehelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004); *American Top English v. Lexicon Mktg. (USA), Inc.*, 2004 WL 2271838, *10 (N.D. Ill. Oct. 4, 2004) ("Affirmative defenses are pleadings, and thus must set forth a 'short plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8(a)."). A defendant is required to set forth the elements of the defense and the factual basis for it. *Qarbon.com*, 135 F. Supp. 2d at 1049-50. "A reference to a doctrine, like a reference to statutory provisions, is insufficient notice." *Id.* at 1049. Bare conclusory allegations do not satisfy this requirement. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. at 1964-65 (explaining that a plaintiff's obligation to state the ground for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do"). ConnectU does not even meet the most basic pleading requirements

imposed by the Federal Rules. Without any elaboration, ConnectU asserts in its ninth and thirteenth affirmative defenses that "Plaintiffs are barred by virtue of Plaintiffs' conduct in causing the damages alleged by Plaintiffs under the doctrine of unclean hands," and "Plaintiffs' Second Amended Complaint is barred in whole or in part by the doctrine of *in pari delicto*." Answer ¶¶ 84, 88. ConnectU has not set forth a "short plain statement" showing that it is entitled to the relief it seeks, as required by the federal pleading standards.

ConnectU gives no indication of what wrongful conduct by Plaintiffs gives rise to the bare allegations of "unclean hands" or "*in pari delicto*." Moreover, ConnectU has not set forth any facts to support the elements of these defenses. "'Unclean hands' refers to the plaintiff's wrongdoing against a third party with respect to the subject matter of the suit. *In pari delicto* refers to the plaintiff's participation in the same wrongdoing as the defendant." *Memorex Corp. v. International Bus. Machines Corp.*, 555 F.2d 1379, 1382 (9th Cir. 1977). Despite ConnectU's assertion of "unclean hands" as an affirmative defense, Plaintiffs have no idea what wrongdoing they are alleged to have engaged in, who the third party is, or how the unspecified wrongdoing relates to the subject of the suit. Similarly, with respect to ConnectU's conclusory allegation of "*in pari delicto*," Plaintiffs have no idea what wrongdoing they are alleged to have participated in or how the wrongdoing relates to the suit. ConnectU does nothing more than refer to the doctrines of unclean hands and *in pari delicto*. As noted in *Qarbon.com*, ConnectU's mere reference to a doctrine "is insufficient notice." *Qarbon.com*, 135 F. Supp. 2d at 1049. Accordingly, ConnectU's unclean hands and *in pari delicto* defenses are defective as a matter of law, and should be stricken pursuant to Federal Rule of Civil Procedure 12(f).[1]

---

[1] ConnectU's seventh affirmative defense appears to contain some of the elements of "unclean hands." Answer ¶ 82 ("Plaintiffs were at fault in and about the matters referred to in the Second Amended Complaint and such fault on the part of the Plaintiffs proximately caused and contributed to the damages complained of, if any there were; and ConnectU further alleges that any fault not attributable to said Plaintiffs was a result of fault on the part of persons and/or entities other than ConnectU"). ConnectU's seventh affirmative defense fails to provide Plaintiffs with sufficient notice of which matters they are at fault for or, in the alternative, which third parties may be at fault instead.

### C. ConnectU Fails To Provide Fair Notice Of The Grounds Upon Which Its Res Judicata and Collateral Estoppel Defenses Rest.

ConnectU's second and third defenses of *res judicata* and collateral estoppel are similarly defective. Without any factual support, ConnectU asserts that Plaintiffs' Second Amended Complaint is barred in whole or in part by the doctrines of "*res judicata*/claim preclusion" and "collateral estoppel/issue preclusion." Answer ¶¶ 77, 78. ConnectU fails to identify which claims or issues are precluded under *res judicata* and collateral estoppel. Moreover, ConnectU has not set forth any facts to support the elements of *res judicata* or collateral estoppel. The mere reference to these doctrines "is insufficient notice." *Qarbon.com*, 135 F. Supp. 2d at 1049. Accordingly, ConnectU's defenses of *res judicata* and collateral estoppel fail to meet the pleading requirements imposed by the Federal Rules, and should be stricken as insufficiently pled.

### D. ConnectU Fails To Provide Fair Notice Of The Grounds Upon Which Its Equitable Estoppel and Waiver Defenses Rest.

Next, ConnectU's fourth and fifth defenses of res judicata and collateral estoppel are again defective as a matter of law. Without any factual support, ConnectU asserts that Plaintiffs' Second Amended Complaint is barred in whole or in part by the doctrines of "equitable estoppel" and "waiver." Answer ¶¶ 79, 80. ConnectU fails to set forth either the elements of these defenses or the factual bases for them. Mere reference to these doctrines is insufficient. *Qarbon.com*, 135 F. Supp. 2d at 1049. Accordingly, ConnectU's defenses of equitable estoppel and waiver fail to meet the pleading requirements imposed by the Federal Rules, and should therefore be stricken.

### E. ConnectU Fails To Provide Fair Notice Of The Grounds Upon Which Its Negligence and Lack of Causation Defenses Rest.

Finally, ConnectU's eighth and tenth defenses appear to assert negligence and lack of causation as defenses to Plaintiffs' claims without identifying key elements or supporting facts. For instance, ConnectU asserts that "Plaintiffs have failed and neglected to use reasonable care to minimize and mitigate the losses, injury and damages complained of, if any there were." Answer

¶ 83. However, Plaintiffs have no idea what acts of negligence they are alleged to have committed, or what losses they allegedly failed to minimize or mitigate. Similarly, ConnectU's assertion that "Plaintiffs' damages, if any occurred, were caused and/or brought by intervening and superseding causes, and were not caused by ConnectU," fails to identify any intervening or superseding causes. Answer ¶ 85. ConnectU's defenses of negligence and lack of causation should be stricken as inadequate under the federal pleading standards, which "require[] more than labels and conclusions, and a formulaic recitation of the elements of the cause of action ...." *Bell Atl. Corp.*, 127 S. Ct. at 1964-65.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court strike ConnectU's Second, Third, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth and Thirteenth Affirmative Defenses pursuant to Federal Rule of Civil Procedure 12(f).

Dated: July 10, 2007                                     ORRICK, HERRINGTON & SUTCLIFFE LLP

                                                         /s/ Theresa A. Sutton
                                                         Theresa A. Sutton
                                                         Attorneys for Plaintiffs
                                                         THE FACEBOOK, INC. and MARK
                                                         ZUCKERBERG

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 10, 2007.

Dated: July 10, 2007.                    Respectfully submitted,

                                         /s/ Theresa A. Sutton
                                         Theresa A. Sutton