1. G. HOPKINS GUY, III (State Bar No. 124811)
   hopguy@orrick.com
2. I. NEEL CHATTERJEE (State Bar No. 173985)
   nchatterjee@orrick.com
3. MONTE COOPER (State Bar No. 196746)
   mcooper@orrick.com
4. THERESA A. SUTTON (State Bar No. 211857)
   tsutton@orrick.com
5. YVONNE P. GREER (State Bar No. 214072)
   ygreer@orrick.com
6. ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
7. Menlo Park, CA 94025
   Telephone:  650-614-7400
8. Facsimile:  650-614-7401

9. Attorneys for Plaintiffs
   FACEBOOK, INC. and MARK ZUCKERBERG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC. and MARK ZUCKERBERG,<br><br>    Plaintiffs,<br><br>    v.<br><br>CONNECTU, INC. (formerly known as CONNECTU, LLC), CAMERON WINKLEVOSS, TYLER WINKLEVOSS, DIVYA NARENDRA, PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, WAYNE CHANG, and DAVID GUCWA,<br><br>    Defendants. | Case No. 5:07-CV-01389-RS<br><br>**SUPPLEMENTAL AUTHORITY IN OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Hrg. Date: July 11, 2007<br>Time:     9:30 A.M.<br>Judge:    Honorable Richard Seeborg |

1   The Court authorized the parties to submit an additional memorandum related to whether
2   specific jurisdiction is established when a defendant does not know in what state it inflicted an
3   online tort. The overwhelming weight of authority demonstrates that knowledge by the defendant
4   of the location of a specific state is not required. As a result, specific jurisdiction over PNS and
5   Winston Williams is warranted in the present case.

6   Due to the unique nature of the tortious activity, courts routinely hold that defendants who
7   hack into servers via the Internet and/or send unsolicited commercial email are subject to personal
8   jurisdiction, even if the defendants remain ignorant as to the actual physical location of the
9   plaintiff or its servers. *See TravelJungle v. American Airlines, Inc.*, 212 S.W. 3d 841, 850 (Tex.
10  App. 2006) (jurisdiction cannot be avoided where activity directed to a particular server); *Verizon
11  Online Srvcs, Inc. v. Ralsky*, 203 F. Supp. 2d 601, 617 (E.D. Va. 2002) (court finds ignorance of
12  location irrelevant where defendant spammed millions of people); *MaryCLE, LLC v. First Choice
13  Internet*, 166 Md. App. 481, 509 (2006) (court finds it reasonable for defendant to expect to
14  answer for spam in any state in which emails were received); *State of Washington v. Heckel*, 122
15  Wn. App. 60, 193 (2004) ("spammer sending millions of emails over the internet has reason to
16  know that he could be hauled into court in a distant jurisdiction to answer for the ramifications of
17  that solicitation"); *Internet Doorway v. Parks*, 138 F. Supp. 2d 773, 779-80 (S.D. Miss. 2001)
18  (same); *Gordon v. Virtumundo*, 2006 U.S. Dist. LEXIS 34095, *17-18 (W.D. Wash. 2006) (court
19  rejected argument that because defendant did not know location of spam recipients it was not
20  subject to jurisdiction in Washington); *D.C. Micro Dev. Inc. v. Lange*, 246 F. Supp. 2d 705, 711
21  (W.D. KY 2003) (jurisdiction proper where tortious activity is "at the heart of the lawsuit");
22  *Robert Diaz Associates Enterprises, Inc. v. Elete, Inc.*, 2004 WL 1087468, *5 (S.D.N.Y. 2004)
23  (jurisdiction proper over hacker who steals information from computers in another state);
24  *Flowserve Corp. v. Midwest Pipe Repair*, 2006 U.S. Dist. LEXIS 4315, *10 (N.D. Tex. 2006)
25  (jurisdiction proper over "hacker" where servers play a substantial role in plaintiff's claims and
26  reside in the forum state, especially where access was repeated).[1] These results do not violate due
27  process because a "defendant who purposefully directs his actions at a resident of the forum has

---

[1] These cases are filed herewith for the Court's convenience.

28

OHS West:260270844.2

"fair warning" that he may have to litigate there." *Burger King Corp. v. Rudzewiez*, 471 U.S. 462, 472 (1985).

These cases recognize prudentially that a defendant "should not be permitted to take advantage of modern technology via the internet or other electronic means to escape traditional notions of jurisdiction." *Flowserve*, at *8; *see also TravelJungle*, at 850 (defendant assumes the risk when he purposefully targets a particular server); *Robert Diaz*, at *5; *Internet Doorway*, at 779-80; *Verizon*, at 612. *See also Burger King,* at 474. Instead, courts assess the nature and quality of a defendant's Internet activity. *Verizon*, at 616; *Gordon*, at *9.

For instance, the courts in *TravelJungle* and *Flowserve* held that due process was satisfied where defendants hacked into forum computers, even though the plaintiff could not show the defendants actually knew where those computers were located. *Robert Diaz* held that if a defendant hacks into a computer to steal information, the defendant is subject to jurisdiction. *Robert Diaz*, at *5. Jurisdiction was asserted in these cases based on nature and quality of the tortious activity. *Flowserve*, at *10 (attacked servers play a substantial role in claims and information taken multiple times); *TravelJungle*, at 850 (TravelJungle repeatedly sent automated software to AA.com's servers to obtain information from AA.com).

The spamming cases, such as *Verizon*, *Gordon*, and *MaryCLE,* focus on the deliberate nature of the defendants' activity, not on the defendants' actual knowledge of the destination of their email. *Verizon*, at 620; *Gordon*, at *17; *MaryCLE*, at 506; *see also Internet Doorway*, at 779-80. These courts found, based on the nature of spamming activity, that a defendant should expect to answer for its tortious conduct wherever its emails were received.

Here, it is undisputed that Facebook's servers are and were located in California. It also is undisputed that Defendants helped develop a software program designed to circumvent Facebook's security measures, accessed Facebook's computers to steal email addresses, and sent unsolicited commercial email to Facebook's California users through its California servers. It also is undisputed that many of the spam recipients have email addresses from California schools, and that defendants used California student accounts to access other students' email addresses. Under the facts and relevant law, personal jurisdiction over PNS and Williams is proper.

| | |
|---|---|
| Dated: July 18, 2007 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | /s/ I. Neel Chatterjee /s/ |
| | I. Neel Chatterjee |
| | Attorneys for Plaintiffs |
| | THE FACEBOOK, INC. and MARK ZUCKERBERG |

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 28, 2007.

Dated: July 18, 2007.                    Respectfully submitted,

/s/ Theresa A. Sutton /s/
Theresa A. Sutton

OHS West:260270844.2

SUPPLEMENTAL AUTHORITY IN OPPOSITION TO MOT. TO DISMISS
5:07-CV-01389-RS