

Stanford Research Park ▪ 3300 Hillview Avenue ▪ Palo Alto, CA 94304-1203 ▪ 650.849.6600 ▪ Fax 650.849.6666

www.finnegan.com

SCOTT R. MOSKO
(650) 849-6672
Scott.Mosko@finnegan.com

July 20, 2007

Honorable Richard Seeborg
Magistrate Judge of the Northern
   District of California
U.S. District Court
280 South First Street, #2112
San Jose, CA  95113-3008

     Facebook, et al. v. ConnectU, et al
     Action No.:  C 07-01389 RS

Dear Judge Seeborg:

     Plaintiffs submitted copies of *Verizon v. Ralsky*, 203 F. Supp.2d 601 (E.D. Va. 2002) and *Gordon v. Virtumundo, Inc.*, 2006 U.S. Dist. LEXIS 34095 (W.D. Wash. 2006), one day before the hearing.  During the hearing, the Court criticized Plaintiffs for violating Civil L.R. 7-3(d) asking Plaintiffs "Why didn't I get that case before … if it was so important."  The Court did indicate it would read these cases, and give the parties an opportunity to file supplemental letter briefs "with respect only to those additional new authorities.[1]"  On July 11, 2007, a minute order issued that set July 20, 2007 as the due date for these supplemental briefs.  Violating the Court's Order, Plaintiffs' July 19 2007 brief cites and discusses 7 additional cases.  These cases should be disregarded and stricken.  If the Court intends to consider them, Defendants request an opportunity to respond.  This letter brief responds to the Court's questions in the footnote below.

     Neither *Verizon* nor *Gordon* provide sufficient justification for this Court to disregard the clear Ninth Circuit precedent concerning specific jurisdiction.  Since at least 2000, the Ninth Circuit has restricted the exercise of specific jurisdiction to circumstances "when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000).

---

[1] The relevant portion of the transcript shows the court emphasized the limits of the supplemental briefing 3 times: "All right.  What I will do is by the end of next week if either side, *confined to these authorities* which are submitted to me in the Supplemental submission, if either side has anything further they want to say *about these authorities* or if Mr. Mosko has some additional ones he wants to present to me, you get 2 pages, to point out, highlight to me anything they think I need to consider *with respect only to those additional new authorities*.  I am not asking, don't feel you are compelled to do that.  If you want to rest on what you gave me that's fine, if Mr. Mosko can take a look at the authorities and say I have already argued my points on them and doesn't want to argue any further.  Neither party is required to submit anything further to me, but if you want to submit something further because it has got to be a week from today and it is within 2 pages and it can in a form of a letter.  Okay." (emphasis supplied)

Honorable Richard Seeborg
July 20, 2007
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

The *Verizon* court's analysis centers on foreseeability. 203 F. Supp.2d at 612. The Ninth Circuit however states that "something more" than foreseeability is required before specific jurisdiction can be asserted. *Bancroft*, 223 F.3d at 1087. *Verizon* addressed the question of whether a defendant spammer who accesses an internet service provider's servers to distribute millions of emails should be required to answer in the forum where those servers were located. Notably, that court was not applying Ninth Circuit law. The *Verizon* court does not attempt to distinguish cases which had previously required defendant's actual knowledge of plaintiff's location because no such requirement existed in the Fourth Circuit, where the Eastern District of Virginia is located.

Moreover, as stated during the hearing, even if this Court were to disregard Ninth Circuit precedent, the rationale supporting the *Verizon* decision will not support a finding of specific jurisdiction here. In finding that specific jurisdiction could be asserted, the *Verizon* court expressed its concern regarding the deleterious effects of the defendant's spam. That court writes,

> Spam affects e-mail servers and thus the e-mail service to the consumer in several ways. Computer servers process and distribute e-mail transmitted between an ISP's [Internet Service Provider] subscribers and between an ISP's subscribers and other Internet users. The system must spend time and resources processing all e-mail, legitimate as well as spam. When an ISP's servers face an onslaught of large amounts of UBE [unsolicited bulk e-mail], the deluge can overcome its computer servers and impair the e-mail delivery system for a substantial period of time. Spam makes up a substantial portion of all e-mail traffic, consuming massive amounts of network bandwidth, memory, storage space, and other resources." 203 F.Supp.2d at 606.

Reliance upon *Verizon* therefore would be misplaced because Plaintiffs are not Internet Service Providers, and have not alleged the type of harm that would be suffered by ISP servers which encounter and are called upon to process millions of spam emails. Indeed, neither Plaintiff can claim the status of an ISP, which the *Verizon* court defined as an entity that "operates a computer communication service through a proprietary network", and which "allow[s] access to the content available within its own network ... and provides its subscribers with a doorway to the Internet." *Id.* at 605.

Finally, Plaintiffs do not allege that Moving Defendants' acts have approached the commercial nature of the emails that were at issue in either *Verizon* or *Gordon*. The *Gordon* case included allegations that defendant "derived a portion of revenue from business activities conducted [in the forum]". *Gordon*, 2006 U.S. Dist. LEXIS 34095 at *3. In *Gordon*, the plaintiff elicited actual testimony that defendants' acts of sending the emails "have generated revenue..." *Id.* at *13. No such allegations or testimony are present in this case.

Thus, as demonstrated above and during the hearing, neither case represents binding precedent to this Court. To the extent either case serves as a persuasive writing to limit the clear standards set by the Ninth Circuit regarding specific jurisdiction, the rationales supporting each case cannot not be applied to the alleged facts in this case.

466082-2

Honorable Richard Seeborg
July 20, 2007
Page 3

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

Respectfully submitted,

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER LLC

Scott R. Mosko

SRM/rjh

466082-2