Scott R. Mosko (State Bar No. 106070)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California 94304
Telephone:   (650) 849-6600
Facsimile:    (650) 849-6666

Attorney for Defendant ConnectU, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., and MARK ZUCKERBERG,<br><br>Plaintiff,<br><br>v.<br><br>CONNECTU LLC, (now known as CONNECTU, INC.), CAMERON WINKLEVOSS, TYLER WINKLEVOSS, DIVYA NARENDRA, PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, WAYNE CHANG, DAVID GUCWA, and DOES 1-25,<br><br>Defendants. | CASE NO. C 07-01389 RS<br><br>**DEFENDANT CONNECTU, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE CONNECTU, LLC'S AFFIRMATIVE DEFENSES**<br><br>Date:   August 15, 2007<br>Time:  9:30 a.m.<br>Dept.:  4<br>Judge: Hon. Richard Seeborg |


## I. INTRODUCTION

Ignoring this Court's earlier pronouncement to avoid form over substance arguments, Plaintiffs move to strike ConnectU, LLC's ("ConnectU") Second, Third, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth and Thirteenth Affirmative Defenses. The Second Amended Complaint ("SAC") was filed in violation of the Federal Rules, and was outside of the bounds of this Court's Order granting Plaintiffs the right to amend. In an effort to move the case along, this Court deemed the SAC filed despite these violations. Now however, knowing that the only discovery which has been done relates to personal jurisdiction, Plaintiffs claim most of the affirmative defenses should be stricken because "there is no way to determine what grounds support ConnectU's allegations." (Pls.' Mot. 1.) This case is moving backwards as a result of Plaintiffs' procedural games. Indeed, it is worthy to note that Plaintiffs did not move to strike any of ConnectU's previously-asserted affirmative defenses following its answer to the initial complaint. Those affirmative defenses are nearly identical to the ones Plaintiffs now attack. (Mosko Decl. Exh. A).

Plaintiffs' goal is to force ConnectU to needlessly expend funds in this litigation in which Mark Zuckerberg has already admitted there were no damages suffered as a result of the alleged activities. This motion is just another piece of evidence proving Plaintiffs' goal. As the many cases written by judges in this district have noted, motions to strike are highly disfavored. The liberality of pleading approach, combined with the opportunity to conduct discovery regarding assertions made in pleadings should result in this Court's denial of this motion. Moreover, and in any event, none of the cases cited by Plaintiffs, and none of the arguments Plaintiffs make in their motion support an order striking any of ConnectU's affirmative defenses.

## II. ARGUMENT

### A. This Court Should Deny Plaintiffs' Motion Because it Is Disfavored and Unsupported

Motions to strike are viewed negatively and with disfavor "because of the limited import of the pleadings under the Federal Rules." *Netflix, Inc. v. Blockbuster, Inc.*, No. C 06-02361 WHA, 2006 WL 2458717, at *8 (N.D. Cal. Aug. 22, 2006). As such, "motions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject

matter of the litigation." *Id.*, quoting *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). Courts should only grant a motion to strike affirmative defenses if "a defense is insufficient as a matter of law." *Ganley v. County of San Mateo*, No. C06-3923 THE, 2007 U.S. Dist. LEXIS 26467, at * 3 (N.D. Cal. Mar. 22, 2007). "A defense is ordinarily not held to be insufficient unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense, and are inferable from the pleadings, or unless the defense fails to give [] plaintiff fair notice of the defense." *Smith v. Wal-Mart Stores*, No. C 06-2069 SBA, 2006 U.S. Dist. LEXIS 72225, at *4 (N.D. Cal. Sep. 20, 2006) (internal citations omitted).

Plaintiffs have not made a showing supporting any argument that would justify an order striking any of their defenses. The only argument Plaintiffs make is that they are unsure of the bases for these defenses. However, once discovery opens, Plaintiffs will undoubtedly propound exhausting discovery that will clear up any confusion they may have. This motion must be denied.

**B.    The Supreme Court's Decision in *Bell Atlantic Corp. v. Twombly* Did Not Change the Pleading Standard for the Affirmative Defenses Relevant to This Motion**

Plaintiffs claim that the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) established "new pleading standards" under the Federal Rules. (Pls.' Mot. 1.) However, as the Second Circuit has recognized, there is "considerable uncertainty" surrounding the implications of the *Bell Atlantic* holding. *Iqbal v. Hasty*, No. 05-5768-CV, 2007 WL 1717803, at *8 (2d Cir. June 14, 2007). For example, the Second Circuit noted that the holding from *Bell Atlantic* might be limited to its facts. *See id.* at *9 ("some of the Court's linguistic signals point away from a heightened pleading standard and suggest that whatever the Court is requiring in *Bell Atlantic* might be limited to, or at least applied most rigorously in, the context of either all section 1 [anti-trust] allegations or perhaps only those section 1 allegations relying on competitors' parallel conduct."). After carefully analyzing *Bell Atlantic*'s "conflicting signals," the Second Circuit concluded that the Supreme Court was "not requiring a universal standard of heightened fact pleading, but [was] instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Id.* at *11 (emphasis in original). Thus, contrary to Plaintiffs'

assertion, *Bell Atlantic* did not universally change the pleading standard, but instead required an amplified plausibility standard "in those contexts where such amplification is needed." *Id.* Here, unlike in *Bell Atlantic* and in *Iqbal*, Plaintiffs have alleged that certain *affirmative defenses* are insufficient as a matter of law and have failed to provide Plaintiffs with fair notice. As Plaintiffs have put forth no argument as to how amplification of the notice pleading standard is necessary in this context, ConnectU's affirmative defenses provide Plaintiffs with sufficient notice and this Court should deny Plaintiffs' motion to strike in its entirety.

    C.    **Plaintiffs' Motion to Strike Should be Denied in Its Entirety Because Plaintiffs Have Failed to Demonstrate a Showing of Prejudice**

Motions to strike "are rarely granted in the absence of a showing of prejudice to the moving party." *Smith*, 2006 U.S. Dist. LEXIS 72225, at *7; *see also* 2-12 *Moore's Federal Practice - Civil* § 12.37 ("To prevail on this motion to strike, the movant must clearly show that the challenged matter 'has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants.'"). Plaintiffs have failed to allege, much less demonstrate, that they will be prejudiced by the inclusion of ConnectU's challenged affirmative defenses, and, therefore, this Court should deny Plaintiffs' motion to strike. As stated, once discovery opens regarding all matters, Plaintiffs will have a full opportunity to inquire about the details of these asserted affirmative defenses.

    D.    **ConnectU's Affirmative Defenses Are Not Insufficient as a Matter of Law**

Plaintiffs allege that ConnectU's Second, Third, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth and Thirteenth Affirmative Defenses are "conclusory allegations" and therefore "insufficient as a matter of law." (Pls.' Mot. 2.) Yet Plaintiffs fail to provide any analysis of how any of the allegedly deficient affirmative defenses are insufficient as a matter of law. Nor do Plaintiffs cite any cases in support of their blanket allegation that such defenses are insufficient as a matter of law. *See Ganley*, 2007 U.S. Dist. LEXIS 26467, at *3 ("To determine that a defense is insufficient as a matter of law, 'the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.'"(citation omitted)). Accordingly, Plaintiffs' broad, unsupported assertion that

ConnectU's affirmative defenses are insufficient as a matter of law is without merit. *Cf., e.g., id.* at *12 (striking as insufficient as a matter of law defendant's affirmative defense based on failure to comply with the Tort Claims Act and State Law Immunities because neither defense was a legally valid defense against an action under 42 U.S.C. § 1983 under any set of facts); *United States v. 729.773 Acres of Land*, 531 F. Supp. 967, 972 (D. Haw. 1982) (striking defense that government had no authority to acquire property by condemnation because government's authority was established by statute); *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057-60 (5th Cir. 1982) (striking defense to breach of contract action that contract was "intrinsically illegal" because under federal antitrust laws the defense was invalid as contract did not further anticompetitive practices).

### E. ConnectU's Affirmative Defenses Provide Plaintiffs With Fair Notice

#### 1. ConnectU's Equitable Estoppel Defense Provides Plaintiffs With Fair Notice

Plaintiffs argument that ConnectU's affirmative defenses fail to provide Plaintiffs with fair notice of the defenses is based primarily on language taken from only one case. *See Qarbon.com Inc. v. EHelp Corp.*, 315 F. Supp.2d 1046, 1049 (N.D. Cal. 2004) ("A reference to a doctrine, like a reference to statutory provisions, is insufficient notice."). Yet *Qarbon.com* is factually distinguishable from this case, and it is not clear that the language from *Qarbon.com* even comports with the holdings from other cases in the Ninth Circuit, or that *Qarbon.com* represents the current law in the Ninth Circuit. *See Ganley*, 2007 U.S. Dist. LEXIS 26467, at *4 (noting that "[w]hile in some cases, merely naming a particular defense will be sufficient to satisfy the notice pleading standard, other affirmative defenses require greater specificity, including additional factual allegations.").

*Qarbon.com* is factually distinguishable because it was a patent infringement case. Here, there is no issue of patent infringement, or infringement of any intellectual property, for that matter. In addition, the *Qarbon.com* court, in deciding that the defendant's affirmative defense of "estoppel" did not provide the plaintiff with fair notice, noted that the defendant did not specify "whether it is asserting a single type of estoppel or several types of estoppel such as prosecution

history estoppel, equitable estoppel, or some other type of estoppel." *Qarbon.com*, 315 F. Supp.2d at 1049. Here, ConnectU's Fourth Affirmative Defense specifies that the Plaintiffs' complaint is barred by the doctrine of "*equitable* estoppel." (ConnectU's Answer ¶ 79.) As such, the concerns voiced by the *Qarbon.com* court are of no concern here, and, ConnectU's affirmative defenses provide Plaintiffs with fair notice.

### 2. ConnectU's Res Judicata and Collateral Estoppel Defenses Provide Plaintiffs With Fair Notice

Plaintiffs argue that the mere reference to the doctrines of res judicata and collateral estoppel is insufficient notice. (Pls.' Mot. 4.) To the contrary, Plaintiffs are fully aware that prior to this case being removed to this Court, the Santa Clara State Court and the U.S. District Court for the District of Massachusetts issued orders directly relevant to this case. Plaintiffs have chosen to litigate these facts simultaneously in multiple courts. As a result, the adverse rulings Plaintiffs have received and undoubtedly will continue to receive will serve to limit this case via res judicata and collateral estoppel.[1] Given that Mark Zuckerberg has voluntarily appeared as a party plaintiff, both he and TheFacebook, Inc. know full well the adverse rulings from these other courts. Thus, ConnectU's Second and Third Affirmative Defenses provide Plaintiffs with fair notice.

### 3. ConnectU's Waiver Defense Provides Plaintiffs With Fair Notice

Plaintiffs cite to *Qarbon.com* in support of the argument that ConnectU's waiver defense does not provide fair notice. Although *Qarbon.com* did strike a waiver defense as not providing fair notice, one of this Court's more recent opinions provides a more reasoned approach to a motion to strike the defense of waiver. *See Ganley*, 2007 U.S. Dist. LEXIS 26467, at *16-17 (denying motion to strike waiver defense). In *Ganley*, this Court noted that "[s]ome courts have taken the approach that pleading an affirmative defense of waiver 'requires a recitation of

---

[1] For example, the Ninth Circuit in *Kendall v. Overseas Dev. Corp.*, noted that the issue of a prior state court ruling regarding personal jurisdiction concerned the doctrine of issue preclusion, or collateral estoppel. 700 F.2d 536, 538 n.2 (9th Cir. 1983). However, for "the sake of simplicity" the Ninth Circuit used the term *res judicata* throughout its opinion. *Id.* As a result of this ambiguity, ConnectU pleaded both res judicata and collateral estoppel as valid affirmative defenses.

adequate facts; conclusions do not suffice.'" *Id.*, quoting *Weber Shandwick Worldwide v. Reid*, No. 05 C 709, 2005 WL 1651030, at *6 (N.D. Ill. May 12, 2005). However, the *Ganley* court reasoned that "the more prevalent approach is to broadly construe the notice pleading standard under the Federal Rules" and "the question is merely whether the pleading provides the plaintiff with sufficient notice of the defense." *Id.* Here, like the defendant in *Ganley*, ConnectU has alleged that Plaintiffs have waived any rights they may have in their allegations. Thus, this Court should deny Plaintiffs' motion to strike ConnectU's Fifth Affirmative Defense.

### 4. ConnectU's Mitigation Defense Provides Plaintiffs With Fair Notice

Plaintiffs characterize ConnectU's Eighth Affirmative Defense as a "negligence" defense. In actuality, ConnectU's Eighth Affirmative Defense is a mitigation defense. ConnectU alleges that Plaintiffs failed to mitigate any of the alleged damages they claimed to have suffered. This Court recently noted that "[a]lthough no case law from this district or circuit is available, several courts have held that 'where discovery has barely begun, the failure to mitigate defense is sufficiently pled without additional facts.'" *Id.* at *18, *quoting AAR Int'l, Inc. v. Vacances Heliades S.A.*, 202 F. Supp.2d 788, 800 (N.D. Ill. 2002). Here, the parties have engaged in very limited discovery, and the discovery that has been conducted has focused on jurisdictional issues. Accordingly, like the defendant in *Ganley*, ConnectU has put Plaintiffs on notice of the defense. "[T]he failure to mitigate defense is [therefore] sufficiently plead without additional facts." *Id.* This Court should deny Plaintiffs' motion to strike ConnectU's Eighth Affirmative Defense.

### 5. ConnectU's Lack of Causation Defense Provides Plaintiffs With Fair Notice

Plaintiffs' argument in favor of striking ConnectU's Tenth Affirmative Defense is similarly flawed. Plaintiffs allege that ConnectU has failed "to identify any intervening or superseding causes." (Pls.' Mot. 5.) However, ConnectU's Tenth Affirmative Defense is sufficient to put Plaintiffs on notice. Discovery will uncover the details of this and the other affirmative defenses. Consequently Plaintiffs motion to strike ConnectU's Tenth Affirmative Defense is without merit. *See Ganley*, 2007 U.S. Dist. LEXIS 26467, at *10-11 (noting that defense of "Third Parties" was enough to put plaintiff on notice and " Plaintiff has not demonstrated that

Defendant will be unable to prove a set of facts by which third parties were responsible for some or all of the harm suffered by Plaintiff.").

### 6. ConnectU's Unclean Hands and *In Pari Delicto* Defenses Provide Plaintiffs With Fair Notice

Finally, for the same reasons articulated above, *see supra* Part II.D.4, this Court should deny Plaintiffs' motion to strike ConnectU's Ninth and Thirteenth Affirmative Defenses. ConnectU has put Plaintiffs on fair notice of these defenses. As explained above, discovery is just beginning in this case. *See id.* at *14 (denying a motion to strike the defense of unclean hands). As such, this Court should deny Plaintiffs' motion to strike ConnectU's Ninth and Thirteenth Affirmative Defenses.

### F. If This Court Strikes Any of ConnectU's Affirmative Defenses, ConnectU Should be Given Leave to Amend

Should this Court decide to strike any of ConnectU's Affirmative Defenses, ConnectU respectfully requests leave to amend. *See, e.g., Smith*, 2006 U.S. LEXIS 72225, at *6 ("A court granting a Rule 12(f) motion should generally grant leave to amend, unless the amendment would be futile.").

## III. CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' Motion to Strike ConnectU's affirmative defenses.

Dated: July 25, 2007

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.


By: _____/s/_____
Scott R. Mosko
Attorneys for Defendant
ConnectU, LLC