1   G. HOPKINS GUY, III (State Bar No. 124811)
        hopguy@orrick.com
2   I. NEEL CHATTERJEE (State Bar No. 173985)
        nchatterjee@orrick.com
3   MONTE COOPER (State Bar No. 196746)
        mcooper@orrick.com
4   THERESA A. SUTTON (State Bar No. 211857)
        tsutton@orrick.com
5   CHESTER DAY (State Bar No. 240062)
        cday@orrick.com
6   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
7   Menlo Park, CA  94025
    Telephone:    650-614-7400
8   Facsimile:    650-614-7401

9   Attorneys for Plaintiffs
    FACEBOOK, INC. and MARK ZUCKERBERG

10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                  SAN JOSE DIVISION

14

15   FACEBOOK, INC. and MARK              Case No.  5:07-CV-01389-RS
     ZUCKERBERG,
16                                        **PLAINTIFFS' REPLY TO
                   Plaintiffs,            CONNECTU LLC'S OPPOSITION
17                                        TO PLAINTIFFS' MOTION TO
          v.                              STRIKE CONNECTU LLC'S
18                                        AFFIRMATIVE DEFENSES**
     CONNECTU, INC. (formerly known as
19   CONNECTU, LLC), CAMERON              Date:      August 15, 2007
     WINKLEVOSS, TYLER WINKLEVOSS,        Time:      9:30 A.M.
20   DIVYA NARENDRA, PACIFIC              Judge:     Honorable Richard Seeborg
     NORTHWEST SOFTWARE, INC.,
21   WINSTON WILLIAMS, WAYNE CHANG,
     and DAVID GUCWA,
22
                   Defendants.
23

24

25

26

27

28

Dockets.Justia.com

## I.    <u>INTRODUCTION</u>

The Plaintiffs' motion to strike certain of ConnectU's affirmative defenses should be granted. Plaintiffs' motion not only identifies Defendant's failure to provide the requisite notice under Rule 8, but also seeks to require Plaintiff to focus this case on the legitimate defenses available to Defendant ConnectU LLC. Weeding out implausible legal theories would allow for more expeditious resolution on the merits and eliminate unnecessary expense and delay. ConnectU's "shotgun" approach to pleading affirmative defenses would add unnecessary complexity to this litigation.

Because ConnectU's Answer lacks any of the factual allegations necessary to render its affirmative defenses "plausible on their face," Facebook, Inc. and Mark Zuckerberg (collectively, "Plaintiffs") respectfully request that this Court strike the Second, Third, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth and Thirteenth affirmative defenses asserted in ConnectU's Answer to Plaintiffs' Second Amended Complaint.

## II.    <u>ARGUMENT</u>

The principal deficiency exposed by ConnectU's shotgun approach to asserting numerous inapplicable affirmative defenses without any factual underpinning is that there is no fair notice why the defenses have been pled. Where a defense is not pled sufficiently to provide fair notice, motions to strike are properly granted. *Ganley v. County of San Mateo*, No. 06-3923, 2007 U.S. Dist. LEXIS 26467, at *3-4 (N.D. Cal. Mar. 22, 2007); *see Smith v. Wal-Mart Stores*, No. 06-2069, 2006 U.S. Dist. LEXIS 72225, at *14 (N.D. Cal. Sept. 6, 2006) ("[A]n affirmative defense is subject to the same pleading requirements as is the complaint."). The "key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff *fair notice* of the defense." *Id.* (emphasis added), quoting *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Fair notice means "enough specificity or factual particularity to" inform the plaintiff of the defense that is being advanced. *Id.*, at *24 quoting *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). The "fair notice" standard cannot be met here by the mere recitation of the name of an affirmative defense. *Ganley*, 2007 U.S. Dist. LEXIS 26467, at *5 ("[M]erely naming a particular defense" is insufficient for certain affirmative defenses that require "greater

1  specificity, including additional factual allegations, in order to be properly pleaded.");

2  *Qarbon.com, Inc. v. Ehelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ("A reference to a

3  doctrine, like a reference to statutory provisions, is insufficient notice.").

4       As discussed in Plaintiffs' opening brief, the United States Supreme Court has recently

5  done away with the misconception (and the basis for ConnectU's Opposition) that "a complaint

6  should not be dismissed for failure to state a claim unless it appears beyond doubt that the

7  plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief." *Bell*

8  *Atlantic v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (emphasis added), quoting *Conley v. Gibson*,

9  355 U.S. 41, 45-46 (1957).  Instead, the *Bell Atlantic* court (and Ninth Circuit courts following

10  the Supreme Court's lead) held that pleadings

11
12      must contain more than a formulaic recitation of the elements of a cause of action; it must contain factual allegations sufficient to raise a right to relief above the speculative level. The pleading must contain something more...than...a statement of facts that merely
13      creates a suspicion [of] a legally cognizable right of action.

14  *Consiglio v. Woodford*, No. 05-1701, 2007 U.S. Dist. LEXIS 40678, at *6-7 (E.D. Cal. June 5,

15  2007), quoting *Bell Atlantic*, 127 S. Ct. at 1965 (internal citations omitted) and 5 C. Wright & A.

16  Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).[1]  *Bell Atlantic*'s

17  abrogation of *Conley*'s "no set of facts" rule invalidates ConnectU's reliance on *Ganley* and

18  *Smith* to the extent that these cases apply *Conley* to decide whether a defense is insufficient as a

19  matter of law.  Defendant ConnectU LLC's Opposition to Plaintiffs' Motion to Strike ConnectU,

20  LLC's Affirmative Defenses ("Opp'n") at pp. 2:4-7, 3:25-28.  After *Bell Atlantic*, the sole

21

---

22  [1] ConnectU's suggestion that *Bell Atlantic* may be limited to antitrust cases has been repeatedly rejected by courts in the Ninth Circuit and by *Iqbal v. Hasty* itself. *Compare* Opp'n at p. 2 ll. 19-24 *with Iqbal v. Hasty*, No. 05-5768, 2007 U.S. App. LEXIS 13911, at *35 n. 7 (2d Cir. June 14,
23  2007) ("[I]t would be cavalier to believe that the Court's rejection of the 'no set of facts' language from *Conley*, which has been cited by federal courts at least 10,000 times in a wide variety of
24  contexts (according to a Westlaw search), applies only to *section 1* antitrust claims."); *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, No. 05-5132, 2007 WL 1989336, at *3 n. 2 (2d Cir.
25  Jul. 11, 2007) ("We have declined to read *Twombly's* flexible "plausibility standard" as relating only to antitrust cases.").  *See also U.S. Bank Nat'l Assoc. v. Brown*, No. 03-1150, 2007 U.S.
26  Dist. LEXIS 40550, at *4-5 (D. Or. June 1, 2007); *Johnson v. Exec. Protective Agency K-9 & Investigative Servs.*, No. 07-0570, 2007 U.S. Dist. LEXIS 43585 (S.D. Cal. June 15, 2007);
27  *Castaneda v. City of Williams*, No. 07-00129, 2007 U.S. Dist. LEXIS 42980 (D. Ariz. June 12, 2007); *Garvais v. United States*, No. 03-0290, 2007 U.S. Dist. LEXIS 42359 (E.D. Wash. June
28  11, 2007).

1   remaining test for the sufficiency of a defense is whether the defense gives the plaintiff "fair

2   notice." *Smith*, 2006 U.S. Dist. LEXIS 72225, at *4 ("A defense is ordinarily not held to be

3   insufficient" unless *Conley* applies "or unless the defense fails to 'give[ ] plaintiff fair notice of

4   the defense.'").  Even the cases cited by ConnectU require that pleadings provide "fair notice."

5   *Ganley*, 2007 U.S. Dist. LEXIS 26467, at *4 ("The notice pleading standard in the federal courts

6   requires that an Answer provide Plaintiffs with fair notice of the defense…") (citation and quotes

7   omitted).

8           Despite its acknowledgment that *Bell Atlantic* requires, at a minimum, amplification of a

9   claim where needed to render the claim plausible, ConnectU incorrectly argues that it has

10  satisfied the pleading requirements by merely naming its affirmative defenses or reciting the

11  elements in a conclusory manner.  *Bell Atlantic*, 127 S. Ct. at 1959.  ConnectU misapprehends,

12  however, the basis for Plaintiffs' motion to strike and the basic principles of the "fair notice"

13  requirement.  ConnectU contends that "discovery will uncover the details" of its affirmative

14  defenses.[2]  Plaintiffs, on the other hand, simply want (and are entitled) to understand the bases for

15  such defenses.  ConnectU's suggestion that the Court deny Plaintiffs' motion because they will

16  eventually learn what ConnectU's affirmative defenses concern flies in the face of even the most

17  basic notions of notice pleading.[3]

18          As discussed below, ConnectU's Second, Third, Fourth, Fifth, Seventh, Eighth, Ninth,

19  Tenth and Thirteenth affirmative defenses must be stricken because ConnectU has not provided

20  ───────────────
    [2] ConnectU puts the cart before the horse.  While discovery may sort out the details of the claims
21  and defenses in this action, ConnectU was required to have a Rule 11 basis for asserting its
    affirmative defenses in the first instance.  Fed. R. Civ. P. 11.  ConnectU does not explain what
22  harm it would suffer if it were required to specify the factual basis for its affirmative defenses
    when, presumably, those facts are readily available to it.
23  [3] ConnectU repeatedly argues that discovery is in its early stages, has been limited to personal
    jurisdiction and, therefore, the motion to strike is premature.  ConnectU ignores the fact that
24  because it already answered, non-jurisdictional discovery commenced long ago.  Indeed,
    ConnectU served document requests in this action that related to damages issues, and even
25  unsuccessfully moved to compel further responses in the Superior Court.  Moreover, under the
    Protective Order, and as discussed at the July 11, 2007 CMC, ConnectU is also entitled to use all
26  of the documentation produced by Facebook and Zuckerberg in the Massachusetts action.
    Plaintiffs have produced documents in response to more than 250 document requests in
27  Massachusetts.  Discovery is not in its infancy.  Because significant non-jurisdictional discovery
    has occurred both in this action, and the related Massachusetts action, further discovery is
28  unlikely to uncover the factual bases necessary to support ConnectU's insufficiently pled
    defenses.

1  the requisite fair notice pleading.  Indeed, ConnectU only alleges by name and "formulaic

2  recitation" its various affirmative defenses.  No facts exist to support these defenses.

3        **1.    ConnectU Does Not Have Standing To Assert Its Second And Third
              Affirmative Defenses**

4

5        ConnectU asserts two affirmative defenses — *res judicata* (Second Affirmative Defense)

6  and collateral estoppel (Third Affirmative Defense) — that potentially refer to dozens of orders

7  issued among the three cases between the parties.  To the extent that ConnectU is referring to a

8  dismissal by the Superior Court of four individual defendants in this case, these defenses are

9  unrelated to the allegations asserted against ConnectU.  Therefore, ConnectU does not have

10 standing nor is it the real party in interest to assert them.  *Federal Deposit Ins. Corp. v. Main*

11 *Hurdman*, 655 F.Supp. 259, (E.D. Cal. 1987).  Indeed, that order and any other orders entered by

12 this Court and/or the Superior Court are evaluated under the law of the case doctrine, ***not*** *res*

13 *judicata* or collateral estoppel.  *See Payne ex rel. Hicks v. Churchich*, 161 F.3d 1030, 1037-38

14 (7th Cir. 1998) (holding that district court erred in concluding state court's ruling granting

15 summary judgment prior to removal was *res judicata*, and instead should have evaluated the

16 summary judgment ruling under the law of the case doctrine).  *See also Granny Goose Foods,*

17 *Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 436 (1974).  For

18 these reason, the Second and Third affirmative defenses must be dismissed as irrelevant,

19 immaterial and impertinent.

20        If, however, ConnectU's defenses relate to any one of a number of orders in the

21 Massachusetts action or the appeal pending in the First Circuit, the fair notice requirement

22 mandates that ConnectU set forth facts showing how such orders have preclusive collateral

23 estoppel or *res judicata* effect on plaintiff's claims here.  In *Ganley*, this Court struck a *res*

24 *judicata* defense because the defendant failed to identify the judicial proceedings "which would

25 carry preclusive effect" on the claims at issue.  *Ganley*, 2007 U.S. Dist. LEXIS 26467, at *15.

26 The same is true here, particularly since it is ConnectU's complaint that was dismissed by the

27 Massachusetts Court, not Facebook's.  ConnectU attempts to sidestep the "fair notice"

28 requirement by claiming Plaintiffs are already fully aware of what ConnectU is referring to in

1  these defenses. Opp'n at 5:15. Instead of identifying the orders with preclusive effect, ConnectU

2  refers to two proceedings (when, in fact, there are three) in which dozens of orders have been

3  issued. Furthermore, none of the orders in the Superior Court action identified by ConnectU can

4  serve as the basis for either *res judicata* or collateral estoppel since such orders are instead law of

5  the case.

6      Therefore, Plaintiffs remain unable to discern which claims or issues ConnectU could

7  plausibly contend give rise to these affirmative defenses. Thus, ConnectU's Second and Third

8  Affirmative Defenses must be stricken as insufficient, immaterial and impertinent.

9              **2.    ConnectU Has Not Provided Fair Notice Of The Bases For Its Seventh,
               Eighth, Ninth, Or Thirteenth Affirmative Defenses**

10

11      At least four of ConnectU's defenses allege that Facebook and Zuckerberg were at fault

12  (or failed to mitigate their damages) for 1) ConnectU's deliberate and repeated breaches of

13  Facebook's security mechanisms; 2) theft of Facebook users' data; and 3) spamming of

14  Facebook's users. In light of the facts alleged in the Complaint, and absent any factual

15  allegations by ConnectU, Plaintiffs cannot determine from the face of the Answer how they are at

16  fault for ConnectU's wrongdoing. Indeed, the Second Amended Complaint demonstrates that

17  Plaintiffs took extraordinary steps to prevent ConnectU from engaging in its wrongful acts.

18      ConnectU's Seventh Affirmative Defense (others at fault) is not a recognized affirmative

19  defense and, for that reason alone, must be stricken. See Fed. R. Civ. P. 8(c); 27 Fed. Proc. L. Ed.

20  § 62:81. Further, ConnectU's "it's not my fault" defense indicates that Plaintiffs (or some

21  unidentified person) are at fault for the injury Plaintiffs sustained by ConnectU's hacking, theft,

22  and spamming. ConnectU does not, however, explain how that is possible, nor can Plaintiffs

23  determine any possible theory upon which ConnectU can rely for this defense. To the extent

24  ConnectU is placing blame on someone other than its co-defendants, Plaintiffs should be apprised

25  of such facts under the new *Twombly* standard. As currently pled, ConnectU's Seventh

26  Affirmative Defense is insufficient as a matter of law and must be stricken.

27      In its Eighth Affirmative Defense (mitigation), ConnectU asserts that Plaintiffs failed to

28  mitigate its damages. Again, ConnectU provides no basis for asserting this defense. Plaintiffs are

1    unclear what ConnectU believes Plaintiffs could possibly have done to keep ConnectU from

2    engaging in its wrongful behavior (short of shutting the website down), or how Plaintiffs could

3    have further mitigated the harm caused by ConnectU's wrongful acts. Nothing in the Complaint

4    suggests that Plaintiffs had any additional opportunities to mitigate of which they had not already

5    availed themselves. Instead, the current facts demonstrate that Plaintiffs had gone out of their

6    way to mitigate their damages. ConnectU's Eighth Affirmative Defense must be stricken as

7    implausible under the *Twombly* standard.

8        ConnectU's Ninth (unclean hands) and Thirteenth (*in pari delicto*) affirmative defenses

9    are likewise unavailing. Ninth Circuit precedent mandates that ConnectU allege a factual basis

10    for its affirmative defense of unclean hands. *See Ganley*, 2007 U.S. Dist. LEXIS 26467, at *5,

11    citing *Qarbon.com,* 315 F. Supp. 2d at 1050 (striking affirmative defenses of waiver, estoppel and

12    unclean hands for failure to allege factual basis). Further, in order to prevail on its unclean hands

13    argument, ConnectU must show that Plaintiffs engaged in misconduct that is directly related to

14    the matter before the Court, and that misconduct is so prejudicial that it would be unfair to allow

15    the Plaintiffs to prevail in their causes of action. See *Unilogic, Inc. v. Burroughs Corp.*, 10 Cal.

16    App. 4th 612, 620-621 (1992). No inference can be drawn from the allegations in the Complaint

17    to suggest that Plaintiffs engaged in any such conduct, nor has ConnectU alleged any in its

18    Answer. To the extent that ConnectU is relying on allegations in another action, such as

19    Massachusetts, it should be required to so plead.

20        ConnectU's *in pari delicto* defense is likewise insufficiently pled. *In pari delicto* means

21    "in a case of equal or mutual fault." Black's Law Dictionary 711 (5th ed. 1979). Plaintiffs

22    cannot fathom any plausible set of facts emanating from the allegations in the Complaint that

23    could support the theory that they are mutually at fault for the harm ConnectU and its co-

24    defendants caused Plaintiffs. ConnectU's Thirteenth Affirmative Defense is insufficiently pled,

25    impertinent and irrelevant. ConnectU should be required to provide a factual basis for its Ninth

26    and Thirteenth defenses.

27        Without even a minimal factual basis, Plaintiffs' Seventh, Eighth, Ninth, and Thirteenth

28    affirmative defenses fail to provide the requisite notice and should be stricken as insufficient,

1   irrelevant, and impertinent.

2   **3.    ConnectU Has Not Provided Fair Notice Of The Basis For Its Fourth**
        **And Fifth Affirmative Defenses**

3

4       ConnectU alleges that Plaintiffs waived their right to relief and/or should be equitably

5   estopped from seeking relief.  Again, in light of the current state of allegations in this action,

6   Plaintiffs are completely unaware of any facts that would lead ConnectU to believe Plaintiffs

7   waived their right to relief or behaved in a way that gives rise to an equitable estoppel defense.

8   Furthermore, Ninth Circuit precedent requires ConnectU to allege a factual basis for its

9   affirmative defenses of waiver and estoppel.  *See Ganley*, 2007 U.S. Dist. LEXIS 26467, at *5.

10  citing *Qarbon.com*, 315 F. Supp. 2d at 1050 (striking affirmative defenses of waiver, estoppel and

11  unclean hands for failure to allege factual basis).

12      In order to succeed on a waiver defense, ConnectU must be able to show that Plaintiffs

13  intentionally and expressly waived a known right.  See *Roesch v. De Mota*, 24 Cal.2d 563, 572

14  (1944); *Moss v. Minor Properties, Inc*., 262 Cal. App. 2d 847, 857 (1968).  It is unclear, however,

15  what rights ConnectU believes Plaintiffs intentionally and expressly waived.  If ConnectU is

16  suggesting that Plaintiffs waived its right to complain that ConnectU hacked into their website,

17  stole information and then spammed users, there is no plausible set of facts to support that theory,

18  and ConnectU offers none.  If ConnectU is asserting a waiver defense on the notion that Plaintiffs

19  were required to appeal the Superior Court's dismissal of four individual defendants, ConnectU

20  does not have standing (nor is it the real party in interest) to make that argument.  If ConnectU

21  has another waiver theory, it should set forth facts identifying that theory.  Under any theory,

22  ConnectU's Fourth Affirmative Defense must be stricken as insufficient, irrelevant, impertinent,

23  and immaterial.

24      Likewise, ConnectU's equitable estoppel defense fails.  To prove estoppel, ConnectU

25  must show that Plaintiffs knew the facts giving rise to the estoppel, Plaintiffs intended that

26  ConnectU would act on Plaintiffs conduct, and that ConnectU was ignorant of the facts, and

27  relied on Plaintiffs action to its detriment.  *U.S. v. Garan*, 12 F.3d 858, 860 (9th Cir. 1993);

28  *Morris v. Andrus*, 593 F.2d 851, 854 (9th Cir. 1978).  Nothing in the Complaint implies that any

1    such facts exist.  The Complaint alleges only that ConnectU (and the other defendants) repeatedly

2    and deliberately circumvented Plaintiffs' website security, stole their users' data and spammed

3    Plaintiffs' users.  No plausible set of facts emanate from ConnectU's allegations that could give

4    rise to a defense of equitable estoppel.  As a result, ConnectU's allegation that Plaintiffs are

5    equitably estopped, without more, is insufficient and must be stricken.

6          **4.    ConnectU Must Provide Fair Notice Of The Basis For Its Tenth
               Affirmative Defense**
7

8          ConnectU alleges that it is not at fault because of unidentified "intervening and

9    superceding" causes.  A superceding or intervening cause requires an act of a third person or

10   other force that, by its intervention, prevented ConnectU from assuming liability in this action.

11   Restatement Second of Torts § 440.   Absent a factual basis for this defense, Plaintiffs cannot

12   determine who or what ConnectU contends is the intervening or superceding force.  Initially,

13   Plaintiffs believed that Defendants Winston Williams and Pacific Northwest Software were said

14   cause (because ConnectU repeatedly asserted that they were responsible for developing the

15   software program used to breach Facebook's computer security and steal data).  Plaintiffs now are

16   left to speculate whether these parties can be the intervening or superceding forces alleged, given

17   the apparent conflict that would raise for the parties' counsel.  As a result, Plaintiffs cannot be

18   said to have fair notice of the basis for this defense.  ConnectU's Tenth affirmative defense

19   should be stricken as insufficient.

20         **5.    ConnectU's Failure To Provide The Requisite Fair Notice Will
               Prejudice Plaintiffs**
21

22         ConnectU argues that Plaintiffs must show they will suffer prejudice in order to succeed

23   on this motion.  Where the pleading is deficient as a matter of law, the Court has discretion to

24   strike any offending matter.  *See Smith*, 2006 U.S. Dist. LEXIS 72225, at *3 (a court "may order

25   stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or

26   scandalous matter."); *see also Ganley*, 2007 U.S. Dist. LEXIS 26467, at *3-4 (motion to strike is

27   "proper when a defense is insufficient as a matter of law" and where doing so will "streamline the

28   ultimate resolution of the action").  The "function of a Rule 12(f) motion to strike is to avoid the

1    expenditure of time and money that must arise from litigating spurious issues by dispensing with

2    those issues prior to trial . . . ." *Smith*, 2006 U.S. Dist. LEXIS 72225, at \*4-5.  Thus, where, as

3    here, Plaintiffs have shown that many of ConnectU's defenses are insufficiently pled and lack

4    plausibility on their face, an order striking them is appropriate.  Prejudice is inherent in the lack of

5    notice provided by insufficient pleading, requiring Plaintiffs to engage in misguided discovery

6    and litigate unnecessarily against improvidently raised defenses.

7    **III.    CONCLUSION**

8            For the foregoing reasons, Plaintiffs respectfully request that this Court strike ConnectU's

9    Second, Third, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth and Thirteenth Affirmative Defenses

10   pursuant to Federal Rule of Civil Procedure 12(f).

11

12   Dated: August 1, 2007                    ORRICK, HERRINGTON & SUTCLIFFE LLP

13

14                                            _____
                                                         /s/ Chester Day
15                                                       Chester Day
                                                  Attorneys for Plaintiffs
16                                            THE FACEBOOK, INC. and MARK
                                                       ZUCKERBERG

17

18

19

20

21

22

23

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2

3
I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 1, 2007.

4

Dated:  August 1, 2007                         Respectfully submitted,

5

6
_____
/s/ Chester Day
Chester Day

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28