*E-FILED 8/14/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

THE FACEBOOK, INC.,

    Plaintiff,

  v.

CONNECTU LLC, et al.,

    Defendants.
_____/

NO. C 07-01389 (RS)

**ORDER DENYING MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Plaintiff The Facebook, Inc. moves to strike the affirmative defenses pleaded herein by defendant ConnectU. The Court finds the matter suitable for submission without oral argument, pursuant to Civil Local Rule 7-1 (b).

It is fairly common practice for parties answering complaints to attempt to err on the side of over-inclusion and to state, in almost laundry list fashion, as many "affirmative defenses" as possible, often in wholly conclusory form. On occasion, some of the "defenses" alleged may not even be true affirmative defense, but instead relate to elements of the plaintiff's claims. Where an attorney simply selects all potentially available affirmative defenses from the standard forms used in the attorney's office, with little analysis or consideration of the particular facts at hand, it may at times press up against the boundaries of the attorney's duties under Rule 11 of the Federal Rules of Civil Procedure. Moreover, bare legal conclusions posing as affirmative defenses arguably contravene the requirements of Rule 8 and of case law that pleadings provide "fair notice." See *Wyshak v. City Nat. Bank*, 607 F.2d 824, 927 (9th Cir. 1979) ("The key to determining the

1

sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."). For these reasons, rote pleading of affirmative defenses, particularly in conclusory fashion, is not to be encouraged.

That said, insufficiently pleaded affirmative defenses present significantly different issues than conclusory allegations in a complaint or even in a counterclaim or cross-complaint.[1] Permitting a plaintiff to proceed on a conclusory or factually deficient complaint potentially exposes the defendant to expensive and intrusive discovery, and to pressure to settle the matter for its "nuisance value." In most cases, even the most conclusory affirmative defenses do not impose similar burdens. In few instances, if any, will such pleadings render subject matter discoverable that is not already implicated by the allegations of the complaint. To determine the precise nature of the defendant's affirmative defenses, plaintiff will rarely need do more than propound simple "state all facts" interrogatories. Even if the responses are not wholly satisfactory, or if it becomes apparent some lack sufficient evidentiary basis, plaintiff is then in a position not greatly different from the circumstances that would exist if the defenses had been pleaded with greater particularity in the first instance.

Proceeding with a motion to strike, in contrast, almost inevitably is a less efficient way of moving towards a resolution on the merits. Even if the motion were granted as a result of the technical deficiencies in the pleading, leave to amend would be required under nearly all conceivable circumstances. While the defendant might then abandon at least some of the weaker defenses in some instances, most likely the amended pleading will still contain numerous affirmative defenses, which, even if stated with sufficient factual detail for pleading purposes, will still lead to a set of "state all facts" interrogatories.

Granting or denying a motion to strike lies within the discretion of the court. *See Federal Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir.1990). Although the pleading

---

[1] While the issues facing defendants, cross-defendants, and counter-defendant may differ somewhat depending on whether they had a role in initiating the litigation or not, defending against any form of claim for affirmative relief is substantially different from responding to an affirmative defense. For convenience, the remainder of this discussion will not specifically reference counter-complaints and cross-complaints.

of affirmative defenses in overly-conclusory fashion should be avoided for the reasons stated above, the countervailing interest in conserving resources of the parties and the Court warrants denying this motion. ConnectU, however, is expected to exercise the utmost good faith in evaluating whether any of its asserted affirmative defenses should be withdrawn, in the event they appear to lack evidentiary support.

IT IS SO ORDERED.

Dated: August 14, 2007

RICHARD SEEBORG
United States Magistrate Judge

ORDER DENYING MOTION TO STRIKE
C 07-01389 (RS)

3

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

I. Neel Chatterjee    nchatterjee@orrick.com, kmudurian@orrick.com

Monte M.F. Cooper    mcooper@orrick.com, adalton@orrick.com, shart@orrick.com

Chester Wren-Ming Day    cday@orrick.com, descamilla@orrick.com, mgirroir@orrick.com

George Hopkins Guy , III    hopguy@orrick.com, adalton@orrick.com, msagmit@orrick.com

Scott Richard Mosko    scott.mosko@finnegan.com, karen.reimer@finnegan.com, lissette.vazquez@finnegan.com, matthew.tueller@finnegan.com, randal.holderfield@finnegan.com, rosanna.herrick@finnegan.com, thuy.luu@finnegan.com

Theresa Ann Sutton    tsutton@orrick.com, aako-nai@orrick.com, ygreer@orrick.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 8/14/07**                                    **Chambers of Judge Richard Seeborg**

                                                       **By:    /s/ BAK**

ORDER DENYING MOTION TO STRIKE
C 07-01389 (RS)