1   G. HOPKINS GUY, III (State Bar No. 124811)
        hopguy@orrick.com
2   I. NEEL CHATTERJEE (State Bar No. 173985)
        nchatterjee@orrick.com
3   MONTE COOPER (State Bar No. 196746)
        mcooper@orrick.com
4   THERESA A. SUTTON (State Bar No. 211857)
        tsutton@orrick.com
5   YVONNE P. GREER (State Bar No. 214072)
        ygreer@orrick.com
6   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
7   Menlo Park, CA  94025
    Telephone:    650-614-7400
8   Facsimile:    650-614-7401

9   Attorneys for Plaintiffs
    FACEBOOK, INC. and MARK ZUCKERBERG
10

11                      UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                          SAN JOSE DIVISION

14

15  FACEBOOK, INC. and MARK              Case No.  5:07-CV-01389-RS
    ZUCKERBERG,
16                                       **DECLARATION OF I. NEEL
                    Plaintiffs,          CHATTERJEE IN SUPPORT OF
17                                       FACEBOOK'S MOTION FOR
            v.                           SANCTIONS**
18
    CONNECTU, INC. (formerly known as    Date:      September 26, 2007
19  CONNECTU, LLC), CAMERON              Time:      9:30 a.m.
    WINKLEVOSS, TYLER WINKLEVOSS,        Judge:     Honorable Richard Seeborg
20  DIVYA NARENDRA, PACIFIC
    NORTHWEST SOFTWARE, INC.,
21  WINSTON WILLIAMS, WAYNE CHANG,
    and DAVID GUCWA AND DOES 1-25,
22
                    Defendants.
23

24

25

26

27

28

1      I. Neel Chatterjee, declare as follows:

2          1.      I am an attorney with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel

3   for Plaintiff The Facebook, Inc. I make this Declaration in support of Facebook's Motion for

4   Evidentiary and Related Sanctions, Including Sanctions Pursuant to 28. U.S.C. § 1927, Against

5   Defendants ConnectU, Inc., Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra.. I am

6   an active member in good standing of the California State Bar. Except as set forth herein, I have

7   personal knowledge of the facts stated herein and if called as a witness, could and would

8   competently testify thereto.

9          2.      Attached hereto as **Exhibit A** is a true and correct copy of the complaint filed in

10  the District of Massachusetts on September 2, 2004 against Mark Zuckerberg, Eduardo Saverin,

11  Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and TheFacebook (Case No. 01:04-

12  11923-DPW).

13         3.      Attached hereto as **Exhibit B** is a true and correct copy of Defendants' re-filed

14  Motion to Quash Service of Complaint and Summons for Lack of Personal Jurisdiction, filed

15  April 28, 2006.

16         4.      Attached hereto as **Exhibit C** is a true and correct copy of the Order of Dismissal

17  adopting United States Magistrate Judge Collings' Report and Recommendation on Facebook

18  Defendants' Motion to Dismiss, issued on March 28, 2007 (D.I. 289) in the Massachusetts

19  Action.

20         5.      Attached hereto as **Exhibit D** is a true and correct copy of the March 2, 2007

21  Report and Recommendation (D.I. 283) in the Massachusetts Action .

22         6.      Attached hereto as **Exhibit E** is a true and correct copy of the original August 17,

23  2005 complaint in this action.

24         7.      Attached hereto as **Exhibit F** is a true and correct copy of the November 18, 2004

25  Answer to the Massachusetts Action complaint.

26         8.      Attached hereto as **Exhibit G** is a true and correct copy of Defendant and

27  Counterclaimant The Facebook, Inc.'s First Set of Interrogatories to ConnectU LLC (Nos. 1-17),

28  served July 11, 2005 in the Massachusetts Action.

CHATTERJEE DECL. ISO MOTION FOR SANCTIONS
                                                          5:07-CV-01389-RS

1    9.    Attached hereto as **Exhibit H** is a true and correct copy of Defendant and

2  Counterclaimant The Facebook, Inc.'s First Request to Plaintiff and Counter defendant ConnectU

3  LLC for Production of Documents and Things (Nos. 1-28), served April 6, 2005 in the

4  Massachusetts Action.

5    10.    Attached hereto as **Exhibit I** is a true and correct copy of The Facebook, Inc.'s

6  July 27, 2005 Amended Notice of Deposition of Plaintiff and Counter defendant ConnectU LLC

7  Pursuant to Fed. R. Civ. P. 30(b)(6)  in the Massachusetts Action.

8    11.    Attached hereto as **Exhibit J** is a true and correct copy of ConnectU production

9  document titled Limited Liability Company Operating Agreement of ConnectU LLC, signed

10  August 5, 2005 and Bates labeled C011285 – C011335.  **[CONFIDENTIAL DOCUMENT**

11  **SUBMITTED UNDER SEAL]**

12    12.    Attached hereto as **Exhibit K** is a true and correct copy of Defendants' first

13  Motion to Quash Service of Complaint and Summons for Lack of Personal Jurisdiction dated

14  October 25, 2005.

15    13.    Attached hereto as **Exhibit L** is a true and correct copy of the court's January 6,

16  2006 Order granting Facebook, Inc's *Ex Parte* Application to Compel Limited Deposition on the

17  Subject of Personal Jurisdiction.

18    14.    Attached hereto as **Exhibit M** is a true and correct copy of February 17, 2006

19  court Order.

20    15.    Attached hereto as **Exhibit N** is a true and correct copy March 3, 2006 Declaration

21  of ConnectU LLC.

22    16.    Attached hereto as **Exhibit O** is a true and correct copy Amended Response of

23  Defendant Divya Narendra to Plaintiff's First Set of Special Interrogatories (1-23) served March

24  9, 2006.

25    17.    Attached hereto as **Exhibit P** is a true and correct copy of Amended Response of

26  Defendant Divya Narendra to Form Interrogatories served April 3, 2006.

27    18.    Attached hereto as **Exhibit Q** is a true and correct copy of Response to Defendant

28  Divya Narendra to First Set of Requests for Admission served October 31, 2005.

1    19.    Attached hereto as **Exhibit R** is a true and correct copy of the Court's Order re

2    Demurrer of Defendant ConnectU, LLC to Complaint and Motion of Defendats Cameron

3    Winklevoss, Tyler Winklevoss, Howard Winklevoss and Divya Narendra to Quash Service of

4    Summons and Complaint for Lack of Personal Jurisdiction, filed on June 2, 2006 Order.

5    20.    Attached hereto as **Exhibit S** is a true and correct copy of  Notice of Newly

6    Identified Authority in Support of Facebook's Defendants' Motion to Dismiss filed April 14,

7    2006 (D.I 169) in the Massachusetts Action.

8    21.    Attached hereto as **Exhibit T** is a true and correct copy of Response to Notice of

9    Newly Identified Authority in Support of ConnectU's Opposition to Defendants' Motion to

10    Dismiss, filed April 26, 2006 (D.I. 171) in the Massachusetts Action.

11    22.    Attached hereto as **Exhibit U** is a true and correct copy of Plaintiff's Supplemental

12    Brief in Opposition to Dismiss, Presenting New Evidence and Supplemental Authority in View of

13    *Pramco* filed June 12, 2006 in Massachusetts Action.  **[CONFIDENTIAL DOCUMENT**

14    **SUBMITTED UNDER SEAL]**

15    23.    Attached hereto as **Exhibit V** is a true and correct copy of the Declaration of

16    Divya Narendra in Support of Plaintiff's Supplemental Brief in Opposition to Motion to Dismiss,

17    Presenting New Evidence and Supplemental Authority in view of *Pramco* (D.I. 184); the

18    Declaration of Cameron Winklevoss in Support of Plaintiff's Supplemental Brief in Opposition to

19    Motion to Dismiss, Presenting New Evidence and Supplemental Authority in view of *Pramco*

20    (D.I. 183); the Declaration of Tyler Winklevoss in Support of Plaintiff's Supplemental Brief in

21    Opposition to Motion to Dismiss, Presenting New Evidence and Supplemental Authority in view

22    of *Pramco* (D.I. 185) filed June 12, 2006 in Massachusetts Action.

23    24.    Attached hereto as **Exhibit W** is a true and correct copy Amendment to Second

24    Amended Response of Defendant ConnectU LLC to Plaintiff's First Set of Special

25    Interrogatories.

26    25.    Attached hereto as **Exhibit X** is a true and correct copy of the Second

27    Memorandum and Procedural Order entered on August 24, 2006 (D.I. 230) in Massachusetts

28    Action.

1    26.    Attached hereto as **Exhibit Y** is a true and correct copy of excerpts of October 24,

2    2006 evidentiary hearing transcript from the Massachusetts Action.

3    27.    Attached hereto as **Exhibit Z** is a true and correct copy of excerpts of October 25,

4    2006 evidentiary hearing transcript from the Massachusetts Action.

5    28.    Attached hereto as **Exhibit AA** is a true and correct copy of Objections to

6    Amended Notice of Deposition of Plaintiff and Counterclaim Defendant ConnectU LLC Pursuant

7    to Fed. R. CIV. P. 30(b)(6), served in the Massachusetts action on August 3, 2005.

8    29.    Attached hereto as **Exhibit BB** is a true and correct copy of excerpts from Plaintiff

9    and Counterclaim Defendant ConnectU LLC's Responses to Defendant and Counterclaim

10    Plaintiff TheFacebook, Inc.'s First Set of Interrogatories (Nos. 1-17), served in the Massachusetts

11    action on August 22, 2005.  **[CONFIDENTIAL DOCUMENT SUBMITTED UNDER SEAL]**

12    30.    Attached hereto as **Exhibit CC** is a true and correct copy of the Notice of Motion,

13    Motion, and Memorandum of Points and Authorities in Support of TheFacebook, Inc.'s Motion to

14    Compel Limited Depositions on the Subject of Personal Jurisdiction filed on November 30, 2005.

15    **[CONFIDENTIAL DOCUMENT SUBMITTED UNDER SEAL]**

16    31.    Attached hereto as **Exhibit DD** is a true and correct copy of the Notice of Motion,

17    Motion, and Memorandum of Points and Authorities in Support of TheFacebook, Inc.'s Motion to

18    Compel Supplemental Responses and Production of Documents in Response to its First Sets

19    Special Interrogatories and Requests for Production, filed on January 17, 2006.

20    **[CONFIDENTIAL DOCUMENT SUBMITTED UNDER SEAL]**

21    32.    Attached hereto as **Exhibit EE** is a true and correct copy of the Notice of Motion

22    and Memorandum of Points and Authorities in Support of TheFacebook, Inc.'s Motion to Compel

23    Supplemental Responses to Facebook, Inc.'s First Sets of Form Interrogatories and Requests for

24    Admission, filed on January 31, 2006. **[CONFIDENTIAL DOCUMENT SUBMITTED**

25    **UNDER SEAL]**

26    33.    Attached hereto as **Exhibit FF** is a true and correct copy of an Order Re: Items 1-4

27    entered in the Superior Court of California County of Santa Clara on March 13, 2006.

28    34.    Attached hereto as **Exhibit GG** is a true and correct copy of the Second Amended

1  Response of Defendant ConnectU LLC to Plaintiffs First Set of Special Interrogatories (1-23)

2  served March 3, 2006.

3      35.    Attached here to as **Exhibit HH** is a true and correct copy of the Amended

4  Response of Defendant Tyler Winklevoss to Form Interrogatories served April 3, 2006.

5      36.    Attached here to as **Exhibit II** is a true and correct copy of the Amended Response

6  of Defendant Cameron Winklevoss to Form Interrogatories served April 3, 2006.

7      37.    Attached here to as **Exhibit JJ** is a true and correct copy of the Declaration of

8  Scott R. Mosko in Support of Defendants' Motion to Quash Service of Complaint and Summons

9  for Lack of Personal Jurisdiction attaching declarations of the defendants signed October 25,

10  2005, filed April 28, 2006.

11      38.    Attached here to as **Exhibit KK** is a true and correct copy of the Supplemental

12  Declaration of Divya Narendra in Support of Defendants' Reply to Opposition to motion to

13  Quash Service of Complaint and Summons for Lack of Personal Jurisdiction, served on May 24,

14  2006.

15      39.    Attached here to as **Exhibit LL** is a true and correct copy of the Memorandum and

16  Procedural Order (D.I. 172) in the Massachusetts Action, filed on May 1, 2006.

17      40.    Attached here to as **Exhibit MM** is a true and correct copy of the Response of

18  Defendant Divya Narendra to Form Interrogatories, served on October 31, 2005.

19      41.    Attached here to as **Exhibit NN** is a true and correct copy of the Response of

20  Defendant Cameron Winklevoss to Form Interrogatories, served on October 31, 2005.

21      42.    Attached here to as **Exhibit OO** is a true and correct copy of the Response of

22  Defendant ConnectU LLC to Form Interrogatories, served on October 31, 2005.

23      43.    Attached here to as **Exhibit PP** is a true and correct copy of the Response of

24  Defendant Tyler Winklevoss to Form Interrogatories, served October 31, 2005.

25      44.    Attached here to as **Exhibit QQ** is a true and correct copy of the Response of

26  Defendant Cameron Winklevoss to First Set of Request for Admission, served on October 31,

27  2005.

28      45.    Attached here to as **Exhibit RR** is a true and correct copy of the Response of

1  Defendant Tyler Winklevoss to First Set of Request for Admission, served October 31, 2005.

2        46.      Attached here to as **Exhibit SS** is a true and correct copy of the Response of

3  Defendant ConnectU LLC to First Set of Request for Admission, served on October 31, 2005.

4        47.      Attached here to as **Exhibit TT** is a true and correct copy of the Amended

5  Response of Defendant Cameron Winklevoss to Plaintiff's First Set of Special Interrogatories (1-

6  23) served March 9, 2006.

7        48.      Attached here to as **Exhibit UU** is a true and correct copy of the Amended

8  Response of Defendant Tyler Winklevoss to Plaintiff's First Set of Special Interrogatories (1-23)

9  served March 9, 2006.

10        49.      Attached here to as **Exhibit VV** is a true and correct copy of The Facebook, Inc.'s

11  first set of form interrogatories for Defendant Divya Narendra; The Facebook, Inc.'s first set of

12  form interrogatories for Defendant ConnectU LLC; The Facebook, Inc.'s first set of form

13  interrogatories for Defendant Cameron Winklevoss and The Facebook, Inc.'s first set of form

14  interrogatories for Defendant Tyler Winklevoss, served on September 26, 2005.

15        50.      Attached here to as **Exhibit WW** is a true and correct copy of The Facebook, Inc's

16  First Set of Requests for Admission Directed to Defendant Divya Narendra (C.C.P. § 2033); The

17  Facebook, Inc's First Set of Requests for Admission Directed to Defendant ConnectU LLC

18  (C.C.P. § 2033); The Facebook, Inc's First Set of Requests for Admission Directed to Defendant

19  Cameron Winklevoss (C.C.P. § 2033); and The Facebook, Inc's First Set of Requests for

20  Admission Directed to Defendant Tyler Winklevoss (C.C.P. § 2033) served on September 26,

21  2005.

22        51.      Attached here to as **Exhibit XX** is a true and correct copy of The Facebook, Inc.'s

23  First Set of Special Interrogatories to Defendant Divya Narendra; The Facebook, Inc.'s First Set

24  of Special Interrogatories to Defendant ConnectU LLC; The Facebook, Inc.'s First Set of Special

25  Interrogatories to Defendant Cameron Winklevoss; and The Facebook, Inc.'s First Set of Special

26  Interrogatories to Defendant Tyler Winklevoss served on November 3, 2005.

27        52.      Attached here to as **Exhibit YY** is a true and correct copy of The Facebook, Inc.'s

28  First Set of Requests for Production to Defendant ConnectU, served on November 3, 2005.

53.     At my direction, I have had my staff investigate the people involved in the California proceedings related to the motion to quash.  We did not include fees associated with the proceedings in Massachusetts or fees associated with activities unrelated to the motion to quash in our review of bills.  Based upon the billing records, we concluded as follows:  The following attorneys were involved in addressing discovery issues and motions practice associated with the individual defendants' motion to quash filed with the California Superior Court:  G. Hopkins Guy, I. Neel Chatterjee, Monte M. F. Cooper, Theresa Sutton, Robert Nagel, Joshua Walker, Peter O'Rourke, Yvonne Greer, and Amandine Hall.  The billing rates for these attorneys range from $605 to $165 per hour.  The estimated total amount of hours spent was 662.90 by these attorneys.  Amy Dalton is a paralegal working on the matter.  Her billing rate is $185 per hour.  The estimated total hours spent by her associated with the individual defendants' motion to quash is 150.00.  We are currently re-reviewing her time to ensure it is accurate and reserve the right to amend her time.  The estimated total amount of fees incurred related to the motion to quash proceedings was $283,203.80.  We are willing to provide more information or back up for *in camera* review upon request.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed this 22 day of August, 2007, at Menlo Park, California.

/s/ I. Neel Chatterjee /s/
I. Neel Chatterjee

1

**CERTIFICATE OF SERVICE**

2

3

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 22, 2007.

4

Dated:  August 22, 2007.                    Respectfully submitted,

5

/s/ I. Neel Chatterjee /s/

6

I. Neel Chatterjee

7

OHS West:260290080.3

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -    CHATTERJEE DECL. ISO MOTION FOR SANCTIONS
5:07-CV-01389-RS