# EXHIBIT A

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC, | ) |
| Plaintiff, | ) CIVIL ACTION NO. _____ |
| v. | ) |
| MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK.COM a/k/a THEFACEBOOK, | ) JURY TRIAL DEMANDED |
| Defendants. | 04-11923 |

**COMPLAINT**

Plaintiff ConnectU LLC f/k/a Harvard Connection ("ConnectU" or "Plaintiff"), by its undersigned attorneys, alleges as follows based on its own knowledge with respect to its own acts, and on information and belief as to all other allegations:

**NATURE OF THE ACTION**

1. This is a civil action for breach of contract, misappropriation of trade secrets, breach of fiduciary duty, unjust enrichment, intentional interference with prospective business advantage, breach of duty of good faith and fair dealing, and fraud arising out of Defendants Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and TheFaceBook.com a/k/a TheFaceBook's ("Defendants") unauthorized use of Plaintiff's source code and confidential business plans, and usurpation of business opportunity.

**JURISDICTION AND VENUE**

2. Because the parties are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and

costs, this Court has jurisdiction under 28 U.S.C. §1332. Jurisdiction over the state and common law claims is also appropriate under 28 U.S.C. § 1367(a) and principles of pendent jurisdiction.

3. This Court has personal jurisdiction over Defendants and venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (c). Plaintiff's claims arise in this District and at least a substantial part of the events and omissions giving rise to the claim occurred in this district. Upon information and belief, a substantial portion of Defendants' business and the specific activity about which Plaintiff complains has taken place and is continuing to take place in this District.

## THE PARTIES

4. Plaintiff ConnectU LLC is a limited liability corporation of the State of Delaware with a principal place of business at 500 West Putnam Avenue, Greenwich, Connecticut 06830.

5. Upon information and belief, Defendant Mark Zuckerberg is an individual with a place of residence in the State of New York.

6. Upon information and belief, Defendant Eduardo Saverin is an individual with a place of residence in the State of Florida.

7. Upon information and belief, Defendant Dustin Moskovitz is an individual with a place of residence in the State of Florida.

8. Upon information and belief, Defendant Andrew McCollum is an individual with a place of residence in the State of Idaho.

9. Upon information and belief, Defendant Christopher Hughes is an individual with a place of residence in the State of North Carolina.

10.     Upon information and belief, Defendants Zuckerberg, Saverin, Moskovitz, McCollum, and Hughes operate as an implied or *de facto* partnership and do business as TheFaceBook.com a/k/a TheFaceBook in the Commonwealth of Massachusetts.

## FACTS

11.     Plaintiff's founders, Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra, were classmates who together attended Harvard University, graduating in June 2004.

12.     In December 2002, the Winklevosses and Narendra began to develop a business plan for a new type of website. This website would allow students and alumni of a college or university to create a network specific to that institution, and give the students and alumni a place to meet, exchange information, discuss employment prospects, and serve as an on-line dating service. Initially, ConnectU was to serve the Harvard University community. Once established at Harvard, ConnectU intended to expand to other institutions.

13.     Plaintiff's business model, which was based on advertising revenue, had a significant chance of financial success because the users, well educated students and alumni, are an attractive demographic for many companies.

14.     ConnectU's founders hired fellow Harvard students to develop the software necessary for the website to function (the "Harvard Connection Code"). After the first programmer hired by Plaintiff graduated, ConnectU hired a second programmer, Victor Gao. In November 2003, Plaintiff engaged Defendant Mark Zuckerberg to work with Mr. Gao to complete the Harvard Connection Code for the website. So that Defendant Zuckerberg could complete the code, he was given the source code that ConnectU had developed to date.

15.     On numerous occasions, both orally and in writing, Plaintiff stressed to Zuckerberg that the code needed to be complete as soon as possible because Plaintiff's founders

wanted to launch their website before their June 2004 graduation. Defendant Zuckerberg always assured Plaintiff that he was using his best efforts to complete the project and ready the website for market.

16. In addition to writing the software for the ConnectU website, Defendant Zuckerberg was involved with website development. In that capacity, he was entrusted with Plaintiff's business management information and procedures, including descriptions of the website's business model, various functionality and content concepts, and the type of information that would be collected from users. Zuckerberg understood that this business management information and procedures were secret and agreed to keep them confidential. Zuckerberg also understood that it was important to the success of ConnectU's business model to make the website operational before the end of the school year and before any competitor did so. With respect to Internet websites, the first to capture a market has a substantial advantage.

17. Zuckerberg agreed to develop the code in exchange for a monetary interest in Plaintiff, as well as the ability to identify and highlight his contribution to prospective employers.

18. Defendant Zuckerberg's pledges of commitment to Plaintiff, his acceptance of the Harvard Connection Code, his access to and acceptance of ConnectU's proprietary and confidential business management information and procedures, his understanding that he would be compensated when the website was successful, and his ability to highlight his work on the site to potential employers, created a contract, a duty of good faith and fair dealing, and a fiduciary relationship between Defendant Zuckerberg and ConnectU.

19. On January 8, 2004, Defendant Zuckerberg sent an email to Cameron Winklevoss, confirming that Zuckerberg would complete and deliver the promised source code. A mere three days later, January 11, 2004, without providing the promised code, Zuckerberg

registered the domain name "thefacebook.com." On February 4, 2004, using Plaintiff's confidential business plans and the Harvard Connection Code provided by Plaintiffs, Defendants launched a directly competitive website, thefacebook.com. This launch usurped Plaintiff's valuable business opportunity. A few days later, Zuckerberg boasted to the press that he had completed and launched thefacebook.com website in one week. Upon information and belief, Defendants used the Harvard Connection Code in connection with thefacebook.com.

20.   Plaintiff was surprised by Zuckerberg's launch of a competing website while working for ConnectU. Plaintiff hired a programmer to develop entirely new software and launched ConnectU.com on May 21, 2004, almost four months after the launch of thefacebook.com.

21.   Upon information and belief, Defendant Zuckerberg shared Plaintiff's confidential business information and the Harvard Connection Code with Defendants Saverin, Moskovitz, McCollum, and Hughes, who knowingly used, and continue to use, Plaintiff's confidential business plans and the Harvard Connection Code to develop, launch, and/or maintain the thefacebook.com website.

22.   Defendants' unlawful use of Plaintiff's software and proprietary business plans allowed thefacebook.com to come to market first, thereby obtaining press coverage and users/members that would otherwise have benefited Plaintiff.

23.   Defendants' market advantage, directly and proximately resulting from Defendant Zuckerberg's breach of contract, misappropriation of trade secrets, breach of fiduciary duty, breach of duty of good faith and fair dealing, and fraud, and Defendants' unjust enrichment, and intentional interference with prospective business advantage, usurped ConnectU's potential market share and related business opportunities.

## FIRST CLAIM FOR RELIEF
### Misappropriation of Trade Secrets
### Massachusetts G.L. ch. 266, § 30 (4)

24. Plaintiff repeats and realleges each and every allegation set forth in this Complaint.

25. Plaintiff took steps to maintain the secrecy of its business management information and procedures.

26. Plaintiff's business management information and procedures were and are valuable to Plaintiff and to Defendants.

27. Plaintiff expended significant effort in both time and money to develop its business management information and procedures.

28. Plaintiff's business management information and procedures were not easily acquired or duplicated by others.

29. Defendants' actions as described in this Complaint constitute misappropriation of Plaintiff's trade secrets, namely its business management information and procedures.

30. The actions of Defendants described in this Complaint have at all times relevant to this action been willful and/or knowing.

31. As a direct and proximate result of the actions of Defendants alleged in this Complaint, ConnectU has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

## SECOND CLAIM FOR RELIEF
### Breach of Contract

32. Plaintiff repeats and realleges each and every allegation set forth in this Complaint.

33. Defendant Zuckerberg's actions as described in this Complaint constitute a present and continuing breach of contract under Massachusetts law.

34. The actions of Defendant Zuckerberg described in this Complaint have at all times relevant to this action been willful and/or knowing.

35. As a direct and proximate result of the actions of Defendant Zuckerberg alleged in this Complaint, ConnectU has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

### THIRD CLAIM FOR RELIEF
### Breach of Implied Covenant of Good Faith and Fair Dealing

36. Plaintiff repeats and realleges each and every allegation set forth in this Complaint.

37. The agreement between Defendant Zuckerberg and ConnectU contains an implied covenant of good faith and fair dealing under Massachusetts law. Defendant Zuckerberg breached that covenant.

38. The actions of Defendant Zuckerberg described in this Complaint have at all times relevant to this action been willful and/or knowing.

39. As a direct and proximate result of the actions of Defendant Zuckerberg alleged in this Complaint, ConnectU has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

### FOURTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty

40. Plaintiff repeats and realleges each and every allegation set forth in this Complaint.

41. Plaintiff reposed, and Defendant Zuckerberg knowingly accepted, Plaintiff's trust and confidence regarding Plaintiff's business plans.

42. Plaintiff relied on Zuckerberg to act in the best interests of ConnectU LLC and Zuckerberg had full knowledge of Plaintiff's reliance.

43. Zuckerberg manipulated that reliance for his own personal gain and the gain of all of the Defendants.

44. Defendants' actions amounted to a course of conduct designed to harm ConnectU LLC.

45. Defendants' actions constitute breach of fiduciary duty. Zuckerberg's breach of such duty extends, through Zuckerberg, to all Defendants.

46. The actions of Defendants described in this Complaint have at all times relevant to this action been willful and/or knowing.

47. As a direct and proximate result of the actions of Defendants alleged in this Complaint, ConnectU has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

### FIFTH CLAIM FOR RELIEF
### Unjust Enrichment

48. Plaintiff repeats and realleges each and every allegation set forth in this Complaint.

49. As a result of Defendants' actions as described in this Complaint, Defendants have been enriched at the expense of Plaintiff.

50. As a result of Defendants' actions as described in this Complaint, Plaintiff has been deprived of a valuable benefit.

51. Defendants cannot establish any justification for their unjust enrichment at the expense of Plaintiff.

52. The actions of Defendants described in this Complaint have at all times relevant to this action been willful and/or knowing.

53. As a direct and proximate result of the actions of Defendants alleged in this Complaint, ConnectU has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

### SIXTH CLAIM FOR RELIEF
### Intentional Interference with Prospective Contractual and Advantageous Business Relations

54. Plaintiff repeats and realleges each and every allegation set forth in this Complaint.

55. Defendants have purposely and wrongfully caused website users and advertisers to refrain from entering into contracts with ConnectU and has usurped such business opportunities.

56. The actions of Defendants described in this Complaint have at all times relevant to this action been willful and/or knowing.

57. As a direct and proximate result of the actions of Defendants alleged in this Complaint, ConnectU has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

### SEVENTH CLAIM FOR RELIEF
### Fraud

58. Plaintiff repeats and realleges each and every allegation set forth in this Complaint.

59. Defendant Zuckerberg knowingly made a false statement of intention when he agreed to create and provide source code to ConnectU on January 8, 2004. Zuckerberg never intended to provide the code and instead intended to breach his promise at the time the promise was made.

60. Defendant Zuckerberg made the false statement with the intent to induce Plaintiff to act in reliance on the statement.

61. Plaintiff reasonably relied on Zuckerberg's statement, as set forth in this Complaint.

62. Plaintiff's reliance resulted in Plaintiff's detriment, as set forth in this Complaint.

63. The actions of Defendant Zuckerberg described in this Complaint have at all times relevant to this action been willful and/or knowing.

64. As a direct and proximate result of the actions of Defendant Zuckerberg alleged in this Complaint, ConnectU has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

## **REQUEST FOR RELIEF**

Wherefore, Plaintiff ConnectU LLC requests that this Court enter judgment in its favor on each and every claim for relief set forth in this Complaint and award it relief, including but not limited to the following:

A. An injunction preliminarily and permanently enjoining Defendants and their employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

    (1)    From operating the website THEFACEBOOK.COM, or any variation of that website under a different domain name; and

    (2)    From using the confidential business information obtained by Defendants as a result of Defendant Zuckerberg's association with Plaintiff;

B.    An Order directing Defendants to destroy all business plans, and any other materials and things, whether printed or electronic, that consist of or contain Plaintiff's business information, plans, and procedures;

C.    An Order holding Defendants jointly and severally liable for breach of contract, misappropriation of trade secrets, breach of fiduciary duty, unjust enrichment, intentional interference with prospective business advantage, breach of duty of good faith and fair dealing, and fraud and directing Defendants to pay Plaintiff damages, including but not limited to direct, consequential, indirect, compensatory, and punitive damages;

D.    An Order directing Defendants to pay to Plaintiff Defendants' profits associated with Defendant Zuckerberg's breach of contract, breach of duty of good faith and fair dealing, and fraud and Defendants' misappropriation of trade secrets, breach of fiduciary duty, unjust enrichment, and intentional interference with prospective business advantage;

E.    An Order directing Defendants to pay Plaintiff's attorneys' fees and costs associated with this action; and

F.    Other relief as the Court may deem appropriate.

Dated: September 2, 2004

Respectfully submitted,

/s/ Lawrence R. Robins

Lawrence R. Robins (BBO# 632610)
Jonathan M. Gelchinsky (BBO# 656282)
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Tel: (617) 452-1600
Fax: (617) 452-1666
larry.robins@finnegan.com
jon.gelchinsky@finnegan.com

**Of Counsel:**

John F. Hornick
Margaret A. Esquenet
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
1300 I Street, N.W.
Washington, D.C. 20005-3315
Tel: (202) 408-4000
Fax: (202) 408-4400

Attorneys for Plaintiff
ConnectU LLC

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CONNECTU LLC

**DEFENDANTS**
MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, AND THEFACEBOOK.COM a/k/a THEFACEBOOK

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Lawrence R. Robins
Jonathan M. Gelchinsky
Finnegan, Henderson, Farabow, Garrett & Dunner
55 Cambridge Parkway - Cambridge, MA 01242 (617)452 1600

Attorneys (If Known)
04-11923 DPW

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statues |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Diversity action under 28 U.S.C. 1332, and state claims for misappropriation of trade secrets, etc.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 9-2-04
SIGNATURE OF ATTORNEY OF RECORD /s/

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) CONNECTU LLC v. ZUCKERBERG, ET AL.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

- [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
- [X] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
- [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
- [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
- [ ] V. 150, 152, 153.

**04-11923DPW**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Lawrence Robins; Jonathan Gelchinsky
ADDRESS  Finnegan, Henderson, Farabow, Garrett & Dunner 55 Cambridge Parkway Cambridge, MA
TELEPHONE NO.  617-452-1600         (Cambridge, MA 02142

(Coversheetlocal.wpd - 10/17/02)