# EXHIBIT B

Dockets.Justia.com

1   Scott R. Mosko (State Bar No. 106070)
    FINNEGAN, HENDERSON, FARABOW,
2     GARRETT & DUNNER, L.L.P.
    3300 Hillview Avenue
3   Palo Alto, California  94304
    Telephone:     (650) 849-6600
4   Facsimile:     (650) 849-6666

5   Attorneys for Defendants
    Cameron Winklevoss, Tyler
6   Winklevoss, Howard Winklevoss,
    and Divya Narendra

7

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                     COUNTY OF SANTA CLARA

11

12  THEFACEBOOK, INC.                    CASE NO. 105 CV 047381

13           Plaintiff,                  **DEFENDANTS' AMENDED MOTION
                                         TO QUASH SERVICE OF
14       v.                              COMPLAINT AND SUMMONS FOR
                                         LACK OF PERSONAL
15  CONNECTU LLC, CAMERON WINKLEVOSS,    JURISDICTION**
    TYLER WINKLEVOSS, HOWARD
16  WINKLEVOSS, DIVYA NARENDRA, AND      Date:     June 1, 2006
    DOES 1-25,                           Time:     9:00 a.m.
17                                       Dept.     2
             Defendants.                 Judge:    William J. Elfving
18

19

20

21

22

23

24

25

26

27

28

Doc. No.  441226

## POINTS AND AUTHORITIES

### I.    INTRODUCTION

Cameron Winklevoss, Howard Winklevoss, Tyler Winklevoss, and Divya Narendra ("Individual Defendants") appear specially and move to quash service of the summons and Complaint because this Court cannot exercise personal jurisdiction over them.  Individual Defendants are members of ConnectU LLC, also a named defendant in this action.  In an earlier-filed action in Massachusetts, ConnectU accuses Plaintiff and others of stealing their idea that has taken the form of Plaintiff's website, TheFacebook.com.

Plaintiff's website allegedly contains data in the form of email addresses provided voluntarily by website visitors who understand and expect their identity and profiles to be shared.  Plaintiff alleges that the terms and conditions for use of its website existed since early 2005, presumptively the approximate inception of its website.  Defendant ConnectU was created in 2004.  (Cameron Winklevoss Decl. Ex. A—attached to Mosko Decl. Exh. 1)  In this case, Plaintiff indiscriminately alleges that ConnectU *and* Individual Defendants have violated Penal Code Section 502[1], entitled "Unauthorized access to computers, computer systems and computer data," for allegedly taking the email addresses available on TheFacebook.com.  (Complaint ¶ 19).  All defendants vehemently deny these allegations, and ConnectU has demurred with respect to such claims.

Individual Defendants have few if any connections to California.  Their only "tie" to California takes the form of being members of Defendant ConnectU LLC, also accused of violating Section 502.  Individual Defendants provide declarations stating that they took no action regarding any data from Plaintiff's website in their individual capacity.  Acts taken by individuals in their LLC capacity cannot be considered relevant to whether a court can assert jurisdiction over corporate members.  Hence, because Individual Defendants have no other ties to California, their motion to quash service of the summons and Complaint must be granted.

---

[1] Penal Code Section 502 includes a provision allowing a civil action.

DEFENDANTS' AMENDED MOTION TO QUASH SERVICE OF
COMPLAINT AND SUMMONS FOR LACK OF PERSONAL
JURISDICTION

## II.    FACTS

The Complaint asserts two causes of action:  violation of Penal Code Section 502(c) and "common law misappropriation/unfair competition" for the "unauthorized appropriation" of data from a website. (*See e.g.* Complaint ¶ 20)  The Individual Defendants are members of Defendant ConnectU LLC, a company alleged to be in competition with Plaintiff's "interactive computer service [i.e., a website] which enables social networking amongst present and former university students." (*Id.* at ¶¶ 3-6, 9, 20)

The Individual Defendants are either citizens of Greenwich, Connecticut (the Winklevoss Defendants) or New York, New York (Mr. Narendra).  None maintains a registered agent for service in California.  None owns, leases, possesses, or maintains any real or personal property in California. None owns, leases, or maintains an office, residence, or place of business in California.  None has an authorized agent or representative in California.  None has paid taxes of any kind in the State of California.  None maintains any bank, savings, or loan accounts in California.  None has performed any service or sold any goods in California.  None has derived substantial revenue from goods used or consumed in California or services rendered in California.  None has engaged in a business in California. (Declarations of Cameron Winklevoss, Howard Winklevoss, Tyler Winklevoss and Divya Narendra, ¶¶ 1-13—attached to Mosko Decl. Exhs. 1 – 4)

The Individual Defendants also have not made significant trips into California.  None has recruited employees in California.  None has signed any contracts in California.  None maintains a telephone listing in California.  Moreover, none of the Individual Defendants has entered into a contract or other relationship with Plaintiff. (*Id.* at ¶¶ 14 - 17)

## III.    ARGUMENT

### A.    Plaintiff Cannot Meet its Burden to Establish that Personal Jurisdiction Exists Over the Individual Defendants

Although the Individual Defendants have moved to quash service of the summons and Complaint, here the Plaintiff "has the initial burden of demonstrating facts justifying the exercise of jurisdiction ...." *Vons Companies, Inc. v. Seabest Foods, Inc.*, 14 Cal.4th 434, 449 (1996).  Plaintiff cannot meet this burden because these Individual Defendants have no contacts with California.  In

1  addition, the only connection the Individual Defendants have to the alleged acts in this case is as

2  members of Defendant ConnectU LLC[2] (which sued Plaintiff and its individual founders on

3  September 2, 2004 for copyright infringement, unjust enrichment, unfair competition, trade secret

4  misappropriation, fraud, and other claims in federal court in Massachusetts).[3]  So, in no stretch of the

5  imagination can they be deemed to have purposefully availed themselves of California's benefits.

6  This motion therefore must be granted.

7          California's long-arm statute permits California courts to exercise jurisdiction on any basis

8  not inconsistent with the federal or state Constitution.  Code Civ. Proc. Section 410.10.  Under the

9  federal Constitution's due process clause, a court may assume jurisdiction over a nonresident

10  defendant if the defendant has constitutionally sufficient "minimum contacts" with the forum state.

11  *Vons Companies, Inc., supra,* 14 Cal.4th at 444.  "The overriding constitutional principle is that

12  maintenance of an action in the forum must not offend 'traditional conception[s] of fair play and

13  substantial justice.'"  *International Shoe Co. v. Washington,* 326 U.S. 310, 320 (1945).  The

14  defendant's "conduct and connection with the forum State" must be such that the defendant "should

15  reasonably anticipate being haled into court there.  *World-Wide Volkswagen Corp. v. Woodson*, 444

16  U.S. 286, 297, 490 (1980)."  *Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir. 1990); *see also Vons*

17  *Companies, Inc. v. Seabest Foods, Inc., supra,* 14 Cal.4th at 444-448.

18          Personal jurisdiction is of two types: general and specific. General jurisdiction exists when

19  the activities of a nonresident in the forum state are substantial, continuous, and systematic, or

20  extensive and wide-ranging.  *Boaz v. Boyle & Co.,* 40 Cal.App.4th 700, 717 (1995).  In such

21  circumstances, it is not necessary that the cause of action be related to the defendant's forum

22  activities. (*Ibid.*)

---

23

24          [2] See each of the Individual Defendants' Declarations, at ¶ 19.

25          [3] The present action is purely retaliatory in nature, and TheFaceBook, Inc. asserted the Individual Defendants component of this action solely for the purpose of attempting to gain parity with ConnectU's claims against TheFaceBook, Inc.'s individual founders in the Massachusetts case.
26  But there is no parity.  The individual founders of TheFaceBook, Inc. launched and operated it as an unincorporated entity for the first six months, and therefore are individually liable for at least that
27  time period, whereas all of the acts alleged by Plaintiff in this action occurred well after ConnectU was incorporated and there is no evidence or allegation that the Individual Defendants acted in
28  anything other than their corporate capacity in connection with such alleged acts.

DEFENDANTS' AMENDED MOTION TO QUASH SERVICE OF
COMPLAINT AND SUMMONS FOR LACK OF PERSONAL
JURISDICTION

1    When determining whether specific jurisdiction exists, courts consider the "relationship

2    among the defendant, the forum, and the litigation." *Helicopteros Nacionales de Colombia v. Hall,*

3    466 U.S. 408, 414 (1984), *quoting Shaffer v. Heitner,* 433 U.S. 186, 204 (1977). A court may

4    exercise specific jurisdiction over a nonresident defendant only if: (1) "the defendant has

5    purposefully availed himself or herself of forum benefits" (*Vons, supra,* 14 Cal.4th at 446); (2) the

6    "controversy is related to or 'arises out of' [the] defendant's contacts with the forum" (*ibid.,* quoting

7    *Helicopteros, supra,* 466 U.S. at 414); and (3) "the assertion of personal jurisdiction would comport

8    with 'fair play and substantial justice.'" (*Vons, supra,* 14 Cal.4th at 447, quoting *Burger King Corp.*

9    *v. Rudzewicz,* 471 U.S. 462, 472-473 (1985) The purposeful availment inquiry ... focuses on the

10   defendant's intentionality. This prong is only satisfied when the defendant purposefully and

11   voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he

12   receives, to be subject to the court's jurisdiction based on his contacts with the forum. *U.S. v. Swiss*

13   *American Bank, Ltd.,* 274 F.3d 610, 623-624 (1st Cir. 2001). Thus, the "purposeful availment"

14   requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of

15   "random," "fortuitous," or "attenuated" contacts, or of the "unilateral activity of another party or a

16   third person." When a defendant purposefully avails itself of the privilege of conducting activities

17   within the forum State, it has clear notice that it is subject to suit there, and can act to alleviate the

18   risk of burdensome litigation by procuring insurance, passing the expected costs on to customers, or,

19   if the risks are too great, severing its connection with the State. *World-Wide Volkswagen Corp. v.*

20   *Woodson,* 444 U.S. 286, 297 (1980); *Pavlovich v. Superior Court,* 29 Cal.4th 262, 269 (2002).

21   Applying these principles here, this Court lacks jurisdiction over the Individual Defendants

22   because (a) they have few if any contacts with the forum, (b) they have not availed themselves of the

23   benefit of the forum in any way, purposefully or otherwise, and (c) the Plaintiff's claims do not arise

24   out of any personal contacts between the Individual Defendants and the forum (nor can Plaintiff

25   plead otherwise). Moreover, the facts on which Plaintiff's claims are based occurred after ConnectU

26   was created as an LLC, and therefore this Court's exercise of personal jurisdiction over the

27   Individual Defendants would not comport with fair play and substantial justice.

28

DEFENDANTS' AMENDED MOTION TO QUASH SERVICE OF
COMPLAINT AND SUMMONS FOR LACK OF PERSONAL
JURISDICTION

**1.  There is No Credible Evidence Allowing this Court to Exercise General Jurisdiction Over these Individual Defendants**

Courts find general jurisdiction over a non-resident defendant only where the contacts with the state are substantial, continuous, and systematic, or extensive and wide-ranging. *Boaz v. Boyle & Co., supra,* 40 Cal.App.4th at 717. As established in the accompanying declarations of the Individual Defendants, their contacts with California amount only to sporadic visits to the state having nothing to do with business activities. (Individual Defendants Declarations, at ¶ 13—attached to the Mosko Decl. Exhs. 1 - 4). As referenced in the fact section above, none of the Individual Defendants has ties or connections with California that enable this Court to assert general jurisdiction over them.

**2.  There is No Credible Evidence Allowing this Court to Exercise Specific Jurisdiction Over these Individual Defendants**

For specific jurisdiction to exist, (a) these Individual Defendants must have purposefully availed themselves of California's benefits, (b) the alleged claims must be related to or arise out of these Individual Defendants' contacts with California, and (c) the assertion of personal jurisdiction over these Individual Defendants must be fair and reasonable. *Vons, supra,* 14 Cal.4th at 446. Plaintiff cannot meet its burden to establish any of these prongs for specific jurisdiction.

**a.  The Individual Defendants Did Not Avail Themselves of California's Benefits**

Although the Complaint names five separate Defendants, it fails to distinguish what acts, if any, Plaintiff attributes to these Individual Defendants. As proven in ConnectU's accompanying demurrer, the Complaint must be dismissed, *inter alia,* because it fails to apprise Defendants of the acts of which they are accused. However, even if this Court allows Plaintiff to amend its Complaint to cure this deficiency, these motions to quash must still be granted because the Individual Defendants engaged in no acts that occurred in California.

Plaintiff alleges that Defendants misappropriated its data. (Complaint ¶¶ 19, 20). However, Plaintiff has no evidence whatsoever that would allow it to allege that any of these Individual Defendants did so. Plaintiff has made no such allegations and cannot do so. As indicated, Plaintiff

DEFENDANTS' AMENDED MOTION TO QUASH SERVICE OF COMPLAINT AND SUMMONS FOR LACK OF PERSONAL JURISDICTION

has the burden to establish personal jurisdiction. In each of the Individual Defendants' declarations, at ¶ 19, they assert under penalty of perjury that in their individual capacity, they have never taken any data from TheFacebook's website, as alleged for example in Paragraph 19 of the Plaintiff's complaint in this case. Plaintiff's inability to plead or offer any contrary evidence must result in the finding that Individual Defendants took no acts in their personal capacity to avail themselves of California's benefits.

While Defendant ConnectU LLC does not challenge this Court's personal jurisdiction, it strongly challenges the substantive allegations asserted. In any event, the mere fact that an LLC does not challenge the Court's assertion of jurisdiction over it does not mean that the Court can exercise jurisdiction over its nonresident officers or directors. *See Calder v. Jones,* 465 U.S. 783, 790 (1984). For jurisdictional purposes, the acts of corporate officers and directors in their official capacities are the acts of the corporation exclusively and are not material for the purposes of establishing jurisdiction as to the individual. *Mihlon v. Superior Court,* 169 Cal.App.3d 703, 713 (1985); *Shearer v. Superior Court,* 70 Cal.App.3d 424, 430 (1977).

Here, the Individual Defendants were members of ConnectU LLC. (Individual Defendants' Declarations, at ¶ 18) Thus, even if the allegations of the Complaint are correct as to corporate Defendant ConnectU, which ConnectU denies, such acts cannot form the basis for establishing jurisdiction over these Individual Defendants.

**b.    The Alleged Claims are Not Related to or do not Arise Out of These Individual Defendants' Contacts with California**

To the extent the Individual Defendants have any contacts with California, it is as a result of their being members of ConnectU LLC. As discussed above, although ConnectU concedes jurisdiction, a separate analysis must be performed as to the Individual Defendants before this Court can find it has jurisdiction over them. The Individual Defendants did not take any acts regarding Plaintiff outside their positions as members of an LLC, and Plaintiff has no evidence that they did. Moreover, there is no allegation or evidence suggesting that the corporate form should be disregarded. Plaintiff fails to allege that the Individual Defendants are the "alter egos" of the ConnectU LLC. Thus, ConnectU's concession of jurisdiction cannot result in a finding of personal

6

DEFENDANTS' AMENDED MOTION TO QUASH SERVICE OF COMPLAINT AND SUMMONS FOR LACK OF PERSONAL JURISDICTION

1 | jurisdiction over the Individual Defendants. *See Sheard v. Superior Court,* 40 Cal.App.3d 207, 210

2 | (1974); *Flynt Distrib. Co. v. Harvey,* 734 F.2d 1389, 1393 (9th Cir. 1984).

### c. Exercising Jurisdiction Over the Individual Defendants Would Not be Fair or Reasonable

5 | To satisfy due process requirements, the Court's exercise of personal jurisdiction must be

6 | reasonable. Stated in other terms, personal jurisdiction must comport with "fair play and substantial

7 | justice" *Burger King, supra* at 476. Some courts analyze this prong with a seven-factor test: These

8 | factors are: "(1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in

9 | defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the

10 | forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the

11 | controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective

12 | relief; and (7) the existence of an alternative forum. " *Panavision Intern., L.P. v. Toeppen,* 141 F.3d

13 | 1316, 1323 (9th Cir. 1998). "No one factor is dispositive; a court must balance all seven." *Ibid.,*

14 | *Panavision Intern., L.P., supra,* 141 F.3d at 1323; *Core-Vent Corp. v. Nobel Industries AB,* 11 F.3d

15 | 1482, 1487-1488 (9th Cir. 1993).

16 | As established above, Individual Defendants did not personally inject themselves into

17 | California. As stated in their declarations, their acts were limited to those as members of the LLC.

18 | Moreover, each lives on the east coast of the United States. They do not make significant trips to

19 | California; only one of the Defendants (Divya Nerandra) has visited California within the last 2

20 | years (for a wedding). Defending this action in California therefore would be burdensome for the

21 | Individual Defendants.

22 | The most efficient forum to resolve the dispute is actually where ConnectU commenced its

23 | action, in Massachusetts. However, as demonstrated in ConnectU's accompanying demurrer, the

24 | facts alleged in this Complaint do not give rise to a claim under Penal Code Section 502. Hence,

25 | California has no particular interest, any more than other jurisdictions regarding these non-actionable

26 | facts.

27 | In any event, there is no allegation that any of the Defendants physically came to California

28 | and took the acts for which they are accused. This case does not involve the type of facts that

1  California is particularly suited to handle.  Because it would not be fair or reasonable for California

2  to assert jurisdiction over these Individual Defendants, this Court should grant their motion.

3  **IV.    CONCLUSION**

4          For the foregoing reasons, Individual Defendants respectfully request that their motion to

5  quash summons and Complaint be granted.

6

7  Dated:  April 28, 2006                    FINNEGAN, HENDERSON, FARABOW,
                                             GARRETT & DUNNER, L.L.P.
8

9

10                                     By:  _Scott R. Mosko / JDV_

11                                          Scott R. Mosko
                                            Attorneys for Defendants
12                                          Cameron Winklevoss, Tyler Winklevoss, Howard
                                            Winklevoss, and Divya Narendra

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              DEFENDANTS' AMENDED MOTION TO QUASH SERVICE OF
                              COMPLAINT AND SUMMONS FOR LACK OF PERSONAL
                              JURISDICTION