# EXHIBIT S

Dockets.Justia.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>   Plaintiff,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN,<br>DUSTIN MOSKOVITZ, ANDREW MCCOLLUM,<br>CHRISTOPHER HUGHES, and FACEBOOK, INC.,<br><br>   Defendants.<br><br>MARK ZUCKERBERG, and FACEBOOK, INC.,<br><br>   Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>   Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER<br>WINKLEVOSS, and DIVYA NARENDRA,<br><br>   Additional Counterdefendants. | Civil No. 1:04-CV-11923 (DPW) |

## NOTICE OF NEWLY IDENTIFIED AUTHORITY
## IN SUPPORT OF FACEBOOK DEFENDANTS' MOTION TO DISMISS

Defendants Mark Zuckerberg, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and Facebook, Inc. (collectively, the "Facebook Defendants") file this short notice of newly identified authority in support of their pending Motion to Dismiss.  (Docket No. 94.)

Counsel for the Facebook Defendants recently have become aware of an additional case that may have bearing on whether this Court had subject matter jurisdiction when ConnectU filed its original complaint in this case.

In *Pramco, LLC v. San Juan Marina Bay, Inc.*, 435 F.3d 51 (1st Cir. 2006) (attached as Exhibit A), the First Circuit held that each member of a limited liability company like ConnectU also must possess diversity of citizenship independent of the entity itself. *Id.* at 54. Specifically, the Court concluded that "the citizenship of a limited liability company is determined by the citizenship of all of its members." *Id.*

In the briefing to Facebook Defendants' motion to dismiss, Facebook Defendants noted that Divya Narendra (founder of ConnectU) was a citizen of New York, and that if ConnectU had pled the real parties in interest – as they were required to do – there would have been no diversity on the face of the complaint because defendant Mark Zuckerberg was also a citizen of New York. (Facebook's Reply Br., Docket No. 111-2 at 3). Under *Pramco*, ConnectU did not have diversity on the face of the original complaint, regardless of the real parties at issue, because ConnectU had the citizenship of all of its members of the limited liability company, including Divya Narendra.

Facebook Defendants respectfully request that the Court consider this newly identified authority when deciding Facebook Defendants' motion to dismiss.

Dated:  April 14, 2006

Respectfully submitted,

/s/ Jeremy P. Oczek

_____

Steven M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE LLP
One International Place, 22nd Floor
Boston, MA 02110-2600
Telephone:      (617) 526-9600
Facsimile:       (617) 526-9899
sbauer@proskauer.com
joczek@proskauer.com

G. Hopkins Guy, III*
I. Neel Chatterjee*
Monte M.F. Cooper*
Joshua H. Walker*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 614-7400
Facsimile:   (650) 614-7401
hopguy@orrick.com
nchatterjee@orrick.com
mcooper@orrick.com
jwalker@orrick.com

ATTORNEYS FOR FACEBOOK, INC., MARK
ZUCKERBERG, DUSTIN MOSKOVITZ,
ANDREW MCCOLLUM, CHRISTOPHER
HUGHES

* Admitted Pro Hac Vice

# EXHIBIT A

by the tapes backed by three voice identifications.

Finally, Panico says that the case should be remanded for resentencing in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The district judge made clear by his remarks at sentencing that he would give a lower sentence (he described the alternatives) if the sentencing guidelines were loosened or abolished. The *Booker* claim was preserved, and this is a clear case for a remand for resentencing, *see United States v. Antonakopoulos,* 399 F.3d 68, 81 (1st Cir.2005). The government, quite properly, does not object to resentencing.

The conviction is *affirmed,* the sentence is *vacated* and the matter is *remanded* to the district court for resentencing.

*It is so ordered.*



**PRAMCO, LLC, on Behalf of CFSC CONSORTIUM, LLC, Plaintiff, Appellant,**

**v.**

**SAN JUAN BAY MARINA, INC., Eduardo Ferrer–Bolivar, Oriental Plaza, Inc., Top Suite, Inc., Villa Marina Yacht Harbour, Inc., Defendants, Appellees.**

**No. 04–1410.**

United States Court of Appeals, First Circuit.

Heard Sept. 8, 2005.

Decided Jan. 19, 2006.

**Background:** Limited liability company (LLC), acting on creditor's behalf, sued debtor to collect balance due on promissory note and to foreclose mortgage securing note. After parties entered into settlement agreement, LLC moved to enforce agreement, contending that debtor's failure to make timely payments under agreement made it liable for additional amount. The United States District Court for the District of Puerto Rico, Jesus A. Castellanos, United States Magistrate Judge, found that LLC's acceptance of late payments modified agreement, ordered return of promissory note, and closed case. LLC appealed.

**Holdings:** The Court of Appeals, Schwarzer, Senior District Judge, held that:

(1) magistrate judge's ruling was final, appealable decision, even though no separate judgment or order was entered, and

(2) whether diversity jurisdiction existed over action could not be determined from the record on appeal, necessitating remand for further proceedings.

Vacated and remanded.

**1. United States Magistrates ⚖31**

Magistrate judge's denial of plaintiff's motion to enforce settlement agreement in its action to collect balance due on promissory note was final, appealable decision, even though no separate judgment or order was entered, given that no further proceedings in district court were pending or contemplated, magistrate judge's ruling satisfied purpose of rule's separate judgment requirement by communicating unambiguous message of finality, and timeliness of appeal made it pointless, for purpose of rule, to remand merely for entry of separate judgment. 28 U.S.C.A. § 1291; Fed.Rules Civ.Proc. Rule 58, 28 U.S.C.A.

435 FEDERAL REPORTER, 3d SERIES

**2. Federal Courts ⟜542**

Court of Appeals is obligated to address its subject matter jurisdiction at the threshold of appellate proceeding, even if neither party raises issue.

**3. Federal Courts ⟜25**

District court had ancillary enforcement jurisdiction where it incorporated terms of parties' settlement agreement in order of dismissal.

**4. Federal Courts ⟜947**

Whether diversity jurisdiction existed in debt collection action could not be determined from the record on appeal of district court's denial of plaintiff's motion to enforce parties' settlement agreement, necessitating remand for further proceedings, given that plaintiff was a limited liability company (LLC) and brought action "on behalf" of another LLC, which acquired underlying loan from federal agency, and that the record did not disclose citizenship of members of either LLC or fully disclose nature of arrangement between LLCs, precluding determination of whether requisite complete diversity existed between debtor and members of LLCs, and, if not, whether nondiverse LLC's citizenship mattered for jurisdictional purposes.

**5. Limited Liability Companies ⟜6**

Limited liability companies (LLCs) are unincorporated entities.

**6. Federal Courts ⟜302**

For purposes of diversity jurisdiction, citizenship of an unincorporated entity, such as a partnership, is determined by the citizenship of all of its members.

**7. Federal Courts ⟜302**

For diversity jurisdiction purposes, citizenship of a limited liability company (LLC) is determined by the citizenship of all of its members.

Francisco Fernandez–Chiques, for appellant.

Carlos J. Grovas–Porrata with whom Sierra/Serapion, PSC was on brief, for appellees.

Before BOUDIN, Chief Judge, LIPEZ, Circuit Judge, and SCHWARZER,* Senior District Judge.

SCHWARZER, Senior District Judge.

This appeal confronts us with a series of unfortunate events arising out of Pramco, LLC's (Pramco) efforts to collect the unpaid balance of a $500,000 promissory note from defendants, collectively San Juan Bay Marina, Inc. (San Juan). Those efforts left the parties in a procedural tangle, which they seek to have us sort out. Being unable to do so on the present record, we vacate the magistrate judge's ruling and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

We begin by summarizing briefly the essential background facts. In December 1999, Pramco brought this action to collect the unpaid balance of a promissory note issued by San Juan and for foreclosure of the mortgage securing the note. The complaint alleged that San Juan owed some $471,000 in principal and $18,000 in accrued interest. In June 2001, the parties entered into a settlement agreement. The agreement remains under seal in the district court and is not a part of the appendix, but the parties' briefs refer to some of its terms. The agreement provided that Pramco would foreclose on the property securing the note to recover a portion of

---

* Of the Northern District of California, sitting by designation.

the total amount owed. The remainder of the amount due would be paid by San Juan, and the agreement included a payment schedule. The agreement also provided that failure to make the payments would constitute an instant default and the full amount would be due immediately.

On June 20, 2001, Magistrate Judge Castellanos, on the motion of the parties, issued an order approving the agreement and incorporating its terms and conditions by reference. While the terms of the agreement called for the magistrate to enter judgment in favor of Pramco, the magistrate judge entered a judgment dismissing the case with prejudice. The judgment did not incorporate the terms of the settlement or otherwise specify any obligation owed by San Juan.

The foreclosure on the property securing the note was later authorized by the magistrate judge, and the property was sold at a judicial sale, although not without opposition from San Juan. However, the propriety of the foreclosure and sale is not challenged on appeal. Instead, the critical events for the purposes of this appeal relate to San Juan's failure to follow the payment schedule in the settlement agreement.

Sometime in early 2002, the parties appear to have entered into negotiations about the possible liquidation of the debt. For a time, San Juan did not make payments when due. In July 2002, Pramco gave notice that San Juan was in default. San Juan quickly paid the past-due amounts to Pramco, and resumed making the regularly scheduled payments. Pramco took no further action regarding this potential default by San Juan.

Later in 2002, the parties again entered into negotiations to liquidate the entire debt and, during this time, San Juan again

failed to make payments. In April 2003, Pramco again gave notice that San Juan was in default. San Juan paid the past-due amounts, and again resumed making the scheduled payments. However, from August until the last-scheduled payment in November, San Juan deposited the payments with the court rather than making them directly to Pramco. In November, Pramco moved for execution of the judgment, arguing that because of the April 2003 default, San Juan owed additional amounts.

On January 16, 2004, the magistrate judge heard Pramco's motion for execution of judgment and San Juan's opposition. San Juan argued that all sums due under the settlement agreement had been received by Pramco except for a small amount remaining on deposit with the court. Pramco in turn argued that the failure to make the payments on time resulted in an automatic default, making San Juan liable for the default amount of $661,762.60. The magistrate judge ruled informally after hearing argument, finding that the settlement agreement had been modified by Pramco's acceptance of payment. He ordered Pramco to return the promissory note, permitted it to withdraw the remaining funds on deposit with the court, and declared that "this case is closed." No findings of fact or conclusions of law were entered. This appeal followed.

## DISCUSSION

### I. APPELLATE JURISDICTION

[1] Pramco appeals from the magistrate judge's denial of its motion to enforce the settlement agreement. No separate judgment or order was entered. Thus, we must ask whether the appeal is from a "final decision" as required by 28 U.S.C.

§ 1291 (2000);[1] and whether there has been compliance with Federal Rule of Civil Procedure 58, requiring each judgment to be entered as a separate document.

We consider the magistrate judge's January 2004 ruling, albeit lacking formality, to be a final decision. No further proceedings are pending in the district court and none were contemplated. *See, e.g., Negron Gaztambide v. Hernandez Torres,* 145 F.3d 410, 414–15 (1st Cir.1998). Moreover, the ruling below satisfied the purpose of the Rule 58 separate judgment requirement to "communicate an unambiguous message of finality." *Fiore v. Wash. County Cmty. Mental Health Ctr.,* 960 F.2d 229, 235 (1st Cir.1992). Given that the instant appeal was timely, it would not serve the purposes of the rule to remand merely for entry of a separate document. *See de Jesus–Mangual v. Rodriguez,* 383 F.3d 1, 5 (1st Cir.2004); *Fiore,* 960 F.2d at 236 n. 10.

## II. SUBJECT MATTER JURISDICTION

[2] Although neither party has addressed subject matter jurisdiction, we are obliged to do so at the threshold. *Negron Gaztambide,* 145 F.3d at 414; *Florio v. Olson,* 129 F.3d 678, 680 (1st Cir.1997).

[3] The proceedings in the district court were directed to enforcing the settlement agreement. The district court had ancillary enforcement jurisdiction because it "incorporat[ed] the terms of the settlement agreement in the order [of dismissal]." *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 381, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). However, whether diversity jurisdiction existed over the underlying action presents us with a knotty problem, which we examine next.

[4] Pramco brought this action "on behalf of CFSC Consortium, LLC," which purchased the underlying loan from the Small Business Administration. In its complaint, Pramco is identified as a limited liability company, organized under the laws of Delaware, with its principal place of business in New York. CFSC Consortium, LLC (CFSC) is also identified as a limited liability company, organized in Delaware, with its principal place of business in Minnesota. The complaint identified the defendants as citizens of Puerto Rico, and alleged that there was complete diversity of parties.

[5–7] The jurisdictional facts alleged in the complaint are insufficient to establish the existence of complete diversity. Limited liability companies are unincorporated entities. The citizenship of an unincorporated entity, such as a partnership, is determined by the citizenship of all of its members. *Carden v. Arkoma Assoc.,* 494 U.S. 185, 195–96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) (limited partnership). Neither the Supreme Court nor this circuit has yet directly addressed whether that rule also applies to limited liability companies. However, every circuit to consider this issue has held that the citizenship of a limited liability company is determined by the citizenship of all of its members. *See Gen. Tech. Applications, Inc. v. Exro Ltda,* 388 F.3d 114, 121 (4th Cir.2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.,* 357 F.3d 827, 829 (8th Cir.2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1022 (11th Cir.2004); *Provident Energy Assocs. of Mont. v. Bullington,* 77 Fed.Appx. 427, 428 (9th Cir.2003); *Homfeld II, L.L.C. v. Comair Holdings, Inc.,* 53

---

1. The parties consented to proceed before the magistrate judge, which thereby authorized appeal from a final judgment directly to the

courts of appeals "in the same manner as an appeal from any other judgment of a district court." 28 U.S.C. § 636(c)(3) (2000).

Fed.Appx. 731, 732–33 (6th Cir.2002); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship,* 213 F.3d 48, 51–52 (2d Cir.2000); *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir.1998); *see also* 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure: Juris.2d* § 3630 (Supp.2005). We see no reason to depart from this well-established rule.

In its Rule 26.1 disclosure statement filed on appeal, Pramco stated that it has two members and CFSC has three. According to the complaint, Pramco held a power of attorney to collect loans purchased by CFSC. The record, however, does not disclose the citizenship of the members of either Pramco or CFSC. It also does not fully disclose the nature of the arrangement between CFSC and Pramco, which could be relevant to a decision as to whose citizenship-the members of CFSC or the members of Pramco-should be considered in the diversity calculus.

In addition, there may be a circuit split on the issue of whether the sort of arrangement entered into here-whether it involved an assignment of the debt itself or merely the granting of a power of attorney to litigate the case-would suffice to make Pramco, rather than CFSC, the party whose citizenship matters for diversity purposes. Some circuits have held that "the citizenship of an agent who merely sues on behalf of the real parties must be ignored" for diversity purposes. *Associated Ins. Mgmt. Corp. v. Ark. Gen. Agency, Inc.,* 149 F.3d 794, 796 (8th Cir.1998); *see also Airlines Reporting Corp. v. S & N Travel, Inc.,* 58 F.3d 857, 862 (2d Cir.1995). In the Second Circuit, for example, the court asks whether the named plaintiff is more than "a mere conduit for a remedy owing to others, advancing no specific in-terests of its own." *Airlines Reporting Corp.,* 58 F.3d at 862.

The Third Circuit, by contrast, has adopted a rule that accepts the citizenship of the named plaintiff as the relevant citizenship for diversity jurisdiction purposes in any case where that plaintiff has "capacity to sue" under state law. *See Fallat v. Gouran,* 220 F.2d 325, 336–27 (3d Cir. 1955); *see also* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1556, at 426–28 (1990). It subsequently qualified its rule by holding that any attempt to "manufacture" diversity jurisdiction, by appointing a representative "solely to create diversity jurisdiction," offends 28 U.S.C. § 1359 (2000) and so is ineffective to create federal jurisdiction. *See McSparran v. Weist,* 402 F.2d 867, 875–76 (3d Cir.1968); *cf. Pallazola v. Rucker,* 797 F.2d 1116, 1126–27 (1st Cir.1986). Yet even with this qualification, one could still see how the Third Circuit's approach could result in contrary results in cases such as *Airlines Reporting Corp.*

Because we cannot on this record determine whether complete diversity exists, we remand to the district court. The district court shall determine whether all of Pramco's and CFSC's members are diverse from San Juan, in which case diversity exists; if either Pramco or CFSC has members who are not diverse, the court must determine whether the nondiverse party's citizenship matters for jurisdictional purposes; to that end, the court will need to make appropriate findings of fact concerning the relationship of Pramco and CFSC and entertain briefs from the parties. So far as we can tell, the problem is a matter of first impression in this circuit.

## III. MERITS

If the district court determines that diversity jurisdiction exists, it will need to

conduct appropriate proceedings to decide whether San Juan defaulted under the settlement agreement; if it did, whether under the facts of the case and applicable law, Pramco's acceptance of late payments modified San Juan's obligation under the settlement agreement; and what, if any, amounts (whether of principal or interest) remain owing. We expect that the resolution of these issues will require the making of findings of fact and the entry of conclusions of law.

### CONCLUSION

For the foregoing reasons, we vacate the magistrate judge's ruling and remand for further proceedings consistent with this opinion. Each side shall bear their own costs on this appeal.

***Vacated and Remanded.***



**UNITED STATES, Appellee,**

**v.**

**Frank MASTERA, Defendant, Appellant.**

**No. 05–1249.**

United States Court of Appeals, First Circuit.

Heard Nov. 7, 2005.

Decided Jan. 20, 2006.

**Background:** Defendant was convicted, upon a guilty plea, in the United States District Court for the District of Maine, George Z. Singal, Chief Judge, of being a felon in possession of a firearm and ammunition, and possessing a stolen firearm, and was sentenced to the 15-year mini-

mum sentence under the Armed Career Criminal Act (ACCA). Defendant appealed.

**Holdings:** The Court of Appeals, Stahl, Senior Circuit Judge, held that:

(1) prior breaking and entering and stalking offenses occurred on two separate occasions, and thus each could be counted as a separate ACCA predicate conviction;

(2) sentencing court's determination that prior breaking and entering conviction involved facts equating to generic burglary was not plain error, for purpose of determining whether it qualified as predicate ACCA offense; and

(3) defendant was not entitled to funds for a presentencing psychological evaluation.

Affirmed.

**1. Criminal Law ⚖1139**

Whether a defendant qualifies as an armed career criminal under the Armed Career Criminal Act (ACCA) is a question of law that is reviewed de novo. 18 U.S.C.A. § 924(e)(1).

**2. Sentencing and Punishment ⚖1307**

Whether two crimes occurred on separate occasions within the meaning of the Armed Career Criminal Act (ACCA) requires a case-by-case examination of the totality of the circumstances. 18 U.S.C.A. § 924(e)(1).

**3. Sentencing and Punishment ⚖1307**

Defendant's prior breaking and entering and stalking offenses, both in violation of Massachusetts law, occurred on two separate occasions, and thus each could be counted as a separate Armed Career Criminal Act (ACCA) predicate conviction, for sentencing purposes; although both offenses involved the same victim and took