# EXHIBIT V

Dockets.Justia.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CONNECTU LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, FACEBOOK, INC.,<br><br>　　　　　Defendants. | Civil Action No. 1:04-cv-11923 (DPW)<br><br>District Judge Douglas P. Woodlock<br><br>Magistrate Judge Robert B. Collings |
| MARK ZUCKERBERG and<br>FACEBOOK, INC.,<br><br>　　　　　Counterclaimants,<br><br>　　v.<br><br>CONNECTU LLC,<br><br>　　　　　Counterdefendant,<br><br>　　and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>　　　　　Additional Counterdefendants. | |

**DECLARATION OF DIVYA NARENDRA IN SUPPORT OF PLAINTIFF'S
SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION
TO DISMISS, PRESENTING NEW EVIDENCE AND SUPPLEMENTAL
AUTHORITY IN VIEW OF *PRAMCO***

I, DIVYA NARENDRA, declare as follows:

1. On and prior to September 2, 2004, the oral agreement between the Harvard Connection founders, Tyler and Cameron Winklevoss, and I, was that only Cameron and Tyler were Members of ConnectU LLC.

2. Prior to the formation of ConnectU LLC, I accepted a job offer from Credit Suisse in New York, that would begin in July of 2004. I expected to have little time to devote to ConnectU starting in July of 2004. Because of my job, I was unable to contribute time or effort to ConnectU on or about September 2, 2004. At that time, I was uncertain what, if any, contributions I could make to ConnectU, monetary or otherwise, or whether I wanted to assume any of ConnectU LLC's potential liabilities.

3. Because our respective roles, contributions, and shares in the company were uncertain, I was not made a Member of ConnectU LLC until well after September 2, 2004.

4. Although Tyler, Cameron and I had agreed that I would benefit in some way from ConnectU LLC, it had not been discussed or decided whether such benefit would come from Membership in the LLC or some other vehicle, such as a contract.

5. As of September 2, 2004, I viewed ConnectU LLC as the formal entity to run the connectu.com website, and it was my intention that it owned all rights I held as a Harvard Connection founder.

6. Prior to July 2005, I had discussions with counsel about ConnectU's ownership of my rights in the website that was to be known as Harvard Connection, and my rights in the connectu.com website.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This Declaration is executed on the 12 day of June 2006.

/s/Divya Narendra_____
Divya Narendra

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 12, 2006.

/s/ John F. Hornick_____
John F. Hornick

Case 5:04-cv-01389-RDP Document 127 Filed 06/22/2007 Page 4 of 32

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CONNECTU LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, FACEBOOK, INC.,<br><br>  Defendants. | Civil Action No. 1:04-cv-11923 (DPW)<br><br>District Judge Douglas P. Woodlock<br><br>Magistrate Judge Robert B. Collings |
| MARK ZUCKERBERG and<br>FACEBOOK, INC.,<br><br>  Counterclaimants,<br><br>  v.<br><br>CONNECTU LLC,<br><br>  Counterdefendant,<br><br>  and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>  Additional Counterdefendants. | |

**DECLARATION OF CAMERON WINKLEVOSS IN SUPPORT OF
PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION
TO DISMISS, PRESENTING NEW EVIDENCE AND SUPPLEMENTAL
AUTHORITY IN VIEW OF *PRAMCO***

I, CAMERON WINKLEVOSS, declare as follows:

1. On and prior to September 2, 2004, the oral agreement between the Harvard Connection founders, Divya Narendra, Tyler Winklevoss, and I, was that only Tyler and I were Members of ConnectU LLC.

2. Prior to the formation of ConnectU LLC, Divya accepted a job offer from Credit Suisse in New York, that would begin in July of 2004. It was my understanding that he expected to have little time to devote to ConnectU starting in July of 2004. Because of his job, he was unable to contribute time or effort to ConnectU on or about September 2, 2004. During the formation of ConnectU LLC, it was my understanding that he was uncertain what, if any, contributions he could make to ConnectU, monetary or otherwise. It was also unclear whether he wanted to assume any of ConnectU LLC's potential liabilities.

3. Because our respective roles, contributions, and shares in the company were uncertain, the three of us agreed to not make Divya a Member of ConnectU LLC until well after September 2, 2004.

4. Although we all three agreed that Divya would benefit in some way from ConnectU, we had not discussed or decided whether such benefit would come from Membership in the LLC or some other vehicle, such as a contract.

5. As of September 2, 2004, I viewed ConnectU LLC as the formal entity to run the connectu.com website, and it was my intention that it owned all rights I held as a Harvard Connection founder.

6. From 1985 through September 2, 2004, and at all times since, I have intended to be domiciled in the State of Connecticut.

7. From 1985 through September 2, 2004, and at all times since, I have in fact been domiciled in the State of Connecticut.

8. Since 1985 my permanent residence has been in Connecticut.

9. On September 2, 2004, and at all times since, I have held a Connecticut driver's license.

10. In 2004 and 2005 I paid state taxes in Connecticut.

11. In 2004, 2005, and 2006 I was registered to vote in Connecticut.

12. While attending Harvard University, I frequently returned to Connecticut.

13. While attending Harvard University, I did not intend to stay in Massachusetts permanently.

14. In early August 2004, an unsuccessful search was conducted for any corporate Facebook entity.

15. Prior to July 2005, I had discussions with counsel about ConnectU's ownership of my rights in the website that was to be known as Harvard Connection, and my rights in the connectu.com website.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  This Declaration is executed on the  12 day of June 2006.

/s/Cameron Winklevoss_____
Cameron Winklevoss

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 12, 2006.

/s/ John F. Hornick_____
John F. Hornick

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CONNECTU LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, FACEBOOK, INC.,<br><br>　　　　　　Defendants. | Civil Action No. 1:04-cv-11923 (DPW)<br><br>District Judge Douglas P. Woodlock<br><br>Magistrate Judge Robert B. Collings |
| MARK ZUCKERBERG and FACEBOOK, INC.,<br><br>　　　　　　Counterclaimants,<br><br>　　v.<br><br>CONNECTU LLC,<br><br>　　　　　　Counterdefendant,<br><br>　　and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>　　　　　　Additional Counterdefendants. | |

**DECLARATION OF TYLER WINKLEVOSS IN SUPPORT OF PLAINTIFF'S
SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION
TO DISMISS, PRESENTING NEW EVIDENCE AND SUPPLEMENTAL
AUTHORITY IN VIEW OF *PRAMCO***

I, TYLER WINKLEVOSS, declare as follows:

1. On and prior to September 2, 2004, the oral agreement between the Harvard Connection founders, Divya Narendra, Cameron Winklevoss, and I, was that only Cameron and I were Members of ConnectU LLC.

2. Prior to the formation of ConnectU LLC, Divya accepted a job offer from Credit Suisse in New York, that would begin in July of 2004. It was my understanding that he expected to have little time to devote to ConnectU starting in July of 2004. Because of his job, he was unable to contribute time or effort to ConnectU on or about September 2, 2004. During the formation of ConnectU LLC, it was my understanding that he was uncertain what, if any, contributions he could make to ConnectU, monetary or otherwise. It was also unclear whether he wanted to assume any of ConnectU LLC's potential liabilities.

3. Because our respective roles, contributions, and shares in the company were uncertain, the three of us agreed to not make Divya a Member of ConnectU LLC until well after September 2, 2004.

4. Although we all three agreed that Divya would benefit in some way from ConnectU, we had not discussed or decided whether such benefit would come from Membership in the LLC or some other vehicle, such as a contract.

5. As of September 2, 2004, I viewed ConnectU LLC as the formal entity to run the connectu.com website, and it was my intention that it owned all rights I held as a Harvard Connection founder.

6. From 1985 through September 2, 2004, and at all times since, I have intended to be domiciled in the State of Connecticut.

7. From 1985 through September 2, 2004, and at all times since, I have in fact been domiciled in the State of Connecticut.

8. Since 1985 my permanent residence has been in Connecticut.

9. On September 2, 2004, and at all times since, I have held a Connecticut driver's license.

10. In 2004 and 2005 I paid state taxes in Connecticut.

11. In 2004, 2005, and 2006 I was registered to vote in Connecticut.

12. While attending Harvard University, I frequently returned to Connecticut.

13. While attending Harvard University, I did not intend to stay in Massachusetts permanently.

14. Prior to July 2005, I had discussions with counsel about ConnectU's ownership of my rights in the website that was to be known as Harvard Connection, and my rights in the connectu.com website.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This Declaration is executed on the 12 day of June 2006.

/s/Tyler Winklevoss
Tyler Winklevoss

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 12, 2006.

/s/ John F. Hornick_____
John F. Hornick