# EXHIBIT Y

Dockets.Justia.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 04-11923-DPW**

| | | |
|---|---|---|
| **CONNECTU LLC** | . | |
|     **Plaintiff** | . | |
| | . | |
|         **v.** | . | |
| | . | **BOSTON, MASSACHUSETTS** |
| **MARK ZUCKERBERG, et al** | . | **OCTOBER 24, 2006** |
|     **Defendants** | . | |

. . . . . . . . . . . . . . . .

TRANSCRIPT OF EVIDENTIARY HEARING
BEFORE THE HONORABLE ROBERT B. COLLINGS
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:     Daniel Tighe, Esquire
                         Griesinger, Tighe & Maffei

                         John F. Hornick, Esquire
                         Margaret A. Esquenet, Esquire
                         Meredith Schoenfeld, Esquire
                         Finnegan, Henderson, Farabow, Garrett &
                         Dunner, LLP
                         901 New York Avenue, N.W.
                         Washington, DC  20001
                         (202) 408-4000

For the Defendants:    G. Hopkins Guy, III, Esquire
                         I. Neel Chatterjee, Esquire
                         Monte cooper, Esquire
                         Orrick, Herrington & Sutcliffe LLP
                         1000 March Road
                         Menlo Park, CA  94025
                         (650) 614-7400

Court Reporter:

Proceedings recorded by digital sound recording, transcript produced by transcription service.

---

For the Defendants:    Jeremy P. Oczek, Esquire

*MARYANN V. YOUNG*
Certified Court Transcriber
240 Chestnut Street
Wrentham, Massachusetts 02093
(508) 384-2003

Steven Bauer, Esquire
Proskauer Rose, LLP
One International Place
Boston, MA  02110
(617) 526-9600

1  A    I believe we did include him, yes.

2  Q    And the position of ConnectU was that all of the actions

3  taken by ConnectU or taken by Mr. Narendra were on behalf of

4  ConnectU, right?

5  A    Yes, but I think I should probably clarify that, that

6  that--

7  Q    Your counsel can ask you that.

8  A    Okay.

9  Q    That was the position--

10  A    Sure.

11  Q    --taken by ConnectU, right?

12  A    Yes.

13  Q    And the actions that were taken by Mr. Narendra were in

14  2004, right?

15  A    Some actions may have been, yes.

16  Q    The actions were taken in 2004 that ConnectU is taking the

17  position they should have responsibility for it because

18  Mr. Narendra was doing it on its behalf?

19  A    I think some actions, yes, were taken on 2004.

20  Q    Thank you very much.

21     Now there was discovery in that case?

22  A    I believe there's been some discovery, yes.

23  Q    Okay.  And in that case there was discovery about the

24  membership of ConnectU, right?

25  A    I'm not sure I recall exactly.

1    Q    Well, let's take a look at the hearing Exhibit No. 80.

2   And if my colleagues could provide Mr. Narendra the copy of the

3   exhibit number.

4   (Pause)

5   BY MR. CHATTERJEE:

6    Q    Do you see that Mr. Winklevoss?

7    A    Yes, No. 8?

8    Q    8-0.

9    A    Or 8-0, 80.  Okay.

10   Q    Is Exhibit No. 80's a declaration from you?

11   A    Sorry, that's a question or?

12   Q    Yes.

13   A    You're asking me if it's a declaration?

14   Q    Yes.

15        MR. CHATTERJEE:  80's a--

16   A    It does not look to be a declaration.

17  BY MR. CHATTERJEE:

18   Q    Oh.  Well let me give you - if you take a look at request

19  for production No. 19.

20   A    Okay.

21        THE COURT:  This is in Exhibit 80 or not?

22        MR. CHATTERJEE:  This is in Exhibit 80, I'm sorry.

23        THE COURT:  Okay.

24        MR. CHATTERJEE:  Mine were organized slightly

25  differently.

1    THE WITNESS:  Okay, so I'm a little confused

2  where to go.  I'm looking at 80 right now.

3  BY MR. CHATTERJEE:

4  Q    If you look at request No. 19--

5  A    Oh, okay.

6  Q    Okay.  There's a request in there.  This is Exhibit No.

7  80.

8  A    Okay.

9  Q    Now request for production No. 19 asked you to produce all

10  documents related to current and former directors, officers,

11  employees and agents of ConnectU, including members, managers

12  and board managers as defined in the limited liability company

13  operating agreement of ConnectU LLC.  We gave some Bates

14  ranges, Harvard Connect and Winklevoss companies, including

15  documents relating to dates in these positions, duties,

16  authorities and responsibilities.  Do you see that?

17  A    Yes, I do.

18  Q    Okay.  Now in response to that there was a motion to

19  compel filed, right?  Are you aware of that?

20  A    Yes.

21  Q    And following that there was a court order?

22  A    Yes.

23  Q    You know that, right?

24  A    Yes.

25  Q    And in fact in that court order there was a requirement

1  that you produce a declaration that set forth that you had

2  made a complete production in response to that document

3  request, right?

4  A    Yes.

5  Q    And Exhibit 83 is that declaration, right?

6  A    That's correct, yes.

7  Q    And you specifically reference in paragraph 19 your

8  response, right?  This is the--

9  A    Yes.

10  Q    --this is following quarter.

11  A    Yes.

12  Q    You did a diligent search.  You produced all of the

13  relevant documents that were responsive to that request, right?

14  A    Yes.

15  Q    Now, what I've done with Exhibit 83, Mr. Winklevoss, is I

16  took all of the documents that were cited there by Bates

17  number.  You now what a Bates number is, right?

18  A    Sort of.

19  Q    Okay.  A Bates number are these actual numbers that are

20  identified on here.  You find them typically on the bottom

21  right hand corner of the document.

22  A    Right.

23        THE COURT:  You know if you're going to use that

24  would you focus it--

25        MR. CHATTERJEE:  Yes.

1          THE COURT:  --and stop moving it around.

2          MR. CHATTERJEE:  And I'm sorry, Your Honor, this is

3   kind of sliding off.

4          THE COURT:  You're getting me dizzy.

5          MR. CHATTERJEE:  I apologize.

6   BY MR. CHATTERJEE:

7   Q    Now, Mr. Winklevoss, with respect to Exhibits 41 – 40, 41

8   and 42, can you show me where in that collection of documents

9   any of those documents can be found?

10  A    I--

11  Q    Feel free to look through them.

12  A    I don't know the Bates numbers off the top of my head.  Is

13  that what you're asking me?

14  Q    I'll represent to you Mr. Winklevoss, I've gone--

15  A    Okay.

16  Q    --through each and every one of the Bates numbered

17  documents and I put them in that stack right there.  You can

18  look through them and see if you can find Exhibit 40, 41 or 42.

19  A    So you want me to look through the whole binder?

20         THE COURT:  Is there any dispute that these are not

21  contained in there?

22         MR. HORNICK:  Your Honor, these documents that I

23  believe that Mr. Chatterjee is going to be talking about were

24  produced after this discovery request was signed, and we have

25  an agreement in the two cases that any documents from any case

1 | can be used in either case.  So even if they weren't

2 | produced in the California case--

3 |         THE COURT:  No--

4 |         MR. HORNICK:  --they can be used.

5 |         THE COURT:  --no, I just want to know - let him do

6 | want he wants to do.  Is there any dispute that these are not

7 | within that category of documents?

8 |         MR. CHATTERJEE:  Your Honor, I'll represent to you--

9 |         THE COURT:  No, I'm asking Mr. Hornick.

10 |         MR. CHATTERJEE:  Oh.

11 |         MR. HORNICK:  I don't know, Your Honor.  I don't know

12 | what these documents here are.  I'm not really working on that,

13 | I'm not working on that case.  I don't know what these

14 | documents are just by looking at these numbers.

15 |         MR. CHATTERJEE:  Your Honor, the premise here is

16 | quite simple.

17 |         THE COURT:  Oh, I understand what you're trying to

18 | do.  I'm just, rather than having him look through all of them

19 | to see if they're there, which might take a little bit of time,

20 | and I was trying to shortcut things.

21 |         MR. CHATTERJEE:  And I'll represent to Your Honor not

22 | a single one of them is.

23 |         THE COURT:  Well, I know, but you don't get - you're

24 | not testifying and you're not under oath and you're not going

25 | to be testifying, you're not going under oath.  So how do you

1    want to do it?

2            MR. CHATTERJEE:  Well, I would like him to confirm

3    that not a single one of these documents that he's now relying

4    on as a member is it that, in the production that he made under

5    court order.

6            MR. HORNICK:  Then, Your Honor, I would have to ask

7    that the witness be able to look at each one of those documents

8    that he is being asked are not there, and then he should be

9    able to testify as to when those documents were produced

10   because they hadn't been produced at the time this document

11   request had been submitted.

12           THE COURT:  What do you mean they hadn't been

13   produced?

14           MR. HORBICK:  They hadn't been found.  These

15   documents were not covered by discovery requests in the – they

16   were not covered by discovery requests in this case, this

17   Massachusetts case.

18           MR. CHATTERJEE:  Your Honor--

19           THE COURT:  No, wait a minute, wait a minute, wait a

20   minute.

21           MR. HORNICK:  And then when this--

22           THE COURT:  No, he's asking about a discovery

23   request, an order that was made in California, the California

24   case.  Now, what do you--

25           MR. HORNICK:  I understand that, Your Honor, but

1  documents – they did the search they did and they produced

2  the documents they had and these documents were found later and

3  they were produced later.

4      THE COURT:  So they were not, so you're agreeing that

5  they're not within--

6      MR. HORNICK:  I think I know which one he's talking

7  about, but I don't really now which documents he's getting at.

8  And I also don't know whether these documents in this discovery

9  request, these Bates numbers are California case Bates numbers

10  or Massachusetts case Bates numbers.

11      MR. CHATTERJEE:  Your Honor, frankly, I don't know

12  what to do here.  The issue is the membership of Divya

13  Narendra.  The only documents that they're relying upon were

14  things that Mr. Winklevoss did not find under court order for a

15  reasonable diligent search.

16      THE COURT:  All right, well, I don't think there's

17  any – wait a minute, wait a minute, I don't think there's any

18  need for him – I mean they're either in there or they're not in

19  there, and I think that can be established without him sit,

20  without us sitting here at 10 of four having him go through

21  each--

22      MR. CHATTERJEE:  Okay.

23      THE COURT:  --each document.  He may have the

24  opportunity to do so, and we'll bring him back if necessary to

25  testify but I'm not going to sit here and have him do it now.

1    So let's move on.

2          MR. CHATTERJEE:  Okay.  Thank you, Your Honor.  And

3    the reason for that just so we're clear--

4          THE COURT:  Oh you don't have to tell me the reason.

5          MR. CHATTERJEE:  Well--

6          THE COURT:  I know what the reason is.  I know where

7    you're going.

8          MR. CHATTERJEE:  Okay.

9          THE COURT:  Let's move on.

10          MR. CHATTERJEE:  Okay.  And, Your Honor, so we're

11   going to have to maintain our objection to the admission of the

12   documents that have not yet been admitted because he said

13   they're business records.  If they're business records they'd

14   be in that production.

15          THE COURT:  Well, I don't think that objection - if

16   that's your only objection then I'm going to overrule it.  The

17   only one I think that hasn't been admitted is 41, right?

18          COUNSEL:  Right.

19          THE COURT:  Right.  Well I - if that's your

20   objection, I overrule it and I admit Exhibit 41.

21          MR. CHATTERJEE:  Thank you, Your Honor.

22          THE COURT:  Now was that the only purpose for which

23   you were going through this exercise or you had another purpose

24   in mind I take it?

25          MR. CHATTERJEE:  I think I made my purpose, Your

1        THE COURT:  Any objection?  I can take them now?

2        MR. HORNICK:  Your Honor, the witness was not able to

3   authenticate the letters that were being asked about in the

4   testimony.

5        MR. CHATTERJEE:  I'm sorry, Your Honor, I misspoke.

6   It's Exhibit 65 and 64.

7        THE COURT:  65 and 64, which is--

8        MR. HORNICK:  In fact there was never any foundation

9   laid on those letters.

10        THE COURT:  They weren't the letters, they were

11   complaints.

12        MR. HORNICK:  Well, they were attached to the

13   complaints.

14        MS. ESQUENET:  They were attached.  It was all--

15        MR. HORNICK:  The letters were attached to the

16   amended complaint.

17        THE CHATTERJEE:  Your Honor, they were cc'd to

18   ConnectU LLC and it was on behalf of ConnectU.

19        THE COURT:  Yeah.  They're being offered against

20   ConnectU, they're attached to ConnectU's complaint.  I'm going

21   to admit them.

22     (Defendant's Exhibit Nos. 64 and 65, admitted)

23        MR. CHATTERJEE:  Your Honor, I'd also like to offer

24   into evidence Exhibit 67, which was the interrogatory response

25   from this case that I referred to.

1    THE COURT:  All right, any objection to that?

2    MR. HORNICK:  No, Your Honor.  No objection.

3    THE COURT:  All right, that's admitted.

4    (Defendant's Exhibit No. 67, admitted)

5    MR. CHATTERJEE:  And then, Your Honor, my

6  understanding is you were going to submit Exhibit 83 which was

7  the declaration with the attached documents.  I'd like to offer

8  that into evidence.

9    THE COURT:  All right, wait a minute now.

10  Eighty--

11    MR. CHATTERJEE:  Exhibit 83 was the declaration of

12  ConnectU LLC for all of the documents that were--

13    THE COURT:  Oh right, right, right.  Yeah, I'm going

14  to ask that - I'm not going to excuse Mr. Cameron Winklevoss as

15  a witness overnight.  He's to go through the documents as

16  Mr. Hornick wished him to do and then to answer the question as

17  to whether they were included in the documents he listed in

18  response to that interrogatory.

19    MR. CHATTERJEE:  Thank you very much, Your Honor.

20    MR. HORNICK:  What documents particularly do you want

21  to know are in there?

22    MS. HURST:  Your Exhibits 40, 41 and 42.

23    MS. CHATTERJEE:  And particularly the handwritten

24  documents that he's relied upon to show membership.

25    THE COURT:  Well wait a minute, wait a minute.  We

1  want – is it forty--

2          MS. HURST:  It is, Your Honor, Ms. Hurst--

3          THE COURT:  Let's get the specific documents you're

4  referring to.  Exhibits--

5          MS. HURST:  Plaintiff's exhibits 40, 41 and 42--

6          MS. CHATTERJEE:  Correct.

7          MS. HURST:  --which are the two Connecticut

8  registration applications and the bank card.

9          MR. CHATTERJEE:  Correct.

10          THE COURT:  All right, 40, 41 and 42, Mr. Hornick.

11          MR. HORNICK:  And whether they're in Exhibit 83 is

12  the question?

13          THE COURT:  No, the question is whether they are

14  among the documents listed in that declaration as having been

15  produced.

16          MR. HORNICK:  In 83?

17          THE COURT:  Yeah.

18          MR. HORNICK:  Yes.

19          THE COURT:  It is 83, isn't it?  Mr. Chatterjee--

20          MR. CHATTERJEE:  Yes.

21          THE COURT:  --83?

22          MR. CHATTERJEE:  Yes.

23          THE COURT:  Okay.

24          MR. HORNICK:  Your Honor, we can stipulate that

25  they're not there.

1    THE COURT:  Well, that's what I was asking you

2  about earlier.

3    MR. HORNICK:  That's what I was saying, they were

4  produced after this was created so they couldn't have been

5  there.

6    THE COURT:  All right.  Then we don't have to worry

7  about that.  It's stipulated that they're not included in the

8  documents listed in the declaration.

9    MR. CHATTERJEE:  Thank you, Your Honor.

10    THE COURT:  Okay.  That takes care of that problem.

11  Okay, questions by counsel for Saverin?

12    MR. HURST:  Yes, briefly, Your Honor.

13  BY MS. HURST:

14  Q    Good afternoon, Mr. Winklevoss.  My name is Annette Hurst,

15  and I'm an attorney for defendant Saverin.  I think we've met

16  before, hello.

17  A    Hi.

18  Q    If you could turn to Exhibit 12 in the defendant's exhibit

19  binder.

20  (Pause)

21  A    Okay.

22  BY MS. HURST:

23  Q    In or about April 2004 were you familiar with a person

24  named Mark Perot?

25  A    Yes.

I - 258

1    Q    And who was Mr. Perot?

2    A    He was an employee of Imark.

3    Q    And you were involved with him in connection with Imark's

4    work in developing first the Harvard Connection then later the

5    ConnectU website, correct?

6    A    That's correct.

7    Q    I've marked or we've marked as Exhibit 12 an email from

8    Mr. Perot to you and Mr. Narendra.  Do you see that, that email

9    at the bottom of Exhibit 12?

10   A    Yes.

11   Q    And is that an email that you received from Mr. Perot on

12   or about April 5, 2004?

13   A    That's correct.

14   Q    In the email Mr. Perot was making a recommendation to you

15   that you create a legal entity for your business, correct?

16   A    Yes.

17   Q    He actually went on to describe a procedure whereby you

18   could do it online and recommended the specific form of entity

19   of an LLC, correct?

20   A    That's correct.

21   Q    And then that very same day, in fact shortly thereafter

22   you responded to his email, correct?

23   A    Yes.

24   Q    And your response on April 5, 2004 at approximately

25   10:12 a.m. is marked at the top of Defendant's Exhibit 12,

<u>CERTIFICATION</u>

I, Maryann V. Young, court approved transcriber, certify that the foregoing is a correct transcript from the official digital sound recording of the proceedings in the above-entitled matter.


_____                    November    , 2006____

Maryann V. Young_____