# EXHIBIT FF

**(ENDORSED)**
**FILED**
MAR 1 3 2006
KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ DEPUTY

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| THEFACEBOOK, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CONNECTU LLC, CAMERON WINKLEVOSS, TYLER WINKLEVOSS, HOWARD WINKLEVOSS, DIVYA NARENDRA, and DOES 1-25, inclusive, <br><br> Defendants. | Case No.   01-05-CV-047381 <br><br> ORDER RE: <br> (1) DEFENDANT CONNECTU LLC's MOTION FOR SANCTIONS IN VIOLATION OF COURT ORDER; <br><br> (2) DEFENDANT CAMERON WINKLEVOSS, TYLER WINKLEVOSS, HOWARD WINKLEVOSS, AND DIVYA NARENDRA'S MOTION TO SEAL RECORDS FILED IN CONNECTION WITH DEFENDANT CONNECTU LLC'S MOTION FOR SANCTIONS IN VIOLATION OF COURT ORDER; <br><br> (2&3) PLAINTIFF'S AND DEFENDANTS' MOTIONS TO FILE UNDER SEAL; AND, <br><br> (4) PLAINTIFF THEFACEBOOK INC.'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO FACEBOOK INC.'S FIRST SETS OF FORM INTERROGATORIES AND REQUESTS FOR ADMISSION <br><br> Date:    March 10, 2006 <br> Time:   10:00 a.m. <br> Dept.:   7 |

(1) Defendant ConnectU LLC's Motion For Sanctions In Violation Of Court Order;

---

Order re: March 10, 2006 Motions

(2&3) Plaintiff's and Defendants' Motions To Seal Records; and,

(4) Plaintiff TheFaceBook Inc.'s Motion To Compel Supplemental Responses To FaceBook Inc.'s First Sets Of Form Interrogatories And Requests For Admission,

came on for hearing before the Honorable Socrates P. Manoukian on March 10, 2006 at 10:00 a.m. in Department 7. The matter having been submitted, the Court orders as follows:

## I. FACTUAL AND PROCEDURAL BACKGROUND

Brothers Cameron ("Cameron") and Tyler ("Tyler") Winklevoss and Divya Narendra ("Narendra") allege that in their junior year at Harvard University they conceived an idea to connect people using computer networks that database friends with common interests at universities and colleges. Thereafter, they created a website and a business, ConnectU LLC ("ConnectU"). Mark Zuckerberg ("Zuckerberg") was a partner, in charge of completing the software code to run the website. After completing the Harvard ConnectU website, Zuckerberg created his own website, TheFaceBook, Inc. ConnectU filed an action in the United States District Court in Massachusetts ("the Massachusetts action"). ConnectU alleges Zuckerberg stole the idea.

On August 17, 2005, TheFaceBook, Inc. ("Plaintiff") sued ConnectU LLC, Cameron Winklevoss, Tyler Winklevoss, Howard Winklevoss, and Divya Narendra (collectively "Defendants") for misappropriation, unfair competition and violation of Penal Code §502(C)(unlawful interference with computer systems and computer data). Plaintiff alleges that Defendants gained unauthorized access to Plaintiff's website and extracted, or "stole," about 3 million email addresses. At the time, TheFaceBook's offices and website servers were located in California.

Defendant Howard Winklevoss ("Howard") is the Winklevoss father. It is alleged that Howard invested over $300,000 in ConnectU. Howard is involved in other business entities, such as Winklevoss Consultants, Inc., Winklevoss LLC, The Winklevoss Group, and Winklevoss Technologies LLC (collectively "Winklevoss companies"). Howard has provided support for ConnectU's existence, such as financial investment, business guidance, office space, lawyers and employees. ConnectU is located at the same address as the Winklevoss companies. ConnectU has offered services at California universities. Defendants claim there is no trade secret at-issue because Plaintiff shares the information Defendants obtained with others. Also, Defendants claim anyone can access TheFaceBook's website and download the information they allegedly obtained.

Also, Defendants claim this Court lacks personal jurisdiction over them. On October 25, 2005, Defendants filed motions to quash service of summons and complaint because of lack of personal jurisdiction. On November 3, 2005, this Court (W. Elfving) postponed Defendants' motion to quash to allow Plaintiff to "obtain discovery related to jurisdiction." On January 6, 2006, this Court (D. Woodhouse), ordered the depositions of defendants ConnectU, Cameron Winklevoss, Tyler Winklevoss, Howard Winklevoss, and Divya Narendra be limited to issues directly relating to personal jurisdiction topics.

## II. DISCUSSION

### 1. Defendant ConnectU LLC's Motion For Sanctions In Violation Of Court Order

#### A. Parties Arguments

ConnectU asserts that at deposition Plaintiff imposed questions outside of the scope of the issue of personal jurisdiction in violation of this Court's prior order. Plaintiff counters that the questions were directly related to issues raised in the motion to quash service of summons and complaint for lack of personal jurisdiction and directly related to topics 11, 12, and 13 in the notice of deposition.

#### B. Analysis

<u>Jurisdiction</u>. When a court finds that in the interests of substantial justice an action shall be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just. CCP §410.30. The issue regarding personal jurisdiction will be determined later. Some preliminary considerations are relevant. It has been held that the commission of an intentional tort that is directed at a California resident may provide sufficient minimum contacts to support the exercise of personal jurisdiction. *Integral Development Corp. v. Weissenbach* (2002) 99 Cal.App.4th 576, 587 (citing *Calder v. Jones* (1984) 465 U.S. 783 [104 S.Ct. 1482]);(other citations omitted). In *Calder*, the U.S. Supreme Court held that personal jurisdiction over a writer for a national newspaper based in Florida was proper because although the writer did personally visit California, the writer relied on telephone calls to sources in California for information contained in the article. *Id. Integral Development Corp.*, supra, 99 Cal.App.4th at 587 (citing *Calder*, supra 465 U.S. at 789). Further, the court found the defendants must have reasonably expected to be haled into court in California to defend against plaintiff's tort claims. *Id.* (citations omitted).

<u>Separate Statement</u>. CRC 335(a) requires that any motion involving the content of a discovery request or the responses to such a request shall be accompanied by a separate statement. Defendants' motion for sanctions does not contain a separate statement. Defendants provide various deposition transcripts and in the memorandum in support of the motion set forth some information for this Court to consider. However, this Court lacks the information necessary for this Court to understand each discovery request that is at issue. DENIED.

### 2. Plaintiff's And Defendants' Motions To Seal Records

#### A. Parties Arguments

Defendants assert there is an overriding interest in sealing the motion for sanctions; partial transcripts and excerpts of the deposition transcripts of Defendants because the transcripts contain confidential and proprietary information which Defendant has kept confidential. Further there is a substantial probability the overriding interest will be prejudiced if the record is not sealed; the proposed sealing is narrowly tailored to the items listed-above and there is no less restrictive means to achieve the overriding interest. Defendant claims Plaintiff jointly stipulates to this motion. Plaintiff concurrently brings an assented to motion to file under seal Plaintiff's motion to compel supplemental responses to Plaintiff's first sets of form interrogatories and

1  requests for admission, (ii) statement of matters in dispute in support of Plaintiff's motion, and (iii) exhibits 29 and 30 in support of the motion to compel.

**B.  Analysis**

<u>Sealing Records.</u>  Parties seeking to protect trade secrets must overcome the Rule of Court, Rule 243.1 presumption in favor of public access. *In Re Providian Credit Card Cases*, (2002) 96 Cal.App.4th 292, 301; *NBC Subsidiary (KNBC-TV), Inc. v. Sup.Ct.* (1999) 20 Cal.4th 1178. To seal records, the court must make findings of fact establishing each of the following: (1) There exists an overriding interest that overcomes the right of public access to the record; (2) The overriding interest supports sealing the record; (3) A substantial probability exists that the overriding interest will be prejudiced if the record is not sealed; (4) The proposed order is narrowly tailored; and, (5) No less restrictive means exist to achieve the overriding interest. C.C.C. 243.1(d). However, Rules 243.1 and 243.2 do not apply to discovery motions and records filed or lodged in connection with discovery motions and records filed or lodged in connection with discovery motions or proceedings. CRC 243.1 (a)(2).

The parties ask this court to seal the aforementioned records. The records concern a discovery motion and Rules 243.1 and 243.2 specifically do not apply to discovery motions. However, this Court may rely upon other rules to determine whether or not to seal a record. For instance, the right to privacy is a Constitutional protection contemplated by this Court. Also, the Court is required to preserve the secrecy of an alleged trade secret by reasonable means, including sealing the records in the action. CC §3426.5. Good cause shown, the motions to seal are GRANTED.

**3.  TheFaceBook Inc.'s Motion To Compel Supplemental Responses**

**A. Parties Arguments**

Plaintiff asserts Defendants answers to Form Interrogatories numbers 50.3 – 50.6 and 16.1 and 16.2 and Form Interrogatory number 17.1 associated with Requests For Admission 2, 6, 10, 12, 13, 24, and 2-25 with respect to the individual Defendants are incomplete, evasive and contain improper objections. Also, Plaintiff contends Defendants avoided numerous Form Interrogatories by unjustly disagreeing with the definition of "Incident." Defendant counters that Plaintiff continues to seek unrestricted discovery, in violation of prior orders; (2) that Form Interrogatories designed for Personal Injury or Contract actions are not relevant to this context; and, (3) that their objections have merit.

**B.  Analysis**

<u>Burden of Proof.</u>  The moving party must state reasons why further answers should be ordered but the burden of proof is on the responding party to justify any objection or failure to fully answer the interrogatories. *Coy v. Sup.Ct.* (1962) 58 Cal.2d 210, 220-221.

Each answer in the response to interrogatories must be as complete and straightforward as the information reasonably available to the responding party permits. If an interrogatory cannot be answered completely, it shall be answered to the extent possible. CCP §2030.220. If the responding party does not have personal knowledge sufficient to respond fully to an interrogatory, that party shall so state, but shall make a reasonable and good faith effort to obtain

the information by inquiry to other natural persons or organizations, except where the information is equally available to the propounding party. CCP §2030.220 (c).

Form Interrogatories 2.11, 2.12, 4.1, 4.2, 8.2, 8.3, 8.4, 11.1, 12.1, 12.2, 12.3, 12.4, 12.5, 12.6, 12.7, 13.1, 13.2, 16.1, 16.2, 16.3, 16.6, 16.7, and 16.9 contain the term "INCIDENT," defined by Plaintiff to means "unauthorized access of Facebook's data." All Defendants responded to these interrogatories that the interrogatory is "[N]ot applicable as there was no 'unauthorized access of Facebook's data.'"

Plaintiff contends that Defendants' responses amount to a denial that the incident ever occurred. Defendant counters that Plaintiff seeks to obtain information outside of this Court's prior order, and also that there was no unauthorized access because the information is freely available to any person accessing facebook.com.

This Court's prior orders limited discovery to jurisdiction issues. The orders would have little meaning or effect if Plaintiff would be allowed to circumvent the orders by compelling written discovery on any issue. Consistent with Judge Woodhouse's prior order, Plaintiff's motion to compel is limited to issues of personal jurisdiction.

Second, Plaintiff's definition of the term "INCIDENT," if assented to by Defendants, would require Defendants to admit that any access of facebook.com was unauthorized. Concerning admissions, generally, a court "cannot force a litigant to admit any fact if he is willing to risk a perjury prosecution or financial sanctions (by denying them)." *Holguin v. Superior Court* (1972) 22 Cal.App.3d 812, 820. This does not mean that Defendants are absolved from other portions of the code. To the extent the questions are within the proper scope of discovery, the individual Defendants must provide code-compliant answers. Defendants' assertion is that there was no incident because their access, if at all, was authorized. This response is argumentative and evasive. A complete response would at least answer the interrogatory, qualified by any objection. Of course, this Court does not ignore the fact that these parties should have resolved this dispute informally, stipulating to a mutually suitable definition, such as "the facts giving rise to the Complaint in this matter," so Plaintiff shoulders some amount of responsibility. The parties shall agree that the term "INCIDENT" means "the alleged facts giving rise to the complaint filed in this matter."

Generally, ConnectU does not contest personal jurisdiction thus complete responses to Form Interrogatories 2.11, 2.12, 4.1, 4.2, 8.2, 8.3, 8.4, 11.1, 12.1, 12.2, 12.3, 12.4, 12.5, 12.6, 12.7, 13.1, 13.2, 16.1, 16.2, 16.3, 16.6, 16.7, and 16.9 are due. GRANTED.

As to the individual Defendants, their responses that the interrogatories are inapplicable because "there was no 'unauthorized access of the Facebook's data,'" are stricken and the following applies:

Form Interrogatory 2.11 seeks information if a Defendant was acting as an agent or employee for any PERSON? Accessing a website in California could assist in the determination of personal jurisdiction. GRANTED.

Form Interrogatory No. 2.12 requests identification of whether anyone had a disability or condition that may have contributed to the INCIDENT. This interrogatory does not appear related to the issue of personal jurisdiction and Plaintiff does not explain how this information will lead to assisting the determination of personal jurisdiction. DENIED without prejudice to demanding further responses if this Court retains jurisdiction.

Form Interrogatory Nos. 4.1 & 4.2 seek identification of insurance policies. This interrogatory does not appear related to the issue of personal jurisdiction and Plaintiff does not explain how this information will lead to assisting the determination of personal jurisdiction. If a Defendant has an insurance policy in California, this response would be revealed in Plaintiff's other discovery requests that seek information concerning any contracts in California. DENIED without prejudice.

Form Interrogatory No. 8.2 seeks the nature, job title at the time of the incident and the date the employment began. This interrogatory could be related to personal jurisdiction. GRANTED.

Form Interrogatory Nos. 8.3 & 8.4 requests compensation information. This interrogatory does not appear related to the issue of personal jurisdiction and Plaintiff does not explain how this information will lead to assisting the determination of personal jurisdiction. Moreover, when or how much Defendants are paid is not related to any allegations in the Complaint in this matter. DENIED without prejudice.

Form Interrogatory No. 11.1 asks for information concerning any claims or demands for compensation for personal injuries. This matter does not involve personal injuries of the individual Defendants. Also, the interrogatory is not related to personal jurisdiction. DENIED.

Form Interrogatory Nos. 12.1 - 13.2 requests information concerning Defendants' any investigations of the INCIDENT. This interrogatory does not appear related to the issue of personal jurisdiction and Plaintiff does not explain how this information will lead to assisting the determination of personal jurisdiction. DENIED without prejudice.

Form Interrogatory Nos. 16.1 – 16.16.3, 16.6, 16.7 and 16.9 request information and or documents concerning damages. This is not related to personal jurisdiction. DENIED without prejudice.

Form Interrogatory Nos. 50.3 – 50.6 request information concerning any agreements alleged in the pleadings. Defendants responded that they do not understand that there is an agreement alleged in the pleadings. This is evasive. Paragraphs 11 – 14 of Plaintiff's complaint concern a user agreement. Moreover, this is related to personal jurisdiction. Defendants should provide complete and straightforward responses. GRANTED.

Form Interrogatory No. 17.1 asks whether or not responses to each request for admission served is an unqualified admission, and if not, identification of additional information concerning the qualification. The contested Requests For Admission are:

Request For Admission No. 2 seeks an admission that each Defendant has "accessed TheFaceBook website for the purpose of acquiring email addresses previously registered with TheFaceBook." This is related to personal jurisdiction.

Howard denied the request, and in response to Form Interrogatory 17.1 stated that he has not accessed the site. This is not an unqualified admission. A correct response requires identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

ConnectU and the other individual Defendants responded that "previously registered" email accounts is not established. This is evasive. It is clear that Plaintiff meant that a previously registered email account is one that existed at the Defendants allegedly accessed Plaintiff's website, if ever. Also, the other individual Defendants also state that they accessed the website as members of ConnectU. A correct response requires identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

Request For Admission No. 3 requests whether Defendants accessed THEFACEBOOK website to identify all colleges and universities included in the online directory. If it can be established Defendants intended to harm THEFACEBOOK this request becomes related to personal jurisdiction.

ConnectU responded that it does not recall the purpose of visiting the website. ConnectU's response to Form Interrogatory 17.1 is that it does not recall the purpose of the visit to the website. A correct response requires identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

Howard denied the request and then responded to 17.1 that he has not taken the acts included in the request. A correct response requires identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

The other individual Defendants state that they accessed the website as members of ConnectU. A correct response requires identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

Request For Admission No. 4 requests whether Defendants accessed THEFACEBOOK's website to identify website features offered by THEFACEBOOK. This request is not directly

related to personal jurisdiction because stopping by to check out a website does not indicate nefarious conduct. DENIED without prejudice as to the individual Defendants

ConnectU did not admit or deny because the phrase "visible website features" is vague and ambiguous. Vague and ambiguous is recognized as a nuisance objection. *Standon v. Superior Court* (1990) Cal.App.3d 898, 901. ConnectU admits visiting the website, but did not understand what was on it before it was visited. A correct response requires identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

Request For Admission No. 5 requests Defendants admit whether they accessed the website for the purpose of identifying what functions are permitted by Plaintiff's website. This is not related to personal jurisdiction. DENIED without prejudice as to the individual Defendants.

ConnectU did not admit or deny because the phrase "visible website features" is vague and ambiguous. ConnectU admits visiting the website, but did not understand what was on it before it was visited. A correct response requires identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

Request For Admission No. 6 seeks an admission that each Defendant has accessed Plaintiff's website by deliberately circumventing security features intended to limit access to the website. This is related to personal jurisdiction because it implies nefarious conduct.

ConnectU denied the request, then in response to no. 17 stated that its access was authorized. A correct response requires identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

Howard denied the request, and in response to Form Interrogatory 17.1 stated that he has not accessed the site. A correct response requires identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

The other individual Defendants admit accessing Plaintiff's website, but only in their capacity as a member of ConnectU. A correct response requires identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

1      <u>Request For Admission No. 7</u> requests Defendants admit they accessed Plaintiff's website using more than one individual member ID account. This is related to the issue of personal jurisdiction in establishing whether and how Defendants accessed Plaintiff's website.

    ConnectU denied the request, then did not respond to no. 17. A correct response to Form Interrogatory 17.1 requires identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

    Howard denied the request, and in response to Form Interrogatory 17.1 stated that he has not accessed the site. A correct response requires identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

    The other individual Defendants admit accessing Plaintiff's website, but only in their capacity as a member of ConnectU. A correct response requires identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

    <u>Request For Admission No. 8</u> requests Defendants admit whether they used the e-mail addresses of THEFACEBOOK members obtained by accessing THEFACEBOOK website in order to solicit memberships to CONNECTU.

    ConnectU denied the request, then in response to no. 17 stated that its members have offered or requested at times that CONNECTU use or obtain email addresses from FACEBOOK to invite their friends on FACEBOOK's website to join CONNECTU. A correct response requires identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

    Howard denied the request, and in response to Form Interrogatory 17.1 stated that he has not accessed the site. A correct response requires identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

    The other individual Defendants admit accessing Plaintiff's website, but only in their capacity as a member of ConnectU. A correct response requires identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

  Request For Admission No. 9 requested an admission as to whether or not Defendants distributed e-mails to members of THEFACEBOOK's for the purpose of soliciting them for the CONNECTU website. This is related to personal jurisdiction.

  ConnectU denied the request, then in response to no. 17 stated that its members have offered or requested at time that CONNECTU use or obtain email addresses from FACEBOOK to invite their friends on FACEBOOK's website to join CONNECTU. A correct response requires identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

  Howard denied the request, and in response to Form Interrogatory 17.1 stated that he has not accessed the site. A correct response requires identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

  The other individual Defendants denied the request, but in response to No. 17.1 state that they accessed the website only in their capacity as a member of ConnectU. A correct response requires identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

  Request For Admission No. 10 requests an admission that each Defendant has downloaded data from THEFACEBOOK's website that was incorporated into CONNECTU's website. This is related to personal jurisdiction.

  ConnectU denied the request for admission, then stated that it did not download any information. A correct response requires identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

  Howard denied the request and then stated that he has not taken the acts included in this request. A correct response requires identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

  The other individual Defendants denied the request, then state that they performed the acts in their capacity as a member of ConnectU. A correct response requires identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

  Request For Admission No. 11 asks Defendants admit that CONNECTU's website traffic increased as a result of the solicitations made in the email accounts obtained from

THEFACEBOOK's website. This is not directly related to the issue of personal jurisdiction. DENIED without prejudice as to the individual Defendants.

ConnectU denied and stated that solicitations did not occur. A correct response requires identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

Request For Admission Nos. 12 and 13 seek admissions that each Defendant employed or retained Pacific Northwest Software or Winston Williams for the purpose of retrieving or gather information from THEFACEBOOK's website. These requests are related to personal jurisdiction.

ConnectU denied the request for admission, then stated that it employed Pacific Northwest Software to further the development of CONNECTU's website. A correct response requires identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

Howard denied the request and then stated that he has not taken the acts included in this request. A correct response requires identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

The other individual Defendants denied the request, then state that they performed the acts in their capacity as a member of ConnectU. A correct response requires identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

Request For Admission No. 14 seeks an admission that CONNECTU's revenue increased. This is not directly related to the issue of personal jurisdiction. DENIED without prejudice as to the individual Defendants.

ConnectU denied and stated that solicitations did not occur. A correct response requires identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

Request For Admission No. 15 asks Defendants admit they accessed THEFACEBOOK's website to identify features to improve CONNECTU's website. This is not directly related to the issue of personal jurisdiction. DENIED without prejudice as to the individual Defendants.

ConnectU denied and stated that it did not have this intent. A correct response requires identification of all facts upon which the response is based, the names and addresses of and

telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

Request For Admission Nos. 16-21 concerns THEFACEBOOK's "Terms of Use" conditions and whether Defendants agreed to the terms of use. This issue relates to the issue of personal jurisdiction.

ConnectU denied, or did not admit or deny because its members cannot recall or because it did not agree to the terms of use. Correct responses require identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

Howard denied these requests and stated he has not undertaken the acts. Correct responses require identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

The other individual Defendants denied these requests, then stated that they performed the acts in their capacity as members of ConnectU. Correct responses require identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

Request For Admission Nos. 22-25 asks Defendants admit they use a data-import program called "Social Butterfly;" whether it shortens the registration process; whether they used it in connection with the email accounts they obtained from THEFACEBOOK; and, whether when they used the email accounts obtained from THEFACEBOOK website that they breached THEFACEBOOK's Terms of Use. These requests are related to the issue of personal jurisdiction.

ConnectU denied. Correct responses require identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

Howard denied and stated he has not undertaken the acts. Correct responses require identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

The other individual Defendants denied these requests, and stated they performed the acts in their capacity as members of ConnectU. Correct responses require identification of all facts upon which the response is based, the names and addresses of and telephone numbers of anyone with knowledge of the facts, and any documents in support of the facts, as well as the location of the documents. GRANTED.

## IV.    ORDER

IT IS HEREBY ORDERED:

1. Defendant ConnectU LLC's Motion For Sanctions In Violation Of Court Order, DENIED;

2. Plaintiff's And Defendants' Motions To Seal Records, GRANTED;

3. TheFaceBook Inc.'s Motion To Compel Supplemental Responses, GRANTED IN-PART, DENIED IN-PART, as follows:

   a. The parties shall agree that the term "INCIDENT" means "the alleged facts giving rise to the complaint filed in this matter."

   b. Plaintiff's motion to compel Defendant ConnectU LLC provide supplemental responses to Form Interrogatories 2.11, 2.12, 4.1, 4.2, 8.2, 8.3, 8.4, 11.1, 12.1, 12.2, 12.3, 12.4, 12.5, 12.6, 12.7, 13.1, 13.2, 16.1, 16.2, 16.3, 16.6, 16.7, and 16.9, GRANTED.

   c. Plaintiff's motion to compel Defendants Howard Winklevoss, Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra provide supplemental responses to Form Interrogatories 2.11, 2.12, 4.1, 4.2, 8.2, 8.3, 8.4, 11.1, 12.1, 12.2, 12.3, 12.4, 12.5, 12.6, 12.7, 13.1, 13.2, 16.1, 16.2, 16.3, 16.6, 16.7, and 16.9, GRANTED IN-PART, DENIED IN-PART, as follows:

      i. The responses "Not applicable as there was no 'unauthorized access of Facebook's data,'" are stricken.

      ii. Form Interrogatories 2.11, 8.2 & 50.3 – 50.6, GRANTED.

      iii. Form Interrogatories Nos. 2.12, 4.1, 4.2, 8.3, 8.4, 12.1-13.2, 16.1-16.16.3, 16.6, 16.7 and 16.9, DENIED, without prejudice to demanding further responses.

      iv. Form Interrogatory No. 11.1, DENIED.

4. Plaintiff's motion to compel all Defendants provide supplemental responses to Form Interrogatory 17.1, GRANTED IN-PART, DENIED IN-PART, as follows:

   a. Request For Admission Nos. 2, 3, 6-10, 12, 13 & 16-25, GRANTED, as to all Defendants.

   b. Request For Admission Nos. 4, 5, 14 & 15, GRANTED, as to ConnectU LLC, and DENIED without prejudice as to the individual Defendants.

5. Defendants' objections are waived as to items GRANTED or DENIED. As to the items DENIED without prejudice, Defendants' objections are reserved until discovery is unrestricted.

6. Further responses shall occur within 20 days of order.

Date: 10 May 2006

Socrates P. Manoukian
Judge of the Superior Court

Order re: March 10, 2006 Motions                                                Page 14 of 14

**SUPERIOR COURT, STATE OF CALIFORNIA**
**COUNTY OF SANTA CLARA**
DEPARTMENT 7
191 North First Street, San Jose, CA 95113
408.882.2170   ·   408.882.2193 (fax)
*smanoukian@sct.co.scl.ca.us*
*http://www.sccsuperiorcourt.org*



(ENDORSED)
**FILED**
MAR 1 3 2006
KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ DEPUTY
*(For Clerk's Use Only)*

## DISCOVERY CALENDAR TENTATIVE RULINGS

**DATE:** 10 March 2005
**TIME:** 10:00
**LINE:** 16
**CASE NO.:** 1-05-CV-047381
**CAPTION:** The Facebook, Inc. v. ConnectU, LLC

1. Defendant ConnectU LLC's Motion For Sanctions In Violation Of Court Order DENIED.

2. Plaintiff's And Defendants' Motions To Seal Records, GRANTED;

3. TheFaceBook Inc.'s Motion To Compel Supplemental Responses, GRANTED IN PART, DENIED IN PART, as follows: a. The parties shall agree that the term "INCIDENT" means "the alleged facts giving rise to the complaint filed in this matter." b. Plaintiff's motion to compel Defendant ConnectU LLC provide supplemental responses to Form Interrogatories 2.11, 2.12, 4.1, 4.2, 8.2, 8.3, 8.4, 11.1, 12.1, 12.2, 12.3, 12.4, 12.5, 12.6, 12.7, 13.1, 13.2, 16.1, 16.2, 16.3, 16.6, 16.7, and 16.9, GRANTED. c.

4. Plaintiff's motion to compel Defendants Howard Winklevoss, Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra provide supplemental responses to Form Interrogatories 2.11, 2.12, 4.1, 4.2, 8.2, 8.3, 8.4, 11.1, 12.1, 12.2, 12.3, 12.4, 12.5, 12.6, 12.7, 13.1, 13.2, 16.1, 16.2, 16.3, 16.6, 16.7, and 16.9, GRANTED IN-PART, DENIED IN-PART, as follows: The responses "Not applicable as there was no 'unauthorized access of Facebook's data,'" are stricken. Form Interrogatories 2.11, 8.2 Defendants/Responding Parties 50.3 – 50.6, GRANTED. Form Interrogatories Nos. 2.12, 4.1, 4.2, 8.3, 8.4, 12.1-13.2, 16.1-16.16.3, 16.6, 16.7 and 16.9, DENIED, without prejudice to demanding further responses. Form Interrogatory No. 11.1, DENIED.

5. Plaintiff's motion to compel all Defendants provide supplemental responses to Form Interrogatory 17.1, GRANTED IN-PART, DENIED IN-PART, as follows: Request For Admission Nos. 2, 3, 6-10, 12, 13 Defendants/Responding Parties 16-25, GRANTED, as to all Defendants. Request For Admission Nos. 4, 5, 14 Defendants/Responding Parties 15, GRANTED, as to ConnectU LLC, and DENIED without prejudice as to the individual Defendants.

6. Defendants' objections are waived as to items GRANTED or DENIED. As to the items DENIED without prejudice, Defendants' objections are reserved until discovery is unrestricted. Further responses shall occur within 20 days of order.

**DATED:** MAR 1 0 2006

_____
HON. SOCRATES PETER MANOUKIAN
Judge of the Superior Court
County of Santa Clara

| | |
|---|---|
| IN THE SUPERIOR COURT OF CALIFORNIA IN AND FOR THE COUNTY OF SANTA CLARA | **(ENDORSED) FILED** MAR 1 3 2006 KIRI TORRE Chief Executive Officer/Clerk Superior Court of CA County of Santa Clara BY _____ DEPUTY |
| Plaintiff: THEFACEBOOK, INC. | |
| Defendant: CONNECTU LLC | |
| PROOF OF SERVICE ON MOTION FOR SANCTIONS AND MOTION TO SEAL RECORDS | Case Number: CV 047381 |

CLERK'S CERTIFICATE OF SERVICE:   I certify that I am not a party to this case and that a true copy of this document was served as follows:

[ ]   By personal service on the parties and on the date shown below.

[X]   By first class mail, postage prepaid, addressed as shown below and mailed on the date shown below.

**DATED:**     03/13/06                                             Kiri Torre, Chief Executive Officer/Clerk

BY _____, Deputy
Jessie Torres

I. NEEL CHATTERJEE, ESQ.
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA. 94025

SCOTT R. MOSKO, ESQ.
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER
STANFORD RESEARCH PARK
3300 HILLVIEW AVENUE
PALO ALTO, CA 94304