# EXHIBIT II

Dockets.Justia.com

1   Scott R. Mosko (State Bar No. 106070)
    FINNEGAN, HENDERSON, FARABOW,
2     GARRETT & DUNNER, L.L.P.
    Stanford Research Park
3   3300 Hillview Avenue
    Palo Alto, California 94304
4   Telephone:   (650) 849-6600
    Facsimile:    (650) 849-6666
5

6   Attorneys for Defendants
    Connectu LLC, Cameron Winklevoss,
7   Tyler Winklevoss, Howard Winklevoss,
    and Divya Narendra
8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      COUNTY OF SANTA CLARA

12

13  THE FACEBOOK, INC.                    CASE NO. 105 CV 047381

14            Plaintiff,                  **AMENDED RESPONSE OF
                                          DEFENDANT CAMERON
15       v.                               WINKLEVOSS TO FORM
                                          INTERROGATORIES**
16  CONNECTU LLC, CAMERON WINKLEVOSS,
    TYLER WINKLEVOSS, HOWARD
17  WINKLEVOSS, DIVYA NARENDRA, AND
    DOES 1-25,
18
              Defendants.
19

20

21

22

23

24

25

26

27

28

# RESPONSE TO FORM INTERROGATORIES

## Response to 2.11

Yes.

(a) ConnectU LLC

(b) See response to Special Interrogatory No. 14.

## Response to 8.2

The nature of Responding Party's activities for ConnectU LLC is described in the response to Special Interrogatory No. 14. See also transcripts from January 16, 2006 depositions. Responding Party has never been employed by ConnectU LLC.

## Response to 17.1

Regarding Request No. 2, Responding Party did not specifically access Plaintiff's website to acquire email addresses. Responding Party on behalf of ConnectU accessed Plaintiff's website to see what was available on this site and to investigate whether its intellectual property had been misappropriated. On certain occasions, ConnectU downloaded email addresses that were available on this site. Persons knowledgeable regarding the response to this Interrogatory may include Tyler Winklevoss, Divya Narendra and Winston Williams. Documents concerning ConnectU's access were identified in ConnectU's second amended response to Plaintiff's first set of Requests for Production.

Regarding Request No. 3, Responding Party did not specifically access Plaintiff's website to identify the colleges and universities included in the online directory. Responding Party on behalf of ConnectU accessed Plaintiff's website to see what was available on this site and to investigate whether its intellectual property had been misappropriated. Responding Party does recall seeing some colleges and universities on this site. Persons knowledgeable regarding the response to this Interrogatory may include Tyler Winklevoss, Divya Narendra and Winston Williams. Documents concerning ConnectU's access were identified in ConnectU's second amended response to Plaintiff's first set of Requests for Production.

Regarding Request No. 6, Responding Party did not access Plaintiff's website to circumvent known security features on the website. Responding Party on behalf of ConnectU accessed Plaintiff's website to see what was available on this site and to investigate whether its intellectual property had been misappropriated. Persons knowledgeable regarding the response to this Interrogatory may include Tyler Winklevoss, Divya Narendra and Winston Williams. Documents concerning ConnectU's access were identified in ConnectU's second amended response to Plaintiff's first set of Requests for Production.

Regarding Request No. 7, Responding Party recalls using more than one user name and password to access Plaintiff's website.

Regarding Request No. 8, while some of the email addresses obtained from Plaintiff's website were used to invite some of the members of Plaintiff's website to join ConnectU, the majority were not so used. See also ConnectU's Response to this Interrogatory. Persons knowledgeable regarding the response to this Interrogatory may include Tyler Winklevoss, Divya Narendra and Winston Williams. Documents concerning these invitations were identified in ConnectU's second amended response to Plaintiff's first set of Requests for Production.

1    Regarding Request No. 9, some users of ConnectU have requested that ConnectU invite their friends who are users of Facebook's website to join ConnectU. ConnectU has sent emails to some of
2    the email addresses obtained from Facebook to invite Facebook users to join ConnectU. Persons knowledgeable regarding the response to this Interrogatory may include Tyler Winklevoss, Divya
3    Narendra and Winston Williams. Documents concerning these invitations were identified in ConnectU's second amended response to Plaintiff's first set of Requests for Production.

4
     Regarding Request No. 10, while Responding Party is unsure of what Plaintiff intended by
5    the word "data" in addition to some email addresses and profiles, ConnectU did download from Plaintiff's website publicly available course information which Responding Party is informed and
6    believed was initially located on University Registrar websites. Persons knowledgeable regarding the response to this Interrogatory may include Tyler Winklevoss and Divya Narendra.

7
     Regarding Request No. 11, ConnectU did not track and does not know whether an invitation
8    it sent to a Facebook user resulted in this user's decision to join connectu.com. Persons knowledgeable regarding the response to this Interrogatory may include Tyler Winklevoss, Divya
9    Narendra, and Winston Williams. ConnectU is not aware of any documents regarding this response.

10    Regarding Request No. 12, ConnectU retained Pacific Northwest Software for the purpose of developing and furthering the ConnectU website. Pacific Northwest Software worked with some
11   email addresses that ConnectU obtained from Plaintiff's website. Persons knowledgeable regarding the response to this Interrogatory may include Tyler Winklevoss and Winston Williams. Documents
12   concerning ConnectU's access were identified in ConnectU's second amended response to Plaintiff's first set of Requests for Production.

13
     Regarding Request No. 13, ConnectU retained Winston Williams of Pacific Northwest
14   Software for the purpose of developing and furthering the ConnectU website. Winston Williams of Pacific Northwest Software worked with some email addresses that ConnectU obtained from
15   Plaintiff's website. Persons knowledgeable regarding the response to this Interrogatory may include Tyler Winklevoss, and Winston Williams. Documents concerning ConnectU's access were
16   identified in ConnectU's second amended response to Plaintiff's first set of Requests for Production.

17    Regarding Request No. 16, Responding Party does not recall if Plaintiff's website included
18   "Terms of Use". Persons knowledgeable regarding the response to this Interrogatory may include Tyler Winklevoss and Divya Narendra. ConnectU is not aware of any documents regarding this
19   response.

20    Regarding Request No. 17, Responding Party does not recall if Plaintiff's website included "Terms of Use", or if it did, what those terms were. Persons knowledgeable regarding the response
21   to this Interrogatory may include Tyler Winklevoss and Divya Narendra. ConnectU is not aware of any documents regarding this response.

22    Regarding Request No. 18, Responding Party does not recall if Plaintiff's website included "Terms of Use", or if it did, what those terms were. ConnectU never agreed to be bound by any
23   terms of use. Persons knowledgeable regarding the response to this Interrogatory may include Tyler Winklevoss, and Divya Narendra. ConnectU is not aware of any documents regarding this response.

24
     Regarding Request No. 19, Responding Party does not recall if Plaintiff's website included
25   "Terms of Use", or if it did, what those terms were. Persons knowledgeable regarding the response to this Interrogatory may include Tyler Winklevoss and Divya Narendra. ConnectU is not aware of
26   any documents regarding this response.

27    Regarding Request No. 20, Responding Party does not recall if Plaintiff's website included "Terms of Use", or if it did, what those terms were. Persons knowledgeable regarding the response
28

1  to this Interrogatory may include Tyler Winklevoss and Divya Narendra.  ConnectU is not aware of
   any documents regarding this response.

2
          Regarding Request No. 21, Responding Party does not recall if Plaintiff's website included
3  "Terms of Use", or if it did, what those terms were.  Persons knowledgeable regarding the response
   to this Interrogatory may include Tyler Winklevoss, and Divya Narendra.  ConnectU is not aware of
4  any documents regarding this response.

5         Regarding Request No. 22, ConnectU does not currently use a data import program called
   "Social Butterfly".  Persons knowledgeable regarding the response to this Interrogatory may include
6  Tyler Winklevoss, Divya Narendra and Winston Williams.  ConnectU is not aware of any
   documents regarding this response.

7
          Regarding Request No. 23, Responding Party is not aware of any member of a social
8  networking site who "switched" to ConnectU.  Some ConnectU members requested that ConnectU
   access Plaintiff's website for the purposes of inviting their friends to join ConnectU.  Some of the
9  email addresses ConnectU downloaded from Plaintiff's website were used in this process.  Under
   these circumstances, the Social Butterfly software facilitated this process.  Persons knowledgeable
10 regarding the response to this Interrogatory may include Tyler Winklevoss, Divya Narendra, and
   Winston Williams.  ConnectU is not aware of any documents regarding this response.

11
          Regarding Request No. 24, Responding Party did not obtain email accounts from Plaintiff's
12 website.  On certain occasions, ConnectU downloaded email addresses that were available on this
   site.  Regarding some of these email addresses, see the response immediately above.  Persons
13 knowledgeable regarding the response to this Interrogatory may include Tyler Winklevoss, Divya
   Narendra and Winston Williams.

14
          Regarding Request No. 25 Responding Party does not recall if Plaintiff's website included
15 "Terms of Use", or if it did, what those terms were.  ConnectU never agreed to be bound by any
   terms of use.  ConnectU never obtained "email accounts".  Persons knowledgeable regarding the
16 response to this Interrogatory may include Tyler Winklevoss and Divya Narendra.  ConnectU is not
   aware of any documents regarding this response.

17
   **Response to 50.3**
18
          Plaintiff cited 3 paragraphs of what it contends to be part of its "Terms of Use" in its
19 complaint.  Responding Party is not a party to any agreement or contract involving Plaintiff.  To the
   extent Plaintiff is claiming a breach of contract, Responding Party has no knowledge of any
20 agreement or the terms of such agreement.  Responding Party is informed and believes that a
   contract cannot be enforced against an individual or entity who did not agree to the terms of the
21 contract and/or did not receive adequate consideration.  Responding Party was not subject to the
   provisions alleged in Plaintiff's complaint.

22
   **Response to 50.4**
23
          Plaintiff has cited 3 paragraphs of what it contends to be part of its "Terms of Use" in its
24 complaint.  Responding Party is not a party to any agreement or contract involving Plaintiff.
   Responding Party is not aware of any agreement, release, accord and satisfaction or novation as it or
25 they concern Responding Party or Plaintiff.

26 **Response to 50.5**

27        Plaintiff has cited 3 paragraphs of what it contends to be part of its "Terms of Use" in its
   complaint.  Responding Party is not a party to any agreement or contract involving Plaintiff.  To the
28 extent Plaintiff is claiming a breach of contract, Responding Party has no knowledge of any

1

<u>**VERIFICATION**</u>

2          CAMERON WINKLEVOSS, under penalty of perjury under the laws of the State of

3   California, states as follows:

4          1.     That he is one of the defendants in the above-entitled action;

5          2.     That he has read the foregoing AMENDED RESPONSE OF DEFENDANT

6   CAMERON WINKLEVOSS TO FORM INTERROGATORIES and knows the contents thereof,

7   and that the same is true of his own knowledge, save and except as to the matters which are therein

8   stated on his information or belief, and as to those matters, he believes it to be true.

9          Executed on the _3l_ day of March, 2006.

10

11                                                    Cameron Winklevoss

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28