# EXHIBIT LL

# United States District Court
# District of Massachusetts

CONNECTU LLC,
    Plaintiff,

    V.                                    CIVIL ACTION NO. 2004-11923-DPW

MARK ZUCKERBERG,
EDUARDO SAVERIN,
DUSTIN MOSKOVITZ,
ANDREW MCCOLLUM,
CHRISTOPHER HUGHES,
THEFACEBOOK, INC.,
    Defendants.

---

MARK ZUCKERBERG,
THEFACEBOOK, INC.,
    Plaintiff-in-Counterclaim,

    V.

CONNECTU LLC,
    Defendant-in-Counterclaim,
CAMERON WINKLEVOSS,
TYLER WINKLEVOSS,
DIVYA NARENDA,
    Additional Defendants-in-Counterclaim.

# *MEMORANDUM AND PROCEDURAL ORDER*

COLLINGS, U.S.M.J.

Defendants Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, Christopher Hughes and the Facebook, Inc. (hereinafter collectively the "Defendants") filed a motion to dismiss (#94) plaintiff ConnectU LLC's (hereinafter "ConnectU" or the "Plaintiff") complaint on several grounds, including lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P. Specifically the Defendants contend that in the original complaint, jurisdiction was alleged to be premised solely upon diversity[1] but that, as a matter of fact, diversity did not exist. The motion to dismiss has been referred to the undersigned for the preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).[2]

---

[1] Only state law claims were alleged in the original complaint. On September 2, 2004, the date on which the complaint was first filed, ConnectU did not yet have a certificate of registration for its copyright; the certificate of registration was issued later on October 15, 2004. (Exh. to First Amended Complaint #13) As a consequence, there was no basis for federal question jurisdiction on the facts as initially alleged. The complaint was amended as of right on October 28, 2004, to include a claim under federal law, 17 U.S.C. §101 *et seq.*, for copyright infringement.

[2] The law contained in this Memorandum and Procedural Order shall be included in the Report and Recommendation when it is issued; accordingly, there is no need for any objections to be filed to the within Memorandum and Procedural Order pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b), Fed. R. Civ. P.

In 2004, the Supreme Court wrote as follows:

> It has long been the case that "the jurisdiction of the Court depends upon the state of things at the time of the action brought." *Mollan v. Torrance*, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824). This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure. It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing--whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal. (Challenges to subject-matter jurisdiction can of course be raised at any time prior to final judgment. *See Capron v. Van Noorden*, 2 Cranch 126, 2 L.Ed. 229 (1804).)
>
> We have adhered to the time-of-filing rule regardless of the costs it imposes.

*Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-571 (2004)(footnote omitted).

ConnectU argues that the question of diversity was rendered moot when the First Amended Complaint was filed on October 28, 2004 because the alleged basis for jurisdiction in that pleading was the existence of a federal question. According to the Plaintiff, case law and statute allow for any prior inadequacy in diversity jurisdiction to be "cured" by the subsequent amendment.

In support of its position the Plaintiff relies on the case of *Carlton v. Baww, Inc.*, 751 F.2d 781 (5 Cir., 1985). In *Carlton*, the plaintiff, a California

resident, brought suit against the defendant, a resident of Texas, seeking to "void a fraudulent conveyance of real estate". *Carlton*, 751 F.2d at 783. The Court acknowledged that "[d]iversity jurisdiction was therefore properly invoked when this suit was initially filed." *Carlton*, 751 F.2d at 785. While the suit was ongoing, but before trial, the defendant filed for bankruptcy and the automatic stay halted the proceedings. *Carlton*, 751 F.2d at 783. The stay was ultimately lifted and Bankruptcy Court allowed the trustee of the defendant's estate to intervene in the original District Court action. *Carlton*, 751 F.2d at 783.

When the bankruptcy trustee was joined as a party-plaintiff to the action, diversity was destroyed. *Carlton*, 751 F.2d at 783, 787. However, the bankruptcy trustee was, at that juncture, "the only party who could prosecute" the District Court lawsuit. *Carlton*, 751 F.2d at 786. The Appeals Court recognized that "if ... an amendment to the pleadings alters the nature of the action or adds a party without whom the case cannot continue, jurisdiction must be reassessed at the time of the change." *Carlton*, 751 F.2d at 785.

On appeal it was argued by the Appellees

> that, notwithstanding the failure of the jurisdictional basis asserted in their pleadings, subject matter jurisdiction exists because the trustee was acting pursuant to avoidance powers granted to him by the

> Bankruptcy Code. We agree. Section 1334 of Title 28, as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (the "1984 Act"), grants the district courts original jurisdiction of, among other things, "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §1334(b) (1984). A proceeding by a trustee to void a fraudulent conveyance clearly "arises under title 11."

*Carlton*, 751 F.2d at 787 (footnote omitted).

Although the Fifth Circuit found that the District Court had properly exercised jurisdiction, the complaint had never been "amended to state the new jurisdictional basis that arose then the trustee became a party." *Carlton*, 751 F.2d at 789. To remedy the situation, the Fifth Circuit held that "pursuant to 28 U.S.C. §1653, appellees should be given an opportunity to amend their pleadings to assert the correct jurisdictional basis for this lawsuit." *Carlton*, 751 F.2d at 789.

The primary point to be made with respect to the *Carlton* case is that the District Court undeniably had jurisdiction at all times. When the complaint was filed, the District Court had diversity jurisdiction. At the time the trustee was added, on the facts as they then existed, even if not expressly alleged, the District Court had federal question jurisdiction. The question raised by the Defendants' motion to dismiss in the instant matter is whether this Court, in

5

fact, had subject matter jurisdiction based on diversity over the original complaint.

The case of *Blanchard v. Terry & Wright, Inc.*, 331 F.2d 467 (6 Cir., 1964), another decision cited by the Plaintiff, is readily distinguishable from the situation at hand. In *Blanchard*, the Court concluded that while there may have been some question as to whether diversity jurisdiction had been properly pled in the complaint,

> More important than the allegations in the complaint concerning diversity of citizenship were the allegations that the contract for the construction of the dam and spillway was with the United States, and that the bond was executed to guarantee the performance of that contract and the payment of all bills for labor and material furnished in connection therewith. In our opinion, these general allegations were sufficient to invoke jurisdiction under the Miller Act without the necessity of referring to the Act by name.

*Blanchard*, 331 F.2d at 469.

In other words, the Court found that the factual allegations of the complaint supported federal question jurisdiction even though it was not the articulated basis for jurisdiction. There is no contention that the facts as alleged in the original complaint in this case would support an alternative basis for jurisdiction.

ConnectU next points to Title 28 U.S.C. §1653 which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Interpreting this statutory provision, the Supreme Court has written the following:

> The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed. See, *e.g., Smith v. Sperling*, 354 U.S. 91, 93, n. 1, 77 S.Ct. 1112, 1113, n. 1, 1 L.Ed.2d 1205 (1957). Like most general principles, however, this one is susceptible to exceptions, and the two that are potentially applicable here are reflected in 28 U.S.C. §1653 and Rule 21 of the Federal Rules of Civil Procedure. We discuss each potential exception in turn.
>
> Title 28 U.S.C. §1653, enacted as part of the revision of the Judicial Code in 1948, provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." At first blush, the language of this provision appears to cover the situation here, where the complaint is amended to drop a nondiverse party in order to preserve statutory jurisdiction. But §1653 speaks of amending "*allegations* of jurisdiction," which suggests that it addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves. Under this reading of the statute, which we believe is correct, §1653 would apply if Bettison were, in fact, domiciled in a State other than Illinois or was, in fact, not a United States citizen, but the complaint did not so allege. It does not apply to the instant situation, where diversity jurisdiction does not, in fact, exist.

7

*Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830-831 (1989) (emphasis in original); *see also Mills v. State of Me.*, 118 F.3d 37, 53 (1 Cir., 1997) ("Specifically, the Newman-Green Court refused to interpret section 1653 as 'empower[ing] federal courts to amend a complaint so as to produce jurisdiction where none actually existed before.'").

It is thus quite clear that if there was no diversity jurisdiction at the time the original complaint was filed, 28 U.S.C. §1653 cannot somehow be utilized to extend the federal question jurisdiction alleged in the first amended complaint back to the initial filing in order to create jurisdiction where none existed. On the facts of this case, §1653 is of no aid to ConnectU.[3]

The Plaintiff's argument that "any alleged lack of diversity became moot when ConnectU filed the Amended Complaint" (Response #171 at 2) is not supported by another case upon which it relies, *Wellness Community-National v. Wellness House*, 70 F.3d 46 (7 Cir., 1995). Jurisdiction in the original complaint in *Wellness Community-National* was supported both by federal question and diversity jurisdiction. *Wellness Community-National*, 70 F.3d at 49. Prior to trial, the plaintiff filed a motion to amend the complaint to drop all of the federal claims and premise jurisdiction solely on diversity. *Wellness Community-National*, 70 F.3d at 49. It was in this context that the Court wrote:

---

[3] By its terms, Rule 15(c), Fed. R. Civ. P., which provides for the relation back of amendments, does not appertain in the circumstances at hand.

8

> In these circumstances, it is well established that the amended pleading supersedes the original pleading. *See Nisbet v. Van Tuyl*, 224 F.2d 66, 71 (7th Cir.1955); *Lubin v. Chicago Title and Trust Co.*, 260 F.2d 411, 413 (7th Cir.1958); *Fry v. UAL Corp.*, 895 F. Supp. 1018 (N.D.Ill.1995). "Once an amended pleading is interposed, the original pleading no longer performs any function in the case.... [T]he original pleading, once superseded, cannot be utilized to cure defects in the amended pleading, unless the relevant portion is specifically incorporated in the new pleading." 6 C. Wright, A. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1476 at 556-57, 559 (1990). Thus, our jurisdictional inquiry must proceed on the basis of the First Amended Complaint, not the original one.

*Wellness Community-National*, 70 F.3d at 49.

The *Wellness Community-National* decision does not stand for the proposition that an amended complaint can cure jurisdictional defects in an original complaint so as to avoid dismissal under Rule 12(b)(1).

The Plaintiff has suggested no other exception to the general rule that diversity is determined at the time of the institution of the action that may be applicable, and the Court has found none. Therefore it is the general rule that shall be applied.

The First Circuit recently had occasion to address an issue of first impression which bears on the issue at hand:

> The citizenship of an unincorporated entity, such as a partnership, is determined by the citizenship of all of its members. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) (limited partnership). Neither the Supreme Court nor this circuit has yet directly addressed whether that rule also applies to limited liability companies. However, every circuit to consider this issue has held that the citizenship of a limited liability company is determined by the citizenship of all of its members. *See Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir.2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir.2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir.2004); *Provident Energy Assocs. of Mont. v. Bullington*, 77 Fed.Appx. 427, 428 (9th Cir.2003); *Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 Fed.Appx. 731, 732-33 (6th Cir.2002); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir.2000); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir.1998); *see also* 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure: Juris.2d § 3630 (Supp.2005). We see no reason to depart from this well-established rule.

*Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54-55 (1 Cir., 2006); *see also JMTR Enterprises, L.L.C. v. Duchin*, 42 F.Supp.2d 87, 93-94 (D. Mass., 1999).

Consequently, although it is alleged that "ConnectU LLC is a limited liability corporation of the State of Delaware" (#1 ¶4), it is the citizenship of the members of ConnectU that must be considered when determining the diversity,

or lack thereof, among the parties. The members of ConnectU are Cameron Winklevoss, Tyler Winklevoss, Howard Winklevoss and Divya Narendra. (Declaration of Monte M. F. Cooper (#95), Exh. 6 (#99) at pp. 2, 15, 49)

In the complaint, ConnectU alleged that "[u]pon information and belief, Defendant Mark Zuckerberg is an individual with a place of residence in the State of New York." (#1 ¶5[4])  In the Answer Of All Defendants To First Amended Complaint, Counterclaims Of Mark Zuckerberg And The Facebook, Inc., And Jury Demand (#14), it is stated that "Defendants deny the allegations in Paragraph 5" of the complaint. (#14 ¶5)  In the Counterclaims, it is alleged that "[a]dditional defendant on counterclaim Divya Narendra ("Narendra") is, upon information and belief, a citizen of the State of New York." (#14 ¶6).  In the Counterclaim Defendants' Reply To Counterclaims Of The Facebook, Inc. And Mark Zuckerberg, it is stated that "Counterclaim Defendant Divya Narendra

---

[4] It must be noted that this is an insufficient allegation for jurisdictional purposes in any event since the pertinent inquiry is the citizenship or domicile, not the residency, of a party. *See Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1 Cir., 1991) ("[T]he relevant standard is "citizenship," i.e., "domicile," not mere residence; a party may reside in more than one state but can be domiciled, for diversity purposes, in only one.")  The plaintiff's contention that the present case is distinguishable from *Pramco* on the grounds that diversity was not lacking here because "[n]either the Complaint nor the Amended Complaint alleges that Mr. Zuckerberg was a citizen of ANY state" (#171 at 2, emphasis in original) is patently absurd.  That ConnectU has failed to allege the citizenship of Zuckerberg in the original complaint not only equates to a failure properly to allege diversity, it stands as a basis upon which the initial complaint could be dismissed given that the factual basis for the Court's jurisdiction is not apparent from the face of the complaint. *See, e.g., Pramco*, 435 F.3d at 54 ("The jurisdictional facts alleged in the complaint are insufficient to establish the existence of complete diversity.")

admits that he is a resident of the State of New York." (#20 ¶6) Based on these pleadings, it is impossible to determine the citizenship of Divya Narendra and Mark Zuckerberg. Moreover, to date the parties have proffered no additional admissible evidence for the Court to consider.[5] The upshot is that it simply cannot be decided on the present record whether diversity existed at the time the original complaint was filed.

Accordingly, it is ORDERED that an evidentiary hearing be, and the same hereby is, scheduled for **_Thursday, June 22, 2006 at 9:00 A.M._** at Courtroom #23 (7th floor), John Joseph Moakley United States Courthouse, Boston, Massachusetts. It is FURTHER ORDERED that both defendant Mark Zuckerberg and Additional Defendant in Counterclaim Divya Narenda be present at that time to give testimony.

Counsel may take discovery on the issue of the **_citizenship_** of Messrs. Zuckerberg and Narenda **_at the time the original Complaint was filed_** prior to the hearing. Any requests for documents on the issue must be served **_on or before the close of business on Monday, May 15, 2006._** Pursuant to Rule 34(b),

---

[5] Although certain documents have been appended to the Plaintiff's Surreply To Facebook Defendants' Amended Reply To Plaintiff's Opposition To Facebook Defendants' Motion To Dismiss Plaintiff's Complaint, those documents have not been authenticated by means of an affidavit. Further, although the Defendants have offered argument on the question of Mr. Zuckerberg's citizenship at the time the complaint was filed (*see*, e.g., #111 at 3 n. 2), it is just that, argument, not evidence.

Fed. R. Civ. P., the time within which responses/objections to any such requests must be served is SHORTENED to fifteen (vice thirty) calendar days from the date of service.

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

May 1, 2006.