# EXHIBIT MM

Dockets.Justia.com

Scott R. Mosko (State Bar No. 106070)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
Stanford Research Park
700 Hansen Way
Palo Alto, California 94304
Telephone:   (650) 849-6600
Facsimile:   (650) 849-6666

Attorneys for Defendants
Connectu LLC, Cameron Winklevoss,
Tyler Winklevoss, Howard Winklevoss,
and Divya Narendra

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| THE FACEBOOK, INC.<br><br>Plaintiff,<br><br>v.<br><br>CONNECTU LLC, CAMERON WINKLEVOSS, TYLER WINKLEVOSS, HOWARD WINKLEVOSS, DIVYA NARENDRA, AND DOES 1-25,<br><br>Defendants. | CASE NO. 105 CV 047381<br><br>**RESPONSE OF DEFENDANT DIVYA NARENDRA TO FORM INTERROGATORIES** |

Doc. No. 430339

1

RESPONSE OF DEFENDANT DIVYA NARENDRA TO FORM INTERROGATORIES

**Response to 16.6**

Not applicable as there was no "unauthorized access of the Facebook's data."

**Response to 16.7**

Not applicable as there was no "unauthorized access of the Facebook's data."

**Response to 16.8**

Responding party does not understand Plaintiff is claiming property damage.

**Response to 16.9**

Not applicable as there was no "unauthorized access of the Facebook's data."

**Response to 17.1**

Regarding Request No. 1, Responding Party states he does not have a FACEBOOK individual member ID.

Regarding Request No. 2, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 2 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 2.

Regarding Request No. 3, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 3 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 3.

Regarding Request No. 4, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 4.

Regarding Request No. 5, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 5.

Regarding Request No. 6, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 6 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 6.

Regarding Request No. 7, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 7.

Regarding Request No. 8, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 8 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 8.

Regarding Request No. 9, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU.. See ConnectU's Response to Request No. 9 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 9.

Regarding Request No. 10, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 10 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 10.

         Regarding Request No. 11, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 11 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 11.

         Regarding Request No. 12, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 12 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 12.

         Regarding Request No. 13, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 13 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 13.

         Regarding Request No. 14, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 14 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 14.

         Regarding Request No. 15, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 15 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 15.

         Regarding Request No. 16, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 16.

         Regarding Request No. 17, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 17 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 17.

         Regarding Request No. 18, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 18 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 18.

         Regarding Request No. 19, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 19 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 19.

         Regarding Request No. 20, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 20 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 20.

         Regarding Request No. 21, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 21 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 21.

         Regarding Request No. 22, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 22.

         Regarding Request No. 23, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 23 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 23.

         Regarding Request No. 24, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 24 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 24.

Regarding Request No. 25, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 25 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 25.

**Response to 50.3**

Responding party does not understand that there is an agreement alleged in the Plaintiff's complaint.

**Response to 50.4**

Responding party does not understand that there is an agreement alleged in the Plaintiff's complaint.

**Response to 50.5**

Responding party does not understand that there is an agreement alleged in the Plaintiff's complaint.

**Response to 50.6**

Responding party does not understand that there is an agreement alleged in the Plaintiff's complaint.

/////////////////////

# VERIFICATION

DIVYA NARENDRA, under penalty of perjury under the laws of the State of California, states as follows:

1. That he is one of the Defendants in the above-entitled action;
2. That he has read the foregoing RESPONSE OF DIVYA NARENDRA TO FORM INTERROGATORIES and knows the contents thereof, and that the same is true of his own knowledge, save and except as to the matters which are therein stated on his information or belief, and as to those matters, he believes it to be true.

Executed on the __31__ day of October, 2005, at _NY,NY_____.

*Divya Narendra*
Divya Narendra