# EXHIBIT NN

Scott R. Mosko (State Bar No. 106070)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Stanford Research Park
700 Hansen Way
Palo Alto, California 94304
Telephone:  (650) 849-6600
Facsimile:  (650) 849-6666

Attorneys for Defendants
Connectu LLC, Cameron Winklevoss,
Tyler Winklevoss, Howard Winklevoss,
and Divya Narendra

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| THE FACEBOOK, INC.<br><br>Plaintiff,<br><br>v.<br><br>CONNECTU LLC, CAMERON WINKLEVOSS, TYLER WINKLEVOSS, HOWARD WINKLEVOSS, DIVYA NARENDRA, AND DOES 1-25,<br><br>Defendants. | CASE NO. 105 CV 047381<br><br>**RESPONSE OF DEFENDANT CAMERON WINKLEVOSS TO FORM INTERROGATORIES** |

Doc. No. 430288

| | | |
|---|---|---|
| PROPOUNDING PARTY: | | Plaintiff THEFACEBOOK, INC. |
| RESPONDING PARTY: | | Defendant CAMERON WINKLEVOSS |
| SET NO.: | | ONE (1) |

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

The above-named party hereby responds, pursuant to California Code of Civil Procedure Section 2030, to the form interrogatories as follows:

### PREFATORY STATEMENT

It should be noted that this responding party has not fully completed its investigation of the facts relating to this case, has not completed discovery, and has not completed its preparation for trial.

All of the responses contained herein are based only upon such information and documents as are presently available to and specifically known to this responding party and disclose only those contentions which presently occur to such responding party.

It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth.

The following responses are given without prejudice to responding party's right to produce evidence of any subsequently discovery fact or facts which this responding party may later recall. Responding party accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are made. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as are presently known, but should in no way be to the prejudice of this responding party in relation to further discovery, research, or analysis.

### RESPONSE TO FORM INTERROGATORIES

**Response to 1.1**

I was the only person who prepared the responses to these interrogatories.

**Response to 2.1**

Cameron Winklevoss

**Response to 2.2**

Southampton, New York

**Response to 2.3**

Not applicable as there was no "unauthorized access of the Facebook's data".

**Response to 2.4**

Not applicable as there was no "unauthorized access of the Facebook's data".

**Response to 2.5**

    (a)    100 Landsdowne Street, Apt. 1405
             Cambridge, MA 02139

        and/or

        10 Khakum Wood Road
        Greenwich, CT 06831

    (b) and (c)

        In or about 2003 through in or about 2005:    8 Museum Way, Apt. 2406
                                                                      Cambridge, MA 02141
                                                                          2002 - 2004

                                                                          or

                                                                       Pforzheimer House
                                                                       56 Linnean Street
                                                                       Cambridge, MA 02141

                                                                       or

                                                                       10 Khakum Wood Road
                                                                       Greenwich, CT 06831

        In or about 2001 through in or about 2003:    Pforzheimer House
                                                                          56 Linnean Street
                                                                          Cambridge, MA 02138

**Response to 2.6**

Not applicable as there was no "unauthorized access of the Facebook's data".

| | | | | |
|---|---|---|---|---|
| **Response to 2.7** | | | | |
| (a) - (d) | Brunswick School<br>100 Maher Avenue<br>Greenwich, CT 06830 | 1996-2000 | High School Diploma |
| | Harvard University<br>Cambridge, MA 02138 | 2000-2004 | B.A. Economics |

**Response to 2.8**

No

**Response to 2.11**

Not applicable as there was no "unauthorized access of the Facebook's data."

**Response to 2.12**

Not applicable as there was no "unauthorized access of the Facebook's data".

**Response to 3.1**

No

**Response to 3.2**

No

**Response to 3.3**

No

**Response to 3.4**

No

**Response to 3.5**

No

**Response to 3.6**

No

**Response to 3.7**

No

**Response to 4.1**

Not applicable as there was no "unauthorized access of the Facebook's data".

Doc. No. 430288                              3                    RESPONSE OF DEFENDANT CAMERON WINKLEVOSS TO
                                                                                       FORM INTERROGATORIES

1  **Response to 4.2**
2      Not applicable as there was no "unauthorized access of the Facebook's data".
3  **Response to 8.2**
4      Not applicable as there was no "unauthorized access of the Facebook's data".
5  **Response to 8.3**
6      Not applicable as there was no "unauthorized access of the Facebook's data".
7  **Response to 8.4**
8      Not applicable as there was no "unauthorized access of the Facebook's data".
9  **Response to 11.1**
10     Not applicable as there was no "unauthorized access of the Facebook's data".
11 **Response to 12.1**
12     Not applicable as there was no "unauthorized access of the Facebook's data".
13 **Response to 12.2**
14     Not applicable as there was no "unauthorized access of the Facebook's data".
15 **Response to 12.3**
16     Not applicable as there was no "unauthorized access of the Facebook's data".
17 **Response to 12.4**
18     Not applicable as there was no "unauthorized access of the Facebook's data".
19 **Response to 12.5**
20     Not applicable as there was no "unauthorized access of the Facebook's data".
21 **Response to 12.6**
22     Not applicable as there was no "unauthorized access of the Facebook's data".
23 **Response to 12.7**
24     Not applicable as there was no "unauthorized access of the Facebook's data".
25 **Response to 13.1**
26     Not applicable as there was no "unauthorized access of the Facebook's data".
27 **Response to 13.2**
28     Not applicable as there was no "unauthorized access of the Facebook's data".

**Response to 15.1**

No applicable. A demurrer and motion to quash was filed.

**Response to 16.1**

Not applicable as there was no "unauthorized access of the Facebook's date." See ConnectU's demurrer, filed on October 25, 2005.

**Response to 16.2**

Not applicable as there was no "unauthorized access of the Facebook's data." See ConnectU's demurrer, filed on October 25, 2005.

**Response to 16.3**

Not applicable as there was no "unauthorized access of the Facebook's data."

**Response to 16.6**

Not applicable as there was no "unauthorized access of the Facebook's data."

**Response to 16.7**

Not applicable as there was no "unauthorized access of the Facebook's data."

**Response to 16.8**

Responding party does not understand Plaintiff is claiming property damage.

**Response to 16.9**

Not applicable as there was no "unauthorized access of the Facebook's data."

**Response to 17.1**

Regarding Request No. 1, Responding Party states he does not have a FACEBOOK individual member ID.

Regarding Request No. 2, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 2 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 2.

Regarding Request No. 3, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 3 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 3.

Regarding Request No. 4, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 4.

Regarding Request No. 5, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 5.

1    Regarding Request No. 6, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 6 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 6.

Regarding Request No. 7, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 7.

Regarding Request No. 8, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 8 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 8.

Regarding Request No. 9, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU.. See ConnectU's Response to Request No. 9 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 9.

Regarding Request No. 10, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 10 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 10.

Regarding Request No. 11, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 11 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 11.

Regarding Request No. 12, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 12 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 12.

Regarding Request No. 13, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 13 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 13.

Regarding Request No. 14, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 14 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 14.

Regarding Request No. 15, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 15 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 15.

Regarding Request No. 16, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 16.

Regarding Request No. 17, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 17 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 17.

Regarding Request No. 18, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 18 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 18.

Regarding Request No. 19, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 19 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 19.

  Regarding Request No. 20, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 20 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 20.

  Regarding Request No. 21, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 21 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 21.

  Regarding Request No. 22, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 22.

  Regarding Request No. 23, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 23 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 23.

  Regarding Request No. 24, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 24 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 24.

  Regarding Request No. 25, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 25 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 25.

**Response to 50.3**

Responding party does not understand that there is an agreement alleged in the Plaintiff's complaint.

**Response to 50.4**

Responding party does not understand that there is an agreement alleged in the Plaintiff's complaint.

**Response to 50.5**

Responding party does not understand that there is an agreement alleged in the Plaintiff's complaint.

**Response to 50.6**

Responding party does not understand that there is an agreement alleged in the Plaintiff's complaint.

///////////////////////

CAMERON WINKLEVOSS, under penalty of perjury under the laws of the State of California, states as follows:

1. That he is one of the defendants in the above-entitled action;

2. That he has read the foregoing RESPONSE OF DEFENDANT CAMERON WINKLEVOSS TO FORM INTERROGATORIES and knows the contents thereof, and that the same is true of his own knowledge, save and except as to the matters which are therein stated on his information or belief, and as to those matters, he believes it to be true.

Executed on the 30 day of October, 2005, at Cambridge, Massachusetts.

_____
Cameron Winklevoss