# EXHIBIT OO

Scott R. Mosko (State Bar No. 106070)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
Stanford Research Park
700 Hansen Way
Palo Alto, California 94304
Telephone:   (650) 849-6600
Facsimile:   (650) 849-6666

Attorneys for Defendants
Connectu LLC, Cameron Winklevoss,
Tyler Winklevoss, Howard Winklevoss,
and Divya Narendra

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| THE FACEBOOK, INC.<br><br>              Plaintiff,<br><br>    v.<br><br>CONNECTU LLC, CAMERON WINKLEVOSS, TYLER WINKLEVOSS, HOWARD WINKLEVOSS, DIVYA NARENDRA, AND DOES 1-25,<br><br>              Defendants. | CASE NO. 105 CV 047381<br><br>**RESPONSE OF DEFENDANT CONNECTU LLC TO FORM INTERROGATORIES** |

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | Plaintiff THEFACEBOOK, INC. |
| 2 | RESPONDING PARTY: | Defendant CONNECTU LLC |
| 3 | SET NO.: | ONE (1) |

4    TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

5    The above-named party hereby responds, pursuant to California Code of Civil Procedure Section 2030, to the form interrogatories as follows:

## PREFATORY STATEMENT

It should be noted that this responding party has not fully completed its investigation of the facts relating to this case, has not completed discovery, and has not completed its preparation for trial.

All of the responses contained herein are based only upon such information and documents as are presently available to and specifically known to this responding party and disclose only those contentions which presently occur to such responding party.

It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth.

The following responses are given without prejudice to responding party's right to produce evidence of any subsequently discovery fact or facts which this responding party may later recall. Responding party accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are made. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as are presently known, but should in no way be to the prejudice of this responding party in relation to further discovery, research, or analysis.

## RESPONSE TO FORM INTERROGATORIES

**Response to 1.1**

Cameron Winklevoss prepared the responses to these interrogatories.

Doc. No. 430343                                1                RESPONSE OF DEFENDANT CONNECTU LLC TO FORM
                                                                                           INTERROGATORIES

**Response to 2.1**

Not applicable as ConnectU is not an individual.

**Response to 2.2**

Not applicable as ConnectU is not an individual.

**Response to 2.3**

Not applicable as ConnectU is not an individual. Also not applicable as there was no "unauthorized access of the Facebook's data".

**Response to 2.4**

Not applicable as ConnectU is not an individual. Also not applicable as there was no "unauthorized access of the Facebook's data".

**Response to 2.5**

Not applicable as ConnectU is not an individual.

**Response to 2.6**

Not applicable as ConnectU is not an individual. Also, not applicable as there was no "unauthorized access of the Facebook's data".

**Response to 2.7**

Not applicable as ConnectU is not an individual.

**Response to 2.8**

Not applicable as ConnectU is not an individual.

**Response to 2.11**

Not applicable as there was no "unauthorized access of the Facebook's data".

**Response to 2.12**

Not applicable as there was no "unauthorized access of the Facebook's data".

**Response to 3.1**

See Exhibit A to the declaration of Cameron Winklevoss, filed on October 25, 2005.

**Response to 3.2**

See Exhibit A to the declaration of Cameron Winklevoss, filed on October 25, 2005.

**Response to 3.3**

See Exhibit A to the declaration of Cameron Winklevoss, filed on October 25, 2005.

1 | **Response to 3.4**
2 | See Exhibit A to the declaration of Cameron Winklevoss, filed on October 25, 2005.
3 | **Response to 3.5**
4 | See Exhibit A to the declaration of Cameron Winklevoss, filed on October 25, 2005.
5 | **Response to 3.6**
6 | No.
7 | **Response to 3.7**
8 | No.
9 | **Response to 4.1**
10 | Not applicable as there was no "unauthorized access of the Facebook's data".
11 | **Response to 4.2**
12 | Not applicable as there was no "unauthorized access of the Facebook's data".
13 | **Response to 8.2**
14 | Not applicable as there was no "unauthorized access of the Facebook's data".
15 | **Response to 8.3**
16 | Not applicable as there was no "unauthorized access of the Facebook's data".
17 | **Response to 8.4**
18 | Not applicable as there was no "unauthorized access of the Facebook's data".
19 | **Response to 11.1**
20 | Not applicable as there was no "unauthorized access of the Facebook's data".
21 | **Response to 12.1**
22 | Not applicable as there was no "unauthorized access of the Facebook's data".
23 | **Response to 12.2**
24 | Not applicable as there was no "unauthorized access of the Facebook's data".
25 | **Response to 12.3**
26 | Not applicable as there was no "unauthorized access of the Facebook's data"
27 | **Response to 12.4**
28 | Not applicable as there was no "unauthorized access of the Facebook's data".

**Response to 12.5**

Not applicable as there was no "unauthorized access of the Facebook's data".

**Response to 12.6**

Not applicable as there was no "unauthorized access of the Facebook's data".

**Response to 12.7**

Not applicable as there was no "unauthorized access of the Facebook's data".

**Response to 13.1**

Not applicable as there was no "unauthorized access of the Facebook's data".

**Response to 13.2**

Not applicable as there was no "unauthorized access of the Facebook's data".

**Response to 15.1**

Not applicable. A demurrer and motion to quash was filed.

**Response to 16.1**

Not applicable as there was no "unauthorized access of the Facebook's data." See ConnectU's demurrer, filed on October 25, 2005.

**Response to 16.2**

Not applicable as there was no "unauthorized access of the Facebook's data." See ConnectU's demurrer, filed on October 25, 2005.

**Response to 16.3**

Not applicable as there was no "unauthorized access of the Facebook's data."

**Response to 16.6**

Not applicable as there was no "unauthorized access of the Facebook's data."

**Response to 16.7**

Not applicable as there was no "unauthorized access of the Facebook's data."

**Response to 16.8**

Not applicable as there was no "unauthorized access of the Facebook's data."

**Response to 16.9**

Not applicable as there was no "unauthorized access of the Facebook's data."

**Response to 17.1**

Regarding Request No. 1, ConnectU does not have does not have a FACEBOOK individual member ID.

Regarding Request No. 2, ConnectU has no way of knowing how information was placed on FACEBOOK's website, including whether email addresses on FACEBOOK had been "previously registered".

Regarding Request No. 3, Although ConnectU learned that various colleges and universities were referenced on FACEBOOK's website after visiting the site, it could not have had the purpose of identifying such colleges or universities before visiting the site. ConnectU has no recollection whether "the purpose" of any visits to the site was to identify colleges and universities.

Regarding Request No. 6, ConnectU cannot speculate about what others intended. ConnectU's access to FACEBOOK was authorized.

Regarding Request No. 8, members of ConnectU have offered or requested at times that CONNECTU use or obtain email addresses from FACEBOOK to invite their friends on FACEBOOK's website to join ConnectU.

Regarding Request No. 9, members of ConnectU have offered or requested at times for email addresses of individuals to invite them to join ConnectU.

Regarding Request No. 10, ConnectU understands the word "data" as used in the context of the Request to mean non-public information that FACEBOOK generated and maintained in a manner that allowed its owner a reasonable expectation that it would be private or proprietary. ConnectU did not download any such data from FACEBOOK's website.

Regarding Request No. 11, this Request assumes "solicitations" occurred. They did not. See ConnectU's discussion of Request Nos. 8 and 9, above.

Regarding Request No. 12, ConnectU retained Pacific Northwest Software for the purpose of developing and furthering the ConnectU website.

Regarding Request No. 13, ConnectU retained Winston Williams for the purpose of developing and furthering the ConnectU website.

Regarding Request No. 14, this Request assumes solicitations occurred. They did not. See ConnectU's discussion of Request Nos. 8 and 9, above.

Regarding Request No. 15, ConnectU had no such intent.

Regarding Request No. 16, ConnectU does not recall if FACEBOOK's website included terms of use.

Regarding Request No. 17, ConnectU does not recall if FACEBOOK's website included terms of use, or if it did, what those terms were.

Regarding Request No. 18, ConnectU does not recall if FACEBOOK's website included terms of use, or if it did, what those terms were. ConnectU never agreed to be bound by any terms of use.

Regarding Request No. 19, see ConnectU's discussion of Request No. 17 and 18, above.

Regarding Request No. 20, see ConnectU's discussion of Request No. 17 and 18, above.

Doc. No. 430343                                    5                    RESPONSE OF DEFENDANT CONNECTU LLC TO FORM
                                                                                            INTERROGATORIES

Regarding Request No. 21, see ConnectU's discussion of Request No. 17 and 18, above.

Regarding Request No. 22, ConnectU does not currently use a data-import program called "Social Butterfly".

Regarding Request No. 23, ConnectU cannot speculate what the specific purposes of Social Butterfly were when the software was developed. Further ConnectU is unaware of users "who want[ed] to switch to ConnectU from other social networking sites.

Regarding Request No. 24, ConnectU does not understand what is meant by "in conjunction with Social Butterfly". At certain times, members of ConnectU have requested that ConnectU invite their friends who may be visitors of other social networking sites to join ConnectU. At times, ConnectU has used the Social Butterfly software to effect the requests of its members.

Regarding Request No. 25, see ConnectU's discussion of Request No. 17 and 18. See also ConnectU's Demurrer, filed on October 25, 2005.

**Response to 50.3**

Responding party does not understand that there is an agreement alleged in the Plaintiff's complaint.

**Response to 50.4**

Responding party does not understand that there is an agreement alleged in the Plaintiff's complaint.

**Response to 50.5**

Responding party does not understand that there is an agreement alleged in the Plaintiff's complaint.

**Response to 50.6**

Responding party does not understand that there is an agreement alleged in the Plaintiff's complaint.

////////////////////////////////

I, CAMERON WINKLEVOSS on behalf of CONNECTU LLC under penalty of perjury under the laws of the State of California, state as follows:

1. That I am an officer of ConnectU LLC.

2. That ConnectU LLC, is one of the defendants in the above-entitled action;

3. That I have read the foregoing RESPONSE OF DEFENDANT CONNECTU LLC TO FORM INTERROGATORIES, and to first set of Requests for Admissions, and know the contents thereof; and that I am informed and believe and thereon state that the matters stated therein are true.

Executed on the _30_ day of October, 2005, at ___7:25 PM___.

_____
Cameron Winklevoss, _____

Doc No 430343                    7        RESPONSE OF DEFENDANT CONNECTU LLC TO FORM