# EXHIBIT PP

Dockets.Justia.com

1   Scott R. Mosko (State Bar No. 106070)
    FINNEGAN, HENDERSON, FARABOW,
2     GARRETT & DUNNER, L.L.P.
    Stanford Research Park
3   700 Hansen Way
    Palo Alto, California 94304
4   Telephone:    (650) 849-6600
    Facsimile:    (650) 849-6666
5
6   Attorneys for Defendants
    Connectu LLC, Cameron Winklevoss,
7   Tyler Winklevoss, Howard Winklevoss,
    and Divya Narendra
8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      COUNTY OF SANTA CLARA

12

13   THE FACEBOOK, INC.                    CASE NO. 105 CV 047381

14              Plaintiff,                 **RESPONSE OF DEFENDANT TYLER
                                           WINKLEVOSS TO FORM
15        v.                               INTERROGATORIES**

16   CONNECTU LLC, CAMERON WINKLEVOSS,
     TYLER WINKLEVOSS, HOWARD
17   WINKLEVOSS, DIVYA NARENDRA, AND
     DOES 1-25,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

    Doc. No. 430337

                                    RESPONSE OF DEFENDANT TYLER WINKLEVOSS TO FORM
                                    INTERROGATORIES

PROPOUNDING PARTY:        **Plaintiff THEFACEBOOK, INC.**

RESPONDING PARTY:         **Defendant TYLER WINKLEVOSS**

SET NO.:                  **ONE (1)**

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

The above-named party hereby responds, pursuant to California Code of Civil Procedure Section 2030, to the form interrogatories as follows:

<u>**PREFATORY STATEMENT**</u>

It should be noted that this responding party has not fully completed its investigation of the facts relating to this case, has not completed discovery, and has not completed its preparation for trial.

All of the responses contained herein are based only upon such information and documents as are presently available to and specifically known to this responding party and disclose only those contentions which presently occur to such responding party.

It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth.

The following responses are given without prejudice to responding party's right to produce evidence of any subsequently discovery fact or facts which this responding party may later recall. Responding party accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are made. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as are presently known, but should in no way be to the prejudice of this responding party in relation to further discovery, research, or analysis.

<u>**RESPONSE TO FORM INTERROGATORIES**</u>

<u>**Response to 1.1**</u>

I was the only person who prepared the responses to these interrogatories.

**Response to 2.1**

    Tyler Winklevoss

**Response to 2.2**

    Southampton, NY

**Response to 2.3**

    Not applicable as there was no "unauthorized access of the Facebook's data."

**Response to 2.4**

    Not applicable as there was no "unauthorized access of the Facebook's data."

**Response to 2.5**

    (a)    100 Landsdowne Street, Apt. 1405
            Cambridge, MA 02139

              and/or

            10 Khakum Wood Road
            Greenwich, CT 06831

    (b) and (c)

| | |
|---|---|
| In or about 2003 through in or about 2005: | 8 Museum Way, Apt. 2406<br>Cambridge, MA 02141<br>2002 - 2004 |
| | or |
| | Pforzheimer House<br>56 Linnean Street<br>Cambridge, MA 02141 |
| | or |
| | 10 Khakum Wood Road<br>Greenwich, CT 06831 |
| In or about 2001 through in or about 2003: | Pforzheimer House<br>56 Linnean Street<br>Cambridge, MA 02138 |

**Response to 2.6**

    Not applicable as there was no "unauthorized access of the Facebook's data."

1

**Response to 2.7**

2     1996-2000: High School Diploma  Brunswick School  100 Maher Avenue Greenwich, CT.
      2000-2004: B.A. Economics  Harvard University  Cambridge, MA  02138

3

**Response to 2.8**

4     No

5

**Response to 2.11**

6     Not applicable as there was no "unauthorized access of the Facebook's data."

7

8

**Response to 2.12**

9     Not applicable as there was no "unauthorized access of the Facebook's data."

10

**Response to 3.1**

11    No

12

**Response to 3.2**

13    No

14

**Response to 3.3**

15    No

16

**Response to 3.4**

17    No

18

**Response to 3.5**

19    No

20

**Response to 3.6**

21    No

22

**Response to 3.7**

23    No

24

**Response to 4.1**

25    Not applicable as there was no "unauthorized access of the Facebook's data."

26

**Response to 4.2**

27    Not applicable as there was no "unauthorized access of the Facebook's data."

28

Doc. No. 430337                                    3          RESPONSE OF DEFENDANT TYLER WINKLEVOSS TO FORM
                                                              INTERROGATORIES

1    **Response to 8.2**

2        Not applicable as there was no "unauthorized access of the Facebook's data."

3    **Response to 8.3**

4        Not applicable as there was no "unauthorized access of the Facebook's data."

5    **Response to 8.4**

6        Not applicable as there was no "unauthorized access of the Facebook's data."

7    **Response to 11.1**

8        Not applicable as there was no "unauthorized access of the Facebook's data."

9    **Response to 12.1**

10        Not applicable as there was no "unauthorized access of the Facebook's data."

11    **Response to 12.2**

12        Not applicable as there was no "unauthorized access of the Facebook's data."

13    **Response to 12.3**

14        Not applicable as there was no "unauthorized access of the Facebook's data."

15    **Response to 12.4**

16        Not applicable as there was no "unauthorized access of the Facebook's data."

17    **Response to 12.5**

18        Not applicable as there was no "unauthorized access of the Facebook's data."

19    **Response to 12.6**

20        Not applicable as there was no "unauthorized access of the Facebook's data."

21    **Response to 12.7**

22        Not applicable as there was no "unauthorized access of the Facebook's data."

23    **Response to 13.1**

24        Not applicable as there was no "unauthorized access of the Facebook's data."

25    **Response to 13.2**

26        Not applicable as there was no "unauthorized access of the Facebook's data."

27    **Response to 15.1**

28        No applicable. A demurrer and a motion to quash was filed.

**Response to 16.1**

Not applicable as there was no "unauthorized access of the Facebook's data." See ConnectU's demurrer, filed on October 25, 2005.

**Response to 16.2**

Not applicable as there was no "unauthorized access of the Facebook's data." See ConnectU's demurrer, filed on October 25, 2005.

**Response to 16.3**

Not applicable as there was no "unauthorized access of the Facebook's data."

**Response to 16.6**

Not applicable as there was no "unauthorized access of the Facebook's data."

**Response to 16.7**

Not applicable as there was no "unauthorized access of the Facebook's data."

**Response to 16.8**

Responding party does not understand Plaintiff is claiming property damage.

**Response to 16.9**

Not applicable as there was no "unauthorized access of the Facebook's data."

**Response to 17.1**

Regarding Request No. 1, Responding Party states he does not have a FACEBOOK individual member ID.

Regarding Request No. 2, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 2 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 2.

Regarding Request No. 3, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 3 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 3.

Regarding Request No. 4, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 4.

Regarding Request No. 5, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 5.

Regarding Request No. 6, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 6 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 6.

Regarding Request No. 7, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 7.

Regarding Request No. 8, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 8 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 8.

Regarding Request No. 9, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU.. See ConnectU's Response to Request No. 9 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 9.

Regarding Request No. 10, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 10 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 10.

Regarding Request No. 11, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 11 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 11.

Regarding Request No. 12, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 12 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 12.

Regarding Request No. 13, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 13 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 13.

Regarding Request No. 14, Responding Party activities regarding FACEBOOK's website were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 14 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 14.

Regarding Request No. 15, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 15 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 15.

Regarding Request No. 16, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 16.

Regarding Request No. 17, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 17 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 17.

Regarding Request No. 18, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 18 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 18.

Regarding Request No. 19, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 19 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 19.

Regarding Request No. 20, Responding Party visited FACEBOOK's website only in his capacity as a member of ConnectU. See ConnectU's Response to Request No. 20 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 20.

1        Regarding Request No. 21, Responding Party visited FACEBOOK's website only in his
capacity as a member of ConnectU. See ConnectU's Response to Request No. 21 and its Response
2    to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 21.

3        Regarding Request No. 22, Responding Party activities regarding FACEBOOK's website
were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No.
4    22.

5        Regarding Request No. 23, Responding Party activities regarding FACEBOOK's website
were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No.
6    23 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 23.

7        Regarding Request No. 24, Responding Party activities regarding FACEBOOK's website
were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No.
8    24 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 24.

9        Regarding Request No. 25, Responding Party activities regarding FACEBOOK's website
were done only in his capacity as a member of ConnectU. See ConnectU's Response to Request No.
10   25 and its Response to Interrogatory No. 17.1 as it concerns Request For Admissions, No. 25.

11

12   **Response to 50.3**

13       Responding party does not understand that there is an agreement alleged in the Plaintiff's
complaint.
14

15   **Response to 50.4**

16       Responding party does not understand that there is an agreement alleged in the Plaintiff's
complaint.

17   **Response to 50.5**

18       Responding party does not understand that there is an agreement alleged in the Plaintiff's
complaint.
19

20   **Response to 50.6**

21       Responding party does not understand that there is an agreement alleged in the Plaintiff's
complaint.

22   ////////////////////////////

23

24

25

26

27

28

Doc. No. 430337

7

RESPONSE OF DEFENDANT TYLER WINKLEVOSS TO FORM
INTERROGATORIES

1

2      TYLER WINKLEVOSS, under penalty of perjury under the laws of the State of California,

3  states as follows:

4      1.      That he is one of the Defendants in the above-entitled action;

5      2.      That he has read the foregoing RESPONSE OF TYLER WINKLEVOSS TO FORM

6  INTERROGATORIES and knows the contents thereof, and that the same is true of his own

7  knowledge, save and except as to the matters which are therein stated on his information or belief,

8  and as to those matters, he believes it to be true.

9      Executed on the _30_ day of October, 2005, at _____7 :25 PM_.

10

11                                  Tyler Winklevoss

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28