# EXHIBIT UU

Scott R. Mosko (State Bar No. 106070)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California 94304
Telephone:   (650) 849-6600
Facsimile:    (650) 849-6666

Attorneys for Defendants
Connectu LLC, Cameron Winklevoss,
Tyler Winklevoss, Howard Winklevoss,
and Divya Narendra

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| THE FACEBOOK, INC.<br><br>              Plaintiff,<br><br>    v.<br><br>CONNECTU LLC, CAMERON WINKLEVOSS, TYLER WINKLEVOSS, HOWARD WINKLEVOSS, DIVYA NARENDRA, AND DOES 1-25,<br><br>              Defendants. | CASE NO. 105 CV 047381<br><br>**AMENDED RESPONSE OF DEFENDANT TYLER WINKLEVOSS TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES (1-23)** |

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | Plaintiff THEFACEBOOK, INC. |
| 2 | RESPONDING PARTY: | Defendant TYLER WINKLEVOSS |
| 3 | SET NO.: | ONE (1) |

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

The above-named party hereby responds, pursuant to California Code of Civil Procedure Section 2030.210(a), to the First Set of Special Interrogatories as follows:

## GENERAL OBJECTIONS

1. Responding party objects to each interrogatory and to the definitions and instructions to the extent they seek to impose obligations that are broader than or inconsistent with the California Code of Civil Procedure and applicable Local Rules or court orders.

2. Responding party objects to each interrogatory, and to the definitions and instructions to the extent they seek the disclosure of information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or protection, as provided by any applicable law. Responding party does not intend to produce such privileged or protected documents or information, and the inadvertent disclosure of such is not to be deemed a waiver of any privilege. Responding party expressly reserves the right to object to the introduction at trial or any other use of such information that may be inadvertently disclosed. In addition, Responding party objects to the interrogatories and all definitions and instructions to the extent they seek and/or require Responding party to produce a privilege log for documents or information falling within the attorney-client privilege or work-product doctrine, if such documents or information were created after the date that this lawsuit was filed.

3. Responding party objects to each interrogatory and all other definitions and instructions to the extent they are vague, overly broad, unduly burdensome, exceed the boundaries of discoverable information, or fail to describe the information sought with the required reasonable particularity.

4. Responding party objects to each interrogatory and all definitions and instructions to the extent the burden or expense of the proposed discovery outweighs its likely benefit, given the needs

of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

    5. Responding party objects to each interrogatory and all other definitions and instructions to the extent they seek information that is confidential financial, proprietary, trade secret or other confidential or competitively sensitive business information relating to Responding party or any third party. Responding party reserves the right to object that certain information is so confidential and sensitive that it will not be produced even pursuant to a protective order.

    6. Responding party objects to each interrogatory and all definitions and instructions to the extent they seek information not in Responding Party's custody or control.

    7. Responding party objects to the interrogatory and all other definitions and instructions to the extent they seek information that is beyond the scope of this litigation, is not relevant, or that falls outside the parameters of discoverable information under the California Code of Civil Procedure.

    8. Responding party has not yet completed its investigation, collection of information, discovery, and analysis relating to this action. The following response is based on information known and available to Responding party at this time. Responding party reserves the right to modify, change, or supplement its response and to produce additional evidence at trial.

    9. Responding party's agreement to furnish information in response to Plaintiff's interrogatories shall not be deemed as an admission regarding the relevance of the requested information, nor is it intended to waive any right to object the admissibility of such at trial.

    10. Responding party objects to producing at this time documents unrelated to the issue of personal jurisdiction over the individual Defendants.

**OBJECTIONS TO DEFINITIONS**

    1. Responding party objects to all definitions to the extent they impose burdens on responding different or greater than those provided in the California Code of Civil Procedure.

    2. Responding party objects to all definitions to the extent that they are burdensome, oppressive and unnecessary.

3.  Responding party objects to the definition of "ConnectU" as overly oppressive, burdensome, and effectively creating a subpart, compound and/or complex interrogatory. When the word "ConnectU" is used in an interrogatory, Responding party shall assume it means only the limited liability company entitled ConnectU L.L.C.

4.  Responding party objects to the definition of "Harvardconnection", as vague, uncertain and overbroad. When the word Harvardconnection is used in an interrogatory, Responding party shall assume it means only the unincorporated entity once called "Harvardconnection".

5.  Responding party objects to the definition of "Facebook" as vague, uncertain, overbroad and unintelligible. When the word Facebook is used in an interrogatory, Responding party shall assume it means only the entity identified in the complaint.

6.  Responding party objects to the definition of "Winklevoss Companies" as vague, overbroad, oppressive, and burdensome.

7.  Responding party objects to the phrase "Pacific Northwest Software" as uncertain, overbroad and unintelligible. When the phrase "Pacific Northwest Software" is used in an interrogatory, Responding party will assume it means an entity providing certain software.

## OBJECTIONS TO INSTRUCTIONS

1.  Responding party objects to Instruction No. 1 as beyond the scope of the California Code of Civil Procedure.

2.  Responding party objects to Instruction Nos. 2, 3, 4, and 5 as compound, complex and creating subpart interrogatories.

3.  Responding party objects to Instruction Nos. 7, and 8 as compound, complex, and creating subpart interrogatories.

4.  Responding party objects to Instruction No. 10 as compound, complex, and creating subpart interrogatories.

3

AMENDED RESPONSES OF DEFENDANT TYLER WINKLEVOSS
TO FIRST SET OF SPECIAL INTERROGATORIES

## RESPONSES AND SPECIFIC OBJECTIONS

**INTERROGATORY NO. 7:**

Responding Party incorporates its initial response and objections herein to this amended response. In addition, Responding Party responds as follows: On different occasions, Responding Party logged onto facebook.com. Responding Party was provided with log-in information for facebook.com and understood that the person who provided this log-in information authorized Responding Party to use this log-in information to access and use the information provided on facebook.com. Responding Party does not recall the specific log-in information used at this time. Responding Party does not recall the number of times he accessed facebook.com. The purpose of some of these occasions was to see what information was available on the site. Responding Party communicated with Cameron Winklevoss and Divya Narendra regarding the information accessed on facebook.com. Responding Party has no specific recollection of the details of these communications with Cameron Winklevoss or Divya Narendra. Responding Party does not recall whether he had specific discussions with Winston Williams, but was aware that Mr. Williams was involved with activities in which information on facebook.com would be used.

**INTERROGATORY NO. 8:**

Responding Party incorporates his initial response and objections herein to this amended response. In addition, Responding Party responds as follows: E-mails to various e-mail addresses found on facebook.com were sent to invite these recipients to join connectu. Responding Party is aware that invitations were sent to some students and alumni at certain California schools ("California School Recipients"). Responding Party does not know if these California School Recipients were "residing or domiciled in California" at the time these e-mails were sent. Responding Party does not recall whether he had any specific involvement in e-mails sent to California School Recipients. Responding Party was generally aware that Winston Williams was involved in setting up an automated process for sending invitations to various e-mail addressees found on facebook.com.

**INTERROGATORY NO. 11:**

Responding Party incorporates his initial response and objections herein to this amended response. In addition, Responding Party responds as follows: connectu.com is a free networking website for college students, faculty, and alumni. ConnectU provides a platform to connect users at colleges and universities. Users can interact in order to share information, discuss classes, plan events, purchase items, and network. The connectu.com website provides an interface where users have a personal profile where they can upload photographs and provide information about themselves such as hobbies, sports, political views, music, ethnic background, and general interests, so that others can search for people having those characteristics. Services include a chat feature, discussion groups, as well as an address book.

**INTERROGATORY NO. 14:**

Responding Party incorporates his initial response and objections herein to this amended response. In addition, Responding Party responds as follows: Members of ConnectU include Cameron Winklevoss, Tyler Winklevoss, Howard Winklevoss, and Divya Narendra, as set forth in the Limited Liability Company Operating Agreement recited in the Interrogatory ("Operating Agreement") and found at bates numbers C011285 through C011335. These persons have all been Members since ConnectU was formed. Cameron Winklevoss, Howard Winklevoss, and Maria Antonelli are Managers of ConnectU and together form the Board of Managers. They have been Managers since ConnectU was formed. Tyler Winklevoss is a successor Manager of ConnectU as set forth at section 8.1(c)(2) of the Operating Agreement at bates number C011311. He has been successor Manager since ConnectU was formed. Members and Managers of ConnectU have the duties, job descriptions, authorities, and responsibilities set forth in the Operating Agreement. For example, as set forth at section 8.1(a), each of the Managers "shall have the exclusive right, power and authority to manage the Business, assets, operation and affairs of the Company, with all rights and powers and the full power necessary, desirable or convenience to administer and operate the same for Company purposes, to incur, perform, satisfy and compromise all manner of obligations on behalf of the Company, and to make all decisions and do all things necessary or desirable in

1  connection therewith." In addition to the other duties set forth in the Operating Agreement,
2  'Cameron Winklevoss' and Tyler Winklevoss' duties include overseeing the operation of the
3  connectu.com website, including communicating development activities on the site.

4  **INTERROGATORY NO. 15:**

5  Responding Party incorporates his initial response and objections herein to this amended
6  response. In addition, Responding Party responds as follows: ConnectU has not conducted any
7  advertising, promotions and marketing activities specifically directed at California residents.
8  ConnectU has responded to one individual who may have been a resident of California about
9  advertising opportunities on the connectu.com site. This email to an individual having a .edu email
10 address associated with a California-based university was produced at C010664. Responding Party
11 is aware of specific marketing or advertising activities including the creation of an amazon gift
12 certificate program, a program allowing advertisers to purchase adspace, participation in google
13 adwords, and participation in Applestore's linkshare program.
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Case 5:07-cv-01389-RS    Document 127-43    Filed 08/22/2007    Page 9 of 9

## VERIFICATION

I, Tyler Winklevoss am a defendant in the above titled action. I have read the amended responses to Plaintiff's First Set of Interrogatories. I am informed and believed that these responses are true and correct to the best of my knowledge. I declare under penalty of perjury that the foregoing is true and correct and that this verification was executed on the 3 day of March 2006.

_____
Tyler Winklevoss