# EXHIBIT XX

Dockets.Justia.com

1  G. HOPKINS GUY, III (STATE BAR NO. 124811)
   I. NEEL CHATTERJEE (STATE BAR NO. 173985)
2  MONTE COOPER (STATE BAR NO. 196746)
   ROBERT D. NAGEL (STATE BAR NO. 211113)
3  JOSHUA H. WALKER (STATE BAR NO. 224940)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
4  1000 Marsh Road
   Menlo Park, CA 94025
5  Telephone:    650-614-7400
   Facsimile:    650-614-7401
6
   Attorneys for Plaintiff
7  THEFACEBOOK, INC.

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SANTA CLARA

10

11

12  THEFACEBOOK, INC.,                       CASE NO.  1:05-CV-047381

                   Plaintiff,                **THEFACEBOOK, INC.'S FIRST SET**
13                                           **OF SPECIAL INTERROGATORIES**
                                             **TO DEFENDANT DIVYA**
14          v.                               **NARENDRA**

15  CONNECTU LLC, CAMERON
    WINKLEVOSS, TYLER WINKLEVOSS,
16  HOWARD WINKLEVOSS, DIVYA
    NARENDRA, AND DOES 1-25,

17                   Defendants.

18

19          **PROPOUNDING PARTY:** THEFACEBOOK, INC.

20          **RESPONDING PARTY:**    DIVYA NARENDRA

21          **SET NO.:**             ONE (NOS. 1-23)

22

23          YOU ARE HEREBY REQUESTED, pursuant to California Code of Civil Procedure

24  section 2030, to answer the following interrogatories separately and fully, in writing, and under

25  penalty of perjury, within thirty (30) days after service.

26                            **DEFINITIONS**

27          A.      "ANY" shall be understood to include and encompass "ALL."  As used herein, the

28

DOCSSV1:432605.1

1  singular shall always include the plural and the present tense shall also include the past tense.

2  The words "AND" as well as "OR" shall be construed disjunctively or conjunctively as necessary

3  to bring within the scope of this request all documents or things that might otherwise be construed

4  to be outside its scope.

5      B.    The terms "PERSON" and "PERSONS" mean both natural persons and legal

6  entities, including without limitation, corporations, companies, firms, partnerships, joint ventures,

7  proprietorships, associations, and governmental bodies or agencies.  Unless noted otherwise,

8  references to any person, entity or party herein include its, his, or her agents, attorneys,

9  employees, employers, officers, directors, or others acting on or purporting to act on behalf of

10  said person, entity, or party.

11      C.    "EVIDENCE" or any variant thereof, including but not limited to

12  "EVIDENCING," when used in connection with any document, shall be understood to apply if

13  the document directly or indirectly mentions, discusses, constitutes, concerns, supports

14  contradicts, relates to, refers to, or in any other way deals with the subject matter described in the

15  request in which the term appears.

16      D.    "REFER TO" or "RELATE TO" as used herein mean pertaining to, relevant to,

17  material to, evidencing, affecting, comprising, discussing, dealing with, considering or otherwise

18  concerning in any manner whatsoever the subject matter of the inquiry.

19      E.    As used herein, the term "DOCUMENT" means the original and each non-

20  identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic,

21  or other matter, in whatever form, whether in final or draft, including but not limited to all

22  materials that constitute "writings" or "recordings" or "photographs" within the broadest meaning

23  of the term "Writing" as defined in California Code of Evidence sections 250, 255, and 260 and

24  all materials that constitute "documents" within the broadest meaning of California Code of Civil

25  Procedure section 2031.  DOCUMENT includes without limitation, printed matter, electronic

26  mail, materials stored on computer hard drives, diskettes, tapes, any other computer media,

27  recorded voice mail messages and any other information stored magnetically, optically or

28  electronically.

F.    "COMMUNICATION" as used herein means any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including without limitation, any note, memorandum or other record thereof, or a single person seeing or hearing any information by any means.

G.    "CONNECTU" means defendant ConnectU LLC and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, AND ALL other persons and entities representing it acting on its behalf, OR purporting to act on its behalf, including without limitation, Howard Winklevoss, Cameron Winklevoss, Tyler Winklevoss, AND Divya Narendra.  It is acknowledged that the issue of whether HARVARDCONNECTION is a predecessor in interest to CONNECTU may be disputed.  To the extent that an interrogatory requests information on "CONNECTU," YOU must respond with specific information relating to CONNECT U first and ALL PERSONS listed above other than HARVARDCONNECTION.  To the extent that YOU contend that any requested information RELATES TO HARVARDCONNECTION directly (*e.g.*, a contention that a trade secret belonged to HARVARDCONNECTION) YOU must separately detail YOUR response vis-à-vis HARVARDCONNECTION.

H.    "HARVARDCONNECTION" means a project to develop a website for Harvard University Students AND alumni which made use of the term "HARVARDCONNECTION," AND ANY individual, group, OR association conducting OR proposing work to develop such website.

I.    "FACEBOOK" means, without limitation, Facebook, Inc. (formerly TheFacebook, Inc.), its past and present parents, subsidiaries, affiliates, predecessors, divisions, officers, directors, trustees, employees, staff members, agents, counsel, representatives, consultants, AND ALL PERSONS acting or purporting to act on its behalf.

J.    "WINKLEVOSS COMPANIES" means, without limitation, Winklevoss Technologies, LLC; Winklevoss Consultants, Inc., The Winklevoss Group; AND Winklevoss, LLC, their past AND present parents, subsidiaries, affiliates, predecessors, divisions, officers, directors, trustees, employees, staff members, agents, counsel, representatives, consultants, AND

1   ALL PERSONS acting OR purporting to act on their behalf.

2       K.      "USERS" means, without limitation, PERSONS registered to use the services

3   provided by CONNECTU, including without limitation, those provided at the connectu.com

4   website.

5       L.      "PACIFIC NORTHWEST SOFTWARE" means, without limitation, Pacific

6   Northwest Software Inc., its past and present parents, subsidiaries, affiliates, predecessors,

7   divisions, officers, directors, trustees, employees, staff members, agents, counsel, representatives,

8   consultants, AND ALL PERSONS acting or purporting to act on its behalf, including without

9   limitation, Winston Williams.

10      M.      "YOU" and "YOUR" means, without limitation, Divya Narendra, his agents,

11  counsel, partners, employees, representatives, any business entities owned by AND/OR

12  controlled by Divya Narendra, AND ALL PERSONS acting or purporting to act on his behalf.

13                                  **INSTRUCTIONS**

14      1.      If YOU object to any of the interrogatories herein on a privilege grounds, stated

15  the privilege claimed and describe the facts giving rise to the privilege claim in sufficient detail so

16  that the Court can adjudicate the validity of the claim.

17      2.      "IDENTIFY," when used with respect to a natural person, means state the name,

18  current telephone number and current home or business address of the person(s).  If current

19  information is not available, please provide the last available information regarding the person(s).

20      3.      "IDENTIFY," and all variants including "IDENTITY" when used with respect to

21  any entity, means state the name, place and date of incorporation or organization, principal place

22  of business, and the identity of all natural persons having knowledge of the matter with respect to

23  which it is named in an answer to an interrogatory.

24      4.      To "IDENTIFY" a document means:

25      a.      to refer to the document's identification or exhibit number if the document

26  has been previously produced or used in discovery or to attach a true copy of the document to the

27  interrogatory answers and to state the document's title and date, or if unknown, the approximate

28  date of creation;

DOCSSV1:432605.1                         - 4 -

1          b.    to identify each person who signed or participated in the preparation of the

2  document;

3          c.    to identify each person who is an addressee, including each person to

4  whom a copy was to be sent or who received a copy of the document;

5          d.    to summarize the subject matter of the document;

6          e.    to provide the present location of the document and the identity of the

7  custodian of the original and each copy thereof; and

8          f.    if the document no longer exists, to give the date on which it was

9  destroyed, the identity of the person who destroyed it, and the person under whose authority it

10  was destroyed.

11     5.    "IDENTIFY" a circumstance, occurrence or event, means to describe it in detail,

12  including date, time, surrounding circumstances, PERSONS involved OR present, reasons,

13  effects, results, where AND how it occurred, AND what occurred.

14     6.    In answering the following interrogatories, YOU are required to provide ALL

15  information that is available to YOU within YOUR control, including information in the

16  possession of YOUR attorneys, investigators, employees, agents, representatives, and guardians

17  or any other person acting on YOUR behalf, and not merely information from YOUR own

18  personal knowledge.

19     7.    If YOU cannot answer any interrogatory in full, answer to the extent YOU are able

20  to do so, state the reason for YOUR inability to answer further, and state the knowledge or

21  information available to YOU concerning the unanswered portion.

22     8.    If YOU object to any of the interrogatories, YOU must state the grounds for any

23  objection(s).  If YOU object to only part of an interrogatory, YOU must state the objection and

24  the grounds for any objection(s) and respond to the remainder of the interrogatory.

25     9.    Each answer should be preceded by a reiteration of the full interrogatory to which

26  it responds.

27     10.    For each interrogatory, IDENTIFY ALL persons who provided information or

28  otherwise assisted in preparing YOUR response.

1

2 **INTERROGATORIES**

3 **INTERROGATORY NO. 1:**

4        Describe in detail AND IDENTIFY ALL contacts AND COMMUNICATIONS YOU,

5 CONNECTU, HARVARDCONNECTION AND WINKLEVOSS COMPANIES have had with

6 PERSONS (including without limitation, USERS) currently OR formerly residing OR domiciled

7 in California; businesses (including without limitation, Internet search engines providers such as

8 Google Inc. AND Yahoo! Inc., server providers, advertising agencies, advertisers, Internet service

9 providers, computer equipment providers, YOUR licensors AND licensees) currently OR

10 formerly located, licensed, based, OR incorporated in California; AND universities, colleges,

11 high schools located in California, including without limitation, letters, emails, advertising

12 materials, business solicitations, business contacts, telephonic conversations, facsimile

13 transmissions, AND trips to California.  In doing so, IDENTIFY the PERSONS contacted, the

14 location AND time where any such contact OR event occurred, AND the subject matter of the

15 contact OR COMMUNICATION.

16 **INTERROGATORY NO. 2:**

17        IDENTIFY, on a monthly basis, how many USERS have been registered at the

18 connectu.com website since February 2004, AND how many of those USERS are residents of,

19 OR PERSONS domiciled in, California.

20  **INTERROGATORY NO. 3:**

21        IDENTIFY the number AND amount of accounts receivable owed YOU, CONNECTU,

22 HARVARDCONNECTION AND WINKLEVOSS COMPANIES by PERSONS that, or who,

23 are California residents OR PERSONS domiciled in California.  In doing so, IDENTIFY the

24 goods AND services for which the individual accounts receivable are owed.

25 **INTERROGATORY NO. 4:**

26        IDENTIFY ALL instances in which YOU, CONNECTU, HARVARD-CONNECTION

27 AND WINKLEVOSS COMPANIES have been in California, including without limitation,

28 business, trips, OR recreational trips; living, residing OR domiciling in California; AND flying

DOCSSV1:432605.1                                    - 6 -

1    OR driving to OR through California.  In doing so, IDENTIFY the dates of ALL occurrences

2    AND the length of the stay in California.

3    **INTERROGATORY NO. 5:**

4         IDENTIFY ALL of YOUR, CONNECTU'S, HARVARDCONNECTION'S AND

5    WINKLEVOSS COMPANIES' current AND former personal OR real property currently OR

6    previously located in California.

7    **INTERROGATORY NO. 6:**

8         IDENTIFY ALL contracts AND agreements involving YOU, CONNECTU, OR

9    WINKLEVOSS COMPANIES in which California law governs AND/OR in which the parties to

10    the contract OR agreement agreed as to the jurisdiction of California state courts AND/OR United

11    States federal courts located in California.

12    **INTERROGATORY NO. 7:**

13         IDENTIFY occurrences when YOU, CONNECTU, AND/OR ANY PERSON on YOUR

14    OR CONNECTU'S behalf, including without limitation, PACIFIC NORTHWEST SOFTWARE,

15    accessed the website, www.facebook.com, AND the purposes of each access, including without

16    limitation, ANY COMMUNICATIONS that RELATE TO ANY of the occurrences AND

17    FACEBOOK user OR registrant accounts OR email addresses used to access the facebook.com

18    website.

19    **INTERROGATORY NO. 8:**

20         IDENTIFY occurrences when YOU, CONNECTU, AND/OR ANY PERSON on YOUR

21    OR CONNECTU'S behalf, including without limitation, PACIFIC NORTHWEST SOFTWARE,

22    distributed emails to email addresses of members OR registrants of FACEBOOK for ANY

23    reason, including without limitation, to solicit membership OR registration with CONNECTU,

24    including without limitation, email addresses of PERSONS currently OR formerly located,

25    residing OR domiciled in California, including without limitation, ANY COMMUNICATIONS

26    that RELATE TO ANY of the occurrences.

27    **INTERROGATORY NO. 9:**

28         IDENTIFY ALL of YOUR, CONNECTU'S, HARVARDCONNECTION'S AND

1  WINKLEVOSS COMPANIES' licenses OR registrations regarding the ability to do business in

2  California.

3  **INTERROGATORY NO. 10:**

4      IDENTIFY the first date YOU knew OR believed that FACEBOOK, its servers, facilities,

5  offices, OR personnel were located in California.

6  **INTERROGATORY NO. 11:**

7      IDENTIFY the services provided through the connectu.com website to USERS, including

8  without limitation, how the services are provided.

9  **INTERROGATORY NO. 12:**

10      IDENTIFY ALL USERS, including without limitation, their respective email addresses.

11  **INTERROGATORY NO. 13:**

12      IDENTIFY the circumstances surrounding the formation AND maintenance of

13  CONNECTU as a limited liability company, including without limitation, filings, investments,

14  COMMUNICATIONS, PERSONS involved, capitalization, directors, officers, attorneys,

15  investors, AND reasons for the formation, as well as organizational meetings, including without

16  limitation meetings of directors, officers, board member, AND Members, Managers AND Board

17  of Managers, as defined in the Limited Liability Company Operating Agreement of ConnectU,

18  LLC – bates numbers C011285 through 011335.

19  **INTERROGATORY NO. 14:**

20      IDENTIFY current AND former directors, officers, employees, AND agents of

21  CONNECTU (including without limitation, Members, Managers AND Board of Managers as

22  defined in the Limited Liability Company Operating Agreement of ConnectU, LLC – bates

23  numbers C011285 through 011335), HARVARDCONNECTION,  AND WINKLEVOSS

24  COMPANIES, including without limitation, dates in these positions, duties, job descriptions,

25  authorities, AND responsibilities.

26  **INTERROGATORY NO. 15:**

27      IDENTIFY ALL of YOUR, CONNECTU'S, HARVARDCONNECTION'S OR

28  WINKLEVOSS COMPANIES' advertising, promotions AND marketing activities directed, at

1    least in part, at California residents.

2    **INTERROGATORY NO. 16:**

3         IDENTIFY ALL of YOUR, CONNECTU'S, HARVARDCONNECTION'S AND

4    WINKLEVOSS COMPANIES' business relationships with, OR financial interests in, businesses

5    (including without limitation, Affiliates as defined in Limited Liability Company Operating

6    Agreement of ConnectU, LLC – bates numbers C011285 through 011335) currently OR formerly

7    incorporated, licensed, located, based, OR with facilities OR offices located in California,

8    including without limitation, the nature of each relationship, the IDENTITY of each business,

9    AND whether each business is incorporated, licensed, located, based OR has facilities OR offices

10   located in California.

11   **INTERROGATORY NO. 17:**

12        IDENTIFY ALL reasons why defending this lawsuit in California would burden YOU.

13   **INTERROGATORY NO. 18:**

14        IDENTIFY the ownership of CONNECTU, HARVARDCONNECTION AND

15   WINKLEVOSS COMPANIES, including without limitation, PERSON'S names, amounts they

16   contributed OR invested, AND their percent ownership OR control (including without limitation,

17   Capital Contributions, Percent Interest, Equity Units, Non-Equity Units, Voting Units as defined

18   in the Limited Liability Company Operating Agreement of ConnectU, LLC – bates numbers

19   C011285 through 011335) on a by-PERSON basis.

20   **INTERROGATORY NO. 19:**

21        IDENTIFY the location of CONNECTU'S AND WINKLEVOSS COMPANIES' offices,

22   facilities, server/equipment locations.

23   **INTERROGATORY NO. 20:**

24        IDENTIFY ANY Dissociations, as defined in the Limited Liability Company Operating

25   Agreement of ConnectU, LLC – bates numbers C011285 through 011335, including without

26   limitation, the PERSON dissociated, the date, AND ANY reasons for each Dissociations.

27   **INTERROGATORY NO. 21:**

28        IDENTIFY ANY Distributions as defined in the Limited Liability Company Operating

1  Agreement of ConnectU, LLC – bates numbers C011285 through 011335, including without

2  limitation, the dollar amount, the recipient, the reason, AND the date of each Distribution.

3  **INTERROGATORY NO. 22:**

4    IDENTIFY ALL universities, colleges, high schools, AND institutes of higher learning

5  located in California at which CONNECTU provides OR provided services including without

6  limitation, access to the connectu.com website, including without limitation University of

7  California (all campuses), California State University (all campuses), Stanford University, San

8  Jose State University, Santa Clara University, University of San Francisco, University of

9  Southern California, University of San Diego, San Diego State University, AND Claremont

10  Colleges (all campuses), as well as the USERS using email domains (*e.g.*, name@stanford.edu)

11  from those universities, colleges, high schools, AND institutes of higher learning.

12  **INTERROGATORY NO. 23:**

13    IDENTIFY ALL actions made on behalf of CONNECTU by YOU.

14

15  Dated: November 3, 2005    Orrick, Herrington & Sutcliffe LLP

16

17                Robert D. Nagel

18                Attorneys for Plaintiff
              THEFACEBOOK, INC.

19

20

21

22

23

24

25

26

27

28

INTERROGATORIES: SET ONE

G. HOPKINS GUY, III (STATE BAR NO. 124811)
I. NEEL CHATTERJEE (STATE BAR NO. 173985)
MONTE COOPER (STATE BAR NO. 196746)
ROBERT D. NAGEL (STATE BAR NO. 211113)
JOSHUA H. WALKER (STATE BAR NO. 224940)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:    650-614-7400
Facsimile:    650-614-7401

Attorneys for Plaintiff
THEFACEBOOK, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| THEFACEBOOK, INC., | CASE NO. 1:05-CV-047381 |
| Plaintiff, | **THEFACEBOOK, INC.'S FIRST SET OF SPECIAL INTERROGATORIES TO DEFENDANT CONNECTU** |
| v. | |
| CONNECTU LLC, CAMERON WINKLEVOSS, TYLER WINKLEVOSS, HOWARD WINKLEVOSS, DIVYA NARENDRA, AND DOES 1-25, | |
| Defendants. | |

**PROPOUNDING PARTY:** THEFACEBOOK, INC.

**RESPONDING PARTY:** CONNECTU

**SET NO.:** ONE (NOS. 1-23)

YOU ARE HEREBY REQUESTED, pursuant to California Code of Civil Procedure section 2030, to answer the following interrogatories separately and fully, in writing, and under penalty of perjury, within thirty (30) days after service.

## DEFINITIONS

A. "ANY" shall be understood to include and encompass "ALL." As used herein, the

DOCSSV1:429379.3

1   singular shall always include the plural and the present tense shall also include the past tense.

2   The words "AND" as well as "OR" shall be construed disjunctively or conjunctively as necessary

3   to bring within the scope of this request all documents or things that might otherwise be construed

4   to be outside its scope.

5       B.      The terms "PERSON" and "PERSONS" mean both natural persons and legal

6   entities, including without limitation, corporations, companies, firms, partnerships, joint ventures,

7   proprietorships, associations, and governmental bodies or agencies.  Unless noted otherwise,

8   references to any person, entity or party herein include its, his, or her agents, attorneys,

9   employees, employers, officers, directors, or others acting on or purporting to act on behalf of

10  said person, entity, or party.

11      C.      "EVIDENCE" or any variant thereof, including but not limited to

12  "EVIDENCING," when used in connection with any document, shall be understood to apply if

13  the document directly or indirectly mentions, discusses, constitutes, concerns, supports

14  contradicts, relates to, refers to, or in any other way deals with the subject matter described in the

15  request in which the term appears.

16      D.      "REFER TO" or "RELATE TO" as used herein mean pertaining to, relevant to,

17  material to, evidencing, affecting, comprising, discussing, dealing with, considering or otherwise

18  concerning in any manner whatsoever the subject matter of the inquiry.

19      E.      As used herein, the term "DOCUMENT" means the original and each non-

20  identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic,

21  or other matter, in whatever form, whether in final or draft, including but not limited to all

22  materials that constitute "writings" or "recordings" or "photographs" within the broadest meaning

23  of the term "Writing" as defined in California Code of Evidence sections 250, 255, and 260, AND

24  ALL materials that constitute "documents" within the broadest meaning of California Code of

25  Civil Procedure section 2031.  DOCUMENT includes without limitation, printed matter,

26  electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer

27  media, recorded voice mail messages and any other information stored magnetically, optically or

28  electronically.

1    F.    "COMMUNICATION" as used herein means any contact, oral or documentary,

2    formal or informal, at any place or under any circumstances whatsoever whereby information of

3    any nature is transmitted or transferred, including without limitation, any note, memorandum or

4    other record thereof, or a single person seeing or hearing any information by any means.

5    G.    "CONNECTU," "YOU," "YOUR," means defendant ConnectU LLC and its

6    directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants,

7    employees, investigators, attorneys, AND ALL other persons and entities representing it acting on

8    its behalf, OR purporting to act on its behalf, including without limitation, Howard Winklevoss,

9    Cameron Winklevoss, Tyler Winklevoss, AND Divya Narendra.  It is acknowledged that the

10    issue of whether HARVARDCONNECTION is a predecessor in interest to CONNECTU may be

11    disputed.  To the extent that an interrogatory requests information on "CONNECTU," "YOU,"

12    OR "YOUR," YOU must respond with specific information relating to CONNECT U first and

13    ALL PERSONS listed above other than HARVARDCONNECTION.  To the extent that YOU

14    contend that any requested information RELATES TO HARVARDCONNECTION directly (*e.g.*,

15    a contention that a trade secret belonged to HARVARDCONNECTION) YOU must separately

16    detail YOUR response vis-à-vis HARVARDCONNECTION.

17    H.    "HARVARDCONNECTION" means a project to develop a website for Harvard

18    University Students AND alumni which made use of the term "HARVARDCONNECTION,"

19    AND ANY individual, group, OR association conducting OR proposing work to develop such

20    website.

21    I.    "FACEBOOK" means, without limitation, Facebook, Inc. (formerly TheFacebook,

22    Inc.), its past and present parents, subsidiaries, affiliates, predecessors, divisions, officers,

23    directors, trustees, employees, staff members, agents, counsel, representatives, consultants, AND

24    ALL PERSONS acting or purporting to act on its behalf.

25    J.    "WINKLEVOSS COMPANIES" means, without limitation, Winklevoss

26    Technologies, LLC; Winklevoss Consultants, Inc., The Winklevoss Group; AND Winklevoss,

27    LLC, their past AND present parents, subsidiaries, affiliates, predecessors, divisions, officers,

28    directors, trustees, employees, staff members, agents, counsel, representatives, consultants, AND

DOCSSV1:429379.3                                - 3 -

1   ALL PERSONS acting OR purporting to act on their behalf.

2       K.      "USERS" means, without limitation, PERSONS registered to use the services

3   provided by CONNECTU, including without limitation, those provided at the connectu.com

4   website.

5       L.      "PACIFIC NORTHWEST SOFTWARE" means, without limitation, Pacific

6   Northwest Software Inc., its past and present parents, subsidiaries, affiliates, predecessors,

7   divisions, officers, directors, trustees, employees, staff members, agents, counsel, representatives,

8   consultants, AND ALL PERSONS acting or purporting to act on its behalf, including without

9   limitation, Winston Williams.

10

11                              **INSTRUCTIONS**

12      1.      If YOU object to any of the interrogatories herein on a privilege grounds, stated

13  the privilege claimed and describe the facts giving rise to the privilege claim in sufficient detail so

14  that the Court can adjudicate the validity of the claim.

15      2.      "IDENTIFY," when used with respect to a natural person, means state the name,

16  current telephone number and current home or business address of the person(s).  If current

17  information is not available, please provide the last available information regarding the person(s).

18      3.      "IDENTIFY," and all variants including "IDENTITY" when used with respect to

19  any entity, means state the name, place and date of incorporation or organization, principal place

20  of business, and the identity of all natural persons having knowledge of the matter with respect to

21  which it is named in an answer to an interrogatory.

22      4.      To "IDENTIFY" a document means:

23          a.      to refer to the document's identification or exhibit number if the document

24  has been previously produced or used in discovery or to attach a true copy of the document to the

25  interrogatory answers and to state the document's title and date, or if unknown, the approximate

26  date of creation;

27          b.      to identify each person who signed or participated in the preparation of the

28  document;

DOCSSV1:429379.3                          - 4 -

1          c.    to identify each person who is an addressee, including each person to

2    whom a copy was to be sent or who received a copy of the document;

3          d.    to summarize the subject matter of the document;

4          e.    to provide the present location of the document and the identity of the

5    custodian of the original and each copy thereof; and

6          f.    if the document no longer exists, to give the date on which it was

7    destroyed, the identity of the person who destroyed it, and the person under whose authority it

8    was destroyed.

9        5.    "IDENTIFY" a circumstance, occurrence or event, means to describe it in detail,

10   including date, time, surrounding circumstances, PERSONS involved OR present, reasons,

11   effects, results, where AND how it occurred, AND what occurred.

12       6.    In answering the following interrogatories, YOU are required to provide ALL

13   information that is available to YOU within YOUR control, including information in the

14   possession of YOUR attorneys, investigators, employees, agents, representatives, and guardians

15   or any other person acting on YOUR behalf, and not merely information from YOUR own

16   personal knowledge.

17       7.    If YOU cannot answer any interrogatory in full, answer to the extent YOU are able

18   to do so, state the reason for YOUR inability to answer further, and state the knowledge or

19   information available to YOU concerning the unanswered portion.

20       8.    If YOU object to any of the interrogatories, YOU must state the grounds for any

21   objection(s).  If YOU object to only part of an interrogatory, YOU must state the objection and

22   the grounds for any objection(s) and respond to the remainder of the interrogatory.

23       9.    Each answer should be preceded by a reiteration of the full interrogatory to which

24   it responds.

25       10.    For each interrogatory, IDENTIFY ALL persons who provided information or

26   otherwise assisted in preparing YOUR response.

27

28

# INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe in detail AND IDENTIFY ALL contacts AND COMMUNICATIONS YOU, HARVARDCONNECTION AND WINKLEVOSS COMPANIES have had with PERSONS (including without limitation, USERS) currently OR formerly residing OR domiciled in California; businesses (including without limitation, Internet search engines providers such as Google Inc. AND Yahoo! Inc., server providers, advertising agencies, advertisers, Internet service providers, computer equipment providers, YOUR licensors AND licensees) currently OR formerly located, licensed, based, OR incorporated in California; AND universities, colleges, high schools located in California, including without limitation, letters, emails, advertising materials, business solicitations, business contacts, telephonic conversations, facsimile transmissions, AND trips to California.  In doing so, IDENTIFY the PERSONS contacted, the location AND time where any such contact OR event occurred, AND the subject matter of the contact OR COMMUNICATION.

**INTERROGATORY NO. 2:**

IDENTIFY, on a monthly basis, how many USERS have been registered at the connectu.com website since February 2004, AND how many of those USERS are residents of, OR PERSONS domiciled in, California.

**INTERROGATORY NO. 3:**

IDENTIFY the number AND amount of accounts receivable owed YOU, HARVARDCONNECTION AND WINKLEVOSS COMPANIES by PERSONS that, OR who, are California residents OR PERSONS domiciled in California.  In doing so, IDENTIFY the goods AND services for which the individual accounts receivable are owed.

**INTERROGATORY NO. 4:**

IDENTIFY ALL instances in which YOU, HARVARD-CONNECTION AND WINKLEVOSS COMPANIES have been in California, including without limitation, business, trips, OR recreational trips; living, residing OR domiciling in California; AND flying OR driving to OR through California.  In doing so, IDENTIFY the dates of ALL occurrences AND the length

1    of the stay in California.

2    **INTERROGATORY NO. 5:**

3        IDENTIFY ALL of YOUR, HARVARDCONNECTION'S AND WINKLEVOSS

4    COMPANIES' current AND former personal OR real property currently OR previously located in

5    California.

6    **INTERROGATORY NO. 6:**

7        IDENTIFY ALL contracts AND agreements involving YOU OR WINKLEVOSS

8    COMPANIES in which California law governs AND/OR in which the parties to the contract OR

9    agreement agreed as to the jurisdiction of California state courts AND/OR United States federal

10   courts located in California.

11   **INTERROGATORY NO. 7:**

12       IDENTIFY occurrences when YOU AND/OR ANY PERSON on YOUR behalf,

13   including without limitation, PACIFIC NORTHWEST SOFTWARE, accessed the website,

14   www.facebook.com, AND the purposes of each access, including without limitation, ANY

15   COMMUNICATIONS that RELATE TO ANY of the occurrences AND FACEBOOK user OR

16   registrant accounts OR email addresses used to access the facebook.com website.

17   **INTERROGATORY NO. 8:**

18       IDENTIFY occurrences when YOU AND/OR ANY PERSON on YOUR behalf,

19   including without limitation, PACIFIC NORTHWEST SOFTWARE, distributed emails to email

20   addresses of members OR registrants of FACEBOOK for ANY reason, including without

21   limitation, to solicit membership OR registration with CONNECTU, including without limitation,

22   email addresses of PERSONS currently OR formerly located, residing OR domiciled in

23   California, including without limitation, ANY COMMUNICATIONS that RELATE TO ANY of

24   the occurrences.

25   **INTERROGATORY NO. 9:**

26       IDENTIFY ALL of YOUR, HARVARDCONNECTION'S AND WINKLEVOSS

27   COMPANIES' licenses OR registrations regarding the ability to do business in California.

28

**INTERROGATORY NO. 10:**

IDENTIFY the first date YOU knew OR believed that FACEBOOK, its servers, facilities, offices, OR personnel were located in California.

**INTERROGATORY NO. 11:**

IDENTIFY the services provided through the connectu.com website to USERS, including without limitation, how the services are provided.

**INTERROGATORY NO. 12:**

IDENTIFY ALL USERS, including without limitation, their respective email addresses.

**INTERROGATORY NO. 13:**

IDENTIFY the circumstances surrounding the formation AND maintenance of CONNECTU as a limited liability company, including without limitation, filings, investments, COMMUNICATIONS, PERSONS involved, capitalization, directors, officers, attorneys, investors, AND reasons for the formation, as well as organizational meetings, including without limitation meetings of directors, officers, board member, AND Members, Managers AND Board of Managers, as defined in the Limited Liability Company Operating Agreement of ConnectU, LLC – bates numbers C011285 through 011335.

**INTERROGATORY NO. 14:**

IDENTIFY current AND former directors, officers, employees, AND agents of CONNECTU (including without limitation, Members, Managers AND Board of Managers as defined in the Limited Liability Company Operating Agreement of ConnectU, LLC – bates numbers C011285 through 011335), HARVARDCONNECTION, AND WINKLEVOSS COMPANIES, including without limitation, dates in these positions, duties, job descriptions, authorities, AND responsibilities.

**INTERROGATORY NO. 15:**

IDENTIFY ALL of YOUR, HARVARDCONNECTION'S OR WINKLEVOSS COMPANIES' advertising, promotions AND marketing activities directed, at least in part, at California residents.

INTERROGATORIES: SET ONE

**INTERROGATORY NO. 16:**

IDENTIFY ALL of YOUR, HARVARDCONNECTION'S AND WINKLEVOSS COMPANIES' business relationships with, OR financial interests in, businesses (including without limitation, Affiliates as defined in Limited Liability Company Operating Agreement of ConnectU, LLC – bates numbers C011285 through 011335) currently OR formerly incorporated, licensed, located, based, OR with facilities OR offices located in California, including without limitation, the nature of each relationship, the IDENTITY of each business, AND whether each business is incorporated, licensed, located, based OR has facilities OR offices located in California.

**INTERROGATORY NO. 17:**

IDENTIFY ALL reasons why defending this lawsuit in California would burden YOU.

**INTERROGATORY NO. 18:**

IDENTIFY the ownership of CONNECTU, HARVARDCONNECTION AND WINKLEVOSS COMPANIES, including without limitation, PERSON'S names, amounts they contributed OR invested, AND their percent ownership OR control (including without limitation, Capital Contributions, Percent Interest, Equity Units, Non-Equity Units, Voting Units as defined in the Limited Liability Company Operating Agreement of ConnectU, LLC – bates numbers C011285 through 011335) on a by-PERSON basis.

**INTERROGATORY NO. 19:**

IDENTIFY the location of CONNECTU'S AND WINKLEVOSS COMPANIES' offices, facilities, server/equipment locations.

**INTERROGATORY NO. 20:**

IDENTIFY ANY Dissociations, as defined in the Limited Liability Company Operating Agreement of ConnectU, LLC – bates numbers C011285 through 011335, including without limitation, the PERSON dissociated, the date, AND ANY reasons for each Dissociations.

**INTERROGATORY NO. 21:**

IDENTIFY ANY Distributions as defined in the Limited Liability Company Operating Agreement of ConnectU, LLC – bates numbers C011285 through 011335, including without

1    limitation, the dollar amount, the recipient, the reason, AND the date of each Distribution.

2    **INTERROGATORY NO. 22:**

3        IDENTIFY ALL universities, colleges, high schools, AND institutes of higher learning

4    located in California at which CONNECTU provides OR provided services including without

5    limitation, access to the connectu.com website, including without limitation University of

6    California (all campuses), California State University (all campuses), Stanford University, San

7    Jose State University, Santa Clara University, University of San Francisco, University of

8    Southern California, University of San Diego, San Diego State University, AND Claremont

9    Colleges (all campuses), as well as the USERS using email domains (*e.g.*, name@stanford.edu)

10   from those universities, colleges, high schools, AND institutes of higher learning.

11   **INTERROGATORY NO. 23:**

12       IDENTIFY ALL actions made on behalf of CONNECTU.

13   Dated: November 3, 2005                    Orrick, Herrington & Sutcliffe LLP

14

15

16                                             _____
                                              Robert D. Nagel
17                                             Attorneys for Plaintiff
                                              THEFACEBOOK, INC.

18

19

20

21

22

23

24

25

26

27

28

DOCSSV1:429379.3                    - 10 -

INTERROGATORIES: SET ONE

G. HOPKINS GUY, III (STATE BAR NO. 124811)
I. NEEL CHATTERJEE (STATE BAR NO. 173985)
MONTE COOPER (STATE BAR NO. 196746)
ROBERT D. NAGEL (STATE BAR NO. 211113)
JOSHUA H. WALKER (STATE BAR NO. 224940)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:    650-614-7400
Facsimile:    650-614-7401

Attorneys for Plaintiff
THEFACEBOOK, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| THEFACEBOOK, INC., | CASE NO.  1:05-CV-047381 |
| Plaintiff, | **THEFACEBOOK, INC.'S FIRST SET OF SPECIAL INTERROGATORIES TO DEFENDANT CAMERON WINKLEVOSS** |
| v. | |
| CONNECTU LLC, CAMERON WINKLEVOSS, TYLER WINKLEVOSS, HOWARD WINKLEVOSS, DIVYA NARENDRA, AND DOES 1-25, | |
| Defendants. | |

**PROPOUNDING PARTY:** THEFACEBOOK, INC.

**RESPONDING PARTY:**    CAMERON WINKLEVOSS

**SET NO.:**                ONE (NOS. 1-23)

YOU ARE HEREBY REQUESTED, pursuant to California Code of Civil Procedure

section 2030, to answer the following interrogatories separately and fully, in writing, and under

penalty of perjury, within thirty (30) days after service.

**DEFINITIONS**

A.      "ANY" shall be understood to include and encompass "ALL."  As used herein, the

1    singular shall always include the plural and the present tense shall also include the past tense.

2    The words "AND" as well as "OR" shall be construed disjunctively or conjunctively as necessary

3    to bring within the scope of this request all documents or things that might otherwise be construed

4    to be outside its scope.

5         B.    The terms "PERSON" and "PERSONS" mean both natural persons and legal

6    entities, including without limitation, corporations, companies, firms, partnerships, joint ventures,

7    proprietorships, associations, and governmental bodies or agencies.  Unless noted otherwise,

8    references to any person, entity or party herein include its, his, or her agents, attorneys,

9    employees, employers, officers, directors, or others acting on or purporting to act on behalf of

10    said person, entity, or party.

11         C.    "EVIDENCE" or any variant thereof, including but not limited to

12    "EVIDENCING," when used in connection with any document, shall be understood to apply if

13    the document directly or indirectly mentions, discusses, constitutes, concerns, supports

14    contradicts, relates to, refers to, or in any other way deals with the subject matter described in the

15    request in which the term appears.

16         D.    "REFER TO" or "RELATE TO" as used herein mean pertaining to, relevant to,

17    material to, evidencing, affecting, comprising, discussing, dealing with, considering or otherwise

18    concerning in any manner whatsoever the subject matter of the inquiry.

19         E.    As used herein, the term "DOCUMENT" means the original and each non-

20    identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic,

21    or other matter, in whatever form, whether in final or draft, including but not limited to all

22    materials that constitute "writings" or "recordings" or "photographs" within the broadest meaning

23    of the term "Writing" as defined in California Code of Evidence sections 250, 255, and 260 and

24    ALL materials that constitute "documents" within the broadest meaning of California Code of

25    Civil Procedure section 2031.  DOCUMENT includes without limitation, printed matter,

26    electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer

27    media, recorded voice mail messages and any other information stored magnetically, optically or

28    electronically.

F.    "COMMUNICATION" as used herein means any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including without limitation, any note, memorandum or other record thereof, or a single person seeing or hearing any information by any means.

G.    "CONNECTU" means defendant ConnectU LLC and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, AND ALL other persons and entities representing it acting on its behalf, OR purporting to act on its behalf, including without limitation, Howard Winklevoss, Cameron Winklevoss, Tyler Winklevoss, AND Divya Narendra.  It is acknowledged that the issue of whether HARVARDCONNECTION is a predecessor in interest to CONNECTU may be disputed.  To the extent that an interrogatory requests information on "CONNECTU," YOU must respond with specific information relating to CONNECT U first and ALL PERSONS listed above other than HARVARDCONNECTION.  To the extent that YOU contend that any requested information RELATES TO HARVARDCONNECTION directly (*e.g.*, a contention that a trade secret belonged to HARVARDCONNECTION) YOU must separately detail YOUR response vis-à-vis HARVARDCONNECTION.

H.    "HARVARDCONNECTION" means a project to develop a website for Harvard University Students AND alumni which made use of the term "HARVARDCONNECTION," AND ANY individual, group, OR association conducting OR proposing work to develop such website.

I.    "FACEBOOK" means, without limitation, Facebook, Inc. (formerly TheFacebook, Inc.), its past and present parents, subsidiaries, affiliates, predecessors, divisions, officers, directors, trustees, employees, staff members, agents, counsel, representatives, consultants, AND ALL PERSONS acting or purporting to act on its behalf.

J.    "WINKLEVOSS COMPANIES" means, without limitation, Winklevoss Technologies, LLC; Winklevoss Consultants, Inc., The Winklevoss Group; AND Winklevoss, LLC, their past AND present parents, subsidiaries, affiliates, predecessors, divisions, officers, directors, trustees, employees, staff members, agents, counsel, representatives, consultants, AND

1  ALL PERSONS acting OR purporting to act on their behalf.

2        K.     "USERS" means, without limitation, PERSONS registered to use the services

3  provided by CONNECTU, including without limitation, those provided at the connectu.com

4  website.

5        L.     "PACIFIC NORTHWEST SOFTWARE" means, without limitation, Pacific

6  Northwest Software Inc., its past and present parents, subsidiaries, affiliates, predecessors,

7  divisions, officers, directors, trustees, employees, staff members, agents, counsel, representatives,

8  consultants, AND ALL PERSONS acting or purporting to act on its behalf, including without

9  limitation, Winston Williams.

10        M.     "YOU" and "YOUR" means, without limitation, Cameron Winklevoss, his agents,

11  counsel, partners, employees, representatives, any business entities owned by AND/OR

12  controlled by Cameron Winklevoss, AND ALL PERSONS acting or purporting to act on his

13  behalf.

14                           **INSTRUCTIONS**

15        1.     If YOU object to any of the interrogatories herein on a privilege grounds, stated

16  the privilege claimed and describe the facts giving rise to the privilege claim in sufficient detail so

17  that the Court can adjudicate the validity of the claim.

18        2.     "IDENTIFY," when used with respect to a natural person, means state the name,

19  current telephone number and current home or business address of the person(s).  If current

20  information is not available, please provide the last available information regarding the person(s).

21        3.     "IDENTIFY," and all variants including "IDENTITY" when used with respect to

22  any entity, means state the name, place and date of incorporation or organization, principal place

23  of business, and the identity of all natural persons having knowledge of the matter with respect to

24  which it is named in an answer to an interrogatory.

25        4.     To "IDENTIFY" a document means:

26            a.     to refer to the document's identification or exhibit number if the document

27  has been previously produced or used in discovery or to attach a true copy of the document to the

28  interrogatory answers and to state the document's title and date, or if unknown, the approximate

1    date of creation;

2         b.    to identify each person who signed or participated in the preparation of the

3    document;

4         c.    to identify each person who is an addressee, including each person to

5    whom a copy was to be sent or who received a copy of the document;

6         d.    to summarize the subject matter of the document;

7         e.    to provide the present location of the document and the identity of the

8    custodian of the original and each copy thereof; and

9         f.    if the document no longer exists, to give the date on which it was

10   destroyed, the identity of the person who destroyed it, and the person under whose authority it

11   was destroyed.

12        5.    "IDENTIFY" a circumstance, occurrence or event, means to describe it in detail,

13   including date, time, surrounding circumstances, PERSONS involved OR present, reasons,

14   effects, results, where AND how it occurred, AND what occurred.

15        6.    In answering the following interrogatories, YOU are required to provide ALL

16   information that is available to YOU within YOUR control, including information in the

17   possession of YOUR attorneys, investigators, employees, agents, representatives, and guardians

18   or any other person acting on YOUR behalf, and not merely information from YOUR own

19   personal knowledge.

20        7.    If YOU cannot answer any interrogatory in full, answer to the extent YOU are able

21   to do so, state the reason for YOUR inability to answer further, and state the knowledge or

22   information available to YOU concerning the unanswered portion.

23        8.    If YOU object to any of the interrogatories, YOU must state the grounds for any

24   objection(s).  If YOU object to only part of an interrogatory, YOU must state the objection and

25   the grounds for any objection(s) and respond to the remainder of the interrogatory.

26        9.    Each answer should be preceded by a reiteration of the full interrogatory to which

27   it responds.

28

1        10.    For each interrogatory, IDENTIFY ALL persons who provided information or

2    otherwise assisted in preparing YOUR response.

3    **INTERROGATORIES**

4    **INTERROGATORY NO. 1:**

5        Describe in detail AND IDENTIFY ALL contacts AND COMMUNICATIONS YOU,

6    CONNECTU, HARVARDCONNECTION AND WINKLEVOSS COMPANIES have had with

7    PERSONS (including without limitation, USERS) currently OR formerly residing OR domiciled

8    in California; businesses (including without limitation, Internet search engines providers such as

9    Google Inc. AND Yahoo! Inc., server providers, advertising agencies, advertisers, Internet service

10   providers, computer equipment providers, YOUR licensors AND licensees) currently OR

11   formerly located, licensed, based, OR incorporated in California; AND universities, colleges,

12   high schools located in California, including without limitation, letters, emails, advertising

13   materials, business solicitations, business contacts, telephonic conversations, facsimile

14   transmissions, AND trips to California.  In doing so, IDENTIFY the PERSONS contacted, the

15   location AND time where any such contact OR event occurred, AND the subject matter of the

16   contact OR COMMUNICATION.

17   **INTERROGATORY NO. 2:**

18       IDENTIFY, on a monthly basis, how many USERS have been registered at the

19   connectu.com website since February 2004, AND how many of those USERS are residents of,

20   OR PERSONS domiciled in, California.

21    **INTERROGATORY NO. 3:**

22       IDENTIFY the number AND amount of accounts receivable owed YOU, CONNECTU,

23   HARVARDCONNECTION AND WINKLEVOSS COMPANIES by PERSONS that, or who,

24   are California residents OR PERSONS domiciled in California.  In doing so, IDENTIFY the

25   goods AND services for which the individual accounts receivable are owed.

26   **INTERROGATORY NO. 4:**

27       IDENTIFY ALL instances in which YOU, CONNECTU, HARVARD-CONNECTION

28   AND WINKLEVOSS COMPANIES have been in California, including without limitation,

DOCSSV1:432580.2                                - 6 -

1  business, trips, OR recreational trips; living, residing OR domiciling in California; AND flying

2  OR driving to OR through California.  In doing so, IDENTIFY the dates of ALL occurrences

3  AND the length of the stay in California.

4  **INTERROGATORY NO. 5:**

5        IDENTIFY ALL of YOUR, CONNECTU'S, HARVARDCONNECTION'S AND

6  WINKLEVOSS COMPANIES' current AND former personal OR real property currently OR

7  previously located in California.

8  **INTERROGATORY NO. 6:**

9        IDENTIFY ALL contracts AND agreements involving YOU, CONNECTU, OR

10  WINKLEVOSS COMPANIES in which California law governs AND/OR in which the parties to

11  the contract OR agreement agreed as to the jurisdiction of California state courts AND/OR United

12  States federal courts located in California.

13  **INTERROGATORY NO. 7:**

14        IDENTIFY occurrences when YOU, CONNECTU, AND/OR ANY PERSON on YOUR

15  OR CONNECTU'S behalf, including without limitation, PACIFIC NORTHWEST SOFTWARE,

16  accessed the website, www.facebook.com, AND the purposes of each access, including without

17  limitation, ANY COMMUNICATIONS that RELATE TO ANY of the occurrences AND

18  FACEBOOK user OR registrant accounts OR email addresses used to access the facebook.com

19  website.

20  **INTERROGATORY NO. 8:**

21        IDENTIFY occurrences when YOU, CONNECTU, AND/OR ANY PERSON on YOUR

22  OR CONNECTU'S behalf, including without limitation, PACIFIC NORTHWEST SOFTWARE,

23  distributed emails to email addresses of members OR registrants of FACEBOOK for ANY

24  reason, including without limitation, to solicit membership OR registration with CONNECTU,

25  including without limitation, email addresses of PERSONS currently OR formerly located,

26  residing OR domiciled in California, including without limitation, ANY COMMUNICATIONS

27  that RELATE TO ANY of the occurrences.

28

1    **INTERROGATORY NO. 9:**

2        IDENTIFY ALL of YOUR, CONNECTU'S, HARVARDCONNECTION'S AND

3    WINKLEVOSS COMPANIES' licenses OR registrations regarding the ability to do business in

4    California.

5    **INTERROGATORY NO. 10:**

6        IDENTIFY the first date YOU knew OR believed that FACEBOOK, its servers, facilities,

7    offices, OR personnel were located in California.

8    **INTERROGATORY NO. 11:**

9        IDENTIFY the services provided through the connectu.com website to USERS, including

10   without limitation, how the services are provided.

11   **INTERROGATORY NO. 12:**

12       IDENTIFY ALL USERS, including without limitation, their respective email addresses.

13   **INTERROGATORY NO. 13:**

14       IDENTIFY the circumstances surrounding the formation AND maintenance of

15   CONNECTU as a limited liability company, including without limitation, filings, investments,

16   COMMUNICATIONS, PERSONS involved, capitalization, directors, officers, attorneys,

17   investors, AND reasons for the formation, as well as organizational meetings, including without

18   limitation meetings of directors, officers, board member, AND Members, Managers AND Board

19   of Managers, as defined in the Limited Liability Company Operating Agreement of ConnectU,

20   LLC – bates numbers C011285 through 011335.

21   **INTERROGATORY NO. 14:**

22       IDENTIFY current AND former directors, officers, employees, AND agents of

23   CONNECTU (including without limitation, Members, Managers AND Board of Managers as

24   defined in the Limited Liability Company Operating Agreement of ConnectU, LLC – bates

25   numbers C011285 through 011335), HARVARDCONNECTION,  AND WINKLEVOSS

26   COMPANIES, including without limitation, dates in these positions, duties, job descriptions,

27   authorities, AND responsibilities.

28

1  **INTERROGATORY NO. 15:**

2     IDENTIFY ALL of YOUR, CONNECTU'S, HARVARDCONNECTION'S OR

3  WINKLEVOSS COMPANIES' advertising, promotions AND marketing activities directed, at

4  least in part, at California residents.

5  **INTERROGATORY NO. 16:**

6     IDENTIFY ALL of YOUR, CONNECTU'S, HARVARDCONNECTION'S AND

7  WINKLEVOSS COMPANIES' business relationships with, OR financial interests in, businesses

8  (including without limitation, Affiliates as defined in Limited Liability Company Operating

9  Agreement of ConnectU, LLC – bates numbers C011285 through 011335) currently OR formerly

10  incorporated, licensed, located, based, OR with facilities OR offices located in California,

11  including without limitation, the nature of each relationship, the IDENTITY of each business,

12  AND whether each business is incorporated, licensed, located, based OR has facilities OR offices

13  located in California.

14  **INTERROGATORY NO. 17:**

15     IDENTIFY ALL reasons why defending this lawsuit in California would burden YOU.

16  **INTERROGATORY NO. 18:**

17     IDENTIFY the ownership of CONNECTU, HARVARDCONNECTION AND

18  WINKLEVOSS COMPANIES, including without limitation, PERSON'S names, amounts they

19  contributed OR invested, AND their percent ownership OR control (including without limitation,

20  Capital Contributions, Percent Interest, Equity Units, Non-Equity Units, Voting Units as defined

21  in the Limited Liability Company Operating Agreement of ConnectU, LLC – bates numbers

22  C011285 through 011335) on a by-PERSON basis.

23  **INTERROGATORY NO. 19:**

24     IDENTIFY the location of CONNECTU'S AND WINKLEVOSS COMPANIES' offices,

25  facilities, server/equipment locations.

26  **INTERROGATORY NO. 20:**

27     IDENTIFY ANY Dissociations, as defined in the Limited Liability Company Operating

28  Agreement of ConnectU, LLC – bates numbers C011285 through 011335, including without

1    limitation, the PERSON dissociated, the date, AND ANY reasons for each Dissociations.

2    **INTERROGATORY NO. 21:**

3         IDENTIFY ANY Distributions as defined in the Limited Liability Company Operating

4    Agreement of ConnectU, LLC – bates numbers C011285 through 011335, including without

5    limitation, the dollar amount, the recipient, the reason, AND the date of each Distribution.

6    **INTERROGATORY NO. 22:**

7         IDENTIFY ALL universities, colleges, high schools, AND institutes of higher learning

8    located in California at which CONNECTU provides OR provided services including without

9    limitation, access to the connectu.com website, including without limitation University of

10   California (all campuses), California State University (all campuses), Stanford University, San

11   Jose State University, Santa Clara University, University of San Francisco, University of

12   Southern California, University of San Diego, San Diego State University, AND Claremont

13   Colleges (all campuses), as well as the USERS using email domains (*e.g.*, name@stanford.edu)

14   from those universities, colleges, high schools, AND institutes of higher learning.

15   **INTERROGATORY NO. 23:**

16        IDENTIFY ALL actions made on behalf of CONNECTU by YOU.

17
      Dated: November 3, 2005              Orrick, Herrington & Sutcliffe LLP
18

19

20                                         _____
                                                      Robert D. Nagel
21                                               Attorneys for Plaintiff
                                                 THEFACEBOOK, INC.
22

23

24

25

26

27

28

1    G. HOPKINS GUY, III (STATE BAR NO. 124811)
     I. NEEL CHATTERJEE (STATE BAR NO. 173985)
2    MONTE COOPER (STATE BAR NO. 196746)
     ROBERT D. NAGEL (STATE BAR NO. 211113)
3    JOSHUA H. WALKER (STATE BAR NO. 224940)
     ORRICK, HERRINGTON & SUTCLIFFE LLP
4    1000 Marsh Road
     Menlo Park, CA 94025
5    Telephone:    650-614-7400
     Facsimile:    650-614-7401
6
     Attorneys for Plaintiff
7    THEFACEBOOK, INC.

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF SANTA CLARA

10

11
     THEFACEBOOK, INC.,                    CASE NO. 1:05-CV-047381
12
                    Plaintiff,             **THEFACEBOOK, INC.'S FIRST SET**
13                                         **OF SPECIAL INTERROGATORIES**
                                           **TO DEFENDANT TYLER**
14          v.                             **WINKLEVOSS**

15   CONNECTU LLC, CAMERON
     WINKLEVOSS, TYLER WINKLEVOSS,
16   HOWARD WINKLEVOSS, DIVYA
     NARENDRA, AND DOES 1-25,
17
                    Defendants.
18

19
            **PROPOUNDING PARTY:** THEFACEBOOK, INC.
20
            **RESPONDING PARTY:**    TYLER WINKLEVOSS
21
            **SET NO.:**             ONE (NOS. 1-23)
22

23
            YOU ARE HEREBY REQUESTED, pursuant to California Code of Civil Procedure
24
     section 2030, to answer the following interrogatories separately and fully, in writing, and under
25
     penalty of perjury, within thirty (30) days after service.
26
                                    **DEFINITIONS**
27
            A.    "ANY" shall be understood to include and encompass "ALL." As used herein, the
28

DOCSSV1:432603.2

INTERROGATORIES: SET ONE

1    singular shall always include the plural and the present tense shall also include the past tense.

2    The words "AND" as well as "OR" shall be construed disjunctively or conjunctively as necessary

3    to bring within the scope of this request all documents or things that might otherwise be construed

4    to be outside its scope.

5         B.    The terms "PERSON" and "PERSONS" mean both natural persons and legal

6    entities, including without limitation, corporations, companies, firms, partnerships, joint ventures,

7    proprietorships, associations, and governmental bodies or agencies.  Unless noted otherwise,

8    references to any person, entity or party herein include its, his, or her agents, attorneys,

9    employees, employers, officers, directors, or others acting on or purporting to act on behalf of

10   said person, entity, or party.

11        C.    "EVIDENCE" or any variant thereof, including but not limited to

12   "EVIDENCING," when used in connection with any document, shall be understood to apply if

13   the document directly or indirectly mentions, discusses, constitutes, concerns, supports

14   contradicts, relates to, refers to, or in any other way deals with the subject matter described in the

15   request in which the term appears.

16        D.    "REFER TO" or "RELATE TO" as used herein mean pertaining to, relevant to,

17   material to, evidencing, affecting, comprising, discussing, dealing with, considering or otherwise

18   concerning in any manner whatsoever the subject matter of the inquiry.

19        E.    As used herein, the term "DOCUMENT" means the original and each non-

20   identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic,

21   or other matter, in whatever form, whether in final or draft, including but not limited to all

22   materials that constitute "writings" or "recordings" or "photographs" within the broadest meaning

23   of the term "Writing" as defined in California Code of Evidence sections 250, 255 and 260, AND

24   ALL materials that constitute "documents" within the broadest meaning of California Code of

25   Civil Procedure section 2031.  DOCUMENT includes without limitation, printed matter,

26   electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer

27   media, recorded voice mail messages and any other information stored magnetically, optically or

28   electronically.

DOCSSV1:432603.2                                    - 2 -

F.      "COMMUNICATION" as used herein means any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including without limitation, any note, memorandum or other record thereof, or a single person seeing or hearing any information by any means.

G.      "CONNECTU" means defendant ConnectU LLC and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, AND ALL other persons and entities representing it acting on its behalf, OR purporting to act on its behalf, including without limitation, Howard Winklevoss, Cameron Winklevoss, Tyler Winklevoss, AND Divya Narendra.  It is acknowledged that the issue of whether HARVARDCONNECTION is a predecessor in interest to CONNECTU may be disputed.  To the extent that an interrogatory requests information on "CONNECTU," YOU must respond with specific information relating to CONNECT U first and ALL PERSONS listed above other than HARVARDCONNECTION.  To the extent that YOU contend that any requested information RELATES TO HARVARDCONNECTION directly (*e.g.*, a contention that a trade secret belonged to HARVARDCONNECTION) YOU must separately detail YOUR response vis-à-vis HARVARDCONNECTION.

H.      "HARVARDCONNECTION" means a project to develop a website for Harvard University Students AND alumni which made use of the term "HARVARDCONNECTION," AND ANY individual, group, OR association conducting OR proposing work to develop such website.

I.      "FACEBOOK" means, without limitation, Facebook, Inc. (formerly TheFacebook, Inc.), its past and present parents, subsidiaries, affiliates, predecessors, divisions, officers, directors, trustees, employees, staff members, agents, counsel, representatives, consultants, AND ALL PERSONS acting or purporting to act on its behalf.

J.      "WINKLEVOSS COMPANIES" means, without limitation, Winklevoss Technologies, LLC; Winklevoss Consultants, Inc., The Winklevoss Group; AND Winklevoss, LLC, their past AND present parents, subsidiaries, affiliates, predecessors, divisions, officers, directors, trustees, employees, staff members, agents, counsel, representatives, consultants, AND

1    ALL PERSONS acting OR purporting to act on their behalf.

2        K.    "USERS" means, without limitation, PERSONS registered to use the services

3    provided by CONNECTU, including without limitation, those provided at the connectu.com

4    website.

5        L.    "PACIFIC NORTHWEST SOFTWARE" means, without limitation, Pacific

6    Northwest Software Inc., its past and present parents, subsidiaries, affiliates, predecessors,

7    divisions, officers, directors, trustees, employees, staff members, agents, counsel, representatives,

8    consultants, AND ALL PERSONS acting or purporting to act on its behalf, including without

9    limitation, Winston Williams.

10        M.    "YOU" and "YOUR" means, without limitation, Tyler Winklevoss, his agents,

11    counsel, partners, employees, representatives, any business entities owned by AND/OR

12    controlled by Tyler Winklevoss, AND ALL PERSONS acting or purporting to act on his behalf.

13                        **INSTRUCTIONS**

14        1.    If YOU object to any of the interrogatories herein on a privilege grounds, stated

15    the privilege claimed and describe the facts giving rise to the privilege claim in sufficient detail so

16    that the Court can adjudicate the validity of the claim.

17        2.    "IDENTIFY," when used with respect to a natural person, means state the name,

18    current telephone number and current home or business address of the person(s). If current

19    information is not available, please provide the last available information regarding the person(s).

20        3.    "IDENTIFY," and all variants including "IDENTITY" when used with respect to

21    any entity, means state the name, place and date of incorporation or organization, principal place

22    of business, and the identity of all natural persons having knowledge of the matter with respect to

23    which it is named in an answer to an interrogatory.

24        4.    To "IDENTIFY" a document means:

25           a.    to refer to the document's identification or exhibit number if the document

26    has been previously produced or used in discovery or to attach a true copy of the document to the

27    interrogatory answers and to state the document's title and date, or if unknown, the approximate

28    date of creation;

DOCSSV1:432603.2              - 4 -

1              b.       to identify each person who signed or participated in the preparation of the

2  document;

3              c.       to identify each person who is an addressee, including each person to

4  whom a copy was to be sent or who received a copy of the document;

5              d.       to summarize the subject matter of the document;

6              e.       to provide the present location of the document and the identity of the

7  custodian of the original and each copy thereof; and

8              f.       if the document no longer exists, to give the date on which it was

9  destroyed, the identity of the person who destroyed it, and the person under whose authority it

10  was destroyed.

11      5.     "IDENTIFY" a circumstance, occurrence or event, means to describe it in detail,

12  including date, time, surrounding circumstances, PERSONS involved OR present, reasons,

13  effects, results, where AND how it occurred, AND what occurred.

14      6.     In answering the following interrogatories, YOU are required to provide ALL

15  information that is available to YOU within YOUR control, including information in the

16  possession of YOUR attorneys, investigators, employees, agents, representatives, and guardians

17  or any other person acting on YOUR behalf, and not merely information from YOUR own

18  personal knowledge.

19      7.     If YOU cannot answer any interrogatory in full, answer to the extent YOU are able

20  to do so, state the reason for YOUR inability to answer further, and state the knowledge or

21  information available to YOU concerning the unanswered portion.

22      8.     If YOU object to any of the interrogatories, YOU must state the grounds for any

23  objection(s).  If YOU object to only part of an interrogatory, YOU must state the objection and

24  the grounds for any objection(s) and respond to the remainder of the interrogatory.

25      9.     Each answer should be preceded by a reiteration of the full interrogatory to which

26  it responds.

27      10.    For each interrogatory, IDENTIFY ALL persons who provided information or

28  otherwise assisted in preparing YOUR response.

DOCSSV1:432603.2                  - 5 -

1

2
# INTERROGATORIES

3
**INTERROGATORY NO. 1:**

4
Describe in detail AND IDENTIFY ALL contacts AND COMMUNICATIONS YOU,

5
CONNECTU, HARVARDCONNECTION AND WINKLEVOSS COMPANIES have had with

6
PERSONS (including without limitation, USERS) currently OR formerly residing OR domiciled

7
in California; businesses (including without limitation, Internet search engines providers such as

8
Google Inc. AND Yahoo! Inc., server providers, advertising agencies, advertisers, Internet service

9
providers, computer equipment providers, YOUR licensors AND licensees) currently OR

10
formerly located, licensed, based, OR incorporated in California; AND universities, colleges,

11
high schools located in California, including without limitation, letters, emails, advertising

12
materials, business solicitations, business contacts, telephonic conversations, facsimile

13
transmissions, AND trips to California.  In doing so, IDENTIFY the PERSONS contacted, the

14
location AND time where any such contact OR event occurred, AND the subject matter of the

15
contact OR COMMUNICATION.

16
**INTERROGATORY NO. 2:**

17
IDENTIFY, on a monthly basis, how many USERS have been registered at the

18
connectu.com website since February 2004, AND how many of those USERS are residents of,

19
OR PERSONS domiciled in, California.

20
 **INTERROGATORY NO. 3:**

21
IDENTIFY the number AND amount of accounts receivable owed YOU, CONNECTU,

22
HARVARDCONNECTION AND WINKLEVOSS COMPANIES by PERSONS that, or who,

23
are California residents OR PERSONS domiciled in California.  In doing so, IDENTIFY the

24
goods AND services for which the individual accounts receivable are owed.

25
**INTERROGATORY NO. 4:**

26
IDENTIFY ALL instances in which YOU, CONNECTU, HARVARD-CONNECTION

27
AND WINKLEVOSS COMPANIES have been in California, including without limitation,

28
business, trips, OR recreational trips; living, residing OR domiciling in California; AND flying

DOCSSV1:432603.2                                    - 6 -

1  OR driving to OR through California.  In doing so, IDENTIFY the dates of ALL occurrences

2  AND the length of the stay in California.

3  **INTERROGATORY NO. 5:**

4       IDENTIFY ALL of YOUR, CONNECTU'S, HARVARDCONNECTION'S AND

5  WINKLEVOSS COMPANIES' current AND former personal OR real property currently OR

6  previously located in California.

7  **INTERROGATORY NO. 6:**

8       IDENTIFY ALL contracts AND agreements involving YOU, CONNECTU, OR

9  WINKLEVOSS COMPANIES in which California law governs AND/OR in which the parties to

10  the contract OR agreement agreed as to the jurisdiction of California state courts AND/OR United

11  States federal courts located in California.

12  **INTERROGATORY NO. 7:**

13       IDENTIFY occurrences when YOU, CONNECTU, AND/OR ANY PERSON on YOUR

14  OR CONNECTU'S behalf, including without limitation, PACIFIC NORTHWEST SOFTWARE,

15  accessed the website, www.facebook.com, AND the purposes of each access, including without

16  limitation, ANY COMMUNICATIONS that RELATE TO ANY of the occurrences AND

17  FACEBOOK user OR registrant accounts OR email addresses used to access the facebook.com

18  website.

19  **INTERROGATORY NO. 8:**

20       IDENTIFY occurrences when YOU, CONNECTU, AND/OR ANY PERSON on YOUR

21  OR CONNECTU'S behalf, including without limitation, PACIFIC NORTHWEST SOFTWARE,

22  distributed emails to email addresses of members OR registrants of FACEBOOK for ANY

23  reason, including without limitation, to solicit membership OR registration with CONNECTU,

24  including without limitation, email addresses of PERSONS currently OR formerly located,

25  residing OR domiciled in California, including without limitation, ANY COMMUNICATIONS

26  that RELATE TO ANY of the occurrences.

27  **INTERROGATORY NO. 9:**

28       IDENTIFY ALL of YOUR, CONNECTU'S, HARVARDCONNECTION'S AND

DOCSSV1:432603.2                                      - 7 -

1  WINKLEVOSS COMPANIES' licenses OR registrations regarding the ability to do business in

2  California.

3  **INTERROGATORY NO. 10:**

4  IDENTIFY the first date YOU knew OR believed that FACEBOOK, its servers, facilities,

5  offices, OR personnel were located in California.

6  **INTERROGATORY NO. 11:**

7  IDENTIFY the services provided through the connectu.com website to USERS, including

8  without limitation, how the services are provided.

9  **INTERROGATORY NO. 12:**

10  IDENTIFY ALL USERS, including without limitation, their respective email addresses.

11  **INTERROGATORY NO. 13:**

12  IDENTIFY the circumstances surrounding the formation AND maintenance of

13  CONNECTU as a limited liability company, including without limitation, filings, investments,

14  COMMUNICATIONS, PERSONS involved, capitalization, directors, officers, attorneys,

15  investors, AND reasons for the formation, as well as organizational meetings, including without

16  limitation meetings of directors, officers, board member, AND Members, Managers AND Board

17  of Managers, as defined in the Limited Liability Company Operating Agreement of ConnectU,

18  LLC – bates numbers C011285 through 011335.

19  **INTERROGATORY NO. 14:**

20  IDENTIFY current AND former directors, officers, employees, AND agents of

21  CONNECTU (including without limitation, Members, Managers AND Board of Managers as

22  defined in the Limited Liability Company Operating Agreement of ConnectU, LLC – bates

23  numbers C011285 through 011335), HARVARDCONNECTION,  AND WINKLEVOSS

24  COMPANIES, including without limitation, dates in these positions, duties, job descriptions,

25  authorities, AND responsibilities.

26  **INTERROGATORY NO. 15:**

27  IDENTIFY ALL of YOUR, CONNECTU'S, HARVARDCONNECTION'S OR

28  WINKLEVOSS COMPANIES' advertising, promotions AND marketing activities directed, at

1    least in part, at California residents.

2    **INTERROGATORY NO. 16:**

3    IDENTIFY ALL of YOUR, CONNECTU'S, HARVARDCONNECTION'S AND

4    WINKLEVOSS COMPANIES' business relationships with, OR financial interests in, businesses

5    (including without limitation, Affiliates as defined in Limited Liability Company Operating

6    Agreement of ConnectU, LLC – bates numbers C011285 through 011335) currently OR formerly

7    incorporated, licensed, located, based, OR with facilities OR offices located in California,

8    including without limitation, the nature of each relationship, the IDENTITY of each business,

9    AND whether each business is incorporated, licensed, located, based OR has facilities OR offices

10   located in California.

11   **INTERROGATORY NO. 17:**

12   IDENTIFY ALL reasons why defending this lawsuit in California would burden YOU.

13   **INTERROGATORY NO. 18:**

14   IDENTIFY the ownership of CONNECTU, HARVARDCONNECTION AND

15   WINKLEVOSS COMPANIES, including without limitation, PERSON'S names, amounts they

16   contributed OR invested, AND their percent ownership OR control (including without limitation,

17   Capital Contributions, Percent Interest, Equity Units, Non-Equity Units, Voting Units as defined

18   in the Limited Liability Company Operating Agreement of ConnectU, LLC – bates numbers

19   C011285 through 011335) on a by-PERSON basis.

20   **INTERROGATORY NO. 19:**

21   IDENTIFY the location of CONNECTU'S AND WINKLEVOSS COMPANIES' offices,

22   facilities, server/equipment locations.

23   **INTERROGATORY NO. 20:**

24   IDENTIFY ANY Dissociations, as defined in the Limited Liability Company Operating

25   Agreement of ConnectU, LLC – bates numbers C011285 through 011335, including without

26   limitation, the PERSON dissociated, the date, AND ANY reasons for each Dissociations.

27   **INTERROGATORY NO. 21:**

28   IDENTIFY ANY Distributions as defined in the Limited Liability Company Operating

1    Agreement of ConnectU, LLC – bates numbers C011285 through 011335, including without

2    limitation, the dollar amount, the recipient, the reason, AND the date of each Distribution.

3    **INTERROGATORY NO. 22:**

4         IDENTIFY ALL universities, colleges, high schools, AND institutes of higher learning

5    located in California at which CONNECTU provides OR provided services including without

6    limitation, access to the connectu.com website, including without limitation University of

7    California (all campuses), California State University (all campuses), Stanford University, San

8    Jose State University, Santa Clara University, University of San Francisco, University of

9    Southern California, University of San Diego, San Diego State University, AND Claremont

10   Colleges (all campuses), as well as the USERS using email domains (*e.g.*, name@stanford.edu)

11   from those universities, colleges, high schools, AND institutes of higher learning.

12   **INTERROGATORY NO. 23:**

13        IDENTIFY ALL actions made on behalf of CONNECTU by YOU.

14

15   Dated: November 3, 2005                    Orrick, Herrington & Sutcliffe LLP

16

17                                             _____

18                                                  Robert D. Nagel
                                                  Attorneys for Plaintiff
19                                                THEFACEBOOK, INC.

20

21

22

23

24

25

26

27

28

INTERROGATORIES: SET ONE