# EXHIBIT YY

Dockets.Justia.com

1  G. HOPKINS GUY, III (STATE BAR NO. 124811)
   I. NEEL CHATTERJEE (STATE BAR NO. 173985)
2  MONTE COOPER (STATE BAR NO. 196746)
   JOSHUA H. WALKER (STATE BAR NO. 224940)
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA  94025
   Telephone:   650-614-7400
5  Facsimile:    650-614-7401

6  Attorneys for Plaintiff
   THEFACEBOOK, INC.
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SANTA CLARA

10

11 | THEFACEBOOK, INC.,              | CASE NO. 1:05-CV-047381
12 |         Plaintiff,              | THEFACEBOOK, INC.'S FIRST SET
   |                                 | OF REQUESTS FOR PRODUCTION
13 |   v.                            | TO DEFENDANT CONNECTU
14 | CONNECTU LLC, CAMERON
   | WINKLEVOSS, TYLER WINKLEVOSS,
15 | HOWARD WINKLEVOSS, DIVYA
   | NARENDRA, AND DOES 1-25,
16 |
   |         Defendants.
17 |

18

19     PROPOUNDING PARTY:  THEFACEBOOK, INC.

20     RESPONDING PARTY:   CONNECTU

21     SET NO.:            ONE (NOS. 1-23)

22

23     YOU ARE HEREBY REQUESTED, pursuant to California Code of Civil Procedure

24 section 2031, to respond to the following requests for production separately and fully, in writing,

25 and under penalty of perjury, within thirty (30) days after service.

26                              **DEFINITIONS**

27     A.    "ANY" shall be understood to include and encompass "ALL." As used herein, the

28 singular shall always include the plural and the present tense shall also include the past tense.

DOCSSV1:429566.1

REQUESTS FOR PRODUCTION: SET ONE

1  The words "AND" as well as "OR" shall be construed disjunctively or conjunctively as necessary
2  to bring within the scope of this request ALL DOCUMENTS or things that might otherwise be
3  construed to be outside its scope.
4       B.   The terms "PERSON" and "PERSONS" mean both natural persons and legal
5  entities, including, without limitation corporations, companies, firms, partnerships, joint ventures,
6  proprietorships, associations, and governmental bodies or agencies. Unless noted otherwise,
7  references to any person, entity or party herein include its, his, or her agents, attorneys,
8  employees, employers, officers, directors, or others acting on or purporting to act on behalf of
9  said person, entity, or party.
10      C.   "EVIDENCE" or any variant thereof, including but not limited to
11 "EVIDENCING," when used in connection with any DOCUMENT, shall be understood to apply
12 if the DOCUMENT directly or indirectly mentions, discusses, constitutes, concerns, supports
13 contradicts, relates to, refers to, or in any other way deals with the subject matter described in the
14 request in which the term appears.
15      D.   "REFER TO" or "RELATE TO" as used herein mean including, pertaining to,
16 relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering
17 or otherwise concerning in any manner whatsoever the subject matter of the inquiry.
18      E.   The term "DOCUMENT" means the original and each non-identical copy of ANY
19 written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in
20 whatever form, whether in final or draft, including but not limited to, ALL materials that
21 constitute "writings" or "recordings" or "photographs" within the broadest meaning of the term
22 "Writing" as defined in California Code of Evidence sections 250, 255, and 260, AND ALL
23 materials that constitute "documents" within the broadest meaning of California Code of Civil
24 Procedure section 2031. DOCUMENT includes, without limitation, printed matter, electronic
25 mail, materials stored on computer hard drives, diskettes, tapes, ANY other computer media,
26 recorded voice mail messages and ANY other information stored magnetically, optically or
27 electronically.
28      F.   "COMMUNICATION" as used herein means ANY contact, oral or documentary,

formal or informal, at ANY place or under ANY circumstances whatsoever whereby information of ANY nature is transmitted or transferred, including, without limitation, ANY note, memorandum or other record thereof, or a single person seeing or hearing ANY information by ANY means.

G. "CONNECTU," "YOU," "YOUR," means defendant ConnectU LLC and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, AND ALL other persons AND entities representing it acting on its behalf, or purporting to act on its behalf, including Howard Winklevoss, Cameron Winklevoss, Tyler Winklevoss, AND Divya Narendra. It is acknowledged that the issue of whether HARVARDCONNECTION is a predecessor in interest to CONNECTU may be disputed. To the extent that a request seeks DOCUMENTS related to "CONNECTU," "YOU," OR "YOUR," YOU must respond with specific information relating to ConnectU LLC first AND ALL PERSONS listed above other than HARVARDCONNECTION. To the extent that YOU contend that ANY requested DOCUMENT RELATES TO HARVARDCONNECTION directly (*e.g.*, a contention that a trade secret belonged to HARVARDCONNECTION) YOU must separately detail your response vis-à-vis HARVARDCONNECTION.

H. "HARVARDCONNECTION" means a project to develop a website for Harvard University Students and alumni which made use of the term "HARVARDCONNECTION," and ANY individual, group, OR association conducting OR proposing work to develop such website.

I. "THEFACEBOOK" means, without limitation, TheFacebook, Inc., its past and present parents, subsidiaries, affiliates, predecessors, divisions, officers, directors, trustees, employees, staff members, agents, counsel, representatives, consultants, and ALL persons acting or purporting to act on its behalf.

J. "WINKLEVOSS COMPANIES" means, without limitation, Winklevoss Technologies, LLC; Winklevoss Consultants, Inc., The Winklevoss Group; AND Winklevoss, LLC, their past AND present parents, subsidiaries, affiliates, predecessors, divisions, officers, directors, trustees, employees, staff members, agents, counsel, representatives, consultants, AND ALL PERSONS acting OR purporting to act on their behalf.

K.   "USERS" means, without limitation, PERSONS registered to use services provided by CONNECTU, including without limitation, those provided at the connectu.com website.

## INSTRUCTIONS

1.   To "IDENTIFY" a DOCUMENT means:

    a.   to refer to the document's identification or exhibit number if the document has been previously produced or used in discovery or to attach a true copy of the document to the interrogatory answers and to state the document's title and date, or if unknown, the approximate date of creation;

    b.   to identify each person who signed or participated in the preparation of the document;

    c.   to identify each person who is an addressee, including each person to whom a copy was to be sent or who received a copy of the document;

    d.   to summarize the subject matter of the document;

    e.   to provide the present location of the document and the identity of the custodian of the original and each copy thereof; and

    f.   if the document no longer exists, to give the date on which it was destroyed, the identity of the person who destroyed it, and the person under whose authority it was destroyed.

2.   In responding to the following requests, you are required to provide ALL DOCUMENTS that are available to YOU or within YOUR control, including DOCUMENTS in the possession of YOUR attorneys, investigators, employees, agents, representatives, and guardians or any other person acting on YOUR behalf, and not merely DOCUMENTS from YOUR own personal files.

3.   If YOU object to any of the requests, YOU must state the grounds for any objection(s). If YOU object to only part of a request, YOU must state the objection and the grounds for any objection(s) and respond to the remainder of the request.

4. If YOU object to the production of any document on the grounds that it is protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege, YOU are requested to identify each document for which the privilege is claimed and give ALL information required by applicable case law, including but not limited to the following:

    a. the name of the writer, sender, or initiator of each copy of the document;

    b. the name of the recipient, addressee, or party to whom any copy of the document was sent;

    c. the date of each copy of the document, if any, or an estimate of its date;

    d. a statement of the basis for the claim of privilege; and

    e. a description of the document sufficient for the Court to rule on the applicability and appropriateness of the claimed privilege.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS that RELATE TO ANY contracts OR agreements between YOU AND ANY business licensed, located, based, OR incorporated in California OR ANY PERSON currently OR formerly residing OR domiciled in California.

**REQUEST FOR PRODUCTION NO. 2:**

ALL DOCUMENTS that RELATE TO ANY USER residing OR domiciled in California, including ALL COMMUNICATIONS.

**REQUEST FOR PRODUCTION NO. 3**

ALL DOCUMENTS that RELATE TO ANY COMMUNICATION between YOU AND THEFACEBOOK.

**REQUEST FOR PRODUCTION NO. 4**

DOCUMENTS sufficient to IDENTIFY the number AND amount of sales of goods AND services sold OR provided by YOU to current OR former California residents, including PERSONS, businesses, AND USERS.

**REQUEST FOR PRODUCTION NO. 5**

DOCUMENTS THAT RELATED TO WINKLEVOSS COMPANIES' relationship to OR

1  with CONNECTU, including without limitation, WINKLEVOSS COMPANIES' investments in,
2  AND control OR influence over CONNECTU.
3  **REQUEST FOR PRODUCTION NO. 6**
4      DOCUMENTS sufficient to describe in detail the organizational structure of
5  WINKLEVOSS COMPANIES AND CONNECTU from their creation until the present,
6  including DOCUMENTS sufficient to identify ALL shareholders, officers, employees, investors,
7  AND directors, as well as Members, Managers (as defined in the Limited Liability Company
8  Operating Agreement of ConnectU, LLC – bates numbers C011285 through 011335).
9  **REQUEST FOR PRODUCTION NO. 7**
10      DOCUMENTS that RELATE TO WINKLEVOSS COMPANIES' AND CONNECTU's
11  business OR corporate records, including without limitation, meeting minutes, Articles of
12  Incorporation, operating agreements, stock agreements, AND ANY DOCUMENTS that
13  RELATE TO CONNECTU'S observance of corporate formalities, as well as Units, Capital
14  Accounts, AND Management Reports (as defined in the Limited Liability Company Operating
15  Agreement of ConnectU, LLC – bates numbers C011285 through 011335).
16  **REQUEST FOR PRODUCTION NO. 8**
17      DOCUMENTS that RELATE TO WINKLEVOSS COMPANIES' AND CONNECTU's
18  financial history, including without limitation, financial reports, profit/loss statements, budgets,
19  financial planning DOCUMENTS, accounts payable, accounts receivable, AND loan
20  DOCUMENTS, as well as Financial Reports, Capital Accounts, AND Adjusted Capital Accounts
21  (as defined in the Limited Liability Company Operating Agreement of ConnectU, LLC – bates
22  numbers C011285 through 011335).
23  **REQUEST FOR PRODUCTION NO. 9**
24      DOCUMENTS that RELATE TO ANY contacts OR COMMUNICATIONS YOU,
25  HARVARDCONNECTION AND WINKLEVOSS COMPANIES have had with PERSONS
26  currently OR formerly residing OR domiciled in California; businesses (including without
27  limitation, Internet search engines providers such as Google Inc. AND Yahoo! Inc., server
28  providers, advertising agencies, advertisers, Internet service providers, computer equipment

providers, YOUR licensors AND licensees) currently OR formerly located, licensed, based, OR incorporated in California; AND universities, colleges, high schools located in California, including without limitation, letters, emails, advertising materials, business solicitations, business contacts, telephonic conversations, facsimile transmissions, AND trips to California.

**REQUEST FOR PRODUCTION NO. 10**

DOCUMENTS sufficient to show, on a monthly basis, how many USERS have been registered on connectu.com since February 2004, AND how many of those USERS are residents of California.

**REQUEST FOR PRODUCTION NO. 11**

DOCUMENTS sufficient to show the number AND amount of accounts receivable owed YOU, HARVARDCONNECTION AND WINKLEVOSS COMPANIES by California residents, including PERSONS AND entities, as well as the goods AND services for which the individual accounts receivable are owed to YOU OR WINKLEVOSS COMPANIES.

**REQUEST FOR PRODUCTION NO. 12**

DOCUMENTS sufficient to show ALL of YOUR, HARVARDCONNECTION'S AND WINKLEVOSS COMPNAIES' current AND former personal OR real property currently OR previously located in California.

**REQUEST FOR PRODUCTION NO. 13**

ALL contracts involving YOU OR WINKLEVOSS COMPANIES in which California law governs.

**REQUEST FOR PRODUCTION NO. 14**

ALL DOCUMENTS RELATED TO instances when YOU accessed THEFACEBOOK website, www.facebook.com.

**REQUEST FOR PRODUCTION NO. 15**

ALL DOCUMENTS RELATED TO occurrences wherein YOU distributed emails to email addresses of members of THEFACEBOOK to solicit membership OR registration with CONNECTU, including email addresses of PERSONS currently OR formerly located, residing, OR domiciled in California.

**REQUEST FOR PRODUCTION NO. 16**

IDENTIFY ALL of YOUR, HARVARDCONNECTION'S AND WINKLEVOSS COMPANIES' licenses OR registrations regarding the ability to do business in California.

**REQUEST FOR PRODUCTION NO. 17**

ALL DOCUMENTS RELATED TO the services provided by connectu.com to USERS, including how they are provided.

**REQUEST FOR PRODUCTION NO. 18**

ALL DOCUMENTS RELATED TO the circumstances surrounding the formation of CONNECTU as a limited liability company, including filings, investments, communications, capitalization, directors, officers, attorneys, investors, AND reasons for the formation.

**REQUEST FOR PRODUCTION NO. 19**

ALL DOCUMENTS RELATED TO current AND former directors, officers, employees, AND agents of CONNECTU (including Members, Managers AND Board of Managers as defined in the Limited Liability Company Operating Agreement of ConnectU, LLC – bates numbers C011285 through 011335), HARVARDCONNECTION, AND WINKLEVOSS COMPANIES, including DOCUMENTS RELATED TO dates in these positions, duties, authorities, AND responsibilities.

**REQUEST FOR PRODUCTION NO. 20**

ALL DOCUMENTS RELATED TO YOUR, HARVARDCONNECTION'S OR WINKLEVOSS COMPANIES' promotions AND marketing activities directed, at least in part, at California residents.

**REQUEST FOR PRODUCTION NO. 21**

DOCUMENTS sufficient to identify ALL of YOUR, HARVARDCONNECTION'S AND WINKLEVOSS COMPANIES' business relationships with, OR financial interests in, businesses (including Affiliates as defined in Limited Liability Company Operating Agreement of ConnectU, LLC – bates numbers C011285 through 011335) incorporated, located, based, OR with facilities OR offices located in California, including the nature of each relationship, including the name of each business, whether each business is incorporated, located, based OR

1 has facilities OR offices located in California, AND the nature of the relationship, including ANY
2 goods OR services provided.

3 **REQUEST FOR PRODUCTION NO. 22**

4 DOCUMENTS sufficient to show the ownership of CONNECTU,
5 HARVARDCONNECTION AND WINKLEVOSS COMPANIES, including without limitation
6 PERSON'S names, amounts they contributed OR invested, AND their percent ownership OR
7 control (including without limitation Capital Contributions, Percent Interest, Equity Units, Non-
8 Equity Units, Voting Units as defined in the Limited Liability Company Operating Agreement of
9 ConnectU, LLC – bates numbers C011285 through 011335) on a by-PERSON basis.

10 **REQUEST FOR PRODUCTION NO. 23**

11 ALL DOCUMENTS RELATED TO universities, colleges, high schools, AND institutes
12 of higher learning located in California at which CONNECTU provides OR provided services
13 including without limitation access to connectu.com, including without limitation University of
14 California (all campuses), California State University (all campuses), Stanford, San Jose State
15 University, Santa Clara University, University of San Francisco, University of Southern
16 California, University of San Diego, San Diego State University, AND Claremont Colleges (all
17 campuses), as well as the USERS using email domains (*e.g.*, name@stanford.edu) from those
18 universities, colleges, high schools, AND institutes of higher learning.

19

20 Dated: November 3, 2005                        Orrick, Herrington & Sutcliffe LLP

21
22                                                _____
23                                                Robert D. Nagel
                                                  Attorneys for Plaintiff
24                                                THEFACEBOOK, INC.
25
26
27
28

DOCSSV1:429566.1                              - 9 -