1  Scott R. Mosko (State Bar No. 106070)
   scott.mosko@finnegan.com
2  FINNEGAN, HENDERSON, FARABOW,
     GARRETT & DUNNER, L.L.P.
3  Stanford Research Park
   3300 Hillview Avenue
4  Palo Alto, California 94304
   Telephone:   (650) 849-6600
5  Facsimile:   (650) 849-6666

6  Attorney for Defendants Cameron
   Winklevoss, Tyler Winklevoss, and
7  Divya Narendra

8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                   SAN JOSE DIVISION

12 | FACEBOOK, INC. and MARK ZUCKERBERG, | CASE NO. C 07-01389 RS
13 | | **DEFENDANTS CAMERON WINKLEVOSS, TYLER WINKLEVOSS AND DIVYA NARENDRA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2), OR IN THE ALTERNATIVE MOTION TO STRIKE MOVING DEFENDANTS' NAMES FROM THE SECOND AMENDED COMPLAINT**
   | Plaintiffs, |
14 | |
   | v. |
15 | |
   | CONNECTU LLC, (now known as CONNECTU INC.) CAMERON WINKLEVOSS, TYLER WINKLEVOSS, DIVYA NARENDRA, PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, WAYNE CHANG, and DAVID GUCWA, |
16 | |
17 | |
18 | |
19 | Defendants. | Date:  October 10, 2007
   | | Time:  9:30 a.m.
20 | | Dept.: 4
   | | Judge: Hon. Richard Seeborg

Doc. No. 468988

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 10, 2007 at 9:30 a.m. or soon thereafter as counsel may be heard by Magistrate Judge Richard Seeborg of above entitled Court, located at 280 South First Street, San Jose, California, Defendants Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra ("Moving Defendants") will and hereby do move this Court to dismiss them from this action for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Alternatively, Moving Defendants seek an Order striking their names from the Second Amended Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Defendants' assertions are based upon this Motion, including the accompanying Memorandum and Points and Authorities in Support of Motion to Dismiss, and the accompanying Declaration of Scott R. Mosko, all the pleadings in the case, and such other arguments and evidence as may properly come before the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION AND FACTS**

This Court cannot assert personal jurisdiction over Moving Defendants because that issue has already been finally decided through an appealable order that was never appealed. Regarding the original complaint in this case, this Court's predecessor, the Santa Clara County Superior Court, through the Honorable William J. Elfving previously decided the exact issue raised by TheFacebook, Inc. when plaintiffs TheFacebook, Inc. and Mark Zuckerberg filed their Second Amended Complaint. Specifically, on June 1, 2006, Judge Elfving found that a California Court could not exercise personal jurisdiction over Moving Defendants in this case. Judge Elfving's Order reads, "[t]he Motion of Defendants Cameron Winklevoss, Tyler Winklevoss … and Divya Narendra to Quash Service of Complaint and Summons for Lack of Personal Jurisdiction is granted." (Mosko Decl. Exh. I, p. 2) Plaintiffs' decision not to appeal rendered the issue of whether a California Court can exercise personal jurisdiction in this matter over moving Defendants final. Plaintiffs cannot re-litigate this issue.

1  TheFacebook, Inc. recognized its inability to rename Moving Defendants in this case when it
2  filed its First Amended Complaint in the state court, essentially acknowledging Judge Elfving's
3  Order to be correct. (Mosko Decl. Exh. II) The First Amended Complaint correctly removed
4  Moving Defendants' names from the caption. However, after this Court partially granted Defendant
5  ConnectU LLC's motion to dismiss the First Amended Complaint, TheFacebook, Inc. and newly
6  named plaintiff Mark Zuckerberg filed a Second Amended Complaint renaming Cameron
7  Winklevoss, Tyler Winklevoss and Divya Narendra as Defendants. Plaintiffs' Second Amended
8  Complaint was filed nearly one year after Judge Elfving found that a California Court could not
9  assert personal jurisdiction over Moving Defendants.

10  As shown below, Judge Elfving's finding that California cannot exercise jurisdiction over
11  Moving Defendants cannot be re-litigated. Plaintiffs failure to move for reconsideration and/or
12  appeal Judge Elfving's Order rendered the jurisdiction issue final. Hence, moving Defendants'
13  motion to dismiss (for a second time) must be granted. Alternatively, this Court should strike
14  Moving Defendants' names from the Second Amended Complaint as the issue of whether a
15  California court may exercise personal jurisdiction over them has already been fully and finally
16  decided in the negative.

17  **II. ARGUMENT**

18  **A. Issue Preclusion and Direct Estoppel Prevent Plaintiffs From Re-Litigating Whether California Courts Can Exercise Jurisdiction Over Moving Defendants**
19

20  Judge Elfving's Order granting the motion to quash service of the original complaint
21  and summons, combined with TheFacebook's failure to appeal said order prevents plaintiffs from re-
22  litigating whether a California Court can exercise personal jurisdiction over Moving Defendants.
23  Shortly after TheFacebook, Inc. served its initial complaint, Moving Defendants filed a Motion to
24  Quash Service of Summons and Complaint on November 14, 2005. TheFacebook successfully
25  delayed the hearing on that motion, and was granted the right to take discovery as it concerned
26  Moving Defendants' Motion to Quash. Plaintiffs took six depositions, including those of Cameron
27  Winklevoss, Tyler Winklevoss and Divya Narendra. (Mosko Decl. Exh. III) In addition, Plaintiffs
28  propounded 345 interrogatories, 120 requests for admission and 125 document requests, all under

1  the claim that such discovery was necessary in order to oppose Moving Defendants' Motion to
2  Quash. (Mosko Decl. Exh. IV, p. 1) The Superior Court of Santa Clara then re-calendared the
3  hearing on Moving Defendants' Motion to Quash, and thereafter granted said motion over six
4  months after it was initially noticed.

5  Plaintiffs' attempt to circumvent Judge Elfving's Order granting the Motion to Quash
6  by renaming Moving Defendants in the Second Amended Complaint violates the doctrines of issue
7  preclusion and direct estoppel. These doctrines have five elements, specifically: (1) the issue sought
8  to be precluded from relitigation is identical to that decided in a former proceeding, (2) the issue was
9  actually litigated in the former proceeding, (3) the issue was necessarily decided in the former
10 proceeding, (4) the decision in the former proceeding was final on the merits, and (5) the parties
11 involved with this issue are identical, or in privity with one another. *Sabek, Inc. v. Engelhard Corp.*,
12 65 Cal.App.4th 992, 997 - 98 (1998), quoting *Lucido v. Superior Court,* 51 Cal. 3d 335, 341 (1990).

13 Applying these elements, there can be no question that issue preclusion applies.
14 Regarding (1), the issue that Judge Elfving resolved, i.e. whether the California Court can exercise
15 personal jurisdiction over Moving Defendants, is precisely the same as the issue presently before this
16 Court. Regarding (2), Moving Defendants' Motion to Quash Service and Summons for Lack of
17 Personal Jurisdiction raised the very issue identified in the preceding element. (Mosko Decl. Exh.
18 V) Regarding (3), Moving Defendants' motion to quash raised the issue of personal jurisdiction that
19 necessarily required the state court to decide this issue. Regarding (4), Judge Elfving's June 1, 2006
20 Order clearly establishes that the issue of whether a California Court could exercise personal
21 jurisdiction over Moving Defendants was resolved on the merits. *See Sabek*, 65 Cal. App. 4th at 998
22 ("quashing of service ended the litigation . . . in a final appealable order" and thus "even when the
23 underlying cause of action itself is not barred the rules of issue preclusion may nevertheless apply to
24 the final order in which personal jurisdiction is found to be absent.") Regarding (5), the parties are
25 the same.

26 The *Sabek* court concluded under strikingly similar facts to those at bar that naming
27 the same defendant in a subsequently-filed complaint after the trial court granted a motion to quash
28 for lack of personal jurisdiction was improper. In fact the *Sabek* court affirmed the trial court's order

1  sanctioning plaintiff's attorney for attempting such a ruse. In *Sabek*, the plaintiff brought suit
2  against multiple defendants. One of the defendants, Engelhard, Inc. filed a motion to quash on
3  several grounds, including plaintiff's failure to establish minimum contacts between it and the forum
4  state. The trial court granted Engelhard's motion, finding that plaintiff "had not met its burden of
5  establishing that 'minimum contacts' exist between defendant and the forum state." 65 Cal.App.4th
6  at 995. Nevertheless, plaintiff filed amended complaints naming Engelhard, Inc. On Engelhard's
7  subsequent motion to quash, the trial court concluded plaintiff's opposition was effectively a motion
8  for reconsideration. Because plaintiff's arguments were not presented in the form of a motion for
9  reconsideration before the judge who initially found that plaintiff failed to establish minimum
10 contacts *and* because plaintiff failed to appeal this first judge's order, plaintiff's argument supporting
11 minimum contacts was rejected. Moreover, the trial court found the subsequent naming of
12 Engelhard after the trial court granted the motion to quash was "frivolous and in bad faith". *Id.* at
13 996.
14        The Court of Appeal affirmed, after applying the issue preclusion factors in *Lucido*,
15 discussed above. That Court said, the quashing of service ended the litigation as to Engelhard, in a
16 final appealable order. Plaintiff's failure to move for reconsideration or appeal this order rendered
17 the decision on the issue of whether personal jurisdiction existed against Engelhard to be final. *Id.* at
18 998 - 999.
19        Importantly, *Sabek* found that plaintiff's only recourse after the trial court granted
20 defendant's motion to quash for lack of personal jurisdiction was to move for reconsideration or
21 appeal. Plaintiff failed to do either in *Sabek*. Similarly, in the present case, TheFacebook, Inc. did
22 not move for reconsideration or appeal from Judge Elfving's Order granting Moving Defendants'
23 Motion to Quash. *Sabek* further found that plaintiff could not argue the trial court's order granting
24 the motion to quash was wrongly decided. Any such argument had to be made in the form of a
25 motion for reconsideration or in an appeal. Once the time period for a reconsideration motion or
26 appeal passed, Plaintiff effectively waived its rights to re-argue the issue. *Sabek* cited with approval
27 *MIB, Inc. v. Superior Court,* 106 Cal. App. 3d 228, 234-35 (1980). "The court was unsympathetic to
28

the plaintiff's assertion that the previous decisions were wrong, and unconcerned by the plaintiff's claim that its new showing of jurisdiction was a stronger one." 65 Cal. App. 4th at 998.

Federal district courts have applied similar reasoning to that of *Sabek*. Specifically, a district court may not entertain the question of whether it can assert personal jurisdiction over a particular defendant where a neighboring state court has dismissed that defendant for lack of personal jurisdiction. In *Valdez v. Kreso, Inc.*, 114 F.Supp.2d 663 (N.D.Tex. 2001), the court found that bringing a subsequent action in federal court and naming a defendant who had been dismissed for lack of personal jurisdiction in a substantially similar state court action violated Rule 11(b). There, plaintiff sued two defendants for damages in state court by reason of the exposure of her son to a product that had been sold for use as an animal dip. The defendants successfully moved for dismissal for lack of personal jurisdiction. No appeal was taken from the court's order finding no personal jurisdiction over defendants. Plaintiff thereafter filed a complaint in federal court against these same defendants on the same set of facts. The defendants again moved to dismiss for lack of personal jurisdiction on the basis of issue preclusion, collateral estoppel, claim preclusion and res judicata.

Plaintiff filed an opposition to the motion to dismiss, arguing that the issue of personal jurisdiction could be re-litigated because a different theory of recovery had been alleged. The court rejected plaintiff's argument, and *sua sponte* imposed sanctions on plaintiff's counsel for naming the previously-dismissed defendants in the new federal action. The court stated, counsel's "filing this action after a state court had already ruled that a Texas court could not exercise personal jurisdiction over defendants can, standing alone, be basis for Rule 11 sanctions." *Id.* at 667. In criticizing counsel, the court cited a circuit court case (*Deckert v. Wachovia Student Financial Services, Inc.*, 963 F.2d 816, 818 (5th Cir. 1992)), proscribing the subsequent naming of the same defendant previously dismissed for lack of personal jurisdiction. The *Valdez* court essentially found that counsel should have been aware of this precedent before he filed the new complaint renaming defendants who had already been dismissed for lack of personal jurisdiction. The *Valdez* court went on to say, "[n]o reasonable attorney would have asked the court to exercise personal jurisdiction over defendants. Certainly no ethical and competent attorney would have pursued the matter of personal

1  jurisdiction once his hand had been called ... by the motion to dismiss." *Id*. at 668. Sanctions
2  against counsel were thereafter issued.
3        Applying the teaching of *Sabek* and *Valdez,* this Court should also find that the issue
4  of whether a California court can exercise personal jurisdiction over Moving Defendants has been
5  finally resolved. Judge Elfving decided this issue on June 2, 2006. TheFacebook, Inc. did not move
6  for reconsideration. Moreover, Judge Elfving's decision was an appealable final order pursuant to
7  California Code of Civil Procedure Section 904.1(a)(3). TheFacebook, Inc. never filed a notice of
8  appeal within the required 60 day period after this order, pursuant to California Rules of Court, Rule
9  2(a). Both *Sabek* and *Valdez* hold that after the state court rules that a court cannot exercise personal
10 jurisdiction over a defendant, the plaintiff may not thereafter name said defendant in an amended
11 complaint. Both *Sabek* and *Valdez* issued and/or authorized sanctions against the plaintiff's attorney
12 for naming a previously-dismissed defendant under these circumstances. In fact, *Valdez* found
13 counsel's behavior particularly egregious because the appellate court in the circuit where the
14 complaints were filed specifically had already held it improper to pursue a foreign defendant in a
15 jurisdiction where said defendant had previously been dismissed for lack of personal jurisdiction.
16 Here, the Sixth District Court of Appeal, sitting in Santa Clara County had already published *Sabek*,
17 which affirmed the sanctions against counsel who filed subsequent complaints against a defendant
18 previously dismissed for lack of personal jurisdiction.
19       This Court cannot revisit the issues Judge Elfving already resolved, and it was
20 improper for plaintiffs to rename Moving Defendants in the Second Amended Complaint. *Sabek*
21 found such process "in bad faith." 65 Cal.App.4th at 1001. *Valdez* found counsel's decision to
22 continue to press the issue of jurisdiction after being advised of binding precedent that established
23 such activity improper to be a further justification for sanctions. 114 F.Supp.2d at 668. Plaintiffs
24 should dismiss Moving Defendants immediately, even before this Court has to act on this motion.

    **B.**    **Plaintiffs Cannot Meet Their Burden of Demonstrating Facts Justifying the Exercise of Jurisdiction Against Moving Defendants**

27       Given the argument in Section A, above, Plaintiffs cannot present any facts
28 supporting a claim of personal jurisdiction over Moving Defendants because that issue has already

been resolved. Of course, Plaintiffs "ha[ve] the initial burden of demonstrating facts justifying the exercise of jurisdiction." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

For the reasons stated in Moving Defendants' initial motion to quash, (the pleadings from which are hereby incorporated into this Motion--*see* Exhibit V, attached to the Mosko Declaration) which resulted in Judge Elfving's finding that a California Court cannot exercise jurisdiction over Moving Defendants, this motion should be granted.

## III. CONCLUSION

For the foregoing reasons, Moving Defendants respectfully request that their motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) be granted. Alternatively, pursuant to Fed.R.Civ. P. 12(f), Moving Defendants respectfully request their names be stricken from the Second Amended Complaint, as defendants in this case.

Dated: September 5, 2007

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.

By:_____
Scott R. Mosko
Attorney for Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra