# EXHIBIT II

Dockets.Justia.com

G. HOPKINS GUY, III (STATE BAR NO. 124811)
I. NEEL CHATTERJEE (STATE BAR NO. 173985)
MONTE COOPER (STATE BAR NO. 196746)
THERESA A. SUTTON (STATE BAR NO. 211857)
YVONNE P. GREER (STATE BAR NO. 214072)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:   650-614-7400
Facsimile:   650-614-7401

Attorneys for Plaintiff
FACEBOOK, INC.

FEB 23 07

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> CONNECTU LLC (now known as CONNECTU, INC.), PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, AND DOES 1-25, <br><br> Defendants. | CASE NO. 105-CV-047381 <br><br> **FACEBOOK, INC.'S FIRST AMENDED COMPLAINT FOR VIOLATION OF CALIFORNIA PENAL CODE § 502(C); CALIFORNIA COMMON LAW MISAPPROPRIATION / UNFAIR COMPETITION; VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODES §§ 17529.5 AND 17538.45; VIOLATION OF MASSACHUSETTS GENERAL LAW 93A; 18 USC § 1030; 15 USC 7701, ET. SEQ; AND COMMON LAW MISAPPROPRIATION UNDER MASSACHUSETTS LAW.** |

FIRST AMENDED COMPLAINT

Plaintiff Facebook, Inc. ("Facebook") hereby alleges for its Complaint for Violations of California Penal Code section 502(c), the Computer Fraud and Abuse Act, the Federal Can-Spam Act of 2003, Massachusetts General Law 93A § 2, California Business & Professions Codes §§ 17529.4 and 17538.45, and Common Law Misappropriation / Unfair Competition under California and Massachusetts law, against defendants ConnectU LLC (now known as ConnectU, Inc.), Pacific Northwest Software, Inc., Winston Williams, and Does 1-25 inclusive (collectively, the "Defendants"), as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Facebook is a corporation incorporated in the State of Delaware ("Facebook"), with its principal place of business at 471 Emerson Street, Palo Alto, California. Facebook operates all of its servers in California.

2. Defendant ConnectU, Inc. (formerly known as ConnectU LLC) incorporated in the State of Connecticut ("ConnectU"), with its principal place of business at 500 West Putnam Avenue, Greenwich, Connecticut, where it now also conducts business as a Connecticut corporation. ConnectU was at all times during the wrongful acts complained of herein doing business in California. ConnectU is an interactive website that purports to provide certain website services to university students and alumni. ConnectU has specifically targeted California universities in its business activities. For example, ConnectU purports to have created "environments" for California universities, including but not limited to University of California, Berkeley. Its activities in California have been substantial and continuous.

3. Facebook is informed and believes and thereupon alleges that defendant Pacific Northwest Software, Inc. is incorporated in the State of Washington, with its principal place of business at 2210 177th Place, NE Redmond, Washington. Facebook is informed and believes and thereupon alleges that ConnectU hired Pacific Northwest Software to gain unauthorized access to Facebook's website and misappropriate information found therein.

4. Facebook is informed and believes and thereupon alleges that defendant Winston Williams is a resident of the State of Washington, and that he was hired by or on behalf of ConnectU to gain unauthorized access to Facebook's website and misappropriate information

- 2 -

found therein.

5. Facebook has not yet fully and independently identified the true names and capacities of the defendants sued herein as Does 1-25, inclusive, and therefore sues those defendants by such fictitious names. Facebook reserves the right to amend this complaint to allege such defendants' true names and capacities when they are ascertained. Facebook is informed and believes and thereupon alleges that each of the fictitiously designated defendants has been acting as a partner, contractor, joint venturer, agent, or employee of one or more of the named Defendants and that each is jointly and severally responsible for the acts and omissions complained of herein.

6. Venue and jurisdiction are proper in this jurisdiction pursuant to California Code of Civil Procedure §§ 393, 395, 410.10 and 1060, as well as California Penal Code §§ 502(e)(1) and 502(j). The cause of action arose, and the injuries described herein occurred primarily or wholly within, the County of Santa Clara, as did wrongful acts causing such injuries.

## GENERAL ALLEGATIONS

A. **Facebook**

7. Facebook is an interactive computer service which enables social networking amongst present and former university students.

8. Facebook is an industry leader in the business of social networking for college students. It currently has over three million registered users.

9. In order to legally access user profiles and other specific information on Facebook's web site, one must register and thereby agree to Facebook's Terms of Use ("Terms of Use") and its Privacy Policy ("Privacy Policy"). During all relevant times herein, Defendants were aware of these policies.

10. By registering, and becoming a member, the user gains personal access to other profiles within his or her University (i.e., to profiles of other students and alumni), as well as to the profiles of friends at other Universities that have explicitly granted such user access.

11. The Terms of Use and the Privacy Policy have, at all times since the launch of Facebook's web site, prohibited all commercial use and access to data and communications

- 3 -

therein, except as explicitly authorized by Facebook.

12. From at least January 2005 until June 27, 2005, the Terms of Use provided as follows (aside, on information and belief, from non-substantive modifications):

> The Web site is for the personal use of individual Members only and <u>may not be used in connection with any commercial endeavors. Organizations, companies, and/or businesses may not become Members and should not use the Service or the Web site for any purpose. Illegal and/or unauthorized uses of the Web site, including collecting email addresses or other contact information of members by electronic or other means for the purpose of sending unsolicited email</u> and unauthorized framing of or linking to the Web site will be investigated, and appropriate legal action will be taken, including without limitation, civil, criminal, and injunctive redress."

(Emphasis added.) In addition, it provided that:

> You may not engage in advertising to, or solicitation of, other Members to buy or sell any products or services through the Service. You may not transmit any chain letters or junk email to other members. Although Thefacebook cannot monitor the conduct of its members off the Web site, it is also a violation of these rules to use any information obtained from the Service in order to harass, abuse, or harm another person, or in order to advertise to, solicit, or sell to any member without their prior consent.

Lastly, it affirmed:

> Thefacebook owns and retains all proprietary rights in the Web site and the Service. The Web site contains the copyrighted material, trademarks, and other proprietary information of Thefacebook, and its licensors. Except for that information which is in the public domain or for which you have been given written permission, you may not copy, modify, publish, transmit, distribute, perform, display, or sell any such proprietary information.

13. Facebook also restricts access to and has always used its best efforts to keep confidential its aggregate customer lists and other proprietary user and system information, as from unauthorized uses and parties.

14. Facebook has generally expended substantial effort, money and time in developing the informational components of its web site, as well as its aggregate customer base. The data on the Facebook's computers, computers systems, and computer networks is highly valuable.

**B. Unauthorized Access, Misappropriation, and Commercial Use by Defendants**

15. ConnectU is a direct competitor of Facebook, and similarly offers an interactive computer service which enables social networking amongst present and former university students.

- 4 -

16. ConnectU has attempted to aggressively compete with Facebook.

17. ConnectU hired Pacific Northwest Software and Winston Williams to write software to gain unauthorized access to Facebook's website and misappropriate information, including email addresses not generally made available to the public, found on the site.

18. ConnectU and other Defendants have gained unauthorized access to Facebook's web site, and have taken extensive amounts of proprietary data from Facebook, including but not limited to user data such as email addresses and other protected data collected and/or created by Facebook. At least some of the emails and related data Defendants took without authorization was from numerous individuals that had no direct contact or prior business relationship with ConnectU. At least some of those individuals were California residents.

19. On information and belief, Defendants willfully and maliciously engaged in unauthorized access to, and unauthorized appropriation of, Facebook's data, computers, computer systems, and computer networks, at least in part in the hope of gaining competitive advantage for ConnectU through such activities and to avoid the effort, time and money needed to develop such data, customer lists, and other matter on its own.

20. As a result of these incidents of unauthorized access and unauthorized appropriations by Defendants, Facebook was damaged.

21. As a result of their deliberate actions, Defendants improperly benefited from Facebook's business efforts and established reputation, gaining substantial advantage from access and use of Facebook's commercial and proprietary information.

22. At various times, ConnectU distributed e-mails to members of Facebook and otherwise sought to solicit Facebook's members, including the solicitation of members with whom ConnectU had no prior or direct relationship with, in an effort to lure them to ConnectU. ConnectU used the email addresses that had been gathered by and/or for ConnectU through Defendants' unauthorized access to and unauthorized appropriations from Facebook's data, computers, computer systems, and computer networks.

23. In response to ConnectU's mass e-mailings, Facebook was forced to notify at least certain of its members of the apparent breach of their privacy by ConnectU, along with its agents

- 5 -

and partners. Facebook is informed and believes and thereupon alleges that such notice damaged the trust its members placed in Facebook's web site and harmed Facebook's business.

24. Facebook is informed and believes and thereupon alleges that each of the Defendants had at least had knowledge of the wrongful acts described herein, as well as their commercial purpose, and at least some of the Defendants carried out such wrongful acts willfully and maliciously.

25. Facebook is informed and believes and thereupon alleges that Defendants and/or those similarly situated may continue to engage in such unauthorized access and unauthorized appropriations in the future. In addition, Facebook is informed and believes and thereupon alleges that Defendants continue to exploit Facebook's proprietary and valuable data for their own commercial benefit, to Facebook's detriment.

### FIRST CAUSE OF ACTION

**(Violation of California Penal Code § 502(c) – Against All Defendants)**

26. Facebook hereby realleges and incorporates by reference paragraphs 1 through 25, inclusive, of this complaint as though fully set forth herein.

27. Defendants have knowingly and without permission accessed, caused to be accessed, and used Facebook's data, computers, computer systems, and computer networks, in order to wrongfully obtain and control data, web site components, and other information of monetary value.

28. Defendants have knowingly and without permission taken, copied, and made use of data from Facebook's computers, computer systems, and computer networks, as well as taken and copied related data.

29. Defendants have knowingly and without permission provided or assisted in providing a means of accessing Facebook's computers, computer systems, and computer networks in violation of California Penal Code Section 502. Furthermore, Defendants have knowingly instructed others to access, use, and copy Facebook's computers, computer systems, and computer networks, without permission.

- 6 -

30. Defendants' unauthorized access and use has damaged and caused loss to Facebook.

31. Defendants' actions constitute violations of California Penal Code section 502(c).

## SECOND CAUSE OF ACTION

**(Common Law Misappropriation / Unfair Competition under Massachusetts and California Law– Against All Defendants)**

32. Facebook hereby realleges and incorporates by reference paragraphs 1 through 31, inclusive, of this complaint as though fully set forth herein.

33. Facebook has expended considerable time and money developing the commercially valuable customer lists, web site components, network, and other information specified in this complaint ("Facebook's Information").

34. Defendants have taken such information and without authorization used, disclosed, and held out as their own Facebook's Information, without compensation to Facebook.

35. As a consequence, Facebook has been harmed. Facebook is informed and believes, and on that basis alleges, that Defendants' acts and conduct constitute common law misappropriation / unfair competition and were carried out willfully, fraudulently, maliciously, and with the wanton disregard of Facebook's rights, thereby entitling Facebook to compensatory and punitive damages to be proven at trial.

## THIRD CAUSE OF ACTION

**(Violation of Massachusetts General Law 93A § 2 – Against All Defendants)**

36. Facebook hereby realleges and incorporates by reference paragraphs 1 through 35, inclusive, of this complaint as though fully set forth herein.

37. Defendants' actions in gaining unauthorized access to Facebook's website, misappropriating data, and sending unsolicited emails are unlawful, unfair, and deceptive.

38. Facebook has been harmed as a direct consequence of Defendants unlawful actions.

39. Defendants' unlawful, unfair and deceptive actions are in violation of Massachusetts General Law 93A.

## FOURTH CAUSE OF ACTION

**(Violation of California Business and Professions Code § 17529.4 – Against All Defendants)**

40. Facebook hereby realleges and incorporates by reference paragraphs 1 through 39, inclusive, of this complaint as though fully set forth herein.

41. Defendants gained unauthorized access to Facebook's website and harvested Facebook members' email addresses.

42. Defendants unlawfully collected these electronic mail addresses from Facebook's website with the purpose of initiated unsolicited commercial e-mail advertisements to California electronic mail addresses.

43. Defendants sent unsolicited commercial e-mail advertisements to California electronic mail addresses.

44. Defendants' unauthorized access and use of email addresses misappropriated from Facebook website has damaged and caused loss to Facebook.

45. Defendants' actions constitute violations of California Business and Professions Code § 17529.4.

## FIFTH CAUSE OF ACTION

**(Violation of California Business and Professions Code § 17538.45 – Against All Defendants)**

46. Facebook hereby realleges and incorporates by reference paragraphs 1 through 45, inclusive, of this complaint as though fully set forth herein.

47. Defendants initiated unsolicited electronic mail advertisements using Facebook's equipment located in California in violation of Facebook's policy prohibiting the use of its equipment to deliver unsolicited electronic mail advertisements.

48. Prior to sending out unsolicited electronic mails, Defendants were on notice that their actions were in violation of Facebook's Terms of Service.

49. Defendants' unauthorized access and use of email addresses misappropriated from Facebook website has damaged and caused loss to Facebook.

FIRST AMENDED COMPLAINT

50. Defendants' actions constitute violations of California Business and Professions Code § 17538.45.

### SIXTH CAUSE OF ACTION

**(Violation of 15 USCS § 7701, et seq. – Against All Defendants)**

51. Facebook hereby realleges and incorporates by reference paragraphs 1 through 50, inclusive, of this complaint as though fully set forth herein.

52. Defendants accessed Facebook's computer system without authorization and intentionally initiated the transmission of multiple commercial electronic mail messages through Facebook's computer system.

53. Defendants knowingly and willfully collected electronic mail addresses and other information from Facebook website using automated means.

54. At the time of Defendants actions, Facebook's website contained a notice that member electronic mail addresses were not to be given, sold, or otherwise transferred to any other party.

55. Defendants' actions constitute violations of the Federal Can-Spam Act of 2003, 15 USC 7701 et. seq.

### SEVENTH CAUSE OF ACTION

**(Violation of 18 USC § 1030 – Against All Defendants)**

56. Facebook hereby realleges and incorporates by reference paragraphs 1 through 55, inclusive, of this complaint as though fully set forth herein.

57. Defendants knowingly and with intent to defraud accessed Facebook's computers without authorization.

58. Defendants' conduct involved interstate communications.

59. Through their unauthorized access, Defendants obtained information of value from Facebook's computers.

60. Defendants' actions were committed for the purpose of commercial advantage.

61. Defendants' actions damaged and caused loss to Facebook.

62. Defendants' actions constitute violations of the Computer Fraud and Abuse Act,

- 9 -

18 USC § 1030.

**PRAYER FOR RELIEF**

WHEREFORE, based upon the foregoing, Facebook prays for the following relief:

1. An entry of judgment in favor of Facebook and against all Defendants on all causes of action.

2. Compensatory, consequential, and incidental damages including, without limitation, compensatory damages reasonably incurred by Facebook to verify that each incidence of Defendants' access did not alter, damage, or otherwise harm the integrity of Facebook's computer systems, computer networks, computer programs, or data, pursuant to California Penal Code § 502(e)(1);

3. Exemplary and punitive damages in an amount to exceed $25,000, as provided by law, including exemplary damages under California Civil Code § 3426.3(c) and punitive damages under California Penal Code § 502(e)(4) (exemplary or punitive damages);

4. Liquidated damages of fifty dollars for each electronic mail message initiated in violation of California Business and Professions Code § 17538.45, up to a maximum of twenty-five thousand per day, whichever amount is greater;

5. Economic damages under 18 USC § 1030 (a)(5)(B)(i);

6. Compensatory damages under 18 USC § 1030 (a)(4), including the cost of responding to Defendants' actions, conducting a damage assessment, and restoring the system to its condition prior to Defendants' actions, and revenue lost, cost incurred and other consequential damages incurred;

7. Statutory damages under 15 USC 7701, et seq., calculated as the number of violations multiplied by up to $250, in an amount not to exceed $2,000,000;

8. Aggravated damages under 15 USC 7701, in an amount not to exceed three times the amount of statutory damages available;

9. General damages in an amount to exceed $25,000;

10. An accounting to establish, and an order requiring disgorgement of, the sums by which Defendants have been unjustly enriched, at any time, including that resulting from

- 10 -

1 Defendants' use of Facebook's Information;

11. Pre-judgment and post-judgment interest at the maximum rate allowed by law;

12. Injunctive relief which assures that any future misappropriation of Facebook's commercial proprietary and other information be immediately stopped on the part of Defendants and other appropriate persons and/or entities, irrespective of whether any such Defendant, other person and/or entities is under the control of any (other) Defendant;

13. All injunctive relief allowed under California Penal Code § 502(c) *et seq.*

14. Further equitable relief in the most appropriate form that will have the effect of "undoing" any past and current misappropriations of Facebook's commercial proprietary and other information on the part of Defendants and other appropriate persons and/or entities, irrespective of whether under the control of any of Defendants;

15. Attorneys' fees and costs incurred by virtue of this action, if authorized by law – including attorneys' fees and costs authorized by California Penal Code § 502(e)(2); Civil Code § 1021.5; California Business and Professions Code § 17538.45; 15 USC 7701 et seq., and

16. Such other relief, in law or equity, as the Court may deem just and appropriate in the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all issues which may be tried by jury.

Dated: February 20, 2007

G. HOPKINS GUY, III
I. NEEL CHATTERJEE
MONTE M. F. COOPER
THERESA A. SUTTON
YVONNE P. GREER
ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
G. Hopkins Guy, III
Attorneys for Plaintiff
FACEBOOK, INC.