# EXHIBIT V-5-F

Scott R. Mosko (State Bar No. 106070)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California 94304
Telephone:    (650) 849-6600
Facsimile:     (650) 849-6666

Attorneys for Defendants
Connectu LLC, Cameron Winklevoss,
Tyler Winklevoss, Howard Winklevoss,
and Divya Narendra

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| THE FACEBOOK, INC.<br><br>Plaintiff,<br><br>v.<br><br>CONNECTU LLC, CAMERON WINKLEVOSS, TYLER WINKLEVOSS, HOWARD WINKLEVOSS, DIVYA NARENDRA, AND DOES 1-25,<br><br>Defendants. | CASE NO. 105 CV 047381<br><br>**AMENDED RESPONSE OF DEFENDANT TYLER WINKLEVOSS TO FORM INTERROGATORIES** |

1  PROPOUNDING PARTY:     Plaintiff THEFACEBOOK, INC.
2  RESPONDING PARTY:      Defendant TYLER WINKLEVOSS
3  SET NO.:               ONE (1)

4  TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

5  The above-named party hereby responds, pursuant to California Code of Civil Procedure
6  Section 2030, to the form interrogatories as follows:

### PREFATORY STATEMENT

8  It should be noted that this responding party has not fully completed its investigation of the
9  facts relating to this case, has not completed discovery, and has not completed its preparation for
10 trial.

11  All of the responses contained herein are based only upon such information and documents
12 as are presently available to and specifically known to this responding party and disclose only those
13 contentions which presently occur to such responding party.

14  It is anticipated that further discovery, independent investigation, legal research, and analysis
15 will supply additional facts and add meaning to known facts, as well as establish entirely new factual
16 conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and
17 variations from the contentions herein set forth.

18  The following responses are given without prejudice to responding party's right to produce
19 evidence of any subsequently discovery fact or facts which this responding party may later recall.
20 Responding party accordingly reserves the right to change any and all answers herein as additional
21 facts are ascertained, analyses are made, legal research is completed, and contentions are made. The
22 responses contained herein are made in a good faith effort to supply as much factual information and
23 as much specification of legal contentions as are presently known, but should in no way be to the
24 prejudice of this responding party in relation to further discovery, research, or analysis.

25  Responding Party incorporates his initial responses to these Form Interrogatories. In
26 addition, Responding Party adds the following:

Doc. No.                                1                  AMENDED RESPONSE OF DEFENDANT TYLER WINKLEVOSS
                                                                           TO FORM INTERROGATORIES

## RESPONSE TO FORM INTERROGATORIES

**Response to 2.11**

Yes.

(a) ConnectU LLC

(b) See response to Special Interrogatory No. 14.

**Response to 8.2**

The nature of Responding Party's activities for ConnectU LLC is described in the response to Special Interrogatory No. 14. See also depositions transcripts from January 16, 2006 depositions. Responding Party has never been employed by ConnectU LLC.

**Response to 17.1**

Regarding Request No. 2, Responding Party did not specifically access Plaintiff's website to acquire email addresses. Responding Party on behalf of ConnectU accessed Plaintiff's website to see what was available on this site and to investigate whether its intellectual property had been misappropriated. On certain occasions, Responding Party on behalf of ConnectU downloaded email addresses that were available on this site. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Divya Narendra and Winston Williams. Documents concerning ConnectU's access were identified in ConnectU's second amended response to Plaintiff's first set of Requests for Production.

Regarding Request No. 3, Responding Party did not specifically access Plaintiff's website to identify the colleges and universities included in the online directory. Responding Party on behalf of ConnectU accessed Plaintiff's website to see what was available on this site and to investigate whether its intellectual property had been misappropriated Responding Party does recall seeing some colleges and universities on this site. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Divya Narendra and Winston Williams. Documents concerning ConnectU's access were identified in ConnectU's second amended response to Plaintiff's first set of Requests for Production.

Regarding Request No. 6, Responding Party did not access Plaintiff's website to circumvent known security features on the website. Responding Party on behalf of ConnectU accessed Plaintiff's website to see what was available on this site and to investigate whether its intellectual property had been misappropriated. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Divya Narendra and Winston Williams. Documents concerning ConnectU's access were identified in ConnectU's second amended response to Plaintiff's first set of Requests for Production.

Regarding Request No. 7, Responding Party recalls using more than one user name and password to access Plaintiff's website.

Regarding Request No. 8, while some of the email addresses obtained from Plaintiff's website were used to invite some of the members of Plaintiff's website to join ConnectU, the majority were not so used. See also ConnectU's Response to this Interrogatory. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Divya Narendra and Winston Williams. Documents concerning these invitations were identified in ConnectU's second amended response to Plaintiff's first set of Requests for Production.

1  Regarding Request No. 9, some users of ConnectU have requested that ConnectU invite their friends who are users of Facebook's website to join ConnectU. ConnectU has sent emails to some of the email addresses obtained from Facebook to invite Facebook users to join ConnectU. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Divya Narendra and Winston Williams. Documents concerning these invitations were identified in ConnectU's second amended response to Plaintiff's first set of Requests for Production.

Regarding Request No. 10, while Responding Party is unsure of what Plaintiff intended by the word "data" in addition to some email addresses and profiles, ConnectU did download from Plaintiff's website publicly available course which Responding Party is informed and believed was initially located on University Registrar websites. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss and Divya Narendra.

Regarding Request No. 11, ConnectU did not track and does not know whether an invitation it sent to a Facebook user resulted in this user's decision to join connectu.com. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Divya Narendra, and Winston Williams. ConnectU is not aware of any documents regarding this response.

Regarding Request No. 12, ConnectU retained Pacific Northwest Software for the purpose of developing and furthering the ConnectU website. Pacific Northwest Software worked with some email addresses that ConnectU obtained from Plaintiff's website. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss and Winston Williams. Documents concerning ConnectU's access were identified in ConnectU's second amended response to Plaintiff's first set of Requests for Production.

Regarding Request No. 13, ConnectU retained Winston Williams of Pacific Northwest Software for the purpose of developing and furthering the ConnectU website. Winston Williams of Pacific Northwest Software worked with some email addresses that ConnectU obtained from Plaintiff's website. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, and Winston Williams. Documents concerning ConnectU's access were identified in ConnectU's second amended response to Plaintiff's first set of Requests for Production.

Regarding Request No. 16, Responding Party does not recall if Plaintiff's website included "Terms of Use". Persons knowledgeable regarding the response to this Interrogatory may include Tyler Winklevoss and Divya Narendra. ConnectU is not aware of any documents regarding this response.

Regarding Request No. 17, Responding Party does not recall if Plaintiff's website included "Terms of Use", or if it did, what those terms were. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss and Divya Narendra. ConnectU is not aware of any documents regarding this response.

Regarding Request No. 18, Responding Party does not recall if Plaintiff's website included "Terms of Use", or if it did, what those terms were. ConnectU never agreed to be bound by any terms of use. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, and Divya Narendra. ConnectU is not aware of any documents regarding this response.

Regarding Request No. 19, Responding Party does not recall if Plaintiff's website included "Terms of Use", or if it did, what those terms were. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss and Divya Narendra. ConnectU is not aware of any documents regarding this response.

1       Regarding Request No. 20, Responding Party does not recall if Plaintiff's website included "Terms of Use", or if it did, what those terms were. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss and Divya Narendra. ConnectU is not aware of any documents regarding this response.

Regarding Request No. 21, Responding Party does not recall if Plaintiff's website included "Terms of Use", or if it did, what those terms were. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, and Divya Narendra. ConnectU is not aware of any documents regarding this response.

Regarding Request No. 22, ConnectU does not currently use a data import program called "Social Butterfly". Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Divya Narendra and Winston Williams. ConnectU is not aware of any documents regarding this response.

Regarding Request No. 23, Responding Party is not aware of any member of a social networking site who "switched" to ConnectU. Some ConnectU members requested that ConnectU access Plaintiff's website for the purposes of inviting their friends to join ConnectU. Some of the email addresses ConnectU downloaded from Plaintiff's website were used in this process. Under these circumstances, the Social Butterfly software facilitated this process. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Divya Narendra, and Winston Williams. ConnectU is not aware of any documents regarding this response.

Regarding Request No. 24, Responding Party did not obtain email accounts from Plaintiff's website. On certain occasions, ConnectU downloaded email addresses that were available on this site. Regarding some of these email addresses, see the response immediately above. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Divya Narendra and Winston Williams.

Regarding Request No. 25 Responding Party does not recall if Plaintiff's website included "Terms of Use", or if it did, what those terms were. ConnectU never agreed to be bound by any terms of use. ConnectU never obtained "email accounts". Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, and Divya Narendra. ConnectU is not aware of any documents regarding this response.

**Response to 50.3**

Plaintiff cited 3 paragraphs of what it contends to be part of its "Terms of Use" in its complaint. Responding Party is not a party to any agreement or contract involving Plaintiff. To the extent Plaintiff is claiming a breach of contract, Responding Party has no knowledge of any agreement or the terms of such agreement. Responding Party is informed and believes that a contract cannot be enforced against an individual or entity who did not agree to the terms of the contract and/or did not receive adequate consideration. Responding Party was not subject to the provisions alleged in Plaintiff's complaint.

**Response to 50.4**

Plaintiff has cited 3 paragraphs of what it contends to be part of its "Terms of Use" in its complaint. Responding Party is not a party to any agreement or contract involving Plaintiff. Responding Party is not aware of any agreement, release, accord and satisfaction or novation as it or they concern Responding Party or Plaintiff.

**Response to 50.5**

Plaintiff has cited 3 paragraphs of what it contends to be part of its "Terms of Use" in its complaint. Responding Party is not a party to any agreement or contract involving Plaintiff. To the extent Plaintiff is claiming a breach of contract, Responding Party has no knowledge of any agreement or the terms of such agreement. Responding Party is informed and believes that a contract cannot be enforced against an individual or entity who did not agree to the terms of the contract and/or did not receive adequate consideration. Responding Party therefore contends that the provisions cited in Plaintiff's complaint are not enforceable.

**Response to 50.6**

Plaintiff has not cited in its complaint the entire document it purportedly contends to be an agreement. ConnectU does not have any document that would support Plaintiff's apparent contention that ConnectU or Responding Party is a party to an agreement with Plaintiff. Therefore, Responding Party cannot respond as to whether this alleged agreement contains ambiguous terms.

## VERIFICATION

TYLER WINKLEVOSS, under penalty of perjury under the laws of the State of California, states as follows:

1. That he is one of the defendants in the above-entitled action;
2. That he has read the foregoing AMENDED RESPONSE OF DEFENDANT TYLER WINKLEVOSS TO FORM INTERROGATORIES and knows the contents thereof, and that the same is true of his own knowledge, save and except as to the matters which are therein stated on his information or belief, and as to those matters, he believes it to be true.

Executed on the 31 day of March, 2006.

_____
Tyler Winklevoss

1  Scott R. Mosko (State Bar No. 106070)
   FINNEGAN, HENDERSON, FARABOW,
2    GARRETT & DUNNER, L.L.P.
   Stanford Research Park
3  3300 Hillview Avenue
   Palo Alto, California 94304
4  Telephone:  (650) 849-6600
   Facsimile:  (650) 849-6666
5

6  Attorneys for Defendants
   Cameron Winklevoss, Tyler
7  Winklevoss, Howard Winklevoss,
   and Divya Narendra
8

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    COUNTY OF SANTA CLARA

11

12

13 | THE FACEBOOK, INC.                  | CASE NO. 105 CV 047381
14 |         Plaintiff,                  | **DEFENDANT TYLER
   |                                     | WINKLEVOSS'S DECLARATION**
15 |     v.
16 | CONNECTU LLC, CAMERON WINKLEVOSS,
   | TYLER WINKLEVOSS, HOWARD
17 | WINKLEVOSS, DIVYA NARENDRA, AND
   | DOES 1-25,
18 |
   |         Defendants.
19

20

21

22

23

24

25

26

27

28

Doc. No. 438612                                         Declaration of Tyler Winklevoss

I, TYLER WINKLEVOSS, declare

I have made a diligent search and reasonable inquiry for the purpose of locating documents responsive to Plaintiff The FaceBook Inc.'s First Set of Requests for Production of Documents. All responsive documents in my possession were produced. I am informed and believe the persons or entities who may have possession of documents that are responsive to Plaintiff The FaceBook Inc.'s First Set of Requests for Production of Documents are Cameron Winklevoss, Divya Narendra, Pacific Northwest Software, whose address I am informed and believe is 1514 223rd Place N.E. Sammamish, WA 98074, and/or my attorney. I am not aware of anyone else who would be in possession, custody or control of these documents.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct and that this declaration was executed on the 27 day of March, 2006.

_____
Tyler Winklevoss

Doc. No. 438612

Declaration of Tyler Winklevoss

1