# EXHIBIT V-5-G

Dockets.Justia.com

1  Scott R. Mosko (State Bar No. 106070)
   FINNEGAN, HENDERSON, FARABOW,
2    GARRETT & DUNNER, L.L.P.
   Stanford Research Park
3  3300 Hillview Avenue
   Palo Alto, California 94304
4  Telephone:    (650) 849-6600
   Facsimile:    (650) 849-6666
5

6  Attorneys for Defendants
   Connectu LLC, Cameron Winklevoss,
7  Tyler Winklevoss, Howard Winklevoss,
   and Divya Narendra
8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                       COUNTY OF SANTA CLARA

12

13  THE FACEBOOK, INC.                      CASE NO. 105 CV 047381

14              Plaintiff,                   **AMENDED RESPONSE OF
                                             DEFENDANT DIVYA NARENDRA TO
15        v.                                 FORM INTERROGATORIES**

16  CONNECTU LLC, CAMERON WINKLEVOSS,
    TYLER WINKLEVOSS, HOWARD
17  WINKLEVOSS, DIVYA NARENDRA, AND
    DOES 1-25,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

1   PROPOUNDING PARTY:        Plaintiff THEFACEBOOK, INC.

2   RESPONDING PARTY:         Defendant DIVYA NARENDRA

3   SET NO.:                  ONE (1)

4

5        TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

6        The above-named party hereby responds, pursuant to California Code of Civil Procedure

7   Section 2030, to the form interrogatories as follows:

8                           **PREFATORY STATEMENT**

9        It should be noted that this responding party has not fully completed its investigation of the

10  facts relating to this case, has not completed discovery, and has not completed its preparation for

11  trial.

12       All of the responses contained herein are based only upon such information and documents

13  as are presently available to and specifically known to this responding party and disclose only those

14  contentions which presently occur to such responding party.

15       It is anticipated that further discovery, independent investigation, legal research, and analysis

16  will supply additional facts and add meaning to known facts, as well as establish entirely new factual

17  conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and

18  variations from the contentions herein set forth.

19       The following responses are given without prejudice to responding party's right to produce

20  evidence of any subsequently discovery fact or facts which this responding party may later recall.

21  Responding party accordingly reserves the right to change any and all answers herein as additional

22  facts are ascertained, analyses are made, legal research is completed, and contentions are made.  The

23  responses contained herein are made in a good faith effort to supply as much factual information and

24  as much specification of legal contentions as are presently known, but should in no way be to the

25  prejudice of this responding party in relation to further discovery, research, or analysis.

26       Responding Party incorporates his initial responses to these Form Interrogatories.  In

27  addition, Responding Party adds the following:

28

Doc. No.                            1                    RESPONSE OF DEFENDANT
                                                         DIVYA NARENDRA TO FORM INTERROGATORIES

1

## RESPONSE TO FORM INTERROGATORIES

2

**Response to 2.11**

3

  Yes.

4

  (a) ConnectU LLC

5

  (b) See response to Special Interrogatory No. 14.

6

**Response to 8.2**

7   The nature of Responding Party's activities for ConnectU LLC is described in the response to Special Interrogatory No. 14. See also transcripts from January 16, 2006 depositions. Responding

8   Party has never been employed by ConnectU LLC.

9

**Response to 17.1**

10   Regarding Request No. 2, Responding Party did not specifically access Plaintiff's website to acquire email addresses. Responding Party on behalf of ConnectU accessed Plaintiff's website to

11   see what was available on this site and to investigate whether its intellectual property had been misappropriated. On certain occasions, Responding Party on behalf of ConnectU downloaded email

12   addresses that were available on this site. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Tyler Winklevoss, and Winston Williams.

13   Documents concerning ConnectU's access were identified in ConnectU's second amended response to Plaintiff's first set of Requests for Production.

14

  Regarding Request No. 3, Responding Party did not specifically access Plaintiff's website to

15   identify the colleges and universities included in the online directory. ConnectU accessed Plaintiff's website to see what was available on this site and to investigate whether its intellectual property had

16   been misappropriated. Responding Party does recall seeing some colleges and universities on this site. Persons knowledgeable regarding the response to this Interrogatory may include Cameron

17   Winklevoss, Tyler Winklevoss, and Winston Williams. Documents concerning ConnectU's access were identified in ConnectU's second amended response to Plaintiff's first set of Requests for

18   Production.

19   Regarding Request No. 6, Responding Party did not access Plaintiff's website to circumvent known security features on the website. Responding Party on behalf of ConnectU accessed

20   Plaintiff's website to see what was available on this site and to investigate whether its intellectual property had been misappropriated. Persons knowledgeable regarding the response to this

21   Interrogatory may include Cameron Winklevoss, Tyler Winklevoss, and Winston Williams. Documents concerning ConnectU's access were identified in ConnectU's second amended response

22   to Plaintiff's first set of Requests for Production.

23   Regarding Request No. 7, Responding Party does not recall using more than one user name and password to access Plaintiff's website.

24

  Regarding Request No. 8, while some of the email addresses obtained from Plaintiff's

25   website were used to invite some of the members of Plaintiff's website to join ConnectU, the majority were not so used. See also ConnectU's response to this Interrogatory. Persons

26   knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Tyler Winklevoss, and Winston Williams. Documents concerning these invitations were identified in

27   ConnectU's second amended response to Plaintiff's first set of Requests for Production.

28

1    Regarding Request No. 9, some users of ConnectU have requested that ConnectU invite their
2 friends who are users of Facebook's website to join ConnectU. ConnectU has sent emails to some of
the email addresses obtained from Facebook to invite Facebook users to join ConnectU. Persons
knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Tyler
3 Winklevoss, and Winston Williams. Documents concerning these invitations were identified in
ConnectU's second amended response to Plaintiff's first set of Requests for Production.
4
5    Regarding Request No. 10, while Responding Party is unsure of what Plaintiff intended by
the word "data" in addition to some email addresses and profiles, ConnectU did download from
Plaintiff's website publicly available course which Responding Party is informed and believed was
6 initially located on University Registrar websites. Persons knowledgeable regarding the response to
this Interrogatory include Cameron Winklevoss and Tyler Winklevoss.
7
8    Regarding Request No. 11, ConnectU did not track and does not know whether an invitation
it sent to a Facebook user resulted in this user's decision to join connectu.com. Persons
knowledgeable regarding the response to this Interrogatory include Cameron Winklevoss, Tyler
9 Winklevoss, and Winston Williams. ConnectU is not aware of any documents regarding this
response.
10
11    Regarding Request No. 12, ConnectU retained Pacific Northwest Software for the purpose of
developing and furthering the ConnectU website. Pacific Northwest Software worked with some
email addresses that ConnectU obtained from Plaintiff's website. Persons knowledgeable regarding
12 the response to this Interrogatory may include Cameron Winklevoss, Tyler Winklevoss, and Winston
Williams. Documents concerning ConnectU's access were identified in ConnectU's second
13 amended response to Plaintiff's first set of Requests for Production.
14    Regarding Request No. 13, ConnectU retained Winston Williams of Pacific Northwest
Software for the purpose of developing and furthering the ConnectU website. Winston Williams of
15 Pacific Northwest Software worked with some email addresses that ConnectU obtained from
Plaintiff's website. Persons knowledgeable regarding the response to this Interrogatory may include
16 Cameron Winklevoss, Tyler Winklevoss, and Winston Williams Documents concerning
ConnectU's access were identified in ConnectU's second amended response to Plaintiff's first set of
17 Requests for Production.
18    Regarding Request No. 16, Responding Party does not recall if Plaintiff's website included
"Terms of Use". Persons knowledgeable regarding the response to this Interrogatory may include
19 Cameron Winklevoss and Tyler Winklevoss. ConnectU is not aware of any documents regarding
this response.
20
21    Regarding Request No. 17, Responding Party does not recall if Plaintiff's website included
"Terms of Use", or if it did, what those terms were. Persons knowledgeable regarding the response
to this Interrogatory may include Cameron Winklevoss, and Tyler Winklevoss. ConnectU is not
22 aware of any documents regarding this response.
23    Regarding Request No. 18, Responding Party does not recall if Plaintiff's website included
"Terms of Use", or if it did, what those terms were. ConnectU never agreed to be bound by any
24 terms of use. Persons knowledgeable regarding the response to this Interrogatory may include
Cameron Winklevoss, and Tyler Winklevoss. ConnectU is not aware of any documents regarding
25 this response.
26    Regarding Request No. 19, Responding Party does not recall if Plaintiff's website included
"Terms of Use", or if it did, what those terms were. Persons knowledgeable regarding the response
27 to this Interrogatory may include Cameron Winklevoss and Tyler Winklevoss. ConnectU is not
aware of any documents regarding this response.
28

Doc. No. 438355                                                3    AMENDED RESPONSE OF DEFENDANT DIVYA NARENDRA TO
                                                                    FORM INTERROGATORIES

1    Regarding Request No. 20, Responding Party does not recall if Plaintiff's website included "Terms of Use", or if it did, what those terms were. Persons knowledgeable regarding the response

2    to this Interrogatory may include Cameron Winklevoss and Tyler Winklevoss. ConnectU is not aware of any documents regarding this response.

3

4    Regarding Request No. 21, Responding Party does not recall if Plaintiff's website included "Terms of Use", or if it did, what those terms were. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, and Tyler Winklevoss. ConnectU is not

5    aware of any documents regarding this response.

6    Regarding Request No. 22, ConnectU does not currently use a data import program called "Social Butterfly". Persons knowledgeable regarding the response to this Interrogatory may include

7    Cameron Winklevoss, Tyler Winklevoss, and Winston Williams. ConnectU is not aware of any documents regarding this response.

8

9    Regarding Request No. 23, Responding Party is not aware of any member of a social networking site who "switched" to ConnectU. Some ConnectU members requested that ConnectU access Plaintiff's website for the purposes of inviting their friends to join ConnectU. Under these

10    circumstances, the Social Butterfly software facilitated this process. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Tyler Winklevoss,

11    and Winston Williams. ConnectU is not aware of any documents regarding this response.

12    Regarding Request No. 24, Responding Party did not obtain email accounts from Plaintiff's website. On certain occasions, ConnectU downloaded email addresses that were available on this

13    site. Regarding some of these email addresses, see the response immediately above. Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss, Tyler

14    Winklevoss, and Winston Williams.

15    Regarding Request No. 25 Responding Party does not recall if Plaintiff's website included "Terms of Use", or if it did, what those terms were. ConnectU never agreed to be bound by any

16    terms of use. ConnectU never obtained "email accounts". Persons knowledgeable regarding the response to this Interrogatory may include Cameron Winklevoss and Tyler Winklevoss. ConnectU

17    is not aware of any documents regarding this response.

18    **Response to 50.3**

19    Plaintiff has cited 3 paragraphs of what it contends to be part of its "Terms of Use" in its complaint. Responding Party is not a party to any agreement or contract involving Plaintiff. To the

20    extent Plaintiff is claiming a breach of contract, Responding Party has no knowledge of any agreement or the terms of such agreement. Responding Party is informed and believes that a

21    contract cannot be enforced against an individual or entity who did not agree to the terms of the contract and/or did not receive adequate consideration. Responding Party was not subject to the

22    provisions alleged in Plaintiff's complaint.

23    **Response to 50.4**

24    Plaintiff has cited 3 paragraphs of what it contends to be part of its "Terms of Use" in its complaint. Responding Party is not a party to any agreement or contract involving Plaintiff.

25    Responding Party is not aware of any agreement, release, accord and satisfaction or novation as it or they concern Responding Party or Plaintiff.

26

27

28

Doc. No. 438355                                        4

1  **Response to 50.5**

2    Plaintiff has cited 3 paragraphs of what it contends to be part of its "Terms of Use" in its
complaint. Responding Party is not a party to any agreement or contract involving Plaintiff. To the
3  extent Plaintiff is claiming a breach of contract, Responding Party has no knowledge of any
agreement or the terms of such agreement. Responding Party is informed and believes that a
4  contract cannot be enforced against an individual or entity who did not agree to the terms of the
contract and/or did not receive adequate consideration. Responding Party therefore contends that the
5  provisions cited in Plaintiff's complaint are not enforceable.

6  **Response to 50.6**

7    Plaintiff has not cited in its complaint the entire document it purportedly contends to be an
agreement. ConnectU does not have any document that would support Plaintiff's apparent
8  contention that ConnectU or Responding Party is a party to an agreement with Plaintiff. Therefore,
Responding Party cannot respond as to whether this alleged agreement contains ambiguous terms.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

DIVYA NARENDRA, under penalty of perjury under the laws of the State of California, states as follows:

1.     That he is one of the defendants in the above-entitled action;

2.     That he has read the foregoing AMENDED RESPONSE OF DEFENDANT DIVYA NARENDRA TO FORM INTERROGATORIES and knows the contents thereof, and that the same is true of his own knowledge, save and except as to the matters which are therein stated on his information or belief, and as to those matters, he believes it to be true.

Executed on the _3 1_ day of March, 2006.

_Divya Narendra_
Divya Narendra

1   Scott R. Mosko (State Bar No. 106070)
    FINNEGAN, HENDERSON, FARABOW,
2     GARRETT & DUNNER, L.L.P.
    Stanford Research Park
3   3300 Hillview Avenue
    Palo Alto, California 94304
4   Telephone:    (650) 849-6600
    Facsimile:    (650) 849-6666
5

6   Attorneys for Defendants
    Cameron Winklevoss, Tyler
7   Winklevoss, Howard Winklevoss,
    and Divya Narendra
8

9

                SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                        COUNTY OF SANTA CLARA
11

12

13  THE FACEBOOK, INC.                          CASE NO. 105 CV 047381

14                  Plaintiff,                  **DEFENDANT DIVYA NARENDRA'S**
                                                **DECLARATION**
15          v.

16  CONNECTU LLC, CAMERON WINKLEVOSS,
    TYLER WINKLEVOSS, HOWARD
17  WINKLEVOSS, DIVYA NARENDRA, AND
    DOES 1-25,
18
                    Defendants.
19

20

21

22

23

24

25

26

27

28

Doc. 438613                                    Declaration of Divya Narendra

1    I, DIVYA NARENDRA, declare

2    I have made a diligent search and reasonable inquiry for the purpose of locating documents

3 responsive to Plaintiff The FaceBook Inc.'s First Set of Requests for Production of Documents. All

4 responsive documents in my possession were produced. I am informed and believe the persons or

5 entities who may have possession of documents that are responsive to Plaintiff The FaceBook Inc.'s

6 First Set of Requests for Production of Documents are Cameron Winklevoss, Tyler Winklevoss,

7 Pacific Northwest Software, whose address I am informed and believe is 1514 223rd Place N.E.

8 Sammamish, WA 98074, and/or my attorney. I am not aware of anyone else who would be in

9 possession, custody or control of these documents.

10    I declare under penalty of perjury under the laws of the state of California that the foregoing

11 is true and correct and that this declaration was executed on the 3/ day of March, 2006.

12

13

14

_____

15    Divya Narendra

16

17

18

19

20

21

22

23

24

25

26

27

28

Doc. No. 438813

1

Declaration of Divya Narendra