# EXHIBIT V-8-A

Case 5:07-cv-01389-RS   Document 137-18   Filed 09/05/2007   Page 1 of 13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARK ZUCKERBERG, EDUARDO SAVERIN, )<br>DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, )<br>CHRISTOPHER HUGHES, and )<br>THEFACEBOOK.COM a/k/a THEFACEBOOK, )<br>)<br>Defendants. ) | CIVIL ACTION NO. _____<br><br>JURY TRIAL DEMANDED<br><br>04-11923 DPW |

## COMPLAINT

Plaintiff ConnectU LLC f/k/a Harvard Connection ("ConnectU" or "Plaintiff"), by its undersigned attorneys, alleges as follows based on its own knowledge with respect to its own acts, and on information and belief as to all other allegations:

### NATURE OF THE ACTION

1. This is a civil action for breach of contract, misappropriation of trade secrets, breach of fiduciary duty, unjust enrichment, intentional interference with prospective business advantage, breach of duty of good faith and fair dealing, and fraud arising out of Defendants Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and TheFaceBook.com a/k/a TheFaceBook's ("Defendants") unauthorized use of Plaintiff's source code and confidential business plans, and usurpation of business opportunity.

### JURISDICTION AND VENUE

2. Because the parties are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and

costs, this Court has jurisdiction under 28 U.S.C. §1332. Jurisdiction over the state and common law claims is also appropriate under 28 U.S.C. § 1367(a) and principles of pendent jurisdiction.

3. This Court has personal jurisdiction over Defendants and venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (c). Plaintiff's claims arise in this District and at least a substantial part of the events and omissions giving rise to the claim occurred in this district. Upon information and belief, a substantial portion of Defendants' business and the specific activity about which Plaintiff complains has taken place and is continuing to take place in this District.

## THE PARTIES

4. Plaintiff ConnectU LLC is a limited liability corporation of the State of Delaware with a principal place of business at 500 West Putnam Avenue, Greenwich, Connecticut 06830.

5. Upon information and belief, Defendant Mark Zuckerberg is an individual with a place of residence in the State of New York.

6. Upon information and belief, Defendant Eduardo Saverin is an individual with a place of residence in the State of Florida.

7. Upon information and belief, Defendant Dustin Moskovitz is an individual with a place of residence in the State of Florida.

8. Upon information and belief, Defendant Andrew McCollum is an individual with a place of residence in the State of Idaho.

9. Upon information and belief, Defendant Christopher Hughes is an individual with a place of residence in the State of North Carolina.

10. Upon information and belief, Defendants Zuckerberg, Saverin, Moskovitz, McCollum, and Hughes operate as an implied or *de facto* partnership and do business as TheFaceBook.com a/k/a TheFaceBook in the Commonwealth of Massachusetts.

## FACTS

11. Plaintiff's founders, Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra, were classmates who together attended Harvard University, graduating in June 2004.

12. In December 2002, the Winklevosses and Narendra began to develop a business plan for a new type of website. This website would allow students and alumni of a college or university to create a network specific to that institution, and give the students and alumni a place to meet, exchange information, discuss employment prospects, and serve as an on-line dating service. Initially, ConnectU was to serve the Harvard University community. Once established at Harvard, ConnectU intended to expand to other institutions.

13. Plaintiff's business model, which was based on advertising revenue, had a significant chance of financial success because the users, well educated students and alumni, are an attractive demographic for many companies.

14. ConnectU's founders hired fellow Harvard students to develop the software necessary for the website to function (the "Harvard Connection Code"). After the first programmer hired by Plaintiff graduated, ConnectU hired a second programmer, Victor Gao. In November 2003, Plaintiff engaged Defendant Mark Zuckerberg to work with Mr. Gao to complete the Harvard Connection Code for the website. So that Defendant Zuckerberg could complete the code, he was given the source code that ConnectU had developed to date.

15. On numerous occasions, both orally and in writing, Plaintiff stressed to Zuckerberg that the code needed to be complete as soon as possible because Plaintiff's founders

wanted to launch their website before their June 2004 graduation. Defendant Zuckerberg always assured Plaintiff that he was using his best efforts to complete the project and ready the website for market.

16. In addition to writing the software for the ConnectU website, Defendant Zuckerberg was involved with website development. In that capacity, he was entrusted with Plaintiff's business management information and procedures, including descriptions of the website's business model, various functionality and content concepts, and the type of information that would be collected from users. Zuckerberg understood that this business management information and procedures were secret and agreed to keep them confidential. Zuckerberg also understood that it was important to the success of ConnectU's business model to make the website operational before the end of the school year and before any competitor did so. With respect to Internet websites, the first to capture a market has a substantial advantage.

17. Zuckerberg agreed to develop the code in exchange for a monetary interest in Plaintiff, as well as the ability to identify and highlight his contribution to prospective employers.

18. Defendant Zuckerberg's pledges of commitment to Plaintiff, his acceptance of the Harvard Connection Code, his access to and acceptance of ConnectU's proprietary and confidential business management information and procedures, his understanding that he would be compensated when the website was successful, and his ability to highlight his work on the site to potential employers, created a contract, a duty of good faith and fair dealing, and a fiduciary relationship between Defendant Zuckerberg and ConnectU.

19. On January 8, 2004, Defendant Zuckerberg sent an email to Cameron Winklevoss, confirming that Zuckerberg would complete and deliver the promised source code. A mere three days later, January 11, 2004, without providing the promised code, Zuckerberg

registered the domain name "thefacebook.com." On February 4, 2004, using Plaintiff's confidential business plans and the Harvard Connection Code provided by Plaintiffs, Defendants launched a directly competitive website, thefacebook.com. This launch usurped Plaintiff's valuable business opportunity. A few days later, Zuckerberg boasted to the press that he had completed and launched thefacebook.com website in one week. Upon information and belief, Defendants used the Harvard Connection Code in connection with thefacebook.com.

20. Plaintiff was surprised by Zuckerberg's launch of a competing website while working for ConnectU. Plaintiff hired a programmer to develop entirely new software and launched ConnectU.com on May 21, 2004, almost four months after the launch of thefacebook.com.

21. Upon information and belief, Defendant Zuckerberg shared Plaintiff's confidential business information and the Harvard Connection Code with Defendants Saverin, Moskovitz, McCollum, and Hughes, who knowingly used, and continue to use, Plaintiff's confidential business plans and the Harvard Connection Code to develop, launch, and/or maintain the thefacebook.com website.

22. Defendants' unlawful use of Plaintiff's software and proprietary business plans allowed thefacebook.com to come to market first, thereby obtaining press coverage and users/members that would otherwise have benefited Plaintiff.

23. Defendants' market advantage, directly and proximately resulting from Defendant Zuckerberg's breach of contract, misappropriation of trade secrets, breach of fiduciary duty, breach of duty of good faith and fair dealing, and fraud, and Defendants' unjust enrichment, and intentional interference with prospective business advantage, usurped ConnectU's potential market share and related business opportunities.

### FIRST CLAIM FOR RELIEF
### Misappropriation of Trade Secrets
### Massachusetts G.L. ch. 266, § 30 (4)

24. Plaintiff repeats and realleges each and every allegation set forth in this Complaint.

25. Plaintiff took steps to maintain the secrecy of its business management information and procedures.

26. Plaintiff's business management information and procedures were and are valuable to Plaintiff and to Defendants.

27. Plaintiff expended significant effort in both time and money to develop its business management information and procedures.

28. Plaintiff's business management information and procedures were not easily acquired or duplicated by others.

29. Defendants' actions as described in this Complaint constitute misappropriation of Plaintiff's trade secrets, namely its business management information and procedures.

30. The actions of Defendants described in this Complaint have at all times relevant to this action been willful and/or knowing.

31. As a direct and proximate result of the actions of Defendants alleged in this Complaint, ConnectU has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

### SECOND CLAIM FOR RELIEF
### Breach of Contract

32. Plaintiff repeats and realleges each and every allegation set forth in this Complaint.

33. Defendant Zuckerberg's actions as described in this Complaint constitute a present and continuing breach of contract under Massachusetts law.

34. The actions of Defendant Zuckerberg described in this Complaint have at all times relevant to this action been willful and/or knowing.

35. As a direct and proximate result of the actions of Defendant Zuckerberg alleged in this Complaint, ConnectU has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

### THIRD CLAIM FOR RELIEF
### Breach of Implied Covenant of Good Faith and Fair Dealing

36. Plaintiff repeats and realleges each and every allegation set forth in this Complaint.

37. The agreement between Defendant Zuckerberg and ConnectU contains an implied covenant of good faith and fair dealing under Massachusetts law. Defendant Zuckerberg breached that covenant.

38. The actions of Defendant Zuckerberg described in this Complaint have at all times relevant to this action been willful and/or knowing.

39. As a direct and proximate result of the actions of Defendant Zuckerberg alleged in this Complaint, ConnectU has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

### FOURTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty

40. Plaintiff repeats and realleges each and every allegation set forth in this Complaint.

41. Plaintiff reposed, and Defendant Zuckerberg knowingly accepted, Plaintiff's trust and confidence regarding Plaintiff's business plans.

42. Plaintiff relied on Zuckerberg to act in the best interests of ConnectU LLC and Zuckerberg had full knowledge of Plaintiff's reliance.

43. Zuckerberg manipulated that reliance for his own personal gain and the gain of all of the Defendants.

44. Defendants' actions amounted to a course of conduct designed to harm ConnectU LLC.

45. Defendants' actions constitute breach of fiduciary duty. Zuckerberg's breach of such duty extends, through Zuckerberg, to all Defendants.

46. The actions of Defendants described in this Complaint have at all times relevant to this action been willful and/or knowing.

47. As a direct and proximate result of the actions of Defendants alleged in this Complaint, ConnectU has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

### FIFTH CLAIM FOR RELIEF
**Unjust Enrichment**

48. Plaintiff repeats and realleges each and every allegation set forth in this Complaint.

49. As a result of Defendants' actions as described in this Complaint, Defendants have been enriched at the expense of Plaintiff.

50. As a result of Defendants' actions as described in this Complaint, Plaintiff has been deprived of a valuable benefit.

51. Defendants cannot establish any justification for their unjust enrichment at the expense of Plaintiff.

52. The actions of Defendants described in this Complaint have at all times relevant to this action been willful and/or knowing.

53. As a direct and proximate result of the actions of Defendants alleged in this Complaint, ConnectU has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

### SIXTH CLAIM FOR RELIEF
### Intentional Interference with Prospective Contractual and Advantageous Business Relations

54. Plaintiff repeats and realleges each and every allegation set forth in this Complaint.

55. Defendants have purposely and wrongfully caused website users and advertisers to refrain from entering into contracts with ConnectU and has usurped such business opportunities.

56. The actions of Defendants described in this Complaint have at all times relevant to this action been willful and/or knowing.

57. As a direct and proximate result of the actions of Defendants alleged in this Complaint, ConnectU has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

### SEVENTH CLAIM FOR RELIEF
### Fraud

58. Plaintiff repeats and realleges each and every allegation set forth in this Complaint.

59.     Defendant Zuckerberg knowingly made a false statement of intention when he agreed to create and provide source code to ConnectU on January 8, 2004. Zuckerberg never intended to provide the code and instead intended to breach his promise at the time the promise was made.

60.     Defendant Zuckerberg made the false statement with the intent to induce Plaintiff to act in reliance on the statement.

61.     Plaintiff reasonably relied on Zuckerberg's statement, as set forth in this Complaint.

62.     Plaintiff's reliance resulted in Plaintiff's detriment, as set forth in this Complaint.

63.     The actions of Defendant Zuckerberg described in this Complaint have at all times relevant to this action been willful and/or knowing.

64.     As a direct and proximate result of the actions of Defendant Zuckerberg alleged in this Complaint, ConnectU has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

## REQUEST FOR RELIEF

Wherefore, Plaintiff ConnectU LLC requests that this Court enter judgment in its favor on each and every claim for relief set forth in this Complaint and award it relief, including but not limited to the following:

A.      An injunction preliminarily and permanently enjoining Defendants and their employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

   (1) From operating the website THEFACEBOOK.COM, or any variation of that website under a different domain name; and

   (2) From using the confidential business information obtained by Defendants as a result of Defendant Zuckerberg's association with Plaintiff;

 B. An Order directing Defendants to destroy all business plans, and any other materials and things, whether printed or electronic, that consist of or contain Plaintiff's business information, plans, and procedures;

 C. An Order holding Defendants jointly and severally liable for breach of contract, misappropriation of trade secrets, breach of fiduciary duty, unjust enrichment, intentional interference with prospective business advantage, breach of duty of good faith and fair dealing, and fraud and directing Defendants to pay Plaintiff damages, including but not limited to direct, consequential, indirect, compensatory, and punitive damages;

 D. An Order directing Defendants to pay to Plaintiff Defendants' profits associated with Defendant Zuckerberg's breach of contract, breach of duty of good faith and fair dealing, and fraud and Defendants' misappropriation of trade secrets, breach of fiduciary duty, unjust enrichment, and intentional interference with prospective business advantage;

 E. An Order directing Defendants to pay Plaintiff's attorneys' fees and costs associated with this action; and

 F. Other relief as the Court may deem appropriate.

Dated: September 2, 2004

Respectfully submitted,

_____
Lawrence R. Robins (BBO# 632610)
Jonathan M. Gelchinsky (BBO# 656282)
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Tel: (617) 452-1600
Fax: (617) 452-1666
larry.robins@finnegan.com
jon.gelchinsky@finnegan.com

**Of Counsel:**

John F. Hornick
Margaret A. Esquenet
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
1300 I Street, N.W.
Washington, D.C. 20005-3315
Tel: (202) 408-4000
Fax: (202) 408-4400

Attorneys for Plaintiff
ConnectU LLC