Scott R. Mosko (State Bar No. 106070)
scott.mosko@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California 94304
Telephone:   (650) 849-6600
Facsimile:   (650) 849-6666

Attorney for Defendant Pacific
Northwest Software, Inc.,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., and MARK ZUCKERBERG, <br><br>Plaintiffs, <br><br>v. <br><br>CONNECTU LLC, (now known as CONNECTU, INC.), CAMERON WINKLEVOSS, TYLER WINKLEVOSS, DIVYA NARENDRA, PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, WAYNE CHANG, DAVID GUCWA, and DOES 1-25, <br><br>Defendants. | CASE NO. C 07-01389 RS <br><br>**DEFENDANT PACIFIC NORTHWEST SOFTWARE, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Defendant Pacific Northwest Software, Inc. ("PNS"), by and through its attorneys, hereby answers Plaintiffs' Second Amended Complaint as follows:

### PARTIES, JURISDICTION, AND VENUE

1. PNS is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies them.

2. PNS is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2 and therefore denies them.

3. PNS is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3 and therefore denies them.

4. PNS is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 4 and therefore denies them.

5. PNS is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 5 and therefore denies them.

6. PNS is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 6 and therefore denies them.

7. PNS admits that it is incorporated in the state of Washington. PNS admits performing services and receiving payment from some entities whom it is informed and believes are or were located in California, including Chula Vista Elementary School District. PNS denies entering into conduct designed to harm Plaintiffs. PNS denies knowing Plaintiffs' location. PNS is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 7 and therefore denies them.

8. PNS denies that Winston Williams has been employed by PNS. PNS denies that Winston Williams's acts have harmed Plaintiffs. PNS is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 8 and therefore denies them.

9. PNS denies that it currently employs Wayne Chang. PNS is informed and believes Mr. Chang is located in Massachusetts. PNS denies the balance of the allegations in Paragraph 9 of the Second Amended Complaint.

10. PNS is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 10 and therefore denies them.

11. PNS denies the allegations of Paragraph 11.

12. PNS denies the allegations of Paragraph 12.

## GENERAL ALLEGATIONS

**A. Mark Zuckerberg**

13. PNS is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies them.

**B. Facebook**

14. PNS denies that it was aware that www.facebook.com operated from California during all relevant times outlined in the Second Amended Complaint. PNS is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 14 and therefore denies them.

15. PNS is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies them.

16. PNS denies the allegations of Paragraph 16.

17. PNS is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 17 and therefore denies them.

18. PNS is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies them.

19. PNS is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies them.

20. PNS is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies them.

21. PNS is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies them.

22. PNS is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 22 as they concern Cameron and Tyler Winklevoss, Divya Narendra,

Wayne Change, or David Gucwa and therefore denies them. To the extent the remaining allegations in Paragraph 22 are directed toward PNS, PNS denies them.

23. PNS is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 23 as they concern Cameron and Tyler Winklevoss, Divya Narendra, Wayne Chang, or David Gucwa, and therefore denies them. To the extent the remaining allegations in Paragraph 23 are directed toward PNS, PNS denies them.

**B[sic]. Unauthorized Access, Misappropriation, and Commercial Use by Defendants**

24. PNS is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies them.

25. PNS is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies them.

26. PNS is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 26 as they concern ConnectU, its "founders", David Gucwa, or Wayne Change, and therefore denies them. To the extent the remaining allegations in Paragraph 26 are directed toward PNS, PNS denies them.

27. PNS is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies them.

28. PNS denies that it was engaged to develop a computer program by Cameron Winklevoss or Tyler Winklevoss. PNS admits working with Wayne Change, David Gucwa and Winston Williams which eventually lead to a computer program concerning www.thefacebook.com. To the extent the remaining allegations in Paragraph 28 are directed toward PNS, PNS denies them.

29. PNS is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 29 and therefore denies them.

30. To the extent any of the allegations in Paragraph 30 are directed toward PNS, PNS denies them.

31. To the extent any of the allegations in Paragraph 31 are directed toward PNS, PNS denies them.

32. PNS admits to being advised that Chang's account had been suspended. PNS denies the balance of the allegations in Paragraph 32 of the Second Amended Complaint.

33. To the extent any of the allegations in Paragraph 33 are directed toward PNS, PNS denies them.

34. To the extent any of the allegations in Paragraph 34 are directed toward PNS, PNS denies them.

35. To the extent any of the allegations in Paragraph 35 are directed toward PNS, PNS denies them.

36. To the extent any of the allegations in Paragraph 36 are directed toward PNS, PNS denies them.

37. To the extent any of the allegations in Paragraph 37 are directed toward PNS, PNS denies them.

38. To the extent any of the allegations in Paragraph 38 are directed toward PNS, PNS denies them.

39. PNS denies the allegations of Paragraph 39.

40. PNS denies the allegations of Paragraph 40.

41. PNS denies the allegations of Paragraph 41.

42. PNS denies the allegations of Paragraph 42.

43. PNS denies the allegations of Paragraph 43.

44. PNS denies the allegations of Paragraph 44.

45. PNS denies the allegations of Paragraph 45.

## FIRST CAUSE OF ACTION
(Violation of California Penal Code § 502(c) - Against All Defendants)

46. PNS incorporates by this reference its answers to Paragraphs 1 through 45 above.

47. PNS denies the allegations of Paragraph 47.

48. PNS denies the allegations of Paragraph 48.

49. PNS denies the allegations of Paragraph 49.

50. PNS denies the allegations of Paragraph 50.

51. PNS denies the allegations of Paragraph 51.

## SECOND CAUSE OF ACTION
### (Common Law Misappropriation/Unfair Competition under Massachusetts and California Law - Against All Defendants)

52. PNS incorporates by this reference its answers to Paragraphs 1 through 51 above.

53. PNS is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 53 and therefore denies them.

54. PNS denies the allegations of Paragraph 54.

55. PNS denies the allegations of Paragraph 55.

56. PNS denies the allegations of Paragraph 56.

## THIRD CAUSE OF ACTION
### (Violation of Massachusetts General Laws 93A § 2 - Against All Defendants)

57. PNS incorporates by this reference its answers to Paragraphs 1 through 56 above.

58. PNS denies the allegations of Paragraph 58.

59. PNS denies the allegations of Paragraph 59.

60. PNS denies the allegations of Paragraph 60.

## FOURTH CAUSE OF ACTION
### (Violation of 15 U.S.C. §§ 7704(a)(1),(2),(3) and 7705 - Against All Defendants)

61. PNS incorporates by this reference its answers to Paragraphs 1 through 60 above.

62. PNS denies the allegations of Paragraph 62.

63. PNS denies the allegations of Paragraph 63.

64. PNS denies the allegations of Paragraph 64.

65. PNS is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 65 and therefore denies them.

66. The allegations of Paragraph 66 are vague and unintelligible. To the extent a response is required, PNS denies the allegations of Paragraph 66.

67. PNS is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 67 and therefore denies them.

68. PNS denies the allegations of Paragraph 68.

## FIFTH CAUSE OF ACTION
### (Violation of 18 U.S.C. § 1030 - Against All Defendants)

69. PNS incorporates by this reference its answers to Paragraphs 1 through 68 above.

70. PNS denies the allegations of Paragraph 70.

71. PNS denies the allegations of Paragraph 71.

72. PNS denies the allegations of Paragraph 72.

73. PNS denies the allegations of Paragraph 73.

74. PNS denies the allegations of Paragraph 74.

75. PNS denies the allegations of Paragraph 75.

## PRAYER FOR RELIEF

PNS denies that the Plaintiffs are entitled to any of the relief prayed for in the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following is not already at issue by way of the foregoing denials, and without prejudice to PNS's right to plead additional affirmative defenses as discovery into the facts of the matter warrants, PNS hereby asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

76. Plaintiffs' Second Amended Complaint is barred in whole or in part by the applicable statutes of limitations, including but not limited to, Section 1030(g) of Title 18 of the United States Code.

### SECOND AFFIRMATIVE DEFENSE

77. Plaintiffs were at fault in and about the matters referred to in the Second Amended Complaint and such fault on the part of the Plaintiffs proximately caused and contributed to the damages complained of, if any there were; and PNS further alleges that any fault not attributable to said Plaintiffs was a result of fault on the part of persons and/or entities other than PNS.

### THIRD AFFIRMATIVE DEFENSE

78. Plaintiffs have failed and neglected to use reasonable care to minimize and mitigate the losses, injury and damage complained of, if any there were.

### FOURTH AFFIRMATIVE DEFENSE

79. Plaintiffs' Second Amended Complaint is barred in whole or in part by the doctrine of equitable estoppel.

### FIFTH AFFIRMATIVE DEFENSE

80. Plaintiffs' Second Amended Complaint is barred in whole or in part by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

81. Plaintiffs' Second Amended Complaint is barred in whole or in part because this Court lacks personal jurisdiction over one or all of the Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

82. Plaintiffs are barred by virtue of Plaintiffs' conduct in causing the damages alleged by Plaintiffs under the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

83. Plaintiffs' damages, if any occurred, were caused and/or brought by intervening and superseding causes, and were not caused by PNS.

### NINTH AFFIRMATIVE DEFENSE

84. Plaintiffs have no standing to sue as they were not the owner of the property alleged to have been appropriated.

### TENTH AFFIRMATIVE DEFENSE

85. Plaintiffs' Second Amended Complaint, in whole or in part, fails to state a cause of action as there is no privity between the parties.

### ELEVENTH AFFIRMATIVE DEFENSE

86. Plaintiffs' Second Amended Complaint is barred in whole or in part by the doctrine of in pari delicto.

**TWELFTH AFFIRMATIVE DEFENSE**

87. Plaintiffs' Second Amended Complaint, in whole or in part, does not state facts sufficient to constitute a cause of action against PNS.

**THIRTEENTH AFFIRMATIVE DEFENSE**

88. Plaintiffs' Third Cause of Action is barred because the conduct alleged in Plaintiffs' Second Amended Complaint did not occur primarily and substantially in Massachusetts.

WHEREFORE, PNS prays for judgment against the Plaintiffs as follows:

(1) that the Plaintiffs take nothing from their Second Amended Complaint;

(2) that this Court dismiss the Plaintiffs' Second Amended Complaint with prejudice;

(3) that this Court award PNS its costs and reasonable attorney's fees incurred in defending against this action;

(4) for such other and further relief as the Court deems proper.

Dated: September 5, 2007

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.


By: /s/
Scott R. Mosko
Attorneys for Defendant
Pacific Northwest Software, Inc.