1  Scott R. Mosko (State Bar No. 106070)
   scott.mosko@finnegan.com
2  FINNEGAN, HENDERSON, FARABOW,
     GARRETT & DUNNER, L.L.P.
3  Stanford Research Park
   3300 Hillview Avenue
4  Palo Alto, California 94304
   Telephone:   (650) 849-6600
5  Facsimile:   (650) 849-6666

6  Attorneys for Defendant Wayne Chang

7
8
9             UNITED STATES DISTRICT COURT
10            NORTHERN DISTRICT OF CALIFORNIA
11                  SAN JOSE DIVISION

12 | FACEBOOK, INC., and MARK ZUCKERBERG, | CASE NO. C 07-01389 RS
13 | Plaintiffs, | **DEFENDANT WAYNE CHANG'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**
14 | v. |
15 | CONNECTU LLC, (now known as CONNECTU, INC.), CAMERON WINKLEVOSS, TYLER WINKLEVOSS, DIVYA NARENDRA, PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, WAYNE CHANG, DAVID GUCWA, and DOES 1-25, |
16 | |
17 | |
18 | Defendants. |

Defendant Wayne Chang ("Chang"), by and through his attorneys, hereby answers Plaintiffs' Second Amended Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1. CHANG is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies them.

2. CHANG is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2 and therefore denies them.

3. CHANG is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3 and therefore denies them.

4. CHANG is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 4 and therefore denies them.

5. CHANG is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 5 and therefore denies them.

6. CHANG is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 6 and therefore denies them.

7. CHANG is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 7 and therefore denies them.

8. CHANG is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 8 and therefore denies them.

9. CHANG admits he is a citizen of the state of Massachusetts. CHANG denies the balance of the allegations of Paragraph 9 in the Second Amended Complaint.

10. CHANG is without sufficient knowledge or information to form a belief as to the truth of the allegation that David Gucwa is a citizen of Massachusetts. CHANG denies the balance of the allegations in Paragraph 10 in the Second Amended Complaint.

11. CHANG denies the allegations of Paragraph 11.

12. CHANG denies the allegations of Paragraph 12.

# GENERAL ALLEGATIONS

## A. Mark Zuckerberg

13. CHANG is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies them.

## B. Facebook

14. CHANG denies that he was aware that www.facebook.com operated from California during all relevant times outlined in the Second Amended Complaint. CHANG is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 14 and therefore denies them.

15. CHANG is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies them.

16. CHANG denies the allegations of Paragraph 16.

17. CHANG is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 17 and therefore denies them.

18. CHANG is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies them.

19. CHANG is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies them.

20. CHANG is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies them.

21. CHANG is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies them.

22. CHANG is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 22 as they concern Cameron and Tyler Winklevoss, Divya Narendra, Winston Williams, or David Gucwa, and therefore denies them. To the extent the remaining allegations in Paragraph 22 are directed toward CHANG, CHANG denies them.

23. CHANG is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 23 as they concern Cameron and Tyler Winklevoss, Divya

1  Narendra, or David Gucwa, and therefore denies them. To the extent the remaining allegations in
2  Paragraph 23 are directed toward CHANG, CHANG denies them.

3  **B[sic]. Unauthorized Access, Misappropriation, and Commercial Use by Defendants**

4  24.  CHANG is without sufficient knowledge or information to form a belief as to the
5  truth of the allegations of Paragraph 24 and therefore denies them.

6  25.  CHANG is without sufficient knowledge or information to form a belief as to the
7  truth of the allegations of Paragraph 25 and therefore denies them.

8  26.  CHANG is without sufficient knowledge or information to form a belief as to the
9  truth of the allegations of Paragraph 26 as they concern ConnectU, its "founders", Pacific
10 Northwest Software, Inc., Winston Williams, or David Gucwa, and therefore denies them. To the
11 extent the remaining allegations in Paragraph 26 are directed toward CHANG, CHANG denies
12 them.

13 27.  CHANG is without sufficient knowledge or information to form a belief as to the
14 truth of the allegations of Paragraph 27 and therefore denies them.

15 28.  CHANG denies that he was engaged to develop a computer program by Cameron
16 Winklevoss or Tyler Winklevoss. CHANG admits working with Pacific Northwest Software, Inc.,
17 David Gucwa and Winston Williams which eventually lead to a computer program concerning
18 www.thefacebook.com. To the extent the remaining allegations in Paragraph 28 are directed
19 toward CHANG, CHANG denies them.

20 29.  CHANG admits to providing David Gucwa information allowing access to
21 www.thefacebook.com that was provided by others. CHANG admits to using the phrase "cat and
22 mouse" in correspondence with David Gucwa. CHANG further admits to writing that Facebook
23 was "run by a techie." CHANG admits that David Gucwa assisted in writing a computer program
24 concerning www.thefacebook.com. CHANG is without sufficient knowledge or information to
25 form a belief as to the truth of the balance of the allegations of Paragraph 29 and therefore denies
26 them.

27 30.  To the extent any of the allegations in Paragraph 30 are directed toward CHANG,
28 CHANG denies them.

1  31. To the extent any of the allegations in Paragraph 31 are directed toward CHANG, CHANG denies them.

2  32. CHANG admits to receiving notice that his account had been suspended. CHANG denies the balance of the allegations in Paragraph 32 of the Second Amended Complaint.

3  33. To the extent any of the allegations in Paragraph 33 are directed toward CHANG, CHANG denies them.

4  34. To the extent any of the allegations in Paragraph 34 are directed toward CHANG, CHANG denies them.

5  35. To the extent any of the allegations in Paragraph 35 are directed toward CHANG, CHANG denies them.

6  36. To the extent any of the allegations in Paragraph 36 are directed toward CHANG, CHANG denies them.

7  37. To the extent any of the allegations in Paragraph 37 are directed toward CHANG, CHANG denies them.

8  38. To the extent any of the allegations in Paragraph 38 are directed toward CHANG, CHANG denies them.

9  39. CHANG denies the allegations of Paragraph 39.

10  40. CHANG denies the allegations of Paragraph 40.

11  41. CHANG denies the allegations of Paragraph 41.

12  42. CHANG denies the allegations of Paragraph 42.

13  43. CHANG denies the allegations of Paragraph 43.

14  44. CHANG denies the allegations of Paragraph 44.

15  45. CHANG denies the allegations of Paragraph 45.

## FIRST CAUSE OF ACTION
### (Violation of California Penal Code § 502(c) - Against All Defendants)

46. CHANG incorporates by this reference his answers to Paragraphs 1 through 45 above.

47. CHANG denies the allegations of Paragraph 47.

48. CHANG denies the allegations of Paragraph 48.

49. CHANG denies the allegations of Paragraph 49.

50. CHANG denies the allegations of Paragraph 50.

51. CHANG denies the allegations of Paragraph 51.

## SECOND CAUSE OF ACTION
### (Common Law Misappropriation/Unfair Competition under Massachusetts and California Law - Against All Defendants)

52. CHANG incorporates by this reference his answers to Paragraphs 1 through 51 above.

53. CHANG is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 53 and therefore denies them.

54. CHANG denies the allegations of Paragraph 54.

55. CHANG denies the allegations of Paragraph 55.

56. CHANG denies the allegations of Paragraph 56.

## THIRD CAUSE OF ACTION
### (Violation of Massachusetts General Laws 93A § 2 - Against All Defendants)

57. CHANG incorporates by this reference his answers to Paragraphs 1 through 56 above.

58. CHANG denies the allegations of Paragraph 58.

59. CHANG denies the allegations of Paragraph 59.

60. CHANG denies the allegations of Paragraph 60.

## FOURTH CAUSE OF ACTION
### (Violation of 15 U.S.C. §§ 7704(a)(1),(2),(3) and 7705 - Against All Defendants)

61. CHANG incorporates by this reference his answers to Paragraphs 1 through 60 above.

62. CHANG denies the allegations of Paragraph 62.

63. CHANG denies the allegations of Paragraph 63.

64. CHANG denies the allegations of Paragraph 64.

65. CHANG is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 65 and therefore denies them.

66. The allegations of Paragraph 66 are vague and unintelligible. To the extent a response is required, CHANG denies the allegations of Paragraph 66.

67. CHANG is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 67 and therefore denies them.

68. CHANG denies the allegations of Paragraph 68.

## FIFTH CAUSE OF ACTION
### (Violation of 18 U.S.C. § 1030 - Against All Defendants)

69. CHANG incorporates by this reference his answers to Paragraphs 1 through 68 above.

70. CHANG denies the allegations of Paragraph 70.

71. CHANG denies the allegations of Paragraph 71.

72. CHANG denies the allegations of Paragraph 72.

73. CHANG denies the allegations of Paragraph 73.

74. CHANG denies the allegations of Paragraph 74.

75. CHANG denies the allegations of Paragraph 75.

## PRAYER FOR RELIEF

CHANG denies that the Plaintiffs are entitled to any of the relief prayed for in the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following is not already at issue by way of the foregoing denials, and without prejudice to CHANG's right to plead additional affirmative defenses as discovery into the facts of the matter warrants, CHANG hereby asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

76. Plaintiffs' Second Amended Complaint is barred in whole or in part by the applicable statutes of limitations, including but not limited to, Section 1030(g) of Title 18 of the United States Code.

### SECOND AFFIRMATIVE DEFENSE

77. Plaintiffs were at fault in and about the matters referred to in the Second Amended Complaint and such fault on the part of the Plaintiffs proximately caused and contributed to the damages complained of, if any there were; and CHANG further alleges that any fault not attributable to said Plaintiffs was a result of fault on the part of persons and/or entities other than CHANG.

### THIRD AFFIRMATIVE DEFENSE

78. Plaintiffs have failed and neglected to use reasonable care to minimize and mitigate the losses, injury and damage complained of, if any there were.

### FOURTH AFFIRMATIVE DEFENSE

79. Plaintiffs' Second Amended Complaint is barred in whole or in part by the doctrine of equitable estoppel.

### FIFTH AFFIRMATIVE DEFENSE

80. Plaintiffs' Second Amended Complaint is barred in whole or in part by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

81. Plaintiffs' Second Amended Complaint is barred in whole or in part because this Court lacks personal jurisdiction over one or all of the Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

82. Plaintiffs are barred by virtue of Plaintiffs' conduct in causing the damages alleged by Plaintiffs under the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

83. Plaintiffs' damages, if any occurred, were caused and/or brought by intervening and superseding causes, and were not caused by CHANG.

**NINTH AFFIRMATIVE DEFENSE**

84. Plaintiffs have no standing to sue as they were not the owner of the property alleged to have been appropriated.

**TENTH AFFIRMATIVE DEFENSE**

85. Plaintiffs' Second Amended Complaint, in whole or in part, fails to state a cause of action as there is no privity between the parties.

**ELEVENTH AFFIRMATIVE DEFENSE**

86. Plaintiffs' Second Amended Complaint is barred in whole or in part by the doctrine of in pari delicto.

**TWELFTH AFFIRMATIVE DEFENSE**

87. Plaintiffs' Second Amended Complaint, in whole or in part, does not state facts sufficient to constitute a cause of action against CHANG.

**THIRTEENTH AFFIRMATIVE DEFENSE**

88. Plaintiffs' Third Cause of Action is barred because the conduct alleged in Plaintiffs' Second Amended Complaint did not occur primarily and substantially in Massachusetts.

WHEREFORE, CHANG prays for judgment against the Plaintiffs as follows:

(1) that the Plaintiffs take nothing from their Second Amended Complaint;

(2) that this Court dismiss the Plaintiffs' Second Amended Complaint with prejudice;

(3) that this Court award CHANG his costs and reasonable attorney's fees incurred in defending against this action;

(4)   for such other and further relief as the Court deems proper.

Dated: September 5, 2007

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.

By:      /s/
Scott R. Mosko
Attorneys for Defendant Wayne Chang