| 1 | MEREDITH N. LANDY (S.B. #136489) |
| 2 | AMY J. LONGO (S.B. #198304) |
|   | CHRISTINE E. CWIERTNY (S.B. #222098) |
| 3 | O'MELVENY & MYERS LLP |
|   | 2765 Sand Hill Road |
| 4 | Menlo Park, California 94025 |
|   | Telephone: (650) 473-2600 |
| 5 | Facsimile: (650) 473-2601 |
| 6 | Attorneys for Defendants |
|   | ESS Technology, Inc., Robert L. Blair, Patrick Ang, |
| 7 | Frederick S. L. Chan, and James B. Boyd |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| In re ESS TECHNOLOGY, INC. SECURITIES LITIGATION | Master File No. C-02-4497-RMW |
|---|---|
| | **CLASS ACTION** |
| This Document Relates To: | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT AND MOTION TO STRIKE PORTIONS THEREOF** |
| ALL ACTIONS. | |
| | Hearing Date: March 19, 2004 |
| | Time: 9:00 a.m. |
| | Place: Courtroom of the Honorable Ronald M. Whyte |

## I. INTRODUCTION

Pursuant to Federal Rule of Evidence 201, defendants ESS Technology, Inc. ("ESST"), Robert L. Blair, Patick Ang, Frederick S. L. Chan and James B. Boyd (collectively "defendants"), respectfully request that this Court take judicial notice of each of the following documents attached as exhibits hereto:

- A. ESST press release dated January 23, 2002;
- B. ESST's Final Prospectus dated February, 2002;
- C. ESST press release dated February 28, 2002;
- D. ESST press release dated March 27, 2002;
- E. ESST's filing on Form 10K dated March 27, 2002;
- F. ESST press release dated April 24, 2002;
- G. ESST earnings conference call transcript dated April 24, 2002;
- H. ESST press release dated May 13, 2002;
- I. ESST's filing on Form 10Q dated May 14, 2002;
- J. ESST press release dated June 18, 2002;
- K. ESST press release dated June 24, 2002;
- L. ESST press release dated July 24, 2002;
- M. ESST earnings conference call transcript dated July 24, 2002;
- N. Bloomberg News article dated August 5, 2002;
- O. Barron's News article dated August 5, 2002;
- P. ESST press release dated September 12, 2002;
- Q. ESST press release dated October 23, 2002;
- R. ESST conference call transcript dated October 23, 2002;
- S. ESST press release dated January 29, 2003;
- T. ESST press release dated June 12, 2003;
- U. Robert L. Blair's filings on Forms 4 for the January 2002 and March 2002 time periods;
- V. James B. Boyd's filing on Form 4 for the March 2002 time period;

|   |   |   |
|---|---|---|
| 1 | W. | MediaTek second quarter report dated August 14, 2002 and MediaTek 2002 annual report; |
| 2 | | |
| 3 | X. | ESST's Daily Stock price chart for the period January 1, 2002 through September 12, 2002; |
| 4 | | |
| 5 | Y. | Order Granting Motion to Dismiss dated October 3, 2003; |
| 6 | Z. | Complaints filed in *ESST v. MediaTek* on September 27, 2002 and February 10, 2003; and |
| 7 | | |
| 8 | AA. | Stipulation and Request for Dismissal and Order dated June 19, 2003. |

## II. ARGUMENT

It is well-established that SEC filings, attached as Exhibits B, E, I and U through V, are proper subjects for judicial notice on a motion to dismiss.[1] *See, e.g.*, *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (in ruling on a motion to dismiss, a court may consider documents referenced in the complaint which have filed with the SEC); *Ronconi v. Larkin*, No. C-097-1319-CAL, 1998 WL 230987, at *1 (N.D. Cal. May 1, 1998), *aff'd*, 253 F.3d 423 (9th Cir. 2001) (court may take judicial notice of documents filed with the SEC); *In re Gupta Corp. Sec. Litig.*, 900 F. Supp. 1217, 1228 (N.D. Cal. 1994) (same); *Kramer v. Time Warner*, 937 F.2d 767, 774 (2d Cir. 1991) (documents filed with the SEC are proper subjects for judicial notice because, among other things, "the documents are required by law to be filed with the SEC, and no serious question as to their authenticity can exist"); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277-278 (11th Cir. 1999) (same).

Judicial notice is also proper for the press releases, news articles, and earnings conference call transcripts attached as Exhibits A, C, D, F, G, H, and J through T because these documents were referenced, quoted, and/or relied upon in the Lead Plaintiff Steve Bardack's Second Amended Complaint for Violations of the Federal Securities Laws ("SAC"). SAC ¶¶ 19,

---

[1] The same rationale that permits courts to take judicial notice of issuers' SEC filings applies to Exhibit W, which consists of two periodic reports required to be filed by MediaTek with the Taiwan Securities and Futures Exchange Commission, as a condition of its listing on the Taiwanese Stock Exchange. *See* Order No. 91, Taiwan-Finance-Securities VI-002924, Taiwan Securities and Futures Commission, Ministry of Finance (May 13, 2002) (describing breakdown of required information for Taiwanese public companies in periodic financial reports).

| | |
|---|---|
| 1 | 21-23, 25-30; *see Silicon Graphics*, 183 F.3d at 986; *see also Ronconi*, 1998 WL 230987, at *1 |
| 2 | (court may take judicial notice of "the full text of documents cited by plaintiffs in their |
| 3 | complaint"); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (documents |
| 4 | whose contents are alleged in the complaint may be considered on a motion to dismiss); *Allison v.* |
| 5 | *Brooktree Corp.*, 999 F. Supp. 1342, 1347 (S.D. Cal. 1998) ("court may consider[] documents to |
| 6 | which the plaintiff refers in the complaint which are not attached to the complaint"); *In re* |
| 7 | *Westinghouse Sec. Litig.*, 90 F.3d 696, 707 (3d Cir. 1996) ("[b]ecause plaintiffs' claims are based |
| 8 | upon these documents, they were properly considered as part of defendants' motions to dismiss") |
| 9 | (citations omitted); *Pension Benefit Guar. Corp. v. White Consol. Ind., Inc.*, 998 F.2d 1192, 1196 |
| 10 | (3d Cir. 1993) ("a court may consider an undisputedly authentic document that a defendant |
| 11 | attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document") |
| 12 | (citations omitted); *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998) (taking judicial |
| 13 | notice of press releases and news articles); *In re Guess?, Inc. Sec. Litig.*, 174 F. Supp. 2d 1067, |
| 14 | 1068 n.1 (C.D. Cal. 2001) ("SEC filings, stock prices and news articles may be considered under |
| 15 | a motion to dismiss"); *In re ATI Tech., Inc., Sec. Litig.*, 216 F. Supp. 2d 418, 431 (E.D. Penn. |
| 16 | 2002) (court considered transcripts of a conference call to glean the context of what defendants |
| 17 | allegedly said); *In re Ashanti Goldfield Sec. Litig.*, 184 F. Supp. 2d 247, 263 n.15 (E.D.N.Y. |
| 18 | 2002); *In re Nike, Inc. Sec. Litig.*, 181 F. Supp. 2d 1160, 1168 (D. Ore. 2002) (taking judicial |
| 19 | notice of a transcript when defendants claimed that plaintiffs' complaint inaccurately depicted |
| 20 | statements from conference call); *In re Milestone Sec. Litig.*, 103 F. Supp. 2d 425, 450 (D.N.J. |
| 21 | 2000) (considering a conference call transcript on a motion to dismiss). The PSLRA, moreover, |
| 22 | requires the court to consider any cautionary statement that is no subject to material dispute to |
| 23 | determine whether forward-looking statements are protected. 15 U.S.C. § 78u-5(e); s*ee Wenger*, |
| 24 | 2 F. Supp. 2d 1231, 1242 (N.D. Cal. 1998). |
| 25 |       It is appropriate to take judicial notice of stock prices, attached as Exhibit X, on a |
| 26 | motion to dismiss. *See, e.g., In re Foundry Networks, Inc. Sec. Litig.*, No. C 00-4823 MMC, |
| 27 | 2003 WL 22077729 (N.D. Cal. Aug. 29, 2003). |
| 28 |       Finally, Exhibit Y, the Order Granting Defendants' Motion to Dismiss First |

Amended Complaint, Exhibit Z, the *MedaiTek* complaints and Exhibit AA, the Stipulated Request for Dismissal and Order entered in the *ESS Technology, Inc. v. MediaTek, Inc.* matter are appropriate for judicial notice as a public record. *See Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of complaint filed in another action as a public record); *5-Star Management, Inc. v. Rogers*, 940 F. Supp. 512, 518 (E.D.N.Y. 1996); *Silicon Graphics*, 183 F.3d at 984 n.13.

### III. CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court take judicial notice of the document attached hereto.

Dated: December 18, 2003

MEREDITH N. LANDY
AMY J. LONGO
CHRISTINE E. CWIERTNY
O'MELVENY & MYERS LLP


By /s/Meredith N. Landy
  Meredith N. Landy
Attorneys for Defendants
ESS Technology, Inc., Robert L. Blair, Patrick Ang, Frederick S. L. Chan, and James B. Boyd

MP1:938242.1