MORTIMER H. HARTWELL (State Bar No. 154556)
DIANE L. WEBB (State Bar No. 197851)
WILLIAM W. FRIEDMAN (State Bar No. 215185)
MORGAN, LEWIS & BOCKIUS LLP
One Market - Spear Street Tower
San Francisco, CA 94105-1126
Tel:    (415) 442-1000
Fax:    (415) 442-1001

CHRISTOPHER HO (State Bar No. 129845)
THE LEGAL AID SOCIETY – EMPLOYMENT
LAW CENTER
600 Harrison Street, Suite 120
San Francisco, CA 94107-1387
Tel:    (415) 864-8848
Fax:    (415) 864-8199

MARIELENA HINCAPIÉ (State Bar No. 188199)
NATIONAL IMMIGRATION LAW CENTER
405 14th Street, Suite 1400
Oakland, CA 94612
Tel:    (510) 663-8282
Fax:    (510) 663-2028

Attorneys for Plaintiff MAKHAN SINGH

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKHAN SINGH, a.k.a. MACAN SINGH,<br><br>Plaintiff,<br><br>vs.<br><br>C.D.& R's OIL, INC., a California corporation; CHARANJIT JUTLA, a.k.a. CHARANJIT JUTLA SINGH, as an individual, president, and shareholder; and DAVINDER JUTLA, as an individual, vice-president, secretary, and shareholder,<br><br>Defendants. | Case No. C 02-1130 CRB (EMC)<br><br>**[*REVISED* PROPOSED] POST-TRIAL ORDER GRANTING PLAINTIFF MAKHAN SINGH'S PRAYER FOR INJUNCTIVE RELIEF AGAINST DEFENDANTS C.D. & R'S OIL, INC., CHARANJIT JUTLA, a.k.a. CHARANJIT JUTLA SINGH, AND DAVINDER JUTLA**<br><br>[Hon. Charles R. Breyer] |

The jury in this matter having determined that Defendants C.D. & R'S OIL, INC.,

CHARANJIT JUTLA, a.k.a. CHARANJIT JUTLA SINGH, and DAVINDER JUTLA unlawfully

retaliated against Plaintiff MAKHAN SINGH, a.k.a. MACAN SINGH, because he asserted wage

and hour rights protected by the Fair Labor Standards Act and the California Labor Code, and

Dockets.Justia.com

1

2

also that the aforementioned defendants intentionally and negligently inflicted emotional distress
upon Plaintiff,

Good cause appearing therefor, and based *inter alia* upon the jury's factual determination
that Defendants unlawfully retaliated against Plaintiff in violation of the Fair Labor Standards Act
and the California Labor Code, IT IS HEREBY ORDERED that plaintiff's prayer for injunctive
relief is GRANTED.

IT IS FURTHER ORDERED that Defendants C.D. & R's Oil, Inc., Charanjit Jutla, a.k.a.
Charanjit Jutla Singh, and Davinder Jutla, and their agents, employees, assigns, heirs, and
attorneys (collectively, "Defendants"), are PERMANENTLY ENJOINED as follows:

 1. Defendants are enjoined from retaliating against Plaintiff based in whole or in any
part upon Plaintiff's initiation of this action, or of any other legal or administrative proceeding or
assertion of rights, against Defendants.

 2. Defendants are additionally enjoined from attempting in any manner to initiate or
cause to be initiated any action by any governmental entity, whether Federal, State, local, or
otherwise, with respect to Plaintiff;

 3. Defendants are additionally specifically enjoined, without limitation, from
attempting in any manner to make inquiries, offer information, or to initiate or cause to be
initiated any action with respect to Plaintiff's immigration status, or to any immigration
proceedings in which Plaintiff may be involved before the U.S. Department of Homeland
Security and its agencies, including without limitation the successor agencies to the U.S.
Immigration and Naturalization Service ("INS"), *e.g.,* the Bureau of Immigration and Customs
Enforcement;

 4. Defendants are additionally enjoined from contacting (directly or indirectly),
molesting, harassing, attacking, striking, threatening, assaulting, battering, telephoning, sending
any messages to, following, stalking, destroying the personal property of, disturbing the peace of,
or keeping under any type of surveillance, Plaintiff;

1

2

3       5.      Defendants are additionally enjoined to stay at least 500 yards away from Plaintiff,

4 his residence, places of work, and/or vehicles; and

5       6.      Defendants are additionally enjoined from utilizing or causing to be utilized any

6 governmental or private entities for the purposes of causing any of the above actions to be taken

7 as to Plaintiff.

8       7.      For purposes of the above injunctions, "Plaintiff" refers to Plaintiff MAKHAN

9 SINGH and those persons who are related to him by blood or marriage, including without

10 limitation his mother, SUJIT KAUR, and her immediate relatives[1]; his cousin, KARANJIT

11 SINGH, and his immediate relatives, and his uncle, MOHINDER SINGH, and his immediate

12 relatives.

13       Upon presentation to the Court (whether *ex parte* or upon motion) of any evidence that

14 Defendants, or any of them, have in any manner violated any of the injunctions set forth herein,

15 the Court shall in its discretion conduct a hearing to determine whether those defendants shall be

16 found to be in contempt of this Order. Should the Court find by a preponderance of the evidence

17 that Defendants, or any of them, have violated any of the injunctions set forth herein, the Court

18 shall impose upon those defendants any and all appropriate contempt sanctions available to it,

19 including without limitation monetary fines, additional and further injunctive remedies,

20 imprisonment, and/or referral of those matters to the relevant law enforcement or other agencies.

21 Plaintiff shall recover his reasonable attorneys' fees and costs for any proceedings in which such

22 violations of the above injunctions have been determined to have occurred.

23

24       **IT IS SO ORDERED.**

25

26

27 ───────────────────

[1]      "Immediate relatives" includes children, spouses, common-law spouses, and parents.

28

Dated: _____          _____
                                              CHARLES R. BREYER
                                              UNITED STATES DISTRICT JUDGE

**[PROPOSED] ORDER GRANTING PLAINTIFF MAKHAN SINGH'S**
**PRAYER FOR INJUNCTIVE RELIEF** Case No. C 02-1139 CRB (EMC)