1  PAUL E.B. GLAD (State Bar No. 79045)
   CHERYL DYER BERG (State Bar No. 168091)
2  JENNIFER BUNSHOFT (State Bar No. 197306)
   SONNENSCHEIN NATH & ROSENTHAL LLP
3  685 Market Street, 6th Floor
   San Francisco, CA 94105
4  Telephone: (415) 882-5000
   Facsimile:  (415) 543-5472
5
   Attorneys for Defendant
6  FIREMAN'S FUND INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE J. BURGER, an individual; EUGENE BURGER MANAGEMENT CORPORATION, a California corporation; EUGENE BURGER MANAGEMENT CORPORATION, a Nevada corporation; AND EUGENE BURGER MANAGEMENT CORPORATION, a Texas corporation, in their corporate capacities; and other named plaintiffs as listed in Appendix A to Plaintiffs' Fifth Amended Complaint,<br><br>    Plaintiffs,<br><br>vs.<br><br>MICHAEL B. KUIMELIS, individually and dba MBK INSURANCE SERVICES; MBK INSURANCE SERVICES; KATIE LUCEY (also known as KATIE O'LEARY); ACORDIA LLOYD INSURANCE SERVICES; THE TRAVELERS INSURANCE COMPANIES; THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS; THE TRAVELERS LLOYDS COMPANY; and FIREMAN'S FUND INSURANCE COMPANY,<br><br>    Defendants. | No. C02-2309 VRW<br><br>DEFENDANT FIREMAN'S FUND INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' FIFTH AMENDED COMPLAINT |

Defendant Fireman's Fund Insurance Company ("Fireman's Fund") hereby answers Plaintiffs' Fifth Amended Complaint ("Complaint") as follows. Fireman's Fund reserves the right to amend this Answer in the future after conducting additional investigation and discovery to determine why Plaintiffs filed this action.

Each paragraph below corresponds with the paragraph of the Complaint bearing the same number:

## **INTRODUCTION**

1. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1, and denies them on that basis.

2. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2, and denies them on that basis.

3. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3, and denies them on that basis.

4. Fireman's Fund denies that MBK Insurance Services, Michael B. Kuimelis, and Katie O'Leary were its agents and denies that the alleged illegal acts of MBK Insurance Services, Mr. Kuimelis and Ms. O'Leary were within the scope and authority of any alleged agency for Fireman's Fund. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 4, and denies them on that basis.

5. Fireman's Fund denies that Plaintiffs have suffered damages as a proximate result of the acts and conduct of Fireman's Fund. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 5, and denies them on that basis.

6. Fireman's Fund admits that Plaintiffs obtained the Fireman's Fund insurance policies described in paragraph 26 of Plaintiffs' Complaint through MBK Insurance Services. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 6, and denies them on that basis.

7. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7, and denies them on that basis.

8. Fireman's Fund admits that Plaintiffs obtained the Fireman's Fund insurance policies described in paragraph 26 of Plaintiffs' Complaint through MBK Insurance Services. Fireman's Fund specifically denies that MBK Insurance Services, Mr. Kuimelis, and Ms. O'Leary were its agents and denies that the alleged illegal acts of Mr. Kuimelis and Ms. O'Leary were within the scope and authority of any alleged agency for Fireman's Fund. Fireman's Fund also denies that Plaintiffs have suffered damages as a proximate result of the acts and conduct of Fireman's Fund. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 8, and denies them on that basis.

## JURISDICTION AND VENUE

9. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9, and denies them on that basis.

## THE PARTIES

10. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10, and denies them on that basis.

11. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11, and denies them on that basis.

12. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12, and denies them on that basis.

13. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13, and denies them on that basis.

14. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14, and denies them on that basis.

15. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15, and denies them on that basis.

16. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16, and denies them on that basis.

SONNENSCHEIN NATH & ROSENTHAL LLP
685 MARKET STREET, 6TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 882-5000

SONNENSCHEIN NATH & ROSENTHAL LLP
685 MARKET STREET, 6TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 882-5000

17. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17, and denies them on that basis.

18. Fireman's Fund admits that Plaintiffs obtained the Fireman's Fund insurance policy described in paragraph 26 of Plaintiffs' Complaint through MBK Insurance Services. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 18, and denies them on that basis.

19. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19, and denies them on that basis.

20. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20, and denies them on that basis.

21. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21, and denies them on that basis.

22. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22, and denies them on that basis.

23. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 23, and denies them on that basis.

24. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24, and denies them on that basis.

25. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25, and denies them on that basis.

26. Fireman's Fund admits that it is and was qualified to do business in the State of California at all times material herein, and further admits that it sold an insurance policy to Plaintiffs which provided coverage from July 1, 1997 to July 1, 1999. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 26, and denies them on that basis.

27. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27, and denies them on that basis.

SONNENSCHEIN NATH & ROSENTHAL LLP
685 MARKET STREET, 6TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 882-5000

28.    Fireman's Fund denies that MBK Insurance Services, Michael B. Kuimelis, and Katie O'Leary were its agents and denies that the alleged illegal acts of MBK Insurance Services, Mr. Kuimelis and Ms. O'Leary were within the scope and authority of any alleged agency for Fireman's Fund. Fireman's Fund denies the remaining allegations in paragraph 28, and/or lacks information and knowledge sufficient to form a belief as to the truth of those allegations and denies them on that basis.

## FIRST CLAIM FOR RELIEF

**(Breach of Oral Contracts)**

**(Kuimelis, Acordia, and MBK)**

29.    Fireman's Fund repeats and realleges, and incorporates by this reference, its answers to paragraphs 1 through 28, above, and its answers to paragraphs contained in the Second through Ninth Claims for Relief.

30-38.    Answering paragraphs 30 through 38, Fireman's Fund is not required to serve a responsive pleading because it is not named in the First Claim for Relief. Fireman's Fund nevertheless denies all of the allegations in paragraphs 30 through 38 based on lack of information or knowledge sufficient to form a belief as to their truth.

## SECOND CLAIM FOR RELIEF

**(Breach of Covenant of Good Faith and Fair Dealing)**

**(Kuimelis, Acordia and MBK)**

39.    Fireman's Fund repeats and realleges, and incorporates by this reference, its answers to paragraphs 1 through 38, above, and its answers to the paragraphs contained in the Third through Ninth Claims for Relief.

40-43.    Answering paragraphs 40 through 43, Fireman's Fund is not required to serve a responsive pleading because it is not named in the Second Claim for Relief. Fireman's Fund nevertheless denies all of the allegations in paragraphs 40 through 43 based on lack of information or knowledge sufficient to form a belief as to their truth.

SONNENSCHEIN NATH & ROSENTHAL LLP
685 MARKET STREET, 6TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 882-5000

## THIRD CLAIM FOR RELIEF

### (Violation for Title 18, Section 1964(a), United States Code)

### (Kuimelis)

44. Fireman's Fund repeats and realleges, and incorporates by this reference, its answers to paragraphs 1 through 43, above, and its answers to the paragraphs contained in the Fourth through Ninth Claims for Relief.

45-66. Answering paragraphs 45 through 66, Fireman's Fund is not required to serve a responsive pleading because it is not named in the Third Claim for Relief. Fireman's Fund nevertheless admits that Mr. Kuimelis and Ms. O'Leary would forward to Fireman's Fund "only the true net premium (total premium less agreed commission to him)" for the Fireman's Fund policies described in paragraph 26. Fireman's Fund denies all of the remaining allegations in paragraphs 45 through 66 based on lack of information or knowledge sufficient to form a belief as to their truth.

## FOURTH CLAIM FOR RELIEF

### (Title 18, Section 1964(b), United States Code)

### (Kuimelis)

67. Fireman's Fund repeats and realleges, and incorporates by this reference, its answers to paragraphs 1 through 66, above, and its answers to the paragraphs contained in the Fifth through Ninth Claims for Relief.

68-74. Answering paragraphs 68 through 74, Fireman's Fund is not required to serve a responsive pleading because it is not named in the Fourth Claim for Relief. Fireman's Fund nevertheless denies all of the allegations in paragraphs 68 through 74 based on lack of information or knowledge sufficient to form a belief as to their truth.

SONNENSCHEIN NATH & ROSENTHAL LLP
685 MARKET STREET, 6TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 882-5000

## FIFTH CLAIM FOR RELIEF

## (Title 18, Section 1964(c), United States Code)

## (Kuimelis and O'Leary)

75. Fireman's Fund repeats and realleges, and incorporates by this reference, its answers to paragraphs 1 through 74, above, and its answers to the paragraphs contained in the Sixth through Ninth Claims for Relief.

76-83. Answering paragraphs 76 through 83, Fireman's Fund is not required to serve a responsive pleading because it is not named in the Fifth Claim for Relief. Fireman's Fund nevertheless denies all of the allegations in paragraphs 76 through 83 based on lack of information or knowledge sufficient to form a belief as to their truth.

## SIXTH CLAIM FOR RELIEF

## (FRAUD/RESTITUTION)

## (Kuimelis, Acordia, MBK, The Travelers Defendants, and Fireman's)

84. Fireman's Fund repeats and realleges, and incorporates by this reference, its answers to paragraphs 1 through 83, above, and its answers to the paragraphs contained in the Seventh through Ninth Claims for Relief.

85. Fireman's Fund specifically denies that it made any misrepresentations to Plaintiffs or the insureds regarding the premiums it charged for the Fireman's Fund policy described in paragraph 26 of Plaintiffs' Complaint. Fireman's Fund further specifically denies that it engaged in any pattern of deceitful conduct with regard to Plaintiffs' insurance policies. Fireman's Fund denies the remaining allegations in paragraph 85, and/or lacks information and knowledge sufficient to form a belief as to the truth of those allegations and denies them on that basis.

86. Fireman's Fund denies that any of the fraudulent acts allegedly committed MBK Insurance Services, Michael B. Kuimelis, and Katie O'Leary were within the course and scope of any alleged agency for Fireman's Fund. Fireman's Fund also specifically denies it made any false statements to Plaintiffs or the insureds, and denies that MBK Insurance Services, Michael B. Kuimelis or Katie O'Leary was acting as Fireman's Fund's agent when it/he/she

SONNENSCHEIN NATH & ROSENTHAL LLP
685 MARKET STREET, 6TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 882-5000

made any alleged false statements to Plaintiffs or the insureds. Fireman's Fund denies the remaining allegations in paragraph 86, and/or lacks information and knowledge sufficient to form a belief as to the truth of those allegations and denies them on that basis.

87. Fireman's Fund specifically denies that it made any misrepresentations to Plaintiffs or the insureds, or engaged in any fraudulent conduct with respect to the insurance policies described in paragraph 26. Fireman's Fund lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 87 and denies them on that basis.

88. Fireman's Fund specifically denies it made any false statements or representations to Plaintiffs or the insureds. Fireman's Fund further specifically denies that Plaintiffs or the insureds have paid excessive premiums, service fees and overcharges to Fireman's Fund, and denies that Plaintiffs or the insureds have been damaged as a result of any conduct by Fireman's Fund. Fireman's Fund denies the remaining allegations in paragraph 88, and/or lacks information and knowledge sufficient to form a belief as to the truth of those allegations and denies them on that basis.

89. Fireman's Fund specifically denies that it made any false statements or representations to Plaintiffs or the insureds, and that Plaintiffs or the insureds suffered any damages as a result of any conduct by Fireman's Fund. Fireman's Fund denies the remaining allegations in paragraph 89, and/or lacks information and knowledge sufficient to form a belief as to the truth of those allegations and denies them on that basis.

## SEVENTH CLAIM FOR RELIEF

**(Breach of Fiduciary Duty)**

**(Kuimelis, Acordia, MBK, and O'Leary)**

90. Fireman's Fund repeats and realleges, and incorporates by this reference, its answers to paragraphs 1 through 89, above, and its answers to paragraphs contained in the Eighth and Ninth Claims for Relief.

91-95. Answering paragraphs 91 through 95, Fireman's Fund is not required to serve a responsive pleading because it is not named in the Seventh Claim for Relief. Fireman's

1 Fund nevertheless specifically denies any fiduciary relationship between it and Plaintiffs.
Fireman's Fund also specifically denies that Plaintiffs were damaged as a result of any conduct
by Fireman's Fund. Fireman's Fund admits that MBK Insurance Services was an independent
insurance broker, authorized pursuant to a Commercial Insurance Broker Agreement entered
into between it and Fireman's Fund on or about July 1, 1997, to broker commercial insurance
contracts with Fireman's Fund for specific types of business, and specifically denies all
inconsistent allegations in these paragraphs. Fireman's Fund denies all of the remaining
allegations in paragraphs 91 through 95 based on lack of information or knowledge sufficient to
form a belief as to their truth.

## EIGHTH CLAIM FOR RELIEF

**(Unjust Enrichment/Constructive Trust)**

**(Kuimelis, MBK, Acordia)**

96. Fireman's Fund repeats and realleges, and incorporates by this reference, its answers to paragraphs 1 through 95, above, and its answers to the paragraphs of the Ninth Claim for Relief.

97. Answering paragraphs 97 through 98, Fireman's Fund is not required to serve a responsive pleading because it is not named in the Eighth Claim for Relief. Fireman's Fund nevertheless specifically denies it has held or continues to hold any monies paid by Plaintiffs which were the product of excessive commissions, surcharges or service fees, and specifically denies it has held or continues to hold any profits that belong to Plaintiffs. Fireman's Fund denies all of the remaining allegations in paragraphs 97 through 98 based on lack of information or knowledge sufficient to form a belief as to their truth.

## NINTH CLAIM FOR RELIEF

**(Unfair Business Practices, B&P Code §17000, Et Seq. and §17200 Et Seq.)**

**(All Defendants; O'Leary as to B & P §17200 only)**

99. Fireman's Fund repeats and realleges, and incorporates by this reference, its answers to paragraphs 1 through 98, above.

100. Paragraph 100 consists of legal conclusions requiring no response from Fireman's Fund. Further, Business and Professions Code Sections 17000 and 17200 speak for themselves, and Fireman's Fund denies all allegations inconsistent with the language of those statutes. To the extent further response is required, Fireman's Fund denies the allegations in paragraph 100, or lacks information and knowledge sufficient to form a belief as to the truth of those allegations and denies them on that basis. Fireman's Fund specifically denies it falsely inflated the premium costs of Plaintiffs' and other insureds' insurance policies or charged Plaintiffs and the insureds excess commissions.

101. Paragraph 101 consists of legal conclusions requiring no response from Fireman's Fund. To the extent further response is required, Fireman's Fund denies the allegations in paragraph 101, or lacks information and knowledge sufficient to form a belief as to the truth of those allegations and denies them on that basis. Fireman's Fund specifically denies that Plaintiffs and other insureds have suffered any damages or losses as a result of Fireman's Fund's practices.

102. Paragraph 102 consists of legal conclusions requiring no response from Fireman's Fund. Further, Business and Professions Code Sections 17070 and 17082 speak for themselves, and Fireman's Fund denies all allegations inconsistent with the language of those statutes. To the extent further response is required, Fireman's Fund denies the allegations in paragraph 102, or lacks information and knowledge sufficient to form a belief as to the truth of those allegations and denies them on that basis.

103. Paragraph 103 consists of legal conclusions requiring no response from Fireman's Fund. Further, Business and Professions Code Section 17206 and California Code of Civil Procedure Section 1021.5 speak for themselves, and Fireman's Fund denies all allegations inconsistent with the language of those statutes. To the extent further response is required, Fireman's Fund denies the allegations in paragraph 103, or lacks information and knowledge sufficient to form a belief as to the truth of those allegations and denies them on that basis. Fireman's Fund also specifically denies that Plaintiffs were damaged as a result of any conduct by Fireman's Fund.

# **ADDITIONAL DEFENSES**

Without assuming the burden of proof on any matter, Fireman's Fund asserts the following additional defenses to Plaintiffs' claims:

## FIRST DEFENSE

1. Plaintiffs' Complaint fails to allege facts sufficient to state a claim.

## SECOND DEFENSE

2. The Complaint, and each and every purported claim therein, is barred by the applicable statutes of limitations.

## THIRD DEFENSE

3. Fireman's Fund has not committed any act with respect to the matters alleged in the Complaint which is "unlawful," "unfair" or "fraudulent" within the meaning of Business & Professions Code § 17200 *et seq.*

## FOURTH DEFENSE

4. Plaintiffs lack standing to prosecute the claims alleged in the Complaint.

## FIFTH DEFENSE

5. The Complaint is barred to the extent it is subject to the primary and/or exclusive jurisdiction of the California Insurance Commissioner.

## SIXTH DEFENSE

6. The Complaint, and each and every purported claim therein, is barred by the doctrine of abstention.

## SEVENTH DEFENSE

7. Plaintiffs are barred from obtaining the relief requested in the Complaint by the doctrine of unclean hands.

## EIGHTH DEFENSE

8. Plaintiffs are barred from obtaining the relief requested in the Complaint by the doctrine of estoppel.

## NINTH DEFENSE

9. Plaintiffs are barred from obtaining the relief requested in the Complaint by the doctrine of waiver.

## TENTH DEFENSE

10. Plaintiffs are barred from obtaining the relief requested in the Complaint by the doctrine of laches.

## ELEVENTH DEFENSE

11. Neither the Plaintiffs nor anyone else has been injured or damaged in any way or in any manner as a result of any alleged act, conduct, or omission of Fireman's Fund.

## TWELFTH DEFENSE

12. Plaintiffs are not entitled to damages or restitution for any of the claims stated against Fireman's Fund.

## THIRTEENTH DEFENSE

13. Plaintiffs inappropriately seek damages in their claim under California Business & Professions Code §§ 17200 *et seq.* ("Section 17200"). Under California law, equitable relief for Plaintiffs' claim is limited to injunction and restitution and no other relief. To the extent Plaintiffs have alleged a claim, it is for damages, which are not compensable under Section 17200.

## FOURTEENTH DEFENSE

14. Plaintiffs failed to mitigate, minimize, or avoid any damages they have allegedly sustained, and recovery against Fireman's Fund, if any, must be reduced by that amount.

## FIFTEENTH DEFENSE

15. The losses and/or damages sustained by Plaintiffs, if any, are due to the wrongful actions or inactions of Plaintiffs, and any and all claims are barred by Plaintiffs' own carelessness, negligence, and assumption of the risks inherent to the transactions voluntarily entered into by Plaintiffs.

### SIXTEENTH DEFENSE

16. The losses and/or damages sustained by Plaintiffs, if any, were wholly or in part proximately caused by and/or contributed to by the fault of others, whether that fault be the proximate result of intentional conduct, negligence, breach of contract, or any other type of fault, of persons, firms, corporations, or entities other than Fireman's Fund, for which Fireman's Fund is not responsible. Said intentional conduct, negligence or other fault bars recovery against Fireman's Fund and/or comparatively reduces the percentage of fault or negligence, if any, of Fireman's Fund.

### SEVENTEENTH DEFENSE

17. The Complaint is barred in whole or in part because there is not a reasonable probability that the statements and/or omissions alleged in the Complaint would and/or did mislead any person.

### EIGHTEENTH DEFENSE

18. The Complaint is barred in whole or in part because the events and transactions alleged in the Complaint have not offended established public policy and/or been unethical, oppressive and/or unscrupulous.

### NINETEENTH DEFENSE

19. The Complaint is barred in whole or in part because the events and transactions alleged in the Complaint are justified in that their benefits outweigh whatever particular harm or adverse impact, if any, they may have on any person.

### TWENTIETH DEFENSE

20. Plaintiffs' Complaint is barred because it is uncertain and fails to describe the purported actionable conduct engaged in by Fireman's Fund with reasonable specificity or at all.

### TWENTY-FIRST DEFENSE

21. The Complaint, and each and every purported cause of action therein, is barred to the extent Plaintiffs' requested remedies violate Fireman's Fund's rights to substantive and procedural due process, and equal protection under the law as provided by the Fifth and

Fourteenth Amendments of the United States Constitution and Article I, Section 7, and Article IV, Section 16 of the Constitution of the State of California.

## TWENTY-SECOND DEFENSE

22. The Complaint is barred in whole or in part to the extent that Plaintiffs failed to join any insured who is an indispensable party.

## TWENTY-THIRD DEFENSE

23. Plaintiffs have failed to state facts which could support a claim for attorneys' fees against Fireman's Fund.

## TWENTY-FOURTH DEFENSE

24. Plaintiffs are not entitled to any award of prejudgment interest.

## TWENTY-FIFTH DEFENSE

25. Plaintiffs' cause of action for California Business & Professions Code §§ 17200 *et seq.* is barred because Plaintiffs would be unjustly enriched if allowed to recover under their theories of liability.

## TWENTY-SIXTH DEFENSE

26. Plaintiffs seek an impermissibly vague injunction that could not be enforced and they do not otherwise qualify for injunctive relief because neither they nor the general public have suffered irreparable harm and they have adequate remedies at law.

## TWENTY-SEVENTH DEFENSE

27. Fireman's Fund expressly reserves the right to assert additional defenses or objections, in law or equity, arising from facts not presently known but hereafter discovered.

## PRAYER FOR RELIEF

WHEREFORE, Fireman's Fund prays for judgment as follows:

1. That Plaintiffs take nothing on their Fifth Amended Complaint;
2. That Judgment be entered in favor of Fireman's Fund;
3. For an award to Fireman's Fund of its costs and expenses of suit; and
4. Such other and further relief as the Court may deem just and proper.

Dated: December 18, 2003　　　　　　　　SONNENSCHEIN NATH & ROSENTHAL LLP


By＿＿＿＿＿＿/s/＿＿＿＿＿＿
　　PAUL E.B. GLAD
　　CHERYL DYER BERG
　　JENNIFER BUNSHOFT

Attorneys for Defendant
FIREMAN'S FUND INSURANCE COMPANY

27155464