| | |
|---|---|
| 1 | G. HOPKINS GUY, III (State Bar No. 124811) |
|   | hopguy@orrick.com |
| 2 | I. NEEL CHATTERJEE (State Bar No. 173985) |
|   | nchatterjee@orrick.com |
| 3 | MONTE COOPER (State Bar No. 196746) |
|   | mcooper@orrick.com |
| 4 | THERESA A. SUTTON (State Bar No. 211857) |
|   | tsutton@orrick.com |
| 5 | YVONNE P. GREER (State Bar No. 214072) |
|   | ygreer@orrick.com |
| 6 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
|   | 1000 Marsh Road |
| 7 | Menlo Park, CA 94025 |
|   | Telephone: 650-614-7400 |
| 8 | Facsimile: 650-614-7401 |
| 9 | Attorneys for Plaintiffs |
|   | THE FACEBOOK, INC. and MARK ZUCKERBERG |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE FACEBOOK, INC. and MARK ZUCKERBERG, | Case No. 5:07-CV-01389-RS |
| Plaintiffs, | **PLAINTIFFS' MOTION TO SEAL PORTIONS OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT RE DEFENDANTS' LIABILITY PURSUANT TO CALIFORNIA PENAL CODE SECTION 502(C) AND 15 U.S.C. § 7704(A)(1) AND 15 U.S.C. § 7704(B)(1), THE DECLARATION OF CHRIS SHIFLETT IN SUPPORT THEREOF INCLUDING EXHIBITS 1-3; AND EXHIBITS 1, 2, AND 4 TO THE DECLARATION OF MONTE M.F. COOPER IN SUPPORT THEREOF** |
| v. | |
| CONNECTU, INC. (formerly known as CONNECTU, LLC), PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, WAYNE CHANG, and DAVID GUCWA, | |
| Defendants. | |
| | Date: February 13, 2008 |
| | Time: 9:30 A.M. |
| | Judge: Honorable Richard Seeborg |

OHS West:260363846.1

PLAINTIFFS' MOTION TO SEAL CONFIDENTIAL BRIEF AND EXHIBITS
5:07-CV-01389-RS

Pursuant to Civil L.R. 7-11 and 79-5 (d), Plaintiffs respectfully submit this motion asking the Court to file under seal their Motion for Partial Summary Judgment Re Defendants' Liability Pursuant to California Penal Code Section 502(c) and 15 U.S.C. § 7704(A)(1) and 15 U.S.C. § 7704(B)(1), the Declaration of Chris Shiflett in support thereof (including the attached exhibits 1-6), and Exhibits 1, 2, 4, 6-7, 10-12, 28-34, 36, 37, 38, 40-43, 45-48, 50-55, 57-59, 61, 63, and 64 to the Declaration of Monte M.F. Cooper In Support of Plaintiffs' Motion for Partial Summary Judgment.

The parties entered into, and the California Superior Court issued, a Stipulated Protective Order on January 23, 2006, which prohibits either party from filing in the public record any documents that have been designated as "Confidential" or "Highly Confidential" pursuant to the Protective Order. In addition, Plaintiffs and ConnectU entered into, and the Court in the related action *ConnectU, LLC v. Zuckerberg et al*, Civil Action No. 1:04-cv-11923, United States District Court, District of Massachusetts. issued, a Stipulated Protective Order on July 6, 2005, which prohibits either party from filing in the public record any documents that have been designated as "Confidential" pursuant to the Protective Order.

**Exhibit 1** to the Cooper Declaration contains relevant excerpts from Mark Zuckerberg's April 25, 2006 deposition. The deposition was marked Highly Confidential pursuant to the Stipulated Protective Order, and therefore is subject to Local Civil Rule 79-5(d).

**Exhibit 2** to the Cooper Declaration contains relevant excerpts from Max Kelly's March 1, 2006 deposition. The deposition was marked Highly Confidential pursuant to the Stipulated Protective Order, and therefore is subject to Local Civil Rule 79-5(d).

**Exhibit 4** to the Cooper Declaration is the December 22, 2004 TerreNapSM West Data Center Service Order, Bates numbered NAP00007-8. This contract was produced and designated confidential by third party Terramark pursuant to the Stipulated Protective Order, and therefore is subject to Local Civil Rule 79-5(d).

**Exhibit 6** to the Cooper Declaration is a May 4, 2004 e-mail from Cameron Winklevoss to Marc M. Pierrat. This email, Bates numbered C003990-91, was produced and designated Confidential action by ConnectU pursuant to the Stipulated Protective Order in the Massachusetts

action, and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential information.

**Exhibit 7** to the Cooper Declaration contains relevant excerpts from Cameron Winklevoss' January 16, 2006, deposition. The deposition was marked Confidential pursuant to the Stipulated Protective Order in the Massachusetts action, and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential information.

**Exhibit 10** to the Cooper Declaration contains relevant excerpts from Divya Narendra's January 16, 2006, deposition. The deposition was marked Confidential pursuant to the Stipulated Protective Order in the Massachusetts action, and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential information.

**Exhibit 11** to the Cooper Declaration contains relevant excerpts from ConnectU's January 16, 2006, deposition. The deposition was marked Confidential pursuant to the Stipulated Protective Order in the Massachusetts action, and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential information.

**Exhibit 12** to the Cooper Declaration contains relevant excerpts from Tyler Winklevoss' January 16, 2006, deposition. The deposition was marked Confidential pursuant to the Stipulated Protective Order in the Massachusetts action, and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential information.

**Exhibit 28** to the Cooper Declaration contains relevant excerpts from Divya Narendra's October 5, 2006, deposition. The deposition was marked Confidential pursuant to the Stipulated Protective Order in the Massachusetts action, and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential information.

**Exhibit 29** to the Cooper Declaration is an August 26, 2004 (3:09 p.m.) e-mail from Marc Pierrat to Cameron Winklevoss. This email, Bates numbered C007512-7517, was produced and designated Confidential by ConnectU pursuant to the Stipulated Protective Order in the Massachusetts action, and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential information.

**Exhibit 30** to the Cooper Declaration contains relevant excerpts from Pacific Northwest Software's January 29, 2007, deposition. The deposition was marked Confidential pursuant to the Stipulated Protective Order, and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential information.

**Exhibit 31** to the Cooper Declaration contains relevant excerpts from Winston Williams' June 19, 2007, deposition. The deposition was marked Confidential pursuant to the Stipulated Protective Order, and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential information.

**Exhibit 32** to the Cooper Declaration is a timesheet detailing Winston Williams' (and other PNS employees') billing records. This document, Bates numbered PNS01766-1777, was produced and designated Confidential by Pacific Northwest Software pursuant to the Stipulated Protective Order, and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential information.

**Exhibit 33** to the Cooper Declaration is an invoice from i2Hub to ConnectU, Bates numbered C011073-82. It was produced and designated Confidential by ConnectU pursuant to the Stipulated Protective Order in the Massachusetts action, and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential information.

**Exhibit 34** to the Cooper Declaration is a May 25, 2005 e-mail from Wayne Chang to John Taves. This document, Bates numbered PNS000015–16, was produced and designated Confidential by Pacific Northwest Software pursuant to the Stipulated Protective Order, and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential information.

**Exhibit 36** to the Cooper Declaration is a Diagram of ConnectU Profile Importer (Social Butterfly). This document, Bates numbered PNS002096, was produced and designated Confidential by Pacific Northwest Software pursuant to the Stipulated Protective Order, and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential information.

| | |
|---|---|
| 1 | **Exhibit 37** to the Cooper Declaration is a "screen shot" from ConnectU's website, Bates |
| 2 | numbered C011010. It was produced and designated Confidential by ConnectU pursuant to the |
| 3 | Stipulated Protective Order in the Massachusetts action, and therefore is subject to Local Civil |
| 4 | Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential |
| 5 | information. |
| 6 | **Exhibit 38** to the Cooper Declaration is a the Privacy Statement for www.ConnectU.com, |
| 7 | Bates labeled C000027. This document was produced and designated confidential by ConnectU |
| 8 | pursuant to the Stipulated Protective Order in the Massachusetts action, and therefore is subject to |
| 9 | Local Civil Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential |
| 10 | information. |
| 11 | **Exhibit 40** to the Cooper Declaration is an April 21, 2005 (5:28 a.m.) e-mail from |
| 12 | 'jsteven3@nd.edu' to Mark Ruocco. This document, Bates numbered C004512, was produced |
| 13 | and designated Confidential by ConnectU pursuant to the Stipulated Protective Order in the |
| 14 | Massachusetts action, and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no |
| 15 | position on whether this exhibit contains confidential information. |
| 16 | **Exhibit 41** to the Cooper Declaration contains source code produced by Pacific Northwest |
| 17 | Software. These documents, Bates numbered PNS001377-86, PNS0281451-54, PNS0281495, |
| 18 | PNS0281504-14, PNS0281520, PNS0281522-26, PNS0296805-06 and PNS0320945, were |
| 19 | produced and designated Confidential pursuant to the Stipulated Protective Order, and therefore |
| 20 | are subject to Local Civil Rule 79-5(d). Plaintiffs take no position on whether this exhibit |
| 21 | contains confidential information. |
| 22 | **Exhibit 42** to the Cooper Declaration is a May 10, 2005, e-mail from Winston Williams to |
| 23 | Cameron Winklevoss, Tyler Winklevoss, Joel Voss and John Taves. This document, Bates |
| 24 | numbered CUCA02972, was produced and designated Confidential by ConnectU pursuant to the |
| 25 | Stipulated Protective Order, and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take |
| 26 | no position on whether this exhibit contains confidential information. |
| 27 | **Exhibit 43** to the Cooper Declaration is a April 22, 2005 e-mail from Hanah Kim to |
| 28 | Thomas Cheng. This document, Bates numbered CUCA000172, was produced and designated |

Confidential by ConnectU pursuant to the Stipulated Protective Order, and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential information.

**Exhibit 45** to the Cooper Declaration is a February 17, 2005 e-mail from Cameron Winklevoss to Wayne Chang, David Gucwa, John Taves, Winston Williams and Joel Voss. This document, Bates numbered PNS000842-43, was produced and designated Confidential by Pacific Northwest Software pursuant to the Stipulated Protective Order, and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential information.

**Exhibit 46** to the Cooper Declaration is a February 18, 2005 e-mail from Tyler Winklevoss to Tyler Winklevoss, Cameron Winklevoss, 'drttol@gmail.com', Winston Williams, Joel Voss and John Taves. This document, Bates numbered PNS001238-39, was produced and designated Confidential by Pacific Northwest Software pursuant to the Stipulated Protective Order, and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential information.

**Exhibit 47** to the Cooper Declaration is a February 22, 2005 (6:59 p.m.) e-mail from Cameron Winklevoss to Winston Williams, Wayne Chang and David Gucwa. This document, Bates numbered C004243, was produced and designated Confidential by ConnectU pursuant to the Stipulated Protective Order in the Massachusetts action, and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential information.

**Exhibit 48** to the Cooper Declaration is a May 25, 2005 e-mail from Wayne Change to John Taves. This document, Bates numbered PNS001334-1340, was produced and designated Confidential by Pacific Northwest Software pursuant to the Stipulated Protective Order, and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential information.

**Exhibit 50** to the Cooper Declaration contains a Promissory Note between ConnectU and RowAmerica, as well as related correspondence. It is Bates numbered CUCA3087-3090 and was

1  produced and designated Confidential by ConnectU pursuant to the Stipulated Protective Order,
2  and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no position on whether this
3  exhibit contains confidential information.

4  **Exhibit 51** to the Cooper Declaration is a February 16, 2005 e-mail from John Taves to
5  Wayne Chang and Cameron Winklevoss. This document, Bates numbered C008392, was
6  produced and designated Confidential by ConnectU pursuant to the Stipulated Protective Order in
7  the Massachusetts action, and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no
8  position on whether this exhibit contains confidential information.

9  **Exhibit 52** to the Cooper Declaration is a February 20, 2005 e-mail from Wayne Chang to
10 Winston Williams. This document, Bates numbered C008657, was produced and designated
11 Confidential by ConnectU pursuant to the Stipulated Protective Order in the Massachusetts
12 action, and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no position on whether
13 this exhibit contains confidential information.

14 **Exhibit 53** to the Cooper Declaration is a February 19, 2005 (12:37 a.m.) e-mail from
15 Wayne Chang to David Gucwa, Cameron Winklevoss and Winston Williams. This document,
16 Bates numbered C008662, was produced and designated Confidential by ConnectU pursuant to
17 the Stipulated Protective Order in the Massachusetts action, and therefore is subject to Local Civil
18 Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential
19 information.

20 **Exhibit 54** to the Cooper Declaration is a February 19, 2005 e-mail from Cameron
21 Winklevoss to Wayne Chang, Winston Williams and David Gucwa. This document, Bates
22 numbered C010359, was produced and designated Confidential by ConnectU pursuant to the
23 Stipulated Protective Order in the Massachusetts action, and therefore is subject to Local Civil
24 Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential
25 information.

26 **Exhibit 55** to the Cooper Declaration is an invoice from i2Hub to ConnectU, Bates
27 numbered C009887-96, which was produced and designated Confidential by ConnectU pursuant
28 to the Stipulated Protective Order in the Massachusetts action, and therefore is subject to Local

Civil Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential information.

**Exhibit 57** to the Cooper Declaration contains relevant excerpts from Pacific Northwest Software's June 12, 2007, deposition. The deposition was marked Confidential pursuant to the Stipulated Protective Order, and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential information.

**Exhibit 58** to the Cooper Declaration is a February 16, 2005 e-mail from John Taves to Winston Williams. This document, Bates numbered C008389-91, was produced and designated Confidential by ConnectU pursuant to the Stipulated Protective Order in the Massachusetts action, and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential information.

**Exhibit 59** to the Cooper Declaration is a February 17, 2005 e-mail from Cameron Winklevoss to 'drttol@gmail.com', Winston Williams, Tyler Winklevoss, Joel Voss and John Taves. This document, Bates numbered C006537, was produced and designated Confidential by ConnectU pursuant to the Stipulated Protective Order in the Massachusetts action, and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential information.

**Exhibit 61** to the Cooper Declaration is a February 6, 2006 (2:59 a.m.) e-mail from Winston Williams to Cameron Winklevoss. This document, Bates numbered CUCA02976-77, was produced and designated Confidential by ConnectU pursuant to the Stipulated Protective Order, and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential information.

**Exhibit 63** to the Cooper Declaration is a April 20, 2005 e-mail from 'Danny Abad' to 'vreoneno@ucdavis.eud'. This document, Bates numbered CUCA000208, was produced and designated Confidential by ConnectU pursuant to the Stipulated Protective Order, and therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no position on whether this exhibit contains confidential information.

**Exhibit 64** to the Cooper Declaration is a April 20, 2005 (6:19 a.m.) e-mail from 'JoJo

Lagace' to 'alchou@ucds.edu'.  This document, Bates numbered CUCA000210, was produced and designated Confidential by ConnectU pursuant to the Stipulated Protective Order, and therefore is subject to Local Civil Rule 79-5(d).  Plaintiffs take no position on whether this exhibit contains confidential information.

The **Declaration of Chris Shiflett** in Support of Plaintiffs' Motion for Partial Summary Judgment ("Shiflett Declaration") contains discussions about the confidential materials filed in support of the Motion, including Facebook's and ConnectU's source code.

**Exhibit 1** to the Shiflett Declaration contains source code produced by Facebook.  This document, Bates numbered FBCA051064-1101, was produced and designated Confidential by Facebook pursuant to the Stipulated Protective Order, and therefore are subject to Local Civil Rule 79-5(d).

**Exhibit 2** to the Shiflett Declaration contains source code produced by Facebook.  This document, Bates numbered FBCA051102-32, was produced and designated Confidential by Facebook pursuant to the Stipulated Protective Order, and therefore are subject to Local Civil Rule 79-5(d).

**Exhibit 3** to the Shiflett Declaration contains source code produced by Facebook.  This document, Bates numbered FBCA051063, was produced and designated Confidential by Facebook pursuant to the Stipulated Protective Order, and therefore are subject to Local Civil Rule 79-5(d).

**Exhibit 4** to the Shiflett Declaration contains source code produced by Pacific Northwest Software.  These documents, Bates numbered PNS 0281444 – PNS 0281449; PNS 0281455 – PNS 0281458; PNS 0281459 – PNS 0281462; PNS 0281469 – PNS 0281473; PNS 0281489 – PNS 0281493; PNS 0281496 – PNS 0281503; PNS 0310219 – PNS 0310221, were produced and designated Confidential by Pacific Northwest Software pursuant to the Stipulated Protective Order, and therefore are subject to Local Civil Rule 79-5(d).  Plaintiffs take no position on whether this exhibit contains confidential information.

**Exhibit 5** to the Shiflett Declaration is a Diagram of ConnectU Profile Importer (Social Butterfly).  This document, Bates numbered PNS002096, was produced and designated

1  Confidential by Pacific Northwest Software pursuant to the Stipulated Protective Order, and
2  therefore is subject to Local Civil Rule 79-5(d). Plaintiffs take no position on whether this exhibit
3  contains confidential information.

4  **Exhibit 6** to the Shiflett Declaration contains source code produced by Pacific Northwest
5  Software. These documents, Bates numbered PNS 0310177 – PNS 0310179; PNS 0310185 –
6  PNS 0310186; PNS 0310455; PNS 0312063; PNS 0312353; PNS 0312717; PNS 0313436, were
7  produced and designated Confidential by Pacific Northwest Software pursuant to the Stipulated
8  Protective Order, and therefore are subject to Local Civil Rule 79-5(d). Plaintiffs take no position
9  on whether this exhibit contains confidential information.

Dated: January 7, 2008                              ORRICK, HERRINGTON & SUTCLIFFE LLP


                                                    /s/ I. Neel Chatterjee /s/
                                                    I. Neel Chatterjee
                                                    Attorneys for Plaintiffs
                                                    THE FACEBOOK, INC. and MARK
                                                    ZUCKERBERG

# CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 7, 2008.

Dated: January 7, 2008.                    Respectfully submitted,

                                           /s/ I. Neel Chatterjee /s/
                                           I. Neel Chatterjee