| | |
|---|---|
| 1 | Scott R. Mosko (State Bar No. 106070) |
| 2 | FINNEGAN, HENDERSON, FARABOW,<br>  GARRETT & DUNNER, L.L.P. |
| 3 | Stanford Research Park<br>3300 Hillview Avenue |
| 4 | Palo Alto, California 94304<br>Telephone:  (650) 849-6600 |
| 5 | Facsimile:  (650) 849-6666 |
| 6 | Attorney for Defendants ConnectU |
| 7 | LLC, Pacific Northwest Software, Inc.,<br>Winston Williams, and Wayne Chang |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., and MARK ZUCKERBERG,<br><br>Plaintiffs,<br><br>v.<br><br>CONNECTU LLC, (now known as CONNECTU, INC.), ET AL.,<br><br>Defendants. | CASE NO. C 07-01389 RS<br><br>**DEFENDANTS' MOTION FOR RELIEF PURSUANT TO FED. R. CIV. P. 56(f)**<br><br>Date: February 20, 2008<br>Time: 9:30 a.m.<br>Dept.: 4<br>Judge: Hon. Richard Seeborg<br><br>(Filed Concurrently with a Civil L.R. 6-3 Application requesting that this Rule 56(f) Motion be decided before Defendants file their opposition to Plaintiffs' motion for partial summary judgment, filed on January 8, 2008) |

# TABLE OF CONTENTS

Page

NOTICE OF MOTION ..................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

I. INTRODUCTION ..............................................................................................................1

II. RELEVANT BACKGROUND FACTS..............................................................................4

    A. History of This Proceeding .....................................................................................4

    B. The Motion for Summary Judgment........................................................................4

    C. Defendants' Need for Discovery to Respond to the Motion and Plaintiffs' Continual Attempts to Stall the Discovery Process .................................................5

    D. Defendants' Newly Discovered Evidence Regarding Plaintiffs' Unclean Hands is Relevant to Defendants' Affirmative Defense of Unclean Hands............6

    E. Defendants Wayne Chang and David Gucwa Appeared in this Case in September 2007, and Have not Had Sufficient Time to Investigate the Claims or Conduct Discovery .............................................................................................7

III. ARGUMENT......................................................................................................................7

    A. Leave to Conduct Discovery Is Appropriate When Discovery Is Necessary for a Party to Respond to a Summary Judgment Motion .............................................7

    B. Discovery Is Needed From Plaintiffs Regarding Defendant's Liability Under California Penal Code § 502(c) and CAN-SPAM Act Claims...............................8

        1. California Penal Code § 502(c)...................................................................8

        2. The CAN-SPAM Act..................................................................................9

    C. Defendants Need Additional Discovery to Develop an Affirmative Defense of Unclean Hands Based on Documents Recently Produced by Plaintiffs in the Massachusetts Action..............................................................................................10

    D. Defendants Need Additional Discovery to Depose Plaintiffs' Expert Chris Shiflit........................................................................................................................11

    E. Defendants Gucwa and Chang Were Only Recently Brought Into this Litigation and Need Additional Time to Propound Discovery Requests Before Responding to Plaintiffs' Summary Judgment Motion .........................................11

IV. CONCLUSION..................................................................................................................12

## CASES AND AUTHORITIES

**Cases:**  Page(s)

*Celotex Corp. v. Catrett*
477 U.S. 317, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986)...................................................... 8

*McCormack V. Fund American Cos., Inc.*
26 F.3d 869 (9th Cir. 1994) .............................................................................................. 8

*State of California v. Campbell*
138 F.3d 772 (9th Cir. 1998) ............................................................................................ 7

*Stears Airport Equip Co. v. FMC Corp.*
170 F.3d 518 (5th Cir. 1999) ............................................................................................ 8

*Visa International Service Assoc. v. Bankcard Holders*
748 F.2d 1472 (9th Cir. 1986) ...................................................................................... 8, 10

**Authorities:**

    15 U.S.C. § 7704(a)(1)............................................................................................... 4, 9
    15 U.S.C. § 7704(b) ...................................................................................................... 9
    15 U.S.C. § 7704(g)(1) ................................................................................................. 9

    California Penal Code:

        Section 502(c) ................................................................................................. 4, 8, 9
        Section 501(e) ....................................................................................................... 9

    CAN-SPAM Act ............................................................................................ 4, 5, 7, 9, 10

    Federal Rules of Civil Procedure:

        Rule 30(b)(6)................................................................................................... 2, 10
        Rule 56(f) ..................................................................................... 1, 7, 8, 9, 10, 11

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 20, 2008 at 9:30 a.m. or soon thereafter as counsel may be heard by Magistrate Judge Richard Seeborg of above entitled Court, located at 280 South First Street, San Jose, California, Defendants will and hereby do move this Court for an Order postponing the due date for Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment, filed on January 8, 2008 at least until this Rule 56(f) motion is decided.

Defendants' assertions are based upon this Motion, including the following Memorandum and Points and Authorities, and the accompanying Declaration of Scott R. Mosko, the Notice of Joinder filed by Defendant David Gucwa, including the accompanying declaration in that Joinder of Valerie Wagner, all the pleadings in the case, and such other arguments and evidence as may properly come before the Court.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 56(f), Defendants ConnectU, Inc., Pacific Northwest Software, Inc., Wayne Change, and Winston Williams[1] (collectively "Defendants") move the Court for leave to take discovery necessary for Defendants to respond to the Motion for Partial Summary Judgment ("Plaintiffs' Motion") filed on January 7, 2008 by Plaintiffs Facebook, Inc. and Mark Zuckerberg (collectively "Plaintiffs"). The specific discovery set forth below, will provide evidence establishing both that Plaintiffs' motion is frivolous, and that Defendants are entitled to judgment. Moreover, as also set forth below, Plaintiffs have interfered with Defendants' efforts to obtain at least some of this necessary evidence, and instead have effectively rushed to file their motion in an attempt to prevent Defendants from completely investigating exculpatory evidence and relying on it to the fullest extent possible. If Plaintiffs' motion is heard before Defendants are allowed to complete their discovery efforts, Defendants' due process rights will have been violated.

---

[1] Defendant David Gucwa joins in this motion and counsel for Mr. Gucwa, Valerie Wagner submits a declaration in support of this motion.

For at least the following five reasons outlined below, Plaintiffs' motion for summary judgment should not be heard before Defendants complete the specific discovery set forth below. First, Defendants expect to take at least one Rule 30(b)(6) deposition concerning the operation and set-up of the servers and systems Plaintiffs' have previously utilized and currently utilize in the operation of the websites at issue in this action. Plaintiffs have specifically interfered with Defendants' efforts in obtaining this discovery. In August, 2007, Defendants propounded document requests seeking the technical information detailing of each systems utilized by Plaintiffs. Plaintiffs have played games with their production obligations regarding this discovery. As set forth in more detail below, Plaintiffs never produced new documents in response to these discovery requests until nearly 3 months after this discovery was propounded. Thereafter they refused to acknowledge this discovery was complete <u>until two days after their summary judgment motion was filed, when they served an additional 80 documents.</u> Defendants need reasonable time to complete their review of these documents. Moreover, the preliminary analysis of the documents shows that Plaintiffs were evasive in their production, which may likely result in a motion to compel. Once a complete production has occurred, Defendants will notice and take a Rule 30(b)(6) deposition, and elicit specific evidence negating some or even all of the claims for relief asserted in Plaintiffs' Second Amended Complaint.

Second, in the Massachusetts Action, Defendants' discovery efforts to obtain mirror images of the hard drives of Adam D'Angelo's computers, which efforts commenced in mid 2005, finally resulted in production of source code in November 2007, but only after the Court in that action *ordered* the Plaintiffs to produce the hard drives. (Mosko Declaration, Exhibit F) The source code revealed that in June of 2004, Plaintiff Mark Zuckerberg repeatedly attempted to hack into ConnectU's website, located at http://www.connectu.com, and thereby gain unauthorized access to ConnectU's computer systems. Here again, Plaintiffs played games with Defendants in purposefully delaying the production of this evidence, effectively hoping to eliminate it from being considered in this case by filing their summary judgment motion. Defendants need time to complete their forensic analysis. Thereafter, Defendants expect to notice at least two depositions, specifically Facebook employee, Adam D'Angelo, and Plaintiff Mark Zuckerberg. The Santa Clara County Superior Court

had earlier issued an Order compelling Mr. Zuckerberg's attendance after he improperly walked out of his earlier deposition. Defendants have not rescheduled Mr. Zuckerberg's deposition because they have been waiting for Plaintiffs to complete the outstanding discovery, which, as demonstrated, they have yet to do. Plaintiffs' hacking of Defendants' website will both negate some or all of the claims for relief and will most likely allow Defendants to file an affirmative counterclaim.

Third, individual defendants Wayne Chang and David Gucwa have only recently been named as parties to this action. Their answers were filed less than four months before Plaintiffs filed their motion for summary judgment. The parties have stipulated that the discovery efforts in the Massachusetts case will apply and can be used in this case. (Mosko Declaration, Exhibit E, at Stipulations, paragraph 1) Over one hundred thousand pages of documents have been produced, not to mention 7 CDs, some of which include source code with hundreds of thousands of lines. While Mr. Chang is represented by the same counsel as ConnectU, Mr. Gucwa has separate counsel. As set forth in the declaration of Valerie Wagner, counsel for Mr. Gucwa, who is joining this motion, Mr. Gucwa needs a reasonable amount of time to review the production and activities occurring prior to his entry into this action.

Fourth, Plaintiffs' motion is supported by an expert's declaration who has previously never been disclosed. Most troubling is that half of the documents attached to this declaration have never been produced, despite the fact that they appear responsive to document requests propounded at least 4 months ago. Defendants request appropriate time to fully evaluate the declaration, and the documents upon which the expert relies. Moreover, Defendants are entitled to and will seek the expert's deposition once a full analysis of his assertions is completed.

Fifth, Plaintiffs attach an additional 60+ documents in support of their motion and include what appears to be a factual declaration signed by Mark Zuckerberg. Defendants request a reasonable time to evaluate these documents, and thereafter, to depose the declarants.

For all of these reasons, Defendants request that the Court deny Plaintiffs' Motion, or, in the alternative, stay the opposition briefing and the hearing of Plaintiffs' motion so that Defendants can engage in at least the above discovery to obtain additional facts to support their opposition to Plaintiffs' Motion.

In support of this Motion, Defendants submit herewith the Declaration of Scott R. Mosko ("Mosko Declaration"), detailing Plaintiffs' stalling tactics and outstanding discovery they seek. Moving Defendants are informed that David Gucwa will file a joinder to this motion, that will be supported by a Declaration of Valerie Wagner, his counsel.

## II. RELEVANT BACKGROUND FACTS

### A. History of This Proceeding

This is a retaliatory action in response to the Massachusetts Action. From day one, Plaintiffs have utilized this Court, at the expense of those involved, in an attempt to delay the proper litigation of the Massachusetts Action, and to deplete Defendants' resources. Plaintiffs Motion is yet another attempt to exhaust Defendants' resources.

### B. The Motion for Summary Judgment

Instead of allowing discovery to be completed, in keeping with its pattern of diversionary tactics, Plaintiffs filed a Motion for Summary Judgment on January 7, 2008, little more than one month after Plaintiffs produced over 5000 documents in response to Defendants' Second Request for the Production of Documents. (Mosko Decl. Exh. M) At the time this motion was filed, Plaintiffs continued to assert that their document production was incomplete, virtually stalling Defendants' further discovery efforts related to the issues that these documents raised, and effectively preventing Defendants from moving to compel production. (*Id.*) Demonstrating further games-playing tactics, Plaintiffs made an additional production two days after their summary judgment motion was filed, despite the fact that the document demand was propounded in August, 2007. (*Id.* at Exhs. P and D) Plaintiffs now seek summary judgment that:

1. All Defendants violated California Penal Code § 502(c); and,
2. Defendants ConnectU, Inc. and Pacific Northwest Software, Inc. violated the CAN-SPAM Act, 15 U.S.C. § 7704(a)(1).

In support of its Motion, Plaintiffs provide two fact-related declarations. The declaration of Plaintiffs' expert, Chris Shiflet ("Shiflet Declaration"), includes thirty-eight (38) paragraphs spanning eleven (11) pages.

C. **Defendants' Need for Discovery to Respond to the Motion and Plaintiffs' Continual Attempts to Stall the Discovery Process**

In order for Defendants to respond to Plaintiffs' Motion, Defendants need discovery, in the form of interrogatories and/or depositions of at least Mr. Shiflet, Mr. D'Angelo and Mr. Zuckerberg. (*See* Mosko Decl. at ¶ 18) Moreover, Defendants likely need to depose numerous individuals regarding the content of Plaintiffs' recently produced documents. Such discovery goes to the heart of Plaintiffs' Motion – allegations that Defendants ConnectU and PNS violated the CAN-SPAM Act.

In addition, the Court should grant this motion because of Plaintiffs' gamesmanship and its continual attempts to stall Defendants' efforts to obtain discovery. For example, ConnectU served a Request for Production of Documents on August 24, 2007. (*See Id.*: Exhibit D) Although Plaintiffs served their objections to the Requests one month later, Plaintiffs did not produce a single new document until November 30, 2007, more than *three months* after ConnectU served its requests. (*See Id.*: Exhibit M) Instead, after continual prodding from Defendants, Plaintiffs referred Defendants to previously produced documents, and informed Defendants that documents would be produced "on a rolling basis." (*See Id.*: Exhibits G and H) Finally, on November 30, 2007, Plaintiffs produced 5000 documents in response to Defendants' Requests. (*See Id.*: Exhibit M) But Plaintiffs explicitly stated in the letter enclosing the documents that they "would continue to produce responsive documents, if any, on a rolling basis" and that they would notify Defendants when they were "reasonably certain their production is complete." (*See Id.*) Despite their promises, it was clear again that Plaintiffs' words were nothing more than a diversionary stalling tactic, because as of the date of the filing of Plaintiffs' Motion, Plaintiffs had not confirmed that their production was complete. Counsel for both sides participated in a meet and confer conference on December 24, 2007, and counsel for Plaintiffs still refused to confirm whether or not production was complete. (*See id.*: Exhibit O) On January 9, 2007, two days *after* Plaintiffs' filed their summary judgment motion, Defendants received from Plaintiffs over one hundred fifty (150) additional pages that Plaintiffs claimed were responsive to ConnectU's August 24, 2007 Document Request. (*See Id.*: Exhibit P) In addition, Plaintiffs identified more than one thousand (1000) previously produced

pages that they claimed responsive to Defendants Requests. (*See Id.*: Exhibits G and H) In the letter accompanying the documents, Plaintiffs indicated that "they believe" the additional documents complete Plaintiffs' production in response to ConnectU's August 24, 2007 Document Request, but that they reserved the right to supplement their production. (*See Id.*: Exhibit P)

In sum, it took Plaintiffs more than three (3) months to produce new documents in response to Defendants' Request. Plaintiffs then refused to confirm that production was complete, and in fact, continued to produce additional relevant documents *even after* the filing of their summary judgment motion.

Defendants should be given the opportunity to carefully review all of the documents produced or referenced as relevant in response to Defendants Requests, and, be granted the opportunity to depose, at least, Mark Zuckerberg, and possibly other witnesses, depending upon the results of Defendants' complete analysis of the documents. These documents and the subsequent deposition testimony are directly relevant to Plaintiffs' Motion. They will establish that Plaintiffs are not entitled to rely upon one or more of the statutes alleged in the Second Amended Complaint.

### D. Defendants' Newly Discovered Evidence Regarding Plaintiffs' Unclean Hands is Relevant to Defendants' Affirmative Defense of Unclean Hands

In the Massachusetts Action, on August 31, 2005, ConnectU served its Second Set of Interrogatories on Plaintiffs. (*See* Mosko Decl. at Exhibit A) In those interrogatories, ConnectU asked Plaintiffs to identify all hard drives in the possession, custody or control of Mark Zuckerberg and/or Facebook. Plaintiffs answered these interrogatories in October 2005, and provided supplemental answers in December 2005, but Plaintiffs failed to fully respond. After continual prodding from ConnectU, and at significant expense, on September 13, 2007, the Court in the Massachusetts Action *ordered* Plaintiffs to produce additional relevant computer hard drives, including the hard drive of Adam D'Angelo. In response to this Order, on November 13, 2007, Plaintiffs produced source-code from January 2004 that they claimed was only recently discovered. (*See* Mosko Decl. at Exhs. B, C, I and J) Included in this source code was an archived file implicating Mark Zuckerberg and perhaps others at Facebook in repeated attempts to hack into ConnectU's website.

(*See Id.* at ¶ 17) This provides strong evidence of Mark Zuckerberg's attempted unauthorized access of ConnectU's website and computer systems, and supports Defendants' affirmative defense of unclean hands. It further supports the basis for Defendants to assert an affirmative counterclaim at least under the CAN-SPAM statute. Because this information was only recently made available to Defendants, and because it is directly relevant to the Plaintiffs' Motion, Defendants need additional time to depose Mr. Zuckerberg and/or Mr. D'Angelo regarding Mr. Zuckerberg's attempts to hack into ConnectU's website. This evidence further supports Defendants' request for relief pursuant to Rule 56(f).

### E. Defendants Wayne Chang and David Gucwa Appeared in this Case in September 2007, and Have not Had Sufficient Time to Investigate the Claims or Conduct Discovery

Plaintiffs have had over two years to conduct discovery, research the law and evaluate their case. Defendants Wayne Change and David Gucwa, although known to Plaintiffs since before the action was filed in 2005, did not formally appear until September, 2007. They now have the task of reviewing an overwhelming amount of documents and computer code. The short time between their entry into the case, and the filing of this summary judgment motion has not allowed them a full opportunity to come up to speed, or conduct discovery. This summary judgment motion should be stayed until these new defendants have sufficient time to prepare their defenses. *See* Joinder of David Gucwa and the declaration of his counsel, Valerie Wagner.

### III. ARGUMENT

#### A. Leave to Conduct Discovery Is Appropriate When Discovery Is Necessary for a Party to Respond to a Summary Judgment Motion

Under Fed. R. Civ. P. 56(f), the Court may order a continuance to permit discovery if necessary to enable the non-moving party to respond to a pending motion for summary judgment. *State of California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). Rule 56(f) states:

> Should it appear from the affidavits of the party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the Court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The party requesting application of Rule 56(f) must show "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Id.* "[A] district court should continue a summary judgment motion upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment." *Id.* (citing *McCormack v. Fund American Cos., Inc.*, 26 F.3d 869, 885 (9th Cir. 1994).

Rule 56(f) motions "are generally favored, and should be liberally granted." *Stears Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999). The Supreme Court has stated that summary judgment is inappropriate unless the parties are allowed adequate time for discovery. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). The Court noted in *Celotex* that "[a]ny potential problem with premature motions can be adequately dealt with under Rule 56(f), which allows a summary judgment motion to be denied ... if the non-moving party has not had an opportunity to make full discovery." *Id.* The Ninth Circuit has held that "denial [of a Rule 56(f) motion] is especially inappropriate where the material sought is also the subject of outstanding discovery requests." *Visa International Service Assoc. v. Bankcard Holders*, 748 F.2d 1472, 1475 (9th Cir. 1986).

**B.   Discovery Is Needed From Plaintiffs Regarding Defendant's Liability Under California Penal Code § 502(c) and CAN-SPAM Act Claims**

**1.   California Penal Code § 502(c)**

Plaintiffs allege that undisputed evidence exists establishing that Defendants have violated Penal Code Section 502(c). As Plaintiffs point out in the summary judgment motion, the statute makes it unlawful for any person to perform the following acts:

> (2) Knowingly accesses and without permission takes, copies, or makes use of any data from a ... computer system, ... or takes or copies any supporting documentation, whether existing or residing internal or external to a ...computer system ...
>
> ...

(6) Knowingly and without permission provides or assists in providing a means of accessing a computer, computer system, or computer network in violation of this section.

(7) Knowingly and without permission accesses or causes to be accessed any computer, computer system, or computer network.

Cal. Penal Code § 502(c). Limiting the application of section 502(c), however, is section 502(e) which states that "the owner or lessee of the computer, computer system, ... who suffers damage or loss by reason of a violation of any of the provisions of subdivision (c) may bring a civil action against the violator for compensatory damages and injunctive relief or other equitable relief." Thus, in order to succeed on a section 502(c) claim, a plaintiff must have suffered damages. Similarly, the CAN-SPAM Act authorizes any "provider of Internet access service adversely affected" by violations of sections 7704(a)(1) or 7704 (b) of the Act to bring a civil action. 15 U.S.C. § 7706(g)(1). The discovery propounded in August which Plaintiffs admit to only recently completing, is essential to proving that Plaintiffs cannot qualify as intended beneficiaries to this statute. Defendants seek at least the time to fully analyze Plaintiffs' production, which Plaintiffs contend was completed two days after the Motion was filed, and the opportunity to depose the appropriate parties regarding Plaintiffs' systems.

### 2. The CAN-SPAM Act

On August 24, 2007, Defendants propounded document requests seeking information regarding Plaintiff Facebook's status as an Internet Service Provider, a status required to bring suit under the CAN-SPAM Act. Additionally, Defendant's requests were directed to determine the extent that Facebook was "adversely affected" or suffered any "loss or damage" as a result of Defendants alleged actions as required to bring suit under the CAN-SPAM Act and Penal Code Section 502(c), respectively. Plaintiffs played games with their document production and instead of producing new documents, pointed to numerous documents already served. Once Plaintiffs finally began producing documents they did so on a "rolling basis" and refused to acknowledge that production was complete until after they served the pending summary judgment motion. Once again, Plaintiffs are playing games with discovery and the litigation process in general.

In *Visa*, the Ninth Circuit held that denial of a 56(f) motion while discovery requests are still outstanding is "especially inappropriate." *See Visa*, 748 F.2d at 1474. This is exactly the situation Plaintiffs have created. Their conveniently timed "final" production may be an attempt to avoid this issue, but Plaintiffs cannot possibly claim that because they have determined that production is complete, discovery regarding the issue is closed. Clearly, Defendants need additional time to review these newly produced documents, serve follow up discovery requests in response to the documents received, and take appropriate depositions.

A preliminary analysis of the documents that have been produced establishes that Plaintiffs have not fulfilled their discovery obligations, which may likely result in a motion to compel. When production is complete, Defendants will notice and take a Rule 30(b)(6) deposition, and elicit specific evidence negating some or even all of the claims for relief asserted in Plaintiffs' Second Amended Complaint. Specifically, Defendants will establish that Plaintiffs experienced no adverse effects or suffered any loss as a result of Defendants alleged actions. The ongoing discovery and expected future discovery go to the heart of Plaintiffs' Motion – allegations that Defendants ConnectU and PNS violated the CAN-SPAM Act. Pursuant to Rule 56(f), Defendants are entitled to complete this discovery before having to respond to the currently-pending summary judgment motion.

    **C.**     **Defendants Need Additional Discovery to Develop an Affirmative Defense of Unclean Hands Based on Documents Recently Produced by Plaintiffs in the Massachusetts Action**

As explained above, on November 13, 2007, in response to an Order issued by the U.S. District Court for the District of Massachusetts, Plaintiffs produced additional information regarding relevant computer hard drives. Most importantly, Plaintiffs produced Facebook co-founder and current employee Adam D'Angelo's hard drive. These documents included a portion of code evidencing repeated attempts by Mark Zuckerberg to hack into ConnectU's website, and obtain unauthorized access to ConnectU's computer system. This is strong evidence of unclean hands, and Defendants need to take the deposition of at least Mark Zuckerberg and Adam D'Angelo to determine the extent of Mr. Zuckerberg's hacking. Defendants expect this evidence will support one or more of their affirmative defenses

### D. Defendants Need Additional Discovery to Depose Plaintiffs' Expert Chris Shiflit

In support of their summary judgment motion, Plaintiffs submitted the declaration of Chris Shiflit. This is the *first* time Defendants were ever notified of Mr. Shiflet, as Plaintiffs never identified Mr. Shiflet in discussions with counsel for Defendants. As such, Defendants have not had any opportunity to depose Mr. Shiflet or to otherwise take discovery related to his proposed testimony.

Moreover, Mr. Shiflet's Declaration includes Exhibits that were not produced to Defendants until *after* the filing of Plaintiffs' summary judgment motion. See Exhibits 1 through 3 of the Shiflet Declaration, Bates labeled FBCA051063--FBCA051132. These Exhibits make up almost the entirety of the documents produced to the Defendants *after* the filing of Plaintiffs' Motion; accompanied by a letter from Plaintiffs' counsel stating that "[w]e believe this supplementation completes Plaintiffs' production in response to ConnectU's Second Request for the Production of Documents, served August 24, 2007." (*See id.*: Exhibit P) Plaintiffs' Motion relies heavily upon the Shiflet Declaration and the Exhibits that were not made available to Defendants until after the filing of Plaintiffs' Motion. (*See, e.g.*, Plf.'s Mot. at 12:17-23.) Accordingly, Plaintiffs' Motion raises new and unanticipated issues, and Defendants need additional time to analyze the documents produced *after* the filing of Plaintiffs' Motion and to depose Mr. Shiflet in order to properly respond to Plaintiffs' allegations that they have been damaged by Defendants' alleged conduct. (*See e.g., id.*)

### E. Defendants Gucwa and Chang Were Only Recently Brought Into this Litigation and Need Additional Time to Propound Discovery Requests Before Responding to Plaintiffs' Summary Judgment Motion

Defendants Gucwa and Chang did not Answer the allegations in Plaintiffs' Second Amended Complaint until September, 2007. As stated in the fact section above, they should be provided sufficient time to review the enormous number of documents and source code produced in this case. Pursuant to Rule 56(f), the summary judgment should be stayed until this investigation and their expected discovery efforts can be completed.

## IV. CONCLUSION

This Court has scheduled a Case Management Conference for January 16, 2008. Defendants suggest that the Court stay or deny the motion for summary judgment for the reasons set forth above, and establish a reasonable schedule that will allow the parties sufficient time to conduct discovery. Thereafter a schedule that will allow for the filing and hearing of *joint* motions for summary judgment should be established.

Dated: January 10, 2008

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.

By: /s/
Scott R. Mosko
Attorneys for Defendants ConnectU LLC, Pacific Northwest Software, Inc., Winston Williams, and Wayne Chang