1   Scott R. Mosko (State Bar No. 106070)
    scott.mosko@finnegan.com
2   FINNEGAN, HENDERSON, FARABOW,
      GARRETT & DUNNER, L.L.P.
3   Stanford Research Park
    3300 Hillview Avenue
4   Palo Alto, California  94304
    Telephone:    (650) 849-6600
5   Facsimile:    (650) 849-6666

6   Attorneys for Defendants
    ConnectU LLC, Pacific Northwest
7   Software, Inc,., Winston Williams, and
    Wayne Chang

8

9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                  SAN JOSE DIVISION

13  FACEBOOK, INC., and MARK ZUCKERBERG,          CASE NO.  C 07-01389 RS

14                  Plaintiffs,                    **DECLARATION OF SCOTT R.
                                                   MOSKO IN SUPPORT OF
15            v.                                   DEFENDANTS' MOTION FOR
                                                   RELIEF PURSUANT TO FED. R. CIV.
16  CONNECTU LLC, (now known as CONNECTU,          P. 56(f)**
    INC.), , ET AL.,
17                                                 Date:       February 20, 2008
                    Defendants.                    Time:       9:30 a.m.
18                                                 Dept.:      4
                                                   Mag. Judge:  Hon. Richard Seeborg
19

20

21

22

23

24

25

26

27

28

Doc. No.  475898

DECLARATION OF SCOTT R. MOSKO IN SUPPORT OF MOTION
FOR RELIEF PURSUANT TO FED. R. CIV. P. 56(f)
Case No. 07 CV 01389 (RS)

Dockets.Justia.com

# DECLARATION OF SCOTT R. MOSKO

I, Scott R. Mosko declare,

1.    I am an attorney duly licensed to practice law in the state of California and before the Northern District of California.  I am a member of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, attorneys of record for Defendants ConnectU, Winston Williams and Pacific Northwest Software, Inc.  The matters referred to in this declaration are based on my personal knowledge and if called as a witness I could, and would, testify competently to those matters.

2.    Attached as Exhibit A is a true and correct copy of Plaintiffs and counterclaim Defendants' Second Set of Interrogatories (Nos. 19-23), Served on August 31, 2005 in connection with Civil Action No. 1:04-cv-11923 (DWP), a case the parties have commonly referred to as "The Massachusetts Action" filed by ConnectU LLC against Mark Zuckerberg and others.

3.    Attached as Exhibit B is a true and correct copy of Facebook Defendants' Responses to Plaintiff's and Counterclaim Defendant's Second Set of Interrogatories (Nos. 19-23), served on October 5, 2005 in the connection with the Massachusetts Action.

4.    Attached as Exhibit C is a true and correct copy of Facebook Defendants' Supplemental Responses to Plaintiff's and Counterclaim Defendants' Second Set of Interrogatories (Nos 21 and 23), served on December 9, 2005 in connection with the Massachusetts Action.

5.    Attached as Exhibit D is a true and correct copy of Defendant ConnectU, LLC's Second Request for the production of documents to Plaintiff Facebook, Inc., served on August 24, 2004 in this action.

6.    Attached as Exhibit E is a true and correct copy of a Local Rule 16.1(D) Joint Statement filed on May 23, 2007 in connection with the Massachusetts Action.

6.    Attached as Exhibit F is a true and correct copy of an Order issued in connection with the Massachusetts Action, dated September 13, 2007.

7.    Attached as Exhibit G is a true and correct copy of a November 1, 2007 correspondence from Yvonne Greer to Scott Mosko.

8.    Attached is Exhibit H is a true and correct copy of a November 5, 2007 correspondence from Yvonne Greer to Scott Mosko.

1    9.    Attached as Exhibit I is a true and correct copy of a November 13, 2007

2    correspondence from Theresa Sutton to Richard Werder.

3    10.    Attached as Exhibit J is a true and correct copy of Facebook Defendants'

4    Supplemental Response to Court's September 13, 2007 Order RE Location of Relevant Code, served

5    on November 16, 2007 in connection with the Massachusetts Action.

6    11.    Attached as Exhibit K is a true and correct copy of Facebook Defendants' Third

7    Supplemental Response to Plaintiff's Interrogatory No. 19, served on November 16, 2007 in

8    connection with the Massachusetts Action.

9    12.    Attached as Exhibit L is a true and correct copy of a correspondence from Theresa

10    Sutton to Scott Mosko dated November 28, 2007.

11    13.    Attached as Exhibit M is a true and correct copy of a correspondence from Yvonne

12    Greer to Scott Mosko and Valerie Wagner dated November 30, 2007.

13    14.    Attached as Exhibit N is a true and correct copy of a printout from an email string, the

14    first email bearing a date of December 14, 2007, at 4:36 p.m. from Theresa Sutton to Scott Mosko.

15    15.    Attached as Exhibit O is a true and correct copy of a printout of an email from Scott

16    Mosko to Theresa Sutton, dated December 24, 2007

17    16.    Attached as Exhibit P is a true and correct copy of a correspondence from Theresa

18    Sutton to Scott Mosko dated January 8, 2008.

19    17.    Each of the facts that will be elicited in the proposed discovery set forth in the

20    accompanying Rule 56(f) Motion is essential to the opposition Defendants expect to file.  The

21    written discovery requested in the accompanying Rule 56(f) motion will likely establish at a

22    minimum that the characteristics of Plaintiffs' servers and systems will raise a question of fact as to

23    whether Plaintiffs can satisfy the required elements pursuant to each claim for relief asserted in the

24    Second Amended Complaint.  The written discovery and the expected depositions referenced in the

25    accompanying Rule 56(f) motion will likely result in additional evidence proving that Plaintiffs'

26    servers and systems do not qualify for the relief available pursuant to the asserted claims, that

27    Plaintiffs have not and cannot establish they have suffered compensable damages, and that

28    Defendants acts as they relate to the websites in question did not violate the statutes raised in the

second amended complaint. Defendants further expect that the evidence they will acquire through the written discovery and the depositions mentioned in accompanying Rule 56(f) motion will prove it is Plaintiffs who have committed the wrongful acts requiring them to compensate Defendants. Defendants expect that, based in part on the evidence produced in late 2007, that Mark Zuckerberg and others hacked their way into www.connectu.com. This evidence was kept from Defendants until only recently. Defendants intend to follow up with further discovery, including at least two or more depositions once the recently-produced evidence is fully analyzed, and expect this evidence, at the very least will provide support for their unclean hands affirmative defense, and will provide the basis for an affirmative counterclaim.

18.     Defendants also expect to take the deposition of the disclosed expert who filed a declaration in support of the Motion for Summary Judgment.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on the 10th day of January 2008, in Palo Alto, California.


_____/s/_____
Scott R. Mosko