# EXHIBIT A

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>Plaintiff,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>Defendants.<br><br>MARK ZUCKERBERG and THEFACEBOOK, INC.,<br>Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>Additional Counterdefendants. | CIVIL ACTION NO. 1:04-cv-11923 (DPW) |

## PLAINTIFF AND COUNTERCLAIM DEFENDANTS' SECOND SET OF INTERROGATORIES (NOS. 19-23)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim Defendants (collectively, "Plaintiff") hereby serve this Second Set of Interrogatories on Defendants and Counterclaim Plaintiffs (collectively, "Defendants") and request that Defendants respond by serving upon Plaintiff's counsel, FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P., 901 New York Avenue,

NW, Washington, DC 20001-4413, sworn answers to the interrogatories set forth below no later than thirty (30) days after service hereof.

Pursuant to Local Rule 33.1(A)(2), Plaintiff requests that each interrogatory be quoted in full immediately preceding the response.

## DEFINITIONS AND INSTRUCTIONS

A. In accordance with Local Rule 26.5, the following definitions shall apply to all of Plaintiff's discovery requests:

(1) *Communication.* The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(2) *Document.* The terms "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

(3) *Identify (With Respect to Persons).* When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) *Identify (With Respect to Documents).* When referring to documents, "to identify" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

(5) *Parties.* The terms "Plaintiff," "Defendant," and/or "Defendants", as well as any party's full or abbreviated name or a pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate

2

parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6) *Person.* The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

(7) *Concerning.* The term "concerning" means referring to, describing, evidencing, or constituting.

(8) *State the Basis.* When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall:

(a) identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(b) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(c) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

(d) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

B. The following rules of construction shall apply to all of Plaintiff's discovery requests:

(1) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

(2) The use of the singular form of any word shall include within its meaning the plural form of the word and vice versa.

(3) The use of the masculine form of a pronoun shall include also within its meaning the feminine form of the pronoun so used, and vice versa.

(4) The use of any tense of any verb shall include also within its meaning all other tenses of the verb so used.

C. Whenever Plaintiff's interrogatories call for the identification of a document, Defendants may, in lieu of such identification, produce such document, marked with the number of the interrogatory to which it is responsive, at the time Defendants serve their responses to Plaintiff's interrogatories. When identifying documents, Defendants shall provide the following information with respect to such documents:

(1) a description of the document in sufficient detail to permit Plaintiff to locate and identify the document and to ascertain the answer to the interrogatory as readily as could Defendants;

(2) Any computerized information or summaries of such document; and

(3) Any relevant compilations, abstracts, or summaries in Defendants' custody or readily obtainable by Defendants.

D. No part of a discovery request shall be left unanswered merely because an objection is interposed to another part of the discovery request.

E. Where an objection is made to any interrogatory or any production request, or sub-part thereof, state with specificity all grounds for the objection. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure or applicable local rules, or any extensions thereof, shall be waived.

F.  Where a claim of privilege or work product is asserted in objecting to a discovery request, or sub-part thereof, the attorney asserting the privilege shall in the objection to the discovery request, or sub-part thereof, identify the nature of the privilege being claimed, and provide the following information:

    (1)    For documents:
        (a)    the type of document;
        (b)    general subject matter of the document;
        (c)    the date of the document; and
        (d)    such other information sufficient to identify the document for a subpoena *duces tecum*, including the author of the document, the addressee of the document, and the relationship of the author to the addressee.

    (2)    For oral communications:
        (a)    the name of the person making the communication, the names of persons present while the communication was made, and the relationship of these persons;
        (b)    the date and place of communication; and
        (c)    the general subject matter of the communication.

## INTERROGATORIES

### Interrogatory No. 19

Identify each computer hard drive or other electronic memory or storage device (including, without limitation, diskettes, CDs, DVDs, Jaz or Zip drives, disk or tape or other backup devices, electronic storage media, flash memory devices, or the like) in the possession, custody, or control of Mr. Zuckerberg, or on which Mr. Zuckerberg stored any information, from August 1, 2003 to the present, including but not limited to

the "600-800 hard drives, or other memory devices" referred to in paragraph 5 of the Affidavit of Nicholas J. Heyman, attached to "Facebook Defendants' (i) Opposition to ConnectU LLC's Motion to Compel the Production of Mirror Images of Defendants' Hard Drives and Other Electronic Memory Devices and Documents Created After May 21, 2004, and (ii) Cross-Motion for a Protective Order," and the present location and custodian of each device identified in response to this interrogatory.

**Interrogatory No. 20**

Identify each computer hard drive or other electronic memory or storage device (including, without limitation, diskettes, CDs, DVDs, Jaz or Zip drives, disk or tape or other backup devices, electronic storage media, flash memory devices, or the like) in the possession, custody, or control of Thefacebook, Inc. and/or any of the individual Defendants other than Mr. Zuckerberg, or on which any of them stored any information, from August 1, 2003 to the present, including but not limited to the "600-800 hard drives, or other memory devices" referred to in paragraph 5 of the Affidavit of Nicholas J. Heyman, attached to "Facebook Defendants' (i) Opposition to ConnectU LLC's Motion to Compel the Production of Mirror Images of Defendants' Hard Drives and Other Electronic Memory Devices and Documents Created After May 21, 2004, and (ii) Cross-Motion for a Protective Order," and the present location and custodian of each device identified in response to this interrogatory.

**Interrogatory No. 21**

Identify each of the persons that have provided website hosting services; website server services or server capacity; electronic storage services; storage servers or electronic storage capacity; electronic archive services; or other data processing services or

capacity, and specify the services provided by each such person, for thefacebook.com website from February 4, 2004 to the present.

**Interrogatory No. 22**

Identify all third party websites or other public domain sources that contained or embodied any of the numbered elements identified in response to Defendants' Interrogatory No. 2 prior to February 4, 2004, and for each such website or other public domain source identified in response to this interrogatory, identify the numbered element identified in response to Defendants' Interrogatory No. 2 that was contained or embodied therein prior to February 4, 2004, and state the basis for such assertion.

**Interrogatory No. 23**

Identify all investments in Thefacebook, Inc. and/or thefacebook.com website, including without limitation the name of each investor; the amount of each investor's investment; the percentage of Thefacebook, Inc.'s shares, assets, or other ownership interest owned or held by each investor; the value of Thefacebook, Inc. and/or thefacebook.com website estimated by or for each investor (and state the basis for asserting such value); all documents concerning or memorializing each investment; all documents concerning or memorializing negotiations with any actual or potential investor; all documents concerning or constituting presentations made to or by actual or potential investors in Thefacebook, Inc. and/or thefacebook.com website; and all documents prepared by or on behalf of Thefacebook, Inc., or prepared by on behalf of any investor, concerning or constituting any financial projections, revenue projections, profit or loss projections, and/or cash flow projections for Thefacebook, Inc. and/or thefacebook.com website.

Dated: August 31, 2005

Respectfully submitted,

*Troy E. Grabow* (signature)
Jonathan M. Gelchinsky (BBO #656282)
Lawrence R. Robins (BBO #632610)
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Tel: (617) 452-1600
Fax: (617) 452-1666

jon.gelchinsky@finnegan.com
larry.robins@finnegan.com


John F. Hornick, *Pro Hac Vice*
Margaret A. Esquenet, *Pro Hac Vice*
Troy E. Grabow, *Pro Hac Vice*
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 408-4000
Fax: (202) 408-4400

Attorneys for Plaintiff
ConnectU LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing PLAINTIFF AND COUNTERCLAIM DEFENDANTS' SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS and PLAINTIFF AND COUNTERCLAIM DEFENDANTS' SECOND SET OF INTERROGATORIES (NOS. 19-23) were served by facsimile and/or Federal Express overnight courier on August 31, 2005 to the following:

Daniel K. Hampton, Esq.
HOLLAND & KNIGHT, LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116
617.523.6850 (Fax and FedEx)

Robert B. Hawk, Esq.
HELLER EHRMAN, LLP
275 Middlefield Road
Menlo Park, CA 94025
650.324.0638 (Fax only)

Steven M. Bauer, Esq.
PROSKAUER ROSE LLP
One International Place, 14th Floor
Boston, MA 02110-2600
617.526.9899 (Fax only)

Joshua H. Walker, Esq.
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
650.614.7401 (Fax and FedEx)

By: /s/ E. Patricia Hart
E. Patricia Hart