# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>    Defendants.<br><br>MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>    Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>    Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>    Additional Counterdefendants. | CIVIL ACTION NO. 1:04-CV-11923 (DPW) |

**FACEBOOK DEFENDANTS' RESPONSES TO PLAINTIFF'S AND COUNTERCLAIM DEFENDANTS' SECOND SET OF INTERROGATORIES (NOS. 19-23)**

Defendants Mark Zuckerberg, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and TheFacebook, Inc. (the "Facebook Defendants") hereby collectively respond to Second Set of Interrogatories (Nos. 19-23) of Plaintiff and Counterclaim Defendant ConnectU and additional Counterdefendants Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra (collectively "Plaintiff") as follows:

CONFIDENTIAL INFORMATION

-1-

DOCSSV1:424814.3

## GENERAL RESPONSES AND OBJECTIONS

The Facebook Defendants have not completed their investigation of this case and have not completed discovery or preparation for trial. The responses contained herein are based only on such information as is presently available to and specifically known to the Facebook Defendants. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, and additional meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses herein set forth.

The following responses are given without prejudice to the Facebook Defendants' right to produce evidence of any subsequently discovered fact or facts that the Facebook Defendants may later develop. The responses contained herein are made in a good faith effort to supply as much factual information as is presently known, but should in no way lead to the prejudice of the Facebook Defendants in relation to further discovery, research or analysis.

The Facebook Defendants object to these interrogatories to the extent that they seek information or documents falling within the scope of the attorney-client, work product, and/or other privileges, or information or documents containing or reflecting the mental impressions, conclusions or opinions, or legal theories of the Facebook Defendants' attorneys or other representatives concerning the pending action.

The Facebook Defendants object to these interrogatories to the extent they seek (a) information unavailable to the Facebook Defendants; or (b) information in the public domain and/or equally available to Plaintiff's counsel; or (c) information already within Plaintiff's possession or knowledge.

The Facebook Defendants object to these interrogatories because Plaintiff has failed to sufficiently identify its trade secrets; as a result The Facebook Defendants have filed a motion

for a protective order, which is pending before this Court. In addition, the Facebook Defendants object to these interrogatories to the extent they request post-May 21, 2004 financial documents, as these documents also are the subject of the Facebook Defendant's motion for a protective order.

The Facebook Defendants object to these interrogatories to the extent that they impose obligations that exceed the scope of the Federal Rules of Civil Procedure, including without limitation, the maximum number of interrogatories permitted under Rule 33(a). The Facebook Defendants object to these interrogatories to the extent that they contain numerous subparts an pose multiple questions. Any undertaking by the Facebook Defendants to respond to each of these interrogatories shall not constitute a waiver of the Facebook Defendants to object on Rule 33(a) grounds to these interrogatories or to any other interrogatories propounded by Plaintiff.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 19:

Identify each computer hard drive or other electronic memory or storage device (including, without limitation, diskettes, CDs, DVDs, Jaz or Zip drives, disk or tape or other backup devices, electronic storage media, flash memory devices, or the like) in the possession, custody, or control of Mr. Zuckerberg, or on which Mr. Zuckerberg stored any information, from August 1, 2003 to the present, including but not limited to the "600-800 hard drives, or other memory devices" referred to in paragraph 5 of the Affidavit of Nicholas J. Heyman, attached to "Facebook Defendants' (i) Opposition to ConnectU LLC's Motion to Compel the Production of Mirror Images of Defendants' Hard Drives and Other Electronic Memory Devices and Documents Created After May 21, 2004, and (ii) Cross-Motion for a Protective Order," and the present location and custodian of each device identified in response to this interrogatory.

### RESPONSE TO INTERROGATORY NO. 19:

In addition to the General Objections set forth above, the Facebook Defendants object to this Interrogatory as unduly burdensome and overly broad, including as to the time period and the number of "hard drives, or other memory devices" sought. The Facebook Defendants further object to this Interrogatory as vague and ambiguous, including the phrase, "[i]dentify each computer hard drive." The Facebook Defendants also object to this Interrogatory as unduly burdensome and harassing to the extent it would require taking hard drives off-line and shutting down thefacebook.com website to identify "600-800 hard drives, or other memory devices." The Facebook Defendants also object to this Interrogatory on the ground that it is compound and calls for information that is neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence. The Facebook Defendants also object to this Interrogatory to the extent that it calls for the Facebook Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving any general or specific objections, the Facebook Defendants respond as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, the Facebook Defendants refer Plaintiff to document pages TFB000052 through TFB000055 (attached), which list serial numbers for various hard drives.

### INTERROGATORY NO. 20:

Identify each computer hard drive or other electronic memory or storage device (including, without limitation, diskettes, CDs, DVDs, Jaz or Zip drives, disk or tape or other backup devices, electronic storage media, flash memory devices, or the like) in the possession, custody, or control of Thefacebook, Inc. and/or any of the individual Defendants other than Mr. Zuckerberg, or on which any of them stored any information, from August 1, 2003 to the present, including but not limited to the "600-800 hard drives, or other memory devices" referred to in

paragraph 5 of the Affidavit of Nicholas J. Heyman, attached to "Facebook Defendants' (i) Opposition to ConnectU LLC's Motion to Compel the Production of Mirror Images of Defendants' Hard Drives and Other Electronic Memory Devices and Documents Created After May 21, 2004, and (ii) Cross-Motion for a Protective Order," and the present location and custodian of each device identified in response to this interrogatory.

### RESPONSE TO INTERROGATORY NO. 20:

In addition to the General Objections set forth above, the Facebook Defendants object to this Interrogatory as unduly burdensome and overly broad, including as to the time period and the number of "hard drives, or other memory devices" sought. The Facebook Defendants further object to this Interrogatory as vague and ambiguous, including the phrase, "[i]dentify each computer hard drive." The Facebook Defendants also object to this Interrogatory as unduly burdensome and harassing to the extent it would require taking hard drives off-line and shutting down thefacebook.com website to identify "600-800 hard drives, or other memory devices." The Facebook Defendants also object to this Interrogatory on the ground that it is compound and calls for information that is neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence. The Facebook Defendants also object to this Interrogatory to the extent that it calls for the Facebook Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. Without waiving any general or specific objections, the Facebook Defendants respond as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, the Facebook Defendants refer Plaintiff to document pages TFB000052 through TFB000055 (attached), which list serial numbers for various hard drives.

### INTERROGATORY NO. 21:

Identify each of the persons that have provided website hosting services; website server

services or server capacity; electronic storage services; storage servers or electronic storage capacity; electronic archive services; or other data processing services or capacity, and specify the services provided by each such person, for thefacebook.com website from February 4, 2004 to the present.

**RESPONSE TO INTERROGATORY NO. 21:**

In addition to the General Objections set forth above, the Facebook Defendants object to this Interrogatory as compound, and seeking information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. The Facebook Defendants also object to this Interrogatory to the extent that it calls for the Facebook Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information. The Facebook Defendants further object to this Interrogatory as over broad and unduly burdensome as to the breadth of "services" inquired about. The Facebook Defendants also object to this Interrogatory as vague and ambiguous, including the terms: "website hosting services; website server services or server capacity; electronic storage services; storage servers or electronic storage capacity; electronic archive services; or other data processing services or capacity." Without waiving these specific or general objections set forth, the Facebook Defendants identify Terremark Worldwide Inc. (space for servers), Equinix, Inc. (space for servers), Managed Solutions Group, Inc. (server), Limelight Networks (website hosting bandwidth and content distribution), Layer42 Networks (website hosting bandwidth), and OnFiber Communications, Inc. (website hosting bandwidth). Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, the Facebook Defendants also refer Plaintiff to agreements already produced by the Facebook Defendants.

## INTERROGATORY NO. 22:

Identify all third party websites or other public domain sources that contained or embodied any of the numbered elements identified in response to Defendants' Interrogatory No. 2 prior to February 4, 2004, and for each such website or other public domain source identified in response to this interrogatory, identify the numbered element identified in response to Defendants' Interrogatory No. 2 that was contained or embodied therein prior to February 4, 2004, and state the basis for such assertion.

## RESPONSE TO INTERROGATORY NO. 22:

In addition to the General Objections set forth above, the Facebook Defendants object to this Interrogatory on the basis that ConnectU has already identified other websites in the public domain that it looked at to develop its website. *See* Transcript of August 9, 2005 deposition of ConnectU LLC (146:9-147:23). The Facebook Defendants also object to this Interrogatory as compound, and seeking information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. The Facebook Defendants also object to this Interrogatory to the extent that it calls for premature expert testimony the Facebook Defendants' confidential, proprietary, commercially sensitive, and/or trade secret information and reserve the right to augment their response to this Interrogatory. The Facebook Defendants further object to this Interrogatory as over broad and unduly burdensome to the extent it is duplicative of Request for Production No. 178. The Facebook Defendants also object to this Interrogatory as vague and ambiguous, including the term: "contained or embodied." The Facebook Defendants further object to the extent this Interrogatory seeks information that is a matter of public record, is within the files and/or particular knowledge of Plaintiff and/or their agents, or is otherwise equally available to

CONFIDENTIAL INFORMATION

Plaintiff, based in part on the fact that Plaintiff's response to the Facebook Defendants' Interrogatory No. 2 is vague, ambiguous, unclear, and non-specific. Details regarding problems with Plaintiff's response to the Facebook Defendants' Interrogatory No. 2 are detailed in The Facebook Defendants' Memorandum In Support Of The Facebook Defendants' Motion To Compel Particularized Identification Of Trade Secrets In Response To The Facebook Defendants' Interrogatory No. 2 ("Motion to Compel"). Without waiving these specific and general objections set forth above, the Facebook Defendants refer Plaintiff to the Motion to Compel.

**INTERROGATORY NO. 23:**

Identify all investments in Thefacebook, Inc. and/or thefacebook.com website, including without limitation the name of each investor; the amount of each investor's investment; the percentage of Thefacebook, Inc.'s shares, assets, or other ownership interest owned or held by each investor, the value of Thefacebook, Inc. and/or thefacebook.com website estimated by or for each investor (and state the basis for asserting such value); all documents concerning or memorializing each investment; all documents concerning or memorializing negotiations with any actual or potential investor; all documents concerning or constituting presentations made to or by actual or potential investors in Thefacebook, Inc. and/or thefacebook.com website; and all documents prepared by or on behalf of Thefacebook, Inc., or prepared by on behalf of any investor, concerning or constituting any financial projections, revenue projections, profit or loss projections, and/or cash flow projections for Thefacebook, Inc. and/or thefacebook.com website.

**RESPONSE TO INTERROGATORY NO. 23:**

In addition to the General Objections set forth above, the Facebook Defendants object to this Interrogatory on the ground that it is compound and calls for information that is neither

relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence. The Facebook Defendants also object to this Interrogatory to the extent it calls for the Facebook Defendants' confidential, proprietary, commercially sensitive and/or trade secret information. The Facebook Defendants further object to this Interrogatory as overbroad, including as to time period and because it is duplicative of Interrogatory Nos. 2, 9, and 16. The Facebook Defendants also object to this Interrogatory as vague and ambiguous, including as to the terms: "investments," "other ownership interest," and "financial projections." Without waiving these specific or general objections set forth above, the Facebook Defendants respond as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, the Facebook Defendants refer Plaintiff to financial statements and business plan-related documents produced in response to Plaintiff and Counterclaim Defendants' First Request For the Production Of Documents And Things and Documents recently produced, including in response to Requests for Production Nos. 90-101 and 105-106. In addition, the Facebook Defendants state that an entity associated with Peter Thiel and entities and an individual associated with Accel Partners are significant holders of Preferred Stock in TheFacebook, Inc., whose name was changed to "Facebook, Inc." on September 30, 2005.

Dated: October 5, 2005.  Respectfully submitted,

                /s/ Robert D. Nagel
G. Hopkins Guy, III*
I. Neel Chatterjee*
Monte M.F. Cooper*
Joshua H. Walker*
Robert D. Nagel*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400
Facsimile: (650) 614-7401
hopguy@orrick.com
nchatterjee@orrick.com
mcooper@orrick.com
jwalker@orrick.com
rnagel@orrick.com

Steve M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE, LLP
One International Plaza, 14th Floor
Boston, MA 02110-2600
Telephone: (617) 526-9600
Facsimile: (617) 526-9899
sbauer@proskauer.com
joczek@proskauer.com

ATTORNEYS FOR MARK ZUCKERBERG, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.

* Admitted Pro Hac Vice

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>Defendants.<br><br>MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIUVYA NARENDRA,<br><br>Additional Counterdefendants. | CIVIL ACTION NO. 1:04-CV-11923 (DPW) |

## PROOF OF SERVICE

I am more than eighteen years old and not a party to this action. My place of employment and business address is 4 Park Plaza, Suite 1600, Irvine, CA 92614.

On October 5, 2005, I delivered to the below listed individuals the following documents:

1. **FACEBOOK DEFENDANTS' RESPONSES TO PLAINTIFF'S AND COUNTERCLAIM DEFENDANTS' SECOND SET OF INTERROGATORIES (NOS. 19-23)**

-1-

2. **FACEBOOK DEFENDANTS' RESPONSES TO PLAINTIFF'S AND COUNTERDEFENDANTS' SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS (NOS. 171-185)**

| ☒ | By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below before 5:00 p.m. on October 5, 2005. |
|---|---|
| ☒ | By transmitting via electronic mail, the document(s) listed above at Irvine, California, to the electronic mail addresses as set forth below on October 5, 2005. |
| ☒ | By placing a true and correct copy of the document(s) in a Federal Express envelope addressed as set forth below and then sealing the envelope, affixing a pre-paid Federal Express air bill, and causing the envelope to be delivered to a Federal Express agent for delivery. |

**John F. Hornick, Esq,**
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
1300 I Street, N.W.
Washington, D.C. 20005
Telephone: (202) 408-4000
Facsimile: (202) 408-4400
Email: john.hornick@finnegan.com

**Troy E. Grabow, Esq.**
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
1300 I Street, N.W.
Washington, D.C. 20005
Telephone: (202) 408-4000
Facsimile: (202) 408-4400
Email: troy.grabow@finnegan.com

| ☒ | By transmitting via electronic mail, the document(s) listed above at Irvine, California, to the electronic mail addresses as set forth below on October 5, 2005. |
|---|---|

**Robert B. Hawk, Esq.**
**Bhanu K. Sadasivan, Esq.**
Heller Ehrman, LLP
275 Middlefield Road
Menlo Park, CA 94025
Telephone: (650) 324-7000
Facsimile: (650) 324-0638
email: robert.hawk@hellerehrman.com
email: bhanu.sadasivan@hellerehrman.com

**Daniel K. Hampton, Esq.**
Holland & Knight, LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116
Telephone: (617) 523-2700
Facsimile: (617) 523-6850
email: dan.hampton@hklaw.com

**Lawrence R. Robins, Esq.**
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
55 Cambridge Parkway
Cambridge, MA 02142
Telephone: (617) 452-1600
Facsimile: (617) 452-1666
email: larry.robins@finnegan.com

**Johnathan M. Gelchinsky**
**Margaret A. Esquenet**
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
1300 I Street N.W.
Washington, DC 20005-3315
Tel. No. (617) 452-1600
Fax: (617) 452-1666
email: jon.gelchinsky@finnegan.com
email: margaret.esquenet@finnegan.com

Executed on October 5, 2005, at Irvine, California. I declare under penalty of perjury that the foregoing is true and correct.

_____
Valerie Cloyd