# EXHIBIT D

| | |
|---|---|
| 1 | Scott R. Mosko (State Bar No. 106070) |
| | scott.mosko@finnegan.com |
| 2 | FINNEGAN, HENDERSON, FARABOW, |
| | GARRETT & DUNNER, L.L.P. |
| 3 | Stanford Research Park |
| | 3300 Hillview Avenue |
| 4 | Palo Alto, California 94304 |
| | Telephone: (650) 849-6600 |
| 5 | Facsimile: (650) 849-6666 |
| 6 | Attorneys for Defendant |
| | ConnectU, LLC |
| 7 | |
| 8 | |
| 9 | UNITED STATES DISTRICT COURT |
| 10 | NORTHERN DISTRICT OF CALIFORNIA |
| 11 | SAN JOSE DIVISION |

| | | |
|---|---|---|
| 13 | FACEBOOK, INC., and MARK ZUCKERBERG, | CASE NO. C 07-01389 RS |
| 14 | | **DEFENDANT CONNECTU, LLC'S** |
| | Plaintiffs, | **SECOND REQUEST FOR THE** |
| 15 | | **PRODUCTION OF DOCUMENTS TO** |
| | v. | **PLAINTIFF FACEBOOK, INC.** |
| 16 | | |
| | CONNECTU LLC, (now known as | **(NOS. 27 - 38)** |
| 17 | CONNECTU, INC.), CAMERON | |
| | WINKLEVOSS, TYLER WINKLEVOSS, | |
| 18 | DIVYA NARENDRA, PACIFIC NORTHWEST | |
| | SOFTWARE, INC., WINSTON WILLIAMS, | |
| 19 | WAYNE CHANG, DAVID GUCWA, and | |
| | DOES 1-25, | |
| 20 | | |
| | Defendants. | |
| 21 | | |

Doc. No. 468419

DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS TO PLAINTIFF FACEBOOK, INC.

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | Defendant CONNECTU LLC |
| 2 | RESPONDING PARTY: | Plaintiff, FACEBOOK, INC. |
| 3 | SET NUMBER: | TWO (2) |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

Pursuant to Federal Rule of Civil Procedure 34, CONNECTU LLC ("CONNECTU") hereby directs FACEBOOK, INC. ("PLAINTIFF") to provide a sworn, written response to the following requests, and to produce for inspection and copying the DOCUMENTS and things described below within 30 days of the date of service of this request. The inspection shall take place in the offices of Finnegan, Henderson, Farabow, Garrett, & Dunner, L.L.P., 3300 Hillview Avenue, Palo Alto, CA 94304.

This request is governed by the following Definitions and Instructions:

## DEFINITIONS

1. "YOU" and "YOUR" mean the Plaintiff, Facebook, Inc., shall include Facebook's parent, subsidiary, affiliates, affiliates, predecessor or successor companies, if any, and its officers, directors, employees, attorneys, authorized agents, sales representatives, distributors, dealers or other persons acting or purporting to act on its behalf.

2. "DOCUMENT" and "WRITING" have the broadest meaning accorded those terms by the Federal Rules of Evidence. All preliminary and final drafts of any responsive writing must be produced.

3. "INDIVIDUAL" means a natural person.

4. "PERSON" and "PERSONS" mean any natural individual(s) in any capacity whatsoever or any entity or organization including divisions, subsidiaries, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau or department.

5. "COMMUNICATION" means all written, electronic, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations,

negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, computer mail, e-mail and all other DOCUMENTS evidencing any verbal or nonverbal interaction between persons and entities.

6. The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Requests.

7. The use of a verb in any tense shall be construed as including the use of the verb in all other tenses.

8. The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

9. "RELATE TO," "RELATES TO," "RELATING TO," "RELATED TO," "REFERRING TO," and "REGARDING" mean: relate, refer, regard, constitute, reflect, discuss, show, evidence, concern or be in any way logically or factually connected with the matter discussed or identified.

10. The terms "IDENTIFY" or "IDENTITY" when used in connection with an INDIVIDUAL means: state the INDIVIDUAL'S full name; his or her home and business addresses; his or her present employer; his or her position, title, or job description; and, if employed by YOU, the INDIVIDUAL'S dates and regular places of employment, and general duties.

11. The terms "IDENTIFY" or "IDENTITY" when used in connection with a company, corporation, association, partnership, joint venture, or any legal entity other than a natural PERSON means: state its full name and type of organization or entity; the address of its principal place of business, its date and place of incorporation; and identify its officers, directors, and managing agents.

12. The terms "IDENTIFY" or "IDENTITY" when used in connection with an oral statement means: state the name of the speaker; the date of the statement; the place at which the statement was made; the PERSON or PERSONS to whom the statement was addressed; if practicable, and otherwise a general description of the PERSONS to whom the statement was addressed; the subject matter or the statement; and if the statement was memorialized in writing or

mechanical or other recording, state the date and present location of said writing or mechanical or other recording.

13. The terms "IDENTIFY" or "IDENTITY" when used in connection with a written document or statement means: state the name of the author; the type of document or writing; the date; the addressee; or recipient, if practicable, and otherwise a general description of the PERSONS to whom the writing was distributed; the subject matter, and the present location. In lieu of such identification, YOU may attach a copy of the writing containing said written statement and refer thereto in YOUR answer.

## INSTRUCTIONS

1. Electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

2. Selection of DOCUMENTS from the files and other sources and the numbering of such DOCUMENTS shall be performed in such a manner as to insure that the source of each DOCUMENT may be determined, if necessary.

3. File folders with tabs or labels or directories of files identifying DOCUMENTS called for by these requests must be produced intact with such DOCUMENTS.

4. DOCUMENTS attached to each other shall not be separated.

5. Should YOU seek to withhold any DOCUMENT based on some limitation of discovery (including, but not limited to, a claim of privilege), supply a list of the DOCUMENTS for which limitation of discovery is claimed, indicating:

    a. The identity of each DOCUMENT'S author, writer, sender, or initiator.

    b. The identity of each DOCUMENT'S recipient, addressee, or PERSON for whom it was intended.

    c. The date of creation or transmittal indicated on each DOCUMENT or an estimate of that date, indicated as such, if not date appears on the DOCUMENT.

    d. The general subject matter as described on each DOCUMENT, or, if no such description appears, then some other description sufficient to identify the DOCUMENT; and

e. The claimed grounds for limitation of discovery (e.g., "attorney-client privilege").

6. If YOUR response to a particular demand is a statement that YOU lack the ability to comply with that demand, YOU must specify whether the inability to comply is because the particular item or category never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in YOUR possession, custody, or control, in which case the name and address of any PERSON known or believed by YOU to have possession, custody, or control of that DOCUMENT or category of DOCUMENT must be identified.

## DOCUMENTS TO BE PRODUCED

**REQUEST NO. 27:**

All documents and writings of any kind including those maintained in an electronic form regarding the names and locations of all servers owned and/or leased by the Facebook, Inc. ("Facebook"), Mark Zuckerberg ("Zuckerberg") (collectively "Plaintiffs"), and/or any of the Plaintiffs' predecessors, during all time periods relevant to this action.

**REQUEST NO. 28:**

All documents and writings of any kind including those maintained in an electronic form regarding the operators/hosts of all servers owned and/or leased by the Plaintiffs and/or any of the Plaintiffs' predecessors during all time periods relevant to this action.

**REQUEST NO. 29:**

All documents and writings of any kind including those maintained in an electronic form regarding the Plaintiffs' physical control over any of its servers, whether owned or leased, including but not limited to, documents demonstrating the Plaintiffs' ability to maintain or configure any of its servers, during all time periods relevant to this action.

**REQUEST NO. 30:**

All documents and writings of any kind including those maintained in an electronic form regarding the Plaintiffs' ability to access its servers, whether owned or leased, and method of accessing its servers during all time periods relevant to this action.

Doc. No. 468419

4

DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FACEBOOK, INC.

**REQUEST NO. 31:**

All documents and writings of any kind including those maintained in an electronic form regarding the Plaintiffs' service agreements with hosts of servers or Internet service providers during all time periods relevant to this action.

**REQUEST NO. 32:**

All documents and writings of any kind including those maintained in an electronic form regarding all email accounts provided by the Plaintiffs or by its servers/hosts, including documents evidencing the number of email accounts provided by the Plaintiffs or by its servers/hosts, during all time periods relevant to this action.

**REQUEST NO. 33:**

All documents and writings of any kind including those maintained in an electronic form regarding the bandwidth and/or data-transfer space available on all of Plaintiffs' servers, whether owned or leased, during all time periods relevant to this action.

**REQUEST NO. 34:**

All documents and writings of any kind including those maintained in an electronic form regarding the damages/harm suffered by the Plaintiffs as a result of the Defendants' alleged conduct, including, but limited to, damages/harm suffered as a result of any loss of network functionality, increased bandwidth usage, increased demand for personnel, and/or new equipment needs, during all time periods relevant to this action.

**REQUEST NO. 35:**

All documents and writings of any kind including those maintained in an electronic form demonstrating any financial hardship and/or expense suffered by the Plaintiffs due to the unsolicited emails allegedly sent by the Defendants.

**REQUEST NO. 36:**

All documents and writings of any kind including those maintained in an electronic form demonstrating the damages/harm suffered by the Plaintiffs as a result of the unsolicited emails allegedly sent by the Defendants, including, but not limited to, damages/harm related to bandwidth,

hardware, Internet connectivity, network integrity, overhead costs, fees, staffing, and/or equipment costs, during all time periods relevant to this action.

**REQUEST NO. 37:**

All documents and writings of any kind including those maintained in an electronic form regarding the existence of Plaintiffs' spam filters, or other technologies utilized to prevent spam and/or reduce the costs associated with spam, during all time periods relevant to this action.

**REQUEST NO. 38:**

All documents and writings of any kind including those maintained in an electronic form demonstrating how the Plaintiffs have been "adversely affected" by the Defendants' alleged conduct as that term is used in 15 U.S.C. § 7706(g)(1).

Dated: August 24, 2007

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.

By: _____
Scott R. Mosko
Attorneys for Defendant
ConnectU LLC

Doc. No. 468419

6

DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FACEBOOK, INC.