# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU, INC., | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. 1:07-cv-10593 (DPW) |
| | ) |
| v. | ) Related Action 1:04-cv-11923 (DPW) |
| | ) |
| FACEBOOK, INC., MARK ZUCKERBERG, | ) |
| EDUARDO SAVERIN, DUSTIN | ) |
| MOSKOVITZ, ANDREW MCCOLLUM, | ) |
| CHRISTOPHER HUGHES, AND | ) |
| THEFACEBOOK LLC, | ) |
| | ) |
| Defendants. | ) |

## LOCAL RULE 16.1(D) JOINT STATEMENT

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(D), Plaintiff ConnectU, Inc. ("ConnectU") and Defendants Facebook, Inc., Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and Thefacebook LLC (collectively "Defendants") provide the following joint statement to the Court.

ConnectU's predecessor (ConnectU LLC) and all Defendants except Thefacebook LLC were named parties to a previous case captioned *ConnectU LLC v. Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and TheFacebook, Inc.*, Civil Action No. 1:04-cv-11923 (herein referred to as the "related action").[1] This Court dismissed that action without prejudice on March 28, 2007.

---

[1] TheFacebook, Inc. was first named as a party in the Amended Complaint (R.A. Dkt. 13). Docket numbers cited herein from the related action are designated "R.A. Dkt. __". Defendants believe that the Amended Complaint was ineffective because of the Court's previous dismissal. ConnectU disagrees.

1

In an order dated March 28, 2007, Judge Woodlock stated that the refiled case is to be treated as a related matter pursuant to Local Rule 40.1(G). The Court further stated that it "anticipate[d] that under such circumstances case management concerns will result in proceedings effectively picking up where they were left off with this dismissal and previous discovery will be available with a view toward assuring that the case proceeds promptly to resolution."

## I. PROPOSED AGENDA FOR SCHEDULING CONFERENCE

The parties propose the following agenda for the scheduling conference:

1. the points covered by this joint statement;

2. Motions to Dismiss and to Stay: ConnectU and Defendants propose that the Court hear oral argument on Defendants' motions to dismiss pending in this action (Dkt. 16-18, 30) during the scheduling conference if the Court has not decided them by that time, and that the Court hear oral argument on Facebook Defendants' motion to stay (Dkt. 43) during the scheduling conference if the Court wishes to hear oral argument on the motion.

3. Discovery Motions in the Related Action

    a. ConnectU proposes that all motions pending in the related action on or after September 24, 2006, including motions filed by Defendants, shall be carried over to this action for decision (see Notice of Motions Filed By ConnectU Requiring Resolution, Dkt. 8). ConnectU sees no reason for decisions on such motions to be delayed by the pending motions to dismiss or motion to stay. Accordingly, ConnectU proposes that all such motions be discussed and/or argued at the scheduling conference. Many of those motions were argued March 3, 2006. (Id.)

    b. Defendants do not believe that carrying over the motions that were pending in the dismissed action is appropriate, particularly since when the Court denied all

2

such Motions it specifically stated it would only permit the motions to be re-docketed "if jurisdiction [was] found" or "if the case is not dismissed as recommended" (R.A. Electronic Minute Orders dated September 25, 2006 & March 2, 2007). *See also U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1998). In addition, Defendants believe that before any discovery motions should be heard, the motions to dismiss and the motion to stay should be resolved so that discovery can be framed. Further, should the Court decide to proceed with discovery, Defendants believe that should plaintiff's trade secret claim survive dismissal, that its earlier motion for protective order and to compel due to plaintiff's failure to sufficiently identify its trade secrets be heard and resolved before any other discovery motions. *See* R.A. Dkt Nos. 43, 63 and 91. These motions are of particular importance to Defendants, as Defendants believe that ConnectU's recent Complaint changes the nature of the trade secrets previously alleged in the earlier action. Resolution of these motions may substantially focus and narrow the case.

## II. STIPULATIONS OF THE PARTIES

The parties have stipulated to the following:

1. The Stipulated Protective Orders entered on May 26, 2005 and July 6, 2005 (R.A. Dkt. 25 and 35) in the related action shall be in effect as if entered in this case. They shall also extend and apply to deposition testimony and to documents and information produced in the related action or in this case by nonparties. The parties also agree that any discovery produced in the California case, *Facebook, Inc. v. ConnectU LLC, et al.*, Case No. 1 05 CV 047381, also may be used in this action, and vice versa.

2. Interrogatory answers, responses to document requests, and all other discovery, including documents produced and depositions, from the related action shall be carried over to this case with the same effect as if discovered and/or entered in this case.

3

3. The parties may serve as many Requests for Admission as needed for the authentication of documents. The number of Requests for Admission unrelated to authentication of documents is limited to twenty-five (25).

4. Depositions may be videotaped, and videotaped depositions may be submitted into evidence to the same extent that written deposition transcripts may be submitted into evidence, and each party shall bear the cost of copies of deposition videotapes.

### III. PROPOSED SCHEDULE AND OTHER ISSUES

1. Disclosures Under Local Rule 26.2(A)

   a. ConnectU contends that automatic disclosures required by Local Rule 26.2(A) were made by the parties in the related action and are not required in this case. ConnectU's disclosures would not change because the underlying causes of action and its claims have not changed and ConnectU has produced documents requested by Defendants in extensive discovery requests. To the extent that Defendants wish to supplement their disclosures, ConnectU does not object.

   b. Defendants contend that new automatic disclosures are required by Local Rule 26.2(A) because new parties and claims have been added.

2. Pursuant to Judge Collings' November 18, 2005 Order in the related action, all fact discovery including fact depositions shall be completed four months from the date of the last discovery order relating to any discovery motion carried over from the related action. All discovery requests must be served and all depositions must be scheduled so that all responses are due and all depositions are completed by the close of fact discovery, absent agreement by the parties. Requests for Admissions for purposes other than document authentication and contention interrogatories (a maximum of 25 per side) may be served no later than fourteen (14)

4

calendar days after the close of fact discovery, and responses thereto shall be due thirty (30) calendar days after service thereof. Requests for Admissions for purposes of document authentication shall be served so that responses are due no less than twenty (20) calendar days before the final pre-trial order is due.

3.  Discovery Requests

    a.  ConnectU contends that no additional Requests for the Production of Documents and Things or Interrogatories should be allowed. Each party reached the Local Rule 26.1(C) discovery event limitations in the related action.

    b.  Defendants contend that each party is entitled to twenty-five (25) additional Requests for Production of Documents.

4.  The parties met and discussed the production of electronically stored documents kept in the normal course of business, including e-mail. The parties agree to supplement their production of relevant electronically stored documents kept in the ordinary course of business, as necessary, and agree to preserve all such documents. Such stipulation is not intended to change the parties' positions relating to ConnectU's Motion to Compel the Production of Mirror Images of Defendants' Hard Drives and Other Electronic Memory Devices (R.A. Dkt. 37).

    a.  Defendants believe that under the new e-discovery rules that went into effect December, 2006, before ConnectU can demand production of mirror images of Defendants' hard drives, ConnectU must agree that it will produce its own hard-drives for mirror images in precisely the same form that it demands from Defendants.

    b.  ConnectU disagrees. The new rules contain no such requirements, such discovery of ConnectU is not parallel to the discovery sought by ConnectU's motion and would

only be for the purpose of increasing ConnectU's costs, and Defendants have no motion to compel such production.

5. Depositions

   a. Plaintiff believes that fact depositions on the merits should be limited to a total of twelve (12) depositions per side for the related action and this case combined, without leave of court. To date, Defendants have taken one deposition on the merits and ConnectU has taken no depositions on the merits. Each notice served pursuant to Fed. R. Civ. P. 30(b)(6) shall be counted as one (1) deposition..

   b. Defendants believe that fact depositions should be managed on an hours-basis rather than a per-witness basis. Defendants believe each side should be permitted ninety hours of depositions without leave of court.

6. Pursuant to Judge Collings' November 18, 2005 Order in the related action, reports from retained experts under Rule 26(a)(2) will be due from the party bearing the burden on a particular issue three weeks after the close of fact discovery, with rebuttal reports due thirty (30) calendar days later, and expert depositions are to be completed thirty (30) calendar days later.

7. Number of Experts to be Offered by the Parties

   a. ConnectU proposes that ConnectU and Defendants shall be limited to three experts per side on issues on which the party bears the burden. If a party believes that additional experts are required, that party may seek a stipulation from the other parties, or petition the Court for leave to offer testimony of additional experts.

   b. Defendants do not believe that a limitation on experts as ConnectU proposes is appropriate at this time. Plaintiff's Complaint asserts ten separate claims involving a

6

number of divergent, complex issues. Until this case is further framed, Defendants oppose an arbitrary limitation on the number of experts.

8. Supplementations under Rule 26(e) are due no later than ninety (90) calendar days before trial if the supplementation is related to damages and no later than thirty (30) calendar days before the close of fact discovery if the supplementation is related to liability.

9. Phased Discovery

    a. ConnectU does not believe phased discovery is necessary in this action, and that phasing discovery on liability and damages would further delay the resolution of this action, cause all parties unnecessary expense, and be inconsistent with the schedule proposed herein. Discovery on damages is also already well underway. ConnectU has provided all damages-related discovery requested by Defendants. Judge Collings granted ConnectU's motion to compel responses to damages related interrogatories (R.A. Dkt. 164). ConnectU's other motions to compel, which ConnectU asks to be carried over to this action, seek in part damages-related information.

    b. Defendants contend that damages discovery should be phased to occur after liability discovery is completed.

## IV. MOTIONS

1. Nondispositive motions, except trial-related motions, shall be filed by no later than fourteen (14) calendar days after the close of expert discovery.

2. Motions to join parties shall be filed no later than sixty (60) calendar days before the close of fact discovery.

3. Motions to amend the pleadings shall be filed no later than sixty (60) calendar days before the close of fact discovery.

4. Any party may file motions for summary adjudication or partial summary judgment at any time. Pursuant to Judge Collings' November 18, 2005 Order in the related action, the Court will set a deadline for completing the filing of summary judgment motions at a scheduling conference to be held after all fact and expert discovery is complete.

## V. SETTLEMENT

Pursuant to Local Rule 16.1(C), ConnectU provided a written settlement offer to Defendants on May 16, 2007. ConnectU believes that Defendants' mischaracterization of its settlement offer violates Federal Rule of Evidence 408. ConnectU believes that Court-ordered ADR would not be fruitful at this time.

Defendants do not believe that Plaintiff provided a meaningful settlement proposal in compliance with Local Rule 16.1(C). Further, in the Related Action, Defendants sought a Court order to compel a mediation or settlement conference. (R.A. Dkt. 145). Plaintiff refused. In particular, Defendant Saverin contends that the offer was not operative to him at all because it did not contain terms that were directed to him individually and would afford him the opportunity to settle on an individual basis.

## VI. MAGISTRATE JUDGE

The parties do not consent to trial by a magistrate judge at this time.

## VII. CERTIFICATIONS

Submitted herewith is ConnectU, Inc.'s Local Rule 16.1(D)(3) certification. Defendants will submit their Local Rule 16.1(D)(3) certifications in due course.

By: /G. Hopkins Guy, III/
G. Hopkins Guy, III (*pro hac vice*)
I. Neel Chatterjee (*pro hac vice*)
Monte M.F. Cooper (*pro hac vice*)
Theresa A. Sutton (*pro hac vice*)
ORRICK, HERRINGTON &
SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

Steve M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE, LLP
One International Plaza, 14th Floor
Boston, MA 02110-2600
Telephone: (617) 526-9600
Facsimile: (617) 526-9899

Attorneys For Defendants Facebook, Inc., Mark Zuckerberg, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and Thefacebook, LLC

DATED: May 23, 2007

By: /Daniel K. Hampton/
Daniel K. Hampton (BBO# 634195)
Gordon Katz (BBO# 261080)
HOLLAND & KNIGHT, LLP
10 St. James Avenue
Boston, MA 02116
Telephone: (617) 523-2700
dan.hampton@hklaw.com
gordon.katz@hklaw.com

Attorneys For Defendant Saverin

DATED: May 23, 2007

By: /John F. Hornick/
John F. Hornick (*pro hac vice*)
Margaret A. Esquenet (*pro hac vice*)
Meredith H. Schoenfeld (*pro hac vice*)
Daniel P. Kaufman (BBO# 663535)
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 408-4000
Fax: (202) 408-4400

Daniel P. Tighe (BBO# 556583)
Scott McConchie (BBO# 634127)
GRIESINGER, TIGHE, & MAFFEI, L.L.P.
Boston, MA 02110
Telephone: (617) 603-0918
Facsimile: (617) 542-0900
dtighe@gtmllp.com
smcconchie@gtmllp.com

Attorneys for Plaintiff
ConnectU, Inc.

DATED: May 23, 2007

SO ORDERED:

_____
Douglas P. Woodlock
UNITED STATES DISTRICT JUDGE

Dated: _____

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 23, 2007.

/s/ John F. Hornick
John F. Hornick