| | |
|---|---|
| 1 | Scott R. Mosko (State Bar No. 106070) |
| 2 | FINNEGAN, HENDERSON, FARABOW,<br>  GARRETT & DUNNER, L.L.P. |
|   | Stanford Research Park |
| 3 | 3300 Hillview Avenue |
|   | Palo Alto, California 94304 |
| 4 | Telephone:    (650) 849-6600 |
|   | Facsimile:    (650) 849-6666 |
| 5 | |
| 6 | Attorneys for Defendants |
|   | ConnectU LLC., Pacific Northwest |
| 7 | Software, Inc., Winston Williams, and |
|   | Wayne Chang |
| 8 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FACEBOOK, INC. and MARK ZUCKERBERG, | | CASE NO. C 07-01389 RS |
| | Plaintiffs, | **DEFENDANTS' CIVIL L.R. 6-3 MOTION FOR ORDER ENLARGING TIME TO OPPOSE PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT; DECLARATION OF SCOTT R. MOSKO; AND [PROPOSED] ORDER** |
| v. | | |
| CONNECTU LLC, (now known as CONNECTU INC.) ET AL., | | |
| | Defendants. | Courtroom: 4<br>Mag. Judge: Hon. Richard Seeborg |
| | | **(Filed Concurrently With Defendants' Rule 56(f) Motion for Discovery Necessary to Oppose Plaintiffs' Motion for Partial Summary Judgment and Supporting Declaration of Scott R. Mosko)** |

# CIVIL L. R. 6-3 MOTION FOR ORDER ENLARGING TIME

Defendants respectfully move this Court pursuant to Civil L.R. 6-3 for an order enlarging the time in which Defendants shall file their opposition to Plaintiffs' Motion for Partial Summary Judgment, filed on January 7, 2008, and currently scheduled for hearing on February 13, 2008. This application also seeks a postponement of this hearing. Filed concurrently with this Civil L.R. 6-3 Application is a formal motion seeking relief pursuant to Fed. R. Civ. P. 56(f). Defendants essentially seek an order that their Rule 56(f) motion be heard prior to their having to oppose Plaintiffs' recently-filed summary judgment motion.

Pursuant to Fed. R. Civ. P. 56(f), Defendants seek additional time to conduct discovery necessary to oppose Plaintiffs' motion. As shown below, Plaintiffs have prevented Defendants from completing their discovery as it concerns the issues raised in the summary judgment motion. Plaintiffs' discovery stalling activities include (1) their failure to timely respond to discovery requests, (2) their long overdue production of documents, some of which were served two days after their summary judgment motion was filed, and (3) their November 2007 production of hard drives, the contents of which will exculpate Defendants from all of the asserted claims. Each of these stalling activities above support the accompanying Rule 56(f) request. Because the review of recently-produced documents and hard drives and the necessary follow-up discovery cannot occur before Defendants' opposition to the summary judgment motion is due, this Civil L.R. 6-3 application is appropriate and should be granted.

On January 7, 2008, Plaintiffs filed a Motion for Partial Summary Judgment with the Court. Plaintiffs' summary judgment motion requests in part, that the Court find that Defendants have violated California Penal Code § 502(c) and that Defendants ConnectU, Inc. ("ConnectU") and Pacific Northwest Software, Inc. ("PNS") have violated the CAN-SPAM Act, 15 U.S.C. §§ 7704(a)(1). Plaintiffs' motion for summary judgment, however, is premature. If heard before Defendants complete necessary discovery, which Plaintiffs have effectively delayed for at least 4 months regarding one set of discovery requests, and nearly two years regarding a different set of discovery requests, Defendants' due process rights will be violated. *Incredibly, two days after Plaintiffs filed their summary judgment motion, they produced 80+ documents in response to*

*discovery requests propounded by Defendants in August.* Even more surprisingly, some of these recently-produced documents are relied upon and cited in Plaintiffs' expert's declaration, filed in support of Plaintiffs' motion. These documents, combined with an expected Rule 30(b)(6) deposition, which Defendants will notice after they have had sufficient time to digest this recent production, will not only negate many assertions in Plaintiffs' summary judgment motion, they will support summary judgment in favor of Defendants. The timing of this production proves Plaintiffs are trying to avoid the effects of this evidence by rushing forward with their summary judgment motion before Defendants have had a chance to review the evidence, and conduct further discovery that will vindicate their position. Rule 56(f) was designed specifically to avoid this gamesmanship demonstrated by Plaintiffs.

As the accompanying Rule 56(f) Motion establishes, during the summer months of 2007, Defendants propounded detailed discovery requests concerning the operation of Plaintiffs' servers and systems that control the websites in question in this action. (*See* Mosko Declaration in Support of the Rule 56(f) Motion concurrently filed with this Civil L.R. 6-3 Application, at Exhibit D) Instead of timely responding to these requests, Plaintiffs initiated a game of stall tactics. Plaintiffs took over 3 months before they produced a single new document, and then another month and a half to make another production. (*See Id.*: Exhibits M and P.) Then, Plaintiffs effectively blocked Defendants from noticing the appropriate depositions regarding this production by asserting their production was incomplete, and that further productions would occur on a "rolling basis". (*See Id.*: Exhibits G, H, L. M. and N.) Defendants communicated with Plaintiffs no less than 5 times requesting that they confirm the production was completed, or produce all responsive documents. Each time Plaintiffs insisted their production was not complete. (*Id.*)

Further discovery delays occasioned by Plaintiffs have prevented Defendants from discovering other key evidence relevant to the issues before this Court. In response to discovery requests propounded in 2005, Plaintiffs finally identified the hard drives that were utilized in certain computers owned by principals of Thefacebook, Inc. in 2004. Plaintiffs did not produce these hard drives until late in 2007. (*See Id.*: Exhibit K) These hard drives include key evidence relevant to the issues in this case, which evidence will exculpate Defendants from many if not all of the claims

asserted in this action, and will support additional counterclaims against Plaintiffs. One key piece of evidence found in these hard drives, that Plaintiffs have effectively hid from Defendants for over two years, strongly suggests that Plaintiff Mark Zuckerberg attempted to hack into Defendant's website, www.connectu.com. Defendants should be entitled to fully analyze these hard drives and thereafter pursue appropriate discovery, including the noticing and taking of at least two depositions. (*See Id.* at ¶ 17.)

Additional reasons support Defendants' Rule 56(f) application and this Civil L.R. 6-3 request. Plaintiffs' motion for summary judgment includes an expert's declaration. Plaintiffs have never disclosed the existence of this expert until this motion was filed. Six exhibits are attached to this declaration, three of which have <u>never</u> been produced by Plaintiffs despite the fact that they appear to be responsive to many of Defendants' previously-propounded document requests. Approximately 60 additional documents were lodged in support of Plaintiffs' motion. Plaintiffs' motion for summary judgment should be postponed at least until the three supporting declarations can be digested, and after Plaintiffs produce their expert and the factual declarant for deposition, which Defendants will notice once the declarations and the exhibits have been fully reviewed.

Further, at least with respect to recently added Defendants David Gucwa and Wayne Chang, insufficient time has elapsed to enable them to fully understand the claims asserted against them, and prepare their defenses. Plaintiffs have known about these Defendants for several years, but only recently decided to bring them into the case. These Defendants should not be prejudiced by having to respond to a massive summary judgment motion filed only 4 months after they entered an appearance.

Because the discovery identified above and in the accompanying Rule 56(f) motion cannot be completed prior to Defendants' deadline pursuant to Civil L.R. 7-3 to respond to Plaintiff's summary judgment motion, Defendants respectfully move this Court for an order postponing the hearing and the filing of the opposition to Defendants' motion for summary judgment. Defendants cannot adequately respond to Plaintiffs' summary judgment motion without at least the above mentioned discovery described in the Rule 56(f) Motion.

Counsel for Defendants requested that Plaintiffs agree to this postponement on two occasions. Plaintiffs sent a non-responsive correspondence to Defendants' initial response, and failed to respond to Defendants' second request to postpone the summary judgment activities, which has necessitated this Civil L.R. 6-3 application. (*See* Exhibits 1 and 2 attached hereto)

Respectfully submitted,

Dated: January 10, 2008

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.

By: /s/
Scott R. Mosko
Attorneys for Defendants
ConnectU, LLC, Pacific Northwest
Software, Inc., Winston Williams, and
Wayne Chang

## DECLARATION OF SCOTT R. MOSKO

I, Scott R. Mosko declare,

1. I am an attorney duly licensed to practice law in the state of California and before the Northern District of California. I am a member of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, attorneys of record for Defendants ConnectU, Winston Williams and Pacific Northwest Software, Inc. The matters referred to in this declaration are based on my personal knowledge and if called as a witness I could, and would, testify competently to those matters.

2. Attached as Exhibits 1 and 2 are the correspondence exchanged between the parties concerning Defendants' requests that Plaintiffs agree to an extension of time and/or postpone the briefing and hearing on their motion for summary judgment. Plaintiffs refused Defendants' requests.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed in Palo Alto, California on January 10, 2008.

/s/
Scott R. Mosko

| | |
|---|---|
| 1 | **[Proposed] Order** |
| 2 | Upon good cause shown, it is hereby ordered that Defendant's Rule 56(f) Motion for |
| 3 | Discovery Necessary to Oppose Plaintiff's Partial Motion for Summary Judgment Motion shall be |
| 4 | removed from the court's calendar. During the currently-scheduled Case Management Conference, |
| 5 | the Court will set a schedule that will allow for Defendants to take the discovery they believe is |
| 6 | necessary to oppose this motion, and will thereafter set a briefing schedule and a hearing date for |
| 7 | mutual motions for summary judgment. |

Dated: January __, 2008

_____
The Honorable Richard Seeborg,
United States Magistrate Judge