| | |
|---|---|
| 1 | G. HOPKINS GUY, III (State Bar No. 124811) |
| | hopguy@orrick.com |
| 2 | I. NEEL CHATTERJEE (State Bar No. 173985) |
| | nchatterjee@orrick.com |
| 3 | MONTE COOPER (State Bar No. 196746) |
| | mcooper@orrick.com |
| 4 | THERESA A. SUTTON (State Bar No. 211857) |
| | tsutton@orrick.com |
| 5 | YVONNE P. GREER (State Bar No. 214072) |
| | ygreer@orrick.com |
| 6 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 1000 Marsh Road |
| 7 | Menlo Park, CA  94025 |
| | Telephone:   650-614-7400 |
| 8 | Facsimile:    650-614-7401 |

Attorneys for Plaintiffs
THE FACEBOOK, INC. and MARK ZUCKERBERG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE FACEBOOK, INC. and MARK ZUCKERBERG, | Case No.  5:07-CV-01389-RS |
| Plaintiffs, | **JOINT CASE MANAGEMENT CONFERENCE** |
| v. | Date:      January 16, 2008 |
| CONNECTU, INC. (formerly known as CONNECTU, LLC), PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, WAYNE CHANG, and DAVID GUCWA, | Time:      9:30 a.m. |
| | Judge:     Honorable Richard Seeborg |
| Defendants. | |

OHS West:260367340.1

JOINT CMC STATEMENT
5:07-CV-01389-RS

This Court has set a Case Management Conference for January 16, 2008. At the time the previous Joint Case Management Conference Statement was filed, the case was not fully at issue as numerous parties were challenging jurisdiction. Plaintiffs believe the case is now at issue for all parties to the case. Some of the Defendants however will likely request leave to file affirmative counterclaims in light of the discovery recently produced by Plaintiffs. This is discussed in detail below. In any event, in light of this discovery, Defendants do not believe the case is "at-issue" as the pleadings that frame the issues to be tried will likely change. Discovery has been occurring in the interim.

## I. JURISDICTION AND SERVICE

Plaintiffs contend that this Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. §§ 1331, 1332, and 1367, and that venue is proper under 28 U.S.C. § 1391. All named defendants have been served with the Second Amended Complaint. *See* Dkt. No. 76.

## II. FACTS

The Parties believe that the issues, facts, and parties (including who has answered and who may still challenge jurisdiction), have been presented in detail in other pleadings. Plaintiffs assert that that many of the key facts are set forth in plaintiffs' currently pending summary judgment motion. Defendants dispute that Plaintiffs' pending motion for summary judgment accurately sets forth the facts. The parties will be prepared to discuss the factual allegations of the case, if necessary, at the conference.

## III. LEGAL ISSUES

1. Did Defendants violate California Penal Code § 502(c)?
2. Did Defendants engage in common law misappropriation/unfair competition?
3. Did Defendants violate Massachusetts General Law § 93A?
4. Did defendants violate the CAN SPAM Act, 15 U.S.C. § 7704?
5. Did defendants violate the Computer Fraud and Abuse Act, 18 U.S.C. § 1030?
6. What damages, if any, are available to Defendants in the event a claim is successful?
7. Do one or more of the affirmative defenses in Defendants' Answer bar any or all of Plaintiffs' claims?

8. In light of the discovery Plaintiffs recently produced as a result of an order compelling such production, should Defendants be entitled to amend their answer to assert affirmative counterclaims?

IV. **MOTIONS**

**Resolved Motions**.

1. Defendant ConnectU filed a Demurrer on October 25, 2005; the demurrer was overruled.

2. Cameron Winklevoss, Tyler Winklevoss, Divya Narendra, Howard Winklevoss, filed a Motion to Quash because the Court lacked personal jurisdiction on October 25, 2005, which was granted.

3. Defendant ConnectU filed a Motion to Stay on September 6, 2006, which was denied.

4. Both parties filed various motions to compel discovery in Superior Court, prior to this case's removal to this Court. Facebook's motion to compel further responses to document requests was pending at the time ConnectU removed this action to this Court.

5. Facebook filed a Motion for Leave to File a First Amended Complaint on January 23, 2007, which was granted.

6. ConnectU filed a Motion to Dismiss pursuant to Federal Rule 12(b)(6) on March 21, 2007, which was granted-in-part.

7. Facebook filed, on April 4, 2007, a Local Rule 6-3 motion to enlarge the time required for it to respond to Pacific Northwest Software and Williams' Motion to Dismiss, which was granted.

8. Facebook filed a Motion for Expedited Discovery on April 5, 2007, which was granted. Facebook filed, on April 9, 2007, a Motion to Reschedule the June 20, 2007, CMC, which was denied.

9. ConnectU filed, on June 5, 2007, a Local Rule 6-3 motion to enlarge time to respond to the Second Amended Complaint, which was granted-in-part.

10. Plaintiffs filed a Motion to Strike the Affirmative Defenses of ConnectU, Inc. on July 10, 2007, which this Court denied on August 14, 2007.

11. Defendants Pacific Northwest Software and Winston Williams filed a Motion to Dismiss for Lack of Personal Jurisdiction on March 21, 2007, which was denied on August 13, 2007.

12. Plaintiffs filed a Motion for Sanctions on August 22, 2007, which the Court denied on November 30, 2007.

13. Defendants Winklevoss and Narendra filed a Motion to Dismiss on September 5, 2007, which was granted on November 30, 2007.

14. Plaintiffs filed a Motion to Compel Defendants Pacific Northwest Software and Winston Williams to Provide further Responses to Interrogatories Nos. 3-4, which this Court granted on December 12, 2007.

15. On December 18, 2007, Finnegan, Henderson, Farabow, Garrett & Dunner ("Finnegan") filed a Motion to Withdraw as Counsel for Defendant Winston Williams, setting the matter for hearing on January 23, 2008. Plaintiffs responded to this motion on January 2, 2008. The same day, Williams executed a declaration, which was not received by Plaintiffs until January 5, 2008. On January 7, 2008, Plaintiffs advised the Court of the Declaration, and indicated that they may seek remedial relief as a result of their filing an unnecessary Response to the Motion. Later in the day on January 7, 2008, Finnegan withdrew the Motion to Withdraw.

16. Finnegan filed, on December 18, 2007, a Local Rule 6-3 motion to shorten time to withdraw as counsel for Defendant Winston Williams, which this Court denied on December 21, 2007.

**Pending Motions**

1. On January 7, 2008, Plaintiffs filed a Motion for Partial Summary Judgment Re Defendants' Liability Pursuant to California Penal Code Section 502(c) and 15 U.S.C. § 7704(a)(1) and 15 U.S.C. § 7704(b)(1), which has been noticed for hearing on February 13, 2008.

2. On January 7, 2008, Plaintiffs filed a Motion to Seal Portions of Their Motion for Partial Summary Judgment Re Defendants' Liability Pursuant to California Penal Code Section 502(c) and 15 U.S.C. § 7704(a)(1) and 15 U.S.C. § 7704(b)(1), the Declaration of Chris Shiflett

1  in Support Thereof Including Exhibits 1-3; and Exhibits 1, 2 and 4 to the Declaration of Monte M.F. Cooper in Support Thereof.

3. On January 10, 2008, Defendants filed a Motion Pursuant to Fed.R.Civ. P. 56(f) regarding Plaintiffs' Motion for Partial Summary Judgment, which has been set for hearing on February 20, 2008.

4. On January 10, 2008, Defendants filed a Civil L.R. 6-3 application to enlarge the briefing time for the opposition to Plaintiffs' Motion for Partial Summary Judgment.

**Anticipated Motions**

<u>Plaintiffs' Position</u>: Plaintiffs' believe that a discovery conference may assist in quickly resolving the numerous discovery disputes with defendants. In the event the Court prefers standard motions practice, Plaintiffs expect to file Motions to Compel shortly with respect to the following issues a) Defendants Chang's, Williams', ConnectU's, and PNS' responses to interrogatories, and b) Chang's, PNS' and Williams' responses to Requests for Production of Documents. Plaintiffs also will file a further motion to compel and/or for contempt due to PNS' and Williams' failure to comply with the Court's December 13, 2007, and December 21, 2007 Orders, and may seek various remedies including (but not limited to) evidence preclusion, forensic recovery of information associated with programs employed by Defendants, and/or terminating sanctions.

Plaintiffs also may file a motion for reimbursement of its fees/costs associated with opposing Finnegan's Motion to Withdraw.

Plaintiffs also may file one or more additional motions for summary judgment.

Defendants' statement below regarding an order to compel issued in the Massachusetts action regarding Mark Zuckerberg and Adam D'Angelo is inaccurate.

<u>Defendants' Position</u>: As a result of a Court order issued in the Massachusetts action, Plaintiffs' principals, including Mark Zuckerberg and Adam D'Angelo were compelled to produce additional documents and things, including computer code they used in 2004 and 2005. The initial discovery seeking this information was propounded in 2005. Plaintiffs recently produced the computer code. (Once the California action was filed, the parties agreed that the

discovery propounded in the Massachusetts case would be assumed to have been made in the California case, and vice-versa.) The preliminary investigation of this code shows that Plaintiffs' principals were involved in a scheme to hack into www.connectu.com, a clear violation of some of the very statutes asserted in the Second Amended Complaint. Once Defendants complete their analysis of this code, and perhaps take additional discovery, Defendants will likely file a motion for leave to file an affirmative counterclaim regarding these and other facts that are discovered. Additionally, once Plaintiffs are compelled to produce all responsive documents to outstanding discovery requests, Defendants will take depositions and thereafter file summary judgment motions.

## V. AMENDMENT OF PLEADINGS

Plaintiffs' Position: Plaintiffs do not anticipate adding or dismissing any parties, claims, or defenses. Plaintiffs note that there are two a clerical errors in the Second Amended Complaint, and seek the Court's guidance on how best to proceed, other than filing a noticed motion. The Second Amended Complaint contains an inadvertent citation to the "Federal Rules of Civil Procedures Sections 1331, 1332, 1391(b) and (c)." This passage should cite to "28 U.S.C. Sections 1331, 1332, 1367, and 1391(b) and (c)." In addition, Paragraph 6 of the Prayer indicates that Plaintiffs seek: "Statutory damages under 15 U.S.C. § 7701, *et seq*., calculated as the number of violations multiplied by up to $250, in an amount not to exceed $2,000,000." The reference to the phrase "multiplied by up to $250, in an amount not to exceed $2,000,000" is an inadvertent reference to the damages available to the Attorney General. Plaintiffs wish to amend this recitation to read: "Statutory damages under 15 U.S.C. § 7706, *et seq*."

Defendants' Position: As established above, Plaintiffs' two year delay in responding to discovery, which was later compelled by Court Order, has interfered with Defendants' investigation of Plaintiffs' wrongful acts. The recently-produced computer code written by Plaintiffs reveals that they were involved in a scheme to hack into www.connectu.com. Defendants expect to complete their initial investigation and thereafter move for leave to file affirmative counterclaims regarding these and perhaps other wrongful acts commissioned by Plaintiffs.

## VI. EVIDENCE PRESERVATION

<u>Plaintiffs' Position</u>: Because discovery relevant in this case already has taken place in related cases, potential evidence in this action has already been collected. In addition, Plaintiffs have sent company-wide emails to prevent any on-going erasures of any potentially relevant material. During prior discovery, Plaintiffs encountered certain technical difficulties while gathering documents from a single computer hard drive. After attempting all reasonable means of data recovery, Plaintiffs have extracted all recoverable information from the computer hard drive. Moreover, the Court in Massachusetts implemented a protocol whereby ConnectU's own expert also has been permitted to extract information. The Court in Massachusetts also has pending a before it a Motion to Compel whereby it may order ConnectU's Founders, Howard Winklevoss, PNS and/or Williams to permit similar extraction of information.

Plaintiffs learned that measures to preserve some evidence from Defendants, such as electronic information from Winston Williams and PNS' weblog information associated with ConnectU's Social Butterfly, were not taken. Williams' further claims his computer was stolen.

<u>Defendants' Position</u>: Appropriate notification to the parties regarding the preservation of evidence was provided. Plaintiffs' unsupported allegation that appropriate measures were not taken to preserve evidence, is false. Further, Plaintiffs' statement regarding a pending motion before the Massachusetts Court is inaccurate and in any event irrelevant to the issue of evidence preservation.

## VII. INITIAL DISCLOSURES

The parties will discuss the scheduling of initial disclosures pursuant to Rule 26 at the Case Management Conference. Plaintiffs believe Rule 26 disclosures should be exchanged promptly after the hearing. Defendants will be prepared to discuss the timing of initial disclosures at the Court's convenience.

## VIII. DISCOVERY

<u>Plaintiffs' Position:</u> The vast majority of discovery in this case is complete. Plaintiffs believe the primary remaining issue is the number of false emails sent to stolen email addresses. Plaintiffs propose the schedule set forth at the end of this statement.

Other than for jurisdictional discovery, ConnectU has not served a single deposition notice in this action over two years. ConnectU did serve 26 requests for production to which Facebook responded. ConnectU filed a motion to compel which was denied. ConnectU served a second set of document requests on September 26, 2007. Defendants have not sought any other discovery to date, even though ConnectU has had ample time to do so.

<u>Defendants' Position</u>: Much discovery remains to be completed. Given the protracted pleading activities occasioned by the complaint and two separate amendments to the complaint that have been filed in this case, including Plaintiffs' inappropriate efforts to re-name parties that the Superior Court had previously dismissed, it has been unclear until recently which causes of action would remain, and which parties would remain in the case. Defendants' efforts to conduct discovery have been stalled because Plaintiffs continue to refuse to complete document production pursuant to document requests propounded in August. Once Defendants review Plaintiffs' recent but very tardy document production, they will notice what they currently expect to be 3 or 4 depositions regarding the documents and hard drives recently produced. Defendants expect to notice additional Rule 30(b)(6) depositions and at least two non-party depositions. Defendants also anticipate propounding at least one additional document demand, and at least one set of Requests for Admission.

### A. **Fact and Expert Depositions**

<u>Plaintiffs' Position</u>: Plaintiffs propose that the Court waive the requirement of 10 total depositions set forth in Rule 30, and that instead each side be allowed to take up to 50 total hours of fact witness depositions (including F.R.C.P. 30(b)(6) depositions), in addition to the limited jurisdictional discovery already authorized by this Court. The timing rule is warranted due to the number of third party witnesses who reside outside of California whose testimony must be preserved for trial. Plaintiffs further propose that each side be allowed to take seven deposition hours per expert report, should they be necessary.

<u>Defendants' Position</u>: The Federal and Local Rules regarding discovery should apply to this case. Defendants note the inconsistency between Plaintiffs' statement in the immediately preceding section where they assert "the vast majority of discovery is largely completed" and

OHS West:260367340.1 - 7 - JOINT CMC Statement
5:07-CV-01389-RS

their comments that the Federal Rules should be ignored, with the inference that a large number of witnesses will be deposed.

### B. Interrogatories

Plaintiffs' Position: Each party currently represented by separate counsel should be entitled to propound 25 interrogatories, not counting interrogatories previously served in California Superior Court. Recently, a dispute arose in which Defendants' argued that Plaintiffs are not entitled to serve these 25 interrogatories on Defendant ConnectU. The basis for this argument is that Facebook served 23 interrogatories while the case was pending in Superior Court. Those interrogatories were authorized by the Superior Court in response to Facebook's request to oppose a motion to quash, and in any event were served under an entirely different discovery system. All 23 interrogatories were related to whether or not the Superior Court could exercise personal jurisdiction over three individual defendants. Plaintiffs believe those jurisdictional interrogatories, and all other interrogatories previously served in Superior Court, should not count against their ability to serve additional interrogatories in this case, consistent with the parties' agreement that each party is entitled to propound 25 interrogatories.

Defendants' Position: The Federal and Local Rule should control. Plaintiffs mischaracterize the circumstances concerning their prior discovery, in an effort to expand the limitations of these rules. If Plaintiffs wish relief from these Rules they should make their request in a motion.

### C. Requests for Admissions

The parties agree that the Federal Rules of Civil Procedure shall govern Requests for Admission.

### D. Requests For Production

Plaintiffs' Position: The Federal Rules of Civil Procedure shall govern Requests for Production of Documents and Things.

Based on representations by their counsel, document collection from Defendants ConnectU and Gucwa is largely complete at this time. Document collection from Defendants PNS, Williams and Chang remains.

From correspondence, it appears that defendants production has largely been self selected. As numerous gaps do appear, plaintiffs have or will request production of Defendants' hard drives/memory devices.

Defendants: Position: See Defendants' discussion in the section immediately below VIII. Defendants do not understand Plaintiffs' comments about discovery being "self selected." Defendants have reasonably investigated the location and either have produced or are in the process of producing all existing responsive documents that are not otherwise privileged.

**E.   Protective Order**

The parties entered into a stipulated protective order while the action was pending before the California court. The parties ask this Court to adopt the Stipulated Protective Order agreed to by the parties and entered by the Superior Court on January 23, 2006, or provide the parties guidance on how the Court wishes to proceed. The parties have been abiding by this Court's Local Rules, including Civil L.R. 79-5 even though this Protective Order is silent regarding such provisions.

**F.   Electronic Mail Service**

Plaintiffs' Position: Plaintiffs propose that in addition to service by mail, the parties also must provide copies by electronic mail of any discovery request, discovery response, subpoena, pleading, or the like.

Defendants' Position: Service should be effected through any method authorized pursuant to the Federal and Local Rules.

**G.   Meet-and-Confer Deadline**

Plaintiffs' Position: Plaintiffs propose that all meet-and-confer conferences required by Federal Rule 37 and/or the Local Civil Rules must occur within five business days of the demand. Plaintiffs make such a proposal because to date, Defendants have required at least two weeks to conduct every single meet-and-confer associated with discovery disputes, resulting in unnecessary and prejudicial delay.

Defendants' Position: Defendants do not believe a deadline for conferences should be set. Initially, Plaintiffs misrepresent the circumstances of previous meet and confers. In any event,

the timing of conferences should be "reasonable" and Defendants' responses to Plaintiffs' requests for such conferences have been reasonable in each instance. Plaintiffs apparently have at least 6 attorneys working on this case, on what appears to be a full time basis. The Massachusetts Court recently concluded that that case was "overstaffed." In any event, Defendants ConnectU, PNS, Williams and Chang are, for the most part, represented by one lawyer. Defendant Gucwa is represented by separate counsel. Meet and confers should be arranged consistent with counsel's schedule, and they have been. There have been several instances where Defendants have proposed dates to Plaintiffs that Plaintiffs have responded to be inconvenient. Defendants have extended the courtesies of agreeing to alternative dates. Plaintiffs' counsel however in many instances, have insisted that conferences should occur on their timeline without given consideration to opposing counsel's schedule. As stated, conferences have occurred within a reasonable time after they have been requested, so no hard and fast rule regarding future conferences should issue.

### IX. CLASS ACTIONS

This is not a class action.

### X. RELATED CASES

Counsel for plaintiffs are aware of two pending related proceedings to this case: *ConnectU Inc. v. Mark Zuckerberg et al.*, No. 04-11923 (D.Mass) and *ConnectU LLC v. Mark Zuckerberg et al.*, No. 07-1796 (1st Cir.). The First Circuit appeal was filed when an earlier, related case was dismissed on March 28, 2007, and arguments were heard on January 9, 2008. That case was *ConnectU LLC v. Mark Zuckerberg, et al*, No. 1:07-CV-10593-DPW.

### XI. RELIEF

Plaintiffs' Position: Plaintiffs seek judgment against Defendants including various forms of general, punitive and statutory damages[1], disgorgement by Defendants, pre- and post-

---

[1] Plaintiffs seek damages including: Compensatory damages pursuant to California Penal Code § 502(e)(1) and 18 U.S.C. § 1030 (a)(4) for costs of responding to Defendants' actions; exemplary damages under California Civil Code § 3426.3(c), punitive damages under California Penal Code § 502(e)(4) (exemplary or punitive damages), economic damages under 18 U.S.C. § 1030 (a)(5)(B)(i); statutory damages under 15 U.S.C. § 7706(g), *et seq.*; and aggravated damages under 15 U.S.C. § 7706(g), including treble and general damages.

judgment interest; injunctive relief, and attorneys' fees and costs. Assuming that at least 3 million email addresses were sent unsolicited emails with false header information and that the email addresses were harvested by automated means, plaintiff seeks statutory damages of at least $900 million under the CAN-SPAM Act., 15 U.S.C. § 7706(g).

<u>Defendants' Position</u>: Defendants seek their costs and other appropriate relief for the filing of this frivolous action.

## XII. **SETTLEMENT AND ADR**

The parties agree that mediation may be desirable. They disagree as to the scope of any potential mediation. To that end, Counsel for Facebook and ConnectU have a fundamental difference regarding the potential for settlement. Their positions are set forth below.

Plaintiffs believe that the parties should seek a global settlement of all disputes between the parties through mediation with a mediator experienced in resolving complex disputes. To the extent any Defendant in the Massachusetts Action not a party to this action is needed, Plaintiffs believe they will appear voluntarily.[2]

Defendants propose that discovery be stayed and the Court conduct an immediate settlement conference and/or mediation as it concerns the allegations asserted in this action.

## XIII. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties already have consented to Magistrate Judge Seeborg for all purposes in this matter.

## XIV. **OTHER REFERENCES**

Plaintiffs do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. Defendants would consider such options.

---

[2] Plaintiffs' counsel in this case represents all Defendants in the Massachusetts action except for one.

## XV. NARROWING OF ISSUES

<u>Plaintiffs' Position</u>: Because of much of the discovery in this case has already taken place in related cases and before this action was removed to this Court, Plaintiffs believe summary judgment as to certain issues will be appropriate in this case. Plaintiff filed a motion for partial summary judgment on January 7, 2008.

<u>Defendants' Position</u>: See Defendants' discussion in its section under "Anticipated Motions."

## XVI. EXPEDITED SCHEDULES

<u>Plaintiffs' Position</u>: Because of much of the discovery in this case has already taken place in related cases and before this action was removed to this Court, Plaintiffs believe that this case may be resolved on an expedited basis.

<u>Defendants' Position:</u> Again Defendants note Plaintiffs' inconsistency in asserting that discovery is largely completed, and their request to disregard the Federal and Local Rules given the breadth of the remaining discovery. Several new defendants, including David Gucwa and Wayne Chang have only recently been added to this case. They should be entitled to investigate the claims asserted against them, and conduct discovery at a reasonable pace.

Regarding Defendant ConnectU, L.L.C., their principals and key witnesses are Cameron and Tyler Winklevoss. They have been preparing for the 2008 summer Olympics in Beijing in rowing for at least the past four years. Their current schedule involves four hours of daily workouts, with only an occasional day off to rest and recover. The schedule for preparing for the Olympics is considered "full time". At this stage, athletes preparing for the 2008 Olympics are not advised to travel or become involved with other activities that would take away from the goal of fully concentrating on their anticipated Olympic event. Shortly Messrs. Winklevoss's workout schedule will demand an expected eight hours on a daily basis. The Olympics are scheduled for August of this year. For the Messrs. Winklevoss, the Olympics are a once-in-a-lifetime event. Plaintiffs' proposed schedule would make it impossible for the Winklevoss's to meaningfully participate in final preparation of this case, or even attend a trial, if one should occur. This case easily could have been resolved some time ago, but for Plaintiffs' decision to amend their

complaint two times, bringing in already dismissed parties, and adding new claims. The Winklevoss's should have the opportunity to fulfill their Olympic goals, and to defend the company they started, without having to compromise either event. Respectfully, the Winklevoss's request that if a trial is necessary in this case, a schedule that will allow them to meaningfully participate in it, and to prepare for and attend the Olympics, should be adopted.

## XVII. SCHEDULING

|  | **Plaintiffs' Position** | **Defendants' Position** |
|---|---|---|
| Fact Discovery Cut-off | March 17, 2008 | September 30, 2008 |
| Expert Reports | April 2, 2008 | October 31, 2008 |
| Rebuttal Expert Reports | May 15, 2008 | November 30, 2008 |
| Expert Discovery Cutoff | April 17, 2008 | December 31, 2008 |
| Last Day to Hear Dispositive Motions | June 4, 2008 | February 28, 2009 |
| Pre-trial Hearing | July 16, 2008 | March 30, 2009 |
| Trial | July 30, 2008 | April 15, 2009 |

## XVIII. TRIAL

Through their Second Amended Complaint, Plaintiffs seek a jury trial. Given the number of claims and defendants, as of this date Plaintiffs anticipate a trial length of two weeks.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES AND PERSON

Pursuant to Civil L.R. 3-16, Plaintiffs and Defendants certify that as of this date, other than the named parties, there is no such interest to report. See Dkt. Nos. 20, 32.

| | | |
|---|---|---|
| 1 | Dated: January 11, 2008 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 2 | | |
| 3 | | /s/ I. Neel Chatterjee /s/ |
| 4 | | I. Neel Chatterjee<br>Attorneys for Plaintiffs<br>Facebook, Inc. and Mark Zuckerberg |
| 5 | | |
| 6 | Dated: January 11, 2008 | FINNEGAN, HENDERSON, FARABOW,<br>GARRETT, & DUNNER, LLP |
| 7 | | |
| 8 | | /s/ Scott R. Mosko /s/ |
| 9 | | Scott R. Mosko<br>Attorneys for Defendants ConnectU, Inc., Pacific<br>Northwest Software, Wayne Chang, and<br>Winston Williams |
| 10 | | |
| 11 | | |
| 12 | Dated: January 11, 2008 | DECHERT, LLP |
| 13 | | |
| 14 | | /s/ Valerie Wagner /s/ |
| 15 | | Valerie Wagner<br>Attorneys for Defendant<br>David Gucwa |

OHS West:260367340.1

- 14 -

JOINT CMC STATEMENT
5:07-CV-01389-RS

# CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 11, 2008.

Dated: January 11, 2008.                    Respectfully submitted,

                                                      /s/ I. Neel Chatterjee /s/
                                                         I. Neel Chatterjee

**Filer's Attestation:** Pursuant to General Order No. 45, §X(B), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from its signatory.

Dated: January 11, 2008                    Respectfully submitted,

                                                      /s/ I. Neel Chatterjee /s/
                                                         I. Neel Chatterjee