G. HOPKINS GUY, III (State Bar No. 124811)
hopguy@orrick.com
I. NEEL CHATTERJEE (State Bar No. 173985)
nchatterjee@orrick.com
MONTE COOPER (State Bar No. 196746)
mcooper@orrick.com
THERESA A. SUTTON (State Bar No. 211857)
tsutton@orrick.com
YVONNE P. GREER (State Bar No. 214072)
ygreer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

Attorneys for Plaintiffs
THE FACEBOOK, INC. and MARK ZUCKERBERG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE FACEBOOK, INC. and MARK ZUCKERBERG,<br><br>Plaintiffs,<br><br>v.<br><br>CONNECTU, INC. (formerly known as CONNECTU, LLC), PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, WAYNE CHANG, and DAVID GUCWA,<br><br>Defendants. | Case No. 5:07-CV-01389-RS<br><br>**OPPOSITION TO DEFENDANTS' CIVIL L.R. 6-3 MOTION FOR ORDER ENLARGING TIME TO OPPOSE PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

# I. INTRODUCTION

This case has been pending since August 2005. With the exception of Defendant David Gucwa (who is close to settlement), counsel for all Defendants is the same. Defendants have had every opportunity to seek discovery and articulate little, if any basis, concrete information they need to oppose Plaintiff Facebook, Inc.'s Motion for Summary Judgment ("MSJ"). In any event, this issue is better resolved in the context of the MSJ itself. For that reason, Defendants' Motion for Order Enlarging Time should be denied.

Defendants' motion does not explain why any of the additional discovery they describe is necessary to their ability to oppose the pending MSJ. In its MSJ, Facebook asks the Court to find that Defendants accessed, without permission, Plaintiffs' servers and data, took and/or used that information, and sent unsolicited emails to Facebook users inviting them to join Defendants' competing social network in violation of California Penal Code Section 502(c) and the Federal CAN-SPAM Act. With the exception of the declaration of Chris Shiflett, the entirety of the motion is premised on information from the Defendants or depositions where the defendants explored the exact issues used to support the motion. Plaintiffs have offered Mr. Shiflett for deposition on an expedited basis.[1]

Defendants' motion does not establish that additional time is required for relevant discovery. Instead, Defendants' motion asks the Court to indefinitely move the hearing on Facebook's MSJ so that Defendants may obtain discovery "to support summary judgment in favor of Defendants," permit them to assert "additional counterclaims against Plaintiffs," and exculpate them from claims not addressed in the MSJ. None of these objectives is relevant to opposing the MSJ or, as a result, the present Civ.L.R. 6-3 motion.

To ensure all the issues are fairly resolved at the same time, Facebook believes that the Rule 56(f) motion and the MSJ should be heard simultaneously and, for that reason, will file its opposition to the Rule 56(f) motion on January 23, 2008 (the same date that Defendants' opposition is due), so that the schedules can be coordinated.

---

[1] Indeed, much of Mr. Shiflett's deposition is premised upon Defendants' code.

## II. DEFENDANT'S MOTION SHOULD BE DENIED

A motion for an enlargement of time is appropriate only if the opposing party can show that denial of the request would result in substantial harm or prejudice to it. Civ.L.R. 6-3(a)(3). Defendants have not made such a showing. Defendants suggest that absent a continuance of the hearing on Plaintiff's MSJ, Defendants will be prevented from engaging in discovery necessary to their opposition.[2] 6-3 Mot. 3:22-27.

Defendants' Civ.L.R. 6-3 motion loosely describes discovery purportedly necessary to the preparation of an opposition and generally requests irrelevant and cumulative discovery. It admits that the discovery they seek is, instead, in support of their alleged potential counterclaims (*id.* 2:27-3:1), exculpation from liability for claims not subject to the MSJ (*id.*), and desire to better prepare defendants Chang and Gucwa (*id.* 3:16-21). Chang and Gucwa have been fully aware of this case and the issues for a long time and have chosen to do nothing. Overall, this case has been pending since August 2005. Nothing had prevented or is preventing Defendants from engaging in discovery on claims and defenses in this case. Defendants' dilatory decisions are not a proper basis to enlarge time under Civ.L.R. 6-3, and they should not be permitted to use this Rule to delay Facebook's hearing.

To the extent Defendants' Civ.L.R. 6-3 motion is directed toward discovery relevant to the pending MSJ, they have not made the requisite showing for Civ.L.R. 6-3. In support of its MSJ, Facebook submitted the Declaration of Chris Shiflett, who reviewed relevant portions of ConnectU's and Facebook's respective source codes and opined thereon. Doc. No. 253. In light of Mr. Shiflett's testimony, Facebook offered to make him available for deposition on an expedited basis.[3] Decl. of Theresa Sutton in Opp'n to 6-3 Mot. to Enlarge Time ("Sutton Decl."),

---

[2] While Defendants' 6-3 Motion purports to request a delay of the hearing on the MSJ, their proposed order suggests otherwise. The proposed order asks that the Court take Defendants' Rule 56(f) Motion off calendar. Plaintiffs do not oppose this request. Plaintiffs also ask the Court to set a briefing schedule and hearing date for "mutual motions for summary judgment." Defendants have not filed a motion for summary judgment, so it is unclear what this is a reference to. If Defendants are suggesting that Plaintiff's Motion should be delayed until Defendants file a motion, such a request should be denied. Nothing in the present Civ.L.R. 6-3 motion supports this request.

[3] Mr. Shiflett is available in New York on January 22-25 and January 29. Mr. Shiflett is willing, though it is less convenient for him, to travel to California for a January 21 deposition.

¶ 6. Defendants ignored this offer. Defendants also have not explained why any other deposition is necessary or what additional information they need to prepare their opposition.

### A. Defendants Were In Possession of All of The Materials Supporting Facebook's MSJ

#### 1. Evidence in Support of Motion for Partial Summary Judgment

Defendants complain that Facebook submitted approximately 60 exhibits in support of its motion and that Defendants need time to "digest" this information. 6-3 Mot. 3:12-15. Forty-three of the documents originated with Defendants and include their written discovery responses, declarations, and documents produced in response to document requests. Sutton Decl. ¶ 7. Eleven of the documents are excerpts from depositions attended by Defendants' counsel. *Id.* Nothing in these exhibits is new to Defendants.

#### 2. Chris Shiflett's Declaration

Defendants argue that an enlargement is appropriate because they need to review three of six exhibits attached to Mr. Shiflett's Declaration and take his deposition. 6-3 Mot. 3:12-14. As noted above, Mr. Shiflett is available in short order for a deposition. Sutton Decl. Ex. A.

Defendants incorrectly contend that three exhibits identified by Mr. Shiflett were never produced before. *Id.* at 9-11. To the contrary, the materials were, in fact, produced a year and a half ago (and, of course, were attached to Mr. Shiflett's Declaration).[4] Doc. No. 253, fn 2; Sutton Decl. Ex. B. These three exhibits contain Facebook source code that shows Plaintiffs' "countermeasures" against Defendants' attacks on Plaintiffs' servers and user base. *Id.* ¶ 3. Facebook isolated them from the rest of the code and produced them separately so that Mr. Shiflett could easily refer to them in his Declaration. Again, these documents are not new to Defendants.

#### 3. Mark Zuckerberg's Declaration

Defendants also contend that they need additional time to depose Facebook's "factual declarant," Mark Zuckerberg. 6-3 Mot. 3:12-15. ConnectU deposed Mr. Zuckerberg in April

---

[4] These documents are part of the production of "80 documents" about which Defendants complain occurred two days after the MSJ was filed. 6-3 Mot. 1:27-2:1. The remaining documents in this production are electronic communications that include discussions about Facebook's servers. They are irrelevant to Defendants' opposition. Sutton Decl. ¶ 8.

2006. Sutton Decl. ¶ 12. ConnectU fully explored the issues present in the MSJ. *Id*. Despite having successfully moved to compel a continuance of that deposition in January 2007, ConnectU has never re-noticed it. *Id*. ConnectU's delays should not prejudice Facebook. In any event, Defendants' 6-3 Motion does not articulate what testimony has not already been elicited from Mr. Zuckerberg that is necessary for preparation of their opposition to the MSJ.

**B.     The Currently Scheduled MSJ Hearing Should Not Be Delayed So Defendants Can Review "Recently-Produced" Hard Drives and Perform "Follow up" Discovery**

Defendants make a number of arguments related to recent document production. Plaintiffs have produced all responsive documents requested in this action. Sutton Decl. ¶ 8. Defendants' remaining arguments regarding discovery are largely related to discovery unrelated to Facebook's MSJ or discovery in the Massachusetts action.

**1.     The "Recently-Produced" Hard Drives**

Defendants make reference to the "recently produced hard drives."[5] 6-3 Mot. 2:24-27. These so-called "recently-produced hard drives" identified by Defendants belonged to the early Facebook principals, and were produced in the related Massachusetts action pursuant to a largely agreed upon Stipulated Protocol to extract source code.[6] Sutton Decl. Ex. C. Defendants have not propounded any document requests in this action directed to collection of hard drives or the source code at issue in Massachusetts. As a result, their argument that the production of these drives was in response to "requests propounded in 2005" (6-3 Mot. 2:24-25) is irrelevant and misleading, because those requests were not served in this case. Further, the Protocol pursuant to which Facebook produced the 15 hard drives permits ConnectU's expert to extract only Facebook source code, Harvard Connection source code, and code related to two early projects Mark Zuckerberg worked on – coursematch and facemash. Sutton Decl. ¶¶ 10-11 and Ex. C, ¶¶ 4-5. The Protocol does not permit the expert to extract or analyze any other data. *Id.* Defendants' suggestion, therefore, that the requested delay will permit them to "fully analyze these hard

---

[5] Defendants also state they need a 30(b)(6) deposition and suggest it is related to the materials from the hard drives. No such 30(b)(6) notice has been served and, for the same reasons discussed below, Defendants' argument fails.
[6] The portions of the Protocol that were not stipulated dealt with the mechanics of the Protocol itself.

1  drives" is incorrect. 6-3 Mot. 3:4-6. At most, Defendants will have access to certain kinds of source code and nothing else.

### 2. "Key Evidence" On the "Recently Produced" Hard Drives

Defendants erroneously argue that Plaintiffs hid evidence that was found on the "recently produced" hard drives, which allegedly "suggests that Plaintiff Mark Zuckerberg attempted to hack into Defendant's website." 6-3 Mot. 3:1-4. This argument is irrelevant. Defendants' attempt to smear Mark Zuckerberg could only be used to support an unclean hands theory and has no relevance to the actual issue of liability under the two asserted statutes. This is in part because unclean hands is not an available defense to a statutory violation. *Lass v. Eliassen*, 94 Cal.App. 175, 179 (1928), cited in, *Timberline v. Jasinghani*, 54 Cal. App.4th 1361, 1368 (1997); *see also Estate of McInnis v. Smith*, 182 Cal. App. 3d 949, 958. In any event, whatever Defendants' claim may be, it does not go to any of the issues raised in the summary judgment motion.

## III. CONCLUSION

For the foregoing reasons, Defendants' request to delay a hearing on Facebook's Motion for Partial Summary Judgment should be denied. Plaintiffs further request that the Court to schedule Defendants' 56(f) Motion for the same day as the hearing on Facebook's Motion for Summary Judgment (February 13, 2008), with briefing to comply with applicable Federal and Local Rules.

Dated: January 14, 2008　　　　　　　　　　　ORRICK, HERRINGTON & SUTCLIFFE LLP


　　　　　　　　　　　　　　　　　　　　　　　/s/ Theresa A. Sutton /s/
　　　　　　　　　　　　　　　　　　　　　　　Theresa A. Sutton
　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs
　　　　　　　　　　　　　　　　　　　　　　　THE FACEBOOK, INC. and MARK
　　　　　　　　　　　　　　　　　　　　　　　ZUCKERBERG

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 14, 2008.

Dated: January 14, 2008.                    Respectfully submitted,

                                            /s/ Theresa A. Sutton /s/
                                            Theresa A. Sutton