G. HOPKINS GUY, III (State Bar No. 124811)
  hopguy@orrick.com
I. NEEL CHATTERJEE (State Bar No. 173985)
  nchatterjee@orrick.com
MONTE COOPER (State Bar No. 196746)
  mcooper@orrick.com
THERESA A. SUTTON (State Bar No. 211857)
  tsutton@orrick.com
YVONNE P. GREER (State Bar No. 214072)
  ygreer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

Attorneys for Plaintiffs
THE FACEBOOK, INC. and MARK ZUCKERBERG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE FACEBOOK, INC. and MARK ZUCKERBERG,<br><br>    Plaintiffs,<br><br>    v.<br><br>CONNECTU, INC. (formerly known as CONNECTU, LLC), PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, WAYNE CHANG, and DAVID GUCWA,<br><br>    Defendants. | Case No. 5:07-CV-01389-RS<br><br>**DECLARATION OF THERESA A. SUTTON IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' CIVIL L.R. 6-3 MOTION FOR ORDER ENLARGING TIME TO OPPOSE PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

I, Theresa A. Sutton, declare as follows:

1. I am an associate at the law firm of Orrick, Herrington & Sutcliffe, counsel for Plaintiffs Facebook, Inc. and Mark Zuckerberg in this action, and a member of the Bar of the state of California. I make this declaration pursuant to Civil Local Rule 6-3(c) in support of Plaintiffs' Opposition to Defendants' Civil L.R. 6-3 Motion for Order Enlarging Time to Oppose Plaintiffs' Motion for Partial Summary Judgment. I make this declaration of my own personal knowledge and, if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2. With the exception of Defendant David Gucwa (who is close to settlement), counsel for all Defendants is the same, Finnegan Henderson Farabow Garrett & Dunner. Plaintiffs believe Defendants' request for a delay in Facebook's Motion for Summary Judgment (Doc. No. 251) is better resolved in the context of the Motion itself.

3. Defendants' motion does not explain why any of the additional discovery they describe is necessary to their ability to oppose the pending MSJ. With the exception of the declaration of Chris Shiflett, the entirety of the motion is premised on information from the Defendants or depositions where the defendants explored the exact issues used to support the motion.

4. Defendants' motion does not establish that additional time is required for relevant discovery. Instead, Defendants' motion asks the Court to indefinitely move the hearing on Facebook's MSJ so that Defendants may obtain discovery "to support summary judgment in favor of Defendants," permit them to assert "additional counterclaims against Plaintiffs," and exculpate them from claims not addressed in the MSJ.

5. To ensure all the issues are fairly resolved at the same time, Facebook believes that the Rule 56(f) motion and the MSJ should be heard simultaneously and, for that reason, will file its opposition to the Rule 56(f) motion on January 23, 2008 (the same date that Defendants' opposition is due), so that the schedules can be coordinated.

6. On January 10, 2008, I emailed Scott Mosko, counsel for Defendants other than David Gucwa, and offered to make Chris Shiflett available for a deposition in sufficient time for

Defendants to prepare their opposition to Facebook's Motion for Partial Summary Judgment. Attached hereto as **Exhibit A** is a true and correct copy of my January 10, 2008, email to Mr. Mosko on this subject. Mr. Mosko did not respond to our offer.

7. In their 6-3 Motion, Defendants complain about Facebook having attached approximately 60 exhibits to the Declaration of Monte Cooper in support of the Motion for Summary Judgment. *See* 6-3 Motion at 3:12-15. Forty-three of the documents originated with Defendants and include their written discovery responses, declarations, and documents produced in response to document requests. Eleven of the documents are excerpts from depositions attended by Defendants' counsel, and eight of those deponents were either a defendant in this action or principals of defendant ConnectU. All of the documents attached to the Cooper Declaration (Doc. No. 252) were in Defendants' possession prior to Facebook's filing.

8. Defendants also contend that three exhibits identified by Mr. Shiflett were never produced before. *See* 6-3 Motion at 9-11. These materials were, in fact, produced a year and a half ago, on June 27, 2006 (and, of course, were attached to Mr. Shiflett's Declaration). Doc. No. 253, fn 2. Attached hereto as **Exhibit B** is a true and correct copy of the cover letter to this production. These three exhibits contain Facebook source code that shows Plaintiffs' "countermeasures" against Defendants' attacks on Plaintiffs' servers and user base. Facebook isolated them from the rest of the code and produced them separately so that Mr. Shiflett could easily refer to them in his Declaration. Again, these exhibits are not new to Defendants. In addition, these documents are part of the production of "80 documents" about which Defendants complain occurred two days after the MSJ was filed. *See* 6-3 Mot. at 1:27-2:1. The remaining documents in this production are electronic communications that include discussions about Facebook's servers. Plaintiffs have produced all responsive documents requested in this action.

9. Defendants make reference to "recently produced hard drives." These hard drives belonged to the early Facebook principals, and were produced in the Massachusetts action pursuant to a Stipulated Protocol. Attached hereto as **Exhibit C** is a true and correct copy of the Protocol. Defendants have not propounded any document requests in this action directed to collection of hard drives or the source code at issue in Massachusetts. The Protocol, pursuant to

1 which Facebook produced the 15 hard drives, permits ConnectU's expert to extract only
2 Facebook source code, Harvard Connection source code, and code related to two early projects
3 Mark Zuckerberg worked on – coursematch and facemash.  *See* ¶ 4-5.  The Protocol does not
4 permit the expert to extract or analyze any other data.  *Id*.

10. www.harvardconnection.com was an unreleased dating website designed before www.connectu.com.  There is no dispute that the Harvard Connection source code was abandoned in its entirety.  ConnectU's code was developed separately.

11. Coursematch and Facemash are projects Mr. Zuckerberg completed before he ever met ConnectU's founders.

12. ConnectU deposed Mr. Zuckerberg in April 2006, including on topics relevant to the issues present in the MSJ.  ConnectU successfully moved to compel a continuance of that deposition in January 2007, but it has not issued a notice to continue it.

I declare the foregoing is true and correct to the best of my knowledge.

Executed this 14th day of January 2008, at Menlo Park, California.


                                                /s/ Theresa A. Sutton /s/
                                                Theresa A. Sutton

# **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 14, 2008.

Dated: January 14, 2008.					Respectfully submitted,

						/s/ Theresa A. Sutton /s/
						Theresa A. Sutton