# EXHIBIT 2

| | |
|---|---|
| 1 | Scott R. Mosko (State Bar No. 106070) |
| | FINNEGAN, HENDERSON, FARABOW, |
| 2 | GARRETT & DUNNER, L.L.P. |
| | Stanford Research Park |
| 3 | 3300 Hillview Avenue |
| | Palo Alto, California 94304 |
| 4 | Telephone: (650) 849-6600 |
| | Facsimile: (650) 849-6666 |
| 5 | |
| 6 | Attorneys for Defendants |
| | Connectu LLC, Cameron Winklevoss, |
| 7 | Tyler Winklevoss, Howard Winklevoss, |
| | and Divya Narendra |

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# COUNTY OF SANTA CLARA

| | |
|---|---|
| THE FACEBOOK, INC. | CASE NO. 105 CV 047381 |
| Plaintiff, | **THIRD AMENDED RESPONSE OF DEFENDANT CAMERON WINKLEVOSS TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES (1-23)** |
| v. | |
| CONNECTU LLC, CAMERON WINKLEVOSS, TYLER WINKLEVOSS, HOWARD WINKLEVOSS, DIVYA NARENDRA, AND DOES 1-25, | |
| Defendants. | |

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | Plaintiff THEFACEBOOK, INC. |
| 2 | RESPONDING PARTY: | Defendant CAMERON WINKLEVOSS |
| 3 | SET NO.: | ONE (1) |

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

The above-named party hereby responds, pursuant to California Code of Civil Procedure Section 2030.210(a), to the First Set of Special Interrogatories as follows:

## GENERAL OBJECTIONS

1. Responding party objects to each interrogatory and to the definitions and instructions to the extent they seek to impose obligations that are broader than or inconsistent with the California Code of Civil Procedure and applicable Local Rules or court orders.

2. Responding party objects to each interrogatory, and to the definitions and instructions to the extent they seek the disclosure of information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or protection, as provided by any applicable law. Responding party does not intend to produce such privileged or protected documents or information, and the inadvertent disclosure of such is not to be deemed a waiver of any privilege. Responding party expressly reserves the right to object to the introduction at trial or any other use of such information that may be inadvertently disclosed. In addition, Responding party objects to the interrogatories and all definitions and instructions to the extent they seek and/or require Responding party to produce a privilege log for documents or information falling within the attorney-client privilege or work-product doctrine, if such documents or information were created after the date that this lawsuit was filed.

3. Responding party objects to each interrogatory and all other definitions and instructions to the extent they are vague, overly broad, unduly burdensome, exceed the boundaries of discoverable information, or fail to describe the information sought with the required reasonable particularity.

4. Responding party objects to each interrogatory and all definitions and instructions to the extent the burden or expense of the proposed discovery outweighs its likely benefit, given the needs

of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

5. Responding party objects to each interrogatory and all other definitions and instructions to the extent they seek information that is confidential financial, proprietary, trade secret or other confidential or competitively sensitive business information relating to Responding party or any third party. Responding party reserves the right to object that certain information is so confidential and sensitive that it will not be produced even pursuant to a protective order.

6. Responding party objects to each interrogatory and all definitions and instructions to the extent they seek information not in Responding Party's custody or control.

7. Responding party objects to the interrogatory and all other definitions and instructions to the extent they seek information that is beyond the scope of this litigation, is not relevant, or that falls outside the parameters of discoverable information under the California Code of Civil Procedure.

8. Responding party has not yet completed its investigation, collection of information, discovery, and analysis relating to this action. The following response is based on information known and available to Responding party at this time. Responding party reserves the right to modify, change, or supplement its response and to produce additional evidence at trial.

9. Responding party's agreement to furnish information in response to Plaintiff's interrogatories shall not be deemed as an admission regarding the relevance of the requested information, nor is it intended to waive any right to object the admissibility of such at trial.

10. Responding party objects to producing at this time documents unrelated to the issue of personal jurisdiction over the individual Defendants.

**OBJECTIONS TO DEFINITIONS**

1. Responding party objects to all definitions to the extent they impose burdens on responding different or greater than those provided in the California Code of Civil Procedure.

2. Responding party objects to all definitions to the extent that they are burdensome, oppressive and unnecessary.

3. Responding party objects to the definition of "ConnectU" as overly oppressive, burdensome, and effectively creating a subpart, compound and/or complex interrogatory. When the word "ConnectU" is used in an interrogatory, Responding party shall assume it means only the limited liability company entitled ConnectU L.L.C.

4. Responding party objects to the definition of "Harvardconnection", as vague, uncertain and overbroad. When the word Harvardconnection is used in an interrogatory, Responding party shall assume it means only the unincorporated entity once called "Harvardconnection".

5. Responding party objects to the definition of "Facebook" as vague, uncertain, overbroad and unintelligible. When the word Facebook is used in an interrogatory, Responding party shall assume it means only the entity identified in the complaint.

6. Responding party objects to the definition of "Winklevoss Companies" as vague, overbroad, oppressive, and burdensome.

7. Responding party objects to the phrase "Pacific Northwest Software" as uncertain, overbroad and unintelligible. When the phrase "Pacific Northwest Software" is used in an interrogatory, Responding party will assume it means an entity providing certain software.

## OBJECTIONS TO INSTRUCTIONS

1. Responding party objects to Instruction No. 1 as beyond the scope of the California Code of Civil Procedure.

2. Responding party objects to Instruction Nos. 2, 3, 4, and 5 as compound, complex and creating subpart interrogatories.

3. Responding party objects to Instruction Nos. 7, and 8 as compound, complex, and creating subpart interrogatories.

4. Responding party objects to Instruction No. 10 as compound, complex, and creating subpart interrogatories.

## RESPONSES AND SPECIFIC OBJECTIONS

**INTERROGATORY NO. 7:**

Responding Party incorporates each of his prior responses and objections herein to this third amended response. In addition, Responding Party responds as follows: On different occasions, Responding Party logged into facebook.com. Responding Party's friends, including Mark Hall and Alexander Chastain Chapman provided Responding party with their log-in information for facebook.com and authorized Responding Party to use this log-in information to access and use the information provided on facebook.com. Responding Party does not recall the number of times he accessed facebook.com. The purpose of some of these occasions was to see what information was available on the site. Responding Party communicated with Tyler Winklevoss, Divya Narendra and Winston Williams regarding some of the information on facebook.com. Responding party has no specific recollection of the details of these communications with Tyler Winklevoss or Divya Narendra. Responding Party recalls general discussions with Winston Williams regarding an automated process for sending invitations to various email addresses found on facebook.com.

**INTERROGATORY NO. 14:**

Responding Party incorporates his earlier response and objections herein to this third amended response. In addition, Responding Party responds as follows:

Responding Party understands the parties have agreed to limit this interrogatory as it refers to "agents" to third-party activities that concerned facebook.com user addresses.

ConnectU does not concede or believe any of the consultants it hired was an "agent." ConnectU retained Pacific Northwest Software for the purpose of developing and furthering the ConnectU website. Pacific Northwest Software was involved in creating and implementing an automated process for sending invitations to various email addresses found on facebook.com. Assisting with this automated process were Wayne Chang, David Gucwa, and Joel Voss.

## VERIFICATION

I, Cameron Winklevoss am a defendant in the above titled action. I have read the Third Amended Responses to Plaintiff's First Set of Special Interrogatories. I am informed and believe that these responses are true and correct to the best of my knowledge. I declare under penalty of perjury that the foregoing is true and correct and that this verification was executed on the 3 day of April, 2006.

_____
Cameron Winklevoss

| | |
|---|---|
| 1 | Scott R. Mosko (State Bar No. 106070) |
| | FINNEGAN, HENDERSON, FARABOW, |
| 2 | GARRETT & DUNNER, L.L.P. |
| | Stanford Research Park |
| 3 | 3300 Hillview Avenue |
| | Palo Alto, California 94304 |
| 4 | Telephone: (650) 849-6600 |
| | Facsimile: (650) 849-6666 |
| 5 | |
| 6 | Attorneys for Defendants ConnectU, LLC, |
| | Cameron Winklevoss, Tyler Winklevoss, |
| 7 | Howard Winklevoss and Divya Narendra |

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| THEFACEBOOK, INC. | CASE NO. 105 CV 047381 |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| CONNECTU LLC, CAMERON WINKLEVOSS, TYLER WINKLEVOSS, HOWARD WINKLEVOSS, DIVYA NARENDRA, AND DOES 1-25, | |
| Defendants. | |

# CERTIFICATE OF SERVICE

I am a citizen of the United States, over the age of 18 years, and not a party to this action. My place of employment and business address is Finnegan, Henderson April 3, 2006, I caused a copy of the following documents to be served:

- **DEFENDANT HOWARD WINKLEVOSS'S DECLARATION**
- **DEFENDANT TYLER WINKLEVOSS'S DECLARATION**
- **DEFENDANT CAMERON WINKLEVOSS'S DECLARATION**
- **DEFENDANT DIVYA NARENDRA'S DECLARATION**
- **SECOND AMENDED RESPONSE OF DEFENDANT CONNECTU LCC TO FORM INTERROGATORIES**
- **AMENDED RESPONSE OF DEFENDANT CAMERON WINKLEVOSS TO FORM INTERROGATORIES**
- **AMENDED RESPONSE OF DEFENDANT TYLER WINKLEVOSS TO FORM INTERROGATORIES**
- **AMENDED RESPONSE OF DEFENDANT DIVYA NARENDRA TO FORM INTERROGATORIES**
- **AMENDED RESPONSE OF DEFENDANT HOWARD WINKELVOSS TO FORM INTERROGATORIES**
- **THIRD AMENDED RESPONSE OF DEFENDANT CAMERON WINKLEVOSS TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES (1-23)**

to be served on all parties as follows:

| *Attorneys for Plaintiff* | |
|---|---|
| Joshua H. Walker, Esq. | ☒ Via First Class Mail |
| Monte Cooper, Esq. | ☐ Via Hand Delivery |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | ☐ Via Overnight Courier |
| 1000 Marsh Road | ☐ Via Facsimile |
| Menlo Park, CA 94025 | |
| Telephone: 650.614.7400 | |
| Facsimile: 650.614.7401 | |

I am readily familiar with my firm's practice for collection and processing correspondence for mailing with the United States Postal Service, to wit, that correspondence be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope

1

CERTIFICATE OF SERVICE
CASE NO. 105 CV 047381

1 | and placed it for collection at our business offices on April 3, 2006, following ordinary business
2 | practice.
3 |
4 | I declare under penalty of perjury under the laws of the State of California that the foregoing
5 | is true and correct. Executed on April 3, 2006, at Palo Alto, California.

*Karen Reimer*
Karen Reimer