# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

CONNECTU LLC,

    Plaintiff,

v.                          C.A. No. 04-1923(DPW)

MARK ZUCKERBERG, EDUARDO SAVERIN,
DUSTIN MOSKOVITZ, ANDREW McCOLLUM,
CHRISTOPHER HUGHES and THE FACEBOOK,
INC.,

    Defendants.



VOLUME 1

VIDEOTAPED DEPOSITION OF CONNECTU LLC

BY CAMERON H. WINKLEVOSS

Boston, Massachusetts

Tuesday, August 9, 2005

9:44 a.m. to 6:27 p.m.

Reported by:
Jessica L. Williamson, RMR, RPR, CRR
Notary Public, CSR No. 138795

JOB NO. 36599

www.sarnoffcourtreporters.com

46 Corporate Park, Suite 100    445 South Figueroa St., Suite 2950
Irvine, CA 92606                 Los Angeles, CA 90071

phone  877.955.3855
fax      949.955.3854



SARNOFF
Court Reporters and
Legal Technologies

| | |
|---|---|
| 1 | VIDEOTAPED DEPOSITION OF CONNECTU LLC |
| 2 | by CAMERON H. WINKLEVOSS, a witness called |
| 3 | on behalf of the Defendant Mark Zuckerberg, |
| 4 | Dustin Moskovitz, Andrew McCollum, |
| 5 | Christopher Hughes and The Facebook, Inc., |
| 6 | pursuant to Rule 30(b)(6) of the Federal |
| 7 | Rules of Civil Procedure, before Jessica L. |
| 8 | Williamson, Registered Merit Reporter, |
| 9 | Certified Realtime Reporter and Notary |
| 10 | Public in and for the Commonwealth of |
| 11 | Massachusetts, at the Offices of Proskauer |
| 12 | Rose, LLP, One International Place, Boston, |
| 13 | Massachusetts, on Tuesday, August 9, 2005, |
| 14 | commencing at 9:44 a.m. |
| 15 | |
| 16 | A P P E A R A N C E S |
| 17 | FINNEGAN HENDERSON FARABOW GARRETT & DUNNER |
| 18 | LLP |
| 19 |   (By John F. Hornick, Esq. |
| 20 |   and Troy E. Grabow, Esq.) |
| 21 |   901 New York Avenue, NW |
| 22 |   Washington, D.C.  20001-4413 |
| 23 |   (202) 408-4000 |
| 24 |   john.hornick@finnegan.com |
| 25 |   Counsel for the Plaintiff |

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

```
 1           A P P E A R A N C E S, Continued
 2
 3      ORRICK, HERRINGTON & SUTCLIFFE LLP
 4          (By I. Neel Chatterjee, Esq.
 5          and Joshua H. Walker, Esq.)
 6          1000 Marsh Road
 7          Menlo Park, California   94025
 8          (650) 614-7356
 9          nchatterjee@orrick.com
10          Counsel for the Defendants Mark
11          Zuckerberg, Dustin Moskovitz, Andrew
12          McCollum, Christopher Hughes and The
13          Facebook, Inc.
14
15      HELLER EHRMAN LLP
16          (By Robert B. Hawk, Esq.)
17          275 Middlefield Road
18          Menlo Park, California   94025-3506
19          (650) 324-7000
20          robert.hawk@hellerehrman.com
21          Counsel for the Defendant Eduardo Saverin
22
23      ALSO PRESENT:
24
25          George Dobrentey, Videographer
```

1

I N D E X

2   DEPONENT                                                    PAGE

3   CAMERON H. WINKLEVOSS

4   Examination By Mr. Chatterjee                                  7

5   Examination By Mr. Hawk                                      244

6

7                              E X H I B I T S

8   NO.                                                         PAGE

9     1   Amended Notice of Deposition                            44
          of Plaintiff and
10        Counterdefendant ConnectU
          Pursuant to Fed.R.Civ.P.
11        30(b)(6)

12    2   First Amended Complaint                                 62

13    3   E-mail dated May 4, 2004,                               71
          Bates Nos. C003165 - 3166
14

      4   E-mails, Bates Nos. C004577 -                          103
15        4631

16    5   Certificate of Registration,                           152
          Bates Nos. C004842 - 4845
17

      6   E-mail string, Bates Nos.                              159
18        C004792 - 4793

19    7   E-mail, Bates No. C004791                              162

20    8   E-mail, Bates No. C004810                              176

21    9   E-mail, Bates No. C004820                              182

22   10   E-mail, Bates No. C003852                              188

23   11   E-mail, Bates No. C004841                              192

24   12   E-mail, Bates No. C009556                              197

25

```
                              E X H I B I T S
       NO.                                                    PAGE

       13   E-mail string, Bates Nos.                         200
            C006955 - 6959

       14   E-mail with attachment, Bates                     211
            Nos. C003587 - 3603

       15   E-mail, Bates Nos. C003850                        242
            -3851
```

Note:   Original Exhibits 1 - 15 were retained by the court reporter and forwarded to Sarnoff Court Reporting for distribution.

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

P R O C E E D I N G S

```
09:43:59   1
09:43:59   2            THE VIDEOGRAPHER:  We are recording
09:44:01   3   and are now on the record.  Today's date is
09:44:04   4   August the 9th, 2005, and the time is 9:44
09:44:07   5   a.m.  My name is George Dobrentey.  I'm a
09:44:10   6   legal videographer for G & M Court
09:44:14   7   Reporters, Ltd.  Our business address is 42
09:44:15   8   Chauncy Street, Suite 1A, Boston,
09:44:17   9   Massachusetts 02111.
09:44:18  10            This is the deposition of Cameron
09:44:23  11   Winklevoss in the matter of ConnectU vs.
09:44:27  12   Zuckerberg in the United States District
09:44:28  13   Court for the District of Massachusetts,
09:44:30  14   Civil Action No. 04-1923(DPW).
09:44:33  15            This deposition is being taken at One
09:44:37  16   International Place in Boston,
09:44:37  17   Massachusetts, on behalf of the defendant.
09:44:38  18   The court reporter is Jessica Williamson.
09:44:41  19   Counsel will state their appearances, and
09:44:42  20   the court reporter will administer the oath.
09:44:45  21            MR. CHATTERJEE:  Neel Chatterjee
09:44:47  22   and Joshua Walker for all of the defendants
09:44:49  23   except for Eduardo Saverin.
09:44:54  24            MR. WALKER:  Robert Hawk from
09:44:56  25   Heller Ehrman for Defendant Saverin.
```

6

| | | |
|---|---|---|
| 09:44:59 | 1 | MR. HORNICK: John Hornick and Troy |
| 9:45:01 | 2 | Grabow for the plaintiff, ConnectU. |
| | 3 | |
| | 4 | CAMERON H. WINKLEVOSS, |
| | 5 | a witness called on behalf of the Defendants |
| | 6 | Mark Zuckerberg, Dustin Moskovitz, Andrew |
| | 7 | McCollum, Christopher Hughes and The |
| | 8 | Facebook, Inc., having first been duly |
| | 9 | sworn, was deposed and testifies as follows: |
| | 10 | |
| | 11 | DIRECT EXAMINATION |
| | 12 | |
| | 13 | BY MR. CHATTERJEE: |
| 9:45:10 | 14 | Q. Mr. Winklevoss, thank you for coming today. |
| 09:45:14 | 15 | Do you understand that your deposition today |
| 09:45:16 | 16 | is you're testifying on behalf of ConnectU |
| 09:45:19 | 17 | LLC? |
| 09:45:19 | 18 | A. Yes. |
| 09:45:19 | 19 | Q. Have you ever had your deposition taken |
| 09:45:21 | 20 | before? |
| 09:45:21 | 21 | A. No. |
| 09:45:22 | 22 | Q. I'm going to go over some ground rules with |
| 09:45:26 | 23 | you, and I'm just going to ask you to make |
| 09:45:29 | 24 | sure you understand them. You may have gone |
| 09:45:31 | 25 | over them with your counsel before. |

| | |
|---|---|
| 01:16:07 1 | Q. And would it be like match.com? |
| 01:16:10 2 | A. I don't think we looked at match. We looked |
| 01:16:14 3 | at Yahoo Personals, that's one salient one |
| 01:16:18 4 | that I can remember outside of Friendster. |
| 01:16:19 5 | Q. And what about American Singles? |
| 01:16:22 6 | A. I think that -- I logged onto American |
| 01:16:26 7 | Singles probably in post-February 2004, I |
| 01:16:28 8 | believe. I'm not sure if I looked at it |
| 01:16:30 9 | prior to -- during the time I met with Mr. |
| 01:16:32 10 | Zuckerberg. I don't recall. |
| 01:16:34 11 | Q. So it isn't ConnectU's position that looking |
| 01:16:46 12 | at other websites and as guidance on how to |
| 01:16:49 13 | develop your website, the information on |
| 01:16:52 14 | those other websites isn't anything that you |
| 01:16:55 15 | would claim as a trade secret? |
| 01:16:57 16 | MR. HORNICK: Objection, calls for |
| 01:16:59 17 | contention testimony, but you can answer. |
| 01:17:01 18 | A. Again, those other websites are in the |
| 01:17:03 19 | public domain, and they're -- you know, they |
| 01:17:06 20 | are what they are. They're there. And I |
| 01:17:10 21 | would not call a public website such as, you |
| 01:17:12 22 | know, friendster.com a proprietary thing. I |
| 01:17:16 23 | am -- yeah. |
| 01:17:18 24 | Q. And, in fact, in developing ConnectU, you |
| 01:17:20 25 | assessed Thefacebook to develop your website |

```
01:17:25   1          with these features?
01:17:25   2       A. We looked at Thefacebook, yes.
01:17:28   3       Q. And you extracted course information from
01:17:32   4          ConnectU -- I mean, from Thefacebook?
01:17:34   5               MR. HORNICK:  Object to the form of
01:17:35   6          the question and assumes facts not in
01:17:36   7          evidence.
01:17:36   8       A. Yeah, when collecting course information
01:17:40   9          there's basically two -- you know, it's
01:17:43  10          public course information that's posted by a
01:17:45  11          registrar from the school, and you can
01:17:47  12          either go to the registrar or you can go,
01:17:49  13          you know -- and Thefacebook had the courses.
01:17:51  14          So, yes, we did look at the courses which,
01:17:55  15          again, is public proprietary information,
01:17:59  16          and we collected that, yes.
01:18:01  17       Q. How did you collect it?
01:18:02  18       A. We just would like look at the file in a
01:18:07  19          text editor and just take the course file.
01:18:10  20       Q. Did you ever extract e-mails from
01:18:12  21          Thefacebook?
01:18:13  22       A. We -- yes, we have extracted e-mails from
01:18:17  23          Thefacebook.
01:18:18  24       Q. Isn't it true that you've extracted 2.9 to 3
01:18:21  25          million e-mails from Thefacebook because of
```

```
01:18:24   1        a security hole you found?
01:18:25   2                    MR. HORNICK: Objection. It's a
01:18:27   3        misleading question, but you can answer it
01:18:29   4        if you can.
01:18:30   5   A.   We have extracted e-mails basically just,
01:18:38   6        you know, following -- an e-mail has a -- at
01:18:45   7        that point they had a URL, and you could
01:18:46   8        follow that URL and it's completely
01:18:49   9        authorized -- it's not unauthorized access,
01:18:52  10        and you can follow that URL to find an
01:18:55  11        e-mail address, yes, you could. And we did.
01:18:57  12   Q.   So did you find a way to extract those
01:19:01  13        e-mails without logging onto Thefacebook?
01:19:06  14                    MR. HORNICK: Objection. I think
01:19:07  15        this is outside the scope. It's not
01:19:09  16        30(b)(6) testimony.
01:19:12  17   A.   See, again, I don't remember -- I'm not a
01:19:15  18        programmer, but it's my understanding that
01:19:19  19        with unauthorized -- excuse me, with
01:19:21  20        authorized -- without using unauthorized
01:19:24  21        access those e-mails were accessible.
01:19:25  22   Q.   And ConnectU took them?
01:19:28  23                    MR. HORNICK: Object to the form of
01:19:29  24        the question.
01:19:29  25   A.   What do you mean by take?
```

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

| Time | # | | |
|---|---|---|---|
| 01:19:31 | 1 | Q. | Extracted the information? |
| 01:19:32 | 2 | A. | ConnectU followed an open URL, "open" being |
| 01:19:36 | 3 | | that it was accessible with not having to |
| 01:19:41 | 4 | | use unauthorized access, it was accessible, |
| 01:19:44 | 5 | | out in the open, and ConnectU followed those |
| 01:19:46 | 6 | | URLs and was able to collect e-mail |
| 01:19:50 | 7 | | addresses. |
| 01:19:50 | 8 | Q. | And who did that? |
| 01:19:51 | 9 | A. | Winston Williams. |
| 01:19:52 | 10 | Q. | Winston Williams did that? And when did he |
| 01:19:55 | 11 | | do that? |
| 01:19:56 | 12 | A. | I believe he did it in the spring of this |
| 01:19:58 | 13 | | year. |
| 01:19:58 | 14 | Q. | Were those e-mails ever used by ConnectU? |
| 01:20:01 | 15 | A. | I think we used some of them with the Social |
| 01:20:06 | 16 | | Butterfly software. |
| 01:20:06 | 17 | Q. | And how were they used? |
| 01:20:07 | 18 | A. | If a friend used Social Butterfly and wanted |
| 01:20:11 | 19 | | to invite their friends, then they could do |
| 01:20:14 | 20 | | that with Social Butterfly. And they -- |
| 01:20:16 | 21 | Q. | So when you -- once you had those e-mails, |
| 01:20:20 | 22 | | did you -- well, what did you do with them? |
| 01:20:22 | 23 | A. | We just held them in a holding bin, and if a |
| 01:20:29 | 24 | | user said, I would like to invite my friend, |
| 01:20:31 | 25 | | well, we would just invite their friends. |

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

| | | |
|---|---|---|
| 01:20:34 | 1 | ==And as I said, we only used a portion of== |
| 01:20:36 | 2 | ==them, because only a portion of the users== |
| 01:20:39 | 3 | ==invited their friends.== |
| 01:20:40 | 4 | Q. Did you ever send e-mails to people based |
| 01:20:42 | 5 | upon those e-mails, that e-mail database? |
| 01:20:47 | 6 | A. That's what I just said, that if a user -- |
| 01:20:51 | 7 | Q. Let me rephrase that. |
| 01:20:52 | 8 | A. Okay. |
| 01:20:53 | 9 | Q. Independent of a user request, did you ever |
| 01:20:55 | 10 | send an e-mail to people in that -- |
| 01:20:59 | 11 | A. With that bucket from the sort of open URL, |
| 01:21:04 | 12 | no, we did not send unsolicited e-mails to |
| 01:21:06 | 13 | those people. |
| 01:21:06 | 14 | Q. Has ConnectU obtained any revenue to date? |
| 01:21:10 | 15 | A. We have obtained some advertising revenue, |
| 01:21:13 | 16 | yeah. |
| 01:21:13 | 17 | Q. And how much revenue is that? |
| 01:21:17 | 18 | MR. HORNICK: I'll object that this |
| 01:21:18 | 19 | is outside the scope as well, but you can |
| 01:21:20 | 20 | answer it. It's not 30(b)(6) testimony. |
| 01:21:22 | 21 | A. I would say roughly no more than $1,000 of |
| 01:21:30 | 22 | revenue. |
| 01:21:30 | 23 | Q. Okay. |
| 01:21:30 | 24 | A. We haven't actively sought too much |
| 01:21:33 | 25 | advertising at this moment. |

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

| | | |
|---|---|---|
| 01:21:34 | 1 | Q. How many users does it have? |
| 01:21:36 | 2 | A. I believe we have 66,000 plus, thereabouts. |
| 01:21:40 | 3 | Q. And does it -- does it have any university |
| 01:21:50 | 4 | environments for California universities? |
| 01:21:54 | 5 | A. Yeah, I believe we have California |
| 01:21:57 | 6 | universities, I believe so. |
| 01:22:01 | 7 | Q. Can you give me some examples? |
| 01:22:04 | 8 | A. UC Berkeley, I think that. |
| 01:22:07 | 9 | MR. CHATTERJEE: Let's mark this as |
| 01:22:08 | 10 | Exhibit 5. I think we're on Exhibit 5. |
| 01:22:10 | 11 | (Exhibit No. 5, Certificate of |
| 01:22:10 | 12 | Registration, Bates Nos. C004842 - 4845, |
| 01:22:40 | 13 | marked for identification.) |
| 01:22:40 | 14 | Q. Mr. Winklevoss, what's been handed to you as |
| 01:22:42 | 15 | Exhibit No. 5, do you know what this is? |
| 01:22:48 | 16 | A. Looks like a copyright signover from Joseph |
| 01:22:57 | 17 | Jackson to ConnectU and one from, I believe, |
| 01:23:05 | 18 | yeah, looks like a copyright signover from |
| 01:23:08 | 19 | Victor Gao, Sanjay, yeah. |
| 01:23:11 | 20 | Q. What do you -- |
| 01:23:12 | 21 | MR. HORNICK: I'll object that this |
| 01:23:14 | 22 | is outside the scope. This is not 30(b)(6) |
| 01:23:17 | 23 | testimony. |
| 01:23:18 | 24 | Q. What do you mean, "signover"? |
| 01:23:20 | 25 | A. Well, I would think that they wrote the code |

```
 1
 2
 3
 4
 5
 6
 7
 8
 9        I, CAMERON H. WINKLEVOSS, do hereby declare under
10   penalty of perjury that I have read the foregoing
11   transcript; that I have made any corrections as appear
12   noted, in ink, initialed by me, or attached hereto; that
13   my testimony as contained herein, as corrected, is true
14   and correct.
15        EXECUTED this  12  day of  September ,
16   20 05 , at    Quogue           ,   NY   .
17                       (City)                (State)
18
19
20                       _____
                              CAMERON H. WINKLEVOSS
21
22
23
24
25
```

Page 403

1   In the United States District Court
2   For the District of Massachusetts
3       I, Jessica L. Williamson, Registered,
4   Merit Reporter, Certified Realtime Reporter
5   and Notary Public in and for the
6   Commonwealth of Massachusetts, do hereby
7   certify that CAMERON H. WINKLEVOSS, the
8   witness whose deposition is hereinbefore set
9   forth, was duly sworn by me and that such
10  deposition is a true record of the testimony
11  given by the witness.
12      I further certify that I am neither
13  related to or employed by any of the parties
14  in or counsel to this action, nor am I
15  financially interested in the outcome of
16  this action.
17      In witness whereof, I have hereunto set
18  my hand and seal this 11th day of August,
19  2005.
20
21  *[signature]*
22  _____
23  Jessica L. Williamson, RMR, RPR, CRR
24  Notary Public, CSR No. 138795
25  My commission expires: 12/18/2009

G&M Court Reporters, Ltd.
617-338-0030