# SHIFLETT EXHIBIT 4

| | |
|---|---|
| 1 | Scott R. Mosko (State Bar No. 106070) |
| | FINNEGAN, HENDERSON, FARABOW, |
| 2 |   GARRETT & DUNNER, L.L.P. |
| | Stanford Research Park |
| 3 | 3300 Hillview Avenue |
| | Palo Alto, California 94304 |
| 4 | Telephone: (650) 849-6600 |
| | Facsimile: (650) 849-6666 |
| 5 | |
| 6 | Attorneys for Defendant PACIFIC |
| | NORTHWEST SOFTWARE |
| 7 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. | CASE NO. C 07-01389 RS |
| Plaintiff, | **DEFENDANT PACIFIC NORTHWEST SOFTWARE'S RESPONSE TO FIRST SET OF INTERROGATORIES** |
| v. | |
| CONNECTU LLC, (now known as CONNECTU INC.) PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, AND DOES 1-25, | |
| Defendants. | |

Doc. No.

CASE NO. C 07-01389 RS

| | |
|---|---|
| 1 | **PROPOUNDING PARTY:**        Plaintiff FACEBOOK, INC. |
| 2 | **RESPONDING PARTY:**        Defendant PACIFIC NORTHWEST SOFTWARE |
| 3 | **SET NO.:**        ONE (Nos. 1-4) |

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant, Pacific Northwest Software ("PNS"), hereby responds and objects to the First Set of Interrogatories propounded by Facebook Inc. ("FACEBOOK") as follows:

## GENERAL OBJECTIONS

1. Responding party objects to each interrogatory and to the definitions and instructions to the extent they seek to impose obligations that are broader than or inconsistent with the Federal Rules of Civil Procedure, the Civil Local Rules, and the Court's Order allowing Expedited Discovery.

2. Responding party objects to each interrogatory, and to the definitions and instructions to the extent they seek the disclosure of information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or protection, as provided by any applicable law. Responding party does not intend to produce such privileged or protected documents or information, and the inadvertent disclosure of such is not to be deemed a waiver of any privilege. Responding party expressly reserves the right to object to the introduction at trial or any other use of such information that may be inadvertently disclosed. In addition, Responding party objects to the interrogatories and all definitions and instructions to the extent they seek and/or require Responding party to produce a privilege log for documents or information falling within the attorney-client privilege or work-product doctrine, if such documents or information were created after the date that this lawsuit was filed.

3. Responding party objects to each interrogatory and all other definitions and instructions to the extent they are vague, overly broad, unduly burdensome, exceed the boundaries of discoverable information, or fail to describe the information sought with the required reasonable particularity.

4. Responding party objects to each interrogatory and all definitions and instructions to the extent the burden or expense of the proposed discovery outweighs its likely benefit, given the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

5. Responding party objects to each interrogatory and all other definitions and instructions to the extent they seek information that is confidential financial, proprietary, trade secret or other confidential or competitively sensitive business information relating to Responding party or any third party. Responding party reserves the right to object that certain information is so confidential and sensitive that it will not be produced even pursuant to a protective order.

6. Responding party objects to each interrogatory and all definitions and instructions to the extent they seek information not in Responding Party's custody or control.

7. Responding party objects to the interrogatory and all other definitions and instructions to the extent they seek information that is beyond the scope of this litigation, is not relevant, or that falls outside the parameters of discoverable information under the California Code of Civil Procedure.

8. Responding party has not yet completed its investigation, collection of information, discovery, and analysis relating to this action. The following response is based on information known and available to Responding party at this time. Responding party reserves the right to modify, change, or supplement its response and to produce additional evidence at trial. Responding party's agreement to furnish information in response to Plaintiff's interrogatories shall not be deemed as an admission regarding the relevance of the requested information, nor is it intended to waive any right to object the admissibility of such at trial.

## **OBJECTIONS TO DEFINITIONS**

1. Responding party objects to all definitions to the extent they impose burdens on responding different or greater than those provided in the Federal Rules of Civil Procedure and the Civil Local Rules.

2. Responding party objects to all definitions to the extent that they are burdensome, oppressive and unnecessary.

3. Responding party objects to the definition of "ConnectU" as overly oppressive, burdensome, and effectively creating a subpart, compound and/or complex interrogatory. When the word "ConnectU" is used in an interrogatory, Responding party shall assume it means only the limited liability company entitled ConnectU L.L.C.

4. Responding party objects to the definition of "Harvardconnection", as vague, uncertain and overbroad. When the word Harvardconnection is used in an interrogatory, Responding party shall assume it means only the unincorporated entity once called "Harvardconnection".

5. Responding party objects to the definition of "Facebook" as vague, uncertain, overbroad and unintelligible. When the word Facebook is used in an interrogatory, Responding party shall assume it means only the entity identified in the complaint.

7. Responding party objects to the phrase "Pacific Northwest Software" as uncertain, overbroad and unintelligible. When the phrase "Pacific Northwest Software" is used in an interrogatory, Responding party will assume it means the entity incorporated as Pacific Northwest Software, Inc.

8. Responding party objects to definition of Winston Williams as uncertain, overbroad and unintelligible. When the name Winston Williams is used in an interrogatory, Responding party will assume it means the individual named in the First Amended Complaint.

**OBJECTIONS TO INSTRUCTIONS**

1. Responding party objects to the definition of "Identify" found in paragraphs 2, 3 and 5 of the "Instructions", as vague, overlybroad, compound and complex.

2. Responding party objects to the Instructions, found at paragraphs 6, 7 and 8. In addition to these instructions being vague, they would make the interrogatories compound, complex and effectively cause each interrogatory to contain subparts, in violation of the Federal Rules of Civil Procedure.

3. Responding party objects to Instruction No. 10 in that it would make the interrogatories compound, complex and effectively cause each interrogatory to contain subparts, in violation of the Federal Rules of Civil Procedure.

**RESPONSES AND OBJECTIONS**

**INTERROGATORY NO. 1:**

Describe in detail AND IDENTIFY ALL contacts YOU have had with individuals, customers, OR businesses in California, including the PERSONS contacted, the location AND time where any such contact OR event occurred, the manner of contact, AND the subject matter of the contact OR event.

**RESPONSE TO INTERROGATORY NO. 1:**

Responding party objects to this Interrogatory as vague, over broad, compound and complex. This interrogatory also calls for speculation. This interrogatory also seeks confidential and/or proprietary information. This Interrogatory also comprises at least four separate interrogatories. This interrogatory further calls for a narrative. Subject to these objections and the general objections and the objections to the definitions and instructions incorporated herein, Responding party answers as follows: Responding party has communicated with the following vendors, whom responding party is informed and believes are located in California: David Perkins, Fred Pampo, Greg Deacon, Joel Stair, Keith Benedict and Samuel Oh. Responding party has also had contact with the following customers, whom responding party is informed and believes are located in California: Chad Kalebic, Chad Farrell, Jose Escobar, Jonathan Orsay, Tina Morkert, Michele Miller, James Zinkand, Scott Kozinchik, and an individual or individuals from City Ticket Exchange and Shapely Shadow, Inc.

**INTERROGATORY NO. 2:**

IDENTIFY percentage of revenues based upon goods or services offered, licensed, sold or provided by YOU to California residents or businesses as compared to sales goods or services offered, licensed, sold or provided by YOU to non-California residents or businesses.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding party objects to this Interrogatory as vague, over broad, compound and complex. This interrogatory also seeks confidential and/or proprietary information. Responding party objects to the phrase "California residents or businesses" as vague and uncertain and calling for a legal conclusion and speculation. Subject to these objections and the general objections and the objections to the definitions and instructions incorporated herein, Responding party answers as follows: Responding party has generated approximately $8,000,000 since its existence. Responding party is informed and believes that its customer AST may be located in California, and has paid Responding party $103,656; that its customer Chadstar may be located in California, and has paid Responding party $47,437; that its customer Chula Vista Elementary School may be located in California, and has paid Responding party $64,449; that its customer City Ticket Exchange may be located in California, and has paid Responding party $37,000; that its customer ExamKrackers.com may be located in California and has paid Responding party $83,270; that its customer Know-the-Course may be located in California and has paid Responding party $30,500; that its customer Michele Miller may be located in California and has paid Responding party $3,375; that its customer New Country Financial may be located in California and has paid Responding party $12,150; that its customer Nomad Cows may be located in California and has paid Responding party $12,000; that its customer Shapely Shadow, Inc. may be located in California and has paid Responding party $1,440.

**INTERROGATORY NO. 3:**

IDENTIFY ALL Internet ("IP") Addresses and URLs that YOU used OR accessed to obtain any data from any website associated with Facebook, Inc. (including but not limited to the www.thefacebook.com and www.facebook.com), the purpose for the use or access, and ALL dates in which such URLs or IP addresses were accessed by YOU.

**RESPONSE TO INTERROGATORY NO. 3:**

This interrogatory is unintelligible. It further assumes facts not in evidence. This interrogatory is compound and complex and comprises at least three separate interrogatories. The phrase "obtain any data from any website associated with Facebook, Inc." is vague and uncertain. Subject to these objections and the general objections and the objections to the definitions and

| 1 | instructions incorporated herein, Responding party answers as follows: Responding party has no
| 2 | knowledge that will enable it to answer this interrogatory. Responding party believes Winston
| 3 | Williams may have information regarding this interrogatory.
| 4 | **INTERROGATORY NO. 4:**
| 5 | IDENTIFY all instances (including dates) when YOU distributed email communications to
| 6 | email addresses obtained originally from FACEBOOK, including identification of ALL email
| 7 | addresses or PERSONS in California.
| 8 |
| 9 | **RESPONSE TO INTERROGATORY NO. 4:**
| 10 | This interrogatory is unintelligible. It further assumes facts not in evidence. Subject to these
| 11 | objections and the general objections and the objections to the definitions and instructions
| 12 | incorporated herein, Responding party answers as follows: Responding party has no knowledge that
| 13 | will enable it to answer this interrogatory. Responding party believes Winston Williams may have
| 14 | information regarding this interrogatory.
| 15 | As to Objections:
| 16 | Dated: June 8, 2007

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.

By: /s/ Scott R. Mosko
Scott R. Mosko
Attorneys for Defendant
Pacific Northwest Software



Stanford Research Park ▪ 3300 Hillview Avenue ▪ Palo Alto, CA 94304-1203 ▪ 650.849.6600 ▪ Fax 650.849.6666
www.finnegan.com

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

**MATT TUELLER**
650.849.6696
matthew.tueller@finnegan.com

June 15, 2007

**VIA Regular Mail**

Monte Cooper, Esq.
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

*TheFacebook, Inc. v. ConnectU LLC, et al.*
U.S. District Court, No. Dist. of CA, Case No. 5:07-01389

Dear Mr. Cooper:

Please find enclosed a verification by John Taves to Defendant Pacific Northwest Software's Response to First Set of Interrogatories served on June 11, 2007 via e-mail.

Sincerely,

Matthew Tueller
Litigation Clerk

Enclosure
cc: Mr. Scott Mosko

**VERIFICATION**

JOHN TAVES, under penalty of perjury under the laws of the United States, declares as
follows:

    1.    That he is the authorized agent of Pacific Northwest Software;

    2.    That he has read DEFENDANT PACIFIC NORTHWEST SOFTWARE'S
RESPONSE TO FIRST SET OF INTERROGATORIES and knows the contents thereof, and is
informed and believes them to be true and correct.

Executed on the 11th day of June 2007.


John Taves