# SHIFLETT EXHIBIT 5

Dockets.Justia.com

1  Scott R. Mosko (State Bar No. 106070)
   FINNEGAN, HENDERSON, FARABOW,
2    GARRETT & DUNNER, L.L.P.
   Stanford Research Park
3  3300 Hillview Avenue
   Palo Alto, California  94304
4  Telephone:    (650) 849-6600
   Facsimile:    (650) 849-6666
5

6  Attorneys for Defendants
   ConnectU LLC, PACIFIC NORTHWEST
7  SOFTWARE and WINSTON WILLIAMS

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

12
   FACEBOOK, INC.                              CASE NO.  C 07-01389 RS
13
                   Plaintiff,                  **DEFENDANT WINSTON WILLIAMS'**
14                                             **RESPONSE TO FIRST SET OF**
                   v.                          **INTERROGATORIES**
15
   CONNECTU LLC, (now known as CONNECTU
16 INC.) PACIFIC NORTHWEST SOFTWARE,
   INC., WINSTON WILLIAMS, AND DOES 1-25,
17
                   Defendants.
18

19

20

21

22

23

24

25

26

27

28

1   **PROPOUNDING PARTY:**          **Plaintiff FACEBOOK, INC.**

2   **RESPONDING PARTY:**           **Defendant WINSTON WILLIAMS**

3   **SET NO.:**                    **ONE (Nos. 1-4)**

4

5        TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

6        Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant, Winston Williams

7   ("WILLIAMS"), hereby responds and objects to the First Set of Interrogatories propounded by

8   Facebook Inc. ("FACEBOOK") as follows:

9                                **GENERAL OBJECTIONS**

10       1.      Responding party objects to each interrogatory and to the definitions and instructions

11  to the extent they seek to impose obligations that are broader than or inconsistent with the Federal

12  Rules of Civil Procedure, the Civil Local Rules, and the Court's Order allowing Expedited

13  Discovery.

14       2.      Responding party objects to each interrogatory, and to the definitions and instructions

15  to the extent they seek the disclosure of information protected by the attorney-client privilege,

16  attorney work-product doctrine, or any other applicable privilege or protection, as provided by any

17  applicable law. Responding party does not intend to produce such privileged or protected

18  documents or information, and the inadvertent disclosure of such is not to be deemed a waiver of any

19  privilege. Responding party expressly reserves the right to object to the introduction at trial or any

20  other use of such information that may be inadvertently disclosed. In addition, Responding party

21  objects to the interrogatories and all definitions and instructions to the extent they seek and/or

22  require Responding party to produce a privilege log for documents or information falling within the

23  attorney-client privilege or work-product doctrine, if such documents or information were created

24  after the date that this lawsuit was filed.

25       3.      Responding party objects to each interrogatory and all other definitions and

26  instructions to the extent they are vague, overly broad, unduly burdensome, exceed the boundaries of

27

28

1 | discoverable information, or fail to describe the information sought with the required reasonable

2 | particularity.

3 |     4.    Responding party objects to each interrogatory and all definitions and instructions to

4 | the extent the burden or expense of the proposed discovery outweighs its likely benefit, given the

5 | needs of the case, the amount in controversy, the parties' resources, the importance of the issues at

6 | stake in the litigation, and the importance of the proposed discovery in resolving the issues.

7 |     5.    Responding party objects to each interrogatory and all other definitions and

8 | instructions to the extent they seek information that is confidential financial, proprietary, trade secret

9 | or other confidential or competitively sensitive business information relating to Responding party or

10 | any third party. Responding party reserves the right to object that certain information is so

11 | confidential and sensitive that it will not be produced even pursuant to a protective order.

12 |     6.    Responding party objects to each interrogatory and all definitions and instructions to

13 | the extent they seek information not in Responding Party's custody or control.

14 |     7.    Responding party objects to the interrogatory and all other definitions and

15 | instructions to the extent they seek information that is beyond the scope of this litigation, is not

16 | relevant, or that falls outside the parameters of discoverable information under the California Code

17 | of Civil Procedure.

18 |     8.    Responding party has not yet completed its investigation, collection of information,

19 | discovery, and analysis relating to this action. The following response is based on information

20 | known and available to Responding party at this time. Responding party reserves the right to

21 | modify, change, or supplement its response and to produce additional evidence at trial.

22 |     9.    Responding party's agreement to furnish information in response to Plaintiff's

23 | interrogatories shall not be deemed as an admission regarding the relevance of the requested

24 | information, nor is it intended to waive any right to object the admissibility of such at trial.

25

26

27

28

# OBJECTIONS TO DEFINITIONS

1.     Responding party objects to all definitions to the extent they impose burdens on responding different or greater than those provided in the Federal Rules of Civil Procedure and the Civil Local Rules.

2.     Responding party objects to all definitions to the extent that they are burdensome, oppressive and unnecessary.

3.     Responding party objects to the definition of "ConnectU" as overly oppressive, burdensome, and effectively creating a subpart, compound and/or complex interrogatory. When the word "ConnectU" is used in an interrogatory, Responding party shall assume it means only the limited liability company entitled ConnectU L.L.C.

4.     Responding party objects to the definition of "Harvardconnection", as vague, uncertain and overbroad. When the word Harvardconnection is used in an interrogatory, Responding party shall assume it means only the unincorporated entity once called "Harvardconnection".

5.     Responding party objects to the definition of "Facebook" as vague, uncertain, overbroad and unintelligible. When the word Facebook is used in an interrogatory, Responding party shall assume it means only the entity identified in the complaint.

7.     Responding party objects to the phrase "Pacific Northwest Software" as uncertain, overbroad and unintelligible. When the phrase "Pacific Northwest Software" is used in an interrogatory, Responding party will assume it means the entity incorporated as Pacific Northwest Software, Inc.

8.     Responding party objects to definition of Winston Williams as uncertain, overbroad and unintelligible. When the name Winston Williams is used in an interrogatory, Responding party will assume it means the individual named in the First Amended Complaint.

# OBJECTIONS TO INSTRUCTIONS

1.     Responding party objects to the definition of "Identify" found in paragraphs 2, 3 and 5 of the "instructions," as vague, overly broad, compound and complex.

1      2.      Responding party objects to the Instructions, found at paragraphs 6, 7 and 8.  In

2  addition to these instructions being vague, they would make the interrogatories compound, complex

3  and effectively cause each interrogatory to contain subparts, in violation of the Federal Rules of

4  Civil Procedure.

5      3.      Responding party objects to Instruction No. 10 in that it would make the

6  interrogatories compound, complex and effectively cause each interrogatory to contain subparts, in

7  violation of the Federal Rules of Civil Procedure.

8                          **RESPONSES AND OBJECTIONS**

9  **INTERROGATORY NO. 1:**

10      Describe in detail AND IDENTIFY ALL contacts YOU have had with individuals,

11  customers, OR businesses in California, including the PERSONS contacted, the location AND time

12  where any such contact OR event occurred, the manner of contact, AND the subject matter of the

13  contact OR event.

14  **RESPONSE TO INTERROGATORY NO. 1:**

15      Responding party objects to this Interrogatory as vague, over broad, compound and complex.

16  The word "contact" in this interrogatory is vague and incomprehensible.  This interrogatory is vague

17  and to time.  This Interrogatory also comprises at least four separate interrogatories.  This

18  interrogatory further calls for a narrative.  Subject to these objections and the general objections and

19  the objections to the definitions and instructions incorporated herein, Responding party answers as

20  follows:  Responding party has no specific recollection of contacting anyone or any business which

21  he knew were located in California except the following.  Responding party has communicated with

22  Scott Mosko and Colin Williams by email and through telephone on various occasions.

23  **INTERROGATORY NO. 2:**

24      IDENTIFY percentage of revenues based upon goods or services offered, licensed, sold or

25  provided by YOU to California residents or businesses as compared to sales goods or services

26  offered, licensed, sold or provided by YOU to non-California residents or businesses.

27

28

1 **RESPONSE TO INTERROGATORY NO. 2:**

2    Responding party objects to this Interrogatory as vague, over broad, compound and complex.

3 Responding party objects to the phrase "California residents or businesses" as vague and uncertain

4 and calling for a legal conclusion and speculation. Subject to these objections and the general

5 objections and the objections to the definitions and instructions incorporated herein, Responding

6 party answers as follows: None.

7 **INTERROGATORY NO. 3:**

8    IDENTIFY ALL Internet ("IP") Addresses and URLs that YOU used OR accessed to obtain

9 any data from any website associated with Facebook, Inc. (including but not limited to the

10 www.thefacebook.com and www.facebook.com), the purpose for the use or access, and ALL dates

11 in which such URLs or IP addresses were accessed by YOU.

12 **RESPONSE TO INTERROGATORY NO. 3:**

13    This interrogatory is unintelligible. It further assumes facts not in evidence. This

14 interrogatory is compound and complex and comprises at least three separate interrogatories. The

15 phrase "obtain any data from any website associated with Facebook, Inc." is vague and uncertain.

16 Subject to these objections and the general objections and the objections to the definitions and

17 instructions incorporated herein, Responding party answers as follows: Responding party identifies

18 the following Internet IP addresses that were used to obtain data from the facebook.com:

19 207.244.158.164, 207.244.158.165 and 207.244.158.34.

20 **INTERROGATORY NO. 4:**

21    IDENTIFY all instances (including dates) when YOU distributed email communications to

22 email addresses obtained originally from FACEBOOK, including identification of ALL email

23 addresses or PERSONS in California.

24 **RESPONSE TO INTERROGATORY NO. 4:**

25    This interrogatory is vague, ambiguous, uncertain and unintelligible. It further assumes facts

26 not in evidence. Subject to these objections and the general objections and the objections to the

27 definitions and instructions incorporated herein, Responding party answers as follows: ConnectU's

28

1  website included a page which allowed its members, who were also members of thefacebook.com, to

2  join ConnectU. When a ConnectU member, who was also a member of thefacebook.com wanted

3  ConnectU to invite his or her thefacebook.com friends to join ConnectU, the ConnectU member

4  would complete this page on the ConnectU website. By completing this page on the ConnectU

5  website, the ConnectU member volunteered his or her access information from thefacebook.com to

6  ConnectU and authorized ConnectU to use this access information to get his or her friends' email

7  addresses found on the facebook.com, and invite them to join ConnectU. Responding party cannot

8  identify specific dates this activity occurred.

9

10      As to Objections:

11

12  Dated: June 18, 2007                    FINNEGAN, HENDERSON, FARABOW,
                                            GARRETT & DUNNER, L.L.P.
13

14

15                              By: _____
                                    Scott R. Mosko
16                                  Attorneys for Defendant
                                    Winston Williams
17

18

19

20

21

22

23

24

25

26

27

28

1

## VERIFICATION

2       I, Winston Williams, declare that I have read Winston Williams' Response to First Set of

3 Interrogatories and verify that the facts stated therein are true.

4       I declare under penalty of perjury under the laws of the United States that the foregoing is

5 true and correct.

6

7 DATED 6/18/07                           Winston Williams

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28