# SHIFLETT EXHIBIT 7

**United States District Court**
For the Northern District of California

**\*E-FILED 12/12/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., et al., | NO. C 07-01389 RS |
| Plaintiffs, | **ORDER GRANTING MOTION TO COMPEL SUPPLEMENTAL INTERROGATORY RESPONSES AND SETTING CASE MANAGEMENT CONFERENCE** |
| v. | |
| CONNECTU LLC., et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Facebook, Inc. moves to compel defendants Pacific Northwest Software ("PNS") and Winston Williams to provide further responses to two interrogatories. PNS and Williams insist they possess no further responsive information. The Court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1 (b). For reasons explained below, PNS and Williams have failed to demonstrate that they have made adequate efforts to respond fully to these interrogatories, and the motion will therefore be granted. Additionally, the Court will set a case management conference in this action for January 16, 2008.

## II.  BACKGROUND[1]

Interrogatory No. 3 requests PNS and Williams to identify all of the Internet Protocol ("IP") addresses and Universal Resource Locators ("URLs") they used or accessed to obtain any data from any Facebook website. The interrogatory further requests PNS and Williams to state the "purpose" of such use or access, and the dates it occurred.  PNS responded that it has *no* knowledge that would enable it to answer, but that it believed Williams might.  Williams responded by identifying three IP addresses that were used "to obtain data from thefacebook.com."[2]  Williams' response did not include any dates.

Interrogatory No. 4 requests PNS and Williams to identify all instances when they sent emails to addresses obtained from Facebook, including identifying all such addresses of persons in California.[3]  Again, PNS stated that it lacked any responsive information, but suggested that Williams might have some.  Williams, in turn, provided a response describing circumstances under which, in his understanding, emails would have been sent to Facebook members, but he did not provide information as to when or how many emails may have been sent.

At the time of the events at issue in this litigation, Williams was either an employee of, or independent contractor for,  PNS.  There appears to be no dispute, however, that Williams has done no work for PNS in over a year and does not currently have direct access to its computers or records. In deposition, Williams testified, among other things, that (1) he had accessed Facebook's website

---

[1] The general background of this action has been described in prior orders and will not be repeated here.

[2] Facebook's argument that defendants failed to describe their "purpose" in accessing Facebook's website is not persuasive, given Williams' plain admission that he intended to "obtain data from thefacebook.com."  Accordingly, if the motion to compel had been based solely on that argument, there would be no basis to require a further response.

[3] These interrogatories were both served on PNS and Williams pursuant to the Court's order permitting Facebook to conduct limited discovery on the issue of personal jurisdiction, after PNS and Williams moved to dismiss for lack of such jurisdiction. That motion to dismiss has since been denied.  When granting leave to conduct jurisdictional discovery, however, the Court observed that such discovery likely could overlap with issues on the merits.  Defendants do not suggest, and could not reasonably argue, that these two interrogatories have become moot in light of the jurisdictional ruling. Although the emphasis on *California* email addresses in Interrogatory 4 no longer has significant consequence, both Interrogatories seek information directly relevant to conduct alleged to have been wrongful.

1  from several computers with IP addresses other than those identified in the written responses, and
2  (2) it "might" be possible to determine the number of emails sent to California addresses. In meet
3  and confer correspondence before this motion was filed, however, Williams provided a declaration
4  that he had subsequently reviewed certain electronic files provided to him by PNS, and that those
5  files were not "helpful" in providing him any further information that would be responsive to the
6  interrogatories at issue.

### III.  DISCUSSION

Generally, a motion to compel does not lie where a party has taken the position that it simply does not possess any further responsive information. Rather, most often, the responding party will be held to that position, and the requesting party will be free to use that response as it sees fit in the course of the litigation. Occasionally, however, the record will support an inference that a party may not have made a sufficient effort to gather responsive information that may be in its possession. This is such a case.

As an initial matter, PNS's attempt to disclaim any relevant knowledge appears to be an inappropriately evasive response, at least on the present record. Even though Williams is not working for PNS *now*, there is no suggestion that he was not the agent of PNS at the time of the events in dispute. PNS is obligated to make a reasonable investigation into its files and records to determine what Williams did during that time period. It is unclear whether PNS conducted *any* such inquiry before simply denying it had knowledge and pointing plaintiff to Williams. In particular, it seems unlikely that *no* record of Williams's activities remains in PNS's computer systems.

Additionally, it appears to be beside the point as to whether it is possible to identify the *California* email addresses to which emails may have been sent. Williams speculated at his deposition how that information might be compiled, but defendants argue that it simply cannot be done as a practical matter. Personal jurisdiction, however, is no longer the issue, and there is no particular need to segregate emails sent to California addresses from any sent elsewhere. Accordingly, it does not matter whether Williams was right or wrong about the feasibility of identifying emails sent to California addresses. Interrogatory No. 4 seeks data regarding *all* emails

3

sent to addresses that defendants obtained from Facebook's website. On the present record, defendants' argument that they cannot provide more information as to what emails were sent to addresses acquired from Facebook's website is not credible. Accordingly, the motion to compel is granted.[4] PNS shall undertake reasonable efforts to determine whether it possesses additional information responsive to these interrogatories and, to the extent necessary, shall give Williams access to its computer files and databases to permit complete discovery responses.

## IV. CONCLUSION

The motion to compel is granted to the extent set forth above. Further responses shall be served within 20 days of the date of this order. The parties shall appear for a case management conference in the action on January 16, 2008 at 2:30 p.m.

IT IS SO ORDERED.

Dated: 12/12/07

RICHARD SEEBORG
United States Magistrate Judge

---

[4] Nothing in this order requires defendants to provide information that they genuinely do not possess. Thus, if for any reason, PNS's computer records do not contain additional responsive information, it may so state by way of a verified declaration. PNS, may not, however, simply point to Williams as a source of information.

ORDER RE MOTION TO COMPEL SUPPLEMENTAL INTERROGATORY RESPONSES
C 07-01389 RS

4

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

I. Neel Chatterjee    nchatterjee@orrick.com, kmudurian@orrick.com

Monte M.F. Cooper    mcooper@orrick.com, adalton@orrick.com, shart@orrick.com

Chester Wren-Ming Day    cday@orrick.com, descamilla@orrick.com, mgirroir@orrick.com

Yvonne Penas Greer    ygreer@orrick.com, atatagiba@orrick.com, sstillman@orrick.com

George Hopkins Guy , III    hopguy@orrick.com, adalton@orrick.com, msagmit@orrick.com

Scott Richard Mosko    scott.mosko@finnegan.com, karen.reimer@finnegan.com, lissette.vazquez@finnegan.com, randal.holderfield@finnegan.com, rosanna.herrick@finnegan.com

Theresa Ann Sutton    tsutton@orrick.com, aako-nai@orrick.com, ygreer@orrick.com

Valerie Margo Wagner    valerie.wagner@dechert.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 12/12/07**                                                **Richard W. Wieking, Clerk**

**By:**_____
            **Chambers**

ORDER RE MOTION TO COMPEL SUPPLEMENTAL INTERROGATORY RESPONSES
C 07-01389 RS

5