| | |
|---|---|
| 1 | GEORGE E. HAYS (State Bar No. 119904)<br>Attorney at Law |
| 2 | 236 West Portal Avenue, #110<br>San Francisco, CA  94127 |
| 3 | Tel:  (415) 566-5414, Fax:  (415) 731-1609 |
| 4 | CHRISTOPHER SPROUL (State Bar No. 126398)<br>DANIELLE FUGERE (State Bar No. 160873) |
| 5 | RACHEL E. SHAPIRO (State Bar No. 211398)<br>Environmental Advocates |
| 6 | 1004 O'Reilly Avenue<br>San Francisco, California 94129 |
| 7 | Tel:  (415) 561-2222, Fax:  (415) 561-2223 |
| 8 | LINDA KROP (State Bar No. 118773)<br>Environmental Defense Center |
| 9 | 906 Garden Street<br>Santa Barbara, CA  93101 |
| 10 | Tel:  (805) 963-1622, Fax:  (805) 962-3152 |
| 11 | Attorneys for Plaintiffs<br>OUR CHILDREN'S EARTH FOUNDATION, |
| 12 | SANTA BARBARA CHANNELKEEPER, and GET OIL OUT |
| 13 | |
| 14 | IN THE UNITED STATES DISTRICT COURT |
| 15 | FOR THE NORTHERN DISTRICT OF CALIFORNIA |
| 16 | SAN FRANCISCO DIVISION |

| | | |
|---|---|---|
| 17 | OUR CHILDREN'S EARTH FOUNDATION,               )<br>SANTA BARBARA CHANNELKEEPER, and GET )| Case No. C-04-0294 SI |
| 18 | OIL OUT,                                                                        )<br>                                                                                    ) | |
| 19 | Plaintiffs,                                              ) | DECLARATION OF<br>CHRISTOPHER SPROUL IN |
|    |                                                                                     ) | SUPPORT OF PLAINTIFFS' |
| 20 | v.                                                             ) | MOTION TO CHANGE TIME |
|    |                                                                                     ) | |
| 21 | UNITED STATES ENVIRONMENTAL                       )<br>PROTECTION AGENCY; MICHAEL LEAVITT, ) | |
| 22 | as Administrator of the United States Environmental ) | ADMINISTRATIVE |
|    | Protection Agency; and WAYNE NASTRI, as             ) | PROCEDURE ACT CASE |
| 23 | Regional Administrator of the United States             )<br>Environmental Protection Agency, Region 9,         ) | |
| 24 |                                                                                     ) | |
|    | Defendants.                                        ) | |
| 25 |                                                                                     ) | |
| 26 | _____ ) | |
| 27 | | |
| 28 | | |

1. I am one of the attorneys representing Our Children's Earth Foundation, Santa Barbara Channelkeeper, and Get Oil Out (collectively, "Plaintiffs") in this action.

2. Plaintiffs brought a claim pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. section 706 and 28 U.S.C. section 1331, against Defendants U.S. Environmental Protection Agency; Michael Leavitt, Administrator of the United States Environmental Protection Agency; and Wayne Nastri, Regional Administrator of the United States Environmental Protection Agency, Region 9 (collectively, "EPA" or "the Defendants") on January 22, 2004 (Case No. C-04-0294 SI or "*OCE I*").

3. The substance of the sole APA claim in *OCE I* is that EPA has unreasonably delayed issuing new National Permit Discharge Elimination System (NPDES) permits under the Clean Water Act ("CWA") to govern the discharge of pollutants into the waters of the United States by twenty-two oil exploration and drilling platform facilities located off of the coast of Southern California ("the Oil Platforms"). The relief sought in *OCE I* is a court order directing EPA to issue these permits promptly.

4. On March 15, 2004, the Western States Petroleum Association ("WSPA") filed a motion to intervene in *OCE I* as defendants either as a matter of right or permissively.

5. On March 23, 2004, EPA filed a motion for Judgment on the Pleadings in *OCE I*. EPA contended that only a Court of Appeals has jurisdiction to hear Plaintiffs' APA claim pursuant to Clean Water Act (CWA) section 509, 33 U.S.C. § 1369.

6. Plaintiffs filed an additional case against Defendants on April 5, 2004, *Our Children's Earth Foundation, et al. v. U.S. Environmental Protection Agency, et al.*, Case No. C-04-1317 JSW ("*OCE II*"). Plaintiffs' claims in *OCE II*, *inter alia*, also concern EPA's failure to issue NPDES permits to the Oil Platforms. *OCE II* was brought pursuant to CWA section 505(a) and alleges EPA's inaction violates mandatory duties under the CWA. Plaintiffs could not have brought its CWA claims in *OCE I* because CWA section 505 requires Plaintiffs to provide 60 days notice before filing suit under that provision.

|   |   |   |
|---|---|---|
| 1 |   | Plaintiffs subsequently provided such 60 day advance notice before filing *OCE II*. The |
| 2 |   | relief sought in *OCE II* also includes a court order directing EPA to issue these permits in |
| 3 |   | accord with CWA deadlines. *OCE II* has been assigned to Judge White. |
| 4 | 7. | Plaintiffs filed an Opposition to EPA's Motion for Judgment on the Pleadings on April 5, |
| 5 |   | 2004. |
| 6 | 8. | Plaintiffs filed a Notice of Related Case on April 6, 2004 pursuant to Local Rule 3-12. |
| 7 |   | Plaintiffs contended in this Notice that *OCE I* and *OCE II* both concern the same parties |
| 8 |   | and further contended that *OCE I* and at least one of the claims in *OCE II* concern the |
| 9 |   | same events and similar questions of law. |
| 10 | 9. | Plaintiffs filed an Opposition to WSPA's Motion to Intervene on April 9, 2004. |
| 11 |   | Plaintiffs, however, are willing to stipulate that should *OCE I* and *OCE II* be |
| 12 |   | consolidated, they will not oppose WSPA's intervention, at least for the purposes of |
| 13 |   | litigating any issues raised by *OCE II* other than whether EPA has timely acted in issuing |
| 14 |   | NPDES permits or reviewing effluent guidelines. (In Plaintiffs' view, claims for relief |
| 15 |   | seeking an order that EPA issue the overdue NPDES permits and review EPA's CWA |
| 16 |   | regulations establishing effluent guidelines under CWA section 304 are directed only at |
| 17 |   | EPA. The relief sought is regulatorily neutral in that it does not commit EPA to any |
| 18 |   | particular outcome in fashioning permit terms or effluent guidelines, and therefore does |
| 19 |   | not implicate a protectable interest for WSPA's members that own and operate the oil |
| 20 |   | platforms at issue in these cases. Plaintiffs concede, however, that other relief sought in |
| 21 |   | *OCE II* would implicate WSPA's members' interests, and Plaintiffs would stipulate to |
| 22 |   | WSPA intervention to litigate that relief). |
| 23 | 10. | Thus far, there has been one modification in the case schedule ordered by the Court. The |
| 24 |   | hearing for WSPA's Motion to Intervene and EPA's Judgment on the Pleadings was |
| 25 |   | originally set for April 30, 2004. On April 13, 2004, the Court rescheduled the hearing |
| 26 |   | for EPA's Judgment on the Pleadings and WSPA's Motion for Intervention in *OCE I* to |
| 27 |   |   |
| 28 | DECL. OF C. SPROUL IN SUPPORT OF P.'S MOT'N TO CHANGE TIME | Page 3 |

May 21, 2004.

11. Between April 7 and April 8, 2004, I made several phone and electronic mail communications to opposing counsel Lily Chinn of the U.S. Department of Justice, representing Defendants, and to Jocelyn Thompson, representing WSPA, in an effort to obtain both opposing counsels' agreement to take their respective motions off-calendar. Both counsel for EPA and WSPA indicated they would not stipulate to taking their motions off-calendar and would oppose any motion made by Plaintiffs to do so.

12. The effect on the schedule for *OCE I* should be minimal should the court decide to postpone the hearings currently scheduled for May 21, 2004 pending the ruling on the Notice of Related case. There are no other pending matters before the Court that would have to be rescheduled should Plaintiffs' Motion to Change Time be granted, nor any other changes made to the current case schedule that would be necessitated.

13. Plaintiffs seek this relief to conserve their litigation resources, to avoid the risk of an inconsistent result in *OCE I* and *OCE II,* and to promote judicial economy as described more fully in their Memorandum in Support of Motion To Change Time.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of April 2004, at San Francisco, California.

/s/ Christopher Sproul
Attorney for Plaintiffs