Scott R. Mosko (State Bar No. 106070)
scott.mosko@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California 94304
Telephone:   (650) 849-6600
Facsimile:    (650) 849-6666

Attorneys for Defendants
ConnectU LLC, Pacific Northwest
Software, Inc., Winston Williams, and
Wayne Chang

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., and MARK ZUCKERBERG,<br><br>           Plaintiffs,<br><br>      v.<br><br>CONNECTU LLC, (now known as CONNECTU, INC.), ET AL.,<br><br>           Defendants. | Case No.: 5:07-cv-01389-RS<br><br>**DEFENDANTS CONNECTU LLC, PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, AND WAYNE CHANG'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE REQUEST PURSUANT TO CIVIL L.R. 7-11 FOR ORDER REQUIRING DEFENDANTS TO PROVIDE DATES FOR DEPOSITION** |

1    Attempting to bury several small entities and individuals in paper, Plaintiffs (hereinafter
2    "Facebook") file yet another unmeritorious motion, this one requesting an order compelling
3    Defendants to provide deposition dates. The motion is procedurally improper, and for that reason
4    alone it should be denied. There is no justification for the use of this Court's Administrative Motion
5    process to make such a request--other than to require that Defendants respond within 3 days as
6    opposed to the usual 14 days. This procedure was undoubtedly used to distract Defendants from
7    their current activity of responding to two pending motions--a motion for summary judgment and a
8    different motion to compel.
9    Regarding the false claims asserted in this motion, Facebook fails to advise the Court that
10   Defendants have responded to Facebook's inquiry, and Defendants are in the process of securing
11   dates for these depositions. And, most incredibly, Facebook fails to advise this Court that it sent
12   Defendants a letter at 3:00 p.m. on January 30, threatening to file this motion if Defendants did not
13   respond, and that Defendants *did* respond a few minutes later by stating that Facebook's concerns
14   would be addressed once Defendants' oppositions to the two currently-pending motions were filed.
15   (See attached, Exhibit A). (These oppositions are due on February 6, 2008.) Indeed, and in any
16   event, since discovery does not close for many months, there is no reason for this motion
17   whatsoever.
18   Facebook also fails to tell this Court that within the past week, the parties discussed the
19   setting of depositions, and, consistent with the statements made at the CMC, Defendants advised that
20   given two of the ConnectU principals' current Olympic training, the actual scheduling of dates,
21   times and locations would be and is turning out to be complex. The parties discussed potential
22   locations (perhaps near Atlanta's airport, or an airport in South Carolina) and the probability that the
23   deposition would have to occur in sessions so that it would not interfere with their training schedule.
24   That conversation occurred between Scott Mosko and Sean Lincoln, the *newest* member of the
25   Facebook legal team assigned to the case Facebook filed against Defendants in California-- a case in
26   which Plaintiffs have already admitted in deposition that they suffered absolutely no damages as a
27   result of the alleged acts in the Complaint. (So far, 8 lawyers have made appearances and/or filed
28   motions in this matter: I. Neel Chatterjee, Monte M.F. Cooper, Chester Wren-Ming Day, George

1

DEFS' OPPO TO PLS' ADMIN REQUEST PURSUANT TO
CIVIL L.R. 7-11 FOR ORDER REQUIRING DEFS
TO PROVIDE DATES FOR DEPO
Case No. 5:07-cv-01389-RS

Hopkins Guy, III, Sean Alan Lincoln, Theresa Ann Sutton, Yvonne Penas Greer and Robert Nagel)

Facebook also fails to tell this Court that the parties discussed the request that the depositions be set within 45 days, and Defendants responded that such proposal was "doable."

Through this motion and its unsupported assertions, Facebook is seeking to impose on Defendants what amounts to a double standard. Facebook fails to tell this Court that it leisurely responds to discovery and requests for deposition dates, yet imposes arbitrary and unreasonable production and response dates on Defendants. Indeed, Facebook is really the party who has delayed the discovery activity in this case, *for example*, (a) waiting seven months before completing a document production in response to Defendants' initial document request [document requests served on June 12, with a partial document production made on November 10, where documents continued to trickle in through January 10], (b) waiting five months to complete a subsequent document production in response to Defendants' second document request [request served on August 24, 2007 with first production made on November 30, 2007 and most recent production made on January 8, 2008], (c) initially refusing to provide deposition dates to Defendants' request for a Rule 30(b)(6) deposition necessary to oppose the currently-pending summary judgment motion--and then later offering dates after Defendants' Opposition to said motion would be due, (d) serving a summary judgment motion, and two days later serving documents Facebook knew had an impact on Defendants' ability to oppose the summary judgment motion, (e) waiting until the day before the scheduled day for Mark Zuckerberg's deposition and then postponing it for nearly 3 weeks, and others.

It is also interesting the way Facebook characterizes the Court's comments during the Case Management Conference. The Court admonished the parties to act professionally and appropriately. For example, the Court indicated that a reasonable time between conferences and due dates should be recognized. It also suggested the parties respond to the request for conferences within a reasonable time. This motion is quite inconsistent with the Court's directive. As yet another example of Facebook's refusal to heed this Court's directives, regarding the currently pending motion to compel, Facebook sent a follow up letter after the meet and confer on a Friday, and

2

DEFS' OPPO TO PLS' ADMIN REQUEST PURSUANT TO
CIVIL L.R. 7-11 FOR ORDER REQUIRING DEFS
TO PROVIDE DATES FOR DEPO
Case No. 5:07-cv-01389-RS

| | |
|---|---|
| 1 | demanded discovery responses five days later--where a holiday weekend encompassed three of those |
| 2 | five days. If any party is acting inappropriately, it is Facebook. |
| 3 | Facebook's motion, for the above stated reasons, should be denied. |

Dated: February 4, 2008

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.

By: /s/
Scott R. Mosko
Attorneys for Defendants
ConnectU, LLC, Pacific Northwest
Software, Inc., Winston Williams, and
Wayne Chang

3

DEFS' OPPO TO PLS' ADMIN REQUEST PURSUANT TO
CIVIL L.R. 7-11 FOR ORDER REQUIRING DEFS
TO PROVIDE DATES FOR DEPO
Case No. 5:07-cv-01389-RS