\*E-FILED 2/5/08\*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., et al., | NO. C 07-01389 (RS) |
| Plaintiffs, | **ORDER** |
| v. | |
| CONNECTU LLC, et al., | |
| Defendants. | |

Plaintiffs Facebook, Inc. and Mark Zuckerberg (collectively "Facebook") bring what is labeled as an "administrative motion" under Civil Local Rule 7-11 seeking to compel defendants to commit to dates on which various depositions can go forward. The introduction to Rule 7-11 states, "The Court recognizes that during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge. These motions would include matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal, for example."

The relief Facebook seeks in its motion is no different from that sought in any motion to compel discovery. As such, Facebook should have either noticed the motion for hearing as provided

1

in Rule 7-2, or, if exigent circumstances warranted expedited consideration of the dispute, Facebook should have proceeded under Rule 6-3.

That said, as has previously been observed in this action, substance is almost always to be preferred over form. Facebook's motion, therefore, will be deemed as one seeking expedited relief under Rule 6-3.[1] Analyzed under that rule, Facebook's motion makes no showing that expedited relief is necessary other than the necessarily-implied argument that because the motion seeks to compel depositions to take place within 45 days, hearing the motion on 35 days would not be feasible.

The Court is aware, of course, of *all* of the timing issues that have arisen in this case as it was litigated first in the Santa Clara Superior Court, as jurisdictional and other issues were later litigated in the Court, and that have now arisen in light of scheduling issues involving certain central witnesses. Under these circumstances, and in view of the scheduling order recently entered in this action, it plainly behooves the parties to reach agreements as to the scheduling of depositions as promptly as practicable. The Court declines to address at the present juncture whether one side or the other is more responsible for any breakdowns in the process. Instead, the parties are directed to meet and confer in person as set forth below to craft a workable deposition schedule.

One point of contention between the parties appears to arise from the number of individual lawyers that have made appearances for each side in this action. The relatively large number of lawyers appearing on behalf of Facebook has *no* relevance *per se*; the pertinent question is only whether the number of letters, emails, filings, etc. generated by those lawyers ever rises to a level that imposes an unfair burden. Conversely, however, defendants' contentions that only *one* individual represents them[2] does not give that attorney or his law firm *carte blanche* to set the timing of discovery in this action. Defendants elected to be represented by a national law firm, not a sole

---

[1] The deadline for filing oppositions is the same under Rules 6-3 and 7-11. Defendants filed a timely opposition in this instance, and therefore have not been prejudiced by Facebook's failure to request relief under the correct rule.

[2] Putting aside the one individual defendant with separate representation.

2

practitioner.[3]

In light of all of the foregoing, IT IS HEREBY ORDERED THAT:

(1) Within seven days of the date of this order, counsel for the parties shall mutually agree to a date, not more than 21 days from the date of this order, on which they shall meet, face-to-face, to discuss any and all then-outstanding discovery disputes and discovery scheduling issues. The parties shall reserve not less than six hours for such conference, although they are encouraged to complete it in significantly less time.

(2) At the conference, the parties shall agree on a schedule for *all* fact depositions remaining to be taken in this action. Such schedule shall fairly accommodate all witnesses' needs, including the needs of those individuals participating in the upcoming Olympics. In the event those individuals cannot reasonably be expected to attend deposition prior to the date on which their participation in the Olympics concludes, they must be made available promptly after that date, and in any event prior to the close of discovery herein.

IT IS SO ORDERED.

Dated: February 5, 2008

RICHARD SEEBORG
United States Magistrate Judge

---

[3] Although only one attorney from the Finnegan law firm has officially appeared in this action, the record reflects that at least one other attorney has had some involvement in the matter. See Declaration of Jason M. Webster, filed December 18, 2007.

ORDER
C 07-01389 (RS)

3

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

I. Neel Chatterjee     nchatterjee@orrick.com, kmudurian@orrick.com

Monte M.F. Cooper     mcooper@orrick.com, adalton@orrick.com, shart@orrick.com

Chester Wren-Ming Day     cday@orrick.com, descamilla@orrick.com, mgirroir@orrick.com

Yvonne Penas Greer     ygreer@orrick.com, atatagiba@orrick.com, sstillman@orrick.com

George Hopkins Guy , III     hopguy@orrick.com, adalton@orrick.com, msagmit@orrick.com

Sean Alan Lincoln , Esq     slincoln@Orrick.com, elee@orrick.com

Scott Richard Mosko     scott.mosko@finnegan.com, doreen.loffredo@finnegan.com, lissette.vazquez@finnegan.com, randal.holderfield@finnegan.com

Theresa Ann Sutton     tsutton@orrick.com, aako-nai@orrick.com, ygreer@orrick.com

Valerie Margo Wagner     valerie.wagner@dechert.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 2/5/08**                                        **Richard W. Wieking, Clerk**

                                                                    **By:**      **Chambers**

ORDER
C 07-01389 (RS)