Scott R. Mosko (State Bar No. 106070)
scott.mosko@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California 94304
Telephone:   (650) 849-6600
Facsimile:   (650) 849-6666

Attorney for Defendants
Pacific Northwest Software, Inc.
and Winston Williams

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC. and MARK ZUCKERBERG,<br><br>Plaintiffs,<br><br>v.<br><br>CONNECTU LLC, (now known as CONNECTU, INC.), ET AL.,<br><br>Defendants. | CASE NO.  C 07-01389 RS<br><br>**DEFENDANTS PACIFIC NORTHWEST SOFTWARE, INC. AND WINSTON WILLIAMS' OPPOSITION TO MOTION TO COMPEL COMPLIANCE BY DEFENDANTS PACIFIC NORTHWEST SOFTWARE, INC. AND WINSTON WILLIAMS WITH ORDER GRANTING MOTION TO COMPEL SUPPLEMENTAL INTERROGATORY RESPONSES**<br><br>Date:          February 27, 2008<br>Time:         9:30 a.m.<br>Dept.:         4<br>Mag. Judge:  Hon. Richard Seeborg |

## I. INTRODUCTION

Wasting time, money, and precious judicial and client resources, Plaintiffs Facebook, Inc. and Mark Zuckerberg (collectively "Facebook") are again moving for supplemental responses to two interrogatories for which there is no further information available. Defendants have repeatedly told Plaintiffs that the current responses are the only responses. Facebook claims to have spent eight months attempting to obtain information responsive to Interrogatory Nos. 3 & 4. For the same eight months, Defendants have been telling Facebook the same thing: no further information exists that would enable Pacific Northwest Software, Inc. ("PNS") or Winston Williams (collectively "Defendants") to supplement their responses.

Despite both PNS and Mr. Williams serving verified declarations in compliance with the Court's December 12, 2007 Order, Facebook filed this motion. Facebook argues that Defendants' January 2, 2008 declarations are incomplete and do not comply with the Court's Order. This is not true. This Court expressly stated "[i]f for any reason, PNS's computer records do not contain additional responsive information, it may so state by way of declaration." (Mosko Decl. Exh. A at 4, n. 4). This is exactly how PNS responded by declaration on January 2, 2008. (Mosko Decl. Exh. B at 2). Further, Mr. Williams responded by stating that he searched numerous documents produced by Defendants in this case, including all documents referenced by Facebook in the original Motion to Compel papers, and determined that he could not provide further responses to Interrogatory Nos. 3 & 4. (Mosko Decl. Exh C).

Facebook now requests that the Court: compel PNS and Williams to comply with the "Order," **and** take the extraordinary step of "(1) order[ing] PNS and Williams to produce all of their servers and other memory devices for imaging and analysis for responsive information, or alternatively (2) enter[ing] a factual finding that PNS and Williams sent three ConnectU invite e-mails to each of three million Facebook users as of July 1, 2005." (Motion at 2-3). None of Plaintiffs proposals are appropriate. Defendants have, on numerous occasions, under penalties of perjury, stated that they are unable to supplement their responses to Interrogatory Nos. 3 & 4. There is no information available to either PNS or Mr. Williams that would enable them to provide

supplemental responses to Interrogatory Nos. 3 & 4.  Their answers are complete, they complied with the Court's Order, and this motion should be denied.

## II. ARGUMENT

### A. PNS and Mr. Williams Have Complied With the Court's Order

#### 1. The Court's Order

Facebook's characterization of the Court's Order is misleading in several respects.  The Court ordered PNS and Mr. Williams to "undertake reasonable efforts" to determine whether they posses information responsive to Interrogatory Nos. 3 & 4.  Specifically, as Facebook points out, the Court ordered the Defendants to serve either supplemental responses to the Interrogatories or provide verified declarations stating that they "genuinely do not possess" responsive information.  The declarations submitted by PNS and Mr. Williams complied.  Indeed, Mr. Williams declaration went beyond what the Court required by explaining what he did before concluding he was unable to provide further responses to these interrogatories.  In any event however, this Court did not require that PNS or Mr. Williams detail every step taken in conducting a reasonable investigation.  Nevertheless, Facebook repeatedly claims their declarations are inadequate because they do not contain detailed explanations of their search efforts and accompanying thought processes.  (*See* Motion at 3:17, 20-22; 4:24; 5:8-12).  Neither Federal Rule of Civil Procedure 33 nor the Court's Order requires a party to describe in detail how the party arrived at a particular response.  In compliance with the Court's Order, both PNS and Mr. Williams provided verified declarations stating that they do not have any further responsive information.  Based on this point alone, the motion should be denied.

Facebook also mischaracterizes the Court's Order by insisting that it "**required** PNS to "give Williams access to its computer files and databases to permit complete discovery responses." (Motion at 4:21-22 (emphasis added) (citing Order at 4:4-6)).  Once again, Facebook faults Defendants for not complying with their biased reading of the Court's Order.  The Court actually stated "…**to the extent necessary**, [PNS] shall give Williams access to its computer files and databases…." (Mosko Decl. Exh. A (emphasis added)).  However, it was unnecessary for Mr. Williams to access the PNS servers.  As the architect of the system in question, he knew it would not

provide the information requested in the interrogatories. (Williams Decl., ¶6. *See also* Mosko Decl., Exh. C at pp 7-9). Based upon his knowledge of the way in which these databases were created, he concluded that he did not need to access the servers to determine whether they contained responsive information. Mr. Williams is certain that no responsive information is contained in the databases he created. After reviewing all potential sources of information of which he was aware, Mr. Williams submitted a declaration stating that he could not supplement his responses to Interrogatory Nos. 3 and 4. Mr. Williams has complied with the Court's Order and therefore this motion should be denied. (*Id.*)

### 2. PNS January 2, 2008 Declaration Complies With the Court's Order

In the December 12, 2007 Order, the Court expressly states "**[n]othing in this order requires defendants to provide information that they genuinely do not possess**. Thus, if for any reason, PNS's computer records do not contain additional responsive information, it may say so by way of verified declaration." (Mosko Decl., Exh. A (emphasis added)). After an additional investigation, PNS determined that it could not supplement its responses to Interrogatory Nos. 3 & 4 and submitted a declaration in compliance with the Court's Order. PNS's declaration, submitted by John Taves on behalf of PNS, stated "[t]he computer records currently in PNS's possession do not contain information that will allow me, on behalf of PNS to further respond to Interrogatory Nos. 3 & 4." PNS has fully complied with the Order in that it "under[took] reasonable efforts to determine whether it possess[ed] additional information responsive to these interrogatories." (Mosko Decl., Exh. B).

The Order does not require PNS to "describe any search efforts," or identify" all steps taken in complying with the Order, as argued by Facebook. (Motion at 3:17, 20-22; 4:24; 5:8-12). PNS understands its obligations with respect to Rule 33 and has complied with those obligations. Further, nothing in Rule 33 requires a responding party to describe each and every step it undertook in formulating its response. PNS complied with the express language of the Court's Order and therefore this motion should be denied.

### 3. Winston Williams January 2, 2008 Declaration Complies With the Court's Order

In response to the Court's Order, Mr. Williams submitted a declaration stating that he had reviewed numerous documents, URL's, and IP addresses, including all of the URL's and IP addresses referenced in Facebook's Motion to Compel and Reply Brief. (Mosko Decl., Ex. C at 1). Additionally, Mr. Williams indicated that he had reviewed the relevant documents produced by PNS and David Gucwa in this case. (*Id*. at 6-7). Mr. Williams declared that none of this information allowed him to supplement his responses to Interrogatory Nos. 3 and 4. (*Id*. at 9).

Additionally, Mr. Williams declared that none of the information located on the PNS servers used when PNS was retained by ConnectU contained information that would enable him to supplement his responses. (*Id*. at 7). (*See also* Williams Decl., ¶6). Mr. Williams was able to make such a declaration because he was the person who created and maintained the databases contained on the PNS servers. Mr. Williams understood the Court's Order allowed him access to the servers "to the extent necessary" to provide complete discovery responses. However, because of his intimate knowledge of the information contained in the databases, physical access to the PNS servers was unnecessary. Ultimately, Mr. Williams declared that "I am confident that I have reviewed all available information that exists that would provide me or anyone else with the ability to further respond to Interrogatory Nos. 3 and 4 [and]…[n]one of the documents, files, IP addresses, URLs described [in the declaration], or other information about which I am aware will permit me to provide further responses to Interrogatory Nos. 3 or 4." (*See* Mosko Decl. Exh. C at 9). Mr. Williams "undertook reasonable efforts" in reviewing the information available to him and provided a declaration stating that no further information existed that allowed him to supplement his responses. Mr. Williams' January 2, 2008 declaration complies with this Court's Order and therefore this motion should be denied.

### 4. The Shiflett Declaration Fails to Show the Declarations Were Inappropriate

Facebook's motion is accompanied and supported by a declaration drafted by Mr. Chris Shiflett. Based on Mr. Shiflett's opinion, Facebook argues that both PNS's and Mr. Williams'

responses to Interrogatory Nos. 3 & 4 are incomplete. (*See* Motion at 6-9). While Defendants maintain that this motion should be denied based on PNS's and Mr. Williams' full compliance with the Court's Order, Defendants will address Mr. Shiflett's opinion and faulty assumptions.

### a. PNS and Mr. Williams Do Not Possess More Information Responsive to Interrogatory No. 3

Facebook argues that the three IP addresses identified by Mr. Williams in his response to Interrogatory No. 3 are "not responsive to the interrogatory." (*See* Motion at 6). To support this conclusion, Mr. Shiflett cites a series of emails that discuss replacing an old series of IP addresses with a new series of IP addresses. (*See* Shiflett Decl. Exh. 3 at PNS000440 & PNS000443). The IP addresses actually provided in Mr. Williams' interrogatory response "currently point to the same three servers that were used throughout the development of the ConnectU work. (*See* Williams Decl. Exh. at 3). The old IP addresses referenced by Mr. Taves in the July 28, 2005 email were invalid at the time Mr. Williams supplied his interrogatory response. (*Id.*) Logically, when asked for the IP addresses used to access the Facebook website, Mr. Williams responded by listing the current IP addresses of the relevant machines and not the old, invalid IP address referenced in Mr. Taves' email. Facebook suggests Mr. Williams' interrogatory responses are incomplete because the old IP addresses were not included. However, Mr. Williams was simply being accurate. Instead of responding to the interrogatory with invalid IP addresses, Mr. Williams supplied the IP addresses currently directed at the servers at the relevant time.

Next, Facebook attempts to fault Mr. Williams for not including his own IP address in his response to Interrogatory No. 3. (*See* Motion at 7). This argument is flawed for many reasons. First, Facebook cites no evidence establishing that Mr. Williams accessed Facebook from his own IP address. Second, Facebook cites no evidence establishing that the IP address referenced in the cited emails (Bates numbered iMarc001529-31) belongs to Mr. Williams. In fact, Mr. Williams is not familiar with the IP address referenced in the emails. (*See* Williams Decl. at 4). Finally, nothing in the email chain cited by Facebook establishes that this particular IP address was used to access the Facebook site. In essence, Facebook is moving to compel compliance with the Court's Order because the Defendants did **NOT** provide in their Interrogatory responses an IP address that does not

belong to Mr. Williams, is not familiar to Mr. Williams, and most likely has never been used to access the Facebook website.

Facebook also argues that "Williams admits to accessing Facebook's website from computers owned by others" and faults both PNS and Mr. Williams because "they cannot identify the URL or IP addresses for a single one of those computers." (*See* Motion at 7). This argument is nonsensical. One cannot be expected to know or remember every IP address from which he accesses the internet, and Mr. Williams is no exception. Faulting Mr. Williams for not knowing or recalling these IP addresses is similar to faulting someone because he does not know the telephone number of a payphone he used three years ago. More specifically, if one uses a friend's computer, is he expected to know (or remember) the 10-12 digit IP address? Mr. Williams clearly stated in his deposition that he had no recollection of many of the IP addresses used to access the Facebook site. (Mosko Decl. Exh. D at 67:5-8). Mr. Williams listed the three IP addresses in his interrogatory response because they were "the three addresses that I know for certain were used." If Mr. Williams knew of more IP addresses that he used to access the Facebook site he would have included them in his response. (Williams Decl. at 12).

PNS and Mr. Williams have no more information to provide in response to Interrogatory No. 3, and therefore this motion should be denied.

### b. PNS and Mr. Williams Do Not Possess More Information to Interrogatory No. 4

Defendants have repeatedly told Facebook that they cannot respond to Interrogatory No. 4 because determining the total number of email invitations sent to Facebook users is an impossible task. (Mosko Decl. Exh. C at 13; E at 5-6). Despite Mr. Shiflett's opinion to the contrary, Defendants simply lack the necessary information to complete such a calculation. (Williams Decl. at 13: "I am not able to calculate the number of email invitations sent to Facebook users because the records are inaccurate and incomplete or do not exist.").

The MySQL databases designed by Defendants were not specifically designed to capture and retain all of the information regarding downloads and emails sent. (*Id*. at 6). Moreover, during the development of the Social Butterfly program, numerous iterations of the program were implemented.

When a new iteration was introduced or changes to the table schema of the databases were made, data tables were occasionally dropped from the database. (*Id*. at 6-7). Further, because memory shortage was also an issue, data was occasionally dumped, allowing database queries to run faster. (*Id*. at 8). The data stored in the dropped tables was not retained. (*Id*. at 7-8). In addition, Defendants experienced several problems with their mail server resulting in records of emails being sent that were not actually sent. (*Id*. at 9). The MySQL databases were never designed to log the total number of sent emails, but were designed "on the fly" for utility purposes, such as not repeatedly sending email invitations to the same person. (*Id*. at 6, 10).

Facebook argues that Defendants should have access to all iterations of the code because they used "Subversion" software. Facebook argues that this software "preserve[s] versions of the ConnectU Source Code, reflecting the changes to the code that occurred over time." (Motion at 8). While Defendants did make use of the Subversion software, not all code revisions would necessarily appear in the Subversion code. (*Id* at 10). Subversion only records changes that were properly committed by developers. The 'Social Butterfly' job was extremely time sensitive and many times developers would make changes "on the fly," without checking the source code into subversion. (*Id*.) Because so many changes were made "on the fly" and the job was time sensitive, the developers' use of Subversion was less than perfect. (*Id.*) This led to the poor table design, frequent changes in table schema, mail server problems, and memory issues.

Facebook again argues that a 2006 time entry by Mr. Williams indicating to PNS that he started a method of calculating the total number of emails sent to California schools is evidence that such a calculation is possible. As argued in Defendants' opposition to Facebook's motion to compel (Dkt. 220 at 9), the fact that Mr. Williams stated that he had started such a calculation does not establish that such a calculation was ever possible or ever completed. In fact, Mr. Williams has declared on numerous occasions that he was never able to complete such a calculation. (Williams Decl. at 13; Mosko Decl., Ex. C at 9; Ex. E at 5-6).

In their motion, Facebook paints a pretty picture of the perfect database and gives the impression that Defendants only need to punch a few keys and the total number of emails will appear on the screen. In reality, however, Defendants have only incomplete databases, created "on

7

OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL SUPP
RESPONSES TO INTERROGATORIES 3 AND 4
Case No. 07 CV 01389 (RS))

the fly," with which to work. None of Defendants' files was deliberately purged and there is no way for Defendants to recreate the databases or look to the Subversion code for the answer. (Williams Decl. at 11-12). There is simply no way for the Defendants to determine how many emails were sent to Facebook users.

PNS and Mr. Williams have no more information to provide in response to Interrogatory No. 4, and therefore this motion should be denied.

### B. The Extraordinary Proposal that Defendants Be Ordered to Produce Their Devices For Imaging and Examination Is Not Warranted

Facebook relies on *Fennell v. First Step Designs*, 83 F.3d 526 (1st Cir. 1996), to support its request that the Court order the Defendants to produce their memory devices. In *Fennell*, the request to access the hard drive of the defendant's computer was made in the form of a Fed. R. Civ. P. 56(f) motion. Requesting access to a hard drive in the context of a Rule 56(f) motion is quite different from requesting access to Defendants' memory devices in the context of a motion to compel interrogatory responses. Facebook is arguing that because Defendants cannot provide "complete" interrogatory responses, that it should be allowed access to Defendants' computer systems. The proposed remedy does not correspond to the circumstances.

Facebook also relies on *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp. 2d 1050 (S.D. Cal. 1999), to support its motion. In *Playboy*, the defendant's custom was to erase her outgoing and incoming emails soon after sending and receiving the emails and this custom continued after the litigation commenced. Pursuant to Fed. R. Civ. P. 34, Plaintiff sought discovery of Defendant's hard-drive in an effort to recover any relevant emails that the Defendant may have erased. Defendant refused to produce the hard drive, resulting in the Motion to Compel. Again, Facebook's reliance on the case law is misguided and the facts of *Playboy* are easily distinguishable from the facts at issue here. This is not a motion to compel production. It is a motion to compel further responses to interrogatories, under circumstances where there is no information from which further responses can be provided. *Playboy* does nothing to support Facebook's request for order compelling production of Defendants' devices.

Indeed, the authority cited by Facebook is limited to circumstances where the Court has compelled compliance in response to a Rule 34 request. *See Ameriwood Indus., Inc. v. Liberman*, 2006 WL 3825291, *2 (E.D. Mo. Dec. 27, 2006) (discussing individual document requests); *Physicians Interactive v. Lathian Sys., Inc.*, 2003 WL 23018270, *8 (E.D. Va. Dec. 5, 2003) (approving expedited discovery based on proposed set of document requests); *Frees Inc. v. McMillian*, 2007 WL 184889, *1-3 (W.D. La. Jan. 22, 2007) (discussing each request for production in detail). Facebook has not cited one case in which a Court ordered a party "to produce all computer web servers, computer hosting SQL databases, and other memory devices" based on a party's alleged failure to supplement interrogatory responses adequately . (Motion at 2). Facebook's motion is not supported by the law, and therefore should be denied.

### C. An Adverse Finding That PNS and Winston Williams Sent 9,000,000 Email Invitations to Facebook Users Is Not Warranted

Defendants do not dispute that the Court is vested with the authority to enter an adverse factual finding when a party violates a court order. However, Facebook fails to cite any authority that would come close to comparing to the type of sanction they seek here. In any event, as clearly demonstrated, Defendants have not only complied with the Order, they have gone beyond what was required. Both Defendants submitted supplemental declarations in compliance with the Court's Order. The Defendants simply do not have additional information that would enable them to supplement their answers to Interrogatory Nos. 3 & 4. No information was deliberately purged from the databases and Defendants are not withholding information. (Williams Decl. at 12). Responsive information simply does not exist. Entering an adverse finding that Defendants sent nine million email invites, three for every Facebook user as of July 1, 2005, is unwarranted, and would severely prejudice Defendants.

///
///
///
///
///

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion should be denied.

Dated: February 6, 2008

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.

By: _____/s/_____
Scott R. Mosko
Attorneys for Defendants
Pacific Northwest Software, Inc. and
Winston Williams