| | |
|---|---|
| 1 | Scott R. Mosko (State Bar No. 106070) |
| | scott.mosko@finnegan.com |
| 2 | FINNEGAN, HENDERSON, FARABOW, |
| |   GARRETT & DUNNER, L.L.P. |
| 3 | Stanford Research Park |
| | 3300 Hillview Avenue |
| 4 | Palo Alto, California 94304 |
| | Telephone: (650) 849-6600 |
| 5 | Facsimile: (650) 849-6666 |
| 6 | Attorneys for Defendants |
| | Pacific Northwest Software, Inc. and |
| 7 | Winston Williams |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC. and MARK ZUCKERBERG,<br><br>            Plaintiffs,<br><br>v.<br><br>CONNECTU LLC, (now known as CONNECTU INC.), ET AL.,<br><br>            Defendants. | CASE NO. C 07-01389 RS<br><br>**DECLARATION OF WINSTON WILLIAMS IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION TO COMPEL COMPLIANCE BY DEFENDANTS PACIFIC NORTHWEST SOFTWARE, INC. AND WINSTON WILLIAMS WITH ORDER GRANTING MOTION TO COMPEL SUPPLEMENTAL INTERROGATORY RESPONSES**<br><br>Date: February 27, 2008<br>Time: 9:30 a.m.<br>Courtroom: 4<br>Judge: Honorable Richard Seeborg |

I, WINSTON WILLIAMS, declare as follows:

I have personal knowledge of the facts stated herein and if called as a witness, could and would competently testify thereto.

1. In late 2004 I was hired by ConnectU, LLC ("ConnectU") to assist in creating a program called Social Butterfly/Importer ("Social Butterfly").

2. I have read Plaintiffs' Motion to Compel Compliance by Defendants Pacific Northwest Software and Winston Williams With Order Granting Motion to Compel Supplemental Interrogatory Responses ("the Motion"), the Declaration of Chris Shiflett in Support of Motion to Compel ("Shiflett Declaration"), and the Declaration of Monte M.F. Cooper in Support of Plaintiffs' Motion to Compel Compliance by Defendants Pacific Northwest Software and Winston Williams With Order Granting Motion to Compel Supplemental Interrogatory Responses ("Cooper Declaration").

3. On page 6 of the Motion, Plaintiffs assert that my response to Interrogatory No. 3 is incorrect, incomplete, and not responsive. My response to Interrogatory No. 3 included the IP addresses 207.244.158.164, 207.244.158.165, and 207.244.158.34. To support their argument, Plaintiffs offer a July 28, 2005 email where John Taves identifies these IP addresses as "new" (Shiflett Exh. 3). I believe that the IP addresses found in my response are currently directed toward the PNS servers that housed the ConnectU code. When responding to Interrogatory No. 3, I believed that the IP addresses located at 207.114.225.X were invalid and no longer pointed to the servers and were not responsive to the interrogatory.

4. On page 6 of the Motion, Plaintiffs assert that "one of the IP addresses Williams fails to identify in his responses is his own server." In support of this argument, Plaintiffs offer an email chain in which the IP address of 24.22.165.112 is identified as my personal IP address. (Cooper Decl. Exh. 10). I am not familiar with the IP address 24.22.165.112. It is not and I believe never has been my personal IP address.

5. On page 7 of the Motion, Plaintiffs argue that information responsive to Interrogatory No. 4 exists and that PNS and I have destroyed or currently possess responsive information. This is

not true. For the reasons listed in paragraphs 6-13, I believe that the number of ConnectU email invitations sent to Facebook users is impossible to calculate.

6. Numerous iterations of the Social Butterfly program were developed while I was working on the ConnectU project. The program was not specifically designed to capture and retain all of the information regarding downloads and emails sent.

7. When a new version of the Social Butterfly program was implemented or when new table schemas were implemented, information was often lost and cannot be recovered.

8. In order to satisfy memory needs, data tables were often deleted and the information contained in these data tables cannot be recovered. The extra memory would allow database queries to be run faster.

9. While running the Social Butterfly program, mail server problems were often encountered. The mail server problems resulted in records of emails having been sent that were never actually sent.

10. The code was stored with subversion software, but not all changes made to the Social Butterfly code would be captured by the subversion software. Subversion only records changes that are properly committed by the code developers. Because the ConnectU work was extremely time sensitive and changes were often made 'on the fly,' many times the code developers, including myself, did not take the time to check the code into subversion. When changes were made to the Social Butterfly code and the code was not checked into subversion, the changes to the code would not be recorded in the subversion code.

11. The incomplete subversion code would not allow the entire code to be re-created and would not allow anyone to determine the number of email invitations sent to Facebook users.

12. I am not aware of any files being deliberately purged or deleted in response to this action and I am not withholding any responsive information.

13. I am not able to calculate the number of email invitations sent to Facebook users because the required records are inaccurate, incomplete, or do not exist.

14. I am not aware of any other information created at PNS or otherwise, that would provide further information than what was provided in my responses to Interrogatory Nos. 3 or 4.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration is executed on the 6 day of February 2008.

_Winston Williams_