SEAN A. LINCOLN (State Bar No. 136387)
  salincoln@orrick.com
I. NEEL CHATTERJEE (State Bar No. 173985)
  nchatterjee@orrick.com
MONTE COOPER (State Bar No. 196746)
  mcooper@orrick.com
THERESA A. SUTTON (State Bar No. 211857)
  tsutton@orrick.com
YVONNE P. GREER (State Bar No. 214072)
  ygreer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:     650-614-7400
Facsimile:     650-614-7401

Attorneys for Plaintiffs
THE FACEBOOK, INC. and MARK ZUCKERBERG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE FACEBOOK, INC. and MARK ZUCKERBERG,<br><br>              Plaintiffs,<br><br>     v.<br><br>CONNECTU, INC. (formerly known as CONNECTU, LLC), PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, WAYNE CHANG, and DAVID GUCWA,<br><br>              Defendants. | Case No. 5:07-CV-01389-RS<br><br>**PLAINTIFFS' RESPONSES TO DEFENDANTS' OBJECTIONS TO EXHIBITS SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:        February 27, 2008<br>Time:        9:30 a.m.<br>Judge:      Honorable Richard Seeborg |

## I.     INTRODUCTION

Defendants object to certain evidence presented by Plaintiffs Facebook, Inc. and Mark Zuckerberg in support of their Motion for Partial Summary Judgment Re: Defendants' Liability Pursuant to California Penal code Section 502(C) and 15 U.S.C. § 7704(A)(1) and 15 U.S.C. §7704(B)(1) . Specifically, Defendants objected to the following exhibits to the Declaration of Monte M.F. Cooper: 6, 9, 20, 22-27, 29, 32-34, 36-38, 40-43, 45-49, 51-55, 58-59, 61, 63-64, all on the basis of authentication, foundation and hearsay. Defendants' objections are without merit and should be overruled.

## II.     THE DISPUTED EXHIBITS TO THE COOPER DECLARATION ARE PROPERLY AUTHENTICATED

### A.     Documents Produced by A Party-Opponent During Discovery Are Deemed Authentic

Defendants object that many of the emails and/or instant message conversations cited by Plaintiffs are not properly authenticated pursuant to Fed. R. Evid. 901(a). It is well established that documents produced during the discovery process by a party-opponent are deemed authentic. *Orr v. Bank of America,* 285 F.3d 764, 777 n.20 (9th Cir. 2002); *In re Homestore.com Securities Litigation*, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004); *Sklar v. Clough*, 2007 U.S. Dist. LEXIS 49248, at *11 (N.D. Ga. 2007). The majority of the emails and/or instant message conversations that Defendants now claim are not authenticated were produced by Defendants themselves pursuant to discovery requests or *subpoena duces tecum* issued prior to becoming named Defendants. Declaration of Tina Naicker in Support of Plaintiff's Responses to Defendants' Objections to Exhibits Submitted in Support of Plaintiffs' Motion for Partial Summary Judgment ("Naicker Decl."), Exs. A to E. Exhibits 6, 20, 29, 33, 37, 38, 40, 42, 43, 47, 49, 51-55, 58, 59, 61, 63, and 64 were produced by ConnectU either pursuant to a request for production of documents or in its initial disclosures. *Id.*, Exs. A, B, and F. The instant message conversations with David Gucwa, Exhibit 9, were produced by David Gucwa pursuant to a subpoena issued by this Court on February 22, 2007. *Id.*, Ex. E. He produced documents on March 13, 2007 and was added as a Defendant in this action on May 30, 2007. Similarly, Exhibits 32, 34, 36, 41, 45, 46, and 48 were produced by Pacific Northwest Software, Inc., also a named Defendant in this action.

Here, Defendants may not deny that the very documents produced by them are authentic. Since, nearly all of the exhibits to which Defendants object were in fact produced by them, they are deemed authentic for purposes of admissibility.

### B. Emails May Be Self-Authenticated Under Fed. R. Evid. 902(7)

Further, many of the emails may be self-authenticated. Emails that bear the business' name or contain information showing the origin of transmission and identifying the employer company may be self authenticated under Fed. R. Evid. 902(7). *Lorraine v. Markel American Ins. Co.*, 241 F.R.D. 534, 554 (D. Md. 2007). Here, Exhibits 6, 22-27, 34, 42, 45-47, 48, 52, 54, 59, and 61 contain "imarc.net," "i2hub.com," "pnwsoft.com," or "connectu.com" in the recipient's email address. Accordingly, the use of the Defendants' business names is sufficient to authenticate the emails under Fed. R. Evid. 902(7).

### C. Emails and Instant Messages May Be Authenticated By Circumstantial Evidence Under Fed. R. Evid. 901(b)(4)

Circumstantial evidence may be used to properly authenticate a document. Fed. R. Evid. 901(b)(4). Emails and Instant Messages may be authenticated by circumstantial evidence. Fed. R. Evid. 901(b)(4); *United States v. Siddiqui*, 235 F.3d 1318, 1322 (11th Cir. 200)("A document may be authenticated by 'appearance, content, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances").

The use of the Defendants' first and last name in the email address, in conjunction with the particular context of the messages provide circumstantial evidence that the email is that of Defendants. *Lorraine*, 241 F.R.D. at 546. Many of the emails Defendants object to contain the first initial and last name of the Defendants and the content relates to knowledge uniquely held by Defendants. Accordingly, the emails can be further authenticated by circumstantial evidence and Defendants may not object to the exhibits on the basis of authentication. Therefore, Defendants authentication and foundation objections to Exhibits 6, 20, 29, 34, 42, 45-48, 51-54, 58, 59, and 61 must be overruled.

The Gucwa Instant Messages, Exhibit 9 to the Cooper Declaration, are authenticated by circumstantial evidence as well. Gucwa identified himself by his own screen name, as "David

Gucwa" and the instant messages have the following heading: "conversation with [recipient] at [date and time] on David Gucwa (aim)." So long as there is an indicia of reliability that the instant messages are from David Gucwa, they are admissible. *Lorraine*, 241 F.R.D. at 546 ("[T]ranscripts of instant messaging conversations were circumstantially authenticated based on the presence of defendant's screen name, use of defendant's first name and the content of the message")(citing *In Re F.P., a Minor*, 878 A.2d 91, 94)(Pa. Super. Ct. 2005)). Given the strong circumstantial evidence contained in the instant message conversations, Defendants cannot dispute that the instant message conversations were not by Gucwa. Accordingly, the instant message conversations are properly authenticated.

**D.** **The iMarc Emails Were Produced Within The Scope Of Their Agency And Further Authenticated By Deposition Testimony**

Defendants object that the iMarc emails are improperly authenticated. However, these documents were produced by iMarc pursuant to a *subpoena duces tecum*. Naicker Decl. Ex. C As stated above, documents produced within the course of discovery are deemed authentic. *Orr v. Bank of America*, 285 F.3d at 777. While Defendants may argue that iMarc is not a Defendant named in the litigation, iMarc can indeed be considered an agent of ConnectU. iMarc was hired by ConnectU as a web design developer to help create ConnectU. As such, iMarc is an agent of ConnectU. *See* Naicker Decl. Ex. G, Restatement (Third) of Agency §1.01(2006)(finding that an independent contract may be considered an agent depending on the nature of his relationship with the principal); *see also MGM Studios, Inc. v. Grokster, Ltd*., 454 F. Supp. 2d 966, 974 (C.D. Cal. 2006)(finding that an independent contractor hired to perform services is an agent). Since the emails proffered by iMarc were generated at a time when they were doing work for ConnectU, and within the scope of their agency, they can be considered documents produced by a party-opponent. However, to the extent that iMarc is not considered a party-opponent via agency theory, the emails produced by iMarc are properly authenticated by the deposition testimony given by David Tufts of iMarc. Cooper Decl. Exhibit. 21 [Deposition Excerpts of Tufts]. *See Siddiqui*, 235 F.R.D. at 1322; *see also Lorraine*, 241 F.R.D. at 556.

For the reasons above, Defendants' objections based on authentication should be

1    overruled.

2    **III.    THE DISPUTED EXHIBITS ARE NOT HEARSAY OR ARE ADMISSIBLE AS AN**
3    **EXCEPTION TO THE HEARSAY RULE**

     **A.    The Disputed Exhibits Are Admissible As Non-Hearsay Because They Are**
4    **Not Offered For The Truth Of The Matter Asserted**

5         Hearsay "is a statement, other than one made by the declarant while testifying at the trial

6    or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).

7    Accordingly, when evidence is not offered for the truth of the matter asserted, it is not hearsay.

8    Here, Exhibit 29 was not offered for the truth of the matter asserted, i.e. that the sending of

9    unsolicited commercial emails by ConnectU is a violation of the CAN-SPAM Act, but rather to

10   show notice of ConnectU's possible violations under the CAN-SPAM Act.  This is relevant to

11   show willfulness and knowledge by ConnectU as required under the Act.  It also demonstrates the

12   understanding of the party receiving the notice to establish liability for an aggravated offense.

13   Accordingly, Exhibit 29 falls outside the ambit of the hearsay rule.

14        Further, statements to show the effect on the listener are not hearsay because they are not

15   offered for the truth of the matter asserted.  *Lorraine*, 241 F.R.D. at 565 (citation omitted).

16   Exhibits 45 was not offered for the truth of the matter asserted, i.e. that "Facebook is starting to

17   catch on" to ConnectU's actions, but rather to show the effect on ConnectU.  Cameron

18   Winklevoss' reply to the Wayne Chang's email demonstrates that Defendants knew that their

19   efforts to acquire email addresses and then spam Facebook's users were undertaken without

20   Facebook's permission.  Accordingly, any objections based on hearsay as to these exhibits are

21   improper and should be overruled.

22        **B.    The Exhibits Are Not Hearsay Because They Are Admissions Of A Party-**
         **Opponent**
23
         Additionally, while Defendants object on the basis of hearsay, they blindly ignore the fact
24
     that many of the statements included in the emails and/or instant message conversations are non-
25
     hearsay because they are admissions by a party opponent.  Under Fed. R. Evid. 801(d), an
26
     admission includes statements offered against a party made by a party-opponent or authorized by
27
     the party.  Here, Exhibits 6, 20, 29, 33, 37, 38, 40, 43, 45-47, 49, 51, 54, 58-59, 61, 63, and 64
28

were produced by ConnectU and many statements included in the emails or documents were made or authorized by ConnectU, thus constituting an admission by a party-opponent. Fed. R. Evid. 801(d); *In re Homestore.com,* 347 F.Supp.2d at 781; *MGM Studios*, 454 F. Supp. 2d at 974 ("Documents that bear [Defendants'] trade names, logos, and trademarks are statements by [Defendants themselves] and are admissible as admissions by a party-opponent under Rule 801(d)(2)"). Similarly, Exhibits 32, 34, 36, 41, 42, 45, 46, 48, 51, 52, 53, 58 and 61 were either produced by Defendants Wayne Chang and Winston Williams of Pacific Northwest Software, and/or are emails which contain statements made by the Defendants Chang and Williams. Under 801(d), such statements are non-hearsay as admissions of a party-opponent; *see also Sklar*, 2007 U.S. Dist. LEXIS, at *13; *see also MGM Studios*, 454 F.Supp at 974. By the same accord, Exhibit 9, which includes instant message conversations between David Gucwa and other Defendants are also admissions under Fed. R. Evid. 801(d).

Further, any statements made by an agent within the scope of their agency or employment are admissible under Fed. R. Evid. 801(d)(2)(D). Here, iMarc is considered an agent of ConnectU. *MGM Studios*, 454 F. Supp. 2d at 974. Statements within Exhibits 6, 22-27, and 29 were made by employees of iMarc. Since iMarc was hired by ConnectU and the emails were made during the existence of iMarc's employment relationship with ConnectU, the statements are admissible as non-hearsay under Fed. R. Evid. 801(d)(2)(D). *Id.*

Accordingly, any objections based on hearsay as to these exhibits must also be overruled as they are admissions of a party-opponent, either by the Defendants themselves, authorized by the Defendants, or made by agents of Defendants.

**C.    To The Extent That Any Exhibits Are Considered Hearsay, They Are Exempt From The Hearsay Rule As They Fall Into One Of The Hearsay Exceptions**

Further, to the extent that the other Exhibits are considered hearsay, they are still admissible under the delineated exceptions to the hearsay rule under Fed. R. Evid. 803. For example, Exhibits, 32, 33 and 55 may be considered business records under Fed. R. Evid. 803(6). Under Fed. R. Evid. 803(6), a business record made in the course of a regularly conducted business activity is admissible if it was the regular practice of the business to make such a record.

Here, Exhibit 33 and 55 are "i2hub.com Billing Details" for David Gucwa. Since billing statements are generally necessary to pay its employees, it is likely that this is a record that is made in the course of a regularly conducted business activity. Similarly, Exhibit 32 consists of Pacific Northwest Software's employees' time by job detail, also a record likely made in the regular course of Defendant's business. While, generally foundation must be laid in order for a business record to be admitted, such foundation is not necessary at the summary judgment stage. *Sklar*, 2007 U.S. Dist. LEXIS, at *14 (finding that business records produced in discovery could be considered for Plaintiffs' motion for partial summary judgment since it could be reduced to admissible evidence at trial through testimony of a witness with personal knowledge of how the documents were compiled or maintained).

Additionally, Exhibits 6, 9, 20, 22-27, 29, 34, 40, 42, 43, 45-48, 51-54, 58, 59, 61, 63 and 64 constitute evidence of the Defendants' existing state of mind, a hearsay exception under Fed. R. Evid. 803(3). Under 803(3), a statement showing intent, plan, motive, design, and mental feeling is exempted from the hearsay rule. A few examples include Exhibits. 6, 9, 20, 22-27, 34, 45, 47, and 51-54 which show Defendants' intent to harvest Facebook's users. Exhibits 40, 63 and 64 show the design used by ConnectU to send unsolicited emails to Facebook users. Indeed, courts have relied on Rule 803(3) "when trying to admit email [or instant message communications], a medium of communication that seems particularly prone too candid, perhaps too candid, statements of the declarant's state of mind." *Lorraine*, 241 F.R.D. at 570 (citations omitted). Further, emails and/or instant messages written by Defendants to describe or explain an event immediately after perceiving an event or condition may additionally qualify as a present sense impression under Fed. R. Evid. 803(1). *Id.* Accordingly, Defendants' objections based on hearsay as to the above exhibits must be overruled.

/ / /

# IV.  **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court overrule Defendants' evidentiary objections to the exhibits submitted in support of Plaintiffs' Motion for Partial Summary Judgment Re: Defendants' Liability Pursuant to California Penal code Section 502(C) and 15 U.S.C. § 7704(A)(1) and 15 U.S.C. §7704(B)(1) ..

Dated: February 13, 2008

ORRICK, HERRINGTON & SUTCLIFFE LLP


/s/ Yvonne Greer /s/
Yvonne Greer
Attorneys for Plaintiffs
THE FACEBOOK, INC. and MARK ZUCKERBERG

OHS West:260385110.2

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 13, 2008.

Dated: February 13, 2008.                    Respectfully submitted,

/s/ Yvonne Greer /s/
Yvonne Greer