# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>       Plaintiff,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES AND THEFACEBOOK, INC.,<br><br>       Defendants. | Case No.: 04-11923 DPW |
| MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>       Counterclaimants,<br><br>v.<br><br>CONNECTU LLC, CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>       Counterdefendants. | |

**DEFENDANT AND COUNTERCLAIMANT THEFACEBOOK, INC.'S, FIRST REQUEST TO PLAINTIFF AND COUNTERDEFENDANT CONNECTU LLC FOR PRODUCTION OF DOCUMENTS AND THINGS**

TO CONNECTU LLC AND ITS ATTORNEYS OF RECORD:

THEFACEBOOK, INC., ("TheFacebook") hereby requests that the following documents and things be produced by Plaintiff and Counterdefendant ConnectU LLC ("ConnectU") pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and to

the Definitions and Instructions herein. TheFacebook will accept delivery of the requested documents and things at the offices of Holland & Knight LLP, 10 St. James Ave., Boston, MA 02116.

## DEFINITIONS

The following definitions shall apply for purposes of this first request for the production of documents and things:

1. **"ConnectU," "you," "your,"** or **"Plaintiff"** means Plaintiff and Counterdefendant ConnectU and any of its present or former officers, directors, employees, in-house and outside counsel, agents, representatives, or other persons acting or purporting to act on its behalf or under its control, and any predecessor or successor, any division, parent company, subsidiary, or affiliate thereof.

2. **"ConnectU website"** means the internet website www.connectu.com, including all versions thereof whether or not such were publicly accessible.

3. **"HarvardConnection website"** means the internet website allegedly designed and developed beginning in or about December 2002, including all versions thereof whether or not such were publicly accessible.

4. **"TheFacebook"** means TheFacebook, Inc., Defendant and Counterclaimant in this action.

5. **"Thefacebook website"** means the internet website www.thefacebook.com.

6. **"Source code"** means such versions of the language or instructions that may be used or read by a computer such that the language or instructions are perceptible

by and comprehensible to humans without the aid of a machine.

7. **"Zuckerberg"** means Mark Zuckerberg, Defendant and Counterclaimant in this action.

8. The term **"documents"** and **"things"** shall have the broadest meaning defined by Rules 26 and 34 of the Federal Rules of Civil Procedure and applicable case law, and shall include, without limitation, (1) drawings and information in computer-readable format, and (2) "writings" and "recordings" as defined by Rule 1001 of the Federal Rules of Evidence.

9. Any reference to **"and"** includes **"or,"** and vice-versa. **"Any"** and **"all"** as used herein shall include "each" and "every." Similarly, any reference to the singular includes the plural, and vice versa.

10. The words **"relating to"** includes, without limitation, constituting, consisting of, in connection with, discussing, supporting, including, evidencing, summarizing, describing or otherwise concerning.

11. These requests incorporate the definitions provided in D. Mass. L.R. 26.5.

## INSTRUCTIONS

The following instructions shall apply for purposes of this first request for production of documents and things:

1. Where you withhold documents for reasons of attorney-client privilege, work-product immunity, trade secret status, confidentiality, or the like, you shall promptly serve a list of such documents prepared in accordance with Federal Rule of Civil Procedure 26(b)(5), including at least the names and status (i.e., attorney or non-

attorney) of the authors and any recipients; the date of the document; the basis for withholding the document; and a description of the document and its subject matter sufficient to allow TheFacebook to evaluate the claimed basis for withholding.

2. Whenever you produce a document in redacted form, please state with particularity the reason or reasons it is not produced in full, and describe, to the best of your knowledge, information, and belief, and with as much particularity as possible, those portions of the document which are not produced.

3. The documents requested include those documents in your possession, custody, or control, or the possession, custody, or control of your attorneys, licensees, co-joint venturers, accountants, brokers, bankers, employees, agents, subsidiaries, affiliates, and representatives, or anyone else acting on your behalf, wherever such documents are located, both within and outside the United States.

4. This request for production of documents and things shall be deemed continuing, and you shall be obligated to change, supplement, and correct its responses and production to conform to all available information, including such information as becomes vailable to you after production hereto is undertaken.

5. If any document called for is not available or accessible, is no longer in existence, or is withheld under a claim or privilege of protection against discovery, give the following information for that document:

    a. The name and title of the author(s);

    b. The name and title of each person to whom the document was addressed;

      c.      The name and title of each person to whom a copy of the document was sent, directed, circulated, or distributed;

      d.      The date of the document;

      e.      The number of pages;

      f.      A brief description of the nature and subject matter of the document in sufficient detail to permit other parties to this action to assess the applicability of any asserted privilege or immunity; and

      g.      The paragraph(s) of the request to which the document is responsive;

      h.      The name of each person now in possession of the document or any identical or non-identical copy;

      i.      The basis of the claim, privilege, or protection against discovery (if applicable);

      j.      The reasons why the document is not available or accessible or is no longer in existence (if applicable).

6.      The time period covered by these requests, unless otherwise indicated, extends from December 2002 through the present.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:**

All versions of source code, including all revisions, new versions, and all code comments, in electronic format, for the HarvardConnection website, including but not limited to all source code that Plaintiff contends was made available to Zuckerberg.

**Request for Production No. 2:**

All versions of source code, including all revisions, new versions, and all code

comments, in electronic format, for the ConnectU website, including but not limited to the earliest available version and the most recent version of the ConnectU website source code.

**Request for Production No. 3:**

All documents relating to the database structures used by and for the HarvardConnection website, including but not limited to all documents relating to the use of MySQL or any other database.

**Request for Production No. 4:**

All documents relating to the database structures used by and for the ConnectU website, including but not limited to all documents relating to the use of MySQL or any other database.

**Request for Production No. 5:**

All code sufficient to allow execution and experience by users using internet browsers of the HarvardConnection website as it was rendered on HarvardConnection servers at the time that ConnectU alleges Zuckerberg had access to the HarvardConnection source code.

**Request for Production No. 6:**

All code sufficient to allow execution and experience by users using internet browsers of the ConnectU website as it was rendered on ConnectU servers at the time ConnectU was initially launched.

**Request for Production No. 7:**

All documents relating to any "business plans" (as that term is used in paragraph 12 of the Amended Complaint) for the HarvardConnection website, including but not limited to any actual business plans, all drafts thereof, and all notes, communications, and other documents relating to any business plan for the HarvardConnection website.

**Request for Production No. 8:**

All documents relating to any "business plans" (as that term is used in paragraph 12 of the Amended Complaint) for the ConnectU website, including but not limited to any actual business plans, all drafts thereof, and all notes, communications, and other documents relating to any business plan for the ConnectU website.

**Request for Production No. 9:**

All documents relating to advertising carried on or by the HarvardConnection website, including but not limited to all documents relating to communications with advertisers and prospective advertisers.

**Request for Production No. 10:**

All documents relating to advertising carried on or by the ConnectU website, including but not limited to all documents relating to communications with advertisers and prospective advertisers.

**Request for Production No. 11:**

All documents relating to agreements among the founders, developers, principals, partners, owners, or participants in the design or development of the HarvardConnection website, including but not limited to all written agreements, draft agreements, compensation agreements, including those relating to compensation of Zuckerberg, and communications relating to agreements.

**Request for Production No. 12:**

All documents relating to the conception, design, and development of the HarvardConnection website, including but not limited to notes, journals, notebooks, and diaries relating to the conception, design, and development of the HarvardConnection website.

**Request for Production No. 13:**

All documents relating to agreements among the founders, developers, principals, partners, owners, participants in the foundry, or participants in the design or development

of ConnectU or the ConnectU website, including but not limited to all written agreements, draft agreements, compensation agreements, and communications relating to agreements.

**Request for Production No. 14:**

All documents relating to the formation of ConnectU, including but not limited to all versions and drafts of LLC agreements or other related documents.

**Request for Production No. 15:**

All documents relating to the conception, design, and development of the ConnectU website, including but not limited to notes, journals, notebooks, and diaries relating to the conception, design, and development of the ConnectU website.

**Request for Production No. 16:**

All documents relating to communications involving Zuckerberg, including but not limited to communications relating to the development of the HarvardConnection website.

**Request for Production No. 17:**

All documents comprising or otherwise relating to the "trade secrets" referenced in paragraph 16 of the Amended Complaint that Plaintiff alleges were entrusted to Zuckerberg.

**Request for Production No. 18:**

All documents relating to "Plaintiff's business management information and procedures" referenced in paragraph 16 of the Amended Complaint, including but not limited to the business management information and procedures themselves, all drafts thereof, and all communications related thereto.

**Request for Production No. 19:**

All documents relating to ConnectU's sales revenues, profits, and assets, including but not limited to income statements, cash flow statements, balance sheets, ledgers, and sales journals.

**Request for Production No. 20:**

All documents relating to HarvardConnection sales revenues, profits, and assets, including but not limited to income statements, cash flow statements, balance sheets, ledgers, and sales journals.

**Request for Production No. 21:**

All documents relating to the relevant markets in which ConnectU competes, including but not limited to research and analyses identifying any such markets, ConnectU's share of any such markets, and the identity of ConnectU's competitors in any such markets.

**Request for Production No. 22:**

All documents relating to any analyses or views regarding similarities or comparisons between the ConnectU website and the thefacebook website.

**Request for Production No. 23:**

All documents relating to any analyses or views regarding similarities or comparisons between the HarvardConnection website and the thefacebook website.

**Request for Production No. 24:**

All documents relating to copyright registrations for the HarvardConnection website, including but not limited to documents relating to copyright deposit materials.

**Request for Production No. 25:**

All documents relating to copyright registrations for the ConnectU website, including but not limited to documents relating to copyright deposit materials.

**Request for Production No. 26:**

All documents relating to any communications to any media regarding HarvardConnection, ConnectU, TheFacebook, or this lawsuit, including but not limited to correspondence, news articles, video footage, audio recordings, and press releases.

ConnectU, and statements or materials posted on the ConnectU website at any time.

**Request for Production No. 28:**

All documents relating to i2hub or Wayne Chang, including but not limited to communications with i2hub or Wayne Chang, and documents relating to ConnectU's relationship with i2hub or Wayne Chang.

        THEFACEBOOK, INC.
        By its attorneys

        */s/ Daniel K. Hampton*
        Gordon P. Katz (BBO# 261080)
        Daniel K. Hampton (BBO# 634195)
        HOLLAND & KNIGHT, LLP
        10 St. James Avenue
        Boston, MA 02116
        Telephone: (617) 523-2700
        dan.hampton@hklaw.com
        gordon.katz@hklaw.com

        Robert P. Hawk
        HELLER EHRMAN, LLP
        275 Middlefield Road
        Menlo Park, CA 94025
        Telephone: (650) 324-7165

        DATED: April 6, 2005

CERTIFICATE OF SERVICE

I, Daniel K. Hampton, do hereby certify that I served a true copy of the within document by facsimile and U.S. First-Class Mail on this 6th day of April, 2005, on the following counsel of record:

>John F. Hornick (*pro hac vice*)
>FINNEGAN, HENDERSON, FARABOW,
>   GARRETT & DUNNER, L.L.P.
>901 New York Avenue N.W.
>Washington, DC 20001
>Telephone: (202) 408-4000
>Facsimile: (202) 408-4400
>
>Jonathan M. Gelchinsky (BBO# 656282)
>FINNEGAN, HENDERSON, FARABOW,
>   GARRETT & DUNNER, L.L.P.
>55 Cambridge Parkway
>Cambridge, MA 02142
>Telephone: (617) 452-1600
>Facsimile: (617) 452-1666
>jon.gelchinsky@finnegan.com

                                   _/s/ Daniel K. Hampton_
                                   Daniel K. Hampton

# 2750341_v2