# EXHIBIT B

G. HOPKINS GUY, III (State Bar No. 124811)
I. NEEL CHATTERJEE (State Bar No. 173985)
MONTE COOPER (State Bar No. 196746)
THERESA A. SUTTON (State Bar No. 211857)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

Attorneys for Plaintiff
THE FACEBOOK, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| THEFACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> CONNECTU LLC AND DOES 1-25, <br><br> Defendants. | CASE NO. 1:05-CV-047381 <br><br> **FACEBOOK'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO CONNECTU** |

**PROPOUNDING PARTY:** THEFACEBOOK, INC.

**RESPONDING PARTY:** CONNECTU

**SET NO.:** TWO (NOS. 24-80)

US_WEST:260066138.3

YOU ARE HEREBY REQUESTED, pursuant to California Code of Civil Procedure section 2031, to respond to the following requests for production separately and fully, in writing, and under penalty of perjury, within thirty (30) days after service.

## DEFINITIONS

1. "ANY" shall be understood to include and encompass "ALL." As used herein, the singular shall always include the plural and the present tense shall also include the past tense. The words "AND" as well as "OR" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request ALL DOCUMENTS or things that might otherwise be construed to be outside its scope.

2. The terms "PERSON" and "PERSONS" mean both natural persons and legal entities, including, without limitation corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies. Unless noted otherwise, references to any person, entity or party herein include its, his, or her agents, attorneys, employees, employers, officers, directors, or others acting on or purporting to act on behalf of said person, entity, or party.

3. "EVIDENCE" or any variant thereof, including but not limited to "EVIDENCING," when used in connection with any DOCUMENT, shall be understood to apply if the DOCUMENT directly or indirectly mentions, discusses, constitutes, concerns, supports contradicts, relates to, refers to, or in any other way deals with the subject matter described in the request in which the term appears.

4. "REFER TO" or "RELATE TO" as used herein mean including, pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

5. The term "DOCUMENT" means the original and each non-identical copy of ANY written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to, ALL materials that constitute "writings" or "recordings" or "photographs" within the broadest meaning of the term "Writing" as defined in California Code of Evidence sections 250, 255, and 260, AND ALL

materials that constitute "documents" within the broadest meaning of California Code of Civil Procedure section 2031. DOCUMENT includes, without limitation, printed matter, electronic mail, materials stored on computer hard drives, diskettes, tapes, ANY other computer media, recorded voice mail messages and ANY other information stored magnetically, optically or electronically.

      6. "COMMUNICATION" means ANY contact, oral or documentary, formal or informal, at ANY place or under ANY circumstances whatsoever whereby information of ANY nature is transmitted or transferred, including, without limitation, ANY note, memorandum or other record thereof, or a single person seeing or hearing ANY information by ANY means.

      7. "HARVARDCONNECTION" means a project to develop a website for Harvard University Students and alumni which made use of the term "HARVARDCONNECTION," and ANY individual, group, OR association conducting OR proposing work to develop such website.

      8. "CONNECTU," "YOU," "YOUR," means defendant ConnectU LLC, ConnectU, Inc., Harvard Connection, and their directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, AND ALL other persons AND entities representing them, acting on their behalf, or purporting to act on theirbehalf, including Howard Winklevoss, Cameron Winklevoss, Tyler Winklevoss, AND Divya Narendra.

      9. "FACEBOOK" means, without limitation, TheFacebook, Inc., its past and present parents, subsidiaries, affiliates, predecessors, divisions, officers, directors, trustees, employees, staff members, agents, counsel, representatives, consultants, and ALL persons acting or purporting to act on its behalf.

      10. "USERS" means, without limitation, PERSONS registered to use services provided by CONNECTU, including without limitation, those provided at the connectu.com website.

      11. "SOCIAL BUTTERFLY" means "a tool that facilitates users' ability to add content to their social network profile" and which was "worked on by Wayne [Chang] and

[Cameron Winklevoss]" as described in ConnectU's deposition on August 9, 2005, in the Massachusetts action, *ConnectU LLC v. Facebook, et al.*

12. "IMPORTER" means the program that Winston Williams programmed to extract email from thefacebook.com, as described in ConnectU's January 16, 2006, deposition.

## INSTRUCTIONS

1. To "IDENTIFY" a DOCUMENT means:
   a. to refer to the document's identification or exhibit number if the document has been previously produced or used in discovery or to attach a true copy of the document to the interrogatory answers and to state the document's title and date, or if unknown, the approximate date of creation;
   b. to identify each person who signed or participated in the preparation of the document;
   c. to identify each person who is an addressee, including each person to whom a copy was to be sent or who received a copy of the document;
   d. to summarize the subject matter of the document;
   e. to provide the present location of the document and the identity of the custodian of the original and each copy thereof; and
   f. if the document no longer exists, to give the date on which it was destroyed, the identity of the person who destroyed it, and the person under whose authority it was destroyed.

2. In responding to the following requests, you are required to provide ALL DOCUMENTS that are available to YOU or within YOUR control, including DOCUMENTS in the possession of YOUR attorneys, investigators, employees, agents, representatives, and guardians or any other person acting on YOUR behalf, and not merely DOCUMENTS from YOUR own personal files.

3. If YOU object to any of the requests, YOU must state the grounds for any objection(s). If YOU object to only part of a request, YOU must state the objection and the grounds for any objection(s) and respond to the remainder of the request.

4. If YOU object to the production of any document on the grounds that it is protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege, YOU are requested to identify each document for which the privilege is claimed and give ALL information required by applicable case law, including but not limited to the following:

    a. the name of the writer, sender, or initiator of each copy of the document;

    b. the name of the recipient, addressee, or party to whom any copy of the document was sent;

    c. the date of each copy of the document, if any, or an estimate of its date;

    d. a statement of the basis for the claim of privilege; and

    e. description of the document sufficient for the Court to rule on the applicability and appropriateness of the claimed privilege.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS that summarize, describe, refer to, or reflect the development and operation of SOCIAL BUTTERFLY.

**REQUEST FOR PRODUCTION NO. 25:**

All COMMUNICATIONS between YOU and Wayne Chang from October 2003 until the present.

**REQUEST FOR PRODUCTION NO. 26:**

All COMMUNICATIONS between YOU and David Gucwa from October 2003 until the present.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS that summarize, describe, refer to, or constitute payments made by YOU to David Gucwa.

US_WEST:260066138.3

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS that summarize, describe, or refer to COMMUNICATIONS between YOU and Wayne Chang regarding SOCIAL BUTTERFLY.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS that summarize, describe, or refer to COMMUNICATIONS between YOU and WAYNE CHANG regarding i2Hub.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS that summarize, describe, refer to, or constitute payments made by YOU to Wayne Chang.

**REQUEST FOR PRODUCTION NO. 31:**

All COMMUNICATIONS between YOU and Pacific Northwest Software from October 2003 until the present.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS that summarize, describe, refer to, or constitute YOUR relationship with Pacific Northwest Software, including without limitation YOUR retention of Pacific Northwest Software for purpose of web development.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS that summarize, describe, refer to, or constitute payments made by YOU to Pacific Northwest Software.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS that summarize, describe, refer to, or constitute YOUR relationship with Winston Williams.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS between YOU and Winston Williams from October 2003 until the present.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS that summarize, describe, refer to, or constitute payments made by YOU to Winston Williams.

| | |
|---|---|
| 1 | **REQUEST FOR PRODUCTION NO. 37:** |
| 2 | All DOCUMENTS that summarize, describe, refer to, or reflect the development |
| 3 | and operation of IMPORTER. |
| 4 | **REQUEST FOR PRODUCTION NO. 38:** |
| 5 | All COMMUNICATIONS between CAMERON WINKLEVOSS and Mark Hall |
| 6 | from October 2003 until the present that summarize, describe or refer to the www.facebook.com |
| 7 | website. |
| 8 | **REQUEST FOR PRODUCTION NO. 39:** |
| 9 | All COMMUNICATIONS between CAMERON WINKLEVOSS and Alexander |
| 10 | Chastain-Chapman from October 2003 until the present that summarize, describe or refer to the |
| 11 | www.facebook.com website. |
| 12 | **REQUEST FOR PRODUCTION NO. 40:** |
| 13 | All DOCUMENTS and/or COMMUNICATIONS that summarize, describe, or |
| 14 | refer to YOUR use of Alexander Chastain-Chapman's user name and password to access the |
| 15 | Facebook website. |
| 16 | **REQUEST FOR PRODUCTION NO. 41:** |
| 17 | All COMMUNICATIONS between YOU and Sanjay Mavinkurve from October |
| 18 | 2003 until the present that summarize, describe or refer to the www.FaceBook.com website. |
| 19 | **REQUEST FOR PRODUCTION NO. 42:** |
| 20 | All DOCUMENTS that summarize, describe, refer to, or constitute any agreement |
| 21 | between YOU and Sanjay Mavinkurve. |
| 22 | **REQUEST FOR PRODUCTION NO. 43:** |
| 23 | All DOCUMENTS that summarize, describe, refer to, or constitute payments |
| 24 | made by YOU to Sanjay Mavinkurve. |
| 25 | **REQUEST FOR PRODUCTION NO. 44:** |
| 26 | All DOCUMENTS that summarize, describe, refer to, or constitute any agreement |
| 27 | between YOU and Marc Pierrat. |
| 28 | |

**REQUEST FOR PRODUCTION NO. 45:**

All COMMUNICATIONS between YOU and Marc Pierrat from October 2003 until the present that summarize, describe or refer to the www.facebook.com website.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS that summarize, describe, refer to, or constitute payments made by YOU to Mark Pierrat or iMarc.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS that summarize, describe, refer to, or reflect information (including email addresses and course information) YOU downloaded from thefacebook.com or www.facebook.com or www.thefacebook.com.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS that summarize, describe, refer to, or reflect YOUR reasons for accessing thefacebook.com or www.facebook.com or www.thefacebook.com between January 2004 and September 2004.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS that summarize, describe, refer to, or constitute payments made by YOU to I2HUB.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS and/or COMMUNICATIONS that summarize, describe, or refer to YOUR use of Mark Hall's user name and password to access the Facebook website.

**REQUEST FOR PRODUCTION NO. 51:**

A copy of each version of the SOCIAL BUTTERFLY source code.

**REQUEST FOR PRODUCTION NO. 52:**

A copy of each version of the IMPORTER source code.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS that summarize, describe, refer to, or constitute profit and loss statements for CONNECTU from 2003 until present.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS that summarize, describe, refer to, or constitute balance sheets for CONNECTU from 2003 until present.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS that summarize, describe, refer to, or constitute COMMUNICATIONS to any PERSON inviting him or her to join HARVARDCONNECTION or www.connectu.com since June 2003.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS that summarize, describe, refer to, or constitute any business plans YOU drafted for HARVARDCONNECTION, CONNECTU or www.connectu.com.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS that summarize, describe, refer to YOUR plans for hosting college course information on HARVARDCONNECTION or www.connectu.com.

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS that summarize, describe, refer to, or constitute marketing or advertising for HARVARDCONNECTION, CONNECTU or www.connectu.com.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS that summarize, describe, refer to, or constitute COMMUNICATIONS between YOU and any PERSON regarding FACEBOOK.

**REQUEST FOR PRODUCTION NO. 60:**

DOCUMENTS sufficient to IDENTIFY any PERSON involved in any way in the development of www.connectu.com or www.harvardconnection.com.

**REQUEST FOR PRODUCTION NO. 61:**

DOCUMENTS sufficient to IDENTIFY any PERSON involved in any way in the population of members of www.connectu.com or www.harvardconnection.com.

**REQUEST FOR PRODUCTION NO. 62:**

DOCUMENTS sufficient to IDENTIFY current and former members of www.connectu.com or www.harvardconnection.com and the date(s) on which they joined.

**REQUEST FOR PRODUCTION NO. 63:**

DOCUMENTS sufficient to IDENTIFY any investors, potential investors, loans, investments, gifts, contributions, offers to purchase, or other forms of financing contributed to or received by HARVARDCONNECTION, CONNECTU or www.connectu.com on a monthly basis from January 2004 to the present.

**REQUEST FOR PRODUCTION NO. 64:**

DOCUMENTS that summarize, describe, refer to, or constitute transcripts, audio recordings, and/or video recordings of interviews of Cameron or Tyler Winklevoss relating to HARVARDCONNECTION, CONNECTU, www.connectu.com, or FACEBOOK.

**REQUEST FOR PRODUCTION NO. 65:**

DOCUMENTS sufficient to IDENTIFY daily, monthly and annual traffic to the www.connectu.com website, from its launch to the present.

**REQUEST FOR PRODUCTION NO. 66:**

DOCUMENTS sufficient to IDENTIFY the universities, colleges and other schools at which the www.connectu.com website is available or operational, on a monthly basis from April 2004 to the present.

**REQUEST FOR PRODUCTION NO. 67:**

DOCUMENTS sufficient to IDENTIFY the number of persons registered to use the www.connectu.com website, in total and broken out by university, college or other school, on a daily basis from April 2004 to the present.

**REQUEST FOR PRODUCTION NO. 68:**

DOCUMENTS sufficient to IDENTIFY the number of hits per day to the www.connectu.com website by the same users, in total and broken out by university, college or other school, on a daily basis from April 2004 to the present.

**REQUEST FOR PRODUCTION NO. 69:**

DOCUMENTS sufficient to IDENTIFY YOUR fixed costs, on a monthly basis, from the date of YOUR launch to the present.

**REQUEST FOR PRODUCTION NO. 70:**

DOCUMENTS sufficient to IDENTIFY YOUR variable costs, on a monthly basis, from the date of YOUR launch to the present.

**REQUEST FOR PRODUCTION NO. 71:**

DOCUMENTS sufficient to IDENTIFY YOUR overhead costs, on a monthly basis, from the date of YOUR launch to the present.

**REQUEST FOR PRODUCTION NO. 72:**

DOCUMENTS sufficient to IDENTIFY YOUR monthly and annual revenue, from the date of YOUR launch to the present.

**REQUEST FOR PRODUCTION NO. 73:**

DOCUMENTS sufficient to IDENTIFY YOUR monthly and annual gross profit, from the date of YOUR launch to the present.

**REQUEST FOR PRODUCTION NO. 74:**

DOCUMENTS sufficient to IDENTIFY YOUR monthly and annual net profit, from the date of YOUR launch to the present.

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS that summarize, describe, refer to, or constitute YOUR state or federal income tax returns for the years 2003, 2004, and 2005.

**REQUEST FOR PRODUCTION NO. 76:**

All DOCUMENTS that summarize, describe, refer to, or constitute YOUR audited and unaudited financial statements for the years 2003, 2004, and 2005.

**REQUEST FOR PRODUCTION NO. 77:**

DOCUMENTS sufficient to IDENTIFY YOUR tangible and intangible assets, including, without limitation, real property, personal property, intellectual property, cash on hand, letters of credit, savings, investments, stocks, bonds, certificates of deposit, mutual funds, and equities.

**REQUEST FOR PRODUCTION NO. 78:**

DOCUMENTS sufficient to IDENTIFY YOUR debt relating to the

www.connectu.com website, on a monthly basis from April 2004 to the present.

**REQUEST FOR PRODUCTION NO. 79:**

All DOCUMENTS that summarize, describe, refer to, or reflect YOUR present market value.

Dated: October 24, 2006

G. HOPKINS GUY, III
I. NEEL CHATTERJEE
MONTE COOPER
THERESA A. SUTTON
Orrick, Herrington & Sutcliffe LLP

_____
Theresa A. Sutton
Attorneys for Plaintiff
THE FACEBOOK, INC.

I am more than eighteen years old and not a party to this action. My place of employment and business address is 1000 Marsh Road, Menlo Park, CA 94025.

On October 24, 2006, I delivered to the below listed individuals the following documents:

1. **FACEBOOK'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO CONNECTU**

| | |
|---|---|
| ☐ | By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below before 5:00 p.m. on October 24, 2006. |
| ☒ | By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Menlo Park, California addressed as set forth below on October 24, 2006. |
| ☐ | By causing personal delivery by WESTERN MESSENGER of the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | By placing a true and correct copy of the document(s) in a Federal Express envelope addressed as set forth below and then sealing the envelope, affixing a pre-paid Federal Express air bill, and causing the envelope to be delivered to a Federal Express agent for delivery. |

**Scott Mosko, Esq.**
**Lily Lim, Esq.**
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
3300 Hillview Avenue
Palo Alto, California 94304-1203
Telephone: (650) 849-6600
**Facsimile: (650) 849-6666**

**ATTORNEYS FOR DEFENDANTS CONNECTU, CAMERON WINKLEVOSS, TYLER WINKLEVOSS, HOWARD WINKLEVOSS, and DIVYA NARENDRA**

Executed on October 24, 2006, at Menlo Park, California. I declare under penalty of perjury that the foregoing is true and correct.

_____
Abby Ako Nai

OHS West:260091942.1 -1-

PROOF OF SERVICE