1   I. NEEL CHATTERJEE (State Bar No. 173985)
        nchatterjee@orrick.com
2   MONTE COOPER (State Bar No. 196746)
        mcooper@orrick.com
3   THERESA A. SUTTON (State Bar No. 211857)
        tsutton@orrick.com
4   YVONNE P. GREER (State Bar No. 214072)
        ygreer@orrick.com
5   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
6   Menlo Park, CA  94025
    Telephone:      650-614-7400
7   Facsimile:      650-614-7401

8   Attorneys for Plaintiffs
    THE FACEBOOK, INC. and MARK ZUCKERBERG

9

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                           SAN JOSE DIVISION

13

| | |
|---|---|
| 14  THE FACEBOOK, INC. and MARK ZUCKERBERG, | Case No.  5:07-CV-01389-JW |
| 15                         Plaintiffs, | **JOINT CASE MANAGEMENT CONFERENCE** |
| 16            v. | Date:        June 23, 2008 |
| 17  CONNECTU, INC. (formerly known as CONNECTU, LLC), PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, and WAYNE CHANG, | Time:        10:00 A.M.<br>Judge:       Honorable James Ware |
| 20                         Defendants. | |

22

23

24

25

26

27

28

OHS West:260456832.1

**INTRODUCTION**

Plaintiffs' Position:

This Court has set a Case Management Conference for June 23, 2008. As a result of mediation before Antonio Piazza on February 22 and 23, 2008, certain of the parties to this action and the related Massachusetts actions[1] signed a Term Sheet and Settlement Agreement ("Settlement Agreement"). The parties then jointly reported to the respective courts that the cases had settled. The Term Sheet and Settlement Agreement is being challenged by ConnectU, Inc. only. The remaining six parties in the two lawsuits have not joined ConnectU. Plaintiffs have moved to have the Term Sheet and Settlement Agreement enforced. *See* Dkt. No. 329. That hearing is set for June 23, 2008.

Defendants raise many arguments in this statement, some of which have been raised in numerous pleadings filed in this action and the Massachusetts action in the last six weeks. Plaintiffs will not respond here, as the CMC Statement is not an appropriate vehicle for argument. Defendants also raise new arguments related to various parties' failure to join or challenge Plaintiffs' Confidential Motion to enforce the Settlement Agreement. Plaintiffs are prepared to address those arguments at the June 23 CMC, if the Court deems it necessary. Suffice it to say, however, that all parties to this action and the Massachusetts action were represented at the Mediation, were aware of and/or were served with the Confidential Motion, and could have responded through counsel for record for all defendants in this action and all plaintiffs in the Massachusetts action, Finnegan, Henderson, Farabow, Garrett and Dunner.

Defendant ConnectU's Position:

Contrary to Plaintiffs' statement, ConnectU's individual principals (who are parties in Massachusetts) are not parties to this action, and have not retained Finnegan Henderson to

---

[1] The Massachusetts action was filed by ConnectU and its principals, Tyler Winklevoss, Cameron Winklevoss and Divya Narendra against Facebook, Inc., Facebook LLC, Mark Zuckerberg and other individuals associated with the founding of Facebook. ConnectU also filed an earlier case in the District of Massachusetts, which was dismissed in March 2007. The First Circuit Court of Appeals recently reversed and remanded that case, *see* 522 F.3d 82 (1st Cir. 2008), and Judge Woodlock has indicated that it has been consolidated with the later-filed case in the District of Massachusetts.

represent them in this case. Plaintiffs apparently have made no attempt to serve them or otherwise require a formal response to Plaintiffs' current motion. ConnectU believes that they do in fact oppose Plaintiffs' position. The Court should either deny the motion to enforce outright, or require Plaintiffs to properly serve any party against whom Plaintiff seeks relief so that those parties can, through counsel, object and submit relevant evidence in the form of additional briefs, declarations, or hearings.

With respect to Plaintiffs' motion to enforce against ConnectU, the alleged settlement agreement lacked crucial material terms and therefore was insufficient to establish a meeting of the minds. Proffered experts and fact witnesses on each side differ sharply as to these issues. Facebook's effort to force upon ConnectU a complex web of transactional documents under the guise of "form and documentation" improperly converts discretion relating to form into unilateral control over fundamental substance. Similarly, Facebook's emphasis on the fact that the one-and-a-half page "Term Sheet and Settlement Agreement" (which Plaintiffs here insist on calling the "Settlement Agreement," despite also attaching the voluminous other agreements to their motion) recited that it was "binding" cannot rescue a deficient contract.

The complex set of documents (totaling over 100 pages) that Plaintiffs claim is either "required" to be signed or "provide[s] guidance to the Court" contain material terms inconsistent with and going far beyond the Term Sheet and Settlement Agreement. The relief sought by Plaintiffs would require the Court to adjudicate the details and effectively write a contract that the parties never agreed to for a complex corporate transaction, which Plaintiffs' own pleadings inconsistently treat as either a merger or a stock purchase.

The Term Sheet and Settlement Agreement is also unenforceable because it was procured by Facebook's fraud. Indeed, based on a formal valuation resolution approved by Facebook's Board of Directors but concealed from ConnectU, the stock portion of the purported agreement is worth only one-quarter of its apparent value based on Facebook's public press releases. Although Facebook seeks to hide its actions behind asserted privilege claims (which it seeks to apply far beyond any established boundaries), there is ample evidence to establish violations of federal securities law and California common law of deceit. By federal statute and common law, such a

fraudulent contract is unenforceable and subject to rescission.

PNS Defendants' Position:

Defendants Pacific Northwest Software, Inc., Winston Williams and Wayne Chang (the "PNS Defendants") understand that The Facebook, Inc. ("Facebook") is asserting that a writing with which the PNS Defendants had no involvement may have an impact on this case. The PNS Defendants further understand that Facebook has filed a motion regarding this writing. Without having access to the writing, or being present when the writing was generated, the PNS Defendants do not and cannot take any position regarding Facebook's assertions regarding it.

## I. JURISDICTION AND SERVICE

Plaintiffs' Position:

Plaintiffs contend that, as a result of the settlement of this case, this Court no longer has subject matter jurisdiction over Plaintiffs' claims, though it has jurisdiction to enforce the Settlement Agreement. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1139 (9th Cir. 2002); *TNT Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986).

Defendant ConnectU's Position:

The alleged settlement agreement is unenforceable and was procured through fraud. The Court's subject matter jurisdiction regarding this matter remains unchanged. Plaintiffs have failed to serve and join parties whose presence is necessary to enforce the terms of the alleged settlement that Plaintiffs seek.

## II. FACTS

Plaintiffs' Position:

Other than the Term Sheet and Settlement Agreement, Plaintiffs believe the facts of the underlying dispute are irrelevant. The Parties believe that the issues, facts, and parties have been presented in detail in other pleadings. Plaintiffs assert that that many of the key facts are set forth in currently pending summary judgment motion, which was pending at the time the parties. Dkt. No. 251.

Defendants' Position:

OHS West:260456832.1

ConnectU's position is that the alleged settlement agreement is unenforceable and was procured through fraud, as presented in detail in the pending motions filed since April 23, 2008. With respect to the underlying dispute, Defendants dispute that Plaintiffs' pending motion for summary judgment accurately sets forth the facts, many of which are also subject to open discovery requests and disputes.

## III. LEGAL ISSUES

Plaintiffs' Position:

1. Did the parties enter into a binding and enforceable Settlement Agreement through which all pending litigation (including this action) was resolved and dismissed with prejudice? If so, there are no additional legal issues to resolve.

Defendant ConnectU's Position:

1. Whether the handwritten 1½-page Term Sheet and Settlement Agreement executed on February 23, 2008 is unenforceable because it is ambiguous and omits material terms, and because the documents Plaintiffs proffer for enforcement of the alleged settlement contain terms that materially change the Term Sheet and Settlement Agreement.

2. Whether the Term Sheet and Settlement Agreement is unenforceable and subject to rescission because it was procured through federal securities fraud or common law fraud.

3. Whether evidence concerning communications between the Parties and their representatives is discoverable and admissible to support ConnectU's contract and fraud defenses despite Plaintiffs' claims of privilege.

The Parties agree that if there is no enforceable settlement agreement, the following issues will need to be resolved:

a. Did Defendants violate California Penal Code § 502(c)?

b. Did Defendants engage in common law misappropriation/unfair competition?

c. Did Defendants violate Massachusetts General Law § 93A?

d. Did defendants violate the CAN SPAM Act, 15 U.S.C. § 7704?

OHS West:260456832.1

e. Did defendants violate the Computer Fraud and Abuse Act, 18 U.S.C. § 1030?

f. What damages, if any, are available to Defendants in the event a claim is successful?

g. Do one or more of the affirmative defenses in Defendants' Answer bar any or all of Plaintiffs' claims?

h. In light of the discovery Plaintiffs produced as a result of an order compelling such production, should Defendants be entitled to amend their answer to assert affirmative counterclaims?

## IV.  MOTIONS

### Resolved Motions.

1. Defendant ConnectU filed a Demurrer on October 25, 2005; the demurrer was overruled.

2. Cameron Winklevoss, Tyler Winklevoss, Divya Narendra, Howard Winklevoss, filed a Motion to Quash because the Court lacked personal jurisdiction on October 25, 2005, which was granted.

3. Defendant ConnectU filed a Motion to Stay on September 6, 2006, which was denied.

4. Both parties filed various motions to compel discovery in Superior Court, prior to this case's removal to this Court.  Facebook's motion to compel further responses to document requests was pending at the time ConnectU removed this action to this Court.

5. Facebook filed a Motion for Leave to File a First Amended Complaint on January 23, 2007, which was granted.

6. ConnectU filed a Motion to Dismiss pursuant to Federal Rule 12(b)(6) on March 21, 2007, which was granted-in-part.

7. Facebook filed, on April 4, 2007, a Local Rule 6-3 motion to enlarge the time required for it to respond to Pacific Northwest Software and Williams' Motion to Dismiss, which was granted.

OHS West:260456832.1

8.  Facebook filed a Motion for Expedited Discovery on April 5, 2007, which was granted.  Facebook filed, on April 9, 2007, a Motion to Reschedule the June 20, 2007, CMC, which was denied.

9.  ConnectU filed, on June 5, 2007, a Local Rule 6-3 motion to enlarge time to respond to the Second Amended Complaint, which was granted-in-part.

10. Plaintiffs filed a Motion to Strike the Affirmative Defenses of ConnectU, Inc. on July 10, 2007, which this Court denied on August 14, 2007.

11. Defendants Pacific Northwest Software and Winston Williams filed a Motion to Dismiss for Lack of Personal Jurisdiction on March 21, 2007, which was denied on August 13, 2007.

12. Plaintiffs filed a Motion for Sanctions on August 22, 2007, which the Court denied on November 30, 2007.

13. Defendants Winklevoss and Narendra filed a Motion to Dismiss on September 5, 2007, which was granted on November 30, 2007.

14. Plaintiffs filed a Motion to Compel Defendants Pacific Northwest Software and Winston Williams to Provide further Responses to Interrogatories Nos. 3-4, which this Court granted on December 12, 2007.

15. On December 18, 2007, Finnegan, Henderson, Farabow, Garrett & Dunner ("Finnegan") filed a Motion to Withdraw as Counsel for Defendant Winston Williams, setting the matter for hearing on January 23, 2008.  Plaintiffs responded to this motion on January 2, 2008.  The same day, Williams executed a declaration, which was not received by Plaintiffs until January 5, 2008.  On January 7, 2008, Plaintiffs advised the Court of the Declaration, and indicated that they may seek remedial relief as a result of their filing an unnecessary Response to the Motion.  Later in the day on January 7, 2008, Finnegan withdrew the Motion to Withdraw.

16. Finnegan filed, on December 18, 2007, a Local Rule 6-3 motion to shorten time to withdraw as counsel for Defendant Winston Williams, which this Court denied on December 21, 2007.

- - 6 - -

17. On January 10, 2008, Defendants filed a Motion Pursuant to Fed.R.Civ. P. 56(f) regarding Plaintiffs' Motion for Partial Summary Judgment, which has been set for hearing on February 20, 2008.

18. On January 10, 2008, Defendants filed a Civil L.R. 6-3 application to enlarge the briefing time for the opposition to Plaintiffs' Motion for Partial Summary Judgment. The Court denied this motion.

19. On May 9, 2008, Plaintiffs filed an Administrative Request to reschedule the hearing on their Confidential Motion. The proposed date passed without Order by the Court.

20. On May 16, 2008, Plaintiffs filed an Administrative Request for leave to file a Reply, which the Court denied on June 10, 2008.

21. On June 10, 2008, the Court entered an Order stating: "Defendants' Motion to Shorten Time for Hearing, and Motion to Expedite Discovery is DENIED. (Docket Item No. 374)." Docket No. 374, filed May 19, 2008, refers to the following motions: ConnectU's Motion for Expedited Discovery and Evidentiary Hearing, and ConnectU's Motion to Shorten Time.

22. On May 23, 2008, Defendant ConnectU filed a Motion to Reschedule the June 23, 2008, hearing on Plaintiffs' Confidential Motion. The Motion to Reschedule was denied on June 10, 2008.

**Motions Pending at the Time of the February 22, 2008 Mediation**

1.     On January 7, 2008, Plaintiffs filed a Motion for Partial Summary Judgment Re Defendants' Liability Pursuant to California Penal Code Section 502(c) and 15 U.S.C. § 7704(a)(1) and 15 U.S.C. § 7704(b)(1), which was noticed for hearing on February 27, 2008. The Motion was taken off calendar on February 25, 2008 after the conclusion of the mediation session.

2.     On January 7, 2008, Plaintiffs filed a Motion to Seal Portions of Their Motion for Partial Summary Judgment Re Defendants' Liability Pursuant to California Penal Code Section 502(c) and 15 U.S.C. § 7704(a)(1) and 15 U.S.C. § 7704(b)(1), the Declaration of Chris Shiflett in Support Thereof Including Exhibits 1-3; and Exhibits 1, 2 and 4 to the Declaration of Monte

OHS West:260456832.1

M.F. Cooper in Support Thereof. This motion originally was noticed for hearing on February 27, 2008. The Motion was taken off calendar on February 25, 2008.

3. On January 23, 2008 Plaintiffs filed a Motion to Compel Compliance by Defendants Pacific Northwest Software and Winston Williams with Order Granting Motion to Compel Supplemental Interrogatory Responses, which was noticed for hearing on February 27, 2008. The Motion was taken off calendar on February 25, 2008.

**Pending Motions**

1. On April 23, 2008, Plaintiffs filed a Confidential Motion to enforce what Plaintiffs characterize as the Settlement Agreement. Dkt. No. 329.

2. On May 19, 2008, non-parties Greg Roussel, Esq. and Fenwick & West LLP ("Fenwick") filed a Motion to Quash and for Protective Order. Dkt. No. 378.

3. The parties disagree as to the import of the Court's Order of June 10, 2008 which denied Docket No. 374. The Order says the Court denied ConnectU's Motion to Shorten Time for Hearing, and Motion to Expedite Discovery. The complete title of that motion is a Motion for Expedited Discovery and Evidentiary Hearing. The hearing date has been vacated. Plaintiffs read the Order, and the Court's termination of the hearing, to mean that the entire Motion was denied, including to the extent it seeks an evidentiary hearing. ConnectU's position is that the Court's June 10 Order did not address ConnectU's Motion for Evidentiary Hearing on Plaintiffs' motion to enforce, which was contained in the same Motion papers encompassed by Docket Item Number 374.

4. On June 9, 2008, Plaintiffs filed Objections to and Motion to Strike Evidence Submitted in ConnectU's Opposition to Plaintiffs' motion to enforce. Dkt No. 424. ConnectU is preparing an opposition to this motion.

5. Several Administrative Requests to Seal were pending before the Term Sheet and Settlement Agreement was signed and more are currently pending. On June 10, 2008, the parties submitted a Joint Proposed Order to resolve those motions (Docket No. 429), which include Docket Numbers: 246, 255, 274, 302, 313, 321, 328, 333, 355, 360, 368, 371, 376, 383, 393, 401, 404, 409, 415, 425, and 426.

With regard to the sealing issues, Defendants request that the Court direct the parties make a proposal to limit materials filed under seal. Defendants reserve and do not waive their right to seek the de-designation of information that is not confidential. Defendants contend that Plaintiffs have not met their burden of showing that *all* of the information found in Plaintiffs' motion to enforce and supporting papers, and *all* of the information found in the Related Motions should be filed under seal.

**Anticipated Motions**

Plaintiffs' Position:

This case settled as a result of mediation on February 23, 2008. Plaintiffs anticipate filing a Motion for Attorneys' Fees and Costs, as well as a Motion to Disqualify Finnegan, Henderson, Farabow, Garrett & Dunner.

Defendant ConnectU's Position:

1. ConnectU anticipates filing a motion to dismiss Plaintiffs' motion to enforce on the ground that Plaintiffs have failed to serve and join necessary parties.

2. ConnectU anticipates filing a motion to compel the discovery requested from Facebook relating to enforcement of and defenses to Plaintiffs' motion to enforce.

3. ConnectU may file a motion to compel the production of certain electronically stored instant message logs that ConnectU learned only four weeks ago that Plaintiff Zuckerberg has intentionally withheld from production for several years. A computer forensics consultant (Jeff Parmet & Associates) found these instant message logs on Zuckerberg's hard drive and identified them to Zuckerberg and Facebook as highly material evidence on December 14, 2007, more than two months prior to the mediation and 2½ years after they were first requested in the Massachusetts action. Although Facebook and Zuckerberg told Parmet they would produce the documents, they failed to do so, and have refused to disclose to ConnectU the subject of Parmet's discovery.

ConnectU's counsel first learned of the materiality of the Zuckerberg instant messages on May 14, 2008 and promptly raised the issue with Judge Douglas P. Woodlock in the Massachusetts action, who had entered an order relating to the Parmet forensic review. Although

the Zuckerberg instant messages are believed to relate primarily to the Massachusetts action, Judge Woodlock left it to this Court to decide if such documents should be reviewed *in camera*, whether they should be produced to ConnectU, and whether the failure to timely produce them is relevant to the validity of the alleged settlement of this action and the Massachusetts action. Following a hearing on June 2, 2008, Judge Woodlock ordered the Massachusetts Court Clerk to transmit to this Court Judge Woodlock's Memorandum and Order dated June 3, 2008 and a transcript of the June 2, 2008 hearing. The Memorandum and Order stated (at 3-4):

> I received from Mr. Parmet a three ring binder of hard copies of various documents that he contended had not yet been produced by Facebook when discovery in the case had been stayed . . . . I have not reviewed the documents but will keep them under seal pending further developments in the disputes between the parties . . . . I stand ready, of course, to provide whatever assistance Judge Ware considers helpful.

The Massachusetts Court transmitted the Order and transcript on June 11, 2008. On June 6, 2008, ConnectU served Plaintiffs with requests to produce the Zuckerberg documents in this action, although they had been requested in the Massachusetts action in mid-2005. If Plaintiffs object, ConnectU anticipates moving to compel and asking this Court to obtain the Zuckerberg documents from the District of Massachusetts, review them, and order production.

## V.   AMENDMENT OF PLEADINGS

Plaintiffs' Position:  This case settled as a result of mediation on February 23, 2008. Plaintiffs do not anticipate amending their pleadings.

Defendant ConnectU's Position:

The alleged settlement agreement is unenforceable and was procured through fraud. Plaintiffs' motion to enforce an alleged settlement agreement is treated as "a separate contract dispute." *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995); *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989) ("The motion to enforce the settlement agreement essentially is an action to specifically enforce a contract.").

OHS West:260456832.1

## VI.  EVIDENCE PRESERVATION

Plaintiffs' Position:  This case settled as a result of mediation on February 23, 2008.  This issue is now irrelevant.

Defendant ConnectU's Position:

The alleged settlement agreement is unenforceable and was procured through fraud. Preservation and production of the documents requested from Facebook and its counsel, as well as the Parmet documents, *see* IV *supra*, relates to enforceability of the alleged settlement.

## VII.  INITIAL DISCLOSURES

Plaintiffs' Position:

Due to settlement, no initial disclosures are necessary.  Prior to settlement, Plaintiffs suggested that initial disclosures be served promptly after the CMC hearing.

Defendant ConnectU's Position:

The alleged settlement agreement is unenforceable and was procured through fraud. Defendants will be prepared to discuss the timing of initial disclosures at the Court's convenience.

## VIII.  DISCOVERY

Plaintiffs' Position:  This case is settled and no further discovery should occur.  At the time of settlement, the primary remaining issue was the number of false emails sent to stolen email addresses.  Plaintiffs had pending a Motion to Compel Compliance with the Court's December 12, 2007 Order.  Dkt. No. 234.   Further, by Order dated February 5, 2008 [Dkt. No. 288], the Court had ordered the parties no later than February 26, 2008 to meet-and-confer on all outstanding discovery disputes and scheduling issues, and to agree to a deposition schedule.  The meeting of counsel required by the Court Order was scheduled to occur on February 25, 2008. However, it was never held, as on February 25, 2008, counsel for Plaintiffs and counsel for all Defendants (including ConnectU) jointly contacted the Court to notify it that a settlement had been reached and that all pending motions should be taken off calendar.

Defendants' Position:

The alleged settlement agreement is unenforceable and was procured through fraud  The

OHS West:260456832.1

parties notified the courts in late February and early March 2008 not that an agreement had been reached, but instead of what Plaintiffs' counsel described as a "tentative" settlement, subject to reaching "final" agreement. In order to defend against Plaintiffs' motion to enforce, on May 8, 2008, ConnectU served document requests and a Rule 30(b)(6) deposition notice, seeking discovery relating to enforcement of and defenses to Plaintiffs' motion to enforce. Plaintiffs have objected and ConnectU anticipates filing a motion to compel. On May 9, 2008, ConnectU served subpoenas on Fenwick seeking documents and a deposition of Mr. Roussel relating to enforcement of and defenses to Plaintiffs' motion to enforce. On May 19, 2008, Fenwick filed a Motion to Quash and for Protective Order. On June 6, 2008, ConnectU served Plaintiffs with production requests for the Parmet documents.

In the underlying actions, much discovery remains to be completed. Given the protracted pleading activities occasioned by the complaint and two separate amendments to the complaint that have been filed in this case, including Plaintiffs' inappropriate efforts to re-name parties that the Superior Court had previously dismissed, it was unclear until recently which causes of action would remain, and which parties would remain in the case. Defendants' efforts to conduct discovery were stalled because Plaintiffs continued to refuse to complete document production pursuant to document requests propounded in August 2007. Defendants currently expect to take several depositions regarding the documents and hard drives produced in late 2007 and others relating to the Parmet documents. Defendants expect to notice additional Rule 30(b)(6) depositions and at least two non-party depositions. Defendants also anticipate propounding at least one additional document demand, and at least one set of Requests for Admission.

## A. Fact and Expert Depositions

Plaintiffs' Position: No further fact and expert depositions are necessary due to the settlement. Prior to settlement, the Court issued a Case Management Schedule in which it set deadlines for fact and expert discovery. Dkt. No. 270. Further, by Order dated February 5, 2008 [Dkt. No. 288], the Court had ordered the parties no later than February 26, 2008 to meet-and-confer on all outstanding discovery disputes and scheduling issues, and to agree to a deposition schedule of all remaining witnesses who needed to be deposed. The meeting of counsel required

by the Court Order was scheduled to occur on February 25, 2008. However, it was never held, as on February 25, 2008, counsel for Plaintiffs and counsel for all Defendants (including ConnectU) jointly contacted the Court to notify it that a settlement had been reached and that all pending motions should be taken off calendar.

Defendants' Position:

The alleged settlement agreement is unenforceable and was procured through fraud. The parties notified the courts in late February and early March 2008 not that an agreement had been reached, but instead of what Plaintiffs' counsel described as a "tentative" settlement, subject to reaching "final" agreement. Defendants' position on discovery is set forth above.

### B.    Interrogatories

Plaintiffs' Position: Prior to settlement, the Court issued a Case Management Schedule in which it set deadlines for fact and expert discovery. Dkt. No. 270.

Defendants' Position:

The alleged settlement agreement is unenforceable and was procured through fraud. Defendants' position on discovery is set forth above.

### C.    Requests for Admissions

Plaintiffs' Position: Prior to settlement, the parties agreed that the Federal Rules of Civil Procedure shall govern Requests for Admission.

Defendants' Position:

The alleged settlement agreement is unenforceable and was procured through fraud. The parties agree that the Federal Rules of Civil Procedure shall govern Requests for Admission. Defendants' position on discovery is set forth above.

### D.    Requests For Production

Plaintiffs' Position: No further document production is necessary to the settlement. Prior to settlement, the parties agreed that the Federal Rules of Civil Procedure would govern Requests for Production of Documents and Things. Document collection from Defendants PNS, Williams and Chang remained deficient.

Defendants' Position:

OHS West:260456832.1

The alleged settlement agreement is unenforceable and was procured through fraud. Defendants' position on discovery is set forth above.

### E. Protective Order

Plaintiffs' Position:

Prior to settlement, the Court had ordered the parties to prepare a new Stipulated Protective Order. One was prepared by counsel for Plaintiffs and forwarded to counsel for Defendants. Defendants never responded. The case then settled. The parties have, however, been operating pursuant to the Stipulated Protective Order entered into while the case was pending in Superior Court.

Defendants' Position:

The alleged settlement agreement is unenforceable and was procured through fraud. The parties have been operating consistent with Local Rule 79-5.

### F. Electronic Mail Service

Plaintiffs' Position: Prior to settlement, plaintiffs proposed that in addition to service by mail, the parties also must provide copies by electronic mail of any discovery request, discovery response, subpoena, pleading, or the like.

Defendants' Position:

The alleged settlement agreement is unenforceable and was procured through fraud. Service should be effected through any method authorized pursuant to the Federal and Local Rules.

### G. Meet-and-Confer Deadline

Plaintiffs' Position: No meet and confer is necessary due to settlement. Prior to settlement, Plaintiffs proposed that all meet-and-confer conferences required by Federal Rule 37 and/or the Local Civil Rules must occur within five business days of the demand. Plaintiffs make such a proposal because to date, Defendants have required at least two weeks to conduct every single meet-and-confer associated with discovery disputes, resulting in unnecessary and prejudicial delay.

Defendants' Position:

OHS West:260456832.1

The alleged settlement agreement is unenforceable and was procured through fraud. Conferences should occur within a reasonable time in light of customary courtesies among counsel.

## IX.  CLASS ACTIONS

This is not a class action.

## X.  RELATED CASES

The Parties are aware of two cases related to this action:  *ConnectU Inc. v. Mark Zuckerberg et al.*, No. 04-11923 (D.Mass) and *ConnectU LLC v. Mark Zuckerberg et al.*, No. 07-10593 (D. Mass).  The Court of Appeals for the First Circuit recently reversed the dismissal of Civil Action No. 07-10593 and remanded for further proceedings.  *See* 522 F.3d 82 (1st Cir. 2008).  The District of Massachusetts has consolidated these two cases.

## XI.  RELIEF

Plaintiffs' Position:  Plaintiffs seek an order enforcing the Settlement Agreement.  Prior to settlement, Plaintiffs sought judgment against Defendants including various forms of general, punitive and statutory damages[2], disgorgement by Defendants, pre- and post- judgment interest; injunctive relief, and attorneys' fees and costs. Assuming that at least 3 million email addresses were sent unsolicited emails with false header information and that the email addresses were harvested by automated means, plaintiff seeks statutory damages of at least $900 million under the CAN-SPAM Act., 15 U.S.C. § 7706(g).

Defendants' Position:

Defendants seek their costs and other appropriate relief for the filing of this frivolous action.  ConnectU's position is that Plaintiffs' motion to enforce the alleged settlement should be denied because the alleged settlement agreement is unenforceable and was procured by fraud.

---

[2] Plaintiffs seek damages including:  Compensatory damages pursuant to California Penal Code § 502(e)(1) and 18 U.S.C. § 1030 (a)(4) for costs of responding to Defendants' actions; exemplary damages under California Civil Code § 3426.3(c), punitive damages under California Penal Code § 502(e)(4) (exemplary or punitive damages), economic damages under 18 U.S.C. § 1030 (a)(5)(B)(i); statutory damages under 15 U.S.C. § 7706(g), *et seq.*; and aggravated damages under 15 U.S.C. § 7706(g), including treble and general damages.

OHS West:260456832.1

## XII. SETTLEMENT AND ADR

Plaintiffs' Position:

The parties participated in mediation before Antonio Piazza on February 22 and 23, 2008. As a result of that mediation, the parties signed a binding Settlement Agreement. Defendant ConnectU is challenging the Term Sheet and Settlement Agreement, though no other defendant is.

Plaintiffs have suggested that the parties participate in a settlement conference before Judge Spero and asked that the Court refer the parties accordingly.

Defendant ConnectU's Position:

The alleged settlement agreement is unenforceable and was procured through fraud. ConnectU is amenable to participate in a settlement conference before Judge Spero.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties consented to proceed before Magistrate Judge Seeborg for all purposes in this matter. However, after issuing an order reassigning this case to a Magistrate Judge, the Court vacated that order. Further, Magistrate Judges Seeborg and Trumbull have recused themselves, and the parties expect Magistrate Judge Lloyd is likely to do the same.

## XIV. OTHER REFERENCES

Plaintiffs contend that this case is settled, but continue to believe that a settlement conference may be useful. Defendant ConnectU contends that the alleged settlement agreement is unenforceable and was procured through fraud, but is amenable to participate in a settlement conference before Judge Spero. The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

Plaintiffs' Position: Other than enforcing the Settlement Agreement, no other narrowing is necessary. Prior to settlement, much of the discovery in this case had already taken place in related cases and before this action was removed to this Court. Plaintiffs believe summary judgment would have significantly narrowed the issues in this case. That motion was set for hearing on February 27, 2008, but was taken off calendar.

OHS West:260456832.1

Defendants' Position:

It is ConnectU's position that the alleged settlement agreement is unenforceable and was procured by fraud. With respect to the underlying litigation, there are outstanding document requests to Plaintiffs. Once Plaintiffs produce all responsive documents to outstanding discovery requests, Defendants anticipate taking depositions and thereafter opposing Plaintiffs' summary judgment motion and seeking summary judgment themselves.

## XVI.  EXPEDITED SCHEDULES

Plaintiffs' Position:  Prior to settlement, the Court had issued a Case Scheduling Order, which provided for a November 17, 2008, trial date.  Dkt. No. ___.

Defendants' Position:

ConnectU is seeking discovery relating to its defenses to Plaintiffs' motion to enforce the alleged settlement, and respectfully requests, if the motion to enforce is not denied on the papers or resolved based on the June 23 hearing, that a schedule be established for such discovery (including resolution of any discovery disputes) that will enable discovery to be completed prior to the date of an evidentiary hearing on Plaintiffs' motion to enforce. *See* XVII *infra*.

## XVII.  SCHEDULING

Plaintiffs' Position:

Plaintiffs' position is that this case is settled and, as a result, no schedule is necessary.  To the extent the Court disagrees, Plaintiffs propose that the original schedule be reinstituted with an adjustment to account for the four month delay imposed by Defendants.

Defendant ConnectU's Position:

Any delay in this matter has resulted from Plaintiffs' efforts to enforce an alleged settlement agreement that is unenforceable and was procured through fraud.  ConnectU requests that if Plaintiffs' motion to enforce is not denied on the papers, the Court continue the June 23, 2008 hearing on the motion to enforce to enable ConnectU to obtain the discovery it is seeking relating to its defenses, including resolution of any discovery disputes.  ConnectU requests that the Court set a deadline for discovery of August 31, 2008 and set an evidentiary hearing as soon

OHS West:260456832.1

thereafter as convenient for the Court.

The chart below reflects the respective positions of the parties regarding a schedule for the case should Plaintiffs' motion to enforce be denied.

|  | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| Fact Discovery Cut-off | January 30, 2009 | January 30, 2009 |
| Expert Reports | December 15, 2008 | February 28, 2009 |
| Rebuttal Expert Reports | December 31, 2008 | March 31, 2009 |
| Expert Discovery Cutoff | January 30, 2009 | April 30, 2009 |
| Last Day to Hear Dispositive Motions | February 15, 2009 | May 15, 2009 |
| Pre-trial Hearing | April 5, 2009 | June 1, 2009 |
| Trial | April 17, 2009 | June 15, 2009 |

## XVIII. TRIAL

Plaintiffs' Position:

Prior to settlement, Plaintiffs sought a jury trial. Given the number of claims and defendants, Plaintiffs anticipated a trial length of two weeks.

Defendant ConnectU's Position:

The alleged settlement agreement is unenforceable and was procured through fraud. ConnectU anticipates that it will take approximately a week for the presentation of its direct evidence at trial.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES AND PERSONS

Pursuant to Civil L.R. 3-16, Plaintiffs and Defendants certify that as of this date, other than the named parties, there is no such interest to report. See Dkt. Nos. 20, 32.

OHS West:260456832.1

Dated: June 13, 2008                    ORRICK, HERRINGTON & SUTCLIFFE LLP


                                        /s/ I. Neel Chatterjee /s/
                                        I. Neel Chatterjee
                                        Attorneys for Plaintiffs
                                        Facebook, Inc. and Mark Zuckerberg

Dated: June 13, 2008                    FINNEGAN, HENDERSON, FARABOW,
                                        GARRETT, & DUNNER, LLP


                                        /s/ Scott R. Mosko /s/
                                        Scott R. Mosko
                                        Attorneys for Defendants Pacific Northwest
                                        Software, Wayne Chang, and Winston Williams

Dated: June 13, 2008                    BOIES, SCHILLER AND FLEXNER LLP


                                        /s/ Steven C. Holtzman /s/
                                        Steven C. Holtzman
                                        Attorneys for Defendant
                                        ConnectU, Inc.

- - 19 - -

OHS West:260456832.1

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 13, 2008.

Dated: June 13, 2008.                    Respectfully submitted,

                                        /s/ I. Neel Chatterjee /s/
                                        I. Neel Chatterjee

**Filer's Attestation:** Pursuant to General Order No. 45, §X(B), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from its signatory.

Dated: June 13, 2008                    Respectfully submitted,

                                        /s/ I. Neel Chatterjee /s/
                                        I. Neel Chatterjee

OHS West:260456832.1