Roger Myers (CA State Bar No. 146164)
roger.myers@hro.com
Rachel Matteo-Boehm (CA State Bar No. 195492)
rachel.matteo-boehm@hro.com
Katherine Keating (CA State Bar No. 217908)
katherine.keating@hro.com
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999

Attorneys for Intervenor
CNET Networks, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE FACEBOOK, INC. and MARK ZUCKERBERG,<br><br>    Plaintiffs,<br><br>    v.<br><br>CONNECTU, INC. (formerly known as CONNECTU, LLC), PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, and WAYNE CHANG,<br>    Defendants. | CASE NO. 5:07-CV-01389-JW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE AND TO UNSEAL HEARING TRANSCRIPT AND OTHER DOCUMENTS**<br><br>Hearing Date: July 2, 2008<br>Time: 10:00 a.m.<br>Judge: Hon. James Ware<br>Courtroom: 8 |

MPA in Support of Motion to Intervene and
to Unseal Hearing Transcript and Other Documents     Case No. 5:07-CV-01389-JW
#38490 v1

Dockets.Justia.com

**TABLE OF CONTENTS**

**Page(s)**

INTRODUCTION ..................................................................................................................1

BACKGROUND ...................................................................................................................2

I. THE MEDIA HAVE STANDING TO OBJECT TO COURTROOM CLOSURE AND TO MOVE TO UNSEAL RECORDS, AND LEAVE TO INTERVENE SHOULD BE GRANTED ............................................................................................2

II. THE PUBLIC AND PRESS HAVE A FIRST AMENDMENT AND COMMON LAW RIGHT OF ACCESS TO CIVIL COURT RECORDS AND PRETRIAL PROCEEDINGS ..........................................................................................3

III. THE TRANSCRIPT OF THE JUNE 23 HEARING MUST BE RELEASED AND OTHER DOCUMENTS SEALED IN THIS CASE MUST BE UNSEALED BECAUSE NEITHER SUBSTANTIVE OR PROCEDURAL TESTS FOR SEALING AND CLOSURE HAVE BEEN MET ..................................................................5

    A. The June 23 Hearing Was Closed Without Notice Or An Opportunity To Be Heard And Was Not Supported By Any Factual Findings .......................7

    B. The June 20 Sealing Order Was Not Supported By Any Factual Findings.........9

    C. Scores Of Other Documents May Have Been Sealed In This Case In Violation Of The First Amendment And Common Law Rights Of Access ......12

    D. There Is No Evidence Of Any Compelling Reason Supporting Either The June 23 Courtroom Closure Or The Various Sealing Orders ...........................12

CONCLUSION....................................................................................................................14

i

MPA in Support of Motion to Intervene and
to Unseal Hearing Transcript and Other Documents           Case No. 5:07-CV-01389-JW
#38490 v1

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page(s)

*ABC, Inc. v. Stewart*,
 360 F.3d 90 (2d Cir. 2004) ..................................................................................................11

*Brown & Williamson Tobacco Corp. v. F.T.C.*,
 710 F.2d 1165 (6th Cir. 1983) ..........................................................................1, 3, 4, 11, 13

*Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*,
 178 F.3d 943 (7th Cir. 1999) ................................................................................................6

*In re Continental Ill. Securities Litigation*,
 732 F.2d 1302 (7th Cir. 1984) ..........................................................................................3, 4

*Doe v. Stegal*,
 653 F.2d 180 (5th Cir. 1981) ................................................................................................3

*E.E.O.C. v. Erection Co.*,
 900 F.2d 168 (9th Cir. 1990) ................................................................................................4

*Foltz v. State Farm Mutual Automobile Insurance Co.*,
 331 F.3d 1122 (9th Cir. 2003) ......................................................................................3, 5, 8

*Globe Newspaper Co. v. Pokaski*,
 868 F.2d 497 (1st Cir. 1989)..................................................................................................4

*Globe Newspaper Co. v. Superior Court*,
 457 U.S. 596 (1982)............................................................................................................2, 3

*Hagestad v. Tragesser*,
 49 F.3d 1430 (9th Cir. 1995) ...........................................................................................5, 13

*In re Iowa Freedom of Information Council*,
 724 F.2d 658 (8th Cir. 1983) ................................................................................................3

*Jessup v. Luther*,
 277 F.3d 926 (7th Cir. 2002) ..............................................................................................13

*Kamakana v. City and County of Honolulu*,
 447 F.3d 1172 (9th Cir. 2006) .............................................................................1, 2, 6, 11

*Littlejohn v. BIC Corp.*,
 851 F.2d 673 (3d Cir. 1988) ...............................................................................................13

ii

MPA in Support of Motion to Intervene and
to Unseal Hearing Transcript and Other Documents  Case No. 5:07-CV-01389-JW
#38490 v1

*Newman v. Graddick*,
    696 F.2d 796 (11th Cir. 1983) ..................................................................................4

*Oregonian Public Co. v. United States District Court*,
    920 F.2d 1462 (9th Cir. 1990) ..........................................................................5, 7, 8

*Phoenix Newspapers v. U.S. District Court*,
    156 F.3d 940 (9th Cir. 1998) ...............................................1, 5, 6, 7, 8, 9, 11, 12

*Pintos v. Pacific Creditors Association*,
    504 F.3d 792 (9th Cir. 2007) ..........................................................................5, 9, 12

*Press-Enterprise Co. v. Superior Court*,
    464 U.S. 501 (1984) ................................................................................................14

*Press-Enterprise Co. v. Superior Court*,
    478 U.S. 1 (1986) ......................................................................................................5

*Procter & Gamble Company v. Bankers Trust Co.*,
    78 F.3d 219 (6th Cir. 1996) ..............................................................................10, 13

*Publicker Industrial v. Cohen*,
    733 F.2d 1059 (3d Cir. 1984) ..........................................................................3, 4, 13

*In re Reporter's Committee for Freedom of the Press*,
    773 F.2d 1325 (D.C. Cir. 1985) ..............................................................................4

*Republic of the Philippines v. Westinghouse Electric Corp.*,
    139 F.R.D. 50 (D.N.J. 1991) ....................................................................................4

*Republic of the Philippines v. Westinghouse Electric Corp.*,
    949 F.2d 653 (3d Cir. 1991) ....................................................................................3

*Richmond Newspapers v. Virginia*,
    448 U.S. 555 (1980) ..........................................................................................2, 3, 4

*Rushford v. New Yorker Magazine*,
    846 F.2d 249 (4th Cir. 1988) ..................................................................................3

*San Jose Mercury News, Inc. v. U.S. District Court*,
    187 F.3d 1096 (9th Cir. 1999) ........................................................................1, 2, 3

*State of California ex rel. Lockyer v. Safeway*,
    355 F. Supp. 2d 1111 (C.D. Cal. 2005) ..................................................................2

MPA in Support of Motion to Intervene and
to Unseal Hearing Transcript and Other Documents     Case No. 5:07-CV-01389-JW
#38490 v1

| | |
|---|---|
| *United States v. Antar*, 38 F.3d 1348 (3d Cir. 1994) | 7 |
| *Washington Post v. Robinson*, 935 F.2d 282 (D.C. Cir. 1991) | 8 |
| *Westmoreland v. Columbia Broadcasting System*, 752 F.2d 16 (2d Cir. 1984) | 3, 4 |

**STATE CASES**

| | |
|---|---|
| *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court*, 20 Cal. 4th 1178 (1999) | 3 |

**STATUTES**

| | |
|---|---|
| Civil Local Rule 79-5 (a) | 9, 10 |
| Civil Local Rule 79-5 (b) | 9, 11 |
| Civil Local Rule 79-5 (c) | 9 |
| Civil Local Rules 79-5 (d) | 9, 10 |

iv

MPA in Support of Motion to Intervene and
to Unseal Hearing Transcript and Other Documents    Case No. 5:07-CV-01389-JW
#38490 v1

# INTRODUCTION

CNET Networks, Inc. ("CNET") hereby moves to intervene in this action for the limited purpose of moving to unseal the transcript of the June 23 hearing and numerous other documents sealed in this case on the grounds that the courtroom was closed and the records sealed without satisfying the procedural or substantive requirements of the First Amendment and common law.

In order to safeguard the public's ability to oversee the workings of the judicial system, the First Amendment requires notice when courtroom closure is contemplated and an opportunity for those excluded to be heard. *Phoenix Newspapers v. U.S. Dist. Court*, 156 F.3d 940, 949 (9th Cir. 1998). Closure is constitutional only if there is a "substantial probability" that a "compelling interest" will be harmed without it and "there are no alternatives to closure that would adequately protect the compelling interest." *Id*. The closure must be supported by "specific factual findings" and may not be based "on conclusory assertions alone." *Id*.

The common law also guarantees access to civil court proceedings and records unless, after "conscientiously" balancing the interests at stake, *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1102 (9th Cir. 1999), the Court determines that "compelling reasons," articulated in "specific factual findings" justify a departure from the Ninth Circuit's "'strong presumption in favor of access.'" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

In this case, hundreds of documents and almost two hours of a key hearing have been shielded from public scrutiny, evidently for the sole purpose of allowing the parties to avoid disclosing certain financial information they would rather keep secret. But "the natural desire of parties to shield prejudicial information contained in judicial records from competitors and the public ... cannot be accommodated by the courts without seriously undermining the tradition of an open judicial system." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983).

Because the procedural and substantive requirements that protect the public's right to observe the judicial process were not satisfied in this case, the June 23 hearing transcript and numerous documents should be unsealed.

1

MPA in Support of Motion to Intervene and
to Unseal Hearing Transcript and Other Documents    Case No. 5:07-CV-01389-JW
#38490 v1

## BACKGROUND

On April 23, 2008, Plaintiffs filed what they called a "Confidential Motion." The entire motion and all supporting documents were filed under seal, pursuant to an order issued on June 20, which also granted some nineteen other motions to seal over 100 documents in this case. The June 23 hearing on the "Confidential Motion" was attended by several members of the press, who had been unable to learn much of anything about the "Confidential Motion" or other developments in the case in light of the widespread sealing of documents. At the outset of the June 23 hearing, however, the Court announced that it had made a judgment that it could be beneficial to the Court to conduct the hearing in a closed courtroom. Several members of the press, including CNET, objected and requested a continuance to allow their counsel to be heard by the Court. The Court denied the request for a continuance and closed the hearing, which lasted for almost two hours.

Two days later, on June 25, the Court issued an Order Granting Plaintiff's Confidential Motion to Enforce the Settlement Agreement (the "June 25 Order"), in which the Court noted that "since neither Facebook nor ConnectU are publicly traded companies at this time, the Court finds good cause to keep the transcript of the proceedings under seal as requested by the parties to protect their financial information." June 25 Order, at 2 n.3. Virtually all of the documents underlying the June 25 Order, including evidence and arguments from both parties, are sealed in their entirety.

### I.

### THE MEDIA HAVE STANDING TO OBJECT TO COURTROOM CLOSURE AND TO MOVE TO UNSEAL RECORDS, AND LEAVE TO INTERVENE SHOULD BE GRANTED

"Representatives of the press and general public must be given an opportunity to be heard on the question of their exclusion," *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n. 25 (1982), and courts routinely permit the media to appear in cases in which they are not parties for the purpose of challenging requests or orders to seal records. *See, e.g., Kamakana*, 447 F.3d at 1176; *San Jose Mercury News*, 187 F.3d at 1101 (vacating trial court's denial of newspaper's motion to intervene). Press participation in such proceedings is vital because the press functions as "surrogates for the public," protecting the public's own right to understand the workings of the judicial system. *Richmond Newspapers v. Virginia*, 448 U.S. 555, 574 (1980); *see also, e.g., State of California ex*

MPA in Support of Motion to Intervene and
to Unseal Hearing Transcript and Other Documents        Case No. 5:07-CV-01389-JW
#38490 v1

*rel. Lockyer v. Safeway*, 355 F. Supp. 2d 1111, 1124 (C.D. Cal. 2005) (unsealing documents at the request of intervening newspaper and noting that "the press has historically served as a monitor of both the State and the courts, and it plays a vital role in informing the citizenry on the actions of its government institutions").

As a member of the media, CNET therefore has standing to challenge courtroom closure and sealing of records, and this motion for leave to intervene to allow CNET to vindicate both the press' and the public's right of access should be granted.

**II.**

**THE PUBLIC AND PRESS HAVE A FIRST AMENDMENT AND COMMON LAW RIGHT OF ACCESS TO CIVIL COURT RECORDS AND PRETRIAL PROCEEDINGS**

The Ninth Circuit has recognized a strong common law presumption of access to civil court records filed on substantive issues, *see, e.g., Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134-45 (9th Cir. 2003), a right that flows from a general common law right of access to civil and criminal proceedings. *See, e.g., San Jose Mercury News*, 187 F.3d at 1102; *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 659-60 (3d Cir. 1991).

In addition, the factors that led to recognition of a First Amendment right of access to criminal cases apply equally to civil cases. *See Richmond Newspapers*, 448 U.S. at 580 n.17 ("historically both civil and criminal trials have been presumptively open"); *Brown & Williamson*, 710 F.2d at 1177-78 ("the justifications for access to the criminal courtroom apply as well to the civil"); *accord, e.g., NBC Subsidiary (KNBC-TV), Inc. v. Superior Court*, 20 Cal. 4th 1178 (1999). The circuits are nearly unanimous in finding that a constitutional right of access attaches to both civil court proceedings and records.[1] While the Ninth Circuit has not addressed this issue, it has

---

[1] *See Westmoreland v. Columbia Broadcasting Sys.*, 752 F.2d 16, 23 (2d Cir. 1984) ("the First Amendment does secure to the public and to the press a right of access to civil proceedings"); *Publicker Indus. v. Cohen*, 733 F.2d 1059, 1070 (3d Cir. 1984) (recognizing First Amendment right of access to civil cases to "'permit[] the public to participate in and serve as a check upon the judicial process – an essential component of our structure of self-government'") (quoting *Globe Newspaper Co.*, 457 at 606); *accord, e.g., Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988); *Doe v. Stegal*, 653 F.2d 180, 185 & n.10 (5th Cir. 1981); *Brown & Williamson*, 710 F.2d at 1177-78; *In re Continental Ill. Secs. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984); *In re Iowa*

3

MPA in Support of Motion to Intervene and
to Unseal Hearing Transcript and Other Documents                                   Case No. 5:07-CV-01389-JW
#38490 v1

recognized that there is "no support" for drawing a distinction between access to criminal proceedings and records – to which the Ninth Circuit has found a constitutional right of access – and civil proceedings and records. *E.E.O.C. v. Erection Co.*, 900 F.2d 168, 169 (9th Cir. 1990).

Courts have long recognized that access to both proceedings and records is critical to the public's understanding of and trust in the judicial process. As the Supreme Court has explained, "[p]eople do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Richmond Newspapers*, 448 U.S. at 572. Not only must the courtroom doors remain open, but the records underlying proceedings must be available to the public. "[W]ithout access to documents the public often would not have a 'full understanding' of the proceeding and therefore would not always be in a position to serve as an effective check on the system." *Globe Newspaper Co. v. Pokaski*, 868 F.2d 497, 502 (1st Cir. 1989) (quotation omitted).

Those courts that have addressed the issue have held that this constitutional right of access applies fully to civil pretrial proceedings and records related to those proceedings because the same interests that support a First Amendment right of access to criminal proceedings and records – a history of public access and the furthering of democratic principles by allowing the public to monitor "the functioning of our courts, thereby assuring quality, honesty and respect for our legal system" – "apply to civil cases as well." *In re Continental*, 732 F.2d at 1308; *accord Brown & Williamson*, 710 F.2d at 1178 ("The Supreme Court's analysis of the justifications for access to the criminal courtroom apply as well to the civil trial."); *Publicker Indus.*, 733 F.2d at 1068-70; *Westmoreland*, 752 F.2d at 23.[2]

Taken together, the wholesale sealing of documents and the closing of the courtroom doors in this case have enshrouded it in almost total secrecy. Both constitutional and common law tolerate such secrecy only when the most compelling reasons demand it and only to the extent absolutely

---

*Freedom of Info. Council*, 724 F.2d 658, 661 (8th Cir. 1983); *Newman v. Graddick*, 696 F.2d 796, 801 (11th Cir. 1983).

[2] Only one circuit has taken a contrary view. *In re Reporter's Comm. for Freedom of the Press*, 773 F.2d 1325 (D.C. Cir. 1985). That opinion has not been followed elsewhere and has been rightly criticized. *See, e.g., Republic of the Philippines v. Westinghouse Electric Corp.*, 139 F.R.D. 50 (D.N.J. 1991).

4

MPA in Support of Motion to Intervene and
to Unseal Hearing Transcript and Other Documents      Case No. 5:07-CV-01389-JW
#38490 v1

necessary to protect those interests. In this case, no compelling reasons appear to have been offered, and no efforts have been made to limit the closure.

### III.

**THE TRANSCRIPT OF THE JUNE 23 HEARING MUST BE RELEASED AND OTHER DOCUMENTS SEALED IN THIS CASE MUST BE UNSEALED BECAUSE NEITHER SUBSTANTIVE NOR PROCEDURAL TESTS FOR SEALING AND CLOSURE HAVE BEEN MET**

Both the First Amendment and common law impose both procedural and substantive requirements for barring access to court proceedings and records, none of which have been met here.

Procedurally, under the First Amendment, "(1) those excluded from the proceeding must be afforded a reasonable opportunity to state their objections; and (2) the reasons supporting closure must be articulated in findings. An order of closure should include a discussion of the interests at stake, the applicable constitutional principles and the reasons for rejecting alternatives, if any, to closure." *Oregonian Pub. Co. v. United States Dist. Court*, 920 F.2d 1462, 1466 (9th Cir. 1990) (internal citation omitted). To satisfy the first part of this test, the Court must give the public advance notice of closure and an opportunity to be heard. *Phoenix Newspapers*, 156 F.3d at 949. The same two-part procedural test must be met to seal records. *Oregonian Pub.*, 920 F.2d at 1466.

Similarly, the common law right of access requires that the court "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). "An order that fails to articulate its reasoning must be vacated and remanded." *Pintos v. Pacific Creditors Ass'n*, 504 F.3d 792, 802 (9th Cir. 2007).

Substantively, closure is only permissible under the First Amendment if "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Oregonian Pub.*, 920 F.2d at 1466; *accord, e.g., Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 13-14 (1986); *Phoenix Newspapers*, 156 F.3d at 949. Under the common law, the "strong presumption in favor of access" can be overridden only if the

5

MPA in Support of Motion to Intervene and
to Unseal Hearing Transcript and Other Documents    Case No. 5:07-CV-01389-JW
#38490 v1

court finds "compelling reasons" for doing so. *Foltz*, 331 F.3d at 1135; *accord Pintos*, 504 F.3d at 802 (records can only be sealed when the court has "weigh[ed] 'relevant factors,' base[d] its decision 'on a compelling reason,' and 'articulate[d] the factual basis for its ruling ... without relying on hypothesis or conjecture'") (quotation omitted).[3]

These procedural and substantive safeguards for protecting the public's right of access may not be given short shrift simply because the parties not seeking to block access do not object. As the Ninth Circuit has observed:

> The procedural and substantive safeguards ... are not mere punctilios, to be observed when convenient. They provide the essential, indeed only, means by which the public's voice can be heard. All too often, parties to the litigation are either indifferent or antipathetic to disclosure requests. This is to be expected: it is not their charge to represent the rights of others. However, balancing interests cannot be performed in a vacuum. Thus, providing the public notice and an opportunity to be heard ensures that the trial court will have a true opportunity to weigh the legitimate concerns of all those affected by a closure decision. Similarly, entry of specific findings allows fair assessment of the trial judge's reasoning by the public and the appellate courts, enhancing trust in the judicial process and minimizing fear that justice is being administered clandestinely.

*Phoenix Newspapers*, 156 F.3d at 951; *accord, e.g., Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943, 944-45 (7th Cir. 1999) (parties to a judicial proceeding cannot be allowed to "seal whatever they want, for then the interest in publicity will go unprotected unless the media are interested in the case and move to unseal. The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)").

The requirement that specific, on-the-record findings be made ***prior*** to closing a courtroom or sealing a record thus serves important purposes. This requirement "is not only for the benefit of the reviewing court on appeal. It exists, most fundamentally, to assure careful analysis by the [trial

---

[3] The Ninth Circuit recognizes a narrow exception to the common law right of access to civil court records: if a sealed discovery document is attached to a non-dispositive motion, the opponent of access must show "good cause" rather than "compelling reasons" for keeping the record secret. *Kamakana*, 447 F.3d at 1179. This exception does not apply to the June 23 hearing transcript, the so-called "Confidential Motion," or most of the other records sealed in this case.

6

MPA in Support of Motion to Intervene and
to Unseal Hearing Transcript and Other Documents    Case No. 5:07-CV-01389-JW
#38490 v1

court] before any limitation is imposed, because reversal on review cannot fully vindicate First Amendment rights." *United States v. Antar*, 38 F.3d 1348, 1362 (3d Cir. 1994); *accord Phoenix Newspapers*, 156 F.3d at 951 ("'General statements that the court concludes closure is necessary'" do "'not afford a basis for determining whether the court applied the correct standard in weighing possible prejudice from open proceedings or whether the court's conclusion was supported by the record.'") (quotation omitted).

### A. The June 23 Hearing Was Closed Without Notice Or An Opportunity To Be Heard And Was Not Supported By Any Factual Findings

The public was barred from the June 23 hearing in this case without notice or an opportunity to be heard and without support of the factual findings required by the First Amendment and common law.

Because of the importance of transparency to the judicial system, "if a court contemplates sealing a document or transcript, it must provide sufficient notice to the public and press to afford them the opportunity to object or offer alternatives. If objections are made, a hearing on the objections must be held as soon as possible." *Phoenix Newspapers*, 156 F.3d at 949. Moreover, "[a]n order of closure should include a discussion of the interests at stake, the applicable constitutional principles and the reasons for rejecting alternatives, if any, to closure." *Oregonian Pub.*, 920 F.2d at 1466.

The Court, however, did not provide any advance notice to the public that it was considering closing the courtroom on June 23 (which neither party had formally requested). Moreover, when the Court announced on June 23 that it was considering closing the courtroom for at least part of the day's hearing, several members of the press – including CNET and the San Jose Mercury News – objected and requested a continuance so that the Court could hear objections from counsel for the press. The Court denied the request for a continuance – in clear violation of the process mandated by the Ninth Circuit in *Phoenix Newspapers* and other cases – and barred the public from the entire hearing.

As for factual findings to support the closure, the Court simply stated that closure could be "beneficial" to the court. Such a statement falls far short of the kind of particularized factual

7

MPA in Support of Motion to Intervene and
to Unseal Hearing Transcript and Other Documents
#38490 v1

Case No. 5:07-CV-01389-JW

findings that would "enable an interested person to intelligently challenge the decision." *Washington Post v. Robinson*, 935 F.2d 282, 289 n.9 (D.C. Cir. 1991). The Court's subsequent June 25 Order contains a footnote stating that the transcript will be kept sealed "to protect [the parties'] financial information." June 25 Order, at 2 n.3. This statement not only comes too late but also fails to "specifically explain the necessary connection between [holding an open hearing] and inflicting irreparable damage upon the ... concerns it invoked as a compelling interest," as the First Amendment requires. *Phoenix Newspapers*, 156 F.3d at 950.

Moreover, as shown below, protection of financial information is not a sufficient basis for barring access to a civil proceeding on a dispositive issue (or for sealing the transcript of such a proceeding), and the closure and sealing of the hearing and transcript appear to be grossly overbroad with respect to keeping such information secret. Because the Court did not comply with the procedural requirements imposed by the First Amendment and common law, however, the press had no idea what the basis for the closure was and did not have the opportunity to explain that even if financial information of the parties was a sufficiently compelling interest for the Court to contemplate closure, that interest could easily be accommodated without violating the First Amendment and common law rights of access to the hearing by instructing the parties not to discuss any financial information in detail during the hearing; and in the unlikely event that such a discussion was necessary, the Court could have considered holding just that limited part of the hearing in chambers. *See Oregonian Pub.*, 920 F.2d at 1466 (First Amendment requires that there be "no alternatives to closure that would adequately protect the compelling interest at issue").

The closure particularly frustrated the ability of the press to inform the public about the proceedings because the entirety of the so-called "Confidential Motion" on which the hearing was based had been filed under seal. The press was therefore prevented from having ***any*** idea of what the hearing was about. Such an outcome is not consistent with the First Amendment or the Ninth Circuit's "strong presumption in favor of access." *Foltz*, 331 F.3d at 1135.

Because the June 23 hearing was closed without giving the public or press a meaningful opportunity to object and without the support of any factual findings, the closure violated both the First Amendment and common law, and a transcript of the hearing should be promptly released to

8

MPA in Support of Motion to Intervene and
to Unseal Hearing Transcript and Other Documents
#38490 v1

Case No. 5:07-CV-01389-JW

the public. In the event the parties are able to establish that the transcript contains information that may lawfully be sealed – for example, because it discloses a legitimate trade secret – that limited portion of the transcript should be redacted and the remainder released, together with the necessary findings of fact in support of the redaction. *Phoenix Newspapers*, 156 F.3d at 951 (court erred in failing to redact information as an alternative to closure); *see also* Civil Local Rule 79-5(a) (request for sealing "must be narrowly tailored to seek sealing only of sealable material").

**B.     The June 20 Sealing Order Was Not Supported By Any Factual Findings**

In issuing the June 20 order granting twenty different motions to seal documents filed between January 2 and June 9, 2008 in this case, the Court said only that it was granting the motions "[u]pon good cause shown." Order Re Sealing Motions, at 17 (June 20, 2008).[4] The delay in ruling on the sealing motions meant that some of these documents were effectively sealed for almost ***six months*** before the Court even considered whether they warranted sealing. For several reasons, the order that finally issued was insufficient to satisfy the procedural requirements for sealing.

As an initial matter, six of the motions to seal lacked supporting declarations altogether, *id*. at 2-16 (chart summarizing motions), in violation of Civil Local Rules 79-5(b) or (c). The documents sealed pursuant to these six motions should therefore be unsealed on this basis alone.

In addition, many of the other motions included in the June 20 order sought sealing under Civil Local Rule 79-5(d) on the grounds that a particular document had been designated as confidential under a protective order. However, it appears that in most cases, the subsequent declarations that must be filed within five days of a motion to seal under Rule 79-5(d) were never filed, such that the documents should have been – but were not – made part of the public record.[5]

---

[4] As noted elsewhere in this memorandum, "compelling reasons" rather than "good cause" is the standard that must be met to seal most judicial records. *Pintos*, 504 F.3d at 801. The only records that may be sealed upon a showing of "good cause" are "previously sealed discovery attached to a nondispositive motion." *Id*. Most of the documents sealed by the June 20 order required application of the "compelling reasons" standard.

[5] Under Civil Local Rule 79-5(d), within five days after material is lodged with the Court, the party that designated it as confidential "must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a ***narrowly tailored*** proposed sealing order, or must withdraw the designation of confidentiality. ***If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will***

9

MPA in Support of Motion to Intervene and
to Unseal Hearing Transcript and Other Documents                                          Case No. 5:07-CV-01389-JW
#38490 v1

For example, in seeking to file portions of their motion for summary judgment and supporting documents under seal, Plaintiffs noted that *forty-four* different declarations or exhibits had been designated as confidential pursuant to stipulated protective orders. Plaintiffs' Motion to Seal Portions of Their Motion for Partial Summary Judgment (January 7, 2008). But even though none of the other parties who had designated the documents as confidential appear to have submitted the subsequent declaration required by Rule 79-5(d), those documents appear to remain under seal.

The parties' stipulated protective order is a manifestly insufficient basis to seal any documents filed with the Court. The virtually unlimited sealing process in this case "allow[ed] the parties to control public access to court papers," in violation of the First Amendment and common law rights of access. *Procter & Gamble Company v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) ("The District Court cannot abdicate its responsibility to oversee the discovery process and to determine whether filings should be made available to the public. It certainly should not turn this function over to the parties.").

Finally, even where the motions to seal included in the June 20 sealing order were supported by declarations that attempted to articulate some substantive basis for sealing, the declarations typically fall short of the legal requirements for sealing because they offered only the most general and conclusory statements in support of sealing.[6] *See, e.g.*, Declaration of Theresa A. Sutton in Support of Plaintiff's Motion to Seal Portions of Their Motion for Partial Summary Judgment (January 7, 2008) at ¶¶ 3-4, 7-9 (exhibits to be sealed contain discussion of "confidential, proprietary

---

*be made part of the public record*" (emphasis added). The term "sealable" is defined in Civil Local Rule 79-5(a) as "privileged or protectable as a trade secret or otherwise entitled to protection under the law."

[6] Defendants have objected to the wholesale sealing of documents in this case. In the parties' recent Joint Case Management Conference Statement, Defendants contended "that Plaintiffs have not met their burden of showing that *all* of the information found in Plaintiffs' motion to enforce and supporting papers [presumably, the "Confidential Motion"], and *all* of the information found in the Related Motions should be filed under seal" and requested the Court to "direct the parties [to] make a proposal to limit materials filed under seal." Joint Case Management Conference Statement at 9 (June 13, 2008).

10

MPA in Support of Motion to Intervene and
to Unseal Hearing Transcript and Other Documents    Case No. 5:07-CV-01389-JW
#38490 v1

and sensitive business information").[7]

Similarly, Plaintiffs filed the entire April 23 "Confidential Motion" that was the subject of the June 23 hearing under seal based only on the following statement in a supporting declaration:

> Plaintiffs' Confidential Motion, and all declarations and exhibits filed in support thereof, have been designated as highly confidential by the parties. In light of the high profile nature of the case, and the parties' desire to keep the details of this Confidential Motion private, Plaintiffs request that this Motion and its supporting papers remain sealed. The exhibits, which are discussed in the motion, contain commercially sensitive information that, if released to the general public, could adversely affect the parties to this litigation.

Declaration of Theresa A. Sutton Pursuant to Civil Local Rule 79-5(b) in Support of Sealing Plaintiffs' Confidential Motion (April 23, 2008). This declaration is patently insufficient to overcome either the First Amendment or common law right of access. Neither the "high profile nature" of a case, nor the parties' "desire" to keep details of a motion "private," is a legitimate basis for sealing a document. *See, e.g., Brown & Williamson*, 710 F.2d at 1179-80 (company's wish to shield internal information not sufficient to overcome public's right of access unless information is a "legitimate trade secret[]"); *ABC, Inc. v. Stewart*, 360 F.3d 90, 101 (2d Cir. 2004) (rejecting media attention as a basis for closure because "then courts could routinely deny the media access to those cases of most interest to the public, and the exception to openness would swallow the rule"). It is clear in the Ninth Circuit that "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Nor does a general, conclusory, unsupported statement that documents contain "commercially sensitive information" that could "adversely affect" the parties to the litigation come close to providing enough information for the Court to evaluate whether any portion – let alone the motion in its entirety – should be filed under seal. *Id*. at 1178-79 ("strong presumption in favor of access" can be overcome only by articulating "compelling reasons supported by specific factual findings"); *Phoenix Newspapers*, 156 F.3d at 950

---

[7] Some of these declarations are also insufficient to justify sealing because they do not even purport to meet the "compelling reasons" standard but instead only purport to meet the lower "good cause" standard, which is inadequate to support sealing of records filed with dispositive motions. *Kamakana*, 447 F.3d at 1180.

11

MPA in Support of Motion to Intervene and
to Unseal Hearing Transcript and Other Documents
#38490 v1

Case No. 5:07-CV-01389-JW

(rejecting "'general statements' which simply stated that security interests compelled disclosure") (quotation omitted).

## C. Scores Of Other Documents May Have Been Sealed In This Case In Violation Of The First Amendment And Common Law Rights Of Access

About a dozen additional motions to seal were filed in this case in 2007 and are not covered by the June 20 sealing order. Although CNET has not had an opportunity to review each of these 2007 motions to seal and the corresponding sealing orders in detail, CNET suspects that they may have resulted in scores of additional documents being sealed without the relevant procedural and substantive requirements having been met.

In addition, on June 24 Defendant ConnectU filed a request to file additional authority under seal even though it expressly stated in that very motion that "ConnectU believes the material [to be filed under seal] *may not require sealing* because it does not disclose terms of the settlement at issue." ConnectU's Administrative Motion to File Under Seal ConnectU, Inc.'s Administrative Request for Leave to File Additional Authority, at 1 (June 24, 2008) (emphasis added). It appears from the docket that the Court granted the request to file additional authority on June 25 without ruling on the motion to file the request under seal. By ConnectU's own admission, this material does not warrant sealing, and the motion to file under seal should therefore be denied.

## D. There Is No Evidence Of Any Compelling Reason Supporting Either The June 23 Courtroom Closure Or The Various Sealing Orders

The failure of the Court to make any factual findings in support of the June 23 courtroom closure made it impossible to even begin to evaluate that decision until the Court issued its June 25 Order, in which the Court stated that "since neither Facebook nor ConnectU are publicly traded companies at this time, the Court finds good cause to keep the transcript of the proceedings under seal as requested by the parties to protect their financial information." June 25 Order, at 2 n.3. As noted, good cause is not the applicable standard for sealing a transcript of a hearing on dispositive issues, and protecting financial information is not a compelling interest that allows sealing under either the First Amendment or common law. *Phoenix Newspapers*, 156 F.3d at 949; *Pintos*, 504 F.3d at 803 ("A determination by the district court that good cause exists for sealing ... documents

12

MPA in Support of Motion to Intervene and
to Unseal Hearing Transcript and Other Documents
#38490 v1

Case No. 5:07-CV-01389-JW

does not establish that there are 'compelling reasons' to do so.").

Protecting the financial information of a company – unless that company can establish that the particular information rises to the level of a legitimate trade secret – is not a compelling interest sufficient to allow the sealing of court records containing that information. Neither the parties nor the Court, however, have claimed – let alone established – that sealing is necessary to protect trade secrets. Rather, in addition to the "financial information" cited by the Court in its June 25 Order, sealing was sought for some documents because they contain "confidential," "proprietary," or "commercially sensitive" information.

The distinction between a trade secret and "commercially sensitive" or other financial information is significant, however, and the latter does not justify sealing, regardless of whether the company to which they pertain is publicly traded. *Brown v. Williamson*, 710 F.2d at 1180 ("[A] court should not seal records unless public access would reveal legitimate trade secrets, a recognized exception to the right of public access to judicial records."); *Jessup v. Luther*, 277 F.3d 926, 930 (7th Cir. 2002) (reversing denial of motion to unseal settlement agreement filed with court); *Littlejohn v. BIC Corp.*, 851 F.2d 673, 685 (3d Cir. 1988) ("non-trade secret but confidential business information is not entitled to the same level of protection from disclosure as trade secret information"); *Publicker*, 733 F.2d at 1074 (the "'sensitive' information here is not the kind of confidential commercial information that courts have traditionally protected, *e.g.*, trade secrets"); *Hagestad*, 49 F.3d at 1434 (recognizing protection of trade secrets as a "compelling reason" to redact or seal records, but saying nothing about protecting financial or other confidential business information).

Even if Plaintiffs had claimed that sealing was necessary to protect trade secrets, the Court cannot simply accept the parties' assertions that redaction or sealing is necessary to protect a trade secret; it must review the records and make findings that a trade secret actually is revealed in the document before it can order that information redacted. *Proctor & Gamble*, 78 F.3d at 222, 227 (rejecting broad trade secret claims as basis for protective order). The Court has made no such

13

MPA in Support of Motion to Intervene and
to Unseal Hearing Transcript and Other Documents
#38490 v1

Case No. 5:07-CV-01389-JW

1 | findings in this case.

2 | Finally, even if some trade secret or other compelling interest needed to be protected in this case, it is almost inconceivable that such an interest could not be protected except by barring access to an *entire* hearing of almost two hours, or an *entire* motion and all papers related to that motion. The Court's own June 25 Order, which sets forth the parties' purported settlement agreement "[w]ith the precise financial terms redacted," demonstrates that even if there had been a compelling interest in keeping certain information secret in this case – though there is no indication that such a compelling interest actually exists – most if not all of the records that have been sealed in this case could have been released from the outset with minor redactions. June 25 Order, at 2.

## CONCLUSION

"Closed proceedings, although not absolutely precluded, must be rare and only for cause shown that outweighs the value of openness," and no cause that outweighs the value of openness has been shown in this case, especially given the extent of the closure and sealing. *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 509 (1984).

For all of the reasons set forth above, CNET respectfully requests that a transcript of the June 23 hearing be promptly released to the public and that other records in this case, including those sealed by the June 20 order and Defendant ConnectU's Administrative Request for Leave to File Additional Authority, be unsealed.

Dated: June 27, 2008

          HOLME ROBERTS & OWEN LLP
          Roger Myers
          Rachel Matteo-Boehm
          Katherine Keating

          By:     /s/ Rachel Matteo-Boehm
                Rachel Matteo-Boehm
                Attorneys for CNET Networks, Inc.

14

MPA in Support of Motion to Intervene and
to Unseal Hearing Transcript and Other Documents           Case No. 5:07-CV-01389-JW
#38490 v1