Roger Myers (CA State Bar No. 146164)
roger.myers@hro.com
Rachel Matteo-Boehm (CA State Bar No. 195492)
rachel.matteo-boehm@hro.com
Katherine Keating (CA State Bar No. 217908)
katherine.keating@hro.com
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:   (415) 268-2000
Facsimile:    (415) 268-1999

Attorneys for Intervenor CNET Networks, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| THE FACEBOOK, INC. and MARK ZUCKERBERG,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CONNECTU, INC. (formerly known as CONNECTU, LLC), PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, and WAYNE CHANG,<br>　　　　　　　Defendants. | CASE NO. 5:07-CV-01389-JW<br><br>**REPLY OF INTERVENOR CNET NETWORKS, INC. TO PLAINTIFFS FACEBOOK, INC. AND MARK ZUCKERBERG'S PARTIAL OPPOSITION TO MOTION FOR LEAVE TO INTERVENE AND TO UNSEAL HEARING TRANSCRIPT AND OTHER DOCUMENTS**<br><br>Hearing Date: July 2, 2008<br>Time:　　　　10:00 a.m.<br>Judge:　　　　Hon. James Ware<br>Courtroom:　　8 |

## INTRODUCTION

Defendants have not opposed CNET's motions, and plaintiffs do not object to CNET's intervention or to unsealing the transcript of the June 23 hearing.  While plaintiffs want to redact portions of that transcript and, apparently, vast portions of their motion to enforce the settlement (and records filed in connection with that motion), they did not make the showing necessary to do so.  While CNET agrees that the rest of the records may be referred to a magistrate judge, they should be "unsealed immediately" unless a prompt motion is filed and specific findings made sufficient to justify sealing.  *Associated Press v. U.S. Dist. Ct.*, 705 F.2d 1143, 1147 (9th Cir. 1993).

1

Reply to Partial Opposition to Motion to Intervene and
Unseal Hearing Transcript and Other Documents                                      Case No. 5:07-CV-01389-JW
#38541 v1

## I.

**PLAINTIFFS DO NOT OBJECT TO UNSEALING THE TRANSCRIPT OF THE JUNE 23 HEARING, AND THEY FAILED TO MAKE THE SHOWING NECESSARY TO REDACT THE TRANSCRIPT OR KEEP THEIR MOTION TO ENFORCE UNDER SEAL**

While plaintiffs do not object to release of the transcript of the June 23 hearing, they seek certain redactions and seek to retain under seal large portions of their motion to enforce the settlement and records filed in connection with that motion. The basis for that position is plaintiffs' contention that no right of access attached to the motion or hearing because they concerned a settlement agreement. Plaintiffs overlook, however, that once the Court is asked to approve or enforce a settlement, the agreement itself, the related motion and the hearing on that motion are "presumptively ... public" because, as Judge Posner explained, they "reflect[] input by a federal judge." *Jessup v. Luther*, 277 F.3d 926, 929-30 (7th Cir. 2002) (reversing order sealing settlement agreement submitted for court approval); *accord United States ex rel. McCoy v. California Medical Review, Inc.*, 133 F.R.D. 143, 147-48 (N.D. Cal. 1990). And plaintiffs failed to make the showing necessary to redact the transcript or retain the seal on their motion and the pleadings and documents related to that motion. *Bank of America Nat. Trust v. Hotel Rittenhouse*, 800 F.2d 339 (3d Cir. 1986) (reversing order denying motion to unseal settlement agreement and motion to enforce settlement).

**A.     Unlike Settlement Conferences Or Negotiations, The Constitutional And Common Law Right Of Public And Press Access Attaches To Hearings On Motions To Enforce Or Approve A Settlement And Documents Filed In Connection With Such Motions**

Plaintiffs' Partial Opposition incorrectly equates settlement conferences and discussions with the June 23 hearing in this case, which was both a status conference and a hearing on a motion to enforce a settlement. Unlike settlement conferences, status conferences are held in open court. And, unlike settlement conferences, requests to enforce or approve a settlement involve "the court's exercise of its adjudicatory power." *B.H. v. McDonald*, 49 F.3d 294, 300 (7th Cir. 1995) (citing, e.g., *Bank of America Nat. Trust*, 800 F.2d at 345 (recognizing right of access to settlement agreement filed with the court and motions to enforce same)). As Judge Patel has held, the common law and constitutional rights of access to judicial proceedings in criminal cases apply equally to civil hearings in general and to hearings seeking judicial approval of settlements in particular. *U.S. ex rel. McCoy*, 133 F.R.D. at 147-48 (denying motion to close hearing "on the fairness of a proposed

Reply to Partial Opposition to Motion to Intervene and
Unseal Hearing Transcript and Other Documents                                              Case No. 5:07-CV-01389-JW
#38541 v1

settlement" where parties failed to overcome constitutional or statutory presumption of access).

This is the only result consistent with the Ninth Circuit's repeated recognition that there is a "strong presumption in favor of access to court records" such as dispositive motions and pleadings and other documents filed in support of or opposition to such a motion. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134-36 (9th Cir. 2003). Once "filed with the court, ... [the] status [of a document] changes." *Id.* at 1134. Consequently, "the presumption of access is not rebutted where, as here, documents subject to a protective order are filed under seal as attachments to a dispositive motion." *Id.* at 1136. Instead, the strict "'compelling reasons' standard continues to apply." *Id.*; *accord, e.g., Pintos v. Pacific Creditors Ass'n*, 504 F.3d 792, 801-02 (9th Cir. 2007).

A motion to enforce a settlement is dispositive. Like a summary judgment motion, once granted it disposes of the case (at least pending appeal). Where, as here, the motion would dispose of the case, the right of access attaches to the hearing on that motion as well as the pleadings and other records related to it. *See U.S. ex rel. McCoy*, 133 F.R.D. at 147-48 (citing, e.g., *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249 (4th Cir. 1988) (recognizing public right of access to summary judgment proceedings)). "[H]aving undertaken to utilize the judicial process to interpret the settlement and to enforce it, the parties are no longer entitled to invoke the confidentiality ordinarily accorded settlement agreements." *Bank of America Nat. Trust*, 800 F.2d at 345.[1]

---

[1] The *B.H.* case illustrates the difference between a motion to enforce a settlement and discussions concerning a settlement. Plaintiffs cited the district court's decision in the *B.H.* case rather than the Seventh Circuit's opinion affirming that decision. *See, e.g.,* Opp. 5 (citing *B.H. v. Ryder*, 856 F. Supp. 1285 (N.D. Ill. 1994)). But as the Seventh Circuit explained, the reason it affirmed the district court's decision to close "in-chamber conferences to discuss implementation of a consent decree" was precisely because "the court will not be adjudicating anyone's rights or enforcing any provision of the consent decree." *B.H.*, 49 F.3d at 297, 300. As the district court in the *B.H.* case noted, another case relied on by plaintiffs here – *Cincinnati Gas & Elec. Co. v. General Elec. Co.*, 854 F.2d 900 (6th Cir. 1988) – involved a procedure akin to a "settlement conference," *B.H.*, 856 F. Supp. at 1290, and this is equally inapplicable to a hearing on a motion to enforce a settlement. The same is true of the other cases cited by plaintiffs, which involved "the contents of settlement negotiations," not motions seeking judicial adjudication or enforcement of a settlement agreement. *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 977 (6th Cir. 2003); *U.S. v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 856-57 (2d Cir. 1998). Indeed, in the latter case the Second Circuit noted that, unlike discussions about the draft settlement agreement, a hearing seeking "judicial ratification or rejection" of the settlement "must" be held "in open court." *Id.* at 857.

Reply to Partial Opposition to Motion to Intervene and
Unseal Hearing Transcript and Other Documents    Case No. 5:07-CV-01389-JW
#38541 v1

**B.      Plaintiffs Do Not Address The Procedural Requirements For Closure Or Show They Were Met, And Their Conclusory Basis For Redacting The Transcript Is Insufficient**

Because this was not a settlement conference, but instead was a status conference and a hearing on a dispositive motion, it could not be closed unless the parties and the Court complied with the procedural and substantive requirements mandated by the First Amendment and the Ninth Circuit.  The procedural requirements include notice and a hearing "before exclusion is ordered." *United States v. Brooklier*, 685 F.2d 1162, 1167-68 (9th Cir. 1982); *see Phoenix Newspapers, Inc. v. U.S. Dist. Ct.*, 156 F.3d 940, 949-50 (9th Cir. 1998); *U.S. ex rel.* McCoy, 133 F.R.D. at 147-48; *see also NBC Subsidiary (KNBC-TV) v. Superior Court*, 20 Cal. 4th 1178, 1217-18 (1999).

Plaintiffs do not actually argue that these requirements were satisfied.  Instead, plaintiffs now explain that the decision to close the hearing was made during an "off-the-record" telephonic conference that was apparently held without notice and without giving the public and the press any opportunity to participate, let alone object.  Opp. 6.  Once "the parties agreed" in that telephonic proceeding that "sealing of the courtroom" was "appropriate," plaintiffs contend that the Court was under no obligation to continue the hearing, when the media in attendance objected, to allow the media a reasonable opportunity to be heard.  *Id.* at 6 & n.4.  Plaintiffs are mistaken.

The parties cannot agree to sealing of the courtroom, since it is not their rights alone that are at stake, and certainly may not do so in an unnoticed telephonic hearing "with no possibility of prior notice to members of the public whose first amendment rights are at stake."  *Brooklier*, 685 F.2d at 1168.  The Supreme Court has held that "representatives of the press and general public 'must be given an opportunity to be heard on the question of their exclusion.'"  *Globe Newspaper Co. v. Superior Court*, 457 U.S. 696, 609 n.25 (1982) (quoting *Gannett Co. v. DePasquale*, 443 U.S. 368, 401 (1979) (Powell, J., concurring)).  As the quoted concurrence went on to explain, "[u]pon timely objection to the granting of the motion" to close the courtroom, "it is incumbent upon the trial court to afford those present a reasonable opportunity to be heard."  *Gannett Co.*, 443 U.S. at 401.

Implementing this mandate, the Ninth Circuit requires that "where possible, motions requesting closure be docketed a reasonable time before they are acted upon," so that members of the press and public may have notice and an opportunity to be heard before the hearing is closed.

4

*Brooklier*, 685 F.2d at 1168. Where, as here, no closure motion is filed and "the court has been made aware of the desire of specific members of the public to be present, ***reasonable steps should be taken to afford such persons an opportunity to submit their views to the court <u>before</u> exclusion is accomplished***." *Id.* (emphasis added).[2] It is undisputed that did not happen here.

Nor do Plaintiffs dispute that the Court did not issue the findings required by the Ninth Circuit, which must be sufficiently "specific to show that the three substantive prerequisites to closure have been satisfied." *Id.*; *Phoenix Newspapers*, 156 F.3d at 949 ("the court ordering closure must 'make specific factual findings,' rather than 'base its decision on conclusory assertions alone'") (quoting *Oregonian Pub. Co. v. U.S. Dist. Ct.*, 920 F.2d 1462, 1466 (9th Cir. 1990)); *U.S. ex rel. McCoy*, 133 F.R.D. at 146 (denying motion to close hearing on the fairness of a proposed settlement where the parties made no "particular and specific demonstration of fact" justifying closure).

Consequently, the Court "need not determine whether the closure ... met [the substantive] standard" for sealing the courtroom because "exclud[ing] the public and the press without satisfying the procedural prerequisites to closure" was itself unconstitutional. *Brooklier*, 685 F.2d at 1167; *accord, e.g., Phoenix Newspapers*, 156 F.3d at 949-50 (failure to provide notice and opportunity for public and press to object or offer alternatives were not "sufficient to meet the requirements of the First Amendment"). The only remedy available at this point is to release the transcript (and to require that any future hearings in this case be held in open court unless the procedural and substantive requirements to closure are satisfied). Plaintiffs do not object to unsealing the transcript, subject to "minor redactions." Opp. 7. But they made no showing that would justify any redactions.

Plaintiffs do not contend the transcript would reveal any trade secrets. Instead, they want to redact certain terms of the settlement. *Id.* But they have not even attempted to meet the substantive test for closure – which applies equally to the transcripts of a hearing to which the right of access attaches, *Phoenix Newspapers*, 156 F.3d at 949 – nor shown that keeping those terms confidential

---

[2] While a court should not allow the public and press so much time to respond to a closure motion that it results "in material delay in the underlying proceedings," *Brooklier*, 685 F.2d at 1168, the brief continuance sought by CNET and other media would not have resulted in any material delay. A telephonic hearing could have been convened, and counsel for the media could have submitted short letter briefs to the court citing the relevant authorities, the same day.

5

1  "serves a compelling interest" or that "there is a substantial probability that, in the absence of
2  closure, this compelling interest would be harm." *Id.* at 949-50.

As Judge Posner noted in overturning an order sealing a settlement agreement submitted for judicial approval, it is only "[w]hen there is a compelling interest in secrecy, as in the case of trade secrets, the identities of informers, and the privacy of children," that partial sealing of a settlement agreement or other documents filed with the court – or, by extension, redaction of a transcript pertaining to that agreement– is appropriate. *Jessup*, 277 F.3d at 928. While plaintiffs cite authorities generally for the proposition that confidential business information can be valuable, they cite no cases finding the interest in protecting that value sufficiently compelling to overcome the right of access when that information is submitted for consideration by the court in ruling on a substantive motion. To the contrary, the authority cited by plaintiff is consistent with CNET's contention that confidential business information may be sealed ***if it rises to the level of a trade secret***. *Encyclopedia Brown Prods., Ltd. v. Home Box Office*, 26 F. Supp. 2d 606, 613-14 (S.D.N.Y. 1998) (sealing information that "given ... the extent of the confidentiality and ... the importance of the information to [the party] ... comprises of trade secrets"); *accord, e.g., Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d .1165, 1179-80 (6th Cir. 1983) (parties cannot seal sensitive company information unless it constitutes a "legitimate trade secret").[3]

---

[3] Nor does other authority cited by plaintiffs support their contention that closure is appropriate "to protect ... confidential financial information." Opp. 7. The California case cited by plaintiffs, *Champion v. Superior Court*, 201 Cal. App. 3d 777 (1988), was decided more than 10 years before the California Supreme Court found a constitutional right of access to civil proceedings and records and set stringent requirements for filing documents under seal. *NBC Subsidiary,* 20 Cal. 4th at 1217-18. The sealing permitted in *Champion* would not be allowed under the *NBC Subsidiary* standard, which requires "an overriding interest supporting closure [and] no less restrictive means of achieving the overriding interest." *Id.*. In fact, the court issued the *Champion* decision with "trepidation [because] customs and practices [as to sealing documents furnished by parties] vary greatly and little written guidance exists," and the court acknowledged that "[i]n hindsight, it is apparent that we should have directed our clerks to return the documents for segregation into public and confidential portions or should have denied the requests for failure to meet the burden of showing grounds for sealing the documents." 201 Cal. App. 3d at 787, 789. The citation to *Hirschfeld v. Stone* is inapposite because the "confidential information" at issue in that case was "highly personal" medical and psychological information disclosed by patients to medical professionals – not business data filed in a court proceeding. 193 F.R.D. 175, 185-87 (S.D.N.Y. 2000).

6

Reply to Partial Opposition to Motion to Intervene and
Unseal Hearing Transcript and Other Documents     Case No. 5:07-CV-01389-JW
#38541 v1

## II.

**WHILE A MAGISTRATE JUDGE MAY REVIEW THE REMAINING RECORDS ON AN EXPEDITED BASIS, THE BURDEN IS ON PLAINTIFFS TO MAKE THE SHOWING NECESSARY TO CONTINUE THE SEAL ON OR TO REDACT THOSE RECORDS**

With respect to the rest of the myriad records that are under seal, CNET agrees that, in light of the number of records at issue, the matter should be referred to a magistrate judge to review the documents and determine – at least as an initial matter – whether any should remain under seal and, if so, which and to what extent. But the law is clear that plaintiffs may not be allowed to designate what does or does not "need to [remain] sealed." Opp. 2.

Contrary to plaintiffs' suggestion, "reliance on a 'stipulated ... blanket protective order' does not justify sealing court records." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006) (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992)).[4] Rather, as to "'most judicial records,'" plaintiffs "***must show*** that 'compelling reasons supported by specific factual findings ... outweigh the general history of access and the public policies favoring disclosure.'" *Pintos*, 504 F.3d at 801 (quoting, *Kamakana*, 447 F.3d at 1178) (emphasis added). As to any previously "sealed discovery document [attached] to a nondispositive motion," plaintiff must make a "particularized showing'" of "'good cause' ... to preserv[e] the secrecy." *Kamakana*, 447 F.3d at 1179 (quoting *Foltz*, 331 F.3d at 1135, 1138); *accord, e.g., Pintos*, 504 F.3d at 801.

CNET therefore requests that the Court modify the protective and/or sealing orders to require that the parties submit to the magistrate judge "all materials they wish to keep sealed," along with the showing necessary to "'meet the compelling reasons' standard" as to all documents filed with respect to a dispositive motion or that are not subject to the protective order, and, as to all other

---

[4] If the reverse were true, the parties could trump the public's right of access to judicial records simply by obtaining judicial approval of a stipulated protective order concerning raw discovery. But "'[d]ifferent interests are at stake'" when discovery is filed with the Court as opposed to simply being exchanged between the parties. *Pintos*, 504 F.3d at 801 (quoting *Kamakana*, 447 F.3d at 1180). Thus while discovery sealed pursuant to a protective order based on a particularized showing and finding of good cause may overcome the presumption of access, it does not warrant continued sealing once the sealed documents are filed with the court, even with a non-dispositive motion, unless the magistrate judge determines as to each document that the plaintiffs "made the requisite showing of good cause." *Kamakana*, 447 F.3d at 1180, 1186.

records, the showing necessary to establish good cause. *Kamakana*, 447 F.3d at 1176-77 (quoting magistrate judge's order). "'[T]he burden ... [must] be on the party seeking to keep the information and/or documents confidential.'" *Id.* (quoting same). "Any doubts must be resolved in favor of disclosure." *Grove Fresh Distributors v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994).

Moreover, the proceedings before the magistrate judge should be expedited. "In light of the values which the presumption of access endeavors to promote, a necessary corollary to the presumption is that once found to be appropriate, access should be immediate and contemporaneous." *Id.* (citing, e.g., *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539 (1976)). "The newsworthiness of a particular story is often fleeting. To delay or postpone disclosure undermines the benefit of public scrutiny and may have the same result as complete suppression... 'Each passing day may constitute a separate and cognizable infringement of the First Amendment.'" *Id.* (quoting *Nebraska Press Ass'n v. Stuart*, 423 U.S. 1327, 1329 (Blackmun, Circuit Justice 1975)).

CNET therefore also requests that the parties be directed to file any such motions within the next two weeks, that the motions (but not the sealed documents) be concurrently served on CNET, that CNET be given a week to file objections to the proposed sealing or redactions, and that a hearing and ruling should follow "promptly." *Associated Press*, 705 F.2d at 1147. Any documents now under seal that are not the subject of a timely motion to maintain that seal should be "unsealed immediately." *Id.*[5]

---

[5] "Ordinarily, documents sealed under an unconstitutional order would be released immediately. In this case, however, the orders sealed all documents to be filed on or after December 22. Thus, the parties may have filed documents in reliance on those orders rather than following the normal procedure of requesting the sealing of specific documents on an item-by-item basis. With regard to all documents currently under seal, therefore, the parties will have until 12:00 Noon on May 13, 1983 to make motions to seal any specific documents that they believe should remain sealed... The district court must comply with the procedural as well as the substantive requirements established by *Brooklier*, 685 F.2d at 1168-69, and should rule on these motions promptly. If the district judge decides that any documents should remain sealed, he must make "sufficiently specific" findings on a document-by-document basis to show that the ... substantive prerequisites to closure have been satisfied .... If a document now under seal is not the subject of a timely closure motion, it will be unsealed immediately unless the court sua sponte decides to conduct a *Brooklier* hearing with respect to that document." *Associated Press*, 705 F.2d at 1147 (decision filed May 10, 1993).

8

# CONCLUSION

It is beyond dispute that the public has a strong interest not only in "understanding the judicial process" and how it works in a civil case, *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995), but also in understanding the basis for the Court's decision on a motion to enforce the settlement and thus terminate the case. *Bank of America Nat. Trust*, 800 F.2d at 345; *Jessup*, 277 F.3d at 929-30; *U.S. ex rel. McCoy*, 133 F.R.D. at 147-48. Access to the records related to that motion and hearing should not be delayed while the rest of the records are considered by the magistrate judge because the Court just ruled and the newsworthiness of the transcript and motion may be lost if not promptly released. *Grove Fresh Distributors*, 24 F.3d at 897. As for the rest of the records, no compelling interest or good cause justifies wholesale sealing and plaintiffs' proposal that the parties be allowed to decide which information should remain sealed or be redacted from the documents before unsealing must be rejected. *See, e.g., Kamakana*, 447 F.3d at 1176-77; *Procter & Gamble v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (a "protective order ... [that] allows the parties to control public access to court papers ... should be vacated or substantially changed").

For all the foregoing reasons, the motion of CNET to intervene and to unseal the transcript of the June 23 hearing and all pleadings and documents filed in connection with that hearing should be granted, any parties wishing to maintain the seal on (or to redact before unsealing) any of the other records in this case should be directed to file with the magistrate judge a motion making the showing necessary, and any currently sealed records that are not the subject of such a subsequent motion by the parties should be unsealed as soon as the motion is filed. Any future hearings or records filed in this case should also be subject to the same standards.

Dated: July 1, 2008

                      HOLME ROBERTS & OWEN LLP
                      Roger Myers
                      Rachel Matteo-Boehm
                      Katherine Keating

                      By:     /s/ Roger Myers
                             Roger Myers
                             Attorneys for CNET Networks, Inc.

9

Reply to Partial Opposition to Motion to Intervene and
Unseal Hearing Transcript and Other Documents                 Case No. 5:07-CV-01389-JW
#38541 v1