IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

The Facebook, Inc., et al.,

Plaintiffs,

v.

ConnectU, Inc., et al.,

Defendants.

/

NO. C 07-01389 JW

**ORDER GRANTING NON-PARTY CNET'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF MOVING TO UNSEAL COURT RECORDS; SETTING CONDITIONS WITH RESPECT TO ACCESS TO MATERIALS PREVIOUSLY FILED IN THIS CASE**

## I. INTRODUCTION

The parties to this lawsuit reached a confidential settlement through private mediation. However, a dispute developed in the execution of the settlement. One of the parties filed what was entitled a "Confidential Motion to Enforce Settlement Agreement," and requested that the Court hear portions of that motion in a closed courtroom. At the hearing, members of the press were present and voiced objections to the proceedings being conducted in a closed courtroom. The Court proceeded to close the courtroom but invited the press to make formal motions with respect to their objection.

Presently before the Court is CNET Networks, Inc.'s ("CNET") Motion for Leave to Intervene and to Unseal Hearing Transcript and Other Documents. (hereafter, "Motion," Docket Item No. 467.) The Court conducted a hearing on July 2, 2008. Based on the papers submitted to date and oral arguments of the parties and CNET, the Court GRANTS CNET's motion to intervene

Dockets.Justia.com

and orders that a redacted transcript of the proceedings be filed for public access. The Court also sets conditions with respect to access to other materials previously filed under seal in this case.

## II. BACKGROUND

A full factual background leading to the resolution of this case may be found in the Court's June 25, 2008 Order. (Docket Item No. 461.) The Court briefly reviews facts relevant to this motion.

Plaintiffs in this lawsuit are The Facebook Inc. and Mark Zuckerberg (collectively, "Facebook"). Plaintiffs bring this action against ConnectU, Inc., Pacific Northwest Software, Inc., Winston Williams, and Wayne Chang (collectively, "Defendants") alleging, *inter alia*, misappropriation of trade secrets, unfair competition, and violations of 18 U.S.C. § 1030, *et seq*. In essence, Facebook alleges that ConnectU gained unauthorized access to Facebook's servers and website and took information for its own unlawful use.

The parties are engaged in at least two other lawsuits over these matters; in those cases, ConnectU is the Plaintiff and Facebook is the Defendant.[1] In the course of this lawsuit, the parties engaged in private mediation. On February 22, 2008, as the result of the mediation, the parties signed a written "Term Sheet & Settlement Agreement" (the "Agreement"). In the Agreement, the parties agreed to resolve all of their disputes and to dismiss the pending lawsuits. The parties agreed that they "may execute more formal documents but these terms are binding." The parties also stipulated that the federal court in San Jose, California has jurisdiction to enforce the Agreement. After signing the Agreement, the parties attempted to draft formal documents but failed to reach a consensus on certain terms.

Based on a belief that a court order was necessary to enforce the Agreement, Facebook moved the Court to enforce settlement and filed its motion under seal. (Docket Item No. 329, filed under seal.) On June 23, 2008, the Court conducted a hearing on Facebook's motion to enforce

[1] The other actions are ConnectU, LLC v. Zuckerberg, Appeal No. 07-1796 (1st Cir.) and ConnectU, Inc. v. The Facebook, Inc., Case No. C 07-10593-DPW (D. Mass.).

settlement. On June 18, 2008, prior to the hearing, the Court conducted a telephonic conference with the parties to discuss how it should handle the confidential information contained in the parties' motion papers. (See Docket Item No. 437.) As the parties requested in the telephonic conference, and on the record at the hearing, the Court closed its doors to the public in an effort to have a "frank" discussion regarding Plaintiffs' motion. (Tr. at 6.) Relying on the Court's intention to seal the transcript of the hearing, the parties disclosed confidential information that they otherwise might not have disclosed had the hearing been public. (Id.) In the course of litigation, a number of other documents were also filed under seal.

As recited above, the Court closed the courtroom during the hearing on Facebook's motion to enforce the Agreement. CNET moves the Court to allow it to intervene in the action for the limited purpose of making a motion and moves the Court to unseal certain court records in this case.

## III. DISCUSSION

It is well established that the media have a right to appear in cases of public concern for the purpose of challenging requests or orders to seal records. See, e.g., San Jose Mercury News Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1101 (9th Cir. 1999). The parties do not oppose CNET's intervention.[2] Accordingly, the Court GRANTS CNET's motion to intervene for the limited purpose of moving to unseal court records. The Court proceeds to consider whether certain Court records should be unsealed.

Open access to the courts is an important aspect of the United States legal system. Phoenix Newspapers Inc. v. U.S. Dist. Court. 156 F.3d 940, 946 (9th Cir. 1998). In the spirit of open access, "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial documents and records." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). There is a strong presumption in favor of access unless a particular court record is

---

[2] (Plaintiffs' Partial Opposition to CNET's Motion for Leave to Intervene at 1, Docket Item No. 470.) ConnectU has elected to not file any opposition as invited by the Court's briefing schedule on CNET's motion. (See Docket Item No. 462.)



United States District Court
For the Northern District of California

one traditionally kept secret. Kamakana v. City of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006); Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003).

If a court record is not one that has traditionally been kept secret, one of two standards is used to determine whether the presumption of public access may be overcome. Only a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c) is required to preserve the secrecy of sealed material related to a non-dispositive motion. Kamakana, 447 F.3d at 1180; Foltz, 331 F.3d at 1138. However, to retain any protected status for documents related to a dispositive motion, the proponent of the motion to seal must meet the "compelling reasons" standard. Kamakana, 447 F.3d at 1177; Foltz, 331 F.3d at 1135. Similar to the compelling reasons standard, a decision to close the court and to conduct a hearing under seal requires a showing that a compelling interest would be harmed and that no alternatives to closure would adequately protect that interest. See Phoenix, 156 F.3d at 946. The "good cause" and "compelling reasons" standards should not be conflated; a "good cause" showing will not, without more, satisfy the "compelling reasons" test. Kamakana, 447 F.3d at 1180; Foltz, 331 F.3d at 1135-36.

CNET requests that the Court remove the seal on several types of records in this case. The Court considers each category in turn.

**A. Settlement Terms and Mediation Negotiations**

Courts have traditionally "granted protective orders to protect confidential settlement agreements." Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1212 (9th Cir. 2002) (citing Hasbrouck v. BankAmerica Housing Serv., 187 F.R.D. 453, 455 (N.D.N.Y. 1999); Kalinauskas v. Wong, 151 F.R.D. 363, 365-67 (D. Nev. 1993)). For instance, the ADR Local Rules of the Northern District of California explicitly provide:

> [T]his court, . . . all counsel and parties, and any other persons attending the mediation shall treat as "confidential information" the contents of the written Mediation Statements, anything that happened or was said, any position taken, and any view of the merits of the case formed by any participant in connection with any mediation. "Confidential information" shall not be: (1) disclosed to anyone not involved in the litigation; (2) disclosed

to the assigned judge; or (3) used for any purpose, including impeachment, in any pending or future proceeding in this court.

ADR L.R. 6-11(a). Other circuits have also spoken to the necessity for secrecy in settlement terms and negotiations:

> [T]he presumption of public access to settlement conferences, settlement proposals, and settlement conference statements is very low or nonexistent under either constitutional or common law principles. Weighed against this presumption is the strong public policy which encourages the settlement of cases through a negotiated compromise. . . . In a perfect world, the public would be kept abreast of all developments in the settlement discussions of lawsuits of public interest. In our world, such disclosure would . . . result in no settlement discussions and no settlements.

United States v. Glens Falls Newspapers, Inc., 160 F.3d 853, 855-56 (2nd Cir. 1998). For this reason alone, allowing a confidential settlement to remain privileged "serves a sufficiently important public interest." Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 332 F.3d 976, 980 (6th Cir. 2003).

Aside from the fact that confidentiality fosters settlement, it also may be the case that what is stated for purposes of settlement is puffing or posturing. Glens Falls, 160 F.3d at 858. "Settlement positions are often extreme and should they be made public a litigant would reasonably fear being judged in the court of public opinion based upon what are nothing more than bargaining positions. These concerns would hardly encourage negotiations." Id.

In this case, in formalizing their Agreement, the parties explicitly added a confidentiality clause to protect their interests: "All terms of agreement are confidential . . ." (Agreement ¶ 3.) Since the ADR Local Rules provide for confidentiality of mediation and settlement negotiations, and other circuits have recognized the importance of preventing disclosure of these types of agreements, the Court finds that the terms of the parties' settlement and the related negotiations at their mediation fall within the category of information "traditionally kept secret," and are not subject to public disclosure.[3]

---

[3] This includes the redacted portions of records which have been publically disclosed, such as the redacted "Term Sheet & Settlement Agreement" in the Court's June 25, 2008 Order.



United States District Court
For the Northern District of California

Accordingly, the Court refers CNET's motion to unseal particular records which relate to the parties' settlement terms or negotiations to the assigned Magistrate Judge Maria-Elena James, for a determination consistent with this Order.

**B. Court Records Related to Non-Dispositive Motions**

"Good cause" is the showing a party must make when seeking to prevent disclosure of documents filed with a non-dispositive motion. Pintos v. Pacific Creditors Ass'n., 504 F.3d 792, 801 (9th Cir. 2007) (citing Phillips, 307 F.3d at 1206). This is because courts recognize that non-dispositive motions are often "unrelated, or only tangentially related" to the underlying cause of action, and therefore, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials. Id. at 802 (citing Kamakana, 447 F.3d at 1179). "Applying the 'compelling interest' standard under these circumstances would needlessly 'undermine a district court's power to fashion effective protective orders.'" Id. (citing Foltz, 331 F.3d at 1135).

In this case, all the sealed documents relating to non-dispositive motions were sealed pursuant to a protective order entered by the Court. Under Phillips, a motion by a party to seal a document pursuant to a valid protective order satisfies the "good cause" standard. Phillips, 307 F.3d at 1213 (noting that "when a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public"). The Court finds that sealed documents relating to non-dispositive motions are not subject to public disclosure if "good cause" to have sealed them was, or subsequently is, established.

Accordingly, the Court refers CNET's motion to unseal particular records relating to non-dispositive motions to the assigned Magistrate Judge Maria-Elena James, for a determination consistent with this Order.

**C. Sealed Materials Attached to Dispositive Motions**

To satisfy the "compelling reasons" standard required for keeping documents associated with dispositive motions under seal, a party seeking to maintain the seal must articulate compelling

reasons supported by specific factual findings that outweigh the public policy favoring disclosure. Kamakana, 447 F.3d at 1178-79; San Jose Mercury News, 187 F.3d at 1102-03. Generally, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when the court files might become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statement, or release trade secrets. Kamakana, 447 F.3d at 1179; Nixon, 435 U.S. at 598. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. Kamakana, 447 F.3d at 1179; Foltz, 331 F.3d at 1136. "The judge need not document compelling reasons to unseal; rather, the proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means that the default posture of public access prevails." Kamakana, 447 F.3d at 1182.

In this case, the only dispositive motion that was resolved by the Court was Facebook's confidential motion to enforce the settlement. By their very nature, all documents attached to the parties' papers addressing this motion concerned the terms of the settlement and the negotiations preceding it. Since, as noted above, these records are of the kind "traditionally kept secret," the Court need not reach the issue of whether there are compelling reasons for keeping them from being publically disclosed. To the extent that CNET contends there were other dispositive motions filed with the Court, CNET may make a specific request that documents associated with such motions be unsealed.[4] This will provide parties the opportunity to make a showing of compelling reasons to keep those documents sealed.

Accordingly, the Court refers CNET's motion to unseal particular records relating to dispositive motions to the assigned Magistrate Judge Maria-Elena James, for a determination consistent with this Order.

---

[4] The Court does not regard Facebook's Motion for Partial Summary Judgment as dispositive because the Court never addressed the motion on the merits. Rather, after granting Facebook's confidential motion, the Court found the motion for partial summary judgment moot and ordered the Clerk of Court to terminate it from the Court's docket. (See Docket Item No. 466.)



United States District Court
For the Northern District of California

**D. Hearing Transcript**

While a court has the right to temporarily seal access to court records pending a hearing, the hearing may be closed to the public and the transcript sealed only when: "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." Phoenix, 156 F.3d at 949-50. In other words, the public's right to access a hearing is overcome only by a finding "that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 8 (1986). Ordinarily, transcripts of properly closed proceedings should be released when the danger of prejudice has passed, i.e., when the competing interests precipitating hearing closure are no longer viable. United States v. Brooklier, 685 F.2d 1162, 1172 (9th Cir. 1982); Phoenix, 156 F.3d at 947-48.[5]

In this case, the parties do not object to the transcript of the Court's June 23, 2008 hearing being disclosed to the public as long as the certain statements that were made at the hearing are redacted. These statements specifically relate to the terms of the parties' confidential settlement agreement, the vast majority of which have already been disclosed, and statements made or allegedly made in the mediation between the parties which resulted in the settlement. Since the proposed redacted statements are, once again, the type which are "traditionally kept secret," the parties have a compelling interest in keeping them from being disclosed. This interest would be harmed if the statements were disclosed, because such disclosure would harm the general peace reached by the parties.

Significantly, beyond agreeing that their settlement would be "confidential," the parties expressly carved out a provision where neither side would be permitted to "disparage[] any other parties and no party will comment further publicly related to facts underlying or related to this

---

[5] However, circumstances exist where permanent sealing is justified, such as the sealing of portions of hearings related to grand jury proceedings where those proceedings are sealed by law. Id. (citing United States v. Sierra, 748 F.2d 1518 (11th Cir. 1986)).



United States District Court
For the Northern District of California

dispute." (Agreement ¶ 3.) In light of this provision of the Agreement, the Court finds it appropriate to redact those portions of transcript which would invite public scrutiny regarding the parties' motivation to settle or their characterization of the settlement process beyond what is reflected in the Court's June 25, 2008 Order.

Accordingly, as an alternative narrowly tailored to best serve the interests of the parties and the public, the Court conditionally grants CNET's motion to unseal the transcript of the June 23, 2008 hearing. The transcript of the June 23, 2008 hearing, as redacted by the Court, shall be filed in accordance with General Order No. 59 of the Court.

## IV. CONCLUSION

The Court GRANTS CNET's Motion for Leave to Intervene for the limited purpose of moving to unseal the court records. The Court orders the Court Reporter to file the redacted transcript of the June 23, 2008 hearing in accordance with General Order No. 59 of the Court. Nothing in this Order prohibits the Court Reporter from charging members of the public for copies of the filed redacted transcript.

The Court refers all matters pertaining to access to any other documents or pleadings filed under seal, including the Confidential Motion to Enforce Settlement and responsive papers, to Magistrate Judge Maria-Elena James. Judge James will determine the timing of the hearing of any motion with respect to access to those documents or pleadings.

Dated: July 2, 2008

JAMES WARE
United States District Judge

**United States District Court**
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Chester Wren-Ming Day cday@orrick.com
D. Michael Underhill MUnderhill@BSFLLP.com
David A. Barrett dbarrett@bsfllp.com
Evan A. Parke eparke@bsfllp.com
George Hopkins Guy hopguy@orrick.com
I. Neel Chatterjee nchatterjee@orrick.com
Jonathan M. Shaw jshaw@bsfllp.com
Kalama M. Lui-Kwan klui-kwan@fenwick.com
Monte M.F. Cooper mcooper@orrick.com
Rachel E. Matteo-Boehm rachel.matteo-boehm@hro.com
Scott Richard Mosko scott.mosko@finnegan.com
Sean Alan Lincoln slincoln@Orrick.com
Steven Christopher Holtzman sholtzman@bsfllp.com
Theresa Ann Sutton tsutton@orrick.com
Tyler Alexander Baker Tbaker@fenwick.com
Valerie Margo Wagner valerie.wagner@dechert.com
Yvonne Penas Greer ygreer@orrick.com
Rachel E. Matteo-Boehm, rachel.matteo-boehm@hro.com
Roger Rex Myers, roger.myers@hro.com

**Dated: July 2, 2008** **Richard W. Wieking, Clerk**

**By: /s/ JW Chambers**
**Elizabeth Garcia**
**Courtroom Deputy**

United States District Court
For the Northern District of California