STEVEN C. HOLTZMAN (CA BAR NO. 144177)
sholtzman@bsfllp.com
BOIES SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460

D. MICHAEL UNDERHILL (*pro hac vice*)
munderhill@bsfllp.com
BOIES SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue NW
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

Attorneys for Defendant
CONNECTU, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE FACEBOOK, INC. and MARK ZUCKERBERG,<br><br>             Plaintiffs,<br><br>  v.<br><br>CONNECTU, INC. (formerly known as CONNECTU, LLC), PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, and WAYNE CHANG,<br><br>             Defendants. | Case No. 5:07-CV-01389-JW<br><br>**CONNECTU, INC.'S OBJECTIONS TO THE FACEBOOK, INC. AND MARK ZUCKERBERG'S PROPOSED FORM OF RELEASE** |

CONNECTU'S OBJECTIONS TO
PROPOSED FORM OF RELEASE
5:07-CV-01389-JW

ConnectU, Inc. ("ConnectU") respectfully submits the following objections to the [PROPOSED] FORM OF RELEASE OF CLAIMS BY FACEBOOK, INC. AND MARK ZUCKERBERG ("Facebook's release") (Docket No. 479) submitted in response to the Judgment Enforcing Settlement Agreement entered by the Court on July 2, 2008 ("Judgment") (Docket No. 476). ConnectU submits these objections without waiving any rights to appeal or otherwise to set aside the Judgment and reserving all rights with respect thereto.

1. ConnectU objects to Facebook's failure to release its claims against Pacific Northwest Software, Inc., Winston Williams, and Wayne Chang. This omission is inconsistent with paragraph 1 of the Term Sheet & Settlement Agreement, which provides that the agreement "will settle all disputes between ConnectU and its related parties." Pacific Northwest Software, Inc., Winston Williams, and Wayne Chang are parties to this case and should have been included in Facebook's release. Alternatively, to the extent that Facebook is taking the position that Pacific Northwest Software, Inc., Winston Williams, and Wayne Chang are not entitled to releases under the Term Sheet & Settlement Agreement, the mirror-image language releasing Facebook's related parties (*Messrs.* Moskovitz, McCollum, Hughes, and Severin) in the proposed release submitted by ConnectU should be omitted.

2. ConnectU objects to language releasing unknown claims, including the reference to California Civil Code Section 1542 in paragraph 3 of Facebook's release. The Term Sheet & Settlement Agreement provides in paragraph 2 that the parties "get mutual releases as broad as possible." Because it says nothing about waiving its rights to pursue unknown claims or waiving its rights under California Civil Code § 1542, no such waiver may be implied. *See* Cal. Civ. Code § 1542 ("a general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him would have materially affected his settlement with the debtor"); *Casey v. Proctor*, 59 Cal. 2d 97, 105 (Cal. 1963) ("It therefore appears beyond reasonable doubt that Civil Code section 1542 was intended by its drafters to preclude the application of a release to unknown claims in the absence of a showing, apart from the words of the release of an intent to include such claims").

2

CONNECTU'S OBJECTIONS TO
PROPOSED FORM OF RELEASE
5:07-CV-01389-JW

3. ConnectU objects to Facebook's attempt to make the releases effective upon approval by the Court. *See* Facebook's Release at 1 ("[t]his Release of Claims…shall be effective upon approval of the Court"). ConnectU's proposed release makes clear that the release becomes effective only when there is a final non-appealable order. Docket No. 478. Significantly, Facebook previously agreed to this formulation in its proposed "Mutual Release of Claims" attached as Exhibit 2 to the PROPOSED FORMS OF JUDGMENT submitted to the Court on June 30, 2008:

> This Mutual Release of Claims ("Mutual Release") shall be effective five (5) Court days after the Judgment entered on July ___, 2008, in *Facebook, Inc. and Mark Zuckerberg v. ConnectU, Inc. et al.,* Case No. 5:05-cv-01389-JW, becomes final and non-appealable (the "Effective Date").

Docket No. 469-2 at page 10.

Moreover, there is nothing in the Judgment that provides a basis for Facebook's new proposal that the releases should become effective upon approval. ConnectU intends to appeal the Court's ruling and judgment and should not be subject to the argument that any actions it takes in complying with the Court's order impairs its ability to prosecute its appeal, including the ability to argue that the Term Sheet & Settlement Agreement is void due to fraud in the inducement. ConnectU's proposal does not prejudice Facebook and is consistent with the Court's Order that the executed release documents be held by the Special Master subject to further order of the Court.

4. ConnectU objects that Facebook's release does not define the term "Lawsuits," which is a term used in Facebook's release document. ConnectU's proposed release contains a definition of "Lawsuit" encompassing this case and the District of Massachusetts lawsuits consistent with the Term Sheet & Settlement Agreement, which should be embodied in the releases that are ultimately approved by the Court.

Date: July 11, 2008

Respectfully submitted,

BOIES, SCHILLER & FLEXNER LLP


/s/ *Steven C. Holtzman*

Steven C. Holtzman

Attorneys for Defendant ConnectU, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 11, 2008.

Dated: July 11, 2008

                        /s/ *Steven C. Holtzman*

                          Steven C. Holtzman