1  John J. Dacey, Esq. (State Bar No. 53369)
   James M. Sitkin, Esq. (State Bar No. 107650)
2  DACEY & SITKIN
   88 Kearny Street, 10th floor
3  San Francisco, CA 94108
   Telephone: (415) 781-1444
4
   Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN L. GUTTMAN, CHARLES R. TILLEY, and JAMES READ, | CASE NO. C 03 1394 SI |
| | **CLASS ACTION** |
| Plaintiffs, | |
| | DECLARATION OF JOHN J. DACEY IN SUPPORT OF JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT |
| vs. | |
| GROUP VOYAGERS, INC., a corporation, TOURAMA, LTD., a corporation, and PAOLO MANTEGAZZA, | DATE: 9/17/04<br>TIME: 3:00 p.m.<br>PLACE: Courtroom 10<br>(Hon. Susan Illston)<br>TRIAL DATE: none |
| Defendants. | |
| | **JURY TRIAL DEMANDED** |

///
///
///

-1-

DACEY DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT-- case #C 03 1394 SI

I, John J. Dacey, declare:

1. I am an attorney at law duly admitted to practice before the above-entitled Court. I am a partner in Dacey & Sitkin, attorneys of record herein for Plaintiffs and the classes that they represent. I submit this declaration in support of the parties' joint motion for final approval of the settlement.

2. This action is a follow on action to <u>Scherrer, et al. v. Group Voyagers, Inc., et al.</u>, U.S. District Court, Northern District of California, case no. C 99-4834 SI ("Scherrer Action") pending before this Court insofar as overtime claims are concerned. (This action does not include ERISA claims.) The settlement of that action has received final approval and this Court's judicial notice of the parties' filings in connection therewith is requested. This action arose from my firm's being approached concerning recovery of overtime by Tour Directors who were not class members in the Scherrer Action at the time of the Scherrer Action's initial settlement, the one that ultimately unraveled and preceded the final settlement. Plaintiffs in this action therefore had the benefit of extensive investigation and discovery summarized below. While this action involves only a FLSA Class and individual California overtime claims and a later start of the claim recovery period in light of its later filing, it otherwise substantially tracks the final settlement of the Scherrer Action, including using the same 12.6 hours credit of hours worked per day and the same methodology set forth in the April 15, 2003 Neches damage report. The terminal date for class recovery is identical to that in the Scherrer Action, i.e. through June 2003. This settlement, like that of the Scherrer Action, also provides for an ADR procedure to resolve any disputes over individual claims.

3. The Scherrer Action settlement was reached after extensive documentary discovery interrogatories and requests for admissions, the deposition of the GVI "person mos

-2-

knowledgeable" through the depositions of three principal officers of GVI, and the depositions of 26 tour directors (the two named plaintiffs, and 24 other tour directors, 12 picked by plaintiffs and 12 picked by defendants). In the Scherrer Action, each side engaged expert witnesses to evaluate the named plaintiffs' alleged damages, and they filed reports with the Court during the pre-trial process. Further, defendants engaged in the Scherrer Action an expert accountant to evaluate the alleged damages of the entire FLSA and California classes; plaintiffs' counsel and plaintiffs' expert reviewed and approved this work product (i.e. the formula for calculating overtime), and as part of the Stipulation of Settlement the parties submitted a calculation of settlement amounts that they have agreed is based upon correct methodology within the assumptions of the settlement terms.

This settlement also comes after extensive legal research and briefing by each side in the Scherrer Action, including the parties' motions and cross-motions for summary judgment and partial summary judgment, all of which were denied by the Court based on the existence of triable issues of fact. It also should be noted that, to the best of Plaintiffs' knowledge, there are no reported U.S. court cases that rule on the merits of the applicability of the administrative or professional exemptions within the exact fact pattern of tour directors within the tour industry. (One reported case dealt with the applicability of the foreign soil exemption for work outside the U.S., but its holding did not address the exemptions.) Therefore, after thorough discovery and legal briefing, and a number of motion rulings by the Court in the Scherrer Action, the potential outcome of this case remained in doubt at the time of the final settlement of the Scherrer Action.

4. As with the settlement of the Scherrer Action, the proposed settlement provides broad and substantial monetary relief to the members of the FLSA Class and the individual California claimants, not coupons or promises of future actions or discounts. There is no special

consideration to the Representative Plaintiffs. Any awards of attorneys' fees and costs to plaintiffs' counsel shall be payable by GVI in addition to the settlement amounts outlined above. There is no agreement as to what the amount of any award of attorneys' fees shall be nor is there any agreement that Defendants will not contest an award of attorneys' fees in any amount.

5. The negotiated terms are fair, reasonable and adequate under the circumstances as to the FLSA Class and the individual California claimants as a compromise of the following disputed issues, bearing in mind that the Court in the Scherrer Action had denied all parties' motions and cross-motions for summary judgment and partial summary judgment on the overtime claims. The principal disputed issues[1] apparent from the Scherrer Action, on which both sides had litigation risk and uncertain outcomes, included the following:

- Whether plaintiffs performed job functions where their primary duties fell within the administrative exemption and/or artistic or creative professional exemption of federal and California law.

- Whether GVI paid plaintiffs in accordance with the salary basis requirements for exempt employee status under federal and California law.

- If Plaintiffs and class members were non-exempt employees, whether plaintiffs in fact worked overtime.

- If Plaintiffs and class members were non-exempt employees entitled to overtime, how much overtime each plaintiff worked, including whether plaintiffs should be

---

[1] The listing of an issue does not necessarily mean that all parties agree to the issue or its phrasing, but simply that at least one side had raised the issue as a claim or defense, or that it constitutes an issue relevant to collection of any potential judgment plaintiffs might seek to obtain.

-4-

entitled to compensation and overtime for work performed on days other than tour days.

- If Plaintiffs and class members were non-exempt employees, whether plaintiffs were "on duty" 24 hours per day, seven days per week as plaintiffs contended, or whether they were "on call" and not entitled to 24/7 compensation, as GVI contended. This issue included the questions of (a) whether there was an express or implied agreement that plaintiffs would not be paid while they were sleeping, and (b) if so, whether Plaintiffs and class members in fact customarily were able to obtain at least five hours of sleep while on tour.

- If Plaintiffs and class members were non-exempt employees entitled to overtime, (a) whether plaintiffs should be entitled to pre-judgment interest, and (b) whether GVI's non-payment of overtime was willful so as to entitle plaintiffs to liquidated damages under the FLSA.

- If some or all of Plaintiffs and class members were entitled to recover, the calculation of their individual alleged damages for overtime claims.

- If some or all of Plaintiffs and class members were entitled to recover, whether their alleged damages could be recovered from GVI and the time and risk associated with such collection.

- If some or all of Plaintiffs and class members were entitled to recover, and if their alleged damages could not fully be recovered from GVI, whether plaintiffs could recover from Bahamas based Defendant Tourama Ltd. and establish alter ego and/or joint employer and/or single enterprise liability against said Defendant.

-5-

- If some or all of Plaintiffs and class members were entitled to recover, and if plaintiffs did establish liability against Tourama Ltd., the time and risk associated with attempting to collect such a judgment against a foreign person entity.

Against the background of the issues outlined above, which were all subject to litigation risk, collection risk and time delay, the settlement is fair, reasonable and adequate as to the class. The settlement as finally agreed gives Plaintiffs and class members some, but not all, recovery sought. However, the settlement should not be viewed as plaintiffs winning some issues and losing others, nor as defendants agreeing with plaintiffs on some issues but not on others. Rather, the settlement is the result of lengthy negotiations, including those in the Scherrer Action, which involved the parties blending their different views of the strengths and weaknesses of their respective positions on all the different issues outlined above, in order to arrive at a compromise result which is (a) without admission of any fact, claim, defense or liability; (b) economically satisfactory to each side as a risk management decision, and (c) capable of prompt, accurate and reasonably economical settlement administration. Therefore, the parties respectfully request that the Court finally approve the parties' Stipulation of Settlement.

6. The settlement negotiations also followed in excess of five days of mediation in the Scherrer Action before two J.A.M.S. mediators (Honorable Edward Stern, retired, and Martin Quinn, Esq.) and ENE evaluator Morton H. Orenstein, Esq.

7. I believe that the claims asserted in this action have merit and that the evidence developed to date supports the claims. However, I recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the litigation against Defendants through trial and through appeals. I also have taken into account the uncertain outcome and the risk of any litigation, especially in multi-party actions such as this litigation, as well as the difficulties and delays inherent in such litigation, including the uncertainty of collection. I am

-6-

also mindful of the inherent problems of proof in establishing the claims asserted in the Litigation. I therefore believe that the proposed settlement is in the best interests of the Plaintiffs and the classes whom they represent. In my opinion, the proposed settlement, as previously filed with the Court, is fair and reasonable to the putative class.

8. The subject settlement provides that written objections are to be served on counsel, in addition to being submitted to the Court. To date, no such objections have been received and I am informed from Gilardi & Co., the settlement class notice administrator that it, too, has received no objections.

I declare under penalty of perjury under the laws of the United States of America that the above and foregoing is true and correct and that this declaration was executed in San Francisco, California, on August 13, 2004.

_____
John J. Dacey

DACEY DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT– case #C 03 1394 SI