|  |  |
|---|---|
| IN THE UNITED STATES DISTRICT COURT | |
| FOR THE NORTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| SHARPER IMAGE CORPORATION, a Delaware corporation, and ZENION INDUSTRIES, INC., a California corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>HONEYWELL INTERNATIONAL, INC., a Delaware corporation, and KAZ, INC., a New York corporation,<br><br>    Defendants.<br>_____/ | No. C 02-4860 CW<br><br>ORDER GRANTING IN PART DEFENDANT HONEYWELL INTERNATIONAL, INC.'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION |

On April 1, 2004, the Court denied Defendants Honeywell International, Inc. and Kaz, Inc.'s request for permission to file a summary judgment motion before the date set by the Court. Honeywell now moves for leave to file a motion for reconsideration of that Order (Docket No. 201). Having considered the papers filed by Honeywell, the Court DENIES Honeywell's motion with respect to Honeywell's request that it be allowed to move for summary judgment that "the original Environizer product does not infringe the '801, '977, and '417 patents as a matter of law" and that "Honeywell has not infringed any protectable trade dress of Sharper Image." However, the Court GRANTS Honeywell's motion with respect to the three remaining bases upon which Honeywell seeks to move for summary judgment, namely that "Honeywell, which sold the

Consumer Products Group in June 2002, cannot have any liability for claims against the Environizer product sold by Kaz starting in September 2002"; "that Honeywell, which sold the Consumer Products Group in June 2002, cannot have any liability for claims against the Environizer Ultra, sold by Kaz starting in September 2003"; and "that Honeywell, which sold the Consumer Products Group in June 2002, cannot have any liability for infringement of the newly-asserted Sharper Image patents that issued in 2004." The Court will treat Honeywell's motion for leave to file a motion for reconsideration as the motion for reconsideration. Sharper Image may file an opposition of no more than ten pages within ten days of the date of this Order. Honeywell may then file a reply of no more than five pages within five days of the date of the filing of the opposition.

IT IS SO ORDERED.

Dated: 8/18/04  /s/ CLAUDIA WILKEN

CLAUDIA WILKEN
United States District Judge

2