Scott D. Baker (State Bar No. 084923)
Morgan W. Tovey (State Bar No. 136242)
Kerry Hopkins (State Bar No. 219406)
Elizabeth A. Tedesco (State Bar No. 221162)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone: 415.543.8700
Facsimile: 415.391.8269

Attorneys for Defendant and Counterclaimant
Motorola, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASAT HOLDINGS, LTD., and ASAT, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>MOTOROLA, INC.,<br><br>Defendant.<br><br>MOTOROLA, INC.,<br><br>Counterclaimant,<br><br>vs.<br><br>ASAT HOLDINGS, LTD., ASAT, INC., QPL INTERNATIONAL HOLDINGS, LTD., and ASAT LIMITED,<br><br>Counterdefendants. | No. C03 01514 RS ARB<br><br>**DECLARATION OF KERRY HOPKINS IN SUPPORT OF MOTOROLA, INC.'S MOTION TO COMPEL DEPOSITIONS AND PRODUCTION OF DOCUMENTS AND THINGS**<br><br>Date: September 22, 2004<br>Time: 9:30 a.m.<br>Place: Courtroom 4, 5th Floor<br>Compl. Filed:<br>Trial Date:<br><br>Honorable Richard Seeborg |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

No. C03 01514 RS ARB                                                                                         DOCSSFO-12374889.2-KHOPKINS

Declaration Of Kerry Hopkins In Support Of Motorola, Inc.'s Motion To Compel Depositions And Production Of Documents And Things

I, Kerry Hopkins, declare,

1. I am an attorney with the law firm of Reed Smith LLP, attorneys of record in this action for defendant and counterclaimant Motorola, Inc. ("Motorola"). I make this Declaration in support of Motorola's Motion to Compel Depositions and Production of Documents and Things. I have personal knowledge of the matters set forth herein, and if called as a witness, I could and would competently testify to them.

2. Attached hereto as Exhibit A is a document containing the full text of the discovery in dispute pursuant to Local Rule 37-2.

3. Upon information and belief, on May 27, 2004, Elizabeth Tedesco of Reed Smith LLP sent a letter to John Giffin, counsel for QPL International Holdings, Ltd. ("QPL), requesting that the parties begin discussions to schedule depositions. Upon information and belief, on June 22, 2004, Morgan Tovey of Reed Smith sent a follow up letter to Mr. Giffin asking that he provide convenient dates on which Motorola could schedule the depositions of Joseph Martin and Tung Lok Li, two executives with QPL, and offering to confer on the matter by telephone. Mr. Giffin did not respond to that letter.

4. On July 2, 2004, I participated in a telephone conference with Mr. Tovey and Mr. Giffin in which we discussed, among other things, scheduling the depositions of Mr. Martin and Mr. Li. Mr. Giffin agreed to look into this matter and scheduled a follow up conference call with me for July 9, 2004. I sent an email on July 2, 2004 confirming this agreement.

5. On July 9, 2004, Mr. Giffin and I conferred by telephone on several matters, including Motorola's intent to notice the depositions of Mr. Martin and Mr. Li. Mr. Giffin provided me with his own availability in August for such depositions, but was unable to

No. C03 01514 RS ARB - 1 - DOCSSFO-12374889.2-KHOPKINS

Declaration Of Kerry Hopkins In Support Of Motorola, Inc.'s Motion To Compel Depositions And Production Of Documents And Things

provide me with the availability of Mr. Martin or Mr. Li. In fact, Mr. Giffin stated that he was not sure Mr. Martin, the present CEO of QPL, worked for QPL. Mr. Giffin was also not familiar with Mr. Li, the chairman of QPL and the representative who signed the Immunity Agreement on behalf of QPL.

6. On July 9, 2004, Mr. Giffin and I agreed that Motorola would notice the depositions of Mr. Martin and Mr. Li for dates of its choice. However, we further agreed that Motorola would be willing to reschedule those depositions for dates that were mutually convenient to counsel and the witnesses. Mr. Giffin agreed to get back to me or Mr. Tovey with further scheduling information.

7. On July 20, 2004, I served notices of deposition for Mr. Martin and Mr. Li, to take palace on August 31, 2004 and September 1, 2004, respectively in my firm's San Francisco offices. I also sent Mr. Giffin a cover letter confirming that Motorola was still willing to reschedule these dates if needed by QPL. Mr. Giffin did not respond to my letter or the deposition notices. Attached hereto as Exhibit B are true and correct copies of the notices of deposition of Mr. Martin and Mr. Li and the cover letters sent therewith.

8. On August 3, 2004, I left a voicemail message for Jody Willson, an associate working with Mr. Giffin on this matter. I asked Ms. Willson to confirm that QPL would be producing Mr. Martin and Mr. Li in response to Motorola's deposition notices, or, alternatively, I asked that QPL provide us with more convenient dates for those depositions. Ms. Willson responded via email and stated that she would pass my message on to Mr. Giffin. Neither Ms. Willson nor Mr. Giffin ever contacted me again on this issue.

9. On information and belief, on August 9, 2004, Terence Hawley of Reed Smith left a voice mail message for Mr. Giffin, reminding him of the deposition notices and asking him to confirm the dates by the close of business on August 10, 2004. On August 11,

Declaration Of Kerry Hopkins In Support Of Motorola, Inc.'s Motion To Compel Depositions And Production Of Documents And Things

2004, Mr. Hawley sent Mr. Giffin a facsimile stating that because QPL had not confirmed the depositions, Motorola intended to seek the Court's intervention. Mr. Hawley left Mr. Giffin a voice mail on August 16, 2004 informing him of the September 22, 2004 hearing date on this Motion. Mr. Giffin did not respond to any of these communications until August 17, 2004.

10. On information and belief, in a telephone conversation between Mr. Hawley and Mr. Giffin on August 17, 2004, Mr. Giffin was still unable to provide dates certain for the depositions of Mr. Martin and Mr. Li. Mr. Giffin again stated that QPL did intend to make these witnesses available to Motorola for deposition, but would not commit to specific dates for those depositions.

11. On January 14, 2004, Motorola served notices of deposition of ASAT Holdings, Ltd. and ASAT Inc. (collectively, "ASAT"). On January 28, 2004, Theresa Norton, counsel for ASAT, sent a letter to Mr. Tovey objecting to those notices on a number of grounds, including on the basis that Motorola had not properly met and conferred on the deposition and that it was premature for Motorola to depose the ASAT corporate witnesses before the Court ruled on ASAT's second motion to dismiss.

12. During January and February 2004, I met and conferred with Ms. Norton on several occasions, by telephone and in writing, to schedule mutually convenient dates for these depositions. However, even after the Court denied ASAT's second motion to dismiss on February 11, 2004, I was unable to confirm deposition dates with ASAT. After suggesting and retracting several other prospective deposition dates, on February 23, 2004, Ms. Norton wrote me a letter stating that ASAT would make its witnesses available for deposition on April 1 or April 2, 2004. However, Ms. Norton expressly conditioned that offer on (1) Motorola completing its document production "well before the planned date for deposition" and (2) the parties resolving the remainder of ASAT's many objections.

No. C03 01514 RS ARB - 3 - DOCSSFO-12374889.2-KHOPKINS

Declaration Of Kerry Hopkins In Support Of Motorola, Inc.'s Motion To Compel Depositions And Production Of Documents And Things

13. On March 15, 2004, Ms. Norton sent a letter to Ms. Tedesco stating that in light of Motorola's intent to seek leave from the Court to add ASAT Limited as a party, there was "no basis" for Motorola to take any depositions at that time.

14. After the Court granted Motorola's motion to amend and add ASAT Limited as a party, Motorola again attempted to meet and confer with ASAT to schedule the corporate depositions. Motorola conferred with ASAT in writing and by telephone no less than ten times in July and August 2004. However, ASAT refused to schedule deposition dates and stated that it would produce its witnesses for deposition only if and until the Court denied its motion to dismiss.

15. On July 20, 2004, Motorola served new 30(b)(6) deposition notices on ASAT, Inc. and ASAT Holdings, Ltd. Attached hereto as Exhibit C are true and correct copies of the notices of deposition of ASAT Holdings, Ltd. and ASAT, Inc. served on July 20, 2004 and the cover letter that was sent therewith. In response to these notices and the numerous meet and confer letters and phone calls, ASAT conditionally agreed to make its witnesses available on September 8 and September 9, 2004. However, ASAT qualified that offer by stating if the Court had not ruled on its pending motion to dismiss by August 30, 2004, it would not produce these witnesses. Despite numerous attempts by Motorola to confer on this matter, ASAT refused to set an unconditional date for these depositions.

16. On September 24, 2003, Motorola served its first set of requests for production on ASAT. Attached hereto as Exhibit D is a true and correct copy of Motorola's First Set of Requests for Production of Documents and Things. Included were requests that ASAT produce documents sufficient to identify all sales of the disputed BGA packages, including those products known as Glob Top, FpBGA, FxBGA, PBGA and INT-HS BGA packages. Motorola also requested representative samples of each of these same disputed products.

No. C03 01514 RS ARB — - 4 - — DOCSSFO-12374889.2-KHOPKINS

Declaration Of Kerry Hopkins In Support Of Motorola, Inc.'s Motion To Compel Depositions And Production Of Documents And Things

17. On November 10, 2003, ASAT served written responses and agreed to produce documents sufficient to "show sales" of its BGA and FPBGA products from October 31, 1999 through April 8, 2003. ASAT also agreed to produce documents "sufficient to show total sales" of certain other BGA packages for the same time period. Finally, ASAT agreed to produce representative samples of each of the requested products. Attached hereto as Exhibit E is a true and correct copy of ASAT's Responses to Motorola's First Set of Requests for Production of Documents and Things.

18. ASAT delayed any substantive production of documents for months, until February 2004. The documents that they finally produced included thousands of pages of documents related to Motorola's purchase of BGA packages from ASAT dating back to the early 1990s, most of which were cumulative and largely irrelevant.

19. ASAT's document production contained only a small number of documents related to BGA sales to non-parties. These included documents, apparently generated from a sales database, that summarize the month, year and product type (among other things) of the BGA sales on which ASAT had paid Motorola royalties. However, ASAT did not produce documents reflecting its sales of the BGA packages whose royalty-bearing status is in dispute in this action.

20. I engaged in a series of written and telephonic meet and confer attempts with Ms. Norton on this matter. On June 29, 2004, Ms. Norton sent a letter to me in which she agreed that ASAT would produce documents sufficient to show sales of the BGA products in dispute, broken down by individual BGA type, "in summary form utilizing the information in plaintiffs electronic data system." However, throughout our meet and confer sessions, Ms. Norton stated that ASAT was under no obligation to produce information on sales that occurred before October 1999, when ASAT Holdings, Ltd. was formed and ASAT Inc. and ASAT Limited were spun-off from QPL. According to Ms. Norton, ASAT would only consider searching for

No. C03 01514 RS ARB - 5 - DOCSSFO-12374889.2-KHOPKINS

Declaration Of Kerry Hopkins In Support Of Motorola, Inc.'s Motion To Compel Depositions And Production Of Documents And Things

and producing such documents if Motorola was unsuccessful in obtaining that information from QPL.

21. Although the June 29, 2004 letter stated that the BGA sales summaries would be produced "shortly," ASAT did not produce the promised summaries. On July 1, 2003, I participated in a conference call with David Kramer (ASAT's counsel), Ms. Norton, Mr. Tovey and Ms. Tedesco. In that call, Mr. Kramer stated that ASAT would not be producing sales in summary form, but would, instead, produce 35,000 pages of documents evidencing post-October 1999 sales.

22. We continued our attempts to meet and confer with ASAT on this matter during July and August, 2004. ASAT produced no further documents and ignored our inquiries until August 10, 2003. The week of August 10, 2003, ASAT agreed to produce the promised sales summaries for the post-October 1999 period by August 16, 2004. Unfortunately, these summaries were not produced. ASAT also continues to refuse to produce similar summaries for sales that occurred pre-October 1999 and state that they are "not aware" that any such summaries exist. With respect to pre-October 1999 paper invoices, ASAT agreed to produce invoices for the period January 1998 to October 1999, but only if Motorola agreed to forego its right to seek pre-1998 documents. Mr. Hawley advised ASAT that if it would not agree to produce the pre-October 1999 documents and summaries, Motorola would seek the Court's intervention.

23. By May 2004, although they had agreed to do so in November 2003, ASAT had not produced a single representative sample of the disputed BGA product. I wrote a letter to Ms. Norton dated May 7, 2004 and brought this deficiency to her attention. In a letter dated May 21, 2004, Ms. Norton stated that she believed ASAT had already sent such the samples to Motorola, but that she would review their records and send the items shortly, if they had not done so already.

No. C03 01514 RS ARB - 6 - DOCSSFO-12374889.2-KHOPKINS

Declaration Of Kerry Hopkins In Support Of Motorola, Inc.'s Motion To Compel Depositions And Production Of Documents And Things

24. On June 14, 2004, when we still had not received the samples, I sent another letter again requesting the specimens or, at least, a date certain on which we would receive them. On June 29, 2004, Ms. Norton wrote a letter withdrawing ASAT's agreement to "shortly" supply Motorola with samples and stating instead that because her office presently had only one set of the specimens, Motorola could arrange to come to their offices to inspect them.

25. In further attempts to meet and confer, we explained the need for Motorola to have its own samples to prepare its claims in this action, and the ASAT plaintiffs' counsel agreed to obtain duplicate samples from their clients and produce them to Motorola. However, despite several requests for a date certain for production of all relevant samples, the ASAT plaintiffs refused to provide us with a date.

26. On August 16, 2004, ASAT produced what appeared to be a subset of several samples of various BGA product. ASAT did not identify the categories or model types of the products that it produced. Although Mr. Kramer stated that ASAT intended to produce further samples – specifically, he stated that ASAT would, at some point, produce duplicates of each of the product samples that it had provided to its own counsel – ASAT continued to ignore our requests to provide a date certain on which they would produce the remaining samples.

27. On information and belief, BGA packages are staple articles in the semiconductor industry, and the ASAT plaintiffs manufacture these items in huge quantity. I have reviewed price lists provided by ASAT, which identify ASAT's list retail price for most units as well under $10 each, and often under $1.

28. On information and belief, on Monday August 16, 2004, Mr. Hawley informed Mr. Giffin and Mr. Kramer that Motorola intended to file a motion to compel and planned to notice a hearing date of September 22, 2004. Mr. Giffin raised no objections. Mr. Kramer indicated that he personally had another hearing scheduled for that date. To

Declaration Of Kerry Hopkins In Support Of Motorola, Inc.'s Motion To Compel Depositions And Production Of Documents And Things

| | |
|---|---|
| 1 | accommodate Mr. Kramer's personal schedule, we checked the Court's calendar and learned that |
| 2 | Judge Seeborg would be unable to hear Motorola's motion on September 29, 2004. Due to the |
| 3 | pending discovery cut-off on October 4, 2004, and the already extended delay in ASAT and |
| 4 | QPL's compliance with their discovery obligations, Motorola elected to proceed by noticing the |
| 5 | hearing on this motion for September 22, 2004. |

I declare under penalty of perjury of the laws of the United States that the following is true and correct.

DATED: August 18, 2004.

By: /s/ Kerry Hopkins
KERRY HOPKINS

No. C03 01514 RS ARB - 8 - DOCSSFO-12374889.2-KHOPKINS

Declaration Of Kerry Hopkins In Support Of Motorola, Inc.'s Motion To Compel Depositions And Production Of Documents And Things