**EXHIBIT B**

# ReedSmith

**Morgan W. Tovey**
Direct Phone: 415.659.5928
Email: mtovey@reedsmith.com

Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111
415.543.8700
Fax 415.391.8269

July 20, 2004

VIA FACSIMILE AND U.S. MAIL

John D. Giffin
Keesal, Young & Logan
Four Embarcadero Center, Suite 1500
San Francisco, CA 94111

Re: ASAT v. Motorola
File No. 353281.01090

Dear John:

In follow up to our conversation on July 9, 2004, we have enclosed notices for the depositions of Tung Lok Li and Joseph Martin. As we discussed, we are open to coordinating with you if there are more convenient dates for you and your client. If so, please contact me as soon as possible to discuss.

Very truly yours,

*Morgan Tovey (KH)*

Morgan W. Tovey

LONDON ♦ NEW YORK ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ WASHINGTON, D.C. ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND ♦ PRINCETON
FALLS CHURCH ♦ WILMINGTON ♦ NEWARK ♦ MIDLANDS, U.K. ♦ CENTURY CITY ♦ RICHMOND ♦ HARRISBURG ♦ LEESBURG ♦ WESTLAKE VILLAGE

reedsmith.com

Scott D. Baker (State Bar. No. 084923)
Morgan W. Tovey (State Bar No. 136242)
Kerry Hopkins (State Bar No. 219406)
Elizabeth A. Tedesco (State Bar No. 221162)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111
**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936
Telephone:    415.543.8700
Facsimile:    415.391.8269

Attorneys for Defendant and Counterclaimant
MOTOROLA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASAT HOLDINGS, LTD., and ASAT, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> MOTOROLA, INC., <br><br> Defendant. | No. C 03 01514 RS <br><br> **NOTICE OF DEPOSITION OF JOSEPH MARTIN** |
| MOTOROLA, INC., <br><br> Counterclaimant, <br><br> vs. <br><br> ASAT HOLDINGS, LTD., ASAT, INC., and QPL INTERNATIONAL HOLDINGS, LTD. and ASAT LIMITED, <br><br> Counterdefendants. | |

No. C 03 01514 RS

DOCSSFO-12370078.1-KHOPKINS

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 32 of the Federal Rules of Civil Procedure, Defendant and Counterclaimaint Motorola, Inc. ("Motorola") will take the deposition of Joseph Martin at the offices of Reed Smith LLP, Two Embarcadero Center, 20th Floor, San Francisco, California 94111, on August 31, 2004, commencing at 9:00 a.m. The deposition shall be taken under oath and recorded stenographically (including by instant visual display) and/or by videotape, and shall continue from day to day, excluding Sundays and holidays, until completed and adjourned.

Pursuant to Rules 30 and 34 of the Federal Rules of Civil Procedure, Mr. Martin is required to produce at his deposition the documents and things described on Exhibit A attached hereto.

DATED: July 20, 2004.

REED SMITH LLP

By _Kerry Hopkins_
Kerry Hopkins
Attorneys for Defendant
Motorola, Inc.

# EXHIBIT A

## DEFINITIONS

The following terms have the meanings indicated below:

1.    The term **"MOTOROLA"** refers to Defendant and Counterclaimant Motorola, Inc., and includes all subsidiaries, predecessors or successors-in-interest, officers, directors, employees, agents, contractors, and other persons controlled by or acting on behalf of Motorola, Inc.

2.    The terms **"QPL"** refers to Counterdefendant QPL International Holdings, Ltd., and includes all subsidiaries, divisions, predecessors or successors-in-interest, affiliates, parents, officers, directors, employees, agents, contractors, and other persons controlled by or acting on behalf of QPL.

3.    The term **"ASAT ENTITIES"** refers collectively to Plaintiffs and Counterdefendants ASAT Holdings, Ltd. and ASAT, Inc. and Counterdefendant ASAT Limited, and includes all subsidiaries, divisions, predecessors or successors-in-interest, affiliates, parents, officers, directors, employees, agents, contractors, and other persons controlled by or acting on behalf of the **ASAT ENTITIES**.

4.    The term **"PERSON"** refers to natural persons, corporations, firms, proprietorships, partnerships, trusts, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

REED SMITH CROSBY HEAFEY LLP

A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

5. **"IMMUNITY AGREEMENT,"** as used herein, refers to the October 1, 1993 Immunity Agreement executed by **MOTOROLA** and **QPL**.

6. **"BGA,"** as used herein, refers to ball grid arrays or ball grid array packages, including **FPBGA**, PBGA, Glob Top, FxPBGA and INT-HS_BGA packages.

7. **"FPBGA"** refers specifically to fine pitch ball grid arrays or fine pitch ball grid array packages.

8. **"SUBSCRIPTION AGREEMENT"** as used herein, refers to the agreement dated October 29, 1999 among, including others, Chase Asia Investment Partners II (Y), LLC, QPL International Holdings, Ltd., ASAT Limited and ASAT Holdings, Ltd.

9. The use of the singular shall be deemed to include the plural, and use of one gender shall include all others as appropriate in the context.

10. The terms "and" and "or" mean either the conjunctive or the disjunctive as context may require so that the meaning is inclusive rather than exclusive.

11. The term "including" means including but not limited to.

12. The term "each" means each and every.

13. The term "any" means any and all.

14. The terms "relate to" and/or "relating to" request all documents and tangible things which in any way explicitly or implicitly refer to, or could be reasonably construed to refer to, the subject matter of the request, including, but not limited to, all documents and tangible things,

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware ("Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities

which reflect, record, memorialize, discuss, consider, review or report on the subject matter of the request.

15.    The term "**COMMUNICATION**" is used in the broadest possible sense, and means any transmission or exchange of information from one person or entity to another, by any means.

16.    The term "**DOCUMENT**" is used in the broadest possible sense, and means, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced **COMMUNICATION** or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or other **COMMUNICATIONS** of any type, including interoffice and intra office **COMMUNICATIONS** of any type, questionnaires and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts or revisions of any kind of the foregoing, and other writings or **DOCUMENTS** of whatever description or kind, whether produced or authored by **QPL** or by anyone else, including non-identical copies of any of the foregoing, now in **QPL's** possession, custody, or control.

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

# INSTRUCTIONS

1.    If any portion of a document or tangible thing is responsive to a request, the entire document or tangible thing shall be produced, redacting only privileged material, if any.

2.    You are to produce the original and each non-identical copy of each document or tangible thing requested herein which is in your possession, custody or control.

3.    Documents produced pursuant to these requests shall be produced in the original files and shall not be shuffled or otherwise rearranged. Documents which were stapled, clipped or otherwise fastened together shall be produced in that form.

4.    Tangible things produced pursuant to these requests shall be produced in their present form and shall not be changed or modified in any way.

5.    These requests are of a continuing nature, and any additional responsive documents discovered subsequent to the scheduled date of production herein should promptly be produced to Defendant.

6.    If you claim that the attorney-client privilege or any other privileges may be applicable to any document or written communication, the production of which is sought by these requests, you shall, where applicable:

    a.    Describe generally the subject matter of the document and/or communication;

    b.    Identify the author and recipients of the documents;

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

c. Identify the participants in and witnesses to, the communication and all other persons to whom the substance of such communications has been disclosed;

d. State the date on which the document was prepared or that communication was made;

e. Identify each person who has ever had possession, custody or control of the document or any copy thereof; and

f. Provide sufficient further information concerning the document and/or communication to explain the privilege and to allow a court to adjudicate the propriety of such claim.

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1:** All contracts or agreements between **QPL** and **MOTOROLA** relating to **BGAs**, including, but not limited to, drafts of such contracts or agreements, and appendices, addenda, exhibits or attachments to such contracts or agreements.

**REQUEST FOR PRODUCTION NO. 2:** All **DOCUMENTS** relating to the negotiation or drafting of any contracts or agreements between **QPL** and **MOTOROLA** relating to **BGAs.**

**REQUEST FOR PRODUCTION NO. 3:** All **DOCUMENTS** interpreting or analyzing any contracts or agreements between **QPL** and **MOTOROLA.**

REED SMITH CROSBY HEAFEY LLP

A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities

REED SMITH CROSBY HEAFEY LLP

A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

**REQUEST FOR PRODUCTION NO. 4**: All **DOCUMENTS** relating to the drafting and negotiation of the **IMMUNITY AGREEMENT**, including any amendments, addenda, appendices, exhibits or attachments to the **IMMUNITY AGREEMENT**.

**REQUEST FOR PRODUCTION NO. 5**: All **COMMUNICATIONS** between **QPL** and **MOTOROLA** relating to the **IMMUNITY AGREEMENT**.

**REQUEST FOR PRODUCTION NO. 6**: All **COMMUNICATIONS** between **QPL** and any of the **ASAT ENTITIES** relating to the **IMMUNITY AGREEMENT**.

**REQUEST FOR PRODUCTION NO. 7**: All **COMMUNICATIONS** between **QPL** and any of the **ASAT ENTITIES** relating to this litigation.

**REQUEST FOR PRODUCTION NO. 8**: All **COMMUNICATIONS** between **QPL** and any of the **ASAT ENTITIES** relating to **MOTOROLA**.

**REQUEST FOR PRODUCTION NO. 9**: All **DOCUMENTS** relating to the formation of ASAT Holdings, Ltd.

**REQUEST FOR PRODUCTION NO. 10**: All **DOCUMENTS** relating to the transfer of any assets from **QPL** to any of the **ASAT ENTITIES**.

**REQUEST FOR PRODUCTION NO. 11**: All **DOCUMENTS** relating to the **SUBSCRIPTION AGREEMENT**.

**REQUEST FOR PRODUCTION NO. 12**: All contracts or agreements between **QPL** and any of the **ASAT ENTITIES** relating to the formation of ASAT Holdings, Ltd., including, but not

REED SMITH CROSBY HEAFEY LLP

A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities

1    limited to, drafts of such contracts or agreements, and appendices, addenda, exhibits or

2    attachments to such contracts or agreements.

3

4    **REQUEST FOR PRODUCTION NO. 13**: All contracts or agreements between **QPL** and any

5    of the **ASAT ENTITIES** relating to **MOTOROLA**, including, but not limited to, drafts of such

6    contracts or agreements, and appendices, addenda, exhibits or attachments to such contracts or

7    agreements.

8

9    **REQUEST FOR PRODUCTION NO. 14**: All **DOCUMENTS** relating to **QPL's** performance

10    under the **IMMUNITY AGREEMENT.**

11

12    **REQUEST FOR PRODUCTION NO. 15**: All **DOCUMENTS** relating to any royalties paid by

13    **QPL** to **MOTOROLA.**

14

15    **REQUEST FOR PRODUCTION NO. 16**: All **COMMUNICATIONS** between **QPL** and any

16    third party relating to the **IMMUNITY AGREEMENT**.

17

18    **REQUEST FOR PRODUCTION NO. 17**: All **COMMUNICATIONS** between **QPL** and any

19    third party relating to this litigation.

20

21    **REQUEST FOR PRODUCTION NO. 18**: **DOCUMENTS** sufficient to identify unit sales by

22    **QPL** or any of **QPL's** subsidiaries of **BGA** products (including **FPBGA** products) from October

23    1, 1993 through December 31, 2002 by product/part number, including, but not limited to,

24    monthly, quarterly and annual reports of such unit sales.

25

26    **REQUEST FOR PRODUCTION NO. 19**: All **DOCUMENTS** relating to any analysis or

27    comparison of **FPBGAs** to any other type of **BGA** product.

28

**REQUEST FOR PRODUCTION NO. 20**:  All **DOCUMENTS** relating to **QPL's** affirmative defense that **MOTOROLA's** claims are barred by the doctrine of waiver.

**REQUEST FOR PRODUCTION NO. 21**:  All **DOCUMENTS** relating to **QPL's** affirmative defense that **MOTOROLA's** claims are barred by the doctrine of estoppel.

**REQUEST FOR PRODUCTION NO. 22**:  All **DOCUMENTS** relating to **QPL's** affirmative defense that **MOTOROLA's** claims are barred by the doctrine of laches.

**REQUEST FOR PRODUCTION NO. 23**:  All **DOCUMENTS** relating to **QPL's** affirmative defense that **MOTOROLA** failed to perform certain conditions precedent required by the **IMMUNITY AGREEMENT**.

**REQUEST FOR PRODUCTION NO. 24**:  All **DOCUMENTS** relating to **QPL's** affirmative defense that **MOTOROLA** failed to perform all conditions, covenants and promises required by the **IMMUNITY AGREEMENT**.

**REQUEST FOR PRODUCTION NO. 25**:  All **DOCUMENTS** relating to **QPL's** affirmative defense that **MOTOROLA's** claims are barred for patent misuse.

**REQUEST FOR PRODUCTION NO. 26**: **DOCUMENTS** sufficient to identify the percentage of **QPL's** present ownership in any of the **ASAT ENTITIES**.

**REQUEST FOR PRODUCTION NO. 27**:  **DOCUMENTS** sufficient to identify all of **QPL's** corporate officers and directors.

**REQUEST FOR PRODUCTION NO. 28**:  All DOCUMENTS relating to **QPL's** document retention policies since October 1, 1993.

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111. On July 20, 2004, I served the following document(s) by the method indicated below:

## NOTICE OF DEPOSITION OF JOSEPH MARTIN

[X] by transmitting via facsimile on this date the document(s) listed above to the fax number(s) set forth below. The transmission was reported complete and without error.

[X] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

[ ] by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.

[ ] by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

[ ] by placing the document(s) listed above in a sealed envelope(s) and consigning it to Federal Express for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

Michael A. Ladra, Esq.
James C. Yoon, Esq.
David H. Kramer, Esq.
Theresa Norton, Esq.
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050

Philip McLeod, Esq.
John D. Giffin, Esq.
KEESAL, YOUNG & LOGAN
Four Embarcadero Center, Suite 1500
San Francisco, CA 94111

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on July 20, 2004, at San Francisco, California.

_____
Nancy C. Tuttle

No. C 03 01514 RS

DOCSSFO-12370078.1-KHOPKINS

Notice of Deposition of Joseph Martin

Scott D. Baker (State Bar. No. 084923)
Morgan W. Tovey (State Bar No. 136242)
Kerry Hopkins (State Bar No. 219406)
Elizabeth A. Tedesco (State Bar No. 221162)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111
**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936
Telephone:    415.543.8700
Facsimile:    415.391.8269

Attorneys for Defendant and Counterclaimant
MOTOROLA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASAT HOLDINGS, LTD., and ASAT, INC., | No. C 03 01514 RS |
| Plaintiffs, | **NOTICE OF DEPOSITION OF TUNG LOK LI** |
| vs. | |
| MOTOROLA, INC., | |
| Defendant. | |
| MOTOROLA, INC., | |
| Counterclaimant, | |
| vs. | |
| ASAT HOLDINGS, LTD., ASAT, INC., and QPL INTERNATIONAL HOLDINGS, LTD. and ASAT LIMITED, | |
| Counterdefendants. | |

DOCSSFO-12370084.1-KHOPKINS

REED SMITH CROSBY HEAFEY LLP

A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 32 of the Federal Rules of Civil Procedure, Defendant and Counterclaimaint Motorola, Inc. ("Motorola") will take the deposition of Tung Lok Li at the offices of Reed Smith LLP, Two Embarcadero Center, 20th Floor, San Francisco, California 94111, on September 1, 2004, commencing at 9:00 a.m. The deposition shall be taken under oath and recorded stenographically (including by instant visual display) and/or by videotape, and shall continue from day to day, excluding Sundays and holidays, until completed and adjourned.

Pursuant to Rules 30 and 34 of the Federal Rules of Civil Procedure, Mr. Li is required to produce at his deposition the documents and things described on Exhibit A attached hereto.

DATED: July 20, 2004.

REED SMITH LLP

By _Kerry Hopkins_
Kerry Hopkins
Attorneys for Defendant
Motorola, Inc.

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

# EXHIBIT A

# DEFINITIONS

The following terms have the meanings indicated below:

1.    The term **"MOTOROLA"** refers to Defendant and Counterclaimant Motorola, Inc., and includes all subsidiaries, predecessors or successors-in-interest, officers, directors, employees, agents, contractors, and other persons controlled by or acting on behalf of Motorola, Inc.

2.    The terms **"QPL"** refers to Counterdefendant QPL International Holdings, Ltd. and includes all subsidiaries, divisions, predecessors or successors-in-interest, affiliates, parents, officers, directors, employees, agents, contractors, and other persons controlled by or acting on behalf of QPL.

3.    The term **"ASAT ENTITIES"** refers collectively to Plaintiffs and Counterdefendants ASAT Holdings, Ltd. and ASAT, Inc. and Counterdefendant ASAT Limited, and includes all subsidiaries, divisions, predecessors or successors-in-interest, affiliates, parents, officers, directors, employees, agents, contractors, and other persons controlled by or acting on behalf of the **ASAT ENTITIES.**

4.    The term **"PERSON"** refers to natural persons, corporations, firms, proprietorships, partnerships, trusts, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities

5. **"IMMUNITY AGREEMENT,"** as used herein, refers to the October 1, 1993 Immunity Agreement executed by **MOTOROLA** and **QPL**.

6. **"BGA,"** as used herein, refers to ball grid arrays or ball grid array packages, including **FPBGA**, PBGA, Glob Top, FxPBGA and INT-HS_BGA packages.

7. **"FPBGA"** refers specifically to fine pitch ball grid arrays or fine pitch ball grid array packages.

8. **"SUBSCRIPTION AGREEMENT"** as used herein, refers to the agreement dated October 29, 1999 among, including others, Chase Asia Investment Partners II (Y), LLC, QPL International Holdings, Ltd., ASAT Limited and ASAT Holdings, Ltd.

9. The use of the singular shall be deemed to include the plural, and use of one gender shall include all others as appropriate in the context.

10. The terms "and" and "or" mean either the conjunctive or the disjunctive as context may require so that the meaning is inclusive rather than exclusive.

11. The term "including" means including but not limited to.

12. The term "each" means each and every.

13. The term "any" means any and all.

14. The terms "relate to" and/or "relating to" request all documents and tangible things which in any way explicitly or implicitly refer to, or could be reasonably construed to refer to, the subject matter of the request, including, but not limited to, all documents and tangible things,

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

DOCSSFO-12370084.1-KHOPKINS

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

1  which reflect, record, memorialize, discuss, consider, review or report on the subject matter of the

2  request.

3

4      15.    The term "**COMMUNICATION**" is used in the broadest possible sense, and

5  means any transmission or exchange of information from one person or entity to another, by any

6  means.

7

8      16.    The term "**DOCUMENT**" is used in the broadest possible sense, and means,

9  without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise

10  reproduced **COMMUNICATION** or representation, whether comprised of letters, words,

11  numbers, pictures, sounds or symbols, or any notes, records, letters, envelopes, telegrams,

12  messages, studies, analyses, contracts, agreements, projections, estimates, working papers,

13  summaries, statistical statements, financial statements or work papers, accounts, analytical

14  records, reports and/or summaries of investigations, opinions or reports of consultants, opinions

15  or reports of accountants, or other reports, trade letters, press releases, comparisons, books,

16  diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins,

17  notices, forecasts, drawings, diagrams, instructions, minutes of meetings or other

18  **COMMUNICATIONS** of any type, including interoffice and intra office

19  **COMMUNICATIONS** of any type, questionnaires and surveys, charts, graphs, photographs,

20  phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations

21  from which information can be obtained, any preliminary versions, drafts or revisions of any kind

22  of the foregoing, and other writings or **DOCUMENTS** of whatever description or kind, whether

23  produced or authored by **QPL** or by anyone else, including non-identical copies of any of the

24  foregoing, now in **QPL's** possession, custody, or control.

25

26

27

28

# INSTRUCTIONS

1.     If any portion of a document or tangible thing is responsive to a request, the entire document or tangible thing shall be produced, redacting only privileged material, if any.

2.     You are to produce the original and each non-identical copy of each document or tangible thing requested herein which is in your possession, custody or control.

3.     Documents produced pursuant to these requests shall be produced in the original files and shall not be shuffled or otherwise rearranged. Documents which were stapled, clipped or otherwise fastened together shall be produced in that form.

4.     Tangible things produced pursuant to these requests shall be produced in their present form and shall not be changed or modified in any way.

5.     These requests are of a continuing nature, and any additional responsive documents discovered subsequent to the scheduled date of production herein should promptly be produced to Defendant.

6.     If you claim that the attorney-client privilege or any other privileges may be applicable to any document or written communication, the production of which is sought by these requests, you shall, where applicable:

     a.     Describe generally the subject matter of the document and/or communication;

     b.     Identify the author and recipients of the documents;

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

1        c.      Identify the participants in and witnesses to, the communication and all

2 other persons to whom the substance of such communications has been disclosed;

3

4        d.      State the date on which the document was prepared or that communication

5 was made;

6

7        e.      Identify each person who has ever had possession, custody or control of the

8 document or any copy thereof; and

9

10        f.      Provide sufficient further information concerning the document and/or

11 communication to explain the privilege and to allow a court to adjudicate the propriety of such

12 claim.

13

14 **DOCUMENTS REQUESTED**

15

16

17 **REQUEST FOR PRODUCTION NO. 1**:  All contracts or agreements between **QPL** and

18 **MOTOROLA** relating to **BGAs**, including, but not limited to, drafts of such contracts or

19 agreements, and appendices, addenda, exhibits or attachments to such contracts or agreements.

20

21 **REQUEST FOR PRODUCTION NO. 2**:  All **DOCUMENTS** relating to the negotiation or

22 drafting of any contracts or agreements between **QPL** and **MOTOROLA** relating to **BGAs.**

23

24 **REQUEST FOR PRODUCTION NO. 3**:  All **DOCUMENTS** interpreting or analyzing any

25 contracts or agreements between **QPL** and **MOTOROLA.**

26

27

28

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

1  **REQUEST FOR PRODUCTION NO. 4**: All **DOCUMENTS** relating to the drafting and

2  negotiation of the **IMMUNITY AGREEMENT**, including any amendments, addenda,

3  appendices, exhibits or attachments to the **IMMUNITY AGREEMENT**.

4

5  **REQUEST FOR PRODUCTION NO. 5**: All **COMMUNICATIONS** between **QPL** and

6  **MOTOROLA** relating to the **IMMUNITY AGREEMENT**.

7

8  **REQUEST FOR PRODUCTION NO. 6**: All **COMMUNICATIONS** between **QPL** and any

9  of the **ASAT ENTITIES** relating to the **IMMUNITY AGREEMENT**.

10

11  **REQUEST FOR PRODUCTION NO. 7**: All **COMMUNICATIONS** between **QPL** and any

12  of the **ASAT ENTITIES** relating to this litigation.

13

14  **REQUEST FOR PRODUCTION NO. 8**: All **COMMUNICATIONS** between **QPL** and any

15  of the **ASAT ENTITIES** relating to **MOTOROLA**.

16

17  **REQUEST FOR PRODUCTION NO. 9**: All **DOCUMENTS** relating to the formation of

18  ASAT Holdings, Ltd.

19

20  **REQUEST FOR PRODUCTION NO. 10**: All **DOCUMENTS** relating to the transfer of any

21  assets from **QPL** to any of the **ASAT ENTITIES**.

22

23  **REQUEST FOR PRODUCTION NO. 11**: All **DOCUMENTS** relating to the

24  **SUBSCRIPTION AGREEMENT**.

25

26  **REQUEST FOR PRODUCTION NO. 12**: All contracts or agreements between **QPL** and any

27  of the **ASAT ENTITIES** relating to the formation of ASAT Holdings, Ltd., including, but not

28

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

1    limited to, drafts of such contracts or agreements, and appendices, addenda, exhibits or

2    attachments to such contracts or agreements.

3

4    **REQUEST FOR PRODUCTION NO. 13**: All contracts or agreements between **QPL** and any

5    of the **ASAT ENTITIES** relating to **MOTOROLA**, including, but not limited to, drafts of such

6    contracts or agreements, and appendices, addenda, exhibits or attachments to such contracts or

7    agreements.

8

9    **REQUEST FOR PRODUCTION NO. 14**: All **DOCUMENTS** relating to **QPL's** performance

10    under the **IMMUNITY AGREEMENT**.

11

12    **REQUEST FOR PRODUCTION NO. 15**: All **DOCUMENTS** relating to any royalties paid by

13    **QPL** to **MOTOROLA.**

14

15    **REQUEST FOR PRODUCTION NO. 16**: All **COMMUNICATIONS** between **QPL** and any

16    third party relating to the **IMMUNITY AGREEMENT**.

17

18    **REQUEST FOR PRODUCTION NO. 17**: All **COMMUNICATIONS** between **QPL** and any

19    third party relating to this litigation.

20

21    **REQUEST FOR PRODUCTION NO. 18**: **DOCUMENTS** sufficient to identify unit sales by

22    **QPL** or any of **QPL's** subsidiaries of **BGA** products (including **FPBGA** products) from October

23    1, 1993 through December 31, 2002 by product/part number, including, but not limited to,

24    monthly, quarterly and annual reports of such unit sales.

25

26    **REQUEST FOR PRODUCTION NO. 19**: All **DOCUMENTS** relating to any analysis or

27    comparison of **FPBGAs** to any other type of **BGA** product.

28

**REQUEST FOR PRODUCTION NO. 20**: All **DOCUMENTS** relating to **QPL's** affirmative defense that **MOTOROLA's** claims are barred by the doctrine of waiver.

**REQUEST FOR PRODUCTION NO. 21**: All **DOCUMENTS** relating to **QPL's** affirmative defense that **MOTOROLA's** claims are barred by the doctrine of estoppel.

**REQUEST FOR PRODUCTION NO. 22**: All **DOCUMENTS** relating to **QPL's** affirmative defense that **MOTOROLA's** claims are barred by the doctrine of laches.

**REQUEST FOR PRODUCTION NO. 23**: All **DOCUMENTS** relating to **QPL's** affirmative defense that **MOTOROLA** failed to perform certain conditions precedent required by the **IMMUNITY AGREEMENT**.

**REQUEST FOR PRODUCTION NO. 24**: All **DOCUMENTS** relating to **QPL's** affirmative defense that **MOTOROLA** failed to perform all conditions, covenants and promises required by the **IMMUNITY AGREEMENT**.

**REQUEST FOR PRODUCTION NO. 25**: All **DOCUMENTS** relating to **QPL's** affirmative defense that **MOTOROLA's** claims are barred for patent misuse.

**REQUEST FOR PRODUCTION NO. 26**: **DOCUMENTS** sufficient to identify the percentage of **QPL's** present ownership in any of the **ASAT ENTITIES**.

**REQUEST FOR PRODUCTION NO. 27**: **DOCUMENTS** sufficient to identify all of **QPLR's** corporate officers and directors.

**REQUEST FOR PRODUCTION NO. 28**: All DOCUMENTS relating to **QPL's** document retention policies since October 1, 1993.

DOCSSFO-12370084.1-KHOPKINS

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111. On July 20, 2004, I served the following document(s) by the method indicated below:

## NOTICE OF DEPOSITION OF TUNG LOK LI

[X] by transmitting via facsimile on this date the document(s) listed above to the fax number(s) set forth below. The transmission was reported complete and without error.

[X] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

[ ] by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.

[ ] by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

[ ] by placing the document(s) listed above in a sealed envelope(s) and consigning it to Federal Express for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

Michael A. Ladra, Esq.
James C. Yoon, Esq.
David H. Kramer, Esq.
Theresa Norton, Esq.
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050

Philip McLeod, Esq.
John D. Giffin, Esq.
KEESAL, YOUNG & LOGAN
Four Embarcadero Center, Suite 1500
San Francisco, CA 94111

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on July 20, 2004, at San Francisco, California.

_Nancy C. Tuttle_
Nancy C. Tuttle

No. C 03 01514 RS

DOCSSFO-12370084.1-KHOPKINS

Notice of Deposition of Tung Lok Li

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.