# EXHIBIT C

ReedSmith

Kerry Hopkins
Direct Phone: 415.659.5986
Email: khopkins@reedsmith.com

Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111
415.543.8700
Fax 415.391.8269

July 20, 2004

VIA FACSIMILE AND U.S. MAIL

Theresa E. Norton
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304

Re: ASAT v. Motorola
File No. 353281.01090

Dear Theresa:

We have enclosed notices for the depositions of ASAT Holdings, Ltd. and ASAT, Inc. As you know, we have conferred with you extensively by letter and telephone in an effort to schedule these depositions. You have refused to provide dates for any depositions until after the Court rules on ASAT's third motion to dismiss. We do not believe your refusal to schedule these depositions is warranted and we have met our obligation to meet and confer on deposition scheduling.

Very truly yours,

Kerry Hopkins

Kerry Hopkins

LONDON ◆ NEW YORK ◆ LOS ANGELES ◆ SAN FRANCISCO ◆ WASHINGTON, D.C. ◆ PHILADELPHIA ◆ PITTSBURGH ◆ OAKLAND ◆ PRINCETON
FALLS CHURCH ◆ WILMINGTON ◆ NEWARK ◆ MIDLANDS, U.K. ◆ CENTURY CITY ◆ RICHMOND ◆ HARRISBURG ◆ LEESBURG ◆ WESTLAKE VILLAGE

reedsmith.com

DOCSSFO 1737696.1-KHOPKINS

Scott D. Baker (State Bar. No. 084923)
Morgan W. Tovey (State Bar No. 136242)
Kerry Hopkins (State Bar No. 219406)
Elizabeth A. Tedesco (State Bar No. 221162)
REED SMITH CROSBY HEAFEY LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111
**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936
Telephone: 415.543.8700
Facsimile: 415.391.8269

Attorneys for Defendant and Counterclaimant
MOTOROLA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASAT HOLDINGS, LTD., and ASAT, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>MOTOROLA, INC.,<br><br>Defendant.<br><br>MOTOROLA, INC.,<br><br>Counterclaimant,<br><br>vs.<br><br>ASAT HOLDINGS, LTD., ASAT, INC., QPL INTERNATIONAL HOLDINGS, LTD., and ASAT LIMITED<br><br>Counterdefendants. | No. C 03 01514 RS<br><br>**RULE 30(b)(6) DEPOSITION NOTICE TO PLAINTIFF ASAT HOLDINGS, LTD.** |

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant and Counterclaimant Motorola, Inc. ("Motorola") will take the deposition of Plaintiff and Counterdefendant ASAT Holdings, Ltd. at Reed Smith LLP, Two Embarcadero Center, Suite 2000, San Francisco, California, 94111 on a date to be mutually agreed upon between the parties, but in no case later than August 25, 2004. The deposition shall be taken under oath and recorded stenographically (including by instant visual display) and/or by videotape, and shall continue from day to day, excluding Sundays and holidays, until completed and adjourned.

Pursuant to Rule 30(b)(6), ASAT Holdings, Ltd. is required to designate one or more of its officers, directors, partners, managing agents or other such persons as are most qualified, knowledgeable, and competent to testify on behalf of ASAT Holdings, Ltd. as to all matters known or reasonably available to it with respect to each of the following subjects.

**DEFINITIONS**

1. The term "**MOTOROLA**" refers to Defendant and Counterclaimant Motorola, Inc., and includes all subsidiaries, predecessors or successors-in-interest, officers, directors, employees, agents, contractors, and other persons controlled by or acting on behalf of Motorola, Inc.

2. The terms "**YOU**" and "**YOUR**" refer to Plaintiff and Counterdefendant ASAT Holdings, Ltd., and include all subsidiaries, divisions, predecessors or successors-in-interest, affiliates, parents, officers, directors, employees, agents, contractors, and other persons controlled by or acting on behalf of **YOU**.

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

3. **"ASAT,"** as used herein, refers collectively to Plaintiffs and Counterdefendants ASAT Holdings, Ltd. and ASAT, Inc. and their officers, directors, employees, agents, contractors, and other persons controlled by or acting on behalf of ASAT Holdings, Ltd. or ASAT, Inc.

4. **"QPL,"** as used herein, refers to Counterdefendant QPL International Holdings, Ltd. and its officers, directors, employees, agents, contractors, and other persons controlled by or acting on behalf of QPL International Holdings, Ltd.

5. The term **"PERSON"** refers to natural persons, corporations, firms, proprietorships, partnerships, trusts, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

6. **"IMMUNITY AGREEMENT,"** as used herein, refers to the October 1, 1993 Immunity Agreement signed by **MOTOROLA** and **QPL.**

7. **"BGA,"** as used herein, refers to all types of ball grid arrays or ball grid array packages, including **FPBGA**, PBGA, Glob Top, FxPBGA and INT-HS_BGA packages.

8. **"FPBGA"** refers specifically to fine pitch ball grid arrays or fine pitch ball grid array packages.

9. **"SUBSCRIPTION AGREEMENT,"** as used herein, refers to the agreement produced by **YOU** that is dated October 29, 1999 among, including others, Chase Asia Investment Partners II (Y), LLC, QPL International Holdings, Ltd., ASAT Limited and ASAT Holdings, Ltd.

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

10. The use of the singular shall be deemed to include the plural, and use of one gender shall include all others as appropriate in the context.

11. The terms "and" and "or" mean either the conjunctive or the disjunctive as context may require so that the meaning is inclusive rather than exclusive.

12. The term "including" means including but not limited to.

13. The term "each" means each and every.

14. The term "any" means any and all.

15. The term **"RELATING TO"** requests all documents and tangible things which in any way explicitly or implicitly refer to, or could be reasonably construed to refer to, the subject matter of the request, including, but not limited to, all documents and tangible things, which reflect, record, memorialize, discuss, consider, review or report on the subject matter of the request.

16. The term "**COMMUNICATION**" is used in the broadest possible sense, and means any transmission or exchange of information from one person or entity to another, by any means.

17. The term "**DOCUMENT**" is used in the broadest possible sense, and means, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced **COMMUNICATION** or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or other **COMMUNICATIONS** of any type, including interoffice and intra office **COMMUNICATIONS** of any type, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts or revisions of any kind of the foregoing, and other writings or **DOCUMENTS** of whatever description or kind, whether produced or authored by **YOU** or by anyone else, including non-identical copies of any of the foregoing, now in **YOUR** possession, custody, or control.

## MATTERS UPON WHICH EXAMINATION IS REQUESTED

1. Any transfer, assignment or succession-in-interest of the **IMMUNITY AGREEMENT**.

2. The existence of, including the negotiation and terms of, by assignment, transfer or otherwise, any contract or agreement between **YOU** and **MOTOROLA** relating to any type of **BGAs**, including **FPBGAs**, and any amendments, addenda, appendices, or exhibits to any contract or agreement.

3. **YOUR** performance of any contract or agreement between **YOU** and **MOTOROLA** relating to any type of **BGAs**, including **FPBGAs.**

4. The payment of any royalties to **MOTOROLA** by **YOU**, including the amount of such payment(s) and the basis for such payment(s).

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

5. The audit of ASAT Limited that was performed on behalf of **MOTOROLA**.

6. All **COMMUNICATIONS** by and between **YOU** and **QPL** relating to the **IMMUNITY AGREEMENT** and the rights and obligations granted thereunder.

7. All **COMMUNICATIONS** by and among ASAT Holdings, Ltd., ASAT, Inc., ASAT Limited and any other ASAT entity, relating to the **IMMUNITY AGREEMENT** and the rights and obligations granted thereunder.

8. All **COMMUNICATIONS** by and between **YOU** and **QPL** relating to **MOTOROLA**.

9. All **COMMUNICATIONS** by and among ASAT Holdings, Ltd., ASAT, Inc., ASAT Limited and any other ASAT entity, relating to **MOTOROLA**.

10. All **COMMUNICATIONS** by and between **YOU** and **QPL** relating to the sale of any **BGAs**, including **FPBGAs**, to **MOTOROLA**.

11. Any contracts or agreements between **YOU** and **QPL** relating to the **IMMUNITY AGREEMENT**.

12. Any contracts or agreements between **YOU** and **QPL** relating to **BGAs** and **FPBGAs**.

13. **YOUR** annual reports to the Securities and Exchange Commission from 2000 to the present and any statements made therein relating to agreements or disputes with **MOTOROLA**.

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

14. The preparation of **YOUR** annual reports to the Securities and Exchange Commission from 2000 to the present.

15. The formation of ASAT Holdings, Ltd., including all **DOCUMENTS** related thereto.

16. **YOUR** corporate structure, including the relationship between ASAT Holdings, Ltd., ASAT, Inc. and ASAT Limited.

17. The transfer of assets from **QPL** to **ASAT**, including all **DOCUMENTS** related thereto.

18. The **SUBSCRIPTION AGREEMENT**, including all attachments, amendments, exhibits, appendices and addenda thereto.

19. The similarities and differences between **BGAs** and **FPBGAs**.

20. The sale of any **BGAs**, including **FPBGAs**, by **YOU** to **MOTOROLA.**

21. Sales of **YOUR BGAs**, including **FPBGAs**, between October 30, 1999 and December 31, 2002.

22. The gross revenue and profits on sales of **YOUR BGAs**, including **FPBGAs**, between October 30, 1999 and December 31, 2002.

23. Transfer pricing of **YOUR BGAs**, including **FPBGAs**, between ASAT Limited, ASAT, Inc. and any other ASAT entity.

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities

24. Pricing for **YOUR BGAs**, including **FPBGAs.**

25. The process by which pricing for **YOUR BGAs**, including **FPBGAs,** is determined.

26. All facts in support of **YOUR** waiver defense.

27. All facts in support of **YOUR** estoppel defense.

28. All facts in support of **YOUR** laches defense.

DATED: July 20, 2004.

REED SMITH CROSBY HEAFEY LLP

By [signature]
Kerry Hopkins
Attorneys for Defendant
Motorola, Inc.

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

No. C 03 01514 RS - 7 - DOCSSFO-12367864.1-KHOPKINS
Rule 30(b)(6) Deposition Notice To Plaintiff ASAT Holdings, Ltd.

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111. On July 20, 2004, I served the following document(s) by the method indicated below:

**RULE 30(b)(6) DEPOSITION NOTICE TO PLAINTIFF ASAT HOLDINGS, LTD.**

[X] by transmitting via facsimile on this date the document(s) listed above to the fax number(s) set forth below. The transmission was reported complete and without error.

[X] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

[ ] by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.

[ ] by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

[ ] by placing the document(s) listed above in a sealed envelope(s) and consigning it to Federal Express for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

Michael A. Ladra, Esq.
James C. Yoon, Esq.
David H. Kramer, Esq.
Theresa Norton, Esq.
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050

Philip McLeod, Esq.
John D. Giffin, Esq.
KEESAL, YOUNG & LOGAN
Four Embarcadero Center, Suite 1500
San Francisco, CA 94111

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on July 20, 2004, at San Francisco, California.

Nancy C. Tuttle

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities

Scott D. Baker (State Bar. No. 084923)
Morgan W. Tovey (State Bar No. 136242)
Kerry Hopkins (State Bar No. 219406)
Elizabeth A. Tedesco (State Bar No. 221162)
REED SMITH CROSBY HEAFEY LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111
**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936
Telephone: 415.543.8700
Facsimile: 415.391.8269

Attorneys for Defendant and Counterclaimant
MOTOROLA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASAT HOLDINGS, LTD., and ASAT, INC.,<br>Plaintiffs,<br>vs.<br>MOTOROLA, INC.,<br>Defendant. | No. C 03 01514 RS<br>**RULE 30(b)(6) DEPOSITION NOTICE TO PLAINTIFF ASAT, INC.** |
| MOTOROLA, INC.,<br>Counterclaimant,<br>vs.<br>ASAT HOLDINGS, LTD., ASAT, INC., QPL INTERNATIONAL HOLDINGS, LTD., and ASAT LIMITED,<br>Counterdefendants. | |

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant and Counterclaimant Motorola, Inc. ("Motorola") will take the deposition of Plaintiff and Counterdefendant ASAT, Inc. at Reed Smith LLP, Two Embarcadero Center, Suite 2000, San Francisco, California, 94111 on August 24, 2004, beginning at 9:00 a.m. The deposition shall be taken under oath and recorded stenographically (including by instant visual display) and/or by videotape, and shall continue from day to day, excluding Sundays and holidays, until completed and adjourned.

Pursuant to Rule 30(b)(6), ASAT, Inc. is required to designate one or more of its officers, directors, partners, managing agents or other such persons as are most qualified, knowledgeable, and competent to testify on behalf of ASAT, Inc. as to all matters known or reasonably available to it with respect to each of the following subjects.

## DEFINITIONS

1. The term "**MOTOROLA**" refers to Defendant and Counterclaimant Motorola, Inc., and includes all subsidiaries, predecessors or successors-in-interest, officers, directors, employees, agents, contractors, and other persons controlled by or acting on behalf of Motorola, Inc.

2. The terms "**YOU**" and "**YOUR**" refer to Plaintiff and Counterdefendant ASAT, Inc., and include all subsidiaries, divisions, predecessors or successors-in-interest, affiliates, parents, officers, directors, employees, agents, contractors, and other persons controlled by or acting on behalf of **YOU**.

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities

3. **"ASAT,"** as used herein, refers collectively to Plaintiffs and Counterdefendants ASAT Holdings, Ltd. and ASAT, Inc. and their officers, directors, employees, agents, contractors, and other persons controlled by or acting on behalf of ASAT Holdings, Ltd. or ASAT, Inc.

4. **"QPL,"** as used herein, refers to Counterdefendant QPL International Holdings, Ltd. and its officers, directors, employees, agents, contractors, and other persons controlled by or acting on behalf of QPL International Holdings, Ltd.

5. The term **"PERSON"** refers to natural persons, corporations, firms, proprietorships, partnerships, trusts, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

6. **"IMMUNITY AGREEMENT,"** as used herein, refers to the October 1, 1993 Immunity Agreement signed by **MOTOROLA** and **QPL**.

7. **"BGA,"** as used herein, refers to all types of ball grid arrays or ball grid array packages, including **FPBGA**, PBGA, Glob Top, FxPBGA and INT-HS_BGA packages.

8. **"FPBGA"** refers specifically to fine pitch ball grid arrays or fine pitch ball grid array packages.

9. **"SUBSCRIPTION AGREEMENT,"** as used herein, refers to the agreement produced by **YOU** that is dated October 29, 1999 among, including others, Chase Asia Investment Partners II (Y), LLC, QPL International Holdings, Ltd., ASAT Limited and ASAT Holdings, Ltd.

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

10. The use of the singular shall be deemed to include the plural, and use of one gender shall include all others as appropriate in the context.

11. The terms "and" and "or" mean either the conjunctive or the disjunctive as context may require so that the meaning is inclusive rather than exclusive.

12. The term "including" means including but not limited to.

13. The term "each" means each and every.

14. The term "any" means any and all.

15. The term "**RELATING TO**" requests all documents and tangible things which in any way explicitly or implicitly refer to, or could be reasonably construed to refer to, the subject matter of the request, including, but not limited to, all documents and tangible things, which reflect, record, memorialize, discuss, consider, review or report on the subject matter of the request.

16. The term "**COMMUNICATION**" is used in the broadest possible sense, and means any transmission or exchange of information from one person or entity to another, by any means.

17. The term "**DOCUMENT**" is used in the broadest possible sense, and means, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced **COMMUNICATION** or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or other **COMMUNICATIONS** of any type, including interoffice and intra office **COMMUNICATIONS** of any type, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts or revisions of any kind of the foregoing, and other writings or **DOCUMENTS** of whatever description or kind, whether produced or authored by **YOU** or by anyone else, including non-identical copies of any of the foregoing, now in **YOUR** possession, custody, or control.

## MATTERS UPON WHICH EXAMINATION IS REQUESTED

1. Any transfer, assignment or succession-in-interest of the **IMMUNITY AGREEMENT**.

2. The existence of, including the negotiation and terms of, by assignment, transfer or otherwise, any contract or agreement between **YOU** and **MOTOROLA** relating to any type of **BGAs**, including **FPBGAs**, and any amendments, addenda, appendices, or exhibits to any contract or agreement.

3. **YOUR** performance of any contract or agreement between **YOU** and **MOTOROLA** relating to any type of **BGAs**, including **FPBGAs.**

4. The payment of any royalties to **MOTOROLA** by **YOU**, including the amount of such payment(s) and the basis for such payment(s).

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

5. The audit of ASAT Limited that was performed on behalf of **MOTOROLA**.

6. All **COMMUNICATIONS** by and between **YOU** and **QPL** relating to the **IMMUNITY AGREEMENT** and the rights and obligations granted thereunder.

7. All **COMMUNICATIONS** by and among ASAT Holdings, Ltd., ASAT, Inc., ASAT Limited and any other ASAT entity, relating to the **IMMUNITY AGREEMENT** and the rights and obligations granted thereunder.

8. All **COMMUNICATIONS** by and between **YOU** and **QPL** relating to **MOTOROLA**.

9. All **COMMUNICATIONS** by and among ASAT Holdings, Ltd., ASAT, Inc., ASAT Limited and any other ASAT entity, relating to **MOTOROLA**.

10. All **COMMUNICATIONS** by and between **YOU** and **QPL** relating to the sale of any **BGAs**, including **FPBGAs**, to **MOTOROLA**.

11. Any contracts or agreements between **YOU** and **QPL** relating to the **IMMUNITY AGREEMENT**.

12. Any contracts or agreements between **YOU** and **QPL** relating to **BGAs** and **FPBGAs**.

13. **YOUR** annual reports to the Securities and Exchange Commission from 2000 to the present and any statements made therein relating to agreements or disputes with **MOTOROLA**.

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities

14. The preparation of **YOUR** annual reports to the Securities and Exchange Commission from 2000 to the present.

15. The formation of ASAT Holdings, Ltd., including all **DOCUMENTS** related thereto.

16. **YOUR** corporate structure, including the relationship between ASAT Holdings, Ltd., ASAT, Inc. and ASAT Limited.

17. The transfer of assets from **QPL** to **ASAT**, including all **DOCUMENTS** related thereto.

18. The **SUBSCRIPTION AGREEMENT**, including all attachments, amendments, exhibits, appendices and addenda thereto.

19. The similarities and differences between **BGAs** and **FPBGAs**.

20. The sale of any **BGAs**, including **FPBGAs**, by **YOU** to **MOTOROLA.**

21. Sales of **YOUR BGAs**, including **FPBGAs**, between October 30, 1999 and December 31, 2002.

22. The gross revenue and profits on sales of **YOUR BGAs**, including **FPBGAs**, between October 30, 1999 and December 31, 2002.

23. Transfer pricing of **YOUR BGAs**, including **FPBGAs**, between ASAT Limited, ASAT, Inc. and any other ASAT entity.

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities

24. Pricing for **YOUR BGAs**, including **FPBGAs.**

25. The process by which pricing for **YOUR BGAs**, including **FPBGAs,** is determined.

26. All facts in support of **YOUR** waiver defense.

27. All facts in support of **YOUR** estoppel defense.

28. All facts in support of **YOUR** laches defense.

DATED: July 20, 2004.

REED SMITH CROSBY HEAFEY LLP

By [signature]
Kerry Hopkins
Attorneys for Defendant
Motorola, Inc.

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111. On July 20, 2004, I served the following document(s) by the method indicated below:

**RULE 30(b)(6) DEPOSITION NOTICE TO PLAINTIFF ASAT HOLDINGS, LTD.**

[X] by transmitting via facsimile on this date the document(s) listed above to the fax number(s) set forth below. The transmission was reported complete and without error.

[X] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

[ ] by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.

[ ] by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

[ ] by placing the document(s) listed above in a sealed envelope(s) and consigning it to Federal Express for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

Michael A. Ladra, Esq.
James C. Yoon, Esq.
David H. Kramer, Esq.
Theresa Norton, Esq.
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050

Philip McLeod, Esq.
John D. Giffin, Esq.
KEESAL, YOUNG & LOGAN
Four Embarcadero Center, Suite 1500
San Francisco, CA 94111

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on July 20, 2004, at San Francisco, California.

Nancy C. Tuttle

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.