**EXHIBIT D**

Morgan W. Tovey (State Bar No. 136242)
Kerry Hopkins (State Bar No. 219406)
REED SMITH CROSBY HEAFEY LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone: 415.543.8700
Facsimile: 415.391.8269

Attorneys for Defendant
Motorola, Inc.

Attorneys for Defendant and Counterclaimant
MOTOROLA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASAT HOLDINGS, LTD., and ASAT, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> MOTOROLA, INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIM. | No. C 03 01514 RS <br><br> **MOTOROLA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS ASAT HOLDINGS, LTD. AND ASAT, INC.** |

PROPOUNDING PARTY: Defendant and Counterclaimant Motorola, Inc.

RESPONDING PARTY: Plaintiffs and Counterdefendants ASAT Holdings, Ltd. and ASAT, Inc.

SET NUMBER: ONE

No. C 03 01514 RS - 1 - DOCSSFO-12342003.2-ETEDESCO

Motorola Inc.'s First Set Of Requests For Production To Plaintiff ASAT Holdings, Ltd. and ASAT, Inc.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Motorola Inc. ("Defendant") hereby requests that Plaintiff and Counterdefendant ASAT Holdings, Ltd. and ASAT, Inc. (collectively, "ASAT") produce for inspection and copying the following documents and things at the offices of Reed Smith Crosby Heafey LLP, Two Embarcadero Center, Suite 2000, San Francisco, California 94111, thirty (30) days of service hereof, in accordance with the Definitions and Instructions set forth below.

## DEFINITIONS

The following terms have the meanings indicated below:

1. The term **"DEFENDANT"** refers to Defendant Motorola, Inc., and includes all subsidiaries, predecessors or successors-in-interest, officers, directors, employees, agents, contractors, and other persons controlled by or acting on behalf of Motorola, Inc..

2. The terms **"YOU"** and **"YOUR"** refer to Plaintiffs and Counterdefendants ASAT Holdings, Ltd., ASAT, Inc. and include all subsidiaries, divisions, predecessors or successors-in-interest, affiliates, parents, officers, directors, employees, agents, contractors, and other persons controlled by or acting on behalf of Plaintiffs.

3. "ASAT," as used herein, refers to Plaintiffs and Counterdefendants ASAT Holdings, Ltd. and ASAT, Inc. and their officers, directors, employees, agents, contractors, and other persons controlled by or acting on behalf of ASAT Holdings, Ltd. or ASAT, Inc.

4. "QPL," as used herein, refers to Counterdefendant QPL International Holdings, Ltd. and its officers, directors, employees, agents, contractors, and other persons controlled by or acting on behalf of QPL International Holdings, Ltd.

No. C 03 01514 RS — - 2 - — DOCSSFO-12342003.2-ETEDESCO

Motorola Inc.'s First Set Of Requests For Production To Plaintiff ASAT Holdings, Ltd. and ASAT, Inc.

5. The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trusts, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

6. "IMMUNITY AGREEMENT," as used herein, refers to the October 1, 1993 Immunity Agreement signed by **DEFENDANT** and QPL International Holdings, Ltd.

7. "BGA," as used herein, refers to ball grid arrays or ball grid array packages.

8. "FPBGA" refers to fine pitch ball grid arrays or fine pitch ball grid array packages.

9. The use of the singular shall be deemed to include the plural, and use of one gender shall include all others as appropriate in the context.

10. The terms "and" and "or" mean either the conjunctive or the disjunctive as context may require so that the meaning is inclusive rather than exclusive.

11. The term "including" means including but not limited to.

12. The term "each" means each and every.

13. The term "any" means any and all.

14. The term "RELATING TO" requests all documents and tangible things which in any way explicitly or implicitly refer to, or could be reasonably construed to refer to, the

No. C 03 01514 RS - 3 - DOCSSFO-12342003.2-ETEDESCO

Motorola Inc.'s First Set Of Requests For Production To Plaintiff ASAT Holdings, Ltd. and ASAT, Inc.

subject matter of the request, including, but not limited to, all documents and tangible things, which reflect, record, memorialize, discuss, consider, review or report on the subject matter of the request.

15. The term "**COMMUNICATION**" is used in the broadest possible sense, and means any transmission or exchange of information from one person or entity to another, by any means.

16. The term "**DOCUMENT**" is used in the broadest possible sense, and means, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced **COMMUNICATION** or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or other **COMMUNICATIONS** of any type, including interoffice and intra office **COMMUNICATIONS** of any type, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts or revisions of any kind of the foregoing, and other writings or **DOCUMENTS** of whatever description or kind, whether produced or authored by **YOU** or by anyone else, including non-identical copies of any of the foregoing, now in **YOUR** possession, custody, or control.

No. C 03 01514 RS - 4 - DOCSSFO-12342003.2-ETEDESCO

Motorola Inc.'s First Set Of Requests For Production To Plaintiff ASAT Holdings, Ltd. and ASAT, Inc.

# INSTRUCTIONS

1. If any portion of a document or tangible thing is responsive to a request, the entire document or tangible thing shall be produced, redacting only privileged material, if any.

2. You are to produce the original and each non-identical copy of each document or tangible thing requested herein which is in your possession, custody or control.

3. Documents produced pursuant to these requests shall be produced in the original files and shall not be shuffled or otherwise rearranged. Documents which were stapled, clipped or otherwise fastened together shall be produced in that form.

4. Tangible things produced pursuant to these requests shall be produced in their present form and shall not be changed or modified in any way.

5. These requests are of a continuing nature, and any additional responsive documents discovered subsequent to the scheduled date of production herein should promptly be produced to Plaintiff.

6. If you claim that the attorney-client privilege or any other privileges may be applicable to any document or written communication, the production of which is sought by these requests, you shall, where applicable:

   a. Describe generally the subject matter of the document and/or communication;

   b. Identify the author and addresses and recipients of the documents;

No. C 03 01514 RS — 5 — DOCSSFO-12342003.2-ETEDESCO

Motorola Inc.'s First Set Of Requests For Production To Plaintiff ASAT Holdings, Ltd. and ASAT, Inc.

c. Identify the participants in and witnesses to, the communication and all other persons to whom the substance of such communications has been disclosed;

d. State the date on which the document was prepared or that communication was made;

e. Identify each person who has ever had possession, custody or control of the document or any copy thereof; and

f. Provide sufficient further information concerning the document and/or communication to explain the privilege and to allow a court to adjudicate the propriety of such claim.

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1**: All contracts or agreements between **YOU** and **DEFENDANT** relating to BGAs, including but not limited to drafts of contracts or agreements, and appendices, addenda, or exhibits to any contracts or agreements.

**REQUEST FOR PRODUCTION NO. 2**: All **DOCUMENTS** relating to the negotiation or drafting of any contracts or agreements between **YOU** and **DEFENDANT** relating to **BGAs**.

**REQUEST FOR PRODUCTION NO. 3**: All **DOCUMENTS** interpreting or analyzing any contracts or agreements between **YOU** and **DEFENDANT** relating to **BGAs**

No. C 03 01514 RS — 6 — DOCSSFO-12342003.2-ETEDESCO

Motorola Inc.'s First Set Of Requests For Production To Plaintiff ASAT Holdings, Ltd. and ASAT, Inc.

**REQUEST FOR PRODUCTION NO. 4:** All DOCUMENTS relating to any disputes relating to any contracts or agreements between YOU and DEFENDANT relating to BGAs.

**REQUEST FOR PRODUCTION NO. 5:** All contracts or agreements between YOU and DEFENDANT relating to FPBGAs, including but not limited to drafts of contracts or agreements, and appendices, addenda, or exhibits to any contracts or agreements.

**REQUEST FOR PRODUCTION NO. 6:** All DOCUMENTS relating to the negotiation or drafting of any contracts or agreements between YOU and DEFENDANT relating to FPBGAs.

**REQUEST FOR PRODUCTION NO. 7:** All DOCUMENTS interpreting or analyzing any contracts or agreements between YOU and DEFENDANT relating to FPBGAs.

**REQUEST FOR PRODUCTION NO. 8:** All DOCUMENTS relating to any disputes relating to any contracts or agreements between YOU and DEFENDANT relating to FPBGAs.

**REQUEST FOR PRODUCTION NO. 9:** All DOCUMENTS relating to the drafting and negotiation of the IMMUNITY AGREEMENT, including any amendments, addenda, appendices, addenda, or exhibits to the IMMUNITY AGREEMENT.

**REQUEST FOR PRODUCTION NO. 10:** All COMMUNICATIONS between ASAT and QPL relating to the IMMUNITY AGREEMENT.

**REQUEST FOR PRODUCTION NO. 11:** All COMMUNICATIONS between ASAT and QPL relating to BGAs or FPBGAs.

No. C 03 01514 RS - 7 - DOCSSFO-12342003.2-ETEDESCO

Motorola Inc.'s First Set Of Requests For Production To Plaintiff ASAT Holdings, Ltd. and ASAT, Inc.

**REQUEST FOR PRODUCTION NO. 12**: All **COMMUNICATIONS** between **ASAT** and **QPL** relating to **DEFENDANT**.

**REQUEST FOR PRODUCTION NO. 13**: All contracts or agreements between **ASAT** and **QPL** relating to the **IMMUNITY AGREEMENT** or any amendment or addenda thereto, including but not limited to drafts of contracts or agreements, and appendices, addenda, or exhibits to any contracts or agreements.

**REQUEST FOR PRODUCTION NO. 14**: All contracts or agreements between **ASAT** and **QPL** relating to **BGAs** or **FPBGAs**, including but not limited to drafts of contracts or agreements, and appendices, addenda, or exhibits to any contracts or agreements.

**REQUEST FOR PRODUCTION NO. 15**: All contracts or agreements between **ASAT** and **QPL** relating to **DEFENDANT**, including but not limited to drafts of contracts or agreements, and appendices, addenda, or exhibits to any contracts or agreements.

**REQUEST FOR PRODUCTION NO. 16**: All **DOCUMENTS** relating to the formation of ASAT Holdings, Ltd.

**REQUEST FOR PRODUCTION NO. 17**: All **DOCUMENTS** relating to the transfer of assets from **QPL** to **ASAT**.

**REQUEST FOR PRODUCTION NO. 18**: All contracts or agreements between **ASAT** and **QPL** relating to the formation of ASAT, Holdings, Ltd., including but not limited to drafts of contracts or agreements, and appendices, addenda, or exhibits to any contracts or agreements.

No. C 03 01514 RS - 8 - DOCSSFO-12342003.2-ETEDESCO

Motorola Inc.'s First Set Of Requests For Production To Plaintiff ASAT Holdings, Ltd. and ASAT, Inc.

**REQUEST FOR PRODUCTION NO. 190**: All DOCUMENTS relating to YOUR contention that DEFENDANT was aware that QPL was selling FPBGA products.

**REQUEST FOR PRODUCTION NO. 201**: All DOCUMENTS relating to any purchase of FPBGA products by DEFENDANT from QPL.

**REQUEST FOR PRODUCTION NO. 22**: All DOCUMENTS relating to YOUR contention that DEFENDANT was aware that ASAT was selling FPBGA products.

**REQUEST FOR PRODUCTION NO. 23**: All DOCUMENTS relating to any purchase of FPBGA products by DEFENDANT from ASAT.

**REQUEST FOR PRODUCTION NO. 24**: All DOCUMENTS relating to YOUR performance under the IMMUNITY AGREEMENT.

**REQUEST FOR PRODUCTION NO. 25**: All DOCUMENTS relating any royalties paid by YOU to DEFENDANT.

**REQUEST FOR PRODUCTION NO. 26**: All DOCUMENTS relating to any requests or attempts by DEFENDANT to collect royalties from YOU.

**REQUEST FOR PRODUCTION NO. 27**: All DOCUMENTS relating to any audit of YOU by DEFENDANT.

**REQUEST FOR PRODUCTION NO. 28**: All COMMUNICATIONS between YOU and DEFENDANT.

No. C 03 01514 RS - 9 - DOCSSFO-12342003.2-ETEDESCO

Motorola Inc.'s First Set Of Requests For Production To Plaintiff ASAT Holdings, Ltd. and ASAT, Inc.

**REQUEST FOR PRODUCTION NO. 29**: All **COMMUNICATIONS** between **YOU** and any third party relating to **DEFENDANT**.

**REQUEST FOR PRODUCTION NO. 30**: All **COMMUNICATIONS** between **YOU** and any third party relating to the **IMMUNITY AGREEMENT**.

**REQUEST FOR PRODUCTION NO. 31**: All **DOCUMENTS** relating to patents or patent rights held by **DEFENDANT**.

**REQUEST FOR PRODUCTION NO. 32**: All **DOCUMENTS** relating to any comparison between **BGAs** and **FPBGAs**.

**REQUEST FOR PRODUCTION NO. 33**: All **DOCUMENTS** relating to the conception of **ASAT's FPBGA** products, including but not limited to, all **DOCUMENTS** sufficient to identify the date of conception of any of the **FPBGA** products, and to identify all **PERSONS** involved in the conception of the **FPBGA** products.

**REQUEST FOR PRODUCTION NO. 34**: All **DOCUMENTS** containing, describing, illustrating, depicting, referring or relating to the names, titles, and/or job responsibilities of any **PERSONS** involved in any manner in the conception, research and development, design, manufacture, engineering, production, marketing, use or sale of the **BGA** products, including but not limited to package types Glob Top, FpBGA, FxBGA, PBGA, and INT-HS BGA.

**REQUEST FOR PRODUCTION NO. 35**: A representative sample of each of **YOUR BGA** products, including but not limited to package types Glob Top, FpBGA, FxBGA, PBGA, and INT-HS BGA.

No. C 03 01514 RS — 10 — DOCSSFO-12342003.2-ETEDESCO

Motorola Inc.'s First Set Of Requests For Production To Plaintiff ASAT Holdings, Ltd. and ASAT, Inc.

**REQUEST FOR PRODUCTION NO. 36**: **DOCUMENTS** sufficient to identify all sales of **YOUR BGA** products.

**REQUEST FOR PRODUCTION NO. 37**: **DOCUMENTS** sufficient to identify all sales of **YOUR BGA** products, including but not limited to package types Glob Top, FpBGA, FxBGA, PBGA, and INT-HS BGA.

**REQUEST FOR PRODUCTION NO. 38**: All **DOCUMENTS** relating to any "patent [or] cross-licensing agreements" between **ASAT** and **MOTOROLA** as stated in **YOUR** Form 20-F Annual Reports for 2001 and 2002 filed with the Securities and Exchange Commission.

**REQUEST FOR PRODUCTION NO.**: All **DOCUMENTS** identified in **YOUR** initial disclosures.

DATED: September 18, 2003.

REED SMITH CROSBY HEAFEY LLP

By _____Kerry Hopkins_____
Kerry Hopkins
Attorneys for Defendant
Motorola, Inc.

No. C 03 01514 RS — - 11 - — DOCSSFO-12342003.2-ETEDESCO

Motorola Inc.'s First Set Of Requests For Production To Plaintiff ASAT Holdings, Ltd. and ASAT, Inc.

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH CROSBY HEAFEY LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111. On September 24, 2003, I served the following document(s) by the method indicated below:

**MOTOROLA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS ASAT HOLDINGS, LTD. AND ASAT, INC.**

☒ by transmitting via facsimile on this date the document(s) listed above to the fax number(s) set forth below. The transmission was reported complete and without error.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope(s) and consigning it to Federal Express for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

Michael A. Ladra, Esq.
James C. Yoon, Esq.
David H. Kramer, Esq.
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
Facsimile: (650) 565-5100

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on September 24, 2003, at San Francisco, California.

_Nancy C. Tuttle_
Nancy C. Tuttle

No. C 03 01514 RS

DOCSSFO-12338329.1-NCTUTTLE

Proof of Service