**EXHIBIT E**

MICHAEL A. LADRA, State Bar No. 64307
DAVID H. KRAMER, State Bar No. 168452
JAMES C. YOON, State Bar No. 177155
THERESA E. NORTON, State Bar No. 193530
RENA CHNG, State Bar No. 209665
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Plaintiff
ASAT INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASAT HOLDINGS, LTD., and ASAT, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MOTOROLA, INC.,<br><br>Defendant. | CASE NO.: C03 01514 RS ARB<br><br>**PLAINTIFF ASAT, INC.'S RESPONSE TO DEFENDANT MOTOROLA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |
| MOTOROLA, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>ASAT HOLDINGS, LTD., ASAT, INC., and QPL INTERNATIONAL HOLDINGS, LTD.,<br><br>Counterdefendants. | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Civil Local Rules of the Northern District, plaintiff and counterdefendant ASAT, Inc. ("ASAT"), by and through its undersigned counsel, hereby responds to defendant and counterclaimant Motorola, Inc.'s ("Motorola") First Set of Requests for Production of Documents and Things ("Document

("Document Requests") to Plaintiffs ASAT Holdings, Ltd. and ASAT, Inc., dated September 18, 2003, as follows:

## GENERAL OBJECTIONS

**GENERAL OBJECTION NO. 1**

ASAT objects to the Document Requests to the extent that they call for the production of documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

**GENERAL OBJECTION NO. 2**

ASAT objects to the Documents Requests on the grounds that they are overbroad and unduly burdensome as they are unconstrained by any time period.

**GENERAL OBJECTION NO. 3**

ASAT objects to the Documents Requests to the extent that they call information that is confidential or proprietary to, or contains the trade secrets of, ASAT or a third party. Each such document request is overly broad, unduly burdensome, oppressive, and seeks to impose obligations beyond those permitted by the Federal Rules of Civil Procedure and/or the Local Civil Rules. To the extent that ASAT produces documents in response to the Document Requests, even if not otherwise subject to objection, ASAT will do so only in accordance with a protective order entered by the Court in this action.

**GENERAL OBJECTION NO. 4**

ASAT objects to each request to the extent it purports to require ASAT to produce documents in violation of a legal or contractual obligation of nondisclosure to a third party. Mentor will not produce such documents without either the consent of the relevant third party or a court order compelling production.

**GENERAL OBJECTION NO. 5**

ASAT objects to the Document Requests to the extent that they call for information, documents, and things protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. To the extent that ASAT produces documents in response to the Document Requests, ASAT will not produce any

document protected by such privileges or immunities, and any inadvertent production or disclosure shall not be deemed to constitute a waiver of any such privilege or immunity. ASAT will prepare and, subject to agreement of counsel, produce a log identifying any materials, otherwise responsive, that have been withheld on grounds of attorney-client privilege or the attorney work product doctrine. ASAT will not, however, list on such log any materials withheld on the basis of attorney-client privilege or the attorney work product doctrine and generated on or after the date on which this litigation commenced with the filing of the complaint.

**GENERAL OBJECTION NO. 6**

ASAT objects to the Document Requests as overbroad and unduly burdensome to the extent that they call for the production of "all" responsive documents. ASAT's responses are based upon a reasonable and good faith search, given the time allocated to ASAT to respond to the Document Requests, of ASAT's facilities and files that could reasonably be expected to contain responsive information. ASAT will produce only those documents in ASAT's possession, custody, or control that ASAT is able to locate pursuant to a search and inquiry using reasonable diligence and judgment concerning the whereabouts of responsive documents.

**GENERAL OBJECTION NO. 7**

ASAT objects to the Document Requests to the extent that they call for production of documents already in the possession, custody, or control of Motorola, or which are available to Motorola, formally or informally, from public or other sources, on the grounds that such Document Requests are unduly burdensome and oppressive.

**GENERAL OBJECTION NO. 8**

ASAT objects to the Document Requests on the grounds that the time and place specified for production is unreasonable. To the extent that ASAT produces documents in response to the Document Requests, ASAT will do so at a time and place mutually agreed upon by the parties. Moreover, ASAT's response that it will produce documents in response to a Document Request does not necessarily mean that responsive documents exist, but instead that ASAT will produce documents if such documents are located.

## GENERAL OBJECTION NO. 9

When ASAT produces documents in response to the Document Requests, ASAT does not concede that the documents requested or produced are relevant to this action. ASAT expressly reserves the right to object to further discovery into the subject matter of the Document Request categories and the introduction into evidence of any document or portion thereof.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. ASAT objects to Motorola's "Definitions" and "Instructions" to the extent that they are inconsistent with or seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and/or the Civil Rules of the Northern District.

2. ASAT objects to the definition of "RELATING TO" on the grounds that it is vague, ambiguous, and overbroad, and renders many of the Document Requests unintelligible. ASAT will construe these Document Requests as seeking documents that "evidence" their respectively described categories.

3. ASAT objects to the definition of "BGA" on the grounds that it is vague, ambiguous, and overbroad. ASAT will construe "BGA" to mean ball grid arrays of the type available at the time when the Immunity Agreement was executed, and similar devices, and to exclude FPBGAs.

## SPECIFIC RESPONSES TO DOCUMENT REQUESTS

Subject to and without waiving or limiting the foregoing General Objections and Objections to Definitions and Instructions, and incorporating them into each and every response to the extent applicable, ASAT responds as follows to the Document Requests:

**DOCUMENT REQUEST NO. 1:**

All contracts or agreements between **YOU** and **DEFENDANT** relating to **BGAs**, including but not limited to drafts of contracts or agreements, and appendices, addenda, or exhibits to any contracts or agreements.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Subject to and without waiving its General Objections, ASAT will produce responsive non-privileged documents to the extent that they exist.

**DOCUMENT REQUEST NO. 2:**

All **DOCUMENTS** relating to the negotiation or drafting of any contracts or agreements between **YOU** and **DEFENDANT** relating to **BGAs**.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Subject to and without waiving its General Objections, ASAT will produce responsive non-privileged documents to the extent that they exist.

**DOCUMENT REQUEST NO. 3:**

All **DOCUMENTS** interpreting or analyzing any contracts or agreements between **YOU** and **DEFENDANT** relating to **BGAs**.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Subject to and without waiving its General Objections, ASAT will produce responsive non-privileged documents to the extent that they exist.

**DOCUMENT REQUEST NO. 4:**

All **DOCUMENTS** relating to any disputes relating to any contracts or agreements between **YOU** and **DEFENDANT** relating to **BGAs**.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Subject to and without waiving its General Objections, ASAT will produce responsive non-privileged documents to the extent that they exist.

**DOCUMENT REQUEST NO. 5:**

All contracts or agreements between **YOU** and **DEFENDANT** relating to **FPBGAs**, including but not limited to drafts of contracts or agreements, and appendices, addenda, or exhibits to any contracts or agreements.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Subject to and without waiving its General Objections, ASAT will produce responsive non-privileged documents to the extent that they exist.

**DOCUMENT REQUEST NO. 6:**

All **DOCUMENTS** relating to the negotiation or drafting of any contracts or agreements between **YOU** and **DEFENDANT** relating to **FPBGAs**.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Subject to and without waiving its General Objections, ASAT will produce responsive non-privileged documents to the extent that they exist.

**DOCUMENT REQUEST NO. 7:**

All **DOCUMENTS** interpreting or analyzing any contracts or agreements between **YOU** and **DEFENDANT** relating to **FPBGAs**.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Subject to and without waiving its General Objections, ASAT will produce responsive non-privileged documents to the extent that they exist.

**DOCUMENT REQUEST NO. 8:**

All **DOCUMENTS** relating to any disputes relating to any contracts or agreements between **YOU** and **DEFENDANT** relating to **FPBGAs**.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Subject to and without waiving its General Objections, ASAT will produce responsive non-privileged documents to the extent that they exist.

**DOCUMENT REQUEST NO. 9:**

All **DOCUMENTS** relating to the negotiation or drafting of any the **IMMUNITY AGREEMENT**, including any amendments, addenda, appendices, addenda, or exhibits to the **IMMUNITY AGREEMENT**.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Subject to and without waiving its General Objections, ASAT will produce responsive non-privileged documents.

**DOCUMENT REQUEST NO. 10:**

All **COMMUNICATIONS** between **ASAT** and **QPL** relating to the **IMMUNITY AGREEMENT**.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Subject to and without waiving its General Objections, ASAT will produce responsive non-privileged documents.

**DOCUMENT REQUEST NO. 11:**

All **COMMUNICATIONS** between **ASAT** and **QPL** relating to **BGAs** or **FPBGAs**.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

In addition to the General Objections, ASAT objects to this Document Request on the grounds that it is overbroad, unduly burdensome, and seeks production of documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 12:**

All **COMMUNICATIONS** between **ASAT** and **QPL** relating to **DEFENDANT**.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Subject to and without waiving its General Objections, ASAT will produce responsive non-privileged documents.

**DOCUMENT REQUEST NO. 13:**

All contracts or agreements between ASAT and QPL relating to the **IMMUNITY AGREEMENT** or any amendment or addenda thereto, including but not limited to drafts of contracts or agreements, and appendices, addenda, or exhibits to any contracts or agreements.

ASAT HOLDINGS' RESPONSE TO MOTOROLA'S -7- C:\NrPortbl\PALIB1\RC8\2347904_1.DOC
FIRST SET OF DOCUMENT REQUESTS
CASE NO. C03 01514 RS ARB

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Subject to and without waiving its General Objections, ASAT will produce responsive non-privileged documents.

**DOCUMENT REQUEST NO. 14:**

All contracts or agreements between **ASAT** and **QPL** relating to **BGAs** or **FPBGAs**, including but not limited to drafts of contracts or agreements, and appendices, addenda, or exhibits to any contracts or agreements.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

In addition to the General Objections, ASAT objects to this Document Request on the grounds that it is overbroad, unduly burdensome, and seeks production of documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 15:**

All contracts or agreements between **ASAT** and **QPL** relating to **DEFENDANT**, including but not limited to drafts of contracts or agreements, and appendices, addenda, or exhibits to any contracts or agreements.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Subject to and without waiving its General Objections, ASAT will produce responsive non-privileged documents.

**DOCUMENT REQUEST NO. 16:**

All **DOCUMENTS** relating to the formation of ASAT Holdings, Ltd.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

In addition to the General Objections, ASAT objects to this Document Request to the extent that it is overbroad, vague, and ambiguous. ASAT will produce documents sufficient to show the assets transferred by QPL to ASAT Holdings, Ltd. in the October 1999 transaction by which ASAT Holdings, Ltd was formed. ASAT will also produce documents sufficient to show the transfer or assignment by QPL to ASAT of any agreement between QPL and Motorola, at any time.

**DOCUMENT REQUEST NO. 17:**

All **DOCUMENTS** relating to the transfer of assets from **QPL** to **ASAT**.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

In addition to the General Objections, ASAT objects to this Document Request to the extent that it is overbroad, vague, and ambiguous. ASAT will produce documents sufficient to show the assets transferred by QPL to ASAT Holdings, Ltd. in the October 1999 transaction by which ASAT Holdings, Ltd was formed. ASAT will also produce documents sufficient to show the transfer or assignment by QPL to ASAT of any agreement between QPL and Motorola, at any time.

**DOCUMENT REQUEST NO. 18:**

All contracts or agreements between **ASAT** and **QPL** relating to the formation of ASAT, Holdings, Ltd., including but not limited to drafts of contracts or agreements, and appendices, addenda, or exhibits to any contracts or agreements.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

Subject to and without waiving its General Objections, ASAT will produce responsive non-privileged documents.

**DOCUMENT REQUEST NO. 190 [sic, 19]:**

All **DOCUMENTS** relating to **YOUR** contention that **DEFENDANT** was aware that **QPL** was selling **FPBGA** products.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Subject to and without waiving its General Objections, ASAT will produce responsive non-privileged documents.

**DOCUMENT REQUEST NO. 201 [sic, 20]:**

All **DOCUMENTS** relating to any purchase of **FPBGA** products by **DEFENDANT** from **QPL**.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Subject to and without waiving its General Objections, ASAT will produce responsive non-privileged documents.

**DOCUMENT REQUEST NO. 22 [sic, 21]:**

All **DOCUMENTS** relating to **YOUR** contention that **DEFENDANT** was aware that ASAT was selling **FPBGA** products.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

Subject to and without waiving its General Objections, ASAT will produce responsive non-privileged documents.

**DOCUMENT REQUEST NO. 23 [sic, 22]:**

All **DOCUMENTS** relating to any purchase of **FPBGA** products by **DEFENDANT** from ASAT.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

Subject to and without waiving its General Objections, ASAT will produce responsive non-privileged documents.

**DOCUMENT REQUEST NO. 24 [sic, 23]:**

All **DOCUMENTS** relating to **YOUR** performance under the **IMMUNITY AGREEMENT**.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

In addition to the General Objections, ASAT objects to this Document Request on the grounds that it is vague to the extent it assumes that there was performance under the Immunity Agreement, which ASAT denies. Subject to and without waiving these objections, ASAT will produce non-privileged documents reflecting the payment of royalties on BGA sales to Motorola.

**DOCUMENT REQUEST NO. 25 [sic, 24]:**

All **DOCUMENTS** relating any royalties paid by **YOU** to **DEFENDANT**.

ASAT HOLDINGS' RESPONSE TO MOTOROLA'S
FIRST SET OF DOCUMENT REQUESTS
CASE NO. C03 01514 RS ARB                    -10-                    C:\NrPortbl\PALIB1\RC8\2347904_1.DOC

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

Subject to and without waiving its General Objections, ASAT will produce responsive non-privileged documents.

**DOCUMENT REQUEST NO. 26 [sic, 25]:**

All **DOCUMENTS** relating to any requests or attempts by **DEFENDANT** to collect royalties from **YOU**.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

Subject to and without waiving its General Objections, ASAT will produce responsive non-privileged documents.

**DOCUMENT REQUEST NO. 27 [sic, 26]:**

All **DOCUMENTS** relating to any audit of **YOU** by **DEFENDANT**.

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

Subject to and without waiving its General Objections, ASAT will produce responsive non-privileged documents.

**DOCUMENT REQUEST NO. 28 [sic, 27]:**

All **COMMUNICATIONS** between **YOU** and **DEFENDANT**.

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

Subject to and without waiving its General Objections, ASAT will produce responsive non-privileged documents.

**DOCUMENT REQUEST NO. 29 [sic, 28]:**

All **COMMUNICATIONS** between **YOU** and any third party relating to **DEFENDANT**.

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

Subject to and without waiving its General Objections, ASAT will produce responsive non-privileged documents.

**DOCUMENT REQUEST NO. 30 [sic, 29]:**

All **COMMUNICATIONS** between **YOU** and any third party relating to the **IMMUNITY AGREEMENT**.

**RESPONSE TO DOCUMENT REQUEST NO. 29:**

Subject to and without waiving its General Objections, ASAT will produce responsive non-privileged documents.

**DOCUMENT REQUEST NO. 31 [sic, 30]:**

All **DOCUMENTS** relating to patents or patent rights held by **DEFENDANT**.

**RESPONSE TO DOCUMENT REQUEST NO. 30:**

In addition to the General Objections, ASAT objects to this Document Request to the extent that it is overbroad and unduly burdensome, and seeks production of documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 32 [sic, 31]:**

All **DOCUMENTS** relating to any comparison between **BGAs** and **FPBGAs**.

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

Subject to and without waiving these objections, ASAT will produce responsive non-privileged documents.

**DOCUMENT REQUEST NO. 33 [sic, 32]:**

All **DOCUMENTS** relating to the conception of **ASAT's FPBGA** products, including but not limited to, all **DOCUMENTS** sufficient to identify the date of conception of any of the **FPBGA** products, and to identify all **PERSONS** involved in the conception of the **FPBGA** products.

**RESPONSE TO DOCUMENT REQUEST NO. 32:**

In addition to the General Objections, ASAT objects to this Document Request to the extent that it is overbroad and unduly burdensome, and seeks production of documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the

discovery of admissible evidence. In addition, ASAT objects to this Document Request to the extent that it is vague and ambiguous with respect to conception and ASAT.

**DOCUMENT REQUEST NO. 34 [sic, 33]:**

All **DOCUMENTS** containing, describing, illustrating, depicting, referring or relating to the names, titles, and/or job responsibilities of any **PERSONS** involved in any manner in the conception, research and development, design, manufacture, engineering, production, marketing, use or sale of the **BGA** products, including but not limited to package types Glob Top, FpBGA, FxBGA, PBGA, and INT-HS BGA.

**RESPONSE TO DOCUMENT REQUEST NO. 33:**

In addition to the General Objections, ASAT objects to this Document Request to the extent that it is overbroad and unduly burdensome, and seeks production of documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. ASAT further objects to the vague, ambiguous, and overbroad use of the term "BGA products" to include package types Glob Top, FpBGA, FxBGA, PBGA, and INT-HS BGA.

**DOCUMENT REQUEST NO. 35 [sic, 34]:**

A representative sample of each of **YOUR BGA** products, including but not limited to package types Glob Top, FpBGA, FxBGA, PBGA, and INT-HS BGA.

**RESPONSE TO DOCUMENT REQUEST NO. 34:**

In addition to the General Objections, ASAT objects to the vague, ambiguous, and overbroad use of the term "BGA products" to include package types Glob Top, FpBGA, FxBGA, PBGA, and INT-HS BGA. Subject to and without waiving these objections, ASAT will produce responsive representative samples of its BGA, Glob Top, FpBGA, PxBGA, PBGA, and INT-HS-BGA products.

**DOCUMENT REQUEST NO. 36 [sic, 35]:**

**DOCUMENTS** sufficient to identify all sales of **YOUR BGA** products.

**RESPONSE TO DOCUMENT REQUEST NO. 35:**

In addition to the General Objections, ASAT objects to this Document Request on the grounds that it is vague and ambiguous as to the term "identify." Subject to and without waiving these objections, ASAT will produce documents sufficient to show sales by ASAT of BGA and FPBGA products from October 31, 1999 through April 8, 2003.

**DOCUMENT REQUEST NO. 37 [sic, 36]:**

**DOCUMENTS** sufficient to identify all sales of **YOUR BGA** products, including but not limited to package types Glob Top, FpBGA, FxBGA, PBGA, and INT-HS BGA.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

In addition to the General Objections, ASAT objects to the vague, ambiguous, and overbroad use of the term "BGA products" to include package types Glob Top, FpBGA, FxBGA, PBGA, and INT-HS BGA. Subject to and without waiving these objections, ASAT will produce documents sufficient to show total sales by ASAT of BGA, Glob Top, FpBGA, FxBGA, PBGA, and INT-HS BGA products, from October 31, 1999 through April 8, 2003.

**DOCUMENT REQUEST NO. 38 [sic, 37]:**

All **DOCUMENTS** relating to any "patent [or] cross-licensing agreements" between **ASAT** and **MOTOROLA** as stated in **YOUR** Form 20-F Annual Reports for 2001 and 2002 filed with the Securities and Exchange Commission.

**RESPONSE TO DOCUMENT REQUEST NO. 37:**

Subject to and without waiving its General Objections, ASAT will produce responsive non-privileged documents.

**DOCUMENT REQUEST NO. [sic, 38]:**

All **DOCUMENTS** identified in **YOUR** initial disclosures.

**RESPONSE TO DOCUMENT REQUEST NO. 38:**

Subject to and without waiving its General Objections, ASAT will produce responsive non-privileged documents.

Dated: November 10, 2003

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____
Rena Chng

Attorneys for plaintiff and counterdefendant
ASAT Holdings Ltd.

# CERTIFICATE OF SERVICE

I, Laura Montoya, declare:

I am employed in Santa Clara County, State of California. I am over the age of 18 years and not a party to the within action. My business address is Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, California 94304-1050.

On this date, I served:

1. **PLAINTIFF ASAT, INC.'S RESPONSE TO DEFENDANT MOTOROLA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

☒ By placing the document(s) in a sealed envelope for collection and mailing with the United States Postal Service on this date to the following person(s):

Morgan W. Tovey
Kerry Hopkins
Reed Smith Crosby Heafey LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111

Terence N. Hawley
Reed Smith Crosby Heafey LLP
1999 Harrison Street
Oakland, CA 94612-3572

Philip McLeod, Esq.
John D. Giffin, Esq.
Keesal, Young & Logan
Four Embarcadero Center, Suite 1500
San Francisco, CA 94111

I am readily familiar with Wilson Sonsini Goodrich & Rosati's practice for collection and processing of documents for delivery according to instructions indicated above. In the ordinary course of business, documents would be handled accordingly.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Palo Alto, California on November 10, 2003.

*Laura Montoya*
Laura Montoya

PROOF OF SERVICE

2362172_1.DOC