| | |
|---|---|
| 1 | Bingham McCutchen LLP<br>TERRY J. HOULIHAN (SBN 42877) |
| 2 | NORA CREGAN (SBN 157263)<br>GEOFFREY T. HOLTZ (SBN 191370) |
| 3 | Three Embarcadero Center<br>San Francisco, CA 94111-4067 |
| 4 | Telephone: (415) 393-2000<br>Facsimile: (415) 393-2286 |
| 5 | |
| 6 | BAKER BOTTS LLP<br>J. GREGORY COPELAND<br>J. MICHAEL BALDWIN |
| 7 | One Shell Plaza<br>910 Louisiana Street |
| 8 | Houston, Texas 77002-4995<br>Telephone: 713-229-1234 |
| 9 | |
| 10 | Attorneys for Defendants<br>Reliant Energy Services, Inc., Reliant Energy Power<br>Generation, Inc., Reliant Energy Coolwater, Inc., |
| 11 | Reliant Energy Ellwood, Inc., Reliant Energy Etiwanda,<br>Inc., Reliant Energy Mandalay, Inc., and Reliant Energy |
| 12 | Ormond Beach, Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| 18 | PEOPLE OF THE STATE OF CALIFORNIA,<br>EX REL. BILL LOCKYER, ATTORNEY | No. C 02-1788 VRW |
| 19 | GENERAL OF THE STATE OF CALIFORNIA,<br>ET AL., | DEFENDANTS' EVIDENTIARY<br>OBJECTIONS TO THE |
| 20 | Plaintiffs, | DECLARATION OF ROBERT J.<br>REYNOLDS REGARDING CERTAIN |
| 21 | v. | ACTIONS BY RELIANT IN JUNE 2000 |
| 22 | RELIANT ENERGY, INC., et al, | Date: September 17, 2004<br>Time: 2:00 p.m. |
| 23 | Defendants. | Place: Courtroom 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker |

DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ROBERT J. REYNOLDS
REGARDING CERTAIN ACTIONS BY RELIANT IN JUNE 2000

SF/21578002.1

Defendants Reliant Energy Services, Inc., Reliant Energy Power Generation, Inc., Reliant Energy Coolwater, Inc., Reliant Energy Ellwood, Inc., Reliant Energy Etiwanda, Inc., Reliant Energy Mandalay, Inc., and Reliant Energy Ormond Beach, Inc (collectively, "Reliant") hereby object to the following testimony submitted by Plaintiffs People of California ex rel. Bill Lockyer, Attorney General, the Department of Water Resources, and the State of California (collectively, "Plaintiffs," "the Attorney General," or "the AG").

| STATEMENT | REASON FOR OBJECTION |
|---|---|
| (1) Paragraph 5:<br><br>Specifically, I have used the following data:<br>• Metered generation data by unit by hour provided by the California Independent System Operator (CAISO). | 1. Unreliable. Fed. R. Evid. 702. The federal rules require that expert opinions be based on "sufficient facts or data." Fed. R. Evid. 702. The ISO metered generation data that Dr. Reynolds relies on is not reliable, and Dr. Reynolds should rely instead on the reliable generation data that Reliant itself provided in discovery. To the extent that Dr. Reynolds testimony is based on this unreliable ISO metered generation data, it should be excluded. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993) ("Proposed testimony must be supported by appropriate validation—i.e. "good grounds" based on what is known."). |
| (2) Paragraph 9, n.16<br><br>These conclusions also hold when I focus only on the hours when Reliant's capacity was economic to have been run (i.e., when the real time price was at or above the estimated marginal cost for the unit.). | 1. Unreliable. Fed R. Evid. 702. Dr. Reynolds does not show, as the federal rules require, that this conclusion is the product of a reliable scientific method, based on reliable facts or data. Dr. Reynolds does not state what he considers the real time price to have been for any of the hours in question, what he considers the marginal cost of any of Reliant's units to have been, or whether he took into consideration start-up costs, ramp rates, environmental limitations, or opportunity costs associated with run-time limited units in reaching this determination. This conclusory statement is therefore inadmissible. *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) (opinion evidence based only on the *ipse dixit* of the expert is not admissible). |
| (3) Paragraph 11:<br><br>Finally, I note that this episode illustrates two | 1. Unreliable. Fed. R. Evid. 702. In this paragraph, Dr. Reynolds characterizes his testimony as "withholding analysis" and his results as "withholding totals." Reliant objects |

| STATEMENT | REASON FOR OBJECTION |
|---|---|
| of the areas of conservatism in my withholding analysis. First, in my withholding analysis I treated all outages reported by the California Generators to be "legitimate" in the sense that they did not represent withholding. Thus, to the extent that Reliant elected to perform "discretionary maintenance" on certain units on the two days in question, as FERC alleged, and Reliant reported corresponding outages for those units, my analysis may understate withholding. Second, in my withholding analysis I also treated all reserve shutdowns taken by the California Generators as "legitimate." Certain Reliant units that were not run at all on June 21-22, 2000 were classified as reserve shutdowns in my withholding analysis. Hence, the shutdown of those units on those days was not included in my withholding totals when, in fact, such shutdowns may have represented withholding. | to any testimony that the generation levels that Dr. Reynolds has testified about on June 21 and 22, 2000, constituted "withholding." Nothing in Dr. Reynolds testimony supports the conclusion that it would have been economic for Reliant to run the units at the times in question. Any conclusion that Reliant "withheld" generation therefore is not based on "reliable principles and methods." Fed. R. Evid. 702. |

DATED: August 26, 2004

Bingham McCutchen LLP

By: /s/ Geoffrey T. Holtz
Geoffrey T. Holtz
Attorneys for Defendants
Reliant Energy Services, Inc., Reliant Energy Power Generation, Inc., Reliant Energy Coolwater, Inc., Reliant Energy Ellwood, Inc., Reliant Energy Etiwanda, Inc., Reliant Energy Mandalay, Inc., and Reliant Energy Ormond Beach, Inc.

DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ROBERT J. REYNOLDS REGARDING CERTAIN ACTIONS BY RELIANT IN JUNE 2000

3

SF/21578002.1