| | |
|---|---|
| 1 | Steven M. Fink, Esq. (Bar No. 47789) |
| | **MESIROW, FINK, EISENHART & DAWSON** |
| 2 | A PROFESSIONAL ASSOCIATION INCLUDING A PARTNERSHIP |
| | 10 Almaden Boulevard, Suite 400 |
| 3 | San Jose, California 95113-2226 |
| | Tel: (408) 288-8100 |
| 4 | Fax: (408) 288-9409 |
| 5 | Attorneys for Plaintiff, ALAN JOHNSON |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ALAN JOHNSON, | **CASE NO. C 02 0441 JW** |
| Plaintiff, | **PLAINTIFF'S REPLY IN SUPPORT OF CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| vs. | |
| COUNTY OF SANTA CRUZ, DISTRICT ATTORNEY KATHRYN CANLIS, in her official capacity, | Date: September 13, 2004<br>Time: 9:00 a.m.<br>Judge: James Ware<br>Courtroom: 8 |
| Defendants. | |

Mesirow & Fink

**Case No. C 02 0441 JW**
**PLAINTIFF'S REPLY RE CROSS-MOTION SJ**
P:\JOHNSON, ALAN\PLEADINGS\REPLY RE CROSS-MOTION FOR SJ-3.wpd

i

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

**POINT 1**

**FOR THE MOST PART, THE COUNTY SEEMS TO HAVE IGNORED THE PAPERS AND EVIDENCE FILED BY MR. JOHNSON IN HIS OPPOSITION TO THE S/J MOTION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**POINT 2**

**THE COUNTY, IN EFFECT, PRETENDS THAT *CANLIS I* DOES NOT EXIST; AND THUS, IT TACITLY CONCEDES THAT THE ISSUES THEREIN ARE PRECLUDED HEREIN.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**POINT 3**

**THE TESTIMONY OF DANIA TORRES WONG IS INADMISSIBLE TO PROVE LACK OF CUSTOM OR PRACTICE OR VIRTUALLY ANYTHING ELSE.** . . . 2

**POINT 4**

**AS A MATTER OF LAW AND THE PRIOR ADMISSIONS OF THE COUNTY, MS. CANLIS WAS THE FINAL POLICYMAKER FOR THE COUNTY IN DEALING WITH HER INVESTIGATIVE STAFF AND/OR THE BOARD DELEGATED THOSE RESPONSIBILITIES TO MS. CANLIS** . . . . . . . . . . . . . 3

**POINT 5**

**MR. JOHNSON HAS PRESENTED UNDISPUTED EVIDENCE, INCLUDING ADMISSIONS IN *CANLIS I*, THAT THE BOARD FIRED MR. JOHNSON AND/OR PARTICIPATED IN THE DECISION AND/OR IT RATIFIED HIS TERMINATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**POINT 6**

**BY ITS AVOIDING THE SUBJECT, THE COUNTY CONCEDES THAT IT IS LIABLE TO MR. JOHNSON UNDER THE FOURTH CLAIM FOR RELIEF FOR VIOLATION OF THE DUE PROCESS PROVISIONS OF ARTICLE I, §7 OF THE CALIFORNIA CONSTITUTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**POINT 7**

**THE ARGUMENT THAT MR. JOHNSON IS ENTITLED TO ONLY NOMINAL DAMAGES IS IRRELEVANT TO LIABILITY UNDER THE THIRD AND FOURTH CLAIMS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Mesirow & Fink

**Case No. C 02 0441 JW**
**PLAINTIFF'S REPLY RE CROSS-MOTION SJ**
P:\JOHNSON, ALAN\PLEADINGS\REPLY RE CROSS-MOTION FOR SJ-3.wpd

ii

# TABLE OF AUTHORITIES

**Federal Cases**

(9th Cir. 2001) 253 F.3d 410, 419 .................................. 9

*Christie v. Iopa* (9th Cir. 1999) 176 F.3d 1231, 1235 ........................... 3, 8, 9

*Cleveland v. Policy Management Systems Corp.* (1999) 526 U.S. 795, 807, 119 S.Ct. 1597, 1604 . 5

*Donohoe v. Consolidated Operating & Production Corp.* (7th Cir. 1992) 982 F.2d 1130, 1136, fn.4 5

*Fair Housing Council of Riverside County, Inc. v. Riverside Two* (9th Cir. 2001) 249 F.3d 1132, 1137 7

*Henry v. County of Shasta* (9th Cir. 1997) 132 F.3d 512, 518 ...................... 9

*Hitt v. Connell* (5th Cir. 2002) 301 F.3d 240, 248 ............................... 4

*Kennedy v. Allied Mut. Ins. Co.* (9th Cir. 1991) 952 F.2d 262, 266 .................. 5

*McRorie v. Shimoda* (9th Cir. 1986) 795 F.2d 780, 784 .......................... 9

*Rhodes v. Robinson* (9th Cir., Aug. 19, 2004, No. 03-15335) 2004 WL 1852892, *4 ........ 7

*Ulrich v. City and County of San Francisco* (9th Cir. 2002) 308 F.3d 968, 986 ............. 3

*Vanelli v. Reynolds School Dist. No. 7* (9th Cir. 1982) 667 F.2d 773, 780 ................ 10

*Williams v. Wilkinson* (S.D. Ohio 2000) 122 F.Supp.2d 894, 904 ..................... 9

**State Cases**

*Dibb v. County of San Diego* (1994) 8 Cal.4th 1200, 1209, fn.4 ....................... 4

*Hicks v. Board of Supervisors* (1977) 69 Cal.App.3d 228, 242-44 ..................... 4

*Katzberg v. Regents of University of California* (2002) 29 Cal.4th 300, 307 ............... 10

**Federal Statutes**

42 U.S.C. §1983 ........................................................ 3, 10

**California Constitution**

California Constitution, Article 1, §7 ......................................... 10

California Constitution, Article 11, §7 ........................................ 4

**Federal Rules**

Fed. R. Civ. P. 37(c)(1) .................................................... 2

Fed. R. Evid. 801(d)(2) .................................................... 9

Mesirow & Fink

**Case No. C 02 0441 JW**
**PLAINTIFF'S REPLY RE CROSS-MOTION SJ**
P:\JOHNSON, ALAN\PLEADINGS\REPLY RE CROSS-MOTION FOR SJ-3.wpd

iii

# POINT 1

## FOR THE MOST PART, THE COUNTY SEEMS TO HAVE IGNORED THE PAPERS AND EVIDENCE FILED BY MR. JOHNSON IN HIS OPPOSITION TO THE S/J MOTION.

**First**, in evaluating Mr. JOHNSON's within Cross-Motion for Summary Judgment ("CROSS-MOTION"),[1] the entirety of the motion along with the entirety of the moving and opposing papers in the S/J MOTION should be considered by the Court and the parties [*Fair Housing Council of Riverside County, Inc. v. Riverside Two* (9th Cir. 2001) 249 F.3d 1132, 1137 ("That is, a simultaneous cross-motion is another means to bring to the district court's attention a controversy over the facts.")].[2]

**Second,** the "Defendants Opposition To Plaintiff's Cross-Motion. . ." ("COUNTY OPP.") virtually ignores all the facts and the law set forth in the OPP. PAPERS, including the OPP. MEMO, Mr. JOHNSON's declaration, the Evidentiary Objections filed by Mr. JOHNSON and the Requests for Judicial Notice. As the OPP. PAPERS were specifically incorporated by reference in the CROSS-MOTION [*id.* at 1-2], this stratagem implies that the COUNTY concedes these issues.

# POINT 2

## THE COUNTY, IN EFFECT, PRETENDS THAT *CANLIS I* DOES NOT EXIST; AND THUS, IT TACITLY CONCEDES THAT THE ISSUES THEREIN ARE PRECLUDED HEREIN.

**First**, the COUNTY ignores the fact that it lost *Canlis I* and the issue preclusion arguments, except to recharacterize those arguments as an improper motion *in limine* [*compare* COUNTY OPP. at 1:12-14; 5:19-28; 6-7:1-21 *with* OPP. MEMO at 9:11-28; 10-11:1-2 *and*

---

[1] The COUNTY is correct in its observation that the CROSS-MOTION is addressed to the Third and Fourth Claims For Relief, and that the Complaint does not specifically allege an equal protection claim, even though Mr. JOHNSON contends that it is implied from the facts.

[2] Mr. JOHNSON will therefore refer to and incorporate such moving papers already filed in the CROSS-MOTION and in the Opposition to the S/J MOTION, including the abbreviations and acronyms cited therein.

Mesirow & Fink

**Case No. C 02 0441 JW**
**PLAINTIFF'S REPLY RE CROSS-MOTION SJ**
P:\JOHNSON, ALAN\PLEADINGS\REPLY RE CROSS-MOTION FOR SJ-3.wpd

1

1 CROSS-MOTION at 4-5:1-3]. By its thundering silence, Mr. JOHNSON assumes that the COUNTY concedes the obvious: the issues litigated in *Canlis I* are now precluded as a matter of law, including potential defenses.

**Second**, in the CROSS-MOTION, Mr. JOHNSON demonstrates that the COUNTY has no affirmative defenses to the due process claims, including the averment that the COUNTY could have fired Mr. JOHNSON "for cause," because the COUNTY failed to pursue that defense or claim in *Canlis I* [OPP. MEMO at 2:27; 28:1-6; 11:6-21]. Instead of dealing with the facts and law cited, including prior and current admissions of the COUNTY, it simply tautologically argues that such issue preclusion amounts to an impermissible motion *in limine* [COUNTY OPP. at 5:19-28; 6-7:1-21]. The COUNTY never explains the basis for the global assertion that a preclusion of evidence is not applicable to a motion for summary judgment, particularly where the doctrine of issue preclusion applies [*cf.* Fed. R. Civ. P. 37(c)(1)].

## POINT 3

**THE TESTIMONY OF DANIA TORRES WONG IS INADMISSIBLE TO PROVE LACK OF CUSTOM OR PRACTICE OR VIRTUALLY ANYTHING ELSE**.

**First**, the COUNTY ignores the "Objections of Plaintiff, Alan Johnson, in Opposition to Motion for Summary Judgment" interposed to, *inter alia*, the legal conclusions contained in the Torres Wong Declaration. Therefore, aside from the ordinances which the Court may judicially notice, the COUNTY has no evidence to support the suppositions and the legal conclusions contained therein, including the assertion that Ms. CANLIS was not a final policymaker [COUNTY OPP. at 14:7-14]. Moreover, neither those ordinances nor, more importantly, California law support the conclusion that Ms. CANLIS was not the final policymaker [OPP. MEMO at 2:15-25; 3-6:1-25; *see infra*].

**Second**, a kindred point: the COUNTY argues that Mr. JOHNSON concedes that the COUNTY has no custom or policy to violate anybody's civil rights [COUNTY OPP. at 10:22-26]. Not quite: Mr. JOHNSON has now presented unrefuted evidence that the

Mesirow & Fink

**Case No. C 02 0441 JW**
**PLAINTIFF'S REPLY RE CROSS-MOTION SJ**
P:\JOHNSON, ALAN\PLEADINGS\REPLY RE CROSS-MOTION FOR SJ-3.wpd

2

1 BOARD and Ms. CANLIS fired Mr. JOHNSON and that, under California law, Ms. CANLIS
2 was a final policymaker, which such evidence includes the myriad admissions contained in the
3 Appellate Transcript in *Canlis I* and the **COUNTY's answers to interrogatories herein**
4 [OPP. MEMO at 2:15-25; 3-9:1-9; *see infra.*].

## POINT 4

### AS A MATTER OF LAW AND THE PRIOR ADMISSIONS OF THE COUNTY, MS. CANLIS WAS THE FINAL POLICYMAKER FOR THE COUNTY IN DEALING WITH HER INVESTIGATIVE STAFF; AND/OR THE BOARD DELEGATED THOSE RESPONSIBILITIES TO MS. CANLIS.

The COUNTY states that Mr. JOHNSON has not presented any evidence that Ms. CANLIS had final policy making authority [COUNTY OPP. at 14:20-24]. That proposition is incorrect.

**First**, as set forth in the OPP. MEMO at 2:18-24 (*citing Christie v. Iopa* (9th Cir. 1999) 176 F.3d 1231, 1235-1236, 1238-40), the relevant standards by which the Court may assess §1983 liability against the COUNTY are: (1) the person causing the violation has final policymaking authority; or (2) there has been a **delegation** from the final policymaker which is not subject to meaningful review; or (3) the final policymaker **ratified** a subordinate's actions, which, ordinarily, ratification is a question for the jury; or (4) the final policymaker was **deliberately indifferent** to even a single unconstitutional act. And, contrary to the assertions of the COUNTY [COUNTY OPP. at 9, fn. 4], there is nothing in *Ulrich* to conclude that the fourth prong of deliberate indifference has been abrogated [*Ulrich v. City and County of San Francisco* (9th Cir. 2002) 308 F.3d 968, 984-85 ("There are, however, two other routes available for a plaintiff to establish the liability of municipal defendants:. . . or (2) by showing that an official with final policymaking authority **either delegated** that authority to, **or ratified** the decision of, a subordinate.") (Emphasis added; and citations omitted.)].

**Second**, the COUNTY ignores the proposition set forth in the OPP. MEMO [*id.* at 3:1-2], that under **state law**, the DISTRICT ATTORNEY has independent rights and responsibilities with which the BOARD cannot interfere, even if they touch upon employment

Mesirow & Fink

matters, **particularly when it comes to the investigators for the office**:

> The board of supervisors has no inherent powers; the counties are legal subdivisions of the state, and the county board of supervisors can exercise only those powers expressly granted it by Constitution or statutes and those necessarily implied therefrom . . .[T]**he board has no power to itself appoint deputies or assistants to the district attorney**. . . . [T]he board has **no power to perform county officer's statutory duties for them or direct the manner in which duties are performed**. . .[T]he board may not, by failing to appropriate funds, prevent the district attorney from incurring necessary expenses for crime detection as county charges.
>
> . . . .[¶¶]
>
> . . . .[T]he appellant board proceeded in excess of its jurisdiction in attempting to transfer the **control of the district attorney's investigative functions from the district attorney to the sheriff**.

[*Hicks v. Board of Supervisors* (1977) 69 Cal.App.3d 228, 242-44 (Emphasis added and citations omitted.); *Dibb v. County of San Diego* (1994) 8 Cal.4th 1200, 1209, fn.4 ("**[T]he board of supervisors does not have the power to perform the county officers' statutory duties for them or direct the manner in which the duties are performed**.") (Emphasis added; bracket material added; internal quotation marks and citation omitted].

**Third**, contrary to the assertions of the COUNTY [COUNTY OPP. at 12:20-28; 13-14: 1-24], nothing in the ordinances cited by the COUNTY definitively states that the BOARD is the final policymaker when it comes to Ms. CANLIS' investigative staff--only that, subject to the approval of the BOARD, the CSC shall prescribe rules, etc. for all employees [*Hitt v. Connell* (5th Cir. 2002) 301 F.3d 240, 248 ("But the mere authority to review an employment decision is not decisive. The commission became involved as an adjudicative tribunal after Hitt chose to appeal his notice of termination. Its task was to review Constable Connell's decision for conformity with applicable law and regulations, **not to initiate Connell's action or generally superintend Connell's employment practices.**") (Emphasis added.)]. Moreover, even if the ordinances etched in stone that the BOARD was the final policymaker with regard to the DISTRICT ATTORNEY's hiring and firing of her investigative staff, it would illegally preempt and contradict state law [Cal. Const., art. 11, §7 ("A county or city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations **not** in

**Case No. C 02 0441 JW**
**PLAINTIFF'S REPLY RE CROSS-MOTION SJ**
P:\JOHNSON, ALAN\PLEADINGS\REPLY RE CROSS-MOTION FOR SJ-3.wpd

4

conflict with general laws.") (Emphasis added); *see ante*].

**Fourth**, the COUNTY ignores the fact that in its verified answers to interrogatories it told an entirely different story–over and over–about the scope of authority and policy making of the DISTRICT ATTORNEY in making this and other employment decisions about her staff [OPP. MEMO at 3:22-24; *see e.g.*, Fink Decl. Ex. K, Response to Interrog. 1 ("The District Attorney **may chose her management employees** and may organize her office and allocate personnel in any legitimate way **in furtherance of her duty to prosecute crime** on behalf of the people of the State of California.") (Emphasis added.)]. In the Response to Interrogatory 4 when asked about the Fifth Affirmative Defense that "Defendants acted. . .**in accordance with Defendants' policies and procedures**" [Fink Decl. Ex. K at 4:11-26 (Emphasis added.)], the COUNTY reaffirmed that it was part of the COUNTY's policies and procedures that "The District Attorney **may chose her management employees** and may organize her office and allocate personnel in any legitimate way **in furtherance of her duty to prosecute crime** on behalf of the people of the State of California." [*id.* at 4:22-25]. When asked about the Sixth Affirmative Defense, that their actions were motivated by non-discriminatory reasons, the COUNTY gave the same answer [Response 5; Fink Decl. Ex. K at 4:27-28; 5:13]. When asked about its Seventh Affirmative Defense, that it did not act unconstitutionally, the COUNTY gave the same answer [Response 6; Fink Decl. Ex. K at 5:14-27]. When asked about its Sixteenth Affirmative Defense, that it fired Mr. JOHNSON for non-political reasons, the COUNTY gave the same answer [Response 12; Fink Decl. Ex. K at 8:6-20]. The COUNTY cannot escape its prior admissions just to avoid summary judgment [*Kennedy v. Allied Mut. Ins. Co.* (9th Cir. 1991) 952 F.2d 262, 266 ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.") (Citations omitted.); *Donohoe v. Consolidated Operating & Production Corp.* (7th Cir. 1992) 982 F.2d 1130, 1136, fn.4. ("The district court did not consider this affidavit, because it contradicted Cole's earlier responses to an **interrogatory.**") (Emphasis added.)]. And, this is equally true for inconsistent legal conclusions [*Cleveland v. Policy Management Systems Corp.* (1999)

526 U.S. 795, 807, 119 S.Ct. 1597, 1604 ("[W]e believe that a similar insistence upon explanation is warranted here, where the conflict involves a legal conclusion.")].

**Fifth**, the COUNTY ignores the fact that in *Canlis I* the **COUNTY, through its lawyers,** the COUNTY COUNSEL, argued that **Ms. CANLIS had independent standing** to pursue the Writ of Mandate to the Santa Cruz Superior Court and then to pursue the subsequent appeal to the Sixth Appellate District [OPP. MEMO at 4:3-13].

**Sixth,** the COUNTY ignores the fact that in *Canlis I* the COUNTY admitted that the COUNTY and Ms. CANLIS were synonymous [OPP. MEMO at 4:14-26; 15:1-3]; and indeed, during the Administrative Hearing of March 6, 2002, the COUNTY COUNSEL represented, on the record to the CSC, that there was no distinction between her representation of the DISTRICT ATTORNEY and the COUNTY [OPP. MEMO at 4:23-26].

**Seventh,** the COUNTY ignores the fact that in *Canlis I*, Mr. JOHNSON demurred to the writ proceedings supposedly brought by Ms. CANLIS on the grounds that she, as the DISTRICT ATTORNEY, did not have standing to act on behalf of the COUNTY, only the COUNTY did, which was joined in by the CSC; and that the COUNTY and their lawyers, the COUNTY COUNSEL, successfully argued to the contrary [OPP. MEMO at 5:4-16].

**Eighth,** as seen in *Canlis I*, the COUNTY represented therein that the COUNTY and Ms. CANLIS were one and the same. Now the COUNTY eschews that position. In doing so, the COUNTY ignores Mr. JOHNSON's argument that the COUNTY should now be judicially estopped from arguing contrary positions in order to escape liability [OPP. MEMO at 5:10-16]. **Ninth,** the COUNTY claims that "It is clear that Canlis' discretionary decisions in the employment area *were* constrained by policies not of her making and that her decisions *were* subject to review by the municipality's authorized policymakers." [COUNTY OPP. at 14:16-19]. Of course in saying so, the COUNTY ignores the fact that both structurally, conceptually and factually, there was **no review** procedure **to the BOARD** available to Mr. JOHNSON; and the COUNTY has **presented no evidence of such a review procedure by the BOARD**, therefore, what Ms. CANLIS said "was it" [OPP. MEMO at 6:

**Case No. C 02 0441 JW**
**PLAINTIFF'S REPLY RE CROSS-MOTION SJ**
P:\JOHNSON, ALAN\PLEADINGS\REPLY RE CROSS-MOTION FOR SJ-3.wpd

3-19]. **Furthermore, nothing** in the ordinances establishes any procedure for Mr. JOHNSON or anybody else to seek review of the decision of Ms. CANLIS to the BOARD [COUNTY OPP. at 12:20-28; 13-14:1-24]. The closest internal right of review was to the CSC [COUNTY OPP. at 14:4-6]–which Mr. JOHNSON did, and which he won.  In sum, the BOARD has legally positioned itself so that, after the CSC decided a matter, any putative appellant to the BOARD is structurally caught between Scylla and Charybdis–"*you can't get there from here*" [*cf. Rhodes v. Robinson* (9th Cir., Aug. 19, 2004, No. 03-15335) 2004 WL 1852892, *4 ("Yossarian was moved very deeply by the absolute simplicity of this clause of Catch-22 and let out a respectful whistle. [¶] 'That's some catch, that Catch-22,' he observed. 'It's the best there is,' Doc Daneeka agreed." [¶]  --Joseph Heller, *Catch-22*, at 47 (6th ed. 1976)") (Italics added.)].

**Tenth**, the COUNTY ignores the fact that, even though the CSC and the Superior Court ordered him reinstated, the COUNTY discharged him and withheld all of his pay and benefits until the Sixth Appellate District said otherwise [OPP. MEMO at 6:20-25]**.**

## POINT 5

**MR. JOHNSON HAS PRESENTED UNDISPUTED EVIDENCE, INCLUDING ADMISSIONS IN *CANLIS I,* THAT THE BOARD FIRED MR. JOHNSON AND/OR PARTICIPATED IN THE DECISION AND/OR IT RATIFIED HIS TERMINATION.**

The COUNTY contends that there is no evidence that it ratified the acts of Ms. CANLIS [COUNTY OPP. at 14:25-28; 15-16:1-9].

**First**, the COUNTY ignores the evidence, including its admissions in *Canlis I* to the contrary [OPP. MEMO at 7:8-25; 8:1-7].  The COUNTY presents no evidence to rebut the Appellate Transcript, or Declaration of Mr. JOHNSON, or Declaration of Mr. FINK, or its own prior Petitioner's Brief therein [*id.*].  The COUNTY cannot now create evidence by eschewing its former admissions [*Block v. City of Los Angeles* (9th Cir. 2001) 253 F.3d 410, 419 (" A party cannot create a genuine issue of material fact to survive summary judgment by contradicting his earlier version of the facts.") (Citations omitted.)].

**Second**, there is nothing in the ordinances cited in the COUNTY OPP. that says an employment decision is final until approved by the BOARD.  However, even assuming

1 | ***arguendo only***, that any of the ordinances could be so interpreted, then it would follow that the BOARD, along with Ms. CANLIS, fired Mr. JOHNSON as a matter of fact and law–otherwise the paychecks would have kept coming.

**Third,** and contrary to the assertions of the COUNTY [COUNTY OPP. at 14-16:1-9], there is no evidence presented by the COUNTY to rebut their own admissions that the BOARD knew about the allegations that Mr. JOHNSON's constitutional rights had been violated because: (1) the CSC told them so in writing [Ex. A, Canlis Depo., Ex. 13 thereto]; (2) they knew about the allegations in the state case and this federal case, as the COUNTY COUNSEL represented them therein and notice to the COUNTY COUNSEL is notice to the BOARD [*see e.g.,* Heath Decl. at 1-3, ¶¶2, 6-8, 10; Exs. A, E, G & I*; Christie,* 176 F.3d at 1239 ("After Christie's case was dismissed, but while Anderson's case was still pending, both Plaintiffs filed this action against Kimura. Anderson **alleged** that Iopa had violated, and was continuing to violate, his constitutional rights. **Filing the action thus provided Kimura with notice of Iopa's alleged ongoing constitutional violations**. [E]ach party is ... considered to have notice of all facts, notice of which can be charged upon the attorney.") (Emphasis added; citations and internal quotation marks omitted.)]. There is no requirement that the BOARD know, **in fact**, that her actions were unconstitutional or retaliatory or malevolent.

**Fourth**, the evidence in *Canlis I* indisputably demonstrates that: (1) the CSC told the BOARD directly in a letter to the BOARD that their actions were illegal and criminal [Ex. F; Appellate Tx. at 74; Fink Decl. ¶11, Ex. G thereto, Petitioner's Brief at 5 (admitting that the CSC asked the BOARD to withdraw the litigation); Ex. A, Canlis Depo., Ex. 13 thereto]; (2) the CSC told the COUNTY COUNSEL directly in the administrative hearings that Ms. CANLIS' actions were illegal; (3) the CSC through its attorneys and the pleadings in *Canlis I* told the COUNTY COUNSEL, the attorneys for the BOARD, that Ms. CANLIS' actions were illegal; (4) the Superior Court told the BOARD, through the COUNTY COUNSEL, that Ms. CANLIS' actions were illegal; and finally (5) the Sixth Appellate Court told the BOARD,

through the COUNTY COUNSEL, that Ms. CANLIS' actions were illegal. There is no evidence to rebut the conclusion drawn from such evidence that the BOARD thus were on notice as to Mr. JOHNSON's constitutional claims; and that it should have dropped the legal proceedings, rather than drag Mr. JOHNSON through years of state court litigation [*id.* at 1241 ("**Kimura obtained notice of Iopa's alleged constitutional violations when Anderson filed this action**. The evidence that Anderson presented in opposition to the motion for summary judgment would permit a rational trier of fact to find that Kimura then **deliberately chose to allow Iopa's constitutional violations to continue. Thus, the district court erred by holding that, as a matter of law, Anderson could not prove deliberate indifference.**") (Emphasis added.)].

**Fifth,** the findings of the CSC, as the authorized agent of the BOARD [COUNTY OPP. at 14:12-14], constitute an admission by the COUNTY and the BOARD that the firing was illegal and that the BOARD knew it was illegal [Fed. R. Evid. 801(d)(2)].

**Sixth**, nothing in the cases cited by the COUNTY and particularly *Christie* hold that there is no requirement that the BOARD know, **in fact**, that Ms. CANLIS' actions were unconstitutional or retaliatory or malevolent [*Christie* at 1241; *Henry v. County of Shasta* (9th Cir. 1997) 132 F.3d 512, 518 ("It is a reasonable inference--**indeed, the only reasonable inference**--that after Henry filed suit and successfully served process against the county, it knew about the **alleged** malfeasance of its employees at the jail.") (Emphasis added.), as amended, 137 F.3d 1372 (9th Cir.); *McRorie v. Shimoda* (9th Cir. 1986) 795 F.2d 780, 784 ("Policy or custom may be inferred if, after [constitutional violations], ... officials took no steps to reprimand or discharge the [prison] guards, or if they otherwise failed to admit the guards' conduct was in error.") (Citation omitted)].

**Seventh** and in any case, the argument is a red-herring. As pointed out in the OPP. MEMO at 9:21-24, for a procedural due process violation, **subjective intent is irrelevant** [*Williams v. Wilkinson* (S.D. Ohio 2000) 122 F.Supp.2d 894, 904 ("**Subjective intent is not an element** of a claim of deprivation of procedural due process under the Fourteenth

1 Amendment.") (Emphasis added.)]. **Therefore, the BOARD only had to know that the decision to fire Mr. JOHNSON was not a clerical error, as opposed to a deliberate or malevolent decision.**

## POINT 6

**BY ITS AVOIDING THE SUBJECT, THE COUNTY CONCEDES THAT IT IS LIABLE TO MR. JOHNSON UNDER THE FOURTH CLAIM FOR RELIEF FOR VIOLATION OF THE DUE PROCESS PROVISIONS OF ARTICLE I, §7 OF THE CALIFORNIA CONSTITUTION.**

Aside from addressing the clerical errors in the CROSS-MOTION [COUNTY OPP. at 1, fn. 1], the COUNTY is silent on the Article I, §7 state claim. Therefore, Mr. JOHNSON assumes that their defense rises or falls on their discussion of §1983 liability.

**First**, the COUNTY does not dispute that Mr. JOHNSON can seek reinstatement and other equitable relief under the California Constitution [OPP. MEMO at 22:25-28; 23:1-5, *citing Katzberg v. Regents of University of California* (2002) 29 Cal.4th 300, 307].

**Second**, the COUNTY cites no authority to demonstrate that the doctrine of respondeat superior does not apply therein or that Article I, §7 is tethered to any "final policymaker" requirement or to any other such conceptual roadblock.

## POINT 7

**THE ARGUMENT THAT MR. JOHNSON IS ENTITLED TO ONLY NOMINAL DAMAGES IS IRRELEVANT TO LIABILITY UNDER THE THIRD AND FOURTH CLAIMS**.

The COUNTY says, without benefit of evidence, that it could have legally fired Mr. JOHNSON anyway [COUNTY OPP. at 5:27-28; 6-: 1-21]. That assertion has inherent defects:

**First**, the supposed "beliefs" of Ms. CANLIS–whether in good faith or not–are irrelevant to a due process claim. Had Mr. JOHNSON been given a hearing, the COUNTY would have to prove the charges. Likewise, the COUNTY must prove that, in fact, Mr. JOHNSON did the bad things of which it says he did and that it constitutes "good cause." Nothing in the cases cited by the COUNTY state otherwise. "An individual must have an

Mesirow & Fink

**Case No. C 02 0441 JW**
**PLAINTIFF'S REPLY RE CROSS-MOTION SJ**
P:\JOHNSON, ALAN\PLEADINGS\REPLY RE CROSS-MOTION FOR SJ-3.wpd
10

1  opportunity to confront all the evidence adduced against him, in particular that evidence with
2  which the decisionmaker is familiar." [*Vanelli v. Reynolds School Dist. No. 7* (9th Cir. 1982) 667
3  F.2d 773, 780]. The COUNTY has failed to produce any evidence that Mr. JOHNSON
4  committed any of these qualifying, "good cause" miscreant acts–or, indeed, any bad acts.

**Second**, and without analyzing the position further, even as the COUNTY admits, once a violation has been found, Mr. JOHNSON is entitled to what it now calls "nominal damages" [COUNTY OPP. at 5:19-28; 6-7:1-21].

Dated: August 27, 2004

MESIROW, FINK, EISENHART & DAWSON

/s/ _____
STEVEN M. FINK, Attorneys for Plaintiff, ALAN JOHNSON

**Case No. C 02 0441 JW**
**PLAINTIFF'S REPLY RE CROSS-MOTION SJ**
P:\JOHNSON, ALAN\PLEADINGS\REPLY RE CROSS-MOTION FOR SJ-3.wpd

11

**United States District Court, Northern District of California, San Jose Division**
**Case Name: JOHNSON v. THE COUNTY OF SANTA CRUZ, et. al.**
**Case No.: C02 0441 JW**

## CERTIFICATE OF SERVICE

I, the undersigned, under penalty of perjury, certify and declare:

That I am a citizen of the United States, over 18 years of age, a resident of or employed in the County where the herein described mailing took place, and not a party to the within action.

That my business address is 10 Almaden Boulevard, Suite 400, San Jose, California 95113.

That on behalf of Mesirow, Fink, Eisenhart & Dawson, I served the foregoing document(s) described as:

**PLAINTIFF'S REPLY IN SUPPORT OF CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

on the following person(s) in this action by placing a true and accurate copy thereof in an envelope addressed as follows:

Jason M. Heath, Esq.
Office of the County Counsel
701 Ocean Street, Suite 505
Santa Cruz, CA 95060-4068

which envelope was then sealed and postage fully prepaid therein, and on the date this certificate was executed, shown below, was placed for collection and mailing following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the United States Mail at San Jose, Santa Clara County, California.

I declare that the above service was made at the direction of a member of the bar of this Court.

Executed on August 27, 2004 at San Jose, California.

/s/_____
Sally M. Wagner

Mesirow & Fink

**Case No. C 02 0441 JW**
**PLAINTIFF'S REPLY RE CROSS-MOTION SJ**
P:\JOHNSON, ALAN\PLEADINGS\REPLY RE CROSS-MOTION FOR SJ-3.wpd

12