HARVEY SISKIND JACOBS LLP
D. PETER HARVEY (State Bar No. 55712)
IAN K. BOYD (State Bar No. 191434)
NISHAN KOTTAHACHCHI (State Bar No. 221612)
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
MARK E. FERGUSON (pro hac vice)
MARK L. LEVINE (pro hac vice)
ADAM K. MORTARA (pro hac vice)
54 W. Hubbard Street, Suite 300
Chicago, Illinois 60610
Telephone: (312) 494-4400
Facsimile: (312) 494-4440

Attorneys for Plaintiff
SAFECLICK, LLC

STANLEY YOUNG (Bar. No. 121180)
CHRISTIAN E. MAMMEN (Bar No. 188454)
AARON S. JACOBS (Bar No. 214953)
HELLER EHRMAN WHITE & MCAULIFFE LLP
275 Middlefield Rd.
Menlo Park, CA 94025-3506
Telephone: (650) 324-7000
Facsimile: (650) 324-0638

Attorneys for Defendants
VISA U.S.A. INC. and
VISA INTERNATIONAL SERVICE ASSOCIATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SAFECLICK, LLC, an Iowa limited liability company<br><br>Plaintiff,<br><br>v.<br><br>VISA U.S.A. INC., a Delaware corporation, and VISA INTERNATIONAL SERVICE ASSOCIATION, a Delaware corporation<br><br>Defendants. | Case No.: C03-05865 SBA ADR<br><br>**JOINT CLAIM CONSTRUCTION STATEMENT** |

1

**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT -** Case No. C03-05865 SBA

# JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

Pursuant to Patent Local Rule 4-3, Plaintiff Safeclick , LLC and Defendants Visa International Service Association and Visa U.S.A. Inc. (collectively, "Visa") together submit the following Joint Claim Construction and Prehearing Statement concerning U.S. Patent No. 5,793,028 ("the '028 patent").

## I. Preliminary Matters

### A. Length of Time Needed For Hearing

The parties estimate that 4 hours (2 hours for Plaintiff and 2 hours for Visa) will be required for a claim construction hearing.

### B. Witnesses at the Hearing

The parties agree that no witnesses will be called at the claim construction hearing.

### C. Issues Appropriate At A Prehearing Conference

The parties agree that no prehearing conference is required.

### D. Identification of Intrinsic Evidence Generally

The parties will rely upon the following documents as intrinsic evidence for claim construction purposes:

1. The '028 patent;
2. the prosecution history for the '028 patent;
3. documents referenced in the specification of the '028 patent; and
4. patents cited by the applicants or examiners of the U.S. application, which include:
    a. U.S. Patent No. 4, 614,861;
    b. U.S. Patent No. 5,130,519;
    c. U.S. Patent No. 5,237,609; and,
    d. U.S. Patent No. 5,559,887.

### E. Identification of Extrinsic Evidence Generally

The parties may rely upon the following extrinsic evidence for claim construction purposes, with specific citations provided herein. The parties may also rely upon declarations of experts regarding how one of skill in the art would understand the disputed claim terms as of the filing date of the '028 patent application. It is the intent of the parties to identify, below, all of the extrinsic evidence referenced in the documents attached hereto, but if, by oversight, a reference is missed, it is the parties intent that such references be added to the list.

1. <u>Webster's Encyclopedic Unabridged Dictionary</u>, 1989 ed.;
2. <u>McGraw-Hill Dictionary of Scientific and Technical Terms</u>, 5th ed., 1994;
3. <u>Microsoft Computer Dictionary</u>, 5th ed., 2002;
4. <u>The American Heritage Dictionary of the English Language</u>, Houghton Mifflin Co., 1975;
5. <u>Webster's New Collegiate Dictionary</u>, Simon & Schuster, Inc., 1974;
6. *Internet Protocol, DARPA Internet Program Protocol Specification*, dated September 1981;
7. *Interchange Message Specification for Debit and Credit Card Message Exchange among Financial Institutions.* ANSI X9.2-1988;
8. *Financial Institution Retail Message Authentication*, American National Standards Institute, May 7, 1996;
9. U.S. Patent No. 4,755,940 to Brachtl;
10. U.S. Patent No. 5,017,766 to Tamada, et al.;
11. U.S. Patent No. 5,426,281 to Abecassis;
12. U.S. Patent No. 5,343,529 to Goldfine, et al.;
13. U.S. Patent No. 5,420,926 to Low, et al.;
14. U.S. Patent No. 5,621,797 to Rosen;
15. U.S. Patent No. 5,671,279 to Elgamal;

16. U.S. Patent No. 5,684,950 to Dare, et al.;

17. U.S. Patent No. 5,708,422 to Blonder, et al.

18. U.S. Patent No. 5,715,314 to Payne;

19. U.S. Patent No. 5,724,424 to Gifford;

20. U.S. Patent No. 5,757,917 to Rose et al.;

21. U.S. Patent No. 5,809,144 to Sirbu, et al.;

22. U.S. Patent No. 5,815,665 to Teper;

23. U.S. Patent No. 5,822,737 to Ogram;

24. U.S. Patent No. 5,825,881 to Colvin;

25. U.S. Patent No. 5,826,241 to Stein et al.

26. U.S. Patent No. 5,826,245, to Sandberg-Diment; and

27. U.S. Patent No. 5,897,621 to Boesch.

## II. Introduction To Claim Constructions

Discovery related to claim construction matters is ongoing and not scheduled to close until October 1, 2004. Consequently, the parties consider these claim constructions to be preliminary and reserve the right to refine or revise their respective claim construction positions when claim construction opening briefs are submitted simultaneously on October 13, 2004.

In accordance with Patent Local Rule 3-3, Visa has submitted to Plaintiff its Preliminary Invalidity Contentions in which Visa has identified how the asserted claims of the '028 patent are invalid under 35 U.S.C. § 112 for being indefinite. Visa renews its contentions of invalidity. By proposing claim constructions for the disputed claim terms, Visa does not waive or concede its invalidity contentions due to 35 U.S.C. § 112 defects.

The following claim constructions are limited to claims 6 and 7 which are the claims asserted in the case.

Generally speaking, except where specifically noted, the parties believe that similar claim terms should be construed consistently across all claim elements. That is, once a

4

**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT -** Case No. C03-05865 SBA

claim term is construed when it first appears, it can generally be applied consistently where it appears throughout the remaining claim elements.

## III. Stipulated Claim Constructions

The parties have met and conferred in order to reduce the number of claim terms in dispute for which the parties request the Court to provide a construction. As a result of this dialogue, the parties have reached agreement on and hereby stipulate to the following claim term constructions to be applied consistently across all claims where the terms appear.

*Order of Steps.* The parties agree that the steps of the methods recited in claims 6 and 7 must be accomplished in the recited order.

*Computer* means *a system or systems, such as a dedicated system or systems, a general purpose computer system, or distributed processing system, which is able to embody and/or execute the logic of the processes, embodied in the form of software instructions or firmware, described for the transactionor, transactionee and verifier, and which is capable of being assigned a public identification code that uniquely identifies it*.

*Transactionor* means *an individual, company or other entity, desiring to execute or initiate an Electronic Transaction such as ordering an item from a Transactionee, or transferring money from the Transactionor's savings account to the Transactionor's checking account or transferring money from the Transactionor's account in the Transactionee's bank to another account in another bank, or transferring other information requiring reliable traceable communications, such as transferring patient care instructions from a medical practitioner to a nursing entity within a hospital environment*.

*Transactionee* means *an individual, company or other entity which can be requested to execute, process or deliver an Electronic Transaction, including systems where the action triggered by receipt of the Electronic Transaction is action at a distance via some other communication method.*

*Verifier* means *an individual, company or other entity which can embed, or can communicate with systems which embed the information and/or processes required to validate transactions together with the procedural capability to perform such validation.*

*Electronic transaction* means *a transaction between two parties, a Transactionor and a Transactionee, which is requested and/or transmitted and/or delivered and/or executed electronically.*

*Executing the electronic transaction* means *concluding the electronic transaction by performing the remaining business steps to accomplish the goals of the parties to the transaction.*

*Automatically* means *functioning without intervention by a human operator*.

## IV. Claim Terms Remaining In Dispute

The parties dispute the proper construction for six terms as summarized in Table 1. The disputed terms appear in both claim 6 and 7. For reference, claim 6 is reproduced below with each disputed term indicated in bold where it first appears in the claim.

6. A method comprising the steps of:

**transmitting** a transaction initiation request requesting the initiation of an electronic transaction **to** a transactionee computer **from** a transactionor computer, the transaction initiation request **including** a **public identification code uniquely identifying the transactionor computer**, and a public identification code uniquely identifying a transactionee computer;

receiving by the transactionee computer the transaction initiation request;

transmitting a verification request requesting verification of the transaction from the transactionee computer to a verifier computer **in response to** the transactionee computer receiving the transaction initiation request, the verification request including one of a private identification code and a public identification code uniquely identifying the transactionee computer and the public identification code uniquely identifying the transactionor computer;

receiving the verification request by the verifier computer

6

transmitting an acknowledgement request requesting acknowledgement of the electronic transaction from the verifier computer to the transactionor computer in response to the verifier computer receiving the verification request;

receiving the acknowledgement request by the transactionor computer;

transmitting an acknowledgement response **indicating one of a valid electronic transaction and an invalid electronic transaction** from the transactionor computer to the verifier computer in response to the transactionor computer receiving the acknowledgement request, the acknowledgement response including **the private identification code uniquely identifying the transactionor computer**;

receiving the acknowledgement response by the verifier computer;

transmitting a verification response indicating one of a valid electronic transaction and an invalid electronic transaction from the verifier computer to the transactionee computer in response to the verifier computer receiving the acknowledgement response; and

receiving the verification response by the transactionee computer and executing the electronic transaction in response to the transactionee computer receiving the verification response indicating a valid electronic transaction.

**Table 1**

| Term In Dispute | Safeclick Construction | Visa Construction |
|---|---|---|
| Transmitting … to … from / transmitting … from … to | Moving or sending information or data from one location to another directly or indirectly. | Sending, via any communication link, from the sender (e.g., from the source address) to the receiver (e.g., to the destination address) and not through any other party |
| Including | Containing. | Containing within the body of the transmission |
| Public identification code uniquely identifying the transactionor computer | A code that singularly identifies the transactionor computer for the duration of the electronic transaction, which code all parties to the electronic transaction may view or have knowledge of. | A publicly available label that provides one-of-a-kind identification of the computer used by the transactionor, but not of the transactionor himself/herself |
| In response to | In reply or reaction to. | In reply to, and on the basis of information received in, a previously received message; in this element, in reply to and on the basis of the information contained in the transaction initiation request |
| Indicating one of a valid electronic transaction and an invalid electronic transaction | Implying or showing a sign of whether the transaction is authoritative or not, for example (but not limited to) by means of a password entered into or stored within the Transactionor Computer. | Signifying that the electronic transaction is either (1) binding or (2) not binding on the transactionor |
| The private identification code uniquely identifying the transactionor computer | The code that singularly identifies the transactionor computer for the duration of the electronic transaction, such code being known or accessible only to a particular trusted person or group. | A one-of-a-kind and non-public identifier of the computer used by the transactionor, but not of the transactionor him/herself |

Plaintiff's proffered constructions, along with supporting intrinsic and extrinsic evidence are presented in Attachment A hereto. Similarly, Visa's proffered constructions,

**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT -** Case No. C03-05865 SBA

along with supporting intrinsic and extrinsic evidence, are presented in Attachment B hereto.

DATED: September 3, 2004

           Respectfully Submitted,

           /s/ Adam K. Mortara
           D. Peter Harvey (State Bar No. 55712)
           HARVEY SISKIND JACOBS LLP
           Four Embarcadero Center, 39th Floor
           San Francisco, California 94111
           Telephone:   (415) 354-0100
           Facsimile:    (415) 391-7124

           BART LITBECK HERMAN
           PALENCHAR & SCOTT LLP
           MARK E. FERGUSON (pro hac vice)
           MARK L. LEVINE (pro hac vice)
           ADAM K. MORTARA (pro hac vice)
           54 W. Hubbard Street, Suite 300
           Chicago, Illinois 60610
           Telephone:   (312) 494-4400
           Facsimile:    (312) 494-4440

           ATTORNEYS FOR PLAINTIFF

           -and-

           /s/ Christian E. Mammen
           Stanley Young (Bar. No. 121180)
           Christian E. Mammen (Bar No. 188454)
           HELLER EHRMAN WHITE &
           MCAULIFFE LLP
           275 Middlefield Rd.
           Menlo Park, CA 94025-3506
           Telephone:   (650) 324-7000
           Facsimile:    (650) 324-0638

           ATTORNEYS FOR DEFENDANTS

**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT -** Case No. C03-05865 SBA