MARK A. BYRNE (CA SB #116657)
*markbyrne@byrnenixon.com*
BYRNE & NIXON LLP
800 West Sixth Street, Suite 430
Los Angeles, California 90017
Tel: (213) 620-8003
Fax: (213) 620-8012

SEAN F. O'SHEA (admitted pro hac vice)
*soshea@osheapartners.com*
O'Shea Partners LLP
90 Park Avenue, 20th Floor
New York, NY 10016
Tel: (212) 682-4426
Fax: (212) 682.4437

Attorney for Intervenors
Cameron Winklevoss, Tyler Winklevoss,
and Divya Narendra

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| THE FACEBOOK, INC. and MARK ZUCKERBERG, <br><br> Plaintiffs, <br><br> vs. <br><br> CONNECTU, INC. (formerly known as CONNECTU, LLC), PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, and WAYNE CHANG, <br><br> Defendants. | CASE NO. 5:07-CV-01389-JW <br><br> **NOTICE OF MOTION AND MOTION TO INTERVENE BY CAMERON WINKLEVOSS, TYLER WINKLEVOSS AND DIVYA NARENDA** <br><br> Courtroom: 8 <br> Judge: Hon. James Ware <br> Date: August 1, 2008 <br> Time: 9:00 a.m. <br><br> [Filed concurrently with Application to Hear Motion on Shortened Time] |

MOTION TO INTERVENE BY C. WINKLEVOSS, T. WINKLEVOSS AND NARENDA

-1-

TO THE HONORABLE JAMES WARE AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on August 1, 2008, at 9:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 8 of the United States District Court for the Northern District of California, San Jose Division, located at 280 South First Street, San Jose, California 95113, Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra ("ConnectU Shareholders") will and hereby do move for an order permitting the ConnectU Shareholders to intervene in this case, because their interests and rights are directly affected by the Judgment Enforcing Settlement Agreement ("Judgment") entered by the Court on July 2, 2008, and the Order Granting Plaintiffs' Confidential Motion to Enforce the Settlement Agreement ("Order") entered by the Court on June 25, 2008.

The ConnectU Shareholders' motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, and all pleadings and papers that are of record and are on file in this case. The ConnectU Shareholders file this motion without waiving any rights to appeal or otherwise to set aside the Judgment and reserving all rights with respect thereto.

DATED: July 29, 2008

Respectfully submitted,
BYRNE & NIXON, LLP

By: /s/ Mark A. Byrne
     Mark A. Byrne

O'SHEA PARTNERS LLP

By: /s/ Sean F. O'Shea (*admitted pro hac vice*)
     Sean F. O'Shea

Attorneys for Intervenors
CAMERON WINKLEVOSS, TYLER WINKLEVOSS and DIVYA NARENDA

---

MOTION TO INTERVENE BY C. WINKLEVOSS, T. WINKLEVOSS AND NARENDA

-3-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. THE JUDGMENT REQUIRES THE CONNECTU SHAREHOLDERS TO TENDER SHARES AND SUBMIT DISMISSALS AND RELEASES

On June 25, 2008, the Court granted the motion of The Facebook, Inc. and Mark Zuckerberg (together, "Facebook") to enforce a purported settlement agreement. Docket No. 461. On July 2, 2008, the Court issued its Judgment requiring "ConnectU Inc., Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra" to:

- submit proposed forms of release to the Court by July 9, 2008;
- provide a "legally sufficient dismissal with prejudice of all cases by and between the parties pending as of the date of the Agreement" to a special master ("Special Master") by August 4, 2008; and
- deposit the stock required to be exchanged under the provisions of the Term Sheet with the Special Master by August 4, 2008.

Docket No. 476 at 1-4.

## II. THE CONNECTU SHAREHOLDERS SHOULD BE PERMITTED TO INTERVENE UNDER RULE 24

The ConnectU Shareholders should be permitted to intervene in order to protect their interests, including on appeal. *See Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 376 (1987) ("An intervenor, whether by right or by permission, normally has the right to appeal an adverse final judgment by a trial court."); *CFTC v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1113 (9th Cir. 1999) ("one who is not a party before the district court may not appeal a judgment"). "Rule 24 permits a third party to enter the proceedings in order to protect his own interests." *SEC v. Ross*, 504 F.3d 1130, 1150 (9th Cir. 2007). "Rule 24 is to be construed

liberally, and doubts resolved in favor of the proposed intervenor." *Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080, 1081 (8th Cir. 1999).

### A. Intervention Is Appropriate Under Rule 24(a)(2)

Intervention under Rule 24(a)(2) is proper where: (1) the motion is timely; (2) the applicant claims a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest is inadequately represented by the parties to the action. *Sierra Club* v. *EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993).

*First*, the ConnectU Shareholders' motion is timely because it was filed within the time limit for the parties to the action to appeal. *United Airlines, Inc. v. McDonald,* 432 U.S. 385, 395 (1977); *see also Pellegrino v. Nesbit*, 203 F.2d 463, 465 (9th Cir. 1953) ("Intervention should be allowed even after a final judgment where it is necessary to preserve some right which cannot otherwise be protected.").[1] *Second*, the ConnectU Shareholders have protectable interests in their stock and in their individual claims against Facebook. *See State ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006) (recognized rights that are protectable suffices). *Third*, the Judgment requires the ConnectU Shareholders to execute releases, submit dismissals, and transfer their stock to the Special Master, which may impair or impede their ability to protect these interests. *See id.* (where there is a significant protectable interest, there is little difficulty in concluding that disposition of the case may affect it); Fed. R. Civ. P. 24, advisory committee note to 1966 amendment ("if an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene").

---

[1] Judgment was entered on July 2, 2008, and the 30-day time period for appeal has not yet run. Fed. R. App. P. 4.

MOTION TO INTERVENE BY C. WINKLEVOSS, T. WINKLEVOSS AND NARENDA
-5-

*Fourth*, the representation of the Shareholders' interests by ConnectU is inadequate because it is unclear whether ConnectU would be able to appeal if it complies with the Judgment. *See LG Elecs., Inc. v. Q-Lity Computer, Inc. v. Asustek Computer, Inc.*, 211 F.R.D. 360, 365 (N.D. Ca. 2002) ("[t]he burden of showing inadequacy is minimal"). Intervention would ensure that these interests are advanced on appeal. *See Mission Hills Condominium Asso. M-1 v. Corley*, 570 F. Supp. 453 (D. Ill. 1983) (individual residents permitted to intervene in suit by tenant association to "fill the gap" where tenant association lacked standing). Additionally, ConnectU is ill-positioned to protect the ConnectU Shareholders against contempt charges should they withhold their shares in an effort to clearly preserve their rights to appeal. *See Sagebrush Rebellion, Inc. v. Watt,* 713 F.2d 525, 528 (9th Cir. 1983) ("the requirement of inadequacy of representation is satisfied if the applicant shows that representation of its interests 'may be' inadequate and that the burden of making this showing is minimal); Charles Wright, Arthur Miller and Mary Kay Kane, Federal Practice And Procedure, Vol. 7C, § 1909 at 395 (2007) ("An interest that is not represented is surely not adequately represented and intervention must be allowed."). In this regard ConnectU's interests are narrower than those of its Shareholders and, thus, its representation is inadequate. *Californians for Safe & Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184 (9th Cir. 1998) (because interests were "potentially more narrow" than the movant's, movant satisfied its burden of showing parties representation "may have been inadequate").

### B. Intervention Is Appropriate Under Rule 24(b)

The ConnectU Shareholders intend to challenge the enforceability of the Term Sheet on appeal, which constitutes the requisite "defense in common with the main action." *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1110 (9th Cir. 2002). Moreover, "Rule 24(b) intervention is readily permitted when proposed intervenors demonstrate … that they have real economic stakes in the outcome and

that the likelihood of future harm to their interest is significant." *See, e.g., Alabama v. U.S. Army Corps of Engineers*, 229 F.R.D. 669 (D. Ala. 2005); *Palmer v. Nelson,* 160 F.R.D. 118, 122 (D. Neb. 1994); *Textile Workers Union of America, CIO v. Allendale Co.*, 226 F.2d 765, 769 (D.D.C. 1955). The ConnectU Shareholders have a "real economic stake in the outcome" because enforcement of the Judgment would force them to surrender their shares in ConnectU and give up their claims against Facebook. *Id.*

## III. CONCLUSION

For the foregoing reasons, the ConnectU Shareholders respectfully request the Court grant their motion to intervene.

DATED: July 29, 2008

Respectfully submitted,
BYRNE & NIXON, LLP

By: /s/ Mark A. Byrne
     Mark A. Byrne

O'SHEA PARTNERS LLP

By: /s/ Sean F. O'Shea (*admitted pro hac vice*)
     Sean F. O'Shea

Attorneys for Intervenors
CAMERON WINKLEVOSS, TYLER WINKLEVOSS and DIVYA NARENDA

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 29, 2008.

Dated: July 29, 2008                                    Respectfully submitted,

                                                                     /s/ Mark A. Byrne