1  STEVEN C. HOLTZMAN (CA BAR NO. 144177)
     sholtzman@bsfllp.com
2  BOIES SCHILLER & FLEXNER LLP
   1999 Harrison Street, Suite 900
3  Oakland, CA 94612
   Telephone: (510) 874-1000
4  Facsimile: (510) 874-1460

5  D. MICHAEL UNDERHILL (*pro hac vice*)
     munderhill@bsfllp.com
6  BOIES SCHILLER & FLEXNER LLP
   5301 Wisconsin Avenue NW
7  Washington, D.C. 20015
   Telephone: (202) 237-2727
8  Facsimile: (202) 237-6131

9  Attorneys for Defendant
   CONNECTU, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE FACEBOOK, INC. and MARK ZUCKERBERG,<br><br>Plaintiffs,<br><br>v.<br><br>CONNECTU, INC. (formerly known as CONNECTU, LLC), PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, and WAYNE CHANG,<br><br>Defendants. | Case No. 5:07-CV-01389-JW<br><br>**CONNECTU, INC.'S MOTION PURSUANT TO CIVIL L.R. 6-3 TO SHORTEN TIME FOR MOTION TO STAY EXECUTION OF JUDGMENT PENDING APPEAL** |

On July 2, 2008, the Court entered Judgment in this case. Among other things, the Judgment orders the parties to submit dismissals and the ConnectU shareholders to tender their shares to a Special Master by August 4, 2008.

Over the last couple weeks, ConnectU has had a growing concern, based in part on statements made by Facebook, that if it complies with the August 4, 2008, deadline, ConnectU will jeopardize its right to appeal, potentially subjecting ConnectU and its shareholders to additional harm. ConnectU proposed several ideas to Facebook that, if accepted, could have protected ConnectU's rights and the rights of others, and would have avoided the need for a stay. But in the past week, in no uncertain terms, Facebook conveyed its refusal to agree to refrain from taking actions that might negatively impact ConnectU and others. Facebook's counsel admitted that "Facebook intends to seek release of the [ConnectU] shares once the consideration is in the hands of the Special Master." Declaration of Evan Parke ("Parke Decl."), ¶ 1, Ex. A. Moreover, Facebook represented that while it will evaluate its options after Facebook receives the ConnectU stock, it would be "reasonable for [counsel] to assume that Facebook would act in its own interests." *Id.*; *see* Declaration of D. Michael Underhill in support of Motion to Stay, ¶ 1, Ex. A. Facebook's counsel also told ConnectU's counsel that "if you want to file a motion to stay, we will respond in due course." *Id.*

ConnectU files this motion to shorten time so that the underlying motion to stay, addressing vital issues such as the preservation of appeal rights and against a non party claims, the avoiding of contempt, and the protection of non-parties from unnecessary harm, may be resolved on an expedited basis, in light of the August 4, 2008 Judgment deadline.

### THE UNDERLYING SUBSTANTIVE MOTIONS AND THE NEED FOR SHORTENED TIME

On June 25, 2008, the Court granted Facebook's motion to enforce a handwritten "Term Sheet & Settlement Agreement" and ordered the parties to appear for a hearing on

July 2, 2008, to show cause as to why judgment should not be entered. *See* Docket No. 461. After that hearing, the Court entered the Judgment (Docket No. 476) and entered a Notice appointing attorney George Fisher as Special Master. *See* Docket No. 475. The Notice provided that the Special Master would, *inter alia*, accept and maintain documents, money, and other things deposited by the parties, subject to disbursement upon further Order of the Court. *Id.* The Judgment required the parties to provide dismissals of all cases and deposit the cash and stock required to be exchanged under the provisions of the Term Sheet & Settlement Agreement with the Special Master by August 4, 2008. Docket No. 476 at 1-4.

Prior to the July 2 hearing, Facebook agreed with ConnectU's position that the date for exchanging the cash and stock consideration set forth in the Term Sheet, as well as the "effective date" of the releases, would be five days after all appeals from the judgment enforcing the Term Sheet became final. (Docket No. 469-2 at 3-4, 10 (Facebook's proposed form of judgment)). But Facebook now takes the aggressive stance that it would seek to gain control of the ConnectU shares as soon as they are deposited with the Special Master and would take additional steps to advance its own best interests. *See, supra,* 1.

It is apparent that Facebook is highly likely to view its interests as justifying withdrawal of ConnectU's appeal seeking reversal of the Judgment. And whether out of vindictiveness or a desire to pressure ConnectU's shareholders, it is entirely plausible that Facebook would either release ConnectU's malpractice claim against Quinn Emanuel or threaten to do so, which would harm third-party Howard Winklevoss, who guaranteed payment of Quinn's fees if ConnectU does not pay them, and would substantially impair ConnectU's value if the Ninth Circuit reverses the Judgment. By filing the underlying motion to stay, ConnectU seeks to avoid these situations, as well as the unfortunate alternative that ConnectU risk contempt through noncompliance with the Judgment in

order to ensure protection of its appeal rights and to avoid related harm. Given these serious considerations, Facebook's unequivocal statements of its positions, and the current deadlines, a shortened time is warranted.

**CONNECTU'S EFFORTS TO RESOLVE THE SCHEDULING DISPUTE**

Through a voicemail and several emails counsel for ConnectU asked whether Facebook would join a stipulation whereby the date for the hearing on the motion to stay would be set for Thursday, August 14, with Facebook's opposition due Friday, August 8, and ConnectU's reply due Monday, August 11. Facebook has not agreed to this proposal. *See* Parke Decl. at ¶ 5, Ex. B.

**CONCLUSION**

ConnectU respectfully requests that the Court shorten time on ConnectU's Motion to Stay Execution of Judgment Pending Appeal, and order that the hearing be set for August 14; that Facebook file and serve (including by email) any opposition by Friday, August 8; and that ConnectU's file and serve (including by email) any reply by Monday, August 11. ConnectU also notes that the Court has set a hearing on the Motion to Intervene by Cameron Winklevoss, Tyler Winklevoss and Divya Narendra, for August 6, 2008 (Docket No. 576). In addition, if the Court were, in its discretion, to decide to set the hearing on ConnectU's motion to stay for August 6 as well, ConnectU would have no objection.

Dated: July 31, 2008

Respectfully submitted,

BOIES, SCHILLER & FLEXNER LLP

   /s/ Evan A. Parke
Steven C. Holtzman
D. Michael Underhill
Evan A. Parke

Attorneys for Defendant ConnectU, Inc.