SEAN A. LINCOLN (State Bar No. 136387)
salincoln@orrick.com
I. NEEL CHATTERJEE (State Bar No. 173985)
nchatterjee@orrick.com
MONTE COOPER (State Bar No. 196746)
mcooper@orrick.com
THERESA A. SUTTON (State Bar No. 211857)
tsutton@orrick.com
YVONNE P. GREER (State Bar No. 214072)
ygreer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:    650-614-7400
Facsimile:    650-614-7401

Attorneys for Plaintiffs
FACEBOOK, INC. and MARK ZUCKERBERG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC. and MARK ZUCKERBERG,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CONNECTU, INC. (formerly known as CONNECTU, LLC), PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, and WAYNE CHANG,<br><br>　　　　　Defendants. | Case No. 5:07-CV-01389-JW<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL UN-REDACTED EXHIBITS 1 AND 2, AND CONFIDENTIAL EXHIBITS 3 AND 4, TO THE DECLARATION OF I. NEEL CHATTERJEE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO CONNECTU INC.'S MOTION TO STAY EXECUTION OF JUDGMENT PENDING APPEAL** |

| | |
|---|---|
| 1 | Pursuant to Fed. R. Civ. P. 26, Civil L.R. 7-11 and 79-5(d), as well as this Court's Order |
| 2 | dated July 2, 2008 Setting Conditions with Respect to Access to Materials Previously Filed in this |
| 3 | Case [Doc. No. 473], Plaintiffs respectfully submit this administrative motion asking the Court to |
| 4 | file under seal un-redacted copies of the following two Exhibits attached to the Declaration of I. |
| 5 | Neel Chatterjee In Support of Plaintiffs' Opposition to ConnectU Inc.'s Motion to Stay Execution |
| 6 | of Judgment Pending Appeal: |
| 7 | (1) **Exhibit 1**: "Affirmation of Sean O'Shea in Support of Petitioners' Application for a |
| 8 | Permanent Stay Pursuant to 7503(b) and For a Temporary Stay Pending Determination of the |
| 9 | Application for Permanent Stay" filed in *Connect U, Inc., et al. v. Quinn Emanuel Urquhart* |
| 10 | *Oliver & Hedges, LLP*, in the Supreme Court of New York, County of New York; and |
| 11 | (2) **Exhibit 2**: "Memorandum of Law in Support of Application to Stay Arbitration |
| 12 | Pursuant to CLPR 7503" filed in *Connect U, Inc., et al. v. Quinn Emanuel Urquhart Oliver &* |
| 13 | *Hedges, LLP*, in the Supreme Court of New York, County of New York. |
| 14 | Plaintiffs further respectfully request that the Court permit the filing under seal of copies |
| 15 | of the following two Exhibits also attached to the Declaration of I. Neel Chatterjee In Support of |
| 16 | Plaintiffs' Opposition to ConnectU Inc.'s Motion to Stay Execution of Judgment Pending Appeal: |
| 17 | (3) **Exhibit 3**: "Valuation Report, Facebook, Inc., as of April 20, 2006," produced in |
| 18 | discovery as FBMA 000093-0000171. |
| 19 | (4) **Exhibit 4**: "Valuation Report, Facebook, Inc., as of August 31, 2006," produced in |
| 20 | discovery as FBMA 0000172-0000263. |
| 21 | Pursuant to Fed. R. Civ. P. 26, Civil L.R. 7-9 and 79-5(d), as well as this Court's Order |
| 22 | dated July 2, 2008 Setting Conditions with Respect to Access to Materials Previously Filed in this |
| 23 | Case [Doc. No. 473], good cause and compelling reasons exist to permit redaction of Exhibits 1 |
| 24 | and 2, to permit the filing under seal of un-redacted copies of Exhibits 1 and 2, and to permit |
| 25 | filing under seal of the entirety of Exhibits 3 and 4. All four of these Exhibits are offered by |
| 26 | Plaintiffs to rebut positions set forth by ConnectU in a non-dispositive Motion to Stay |
| 27 | Enforcement of the Court's Judgment Enforcing Settlement Pending Appeal. The sensitivity of |
| 28 | the confidential information set forth in these documents is not disputed. To that end, the parties |

entered into, and the California Superior Court issued, a Stipulated Protective Order on January 23, 2006, which prohibits either party from filing in the public record any documents that have been designated as "Confidential" or "Highly Confidential" pursuant to the Protective Order. Likewise, the parties entered into a separate "Second Stipulated Protective Order" in *ConnectU LLC v. Zuckerberg*, Case No. 1:04-cv-11923 (D. Mass.), signed by the Honorable Douglas Woodlock on July 6, 2005, which has governed filings in related actions among the parties in the District of Massachusetts. Exhibits 1 - 4 as offered in this litigation all are subject to the confidentiality terms of both these Protective Orders.

In particular, the redacted portions of Exhibits 1 and 2 reflect confidential information set forth in court records that are under seal in the Supreme Court of the State of New York, New York County, concerning the value that Defendants place upon the underlying settlement in this action. Such settlement valuations were intended by the parties to be maintained as confidential, are subject to the protection in the protective order, and already have been determined by this Court in its July 2, 2008 Order to be properly the subject of redaction since they "fall within the category of information 'traditionally kept secret.'" *See* Doc. No. 473 at 5. *See also id.* at 8-9 ("the Court finds it appropriate to redact those portions of [the] transcript [of the June 23, 2008 hearing on the Motion to Enforce Settlement] which would invite public scrutiny regarding the parties' motivation to settle or their characterization of the settlement process beyond what is reflected in the Court's June 25, 2008 Order"). Indeed, the fact that the documents are filed in redacted form in New York County Supreme Court further reflects that good cause exists to file them in redacted form in this case as well. Accordingly, good cause and compelling reasons exist to permit redaction of statements related to valuation of the underlying settlement, and the sealing of un-redacted copies of the materials. No other information is being redacted other than the settlement information.

Exhibits 3 and 4 reflect confidential "Valuation Reports" of Facebook, Inc., a private company, which were produced in discovery in this action. The documents have been marked "Confidential" under the Protective Orders entered by the Courts, since they contain sensitive and confidential valuations of Facebook's business, including Facebook's trade secrets relating to the

operation of its business, which could potentially cause the company competitive harm if shared publicly with its competitors. Such confidential business valuations are of the kind that is traditionally kept secret, and which businesses traditionally view as trade secret information. Accordingly, good cause and compelling reasons exist to permit the filing under seal of Exhibits 3 and 4.

Dated: August 4, 2008                                        Orrick, Herrington & Sutcliffe LLP

/s/ Monte M.F. Cooper /s/
Monte M.F. Cooper
Attorneys for Plaintiffs
FACEBOOK, INC. AND MARK ZUCKERBERG

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 4, 2008.

Dated: August 4, 2008.                    Respectfully submitted,

                                          /s/ Monte M.F. Cooper /s/
                                          Monte M.F. Cooper

OHS West:260486791.2