1 SEAN A. LINCOLN (State Bar No. 136387)
   salincoln@orrick.com
2 I. NEEL CHATTERJEE (State Bar No. 173985)
   nchatterjee@orrick.com
3 MONTE COOPER (State Bar No. 196746)
   mcooper@orrick.com
4 THERESA A. SUTTON (State Bar No. 211857)
   tsutton@orrick.com
5 YVONNE P. GREER (State Bar No. 214072)
   ygreer@orrick.com
6 ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
7 Menlo Park, CA 94025
Telephone: 650-614-7400
8 Facsimile: 650-614-7401

9 Attorneys for Plaintiffs
FACEBOOK, INC. and MARK ZUCKERBERG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC. and MARK ZUCKERBERG,<br><br>    Plaintiffs,<br><br>    v.<br><br>CONNECTU, INC. (formerly known as CONNECTU, LLC), PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, and WAYNE CHANG,<br><br>    Defendants. | Case No. 5:07-CV-01389-JW<br><br>**DECLARATION OF MONTE M.F. COOPER IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL UN-REDACTED EXHIBITS 1 AND 2, AND CONFIDENTIAL EXHIBITS 3 AND 4, TO THE DECLARATION OF I. NEEL CHATTERJEE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO CONNECTU INC.'S MOTION TO STAY EXECUTION OF JUDGMENT PENDING APPEAL** |

I, Monte Cooper, declare as follows:

1. I am Of Counsel at the law firm of Orrick, Herrington & Sutcliffe, counsel for Plaintiffs Facebook, Inc. and Mark Zuckerberg in this action, and a member of the Bars of the states of California and Colorado. Pursuant to Fed. R. Civ. P. 26, Local Civil Rule 7-11 and 79-5(b), as well as this Court's Order dated July 2, 2008 Setting Conditions with Respect to Access to Materials Previously Filed in this Case [Doc. No. 473], I make this declaration in support of Plaintiffs' Administrative Motion to File Under Seal Un-Redacted Exhibits 1 and 2, and Confidential Exhibits 3 and 4, to the Declaration of I. Neel Chatterjee in Support of Plaintiffs' Opposition to ConnectU Inc.'s Motion to Stay Execution of Judgment Pending Appeal ("Chatterjee Declaration"). I make this declaration of my own personal knowledge and, if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2. Good cause and compelling reasons exist for sealing **Exhibit 1** to the Chatterjee Declaration. Exhibit 1 is a true and correct copy of the "Affirmation of Sean O'Shea in Support of Petitioners' Application for a Permanent Stay Pursuant to 7503(b) and For a Temporary Stay Pending Determination of the Application for Permanent Stay" filed in *Connect U, Inc., et al. v. Quinn Emanuel Urquhart Oliver & Hedges, LLP*, in the Supreme Court of New York, County of New York. This exhibit contains confidential information set forth in court records that are under seal in the Supreme Court of the State of New York, New York County, concerning the value that Defendants place upon the underlying settlement in this action. Such settlement valuations were intended by the parties to be maintained as confidential, are subject to the protection in the protective order, and already have been determined by this Court in its July 2, 2008 Order to be properly the subject of redaction since they "fall within the category of information 'traditionally kept secret.'" *See* Doc. No. 473, at 5. *See also id.* at 8-9 ("the Court finds it appropriate to redact those portions of [the] transcript [of the June 23, 2008 hearing on the Motion to Enforce Settlement] which would invite public scrutiny regarding the parties' motivation to settle or their characterization of the settlement process beyond what is reflected in the Court's June 25, 2008 Order").

3. Good cause and compelling reasons exist for sealing **Exhibit 2** to the Chatterjee

1 | Declaration. Exhibit 2 is a true and correct copy of the "Memorandum of Law in Support of
2 | Application to Stay Arbitration Pursuant to CLPR 7503" filed in *Connect U, Inc., et al. v. Quinn*
3 | *Emanuel Urquhart Oliver & Hedges, LLP*, in the Supreme Court of New York, County of New
4 | York. This exhibit contains confidential information set forth in court records that are under seal
5 | in the Supreme Court of the State of New York, New York County, concerning the value that
6 | Defendants place upon the underlying settlement in this action. Such settlement valuations were
7 | intended by the parties to be maintained as confidential, are subject to the protection in the
8 | protective order, and already have been determined by this Court in its July 2, 2008 Order to be
9 | properly the subject of redaction since they "fall within the category of information 'traditionally
10 | kept secret.'" *See* Doc. No. 473, at 5. *See also id.* at 8-9 ("the Court finds it appropriate to redact
11 | those portions of [the] transcript [of the June 23, 2008 hearing on the Motion to Enforce
12 | Settlement] which would invite public scrutiny regarding the parties' motivation to settle or their
13 | characterization of the settlement process beyond what is reflected in the Court's June 25, 2008
14 | Order").

15 |     4. Good cause and compelling reasons exist for sealing **Exhibit 3** to the Chatterjee
16 | Declaration. Exhibit 3 is a true and correct copy of the "Valuation Report, Facebook, Inc., as of
17 | April 20, 2006," produced in discovery as FBMA 0000172 – 0000263. This exhibit contains
18 | sensitive and confidential valuations of Facebook's business, including Facebook's trade secrets
19 | relating to the operation of its business, which could potentially cause the company competitive
20 | harm if shared publicly with its competitors. Such confidential business valuations are of the
21 | kind that is traditionally kept secret, and which businesses traditionally view as trade secret
22 | information. It has been marked "Confidential" by Facebook pursuant to the "Second Stipulated
23 | Protective Order" in *ConnectU LLC v. Zuckerberg*, Case No. 1:04-cv-11923 (D. Mass.), signed
24 | by the Honorable Douglas Woodlock on July 6, 2005, which has governed filings in related
25 | actions among the parties in the District of Massachusetts.

26 |     5. Good cause and compelling reasons exist for sealing **Exhibit 4** to the Chatterjee
27 | Declaration. Exhibit 4 is a true and correct copy of the "Valuation Report, Facebook, Inc., as of
28 | August 31, 2006," produced in discovery as FBMA 0000172-0000263. This exhibit contains

sensitive and confidential valuations of Facebook's business, including Facebook's trade secrets relating to the operation of its business, which could potentially cause the company competitive harm if shared publicly with its competitors. Such confidential business valuations are of the kind that is traditionally kept secret, and which businesses traditionally view as trade secret information. It has been marked "Confidential" by Facebook pursuant to the "Second Stipulated Protective Order" in *ConnectU LLC v. Zuckerberg*, Case No. 1:04-cv-11923 (D. Mass.), signed by the Honorable Douglas Woodlock on July 6, 2005, which has governed filings in related actions among the parties in the District of Massachusetts.

6. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 4th day of August, 2008, at Menlo Park, California.

/s/ Monte M.F. Cooper /s/
Monte M.F. Cooper

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 4, 2008.

Dated: August 4, 2008.　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ Monte M.F. Cooper /s/
　　　　　　　　　　　　　　　　　　　Monte M.F. Cooper