SEAN A. LINCOLN (STATE BAR NO. 136387)
salincoln@orrick.com
I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
MONTE COOPER (STATE BAR NO. 196746)
mcooper@orrick.com
THERESA A. SUTTON (STATE BAR NO. 211857)
tsutton@orrick.com
YVONNE P. GREER (State Bar No. 214072)
ygreer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: +1-650-614-7400
Facsimile: +1-650-614-7401

Attorneys for Plaintiffs
THE FACEBOOK, INC. and MARK ZUCKERBERG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE FACEBOOK, INC. and MARK ZUCKERBERG,<br><br>    Plaintiffs,<br><br>    v.<br><br>CONNECTU, INC. (formerly known as CONNECTU, LLC) PACIFIC NORTHWEST SOFTWARE, INC. WINSTON WILLIAMS, and WAYNE CHANG,<br><br>    Defendants. | Case No. 5:07-CV-01389-JW<br><br>**PLAINTIFFS FACEBOOK, INC. AND MARK ZUCKERBERG'S OPPOSITION TO MOTION TO INTERVENE BY CAMERON WINKLEVOSS, TYLER WINKLEVOSS, AND DIVYA NARENDRA**<br><br>Date: August 6, 2008<br>Time: 4:30 p.m.<br>Courtroom: 8<br>Judge: Honorable James Ware |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................1

II. BACKGROUND ....................................................................................................2

    A. ConnectU and the ConnectU Founders Shared Counsel in this Action ..................2

    B. ConnectU and the ConnectU Founders Shared Counsel in the Massachusetts Action ..................................................................................2

    C. Settlement and Motion to Enforce the Settlement Agreement Involved The ConnectU Founders ..................................................................3

III. ARGUMENT .........................................................................................................5

    A. The ConnectU Founders's Motion is Not Timely and Should be Denied ..............5

        1. "Sham" Interventions Are Not Allowed ......................................................6

        2. The District Court Has Entered Judgment Enforcing the Settlement Agreement Dismissing the California and Massachusetts Cases ................7

        3. Plaintiffs Will Be Severely Prejudiced by the ConnectU Founders' Motion to Intervene ..............................................................7

        4. The ConnectU Founders Have No Valid Reason for the Delay in Seeking to Protect Their Interests ................................................8

        5. The ConnectU Founders' Cases are Not Relevant .....................................9

    B. The ConnectU Founders were Adequately Represented, Warranting Denial .........9

    C. The ConnectU Founders' Third Party Complaint is Futile Because it is Precluded by Res Judicata ..................................................................11

    D. The Federal Rule of Civil Procedure 24 Does Not Apply to Parties to the Litigation ..................................................................................13

IV. CONCLUSION ....................................................................................................14

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Arakaki* v. *Cayetano*,
    324 F.3d 1078, 1083 (9th Cir. 2003) ...................................................................................9

*Banco Popular de Puerto Rico* v. *Greenblatt*,
    964 F.2d 1227, (1st Cir. 1992) ..........................................................................................8

*Californians for Safe and Competitive Dump Truck Transportation* v. *Mendonca*,
    152 F.3d 1184 (9th Cir. 1998) ........................................................................................11

*Calvert* v. *Huckins*,
    109 F.3d 636 (9th Cir. 1997) .......................................................................................7, 9

*Chambers Med. Found.* v. *Chambers*,
    236 F.R.D. 299, 306 (W.D. La. 2006) .............................................................................8

*Costantini* v. *Trans World Airlines*,
    681 F.2d 1199 (9th Cir. 1982) ........................................................................................12

*E. I. Du Pont De Nemours & Co.* v. *Lyles & Lang Constr. Co.*,
    219 F.2d 328 (4th Cir. S.C. 1955) ..................................................................................10

*Edwards* v. *City of Houston*,
    78 F.3d 983 (5th Cir. 1996) .............................................................................................7

*Engra, Inc.* v. *Gabel*,
    958 F.2d 643 (5th Cir. 1992) ...........................................................................................6

*FTC* v. *Garvey*,
    383 F.3d 891 (9th Cir. 2004) ..........................................................................................12

*Farmland Irrigation Co.* v. *Dopplmaier*,
    220 F.2d 247 (9th Cir. Or. 1955) ...................................................................................10

*Flaxel* v. *Johnson*,
    541 F. Supp. 2d 1127, 1144 (S.D. Cal. 2008) ................................................................13

*Flynn* v. *Hubbard*,
    782 F.2d 1084, (1st Cir. Mass 1986) .............................................................................13

*Hodgson* v. *United Mine Workers of Am.*
    473 F.2d 118, 129 (D.C. Cir. 1972) .................................................................................5

*Irwin* v. *Mascott*,
    370 F.3d 929 (9th Cir. 2004) ..........................................................................................13

*League of United Latin American Citizens* v. *Wilson*,
    131 F.3d 1297, (9th Cir. 1997) ................................................................................7, 8, 9

*Mountain Top Condominium Ass'n* v. *Dave Stabbert Master Builder, Inc.*,
 72 F.3d 361, (3rd Cir. 1995) ...................................................................................7

*Nat'l Rural Telcoms. Coop. v. DIRECTV, Inc.*,
 319 F. Supp. 2d 1094 (C.D. Cal 2003) ...................................................................8

*Officers for Justice* v. *Civil Service Comm'n of City & County of San Francisco*,
 934 F.2d 1092, (9th Cir. 1991) ................................................................................8

*Pellegrino* v. *Nesbit*,
 203 F.2d 463 (9th Cir. 1953) ...................................................................................9

*Providence Health Plan* v. *McDowell*,
 361 F.3d 1243, (9th Cir. 2004) ..............................................................................11

*Sagebrush Rebellion, Inc.* v. *Watt*,
 713 F.2d 525, (9th Cir. 1983) ................................................................................11

*SEC* v. *Ross*,
 504 F.3d 1130, (9th Cir. 2007) ..............................................................................14

*In re Schimmels*,
 127 F.3d 875 (9th Cir. 1997) ...........................................................................11, 12

*Smith* v. *Marsh*,
 194 F.3d 1045, (9th Cir. 1999) ................................................................................7

*Southwest Center for Biological Diversity* v. *Berg*,
 268 F.3d 810 (9th Cir. 2001) ...................................................................................6

*Tahoe-Sierra Pres. Council, Inc.* v. *Tahoe Reg'l Planning Agency*,
 322 F.3d 1064, (9th Cir. 2003) ..............................................................................12

*United Airlines* v. *McDonalds*,
 432 U.S. 385 (1977) .................................................................................................9

*United States* v. *British American Tobacco Australia Services, Ltd.*,
 437 F.3d 1235, 1238 (D.C. Cir. 2006) .....................................................................5

*United States* v. *High Country Broadcasting Co.*,
 3 F.3d 1244 (9th Cir. 1993) ...................................................................................11

*United States* v. *State of Washington*,
 86 F.3d 1499 (9th Cir. 1996) ...............................................................................5, 6

*United States* v. *Union Elec. Co.*,
 64 F.3d 1152, (8th Cir. 1995) ..................................................................................7

*W. Radio Servs. Co.* v. *Glickman*,
 123 F.3d 1189 (9th Cir. 1997) ...............................................................................12

# STATE CASES

*Kenney* v. *Deloitte, Haskins & Sells*,
    1992 WL. 55110 .................................................................................................................. 13

*Lynch* v. *Cook*,
    148 Cal. App. 3d 1072 ...................................................................................................... 13

*Snyder v. Floworks, Inc.*
    2007 WL. 2429451 ..................................................................................................... 5, 6, 8,

# FEDERAL STATUTES

FRCP 24(a), (b) ............................................................................................................... 5, 8, 9

OHS West:260487365.1      - iv -      PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE
5:07-CV-01389-JW

## I. INTRODUCTION

The motion to intervene should be denied. Cameron Winklevoss, Tyler Winlevoss and Divya Narendra (the "ConnectU Founders") made a strategic decision not to oppose Facebook, Inc. and Mark Zuckerberg's ("Facebook" or "Plaintiffs") motion to enforce. They should not now be allowed to revisit the issues already decided by this Court. The following undisputed facts compel a denial of their motion:

1. The ConnectU Founders were parties to the two Massachusetts Actions at the time the motion to enforce was pending.
2. The ConnectU Founders had notice of the motion to enforce.
3. Divya Narendra and Howard Winklevoss attended a hearing in the Massachusetts action related to the motion to enforce.
4. Cameron Winklevoss submitted testimony in support of ConnectU's opposition to the motion to enforce, but only on behalf of ConnectU.
5. The law firm of Finnegan Henderson has continually represented the ConnectU Founders and ConnectU throughout this case and, John Hornick, counsel for the ConnectU Founders, argued before this Court during the motion to enforce hearing.
6. O'Shea Partners represents **both** ConnectU and the ConnectU Founders in this action and other actions. O'Shea Partners representation of ConnectU started prior to the motion to enforce hearing and the proceedings in Massachusetts.
7. The ConnectU Founders owned 99 percent of the stock in ConnectU prior to the judgment on the motion to enforce.
8. The third party complaint brought by the ConnectU Founders is premised upon the same body of facts as those raised in opposition to the motion to enforce prior to judgment being entered.

It is only now, in the eleventh hour and after all issues have been fully litigated, that the ConnectU Founders seek to revisit the sound rulings and judgment of this Court. Under circumstances such as this, intervention under Federal Rule of Civil Procedure 24 is unwarranted.

## II. BACKGROUND

### A. ConnectU and the ConnectU Founders Shared Counsel in this Action.

Facebook sought to have the ConnectU Founders named as parties in this case twice. Declaration of I. Neel Chatterjee in Support of Plaintiffs' Opposition to Motion to Intervene by Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra ("Chatterjee Decl."), Ex. A. The Finnegan Henderson firm, representing both ConnectU and the ConnectU Founders, sought to dismiss the ConnectU Founders from the case twice. *Id.*, Ex. B; see also Ex. K. The ConnectU Founders, through the Finnegan Henderson firm, succeeded in their jurisdictional challenge twice. *Id.*, Ex. C.[1] Despite being dismissed from the California actions, the ConnectU Founders continued to participate in the defense of the proceedings. *See*, *Id.*, Ex. K, and Dkts. 126, 293, 374[2], 407, and 438[3].

### B. ConnectU and the ConnectU Founders Shared Counsel in the Massachusetts Action

The Finnegan Henderson firm also continuously represented the ConnectU Founders and ConnectU in the two separate actions pending in the District of Massachusetts. The ConnectU Founders and ConnectU were co-plaintiffs in Civil Action No. 1:07-CV-10593 (DPW). Chatterjee Decl., Ex. D. In addition, the ConnectU Founders were counter-defendants in the other case, Civil Action No. 04:11923 (DPW). *Id.,* Ex. E.[4] In both cases, the Finnegan Henderson firm represented both ConnectU and the ConnectU Founders. *Id.*

---

[1] ConnectU Founders may have successfully been dismissed from the case, but failed to obtain certification pursuant to Fed. R. Civ. Proc. 54(b) providing that the dismissal was a final judgment.
[2] For any citation to a document submitted under seal, the docket number cited is to the associated notice of manual filing.
[3] The following declarations were submitted by the ConnectU Founders after being dismissed from the California actions: Declaration of Cameron Winklevoss in Support of Defendants ConnectU LLC, Pacific Northwest Software Inc., Winston William, and Wayne Chang's Opposition to Plaintiffs' Motion for Partial Summary Judgment; Declaration of Cameron Winklevoss in Support of ConnectU's Motion for Expedited Discovery and Evidentiary Hearing (also filed in support of ConnectU's opposition to the motion to enforce); and the Second Declaration of Cameron Winklevoss in Support of ConnectU's Sur-Reply to the Confidential Motion.
[4] These two cases have now been consolidated.

## C. Settlement and Motion to Enforce the Settlement Agreement Involved The ConnectU Founders

The Finnegan Henderson firm represented the ConnectU Founders and ConnectU at the mediation. *See* the Declaration of Evan Parke, Ex. I, Mediation Roster, Dkt. 407. Namely, on February 22, 2008, Facebook, the ConnectU Founders, and ConnectU participated in a global mediation in San Francisco, California. Attending the mediation for the ConnectU parties were six outside counsel, and all of the ConnectU shareholders, Howard Winklevoss, Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra.[5] Id. Both the Finnegan Henderson and Quinn Emanuel firms had counsel in attendance during that mediation. Id.

The ConnectU Founders decided not to honor the Settlement Agreement, leading to the motion to enforce. Under the express terms of the Settlement Agreement, the ConnectU Founders (who each signed the Settlement Agreement) agreed that this Court had jurisdiction to enforce the Settlement Agreement. Chatterjee Decl., Ex. F at ¶4. The motion to enforce was filed in this Court on April 23, 2008. Dkt. 329. Facebook filed a notice of motion in Massachusetts and served ConnectU and the ConnectU Founder's common counsel. Chatterjee Decl., Ex. G.

The ConnectU Founders chose not to oppose Facebook's motion to enforce. Instead, ConnectU opposed the motion through the Boies Schiller firm, a firm which has been described by the Wall Street Journal as a "litigation powerhouse." Dkt. 407, *see also*, Chatterjee Decl., ¶13. In addition, on or about June 11, 2008, Sean O'Shea of O'Shea Partners entered as counsel of record for ConnectU. Dkt. 430.

ConnectU and the ConnectU Founders chose to litigate issues related to the Settlement Agreement contemporaneously in Massachusetts. *See* Ex. A, Decl. of Steve Holtzman in Support of Administrative Request, May 20, 2008, Emergency motion for an expedited hearing, Dkt. 396. Once again, Finnegan Henderson argued on behalf of both ConnectU and the ConnectU Founders. *Id.*, Exs. H at 64:1-66:9 and K. Representatives of the Boies Schiller firm also

---

[5] ConnectU is a small, privately held company. At the time of settlement, the ConnectU Founders owned 99 percent of the stock and comprised a majority of the Board. See Ex. B, Decl. of I. Neel Chatterjee in Support of Reply Brief to Plaintiffs' Motion to Enforce, Dkts. 421 and 461.

| | |
|---|---|
| 1 | attended the hearing. *Id*. at 39:7-8. At the hearing in Massachusetts, Divya Narendra and |
| 2 | Howard Winklevoss were in attendance where the Massachusetts Court offered to hear the |
| 3 | motion to enforce. *Id*., H at 65:23-66:9 and ¶ 14. Ultimately, ConnectU's motion in |
| 4 | Massachusetts was denied. Chatterjee Decl., Ex. I. |

Following the denial of ConnectU's motion, the motion to enforce proceedings continued in California. ConnectU contended that the Settlement Agreement was not enforceable because it was missing material terms and void because it was procured through fraud in violation of the common law and federal securities laws. *See* ConnectU's Opposition to Confidential Motion, Dkt. 407. Cameron Winklevoss submitted testimony in support of ConnectU's opposition. *See* Dkt. 407. In its reply memorandum, Facebook identified the absence of an opposition by the ConnectU Founders. Dkt. 420 at 1, fn 1.

ConnectU filed a sur-reply (long after Sean O'Shea entered an appearance on behalf of ConnectU), including testimony from Cameron Winklevoss, but the ConnectU Founders did not file anything on their own behalf. Dkt. 438. As part of its sur-reply, ConnectU claimed in its papers that the ConnectU Founders did not have adequate notice with respect to the motion to enforce. On June 25, 2008, the Court granted Plaintiffs' motion. Dkt. 461. With respect to the "notice" issue raised by ConnectU, the Court held:

> The Court finds the three principals of ConnectU have had adequate notice since they are plaintiffs in the Massachusetts action where the parties have vigorously litigated discovery issues relating to the enforcement of this Agreement. It is incongruous to argue that these individuals did not receive notice of the motion since Judge Woodlock's June 3, 2008 order in the Massachusetts action specifically addresses the hearing on the motion to enforce the Agreement in this Court.

Dkt. 461 at 5-6 (citations omitted). Following the Court's order granting the motion to enforce, this Court entered judgment on July 3, 2008. Dkt. 476.

The parties proceeded pursuant to the judgment following entry of judgment. The parties, including the ConnectU Founders, submitted proposed forms of releases to the Court. Dkts. 478 and 479. The parties had numerous meetings with the Special Master appointed by the Court. Chatterjee Decl., ¶ 15. Sean O'Shea and representatives from his law firm discussed

matters with the Special Master, including Sean O'Shea's representation of ConnectU and the ConnectU Founders in a separate lawsuit against their former law firm, Quinn Emanuel. *Id*.

After 25 days, the ConnectU Founders, for the first time, sought to "intervene" and sought an order shortening time. Dkts. 573 and 574. Following these filings, the Court issued an order with respect to the request to shorten time. Dkt. 576. The Court noted, "The Non-Parties have had over 25 days to make their motion for intervention but elected to wait until the final hour to file their motion." *Id*. In addition, the Court ordered expedited briefing and required the ConnectU Founders to serve a "pleading which sets out the claim or defenses for which intervention is sought." *Id*. The Court also requested Facebook's opposition by August 4, 2008. *Id*. On July 31, 2008, the ConnectU Founders filed a "third party complaint" setting forth claims premised on the same body of facts as the motion to enforce opposition.[6] Dkt. 577. The "third-party" complaint substantially mirrored the claims raised by ConnectU (and rejected by the Court) during the motion to enforce proceedings. *Id*.

### III. ARGUMENT

#### A. The ConnectU Founders's Motion is Not Timely and Should be Denied.

The ConnectU Founders incorrectly assert that their motion is timely. Mot. at 5. Rule 24(a) and (b) require that a motion be "timely." Intervention can be granted only "[o]n timely motion." FRCP 24(a),(b)(1); *see also United States v. British American Tobacco Australia Services, Ltd*. 437 F.3d 1235, 1238 (D.C. Cir. 2006) (citing Hodgson v. United Mine Workers of Am., 473 F.2d 118, 129 (D.C. Cir. 1972) ("timeliness is a prerequisite to any claim for intervention under Rule 24"). If the Court finds that the motion to intervene was not timely, it need not reach any of the remaining elements of Rule 24. *United States v. State of Washington*, 86 F.3d 1499, 1502 (9th Cir. 1996). *See also Snyder v. Floworks, Inc.,* Case No. C-04-0296 RMV, 2007 WL 2429451 (N. D. Cal.)(Whyte, D.J.). Courts generally consider the following factors relevant to the issue of timeliness: (1) the stage of the proceedings at the time the applicant seeks to intervene; (2) prejudice to the existing parties from applicant's delay in seeking

---

[6] Should the Court permit intervention, Facebook intends to seek to file a motion to dismiss the third party complaint.

leave to intervene; and (3) any reason for and the length of delay between the application and how long the prospective interveners knew or reasonably should have known of their interest in the litigation. *United States v. State of Washington*, 86 F.3d 1499, 1502 (9th Cir. 1996); *Engra, Inc. v. Gabel*, 958 F.2d 643, 644 (5th Cir. 1992). These factors do not support the ConnectU Founders and warrant a denial of their motion.

### 1. "Sham" Interventions Are Not Allowed.

In determining timelines, the Court should also consider whether the allegations of the motion and proposed complaint in intervention are "absent [of] sham, frivolity or other objections" in determining whether the proposed intervener has born its burden of showing that all the requirements for intervention have been met, including the issue of timeliness. *Snyder v. Floworks, Inc.*, 2007 WL 2429451 *3 (N.D.Cal.)(Whyte, D.J.)(citing *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001). In *Snyder*, non-party movant, a limited liability company asserted that the reason for its delay in intervening was that it recently discovered that its Operating Agreement which governed the dispute between parties to the pending litigation was not valid. Members of the movant intervener were common to the members of the defendant. In denying the motion to intervene, the court found the movants' reason for its delay in seeking to intervene lacked credibility because the intervener "ha[d] doubtless[ly] been aware that it had some sort of stake in th[e] litigation since the suit was filed." *Id.* at *5. The court noted further that, even if the movant did not understand that it had grounds to challenge the award or that the party in the litigation did not adequately represent its interest, the fact that the movant delayed until after a court had entered judgment was prejudicial, particularly where the intervener intended to frustrate and delay enforcement of the judgment. *Id.*

The facts of *Snyder* are similar to the circumstances presented by the ConnectU Founders' motion. The ConnectU Founders were aware of the motion filed by Facebook at least as early as April 23, 2008, and the potential consequences of a successful outcome when Plaintiffs filed their motion to enforce the settlement agreement. Dkt. 329. They were represented by the same Counsel as ConnectU, submitted testimony, and attended hearings. *See* Dkts. 126, 293, 374, 407, 438, and Chatterjee Decl., Ex. K and ¶ 14. Rather than oppose the motion to enforce, the

ConnectU Founders made the strategic decision to challenge notice. *See* ConnectU's Sur-Reply in Opposition to Confidential Motion at 7: 6-8, Dkt. 438. Facebook identified the failure to oppose by the ConnectU Founders in its reply paper. Dkt. 420 at 1, fn 1. The ConnectU Founders chose not to file anything in response, other than a "fact" declaration from Cameron Winklevoss in support of ConnectU's sur-reply. *See* Dkt. 438.

### 2. The District Court Has Entered Judgment Enforcing the Settlement Agreement Dismissing the California and Massachusetts Cases

The ConnectU Founders improperly seek to intervene for the purposes of challenging the enforceability of the Settlement Agreement, something already decided by the Court. Mot. at 6:23-26. The entry of judgment on the merits of the motion to enforce weighs heavily against allowing intervention. *See League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1303 (9th Cir. 1997); *Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3rd Cir. 1995) (the "critical inquiry is: what proceedings of substance on the merits have occurred?"). As noted by this Court in its Order Denying the ConnectU Founders' Motion to Shorten Time Re: Non-Parties' Motion to Intervene: Setting Accelerated Briefing Schedule, "the ConnectU Founders have had over 25 days to make their motion for intervention but elected to wait until the final hour to file their motion." Dkt. 576 at 1:23-24. The ConnectU Founders offer no compelling reason for their decision to wait to try to assert claims based upon the same basic theory as ConnectU. This factor weighs against the ConnectU Founders.

### 3. Plaintiffs Will Be Severely Prejudiced by the ConnectU Founders' Motion to Intervene

Facebook will be prejudiced by the introduction of the ConnectU Founders at this late stage due to the delays it will cause and the interference with an acquisition transaction. *Smith v. Marsh*, 194 F.3d 1045, 1051 (9th Cir. 1999) (holding that while delay alone is not decisive, it is prejudice that the Court can consider); *Calvert v. Huckins*, 109 F. 3d 636, 638 (9th Cir. 1997); *United States v. Union Elec. Co.*, 64 F.3d. 1152, 1159 (8th Cir. 1995); *Edwards v. City of Houston*, 78 F.3d 983, 1002 (5th Cir. 1996); *Snyder,* 2007 WL 2429451 (stating that delay on obtaining judgment is prejudice).

The "third party" complaint appears to seek a "do over" of vigorous litigation spanning

two jurisdictions and numerous months with substantial motions practice. Also, as set forth in Plaintiffs' opposition to ConnectU's motion to stay, delaying the corporate acquisition of ConnectU by Facebook as a result of the ConnectU Founders claims causes Facebook irreparable harm. Facebook will be significantly prejudiced as a result of the continuous litigation related to the enforcement of the Settlement Agreement and the deprivation of the finality of the settlement and the consideration, such as the ownership of ConnectU, that it bargained for.

### 4. The ConnectU Founders Have No Valid Reason for the Delay in Seeking to Protect Their Interests

The ConnectU Founders cannot justify their delay, warranting denial. *See League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (citing *Washington* 86 F.3d at 1503) ("any substantial lapse of time weighs heavily against intervention"). "[T]he focus is on the date the person attempting to intervene should have been aware his 'interest[s] would no longer be protected adequately by the parties,' rather than the date the person learned of the litigation." *Officers for Justice v. Civil Service Comm'n of City & County of San Francisco*, 934 F.2d 1092, 1095 (9th Cir. 1991); *Banco Popular de Puerto Rico v. Greenblatt*, 964 F.2d 1227, 1231–1232 (1st Cir. 1992) (potential intervener must move to protect its interest as soon as it has actual knowledge a "measurable right exists"). *See also, Chambers Med. Found. v. Chambers*, 236 F.R.D. 299, 306 (W.D. La. 2006) (Intervener movant was not entitled to permissive intervention under Fed. R. Civ. P. 24(b) because movant failed to timely express interest in suit when he was actually party to it and because there was no indication that the movant wished to advance arguments different from the remaining party regarding the validity of an agreement); *Nat'l Rural Telcoms. Coop. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1094 (C.D. Cal. 2003)(denying potential interveners' motion pursuant to Rule 24(b) as untimely because the motion was filed after the parties had nearly finalized their settlement and the case had been pending for four years). As stated above, the ConnectU Founders have been aware of the motion to enforce and its potential consequences since at least April of this year, have participated in the proceedings, and made the strategic choice not to oppose Facebook's motion. It cannot justify its delay. *See Snyder*, 2007 WL 2429451 at *3.

### 5. The ConnectU Founders' Cases are Not Relevant

The ConnectU Founders incorrectly attempt to apply a bright-line rule for when intervention is "timely" and attempt to contend that post-judgment intervention is routinely timely. To the contrary, "[p]ost-judgment intervention is typically disfavored because it creates a delay and prejudice to the existing parties and undermines the orderly administration of justice. *Calvert v. Huckins,* 109 F.3d 636, 638 (9th Cir. 1997). As stated above, "timeliness" for purposes of Rule 24 is heavily context dependent. Indeed, the primary Ninth Circuit case identified by the ConnectU Founders, *Pellegrino v. Nesbit*, 203 F.2d 463 (9th Cir. 1953), acknowledges that in considering timeliness, the Court should "consider not only the period of time that has passed, but also the circumstances contributing to the delay. *Id.* at 465.

Both cases relied upon for "timeliness" by the ConnectU Founders had specific and unusual facts significantly different from the case before this Court, making them irrelevant. *United Airlines v. McDonalds*, 432 U.S. 385, 396 (1977) dealt with the unusual situation of an intervener with a co-pending case learning of new facts post-judgment affecting a class certification issue and thereupon moving promptly to intervene. The case before this Court does not have a class and no facts have changed that justify "new" events to warrant intervention. *Pellegrino* involved a shareholder intervention where the shareholder was not, as a matter of law, permitted to intervene so long as the company prosecuted its claim. Such a circumstance is not present in this case. Indeed, neither of the ConnectU Founders' cases involved the unique circumstance where a shareholder in a company was a party to a resolved case, the resolution transferred ownership of the company, the shareholder had notice of a motion to enforce the agreement which would affect his or her rights, and the shareholder chose (strategically) not to be involved.

### B. The ConnectU Founders were Adequately Represented, Warranting Denial

The ConnectU Founders cannot establish that ConnectU did not and cannot represent its interest, warranting denial of the motion. Under Rule 24(a)(2), intervention may be appropriate "*unless existing parties adequately represent that interest*." FRCP 24(a)(2) (emphasis added). *See Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003); *League of United Latin American*

*Citizens v. Wilson*, 324 F.3d 1078, 1083 (9th Cir. 1997) 131 F3d 1297, 1302.   One factor tending to show adequate representation of an applicant intervener's interest is identity of counsel. *Farmland Irrigation Co. v. Dopplmaier*, 220 F.2d 247 (9th Cir. Or. 1955) (affirming order denying motion to intervene because applicant asserted the same defense as formal party and also had the same attorneys); *see also E. I. Du Pont De Nemours & Co. v. Lyles & Lang Constr. Co.*, 219 F.2d 328, 332-333 (4th Cir. S.C. 1955).

The interests of the ConnectU Shareholders has been adequately represented.  The opposition to the motion to enforce served the ConnectU shareholders' interest more than ConnectU's interest.  ConnectU is merely changing hands through the settlement.  The primary challenge was actually the *value received by the shareholders.*  As a result, the interest by the shareholders was already served.

Further, counsel representing the ConnectU Founders has been one and the same throughout the entirety of these disputes.  *See* Dkts. 126, 293, 374, 407, 438, and Chatterjee Decl., Ex. K and ¶ 14.  As the ConnectU Founders assert in their intervention, to the extent that they claim the Boies Schiller firm does not represent them, ConnectU had asserted the same defense to the motion to enforce.  The ConnectU Founders were represented by the O'Shea Partners and Finnegan Henderson firms at the time Plaintiffs filed the motion to enforce.  Dkt. 577.  No credible argument can be asserted that their interests were not protected.  To the contrary, the Boies Schiller firm acted to protect the shareholder interest in opposing the motion with respect to ConnectU but choosing not to oppose the motion on behalf of the ConnectU shareholders.

The ConnectU Founders incorrectly contend that ConnectU inadequately represents their interests because "it is unclear whether ConnectU, Inc. would be able to appeal if it complies with the Judgment." Mot. at 6:2-3.  This argument is speculative and seeks an improper advisory opinion.  At this point, ConnectU is represented by Boies Schiller, and Boies Schiller has filed an appeal on its behalf.

In addition, the ConnectU Founders are responsible for any lack of adequate representation it may now claim.  The ConnectU Founders made the strategic choice to affect their rights by not opposing Facebook's motion when it was fully aware that the motion was

pending. Where the intervener is responsible for the lack of adequate representation, intervention may be denied. *United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993). In *High Country Broadcasting*, defendant corporation defaulted by failing to appear through licensed counsel. Corporation's sole shareholder then moved to intervene *pro se*. *Id.* The motion was properly denied because shareholder was to blame for the corporation's earlier failure to obtain counsel. *Id.* The facts here compel a similar result.

The ConnectU Founders cite two cases, *Sagebrush Rebellion, Inc. v. Watt,* 713 F.2d 525, 528 (9th Cir. 1983), and *Californians for Safe and Competitive Dump Truck Transportation v. Mendonca*, 152 F.3d 1184 (9th Cir. 1998), to support their claim of "inadequate representation." These cases, which bear no resemblance to the facts of this case, do not support the ConnectU Founders contention that a shareholder's interest cannot be adequately represented by the corporation when it is jointly represented and a shareholder's decision not to oppose a motion it is fully aware of. This case bears a stronger resemblance to *High Country Broadcasting Co., Inc.*, as described above, than to the cases cited by the ConnectU Founders.

### C. The ConnectU Founders' Third Party Complaint is Futile Because it is Precluded by *Res Judicata*

This Court entered a final judgment enforcing the Settlement Agreement after full litigation. Dkt. 476. In so doing, the Court rejected the allegations of securities fraud, the facts in support of the claim, and the "failure of the meeting of the minds" argument. Consequently, the ConnectU Founders are barred by *res judicata* from proceeding with its third party complaint which has fundamentally identical claims. Allowing intervention would be futile.

The doctrine of *res judicata* provides that a final judgment on the merits bars further claims by parties or their privies and "is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997). *Res judicata* "bars any lawsuits on any claims that were raised or could have been raised in the prior action." *Providence Health Plan v. McDowell*, 361 F.3d 1243, 1249 (9th Cir. 2004). The elements necessary to establish *res judicata* are: (1) an identity of facts or claims, (2) a final judgment on the merits, and (3) privity between parties. *Tahoe-Sierra Pres.*

*Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir.2003); *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). *See also Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982).

The ConnectU Founders' complaint seeks a declaratory judgment that the Settlement Agreement is void and unenforceable because it fails to include material terms. Dkt. 577. The ConnectU Founders' complaint also seeks to void and/ or rescind the Settlement Agreement based upon several fraud-based theories. *Id.* All of these factual allegations were present in ConnectU.'s opposition to motion to enforce. Dkt. 407. These factual issues underlying the "fraud" claims are identical to the issues already resolved through this Court's final judgment with respect to the motion to enforce. Any assertion of the "third party" complaint claims would impair the rights established in the prior judgment enforcing the Settlement Agreement entered by this court.

The ConnectU Founders were also in privity with ConnectU. "'Privity' ... is a legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *Schimmels*, 127 F.3d at 881. Privity is a flexible concept dependent on the particular relationship between the parties in each individual set of cases. *FTC v. Garvey*, 383 F.3d 891 (9th Cir. 2004). Privity has been found in a number of circumstances, including situations where the non-party controlled the original suit where the non-party's interests were adequately represented by a party in the original suit, where there is a substantial identity between the party and the non-party, where the interests of the non-party and the party are so closely aligned as to be virtually representative, and where there is an express or implied legal relationship by which parties to the first suit are accountable to non-parties who file a subsequent suit with identical issues. *Id.* at 897 n.5, citing *Schimmels*, 127 F.3d at 881.

The ConnectU Founders easily meet the "privity" standard. In this case, the ConnectU Founders are 99 percent shareholders in ConnectU, are officers, and are board members who were actively involved in and controlled the decisions of ConnectU. Their interests were closely aligned, as evidenced by the "third party" complaint. "A non-party can be bound by the litigation

choices made by his virtual representative," *Irwin v. Mascott,* 370 F.3d 929 (9th Cir. 2004). A close relationship, substantial participation, identity of interest, adequate representation, and tactical maneuvering all support a finding of virtual representation. *Id.* at 930. Because of the close relationship between this small company and the ConnectU Founders, they are indisputably in privity with the company.

The ConnectU Founders raise one new claim premised upon the same facts under Section 25401 of California Corporations Code. Dkt. 577 at 7. This claim is futile because it (a) could have been raised in the earlier proceedings and (b) the issues of fact resolved by the Court on the motion to enforce preclude the claim. Courts have held that section 25401 are "essentially identical to clause (b) of rule 10b-5 promulgated under section 10(b) of the Securities Exchange Act of 1934." *Lynch v. Cook,* 148 Cal. App. 3d 1072 (Cal. App. 1983); *see also*, *Flaxel v. Johnson*, 541 F. Supp. 2d 1127, 1144 (S.D. Cal. 2008). Further, the ConnectU Founders cannot establish such a claim because of this Court's previous factual finding. Namely, the Court held that "[w]ithout a showing by Defendants of a material misrepresentation or omission in the negotiations, the Court finds no basis to decline enforcement." Dkt. 461 at 11. Consequently, *res judicata* precludes proceeding under this claim for the same reasons the Court rejected ConnectU's securities fraud and common law fraud allegations under Federal law.[7]

### D. The Federal Rule of Civil Procedure 24 Does Not Apply to Parties to the Litigation

The ConnectU Founders cannot intervene because they are parties to the disputes. Parties to a litigation do not have standing to intervene. Rule 24 is a procedure by which someone not a party to a pending lawsuit can gain party status without the consent of the original parties. SCHWARZER, TASHIMA & WAGSTAFFE, CAL. PRAC, GUIDE: FED. CIV. PROC. BEFORE TRIAL, 9TH CIRCUIT EDITION §[7:162] (The Rutter Group 2008). Chatterjee Decl, Ex. J. Rule 24(a)(2) is designed to allow participation in a litigation by non-parties whose interests may be impaired. *Flynn v. Hubbard*, 782 F.2d 1084, 1090 (1st Cir. Mass. 1986)(emphasis added). Indeed, the

---

[7] At least one court has held that justifiable reliance must be shown to prove a violation of section 25401. *Kenney v. Deloitte, Haskins & Sells*, 1992 WL 55110 (N.D. Cal.). The Court's findings with respect to justifiable reliance also operate to preclude the Cal. Corp. Law § 25401 claim as a result.

ConnectU Founders' cases cited in their motion support that "Rule 24 permits a third party to enter the proceedings in order to protect his own interests." Mot. at 4:24-27 *citing SEC v. Ross,* 504 F.3d 1130, 1150 (9th Cir. 2007).

The ConnectU Founders claim they are non-parties to the proceedings affected by the Settlement Agreement. They are parties, not non-parties. Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra have been parties to the litigations between Facebook and ConnectU from the outset, as counter-defendants to the case filed by ConnectU, LLC (predecessor to ConnectU, Inc.) in September 2004; previously-dismissed defendants in the California action filed by Facebook, Inc. in California in August of 2005, and plaintiffs with ConnectU Inc. in the Massachusetts action filed in August 2007. All pending cases by and between Facebook, Inc. and Mark Zuckerberg against the ConnectU Founders and ConnectU were settled at the global mediation on February 23, 2008. The Settlement Agreement was executed by each of the ConnectU Founders, and they explicitly submitted to the jurisdiction of this Court with regard to the enforcement of the Settlement Agreement pursuant to paragraph 4. They have no basis to intervene where, as actual parties to the proceedings, they had an opportunity to challenge the enforceability of the Settlement Agreement, but instead chose to remain silent. For this reason alone, the ConnectU Founders motion should be denied.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs Facebook, Inc. and Mark Zuckerberg request that the ConnectU Founders motion to intervene be denied.

Dated: August 4, 2008          Orrick, Herrington & Sutcliffe LLP


/s/ I. NEEL CHATTERJEE /s/
I. NEEL CHATTERJEE
Attorneys for Plaintiffs
THE FACEBOOK, INC. and MARK ZUCKERBERG

# CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 4, 2008.

Dated: August 4, 2008.                    Respectfully submitted,


                                          /s/ I. NEEL CHATTERJEE /s/
                                          I. NEEL CHATTERJEE