United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| The Facebook, Inc., et al., | NO. C 07-01389 JW |
| Plaintiffs, | **ORDER DENYING THE CONNECTU FOUNDERS' MOTION TO INTERVENE; DENYING CONNECTU'S MOTION TO STAY EXECUTION OF JUDGMENT** |
| v. | |
| ConnectU, Inc., et al., | |
| Defendants. | |

## I.  INTRODUCTION

Initially, Plaintiffs the Facebook, Inc. and Mark Zuckerberg (collectively, "Facebook") brought this action against ConnectU, Inc. ("ConnectU"), Pacific Northwest Software, Inc., Winston Williams, and Wayne Chang alleging, *inter alia*, misappropriation of trade secrets, unfair competition, and violations of 18 U.S.C. § 1030, *et seq*.  The parties were engaged in at least two other lawsuits over these matters; in those cases, ConnectU and its founders, Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra (collectively, the "ConnectU Founders"), were plaintiffs and Facebook was a defendant.  Based on a series of events and motions, on July 2, 2008, the Court entered Judgment enforcing a settlement agreement between the parties to all of the actions. (hereafter, "Judgment," Docket Item No. 476.)

Presently before the Court are the ConnectU Founders' Motion to Intervene[1] and ConnectU's Motion to Stay Execution of Judgment.[2] The Court conducted a hearing on August 6, 2008. Based on the papers submitted to date and oral argument of counsel, the Court DENIES the ConnectU Founders' Motion to Intervene on the ground that they have already been made parties to this action. However, the Court GRANTS them an extension of time in which to file their appeal. Further, the Court DENIES ConnectU's Motion to Stay Execution of Judgment.

## **II. DISCUSSION**

### **A. Motion to Intervene**

The ConnectU Founders move to intervene on the grounds that they have a real economic stake in the outcome of this case and ConnectU will not sufficiently protect their interests. (Intervene Motion at 4, 6.) The Judgment in this case treats the ConnectU Founders as parties; it orders them and the other signatories to take action to comply with the Term Sheet and Settlement Agreement ("Settlement Agreement"). Therefore, before reaching the necessity of allowing them to intervene, the Court reviews the ConnectU Founders' status as existing parties to this action and to the other lawsuits covered by the Settlement Agreement.

The Ninth Circuit has held that when a federal court has a basis for jurisdiction over a dispute involving a final settlement agreement, the court may "interpret and apply its own judgment to the future conduct contemplated" by a agreement. See Flanagan v. Arnaiz, 143 F.3d 540, 544-45 (9th Cir. 1998). The requisite independent basis for jurisdiction may be supplied by a provision in the settlement agreement. Id. at 544. Such a provision, "empowers a district court to protect its judgment" from subsequent attempts to frustrate "the purpose of the settlement agreement and order." Sandpiper Village Condominium Ass'n., Inc. v. Louisiana-Pacific Corp., 428 F.3d 831, 841

---

[1] (hereafter, "Intervene Motion," Docket Item No. 574.)

[2] (hereafter, "Stay Motion," Docket Item No. 578.). Subject to being permitted to intervene, the ConnectU Founders join in the Motion to Stay Enforcement.

(9th Cir. 2005). Under this power, individuals may be bound to take actions as long as they had notice and an ability to contest the judgment or order enforcing the settlement agreement. See id.

On August 8, 2007, the ConnectU Founders and ConnectU, Inc., were named Plaintiffs in a First Amended Complaint in Civil Action No. 1:07-CV-10593-DPW pending in the District of Massachusetts. The Facebook, Inc., Mark Zuckerberg and others were named as Defendants in that action. In this action, Facebook and Mark Zuckerberg have been named as Plaintiffs and ConnenctU, Inc., has been named as a Defendant. Although the ConnectU Founders were named in a Second Amended Complaint in this case, the Court found that it lacked personal jurisdiction over them and dismissed them. (See Docket Item Nos. 136, 232.)

On February 22, 2008, the parties entered into a Settlement Agreement, and the ConnectU Founders individually obligated themselves to perform the terms of the agreement. Among the obligations undertaken by the ConnectU Founders were agreements to dismiss the Massachusetts action and to give mutual releases as broad as possible.[3] Notably, the ConnectU Founders expressly stipulated to the jurisdiction of this Court for the limited purpose of enforcement of the agreement. (Id.)

On April 23, 2008, Facebook filed a motion before this Court to enforce the agreement against the parties to the agreement ("Enforcement Motion"), because disputes arose among the parties with respect to execution of the agreement. (Docket Item No. 329.) Rather than file the Enforcement Motion as a new ancillary proceeding, the motion was filed in this action. As noted above, the ConnectU Founders were not existing parties to this action before the Enforcement Motion was filed because they had been dismissed. Nevertheless, the motion sought enforcement against the ConnectU Founders and ConnectU, Inc., because in the agreement, each of the Founders submitted to the jurisdiction of this Court to enforce the agreement. (Enforcement Order at 3; see Declaration of I. Neel Chatterjee, Ex. F, hereafter, "Chatterjee Decl.," Docket Item No. 596.)

---

[3] (Order Granting Plaintiffs' Confidential Motion to Enforce the Settlement Agreement at 3, hereafter, "Enforcement Order," Docket Item No. 461.)

3

Notice of the Enforcement Motion was given to counsel for the ConnectU Founders. This was accomplished by filing a notice of the motion in the Massachusetts action in which the ConnectU Founders were parties and by serving that notice on counsel for the ConnectU Founders in the Massachusetts action. (Enforcement Order at 5; Chatterjee Decl., Ex. G.) At a hearing in the Massachusetts action, the parties acknowledged they were aware of the proceedings in this Court. (Id., Chatterjee Decl., Ex. H.)

At the hearing on the Enforcement Motion in this case, the Court raised a question with respect to enforcement against the individuals who, although signatories to the agreement, were not formal parties to the present action. (Transcript of Hearing at 74-75.) Counsel for Facebook took the position that the ConnectU Founders had consented to jurisdiction and that on that basis, the Court could proceed to enter judgment enforcing the agreement against them. (Id.) Counsel for the ConnectU Founders made an appearance at the hearing. Their counsel described the status of the Massachusetts' litigation but otherwise did not object to jurisdiction. (Id.) Thus, like ConnectU, Inc., the ConnectU Founders are parties for purposes of proceedings to enforce the Settlement Agreement.

In its Enforcement Order, the Court ordered the parties to appear for a hearing and to show cause why a judgment should not be entered ordering the signatories to take actions required of them by the Settlement Agreement. (Enforcement Order at 12.) In its Order, the Court specifically cited the ConnectU Founders' consent to jurisdiction and their receipt of notice of the Enforcement Motion as the basis for the exercise of personal jurisdiction to enforce the agreement against them. (Id.) A copy of the Order to Show Cause was served on counsel for all signatories to the agreement, including counsel for the ConnectU Founders.[4]

---

[4] The service list shows that attorney Scott Mosko of the Finnegan, Henderson, Farabow was served. (Enforcement Order, certificate of service page.) The Finnegan firm previously represented the ConnectU Founders in this action prior to their dismissal; however, the Finnegan firm has represented ConnectU, Inc., since the commencement of this lawsuit and has represented ConnectU, Inc., and the ConnectU Founders since the commencement of the Massachusetts actions.

4

On July 2, 2008, a show cause hearing was held. Counsel for all signatories to the agreement appeared, including counsel for the ConnectU Founders. (See n.4, supra.) After the hearing, the Court entered Judgment Enforcing the Settlement Agreement against all the signatories to the agreement and appointed a Special Master to perform steps necessary to enforce the agreement. (Judgment at 1-2; Notice of Appointment of a Master; Nomination of Individual to Serve as Master, Docket Item No. 475.) Among others, the Judgment ordered the ConnectU Founders to perform acts necessary to comply with the Judgment with respect to this action and the Massachusetts action. (Judgment at 3.)

In sum, the Court confirms its previous finding that the Motion to Enforce the Term Sheet and Settlement Agreement, although filed under a case number in which the ConnectU Founders were not already parties, was an ancillary proceeding in which Facebook and Zuckerberg were nominal Plainitffs and ConnectU and the ConnectU Founders were nominal Defendants. As the Supreme Court has noted, "[e]nforcement of [a] settlement agreement . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal" of underlying proceedings. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 378 (1994). Although the ConnectU Founders were not made parties by virtue of being served with a summons and complaint, as signatories to the Settlement Agreement they consented to personal jurisdiction being exercised over them by this Court and to proceedings limited to enforcement of the agreement. The ConnectU Founders had fair notice that Facebook sought enforcement of the agreement through a motion, and they had ample opportunity to oppose that motion. Through counsel, the ConnectU Founders participated in and were aware of these proceedings. Thus, the Judgment enforcing the Settlement Agreement is binding on them and they may appeal that Judgment.[5]

---

[5] The Court notes that even a non-party may be permitted to appeal when "(1) the appellant, though not a party, participated in the district court proceedings, and (2) the equities of the case weigh in favor of hearing the appeal." Bank of Am. v. M/V Executive, 797 F.2d 772, 774 (9th Cir. 1986).

Accordingly, the Court DENIES the motion to intervene as unnecessary because the ConnectU Founders are already parties to these proceedings to enforce the Settlement Agreement. The unique procedural posture of the case, however, persuades the Court to grant the ConnectU Founders additional time to appeal for good cause shown pursuant to Rule 4(a)(5) of Federal Rules of Appellate Procedure.

The Court addresses separately the proposed Complaint in Intervention. With their motion to intervene, the ConnectU Founders have tendered a Complaint in Intervention which essentially seeks to relitigate the issues concerning the enforceability of the Settlement Agreement. (See Docket Item No. 577.) The Court addressed these issues at a hearing before granting Facebook's motion to enforce the settlement and entering Judgment. As parties to the case, parties may tender pleadings. However, at this procedural stage, the Court finds that the Complaint in Intervention is improper because intervention is unnecessary. Further, if the Complaint in Intervention is allowed to be filed after Judgment, it would re-open matters covered by the Judgment; this would be improper unless or until the Judgment is set aside and new pleadings are allowed by the Court. Accordingly, the Court STRIKES the ConnectU Founders' Complaint in Intervention.

**B.     Motion to Stay**

ConnectU moves to stay enforcement of the Judgment entered by the Court on the grounds that it may be irreparably harmed and the balance of hardships tips in its favor. (Stay Motion at 5, 7.)

Federal Rule of Civil Procedure 62(d), which provides for a stay upon court approval of a supersedeas bond, pertains primarily, if not exclusively, to monetary judgments. See NLRB v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988). Thus, whether a district court should grant a stay of the enforcement of a non-monetary judgment is governed by Rule 62(c), which provides that "[w]hen an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during

the pendency of the appeal." Spieler ex rel. Spieler v. Mt. Diablo Unified School Dist., 2007 WL 3245286, at *2-3 (N.D. Cal. 2007).

The standard for granting a stay pending appeal under Rule 62(c) is similar to that for a preliminary injunction. Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983). A party seeking a stay must show "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Lopez, 713 F.2d at 1435. To satisfy steps (1) and (2), a court may accept proof either that the applicant has shown "a strong likelihood of success on the merits [and] . . . a possibility of irreparable injury to the [applicant]," or "that serious legal questions are raised and that the balance of hardships tips sharply in its favor." Golden Gate Restaurant v. City and County of San Francisco, 512 F.3d 1112, 1115-16 (9th Cir. 2008). When the district court has already ruled on the legal issue being appealed, the court need not conclude that it is likely to be reversed on appeal in order to grant the stay. Strobel v. Morgan Stanley Dean Witter, 2007 WL 1238709, at *1 (S.D. Cal. 2007). However, the court may consider that delay in filing an appeal and seeking a stay vitiates the force of allegations of irreparable harm. Cf. Beame v. Friends of the Earth, 434 U.S. 1310, 1313 (1977).

In this case, ConnectU cannot show irreparable harm from execution of the Judgment because the only effect of enforcing the settlement is the transfer of ownership of ConnectU. Barring evidence to the contrary, the Court presumes that Facebook has an equal interest in preserving the value of ConnectU as do ConnectU's current owners. Moreover, ConnectU filed its motion seeking a stay only days before turnover of its stock was ordered to take place. This delay on the part of ConnectU tends to vitiate its contention that it will be irreparably harmed. See Beame, 434 U.S. at 1313.

With respect to the issues of the balance of hardships, ConnectU contends that Facebook may somehow adversely affect its right to appeal. (Stay Motion at 5-6.) However, ConnectU admits that

7

1  it will pursue other litigations with respect to its former counsel related to this case and incur
2  liabilities to its lawyers. Thus, the hardship upon Facebook may be equally as great if the litigation
3  diminishes the value of ConnectU. In essence, the longer the Court delays in enforcing the
4  settlement between the parties, the more likely the value of the consideration subject of the
5  settlement (i.e., the value of the stock of each company) will change. This means that the status quo
6  cannot be preserved with a stay. The Court is concerned that any further delay in enforcing the
7  settlement will create a serious risk of prejudice to Facebook, as well as to ConnectU.

8  Accordingly, the Court DENIES ConnectU's motion to stay enforcement of the Judgment
9  entered in this case.

### III. CONCLUSION

The Court DENIES the ConnectU Founders' Motion to Intervene as unnecessary because they have already been made parties to these proceedings by their consent and by service of the Enforcement Motion. The Court STRIKES the ConnectU Founders' Complaint in Intervention. The Court GRANTS the ConnectU Founders additional time in which to file an appeal. Since ConnectU filed a timely Notice of Appeal on August 1, 2008, (see Docket Item No. 585), the ConnectU Founders shall have until **August 22, 2008** to file their appeal.

The Court DENIES ConnectU's Motion to Stay Execution of Judgment. The Judgment requires that on or before August 4, 2008, ConnectU and its Founders to deposit with the Master all shares of ConnectU, Inc., endorsed for transfer, and to submit legally sufficient dismissal with prejudice of all cases by and between the parties pending as of the date of the Settlement Agreement. (Judgment at 2.) At the hearing on these motions, it was brought to the Court's attention that while Facebook and Mark Zuckerberg have complied with the Court's Judgment, ConnectU, Inc., and its Founders have failed to do so. Counsel for ConnectU, Inc., and counsel for the ConnectU Founders contend that since the Court had granted a hearing on the Motion to Stay Judgment just two days after the due date, they had a good faith belief that they had a period of reprieve from the Judgment.

8

The Court finds good cause to not hold ConnectU and its Founders in contempt for failing to comply with its Judgment as of August 4, 2008.

Accordingly, ConnectU and the ConnectU Founders shall comply with the turnover requirements of the Court's July 2, 2008 Judgment Enforcing Settlement Agreement on or before **August 12, 2008**.

Dated: August 8, 2008

JAMES WARE
United States District Judge

9

| | |
|---|---|
| | **United States District Court**<br>For the Northern District of California |

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Chester Wren-Ming Day cday@orrick.com
D. Michael Underhill Munderhill@BSFLLP.com
David A. Barrett dbarrett@bsfllp.com
Evan A. Parke eparke@bsfllp.com
George Hopkins Guy hopguy@orrick.com
I. Neel Chatterjee nchatterjee@orrick.com
Jonathan M. Shaw jshaw@bsfllp.com
Kalama M. Lui-Kwan klui-kwan@fenwick.com
Mark A. Weissman mweissman@osheapartners.com
Mark Andrew Byrne markbyrne@byrnenixon.com
Monte M.F. Cooper mcooper@orrick.com
Rachel E. Matteo-Boehm rachel.matteo-boehm@hro.com
Roger Rex Myers roger.myers@hro.com
Scott Richard Mosko scott.mosko@finnegan.com
Sean Alan Lincoln slincoln@Orrick.com
Sean F. O'Shea soshea@osheapartners.com
Steven Christopher Holtzman sholtzman@bsfllp.com
Theresa Ann Sutton tsutton@orrick.com
Tyler Alexander Baker Tbaker@fenwick.com
Valerie Margo Wagner valerie.wagner@dechert.com
Yvonne Penas Greer ygreer@orrick.com

**Dated: August 8, 2008**                     **Richard W. Wieking, Clerk**

                                                **By:  /s/ JW Chambers**
                                                      **Elizabeth Garcia**
                                                      **Courtroom Deputy**