SEAN A. LINCOLN (State Bar No. 136387)
    salincoln@orrick.com
I. NEEL CHATTERJEE (State Bar No. 173985)
    nchatterjee@orrick.com
MONTE COOPER (State Bar No. 196746)
    mcooper@orrick.com
THERESA A. SUTTON (State Bar No. 211857)
    tsutton@orrick.com
YVONNE P. GREER (State Bar No. 214072)
    ygreer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:    650-614-7400
Facsimile:    650-614-7401

Attorneys for Plaintiffs
THE FACEBOOK, INC. and MARK ZUCKERBERG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE FACEBOOK, INC. and MARK ZUCKERBERG,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CONNECTU, INC. (formerly known as CONNECTU, LLC), PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, and WAYNE CHANG,<br><br>　　　　　Defendants. | Case No.  5:07-CV-01389-JW<br><br>**FACEBOOK, INC. AND MARK ZUCKERBERG'S RESPONSE TO SEPTEMBER 19, 2008 ORDER TO SHOW CAUSE RE: SPECIAL MASTER REPORT NO. 1**<br><br>Date:　　　　October 28, 2008<br>Time:　　　　10:00 a.m.<br>Judge:　　　Honorable James Ware |

## I. INTRODUCTION

In its September 19, 2008 Order to Show Cause Re: Special Master's Report No. 1, the Court requested Facebook's position with respect to matters which could arise under the Court's Order to Show Cause. As is explained more fully below, Facebook believes that the Court should order the Special Master to do the following:

1. Issue ConnectU shares to Facebook.
2. File the dismissals subject to Facebook's objections.
3. Issue a check and shares jointly in the name Cameron Winklevoss, Tyler Winklevoss and Divya Narendra (collectively "ConnectU Founders") and Quinn Emanuel Urquhart Oliver & Hedges, LLP ("Quinn Emanuel").[1] Alternatively, the settlement proceeds of the ConnectU Founders should be placed on the registry of the court pursuant to 28 U.S.C. § 1335(a)(2) to allow the ConnectU Founders and any third parties asserting rights to the proceeds of the settlement to be resolved by way of an interpleader action. The interpleader action Facebook would propose were this option accepted is attached hereto as Exhibit A.

## II. SPECIFIC ISSUES

### A. Ninth Circuit Appeal

The Court noted that the Ninth Circuit has denied ConnectU and the ConnectU Founder's effort to stay execution of the judgment. As a result, the pending appeal should have no impact on this Court's decision. This Court and the Ninth Circuit have found that the appeal presents no basis for delay and, indeed, undermines the overall value of the settlement reached months ago.

### B. Form of Release

The Court has posed a question as to the form of the release. Facebook's proposed release reflects the terms of the Term Sheet & Settlement Agreement that this Court entered as the Judgment. This is a matter of legal interpretation of the agreement. However, should the Court wish to leave any disputes related to the interpretation of the agreement for another day,

---

[1] Quinn Emanuel is the third party with the lien against the settlement proceeds of the ConnectU Founders.

Facebook does not object to this Court's proposal that "the Judgment should not be modified to regard the language of the Term Sheet and Settlement Agreement as the release agreement of the parties." Order to Show Cause at 2:7-9. [Dkt. No. 634]

Should the Court entertain entry of the releases suggested by Facebook, Facebook responds to the issues raised by ConnectU and the ConnectU Founders below. Facebook submitted a proposed release consistent with the Term Sheet and Settlement Agreement. Exhibit B (Facebook's Proposed Release). ConnectU objected on the following grounds:

> **1. That Pacific Northwest Software ("PNS"), Wayne Chang and Winston Williams were not included in Facebook's proposed dismissal;**
>
> **2. That language pursuant to California Civil Code § 1542, releasing all known and unknown claims is improper;**
>
> **3. That the release should not be effective immediately, and instead be effective when there is a final non-appealable order; and**
>
> **4. That Facebook did not define the word "lawsuits" in its release and that the word "lawsuits" should be defined as encompassing the lawsuits in the Northern District of California and the District of Massachusetts.**

*See* Exhibit C (ConnectU's Objections).

*Issue 1:* The releases are between the signatories to the agreement. The agreement does not state that non-signatories get releases.

*Issue 2:* The Settlement Agreement provides that "all parties get mutual releases *as broad as possible* . . . ." Paragraph 2 (emphasis added). A release that contains releases pursuant to California Civil Code section 1542 is the broadest possible release provided by California law. The inclusion of such a release is therefore consistent with, and called for, by the Settlement Agreement. Without the inclusion of such a section, the release would not be as broad as possible. Settlement Agreement, ¶ 2. The parties were represented by competent counsel when they agreed to this term.

*Issue 3:* The proposal that the release be delayed pending the outcome of the appeal is nothing more than a request for a stay, which this Court has already denied. To not enter the releases and dismissals immediately would frustrate the purpose of the contract and undermine the value that Facebook bargained for.

***Issue 4:*** Facebook does not understand what ConnectU's complaint is here. The agreement is clear on its face.

As for the Court's alternative proposal that "the Judgment should [will] be modified to regard the language of the Term Sheet and Settlement Agreement as the release agreement of the parties," Order to Show Cause at 2:7-9, Facebook has no objection.

**C. The Court Should Provide Facebook The ConnectU Shares And Place Onto The Registry Of The Court The Monies And Shares That Are To Be Provided To ConnectU Due To Liens**

The Settlement Agreement contemplates that the shares of ConnectU should be issued to Facebook.

Under the terms of the Settlement Agreement, the ConnectU Founders are entitled to receive cash and Facebook shares as reflected in paragraph 7 of the Settlement Agreement. Facebook placed the shares and the monies in trust with the Special Master. However, there is a lien that has been placed on any settlement proceeds by Quinn Emanuel Urquhart Oliver & Hedges, LLP. *See* Exhibit D.

So that Facebook is not exposed to any claims and so that it is removed from litigation over who has the rights to the settlement proceeds, Facebook proposes that the Facebook shares and cash referenced in paragraph 7 of the Settlement Agreement be issued in the name of the ConnectU Founders and Quinn Emanuel. *See Levin v. Gulf Ins. Group*, 69 Cal. App. 4th 1282, 1286 (1999) (finding that a party who satisfies a judgment, with knowledge of a lien, may be held liable for intentional interference of a contract). Doing so allows Quinn Emanuel and the ConnectU Founders to figure out how to divide the stock and shares. Without doing so, Facebook is concerned it may be exposed to liability to the lienholder. *Id.*

Alternatively, the settlement proceeds of the ConnectU Founders should be placed on the registry of the court pursuant to 28 U.S.C. § 1335(a)(2) to allow the ConnectU Founders and Quinn Emanuel to resolve their rights to the proceeds through an interpleader action. *Minnesota Mutual Life Ins. Co. v Ensley*, 174 F 3d 977, 980 (9th Cir. 1999) ("Section 1335 allows a stakeholder to file an interpleader action to protect itself against the problems posed by multiple claimants to a single fund.") A proposed complaint in interpleader is attached hereto as

1  Exhibit A.

2         Upon the transfer of the ConnectU shares and the filing of the interpleader action,

3  Facebook's obligations under the Settlement Agreement will have been fulfilled. Therefore, the

4  Court should also file the tendered dismissals of the actions.

Dated: October 10, 2008

SEAN A. LINCOLN
I. NEEL CHATTERJEE
MONTE COOPER
THERESA A. SUTTON
Orrick, Herrington & Sutcliffe LLP

/s/ Yvonne P. Greer/s/
Yvonne P. Greer
Attorneys for Plaintiffs
THE FACEBOOK, INC. and MARK ZUCKERBERG

# CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 10, 2008.

Dated: October 10, 2008.         Respectfully submitted,

                                 /s/ Yvonne P. Greer
                                 Yvonne P. Greer