| | |
|---|---|
| 1 | SEAN A. LINCOLN (State Bar No. 136387) |
| | salincoln@orrick.com |
| 2 | I. NEEL CHATTERJEE (State Bar No. 173985) |
| | nchatterjee@orrick.com |
| 3 | MONTE COOPER (State Bar No. 196746) |
| | mcooper@orrick.com |
| 4 | THERESA A. SUTTON (State Bar No. 211857) |
| | tsutton@orrick.com |
| 5 | YVONNE P. GREER (State Bar No. 214072) |
| | ygreer@orrick.com |
| 6 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 1000 Marsh Road |
| 7 | Menlo Park, CA 94025 |
| | Telephone: 650-614-7400 |
| 8 | Facsimile: 650-614-7401 |
| 9 | Attorneys for Plaintiffs |
| | THE FACEBOOK, INC. and MARK ZUCKERBERG |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

THE FACEBOOK, INC. and MARK ZUCKERBERG,

Plaintiffs,

v.

CONNECTU, INC. (formerly known as CONNECTU, LLC), PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, and WAYNE CHANG,

Defendants.

Case No. 5:07-CV-01389-JW

**PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF, PURSUANT TO CIVIL LOCAL RULE 7-11, FOR CLARIFICATION OF NOVEMBER 3, 2008, ORDERS**

OHS West:260547068.2

ADMIN REQUEST FOR CLARIFICATION
5:07-CV-01389-JW

## I. REQUESTED RELIEF

Pursuant to Civil Local Rule 7-11, Plaintiffs seek clarification of the Court's November 3, 2008, Order Directing Special Master to Deliver Property per Settlement Agreement (Doc. No. 653) and Judgment Ordering Specific Performance of Settlement Agreement and Declaratory Judgment of Release (Doc. No. 654). In both of these orders, the Court orders the transfer of specified stock and cash to counsel for the parties "in trust for [counsel's] clients and any lawful claimant."[1]

The terms "in trust" and "lawful claimant" are not included in the parties' Settlement Agreement. The parties disagree about Plaintiffs' obligations arising out of the Court's use of these terms. ConnectU and its Founders recently asserted that this language is meant to include at least Tyler and Cameron Winklevoss and Divya Narendra, ConnectU's Founders. ConnectU and its Founders assert that the language requires Plaintiffs' counsel to hold the ConnectU stock "in trust" for them. Plaintiffs disagree. While at least two "lawful claimants" apparently exist with regard to the stock and cash transferred from Facebook to ConnectU, *i.e.*, Quinn Emanuel and Finnegan Henderson, there are no similarly situated persons interested in the ConnectU stock transferred to Plaintiffs. Thus, the "in trust" and "lawful claimant" language with regard to consideration transferring from Facebook to ConnectU is appropriate. It is not a reciprocal requirement.

Consequently, Plaintiffs request that the Court clarify that, through its November 3 Orders, the transfer of ConnectU stock to Plaintiffs need not be held "in trust" for "any lawful claimant," and specifically not for Tyler, Cameron or Howard Winklevoss or Divya Narendra.

## II. BACKGROUND

On November 3, 2008, the Court issued an Order Directing Special Master to Deliver Property per Settlement Agreement (Doc. No. 653).[2] The Order directs the Special Master, in relevant part, to:

---

[1] To the extent the Court considers the relief sought to be a substantive change, Plaintiffs request that the Court consider this a Motion for Reconsideration of its November 3, 2008, Orders.
[2] On that same day, the Court also issued a Judgment Ordering Specific Performance of Settlement Agreement and Declaratory Judgment of Release (Doc. No. 654). The language at issue in this Administrative Request is identical in both November 3rd Orders.

> (1) transfer to the law firm of Orrick, Herrington & Stucliffe [sic], LLP, counsel for The Facebook, Inc., and Mark Zuckerberg, **in trust** for its clients and **any lawful claimant**, the shares of ConnectU being held by the Master; and
>
> (2) transfer to Boies, Schiller & Flexner, as counsel for ConnectU, Inc., Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra, **in trust** for its clients and **any lawful claimant**, (a) the cash or its equivalent in the form of a bank check or cashiers check and (b) The Facebook Inc., common shares being held by the Master;

Doc. Nos. 653, 654 (emphasis added). These provisions appear to be in response to the Special Master's September 5, 2008, Report No. 1 in which the Master recommended that the Court instruct him to transfer: a) all ConnectU stock in his possession **to Facebook** (Doc. No. 630, pg. 8 (Recommendation #3)) (emphasis added); and b) the Facebook cash and stock, for the ConnectU Founders and Quinn Emanuel, **into an escrow or trust** account (or to ConnectU founders and Quinn Emanuel jointly). *Id.* (Recommendation #4) (emphasis added).[3]

On November 6, 2008, counsel for ConnectU wrote to Plaintiffs' counsel contending, for the first time, that they believe Messrs. Winklevoss and Narendra are "lawful claimants" to the ConnectU stock and are, therefore, entitled to 10 days' notice of any proposed transfer of ConnectU stock by Plaintiffs' counsel. Declaration of Theresa A. Sutton in Support of Motion for Administrative Relief ("Sutton Decl."), Ex. A. Plaintiffs disagree that anyone other than they are "lawful claimants" to the ConnectU stock.

## III. DISCUSSION

Plaintiffs seek clarification of the terms "in trust" and "lawful claimants" in Section (1) of the Court's November 3, 2008, Order. Although titled an order apparently designed to effectuate the Settlement Agreement (*i.e.*, deliver property "**in accordance** with the terms of their Settlement Agreement"), the Court's Order contains language not found in the Settlement Agreement. Specifically, the Court orders the Special Master to transfer ConnectU stock to Orrick, Herrington & Sutcliffe LLP "in trust" for Plaintiffs and "any lawful claimant." Doc. No.

---

[3] In a September 19, 2008, Order to Show Cause, the Court also acknowledged that "that claims or liens have been asserted by third-parties." This is apparently a reference to the Notice of Lien filed by the Quinn Emanuel law firm, and perhaps Finnegan Henderson, with regard to the stock and cash paid by Facebook to ConnectU's Founders as a result of the Settlement Agreement. Neither of these parties, or any other third party, has asserted an interest in the ConnectU stock.

653. No such "claimants" exists, nor is there a requirement in the Settlement Agreement that Plaintiffs' counsel hold the consideration in trust for them or anyone else.

By its terms, the Settlement Agreement requires Facebook to transfer a specified amount of cash and number of shares of Facebook stock to Messrs. Winklevoss and Narendra. In exchange for this transfer, the Settlement Agreement requires the transfer of "all ConnectU stock," to Plaintiffs. Because the "in trust" and "lawful claimant" language does not appear in the Settlement Agreement, Plaintiffs ask that the Court clarify its use of these terms. More specifically, Plaintiffs request that the Court specify that the Order was not intended to identify Tyler, Cameron and Howard Winklevoss and Divya Narendra as "lawful claimants" to the ConnectU stock, and that Plaintiffs' counsel need not hold such stock "in trust."

Clarification is necessary because ConnectU has recently asserted that Messrs. Winklevoss and Narendra are "lawful claimants" pursuant to the Order. Sutton Decl., Ex. A. Plaintiffs disagree. Unlike the Facebook stock and cash in which the Quinn Emanuel firm asserts an interest (and has filed a Notice of Lien), no person has filed a Notice of Lien or other notice of interest in the ConnectU stock. Consequently, the parties are not similarly situated.[4] Placing restrictions on the consideration Plaintiffs are entitled to pursuant to the Settlement Agreement and the November 3 Order is, therefore, inappropriate.

For the same reasons, Plaintiffs also seek clarification of the term "in trust," as nothing in the Settlement Agreement requires Plaintiffs' counsel to hold the ConnectU stock in trust for anyone, including any nonexistent third party "lawful claimants." Indeed, the Special Master, in his Report, recommended that the Court instruct him to transfer the ConnectU stock directly to Facebook. *See* Recommendation #3. Further, in response to this recommendation, the Court issued an Order to Show Cause why it should not do so. Doc. No. 634, 1:18. Neither ConnectU or its Founders objected to the recommended transfer on the ground that the Founders are lawful claimants. Doc. No. 637, pg. 16. They objected solely to the timing of the transfer to the extent it

---

[4] The consideration flowing from Facebook to the ConnectU founders pursuant to the Settlement Agreement cannot be transferred at this time directly to the founders because Quinn Emanuel has filed a Notice of Lien asserting an interest in those proceeds. As a result, restrictions on that part of the transaction are appropriate and necessary to protect Quinn Emanuel's (a "lawful claimant") interest in the settlement proceeds.

would affect their rights on appeal.  *Id.*

IV. **CONCLUSION**

For these reasons, Plaintiffs seek clarification of the terms "in trust" and "lawful claimant," as used in Section (1) of the Order, to ensure Plaintiffs are in full compliance thereof. Specifically, Plaintiffs request that the Court specify that Tyler, Cameron, and Howard Winklevoss, and Divya Narendra are not "lawful claimants" pursuant to Section (1) of the Order, and Plaintiffs are not required to hold the ConnectU stock "in trust."

November 10, 2008

/s/ Theresa A. Sutton /s/
Theresa A. Sutton

# **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 10, 2008.

Dated: November 10, 2008.                    Respectfully submitted,

                                                                    /s/ Theresa A. Sutton /s/
                                                                    Theresa A. Sutton