STEVEN C. HOLTZMAN (State Bar No. 144177)
  sholtzman@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460

DAVID A. BARRETT (*pro hac vice*)
  dbarrett@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Ave., 7th Floor
New York, NY 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

D. MICHAEL UNDERHILL (*pro hac vice*)
  munderhill@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue NW
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

Attorneys for Defendants ConnectU, Inc.,
Cameron Winklevoss, Tyler Winklevoss,
and Divya Narendra.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE FACEBOOK, INC. and MARK ZUCKERBERG,<br><br>Plaintiffs,<br><br>v.<br><br>CONNECTU, INC. (formerly known as CONNECTU, LLC), PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, and WAYNE CHANG,<br><br>Defendants. | Case No. 5:07-CV-01389-RS<br><br>**DEFENDANTS'**<br><br>**(I) RESPONSE TO PLAINTIFFS' ADMIN. MOTION TO CORRECT/STRIKE (Dkt. No. 657); and**<br><br>**(II) RESPONSE TO PLAINTIFFS' ADMIN. REQUEST FOR CLARIFICATION (Dkt. No. 659).** |

## I. DEFENDANTS' RESPONSE TO MOTION TO CORRECT/STRIKE

On Monday evening, November 10, 2008, Plaintiffs filed an administrative motion (Dkt. No. 657) that asked the Court to strike the reference to the ConnectU Founders in the following sentence from the Court's November 3 Order:

> On June 25, 2008, over objections by ConnectU and the Founders (collectively, "ConnectU"), the Court granted the motion to enforce the Agreement.

*Id.* (citing November 3 Order (Dtk. No. 653)). But the reference to the Founders should not be stricken because it properly describes the record and the Court's prior findings.

The Court has previously found that "Counsel for the ConnectU Founders made an appearance" at the June 25 hearing on the motion to enforce and that "like ConnectU, Inc., the ConnectU Founders are parties for purposes of proceedings to enforce the Settlement Agreement."[1]  At the July 2, 2008, show cause hearing, the Court recognized that "ConnectU and others" (with "others" being understood to include the ConnectU Founders) were not "waiving *your objection to my Order in the first place*." *See* Declaration of Evan A. Parke ("Parke Decl.") at Exhibit A (transcript excerpts) at 26:5-14 (emphasis added).   In response, counsel for ConnectU and the Founders stated "That is correct." *Id.*   Because the Court's statement in its November 3 Order accurately reflects the record, the Court should deny Plaintiffs' administrative motion to correct/strike.

## II. DEFENDANTS' RESPONSE TO MOTION TO CLARIFY

The Court's November 3 Judgment requires Facebook's counsel to hold the ConnectU stock "in trust for its clients and any lawful claimant," just as it requires ConnectU's counsel to hold Facebook's stock and cash settlement consideration "in trust for its clients and any lawful claimant." *See* November 3 Judgment (Dkt. No. 654) at 1-2.  On Monday evening, November 10, Facebook filed a second administrative motion asking the Court to "clarify" that the ConnectU Founders are not "lawful claimants."  (Dkt. No. 659).

---

[1] *See* Order Denying Motion to Intervene; Denying ConnectU's Motion to Stay Execution of Judgment (Dkt. No. 610) at 4, ll.13-15.

1                           DEFENDANTS' RESPONSES TO
                                  PLAINTIFFS' TWO ADMIN. MOTIONS
                                              5:07-CV-01389-JW

This request should be denied. The Judgment is unambiguous and needs no "clarification." The ConnectU Founders are indeed lawful claimants to the ConnectU stock. To the extent that Facebook alternatively asks the Court to modify its Judgment, that request should be denied as well.

Black's Law Dictionary defines "claimant" as "[o]ne who asserts a right or demand." BLACK'S LAW DICTIONARY (West 2004). Courts commonly rely on this definition in determining whether various parties or entities are, in fact, "claimants." *See, e.g., In re Matter of Magone*, 892 P.2d 540, 543 (Mon. 1995) (relying on "everyday meaning[]" of "claimant" in Black's Law Dictionary to reverse district court's ruling that person was not a "claimant"); *State v. Mark Marks, P.A.*, 654 So. 2d 1184, 1193 (Ct. App. Fla. 1995) (relying on Black's Law Dictionary to find that a third-party injured by another was a "claimant"). Similarly, Black's Law Dictionary defines "lawful" as "permitted by law." BLACK'S LAW DICTIONARY (West 2004).

The Founders satisfy these common-sense, common-usage definitions. The Founders have lawfully asserted, and continue to lawfully assert, their right to return of the ConnectU stock that they were required to turn over to the Special Master. The Founders have properly asserted that right before this Court and the Court of Appeals, where the Founders have already filed their opening appeal brief. *See Ctr. for Int'l Envtl. Law v. Office of the United States Tr. Rep.*, 240 F. Supp. 2d 21, 22-23 (D.D.C. 2003) (parties have the "basic right to appeal"). Indeed, the Court has held that the Founders may appeal its prior orders and judgments,[2] underscoring that their appellate claims, like their claims before this Court, are "permitted by law" and therefore "lawful." *See* FED. R. APP. P. 3(a)(1) ("[a]n appeal *permitted by law as of right* from a district court to a court of appeals may be taken only be filing a notice of appeal") (emphasis added). If the Founders prevail on appeal, their

---

[2] *See* Ex. D to Parke Decl. at 47:6-8 ("I have to put the opposing party to my judgment in a position so they can challenge my judgment"), 46:18-19 ("I won't deny the right to appeal"). *See* Dkt. No. 610 at 5 (Founders had a right to "appeal that Judgment").

ConnectU stock *must* be returned to them. *See Caldwell v. Puget Sound Elec. Apprenticeship Trust*, 824 F.2d 765, 767 (9th Cir. 1987) ("The right to recover what one has lost by the enforcement of a judgment subsequently reversed is well established.") (quoting *Baltimore and Ohio R.R. v. United States*, 279 U.S. 781, 786 (1929)).

Facebook also asks the Court to "clarify" what it means to hold property in trust for another. (Dkt. No. 659, at 2-3). Facebook's request is unnecessary. Black's Law Dictionary explains that a "trust" is "[t]he right…to the beneficial enjoyment of property to which another person holds the legal title." BLACK'S LAW DICTIONARY (2004). Similarly, the Restatement (Second) of Trusts provides

> [A] trust involves three elements, namely, (1) a trustee, who holds the trust property and is subject to equitable duties to deal with it for the benefit of another; (2) a beneficiary, to whom the trustee owes equitable duties to deal with the trust property for his benefit; (3) trust property, which is held by the trustee for the beneficiary.

Restatement (Second) of Trusts § 2 cmt. h (1959). Law firms—no doubt including Facebook's firm—routinely hold funds and other property in trust. The prerequisites for a "trust" are clearly met in this case. Accordingly, it is appropriate for Facebook's counsel to hold the ConnectU property in trust for "any lawful claimants," including the Founders.

Facebook also argues that even if ConnectU's counsel must hold cash and Facebook's stock in trust for the Founders' prior counsel (Quinn Emanuel), Facebook's counsel need not hold the ConnectU stock in trust for the Founders. Facebook claims that the Quinn Emanuel contractual lien should result in non-reciprocal obligations. Facebook is wrong. In *both* situations, the evident purpose of the trust is to preserve the integrity of assets until the claimants' right to the asset is fully adjudicated, in one case by the Ninth Circuit, in the other by an arbitration panel. *See Foster v. Hallco Manufacturing Co.*, 835 F. Supp. 1235, 1236 (D. Ore. 1993) ("It is in the interest of fairness that the money remain in a separate trust until resolution of the controversy [on appeal]."). It is the arbitration panel that will decide what – if any – amount of cash or stock may be due to Quinn Emanuel. The fact that Quinn Emanuel may have a lien does not change the operative facts. Quinn's "claim" to settlement

3            DEFENDANTS' RESPONSES TO
PLAINTIFFS' TWO ADMIN. MOTIONS
5:07-CV-01389-JW

proceeds is no more certain than the Founders'. Both are "lawful claimants" who, if they ultimately prevail, may become entitled to property held in trust. Indeed, as the Court stated at oral argument on October 28, Quinn Emanuel's lien has not been adjudicated and there is no way to know if Quinn will recover anything. *See* Ex. E to the Parke Decl. (October 28 hearing tr.) at 51:11-13 ("The obligation that you're citing [is] of a contractual lien [that] has not been adjudicated as of yet.").

Finally, Facebook suggests that Defendants should be precluded from asserting that they are lawful claimants because, according to Facebook, they did not make that argument after the Special Master originally recommended transferring the ConnectU stock to Facebook. (Dkt. No. 659, at 3, ll. 20-25). Of course Defendants did not make that argument; the Special Master never recommended that Facebook's counsel hold the ConnectU stock "in trust for…any lawful claimant." But Defendants *did* object to the transfer of their stock to Facebook, in compliance with the Court's show cause order. (Dkt. No. 637). The Court considered the parties' respective arguments and ordered Facebook's counsel to hold the stock in trust for Facebook and all lawful claimants.

### REQUEST TO RESTORE TIMELINE FOR SEEKING EMERGENCY APPELLATE RELIEF

The Court's November 3 Order and Judgment directed the Special Master not to implement the Judgment until November 24, 2008, so that ConnectU and the Founders would have sufficient time to file (and the Court of Appeals sufficient time to rule on) a motion or petition for appellate relief.[3] The November 3 Judgment provided that Facebook's counsel should hold the ConnectU stock "in trust…for any lawful claimant." On the morning of Thursday, November 6, Defendants' counsel emailed a letter to counsel for Facebook to confirm that they would hold the ConnectU stock in trust for Facebook and the Founders. To avoid delay, a response was requested by noon on Friday, November 7. *See* Ex. B to the Parke Decl. Facebook's counsel, however, did not answer until Monday,

---

[3] *See* November 3 Order (Dkt. No. 653) at 6; November 3 Judgment (Dkt. No. 654) at 1.

November 10, stating that they did not consider ConnectU Founders to be "lawful claimants" for whom counsel would hold the ConnectU stock in trust; and that Facebook would move for clarification of the Judgment in this regard. Ex. C to the Parke Decl.

If the Court denies Facebook's clarification motion and rules that Facebook's counsel must hold the ConnectU stock in trust for the Founders as "lawful claimants," Defendants would not expect to seek emergency relief through motion or petition for mandamus, but would raise any issues through the normal appellate process.[4]

However, if the Court alters its Judgment and rules that Facebook's counsel need not hold the ConnectU stock in trust for Facebook and the Founders, Defendants intend to seek immediate appellate relief. They therefore respectfully request that the Court grant an additional 21 days from the date of its ruling on Facebook's administrative request to allow time for such proceedings.

**CONCLUSION**

Defendants request that the Court deny Facebook's two administrative motions. If the Court rules that Facebook's counsel need not hold the ConnectU stock in trust for Facebook and the Founders, Defendants respectfully request that the Court grant an additional 21 days from the date of its ruling to restore the time provided in the November 3 Judgment for seeking immediate appellate relief.

---

[4] Defendants maintain their objection to the filing of dismissals in the Massachusetts action and reserve the right to seek relief from any dismissal of their claims.

November 14, 2008                          Respectfully submitted,

                                 */s/Steven C. Holtzman*
                                 Steven C. Holtzman
                                 BOIES, SCHILLER & FLEXNER LLP

                                 *Attorneys for Defendants' ConnectU, Inc., Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra,*

                                 */s/Sean F. O'Shea*
                                 Sean F. O'Shea
                                 O'SHEA PARTNERS LLP

                                 *Attorneys for Individual Defendants Cameron Winklevoss, Tyler Winklevoss & Divya Narendra*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 14, 2008.

Dated: November 14, 2008

                                 /s/ *Steven C. Holtzman*
                                 Steven C. Holtzman

                                 Attorneys for Defendants' ConnectU, Inc., Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra.