United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| The Facebook, Inc., et al., | NO. C 07-01389 JW |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION TO CORRECT; GRANTING PLAINTIFFS' MOTION FOR CLARIFICATION; AND VACATING THE NOVEMBER 3, 2008 JUDGMENT** |
| v. | |
| ConnectU, Inc., et al., | |
| Defendants. | |

Presently before the Court are Plaintiffs' (1) Motion for Administrative Relief to Correct the November 3, 2008 Order Directing Special Master to Deliver Property (hereafter, "Motion to Correct," Docket Item No. 657) and (2) Motion for Clarification of the November 3, 2008 Orders[1] (hereafter, "Motion for Clarification," Docket Item No. 659). Defendants have filed a timely response. (hereafter, "Response," Docket Item No. 661.) The Court considers each motion in turn.

**A.      Motion to Correct**

Plaintiffs move to correct what they contend is a factual error in the Court's November 3 Order. (Motion at 1.) In its November 3 Order, the Court stated: "On June 25, 2008, over objections by ConnectU and the Founders (collectively, "ConnectU"), the Court granted the motion

---

[1] (Order Directing the Special Master to Deliver the Property Being Held in Trust to the Parties in Accordance with the Terms of their Settlement Agreement, hereafter, "November 3 Order," Docket Item No. 653; Judgment Ordering Specific Performance of Settlement Agreement and Declaratory Judgment of Release, hereafter, "Final Judgment," Docket Item No. 654.)

to enforce the Agreement." (November 3 Order at 1.) Plaintiffs contend that the Founders[2] did not originally object to the enforcement of the Settlement Agreement; it was not until July 29, 2008 that the Founders filed a motion to intervene in the action. (Motion at 1.)

Although Plaintiffs are correct that the record does not reflect the Founders' "formal" appearance until July 29, 2008, in its June 25, 2008 Order,[3] the Court noted the presence of the Founders' counsel. (June 25 Order at n.9.) The Court also found that, based on the Settlement Agreement, it has personal jurisdiction over the Founders. (June 25 Order at 5.) Further, in its August 8, 2008 Order denying the Founders' motion to intervene, the Court found that like ConnectU, Inc., the Founders are parties for the purposes of these ancillary proceedings to enforce the Settlement Agreement.[4]

Thus, the Court finds that the language in its November 3 Order, i.e., "over the objections by ConnectU and the Founders . . .," is consistent with its prior Orders recognizing the Founders' presence and the Court's exercise of jurisdiction over them. Accordingly, the Court DENIES Plaintiffs' motion to correct the November 3 Order.[5]

**B.** **Motion for Clarification**

Plaintiffs move to clarify the provision of the Judgment that the shares of ConnectU ordered to be transferred by the Master to the law firm of Orrick, Herrington & Sutcliffe, LLP, be made "in trust for its clients and any lawful claimant." (Motion for Clarification at 2.)

Defendants contend that the Judgment is unambiguous and needs no clarification. (Response at 2.) In fact, subsequent to entry of the Judgment, Defendants notified Plaintiffs that it interpreted

---

[2] The Founders of ConnectU, Inc. are Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra.

[3] (Order Granting Plaintiffs' Confidential Motion to Enforce the Settlement Agreement, hereafter, "June 25 Order," Docket Item No. 461.)

[4] (Order Denying the ConnectU Founders' Motion to Intervene; Denying ConnectU's Motion to Stay Execution of Judgment at 4, Docket Item No. 610.)

[5] The Court declines to comment on the effect of this language on the parties' pending appeals in the Ninth Circuit.

2

the "any lawful claimant" language as imposing an obligation on the Orrick law firm to hold the ConnectU shares in trust for the benefit of the ConnectU parties pending resolution of their appeal from the Judgment. (Motion for Clarification at 2; Response at 2.)

This Order clarifies the intent of the Court with respect to the language used in the Judgment. The Judgment was entered pursuant to a finding by the Court of good cause to enforce the "Term Sheet & Settlement Agreement." In the course of adjudicating Plaintiffs' motion to enforce the Settlement Agreement, the Court became aware of a Notice of Attorneys' Lien filed by the law firm Quinn Emanuel Urquhart Oliver & Hedges, LLP. (See Docket Item No. 337.) The Notice states that the Quinn Emanuel law firm "has and claims a lien over the claims and causes of action of, and any judgment, settlement or other recovery paid to, the ConnectU Parties or any of them, or their successors or assigns . . . ." (Id. at 2.)

At the October 28, 2008 hearing, the Quinn Emanuel law firm appeared and requested the Court to honor the lien the firm has asserted on the settlement proceeds by making any disbursal jointly in the name of the Defendants and the law firm. (See Docket Item No. 644.) The Court found that such a disbursal was not covered by the terms of the Settlement Agreement. Moreover, the Quinn Emanuel law firm was not a party to the case, nor had it foreclosed on any lien. Thus, in its November 3 Order, the Court declined to grant the request made by the Quinn Emanuel law firm. (November 3 Order at 6.)

Although the Court denied Quinn Emanuel's motion to disburse the settlement proceeds jointly in their names and that of the Defendants, the requirement that the distribution be held "in trust" for "any lawful claimant" was intended to enforce the Settlement Agreement, but in doing so, to permit the Quinn Emanuel law firm to perfect any lien and to assert any perfected lien against the proceeds in the hands of the Boies, Schiller & Flexner LLP law firm.

To the extent the Court used parallel "in trust" for "any lawful claimant" language with respect to the transfer of ConnectU stock to Facebook and Mark Zukerberg via their counsel's law firm, it was a clerical error. No notice had been given to the Court of any party who claimed a joint interest in the settlement proceeds. Moreover, Facebook and Mark Zuckerberg through their

3

counsel, had requested both this Court and the Special Master to transfer ConnectU stock directly to Facebook.

In sum, the Court clarifies that it did not intend to impose an obligation on the Orrick law firm to hold the proceeds in trust for the benefit of Defendants. The imposition of a trust would be tantamount to a stay of execution, which the Court has previously denied. By its Judgment, the Court intended to order immediate enforcement of the Settlement Agreement.

Accordingly, the Court GRANTS Plaintiffs' motion for clarification. The November 3, 2008 Judgment is VACATED. Pursuant to Federal Rule of Civil Procedure 60(a), an amended Judgment will be issued. To provide the parties with an opportunity to seek relief from the Judgment, a new date for execution will be stated in the Amended Judgment.

Dated: November 21, 2008

JAMES WARE
United States District Judge

United States District Court
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Bruce Eric Van Dalsem brucevandalsem@quinnemanuel.com
Chester Wren-Ming Day cday@orrick.com
D. Michael Underhill Munderhill@BSFLLP.com
David A. Barrett dbarrett@bsfllp.com
Evan A. Parke eparke@bsfllp.com
George C. Fisher georgecfisher@gmail.com
George C. Fisher georgecfisher@gmail.com
George Hopkins Guy hopguy@orrick.com
I. Neel Chatterjee nchatterjee@orrick.com
Jonathan M. Shaw jshaw@bsfllp.com
Kalama M. Lui-Kwan klui-kwan@fenwick.com
Mark A. Weissman mweissman@osheapartners.com
Mark Andrew Byrne markbyrne@byrnenixon.com
Monte M.F. Cooper mcooper@orrick.com
Rachel E. Matteo-Boehm rachel.matteo-boehm@hro.com
Randy Garteiser randygarteiser@quinnemanuel.com
Roger Rex Myers roger.myers@hro.com
Scott Richard Mosko scott.mosko@finnegan.com
Sean Alan Lincoln slincoln@Orrick.com
Sean F. O'Shea soshea@osheapartners.com
Steven Christopher Holtzman sholtzman@bsfllp.com
Theresa Ann Sutton tsutton@orrick.com
Tyler Alexander Baker Tbaker@fenwick.com
Valerie Margo Wagner valerie.wagner@dechert.com
Warrington S. Parker wparker@orrick.com
Yvonne Penas Greer ygreer@orrick.com

**Dated: November 21, 2008**          **Richard W. Wieking, Clerk**

                                      **By:    /s/ JW Chambers**
                                      **Elizabeth Garcia**
                                      **Courtroom Deputy**