1  SEAN A. LINCOLN (State Bar No. 136387)
   salincoln@orrick.com
2  I. NEEL CHATTERJEE (State Bar No. 173985)
   nchatterjee@orrick.com
3  MONTE COOPER (State Bar No. 196746)
   mcooper@orrick.com
4  THERESA A. SUTTON (State Bar No. 211857)
   tsutton@orrick.com
5  YVONNE P. GREER (State Bar No. 214072)
   ygreer@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
7  Menlo Park, CA 94025
   Telephone: 650-614-7400
8  Facsimile: 650-614-7401

9  Attorneys for Plaintiffs
   THE FACEBOOK, INC. and MARK ZUCKERBERG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE FACEBOOK, INC. and MARK ZUCKERBERG,<br><br>Plaintiffs,<br><br>v.<br><br>CONNECTU, INC. (formerly known as CONNECTU, LLC), PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, and WAYNE CHANG,<br><br>Defendants. | Case No. 5:07-CV-01389-JW<br><br>**[PROPOSED] ORDER OF DISMISSAL** |

OHS West:260417655.2
16069-4 TS2/YG2

[PROPOSED] ORDER OF DISMISSAL
5:07-CV-01389-JW

On July 2, 2008, this Court entered a Judgment Enforcing Settlement Agreement ("Judgment"), attached hereto as Exhibit A. Pursuant to the Judgment, all claims asserted against Defendants ConnectU, Inc., Pacific Northwest Software, Inc., Winston Williams, and Wayne Chang, are dismissed with prejudice. The parties shall bear their own attorney's fees and costs.

## ORDER

IT IS SO ORDERED.

Dated: _____

_____
Honorable James Ware
United States District Judge
Northern District of California

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| The Facebook, Inc., et al., | NO. C 07-01389 JW |
| Plaintiffs, | **JUDGMENT ENFORCING SETTLEMENT AGREEMENT** |
| v. | |
| ConnectU, Inc., et al., | |
| Defendants. | |

Pursuant to the Court's June 25, 2008 Order Granting Plaintiffs' Confidential Motion to Enforce the Settlement Agreement (docket item no. 461), the parties appeared before the Court on July 2, 2008 to show cause why a judgment should not be entered. Based on the papers submitted and oral arguments of counsel,

JUDGMENT IS ENTERED ENFORCING "THE TERM SHEET & SETTLEMENT AGREEMENT" AS FOLLOWS:

(1) The Facebook, Inc. and Mark Zuckerberg:

(a) Pursuant to Paragraphs 4 and 7 of the Agreement, unless otherwise ordered by the Court, on or before **August 4, 2008**, The Facebook, Inc. shall deposit with the Master, the amount of cash and the certificates representing the amount of The Facebook, Inc. common shares stated in Paragraph 7 of the Agreement, endorsed for transfer. The following legend shall appear on certificates of The Facebook, Inc. common stock issued pursuant to this Judgment:

THE SHARES REPRESENTED BY THIS CERTIFICATE HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED. THEY MAY NOT BE SOLD, OFFERED FOR SALE, PLEDGED OR HYPOTHECATED IN THE ABSENCE OF A REGISTRATION STATEMENT IN EFFECT WITH RESPECT TO THE SECURITIES UNDER SUCH ACT OR AN OPINION OF COUNSEL REASONABLY SATISFACTORY TO THE ISSUER THAT SUCH REGISTRATION IS NOT REQUIRED, OR UNLESS SOLD PURSUANT TO RULE 144 OF SUCH ACT.

THE SHARES REPRESENTED BY THIS CERTIFICATE ARE SUBJECT TO AN AGREEMENT WITH REGARD TO THE VOTING OF SUCH SHARES, AS PROVIDED IN THE CERTAIN TERM SHEET & SETTLEMENT AGREEMENT PURSUANT TO WHICH SUCH SHARES WERE ORIGINALLY ISSUED. THE HOLDERS OF SUCH SHARES ARE ENTITLED TO THE SAME ANTI-DILUTION RIGHTS AFFORDED THE ISSUER'S SERIES D PREFERRED STOCK, AS PROVIDED IN SUCH TERM SHEET & SETTLEMENT AGREEMENT. A COPY OF SUCH TERM SHEET & SETTLEMENT AGREEMENT IS ON FILE IN THE OFFICE OF THE SECRETARY OF THE ISSUER.

(b) Pursuant to Paragraphs 2 and 4 of the Agreement, on or before 12 noon on July 9, 2008, The Facebook, Inc. and Mark Zuckerberg shall submit to the Court for approval a proposed form of release. Upon approval by the Court, the release shall be signed by The Facebook, Inc. and Mark Zuckerberg, and shall have attached to it corporate authority given to the corporate signatory and shall be notarized as to each signatory and shall be immediately deposited with the Master;

(c) Pursuant to Paragraphs 2 and 4 of the Agreement, unless otherwise ordered by the Court, on or before August 4, 2008, a legally sufficient dismissal with prejudice of all cases by and between the parties pending as of the date of the Agreement.[1] The dismissal shall recite that each party to the respective litigation shall bear their own attorney fees and costs.

---

[1] The other two cases are ConnectU, LLC v. Facebook, Inc., et al., Case No. 1:04-cv-11923-DPW, currently on appeal to the First Circuit Court of Appeals; and ConnectU, Inc., et al. v. Facebook, Inc., et al., Case No. 1:07-cv-10593-DPW, currently pending in the District of Massachusetts.

2

(2) ConnectU Inc., Cameron Winklevoss, Tyler Vinklevoss, and Divya Narendra:

    (a) Pursuant to Paragraphs 4 and 7 of the Agreement, unless otherwise ordered by the Court, on or before **August 4, 2008**, ConnectU Inc. shall deposit with the Master all shares of ConnectU Inc., endorsed for transfer. To the extent the parties to the Agreement do not own any shares of ConnectU Inc., to fulfill the obligation of the transfer of "all ConnectU stock," the parties to the Agreement shall take such actions in their respective corporate and individual capacities as are necessary to effect the deposit with the Master of all shares of ConnectU stock;

    (b) Pursuant to Paragraphs 2 and 4 of the Agreement, on or before **12 noon on July 9, 2008**, ConnectU, Inc., Cameron Winklevoss, Tyler Vinklevoss and Divya Narendra shall submit to the Court for approval a proposed form of release. Upon approval by the Court, the release shall be signed by these parties and shall have attached to it corporate authority given to the corporate signatory and shall be notarized as to each signatory and shall be immediately deposited with the Master;

    (c) Pursuant to Paragraphs 2 and 4 of the Agreement, unless otherwise ordered by the Court, on or before **August 4, 2008**, a legally sufficient dismissal with prejudice of all cases by and between the parties pending as of the date of the Agreement. The dismissal shall recite that each party to the respective litigation shall bear their own attorney fees and costs.

(3) Upon further order of the Court, the parties shall deposit with the Master such other and further things which will facilitate the orderly exchange of the consideration and shall do the things ordered by the Court to ensure the operational integrity of the business entities that are parties to the Agreement.

3

(4) The deposits being made with the Master by the parties pursuant to this Judgement shall be transferred out of the deposit by the Master only upon further Order of the Court in enforcement of the Agreement.

The Court retains jurisdiction to enforce this Judgment.

Dated: July 2, 2008

/s/ James Ware
JAMES WARE
United States District Judge

4