| | |
|---|---|
| 1 | SEAN A. LINCOLN (STATE BAR NO. 136387) |
| | salincoln@orrick.com |
| 2 | I. NEEL CHATTERJEE (STATE BAR NO. 173985) |
| | nchatterjee@orrick.com |
| 3 | WARRINGTON S. PARKER, III (STATE BAR NO. 148003) |
| | wparker@orrick.com |
| 4 | MONTE COOPER (STATE BAR NO. 196746) |
| | mcooper@orrick.com |
| 5 | THERESA A. SUTTON (STATE BAR NO. 211857) |
| | tsutton@orrick.com |
| 6 | YVONNE P. GREER (State Bar No. 214072) |
| | ygreer@orrick.com |
| 7 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 1000 Marsh Road |
| 8 | Menlo Park, CA 94025 |
| | Telephone:   +1-650-614-7400 |
| 9 | Facsimile:    +1-650-614-7401 |

FILED 2009 JAN -7 P 3:36
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

ORIGINAL

Attorneys for Plaintiffs
THE FACEBOOK, INC. and MARK ZUCKERBERG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

THE FACEBOOK, INC. and MARK ZUCKERBERG,

Plaintiffs,

v.

CONNECTU, INC. (formerly known as CONNECTU, LLC), PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, and WAYNE CHANG,

Defendants.

Case No. 5:07-CV-01389-JW

**NOTICE OF CROSS-APPEAL BY FACEBOOK, INC. AND MARK ZUCKERBERG**

NOTICE OF CROSS APPEAL BY FACEBOOK AND
MARK ZUCKERBERG
5:07-CV-01389-JW

Notice is hereby given that Facebook, Inc. and Mark Zuckerberg, Plaintiffs in the above named case, hereby appeal to the United States Court of Appeals for the Ninth Circuit from the Order Granting Motion to Dismiss Claims Against Defendants Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra ("ConnectU Founders") entered in this action on November 30, 2007, Exhibit A. Final Judgment was entered in this action on December 15, 2008, Exhibit B. Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra filed a Notice of Appeal from the Final Judgment and related orders on December 19, 2008, Exhibit C. The issues raised in this Cross-Appeal need not be reached if this Court affirms the Judgment and orders appealed from in Exhibit C.

Dated: January 8, 2009

ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
I. NEEL CHATTERJEE
Attorneys for Plaintiffs
THE FACEBOOK, INC. and MARK ZUCKERBERG

*E-FILED 11/30/07*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., et al<br><br>    Plaintiffs,<br><br>v.<br><br>CONNECTU LLC, et al.<br><br>    Defendants. | Case No. C 07-01389 RS<br><br>**ORDER GRANTING MOTION TO DISMISS CLAIMS AGAINST DEFENDANTS CAMERON WINKLEVOSS, TYLER WINKLEVOSS, AND DIVYA NARENDRA** |

I. INTRODUCTION

Defendants Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra move to dismiss the claims against them on grounds that prior to removal of this action to this court, the Santa Clara Superior Court ruled that none of them was subject to personal jurisdiction in California. Defendants contend that ruling precludes plaintiffs relitigating personal jurisdiction here. Plaintiffs Facebook and Mark Zuckerberg (collectively "Facebook"), in turn contend that they have discovered and pleaded new facts that were not before the Superior Court that make reconsideration of jurisdiction appropriate and that support personal jurisdiction over the moving defendants. Although Facebook has discovered additional factual *detail* and have incorporated numerous

allegations bearing on jurisdiction into the amended complaint, it has not shown that the basic facts on which it now relies are any different from those presented to the Superior Court. Accordingly, the Superior Court's decision remains conclusive here, and the motion to dismiss will be granted.

## II. BACKGROUND

The general background of this action has been described in prior orders and will not be repeated here. Relevant to this motion is the following: When this action was initiated in Santa Clara Superior Court, the named defendants included Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra. The Winklevosses and Narendra are three founders of defendant ConnectU.[1] They promptly filed a motion to quash service of summons, arguing that they were not subject to personal jurisdiction in California. ConnectU itself did not contest jurisdiction.

Facebook sought and was granted leave to take jurisdictional discovery before the motion to quash was heard. Even prior to the filing of this action, Facebook had been taking discovery from ConnectU in connection with litigation between them pending in the District of Massachusetts. By virtue of the Massachusetts discovery, Facebook was aware before this action was filed that Winston Williams of Pacific Northwest Software ("PNS") had assisted ConnectU in collecting email addresses from the Facebook website and that it had used those addresses with the "social butterfly" software. In the jurisdictional discovery, Facebook learned additional facts regarding PNS's development of an "automated" process for sending emails to addresses found on the Facebook site, as well as facts regarding the individual defendants' prior manual collection of addresses from the site.

---

[1] There has been significant controversy regarding the role Narendra originally was expected to have and regarding how and when anyone became actual "members" of the ConnectU LLC. Those matters are discussed in a contemporaneously-filed order denying plaintiffs' sanction motion. Regardless of that controversy, the characterization of Narendra as a "founder" appears fair.

In opposing the motion to quash, Facebook cited to and relied on evidence regarding both the manual collection of email addresses and the subsequent automatic processes. For reasons it did not explain, the Superior Court rejected Facebook's arguments and granted the motion to quash.[2]

Facebook subsequently filed an amended complaint in the Superior Court that added certain claims but that omitted the Winklevosses and Narendra as defendants. Based on claims that had been added under federal law, ConnectU then removed the action to this Court and brought a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court granted that motion in part, with leave to amend. Facebook then filed a second amended complaint that not only addressed the matters that had been raised by the motion to dismiss, but that also (1) added Mark Zuckerberg as a plaintiff, (2) added certain new individual defendants, and (3) renamed as defendants the Winklevoss brothers and Narendra.

Defendants objected to Facebook adding parties without leave of Court. By order issued June 14, 2007, the Court in effect granted Facebook *post hoc* leave to add the parties, but without prejudice to any substantive arguments as to why they should not be made parties. The present motion to dismiss followed.

## III. DISCUSSION

Although the parties have characterized the legal precedents differently, there is no real conflict in their respective positions, or in the cases they cite, as to the circumstances under which a prior state court jurisdictional determination will be deemed conclusive in a subsequent federal proceeding. Put simply, if a plaintiff can show *new and different* facts supporting jurisdiction, then the prior determination may be revisited. See *Kendall v. Overseas Dev. Corp.*, 700 F.2d 536, 539 (9th Cir. 1983) ("the dispositive question is whether [plaintiff] pleaded any new facts in the federal litigation that would support a different result on the issue of jurisdiction."). If, however, the facts are those that the prior court found insufficient to support jurisdiction, then "even if wrong, an

---

[2] Howard Winklevoss, the father of Tyler and Cameron Winklevoss, was also named as a defendant and was a party to the motion to quash. Facebook has not attempted to bring him back into this litigation.

3

earlier decision involving the same issue and the same parties, 'is as conclusive as a correct' one." *Gupta v. Thai Airways Intern. Ltd.*, 487 F.3d. 759, 767 (9th Cir. 2007) (quoting *MIB, Inc. v. Superior Court*, 106 Cal.App.3d 228, 235).

Here, Facebook insists it has discovered and pleaded significant new evidence bearing on personal jurisdiction over the Winklevoss brothers and Narendra. Certainly the second amended complaint appears to have been drafted with an eye to preempting the argument that personal jurisdiction is lacking; the complaint is replete with assertions that defendants acted with intent and knowledge that their activities would have effects in this forum. Nevertheless, Facebook has not shown that any of the evidence on which it now relies is materially different from that it previously presented to the Superior Court. At most, Facebook has now garnered additional *details*, but the basic conduct it contends is sufficient to give rise to jurisdiction is the *same* conduct it pointed to in the state court motion to quash proceedings.

As noted, the Superior Court did not explain the basis for its decision, leaving it uncertain as to precisely what evidence might or might not have been sufficient to cause it to reach a different result. Because Facebook is relying now on "contacts" that do not differ significantly in kind or in quantity than those it presented during the motion to quash, however, there is no particular reason to believe the "new" details would have changed the result.

Although Facebook attempts to argue that a different result is warranted in light of "new" evidence, it is apparent that Facebook actually believes the Superior Court simply got it wrong.[3] Particularly given that this Court has demonstrated an unwillingness to accept the so-called "fiduciary shield" argument, Facebook appears to believe that it can obtain a different result by arguing the merits better or slightly differently.[4] Rearguing the same basic facts, however, is not

---

[3] In its motion for sanctions, Facebook candidly suggests that the Superior Court accepted defendants' legally untenable argument that actions they took on behalf of ConnectU did not count as personal contacts with the forum. Although the order regarding the sanctions motion filed contemporaneously with this decision rejects that conclusion as unduly speculative, it does show that in Facebook's view, the Superior Court simply erred.

[4] At the hearing, defense counsel effectively conceded that if this Court were free to reconsider the issues, then under the reasoning this Court employed in denying the motion to dismiss brought by Winston Williams and PNS, personal jurisdiction would be proper over

permissible. Even if the Superior Court reached an incorrect legal determination, the outcome is conclusive. Facebook "does not now get a do-over." *Gupta, supra*, 487 F.3d at 767.

## IV. CONCLUSION

For the reasons set forth above the motion to dismiss is granted.

IT IS SO ORDERED.

Dated: November 30, 2007

RICHARD SEEBORG
United States Magistrate Judge

---

Cameron Winklevoss. Defendants contend that even in those circumstances personal jurisdiction would not be proper over Tyler Winklevoss or Narendra because there is no evidence they personally participated in any allegedly wrongful conduct at a time when Facebook was located in California.

1  SEAN A. LINCOLN (State Bar No. 136387)
     salincoln@orrick.com
2  I. NEEL CHATTERJEE (State Bar No. 173985)
     nchatterjee@orrick.com
3  MONTE COOPER (State Bar No. 196746)
     mcooper@orrick.com
4  THERESA A. SUTTON (State Bar No. 211857)
     tsutton@orrick.com
5  YVONNE P. GREER (State Bar No. 214072)
     ygreer@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
7  Menlo Park, CA  94025
   Telephone:    650-614-7400
8  Facsimile:    650-614-7401

9  Attorneys for Plaintiffs
   THE FACEBOOK, INC. and MARK ZUCKERBERG



IT IS SO ORDERED
Judge James Ware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE FACEBOOK, INC. and MARK ZUCKERBERG,<br><br>Plaintiffs,<br><br>v.<br><br>CONNECTU, INC. (formerly known as CONNECTU, LLC), PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, and WAYNE CHANG,<br><br>Defendants. | Case No.  5:07-CV-01389-JW<br><br>[PROPOSED] ORDER OF DISMISSAL |

1   On July 2, 2008, the Court entered a Judgment Enforcing Settlement Agreement
2   (Docket Item No. 476) and on November 21, 2008, the Court entered an Amended Judgment
3   Ordering Specific Performance of Settlement Agreement and Declaratory Judgment Release
4   
5   (Docket Item No. 665). Pursuant to the Judgment and Amended Judgment, all claims asserted
6   against Defendants ConnectU, Inc., Pacific Northwest Software, Inc., Winston Williams, and
7   Wayne Change, are dismissed with prejudice.
8   
9   The parties shall bear their own attorney fees and costs. The Clerk shall close this file.
10  Dated: December 15, 2008
11  _____
    JAMES WARE
12  United States District Judge
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STEVEN C. HOLTZMAN (State Bar No. 144177)
   sholtzman@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460

DAVID A. BARRETT (*pro hac vice*)
   dbarrett@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Ave., 7th Floor
New York, NY 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

D. MICHAEL UNDERHILL (*pro hac vice*)
   munderhill@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue NW
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

Attorneys for Cameron Winklevoss,
Tyler Winklevoss, and Divya Narendra.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE FACEBOOK, INC. and MARK ZUCKERBERG,<br><br>Plaintiffs,<br><br>v.<br><br>CONNECTU, INC. (formerly known as CONNECTU, LLC), PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, and WAYNE CHANG,<br><br>Defendants. | Case No. 5:07-CV-01389-JW<br><br>**NOTICE OF APPEAL** |

Notice is hereby given that CAMERON WINKLEVOSS, TYLER WINKLEVOSS and DIVYA NARENDRA[1] appeal to the United States Court of Appeals for the Ninth Circuit from the following orders and judgment and all related orders:

(a) the December 15, 2008, Order of Dismissal (Docket No. 667), a copy of which is attached as Exhibit A;

(b) the November 21, 2008 Amended Judgment Ordering Specific Performance of Settlement Agreement and Declaratory Judgment of Release (Docket No. 665), a copy of which is attached as Exhibit B; and

(c) the November 3, 2008, Order Directing the Special Master to Deliver the Property Being Held in Trust to the Parties in Accordance with the Terms of their Settlement Agreement (Docket No. 653), a copy of which is attached as Exhibit C.

This notice is in additional to, and related to, their prior notice of appeal filed on August 11, 2008 (Docket No. 611), which is incorporated by reference. In order to preserve all rights to appeal, notice is again provided that CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA appeal from the following orders and judgment and all related orders:

(d) the August 8, 2008, Order Denying the ConnectU Founders' Motion to Intervene; Denying ConnectU's Motion to Stay Execution of Judgment, entered by the district court on August 8, 2008 (Docket No. 610), a copy of which is attached as Exhibit D;

---

[1] To the extent Cameron Winklevoss, Tyler Winklevoss and Divya Narendra and their counsel have any existing rights or obligations with respect to ConnectU, Inc. (all of the stock of ConnectU having been transferred to The Facebook, Inc. on December 15, 2008, as part of the settlement transaction which is at issue on appeal), Notice would hereby be given on ConnectU's behalf. Otherwise, no new notice is provided with respect to ConnectU. *See* ConnectU's Notice of Appeal (Docket No. 582), attached as Exhibit H, and hereby incorporated by reference. *See also* ConnectU and Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra's Emergency Motion to Stay and Alternative Petition for Mandamus, filed with the United States Court of Appeals for the Ninth Circuit on November 24, 2008 (Docket No. 43 in Appeal No. 08-16745), also incorporated by reference, providing notice on that date that ConnectU was seeking relief from, among other things, the November 3 Order attached as Exhibit C and November 21 Amended Judgment attached as Exhibit B.

| | |
|---|---|
| 1 | (e) the July 2, 2008, final Judgment Enforcing Settlement Agreement (Docket No. 476), a |
| 2 | copy of which is attached as Exhibit E; |
| 3 | (f) the June 25, 2008, Order Granting Plaintiffs' Confidential Motion to Enforce the |
| 4 | Settlement Agreement (Docket No. 461), a copy of which is attached as Exhibit F; and |
| 5 | (g) the June 10, 2008, Order Granting in Part and Denying in Part Motions Posted As Docket |
| 6 | Items Nos. 366, 374 and 393 (Docket No. 428), a copy of which is attached as Exhibit G. |

| | |
|---|---|
| 1  December 19, 2008 | Respectfully submitted, |
| 2 | *signature:* Evan A. Parke /KPR |
| 3 | Evan A. Parke<br>BOIES, SCHILLER & FLEXNER LLP |
| 4 | |
| 5 | *Attorneys for Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra.* |

STEVEN C. HOLTZMAN (State Bar No. 144177)
 sholtzman@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460

DAVID A. BARRETT (*pro hac vice*)
 dbarrett@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Ave., 7th Floor
New York, NY 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

D. MICHAEL UNDERHILL (*pro hac vice*)
 munderhill@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue NW
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

Attorneys for Cameron Winklevoss,
Tyler Winklevoss, and Divya Narendra.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE FACEBOOK, INC. and MARK ZUCKERBERG,<br><br>Plaintiffs,<br><br>v.<br><br>CONNECTU, INC. (formerly known as CONNECTU, LLC), PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, and WAYNE CHANG,<br><br>Defendants. | Case No. 5:07-CV-01389-JW<br><br>**REPRESENTATION STATEMENT PURSUANT TO NINTH CIRCUIT RULE 3-2** |

Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra file this Representation Statement in accordance with Ninth Circuit Rule 3-2. The parties to the suit and their respective counsel, including their contact information, are as follows:

| Parties: | Parties: |
|---|---|
| Pacific Northwest Software, Inc. (defendant)<br>Wayne Chang (defendant)<br>Winston Williams (defendant) | Cameron Winklevoss<br>Tyler Winklevoss<br>Divya Narendra[1] |
| **Counsel:**<br>Scott R. Mosko (SBN106070)<br>FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.<br>Stanford Research Park<br>3300 Hillview Avenue<br>Palo Alto, California 94304<br>Telephone: (650) 849-6600<br>Facsimile: (650) 849-6666 | **Counsel:**<br>Steven C. Holtzman (SBN 144177)<br>BOIES SCHILLER & FLEXNER LLP<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br><br>D. Michael Underhill (*pro hac vice*)<br>Jonathan M. Shaw (*pro hac vice*)<br>Evan A. Parke (*pro hac vice*)<br>BOIES SCHILLER & FLEXNER LLP<br>5301 Wisconsin Avenue NW<br>Washington, D.C. 20015<br>Telephone: (202) 237-2727<br>Facsimile: (202) 237-6131<br><br>David A. Barrett (*pro hac vice*)<br>BOIES SCHILLER & FLEXNER LLP |

---

[1] To the extent Cameron Winklevoss, Tyler Winklevoss and Divya Narendra and their counsel have any existing rights or obligations with respect to ConnectU, Inc. (all of the stock of ConnectU having been transferred to The Facebook, Inc. on December 15, 2008, as part of the settlement transaction which is at issue on appeal), ConnectU would be represented by counsel set forth above. We have been informed that ConnectU may substitute as its counsel:

James Towery
HOGE FENTON JONES & APPEL, INC.
60 South Market Street, Suite 1400
San Jose, California 95113-2396
Telephone: (408) 287-9501
Facsimile: (408) 287-2583

2

575 Lexington Avenue, 7th Floor
New York, NY 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

Scott R. Mosko (SBN106070)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California 94304
Telephone: (650) 849-6600
Facsimile: (650) 849-6666Mark A. Byrne
(SBN116657)

Mark Byrne
BYRNE & NIXON LLP
800 West Sixth Street, Suite 430
Los Angeles, California 90017
Telephone: (213) 620-8003
Fascimile: (213) 620-8013

Sean F. O'Shea (*pro hac vice*)
O'SHEA PARTNERS LLP
90 Park Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 682-4426
Facsimile: (212) 682-4437

**Parties:**

The Facebook, Inc. (plaintiff)
Mark Zuckerberg (plaintiff)

**Counsel:**

I. Neel Chatterjee (SBN 173985)
Monte Cooper (SBN 196746)
Theresa A. Sutton (SBN 211857)
Yvonne P. Greer (SBN 214072)
ORRICK, HERRINGTON
& SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

3                                                          REPRESENTATION STATEMENT
                                                           5:07-CV-01389-JW

| | |
|---|---|
| 1 | December 19, 2008 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |

Respectfully submitted,

BOIES, SCHILLER & FLEXNER LLP

_Evan A. Parke / KAR_
Evan A. Parke

Attorneys for Cameron Winklevoss,
Tyler Winklevoss, and Divya Narendra.