I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
MONTE COOPER (STATE BAR NO. 196746)
mcooper@orrick.com
THERESA A. SUTTON (STATE BAR NO. 211857)
tsutton@orrick.com
YVONNE P. GREER (State Bar No. 214072)
ygreer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: +1-650-614-7400
Facsimile: +1-650-614-7401

Attorneys for THE FACEBOOK, INC.
and MARK ZUCKERBERG


JAMES E. TOWERY -- BAR NO. 74058
ALISON P. BUCHANAN -- BAR NO. 215710
HOGE, FENTON, JONES & APPEL, INC.
Sixty South Market Street, Suite 1400
San Jose, California 95113-2396
Phone: (408) 287-9501
Fax: (408) 287-2583

Attorneys for
CONNECTU, INC. (Formerly CONNECTU, LLC)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE FACEBOOK, INC. and MARK ZUCKERBERG,<br><br>Plaintiffs,<br><br>v.<br><br>CONNECTU, INC. (formerly known as CONNECTU, LLC) PACIFIC NORTHWEST SOFTWARE, INC. WINSTON WILLIAMS, and WAYNE CHANG,<br><br>Defendants. | Case No. 5:07-CV-01389-JW<br><br>**FACEBOOK, ZUCKERBERG, AND CONNECTU'S JOINT STIPULATED FACTS RE: MOTION TO DISQUALIFY BY CONNECTU, INC.**<br><br>Hearing Date: August 17, 2009<br>Time: 10:00 A.M.<br>Courtroom:<br>Judge: The Honorable James Ware |

The parties endeavored to prepare a joint stipulation, as requested by the Court. However, the parties were unable to reach an agreement on a joint submission. Thus, the following response constitutes the joint response of Facebook, Inc., Mark Zuckerberg, and ConnectU, Inc. To understand the Founders' contentions, Facebook, Inc., Mark Zuckerberg, and ConnectU, Inc. respectfully refer the Court to the Founders' separate submission.

1. **With respect to each appeal and cross-appeal pending before the Ninth Circuit:**

    a. **List the names of each appellant and respondent**.

    The Appellants are Divya Narendra, Cameron Winklevoss, and Tyler Winklevoss. The Respondents are Facebook, Inc., and Mark E. Zuckerberg. ConnectU, Inc., while originally an Appellant, has recently sought to dismiss its appeal against Facebook, Inc. and Mark E. Zuckerberg.

    b. **Briefly describe the contentions made by each and against whom**;

    The Founders and ConnectU now have adverse interests with respect to the appellate brief. The only appellate brief filed was jointly filed by ConnectU and the Founders. Since filing the appellate brief, ConnectU and the Founders have taken positions adverse to each other. Namely, ConnectU filed a motion to dismiss its appeal but the Founders did not. That Motion is still pending.

    In their appeal, the Founders make numerous contentions against Facebook and Zuckerberg. They contend that the District Court abused its discretion by deciding the Motion to Enforce without an evidentiary hearing. The Founders also argue that the Settlement Agreement was procured by fraud. As a result of the alleged fraud, the Founders argue, the agreement is void. The Founders also assert that the agreement is unenforceable because it lacks material terms.

    Due to the pendency of the Motion to Disqualify and the Motion to Dismiss, Facebook and Zuckerberg have not yet filed their opposition brief. See 9th Cir. R. 27-11(a). However, each of the arguments raised by the Founders also was raised before this Court and the Court of Appeals in four separate Emergency Motions for Stays Pending Appeal. Both this Court and two separate motion panels of the Ninth Circuit denied all four requests.

c. **Briefly describe the relief sought by each and against whom;**

ConnectU and the Founders disagree as to the relief necessary on appeal. The Founders ask the Ninth Circuit to reverse this Court's judgment enforcing the Settlement Agreement. Specifically, the Founders seek to undo the settlement and to obtain possession of ConnectU once again and to resurrect their released claims. ConnectU anticipates that Facebook and Zuckerberg will ask the Ninth Circuit to affirm this Court's Judgments and Orders. ConnectU may join in Facebook and Zuckerberg's opposition to the Founder's position. Nevertheless, ConnectU has sought to dismiss its appeal which originally sought the same relief currently sought by the Founders.

d. **Except for the Motion remanded to this Court, describe any motions made and pending in the Ninth Circuit by each party and the relief sought;**

The following three motions are currently pending before the Ninth Circuit:

i. Facebook Inc. and Mark Zuckerberg's Motion to Dismiss Portions of Appeal based on Founders' Waiver. Facebook and Zuckerberg seek dismissal of portions of the Founders' appeal to the extent it challenges the July 2, 2008, Judgment enforcing Settlement Agreement and related Orders and Judgments including the June 10, 2008, Order; June 25, 2008 Order; August 8, 2008, Order; November 3, 2008, Judgment; November 21, 2008, Amended Judgment; and December 15, 2008, Order.

ii. ConnectU Inc.'s Motion to Voluntarily Dismiss Appeal. ConnectU seeks dismissal of the appeal on the ground that it is moot. ConnectU is now owned by Facebook and, thus, does not wish to litigate against its parent corporation.

iii. Facebook Inc. and Mark Zuckerberg's Motion to Consolidate Case Nos. 09-15021 and 09-15133 with Case Nos. 08-16745, 08-16849, 08-16973. Facebook and Zuckerberg seek an Order consolidating appeal and cross-appeal, Nos. 09-15021 and 09-15133, with the already consolidated appeals and cross-appeal docketed under numbers 08-16745.

//

//

e. **If a party has taken any position with respect to any existing or potential motions, describe the position taken and the response, if any, that has been tendered in opposition or response; and**

  i. Facebook and Zuckerberg's Motion to Dismiss is based on the Founders' failure to oppose the Motion to Enforce the Settlement Agreement in the District Court. Instead, the Founders made a strategic decision not to challenge the Settlement Agreement that is the subject of these appeals even though they had been served with it, assisted ConnectU with its opposition, attended related hearings, and launched collateral attacks in other jurisdictions to dismantle the settlement.

  The Founders oppose the motion on the grounds that the Founders were parties who participated in the proceedings below; opposed Facebook's motion to enforce the purported settlement agreement; and objected to the district court's enforcement rulings that are the subject of this appeal. The Founders also argued that Facebook and Zuckerberg should have raised this issue in their first Motion to Dismiss for Lack of Personal Jurisdiction.

  In Reply, Facebook and Zuckerberg noted that, although Cameron Winklevoss submitted a declaration in opposition to the Motion to Enforce the Settlement Agreement, it was on ConnectU's behalf. And, indeed, the Founders went out of their way to avoid a direct challenge to the Settlement Agreement. With respect to the timing of this Motion, Facebook and Zuckerberg argued it is proper and timely, because the first motion to dismiss was filed on the ground that the appeal was premature.

  ConnectU had not determined yet whether it intends to join Facebook and Zuckerberg's Motion to Dismiss, and reserves the right to do so at a later time.

  ii. ConnectU, Inc. filed a Motion to Dismiss its appeal on the following grounds: 1) ConnectU and Facebook executed and filed a Stipulation dismissing the appeal pursuant to Fed.R.App.P. 42(b); 2) ConnectU lacks standing to pursue its appeal, because it is not in ConnectU's interests to do so; 3) the appeal is moot because the settlement consideration has been transferred whereby Facebook now owns ConnectU, Inc. and, thus, ConnectU intends to abide by the Settlement Agreement; and 4) the appeal is moot because Facebook and ConnectU have entered a mutual release as to any and all claims between them.

1   The Founders opposed ConnectU's Motion on the following grounds: 1) the Stipulation is procedurally improper; 2) because it was filed to evade appellate review of contested orders and judgments; 3) any ruling will have a direct impact on ConnectU's interests; and 4) because ConnectU filed several appeals, prior to its transfer to Facebook, those appeals may have merit.

In Reply, ConnectU argued that it is entitled to decide its litigation strategy and whether to maintain the appeal, and it is not obligated to pursue the appeal on the Founders' behalf.

iii.  Facebook and Zuckerberg moved to consolidate all of the appending appeals and cross-appeals and to set a briefing scheduled. The Founders do not oppose this portion of the motion. Facebook and Zuckerberg also asked, however, that the Court deem withdrawn the Founders and ConnectU's opening appeal brief. The Founders opposed that request on the ground that withdrawal is unnecessary.

ConnectU had not determined yet whether it intends to join Facebook and Zuckerberg's motion to consolidate all of the pending appeals and cross-appeals, and reserves the right to do so at a later time.

f.  **To the extent a party to the appeal takes the position that ConnectU is in an adversary relationship with the Founders, describe the adversity.**

**In the initial proceedings related to the motion to enforce the settlement agreement, the Boies firm represented only ConnectU and not the Founders.** The O'Shea and Finnegan firms jointly represented ConnectU and the Founders. The Boies firm initially represented ConnectU only. At some point after the Settlement Agreement was enforced by this Court, the Boies firm began representing the Founders as well. The Founders and ConnectU now have competing interests, as described below.

**Boies represents the Founders Against ConnectU.** As a result of the settlement agreement enforced by this Court, ownership of ConnectU transferred from the Founders to Facebook. Facebook, Inc., now owns ConnectU, Inc. ConnectU has decided it has no interest in pursuing the appeal, whereas the Founders seek to change ownership and undo the Settlement

Agreement. Counsel for the Founders and the Founders are in possession of attorney-client communications involving ConnectU, as well as ConnectU's confidential business information.

Following are several key examples of the adversity between ConnectU and its former lawyers, who continue to represent the Founders:

1. The Founders, through their counsel, have opposed ConnectU's Motion to Voluntarily Dismiss the Appeal. This demonstrates actual adversity between ConnectU and its former counsel.

2. The Founders' counsel has threatened their former client, ConnectU. Specifically, on December 18, 2008, the Boies firm warned ConnectU that, "we believe that any attempt by ConnectU to benefit its current shareholder by extinguishing that claim would be a fraudulent conveyance and legally actionable." This threat is documented in Exhibit G to the Declaration of James E. Towery in Support of ConnectU's Motion to Disqualify.

3. ConnectU's former counsel has refused to provide ConnectU its business and litigation files based solely on the fact that these lawyers continue to represent the Founders. This refusal makes Founders' counsel directly adverse to ConnectU. The following two examples demonstrate how counsel for the Founders' refusal to provide ConnectU its files has prejudiced ConnectU:

    a. ConnectU has sought, without avail, to gain access to and control over its website, www.ConnnectU.com. ConnectU has thus far been denied access to its own website. Without access to ConnectU's business files, ConnectU does not have the information necessary to gain control of its own website; and

    b. ConnectU is informed and believes that the Founders have asserted a legal malpractice claim against their former

counsel, Quinn Emanuel. To the extent that the Founders hold viable claims against Quinn Emanuel, so would ConnectU. However, without access to ConnectU's previous litigation files, ConnectU cannot evaluate its potential claims.

**ConnectU Wishes to Abide by Settlement And Founders Do Not.** The basic adversity is that ConnectU wishes to have finality by honoring the settlement, whereas the Founders do not. Thus, there is now a conflict between ConnectU and the Founders. Specifically, the Founders are pursuing an appeal on their behalf that ConnectU believes is not in its interests. ConnectU has filed a motion to dismiss the appeal, and that motion is currently pending before the Ninth Circuit.

iv. **To the extent the Founders contend that they are owed money by ConnectU, state whether a claim for those funds are part of the Ninth Circuit's appeal remanded to this Court for a limited purpose. If not, describe what effect this Court should give to that debt in deciding the remanded Motion.**

ConnectU is not aware of any claim for funds by the Founders, other than the general statement in the Boies firm's December 18, 2008 letter, "[a]s you are probably aware, ConnectU owes substantial debts to the Founders…." (See Exhibit G to the Declaration of James E. Towery in Support of ConnectU's Motion to Disqualify).

v. **State whether the Founders are being represented in the demand for or collection of a debt from ConnectU by the same attorneys who jointly represented the Founders and ConnectU when the debt was created or during any period of time before the ConnectU stock was transferred to Facebook as part of the execution of the Judgment from which the current appeal is being taken.**

ConnectU is not a party to the fee litigation currently pending between the Founders and their former counsel and thus ConnectU has no basis upon which to respond to this question.

vi. **With respect to ConnectU's client files, state whether there is a general business versus litigation breakdown.**

Because ConnectU does not have access to its files, ConnectU does not have

1  sufficient information to respond to this request.

2

3  DATED: August 7, 2009

4                                          /s/
                                            _____
5                                           James E. Towery
                                            HOGE, FENTON, JONES & APPEL, INC.
6                                           Attorneys for ConnectU, Inc.

7
   DATED: August 7, 2009
8

9                                           /s/
                                            _____
                                            I. Neel Chatterjee
10                                          ORRICK, HERRINGTON & SUTCLIFFE LLP
                                            Attorneys for Facebook, Inc. and
11                                          Mark E. Zuckerberg

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 7, 2009.

DATED: August 7, 2009

/s/
James E. Towery
HOGE, FENTON, JONES & APPEL, INC.
Attorneys for ConnectU, Inc.