1  STEVEN C. HOLTZMAN (CA BAR NO. 144177)
      sholtzman@bsfllp.com
2  BOIES SCHILLER & FLEXNER LLP
   1999 Harrison Street, Suite 900
3  Oakland, CA 94612
   Telephone: (510) 874-1000
4  Facsimile: (510) 874-1460

5

6  D. MICHAEL UNDERHILL (*pro hac vice*)
      munderhill@bsfllp.com
7  BOIES SCHILLER & FLEXNER LLP
   5301 Wisconsin Avenue NW
8  Washington, D.C. 20015
   Telephone: (202) 237-2727
9  Facsimile: (202) 237-6131

10 Attorneys for Cameron Winklevoss,
   Tyler Winklevoss and Divya Narendra
11 (the "Founders")

12                       UNITED STATES DISTRICT COURT

13                      NORTHERN DISTRICT OF CALIFORNIA

14                              SAN JOSE DIVISION

15

16 | THE FACEBOOK, INC. and MARK ZUCKERBERG, | Case No. 5:07-CV-01389-JW |
|---|---|
| Plaintiffs, | **THE FOUNDERS' STATEMENT IN RESPONSE TO COURT ORDER OF JULY 29, 2009, REGARDING CONNECTU'S APPELLATE MOTION TO DISQUALIFY, AND DECLARATION** |
| v. | |
| CONNECTU, INC. (formerly known as CONNECTU, LLC), PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, and WAYNE CHANG, | |
| Defendants. | |

The parties endeavored to prepare a joint stipulation, as requested by the Court. However, the parties were unable to reach an agreement on a joint submission.[1]  In response to the Court's Order of July 29, 2009, Cameron Winklevoss, Tyler Winklevoss and Divya Narendra (collectively, the "Founders") state as follows:

**1.   With respect to each appeal and cross-appeal pending before the Ninth Circuit:**

   **a.   List the names of each appellant and respondent:**

Docket Number 08-16745 (*consolidated with 08-16849 and 08-16873*):
   *Appellant*:  ConnectU
   *Appellees*:  The Facebook, Inc. ("Facebook") and Mark Zuckerberg

Docket Number 08-16849 (*consolidated with 08-16745 and 08-16873*):
   *Appellant*:  Facebook and Mark Zuckerberg
   *Appellees*:  Founders and ConnectU

Docket Number 08-16873 (*consolidated with 08-16745 and 08-16849*):
   *Appellant*:  Founders
   *Appellees*:  Facebook and Mark Zuckerberg

Docket Number 09-15021:
   *Appellants*:  Founders
   *Appellees*:   Facebook and Mark Zuckerberg

Docket Number 09-15133:
   *Appellants*:  Facebook and Mark Zuckerberg
   *Appellees*:  Founders

   **b.   Briefly describe the contentions made by each and against whom**

Old ConnectU (*i.e,* ConnectU as it was constituted prior to the Court directing transfer of ownership from the Founders to Facebook) and the Founders each filed appeals seeking to overturn this Court's orders and judgments enforcing the "Term Sheet and Settlement Agreement" ("Term Sheet").  Old ConnectU and the Founders maintained that the Term Sheet was procured by fraud and is otherwise invalid because it lacks material terms.  In addition, the Founders contended that the District Court had abused its discretion by deciding the

---

[1] The Court's July 29 Order asks the parties to provide information "in a declaration or a statement of Stipulated Facts."  Facebook, ConnectU and Zuckerberg's submission is styled as being "Stipulated Facts," though the Founders have not stipulated to all their facts.

Motion to Enforce (Dkt. 329) without an evidentiary hearing and by denying their Motion to Intervene. (Dkt. 574).

Facebook has not yet filed its appeal brief, as Facebook and "New" ConnectU's appellate motion practice – including three motions to dismiss and a motion to disqualify, all coming after the Founders filed their appeal brief – have repeatedly stayed merits briefing pursuant to Circuit Rule 27-11.  But based on other submissions, and on information and belief, Facebook's contentions on appeal are that (i) the Term Sheet is valid and that this Court's enforcement of its provisions was proper; and (ii) that this Court's November 30, 2007 Order dismissing claims against the Founders for lack of personal jurisdiction was improper.[2]

On information and belief, New ConnectU (*i.e.*, ConnectU as constituted following transfer of its ownership to Facebook pursuant to this Court's Order of December 15, 2008) has not taken a position in any filing concerning the substance of the Founders' appeal, and the Founders and ConnectU have not asserted any claims against the other, in any forum.

New ConnectU alleges in its submission that "each of the arguments" that the Founders raised in their merits brief on appeal "were raised before this Court and the Court of Appeals" in four separate motions to stay, which were denied.  (Dkt. 688, p. 3 of 9, at ll. 24-28).  But in moving to stay, the Founders' burden included a showing of irreparable harm.  In that context, the Founders argued to the Ninth Circuit in November 2008 that they would be irreparably harmed if the Term Sheet were enforced because Facebook would attempt to deprive the Founders of their right to appeal.  In response, Facebook argued that such alleged harm was speculative.  However, soon after the Ninth Circuit denied the Founders' motion to stay, Facebook designated in-house counsel Mark Howitson as New ConnectU's sole director; New ConnectU moved to dismiss its own appeal; Facebook moved to dismiss the Founders' appeal; and New ConnectU moved to disqualify the Founders' counsel.

---

[2] The Founders contend that the Court's dismissal of claims against them was appropriate.

Any "adversity" alleged by New ConnectU arises from the Founders' transfer of Old ConnectU to its adversary (Facebook) pursuant to the Court's judgment, and the natural consequences of the Founders and Facebook's continued adversity to one another.

### c. Briefly describe the relief sought by each and against whom

<u>Docket Number 08-16745</u> (*consolidated with 08-16849 and 08-16873*): "Old" ConnectU seeks to void the Term Sheet and reverse this Court's enforcement judgments and related orders.

<u>Docket Number 08-16849</u> (*consolidated with 08-16745 and 08-16873*): Facebook and Zuckerberg seek reversal of this Court's November 30, 2007 Order dismissing the Plaintiff's claims against the Founders and denying their motion for sanctions.

<u>Docket Number 08-16873</u> (*consolidated with 08-16745 and 08-16849*): The Founders seek to void the Term Sheet and reverse this Court's enforcement judgments and related orders, and seek reversal of the Court's order denying their motion to intervene.

<u>Docket Number 09-15021:</u> The Founders seeks to void the Term Sheet and reverse this Court's enforcement judgments and related orders, and seek reversal of the Court's order denying their motion to intervene. They also seek reversal of this Court's (i) dismissal of their underlying claims against Facebook and Zuckerberg; (ii) Amended Judgment Ordering Specific Performance of the Settlement Agreement; and (iii) Order directing the Special Master to Deliver the Property Being Held in Trust in Accordance with the Terms of the Settlement Agreement.

<u>Docket Number 09-15133:</u> Facebook and Zuckerberg seek reversal of this Court's November 30, 2007 Order Granting the Motion to Dismiss the Claims Against the Founders for lack of personal jurisdiction.

**d.     Except for the Motion remanded to this Court, describe any motions made and pending in the Ninth Circuit by each party and the relief sought**

On December 22, 2008, after ownership of ConnectU was transferred to Facebook pursuant to this Court's judgment, and ConnectU became a wholly-owned Facebook subsidiary, ConnectU filed a Motion to Voluntarily Dismiss the Appeal Pursuant to FRAP 42(b). This motion was filed in the Ninth Circuit, Docket Numbers 08-16745, 08-16849 and 08-16873 ("Consolidated Appeal").

On February 18, 2009, Facebook and Mark Zuckerberg filed a Motion to Dismiss Portions of the Founders' appeal. This motion was filed in the Consolidated Appeal and Ninth Circuit Docket Number 09-15021.

On January 23, 2009, Facebook and Mark Zuckerberg moved to consolidate Ninth Circuit Docket Numbers 09-15021 and 09-15133 with the Consolidated Appeal. This motion was filed in the Ninth Circuit, Docket Numbers 09-15021 and 09-15133.

**e.     If a party has taken any position with respect to any existing or potential motions, describe the position taken and the response, if any, that has been tendered in opposition or response; and**

On January 6, 2009, the Founders filed an Opposition to Appellant ConnectU's Motion to Voluntarily Dismiss its Appeal Pursuant to FRAP 42(b). This motion was filed in the Consolidated Appeal. A true and accurate copy of the Founders' Response is attached as Exhibit A (without exhibits).

On January 20, 2009, Facebook and Mark Zuckerberg filed a response joining ConnectU's Motion to Voluntarily Dismiss the Appeal Pursuant to FRAP 42(b). This motion was filed in the Consolidated Appeal.

On March 5, 2009, the Founders filed an Opposition to Facebook's February 28, 2009 Motion to Dismiss Portions of the Founders' Appeal. This motion was filed in the Consolidated Appeal and in the Ninth Circuit Docket Number 09-15021. In response to Facebook's argument that the Founders lack standing to appeal, the Founders argued (i) they were parties who participated in the proceedings before this Court, opposed Facebook's

motion to enforce the Term Sheet, and objected to this Court's enforcement rulings; (ii) their arguments on appeal were fully briefed and argued below, so Facebook cannot claim prejudice from any unfair surprise; and (iii) Facebook's serial filing of appellate motions – each of which delayed the appeal – is dilatoriness that warrants denial.  A true and accurate copy of the Founders' Opposition is attached to this submission as Exhibit B (without exhibits).

On February 4, 2009, the Founders filed a Response to the Motion to Consolidate the Cases, in which they consented to the proposed consolidation.  This motion was filed in the Ninth Circuit, Docket Numbers 09-15021 and 09-15133.

### f. To the extent a party to the appeal takes the position that ConnectU is in an adversary relationship with the Founders, describe the adversity.

As outlined by the Founders before the Ninth Circuit, when it is the client (here ConnectU) rather than the lawyer that switches sides, the mere fact of adversity cannot be used to disqualify the lawyer from representing other formerly joint clients.  When the lawyer has consistently represented the same interests (here the interests of the Founders against Facebook), the conflict rules do not prevent the lawyer from continuing to represent those interests notwithstanding adversity that arises from the former client's (here ConnectU) switching sides.  ConnectU Founders Opposition to Motion to Disqualify Counsel at 12-15.

The instances where the Founders and ConnectU have different positions arose from the transfer of the ConnectU stock to Facebook.  Under these circumstances, such differing positions do not constitute material adversity.  ConnectU has asserted no claims against the Founders and the Founders have asserted no claims against ConnectU.  The only alleged adversity has arisen as a result of the Founders being compelled over their objections to transfer ownership of ConnectU to Facebook.  Since Facebook gained control of ConnectU, this "New" ConnectU has sought to dismiss Old ConnectU's appeal challenging the Term Sheet.  The Founders opposed to protect their rights to appellate review of this Court's judgment enforcing the Term Sheet (and related implementing orders).  *See* Ex. A.

New ConnectU has also moved to disqualify the Founders' litigation attorneys.  The Founders' opposition to the motion to disqualify explains, among other things, that ethical rules and case law applicable to former client relationships do not apply where multiple clients were previously engaged in a joint representation.  In this case, the three law firms that are the subject of the disqualification motion jointly represented ConnectU and the Founders until Facebook gained control of ConnectU.  The "substantial relationship" test cited by ConnectU to argue for disqualification does not apply and disqualification is not required where, as here, it is the client, not the lawyer, that has switched sides.  For these same reasons – because New ConnectU switched sides to the Founders' adversary – New ConnectU is not entitled to see the work product of the Founders' counsel.

ConnectU states in its submission

> ConnectU is informed and believes that the Founders have asserted a legal malpractice claim against their former counse, Quinn Emanuel.  To the extent the Founders hold viable claims against Quinn Emanuel, so would ConnectU.  However, without access to ConnectU's previous litigation files, ConnectU cannot evaluate its potential claims.

(Dkt. 688, at 5-6 of 9).  The Founders respectfully submit that the assertion by ConnectU that it needs the Founders' litigation files to evaluate purported malpractice claims against Quinn Emanuel is pretext for Facebook to obtain privileged information from its adversary.   It makes little sense for Facebook to direct its subsidiary ConnectU to assert a malpractice claim against Quinn Emanuel, given its efforts to defend the settlement that Quinn Emanuel secured.

In any event, the counsel implicated by ConnectU's motion to disqualify are litigation counsel, not general business counsel.  As such, the three law firms possess litigation-related attorney-client communications and work product relating to ConnectU as it existed prior to execution of the Court's rulings causing the transfer of the ConnectU stock to Facebook.

**No. 2: To the extent the Founders contend that they are owed money by ConnectU, state whether a claim for those funds are part of the Ninth Circuit's appeal remanded to this Court for a limited purpose. If not, describe what effect this Court should give to that debt in deciding the remanded Motion.**

The Founders and Howard Winklevoss, father of Founders Cameron and Tyler Winklevoss, have loaned money to ConnectU. In the appeal to the Ninth Circuit, the Founders are not advancing a claim to recover that debt.

The Founders do not believe that the existence of the debt is relevant to the remanded motion since the law firms that are the subject of ConnectU's disqualification motion are not representing the Founders with respect to any efforts to collect or enforce such debt.

**No. 3: State whether the Founders are being represented in the demand for or collection of a debt from ConnectU by the same attorneys who jointly represented the Founders and ConnectU when the debt was created or during any period of time before the ConnectU stock was transferred to Facebook as part of the execution of the Judgment from which the current appeal is being taken.**

Not applicable; see response to No. 2.

**No. 4: With respect to ConnectU's client files, state whether there is a general business versus litigation breakdown.**

The law firms whose disqualification is being sought previously represented "Old" ConnectU only with respect to litigation-related matters and not with respect to general business matters. In the course of such representation, these firms may have obtained certain general corporate records from ConnectU, though such records were handled through the course of discovery in the litigations in Massachusetts and California between "Old" ConnectU and the Founders, on the one hand, and Facebook and Mark Zuckerberg, on the other.

I declare under penalty of perjury that the factual statements in the foregoing are true and correct to the best of my belief.

August 7, 2009.

                     /s/ Evan A. Parke
                       Evan A. Parke

BOIES SCHILLER & FLEXNER LLP

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 7, 2009.

/s/ Evan A. Parke
Evan A. Parke