Steven C. Holtzman (State Bar No. 144177)
sholtzmann@bsfllp.com
BOIES SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, California  94612
Telephone:  (510) 874-1000
Facsimile:   (510) 874-1460

D. Michael Underhill (*pro hac vice*)
munderhill@bsfllp.com
5301 Wisconsin Avenue, N.W.
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131

Scott R. Mosko (State Bar No. 106070)
scott.mosko@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California  94304
Telephone:  (650) 849-6600
Facsimile:   (650) 849-6666

Attorneys for CAMERON WINKLEVOSS,
TYLER WINKLEVOSS, and DIVYA NARENDRA
(the "Founders")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE FACEBOOK, INC. and MARK ZUCKERBERG, | Case No. 5:07-CV-01389-JW |
| Plaintiffs, | **FOUNDERS' RESPONSE TO COURT'S REQUEST AT AUGUST 17, 2009 HEARING CONCERNING CONNECTU DEBT** |
| v. | |
| CONNECTU, INC. (formerly known as CONNECTU, LLC), PACIFIC NORTHWEST SOFTWARE, INC., WINSTON WILLIAMS, and WAYNE CHANG, | |
| Defendants. | |

Pursuant to the Court's direction at the hearing on August 17, 2009, the Founders submit additional information concerning debt that the Founders and Howard Winklevoss are owed by ConnectU, Inc. ("ConnectU").

ConnectU executed promissory notes from time to time between March 24, 2005, and August 4, 2008, to cover amounts advanced by Tyler, Cameron and Howard Winklevoss to pay expenses incurred by ConnectU.  The notes bore interest at the prime rate as of the payment date.  The total amounts due with interest through December 15, 2008 are as follows:

| | |
|---|---|
| Tyler Winklevoss | $   858,962 |
| Cameron Winklevoss | $   858,962 |
| Howard Winklevoss | $6,522,448 |
| Total | $8,240,372 |

None of the three law firms whose disqualification is at issue had any role in the creation or execution of the notes, nor have they ever represented in the past, or will represent in the future, the Founders or Howard Winklevoss with respect to any efforts to collect or enforce the notes.

In any event, the Notes do not create adversity between new ConnectU and the Founders.  The Term Sheet that is the subject of this litigation provided for broad releases and for each side to pay its own legal fees such that, if the Term Sheet is ultimately upheld on appeal and enforced by the Ninth Circuit, it would eliminate the debts created by the Notes and preclude any collection efforts against new ConnectU by the Founders and Howard Winklevoss.  The Notes could only be collected from ConnectU if the Founders are successful on appeal, the Term Sheet is set aside, and ConnectU is returned to the Founders.[1]  For these and the other reasons argued to the Court, the Founders and counsel do not believe that the debt is relevant to disqualification.

---

[1] ConnectU's attempts to get mileage out of the Founders' counsel's demands that Facebook preserve ConnectU's  legal claim against Facebook are misplaced. Preservation of ConnectU's assets will enhance the noteholders' ability to collect the debt if the Founders' appeal is successful. If the appeal is unsuccessful, Facebook will be free to do whatever it wants with ConnectU.

1  Dated:  August 21, 2009                    BOIES SCHILLER & FLEXNER LLP

2

3                                             By: _____/s/ Steven C. Holtzman_____
                                                          Steven C. Holtzman
4

5                                             FINNEGAN, HENDERSON, FARABOW,
                                                GARRETT & DUNNER, L.L.P.
6

7
                                              By: _____/s/ Scott R. Mosko_____
8                                                          Scott R. Mosko

9                                             Attorneys for CAMERON WINKLEVOSS,
                                              TYLER WINKLEVOSS, and DIVYA NARENDRA
10

11

12

13                        **<u>CERTIFICATE OF SERVICE</u>**

14     I hereby certify that this document(s) filed through the ECF system will be sent electronically to the
       registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be
15              sent to those indicated as non-registered participants on August 21, 2009.

16                              __/s/ Evan A. Parke___
                                    Evan A. Parke
17

18

19

20

21

22

23

24

25

26

27

28

                                    2     FOUNDERS' RESPONSE TO COURT'S REQUEST
                                          5:07-CV-01389-JW