JAMES E. TOWERY -- BAR NO. 74058
ALISON P. BUCHANAN -- BAR NO. 215710
HOGE, FENTON, JONES & APPEL, INC.
Sixty South Market Street, Suite 1400
San Jose, California 95113-2396
Phone: (408) 287-9501
Fax: (408) 287-2583

Attorneys for
CONNECTU, INC.
(Formerly CONNECTU, LLC)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE FACEBOOK, INC. and MARK ZUCKERBERG,<br><br>Plaintiffs,<br><br>v.<br><br>CONNECTU, INC. (formerly known as CONNECTU, LLC) PACIFIC NORTHWEST SOFTWARE, INC. WINSTON WILLIAMS, and WAYNE CHANG,<br><br>Defendants. | Case No. 5:07-CV-01389-JW<br><br>**CONNECTU'S CIVIL LOCAL RULE 7-11 MOTION FOR A TELEPHONIC CONFERENCE TO SCHEDULE A HEARING ON AN ORDER TO SHOW CAUSE RE: CONTEMPT AGAINST THE FOUNDERS AND FINNEGAN** |

1  Pursuant to Civil Local Rule 7-11, ConnectU, Inc. ("ConnectU") hereby requests that this Court schedule a telephonic conference to schedule a hearing on an Order to Show Cause re: Contempt against the Founders and Finnegan, Henderson, Farabow, Garrett & Dunner, LLP ("Finnegan"). ConnectU's request is based on the Founders' and Finnegan's willful disregard for this Court's Order disqualifying Finnegan from representing the Founders.

**RELEVANT FACTS**

ConnectU filed simultaneous Motions to Disqualify Founders' Counsel in this action and in the related action pending in the District Court in Massachusetts (1:07-cv-10593(DPW)) in January 2009. On September 2, 2009, this Court granted ConnectU's Motion to Disqualify Counsel. (Document No. 704). This Court ordered that Finnegan could no longer represent the Founders. (Document No. 704, p. 18:19-21). Following that decision, the Founders retained new counsel (Howard Rice Nemerovski Canady Falk & Rabkin) and filed a Notice of Appeal.

On September 30, 2009, the District Court in Massachusetts issued its own Order relative to the pending Motion to Disqualify. (See Exhibit A to the Declaration of James E. Towery in Support of This Motion). Specifically, the Massachusetts court held that it is "obligated to give [this Court's September 2, 2009 Order] preclusive effect despite the pendency of appeal." (Ex. A, p. 2). On that basis, the Massachusetts court declined to rule on the pending Motion to Disqualify and stayed that action "pending the outcome of the challenge to the judgment of the Northern District of California." (Ex. A, p. 2).

On October 9, 2009, the Ninth Circuit *sua sponte* ordered the Founders to dismiss their appeal or to show cause why the appeal should not be dismissed for lack of jurisdiction. On October 30, 2009, the Founders, through their new counsel, filed a response with the Ninth Circuit entitled Response to October 9, 2009 Order Regarding Jurisdiction Over Founders' Appeal of Disqualification of Counsel. (See Exhibit B to the Declaration of James E. Towery in Support of This Motion). In that Response, the Founders represent that because of the appearance by the Founders' new counsel, "[t]he issue of whether the District Court erred in disqualifying two other firms from representing the Founders in these Ninth Circuit proceedings is therefore moot." (Ex. B, p. 2). The Ninth Circuit has yet to determine that issue.

Despite this Court's September 2, 2009 Order Granting ConnectU's Motion to Disqualify and the District of Massachusetts' September 30, 2009 Order giving this Court's Order preclusive effect, on November 17, 2009, Finnegan, on behalf of the Founders, filed pleadings, including a ***Response to Facebook's Motion For Limited Relief From Stay and to Enjoin, Regarding Alleged Violations of Protocol***, on behalf of the Founders in the District of Massachusetts action (Action No. 1:07-cv-10593(DPW)). On November 16, 2009, ConnectU – aware of Finnegan's plans to file substantive pleadings in the District of Massachusetts – reminded Finnegan of this Court's Order disqualifying Finnegan and the District of Massachusetts Order giving this Court's Order preclusive effect. Finnegan proceeded with its filing on November 17, 2009.

On that same date, Zuckerman Spaeder, a law firm retained to represent Finnegan, sent ConnectU correspondence wherein Zuckerman Spaeder insisted that this Court's September 2, 2009 Order Granting ConnectU's Motion to Disqualify did not have any impact on the Massachusetts action. (See Exhibit C to the Declaration of James E. Towery in Support of This Motion).

ConnectU has made a good faith effort to reach a stipulation with Finnegan and the Founders whereby Finnegan would withdraw its recent filings from the District of Massachusetts action and guarantee that Finnegan would no longer appear on behalf of the Founders in any Facebook-related litigation. However, that effort was unsuccessful and ConnectU is left with no remedy but to request that this Court schedule a teleconference with the parties in order to schedule an Order to Show Cause re: Contempt directed to Finnegan and the Founders.

## ARGUMENT

### A. This Court Has Jurisdiction to Issue an Order to Show Cause Re: Contempt Arising from its September 2, 2009 Order Disqualifying Counsel

As this Court acknowledged in its November 3, 2008 Order Directing the Special Master to Deliver Property, although an appeal normally divests a district court of jurisdiction, this Court has continuing jurisdiction over matters that are not final. (Document No. 653). Furthermore, orders disqualifying counsel are not immediately appealable orders. *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 474, 440-41 (1985). Generally, parties can immediately appeal post-judgment

orders in limited circumstances. *Gough v. Perkowski*, 694 F.2d 1140 (9th Cir. 1982). However, for a post-judgment order to be immediately appealable, it must: (1) conclusively determine the disputed question; (2) resolve an important issue separate from the merits of the action; and (3) be effectively unreviewable on appeal from final judgment. *Id.* at 1142-3.

Here, the Court's September 2, 2009 Order Granting ConnectU's Motion to Disqualify is not a final judgment where, in that same Order, the Court referred the parties to the Honorable Magistrate Judge James to conclusively deal with the document turnover issue. Thus, this Court maintains jurisdiction over this matter, particularly to the extent necessary to enforce its own Disqualification Order.

**B. A Telephonic Conference Is Necessary in Order to Schedule an Order to Show Cause Re: Contempt Where the Founders and Finnegan Consciously Disregard This Court's Order**

The basis for ConnectU's request for a telephonic conference to schedule a hearing on an Order to Show Cause re: Contempt is that despite this Court's Order Granting ConnectU's Motion to Disqualify Finnegan, Finnegan continues to represent the Founders in litigation against Facebook. Specifically, Finnegan continues to represent the Founders in the District Court in Massachusetts despite:

(1) this Court's September 2, 2009 Order stating that Finnegan is unequivocally disqualified from representing the Founders in the pending litigation with Facebook (Document No. 704); and

(2) the September 30, 2009 Order by Judge Woodlock (1:07-cv-10593(DPW)) stating that the District Court in Massachusetts is required to give preclusive effect to this Court's September 2, 2009 Disqualification Order (See Exhibit A to the Supporting Declaration of James E. Towery).

Furthermore, the Founders have represented to the Ninth Circuit Court of Appeals that the representation issue was moot because the Founders were now represented by replacement counsel. (See Ex. B to the Supporting Declaration of James E. Towery).

Thus, ConnectU now requests, pursuant to Civil L.R. 7-11, that this Court schedule a telephonic conference to schedule a hearing on an Order to Show Cause re: Contempt against the

1 | Founders and Finnegan.

2 | DATED: November 23, 2009

/s/ *James E. Towery*
James E. Towery
HOGE, FENTON, JONES & APPEL, INC.
Attorneys for ConnectU, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 23, 2009.

DATED: November 23, 2009

/s/ *James E. Towery*
James E. Towery
HOGE, FENTON, JONES & APPEL, INC.
Attorneys for ConnectU, Inc.