1   JAMES E. TOWERY -- BAR NO. 74058
    ALISON P. BUCHANAN -- BAR NO. 215710
2   HOGE, FENTON, JONES & APPEL, INC.
    Sixty South Market Street, Suite 1400
3   San Jose, California 95113-2396
    Phone: (408) 287-9501
4   Fax:  (408) 287-2583

5   Attorneys for
    CONNECTU, INC.
6   (Formerly CONNECTU, LLC)

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                     SAN JOSE DIVISION

11

12   THE FACEBOOK, INC. and MARK          Case No.  5:07-CV-01389-JW
     ZUCKERBERG,
13                                         **DECLARATION OF JAMES E.**
                   Plaintiffs,             **TOWERY IN SUPPORT OF**
14                                         **CONNECTU'S CIVIL LOCAL RULE**
                                           **7-11 MOTION TO SCHEDULE A**
15          v.                             **CONFERENCE WITH THIS COURT**
                                           **ON OSC RE: CONTEMPT**
16   CONNECTU, INC. (formerly known as
     CONNECTU, LLC) PACIFIC
17   NORTHWEST SOFTWARE, INC.
     WINSTON WILLIAMS, and WAYNE
18   CHANG,

19                 Defendants.

20

21

22

23

24

25

26

27

28

Dockets.Justia.com

1    I, James E. Towery, declare:

2    1.    I am a shareholder in the law firm of Hoge, Fenton, Jones & Appel, Inc., counsel

3    for ConnectU, Inc ("ConnectU"). I am a member of the State Bar of California and the Ninth

4    Circuit. I make this declaration in support of ConnectU's Civil Local Rule 7-11 Motion for a

5    Telephonic Conference to Schedule a Hearing on an Order to Show Cause Re: Contempt Against

6    the Founders and Finnegan, Henderson, Farabow, Garrett & Dunner, LLP ("Finnegan").

7    2.    On Thursday, November 19, 2009, Alison Buchanan of my office sent a letter to

8    Finnegan and counsel for the Founders at Howard Rice in an effort to reach stipulation between

9    the parties on this issue, as required by Local Rule 7-11.

10    3.    The parties were unsuccessful at reaching a stipulation.

11    4.    On September 15, 2009, the Founders filed a Notice of Appeal relating to this

12    Court's September 2, 2009 Order Granting ConnectU's Motion to Disqualify.

13    5.    Attached hereto and incorporated herein as Exhibit A is a true and correct copy of

14    the September 30, 2009 Memorandum and Order issued by the United States District Court

15    District of Massachusetts.

16    6.    Attached hereto and incorporated herein as Exhibit B is a true and correct copy of

17    the October 30, 2009 Response to October 9, 2009 Order Regarding Jurisdiction Over Founders'

18    Appeal of Disqualification of Counsel filed by Howard Rice Nemerovski Canady Falk & Rabkin

19    on behalf of the Founders.

20    7.    On November 17, 2009, Finnegan, on behalf of the Founders, filed various

21    pleadings, including a Response to Facebook's Motion For Limited Relief From Stay and to

22    Enjoin, Regarding Alleged Violations of Protocol, on behalf of the Founders in the District of

23    Massachusetts action (Action No. 1:07-cv-10593(DPW)).

24    8.    Attached hereto and incorporated herein as Exhibit C is a true and correct copy of

25    the November 19, 2009 letter from Zuckerman Spaeder (counsel for Finnegan) to me wherein

26    Zuckerman Spaeder claims that this Court's September 2, 2009 Order disqualifying Finnegan

27    from representing the Founders does not apply in the Massachusetts action.

28    I declare under penalty of perjury under the laws of the United States that the above facts

DECL. OF J. TOWERY IN SUPPORT OF CONNECTU'S
MOTION TO **SCHEDULE A CONFERENCE**
5:07-CV-01389-JW

1   are within my personal knowledge; that I can testify to the same if called to do so in a court of

2   law; that the foregoing is true and correct; and that this declaration was executed on November

3   23, 2009, at San Jose, California.

4   /s/

5   James E. Towery
    HOGE, FENTON, JONES & APPEL, INC.

6   Attorneys for ConnectU, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

1

## CERTIFICATE OF SERVICE

2        I hereby certify that this document(s) filed through the ECF system will be sent

3    electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

4    and paper copies will be sent to those indicated as non registered participants on November 23,

5    2009.

6    DATED: November 23, 2009

7                              /s/ _____

8                              Alison P. Buchanan
                          HOGE, FENTON, JONES & APPEL, INC.

9                              Attorneys for ConnectU, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                        DECL. OF J. TOWERY  IN SUPPORT OF  CONNECTU'S
                        MOTION TO **SCHEDULE A CONFERENCE**
                        5:07-CV-01389-JW

**Exhibit A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CONNECTU, INC.,                    )
                                   )
          Plaintiff,               )
                                   )
                                   )     CIVIL ACTION
v.                                 )     NO. 07-10593-DPW
                                   )     (CONSOLIDATED WITH
                                   )      04-11923-DPW)
FACEBOOK, INC., ET AL              )
                                   )
          Defendants,              )

MEMORANDUM AND ORDER
September 30, 2009

These two cases are branches of extended and heavily

lawyered litigation as to which Judge Ware of the United States

District Court for the Northern District of California has

entered a judgment directing dismissal pursuant to what he has

found to be an enforceable settlement agreement among the

interested parties.  *Facebook Inc. v. ConnectU, Inc.*, Civil

Action No. 07-01389-JW (N.D.Cal. July 2, 2008).  The question of

the enforceability of the settlement agreement embodied in the

judgment has generated multiple appeals to the United States

Court of Appeals for the Ninth Circuit.  Earlier this month new

counsel for the principal appellants was engaged after earlier

counsel were ordered disqualified upon a limited remand to the

District Court by the Ninth Circuit.  New counsel has filed a

status report in the Ninth Circuit seeking to consolidate the six

appeals and establish an appellate briefing schedule.

In this lawyer-rich environment, the parties have filed parallel pleadings and motions in this court attempting to conduct a second front to their conflict, which at this point is governed by the judgment of the Northern District of California to which I am obligated to give preclusive effect despite the pendency of appeal. *See generally* WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE 2d § 4433 at 78-94 (2002) (noting rule and the substantial difficulties which result from the rule that a final trial-court judgment operates as res judicata while an appeal is pending). I am unwilling to indulge the parties in their multiplication of proceedings, at least until the validity of the judgment entered in the Northern District of California has been resolved. Now that the engagement of new counsel in the Ninth Circuit appeals offers the promise that the orderly conduct of the litigation will be back on track for appellate review, there is no need to keep these cases active in this Court while the fundamental question of the enforceability of the settlement agreement moves toward resolution elsewhere.

Accordingly, in order to avoid further needless proliferation of litigation in this court pending the outcome of the challenge to the judgment of the Northern District of California, I direct the Clerk to stay these cases and terminate all outstanding motions without prejudice to the motion of any party to reassert them no later than 30 days after the issuance

of any mandate of the United States Court of Appeals for the
Ninth Circuit concerning the judgment entered by the United
States District Court for the Northern District of California in
Civil Action No. 07-01389-JW.  Counsel in these cases are ORDERED
to notify this Court with a status report within 10 days of any
material developments concerning the continued vitality of the
Northern District of California judgment.


                              /s/ Douglas P. Woodlock
                              DOUGLAS P. WOODLOCK
                              UNITED STATES DISTRICT JUDGE

**Exhibit B**

CA Nos. 08-16745, 08-16849, 08-16873 (consolidated),
09-15021, 09-15133, 09-17050
DC No. C 07-01389 JW

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

THE FACEBOOK, INC., ET AL.,

*Plaintiffs/Appellees/Cross-Appellants,*

v.

CONNECTU, INC., ET AL.,

*Defendants/Appellants/Cross-Appellees.*

———————————

Appeal From Judgment Of The United States District Court
For The Northern District Of California
(Hon. James Ware, Presiding)

———————————

## RESPONSE TO OCTOBER 9, 2009 ORDER
## REGARDING JURISDICTION OVER FOUNDERS'
## APPEAL OF DISQUALIFICATION OF COUNSEL

———————————

JEROME B. FALK, JR. (No. 39087)
SEAN M. SELEGUE (No. 155249)
JOHN P. DUCHEMIN (No. 250501)
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone: 415/434-1600
Facsimile: 415/217-5910

*Attorneys for Appellants and Cross-
Appellees Cameron Winklevoss, Tyler
Winklevoss and Divya Narendra*

Appellants Tyler Winklevoss, Cameron Winklevoss and Divya Narendra (collectively, the "Founders") hereby respond to the Court's order that they either (1) move for voluntary dismissal of their appeal of the September 2, 2009 District Court order disqualifying two law firms from representing the Founders in these appellate proceedings, or (2) demonstrate why this Court has jurisdiction over that appeal.

## DISCUSSION

A detailed summary of the procedural posture of the various appeals in this matter may be found in the Founders' September 14, 2009 Status Report, Motion To Consolidate Appeals And Motion To Set Briefing Schedule (Dkt. No. 86, hereafter "Status Report").[1]   The Founders respectfully refer the Court to that summary and will not repeat it here.

The appeal about which the Court has inquired (No. 09-17050) seeks review of an order disqualifying two law firms from representing the Founders in these Ninth Circuit proceedings.  The Court's order cited to *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 440-41 (1985), in which the Supreme Court held that disqualification orders may be appealed only upon entry of final judgment in the case as a whole.  (Appeal No. 09-17050, Dkt. No. 6).  The Founders acknowledge that rule, but note that final

---

[1]Unless otherwise noted, all docket references refer to Appeal No. 08-16745.

judgment in this case was entered no later than July 2, 2008. *See* Status Report 3. The disqualification order was not merged into that judgment because the disqualification order had not been entered at the time the District Court entered judgment. The disqualification order is therefore not subject to the *Richardson-Merrell* rule, because the disqualification order is not an interlocutory ruling in a pending action. Instead, the disqualification order is a post-judgment order and appealable on that basis. *See United States v. State of Washington*, 761 F.2d 1404, 1406 (9th Cir. 1985).

With that said, there are some other issues for the Court to consider in assessing its appellate jurisdiction over the disqualification order. First, the Founders have retained new counsel, Howard Rice Nemerovski Canady Falk & Rabkin, to represent them before the Ninth Circuit in these related appeals. The issue of whether the District Court erred in disqualifying two other firms from representing the Founders in these Ninth Circuit proceedings is therefore moot. Since the disqualification order is limited to these Ninth Circuit proceedings, and since the District Court has indicated the disqualification order will be reconsidered if control of ConnectU is returned to the Founders,[2] there would seem nothing left to dispute concerning the disqualification matter.

_____

[2]*See* Disqualification Order 19 ("This Order does not address the circumstances on appeal or afterward should the interests of ConnectU and the Founders merge.").

There is, however, a second aspect to the District Court's disqualification order that requires discussion.   In the disqualification order, the District Court ordered the two disqualified firms, Finnegan, Henderson, Farabow, Garrett & Dunner LLP ("Finnegan") and Boies, Schiller & Flexner LLP ("Boies"), to turn over certain documents to "new" ConnectU.   The District Court ruled that "ConnectU is entitled to all documents pertaining to ConnectU's general business, including but not limited to documents relating to ConnectU's financials, assets, and liabilities."   Disqualification Order 17-18.   However, the District Court denied new ConnectU's request that Finnegan and Boies turn over files pertaining to this litigation. *Id.*   Later in the same order, the District Court referred the parties "to Chief Magistrate Judge James for further proceedings with respect to which documents should be turned over to the current owners." *Id.* at 18-19.

Facebook contends that the District Court's order is not a final or complete ruling on ConnectU's motion to disqualify because of the pending referral to a Magistrate Judge.   (Dkt. No. 89).   The Founders disagree, because the District Court ruled completely on ConnectU's request for files and then referred the parties to a Magistrate Judge for proceedings concerning which documents should be turned over under the District Court's ruling.   In ruling on whether a particular document constitutes a "business" document or a "litigation" document, the Magistrate Judge would be interpreting or enforcing the District Court's ruling on ConnectU's

request for documents, not reconsidering or revisiting the District Court's ruling. Therefore, the disqualification order, including its resolution of ConnectU's request for documents, was final and properly appealable by the Founders.

Nonetheless, as with the disqualification ruling, the Founders have decided (with a caveat noted below) they do not wish to challenge on appeal the District Court's ruling that new ConnectU is entitled to "business," but not "litigation," documents from the Finnegan and Boies firms. "New" ConnectU has not appealed the District Court's ruling, and it has become final as to ConnectU.

The caveat is that new ConnectU is apparently not satisfied that the Finnegan and/or Boies firms have produced all documents required by the District Court's order. *See* Declaration of Sean M. SeLegue In Support Of ConnectU Founders' Reply Regarding Their Motion To Consolidate Appeals (Dkt. No. 86) at Exs. A-C. As the cited correspondence indicates, the only dispute ConnectU has raised to date is its request that Finnegan provide an index to all of its litigation files, a request that is both unduly burdensome and improperly intrusive into matters the District court has ruled should remain confidential from new ConnectU. *Id.* On October 16, 2009, ConnectU asked Magistrate Judge James to set a briefing and hearing schedule concerning unspecified issues related to the document-turnover request. Accompanying Declaration of John Duchemin ("Duchemin Decl.")

Ex. A.   In response, Magistrate Judge James expressed concern regarding whether she has jurisdiction in light of the pending appeal and ordered the parties to meet and confer and report to her after this Court rules on whether it has jurisdiction over the Founders' appeal from the disqualification order. *Id.* Ex. B.

## PROPOSED DISPOSITION

For the reasons noted above, the Founders believe this Court has jurisdiction over the Founders' appeal from the disqualification appeal. However, because the Founders have retained new counsel on appeal, it should not be necessary for that appeal to be briefed.

The Founders are hopeful that the document turnover issue may likewise be concluded without the necessity for briefing in this Court.  In hopes of achieving that goal, the Founders request that the Court confirm that Magistrate Judge James may proceed with the referral so that the document turnover issue may indisputably be considered resolved in the District Court. If, after that process is complete in the District Court, the universe of litigation-related documents possessed by Finnegan and Boies remains confidential from "new" ConnectU, the Founders anticipate dismissing their appeal of the disqualification order.  In the (hopefully unlikely) event that the Founders appeal from a future order by Magistrate Judge James concerning

-5-

the documents, it would be sensible for that appeal to be briefed together with the appeal from the District Court's disqualification order.

Accordingly, the Founders respectfully request that the Court (1) confirm that Magistrate Judge James may complete the referral to her described in the September 2, 2009 disqualification order and (2) direct the parties to report to this Court within 14 days after entry of Magistrate Judge James' order confirming the completion of that referral.   In addition, the Founders respectfully request (as previously stated) that the Court issue a briefing schedule on the remaining appeals concerning the District Court's enforcement of the purported settlement agreement so that those merits appeals are not further delayed by the document turnover issue.

DATED: October 30, 2009.

Respectfully,

JEROME B. FALK, JR.
SEAN M. SELEGUE
JOHN P. DUCHEMIN

HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation

By_____/s/ Sean M. SeLegue_____
          SEAN M. SELEGUE

*Attorneys for Appellants and Cross-Appellees
Cameron Winklevoss, Tyler Winklevoss and
Divya Narendra*

-6-

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2009, I electronically filed the foregoing **RESPONSE TO OCTOBER 9, 2009 ORDER REGARDING JURISDICTION OVER FOUNDERS' APPEAL OF DISQUALIFICATION OF COUNSEL, and DECLARATION OF JOHN DUCHEMIN IN SUPPORT OF CONNECTU FOUNDERS' RESPONSE TO OCTOBER 9, 2009 ORDER REGARDING JURISDICTION OVER FOUNDERS' APPEAL OF DISQUALIFICATION OF COUNSEL** by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users.   On October 30, 2009, I dispatched the foregoing documents described as **RESPONSE TO OCTOBER 9, 2009 ORDER REGARDING JURISDICTION OVER FOUNDERS' APPEAL OF DISQUALIFICATION OF COUNSEL; DECLARATION OF JOHN DUCHEMIN IN SUPPORT OF CONNECTU FOUNDERS' RESPONSE TO OCTOBER 9, 2009 ORDER REGARDING JURISDICTION OVER FOUNDERS' APPEAL OF DISQUALIFICATION OF COUNSEL** by placing the documents for deposit in the United States Postal Service through the regular mail collection process at the law offices of Howard Rice Nemerovski Canady Falk & Rabkin, A Professional Corporation, located at Three Embarcadero Center, Seventh Floor, San Francisco, California to be served by mail to the following non-CM/ECF participants:

D. Michael Underhill
Boies, Schiller & Flexner, LLP
5301 Wisconsin Avenue Northwest
Washington, DC  20015

David A. Barrett
Boies Schiller & Flexner LLP
575 Lexington Avenue
New York, NY  10022

Jonathan M. Shaw
Boies, Schiller & Flexner, LLP
5301 Wisconsin Avenue Northwest
Washington, DC  20015

Mark A. Byrne
Byrne & Nixon LLP
800 W. Sixth Street, Suite 430
Los Angeles, CA  90017

Steven C. Holtzman
Boies, Schiller & Flexner, LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612

John F. Hornick
Finnegan Henderson Farabow
Garrett & Dunner LLP
901 New York Avenue NW
Washington, DC 20001


_____/s/ _Sean M. SeLegue_____
Sean M. SeLegue

-2-

**Exhibit C**



ZUCKERMAN SPAEDER LLP          1800 M STREET, NW   SUITE 1000
                                              WASHINGTON, DC 20036-5807
                          202.778.1800    202.822.8106 fax   www.zuckerman.com

Thomas B. Mason
(202) 778-1844
tmason@zuckerman.com

November 19, 2009

*Via E-mail and Regular Mail*

James E. Towery, Esquire
Hoge, Fenton, Jones & Appel, Inc.
60 South Market Street, Suite 1400
San Jose, California 95113-2396

Dear Mr. Towery:

I write in response to your letter of November 16, 2009, to Scott Mosko, John Hornick and Daniel Tighe.

Your letter appears to be an effort by your client, ConnectU, Inc., ("ConnectU"), on behalf of its sole shareholder, Facebook, Inc., ("Facebook"), to impede Facebook's adversaries by attacking their lawyers. As such, we view your letter to be part of an effort orchestrated by Facebook in which Facebook falsely accuses Cameron and Tyler Winklevoss and Divya Narendra (the "Founders") and their counsel of violating court orders, seeking sanctions and contempt, while ConnectU, Facebook's captive wholly-owned subsidiary, seeks to prevent such counsel from answering these false charges. Messrs. Mosko, Hornick and Tighe are entitled to defend their clients' conduct—and, to the extent that they are accused of wrongdoing, their own—from Facebook's attacks.

Your contention that Judge Ware's September 2, 2009, Order is binding with respect to the Massachusetts actions is without merit. ConnectU recognized that each of the courts or tribunals involved controls only its own docket, not those of other courts in other jurisdictions, when it filed separate motions to disqualify in California, Massachusetts and, most recently, New York. (We understand that the New York motion was withdrawn on the threat of sanction by the Court.) The Founders made this position clear in submissions to the Ninth Circuit and Judge Ware and ConnectU never disputed it. *See* ConnectU Founders' Response to Motion to Disqualify Counsel, Nos. 08-16745, 08-16849 and 08-16873 (consolidated) at 15-16, nn. 10-11 (stating that Ninth Circuit had no authority to disqualify counsel in matters not before it or a lower court of that Circuit); Exhibit A to Founders' Motion to File Supplemental Briefing, Case No. 5:07-CV-01389-JW at 3 n.3 ("This Court can only address the on-going proceedings in this Circuit.").

Indeed, Judge Ware's September 2, 2009, Order does not support your position. While Judge Ware was aware of the Massachusetts actions, he made it clear that he was deciding only

 **ZUCKERMAN SPAEDER LLP**

James E. Towery, Esquire
November 19, 2009
Page 2

the motion before him, not the motion pending in Massachusetts, and grounded his decision in California law. *See* Order at 4-12. While he reviewed cases from New York, he did not cite a single case from Massachusetts. *Id.* In the end, his decision reached only "*this* matter," not any other matter. *Id.* at 18 (emphasis added). Your attempt to expand the reach of Judge Ware's ruling through the guise of "*res judicata*" is unavailing. The sole authority upon which you rely is a district court decision from neither of the Circuits involved in this matter concerning a motion to recuse a mediator, which, in turn, does not rely upon or even cite a single case involving disqualification of counsel. Finally, because Judge Woodlock terminated ConnectU's motion to disqualify on September 30, 2009, there is no motion pending to which the doctrine of *res judicata*, even if it were somehow applicable, could apply.

You have been on notice for months that Mr. Hornick and his colleagues were going to continue to represent the Founders in the Massachusetts action. On September 24, 2009 (*i.e.*, after Judge Ware's September 2, 2009, Order), Mr. Hornick wrote your colleague, Ms. Buchanan, a letter stating that "[w]ith respect to the Massachusetts action, we remain counsel for the Founders because new ConnectU's motion to disqualify has not been decided." Despite having been on notice of this position some seven weeks ago, ConnectU waited to renew its objection to Finnegan's role as the Founders counsel until now so as to coincide precisely with Facebook's latest accusations against the Founders and their counsel. This coincidence in timing suggests to us that Facebook and ConnectU are acting in concert in an effort to impede their adversaries' ability to respond to their collective attacks.

Sincerely yours,

Thomas B. Mason

cc:   Scott R. Mosko, Esquire
      John F. Hornick, Esquire
      Daniel P. Tighe, Esquire