1  JEROME B. FALK, JR. (No. 39087)
   Email: jfalk@howardrice.com
2  SEAN M. SELEGUE (No. 155249)
   Email: sselegue@howardrice.com
3  JOHN P. DUCHEMIN (No. 250501)
   Email: jduchemin@howardrice.com
4  HOWARD RICE NEMEROVSKI CANADY
        FALK & RABKIN
5  A Professional Corporation
   Three Embarcadero Center, 7th Floor
6  San Francisco, California  94111-4024
   Telephone:   415/434-1600
7  Facsimile:   415/677-6262

8  Attorneys for CAMERON WINKLEVOSS,
   TYLER WINKLEVOSS and DIVYA
9  NARENDRA

10

11                           UNITED STATES DISTRICT COURT

12                          NORTHERN DISTRICT OF CALIFORNIA

13                                   SAN JOSE DIVISION

14

15  THE FACEBOOK, INC., et al.,              | No. C 07-01389 JW

16                  Plaintiffs,               | CONNECTU FOUNDERS'
                                              | OPPOSITION TO CONNECTU'S
17       v.                                   | MOTION FOR A TELEPHONIC
                                              | CONFERENCE (CIVIL LOCAL RULE 7-
18  CONNECTU, INC., et al.,                   | 11)

19                  Defendants.

20

21

22

23

24

25

26

27

28

CONNECTU FOUNDERS' OPP'N TO CIV. L.R. 7-11 MOTION                              C 07-01389-JW

## I. INTRODUCTION.

ConnectU, Inc.'s motion to schedule a telephone conference is procedurally and substantively flawed. Procedurally, ConnectU's motion is a misuse of the local rule intended for administrative matters not otherwise addressed in the local rules. Substantively, ConnectU's motion is based on entirely inaccurate characterizations of court orders to contend that ConnectU's Founders[1] and the law firm of Finnegan Henderson Farabow Garrett & Dunner LLP ("Finnegan") have violated this Court's disqualification order. Nothing could be further from the truth.

## II. DISCUSSION.

### A. ConnectU's Use Of The Civil L.R. 7-11 Administrative Motion Procedure Is Improper.

Administrative motions under Civil Local Rule 7-11 are limited to "miscellaneous administrative matters," such as "motions to exceed otherwise applicable page limitations or motions to file documents under seal." Civil L.R. 7-11. A contempt proceeding is not the type of routine administrative matter appropriately handled under Civil Local Rule 7-11. To seek a substantive order from this Court in a civil case, Civil Local Rule 7-2(a) provides a mandatory noticed motion procedure that must be followed. That rule provides as follows:

> Time. Except as otherwise ordered or permitted by the assigned Judge or these Local Rules, and except for motions made during the course of a trial or hearing, *all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion.* (Emphasis added)

ConnectU seeks to avoid the established noticed-motion procedure by making inflammatory and unsupported conclusions in a motion brought under Civil Local Rule 7-11. This is a misuse of the Civil Local Rule 7-11 administrative motion procedure.

Had ConnectU properly followed this Court's rules, it would have noticed a motion pursuant to Civil Local Rule 7-2(a), which would provide the Founders and Finnegan with an appropriate opportunity to respond. The procedure ConnectU chose, Civil Local Rule 7-

---

[1] Cameron Winklevoss, Tyler Winklevoss and Divya Narendra.

11, was inappropriate and prejudicial to the Founders and Finnegan, because Civil Local Rule 7-11 provides only three court days to respond in a brief of no more than five pages. While reserving their objections to the incorrect procedure ConnectU has employed, and in the space allowed, the Founders respond briefly on the merits.

### B. Neither The Founders Nor Finnegan Has Violated This Court's Disqualification Order.

In the Massachusetts case, Finnegan recently responded on the Founders' behalf to a motion Facebook filed in that court. Motion at 2:3-6. It is this action alone—Finnegan's representation of the Founders *in the Massachusetts case*—on which ConnectU bases its current motion. *Id.* Finnegan's representation of the Founders in Massachusetts does not violate this Court's September 2, 2009 disqualification order (the "California Order"), because the California Order is expressly limited to the Northern District of California action and the related Ninth Circuit proceedings.

Specifically, the California Order disqualified Finnegan from "further representation of the Founders with respect to *this* matter." California Order (Docket No. 704) at 18:20-21 (emphasis added); *id.* at 4:10-11 (this Court described ConnectU's motion to disqualify, which was originally filed in the Ninth Circuit, as a motion to disqualify Finnegan from "continued representation of the Founders *on appeal*.") (emphasis added); *id.* at 13:13 (ConnectU sought to disqualify Finnegan from "continuing to represent the Founders *in the current appeal*.") (emphasis added). The Founders have complied with the California Order by retaining new counsel (Howard Rice) to handle the appeal and any related proceedings before this Court.

With regard to the conduct in Massachusetts about which ConnectU complains, the simple fact is that the California Order does not apply to Massachusetts. No contempt citation is appropriate, and no conference call is needed. *See E.E.O.C. v. New York Times Co.*, 196 F.3d 72, 81 (2d Cir. 1999) (to be liable for contempt, violator of court order "must be able to ascertain from the four corners of the order precisely what acts are forbidden"); *accord Yagman v. Republic Ins.*, 987 F.2d 622, 629 (9th Cir. 1993) (court's request that was

1 not part of court's order "cannot serve as the basis for a finding of contempt").

### C. The Massachusetts Court Has Not Adopted This Court's Disqualification Order.

ConnectU attempts to stretch the California Order to apply to the Massachusetts case by contending that Judge Woodlock in Massachusetts has declared that the California Order has "preclusive effect" in Massachusetts. Not true.

To contend that Judge Woodlock has given preclusive effect to the California Order, ConnectU misquotes an order Judge Woodlock issued on September 30, 2009 (the "Massachusetts Order"). ConnectU claims that Judge Woodlock wrote that he is "'obligated to give [*this Court's September 2, 2009 Order*] preclusive effect despite the pendency of appeal.'" Motion at 1:15-16 (emphasis added). **The bracketed language ConnectU added is not included in Judge Woodlock's order**. Judge Woodlock actually wrote that he was giving preclusive effect to "the *judgment* of the Northern District of California . . . ." Declaration of James E. Towery ("Towery Decl.") Ex. A at 2 (emphasis added). Earlier in his order, Judge Woodlock described the "judgment" as "directing dismissal pursuant to what [Judge Ware] has found to be an enforceable settlement agreement among the interested parties." *Id.* at 1. In other words—in *Judge Woodlock*'s words—he accorded preclusive effect to this Court's judgment enforcing the settlement, not to this Court's disqualification order.

### D. The Massachusetts Court Has Declined To Rule On ConnectU's Motion To Disqualify

In the Massachusetts Order, Judge Woodlock imposed a stay on all proceedings in that court and terminated all outstanding motions without prejudice. The motions Judge Woodlock terminated included one ConnectU filed in the Massachusetts case to disqualify Finnegan.[2] ConnectU has not sought to renew its motion to disqualify before Judge

---

[2] *See* Docket No. 274, *ConnectU, Inc. v. Facebook, Inc.*, No. 07-10593-DPW in the U.S. District Court for the District of Massachusetts (the "Massachusetts case"), which specifically identifies the "Motion to Disqualify Counsel" as having been terminated
(continued . . . )

Woodlock. ConnectU is simply incorrect in asserting that Judge Woodlock has disqualified Finnegan in the Massachusetts proceedings.

### E. The Massachusetts Proceedings Are Subject To Judge Woodlock's Supervision.

To the extent that ConnectU's motion asks this Court to regulate proceedings before another district court, such a request is inappropriate. Each District Court has the power and responsibility to manage its own proceedings. *Thomas Kinkade Co. v. Hazlewood*, No. C 06 7034 MHP, 2007 WL 1655846 at *6 (N.D. Cal. June 6, 2007) ("This court almost certainly lacks jurisdiction to preclude plaintiffs' counsel from appearing in actions not before this court. Attempts to disqualify plaintiffs' counsel from other proceedings are properly directed toward the adjudicators in those actions"). It is neither necessary nor appropriate for this Court to become enmeshed in the Massachusetts proceedings.

As noted earlier, the Massachusetts court on September 30, 2009, imposed a stay on proceedings pending resolution of the Founders' appeal to the Ninth Circuit of this Court's judgment enforcing the settlement. The Massachusetts court has not lifted that stay. On November 3, 2009, Facebook filed in the Massachusetts case a motion for limited relief from stay for the purposes of seeking certain relief against the Founders and Finnegan. The limited space and time available for the Founders to respond to ConnectU's administrative motion do not permit a full explication of Facebook's pending motion in Massachusetts. In addition, Facebook's motion and the opposing papers were all submitted to the Massachusetts court under seal.[3] Should the Court desire, the Founders will promptly submit a copy of the relevant Massachusetts papers under seal for this Court's review.

ConnectU's effort to draw this Court into the current Massachusetts motion

---

( . . . continued)
"without prejudice to the motion of any party" to reassert that motion "no later than 30 days after the issuance of any mandate of the United States Court of Appeals for the Ninth Circuit concerning the judgment entered by the United States District Court for the Northern District of California in Civil Action No. 07-01389-JW").

[3]Those papers were filed in the case at Docket Nos. 291-92, 295-97, 308-09, 318, and 320 in the Massachusetts case.

1 proceedings—which arise from a motion in which ConnectU is not even involved—is just
2 the type of "multiplication of proceedings" Judge Woodlock sought to avoid by imposing a
3 stay on the Massachusetts case. Towery Decl. Ex. A at 2. Governance of the Massachusetts
4 case should be left to Judge Woodlock.

## III. CONCLUSION.

ConnectU's Local Rule 7-11 Motion for a telephone conference should be denied.

DATED: November 30, 2009.

    Respectfully,

    JEROME B. FALK, JR.
    SEAN M. SELEGUE
    JOHN P. DUCHEMIN
    HOWARD RICE NEMEROVSKI CANADY
        FALK & RABKIN
    A Professional Corporation

    By:     /s/ Sean M. SeLegue
        SEAN M. SELEGUE

    Attorneys for CAMERON WINKLEVOSS,
    TYLER WINKLEVOSS and DIVYA NARENDRA

W03 113009-180060001/U10/1579187/F