I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
MONTE COOPER (STATE BAR NO. 196746)
mcooper@orrick.com
THERESA A. SUTTON (STATE BAR NO. 211857)
tsutton@orrick.com
YVONNE P. GREER (State Bar No. 214072)
ygreer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:      650-614-7400
Facsimile:      650-614-7401

Attorneys for Plaintiffs
FACEBOOK, INC. and MARK ZUCKERBERG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC. and MARK ZUCKERBERG,<br><br>                    Plaintiffs,<br><br>          v.<br><br>CONNECTU, INC. (formerly known as CONNECTU, LLC) PACIFIC NORTHWEST SOFTWARE, INC. WINSTON WILLIAMS, and WAYNE CHANG,<br><br>                    Defendants. | Case No.  5:07-CV-01389-JW (MEJ)<br><br>**FACEBOOK, INC. AND MARK ZUKERBERG'S JOINDER IN CONNECTU'S RENEWED REQUEST FOR HEARING DATE RELATING TO PRODUCTION OF CONNECTU'S DOCUMENTS** |

1    Facebook, Inc. and Mark Zuckerberg (hereinafter "Facebook") hereby join in ConnectU's

2    Renewed Request for  Hearing Date Relating to Production of ConnectU's Documents.  Docket

3    No. 727.  Facebook offers an additional basis on which ConnectU's request should be granted.

4    That is, to determine the scope of the Court's turn-over order related to ConnectU's business and

5    litigation files in light of ConnectU's former counsels' intentional and repeated waiver of the

6    attorney client privilege.

7    Attached hereto as **Exhibit A** is a true and correct copy of Quinn Emanuel Urquhart

8    Oliver & Hedges' Statement of Claim and Response to Counterclaim and its exhibits which was

9    voluntarily filed with the Court on September 21, 2009 as an Exhibit to the Affirmation of Sean

10   O'Shea by former counsel for ConnectU, Cameron Winklevoss, Tyler Winklevoss, and Divya

11   Narendra in *ConnectU, Inc. v. Quinn Emanuel Urquhart Oliver & Hedges, LLP*, Case No. 08-

12   602082 (N.Y. Super. Ct.).  It has subsequently been filed voluntarily twice more by ConnectU's

13   former counsel in that case on October 1, 2009, and November 4, 2009, respectively.  The

14   attached Exhibit A also was voluntarily filed with the Court by ConnectU's former counsel on

15   November 23, 2009 as an Exhibit to the Declaration of Sean O'Shea  in the action *ConnectU, Inc.*

16   *v. Facebook, Inc.*, Civ. Action No. 1:07-CV-10593-DPW (D. Mass.).  In all four instances, the

17   documents also were served on opposing counsel in conjunction with various motions.

18   In previous pleadings before this Court, the founders argued that ConnectU is entitled to

19   nothing more than its "business" files.  The Honorable James Ware referred the parties to "Chief

20   Magistrate Judge James for further proceedings with respect to which documents should be

21   turned over to the current [ConnectU] owners."  Declaration of Alison Buchanan (Docket No.

22   728), Ex. A, 18:22; 19:1-2.  In light of the waiver of the privilege via the multiple voluntary

23   disclosures and service upon counsel of the documents, a determination of the scope of the waiver

24   and, thus, the scope of the turn-over order is necessary.

25   Quinn Emanuel submitted previously privileged materials in a currently pending fee

26   dispute arbitration between the firm and its former clients, ConnectU's founders.  In September

27   2009, the founders' current attorneys filed these same documents in the New York Supreme

28   Court in support of their motion to compel production of documents.  Since then, certain of the

- 1 -                          FACEBOOK'S JOINDER IN CONNECTU'S
                                                                                   RENEWED REQUEST FOR HEARING
                                                                                   5:07-CV-01389-JW

1   previously privileged communications were filed in the District of Massachusetts in support of

2   Facebook's motion to enjoin the ConnectU founders and their present counsel from further

3   violations of various Protective Orders.  In each of these instances, the founders have relied on

4   these communications to support their positions, without any effort to preserve the privilege.

5   Now, three months after the founders voluntarily provided their communications to Facebook,

6   their attorneys seek return of them.

7          ConnectU's renewed request for a hearing and briefing schedule related to the scope of

8   production of its files should be granted.

9   Dated: December 23, 2009               Orrick, Herrington & Sutcliffe LLP

10

11                                          /s/ *Theresa A. Sutton* /s/
                                   _____
12                                          Theresa A. Sutton
                                          Attorneys for Plaintiffs
13                                 FACEBOOK, INC. and MARK ZUCKERBERG

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2

3       I hereby certify that this document(s) filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
and paper copies will be sent to those indicated as non registered participants on December 23,
4       2009.

5    Dated: December 23, 2009.                    Respectfully submitted,

6                                                          /s/ Theresa A. Sutton /s/
                                                         Theresa A. Sutton
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28