1  JEROME B. FALK, JR. (No. 39087)
   Email: jfalk@howardrice.com
2  SEAN M. SELEGUE (No. 155249)
   Email: sselegue@howardrice.com
3  JOHN P. DUCHEMIN (No. 250501)
   Email: jduchemin@howardrice.com
4  HOWARD RICE NEMEROVSKI CANADY
          FALK & RABKIN
5  A Professional Corporation
   Three Embarcadero Center, 7th Floor
6  San Francisco, California 94111-4024
   Telephone:  415/434-1600
7  Facsimile:  415/677-6262

8  Attorneys for CAMERON WINKLEVOSS,
   TYLER WINKLEVOSS and DIVYA
9  NARENDRA

10

11                       UNITED STATES DISTRICT COURT

12                      NORTHERN DISTRICT OF CALIFORNIA

13                              SAN JOSE DIVISION

14

15  THE FACEBOOK, INC., et al.,              | No. C 07-01389 JW

16              Plaintiffs,                  | OBJECTION TO, AND MOTION TO
                                             | STRIKE, CONNECTU'S RENEWED
17      v.                                   | REQUEST FOR HEARING DATE
                                             | RELATING TO PRODUCTION OF
18  CONNECTU, INC., et al.,                  | CONNECTU'S DOCUMENTS

19              Defendants.                  | Chief Magistrate Judge Maria-Elena James
                                             | (San Francisco Division)

20

21

22

23

24

25

26

27

28

OBJ. TO, & MOT. TO STRIKE, CONNECTU'S RENEWED REQ. FOR HEARING   C 07-01389-JW

## I. INTRODUCTION

Rather than complying with this Court's directive to meet and confer and file a joint status report, ConnectU, Inc. ("ConnectU") has renewed its request for a hearing date on unspecified issues concerning production of documents from two law firms that formerly represented ConnectU in this matter. ConnectU's renewed request should be stricken because that request does not comply with the Court's directive that the parties meet and confer and file a joint status report. In addition, ConnectU's renewed request does not address the jurisdictional issue the Court raised and does not identify what disputed issues ConnectU seeks the Court's assistance in resolving. These matters should be raised first in the meet-and-confer process before the Court's assistance is requested.

## II. BACKGROUND

On October 16, 2009, ConnectU, Inc. ("ConnectU") filed a Request For Hearing Date Relating To Production Of ConnectU's Documents (the "Request For Hearing"). ConnectU's request related to an aspect of Judge Ware's order disqualifying the law firms of Finnegan, Henderson, Farabrow, Garrett & Dunner, LLP ("Finnegan") and Boies, Schiller & Flexner, LLP ("Boies").

In the disqualification order, Judge Ware ruled that ConnectU was entitled to receive from Finnegan and Boies those documents pertaining to ConnectU's "general business operations." Dkt. 704, at 18. Judge Ware denied ConnectU's request to obtain "files pertaining to ConnectU's litigation against Facebook." Dkt. 704, at 18. In so ruling, Judge Ware noted that ConnectU, now under Facebook's control, was seeking privileged information from the lawyers who formerly had represented ConnectU against Facebook. Judge Ware explained that

> [t]o require a handover of all ConnectU files would expose to the Founders' adversary all of the . . . relevant litigation documents. Directing the handover of those files would thus create a rule that would chill communication between attorneys and clients, and may ultimately impede the type of settlement that was reached here between the parties. (Dkt. 704, at 18:6-9)

After denying ConnectU's request for "documents relating to the litigation against Facebook," Judge Ware stated that the "parties are referred to Chief Magistrate Judge James

1  for further proceedings with respect to which documents should be turned over to the current
2  owners" of ConnectU. *Id.* at 18-19.

3       On October 17, Chief Magistrate Judge James denied ConnectU's Request for Hearing
4  without prejudice because of the pendency of the Founders' appeal to the Ninth Circuit of
5  Judge Ware's disqualification order. Chief Magistrate Judge James noted that, at the time of
6  her order, the Ninth Circuit had directed the Founders to either dismiss their appeal of that
7  order or demonstrate why the appeal should not be dismissed. The Court directed the parties
8  to "meet and confer and thereafter file a joint status report" upon receiving a ruling from the
9  Ninth Circuit. On December 14, 2009, the Ninth Circuit dismissed the disqualification
10 appeal as "unnecessary" and directed that the dismissed appeal "be filed as an amended
11 notice of appeal" in another pending Ninth Circuit appeal arising from this same action.
12 Buchannan Decl., Dkt. 728-4, Exh. D. Thus, the Founders' appeal of Judge Ware's
13 disqualification order remains pending before the Ninth Circuit along with appeals related to
14 Judge Ware's enforcement of the settlement under which control of ConnectU was
15 transferred from the Founders of ConnectU[1] to Facebook.

16       On December 22, 2009, ConnectU filed a "Renewed Request For Hearing Date
17 Relating To Production of ConnectU's documents." Dkt. 727 (the "Renewed Request").
18 The Renewed Request is not the joint status report the Court ordered be filed and is
19 premature due to failure to meet and confer, as explained below.

20 **III. DISCUSSION**

21       ConnectU's Renewed Request should be stricken because it fails to comply with this
22 Court's order that, once the Ninth Circuit ruled on whether the disqualification appeal should
23 remain pending, the parties were to meet and confer and file a joint status report. The need
24 to meet and confer is particularly important here, where ConnectU has not identified exactly
25 what issues it wants the Court to resolve. For the Court to establish a briefing and hearing
26 schedule when the moving party, ConnectU, is unable to state what relief it seeks, and has

---

[1] The Founders are Cameron Winklevoss, Tyler Winklevoss and Divya Narendra.

not sought to resolve these issues informally, would be a pointless and wasteful exercise.

In addition, ConnectU has failed to address the concern this Court expressed concerning whether this Court has jurisdiction in light of appeals that are pending in the Ninth Circuit. The Ninth Circuit heard significant argument from both sides about whether the disqualification appeal was properly before the Ninth Circuit. In the end, the Ninth Circuit maintained the disqualification appeal, but re-docketed it as an amended appeal of this Court's orders enforcing a purported settlement. The parties should discuss the jurisdictional issue and, if they cannot agree on the matter, state their positions to the Court.

DATED: December 23, 2009.

               Respectfully,

               JEROME B. FALK, JR.
               SEAN M. SELEGUE
               JOHN P. DUCHEMIN
               HOWARD RICE NEMEROVSKI CANADY
                  FALK & RABKIN
               A Professional Corporation

               By:          /s/
                       SEAN M. SELEGUE

               Attorneys for CAMERON WINKLEVOSS,
               TYLER WINKLEVOSS and DIVYA NARENDRA