STEPHEN L. SCHIRLE, #96085
REBECCA C. HARDIE, #154826
DARREN P. ROACH, #159998
77 Beale Street.30A
San Francisco, CA  94105

Direct correspondence to:
DARREN P. ROACH
P.O. Box 7442
San Francisco, CA  94120
Telephone: (415) 973-6345
Facsimile:  (415) 973-5520
Email:  dprc@pge.com

Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE R. CHAMBERS,<br><br>          Plaintiff,<br><br>   v.<br><br>PACIFIC GAS & ELECTRIC COMPANY, and DOES 1 through 10, inclusive,<br><br>          Defendants. | No.  C 03-04137 MEJ<br><br>**DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ALLEGED REMARKS REGARDING CHAMBERS' AGE**<br><br>**(Motion In Limine No. 4 of 7)**<br><br>Date: March 3, 2005<br>Time:  10:00 a.m.<br>Courtrm:  B, 15th Floor<br>Before:  Hon. Maria Elena James<br><br>Trial Date:  March 28, 2005 |

Defendant Pacific Gas and Electric Company (PG&E) submits the following motion in limine for an order excluding any evidence related to alleged statements made by Susan Cunningham and Ken Bezner, PG&E employees, in reference to Chambers' age.  Chambers seeks to introduce this evidence to establish his claim for age discrimination.  Cunningham and

Bezner took no part in any adverse employment decisions. Therefore, as a matter of law their alleged comments are irrelevant and inadmissible in this case.

## ARGUMENT

Chambers claims that Ms. Cunningham, who spoke with Chambers in October 2000 about his desire to return to work, twice asked Chambers how old he was. In his deposition, Chambers stated that he did not know what Ms. Cunningham meant by these questions and that she may have meant nothing at all by the questions. Ms. Cunningham was a human resources advisor at the time and took no part in any decision regarding Chambers' return to work, eligibility for the two jobs he sought, or Chambers' termination in 2004.

Chambers also claims that he had a conversation regarding his desire to return to work with Ken Bezner, a supervisor at a PG&E facility, during which Mr. Bezner allegedly said, "Maybe this job's passed you up, Jim." Bezner, according to Chambers, then laughed and said, "Oh, I don't think anything would pass you up." Bezner played no role in making decisions regarding Chambers' bidding rights to jobs or Chambers' termination in 20034. Bezner's comment and Ms. Cunningham's question form the entire basis for Chambers' age discrimination claim.

Derogatory comments are relevant only when attributable to the person who made an adverse employment decision. Schreiner v. Caterpillar, Inc., 250 F.3d 1096, 1099 (7th Cir. 2001), citing Cianci v. Pettibone Corp., 152 F.3d 723, 727 (7th Cir. 1998). Furthermore, the comments must be related to the adverse decision. Cianci, 152 F.3d at 727. "Stray workplace comments unrelated to the alleged discriminatory employment decision are not sufficient to support an inference of discrimination." Schreiner, 250 F.3d at 1099 (citations omitted); see also Merrick v. Farmers Insurance Group, 892, F.2d 1434, 1438-39 (9th Cir. 1990).

In this case, it is undisputed that neither Ms. Cunningham nor Mr. Bezner played any role

in the decision regarding Chambers' bidding rights to jobs or to terminate Chambers in 2004. Their alleged comments were made years before Chambers' termination. Finally, these alleged remarks are hardly characterized as derogatory in any manner.

Without providing some legal authority in support of the relevance of these remarks, they are inadmissible under Federal Rules of Evidence 401 as irrelevant to the determination of matters alleged in the Complaint. Any claimed relevance is substantially outweighed by the prejudicial effect and, therefore, inadmissible under Fed.R.Evid. 403.

For these reasons, all evidence concerning the purported remarks of Susan Cunningham and Kenneth Bezner regarding Chambers' age should be excluded.

DATED: February 11, 2005

STEPHEN L. SCHIRLE
REBECCA C. HARDIE
DARREN P. ROACH

By: /s/ REBECCA C. HARDIE
     REBECCA C. HARDIE

Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY