JEROME B. FALK, JR. (No. 39087)
Email: jfalk@howardrice.com
SEAN M. SeLEGUE (No. 155249)
Email: sselegue@howardrice.com
JOHN P. DUCHEMIN (No. 250501)
Email: jduchemin@howardrice.com
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone: 415/434-1600
Facsimile: 415/677-6262

Attorneys for CAMERON WINKLEVOSS,
TYLER WINKLEVOSS and DIVYA NARENDRA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE FACEBOOK, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CONNECTU, INC., et al., <br><br> Defendants. | No. C 07-01389 JW <br><br> RESPONSE TO FACEBOOK, INC. AND MARK ZUCKERBERG'S JOINDER IN CONNECTU'S RENEWED REQUEST FOR HEARING DATE RELATING TO PRODUCTION OF CONNECTU'S DOCUMENTS <br><br> Chief Magistrate Judge Maria-Elena James (San Francisco Division) |

## I. INTRODUCTION.

Facebook, Inc. and Mark Zuckerberg (collectively, "Facebook") seek to join in ConnectU, Inc.'s renewed request (the "Renewed Request") for a hearing concerning production of ConnectU's documents. The ConnectU Founders[1] have previously objected to, and moved to strike, ConnectU's Renewed Request. Facebook's joinder should be stricken not only for the same reasons previously expressed concerning ConnectU's Renewed Request but also because Facebook is improperly asking Chief Magistrate Judge James to revisit a question already ruled upon by Judge Ware.

## II. DISCUSSION.

Facebook's joinder appears to request a briefing and hearing schedule concerning whether ConnectU's privilege has been waived over certain documents possessed by the law firms of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP ("Finnegan") and Boies, Schiller & Flexner, LLP ("Boies"). Through this argument, Facebook apparently seeks an order that Finnegan and Boies turn over privileged, litigation-related materials to ConnectU, which is now a subsidiary of Facebook. However, Judge Ware's disqualification order expressly denied ConnectU's request for the files Facebook wishes to be transferred to ConnectU. Dkt. 704, at 18:12-13 ("The Court . . . declines to order Finnegan and Boise to hand over files pertaining to ConnectU's litigation against Facebook"). Judge Ware recognized that it would be unfair for Facebook to gain access to privileged litigation files the Finnegan and Boies firms created while they represented ConnectU and its Founders against Facebook.

Facebook's request to Chief Magistrate Judge James to reconsider Judge Ware's ruling exceeds Chief Magistrate Judge James' authority. Judge Ware did not delegate to Chief Magistrate Judge James the power to reconsider Judge Ware's ruling that ConnectU was not entitled to the litigation-related documents that Facebook apparently now seeks. Judge Ware assigned to Chief Magistrate Judge James only the power to resolve any disputes concerning

---

[1] Cameron Winklevoss, Tyler Winklevoss and Divya Narendra.

RESP. TO FACEBOOK'S JOINDER IN CONNECTU'S RENEWED REQ. HR'G   C 07-01389-JW

-1-

compliance with Judge Ware's order that Finnegan and Boies turn over business, but not litigation-related, documents to ConnectU. Therefore, Chief Magistrate Judge James lacks jurisdiction to reconsider Judge Ware's order.

A separate and independent jurisdictional barrier to the relief Facebook seeks is the pendency of appellate proceedings at the Ninth Circuit arising from this case. The Founders' appeal of Judge Ware's disqualification order remains pending, despite ConnectU and Facebook's arguments to the Ninth Circuit that the appeal should be dismissed. The Ninth Circuit has effectively consolidated the appeal of Judge Ware's disqualification appeal with the pending appeals from Judge Ware's orders enforcing a purported settlement of this litigation. *See* Dkt. 725 (12/14/09 Ninth Circuit order). Chief Magistrate Judge James has correctly been reluctant to conduct proceedings when an appeal is pending.

## III. CONCLUSION

This matter is now on appeal to the Ninth Circuit. Facebook and ConnectU's efforts to continue litigating this case at the District Court level should be denied.

DATED: December 28, 2009.

    Respectfully,

    JEROME B. FALK, JR.
    SEAN M. SeLEGUE
    JOHN P. DUCHEMIN
    HOWARD RICE NEMEROVSKI CANADY
        FALK & RABKIN
    A Professional Corporation

    By: /s/
        SEAN M. SeLEGUE

    Attorneys for CAMERON WINKLEVOSS,
    TYLER WINKLEVOSS and DIVYA NARENDRA

W03 122809-180060001/U10/1600628/v1