The Facebook, Inc. v. Connectu, LLC et al Doc. 741

CYNTHIA L. MELLEMA (State Bar No. 122798)
LETITIA R. TODD (State Bar No. 200142)
SONNENSCHEIN NATH & ROSENTHAL LLP
685 Market Street, 6th Floor
San Francisco, CA 94105
Telephone: (415) 882-5000
Facsimile: (415) 543-5472

Attorneys for Plaintiff
ALLSTATE INSURANCE
COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALLSTATE INSURANCE COMPANY, an Illinois Corporation,

Plaintiff,

vs.

GLEN HALLIDAY, as Trustee of PARADISE SOLUTIONS, an Express Trust; MICHAEL SCOTT IOANE, SR.; SHELLY JEAN OLSON aka SHELLY JEAN IOANE; MICHAEL SCOTT IOANE, JR.; ASHLEY MARIE IOANE; BRIANA CELIA IOANE; and DOES 1 through 50, inclusive,

Defendants.

Case No. 04-01015 JF

ALLSTATE'S REQUEST FOR ENTRY OF DEFAULT OF MICHAEL SCOTT IOANE, SR. AND SHELLY JEAN OLSON AKA SHELLY JEAN IOANE

TO THE CLERK OF THE UNITED STATES DISTRICT COURT:

Pursuant to Federal Rule of Civil Procedure 55(a), plaintiff Allstate Insurance Company hereby requests entry of the default of defendants Michael Scott Ioane, Sr. and Shelly Jean Olson aka Shelly Jean Ioane.

By Order dated October 18, 2004, the Court authorized Allstate to serve the summons upon the Ioanes by publication in the following newspapers: the San Mateo County Times, Nevada Appeal, San Jose Mercury News, Reno Gazette, and Santa Cruz Sentinel. The



Dockets.Justia.com

summons was published in the San Mateo County Times on October 30, November 6, 13 and 20; in the Nevada Appeal on October 31, November 7, 14 and 21; in the San Jose Mercury News on November 1, 8, 15 and 22; in the Reno Gazette on November 2, 9, 16 and 23; and in the Santa Cruz Sentinel on November 5, 12, 19 and 26. (*See* Proofs of Publication, already on file but re-filed herewith for the Court's convenience.) Service was deemed complete on the 28th day after the first publication. Cal. Gov't Code § 6064. Under the calculation most generous to the Ioanes (*i.e.*, designating the first day of publication as November 5, which was the first day of publication in the Santa Cruz Sentinel, the last paper in which the summons was published), service was complete on December 3, at the latest.

Under Federal Rule of Civil Procedure 12(a)(1)(A), the Ioanes were required to file a responsive pleading by December 23, which was 20 days after service. Although Allstate believes the Federal Rules – rather than state rules – govern the time to answer when service is effected by publication, California law would have required an answer within 30 days of service, or by January 3, 2005. Cal. Code Civ. P. § 412.20(a)(3) (answer to complaint due 30 days after service); *id.* § 430.40 (demurrer to complaint due 30 days after service). The Ioanes filed no responsive pleading by that date. (Todd Decl. ¶ 6, concurrently filed.) Allstate's counsel wrote to the Ioanes on January 14, advising them their default would be taken unless they answered by January 21. (Todd Decl. ¶ 7 & Ex. A.)

On January 25, the Ioanes filed a "petition to dismiss," arguing the action should be dismissed under something they refer to as "HJR 192," and for other frivolous reasons. The Ioanes set no hearing date for the petition. The Court issued a notice dated February 9, reminding the Ioanes they are required to set a hearing date in order for their petition to be considered. Thereafter, on February 14, the Ioanes withdrew their petition and sent back to the Court its February 9 notice. The Ioanes filed no answer or other responsive pleading.

The Ioanes' withdrawal of their petition, returning of the Court's notice, and failure to otherwise answer or defend constitutes abandonment of any intention to appear and defend, and justifies entry of their default. *See Hale v. Finch*, 104 U.S. 261, 265 (1881) (default judgment

SONNENSCHEIN NATH & ROSENTHAL LLP
685 MARKET STREET, 6TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 882-5000

entered against defendants who withdrew their answers to complaint); *Fernandez v. City and County of San Francisco*, 1996 WL 162993, *1 (N.D. Cal. 1996) (default entered against defendant who ceased defending); *Saunders v. Quistgard*, 1994 WL 17988, *1 (D. Or. 1994) ("The court finds that the entry of a default judgment is reasonable in that the defendant appears to have abandoned any attempt to defend against the plaintiff."); *Everton v. Smith*, 1902 WL 546, *1 (D. Ala. 1902) (citing with approval *Long v. Sharp*, 5 Or. 438, 441 (1875), wherein default was properly entered against defendant whose answer had been stricken).

Accordingly, Allstate respectfully requests entry of the default of Michael Scott Ioane, Sr. and Shelly Jean Olson aka Shelly Jean Ioane.

Dated: February 25, 2005

SONNENSCHEIN NATH & ROSENTHAL LLP

By__________________________

LETITIA R. TODD

Attorneys for Plaintiff
ALLSTATE INSURANCE COMPANY

SONNENSCHEIN NATH & ROSENTHAL LLP
685 MARKET STREET, 6TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 882-5000

**CERTIFICATE OF SERVICE**

I, Katherine Carr James, hereby declare:

I am employed in the City and County of San Francisco, California in the office of a member of the bar of this court whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Sonnenschein Nath & Rosenthal LLP, 685 Market Street, 6th Floor, San Francisco, California 94105.

On February 25, 2005, I served a copy of the following document entitled:

**ALLSTATE'S REQUEST FOR ENTRY OF DEFAULT OF MICHAEL SCOTT IOANE, SR. AND SHELLY JEAN OLSON aka SHELLY JEAN IOANE**

on the interested parties in this action by placing a true copy thereof, on the above date, enclosed in a sealed envelope, following the ordinary business practice of Sonnenschein Nath & Rosenthal LLP, as follows:

**Michael S. Ioane, Sr.**
**c/o 1735 East Bayshore Road, Suite 3A-404**
**Redwood City, CA 94063**

☒ U.S. MAIL: I am personally and readily familiar with the business practice of Sonnenschein Nath & Rosenthal LLP for collection and processing of correspondence for mailing with the United States Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business is deposited the same day, proper postage prepaid, with the United States Postal Service.

☐ FACSIMILE TRANSMISSION: I caused such document to be sent by facsimile transmission at the above-listed fax number for the party.

☐ FEDERAL EXPRESS: I served the within document in a sealed Federal Express envelope with delivery fees provided for and deposited in a facility regularly maintained by Federal Express.

☐ HAND DELIVERY: I caused such document to be served by hand delivery.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on February 25, 2005, at San Francisco, California.

Katherine Carr James

Katherine Carr James