JAMES E. TOWERY -- BAR NO. 74058
ALISON P. BUCHANAN -- BAR NO. 215710
HOGE, FENTON, JONES & APPEL, INC.
Sixty South Market Street, Suite 1400
San Jose, California 95113-2396
Phone: (408) 287-9501
Fax:  (408) 287-2583

Attorneys for
CONNECTU, INC.
(Formerly CONNECTU, LLC)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE FACEBOOK, INC. and MARK ZUCKERBERG, <br><br> Plaintiffs, <br><br> v. <br><br> CONNECTU, INC. (formerly known as CONNECTU, LLC) PACIFIC NORTHWEST SOFTWARE, INC. WINSTON WILLIAMS, and WAYNE CHANG, <br><br> Defendants. | Case No.  5:07-CV-01389-JW <br><br> **CONNECTU'S OBJECTION TO MAGISTRATE JUDGE JAMES' ORDER DENYING CONNECTU'S REQUEST FOR HEARING DATE AND BRIEFING SCHEDULE** <br><br> The Honorable Judge James Ware <br> Courtroom 8 |

Dockets.Justia.com

## I.   **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 72(a) and Civil Local Rule 72-2, ConnectU, Inc. ("ConnectU") respectfully objects to Magistrate Judge James' December 30, 2009 Order Re: ConnectU's Request for Hearing Date.

This Court entered an Order on September 2, 2009, granting ConnectU's motion to disqualify the Founders' counsel, granting in part ConnectU's request for its documents, and referring this matter to Magistrate Judge James to address the handover of ConnectU's documents.  This Court specifically noted that receipt of these documents is "necessary for new ConnectU to carry on ConnectU's business operations." (Document No. 704, 18:15-16).  Despite this Court's Order, the Founders, through their counsel, have refused to provide any documents to ConnectU.  Furthermore, ConnectU has twice requested that Magistrate Judge James schedule a hearing to address the handover of ConnectU's documents.  However, Magistrate Judge James' December 30, 2009 Order declines to address the document handover issue, severely prejudicing ConnectU's ability to carry on its business operations.

Thus, pursuant to Federal Rule of Civil Procedure 72(a) and Civil Local Rule 72-2, ConnectU respectfully objects to Magistrate Judge James' December 30, 2009 Order.  ConnectU respectfully urges this Court to address the document handover so that ConnectU can finally obtain the documents to which Court previously determined ConnectU is entitled.

## II.   **BACKGROUND**

In January 2009 ConnectU filed a Motion to Disqualify Founders' Counsel and for Production of ConnectU's Files.  On September 2, 2009, this Court entered an Order Granting ConnectU's Motion to Disqualify Counsel; Granting in Part and Denying in Part Motion for Delivery of Client Files; Referring the Parties to Chief Magistrate James for an *In Camera* Review of ConnectU's Client Files.  (Document No. 704).

In its September 2, 2009 Order, this Court specifically found that "the Founders and their attorneys cannot obstruct access to ConnectU's general business documents," and that "ConnectU is entitled to all documents pertaining to ConnectU's general business, including but not limited to documents relating to ConnectU's financials, assets, and liabilities." (Document No. 704,

- 1 -

1    17:21-23, 18:1-2).  The Court referred the parties "to Chief Magistrate Judge James for further

2    proceedings with respect to which documents should be turned over to the current owners."

3    (Document No. 704, 18:22; 19:1-2).

4            Following the Court's September 2, 2009 Order, on September 15, 2009, the Founders

5    filed a Notice of Appeal relating to the Court's Order Granting Disqualification.  (Document No.

6    708).

7            On October 9, 2009, the Ninth Circuit *sua sponte* issued an Order stating that the Ninth

8    Circuit "may lack jurisdiction over the appeal because orders disqualifying counsel are not

9    immediately appealable orders."  The Ninth Circuit held that "[w]ithin 21 days after the date of

10   this order, appellants shall move for voluntary dismissal of the appeal or show cause why it

11   should not be dismissed for lack of jurisdiction."  A true and correct copy of the Ninth Circuit's

12   October 9, 2009 Order is attached as **Exhibit A** to the Declaration of Alison P. Buchanan, filed

13   simultaneously with this Objection.

14           The parties filed extensive briefs in response to the Ninth Circuit's October 9, 2009 Order.

15   The Founders argued that the Ninth Circuit had jurisdiction over the Founders' appeal on the

16   Order Disqualifying Counsel; ConnectU argued that the Ninth Circuit did not have jurisdiction

17   over the Founders' appeal.

18           On October 16, 2009, ConnectU filed a Request for Hearing Date Relating to Production

19   of ConnectU's Documents.  (Document No. 715).  Specifically, ConnectU requested that

20   Magistrate Judge James schedule a hearing date within forty-five days so that the Court could

21   address all issues relating to the production of ConnectU's documents, as contemplated by this

22   Court in its September 2, 2009 Order.  ConnectU also requested a briefing schedule to allow the

23   parties to set forth their issues in writing for the Court in advance of the hearing.

24           On October 19, 2009, Magistrate Judge James issued an Order Re: ConnectU's Request

25   for Hearing.  (Document No. 717).  In that Order Magistrate Judge James stated that, "given the

26   Ninth Circuit's October 9, 2009 Order, it is unclear whether this matter is properly before this

27   Court."  Magistrate Judge James denied ConnectU's request, without prejudice, pending the

28   Ninth Circuit's ruling on the issues raised in the Ninth Circuit's October 9, 2009 Order.

OBJECTION TO ORDER DENYING
REQUEST FOR HEARING AND BRIEFING SCHEDULE
5:07-CV-01389-JW

On December 14, 2009, the Ninth Circuit issued an Order wherein the Ninth Circuit:

    1.   Discharged the October 9, 2009 order to show cause;

    2.   Dismissed the appeal "as unnecessary because the order appealed herein was issued by the district court on a limited remand pursuant to this court's July 1, 2009 order ..."; and

    3.   Denied all pending motions relating to the appeal on the basis that they were moot.

A true and correct copy of the Ninth Circuit's December 14, 2009 Order is attached as **Exhibit B** to the Declaration of Alison P. Buchanan, filed simultaneously with this Objection.

In addition, ConnectU has made informal efforts to obtain ConnectU's general business documents from the Founders and ConnectU's former counsel[1]. For example, on September 3, 2009, ConnectU's counsel sent correspondence to ConnectU's former corporate counsel at Jones Day, requesting ConnectU's corporate documents, and providing Jones Day with a copy of this Court's September 2, 2009 Order. A true and correct copy of ConnectU's September 3, 2009 request to Jones Day is attached as **Exhibit C** to the Declaration of Alison P. Buchanan, filed simultaneously with this Objection. Jones Day responded via email on September 4, 2009, stating that it is not obligated to produce ConnectU's corporate documents, despite the Court's September 2, 2009 Order. A true and correct copy of Jones Day's September 4, 2009 email to ConnectU's counsel is attached as **Exhibit D** to the Declaration of Alison P. Buchanan, filed simultaneously with this Objection. Jones Day specifically acknowledged that it held general business documents relating to ConnectU (i.e., the due diligence materials concerning ConnectU that Jones Day previously provided to Facebook), but that apparently Jones Day would not produce those documents to the new ConnectU.

Following the Ninth Circuit's December 14, 2009 Order, and because ConnectU and its former counsel have refused to produce ConnectU's corporate documents, ConnectU filed a Renewed Request for Hearing Date Relating to Production of ConnectU's Documents on

---

[1] Various ConnectU former counsel have represented that no general business documents exist. This position is simply implausible and perfectly illustrates that the Court must be involved with this issue in order to ensure that ConnectU receives all its existing general business records.

1   December 22, 2009. (Document No. 727). In its renewed request, ConnectU advised Magistrate

2   Judge James of the Ninth Circuit's December 14, 2009 Order and asked that Magistrate Judge

3   James schedule a hearing date and set a briefing schedule so that ConnectU could finally obtain

4   those documents to which this Court previously determined ConnectU is entitled.

5           On December 30, 2009, Magistrate Judge James issued an Order Re: ConnectU's Request

6   for Hearing. (Document No. 736). Again Magistrate Judge James denied ConnectU's request,

7   without prejudice, stating that "it appears that at least one appeal in this case remains pending at

8   the Ninth Circuit. See Dkt. #731. Accordingly, the Court is reluctant to conduct proceedings at

9   the District Court level…"

10          In essence, by denying ConnectU's requests for a hearing (and briefing) relating to the

11  production of ConnectU's general business documents, Magistrate Judge James has effectively

12  stayed enforcement of this Court's September 2, 2009 Order, despite the fact that such a stay is

13  inappropriate. In fact, the Founders have, on at least three occasions, unsuccessfully sought a stay

14  of the enforcement of the settlement, both in this Court and with the Ninth Circuit. This Court

15  previously recognized the importance of ConnectU's immediate receipt of these documents in

16  order to conduct its business affairs. Magistrate Judge James' December 30, 2009 Order directly

17  contradicts the intent and import of this Court's ruling, which recognized that ConnectU should

18  promptly receive its corporate documents in order to conduct its business affairs.

19  **III.   MAGISTRATE JUDGE JAMES' ORDER DENYING CONNECTU'S
20          REQUEST FOR A HEARING ON THE DOCUMENT TURNOVER ISSUE
            PREJUDICES CONNECTU AND FRUSTRATES THE PURPOSE OF THIS
21          COURT'S SEPTEMBER 2, 2009 ORDER**

22          A.   Magistrate Judge James May Properly Decide Issues Relating to the
23               Document Handover.

24          In its September 2, 2009 Order, this Court recognized that ConnectU is entitled to receive

25  its general business documents, and that such documents are necessary for ConnectU to operate

26  its business. As this Court recognized, "[t]o deny ConnectU access to such files would inhibit the

27  ability of its ownership to appropriately direct the affairs of the company. Accordingly, the Court

28  finds that ConnectU is entitled to all documents pertaining to ConnectU's general business,

1    including but not limited to documents relating to ConnectU's financials, assets, and liabilities."

2    (Document No. 704, 17:22-23; 18:1-2).  Yet, four months after this Order, ConnectU has yet to

3    receive any of documents.

4           This Court referred the document handover to Magistrate Judge James so that she could

5    resolve all issues relating to the document handover.  To obtain the relief this Court has already

6    deemed ConnectU to be entitled, ConnectU has sought the assistance of Judge Magistrate James.

7    However, because of the pending appeals, Magistrate Judge James is "reluctant" to address the

8    document handover issue and has declined to do so.  This reluctance comes despite the fact that

9    the Founders have not applied for a stay following the Court's September 2, 2009 Order, nor has

10   a formal stay been put in place, either by this Court or the Ninth Circuit[2].

11          The two Orders issued by Magistrate Judge James fundamentally conflict with this Court's

12   September 2, 2009 Order.  Magistrate Judge James apparently assumes that the trial court is

13   deprived of jurisdiction if any related issue is on appeal to the Ninth Circuit.  However, this

14   Court's Order of September 2, 2009, granting ConnectU's motion to disqualify and granting in

15   part ConnectU's motion to obtain documents, was appropriately based on the limited remand

16   from the Ninth Circuit to handle matters related to the enforcement of this Court's previous orders

17   and judgments.  Just as this Court had the unquestioned authority to rule upon ConnectU's

18   Motion, so too Magistrate Judge James has the jurisdiction to implement this Court's referral to

19   address the document handover issues.

20                    B.    ConnectU Continues to Suffer Severe Prejudice By Not Receiving its
                            General Business Files Over One Year After the Transfer of Ownership.
21

22          The transfer of ConnectU's ownership took place over one year ago, on December 15,

23   2008.  Nine months later, the Court's September 2, 2009 Order allows ConnectU to finally obtain

24   the general business files necessary to operate its business.  Yet, despite these Orders and to its

25   great detriment, ConnectU still does not have any of its general business records.

26   _____

27   [2] As this Court is aware, this Court and the Ninth Circuit have both previously denied multiple
     requests by the Founders for a stay relating to the enforcement of the settlement that is the subject
28   of the pending appeals.

OBJECTION TO ORDER DENYING
REQUEST FOR HEARING AND BRIEFING SCHEDULE
5:07-CV-01389-JW

1     One example of the prejudice that ConnectU now suffers by not having access to its own

2 general business records relates to a new lawsuit against ConnectU.  Specifically, on December

3 21, 2009, Wayne Chang sued ConnectU and others in Massachusetts chancery court, claiming an

4 ownership interest in ConnectU.  Along with his complaint, Chang also issued a demand for

5 documents to ConnectU, including a demand for certain ConnectU general business records.

6 Despite the fact that ConnectU should have these documents so that it can (at a minimum) defend

7 itself, ConnectU does not.  More importantly, without its general business records, ConnectU

8 cannot even remotely begin to evaluate the claims Chang asserts against it.

9     ConnectU continues to be severely prejudiced by the fact that it has never received its

10 general business documents.  ConnectU cannot effectively operate its business without its general

11 business records, cannot defend itself in new litigation, and cannot evaluate its assets and

12 liabilities.  Without a hearing and briefing before this Court, ConnectU has no recourse except to

13 continue to ask for its general business documents and to again be denied access to same.

14     For these reasons, ConnectU respectfully objects to Magistrate Judge James' Order

15 denying ConnectU's request for a hearing date and briefing schedule.  The Court should set a

16 hearing date and briefing schedule so that ConnectU can finally obtain its general business

17 records, as contemplated by this Court over four months ago.

18 **III.**   **CONCLUSION**

19     For the reasons set forth herein, the Court should set aside Magistrate Judge James'

20 December 30, 2009 Order and set a hearing date and briefing schedule relating to the document

21 turn over issue.

22 DATED: January 8, 2010

23                      /s/ _____

24                      James E. Towery
                     HOGE, FENTON, JONES & APPEL, INC.

25                      Attorneys for ConnectU, Inc.

26

27

28

1

## CERTIFICATE OF SERVICE

2      I hereby certify that this document(s) filed through the ECF system will be sent

3   electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

4   and paper copies will be sent to those indicated as non registered participants on January 8, 2010.

5   DATED: January 8, 2010

6                                          /s/
                                           _____
7                                          James E. Towery
                                           HOGE, FENTON, JONES & APPEL, INC.
8                                          Attorneys for ConnectU, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTION TO ORDER DENYING
REQUEST FOR HEARING AND BRIEFING SCHEDULE
5:07-CV-01389-JW