# EXHIBIT D

## Buchanan, Alison P.

| | |
|---|---|
| **From:** | John W. Edwards II [jwedwards@jonesday.com] |
| **Sent:** | Friday, September 04, 2009 12:06 PM |
| **To:** | Meek, Barbara L. |
| **Cc:** | Buchanan, Alison P.; mweissman@osheapartners.com; Michael Underhill |
| **Subject:** | Re: Facebook, Inc./ConnectU, Inc. (80696) |

I have received your letter sent via e-mail yesterday. Your letter incorrectly states that you and your colleagues previously demanded that Jones Day produce all "general business files" of ConnectU. If you had in fact made such a demand previously and if that is what you wanted, there would have been no need for us to correspond further, because we have no "general business files" of ConnectU.

What you previously demanded that we produce was all of our files, except work product, pertaining to ConnectU. Our only representation of ConnectU and its then-owners, the "Founders," was in connection with an effort to negotiate and implement the settlement of litigation between our clients and Facebook. Inasmuch as our representation was limited to an adversarial effort to resolve litigation through a merger or stock purchase agreement, as referenced in the handwritten settlement agreement, the documents relating to that limited representation indisputably fall within Judge Ware's holding:

> "The transaction at issue here resulted from the settlement of a protracted litigation. To require a handover of all ConnectU files would be to expose to the Founders' adversary all of their relevant litigation documents. Directing the handover of those files would thus create a rule that would chill communication between attorneys and clients, and may ultimately impede the type of settlement that was reached here between the parties. Certainly, the principals of a close corporation may be reluctant to engage in this type of stock for cash settlement if their attorney-client communications could be obtained by their adversary and used against them in any subsequent dispute over the settlement. The court therefore declines to order Finnegan and Boies to hand over files pertaining to ConnectU's litigation against Facebook."

During our limited representation of our clients, Facebook was represented by Fenwick & West. We assume that you have already obtained from them the due diligence materials concerning ConnectU that we provided to them, as well as the drafts, documents and correspondence that were exchanged between the parties. That is all you are entitled to obtain under Judge Ware's ruling.

As you will note, my earlier e-mail stated that our Firm will, of course, abide by any "definitive judicial ruling" on this matter. Should one of the parties obtain a reversal or modification of Judge Ware's ruling, I am confident that you will let me know. In addition, we stated that we would comply with any agreement reached among all of our former clients with respect to the disposition of our files, and that remains our position. Again, should such an agreement be reached, I am confident that you will let me know.

John W. Edwards II
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
650-739-3912
650-773-4168 (cell)

33912

"Meek, Barbara L." <BLM@hogefenton.com>

09/03/2009 03:16 PM

To "'jwedwards@jonesday.com'" <jwedwards@jonesday.com>
cc "Buchanan, Alison P." <APB@hogefenton.com>
Subject Facebook, Inc./ConnectU, Inc. (80696)

Mr. Edwards:

Attached is Ms. Buchanan's letter of today and recent court order regarding ConnectU's business files.

**Barbara L. Meek** | Assistant, Litigation Group
blm@hogefenton.com  408.938.3820 direct

**Hoge Fenton Jones & Appel** | Silicon Valley Office
60 South Market Street• Suite 1400• San Jose • CA • 95113
www.hogefenton.com

The information in this e-mail message may be privileged, confidential, and protected from disclosure. If you are not the intended recipient, any use, dissemination, distribution or copying is strictly prohibited. If you have received this communication in error, please immediately notify the sender and permanently delete all copies, electronic or other, you may have.  This applies even if this notice is embedded in a message that is forwarded or attached.

[attachment "Edwards Let re ConnectU files w-order.pdf" deleted by John W. Edwards II/Palo Alto Partner/JonesDay]

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

1/8/2010