| | |
|---|---|
| 1 | BERNARD P. LAHDE (SBN 71579)<br>JON A. HEABERLIN (SBN 199810) |
| 2 | **RANKIN, LANDSNESS, LAHDE,**<br>  **SERVERIAN & STOCK** |
| 3 | 96 No. Third Street, Suite 500<br>San Jose, California  95112 |
| 4 | (408) 293-0463 |
| 5 | Attorneys for Defendants<br>STEVE RUEL and DONN SCOTT THOMPSON |

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WASHINGTON INVESTMENT GROUP, LLC, | ) ) ) | Case No. C05-00573 RS |
| Plaintiffs, | ) ) ) | **DECLARATION OF STEVE RUEL** |
| vs. | ) ) | |
| STEVE RUEL and DONN SCOTT THOMPSON, | ) ) ) ) | |
| Defendants. | ) ) | |

I, Steve Ruel, declare:

1.     I am a defendant in this matter and a manager of SSL, LLC.  SLL, LLC is a company which provides retaining walls and other engineering-related services in multiple states.  As to each matter stated herein, I have personal knowledge thereof and can testify competently thereto; except as to those matters stated upon information and belief, I am informed and believe them to be true.

2.     On or about January 12, 2005, my office received a letter dated January 11, 2005, from David I. Kornbluh, Esq., attorney for Plaintiff.  A true and correct copy of the letter is attached hereto as Exhibit "A".  In it Mr. Kornbluh alleged that my interests and Scott Thompson's interests in other various entities constitute a breach of the SSL Operating Agreement and a breach of fiduciary duties.

3.     On or about January 26, 2005, my office received another letter (dated January 25, 2005) from Mr. Kornbluh.  A true and correct copy of the letter is attached hereto as

1 | Exhibit "B". In the letter Mr. Kornbluh demanded arbitration to resolve the claims Plaintiff was making against myself and Scott Thompson. Mr. Kornbluh requested that his office be contacted to arrange for an arbitrator and arbitration procedure by February 2, 2005, or else he would file a lawsuit in order to compel arbitration.

4. I responded to Mr. Kornbluh in a letter dated January 27, 2005, a true and correct copy of which is attached hereto as Exhibit "C". I was responding on Scott Thompson's behalf as well. In the letter I suggested that Plaintiff's claims did not implicate Section 13.2 of the Operating Agreement (Arbitration of Certain Claims) yet. I believed that the nature of the claims being made by Plaintiff did not yet warrant formal arbitration and that the claims could be resolved through negotiations or less formal proceedings. I therefore stated my belief that Section 13.2 did not apply because I believed that Plaintiff's claims were such that they could be "settled by mutual agreement or negotiation between the Members," according to the language of Section 13.2. Scott Thompson and I were also concerned about the legal expense which would result from a formal arbitration proceeding and wanted to encourage Plaintiff to attempt resolution - without lawyers if possible - prior to instituting arbitration. However, I did not intend by any remarks in the letter of January 27, 2005 to reject Plaintiff's demand for arbitration or to waive my and Scott Thompson's right to arbitration. In fact, in the very next sentence of the letter we stated that we were "amenable to resolve this matter by mediation or arbitration."

5. Neither I nor Scott Thompson have ever said that we wouldn't arbitrate any claims brought by Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 21st day of March, 2005, at the City of Scotts Valley, County of Santa Cruz, State of California.

                                         /s/ Steve Ruel
                                         STEVE RUEL

## MILLER MORTON CAILLAT & NEVIS, LLP
### EST. 1929
#### ATTORNEYS AT LAW

David L. Nevis
Frank J. Hughes
Peter A. Kline
Stevan C. Adelman
Joseph A. Scanlan, Jr
Carolyn Tobiason Stuart
William K. Hurley
Peter V. Dessau
David I. Kornbluh
Katherine S. Pak
Christopher J. Hersey
Anthony F. Ventura
Gregory J. Korbel
Amber S. Crothall
Daniel J. Nevis
Arjun Agarwal
Viva I. Harris

Harvey C. Miller
1906–1993

Richard W. Morton
1916–1975

Charles V. Caillat
1920–1990

January 11, 2005

RECEIVED JAN 12 2005 SSL

**BY FEDERAL EXPRESS**

Steve Ruel
Scott Thompson
SSL, LLC
4740 Scotts Valley Drive, Suite E
Scotts Valley, CA 95066

Re:   Washington Investment Group
      Our File No. 57203-0401

Dear Messrs. Ruel and Thompson:

Please be advised that Miller, Morton, Caillat & Nevis has been retained by Washington Investment Group, LLC ("WIG") in connection with SSL, LLC ("SSL"). We are in receipt of your December 20, 2004, letter addressed to Mr. Johnny Flynn. Your proposal set forth in that letter is rejected.

As you know, the Operating Agreement of SSL required both of you to devote your full time and best efforts to the business of SSL. Your interest in Surecast, LLC, Surecast West, LLC, MSE Precast, and Redwood Group Investors, LLC, is a diversion of an asset and/or a business opportunity that belonged not to you individually, but to SSL. Your conversion of this Company asset and/or business opportunity is a breach of the SSL Operating Agreement and your fiduciary duties to WIG.

Therefore, we demand that you transfer any and all interest in Surecast, Surecast West, MSE Precast, and Redwood Group Investors, LLC, from your individual names to SSL and transfer any income, profits, or funds of any nature received as a result of these interests, to SSL. In addition, we demand to be provided copies of any operating agreements and/or contracts between yourselves and/or SSL, and Surecast, Surecast West, MSE Precast, and Redwood Group Investors. In addition, in order to rebuild trust, we request that Mike Flynn be consulted on all major projects.

If the interests are transferred to SSL as set forth above, and the documents are provided to my office within the next ten (10) days, and you agree that Mike Flynn will be consulted on all major projects, WIG will agree to sign on to any loans required by SSL to continue operations. This agreement is by WIG, not its individual members, and does not include any personal guarantees.

25 Metro Drive · 7th Floor · San Jose, California · 95110 · TEL 408.292.1765 · FAX 408.436.8272 · www.millermorton.com
A LIMITED LIABILITY PARTNERSHIP



MILLER MORTON CAILLAT & NEVIS LLP

Please be advised that should you fail to transfer the interests set forth above to SSL, its rightful owner, WIG will have no choice but to file a demand for arbitration for your breach of the Operating Agreement and breach of fiduciary duty and will seek all appropriate remedies.

Very truly yours,

MILLER, MORTON, CAILLAT & NEVIS, LLP

By: *(signature)*
DAVID I. KORNBLUH

DIK/lc

cc: client

::ODMA\GRPWISE\MMCN_SJDOMAIN.MMCN_SJPO.LitigationLibrary:119478.1

## MILLER MORTON CAILLAT & NEVIS, LLP
### EST. 1929
### ATTORNEYS AT LAW

January 25, 2005

David L. Nevis
Frank J. Hughes
Peter A. Kline
Stevan C. Adelman
Joseph A. Scanlan, Jr
Carolyn Tobiason Stuart
William K. Hurley
Peter V. Dessau
David I. Kornbluh
Katherine S. Pak
Christopher J. Hersey
Anthony F. Ventura
Gregory J. Korbel
Amber S. Crothall
Daniel J. Nevis
Arjun Agarwal
Viva I. Harris

Harvey C. Miller
1906-1993

Richard W. Morton
1916-1975

Charles V. Caillat
1920-1990

**BY FEDERAL EXPRESS**

Steve Ruel
Scott Thompson
SSL, LLC
4740 Scotts Valley Drive, Suite E
Scotts Valley, CA 95066

RECEIVED
JAN 2005
SSL

Re: Washington Investment Group v. Ruel and Thompson
Our File No. 57203-0401

Dear Messrs. Ruel and Thompson:

As we have previously advised you, Miller, Morton, Caillat & Nevis represents Washington Investment Group, LLC ("WIG") in connection with its interests in SSL, LLC ("SSL"). Pursuant to the SSL Operating Agreement, Paragraph 13.2, "[a]ny controversy, claim or dispute arising out of, or relating to this Agreement, . . . shall, upon the written application of a Member, be settled by arbitration."

On January 11, 2005, I wrote to you expressing my client's concerns over your breach of the Operating Agreement, your conversion of Company assets and opportunities for your own benefit, and your breach of fiduciary duty. My letter requested that you respond by January 20, 2005. As you have chosen to ignore our request, you are hereby advised that WIG hereby demands arbitration to resolve its claims against you of breach of fiduciary duty, breach of the Operating Agreement, and conversion of corporate opportunities and/or assets.

Please contact my office or have your legal representative contact my office to reach an agreement as to a mutually agreeable arbitrator and arbitration procedure. If we do not hear from you or your legal representative by the close of business on February 2, 2005, we will file a legal action in the Superior Court to compel arbitration.

Very truly yours,

MILLER, MORTON, CAILLAT & NEVIS, LLP

By: *[signature]*
DAVID I. KORNBLUH

DIK/lc
cc: client

::ODMA\GRPWISE\MMCN_SJDOMAIN.MMCN_SJPO.LitigationLibrary:120005.1

25 Metro Drive · 7th Floor · San Jose, California · 95110 · TEL 408.292.1765 · FAX 408.436.8272 · www.millermorton.com
A LIMITED LIABILITY PARTNERSHIP

Exhibit "B"

January 27, 2005

David I. Kornbluh
Miller Morton Caillat & Nevis, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110

Reference: WIG v. Ruel and Thompson

Dear Mr. Kornbluh:

Regarding your letter of January 25, 2005 and WIG's requests to arbitrate to resolve differences with Ruel and Thompson, I have reviewed Section 13.2 of the Agreement and feel it does not apply to this matter.

However in the spirit of cooperation we are amenable to resolve this matter by mediation or arbitration. We request with either means for resolution all parties represent themselves and are without attorneys during the process.

Please contact me if you should have questions.

Yours truly,


Steve Ruel

Exhibit "C"