# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| TEDFORD GENE NIDAY, | Case No. C04 05095 JW |
| Plaintiff, | JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER |
| vs. | |
| EQUATOR TECHNOLOGIES , INC., a corporation, | |
| Defendant | |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this Action.

## DESCRIPTION OF THE CASE

1. A brief description of the events underlying the action:

Plaintiff was, according to Defendant, the Vice President of Sales America and Pacific Rim, of Defendant when, commencing in May of 2001, he was called to active duty service in the United States Air Force. He has been redeployed three more times, principally to Iraq and Afghanistan and is currently on active duty in Iraq. Plaintiff contends that Defendant has violated Title 38 USC §§4301-4333, USSERA in numerous ways including demotion, failure to promote, dilution of equity position, failure to give bonuses and raises in pay, and in many other ways. Defendant denies that it has violated USSERA in any manner with respect to Plaintiff's

employment.

2. The principal factual issues which the parties dispute:

Except for Plaintiff's status as an employee of Defendant and his dates of service, all facts are in dispute.

3. The principal legal issues which the parties dispute:

Violation of USSERA

4. No other factual issues remain unresolved.

5. All parties have been served.

6. No additional parties are contemplated at this time.

7. No party consents to the assignment of the case to a United States Magistrate.

## ALTERNATIVE DISPUTE RESOLUTION

8. The parties have not filed a Stipulation and Proposed Order selecting an ADR process and the ADR process that the parties jointly request is Early Neutral Evaluation.

9. None.

## DISCLOSURES

10. None.

## DISCOVERY

11. The parties agree to the following discovery plan:

A. 25 Interrogatories per side.

B. 25 Requests for Admission per side.

C. No limit on document requests.

D. Plaintiff requests that the Court allow 20 depositions total. Due to the time period

involved, the number of people who have left Defendant and who are outside Defendant, Plaintiff believes in good faith that he will need to take 12 to 15 depositions minimum while Defendant should need far less. Defendant does not believe that 20 depositions are necessary as the decision makers and factual witnesses involved with Plaintiff's employment are far fewer than Plaintiff estimates. Defendant wants the total number of depositions to be limited to 10 total. Depositions shall last no longer than 7 hours in duration for testimony without leave of Court.

E. Discovery and depositions to commence 10 days after the CMC conference in this matter.

F. It should be noted that Plaintiff is deployed on active duty in Iraq making responding to Defendant's discovery virtually impossible along with the taking of Plaintiff's deposition. The parties look to the Court for guidance. Defendant contends that it will be unable to conduct normal party related discovery.

## TRIAL SCHEDULE

12. The parties request a trial date in August of 2006.

13. Trial will last 10 Court days.

Dated: 3/22/05

Randall M. Widmann
Attorney for Plaintiff

Dated: 3/21/05

Bradford K. Newman
Attorney for Defendant

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as

the Case Management Order for the case and the parties are ordered to comply with this Order.

In addition the Court Orders:

Dated:_____            _____

United States District Judge