Kenneth M Bareilles
Attorney at Law
California State Bar No. 44816
533 "E" Street
Eureka, CA 95501
Telephone: (707) 443-9338
Facsimile: (707) 444-9742
E-mail: "kmbareilles@sbcglobal.net"
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE LANE SHIELDS,<br><br>                  Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT, and Does 1-20,<br><br>                  Defendants. | Case No. C-04-0284 VRW<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER OF CHANGE VENUE<br><br>DATE: May 5, 2005<br>TIME: 2:00 p.m.<br>COURT: 6 |

I

INTRODUCTION

Plaintiff filed the complaint initiating this action on January 21, 2004. The complaint contains four causes of action, for breach of contract relating to an easement to real property, for slander of title, and for wrongful interference with business relationships. By this action, Plaintiff seeks to recover monetary damages resulting from the Defendants' unlawful conduct regarding Plaintiff's rights to use certain real property in connection with an authorized Timber Harvest Plan ("THP"). Plaintiff alleges that Defendants' interference with Plaintiff's use of certain easements and logging roads, through their abuse of their regulatory authority, caused Plaintiff to suffer substantial financial losses.

On September 9, 2004, Defendants filed their answer to the complaint, denying

1

Plaintiff's allegations.  Defendants declined to proceed before an United States Magistrate Judge, resulting in the reassignment of this case.  Following reassignment, the Court issued a case management scheduling order setting, among other items, a discovery cut-off date of March 5, 2005, and a deadline for the filing of dispositive motions of March 24, 2005.

While not a dispositive motion, Plaintiff brings this motion for a change of venue of the trial of this action in order that the Court may consider it simultaneously with any such motions which the Defendants may file, and to permit the Court and parties to consider the merits of holding the trial of this matter in the federal Courthouse in Eureka, California.

II

FACTUAL SUMMARY

As indicated in the complaint, the real property at issue in this action is located in Mendocino County; while not stated in the complaint, its location is in the northwest corner of that County, west of the town of Laytonville.  The Plaintiff and the five owners of the real property adjoining the parcel at issue herein reside either in northern Mendocino County or in Humboldt County.  Plaintiff intends to call these adjacent landowners as witnesses with respect to the Defendants' actions and communications regarding the United States' easements over these parcels.

The office of the Bureau of Land Management which was directly involved in the transactions and events in dispute in this action is located in the City of Arcata, Humboldt County, California.  To the Plaintiff's knowledge, all BLM employees with whom he had contact with regard to the events described in the complaint worked out of or reported to the BLM office in Arcata; Plaintiff assumes that these government employees reside in Humboldt County.  Similarly, it is Plaintiff's understanding that the documents created or received by the Defendants are held by the Arcata office of the BLM.  Plaintiff may call, and certainly expects the Defendants to call, a number of these federal employees to testify at trial and/or during discovery.

1   Other governmental witnesses involved in the events and decisions described in the
2   complaint may also be called by Plaintiff and/or Defendants, including employees of the
3   California Departments of Fish and Game, and of Forestry and Fire Protection. Plaintiff is
4   informed and believes that these state employees work and reside in northern Mendocino
5   County or in Humboldt County.
6   Plaintiff will also call as witnesses the Registered Professional Forester who developed
7   the THP at issue. That individual and his staff work in Arcata, and live in Humboldt County.
8   All of the Forester's records are located at his place of business in Arcata.
9   Plaintiff also expects to call a number of percipient witnesses, including former
10  employees and others engaged in the logging or ancillary industries who can testify to the facts
11  alleged in the complaint. All of these potential witnesses work and reside in Humboldt County.
12  Given the nature of their employment, generally as hourly wage earners or independent
13  contractors, extended absences from the area of their employment would impose significant
14  financial hardships upon them by precluding them from working at their trades or businesses.

III

ARGUMENT

Plaintiff brings this motion pursuant to the provisions of 28 U.S.C. § 1404 ©), which provides that:

> A district court may order any civil action to be tried at any place within the division in which it is pending.

The considerations for determining the propriety of a change of venue are set forth in 28 U.S.C. § 1404 (a), which states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The decision to grant or deny a request for a change of venue lies in the sound discretion of the district court, and rests upon a balancing of the factors implied by the language of Section 1404(a). See, e.g., Ravelo Monegro v. Rosa, 211 F.3d 509, 511 (9th Cir.

3

**Memorandum of Points and Authorities; C-04-0284 VRW**

2000). The first inquiry, obviously, is whether venue to which the proponent seeks to move the case is one where the action "might have been brought". In this instance, as in all motions brought pursuant to Section 1404 ©), there cannot be any dispute that jurisdiction is appropriate at any location within the District.

The matter then turns on the specific factors of the convenience of the parties and the witnesses, and the general consideration of "the interests of justice". <u>Carolina Casualty Co. v. Data Broadcasting Corp.</u>, 158 F.Supp.2d 1044, 1047-1048 (N.D.Ca. 2001). A non-exhaustive list of factors to be considered include:

> (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative congestion and time of trial in each forum.

<u>Id.</u>, at 1048 (citing <u>Royal Queentex Enterprises Inc. v. Sara-Lee Corp.</u>, 2000 WL 246599 at *2).

As the moving party, Plaintiff has the burden of showing that the requested transfer is proper. <u>Id.</u> Accordingly, he has satisfied the first of the factors, by indicating that his preference is to try the matter in the U.S. Courthouse in Eureka, California.

As to the second factor, convenience of the parties, Plaintiff submits that this also weighs in favor of Eureka as a trial location. Plaintiff resides in Humboldt County. His attorney practices in Eureka. Defendants employees and officers who were directly involved in the events underlying this lawsuit work and reside in Humboldt County, or did so at the time of those events. Defendants' offices and documents are located within 15 miles of the Eureka courthouse. While Defendants' attorneys would be required to travel from the San Francisco area, the costs to the government in the travel of a small number of employees to Eureka for trial would be substantially less than requiring the much larger group of governmental witnesses to go to San Francisco, both in direct costs and in lost work time.

Similar analysis applies with greater force to the convenience of the witnesses. Plaintiff

anticipates that 15 to 20 individuals will be called as witnesses by both sides in the trial of this action.  Plaintiff is unaware of any of these potential witnesses who reside in the San Francisco area - he believes that all live and work in Humboldt or Mendocino Counties.  As noted above, the private citizen witnesses and state government employees Plaintiff proposes to call to testify would bear considerable financial and personal hardship if required to attend trial in San Francisco.  In addition, their availability to the parties' counsel and court would be greater if the matter is tried in Eureka.

The fourth factor also supports an order directing trial of this matter in the Eureka courthouse.  Records and other documents necessary to the claims and defenses raised by the parties are located in Eureka, Arcata and northern Mendocino County, not in San Francisco.  Access to the real property involved is much more convenient from Eureka than from the Bay Area.

The fifth and sixth factors mentioned above do not appear to be relevant to this motion.

All the events leading to this lawsuit occurred in Mendocino and Humboldt Counties. In addition, as this court may be aware, disputes regarding government regulation of timber harvesting and land use draw intense local interest in Humboldt County.  While to date this matter has not engendered media interest, that could well change as trial approaches. Accordingly, the seventh factor also favors trial in Eureka.

While the eight factor, court congestion, does not on its face appear to have impact, Plaintiff would note that he is prepared to try this case to the United States Magistrate Judge sitting in Eureka should Defendants withdraw their declination to so proceed.

Finally, Plaintiff is a private individual of limited financial resources, a situation caused in part by the conduct of Defendants as alleged in the complaint.  Plaintiff faces a difficult choice should this matter not be tried in Eureka: either incur a tremendous financial hardship in order to compensate witnesses for the costs of travel, lodging and per diem to San Francisco for what may well be an extended trial, or forfeit his legitimate claims as a result of

1  his inability to do so.  Plaintiff submits that the interests of justice would be adversely impacted
2  if he were precluded from prosecuting his case because the trial location places an undue
3  burden on him and on his witnesses.
4  //
5  //
6  //
7  //
8  //

## IV

## CONCLUSION

Based upon the foregoing discussion of the facts and law applicable to this case, Plaintiff respectfully submits that he has satisfied his burden of showing that transfer of this action for trial is appropriate under the provisions of 28 U.S.C. § 1404 and relevant case law, and requests that the Court order this action tried in the United States Courthouse in Eureka, California.

DATED: March 23, 2005

                                                       /s/
KENNETH M. BAREILLES
Attorney for Plaintiff