PETER W. SALTZMAN, Cal. Bar No. 169698
CHRISTINE S. HWANG, Cal. Bar No. 184549
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
Telephone: (510) 272-0169
Fax: (510) 272-0174

Attorneys for Intervenor
Pacific Coast Marine Firemen, Oilers, Watertenders
and Wipers Association ("MFOW")

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRIOT CONTRACT SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES NAVY MILITARY SEALIFT COMMAND<br><br>Defendant. | Case No. C-04-5428 MJJ<br><br>**MFOW'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR INTERVENTION**<br><br>[F.R.C. 24]<br><br>Date: May 3, 2005<br>Time: 9:30 a.m.<br>Room: 11<br>Judge: Hon. Martin J. Jenkin |

## STATEMENT OF FACTS

Movant Pacific Coast Marine Firemen, Oilers, Watertenders and Wipers Association ("MFOW") seeks to intervene in this action to protect its interest in work opportunities and

---
MFOW'S MEMO PTS & AUTH IN SUPPORT OF MOTION FOR INTERVENTION
CASE NO. C-04-5428 MJJ                                                                                          1

training programs and investments that MFOW members would be deprived of should Plaintiff Patriot Contract Services LLC ("Patriot") not prevail on its claims against Defendant United States Navy Military Sealift Command ("MSC"). MFOW has a collective bargaining agreement with Plaintiff, and represents the unlicensed engine department crew on board the fleet of nine Large Medium Speed Roll-On/Roll-Off vessels ("LMSR Vessels"), owned and built by the United States, that are the subject of this case. *See Declaration of Anthony G. Poplawski ("Poplawski Decl."),* ¶ 2. These LMSR Vessels had been operated by Patriot for the past five years prior to MSC's disputed award of the vessel operating contract to American Overseas Marine Corp. ("AMSEA").

From 1999 through January 2005, the LMSR Vessels accounted for approximately 55,000 days of employment for 100 MFOW members, or twenty percent (20%) of all the work available to MFOW members over that time period. *Poplawski Decl.,* ¶ 3. These jobs provide wages and benefits to MFOW members worth a total of $344.00 per day. *Id.*

Of particular significance is the fact that MFOW members dispatched to LMSR Vessels are required to have basic damage control and chemical, biological and radiological defense training. This training has been provided through the MFOW Training Plan pursuant to the MFOW-Patriot collective bargaining agreement at a cost totaling $345,086.00 over a five year period. *Poplawski Decl.,* ¶ 4. This does not include other substantial costs borne by the MFOW associated with the LMSR program, including the costs of port operations, recruitment, dispatch and servicing the LMSR Vessels. *Id. at* ¶ 5.

If Patriot ceases to manage the LMSR Vessels, these training programs and the mariners who have been carefully and fully trained to perform this specialized work on behalf

of the United States will be unavailable to the LMSR program. *Poplawski Decl.*, ¶ 6.

In lieu of submitting a separate Complaint in Intervention, MFOW adopts the Plaintiff's Complaint pursuant to Rule 24(c) of the Federal Rules of Civil Procedure.

## ARGUMENT

**I.     The Court Should Grant MFOW's Motion to Intervene As A Matter Of Right.**

Rule 24(a) of the Federal Rules of Civil Procedure provides in relevant part that anyone shall be permitted to intervene in an action when "the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Rule 24 is liberally construed in favor of the applicant for intervention. *See Southwest Center for Biological Diversity v. Berg* 268 F.3d 810 (9th Cir. 2001) (courts are guided primarily by practical and equitable considerations); *Donnelly v. Glickman*, 159 F.3d 405 (9th Cir. 1998) (same).

As the certified representative of workers with collectively bargained rights to crew the Vessels that are the subject of this litigation, the MFOW has a compelling interest in this action. If Patriot does not prevail on its claims against MSC, the Union's members will lose approximately one-fifth of their work opportunities. Additionally, the MFOW has invested significant resources for member training, port operations, recruitment, dispatch and servicing specific to the LMSR fleet and seeks to avoid the forfeiture of that investment.

MFOW does not believe that Patriot, an employer, will be able to fully represent

MFOW's interest in the continued employment of MFOW members. Patriot does not share MFOW's interests in protecting its members' work opportunities or in avoiding the forfeiture of MFOW's substantial investmenet in the LMSR program. For these reasons, MFOW's motion should be granted pursuant to Rule 24(a).

**II.    Alternatively, The Court Should Permit MFOW's Intervention Pursuant to Rule 24(b).**

Under Rule 24(b), intervention is permissive when "an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

Plaintiff and MFOW share an interest in Plaintiff's continued operation of the LMSR Vessels and, if granted, the relief sought by Plaintiff will effectuate a result protective of MFOW's interests. Given that this action was filed only two months ago, an intervention by MFOW at this early stage of the litigation will neither unduly delay or prejudice the adjudication rights of the Plaintiff or Defendant.

## CONCLUSION

For the foregoing reasons, the MFOW respectfully requests that its motion for intervention be granted.

Respectfully Submitted,

March 24, 2005                                LEONARD CARDER, LLP


/s/  Peter W. Saltzman
Peter W. Saltzman
Attorneys for MFOW

---

MFOW'S MEMO PTS & AUTH IN SUPPORT OF MOTION FOR INTERVENTION
CASE NO. C-04-5428 MJJ                                                                          4

