Patrick O'Donnell, admitted *pro hac vice*
Thomas Connolly, admitted *pro hac vice*
Tonya L. Mitchell, admitted *pro hac vice*
HARRIS, WILTSHIRE & GRANNIS, LLP
1200 Eighteenth Street, NW, 12th Floor
Washington, District of Columbia 20036
Telephone (202) 730-1300
Facsimile (202) 730-1301

Jeffrey C. Hallam (State Bar No. 161259)
SIDEMAN & BANCROFT LLP
One Embarcadero Center Suite 860
San Francisco, California 94111
Telephone (415) 392-1960

Attorneys for Defendant, WATERFORD WEDGWOOD, USA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| IN RE TABLEWARE ANTITRUST LITIGATION | Master File No. C-04-3514 VRW |
|---|---|
| | CLASS ACTION |
| This Document Relates To<br><br>ALL ACTIONS | **ANSWER AND DEFENSES OF DEFENDANT WATERFORD WEDGWOOD USA, INC. TO THE CONSOLIDATED AMENDED COMPLAINT** |

Defendant Waterford Wedgwood USA, Inc. ("Waterford Wedgwood"), by and through counsel, answers the Complaint as follows. Paragraphs are numbered to correspond to those of the Complaint. All allegations not expressly admitted are denied.

1. Waterford Wedgwood admits that Plaintiffs have invoked Sections 4 and 16 of the Clayton Act (15 U.S.C. §§15 and 26) but denies that Plaintiffs are entitled to any relief thereunder and denies that it has violated the federal antitrust laws, including Section 1 of the Sherman Antitrust, 15 U.S.C. § 1.

ANSWER OF Waterford Wedgwood, U.S.A., INC. – C-04-3514-VRW

2. The allegations of paragraph 2 are admitted.

3. The allegations of paragraph 3 are admitted.

4. Waterford Wedgwood admits that it transacts business and is found within the Northern District of California. Waterford Wedgwood is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the other defendants, except that it admits upon information and belief that they transact business within the Northern District of California. Except as expressly admitted herein, paragraph 4 is otherwise denied.

5. Waterford Wedgwood admits that plaintiffs purport to define the terms "tableware" and "tableware products." Except as expressly admitted herein, paragraph 5 is otherwise denied.

6. Waterford Wedgwood is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and so the allegations are denied.

7. Waterford Wedgwood is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and so the allegations are denied.

8. Waterford Wedgwood is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and so the allegations are denied.

9. Waterford Wedgwood admits on information and belief that Defendant Federated Department Stores, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Cincinnati, Ohio; that Federated Department Stores, Inc. is a corporation engaged in the retail business and operates approximately 458 stores in 34 states as of October 2004, under names which include, but are not limited to, Macy's, Macy's East, Macy's West, Bloomingdale's, Bon-Macy's, Burdines-Macy's, Goldsmith's-Macy's, Lazarus-Macy's, Rich-Macy's, Macys.com, Bloomingdale's By Mail, and a network of online bridal registries operated in conjunction with WeddingChannel.com; and that Plaintiffs

have used the term "Federated" in their Consolidated Amended Complaint to include all stores owned and/or operated by defendant Federated Department Stores, Inc. which sold tableware, manufactured by Defendants Lenox and Waterford, to plaintiffs and members of what Plaintiffs claim to be a class. Waterford Wedgwood is without knowledge or information sufficient to form a belief as to the truth of the allegation that, at all relevant times, Federated marketed, sold and/or distributed tableware in the United States to members of the purported class, and so the allegation is denied. Except as expressly admitted herein, the allegations of paragraph 9 are otherwise denied.

10. Waterford Wedgwood admits on information and belief that Defendant The May Department Stores Company is a corporation organized and existing under the laws of the State of New York, with its principal place of business in St. Louis, Missouri; that the May Department Stores Company is a corporation engaged in the retail business and operates a total of approximately 1,124 stores in 46 states and the District of Columbia; that its department store division includes approximately 444 department stores operated in 36 states under the names which include, but are not limited to, Lord & Taylor, Famous-Barr, Filene's, Foley's, Hecht's, Kaufmann's, L.S. Ayres, Meier & Frank, Marshall Field's, Robinsons-May, Strawbridge's, and The Jones Store; that in addition to the department store division, The May Department Stores Company operates approximately 680 stores in 45 states and Puerto Rico in the Bridal Group, including David's Bridal, and Priscilla of Boston Stores; and, that Plaintiffs have used the term "May" in their Consolidated Amended Complaint to include all stores owned and/or operated by defendant The May Department Stores Company which sold tableware, manufactured by Defendants Lenox and Waterford, to plaintiffs and members of the purported class. Waterford Wedgwood is without knowledge or information sufficient to form a belief as to the truth of the allegation that at all relevant times, May marketed, sold, and/or distributed tableware in the

United States to members of the plaintiff Class, and so the allegation is denied. Except as expressly admitted herein, the allegations of paragraph 10 are otherwise denied.

11. Waterford Wedgwood admits on information and belief that Defendant Lenox, Inc. ("Lenox") is a wholly owned subsidiary of Brown-Forman; that Lenox is a New Jersey corporation with its headquarter located in New Jersey; that Lenox was founded in 1889 and is one of America's leading manufacturers and marketers of fine tableware; and, that Lenox manufactures and markets the fine china, crystal, collectibles, and giftware of Lenox; the tableware and giftware of Dansk International Designs; the silver, crystal and china of Gorham; the silver and pewter products of Kirk Stieff; and the luggage and leather goods of Hartmann. Waterford Wedgwood is without knowledge or information sufficient to form a belief as to the truth of the allegation that at all relevant times, Lenox manufactured, marketed, sold, and/or distributed tableware in the United States to members of the purported class, and so the allegation is denied. Except as expressly admitted herein, the allegations of paragraph 11 are otherwise denied.

12. Waterford Wedgwood admits that it is a wholly owned subsidiary of Waterford Wedgwood plc; that Waterford Wedgwood plc. was established in 1986 with the merger of Waterford Crystal and Wedgwood; that it is represented in more than 80 countries; that products which extended the Waterford brand beyond its core crystal products include china, table and bed linens, stainless flatware and silver gifts, writing instruments, holiday heirlooms, and crystal jewelry. Waterford Wedgwood denies that it is the leading manufacturer and marketer of luxury lifestyle goods with its three major brands recognized worldwide - Waterford, Wedgwood, and Rosenthal, but avers that this is true of Waterford Wedgwood plc. Waterford Wedgwood denies that in February of 1998, it acquired a majority share in Rosenthal, AG. and that it owned 89.9 percent of Rosenthal, AG as of 2001, but avers that this is true of Waterford Wedgwood plc.

Waterford Wedgwood denies that Waterford Wedgwood plc is headquartered in Dublin, Ireland and avers that it is headquartered in Waterford, Ireland. Waterford Wedgwood is without knowledge or information sufficient to form a belief as to the truth of the allegation that at all relevant times, Waterford manufactured, marketed, sold and/or distributed tableware in the United States to members of the purported class, and so the allegation is denied. Except as expressly admitted herein, the allegations of paragraph 12 are otherwise denied.

13. The allegations of paragraph 13 are denied.

14. Waterford Wedgwood admits that plaintiffs have invoked Rules 23(a) and b(3) of the Federal Rules of Civil Procedure and that they have described a purported class. Waterford Wedgwood denies that the purported class satisfies the requirements of F.R.Civ.P.23. Except as expressly admitted herein, the allegations of paragraph 14 are otherwise denied.

15. The allegations of paragraph 15 are denied.

16. Waterford Wedgwood admits that it sold and shipped tableware to Federated and May stores throughout the United States which Federated and May resold to consumers throughout the United States. Waterford Wedgwood admits on information and belief that Lenox sold and shipped tableware to Federated and May stores throughout the United States which Federated and May resold to consumers throughout the United States. Except as expressly admitted herein, the allegations of paragraph 16 are otherwise denied.

17. The allegations of paragraph 17 are admitted.

18. The allegations of paragraph 18 are admitted.

19. Waterford Wedgwood admits that Federated and May have wedding registries and that they own and operate large, older, and established department stores operating in large urban areas throughout the United States. Except as expressly admitted herein, the allegations of paragraph 19 are otherwise denied.

20. Waterford Wedgwood is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint, and so they are denied.

21. Waterford Wedgwood admits that Eliot Spitzer is the Attorney General of the State of New York; that he commenced an investigation concerning the sale of tableware; that he interviewed witnesses and/or examined witnesses under oath; and, that he reviewed documents. Except as expressly admitted herein, the allegations of paragraph 21 are otherwise denied.

22. The allegations of paragraph 22 are admitted.

23. The allegations of paragraph 23 are denied.

24. The allegations of paragraph 24 are denied.

25. The allegations of paragraph 25 are denied.

26. The allegations of paragraph 26 are denied.

27. The allegations of paragraph 27 are denied.

**PRAYER FOR RELIEF**

Waterford Wedgwood denies that plaintiffs are entitled to the relief requested in their Prayer for Relief.

**AFFIRMATIVE DEFENSES**

First Defense: Plaintiffs have failed to state a claim upon which relief may be granted.

Second Defense: Plaintiffs' claims are barred, in whole or in part, because they do not have standing to assert those claims.

Third Defense: Plaintiffs' claims are barred, in whole or in part, because they have not suffered any antitrust injury.

Fourth Defense: Plaintiffs' claims are barred, in whole or in part, because they have not suffered any injury in fact.

Fifth Defense: Plaintiffs' have failed to state an adequate basis for an award of treble damages.

Sixth Defense: Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

Seventh Defense: Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, waiver and laches.

Eighth Defense: Plaintiffs' claims are barred, in whole or in part, because Waterford Wedgwood acted in good-faith, legitimate competition.

Ninth Defense: Plaintiffs' claims are barred, in whole or in part, because they cannot properly be maintained as a class action.

Tenth Defense: Waterford Wedgwood incorporates and adopts by reference any affirmative defense pled by any other party to the extent applicable to it.

Respectfully submitted,

_____
Patrick O'Donnell, *pro hac vice*
Thomas G. Connolly, *pro hac vice*
Tonya L. Mitchell, *pro hac vice*
HARRIS, WILTSHIRE & GRANNIS, LLP
1200 Eighteenth Street, NW, 12th Floor
Washington, D.C. 20036
Telephone: (202) 730-1300

Jeffrey C. Hallam (State Bar No. 161259)
SIDEMAN & BANCROFT LLP
One Embarcadero Center Suite 860
San Francisco, California 94111
Telephone (415) 392-1960

*Attorneys for Defendant Waterford Wedgwood USA, Inc.*

Dated: March 25, 2005

| | |
|---|---|
| 1 | Certificate of Service |
| 2 | I hereby certify that, on this 25th day of March 2005, I caused true and correct copy of the |
| 3 | foregoing Answer to be served by first class mail, postage prepaid, on the following: |

| | |
|---|---|
| Guido Saveri | Randy R. Renick |
| Lisa Saveri | LAW OFFICES OF RANDY R. RENICK |
| Cadio Zirpoli | 128 North Fair Oaks Avenue |
| R. Alexander Saveri | Ste 204 |
| SAVERI & SAVERI INC. | Pasadena, CA 91103 |
| 111 Pine Street | Telephone: (626) 585-9600 |
| Ste 1700 | *Counsel for Plaintiffs* |
| San Francisco, CA 94111 | |
| Telephone: (415) 217-6810 | |
| *Counsel for Plaintiffs* | |
| | |
| Craig C. Corbitt | Penelope A. Preovolos |
| ZELLE, HOFFMAN, VOELBEL, | Tammy Albarran |
| MASON & GETTE, LLP | Terri Garland |
| 44 Montgomery Street | MORRISON & FORERSTER LLP |
| Ste 3400 | 425 Market Street |
| San Francisco, CA 4104 | San Francisco, CA 94105 |
| Telephone: (415) 693-0700 | Telephone: (415) 268-7000 |
| *Counsel for Plaintiffs* | *Counsel for Defendant Lenox, Incorporated* |
| | |
| Michael P. Lehmann | James L. McGinnis |
| Henry A. Circillo | SHEPPARD, MULLIN, RICHTER & |
| THE FURTH FIRM LLP | HAMPTON LLP |
| 225 Bush Street, 15th Floor | Four Embarcadero Center |
| San Francisco, CA 94104 | Suite 1700 |
| 415-433-2070 | San Francisco, CA 94111 |
| Fax: 415-982-2076 | Telephone: (415) 434-9100 |
| *Counsel for Plaintiffs* | *Counsel for Defendant The May Department Stores Company* |
| | |
| Joseph M. Alioto | Jeffrey A. LaVee |
| THE ALIOTO LAW FIRM | Timothy C. Harvey |
| 555 California | JONES DAY |
| Ste 3160 | 555 West Fifth Street, Suite 4600 |
| San Francisco, CA 94104 | Los Angeles, CA 90013-1025 |
| Telephone: (415) 434-8900 | *Counsel for Defendant Federated Department Stores, Inc.* |
| *Counsel for Plaintiffs* | |

ANSWER OF Waterford Wedgwood, U.S.A., INC. – C-04-3514-VRW

9

_____
Jennifer K. Anselmo