ROBERT A. DOLINKO, State Bar No. 076256
DEBORAH R. SCHWARTZ, State Bar No. 208934
THELEN REID & PRIEST LLP
101 Second Street, Suite 1800
San Francisco, California 94105-3601
Telephone: (415) 371-1200

Attorneys for Defendant
THOMSON LEARNING INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE SHIELDS,<br><br>        Plaintiff,<br><br>vs.<br><br>THOMSON LEARNING, INC.,<br><br>        Defendant. | Case No.: C 05 0785 MJJ<br><br>**ANSWER OF DEFENDANT THOMSON LEARNING, INC. TO PLAINTIFF'S COMPLAINT FOR DAMAGES** |

COMES NOW Defendant THOMSON LEARNING INC. ("TL" or "Defendant"), and for its answer to Plaintiff Suzanne Shields' ("Plaintiff's") Complaint for Damages ("Complaint") hereby states as follows:

1. For its response to paragraph 1 of the Complaint, Defendant admits that the Court has original jurisdiction over Plaintiff's first claim for relief. Except as so admitted, Defendant denies each and every allegation contained within Paragraph 1 of Plaintiff's Complaint.

2. For its response to Paragraph 2 of Plaintiff's Complaint, Defendant admits that the Court has supplemental, pendent and/or ancillary jurisdiction over Plaintiff's remaining claims for relief. Except as so admitted, Defendant denies each and every allegation contained within Paragraph 2 of Plaintiff's Complaint.

3. For its response to paragraph 3 of the Complaint, Defendant admits that Plaintiff is a female U.S. citizen residing in San Francisco County, that San Francisco County is within this judicial district, and that Plaintiff's date of birth is November 24, 1962. Except as so admitted, Defendant is without knowledge or information sufficient to form a belief as to the allegations of said paragraph, and on that basis denies each and every remaining allegation contained within Paragraph 3 of Plaintiff's Complaint.

4. For its response to Paragraph 4 of Plaintiff's Complaint, Defendant admits that it has a facility in Belmont, California, that Plaintiff was employed at the Belmont facility, that Belmont is within the judicial district covered by the U.S.D.C. for the Northern District of California, that Plaintiff worked at least 1250 hours in the 12 months before she left on a leave of absence, that it is engaged in commerce, and that it employed 50 or more employee within 75 miles of the Belmont facility at which Plaintiff worked during at least 20 workweeks in the 12 months preceding her leave of absence. Except as so admitted, Defendant denies each and every allegation contained within Paragraph 4 of Plaintiff's Complaint.

5. For its response to paragraph 5 of the Complaint, Defendant admits that Plaintiff began her employment with TF on August 24, 1998 in Belmont, San Mateo County. Except as so admitted, Defendant denies each and every allegation contained within Paragraph 5 of Plaintiff's Complaint.

6. For its response to Paragraph 6 of Plaintiff's Complaint, Defendant admits that Plaintiff received pay raises and a promotion during her employment, and was promoted to a position of Marketing Manager. Except as so admitted, Defendant denies each and every remaining allegation contained within Paragraph 6 of Plaintiff's Complaint.

7. For its response to Paragraph 7 of Plaintiff's Complaint, Defendant admits the allegations of said Paragraph.

8. For its response to Paragraph 8 of the Complaint, Defendant admits that Joanne Terhaar was Plaintiff's supervisor prior to Plaintiff going on a leave of absence, and

that Plaintiff chose to work up to a couple of days before her delivery date. Except as so admitted, Defendant denies each and every allegation contained within Paragraph 8 of Plaintiff's Complaint.

9. For its response to Paragraph 9 of Plaintiff's Complaint, Defendant admits that Joanne Terhaar inquired of Plaintiff whether she intended to return to work after she had her baby, that Plaintiff responded affirmatively, and that this was Plaintiff's first child. Except as so admitted, Defendant denies each and every allegation contained within Paragraph 9 of Plaintiff's Complaint.

10. For its response to Paragraph 10 of Plaintiff's Complaint, Defendant admits the allegations of said Paragraph.

11. For its response to Paragraph 11 of Plaintiff's Complaint, Defendant admits that Plaintiff began a leave of absence on or about February 24, 2003. The remainder of Plaintiff's allegations contain legal conclusions which Defendant need not answer.

12. For its response to Paragraph 12 of Plaintiff's Complaint, Defendant admits that it was estimated that Plaintiff would return to work on or about June 30, 2003, that aspects of the leave would be covered by the FMLA, CFRA and/or pregnancy disability, and that Plaintiff was eligible for these forms of leave. Except as so admitted, Defendant denies each and every allegation contained within Paragraph 12 of Plaintiff's Complaint.

13. For its response to Paragraph 13 of Plaintiff's Complaint, Defendant admits that Plaintiff spoke to Human Resources during her leave of absence, and that her estimated return to work date would be extended to on or about July 14, 2003. Except as so admitted, Defendant denies each and every allegation contained within Paragraph 13 of Plaintiff's Complaint.

14. For its response to Paragraph 14 of Plaintiff's Complaint, Defendant admits that while Plaintiff was out on leave, she occasionally answered questions from colleagues at work. Except as so admitted, Defendant denies each and every allegation contained within Paragraph 14 of Plaintiff's Complaint.

15. For its response to Paragraph 15 of Plaintiff's Complaint, Defendant admits that Joanne Terhaar, Jill Reinemann and Jennifer Selby came to Plaintiff's house to see Plaintiff and her baby, and there was a brief discussion regarding what Plaintiff had in mind in terms of returning to work. Except as so admitted, Defendant denies each and every allegation contained within Paragraph 15 of Plaintiff's Complaint.

16. For its response to Paragraph 16 of Plaintiff's Complaint, Defendant admits that on or about June 4, 2003, Joanne Terhaar, Plaintiff's supervisor and Director of Central Marketing, informed Plaintiff that her position had been eliminated and it no longer was a job with full-time requirements. Except as so admitted, Defendant denies each and every remaining allegation contained within Paragraph 16 of Plaintiff's Complaint.

17. For its response to Paragraph 17 of Plaintiff's Complaint, Defendant admits that Plaintiff asked if she could return to work on a part-time basis. Except as so admitted, Defendant denies each and every allegation contained within Paragraph 17 of Plaintiff's Complaint.

18. For its response to Paragraph 18 of Plaintiff's Complaint, Defendant admits that Joanne Terhaar informed Plaintiff that certain duties that had been part of her job had been reassigned, that Ms. Terhaar had assumed some responsibility and that Alison Riedel had assumed some responsibility, and that Plaintiff's employment was being terminated as a result of the elimination of her job. Except as so admitted, Defendant denies each and every allegation contained within Paragraph 18 of Plaintiff's Complaint.

19. For its response to Paragraph 19 of Plaintiff's Complaint, Defendant admits the allegations of said Paragraph.

20. For its response to Paragraph 20 of Plaintiff's Complaint, Defendant admits that on or about June 26, 2003, Fred Hamden, Vice President of Central Marketing and Joanne Terhaar's supervisor, announced to the group sales force by e-mail that Mickey Lane would be joining the Central Marketing Team as a new Market Development Manager (which was a new position), and that certain of Ms. Lane's duties were announced in the e-

mail. Except as so admitted, Defendant denies each and every allegation contained within Paragraph 20 of Plaintiff's Complaint.

21. For its response to Paragraph 21 of Plaintiff's Complaint, Defendant admits that Mickey Lane was employed in another area of Thomson Learning Inc., and that she was slightly younger than Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Joanne Terhaar and Jill Reinemann expressed the opinion that they wished there was a position available in the Central Marketing Group for Mickey Lane or that that Plaintiff did not know of the position of Market Development Manager until receiving the announcement that it had been filled, and on that basis denies said allegations. Except as so admitted and denied, Defendant denies each and every allegation contained within Paragraph 21 of Plaintiff's Complaint

22. For its response to Paragraph 22 of Plaintiff's Complaint, Defendant incorporates by reference Paragraphs 1 through 21 of this Answer as though set forth in full.

23. For its response to Paragraph 23 of Plaintiff's Complaint, Defendant denies each and every allegation in said Paragraph.

24. For its response to Paragraph 24 of Plaintiff's Complaint, Defendant denies each and every allegation in said Paragraph.

25. For its response to Paragraph 25 of Plaintiff's Complaint, Defendant denies each and every allegation in said Paragraph.

26. For its response to Paragraph 26 of Plaintiff's Complaint, Defendant denies each and every allegation in said Paragraph.

27. For its response to Paragraph 27 of Plaintiff's Complaint, Defendant denies each and every allegation in said Paragraph.

28. For its response to Paragraph 28 of Plaintiff's Complaint, Defendant incorporates by reference Paragraphs 1 through 21 of this Answer as though set forth in full.

29. For its response to Paragraph 29 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and on that basis denies each and every allegation contained in said Paragraph.

30. For its response to Paragraph 30 of Plaintiff's Complaint, Defendant denies each and every allegation in said Paragraph.

31. For its response to Paragraph 31 of Plaintiff's Complaint, Defendant denies each and every allegation in said Paragraph.

32. For its response to Paragraph 32 of Plaintiff's Complaint, Defendant denies each and every allegation in said Paragraph.

33. For its response to Paragraph 33 of Plaintiff's Complaint, Defendant denies each and every allegation in said Paragraph.

34. For its response to Paragraph 34 of Plaintiff's Complaint, Defendant denies each and every allegation in said Paragraph.

35. For its response to Paragraph 35 of Plaintiff's Complaint, Defendant denies each and every allegation in said Paragraph.

36. For its response to Paragraph 36 of Plaintiff's Complaint, Defendant incorporates by reference Paragraphs 1 through 21 of this Answer as though set forth in full.

37. For its response to Paragraph 37 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and on that basis denies each and every allegation contained in said Paragraph.

38. For its response to Paragraph 38 of Plaintiff's Complaint, Defendant denies each and every allegation in said Paragraph.

39. For its response to Paragraph 39 of Plaintiff's Complaint, Defendant denies each and every allegation in said Paragraph.

40. For its response to Paragraph 40 of Plaintiff's Complaint, Defendant denies each and every allegation in said Paragraph.

41. For its response to Paragraph 41 of Plaintiff's Complaint, Defendant denies each and every allegation in said Paragraph.

42. For its response to Paragraph 42 of Plaintiff's Complaint, Defendant denies each and every allegation in said Paragraph.

43. For its response to Paragraph 43 of Plaintiff's Complaint, Defendant denies each and every allegation in said Paragraph.

44. For its response to Paragraph 44 of Plaintiff's Complaint, Defendant denies each and every allegation in said Paragraph.

45. For its response to Paragraph 45 of Plaintiff's Complaint, Defendant denies each and every allegation in said Paragraph.

46. For its response to Paragraph 46 of Plaintiff's Complaint, Defendant incorporates by reference Paragraphs 1 through 21 of this Answer as though set forth in full.

47. For its response to Paragraph 47 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and on that basis denies each and every allegation contained in said Paragraph.

48. For its response to Paragraph 48 of Plaintiff's Complaint, Defendant denies each and every allegation in said Paragraph.

49. For its response to Paragraph 49 of Plaintiff's Complaint, Defendant denies each and every allegation in said Paragraph.

50. For its response to Paragraph 50 of Plaintiff's Complaint, Defendant denies each and every allegation in said Paragraph.

51. For its response to Paragraph 51 of Plaintiff's Complaint, Defendant denies each and every allegation in said Paragraph.

52. For its response to Paragraph 52 of Plaintiff's Complaint, Defendant denies each and every allegation in said Paragraph.

53. For its response to Paragraph 53 of Plaintiff's Complaint, Defendant denies each and every allegation in said Paragraph.

54. For its response to Paragraph 54 of Plaintiff's Complaint, Defendant denies each and every allegation in said Paragraph.

**AFFIRMATIVE DEFENSES**

AS ITS FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, defendant alleges that Plaintiff's complaint fails to state a claim upon which relief can be granted.

AS A SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, Plaintiff has failed to mitigate her damages, if any.

AS A THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges that the Court may not have jurisdiction over the subject matter of Plaintiff's Complaint, or parts thereof, because Plaintiff's exclusive remedy for her purported injuries is under the California Workers' Compensation Act, Cal. Lab. Code § 3200 et seq.

AS A FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges that the Court may not have jurisdiction over Plaintiff's claim because Plaintiff has failed to exhaust her available administrative remedies or otherwise satisfy the jurisdictional prerequisites to his Complaint.

AS A FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claim for punitive damages violates the United States and/or California Constitutions.

AS A SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims fail because Plaintiff has no greater right to continued employment with TL than she would have had if she had not gone out on any leave of absence.

AS A SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's employment would have been terminated with the elimination of her position regardless of her exercising rights under FMLA, the CFRA, or taking time off due to pregnancy, childbirth or any related medical condition.

## PRAYER FOR RELIEF

Wherefore, Defendant requests that Plaintiff's Complaint be dismissed, and that Plaintiff take nothing by her Complaint, and that costs and fees be awarded in favor of Defendant Thomson Learning Inc..

Dated: March 31, 2005          THELEN REID & PRIEST LLP


By: _____/s/_____
Robert A. Dolinko
Deborah R. Schwartz
Attorneys for Defendant
**THOMSON LEARNING INC.**