1 | LOUIS A. HIGHMAN, ESQ., State Bar No. 61703
LAWRENCE BALL, ESQ., State Bar No. 60496
2 | HIGHMAN, HIGHMAN & BALL
A Professional Law Association
3 | 870 Market Street, Suite 467
San Francisco, CA 94102
4 | Telephone: (415) 982-5563
Facsimile: (415) 982-5202
5 |
Attorneys for Plaintiff Arthur Mielke
6 |

7 |

8 |                    United States District Court

9 |                 Northern District of California

10 |                   San Francisco Division

11 |

12 | ARTHUR MIELKE,                    No. C 04-05502 TEH

13 |          Plaintiff,
                                      PLAINTIFF'S NOTICE OF
14 |   -v-                            MOTION TO REMAND CASE
                                      TO SUPERIOR COURT;
15 |                                  PLAINTIFF'S MEMORANDUM
                                      OF POINTS AND AUTHORITIES
16 | CONOCOPHILLIPS                   IN SUPPORT OF MOTION TO
COMPANY, SENTINEL                     REMAND CASE TO SUPERIOR
17 | TRANSPORTATION LLC,              COURT
ABE CASTRO, MARILYN
18 | SHAW, DAVE STANNARD,
DOES I-XX,                            DATE OF HEARING:  5-9-05
19 |                                  TIME:   10 A.M.
                                      CTRM:   12
20 |                                  JUDGE:  HON. THELTON
                                              E.HENDERSON
21 |          Defendants.

22 | _____/

23 |

24 |

25 |

26 |

27 |

28 |

Dockets.Justia.com

# TABLE OF CONTENTS

PAGES

NOTICE OF MOTION TO REMAND.........................................................1

MEMORANDUM OF POINTS AND AUTHORITIES..............................................1

I.  STATEMENT OF ISSUES.............................................................1

II. STATEMENT OF FACTS.............................................................2

III. ARGUMENT.....................................................................6

    A.  DEFENDANTS ABE CASTRO AND DAVE STANNARD ARE NOT SHAM DEFENDANTS, AND DEFENDANTS CANNOT MEET THEIR HEAVY BURDEN OF SHOWING THAT PLAINTIFF WILL NOT BE ABLE TO ESTABLISH A CAUSE OF ACTION AGAINST DEFENDANTS CASTRO AND/OR STANNARD....................................6

        1.  THERE IS, AT A MINIMUM, A POSSIBILITY THAT DEFENDANT ABE CASTRO IS LIABLE ON THE FIRST CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTOIN 12945.2 (CFRA) AND CAL. ADMIN. CODE, TITLE 2, SECTION 7297.7 (AN IMPLEMENTING ADMINISTRATIVE REGULATION PERTAINING TO CFRA..........................9

           a.  DEFENDANT ABE CASTRO IS NAMED AS A DEFENDANT IN THE FIRST CAUSE OF ACTION.....9

           b.  DEFENDANT ABE CASTRO WAS SUFFICIENTLY CITED IN THE ADMINISTRATIVE CHARGES FILED WITH THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING TO MEET ANY ADMINISTRATIVE FILING REQUIREMENT........................9

           c.  AN INDIVIDUAL SUPERVISORIAL/MANAGERIAL EMPLOYEE IS LIABLE AS AN INDIVIDUAL FOR DIRECT ACTS TAKEN BY HIM IN VIOLATION OF GOVERNMENT CODE SECTION 12945.2 (CFRA) AND CAL. ADMIN. CODE, TITLE 2, SECTION 7297.7 (AN IMPLEMENTING ADMINISTRATIVE PROVISION OF CFRA................................11

        2.  THERE IS ALSO, AT A MINIMUM, A POSSIBILITY THAT DEFENDANT DAVE STANNARD IS LIABLE ON THE SECOND CAUSE OF ACTION FOR DEFAMATION................................16

i.

a. THE DEFAMATORY STATEMENTS ARE NOT
   TIME-BARRED...............................18

b. THE DEFAMATORY STATEMENTS ARE NOT
   OPINION, AND ACCORDINGLY ARE
   ACTIONABLE................................20

IV. CONCLUSION.........................................23

ii.

# TABLE OF AUTHORITIES

PAGES

CASES

Agarwal v. Johnson
   21 Cal.3d 832 (1979)..................................23

Coker v. Amoco Oil Co.
   709 F.2d 1433 (11th Cir. 1983).........................16

Darby v. Bratch
   287 F.3d 673 (8th Cir. 2002)..........................14

Dodson v. Spiliada Maritime Corp.
   951 F.2d 40 (5th Cir. 1992).........................6,15

Dudley v. Department of Transportation
   90 Cal.App.4th 255 (2001)............................13

Green v. Amerada Hess Corp.
   707 F.2d 201, (5th Cir. 1983)........................7,8

Jensen v. Hewlett-Packard Company
   14 Cal.App.4th 958 (1993)......................20,21,22

Macey v. Allstate Prop. & Cas. Co.
   220 F.Supp.2d 1116 (N.D. California 2002)..............7

Manguso v. Oceanside Unified School District
   88 Cal.App.3d 725 (1979).............................19

Martin v. Fisher
   11 Cal.App.4th 118 (1992)............................10

McCabe v. Gen. Foods Corp.
   811 F.2d 1336 (9th Cir. 1987).........................7

Morrow v. Putnam
   142 F.Supp.2d 1271 (D. Nevada 2001)..................14

Page v. Superior Court
   31 Cal.App.4th 1206 (1995)...........................14

Ritchey v. Upjohn Drug Co.
   139 F.3d 1313 (9th Cir. 1998)........................7,8

Saavedra v. Orange County Consol. Transp.
   Serv. Agency,
   11 Cal.App.4th 824...................................10

Sessions v. Chrysler Corporation
   517 F.2d 759 (9th Cir. 1975)..........................8

iii.

Stratman v. Brent
  291 Ill.App.3d 123, 683 N.E.2d 951 (1997)...............22

Walrath v. Sprinkel
  99 Cal.App.4th 1237 (2002)...........................14

Westamerica Corp. v. Vaughan Bassett Furniture
  765 F.2d 932 (9th Cir. 1985)..........................8

Winarto v. Toshiba America Electronics Components,
Inc.
  274 F.3d 1276 (9th Cir. 2001).........................14

CALIFORNIA STATUTES AND REGULATIONS

Cal.Admin. Code, Title 2, Section 7297.7..........2,7,11,12
California Fair Employment and Housing Act...........passim
Cal. Gov't. Code, Part 2.8.........................11,15
Cal. Gov't. Code Section 12925(d).....................11
Cal. Gov't. Code Section 12940(a)...................12,13
Cal. Gov't. Code Section 12940(i)......................3
Cal. Gov't. Code Section 12945.2.................passim
CFRA.............................................passim

FEDERAL STATUTES AND RULES

28 U.S.C. Section 1332..............................2,4,5
28 U.S.C. Section 1441(a)..............................10
28 U.S.C. Section 1446.................................10
28 U.S.C. Section 1447..................................1
FMLA..............................................13,14
Title VII.........................................13,14

OTHER SOURCES

Schwarzer, Tashima & Wagstaffe, Cal Prac. Guide:
  Fed.Civ. Pro. Before Trial, The Rutter Group 2005......8

iv.

1   ## NOTICE OF MOTION TO REMAND

2   TO ALL PARTIES AND TO OTHEIR ATTORNEYS OF RECORD:

3   PLEASE TAKE NOTICE that on May 9, 2005 in courtroom 12

4   on the 19th floor of the above-entitled Court, U.S.

5   Courthouse, 450 Golden Gate Avenue, San Francisco, California,

6   the Hon. Thelton E. Henderson presiding, plaintiff will move

7   the above-entitled Court for an order remanding the above-

8   entitled case to the Superior Court of California, County of

9   Contra Costa.  The motion will be made pursuant to 28 U.S.C.

10  Section 1447 on grounds that the case should be remanded

11  because the U.S. District Court has no subject matter

12  jurisdiction over this case.  The motion will be based on this

13  notice of motion, the memorandum of points and authorities

14  appearing below, the Declaration of Arthur Mielke in Support

15  of Motion to Remand Case to Superior Court, and all papers on

16  file herein.

17  DATED:  April 4, 2005.

18                          LOUIS A. HIGHMAN
                            LAWRENCE BALL
19                          HIGHMAN, HIGHMAN & BALL

20

21                      By  /s/ Louis A. Highman
                            Attorneys for Plaintiff
22                          ARTHUR MIELKE

23  ## MEMORANDUM OF POINTS AND AUTHORITIES

24  **I.   STATEMENT OF ISSUES**

25      The issues to be decided in this motion to remand are:

26      1.   Whether this Court should order this case remanded

27  to the Superior Court of California, County of Contra Costa.

28
                                1

2. Whether this Court has subject matter jurisdiction of this case, based on defendants' claim made in their notice of removal that there is allegedly diversity of citizenship in the case, under 28 U.S.C. Section 1332.

3. Whether defendants Abe Castro and Dave Stannard were fraudulently joined as defendants and are sham defendants (since if the answer is no, then there is not diversity jurisdiction in this case).

## II. STATEMENT OF FACTS

Plaintiff filed a complaint in Superior Court of the State of California for the County of Contra Costa against defendants ConocoPhillips Company, Sentinel Transportation LLC, Abe Castro, Marilyn Shaw, Dave Stannard, and Does I-XX, Case No. CO 4-02148 on November 19, 2004. (Ex. A to Def. Notice of Removal.)

In the state court complaint, plaintiff alleged that both he and defendants Abe Castro and Dave Stannard were residents of California, a fact not disputed by defendants. (See Notice of Removal, 2:9-10; 2:22-26.) Defendants ConocoPhillips Company, Sentinel Transportation LLC, and Marilyn Shaw are not residents of California. The claims brought in the state court complaint were all state law claims. There were no violations of federal law alleged in the complaint, and no federal questions presented in the complaint. (See state court complaint, attached to Def. Notice of Removal as Ex. A.) The complaint alleged causes of action for (a) violation of the California Fair Employment and

2

Housing Act, including violation of Government Code Section 12945.2 (the California Family Rights Act [CFRA]) and violation of Cal. Admin. Code, Title 2, Section 7297.7 (an implementing administrative regulation of CFRA), as well as California Government Code Section 12940(i); (b) defamation; and (c) wrongful tortious adverse personnel actions (including wrongful discharge) against public policy. The two individual defendants (both indisputably California residents) which were focused on in the notice of removal filed by defendants as being allegedly sham defendants were defendant Abe Castro (who was named as a defendant individually liable as to the first cause of action--violation of the California Fair Employment and Housing Act, including CFRA), and defendant Dave Stannard (who was named as a defendant individually liable as to the second cause of action--defamation).

In the state court complaint, plaintiff, a driver of gasoline tanker trucks, alleged that when defendant Sentinel Transportation LLC took over truck driving operations out of the Richmond Terminal and other ConocoPhillips Company terminals, operating the ConocoPhillips Company West Coast gasoline transportation fleet, it did not retain him or hire him as a driver despite his good standing and excellent performance and safety record in driving out of the Richmond Terminal for ConocoPhillips Company. Plaintiff further alleged that a motivating factor in not selecting him to be retained in conjunction with the takeover (and effectively discharging him thereby), and then later not selecting him

3

1  again after the takeover, was that he was out on a medical
2  leave covered by the California Family Rights Act at the time
3  of selection (CFRA) and that he was also not selected and
4  effectively discharged because he had protested various safety
5  issues pertaining to the driving of these hazardous gasoline
6  tanker trucks.  He alleged further that defendants Abe Castro
7  (a California resident) and Marilyn Shaw (a non-California
8  resident) were decision-makers in not selecting him and
9  effectively discharging him in retaliation for his exercising
10 his CFRA right to take a protected medical leave.  (See state
11 court complaint, Ex. A to def. notice of removal, paragraphs
12 1-37, 56-57.)

13     Plaintiff also alleged in the state court complaint that
14 he was defamed by Dave Stannard (his supervisor at
15 ConocoPhillips), including, without limitation, in that
16 defendant Stannard filled out in writing an "Employee
17 Selection and Hiring Worksheet", on plaintiff, and submitted
18 it to defendant Sentinel Transportation which in turn appears
19 to have been used in the decision on whether to let plaintiff
20 continue to work as a truck driver after Sentinel would become
21 the official employer.  (See state complaint, Exhibit A to
22 def. notice of removal, paragraphs 42-54.)

23     Defendants removed the complaint in timely fashion to
24 federal court based on an allegation that the Court allegedly
25 has original jurisdiction of this case based on there
26 allegedly being diversity of citizenship in the case (28
27 U.S.C. Section 1332). Defendants' view that there is diversity
28

4

jurisdiction in this case is based on their view that defendants Abe Castro and Dave Stannard were fraudulently joined as defendants. Since both Castro and Stannard were indisputably California residents at the time of the filing of the complaint, as was plaintiff Mielke, there could be no diversity jurisdiction of this Court unless both Castro and Stannard were fraudulently joined and are sham defendants.

Within 30 days after defendants received the complaint, they filed a notice of removal.

Defendants have removed this case to federal court based on an allegation that there is diversity jurisdiction in this case, based on their view that defendants Abe Castro and Dave Stannard (although admittedly residents of the State of California at the time the filing and service of the state court complaint) are sham defendants, and should accordingly be ignored in determining whether there is diversity jurisdiction. The Notice of Removal was filed on or about December 29, 2004.

Plaintiff brings this motion to remand on grounds that this Court does not have original jurisdiction under this case pursuant to 28 U.S.C. Section 1332, because there is no diversity jurisdiction. Defendants would have to show that **both** defendants Castro and Stannard were fraudulently joined and are sham defendants, when in fact neither are. The burden is on defendants and they cannot show that there is absolutely no possibility that plaintiff will not be able to establish a cause of action against defendant Castro as an individual for

5

1  violation of California Government Code Section 12945.2 (first

2  cause of action), and/or against defendant Stannard as an

3  individual for defamation (second cause of action), or that

4  there has been any fraud in the plaintiff's pleadings of

5  jurisdictional facts.

6  III.  **ARGUMENT**

7      A.  **DEFENDANTS ABE CASTRO AND DAVE STANNARD ARE NOT SHAM DEFENDANTS, AND DEFENDANTS CANNOT MEET THEIR HEAVY BURDEN OF SHOWING THAT PLAINTIFF WILL NOT BE ABLE TO ESTABLISH A CAUSE OF ACTION AGAINST DEFENDANTS CASTRO AND/OR STANNARD**

10      Defendants have to show there has been a fraudulent

11  joinder of **both** defendant Abe Castro and defendant Dave

12  Stannard in this case.  It is undisputed that plaintiff, and

13  both defendants Castro and Stannard are California residents,

14  and even one California resident named properly as a defendant

15  would defeat diversity jurisdiction (which was the basis for

16  removal put forward by defendants in their notice of removal).

17      The issue in determining whether there has been a

18  fraudulent joinder of a defendant is, whether construing all

19  disputed issues of fact in favor of plaintiff and all

20  ambiguities in California law in favor of plaintiff, there is

21  a possibility that plaintiff has at least one valid claim

22  against  at least one of the defendants who are California

23  residents.  If such a possibility exists, then the Court

24  should reject the fraudulent joinder argument made by

25  defendants and remand the case to state court. (See <u>Dodson v.</u>

26  <u>Spiliada Maritime Corp.</u> [5th Cir. 1992] 951 F.2d 40, 42-43,

27  51—[even 'tenuous proposition' under state law sufficient to

28

6

defeat allegation of fraudulent joinder; "We do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so."].

In _Macey v. Allstate Prop. & Cas. Co._ (N.D. California 2002) 220 F.Supp.2d 1116, 1117, the Court indicated that defendants must bear the burden of proving all facts necessary to support jurisdiction, and that, "[i]n order to prove 'fraudulent joinder,' the defendants must prove that plaintiff 'fails to state a cause of action against [the] resident defendant, and the failure is _obvious_ according to the _settled_ rules of the state.' _Ritchey v. Upjohn Drug Co._, 139 F.3d 1313 (9th Cir. 1998), citing _McCabe v. Gen. Foods Corp._, 811 F.2d 1336 (9th Cir. 1987)(emphasis added).) (Emphasis in original of _Macey_ decision.)

In _Green v. Amerada Hess Corp._ (5th Cir. 1983) 707 F.2d 201, 205, the Court stated, "The burden of proving a fraudulent joinder is a heavy one.  The removing party must prove that there is <u>absolutely no possibility</u> that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts."  (Emphasis added.)

There is no issue presented as to the jurisdictional facts in this case, as defendants concede that defendants Castro and Stannard, as well as plaintiff Mielke, were California residents at the time of the filing of the state

7

1  court complaint. Accordingly, the only issue is whether
2  defendants can prove that there is absolutely no possibility
3  that the plaintiff will be able to establish a cause of action
4  as to **both** defendants Castro and Stannard. Even if defendants
5  show that plaintiff does· not have any possibility of
6  establishing a cause of action against one of the California
7  resident defendants but does have the possibility of
8  establishing a cause of action against the other, the motion
9  to remand should be granted since the possibility of
10 establishing a cause of action against only one of the two
11 California resident defendants would still be sufficient to
12 defeat diversity jurisdiction.
13     In determining whether a defendant's joinder is
14 "fraudulent", courts properly consider the allegations of the
15 complaint (as if they are facts), and facts presented by the
16 defendants in their notice of removal. (See Ritchey v. Upjohn
17 Drug Co. (9th Cir. 1998) 189 F.3d 1313, 1318; Sessions v.
18 Chrysler Corporation, 517 F.2d 759 (9th Cir. 1975).) Either
19 side can also present affidavits or other evidence on the
20 issue of whether a particular defendant's joinder is
21 "fraudulent" or "sham". (WestAmerica Corp. v. Vaughan Bassett
22 Furniture (9th Cir. 1985) 765 F.2d 932, 936, fn. 6.) However,
23 the Court does not pre-try substantive factual issues; the
24 only issue the court should address is its own jurisdiction.
25 (See Green v. Amerada Hess Corp. (5th Cir. 1983) 707 F.2d 201,
26 204.) See also, Sch/warzer, Tashima & Wagstaffe, Cal. Prac.
27 Guide:   Fed.Civ. Pro. Before Trial, Rutter Group 2005,
28

Sections 2:680, 2:681, 2:682, 2:683, 2:684, 2:685, and 2:686.

1. **There is, at a minimum, a possibility that defendant Abe Castro is liable on the First Cause of Action for violation of California Government Code Section 12945.2 (CFRA) and Cal. Admin. Code, Title 2, Section 7297.7 (an implementing administration regulation pertaining to CFRA)**

a. **Defendant Abe Castro is named as a defendant in the first cause of action.**

Defendants take the position in their notice of removal that defendant Abe Castro is not named as a defendant individually liable in the first cause of action in the state court complaint. Through inadvertence, defendant Abe Castro was not listed in the parentheses part under the First Cause of Action (page 2, state court complaint, lines 2-10, Ex. A to def. notice of removal). However, defendant Castro is clearly and expressly named in the body of the First Cause of Action as a named defendant alleged to be in violation of the First Cause of Action. (See paragraphs 4, 17-20, 25, 31, and 36-41 of the state court complaint, Ex. A. to def. notice of removal.) Thus, defendants' argument in this regard has no merit.

b. **Defendant Abe Castro was sufficiently cited in the administrative charges filed with the Department of Fair Employment and Housing to meet any administrative filing requirement.**

Defendant Marilyn Shaw indicated in her declaration supporting notice of removal of the action that she had not

9

1 | received any documents "reflecting charges against Abe Castro.
2 | . .". (See Dec. of Marilyn Shaw in Support of Notice of
3 | Removal of Action under 28 U.S.C. Sections 1441(a) and 1446
4 | [Diversity], page 2, paragraph 6.) However, a review of the
5 | Department of Fair Employment and Housing administrative
6 | charges filed against both ConocoPhillips Company and Sentinel
7 | Transportation LLC (Ex. 1 to Mielke declaration. in support of
8 | motion to remand filed concurrently herewith) shows that Abe
9 | Castro, in the body of the Department of Fair Employment and
10 | Housing administrative charges of discrimination against both
11 | defendants ConocoPhillips Company and Sentinel Transportation
12 | LLC and ConocoPhillips Company, is the first person listed
13 | therein as having responsibility for the wrongful adverse
14 | actions with the second person being listed as being Marilyn
15 | Shaw. Castro is identified as being supervisor of deliveries
16 | for ConocoPhillips. Such inclusion in the DFEH administrative
17 | charge against the employer by naming the supervisory employee
18 | in the body of the administrative complaint as being an
19 | employee responsible for the wrongful conduct is sufficient
20 | even if the employee's name is not listed in the caption part
21 | of the charge and is not formally named as a responding party.
22 | (See Saavedra v. Orange County Consol. Transp. Serv. Agency
23 | (1992) 11 Cal.App.4th 824; Martin v. Fisher (1992) 11
24 | Cal.App.4th 118.)
25 | **c. An individual supervisorial/managerial employee is**
26 | **liable as an individual for direct acts taken by him in**
27 | **violation of California Government Code Section 12945.2 (CFRA)**
28 |

10

1 and Cal. Admin. Code, Title 2, Section 7297.7 (an implementing
2 administration provision of CFRA).

3    Plaintiff pleaded in the state court complaint that
4 defendant Abe Castro violated California Government Code
5 Section 12945.2 (CFRA) and Cal.Admin. Code, Title 2, Section
6 7297.7 (an implementing administrative regulation pertaining
7 to CFRA), as well as California Government Code Section
8 12940(i).

9    Defendants acknowledged in their notice of removal that
10 Cal. Admin. Code, Title 2, Section 7297.7 provides for
11 individual liability in a violation of retaliation under CFRA.
12 Cal. Admin. Code, Title 2, Section 7297.7 is entitled
13 "Retaliation", and states,

14    "In addition to the retaliation prohibited by Government
      Code Section 12940, subdivision(f), and section 7287.8
15    of the regulations, it shall be an unlawful employment
      practice for any **person** [emphasis added] to discharge,
16    fine, suspend, expel, punish, refuse to hire, or
      otherwise discriminate against any individual, except as
17    otherwise permitted in this subchapter, because that
      individual has:
18
      (a) exercised his or her right to CFRA leave, and/or
19
      (b) given information or testimony regarding his or her
20    CFRA leave, or another person's CFRA leave, in any
      inquiry or proceeding related to any right guaranteed
21    under this subchapter."

22    Under California Government Code Section 12925(d), the
23 word "person" as used in Part 2.8 of the California Government
24 Code, which includes California Government Code Section
25 12945.2, is defined in pertinent part as "includes one or more
26 individuals. . ."

27    Plaintiff in his state court complaint alleges that
28

11

defendant Abe Castro participated in the decision to refuse to hire him for the new company (Sentinel Transportation LLC) which was taking over ConocoPhillips, prior to its taking over ConocoPhillips, thereby effectively discharging him from ConocoPhillips, and then after the takeover, still refused to hire him thereafter (Garcia became a Sentinel Transportation manager/supervisor in the takeover). (See state court complaint, Ex. A to def. notice of removal, paragraphs 17-25, 31, and 36-37).

Therefore, under 2 CCR section 7297.7, Castro, as a "person" under said administrative regulation, and pursuant to the definition of "person" set forth in California Government Code Section 12925(d), would be liable as an individual if the allegations of retaliatory refusal to hire and discharge plaintiff based on his taking CFRA leave are proven.

Defendants do not deny this interpretation of 2 CCR section 7297.7, but instead argued in their notice of removal that under the decision of Reno v. Baird, 18 Cal.4th 640 (1998) (a decision which addressed California Government Code Section 12940(a)'s discrimination provision, not CFRA's retaliatory provision [California Government Code Section 12945.2] and not any other retaliation provision of the California Fair Employment and Housing Act), an individual supervisory does not have any personal liability. There is no precedent by any court which plaintiff has found which addresses an individual supervisor's liability under CFRA. It is unsettled law, and based on the standard that fraudulent

12

1  joinder cannot be proven when it is based on unsettled law or
2  there is any possibility of the plaintiff prevailing on his
3  legal theory, the Court should grant the motion to remand and
4  hold there is no fraudulent joinder of California resident
5  defendant Abe Castro.

6  Indeed, it should be noted, as well, that in _Dudley v._
7  _Dept. of Transportation_, 90 Cal.App.4th 255 (2001), the Court
8  cited the CFRA retaliation provisions in Cal. Code Regs., tit.
9  2, Section 7297.7 as being in effect (the same CFRA regulation
10 which defendants concede would permit individual liability in
11 a CFRA retaliation matter, apart from any alleged invalidating
12 effect of such still-in-effect administrative regulation by
13 _Reno v. Baird_, _supra_). Moreover, in deciding how to interpret
14 Cal. Code Regs., tit. 2, Section 7297.7, the Court in _Dudley_
15 _v. Dept. of Transportation_, 90 Cal.App.4th 255 (2001),
16 indicated it would look to how the federal law under FMLA was
17 interpreted.

18 Interestingly, in this regard, the Court in _Reno v._
19 _Baird_, _supra_, which was dealing with discrimination under
20 California Government Code Section 12940(a), not CFRA (Cal.
21 Gov't Code Section 12945.2), also used in its analysis the
22 counterpart federal law to California Government Code Section
23 12940(a)--Title VII--pertaining to which it noted that most
24 federal courts did not allow liability against individual
25 persons in Title VII, which it used to further bolster its
26 case that California Government Code Section 12940(a) didn't
27 permit a finding of liability against individual persons,
28

13

either.

However, in our case, the counterpart federal law (to CFRA) is not Title VII, but rather FMLA, and a number of the courts which have ruled on the issue of whether individual supervisors can be sued directly under FMLA have ruled that in fact they can. (See, e.g., Darby v. Bratch, 287 F.3d 673 (8th Cir. 2002) and cases cited therein; Morrow v. Putnam, 142 F.Supp.2d 1271 (D. Nevada 2001).)

Therefore, by analogy, an individual supervisor should be permitted to sue under CFRA for retaliatory conduct taken against an employee because he exercised CFRA rights, just like under federal law he could sue such individual supervisor under FMLA for retaliatory conduct taken against an employee because that employee had exercised FMLA rights.

Moreover, there is no policy reason why a different result in terms of individual supervisory liability in retaliating against an employee for having exercised family and medical leave rights should result under CFRA law than results under FMLA law.

Significantly, both the federal and state courts have ruled that in FEHA cases, an employee can sue an individual supervisor for retaliatory action taken against an employee because he had opposed discriminatory practices under FEHA. (See, e.g., Winarto v. Toshiba America Electronics Components, Inc., 274 F.3d 1276 (9th Cir. 2001); Walrath v. Sprinkel, 99 Cal.App.4th 1237 (2002); Page v. Superior Court, 31 Cal.App.4th 1206 (1995).) There is no policy reason why the individual

14

1  should not also be allowed to sue the individual supervisor
2  who is retaliating against the employee for exercising CFRA
3  rights by taking a leave if he can be sued individually for
4  retaliating against the individual for taking adverse action
5  against the individual for opposing violation of his CFRA
6  rights or opposing other conduct made unlawful by Part 2.8
7  (the California Fair Employment and Housing Act).

8      In short, the controlling CFRA retaliation regulation, 2
9  CCR section 7297.7 (which remains in effect and the legality
10 of which has not been addressed by any court to plaintiff's
11 awareness), indicates that the individual supervisor can be
12 sued for retaliating against plaintiff for having taken a CFRA
13 protected leave, and thus defendant Castro is not a sham
14 defendant, and is not fraudulently joined as a defendant.

15     As noted previously above, on an issue of an alleged
16 fraudulent joinder of a defendant, all ambiguities in the
17 controlling state law must be resolved in favor of the non-
18 removing party." [Dodson v. Spiliada Maritime Corp. (5th Cir.
19 1992) 951 F.2d 40, 42-43—even "tenuous proposition" under
20 state law sufficient; unsettled state law issue must be
21 resolved in favor of the non-removing party].

22     As further noted previously above, fraudulent joinder is
23 not shown even if the Court concludes the cause of action is
24 likely to be dismissed against that defendant. As stated in
25 Dodson v. Spiliada Maritime Corp., id., 951 F.2d at 42-43, "We
26 do not decide whether the plaintiff will actually or even
27 probably prevail on the merits, but look only for a

28
                              15

possibility that he may do so." (See also, Coker v. Amoco Oil Co. (11th Cir. 1983) 709 F.2d 1433.) In the instant case there is a controlling administrative regulation which favors plaintiff in this issue, no settled judicial precedent on point, and a strong legal argument which favors the view advanced by plaintiff for individual supervisorial liability on a CFRA violation.

Accordingly, defendant Abe Castro is not a sham defendant fraudulently joined as a defendant, and there is not diversity jurisdiction, and the case should be remanded to state court.

**2.   There is also, at a minimum, a possibility that defendant Dave Stannard is liable on the Second Cause of Action for defamation.**

The defamatory statements which are the subject of this case are set forth in paragraph 44 of the state court complaint (Ex. A to def. notice of removal). The state court complaint states in pertinent part in said paragraph that, "Unbeknownst to plaintiff at the time, plaintiff's supervisor at ConocoPhillips, defendant Dave Stannard, filled out in writing an 'Employee Selection and Hiring Worksheet', on plaintiff, and submitted it to defendant Sentinel Transportation LLC, which plaintiff is informed and believes was used in the decision on whether to let plaintiff continue to work as a truck driver after Sentinel would become the official employer. In this document, on a 10-point scale (1 equals poor and 10 equals outstanding), Stannard falsely rated

16

plaintiff as a "6" on "Disposition (Gets Along with fellow workers)", a "7" on "Attitude", a "7" on "Productivity", a "7" on "Work Ethic", and gave him no rating at all on "Safety" despite plaintiff's excellent record at ConocoPhillips and its predecessor companies (in fact Stannard had played a role in hiring plaintiff in 1997). However, Stannard was now hostile toward plaintiff, based on plaintiff's having repeatedly (and legitimately) protested safety issues, including in connection with Stannard's conduct. Significantly, on the October 16, 2003 Employee Selection and Hiring Worksheet, Stannard checked the "No" box on the "Hiring Recommendation" line, using the aforesaid false negative ratings he put down on said form as a purported justification for the "No" rating on "Hiring Recommendation". The checking of the box "No" on the "Hiring Recommendation" indicated that Stannard did not believe that plaintiff would perform well or be a good employee for defendant Sentinel Transportation LLC based on various lawful factors, including, without limitation, the categories he had falsely graded plaintiff on in the same form."

A true and correct copy of the "Employee Selection and Hiring Worksheet" document referred to in the above paragraph is attached as Exhibit 3 to Declaration of Arthur Mielke in Support of Motion to Remand Case to Superior Court being filed concurrently herewith.

The state court complaint indicated that the defamatory statements were defamatory per se and otherwise defamatory, including without limitation in that they accused plaintiff of

17

incompetence, problems with his disposition, attitude, productivity and work ethic, and to the point of not recommending him to be an employee; accused plaintiff of having possible reprehensible personal characteristics or behavior; adversely affected plaintiff's reputation; denigrated his standing and the perception of him as a valuable employee; made him appear to be not desirable as a worker and not suitable for hiring by another employer, and in fact served as a basis for not having him continue on in work, and not being hired by or obtaining employment with others (including, without limitation, Sentinel Transportation LLC); and prejudiced plaintiff, imputed lack of ability of plaintiff in his trade, profession or business, and imputed inability to perform in a satisfactory manner in discharge of his duties and employment." (State Court Complaint, attached as Ex. A to def. notice of removal, paragraph 46.)

Plaintiff also pleaded that the defamatory conduct had a number of adverse effects on him, including, causing plaintiff not to be selected and/or being hired by the takeover company (Sentinel Transportation LLC) and/or others. (State Court Complaint, attached as Ex. A to def. notice of removal, paragraphs 46 and 47.)

### a. The defamatory statements are not time-barred.

Defendant alleged in its notice of removal that the alleged defamatory statements by Dave Stannard were time-barred.

The statute of limitations for defamation is one year.

18

This one year does not start running until the plaintiff knew or should have known all material facts essential to show the elements of his cause of action. (See <u>Manguso v. Oceanside Unified School District</u>, 88 Cal.App.3d 725 (1979).)

In paragraph 51 of the state court complaint (Ex. A to def. notice of removal), plaintiff pleaded, "Plaintiff did not discover that any of the aforesaid false statements/misrepresentations had been made until on or about August 12 or 13, 2004, long after he was terminated. He discovered them when a governmental agency was investigating an administrative complaint he had filed pertaining to said misrepresentations. Prior to this time (on or about August 12 or 13, 2004), plaintiff had no knowledge of any such document, or that any such false statements/misrepresentations had been made."

The Declaration of Arthur Mielke in Support of Motion to Remand Case to Superior Court, paragraphs 2-5, supports the fact that plaintiff did not know nor should have known all material facts essential to show the elements of his defamation cause of action until August 2004 (the state court complaint was filed in November 2004). In this regard, plaintiff Mielke did not first discover the defamatory statements until within one year of the date the lawsuit was filed when he saw for the first time the defamatory written statement of defendant Stannard when a governmental agency which had been investigating his charge gave him a copy of it. Prior to that time he did not know of its existence or its

19

1 contents, and did not know Dave Stannard had made any of the
2 statements and representations contained therein. (See
3 Miellke declaration and paragraph 51 of state court
4 complaint.)

5     **b. The defamatory statements are not opinion, and**
6 **accordingly are actionable.**

7     Defendants also took the position in their notice of
8 removal that the alleged defamatory statements in the state
9 court complaint are allegedly not actionable as a matter of
10 law because they are "non-actionable opinion." They point to
11 the case of Jensen v. Hewlett-Packard Company (1993) 14
12 Cal.App.4th 958, in which the Court characterized certain
13 statements made in the context of a performance evaluation as
14 non-actionable opinion rather than false statements of fact.

15     In Jensen, id., the statements in the performance
16 evaluation were published only internally by a Hewlett-Packard
17 supervisor to other Hewlett-Packard management personnel, and
18 there was no evidence the statements had caused any adverse
19 personnel action against the plaintiff. The Court in Jensen
20 noted that in determining whether the published statements
21 were non-actionable opinions or provably false factual
22 assertions, the communication needed to be looked at "in light
23 of the context in which it was published." Id.. at 970. The
24 Court went on to state, "The communication's meaning must be
25 considered in reference to relevant factors, such as the
26 occasion of the utterance, the persons addressed, the purpose
27 to be served, and 'all of the circumstances attending the

28

1  publication.'" <u>Id.</u>, at 970.

2      In our case, what is involved is not an internal
3  performance evaluation, without any adverse personnel action
4  caused by it.  What is involved is an "Employee Selection and
5  Hiring Worksheet" which was used by the takeover company
6  (relying on the supervisor of the company being taken over) to
7  determine who would continue to be employed as a gasoline
8  tanker driver out of the Richmond terminal after the takeover
9  (the ultimate adverse personnel action of losing one's
10  employment).  (See Ex. 3 to Mielke declaration.)

11      Moreover, even in an internal performance evaluation
12  case (which our case was not), the Court in <u>Jensen</u> indicated
13  that if it had been suggested in the evaluation referred to
14  therein that the plaintiff therein had lacked honesty or had
15  lacked inherent competence, qualification, capability or
16  fitness to do his job, or that he had reprehensible personal
17  characteristics, it would have reached a different result.
18  (<u>Id.</u>, at 970-971.)

19      In the defamatory writing in our case, defendant
20  Stannard combined his low ratings of plaintiff in various
21  areas with checking the box "No" under "Hiring
22  Recommendation", strongly suggesting that plaintiff lacked
23  inherent competence, qualification, capability or fitness to
24  do his job (in that he was essentially being deemed as not to
25  be qualified to be hired by the new takeover employer based on
26  his past performance). Stannard was falsely communicating via
27  his ratings and his checking the "No" box on "Hiring

28
                              21

Recommendation" that plaintiff had not met a minimum level of qualification, capability, fitness, or inherent competence to be hired for the job by the takeover company. Accordingly, even the _Jensen_ test for defamation regarding internal performance evaluations would be met. (See Ex. 3 to Mielke declaration; also see paragraphs 44-46 of state court complaint, Ex. A to def. notice of removal, where "incompetence" and reprehensible personal characteristics or behavior" are directly referred to.) In _Stratman v. Brent_, 291 Ill.App.3d 123, 683 N.E.2d 951 (1997), a statement to a prospective employer by a police chief which included a statement that the defendant would not rehire the plaintiff was held, along with other statements, to have been clearly meant to have been a comment on the plaintiff's ability to perform in future positions and therefore actionable in a defamation action.

Also, the failure by defendant Stannard in our case to give plaintiff any rating for safety on the "Employee Selection and Hiring Worksheet" form indicated there was a problem with plaintiff's adherence to safety on the job (safety being an absolute prerequisite for a driver of a gasoline tanker truck). "Safety" was a factual assertion, not an opinion assertion about a personality characteristic. On the Employee Selection and Hiring Worksheet form (Ex. 3 to Mielke declaration), "Safety" was defined as "Incidents i.e., CVA's, injuries/mixes & spills." It was defined in terms of being measured based on factual incidents, not opinion.

22

1      In _Agarwal v. Johnson_, 25 Cal.3d 932 (1979), the
2   California Supreme Court affirmed a verdict for a plaintiff
3   against his employer and certain supervisory employees for
4   defamation and intentional infliction of emotional distress
5   where the false statements were statements by his supervisor
6   justifying his termination that he was terminated for "lack of
7   job knowledge and cooperation".  In our case, plaintiff lost
8   his employment based on negative statements by his supervisor
9   pertaining to various matters including "Productivity
10  (Stoptimes, gallons/hour, loads/shift)", ("Safety (Incidents
11  i.e., CVA's, injuries/mixes & spills)", "Attitude", "Work
12  Ethic", and "Disposition (Gets along with fellow workers)".
13  These negative statements combined with the checking of the
14  "No" box as to "Hiring Recommendation", which caused plaintiff
15  to lose and be denied employment, clearly go beyond the
16  limited _Jensen_ exception made for opinions not causing any
17  adverse personnel action in a performance evaluation context.
18  The totality of the Employee Selection and Hiring Worksheet
19  filled out by defendant Stannard indicated that plaintiff
20  lacked inherent competence, qualification, capability or
21  fitness to do his job, and/or that he had reprehensible
22  personal characteristics, and that he should not be hired by
23  the new employer based thereon.  Defendant Stannard has
24  committed actionable defamation.

25  **IV. CONCLUSION**

26      For all the aforesaid reasons, this Court should grant
27  the motion to remand, and order this case remanded to the
28

1  Superior Court of California, County of Contra Costa.

2      This Court does not have subject matter jurisdiction of

3  this case, since there is no diversity of citizenship under

4  this case.  Both defendants Castro and Stannard, as well as

5  plaintiff Mielke, were residents of California at the time the

6  state court was filed.

7      Unlike defendants argued in their notice of removal,

8  defendants Abe Castro and Dave Stannard were not fraudulently

9  joined as defendants in the state court complaint, and are not

10  sham defendants.

11      DATED: April 4, 2005.

12                                  LOUIS A. HIGHMAN, ESQ.
                                    LAWRENCE BALL, ESQ.
13                                  HIGHMAN, HIGHMAN & BALL

14

15                                  By   /s/ Louis A. Highman
                                        Attorneys for Plaintiff
16                                      Arthur Mielke

17

18

19

20

21

22

23

24

25

26

27

28

24