WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
LAW OFFICES OF WAUKEEN Q. McCOY
703 MARKET STREET, Suite 1407
San Francisco, California 94103
Telephone (415) 675-7705
Facsimile (415) 675-2530

Attorney for PLAINTIFF
SHAUNE PATTERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNE PATTERSON, an individual, | Case No. C 04-0405 PJH |
| PLAINTIFF, | UNLIMITED JURISDICTION |
| vs. | **FOURTH AMENDED COMPLAINT FOR DAMAGES:** |
| APPLE COMPUTER, INC., a corporation doing business in California, DAN WALKER, an individual, SHERI PARKER, an individual, STEVE BURMEISTER, an individual and DOES 1-50, inclusive, | 1. RACE DISCRIMINATION – 42 U.S.C. § 1981;<br>2. RACE DISCRIMINATION – 42 U.S.C. § 2000 et seq.;<br>3. RACIAL DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940; |
| Defendants. | 4. VIOLATION OF CALIFORNIA EQUAL PAY ACT;<br>5. HARASSMENT<br>6. RETALIATION<br>7. FAILURE TO TAKE ALL REASONABLE STEPS – Cal. Gov't Code § 12940;<br>8. FAILURE TO MAINTAIN ENVIRONMENT FREE FROM HARASSMENT;<br>9. DEFAMATION - SLANDER<br>10. DEFAMATION – LIBEL<br>11. INVASION OF PRIVACY<br>12. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br>13. SEXUAL ORIENTATION DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940<br>14. GENETIC CHARACTERISTIC |

COMPLAINT

1

DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940

**JURY TRIAL DEMANDED**

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 1981. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over PLAINTIFF's state law claims, including those alleged under the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12940, *et seq.*

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b) & (c). PLAINTIFF's claims arose in California, and the acts complained of herein occurred in this judicial district and gave rise to the claims alleged. Defendant operates its business in California with its corporate headquarters based in Northern California.

PLAINTIFF alleges as follows:

**THE PARTIES**

3. PLAINTIFF SHAUNE PATTERSON ("PLAINTIFF" or "PATTERSON) is an African-American female employed by defendant APPLE COMPUTER ("APPLE") as a Human Resources Compensation Consultant. As a Compensation Consultant, PLAINTIFF is responsible for analyzing rates of compensation and assigning grade levels for employment positions at APPLE

4. PLAINTIFF is informed and believes and thereon alleges that defendant APPLE is a corporation that is organized under the laws of the State of California. APPLE does business in the State of California as APPLE and maintains offices in California. PLAINTIFF is further informed and believes and thereon alleges that defendant APPLE employs over 100 individuals.

5.     PLAINTIFF is informed and believes and thereon alleges that defendant DAN WALKER ("WALKER") is the Vice President of Human Resources at APPLE at all times mentioned herein.

6.     PLAINTIFF is informed and believes and thereon alleges that defendant SHERI PARKER ("PARKER") is the Director of Employee Relations at APPLE at all times mentioned herein.

7.     PLAINTIFF is informed and believes and thereon alleges that defendant STEVE BURMEISTER ("BURMEISTER") was Plaintiff's supervisor in the Human Resource Compensation department at all times mentioned herein.

8.     PLAINTIFF is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues them by such fictitious names. PLAINTIFF is informed and believes and thereon alleges that said defendants are in some manner legally responsible for the activities and damages alleged herein. PLAINTIFF will amend this Complaint to allege their true names and capacities when ascertained.

9.     PLAINTIFF is informed and believes and thereon alleges that at all times herein mentioned each of the defendants was acting as the partner, agent, servant, and employee of each of the remaining defendants, and in doing the things alleged herein was acting within the course and scope of such agency and with the knowledge of the remaining defendants.

10.     PLAINTIFF filed a complaint with the Department of Fair Employment and Housing and Equal Employment Opportunity Commission and against defendants and received right to sue letters dated November 19, 2003, November 20, 2003 and January 28, 2004.

**GENERAL ALLEGATIONS**

11.     PLAINTIFF began her employment with defendant APPLE on May 29, 2001, when

she was hired as a Human Resources Compensation Consultant (Grade 41).  During the course

of PLAINTIFF's employment with APPLE, her job duties rapidly expanded to include those of a

Senior Human Resources Compensation Consultant.  However, defendants never formally

promoted PATTERSON or increased her grade level or rate of compensation in contrast to her

non-African American co-workers.

12.     When PLAINTIFF's job duties expanded, she asked for a promotion, but was told

to first perform the job of a Senior Human Resources Compensation Consultant, then she would

be eligible for a promotion.  However, despite performing the additional job responsibilities for

*over two years*, PATTERSON has never received a promotion or pay increase as she was led to

believe.

13.     When PATTERSON never received a promotion, grade level increase or pay

raise from APPLE in contrast to several of her non-African American counter-parts, she

provided defendants with a letter detailing their failure to compensate and promote PLAINTIFF

for her expanded job duties despite her own manager's recommendation.

14.     Defendants could have addressed PATTERSON's concerns in good faith and

avoided costly and protracted litigation.  However, defendants chose to respond to

PATTERSON's concerns by engaging in a willful campaign of harassment and retaliation

against PLAINTIFF for attempting to assert her rights.  Defendants' actions against

PATTERSON include, but are not limited to, wrongfully suspending her from her employment.

15.     PATTERSON purchased her own laptop computer at her own expense after

APPLE repeatedly refused to purchase one for her in contrast to her non-African American co-

workers. Additionally, before PATTERSON returned to work, defendants ordered PLAINTIFF to leave her personal laptop computer at work, which they confiscated. Defendants then proceeded to erase PLAINTIFF's files, search her office and interrogated her co-workers about her. PATTERSON never consented for defendants to either have complete access to all of her computer files or to erase her files. Defendants invaded her privacy by its intrusive actions against her.

16. After PATTERSON retained an attorney, Defendants APPLE, WALKER and PATTERSON lifted her suspension and gave PATTERSON's laptop back, but left PATTERSON idle, with virtually no work to do, then terminated her, proffering reasons that had nothing to do with the termination.

17. Defendants have engaged in their several weeks' long campaign of retaliation and harassment against PATTERSON, which continues today. They and especially WALKER and his henchman, PARKER, have created several new policies, which target the habits of PATTERSON, in an effort to intimidate and constructively discharge her.

18. Defendants have removed PATTERSON's door nameplate to her office and she is being given a minimal number of projects for work. Defendants have further lied about PATTERSON via false statements and allegations. Finally, PATTERSON is compensated at a lower pay rate than her non-African American counterparts who have the same job responsibilities. Defendants terminated PATTERSON after she filed a lawsuit against them.

## **FIRST COUNT**

## **RACIAL DISCRIMINATION 42 U.S.C. § 1981**

## **(AGAINST DEFENDANT APPLE and DOES 1 –50, inclusive)**

19.     PLAINTIFF incorporates by reference the factual allegations of paragraphs 1 through 18 above.

20.     Defendants, through their agents and employees engaged in a pattern and practice of unlawful racial discrimination in violation of 42 U.S.C. § 1981 in connection with the terms and conditions of PLAINTIFF's employment.

21.     At all relevant times, defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination.  As a result of the hostile and offensive work environment perpetrated and maintained by defendants, and defendants' failure to protect PLAINTIFF from further discrimination, PLAINTIFF suffered severe emotional distress.

22.      As a direct and proximate result of the willful, knowing, and intentional discrimination against PLAINTIFF, and the failure to act by defendants, PLAINTIFF has suffered mental distress, anguish, and indignation.  PLAINTIFF is thereby entitled to general and compensatory damages in an amount to be proven at trial.

23.     Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of PLAINTIFF's rights.  As such, punitive damages are warranted against defendants in order to punish and make an example of their actions.

## SECOND COUNT

## RACIAL DISCRIMINATION - 42 U.S.C. § 2000 et seq.

## (AGAINST DEFENDANT APPLE and DOES 1 –50, inclusive)

24.     PLAINTIFF incorporates by reference the factual allegations of paragraphs 1 through 23 above.

25.     Defendants, through their agents and employees engaged in a pattern and practice

of unlawful racial discrimination in violation of 42 U.S.C. § 2000 et seq. in connection with the terms and conditions of PLAINTIFF's employment.

26. At all relevant times, defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination. As a result of the hostile and offensive work environment perpetrated and maintained by defendants, and defendants' failure to protect PLAINTIFF from further discrimination, PLAINTIFF suffered severe emotional distress.

27. As a direct and proximate result of the willful, knowing, and intentional discrimination against PLAINTIFF, and the failure to act by defendants, PLAINTIFF has suffered mental distress, anguish, and indignation. PLAINTIFF is thereby entitled to general and compensatory damages in an amount to be proven at trial.

28. Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of PLAINTIFF's rights. As such, punitive damages are warranted against defendants in order to punish and make an example of their actions.

### THIRD COUNT

### RACIAL DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940 et seq. (AGAINST DEFENDANT APPLE and DOES 1 –50, inclusive)

29. PLAINTIFF incorporates by reference the factual allegations of paragraphs 1 through 28 above.

30. Defendants, by and through their agents and management level employees, engaged in a continuing pattern and practice of unlawful racial discrimination in violation of California Government Code §12940 et seq. in connection with PLAINTIFF's work

assignments, promotion and the terms and conditions of PLAINTIFF's employment, by failing to promote and raise the rate of compensation of PLAINTIFF when PLAINTIFF; applied for and was otherwise qualified for a job position.  Despite her qualifications, PLAINTIFF was denied promotion and a pay raise on the basis of her race.

31.     At all relevant times, defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination.  As a result of defendants' pattern and practice of unlawful discrimination, PLAINTIFF has suffered severe emotional distress, humiliation, indignity and loss of income in an amount provable at the time of trial.

32.     As a direct and proximate result of the willful, knowing and intentional discrimination against PLAINTIFF, and the failure to act by defendants in an effort to remedy said discrimination, PLAINTIFF has suffered mental distress, anguish and indignation. PLAINTIFF is thereby entitled to general and compensatory damages in an amount to be proven at trial.

33.     Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of PLAINTIFF's rights.  As such, punitive damages are warranted against defendants in order to punish and make an example of each of them.

## FOURTH COUNT

## VIOLATION OF CALIFORNIA EQUAL PAY ACT –

## LABOR CODE § 1197.5

## AGAINST DEFENDANTS APPLE AND DOES 1 - 50

34.   PLAINTIFF incorporates by reference the allegations of paragraphs 1 through 33, above, as though fully set forth herein.

35.   Defendants APPLE have violated the California Equal Pay Act Labor Code section 1197.5 which makes it unlawful for an employer to "pay any individual in the employer's employ at wage rates less than the rates paid to employees of the opposite sex in the same establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where the payment is made pursuant to a seniority system, a merit system, a system which measures earnings by quantity or quality of production, or a differential based on any bona fide factor other than sex."

36.   PLAINTIFF is informed and believes, and based thereon alleges, that defendant APPLE compensated PLAINTIFF at a level significantly less than employees of the opposite sex in the same establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

37.   PLAINTIFF is informed and believes, and based thereon alleges, that defendants do not have an identifiable, standard seniority system that is fairly and systematically applied and observed, which would bring defendants within the exception to Labor Code section 1197.5's prohibition on compensating men and women differently for performing the same jobs.

38.   As a direct and proximate result of defendant's violation of the California equal pay provisions, PLAINTIFF has suffered loss of income, loss of advancement and promotion, loss of career opportunity and loss of intangible job benefits, all in amounts to be proven at trial.  As further proximate result of the above-described equal pay violations, PLAINTIFF has experienced pain, suffering, severe emotional distress, mental distress, shame, humiliation, embarrassment, and related physical ailments all in amounts to be proven at trial.

**FIFTH COUNT**

**HARASSMENT - IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940**

**(AGAINST DEFENDANTS APPLE, WALKER, PARKER and DOES 1 –50, INCLUSIVE)**

39.     PLAINTIFF incorporates by reference the factual allegations of paragraphs 1 through 38 herein.

40.     By engaging in the conduct previously alleged herein, defendants, and each of them, violated California Government Code § 12940 by creating, maintaining, encouraging, failing to investigate properly and by failing to remedy a hostile work environment prohibited by the Fair Employment and Housing Act, despite PLAINTIFF's complaints to management level employees that she was being harassed and given a decreased work load because of her complaints and because of PLAINTIFF's race.

41.     PLAINTIFF is informed and believes and thereon alleges that the working conditions at APPLE were both subjectively and objectively pervasive as to constitute a prima facie case of harassment under both state laws and defendant's own employee handbook regarding APPLE's harassment policy.  PLAINTIFF's harassment was made aware to management level employees at APPLE.  Defendant's management failed to discipline, admonish, or timely investigate PLAINTIFF's claims against defendants.  Instead of prompt investigation or resolution of the hostile environment, APPLE, through its management level employees and agents, chose to engage in a campaign of intimidation, harassment and abuse as alleged above.

42.     At all relevant times, defendants had actual and constructive knowledge of the hostile work environment described and alleged herein, and condoned, ratified and failed to remedy in the hostile work environment.  As a result of the hostile work environment perpetrated and maintained by defendants, and defendants' failure to protect PLAINTIFF from further discrimination, PLAINTIFF has suffered severe emotional distress, humiliation, indignity and

loss of income in an amount provable at the time of trial.

43. PLAINTIFF is informed and believes and thereon alleges that after PLAINTIFF complained about differential treatment and compensation, Defendants WALKER, BURMEISTER and PARKER created several new policies targeting PLAINTIFF's habits. Specifically, starting and ending times for the workday were changed, impacting PLAINTIFF but no other employees in her group. Defendants WALKER and PARKER, acting as agents of APPLE, prevented PLAINTIFF from attending her therapy appointments. PLAINTIFF is informed and believes and thereon alleges that the timing of these changes, combined with the fact that she was the only employee affected, clearly indicates that they were not "personnel decisions," but constituted intimidation of PLAINTIFF.

44. PLAINTIFF is informed and believes and thereon alleges that after PLAINTIFF complained about differential treatment and compensation, Defendants APPLE, WALKER and PARKER disabled PLAINTIFF's network password and building access card. Defendant WALKER and PARKER removed the nameplate from PLAINTIFF's door, interrogated PLAINTIFF's co-workers about her and reduced PLAINTIFF's workload drastically. PLAINTIFF is informed and believes and thereon alleges that the timing of these changes, combined with the fact that she was the only employee affected, clearly indicates that they were not "personnel decisions," but constituted intimidation of PLAINTIFF.

45. As a direct and proximate result of the willful, knowing and intentional harassment of PLAINTIFF, and defendants' failure to act in an effort to remedy said environment, PLAINTIFF has suffered mental distress, anguish and indignation. PLAINTIFF is thereby entitled to general and compensatory damages in an amount to be proven at trial.

46. Defendants' acts alleged herein are malicious, oppressive, despicable, and in

conscious disregard of PLAINTIFF's rights.  As such, punitive damages are warranted against defendants in order to punish and make an example of each of them.

## SIXTH COUNT

## RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940

## (AGAINST DEFENDANTS APPLE, WALKER, BURMEISTER, PARKER and DOES 1-50, INCLUSIVE)

47.     PLAINTIFF incorporates by reference the factual allegations set forth in paragraphs 1 through 46 herein.

48.     Under California Government Code §12940, defendants are prohibited from retaliation against PLAINTIFF for opposing any practices forbidden or made unlawful under California Government Code §12940.  Defendants are further prohibited from retaliating against PLAINTIFF by defendant APPLE's "unlawful harassment policy."

49.     PLAINTIFF complained to defendants on numerous occasions alleged herein that PLAINTIFF was being harassed and denied promotional opportunities based on her race.

50.     PLAINTIFF is informed and believes and thereon alleges that defendants had numerous opportunities to remedy the hostility of their workplace, but APPLE, through its management level employees and agents, chose to engage in a campaign of intimidation, harassment and abuse as alleged above.

51.  PLAINTIFF is informed and believes and thereon alleges that after PLAINTIFF complained about differential treatment and compensation, Defendants WALKER and PARKER created several new policies targeting PLAINTIFF's habits.  Defendants WALKER, BURMEISTER and PARKER, acting as agents of APPLE, prevented PLAINTIFF from attending therapy sessions.  PLAINTIFF is informed and believes and thereon alleges that the

timing of these changes, combined with the fact that she was the only employee affected, clearly indicates that they were designed to retaliate against her for complaining about differential treatment to supervisors, as well as to the DFEH.

52. PLAINTIFF is informed and believes and thereon alleges that after PLAINTIFF complained about differential treatment and compensation, Defendants APPLE, WALKER and PARKER disabled PLAINTIFF's network password and building access card. Defendant WALKER and PARKER removed the nameplate from PLAINTIFF's door, interrogated PLAINTIFF's co-workers about her and reduced PLAINTIFF's workload drastically.

53. At all relevant times, defendants had actual and constructive knowledge of the retaliatory conduct described and alleged herein, and condoned, ratified and participated in the retaliation. As a result of the retaliatory behavior perpetrated and executed by defendants, and defendants' failure to protect PLAINTIFF from retaliatory behavior, PLAINTIFF has suffered severe emotional distress, humiliation and embarrassment. As a further proximate result of such conduct, PLAINTIFF has suffered loss of income, loss of advance and promotions, loss of career opportunity and loss of tangible job benefits, all in amounts to be proven at trial.

54. Defendants, acts alleged herein are malicious, oppressive, fraudulent, despicable, and in conscious disregard of PLAINTIFF's rights and public policy. As such, punitive damages are warranted against defendants in order to punish and make an example out of each of them.

## SEVENTH COUNT

## FAILURE TO TAKE ALL REASONABLE STEPS

## IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940

## (AGAINST DEFENDANTS APPLE and DOES 1- 50, INCLUSIVE)

55. PLAINTIFF hereby adopts and incorporates by reference paragraphs 1 through 54,

inclusive, of this Complaint.

56. The California Fair Employment and Housing Act, ("FEHA") as amended, Government Code Section 12940 makes it an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination from occurring.

57. By defendants' conduct, as aforesaid, and by failing to express strong disapproval of discriminatory practices, by failing to develop appropriate sanctions for discrimination, by failing to properly inform PLAINTIFF and other employees of their rights regarding discrimination and instructing PLAINTIFF and other employees of the specific process to follow in order to report discrimination, by failing to develop appropriate methods to sensitize employees/managers to practices and the gravity of consequences for doing so, and by failing to take immediate and appropriate corrective action to stop the discrimination from occurring by PLAINTIFF's superiors, after defendant APPLE was aware of the discriminatory practices against PLAINTIFF in the failure to promote her or provide lawful compensation for her increased job responsibilities, defendants failed to take all reasonable steps to prevent the discrimination from occurring, in violation of the California Fair Employment and Housing Act, as amended.

58. As a proximate result of defendants' unlawful employment practices, PLAINTIFF has suffered damages, including but not limited to damages for wage loss and loss of employment benefits, as well as damages for humiliation, embarrassment, damages for severe mental and emotional distress and discomfort, as well as forcing him to incur attorneys' fees, costs and certain other incidental damages, all according to proof.

59. Defendant committed the acts alleged herein maliciously, fraudulently, and

oppressively, and with the wrongful intention of injuring PLAINTIFF, and acted with an improper and evil motive amounting to malice. Alternatively, defendants' despicable conduct was carried out in conscious disregard of PLAINTIFF's rights. Defendant's conduct was carried out by a managing agent, or an officer, a director, or a managing agent of defendant employer who had advance knowledge of the unfitness of its decision-maker and employed him and/or her with a conscious disregard of PLAINTIFF's rights and/or authorized and/or ratified his and/or her conduct. As a result of defendants' conduct, PLAINTIFF is entitled to recover punitive damages in an amount commensurate with defendants' wealth.

## EIGHTH COUNT

## FAILURE TO MAINTAIN ENVIRONMENT FREE FROM HARASSMENT –

## Cal. Govt. Code § 12940

## (AGAINST DEFENDANTS APPLE AND DOES 1-50)

60. PLAINTIFF incorporates by reference the factual allegations of paragraphs 1 through 59 above.

61. Defendants failed to take all reasonable steps to prevent harassment against PLAINTIFF from occurring, and to take immediate and appropriate corrective action to remedy the harassment, in violation of Cal. Govt. Code § 12940, by engaging in the course of conduct set forth above, among other things.

62. Specifically, defendants failed and have failed to the present time to take any disciplinary action against WALKER and PARKER, such as issuing a formal warning, providing counseling, or imposing probation, suspension, or termination.

63. PLAINTIFF is informed and believes and thereon alleges that defendants have never created and distributed a written policy about harassment, has never conducted any

harassment training, and has never posted any harassment policies for its supervisors or employees.

## NINTH COUNT

## DEFAMATION – SLANDER

## (AGAINST APPLE, WALKER, PARKER AND DOES 1-50, INCLUSIVE)

64. PLAINTIFFs incorporate by reference the factual allegations of paragraphs 1 through 63 above.

65. Defendants, and each of them, did publicize, or cause to be publicized, to third persons numerous false allegations concerning PLAINTIFF.

66. The accusations by defendants were made of and concerning PLAINTIFF and were so understood by all persons involved in the publication.

67. The statements made by Defendants were unprivileged, and were of the type of statements that have a tendency to injure, as they alleged dishonesty and incompetence.

68. PLAINTIFF is informed and believes and thereon alleges that Defendants WALKER and PARKER, acting as agents of Defendant APPLE, made statements to, and asked questions of PLAINTIFF's co-workers implying that PLAINTIFF accesssed her co-workers' records, including their compensation history, for her own benefit. These statements were made to PLAINTIFF's co-workers during PLAINTIFF's suspension.

69. These accusations were slanderous because they were false and lowered PLAINTIFF's reputation in the community.

70. Furthermore, defendants made these accusations knowing that they were false.

71. As a proximate result of the above-described accusations, PLAINTIFF has suffered loss of her reputation, shame, mortification, and hurt feelings, all to her general damage

in an amount according to proof.

72.    The above-described accusations were publicized by defendants because of defendants' desire to gain financial advantage by making false accusations against PLAINTIFF, because of defendants' obsessive feelings of hatred and ill will toward PLAINTIFF, and with conscious disregard by defendants for the rights of PLAINTIFF, thereby justifying an award of punitive damages against defendants in an amount appropriate to punish defendants for her wrongful conduct and to deter others from engaging in such conduct.

## TENTH COUNT

## DEFAMATION – LIBEL

## (AGAINST APPLE, WALKER, PARKER AND DOES 1-50, INCLUSIVE)

73.    PLAINTIFFs incorporate by reference the factual allegations of paragraphs 1 through 72 above.

74.    Defendants, and each of them, did publicize, or cause to be publicized in writing, to third persons numerous false allegations concerning PLAINTIFF.

75.  The statements made by Defendants were unprivileged, and were of the type of statements that have a tendency to injure, as they alleged dishonesty and incompetence.

76.    The accusations by defendants were made of and concerning PLAINTIFF and were so understood by all persons involved in the publication.

77.    PLAINTIFF is informed and believes and thereon alleges that Defendants WALKER and PARKER, acting as agents of APPLE, wrote to Independent Investigator Rebecca Speer and Steve BURMEISTER via e-mail and/or U.S. mail, falsely accusing PLAINTIFF of accessing her co-workers' records, including compensation history, for her own benefit.

78.     These accusations were slanderous because they were false and lowered PLAINTIFF's reputation in the community.

79.     Furthermore, defendants made these accusations knowing that they were false.

80.     As a proximate result of the above-described accusations, PLAINTIFF has suffered loss of her reputation, shame, mortification, and hurt feelings, all to her general damage in an amount according to proof.

81.     The above-described accusations were publicized by defendants because of defendants' desire to gain financial advantage by making false accusations against PLAINTIFF, because of defendants' obsessive feelings of hatred and ill will toward PLAINTIFF, and with conscious disregard by defendants for the rights of PLAINTIFF, thereby justifying an award of punitive damages against defendants in an amount appropriate to punish Defendants for her wrongful conduct and to deter others from engaging in such conduct.

## ELEVENTH COUNT

## INVASION OF PRIVACY

## (AGAINST DEFENDANTS APPLE, WALKER, PARKER,

## AND DOES 1 -50)

82.     PLAINTIFF incorporates by reference the factual allegations of paragraphs 1 through 81 above.

83.      PLAINTIFF is informed and believes and thereon alleges that defendants, without PATTERSON's consent, repeatedly intruded into her privacy by the conduct set forth above.

84.  PLAINTIFF is informed and believes and thereon alleges that Defendants APPLE, WALKER, BURMEISTER and PARKER invaded her privacy through public disclosure of

private facts when WALKER and PARKER, acting as agents of APPLE, interrogated PLAINTIFF's co-workers about her and alleged that she had been suspended for accessing her co-workers' compensation history for her own benefit. PLAINTIFF is informed and believes and thereon alleges that these were private, confidential personnel matters, not to be publicly disclosed. BURMEISTER invaded her privacy through public disclosure of private facts when he related to PARKER that PATTERSON was a lesbian and when he related the intimate details of Patterson's medical history, telling PARKER that PATTERSON had undergone surgery, was seeing a psychiatrist and was taking antidepressants. At least one other individual was present during the meeting between BURMEISTER and PARKER. PLAINTIFF is informed and believes and thereon alleges that these were private, personal matters, not to be publicly disclosed.

85. PLAINTIFF is informed and believes and thereon alleges that the intrusions described above were offensive and objectionable to a reasonable person. The intrusions were into aspects of PATTERSON's life that were private and were not of legitimate public concern.

86. PLAINTIFF is informed and believes and thereon alleges that Defendants APPLE, WALKER and PARKER invaded her privacy by a physical intrusion into PLAINTIFF's solitude or seclusion when WALKER and PARKER, acting as agents of APPLE, confiscated PLAINTIFF's personal laptop computer, subsequently reading and erasing the contents thereof.

87. PLAINTIFF is informed and believes and thereon alleges that Defendants APPLE, WALKER and PARKER penetrated a zone of physical and sensory privacy and consequently obtained unauthorized access to data about PLAINTIFF by the confiscation of PLAINTIFF's personal laptop. The confiscation of one's personal computer, together with the viewing and

erasure of personal files, would be offensive and objectionable to a reasonable person. Moreover, a personal laptop is a place which is private and entitled to be private, as it contains personal information, including tax records and personal letters, which no person of ordinary sensibilities would want viewed by others.

**TWELFTH COUNT**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY –**

**CALIFORNIA GOVERNMENT CODE § 12940,**

**CALIFORNIA CONSTITUTION ARTICLE 1, § 8, AND TITLE VII**

**(AGAINST DEFENDANT APPLE and**

**DOES 1 –50, inclusive)**

88.     PLAINTIFF incorporates by reference the factual allegations set forth in paragraphs 1 through 87 herein.

89.     PLAINTIFF's allegation of wrongful termination based on public policy from her employment with APPLE was based upon Defendants' violations of California Government Code § 12940, California Constitution Article 1, § 8, and Title VII.

90.     As a proximate result of Defendants' wrongful acts, PLAINTIFF has suffered and continues to suffer substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, stock options, and other employment benefits; and has suffered and continues to suffer emotional distress in an amount according to proof at the time of trial.

91.     Defendants, and each of them, did the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intent to injure PLAINTIFF, from an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF's rights.  The acts complained of were known to, authorized and ratified by Defendants.  PLAINTIFF is

therefore entitled to recover punitive damages from defendants, and each of them, in an amount according to proof at the time of trial.

## THIRTEENTH COUNT

## SEXUAL ORIENTATION DISCRIMINATION

## IN VIOLATION OF CALIFORNIA GOVERNMENT

## CODE §12940 et seq. (AGAINST DEFENDANT APPLE and

## DOES 1 –50, inclusive)

92.     PLAINTIFF incorporates by reference the factual allegations of paragraphs 1 through 91 above.

93.     Defendants, by and through their agents and management level employees, engaged in a continuing pattern and practice of unlawful sexual orientation discrimination in violation of California Government Code §12940 et seq. in connection with PLAINTIFF's work assignments, promotion and the terms and conditions of PLAINTIFF's employment, by failing to promote and raise the rate of compensation of PLAINTIFF when PLAINTIFF applied for and was otherwise qualified for a job position and by basing the decision to discipline PLAINTIFF on her sexual orientation.

94.     At all relevant times, defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination.  As a result of defendants' pattern and practice of unlawful discrimination, PLAINTIFF has suffered severe emotional distress, humiliation, indignity and loss of income in an amount provable at the time of trial.

95.     As a direct and proximate result of the willful, knowing and intentional discrimination against PLAINTIFF, and the failure to act by defendants in an effort to remedy

said discrimination, PLAINTIFF has suffered mental distress, anguish and indignation. PLAINTIFF is thereby entitled to general and compensatory damages in an amount to be proven at trial.

96.     Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of PLAINTIFF's rights.  As such, punitive damages are warranted against defendants in order to punish and make an example of each of them.

**FOURTEENTH COUNT**

**GENETIC CHARACTERISTIC DISCRIMINATION**

**IN VIOLATION OF CALIFORNIA GOVERNMENT**

**CODE §12940 et seq.  (AGAINST DEFENDANT APPLE and**

**DOES 1 –50, inclusive)**

97.     PLAINTIFF incorporates by reference the factual allegations of paragraphs 1 through 96 above.

98.     Defendants, by and through their agents and management level employees, engaged in a continuing pattern and practice of unlawful genetic characteristic discrimination in violation of California Government Code §12940 et seq. in connection with PLAINTIFF's work assignments, promotion and the terms and conditions of PLAINTIFF's employment, by failing to promote and raise the rate of compensation of PLAINTIFF when PLAINTIFF applied for and was otherwise qualified for a job position and by basing the decision to discipline PLAINTIFF on a genetic characteristic, namely PLAINTIFF's weight.

99.     At all relevant times, defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination.  As a result of defendants' pattern and practice of unlawful discrimination,

PLAINTIFF has suffered severe emotional distress, humiliation, indignity and loss of income in an amount provable at the time of trial.

100.     As a direct and proximate result of the willful, knowing and intentional discrimination against PLAINTIFF, and the failure to act by defendants in an effort to remedy said discrimination, PLAINTIFF has suffered mental distress, anguish and indignation. PLAINTIFF is thereby entitled to general and compensatory damages in an amount to be proven at trial.

101.     Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of PLAINTIFF's rights.  As such, punitive damages are warranted against defendants in order to punish and make an example of each of them.

### FIFTEENTH COUNT

### DISCRIMINATION BASED ON A PERCEIVED DISABILITY

### IN VIOLATION OF CALIFORNIA GOVERNMENT

### CODE §12940 et seq.  (AGAINST DEFENDANTS APPLE and

### DOES 1 –50, inclusive)

102.     PLAINTIFF incorporates by reference the factual allegations of paragraphs 1 through 101 above.

103.     Defendants, by and through their agents and management level employees, engaged in a continuing pattern and practice of unlawful perceived disability discrimination in violation of California Government Code §12940 et seq. in connection with PLAINTIFF's work assignments, promotion and the terms and conditions of PLAINTIFF's employment, by failing to promote and raise the rate of compensation of PLAINTIFF when PLAINTIFF applied for and was otherwise qualified for a job position and by basing the decision to discipline PLAINTIFF

on a perceived disability. After Defendant BURMEISTER related to Defendant PARKER that PLAINTIFF saw a psychiatrist and took prescription medication, Defendants PARKER, WALKER and BURMEISTER decided to discipline PLAINTIFF by suspending her for one month.

104. At all relevant times, defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination. As a result of defendants' pattern and practice of unlawful discrimination, PLAINTIFF has suffered severe emotional distress, humiliation, indignity and loss of income in an amount provable at the time of trial.

105. As a direct and proximate result of the willful, knowing and intentional discrimination against PLAINTIFF, and the failure to act by defendants in an effort to remedy said discrimination, PLAINTIFF has suffered mental distress, anguish and indignation. PLAINTIFF is thereby entitled to general and compensatory damages in an amount to be proven at trial.

106. Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of PLAINTIFF's rights. As such, punitive damages are warranted against defendants in order to punish and make an example of each of them.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief as follows:

1. For general damages according to proof, however, no less than the jurisdictional limit of this court;

2. For special damages in amounts according to proof;

3.      For punitive damages in amounts according to proof;

4.      For attorneys' fees as provided by law;

5.      For interest as provided by law;

6.      For cost of suit incurred herein; and

7.      For such other and further relief as the Court deems fair and just.

Dated: April 1, 2005                    LAW OFFICES OF WAUKEEN McCOY

                                        **By /s/ Waukeen McCoy**
                                            Waukeen Q. McCoy
                                            Attorneys for PLAINTIFF
                                            SHAUNE PATTERSON

COMPLAINT