IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD G. MAHTESIAN, | No. 03-5372 MMC |
| Plaintiff, | No. 04-1306 MMC |
| v. | Consolidated Cases |
| JOHN W. SNOW, et al., | **ORDER DENYING PLAINTIFF'S MOTION FOR COURT REVIEW OF CLERK'S TAXATION OF COSTS; VACATING HEARING** |
| Defendants | |
| RONALD G. MAHTESIAN, | (Docket No. 65) |
| Plaintiff | |
| v. | |
| JOHN W. SNOW, et al., | |
| Defendants / | |

Before the Court is plaintiff's motion for review of the Clerk's taxation of costs, pursuant to Civil Local Rule 54-5.  Defendants have filed opposition, to which plaintiff has replied. Having considered the papers submitted in support and in opposition to the motion, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for April 8, 2005, and rules as follows.

On August 25, 2004, the Court entered judgment in favor of plaintiff, pursuant to Rule 68 of the Federal Rules of Civil Procedure.  On October 1, 2004, plaintiff filed a timely bill of

1 costs. On February 18, 2005, plaintiff, at the request of the Clerk, filed an amended bill of costs,[1] seeking a total of $3423.85. On February 24, 2005, the Clerk taxed costs in the amount of $973.85, finding that the cost plaintiff incurred to pay a reporter to transcribe proceedings conducted by the Merit Systems Protection Board ("MSPB"), specifically, $2450, was not taxable. Plaintiff seeks review of the Clerk's disallowance of said sum, arguing that because plaintiff, in Case No. C04-1306 in this consolidated proceeding, sought review of the MSPB's decision, it was necessary for plaintiff to obtain a transcript of the proceedings conducted by the MSPB.

"Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" may be recovered as a taxable cost. See 28 U.S.C. § 1920(2). Similarly, "[t]he cost of transcripts necessarily obtained for an appeal" may be recovered as a taxable cost. See Civil L.R. 54-3(b)(1).

Here, in his First Amended Complaint filed July 12, 2004 in Case No. C04-1306 ("FAC"), plaintiff alleged, inter alia, that he had filed an appeal with the MSPB to challenge defendants' "negative suitability determination," that he had prevailed on that issue before the MSPB, and that the MSPB, as a remedy, had ordered defendants to "cancel the negative suitability determination and place [plaintiff] on a list of eligibles for the [position in question]." (See FAC ¶¶ 7, 13, 26.)[2] In his Fourth Claim therein, plaintiff alleged that the remedy provided by the MSPB was "insufficient," (see FAC ¶ 28), and he sought a court order granting him further remedies, (see FAC, Prayer for Relief, ¶ 14).

Plaintiff's Fourth Claim, that the MSPB erred with respect to the remedy provided, is a claim "reviewed on the administrative record." See Romain v. Shear, 799 F. 2d 1416, 1421 (9th Cir. 1986) (holding where plaintiff seeks judicial review of MSPB's decision rendered on non-discrimination claim, district court reviews decision "on the administrative record").

---

[1] The Clerk has the discretion to require "further affidavits and documentation as necessary to determine allowable costs." See Civil L. R. 54-4(a).

[2] Before the MSPB, plaintiff also alleged discrimination claims. Those claims are not the subject of the Fourth Claim asserted in the FAC.

Consequently, plaintiff is correct that it was necessary for plaintiff to obtain the transcript.

As defendants point out, however, the Local Rules of this District provide that in an action for district court review "on an administrative record," the defendant is required to "serve and file an answer, together with a certified copy of the transcript of the administrative record, within 90 days of receipt of service of the summons and complaint." See Civil L.R. 16-5. Defendants, accordingly, argue that it was not necessary for plaintiff to incur the cost of preparing the transcript because defendants were obligated to serve a certified copy of the transcript on plaintiff.

On August 9, 2004, defendants filed with the Clerk and served on plaintiff their answer to the FAC. (See Defs.' Answer, filed August 9, 2004.) Plaintiff correctly observes that defendants failed to file and serve the transcript of the administrative record "together with" their answer, and thus that defendants failed to fully comply with their obligations under Civil Local Rule 16-5. Plaintiff, however, had ordered the transcript and incurred the cost of $2450 prior to August 9, 2004. (See Rizzo Decl., filed October 1, 2004, Ex. B, 7th unnumbered page.)[3] In other words, plaintiff cannot argue that it was necessary for plaintiff, by reason of defendants' failure to fully comply with Local Rule 16-5, to incur the cost, because plaintiff did not know of any such failure when he chose to incur the cost. Further, even if plaintiff had not already ordered the transcript at the time he was served with defendants' answer, plaintiff, upon receipt of the answer, had the option of either contacting defendants to inquire as to the status of the transcript or seeking a court order requiring defendants to fully comply with their obligations under Local Rule 16-5.

Under the circumstances, the Court finds that plaintiff has failed to show the Clerk erred in its taxation of costs.

Plaintiff alternatively argues that in the event the Court declines to alter the Clerk's order, the Court should award plaintiff the cost of the transcript under the terms of the Judgment. As the Court explained in its Order Granting in Part and Denying in Part Plaintiff's

---

[3]The date of the reporter's invoice to plaintiff was August 4, 2004. (See id.) The invoice does not state the date when plaintiff ordered the transcript. (See id.)

1 | Motion for Award of Attorney Fees and Costs, plaintiff is entitled under the Judgment to non-
2 | taxable costs incurred in the instant consolidated proceeding under the various fee-shifting
3 | statutes implicated by plaintiff's claims. (See Order, filed December 14, 2005, at 15.) For the
4 | reasons discussed above, however, the Court finds that the cost in question was not
5 | reasonably incurred. See Harris v. Marhoefer, 24 F. 3d 16, 19-20 (9th Cir. 1994) (holding
6 | prevailing party entitled to recover "reasonable" non-taxable costs under fee-shifting statutes)

Accordingly, plaintiff's motion is hereby DENIED.

This order terminates Docket No. 65.

**IT IS SO ORDERED.**

Dated: April 4, 2005                 /s/ Maxine M. Chesney
                                                     MAXINE M. CHESNEY
                                                     United States District Judge