| | |
|---|---|
| 1 | MICHAEL L. RUGEN (Bar No. 85578) |
| | CAROL LYNN THOMPSON (No. 148079) |
| 2 | HELLER EHRMAN LLP |
| | 333 Bush Street |
| 3 | San Francisco, CA 94105-2878 |
| | Telephone: (415) 772-6000 |
| 4 | Facsimile: (415) 772-6268 |
| 5 | NORMAN J. BLEARS (Bar No. 95600) |
| | DANIEL T. ROCKEY (No. 178604) |
| 6 | HELLER EHRMAN LLP |
| | 275 Middlefield Road |
| 7 | Menlo Park, CA 94025-3506 |
| | Telephone: (650) 324-7000 |
| 8 | Facsimile: (650) 324-0638 |
| 9 | Attorneys for Defendant |
| | PRICEWATERHOUSECOOPERS LLP |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re CISCO SYSTEMS INC. SECURITIES LITIGATION, | Master File No.: CV-01-20418 JW |
| | <u>CLASS ACTION</u>: |
| This Document Relates to: ALL ACTIONS | **DEFENDANT PRICEWATERHOUSECOOPERS LLP'S JOINDER AND MEMORANDUM IN SUPPORT OF DEFENDANTS' PROPOSED ORDER RE SEQUENCE OF EXPERT REPORTS** |
| | **Date: May 9, 2005** |
| | **Time:** |
| | **The Honorable Judge J. Ware** |

Heller Ehrman LLP

PWC'S MEMO ISO DEFS' PROP. ORDER RE SEQUENCE OF EXPERT REPORTS; CASE NO. CV-01-20418 JW

Defendant PricewaterhouseCoopers LLP ("PwC") submits this memorandum in support of Defendants' Proposed Second Amended Scheduling Order, and in particular, in support of the entry of a scheduling order that requires Plaintiffs to make their Rule 26(a)(2)(B) expert disclosures prior to Defendants' expert disclosures.

PwC agrees with the Cisco Defendants that the only sensible way to proceed in this matter is to direct that Plaintiffs must first disclose those theories and transactions, among the various and sundry theories and transactions identified in their nearly two hundred page First Amended Complaint,[1] upon which they actually intend to offer expert testimony, so that the defendants may tailor their expert reports to address only those issues which plaintiffs intend to pursue at trial. PwC joins in the Cisco Defendants' Memorandum In Support Of Defendants' Proposed Second Amended Scheduling Order and the arguments therein, and writes separately to clarify that the arguments advanced by the Cisco Defendants apply with equal force to defendant PwC.

As the Cisco Defendants point out, Plaintiffs' First Amended Complaint advances numerous and at times conflicting theories of wrongdoing over a year and half time period including, without limitation, allegations concerning acquisition strategy, conflicts of interest, self-dealing and insider trading, and various allegations concerning revenue recognition, inventory, accounts receivables reserves, and other issues. As to PwC Plaintiffs allege that Cisco's financial statements, audited by PwC, failed to comply with Generally Accepted Accounting Principles ("GAAP") and that PwC's audits of Cisco failed to comply with Generally Accepted Auditing Standards ("GAAS"). But the scattershot nature of Plaintiffs' allegations provides little guidance to PwC as to which theories plaintiffs intend to pursue at trial, which transactions plaintiffs will attempt to prove do not comply with GAAP, or which aspects of PwC's audits plaintiffs will contend fail to comply GAAS.

PwC believes that Cisco's financial statements were consistent with GAAP and that

---

[1] First Amended Consolidated Complaint for Violation of the Securities Laws.

1

PWC'S MEMO ISO DEFS' PROP. ORDER RE SEQUENCE OF EXPERT REPORTS; CASE NO. CV-01-20418 JW

its audits of Cisco were in accordance with GAAS. PwC can undoubtedly submit an expert report that opines generally that Cisco's financial statements complied with GAAP and that PwC's audits were in accordance with GAAS. But such a generalized report is unlikely to provide significant assistance to either the Court or the parties in understanding PwC's position with respect to the important issues for trial. Conversely, PwC could speculate as to which theories, transactions or audit procedures on which plaintiffs will offer expert testimony. But either of these approaches is likely to be unnecessarily wasteful of both judicial and client resources.

PwC respectfully submits that no purpose is served by requiring defendants to submit expert reports simultaneously with Plaintiffs and requests that the Court adopt Defendants' proposed Second Amended Scheduling Order, attached as Exhibit 3 to the Memorandum of the Cisco Defendants.

DATED: April 4, 2005     HELLER EHRMAN LLP

By _____
  Daniel T. Rockey

Attorneys for Defendant
PricewaterhouseCoopers LLP

275 Middlefield Rd
Menlo Park, CA 94025