LOUIS A. HIGHMAN, ESQ., State Bar No. 61703
LAWRENCE BALL, ESQ., State Bar No. 60496
HIGHMAN, HIGHMAN & BALL
A Professional Law Association
870 Market Street, Suite 467
San Francisco, CA 94102
Telephone: (415) 982-5563
Facsimile: (415) 982-5202

Attorneys for Plaintiff Arthur Mielke

United States District Court

Northern District of California

San Francisco Division

| | |
|---|---|
| ARTHUR MIELKE,<br><br>    Plaintiff,<br><br>-v-<br><br>CONOCOPHILLIPS COMPANY, SENTINEL TRANSPORTATION LLC, ABE CASTRO, MARILYN SHAW, DAVE STANNARD, DOES I-XX,<br><br>    Defendants.<br>_____/ | No. C 04-05502 TEH<br><br>DECLARATION OF ARTHUR MIELKE IN SUPPORT OF MOTION TO REMAND CASE TO SUPERIOR COURT<br><br><br>DATE OF HEARING: 5-9-05<br>TIME: 10 A.M.<br>CTRM: 12<br>JUDGE: HON. THELTON HENDERSON |

Arthur Mielke declares as follows:

1. Attached hereto as Exhibit 1 are true and correct copies of two Complaint[s] of Discrimination under the Provisions of the California Fair Employment and Housing Act which I signed on September 20, 2004, which were filed with

-1-
_____
Dec. of Arthur Mielke in Support of Motion for Remand--No. C 04-05502 TEH

the California Department of Fair Employment and Housing on September 21, 2004, one against Sentinel Transportation LLC and one against ConocoPhillips Company, along with Notice of Case Closure notices (including right to sue) addressed to me from the Department of Fair Employment and Housing dated September 23, 2004 for each said complaint of discrimination, along with a proof of service pertaining thereto for each said complaint.

    2.    On or about August 12 or 13, 2004, I received correspondence dated August 9, 2004, from Alison C. Pauly, regional investigator for the U.S. Department of Labor, Occupational Safety and Health Administration, pertaining to that agency's investigation of an administrative complaint I had filed with it pertaining to whistleblower/safety issues as to ConocoPhillips Company and Sentinel Transportation LLC. The letter indicated the agency was providing me with "your file as provided by Sentinel Transportation." A true and correct copy of the August 9, 2004 cover letter is attached hereto as Exhibit 2.

    3.    Included with the "file" referred to in the August 9, 2004 cover letter was a copy of a document entitled "Employee Selection and Hiring Worksheet" which had Dave Stannard's signature on it, and which was signed October 16, 2003. Dave Stannard had been my immediate supervisor at the Richmond terminal. A true and correct copy of the "Employee Selection and Hiring Worksheet" document is attached hereto as Exhibit 3.

-2-

4. On the "Employee Selection and Hiring Worksheet" (Exhibit 3), on a 10-point scale (1 equals poor and 10 equals outstanding), Stannard rated me as a "6" on "Disposition (Gets along with fellow workers)", a "7" on "Attitude", a "7" on "Productivity", a "7" on "Work Ethic", and gave me no rating at all on "Safety". Also, on this same October 16, 2003 "Employee Selection and Hiring Worksheet", Stannard checked the "No" box on the "Hiring Recommendation" line.

5. I did not know of the existence of this document ("Employee Selection and Hiring Worksheet") or any of the contents of it before I received a copy of it from Alison Pauly in August 2004. I did not know Dave Stannard had made any of the statements and representations about me which were contained in the "Employee Selection and Hiring Worksheet", prior to receiving a copy of the "Employee Selection and Hiring Worksheet" from Alison Pauly in August 2004.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on April 3, 2005, at San Francisco County, California, and that the statements contained herein are true of my own personal knowledge, and if called as a witness I could and would testify competently thereto.

/s/ Arthur Mielke
Arthur Mielke, Declarant

-3-