1 DENNIS J. HERRERA, State Bar #139669
City Attorney
2 JOANNE HOEPER, State Bar #114961
Deputy City Attorney
3 DAVID B. NEWDORF, State Bar #172960
Deputy City Attorney
4 Fox Plaza
1390 Market Street, Sixth Floor
5 San Francisco, California 94102-5408
Telephone:    (415) 554-3892
6 Facsimile:    (415) 554-3837
E-Mail:        david.newdorf@sfgov.org

Attorneys for Defendants
SAN FRANCISCO POLICE DEPARTMENT and
CITY AND COUNTY OF SAN FRANCISCO,
MICHAEL TURKINGTON, G. PAK, SERGIO LOPEZ,
WARREN LEE, LATANYA BRIGGS; and JOSE GUARDADO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ZACHERY DUFFY, | Case No. C 02-2250 VRW |
|---|---|
| Plaintiff, | **INDIVIDUAL POLICE OFFICER DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT FOR DEFECTIVE SERVICE OF PROCESS** |
| vs. | |
| SAN FRANCISCO POLICE DEPARTMENT, et al., | |
| Defendants. | **[Fed. R. Civ. P. 12(b)(5), Rule 4(m)]** |
| | Hearing Date:  May 12, 2005
Hearing Judge: Hon. Vaughn R. Walker
Time:          2:00 p.m.
Place:         Courtroom 6, 17th fl., 450 Golden Gate Ave.
Trial Date:    None |

## NOTICE OF MOTION

TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT on May 12, 2005, at 2 p.m. in the Courtroom of the Hon. Vaughn R. Walker, 450 Golden Gate Ave., defendants MICHAEL TURKINGTON, G. PAK, SERGIO LOPEZ, WARREN LEE, LATANYA BRIGGS; and JOSE GUARDADO will and hereby do move for an order dismissing the Complaint for defective service of process under Rule 12(b)(5) and Rule 4(m). This motion is based on this notice, the following memorandum of law, the accompanying declaration, and such other matters as the parties may raise in the briefs and at the hearing.

## INTRODUCTION

Plaintiff has been on notice since this action was removed to federal court almost three years ago that he had not properly served the 12 individual police officer defendants. On February 25, 2005, the Court set a March 18, 2005 deadline for service of these defendants. Plaintiff did not try to personally serve the summons and complaint on the officers, but opted instead to attempt substitute service by leaving the summons and complaint at the defendants' purported places of work and then mailing the documents.

The attempted service of process was defective because, under state law, plaintiff must first use "reasonable diligence" to serve the defendants personally before resorting to substitute service. The Court's deadline for service has passed. The Court should therefore dismiss the Second Amended Complaint without prejudice.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed an action in state court and served the City and Police Department. The City and Police Department timely removed the action to this Court on May 8, 2002. The City filed motions to dismiss the original complaint (filed May 15, 2002), the first amended complaint (filed April 26, 2004) and the second amended complaint (filed August 31, 2004). In these motions, the individual defendants did not appear and the City noted plaintiff's failure to properly serve the individual officer defendants.

In the order granting in part and denying in part the City's most recent motion to dismiss, the Court on February 25, 2005, ordered that plaintiff serve the individual police officer defendants by March 18, 2005. (Docket No. 42.) The Court noted that plaintiff had not served the individual defendants within the 120-day period required under Fed. R. Civ. P. 4(m). The Court further noted its discretion under the rule to dismiss or to grant additional time for service.

The Court stated:

> Matters have taken long enough. After almost three years, the pleadings in this case are still open. . . . A failure to serve any defendant by [March 18, 2005] will result in the dismissal without prejudice of the action against that defendant. (*Id.* at 9:15-19.)

On March 4, 2005, plaintiff's counsel filed a declaration in which he stated that "summons in this case is irretrievably lost and I hereby apply for a second summons." (Docket No. 44 [Newdorf Decl. Ex. A].) The docket shows that the clerk issued a summons for the Second Amended Complaint on March 14, 2005. (Newdorf Decl. ¶ 3.) On the same day that the summons was issued, plaintiff filed the proofs of service on the summons. (Docket No. 47 [Newdorf Decl. Ex. B].). According to the process server's declaration, the summons and complaint were served on March 14, 2005 – the same day the summons was issued – by leaving the documents with officers at several different police stations and mailing to the same addresses "pursuant to CCP § 415.20(a)." (Newdorf Decl. Ex. B.)

Neither plaintiff nor his process server provided or filed a declaration stating that any earlier attempts had been made to personally deliver the summons and complaint to any individual officer defendant.

## ARGUMENT

### THE COMPLAINT AGAINST THE INDIVIDUAL OFFICERS SHOULD BE DISMISSED BECAUSE SERVICE WAS DEFECTIVE.

Plaintiffs attempted substitute service under the California Code of Civil Procedure, but the service was defective because plaintiff did not first try to personally deliver the summons and complaint to the individual officers. When the validity of service is challenged on a motion under Rule 12(b)(5), the plaintiff bears the burden of establishing proper service of the summons

2

and complaint. *Federal Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992); *Walker & Zaner (West Coast) Ltd. v. Stone Design S.A.*, 4 F. Supp. 2d 931, 934 (C.D. Cal. 1997).

Personal service – i.e., personal hand delivery to the individual defendant – remains the method of choice under the statutes and the California constitution. *Olvera v. Olvera,* 232 Cal. App. 3d 32, 41 (1991). "When substituted or constructive service is attempted, strict compliance with the letter and spirit of the statutes is required." *Id.* "Substituted service" refers to the procedure for leaving a copy of the summons and complaint at the defendant's home or office and then mailing the documents to the same address. *See* Cal. Code of Civil Procedure § 415.20.

The California statute is clear. Substitute service of process on an individual is permitted only after there has been a "diligent" effort to personally deliver the summons and complaint. The statute reads:

> If a copy of the summons and complaint cannot with ***reasonable diligence*** be personally delivered to the person to be served, as specified in Section . . . 416.90, a summons may be served by leaving a copy of the summons and complaint at the . . . usual place of business. . . in the presence of a . . . a person apparently in charge of his or her office, place of business, . . . and by thereafter mailing a copy of the summons and of the complaint by first-class mail . . . . to the person to be served a the place where a copy of the summons and complaint were left.

Code of Civil Procedure § 415.20(b) (emphasis added).[1]

California courts define "reasonable diligence" as requiring two or three attempts at different times to effect personal service at a proper address. *See Bein v. Brechtel-Jochim Group, Inc.*, 6 Cal. App. 4th 1387, 1391-92 (1992); *Espindola v. Nunez* 199 Cal. App. 3d 1389, 1392 (1988).

In *Burchett v. City of Newport Beach,* 33 Cal. App. 4th 1472, 1477 (1995), city officials challenged substitute service on the ground that plaintiff's process server had not been diligent in

---

[1] The Proof of Service filed in this case mistakenly cites Code of Civil Procedure § 415.20***(a)*** instead of § 415.20***(b).*** Paragraph (a) applies only to substitute service on corporations (§ 416.10), dissolved/forfeited corporations (§ 416.20), joint stock companies or associations (§ 416.30) or unincorporated associations (§ 416.40). Paragraph (b) applies to individual defendants, among others.

3

1 attempting personal delivery of the summons and complaint. In that case, plaintiff delayed service and then, as the deadline for service neared, served the city officials by substitute service without first attempting personal service. "Rather than finding any reasonable diligence in the pursuit of personal service on these defendants, we find no evidence of any diligence whatsoever." *Id.* The court held that "Personal delivery must be attempted in all cases where this alternative method of service is used." *Id.*

Federal courts follow the state precedents in interpreting the state service statute's diligence requirement. In *Vance Products, Inc. v. Oasis Medical, Inc.,* 2002 WL 449798 (S.D. Ind. Mar. 20, 2002), plaintiff made one attempt to serve an individual defendant before resorting to substitute service. The district court held service was invalid. "California cases demonstrate that before a server resorts to substituted service, (s)he first must exercise reasonable diligence to effectuate personal service." *Id.*

Plaintiff did not submit a declaration of diligence stating that the process server had made any attempt at personal service. Moreover, no such declaration could be filed. Counsel stated on March 4, 2005 that the summons had been lost, and according to the docket, a new summons was not issued until March 14, 2005. That is the same day that plaintiff purported to serve the summons and complaint by substitute service. On these facts, service was defective. Plaintiff has had ample time to serve the complaint in accordance with the state and federal rules. The Court should now find that plaintiff did not properly serve the individual officer defendants and dismiss the Second Amended Complaint as to these parties under Rule 4(m).

**CONCLUSION**

For the foregoing reasons, the Court should dismiss the Complaint as to the individual officers without prejudice.

Dated: April 4, 2005

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy

By: _____/s/_____
David B. Newdorf
Deputy City Attorney
Attorneys for Defendants
SAN FRANCISCO POLICE DEPARTMENT,
CITY AND COUNTY OF SAN FRANCISCO,
MICHAEL TURKINGTON, G. PAK, SERGIO
LOPEZ, WARREN LEE, LATANYA BRIGGS;
and JOSE GUARDADO