J. Kevin Morrison, Esq., SBN 160531
**JONES, CLIFFORD, JOHNSON & JOHNSON LLP**
100 Van Ness Avenue, 19th Floor
San Francisco, California 94102
Telephone: 415/431-5310
Facsimile: 415/431-2266
e-mail: kmorrison@jcjj.net

Attorney for Plaintiffs
SHAWN LEE HILLER and
STACEY HILLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHAWN LEE HILLER and STACEY HILLER, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA and DOES 1 THROUGH 20, <br><br> Defendants. | Case Number: C 05 01620-SBA <br><br> **COMPLAINT FOR DAMAGES** |

Plaintiffs SHAWN LEE HILLER and STACEY HILLER individually and collectively, hereby allege on information and belief, the following facts in support of their claim for damages arising out of a motor vehicle collision.

I. **JURISDICTION AND VENUE**

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. 2671, et seq. for the motor vehicle collision caused by an employee of the United States Postal Service acting within the

- 1 -

Complaint for Damages

course and scope of his employment. The United States Postal Service is a federal agency of defendant UNITED STATES OF AMERICA. Pursuant to 28 U.S.C. 1346(b)(1), the District Court has exclusive jurisdiction of this action.

2. Venue is proper in the United States District Court for the Northern District of California, San Francisco Division, because the events giving rise to this action occurred within the County of San Mateo. See 28 U.S.C.A. §1402(b).

## II. **EXHAUSTION OF REMEDIES**

3. Plaintiffs have satisfied the conditions precedent to filing a civil lawsuit against the UNITED STATES OF AMERICA. This action arose on February 24, 2004, out of the operations of the United States Postal Service. Plaintiffs each presented a timely claim to the United States Postal Service on October 1, 2004, in the amount of $6,000,000 for SHAWN LEE HILLER and $1,000,000 for STACEY HILLER, and were assigned file numbers NT006676 and NT006675. A true and correct copy of said claims are attached hereto as Exhibit 1 and incorporated herein by reference. As of the date of this complaint, which is more than six months after plaintiffs presented their claims, the United States Postal Service has not made a final disposition of either claim. Pursuant to 28 U.S.C. §2675(a), plaintiffs may elect to deem these claims denied if the federal agency does not make a final decision within six months after receipt of the claim.

## III. **PARTIES**

4. At all relevant times, SHAWN LEE HILLER and STACEY HILLER were and are citizens of the United States of America. At all relevant times, SHAWN LEE HILLER and STACEY HILLER are residents of the State of California. Both presently reside in the County of San Mateo.

5. Defendant UNITED STATES OF AMERICA is responsible for the acts and omissions of employees of the United States Postal Service acting within the course and scope of employment. See 28 U.S.C.A. §1346; 39 U.S.C.A. §409(c).

////

////

Complaint for Damages

IV. **FACTS**

6. On or about 6:45 p.m., February 24, 2004, plaintiff SHAWN LEE HILLER was driving on US-101 southbound, south of University Avenue over crossing, within the city limits of East Palo Alto, County of San Mateo, State of California.

7. At said date and time, Reginald Charles Jones, an employee of the United States Postal Service, was responsible for the operation of a 1997 Freightliner truck owned by the United States Postal Service, license number 0620511 (hereafter "the truck"). Mr. Jones was operating the truck within the course and scope of his employment with the United States Postal Service in the delivery of United States mail.

8. At said date and time, Mr. Jones negligently caused the truck to travel at a speed unsafe for conditions, causing the truck to collide with the rear of Mr. Hiller's vehicle, which was stopped.

9. As a result, SHAWN LEE HILLER sustained serious personal injuries.

10. Under the facts and circumstances alleged herein, the persons responsible for the operation of the truck and the owners of the truck, if they were private persons, would be liable under California law to SHAWN LEE HILLER and STACEY HILLER.

V. **FIRST CLAIM - NEGLIGENCE**

**Count One – Negligence Per Se**

11. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 6 through 10 as though fully set forth herein.

12. Reginald Charles Jones, and DOES 1-10, while acting within the course and scope of employment with the United States Postal Service, violated sections of the California Vehicle Code, including but not limited to Section 22350 (basic speed law), which provides in relevant part that "no person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent…and in no event at a speed which endangers the safety of persons or property," which violation was indicated as the "Primary Collision Factor" in Traffic Collision Report 2004-02-297.

////

Complaint for Damages

13. The foregoing violation of the California Vehicle Code was singularly a direct and proximate cause of SHAWN LEE HILLER's injuries.

14. Said California Vehicle Code was designed to prevent occurrences the nature of which occurred to SHAWN LEE HILLER, including but not limited to preventing injury to other vehicle operators.

15. SHAWN LEE HILLER was of the class of persons for whose protection said California Vehicle Codes were adopted, i.e., an operator of a motor vehicle.

16. Pursuant to California common law, codified in California Evidence Code Section 669(a), negligence is presumed under the circumstances described above, i.e., where a defendant violates a statute, ordinance, or regulation of a public entity, and causes death or injury to person or property, from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent, and the person suffering the death or injury was one of the class of persons the statute, ordinance, or regulation was designed to protect. See Cal. Evid. Code §669. Therefore, negligence may be presumed.

17. As a direct and legal result of the negligent acts or omissions set forth above and incorporated herein by reference, plaintiffs have suffered economic and non-economic damages for the injuries to SHAWN LEE HILLER and STACY HILLER to the extent permitted by California law, and as reflected in California Jury Instructions (hereafter"CACI") 3903A, 3903C, 3903D, 3903E, 3905A and 3920, including, but not limited to, past and future medical expenses, past and future lost earnings, lost earning capacity, loss of ability to provide household services, past and future physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, emotional distress, and loss of consortium damage, including past and future loss of love, companionship, comfort, care, assistance, protection, attention, society, moral support, and loss of enjoyment of sexual relations.

**Count Two – General Negligence**

18. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 11 through 17 as though fully set forth herein.

19. Reginald Charles Jones and DOES 11 through 20, acting within the course and scope of employment with the United States Postal Service, negligently and unlawfully, and with conscious disregard for the rights and safety of others, hired, employed, continued to employ, designed, owned, operated, entrusted, maintained, managed, controlled, and/or drove the truck in such a manner that caused injuries to SHAWN LEE HILLER.

20. As a direct and legal result of the negligent acts or omissions set forth above and incorporated herein by reference, plaintiffs have suffered economic and non-economic damages for the injuries to SHAWN LEE HILLER and STACEY HILLER to the extent permitted by California law and as reflected in CACI 3903A, 3903C, 3903D, 3903E, 3905A, and 3920, including, but not limited to, past and future medical expenses, past and future lost earnings, lost earning capacity, loss of ability to provide household services, past and future physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, emotional distress, and loss of consortium damage, including past and future loss of love, companionship, comfort, care, assistance, protection, attention, society, moral support, and loss of enjoyment of sexual relations.

**Count Three – Loss of Consortium**

21. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 11 through 20 as though fully set forth herein.

22. That at all times mentioned, plaintiff STACEY HILLER was and is the wife and legal spouse of plaintiff SHAWN LEE HILLER.

23. That as a direct and legal result of the negligence and carelessness of defendants, and each of them, plaintiff has been deprived of the consortium, conjugal society, comfort, affection, companionship, moral and emotional support of her husband, and continues to be deprived thereof for an indefinite time in the future, all to her general damage.

VI. **PRAYER**

WHEREFORE, plaintiffs pray for judgment against defendants, and each of them, as follows:

Complaint for Damages

1. For economic damages according to proof at the time of trial, to the extent permitted by California law and as reflected in CACI 3903A, 3903C, 3903D, 3903E, including, but not limited to, past and future medical expenses, past and future lost earnings, lost earning capacity, and loss of ability to provide household services;

2. For non-economic damages according to proof at the time of trial, to the extent permitted by California law and CACI 3905A and 3920, including, but not limited to, past and future physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, emotional distress, and loss of consortium damage, including past and future loss of love, companionship, comfort, care, assistance, protection, attention, society, moral support, and loss of enjoyment of sexual relations;

3. For costs of suit herein;

4. For pre-judgment interest; and

5. For such further relief as the Court may deem proper.

Date: April 20, 2005
JONES, CLIFFORD, JOHNSON & JOHNSON, LLP

_____
J. KEVIN MORRISON, Esq.
Attorney for Plaintiffs
SHAWN LEE HILLER and
STACEY HILLER