1   Edith J. Benay, S.B.N. 98747
    Law Office of Edith J. Benay
2   345 Franklin Street
    San Francisco, CA 94102
3   Telephone:    (415) 241-7286
    Facsimile:    (415) 252-8048
4
    Attorney for Plaintiff
5   NAOMI WALTON

6
                    IN THE UNITED STATES DISTRICT COURT
7
                    FOR THE NORTHERN DISTRICT OF CALIFORNIA
8

9

10  NAOMI WALTON,                    )   Case No.  CV 03-01460 SI
                                     )
11                                   )   **E FILING CASE**
                                     )
12      Plaintiff,                   )   **PLAINTIFF'S EX PARTE MOTION**
                                     )   **REQUESTING LEAVE TO**
13      v.                           )   **SUPPLEMENT  PLAINTIFF'S**
                                     )   **OPPOSITION TO DEFENDANTS**
14  UNITED STATES MARSHALS SERVICE )     **MOTION FOR   SUMMARY JUDGMENT**
    MARC A. FARMER, CHIEF, JUDICIAL )
15  PROTECTIVE SERVICES - JUDICIAL   )
    SECURITY DIVISION;               )
16  UNITED STATES DEPT.OF HEALTH     )
    & HUMAN SERVICES;                )
17  BENIGNO REYNA, DIRECTOR,         )   Hearing Date: April 29, 2005
    UNITED STATES MARSHALS SERVICE )     Time: 9:00 a.m.
18  ALBERTO GONZALES, UNITED         )    Place: Courtroom 10, 19th Fl.
    STATES ATTORNEY GENERAL,         )    Before: Hon. Susan Illston
19                                   )
        Defendants.                  )
20  _____)

21

22          Pursuant to Civil Local rules 7- 3(d) and 7-10, Plaintiff WALTON hereby applies to this

23  Court for an order granting leave to file a Second Supplemental Declaration of Edith J. Benay in

24  Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment.

25          During oral argument on defendant's  motion for summary judgment on plaintiff's

26  Rehabilitation Act claim, defendant raised an issue not previously addressed in its memoranda of

27  points and authorities in support that motion.  Defendant argued that Plaintiff has not identified

28  specific tasks that cannot be done with impaired localization of sound.  The record in this case, in

opposition to defendants' motion for summary judgment, includes statements by the USMS own subject matter expert, which describes tasks in daily life which are dependent on the ability to localize sound. (Benay Decl, Exh. Z, USA 000573).

Plaintiff believes, and argued that the inability to localize sound is, itself, a hearing task which defendants believe that plaintiff cannot do. Being unable to localize sound is itself, a substantial limitation on the way normal people use their hearing. In addition, however, the undisputed evidence from Defendant's own expert, identifies daily tasks dependant on the ability to localize sound.

Dr. Cook's report on Auditory Localization includes a paragraph on "Why is auditory localization important." (Benay Decl., Exh. Z, p.USA 0000573). In that report she says,

"Auditory localization allows us to pinpoint the direction of a yell for help or other sound of interest, locate an air leak on a vehicle, locate the position of another person (friend or foe) locate sounds to the floor above or below, locate the direction and distance of a moving vehicle or an emergency siren, identify if footsteps are retreating or approaching and identify which radio is active in a bank of radios. Perhaps most importantly, auditory localization allows the listener to quickly locate and attend to the speaker, especially when conversation switches rapidly between speakers....Difficulty in localizing environmental sounds can be inconvenient and in some situations the impaired listener may be in danger."

Plaintiff respectfully requests that this additional information regarding tasks in daily life which are dependent on the ability to localize sound, be considered in support of her opposition to defendant's motion for summary judgment. (Benay Decl., Exh. H, p.2).


Dated: May 18, 2005


//s//

Edith J. Benay, Attorney for
Plaintiff NAOMI WALTON