The Facebook, Inc. v. Connectu, LLC et al — Doc. 1141

ROBERT E. JESINGER – SBN 59550
CAROL L. KOENIG – SBN 162037
WYLIE, McBRIDE, JESINGER, PLATTEN & RENNER
2125 Canoas Garden Avenue Suite 120
San Jose, California 95125
Telephone:   408,979.2920
Facsimile:   408.979,-2934
rjesinger@wmjpr.com

Attorneys for Petitioner

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA, LOCAL NO. 393,<br><br>Petitioner,<br><br>vs.<br><br>CLIMATE INDUSTRIAL ENGINEERING, a sole proprietorship,<br><br>Respondent. | Case No. 05 02120 HRL<br><br>**DECLARATION OF RUDY CARASCO IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD AND MOTION FOR ENTRY OF JUDGMENT OF ARBITRATION AWARD**<br><br>Date:   July 26, 2005<br>Time:   10:00 a.m.<br>Ctrm:   2, 5th Floor<br>Judge:  Hon. Howard Lloyd |

I, Rudy Carasco, declare:

1. I am a business representative for the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, Local No. 393, (hereinafter Local 393). Local 393 is a labor organization and an unincorporated association representing employees in an industry affecting commerce, within the meaning of the provisions of Section 301 of the Labor Management Relations Act (29 U.S.C. § 185) and of the definitions contained in Sections 2(5) and 501(1) and (3) of that Act (29 U.S.C. §§ 142(1) and (3); 152(5)).

2. Local 393 at all times mentioned herein maintained and now maintains its principal office in the City of San Jose, County of Santa Clara, State of California, within the territorial jurisdiction of this Court.

1

DECLARATION OF RUDY CARASCO IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD AND MOTION FOR ENTRY OF JUDGMENT OF ARBITRATION AWARD; Case No. 05 02120 HRL

Dockets.Justia.com

3. As a business representative for Local 393, I am familiar with the Northern California Mechanical Contractor's Association ("Northern California MCA"). Northern California MCA is an association made up of employers who are engaged in plumbing, heating, refrigeration, air conditioning and mechanical, industrial and/or utility pipework within Northern California.

4. Respondent Climate Industrial Engineering. is an warm air heating, ventilating and air conditioning contractor engaged in the warm air heating, ventilating and air conditioning contracting business and in an industry affecting commerce in the County of Santa Clara, State of California within the meaning of Section 301 of the Labor-Management Relations Act and Sections 2(2), 501(1) and 501(3). (29 U.S.C. §§ 142(1) and (3); 152(5)).

5. Northern California MCA negotiated a collective bargaining agreement with UA Local 393. This agreement (hereinafter referred to as "the Agreement) is entitled "Master Labor Agreement between Local Union 393 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United State and Canada." The Agreement went into effect July 1, 1998 and expires on June 30, 2008. This collective bargaining agreement contains language establishing a Joint Conference Board to resolve disputes between Local 393 and contractors who are signatory to the Agreement. The language is set forth in Article V of the Agreement. Relevant portions of the Master Labor Agreement are attached to the Petition as Exhibit 1.

6. Article V provides a dispute resolution mechanism wherein the parties agreed to submit all disputes between Local 393 and signatory contractors to a 10-person Joint Conference Board for a binding resolution. If the Joint Conference Board does not agree on a decision within 10 days after referral to it, the matter may be submitted to a neutral arbitrator.

7. Article III of the Agreement provides that "The Contractor must secure all employees covered by this Agreement through the Joint Hiring Hall." Article III also provides that the contractor may hire applicants without using the Joint Hiring Hall only when the Hiring Hall is unable to refer applicants within 48 hours of receiving the employer's written request.

8. Article VIII of the Agreement provides "Except as provided herein, no Contractor shall work with the tools of that trade. A Contractor shall be deemed to include any person, RME. or

2

RMO, and anyone who by itself or through a member of its immediate family owns shares in, is a general or limited partner of, a firm which performs work covered by this Agreement."

9. The exceptions to the prohibition against a Contractor using the tools of the trade are limited to the following:

    a) A Contractor may work with the tools of the trade up to four hours on any service and/or repair job which requires four hours or less to complete.

    b) A contractor may perform emergency jobs when the health and safety of the public is endangered.

    c) The holder of the Contractor's license may work on new construction under limited circumstances but must hire at least one journeyman referred by the Joint Hiring Hall.

10. The Agreement also requires that all trucks of Contractors are to be identified by a sign and number on both sides of the truck, legible at 100 feet, paint permanently attached, and displaying the name of the firm and the contractor's license number of the firm. Violation of this requirement subjects the Contractor to a $50.00 fine.

11. All of the terms and conditions of the Agreement between Northern California MCA and Local 393 also apply to a number of individual employers who are fully bound to said labor agreement by reason of their assent to the labor agreement and all amendments thereto, and their execution of said agreement is as an "individual employer", or as a member of Northern California MCA. Respondent became one of the individual employers bound to the Agreement by signing a Signature Page on July 18, 2003, a true and correct copy of which is attached to the Petition as Exhibit 2.

12. By signing the Signature Page, Respondent assigned its bargaining rights to Northern California MCA and became bound to all of the terms and conditions set forth in the Agreement, and to subsequent agreements until such time as Respondent completed the procedures to withdraw from the Agreement, pursuant to Article XXIX of the Agreement. Respondent has not taken the steps required to withdraw from the Agreement.

13. Respondent was fully bound unto all the terms and conditions of the Agreement as a

member of the multi-employer bargaining unit for all times at issue in this action.

14. In July 2004, Local 393 discovered that Respondent was working at a job site at San Jose City College performing work covered by their Agreement. Respondent's RMO Edward Paulson was using tools of the trade and was performing work covered by this Agreement. He was performing the work with another individual, John Pavlosky, who is not a Local 393 (Union) member and who was not dispatched from or referred by the Joint Hiring Hall. Local 393's investigation indicated that Respondent had been performing such work in violation of the Agreement since at least April 9, 2004. By reviewing the certified payroll records, Local 393 determined that more than 460 hours of work was performed by Respondent at the San Jose City College site.

15. The Agreement also requires that Respondent pay certain fringe benefits to Local 393 on behalf of each employee employed by the Respondent. Respondent was obligated to pay these fringe benefits for all work performed since becoming signatory to the Agreement.

16. In July 2003, I discovered that Respondent had failed to pay Local 393 for the fringe benefits required by the Agreement for more than 460 hours of work that had been performed since Respondent became signatory to the Agreement.

17. Local 393 also discovered in July 2004 and August 2004 that Respondent was in violation of the Agreement for failing to display the required signage on its trucks.

18. Respondent's RMO Edward Paulson was warned orally by Union Business Representative Rudy Carasco on July 29, August 8, August 18 and September 2 that he was performing work in violation of the Agreement. Due to these warnings, Respondent's RMO continued to work with the tools of the trade and continued to employ a worker who was not dispatched from or referred by Local 393.

19. On August 18, 2004, Local 393 gave Respondent written notice that Respondent was in violation of the Agreement. In the August 18, 2004 notice, Local 393 warned Respondent that it may request a hearing before the Joint Conference Board. A true and correct copy of this notice is set forth as Exhibit 3 to the Petition.

20. On July 28, 2004 Local 393 filed charges against Respondent for violating the

4

DECLARATION OF RUDY CARASCO IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD AND MOTION FOR ENTRY OF JUDGMENT OF ARBITRATION AWARD; Case No. 05 02120 HRL

Agreement by having non-union members performing work covered by the Agreement. A true and correct copy of this charge is attached as Exhibit 4 to the Petition.

21. On August 3, 2004 Local 393 filed charges against Respondent for violating the Agreement by failing to call the Joint Hiring Hall and by employing workers not referred by the Hiring Hall to perform work covered by the Agreement. A true and correct copy of this charge is attached as Exhibit 5 to the Petition.

22. On August 18, 2004, Local 393 filed charges against Respondent for violating the Agreement by having the owner (Edward Paulson, RMO) working with the tools of the trade. A true and correct copy of this charge is attached as Exhibit 6 to the Petition.

23. On September 10, 2004, Respondent received a written notice from Local 393 that it had requested a meeting of the Joint Conference Board to hear the charges it had filed against Respondent for violating the Agreement. A true and correct copy of this Notice is attached as Exhibit 7 to the Petition.

24. Respondent was notified of the charges and of a October 5, 2004 hearing date by letter sent via facsimile on September 21, 2004. A true and correct copy of the letter is attached hereto as Exhibit 8 to the Petition.

25. Respondent was notified in writing on September 22, 2004 that the hearing was rescheduled to October 6, 2004, at 1:15 p.m. in San Jose. A true and correct copy of this Notice is attached as Exhibit 9 to the Petition.

26. The Joint Conference Board met and issued its decision. A true and correct copy of the decision, dated October 11, 2004, is attached as Exhibit 10 to the Petition. It states in pertinent part:

> "The Joint Conference of U.A. Local 393 met in Executive Session on October 6, 2004. Upon receiving the evidence and testimony the Board rules as follows:
>
> Climate Industrial Engineering violated Article III, paragraph 78 (Contractor Truck Identification). Per this paragraph, Climate Industrial Engineering is fined $50.00, which will be contributed to the Training Fund.
>
> Climate Industrial Engineering will pay to U.A. Local 393 the amount of $437.00 in back union dues.

> Climate Industrial Engineering violated the Hiring Hall procedures and overtime permit provisions. Climate Industrial Engineering did not employ any U.A. Local 393 employees during the time period in question.
>
> Based upon the above, Climate Industrial Engineering will make three (3) payments to the U.A. Local 393 Health & Welfare Plan. The payments will be sent to Business Manager Ray Lancaster at U.A. Local 393 as follows.
>
> | | |
> |---|---|
> | October 31, 2004 | $1,666.66 |
> | November 30, 2004 | $1,666.66 |
> | December 31, 2004 | $1,666.66 |
>
> The requested balance on the above grievance (approximately $22,000.00) shall be held in abeyance, provided there are no further Hiring Hall violations prior to January 1, 2014.

27. On January 20, 2005, the Joint Conference Board sent a certified letter to Respondent notifying Respondent of the award and demanding payment. A true and correct copy of the letter is attached as Exhibit 11 to the Petition.

28. Since on or about January 20, 2005, Respondent has refused and continues to refuse to accept and abide by the Decision of the Joint Conference Board.

29. U.A. Local 393 has complied with all requirements of Articles IV and V of the dispute resolution procedure of the Agreement.

30. Respondent has not timely moved to vacate the Decision rendered October 11, 2004.

31. To my personal knowledge, Respondent has failed to make payment.

I declare under penalty of perjury of the laws of the State of California that the foregoing statement is true and correct to the best of my knowledge.

Executed this ___ day of May , 2005, at San Jose, California.

_____
RUDY CARASCO

L:/393/80340/pleadings/petition to confirm

6

DECLARATION OF RUDY CARASCO IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD AND MOTION FOR ENTRY OF JUDGMENT OF ARBITRATION AWARD; Case No. 05 02120 HRL