# EXHIBIT C

| | |
|---|---|
| JEFFREY D. WOHL (Cal. State Bar No. 96838)<br>KATHERINE L. KETTLER (Cal. State Bar No. 215417)<br>PAUL, HASTINGS, JANOFSKY & WALKER LLP<br>55 Second Street, 24th Floor<br>San Francisco, California 94105-3441<br>Telephone: (415) 856-7000<br>Facsimile: (415) 856-7100<br><br>Attorneys for Defendant<br>Rite Aid Corporation | |

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| PRAG TIERNO, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RITE AID CORPORATION, and DOES 1 through 25, inclusive,<br><br>Defendants. | No. RG05211860<br><br>**DEFENDANT RITE AID CORPORATION'S ANSWER TO PLAINTIFF PRAG TIERNO'S UNVERIFIED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION** |

Defendant Rite Aid Corporation ("Rite Aid"), for itself alone and no other defendant, hereby answers the unverified Complaint for Damages, Injunctive Relief and Restitution (the "Complaint") of plaintiff Prag Tierno, as an individual on behalf of himself and putatively on behalf of all others similarly situated (the "Putative Class," the existence of which is expressly denied), as follows:

## GENERAL DENIAL

1. Pursuant to section 431.30(d) of the California Code of Civil Procedure, Rite Aid denies, generally and specifically, each and every allegation in the Complaint.

2. Rite Aid further denies, generally and specifically, that plaintiff or the Putative Class is entitled to the relief requested, or that plaintiff or the Putative Class has been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Rite Aid, or any of its past or present agents, representatives, or employees..

## ADDITIONAL DEFENSES

Without admitting any facts alleged by plaintiff, Rite Aid also pleads the following separate defenses to the Complaint:

3. Plaintiff has failed to satisfy the prerequisites for class certification and, therefore, lacks standing and cannot represent the interests of others.

4. The types of claims alleged by plaintiff on behalf of himself and the Putative Class are matters in which individual questions predominate and, accordingly, are not appropriate for class treatment.

5. The Putative Class is not so numerous that joinder is impracticable.

6. The claims alleged by plaintiff are neither common to nor typical of those, if any, pertaining to the Putative Class.

7. Plaintiff has not shown and cannot show that class treatment of the claims he alleges is superior to other methods of adjudicating the controversy.

8. There is a conflict of interest among members of the Putative Class.

9. Plaintiff is an inadequate representative of the Putative Class.

10. Plaintiff lacks standing to assert the legal rights or interests of others.

11. Plaintiff lacks standing to seek injunctive relief because he is not employed by Rite Aid.

12. The Complaint, and each of its purported causes of action, fail to allege facts sufficient to constitute a cause of action.

13. Plaintiff is estopped from pursuing the claims in the Complaint, and each of its purported causes of action, by reason of plaintiff's own actions and course of conduct.

14. Plaintiff has waived the right, if any, to pursue the claims in the Complaint, and each of its purported causes of action, by reason of plaintiff's own actions and course of conduct.

15. The Complaint, and each of its purported causes of action, are barred by the doctrine of laches.

16. The Complaint, and each of its purported causes of action, are barred by the doctrine of unclean hands.

17. The Complaint, and each of its purported causes of action, are barred in whole or in part by all applicable statutes of limitation, including but not limited to California Code of Civil Procedure sections 337, 338, 339, and 340, and California Business and Professions Code section 17208.

18. The Complaint, and each of its purported causes of action, are barred, in whole or in part, because plaintiff and the members of the Putative Class were, at all times material to the Complaint, properly classified as exempt from overtime and related wage-and-hour laws, including but not necessarily limited to Industrial Welfare Commission Wage Order 7-2001 paragraphs 1(A)(1) (executive exemption) and/or 1(A)(2) (administrative exemption).

19. The Complaint, and each of its purported causes of action, are barred in whole or in part because Rite Aid had an honest, good-faith belief that all decisions with respect to plaintiff's employment were made by Rite Aid solely for legitimate, business-related reasons and were reasonably based upon the facts as Rite Aid understood them.

20. The Complaint, and each of its purported causes of action, are barred by plaintiff's misperformance of his duties or performance of duties not assigned to him.

21. The Complaint, and each of its purported causes of action, are barred by the

1 | doctrine of avoidable consequences.

22. Plaintiff's claims for willful failure to pay discharged or quitting employees, and meal period and/or rest break premiums under Labor Code sections 201 through 203, 226(e), 226.7, and 1174.5 are barred to the extent they seek an award of penalties beyond the one-year limitation period contained in Code of Civil Procedure section 340(a), and is also barred to the extent they seek interest, attorneys' fees, and/or restitution, on the grounds that Labor Code sections 201 through 203, 226(e), 226.7, and 1174.5 create penalties rather than claims for unpaid wages.

23. Plaintiff's claim for penalties based on Rite Aid's alleged failure to provide itemized wage statements as required by Labor Code section 226 is barred on the grounds that there was no "knowing and intentional failure" on Rite Aid's part to comply with Labor Code section 226, nor did plaintiff suffer injury as a result of any alleged knowing and intentional failure within the meaning of Labor Code section 226(e).

24. Plaintiff's claim for penalties based on Rite Aid's alleged failure to maintain Payroll records as required by Labor Code section 1174.5 is barred on the grounds that there was no "willful violation" on Rite Aid's part to comply with Labor Code sections 1174(c) and (d), nor did plaintiff suffer injury as a result of any alleged "willful violation" within the meaning of Labor Code section 1174.5.

25. Plaintiff's claims are barred to the extent plaintiff requests statutory penalties under the California Labor Code because plaintiff did not timely exhaust the administrative remedies as required and/or otherwise failed to comply with all the statutory prerequisites to bring suit pursuant to the Labor Code Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 *et seq*.

26. Plaintiff's purported claim for unfair competition under California Business and Professions Code section 17200 is barred because plaintiff cannot show an injury to competition, as distinguished from injury to himself.

///

///

27. Plaintiff's purported claim for unfair competition under California Business and Professions Code section 17200 is barred because plaintiff cannot show a deception upon the public.

28. California Business and Professions Code section 17200 is unconstitutional in that, among other things, it is void for vagueness, violative of equal protection, violative of due process, an undue burden upon interstate commerce, and violative of the freedom of contract.

29. Plaintiff's purported claim for unfair competition under California Business and Professions Code section 17200 violates Rite Aid's constitutional rights to due process to the extent the claims do not afford Rite Aid the protections against multiple suits and duplicative liability ordinarily provided by class actions.

30. Plaintiff's purported claim under California Business and Professions Code section 17200 violates Rite Aid's rights under the United States Constitution and the California Constitution by attempting to enforce California Business and Professions Code sections 17200 in a manner that renders the requirements of those statutes and provisions unconstitutionally vague.

31. Plaintiff has failed to mitigate or reasonably attempt to mitigate his damages, if any, as required by law.

32. The Complaint, and each of its purported causes of action, are barred because any recovery from Rite Aid would result in plaintiff's unjust enrichment.

33. The Complaint, and each of its purported causes of action, are barred by one or more settlements or releases of claims given by plaintiff or members of the Putative Class.

**RELIEF REQUESTED**

Rite Aid asks for judgment in its favor and against plaintiff, awarding to Rite Aid its costs of suit, including reasonable attorneys' fees, and such further or other relief as is proper.

Dated: June 20, 2005.    JEFFREY D. WOHL
KATHERINE L. KETTLER
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: /s/
Jeffrey D. Wohl
Attorneys for Defendant Rite Aid Corporation