1  JAMES E. BODDY, JR. (BAR NO. 65244)
    KATHRYN M. DAVIS (BAR NO. 203454)
2  MORRISON & FOERSTER LLP
    425 Market Street
3  San Francisco, California 94105-2482
    Telephone: (415) 268-7000
4  Facsimile: (415) 268-7522

5  Attorneys for Defendants
    MARRIOTT INTERNATIONAL, INC. and RICK OWEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA ROGER-VASSELIN, KENNETH M. ARRICK, RICHARD KITTNER, <br><br> Plaintiffs, <br><br> v. <br><br> MARRIOTT INTERNATIONAL, INC., RICK OWEN and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. C 04-04027 TEH <br><br> **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
sf-1977362

1   The parties to the above-entitled action jointly submit this Case Management Statement and
2   Proposed Order and Request the Court to adopt it as its Case Management Order in this case.
3                              **DESCRIPTION OF THE CASE**
4           **1.      A brief description of the events underlying the action:**
5           (a)     Plaintiffs' Description

6           Plaintiffs are all professional sales executives in their 60's who earned six-figure salaries of
7   up to $260,000 annually. They were discriminated against by both defendants Marriott International
8   and defendant Rick Owen, who routinely stated to his administrative assistant, Jessica Houchin, who
9   is now Plaintiffs' witness, that he wanted to surround himself with young, hip, energetic employees.
10  Plaintiffs were discriminated against by defendants based on their age and retaliated against after
11  each of them filed EEOC complaints.

12          Plaintiff Kenneth Arrick was placed on a no hire above Sales Manager list by Marriott shortly
13  after he filed his EEOC complaint and denied promotions. Plaintiff Richard Kittner was ordered to
14  leave Marriott by his supervisor shortly after he filed his EEOC complaint and declined Marriott's
15  request to withdraw his EEOC complaint. Plaintiff Victoria Roger-Vasselin was denied several
16  promotions for which she was more qualified than the successful applicants. Plaintiff Arrick does not
17  have a DFEH right to sue letter because his disputed promotions are outside of California.

18          Roger-Vasselin has also been and continues to be subjected to adverse work conditions and a
19  hostile work environment, including, but not limited to not being provided with an assistant as
20  promised for over one year, not being provided with an office on site at the Marriott owned Ritz
21  Carlton as promised and almost being evicted from her offsite office due to Marriott not timely
22  paying the rent, not being provided with a sales partner as promised in writing, having her name
23  excluded from the Ritz Carlton's San Francisco Magazine advertising and having the hard drive of
24  her laptop computer erased by Marriott when they were only instructed to spend 30 minutes installing
25  Marriott's intranet program. The destruction of Plaintiff Roger-Vasselin's computer hard drive also
26  destroyed evidentiary documents crucial to her litigation. At Plaintiff's counsel's insistence,
27
28

defendant took possession of the computer for forensic analysis, but defendants have failed to produce the missing documents to Plaintiff and her counsel.

        (b)     Defendants' Description

Plaintiffs contend that Defendants Marriott International and Rick Owen, through Defendant Owen, the Vice President for the Western Region, discriminated against them based on their age and retaliated against them for making complaints related to age discrimination. Plaintiffs contend that as a result of Defendants' alleged discrimination and retaliation they were denied promotions and job opportunities, and subjected to other adverse employment actions. Defendants additionally deny that they "erased" any materials from Plaintiff Roger-Vasselin's computer.

       **2.**     **The principal factual issues which the parties dispute:**

The parties dispute whether Plaintiffs were discriminated against on the basis of their age or retaliated against on the basis of complaining about age-related discrimination with respect to certain promotions and job assignments. The parties also dispute whether Plaintiffs were subjected to other adverse job employment decisions/actions on the basis of their age or their complaints related to alleged age discrimination.

       **3.**     **The principal legal issues which the parties dispute:**

Plaintiffs plan on moving to:

- Amend the complaint to add claims for failure to investigate, wrongful termination in violation of public policy and intentional infliction of emotional distress;
- Compel Production of Additional Documents and Responses to Interrogatories;
- Compel Plaintiff Victoria Roger-Vasselin's Computer Hard Drive Destroyed Documents Based Upon Spoliation of Evidence and
- Dismiss Plaintiffs' Title VII Claims and clarify which promotions and claims are not at issue for each Plaintiff due to jurisdictional and statutory considerations.

Defendants plan on moving to:

- Strike Plaintiffs' claims for punitive and emotional distress damages pursuant to their ADEA causes of action;

1      •    Strike Plaintiffs' Title VII age-related claims;

2      •    Request Summary Adjudication related to Plaintiffs' untimely promotion claims;

3      •    Request Summary Adjudication as to Plaintiffs' negligent retention claims;

• Request Summary Adjudication as to (a) Arrick's Fair Employment and Housing Act claims based on his failure to obtain a right to sue letter from the Department of Fair Employment and Housing, and (b) each of Plaintiffs' promotion claims for which jurisdiction is lacking under the Fair Employment and Housing Act.

**4. The other factual issues which remain unresolved for the reasons stated below and how the parties propose to resolve those issues:**

None known at present.

**5. The parties which have not been served and the reasons:**

None.

**6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:**

(a) Plaintiffs' Statement

There are three recent former employees of defendants Marriott who were recently terminated and/or forced to resign who may join Plaintiffs' suit. Their suitability is currently being evaluated.

## ALTERNATIVE DISPUTE RESOLUTION

**7. Settlement**

(a) Defendants' Statement

The parties engaged in an unsuccessful attempt at mediation July 11-12, which ended a day early when Plaintiffs unilaterally walked out of the mediation causing Defendants to forfeit the final prepaid day of mediation at a cost of $5,666.67 to Defendants. While the parties have no present plans to return to mediation, it is hoped that settlement discussions can resume following additional discovery and law and motion.

(b) Plaintiffs' Statement

It should be noted that counsel for defendants actually sent a letter to Plaintiffs' counsel after the mediation demanding that Plaintiffs' reimburse it immediately for thousands of dollars in

mediation costs by a messenger delivered check. It should be noted that two of the Plaintiffs are unable to earn income due to psychological disability and one of the Plaintiffs is under psychological disability and has greatly diminished income due to defendants' refusal to honor the promised terms and conditions of her employment.

## DISCOVERY

**8. The parties have not agreed to a discovery plan:**

Plaintiffs request a fact discovery cut-off as of December 31, 2005, and an expert discovery cut-off thirty (30) days before trial.

Defendant requests a fact discovery cut-off as of seventy-five day (75) days before trial, and an expert discovery cut-off thirty (30) days before trial.

## TRIAL SCHEDULE

**9. The parties request a trial date as follows:**

Defendants are requesting an August 2006 trial date. Plaintiffs are anxious for resolution and wish to set a March 2006 trial date.

**10. The parties expect that the trial will last for the following number of days:**

Defendants anticipate trial to last 15 full court days given the potential number of witnesses. However, Plaintiffs, of which there are three, anticipate trial could take longer due to the number of witnesses for each Plaintiff.

| | | |
|---|---|---|
| 1 | Dated: August 1, 2005 | JAMES E. BODDY, JR.<br>KATHRYN M. DAVIS |
| 2 | | MORRISON & FOERSTER LLP |
| 3 | | |
| 4 | | By: _____<br>Kathryn M. Davis |
| 5 | | |
| 6 | | Attorneys for Defendants<br>MARRIOTT INTERNATIONAL, INC.<br>and RICK OWEN |
| 7 | | |
| 8 | Dated: August _4, 2005 | KELLY ARMSTRONG<br>THE ARMSTRONG LAW FIRM |
| 9 | | |
| 10 | | By: _____<br>Kelly Armstrong |
| 11 | | |
| 12 | | Attorneys for Plaintiffs<br>VICTORIA ROGER-VASSELIN,<br>KENNETH M. ARRICK, and |
| 13 | | RICHARD KITTNER |

| | |
|---|---|
| 1 | **CASE MANAGEMENT ORDER** |
| 2 | The Case Management Statement and Proposed Order is hereby adopted by the Court as the |
| 3 | Case Management Order for the case and the parties are ordered to comply with this Order. |
| 4 | |
| 5 | |
| 6 | IT IS SO ORDERED. |
| 7 | Dated: _____, 2005          By:_____ |
| 8 |                                              Hon. Thelton E. Henderson |