FARLEY J. NEUMAN, ESQUIRE - State Bar #114897
TOM PROUNTZOS, ESQUIRE - State Bar # 209409
JENKINS GOODMAN NEUMAN & HAMILTON LLP
417 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 705-0400
Facsimile: (415) 705-0411

Attorneys for Plaintiff,
CHARLES D. NEWMAN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES D. NEWMAN,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>MARC SHERMAN, and DOES 1 THROUGH 10,<br><br>　　　　　　　　　　Defendants. | Case No.: 4:05-cv-02989-SBA<br><br>**PLAINTIFF CHARLES D. NEWMAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT MARC SHERMAN'S MOTION TO DISMISS FOR LACK OF JURISDICTION OVER THE PERSON AND IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER PURSUANT TO 28 U.S.C. § 1406(a) AND/OR 28 U.S.C. § 1404(A)**<br><br>Date: October 25, 2005<br>Time: 1:00 p.m.<br>Courtroom Number 3<br>Honorable Saundra Brown Armstrong |

I. **INTRODUCTION**

In his motion to dismiss for lack of personal jurisdiction, Defendant Marc Sherman argues that there is no personal jurisdiction because he has never conducted any activities in relation to Eduprise LLC ("Eduprise"), Higher Education Services LLC ("HES"), or

-1-

OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION AND IMPROPER VENUE OR, IN THE
ALTERNATIVE, TO TRANSFER PURSUANT TO 28 U.S.C. § 1406(a) AND/OR 28 U.S.C. § 1404(A)

Sonoma College (collectively "the Schools") in the State of California. As the following will establish, that is not true. Defendant has been to California numerous times in connection with his ownership interest in the Schools and personal jurisdiction is therefore warranted. Also, venue is proper because, in actions removed from state court, venue is automatically proper in the federal district court located where the state action was pending. Furthermore, Defendant's request to transfer this action to the Southern District of Florida must be denied because this is the proper venue, and litigating in Florida would not be more convenient for anyone involved other than Defendant.

Mr. Newman respectfully requests that the court deny Defendant's motion in its entirety.

## II. STATEMENT OF FACTS

### A. Background Facts.

This action arises out of a dispute between Mr. Newman and Defendant regarding their respective ownership interests in Eduprise and HES. Eduprise and HES operate professional schools in Northern California, are incorporated in California, and have their principal place of business in California.

In about May 1999, Mr. Newman acquired a membership interest Eduprise and HES. At that time, Defendant already held membership interests in Eduprise and HES. Eduprise incurred losses each and every year after Mr. Newman's investment. To enable Eduprise to continue to operate, Mr. Newman contributed substantial amounts of capital to it, but Sherman failed and refused to contribute his proportionate share of capital.

In 2003, Defendant, who was in the midst of certain critical filings with the Securities and Exchange Commission related to another entity, expressed concern to Mr. Newman about his affiliation with Eduprise because of Edurprise's losses and debts, and the need for Eduprise to incur substantially additional liabilities to continue its operations.

-2-

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

Defendant did not want to contribute any further capital to Eduprise, and he wanted to eliminate his personal exposure related to Eduprise and HES and to disassociate himself from Eduprise and HES.

Accordingly, Mr. Newman, Defendant and several other members of Eduprise and HES entered into a written agreement (Exhibit A to the Complaint), dated April 15, 2003, which provided, *inter alia*, that: Defendant and others transferred to Mr. Newman all of their interests in HES and granted Mr. Newman an irrevocable option, exercisable at any time, to purchase all of their interests in Eduprise at a price of $1.00 for each 1% of equity held by them. Mr. Newman, Defendant and the other members of Eduprise and HES signed this agreement. Subsequently, Mr. Newman exercised the option to purchase all of Defendant's interest in Eduprise.

In 2005, Defendant claimed in correspondence to Mr. Newman that he continued to own an interest in HES, Eduprise and/or their successors in interest, and that he revoked "any and all offers of any kind as may have been made in the past or which [Mr. Newman] believe[s] may now exist. . . ."

Mr. Newman has filed this action for declaratory relief declaring him the rightful owner of the subject shares in Eduprise and HES.

**B.   Defendant's California Activities Related to Eduprise and HES.**

Defendant argues that there are no minimum contacts sufficient to justify personal jurisdiction because he "never conducted any activities in relation to Eduprise, HES or Sonoma College (owned and operated by Eduprise and formerly known as the Western Institute of Science and Health ("WISH")) in the State of California." Defendant's Motion to Dismiss on p. 9. Also, in his declaration, Defendant declares, "I have never been to California in connection with the schools." Declaration of Marc Sherman at ¶ 6. This is untrue. Defendant has had significant contacts with California related to Eduprise and

-3-

HES sufficient to justify this Court's jurisdiction over him.

Defendant has been to California on many occasions to represent his ownership interest in Eduprise and HES. On the week of August 19, 1999, Defendant was at 130 Avram Avenue, Rohnert Park, California to conduct business between HES and WISH related to HES' development of a distance education program for WISH, which at the time was not owned by Eduprise. Declaration of Charles D. Newman at ¶ 4 ("Newman Decl."). On the week of March 20, 2000, Defendant was at 78 First Street, San Francisco, California to conduct business between HES and WISH related to the installation of computer equipment, specifically a medical billing and insurance coding program. Newman Decl. at ¶ 5. On the week of April 12, 2001, Defendant was at 130 Avram Avenue, Rohnert Park, California to conduct business between Eduprise and WISH in connection with Eduprise's planned purchase of WISH, which Eduprise purchased in August 2001. Newman Decl. at ¶ 6. And in March and April of 2002, Defendant met with Edward Schwartz, the President of Western Institute of Science and Health ("WISH") on several occasions at 130 Avram Avenue, Rohnert Park, California regarding Eduprise's planned purchase of WISH. Newman Decl. at ¶ 7.

Defendant's active involvement in Eduprise and HES' business in California justify this Court's exercise of personal jurisdiction over Defendant.

### III. ARGUMENT

#### A. Legal Standard on an F.R.C.P. Rule 12(b)(2) Motion to Dismiss.

When a defendant's motion to dismiss is made as its initial response and the court decides the motion without conducting an evidentiary hearing, plaintiff need only make a prima facie showing that personal jurisdiction exists. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir.1995). A prima facie showing means that plaintiff has produced admissible evidence, which, if believed, would be sufficient to establish the existence of personal

-4-

Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA 94104
(415) 705-0400

jurisdiction. See *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir.2003). The complaint's uncontroverted factual allegations must be accepted as true, and any factual conflicts in the parties' declarations must be resolved in plaintiff's favor. *Id.*

### B. The Court Has Personal Jurisdiction Over Defendant.

California's "long arm" statute permits local courts to exercise jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Code of Civ. Proc. § 410.10. Under such a long arm statute, the court need only to determine whether the assertion of personal jurisdiction over the defendant violates the Due Process Clause. *Rocke v. Canadian Auto Sport Club* 660 F.2d 395, 398 (9th Cir.1981).

Case law recognizes a nonresident's "minimum contacts" with the forum state as a basis for local jurisdiction. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To establish minimum contacts, a plaintiff must show: (i) that the out-of-state defendant purposefully directed his activities toward residents of the forum state, or purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of local law; (ii) plaintiff's cause of action arises out of or is related to the defendant's forum-related contacts; and (iii) the forum's exercise of jurisdiction is reasonable, i.e. comports with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477-478; *Hanson v. Denckla* 357 U.S. 235, 253-254 (1958); *Doe v. National Medical Services*, 974 F.2d 143, 145 (10th Cir.1992). The Ninth Circuit has adopted a "flexible approach" in applying these three factors that may allow personal jurisdiction without meeting each of the factors: "Jurisdiction may be established with a lesser showing of minimum contacts if considerations of reasonableness dictate." *Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1188 (9th Cir.2002).

"Purposeful availment' is established "where the contacts proximately result from

-5-

OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION AND IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER PURSUANT TO 28 U.S.C. § 1406(a) AND/OR 28 U.S.C. § 1404(A)

actions by the defendant [himself] that create a 'substantial connection' with the forum state." *Burger King Corp., supra*, at 477-478. In determining the reasonableness of the jurisdiction, courts consider the following factors: (i) the extent of the defendant's "purposeful" interjection; (ii) defendant's burden in defending in the forum; (iii) the extent of conflict with the sovereignty pf the defendant's state; (iv) the forum state's interest in adjudicating the dispute; (v) the most efficient judicial resolution of the controversy; (vi) the importance in the forum to plaintiff's interest in convenient and effective relief; and (vii) the existence of an alternative forum. *Core-Vent Corp. v. Nobel Inds. AB*, 11 F.3d 1482, 1486-1487 (9th Cir.1994). No one factor is dispositive. Rather, a court must balance all seven. *Id.* at 1488. The burden is on the defendant to prove that the forum's exercise of jurisdiction would not comport with "fair play and substantial justice." *Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 f.3d 848, 851 (9th Cir.1993).

If a non-resident has deliberately engaged in significant activities within the forum state, "it is presumptively not unreasonable to require him to submit to the burdens of litigating in that forum as well." *Burger King Corp., supra*, at 477. Inconvenience of the forum to the defendant is not enough to overcome jurisdiction. Litigation in the forum must be so gravely difficult that it puts the defendant to a severe disadvantage in comparison to his or her opponent. *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990). Requiring the nonresident to defend locally is not constitutionally unreasonable "in this era of fax machines and discount air travel." *Id.*

Personal jurisdiction over Defendant is proper herein. Defendant purposefully availed himself of the privilege of conducting activities within California, thus invoking the benefits and protections of local law, when he conducted business in California on behalf of his personal interest in Eduprise and HES, which he claims was worth $1.5 million as of early-2003. Because Defendant benefited from California law, which

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-6-

OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION AND IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER PURSUANT TO 28 U.S.C. § 1406(a) AND/OR 28 U.S.C. § 1404(A)

protected his property rights in Eduprise and HES (both located in California), this Court's exercise of jurisdiction over Defendant is proper. Personal jurisdiction is also supported by the fact that these school-related activities were directed at citizens of California, the primary attendees of these schools and the source of Defendant's income.

Furthermore, requiring Defendant to defend in California is not unreasonable. Defendant has deliberately engaged in significant activities within California, and, therefore, personal jurisdiction is presumptively reasonable. *Sher, supra,* 911 F.2d at 1365. Defendant cannot argue that he would be unduly burdened by having to litigate here when he had no problem traveling here in furtherance of his ownership interest in the subject companies. Also, this forum has an interest in hearing this dispute because Eduprise and HES are located in California and direct their business to California residents. Defendant's motion must be denied.

### C. Venue Is Proper.

In actions removed from state court to federal court, venue is automatically proper in the federal district court located where the state action was pending. 28 U.S.C. § 1441. It is immaterial that venue would not have been proper if the action had been brought initially in that district. *Id.*; see *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-666 (1953). This action was pending in the Superior Court of California, County of Sonoma until Defendant removed it to this Court. Venue is proper.

### D. The Court May Not Transfer This Action to Florida Pursuant to 28 U.S.C. § 1406 Because Venue Is Proper.

In the alternative to a dismissal, Defendant asks the Court to transfer this action to Florida pursuant to 28 U.S.C. section 1406 on the grounds that venue in this Court is not proper. However, a court cannot grant a motion to transfer pursuant to section 1406 if venue is proper. *Carteret Savings Bank v. Shushan*, 919 F.2d 225, 231 (3rd Cir.1991). As was stated above in subsection C., venue is proper. 28 U.S.C. § 1441. Therefore, the

-7-

Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA 94104
(415) 705-0400

Court may not transfer pursuant to section 1406.

E.  **The Court May Not Transfer This Action to the Southern District of Florida Pursuant to 28 U.S.C. § 1404 Because That Venue Is Convenient Only For Defendant.**

In the alternative to a transfer under section 1406 (for improper venue), Defendant asks the Court to transfer this action to the District Court for the Southern District of Florida pursuant to 28 U.S.C. section 1404(a), which allows transfers for the convenience of the parties, witnesses and in the interests of justice. Defendant argues that such a transfer is warranted because he resides in Florida and a trial there would be more convenient for him. However, the Court must deny this request because a trial in Florida would not be convenient for Mr. Newman or the witnesses in this action.

Section 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The party seeking transfer of an action pursuant to § 1404 has the burden of establishing that the suit should be transferred. [Citation.] **Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.**" *Hill's Pet Products v. A.S.U., Inc.*, 808 F.Supp. 774, 776(D.Kan.1992), emphasis added.

The following factors are considered in determining whether to transfer: (1) a plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with the applicable law; (6) feasibility of consolidation of other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum. *Carolina Cas. Co. v. Data Broad. Corp.*, 158 F.Supp.2d 1044, 1048 (N.D.Cal.2001). Convenience of the witnesses is often the most important factor. See *A.J. Industries, Inc. v. United States District Court*, 503 F.2d 384, 389 (9th Cir.1974).

-8-

OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION AND IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER PURSUANT TO 28 U.S.C. § 1406(a) AND/OR 28 U.S.C. § 1404(A)

The only ground presented by Defendant in support of a transfer is that a trial in Florida would be more convenient for him. However, it is not enough to show that Defendant would be merely inconvenienced by the chosen forum; nor is it sufficient for Defendant to show that the equities lean slightly in its favor; Defendant must make clear-cut showing that balance of convenience and interests of justice favor trial in proposed transferee forum. *First National City Bank v. Nanz, Inc.*, 437 F.supp. 184, 188 (S.D.N.Y. 1975). Defendant cannot do so.

As was stated above, a plaintiff's choice of forum and the convenience to the plaintiff is considered in determining whether to transfer for convenience. Trial in California would be much more convenient for Mr. Neuman than a trial in Florida because he regularly visits California in connection with Eduprise and HES. Newman Decl. at ¶ 11. Also, David Weaver, a crucial witness herein, would prefer to testify in California rather than in Florida because he also regularly visits California in connection with Eduprise and HES. Weaver Decl. at ¶ 3.

Furthermore, ease of access to evidence is also a factor to be considered, and many documents relevant to this lawsuit, such as Eduprise and HES' books, records, etc. are located in California, where Eduprise and HES are domiciled. Newman Decl. at ¶ 11. No evidence or witnesses other than Defendant are located in Florida. Clearly, the Northern District of California is a much more convenient forum than the Southern District of Florida.

## IV. CONCLUSION

Defendant argues that this Court lacks personal jurisdiction over him because he has never been to California in connection with Eduprise or HES. As the foregoing establishes, this is not true. Mr. Newman respectfully requests that the Court deny Defendant's motion to dismiss for lack of personal jurisdiction because Defendant has had

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-9-

OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION AND IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER PURSUANT TO 28 U.S.C. § 1406(a) AND/OR 28 U.S.C. § 1404(A)

sufficient minimum contacts with California warranting personal jurisdiction, and venue is conclusively proper because Defendant removed this action from the Superior Court of California, County of Sonoma. Furthermore, the Court should deny Defendant's motion to transfer pursuant to 28 U.S.C. section 1406 because venue is proper, and should deny Defendant's motion to transfer pursuant to section 1404(a) because this forum is more convenient than the Southern District of Florida.

DATED: October 3, 2005

JENKINS GOODMAN NEUMAN
& HAMILTON LLP

By: _____
FARLEY J. NEUMAN
TOM PROUNTZOS
Attorneys for CHARLES D. NEWMAN

OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION AND IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER PURSUANT TO 28 U.S.C. § 1406(a) AND/OR 28 U.S.C. § 1404(A)

Jenkins Goodman
Neuman & Hamilton
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400