1  ALAN B. CARLSON, Bar No. 055090, acarlson@littler.com
   ROBERT J. WILGER, Bar No. 168402, rwilger@littler.com
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street, 14th Floor
   San Jose, CA 95113.2303
4  Telephone:    408.998.4150

5  Attorneys for Defendants
   SIGNATURE FLIGHT SUPPORT CORPORATION;
6  BBA AVIATION SHARED SERVICES, INC.;
   BBA GROUP U.S. HOLDINGS, INC.; STEVE TRUE;
7  DENNIS SMITH; VAL VADEN

8

9                      UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11

12  DONALD HAMILTON, an individual;          Case No.  C 05 00490 CW
    BOBBY JONES, an individual; DAMON
    BARRON SMITH, an individual; ALJARICE    **DECLARATION OF STEVEN J. TRUE**
13  SANDERS, an individual; and on behalf of **IN SUPPORT OF MOTION FOR**
    themselves and other similarly situated; **PARTIAL SUMMARY JUDGMENT ON**
14                                            **THE PROMOTION CLAIMS OF**
                    Plaintiffs,               **PLAINTIFF DONALD HAMILTON**
15
            v.                                Date:       January 6, 2006
16                                            Time:       10:00 a.m.
    SIGNATURE FLIGHT SUPPORT                  Courtroom:  2
17  CORPORATION, a Delaware corporation;
    BBA AVIATION SHARED SERVICES,             Trial Date: None
18  INC., a Florida corporation; BBA GROUP US
    HOLDINGS INC., a Massachusetts
19  corporation; STEVE TRUE, an individual;
    NORMAN RAMIREZ, an individual;
20  DENNIS SMITH, an individual; VAL
    VADEN, an individual; and DOES 1-100;
21
                    Defendants.
22

23

24          I, Steven J. True, hereby declare and state:

25          1.      I am a named defendant in this action and a current employee of Signature

26  Flight Support Corporation ("Signature Flight" or the "Company").  My title is Area General

27  Manager of the Signature Flight FBO facility ("FBO") at San Francisco, California.  At all relevant

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

FIRMWIDE:80631017.1 049112.1002                          CASE NO. C 05 00490 CW

Declaration Of Steven J. True In Support Of Motion For Partial Sum Jud On Promotion Claims Of Pl Donald Hamilton

1    times, I have been the General Manager for the San Francisco FBO . I make this declaration based

2    upon personal knowledge and, if called as a witness, could competently testify thereto.

3         2.    San Francisco International Airport ("Airport") services commercial airlines

4    as well as general aviation aircraft, namely private and corporate aircraft. The latter do not utilize

5    the Airport's commercial terminals. Instead, they arrive to and leave from a private FBO facility

6    located at the Airport. The Airport contracts with Signature Flight to operate this private terminal at

7    which Signature Flight provides fueling, customer service, and ground handling support to private

8    and corporate aircraft. Signature Flight has similar operations at 46 airports within the United

9    States.

10        3.    Effective March 4, 1999, Signature Flight commenced operating the private

11   FBO at San Francisco International Airport, having assumed these operations in Signature Flight's

12   acquisition of AMR Combs, and its fixed base operations. As a consequence, on March 4, 1999,

13   former employees of AMR Combs became employees of Signature Flight, including Plaintiff

14   Hamilton, Norman Ramirez, and me.

15        4.    I have worked for different employers at the private FBO at San Francisco's

16   Airport since 1965. In 1989, while employed by Butler Aviation, I became the General Manager of

17   the FBO facility, a position I subsequently continued to hold with different employers. I held this

18   position on and after March 4, 1999 when Signature Flight acquired AMR Combs. On December 9,

19   2002, I assumed the position of Area General Manager with responsibility for Signature Flight's San

20   Francisco, Santa Barbara, and Orange County, California airport FBO operations.

21        5.    Within Signature Flight's San Francisco FBO operations, I have ultimate

22   supervisory responsibility for all employees within its operations. Since 1989, I have made all final

23   decisions to hire, promote, discipline, and demote employees. Since March 4, 1999, when Signature

24   Flight assumed the FBO operations, with respect to employee terminations I have obtained

25   concurrence for such actions from corporate human resources personnel. I have made all final

26   decisions as to employee compensation. Since December 9, 2002, I have had the same

27   responsibilities and authority for the Company's Santa Barbara and Orange County, California

28   airport FBO operations.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

FIRMWIDE:80631017.1 049112.1002

2.

CASE NO. C 05 00490 CW

Declaration Of Steven J. True In Support Of Motion For Partial Sum Jud On Promotion Claims Of Pl Donald Hamilton

1    6.    Norman Ramirez is a named defendant in this action and no longer is

2    employed by Signature Flight. Mr. Ramirez was initially employed at AMR Combs on April 8,

3    1996, before Plaintiff Hamilton was hired. While employed by AMR Combs, Mr. Ramirez was

4    promoted to Operations Supervisor, the position he held when Signature Flight acquired the San

5    Francisco operations through the acquisition of AMR Combs. On April 1, 2002, Mr. Ramirez

6    became the HSE&T Supervisor, followed by becoming the Customer Service Manager on August 1,

7    2002. Mr. Ramirez became Operations Manager on March 24, 2003. That position had been posted

8    internally within the San Francisco FBO facility seeking employee applications. He held that

9    position until his resignation from the Company on December 14, 2004.

10    7.    The business of Signature Flight at San Francisco Airport is open seven days a

11    week, 24 hours a day. The operation, with respect to public contact, is divided into two principal

12    segments - ramp operations and customer service. Ramp operations or services utilize employees in

13    servicing and fueling aircraft. Customer service operations involve employees providing a variety of

14    services to customers such as payment for services, baggage handling, cleaning aircraft, arranging

15    rental cars, hotels, etc.

16    8.    Line Service Technicians service and fuel aircraft. Next in the hierarchy of

17    supervision, is the Lead Line Service Technician. Next in supervision is the Operations Supervisor.

18    The position of Operations Supervisor has at times been titled General Aviation Supervisor or Line

19    Service Technician Supervisor. Operations Supervisor will be used in this declaration so as to avoid

20    confusion. There is not now, and there has not always been, a Lead Line Service Technician or

21    Operations Supervisor on every employee shift.

22    9.    Customer    service    functions    are    performed    by    Customer    Service

23    Representatives. Next in the hierarchy of supervision is the Lead Customer Service Representative

24    and above that position, is a Customer Service Representative Supervisor or Manager. There is not

25    now, and there has not always been, a Lead Customer Service Representative on every shift. Only

26    one Customer Service Supervisor or Manager oversees the customer service operations.

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

FIRMWIDE:80631017.1 049112.1002                3.                CASE NO. C 05 00490 CW

1      10.    Supervising the Operations Supervisor and Customer Service Supervisor or

2   Manager are the Operations Manager, Assistant General Manager, and General Manager.  These

3   latter positions  generally have responsibility for all FBO operations.

4      11.    Since March 4, 1999 there have been two Operations Managers, Ken Foster

5   and Norman Ramirez.  Mr. Foster held the position from May 15, 1999 until his resignation from the

6   Company on November 16, 2002.  Mr. Ramirez held the position from March 24, 2003 until his

7   resignation on December 14, 2004.  After Mr. Ramirez' resignation, the Company, for financial

8   reasons, made the decision not to fill the Operations Manager position, but to use the Assistant

9   General Manger position to cover the responsibilities of the Operations Managers.  Plaintiffs never

10  applied for the Operations Managers positions to which Mr. Foster and Mr. Ramirez were promoted.

11     12.    The Assistant General Manager position was created in December 2004 with

12  the external hire of Mike Perry.  The position was posted internally at the San Francisco FBO

13  facility.  It was also advertised externally as an employment opportunity in California and Nevada.

14  No Plaintiff applied for the position.  Aside from Mr. Perry, another applicant was Devin Madgett,

15  an African-American.   Finding that both Mr. Perry and Mr. Madgett would be assets to the

16  Company, I offered the San Francisco Assistant General Manager position to Mr. Perry.   On my

17  recommendation, Mr. Madgett was offered the Assistant General Manager's position in the

18  Company's Las Vegas FBO.  Mr. Perry began his employment with the Company on December 20,

19  2004, and remains employed at the San Francisco FBO as Assistant General Manager.  Mr. Madgett

20  was employed as the Assistant General Manager in Las Vegas on January 10, 2005.  Effective

21  March 21, 2005, I concurred in Mr. Madgett's transfer to the Company's Santa Barbara FBO as

22  Assistant General Manager.  Effective June 3, 2005, I promoted Mr. Madgett to General Manager at

23  that same location.

24     13.    In addition to the above, other support positions also exist or have existed

25  within the San Francisco FBO, including Accounting Manager and Clerk, Facilities Maintenance

26  Manager and Technician, GSE Mechanic, HSE&T Supervisor, Manager, Human Resources

27  Manager, Monitoring Agent, Driver, and Valet.  However, the majority of employees within the San

28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

FIRMWIDE:80631017.1 049112.1002

4.

CASE NO.  C 05 00490 CW

Declaration Of Steven J. True In Support Of Motion For Partial Sum Jud On Promotion Claims Of Pl Donald Hamilton

1  Francisco FBO workforce are employed as Line Service Technicians, Customer Service
2  Representatives, and the respective Lead positions for these classifications.

3          14.     Signature Flight's policy is to post internally open employment positions that
4  it seeks to fill. The employment position, and a position description with its qualifications, is posted
5  with a deadline for employee applications. Those employees who apply are considered for the
6  position with the promotion selection being made by me or with my final approval. On occasion,
7  formerly occupied employment positions have not been posted when decisions have been made for a
8  variety of reasons. These reasons could include economic, a decision not to fill that position, a
9  decision to abolish the position, or a move of that vacant position to a different shift.

10         15.     Before Plaintiff Hamilton became a full-time employee on January 3, 1997,
11 Cliff Taylor, an African-American, was already working for AMR Combs. I made the decision to
12 hire Mr. Taylor, and later I also promoted him to Lead Line Service Technician, the position he
13 occupied when I hired Plaintiff Hamilton. Subsequently, approximately 11 months after the hire of
14 Plaintiff Hamilton, I again promoted Mr. Taylor to Operations Supervisor on December 1, 1997.
15 Mr. Taylor currently remains employed by Signature Flight in this position.

16         16.     At the time Signature Flight acquired San Francisco FBO from AMR Combs
17 on March 4, 1999, the Company continued to employ the existing employees of AMR Combs.
18 Included within the group of AMR Combs employees Signature Flight continued to employer were
19 Plaintiff Hamilton and Mr. Taylor, another African-American. Another employee of AMR Combs
20 that was retained by the Company was Rochelle Scott. I have always considered Ms. Scott to be
21 African-American. I hired Ms. Scott on January 12, 1998, after I hired Plaintiff Hamilton, in the
22 position of Customer Service Representative. I subsequently promoted her to Lead Customer
23 Service Representative and then to Customer Service Supervisor.

24         17.     During 1999, while no African-Americans left the employment of Signature
25 Flight, three African-Americans were hired with my approval. On June 30, 1999, approximately
26 three months after Signature Flight acquired AMR Combs , Plaintiff Jones was hired as a Driver at
27 the Signature Flight San Francisco FBO operation. About three months later, on September 3, 1999,
28 Gerald Green was hired as a Customer Service Representative at the San Francisco operation.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408.998.4150

FIRMWIDE:80631017.1 049112.1002                    5.                    CASE NO. C 05 00490 CW

1  Approximately three months later, on December 8, 1999, Plaintiff Barron-Smith was hired as a Line
2  Service Technician. I authorized the hire of each of these persons.

3          18.     Less than two months after his initial hire, effective August 23, 1999 I
4  authorized the promotion Plaintiff Jones from Driver to Customer Service Representative. With that
5  promotion, Mr. Jones received an increase in pay.

6          19.     During 2000, there were 19 voluntary or involuntary terminations. None of
7  them was African-American. During this same year there were 23 newly hired or transferred
8  employees, two of whom were African-Americans. On August 21, 2000 and November 13, 2000, I
9  approved the hiring of Samantha Scott as a Customer Service Representative and Kareem Mayo as a
10  Line Service Technician. Both Ms. Scott and Mr. Mayo are African-American. Mr. Mayo later
11  transferred from Line Service Technician to Customer Service Representative on January 25, 2001.

12          20.     On January 1, 2000, I promoted Rochelle Scott, an African-American, from
13  Customer Service Representative to Lead Customer Service Representative. At the time of her
14  promotion, Ms. Scott was one of 12 customer service representatives. Aside from Bobby Jones and
15  Ms. Scott, the others were not African-American. Of those 12 Customer Service representatives,
16  Lisa Raney, Patricia Sloane, and Cheryll Gonzales, had been employed by the Company longer than
17  Ms. Scott, but did not receive the Lead position. With her promotion, Ms. Scott became one of three
18  Lead Customer Service Representatives.

19          21.     As indicated above, after her promotion, Rochelle Scott was one of three Lead
20  Customer Service Representatives. Of the other 11 customer service representatives, Falakiko Katoa
21  and Marina Caasi, was not African-American, and had been employed and been a Lead Customer
22  Service Representative longer than Ms. Scott. Notwithstanding, on February 7, 2000, just slightly
23  over two months since her promotion to Lead Customer Service Representative, I again promoted
24  Ms. Scott to the position of Customer Service Supervisor. Ms. Scott replaced Anna Chamizo in this
25  position who was not African-American. Within the San Francisco FBO operations, Signature
26  Flight only employs one person in the Customer Service Supervisor position. That position is
27  responsible for all customer service operations and all employees in the Customer Service
28  Representative and Lead Customer Service Representative positions.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408.998.4150

FIRMWIDE:80631017.1 049112.1002                    6.                    CASE NO. C 05 00490 CW

Declaration Of Steven J. True In Support Of Motion For Partial Sum Jud On Promotion Claims Of Pl Donald Hamilton

1         22.    During 2001, 18 employees, including two African-Americans, left the

2 employment of Signature Flight while 13 employees were newly hired. Samantha Scott and Kareem

3 Mayo both voluntarily resigned their positions during this year. Of those hired, I approved the

4 employment of Audrey Sims and David Cathey, both African-Americans. Ms. Sims was hired as a

5 Customer Service Representative, and Mr. Cathey as a Line Service Technician.

6         23.    On August 25, 2001, I promoted Plaintiff Jones from Customer Service

7 Representative to Lead Customer Service Representative. Mr. Jones replaced Robert Jenkins in that

8 position, an employee who was not an African-American. Further, at the time of his promotion,

9 Mr. Jones was one of 10 Lead Customer Service Representatives, three of whom, John Ondo, Rikke

10 Gatt, and Adriana Cisneros, had been employed longer than Mr. Jones and were not African-

11 American. On a simple seniority basis, although promotions are not made on the basis of seniority,

12 by his promotion of Mr. Jones was promoted over these individuals with higher seniority.

13         24.    In 2002, and up to January 13, 2003, the date Plaintiff Hamilton was promoted

14 to Operations Supervisor, 17 employees left Signature Flight's employment. Four were African-

15 American - Audry Sims, David Cathy, and Nickolas Jenkins were terminated for violation of

16 Company policies, and Rochelle Scott who was laid off due to the elimination of her position.

17 During the same time period, two other employees, Brian Bush and Erik Schiffke, were similarly

18 involuntarily terminated and two others, Alfredo Cortez and Jacinto Estrella, laid off due to position

19 eliminations. During the same time period, 18 new employees were hired with my approval,

20 including two African-Americans. On June 19, 2002, Nicholas Jenkins and Plaintiff Sanders were

21 both hired as Customer Service Representatives.

22         25.    A friend of mine, Larry Higgins, referred Plaintiff Sanders to me for

23 employment. Mr. Higgins is African-American, and works at the San Francisco International

24 Airport - not with Signature Flight. I have known Mr. Higgins between eight and ten years. After

25 speaking with Mr. Higgins about Ms. Sanders, I interviewed her. As a result of that interview and

26 her employment application, I learned that Ms. Sanders had a previous criminal conviction for a

27 weapons charge. With this knowledge I made the decision to hire Ms. Sanders.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

FIRMWIDE:80631017.1 049112.1002        7.        CASE NO. C 05 00490 CW

Declaration Of Steven J. True In Support Of Motion For Partial Sum Jud On Promotion Claims Of Pl Donald Hamilton

1    26.    As indicated above, I made the decision to hire Plaintiff Hamilton at AMR

2    Combs. On January 3, 1997, Plaintiff Hamilton became a full-time employee in the position of Line

3    Service Technician. Approximately three months after Signature Flight acquired AMR Combs,

4    effective June 6, 1999, I promoted Plaintiff Hamilton to Lead Line Service Technician on the

5    "graveyard shift." At the time of his promotion, Plaintiff Hamilton was working the "graveyard

6    shift." This was a newly created position, which had not existed previously. When Plaintiff

7    Hamilton was promoted to Lead Line Service Technician, there were 20 other Line Service

8    Technicians of whom only Plaintiff Hamilton was African-American. Four of these Line Service

9    Technicians, Andrew Ramos, Kelly Lin, Jacinto Estrella, and Dhirendra Sundar, had been employed

10    longer than Plaintiff Hamilton. The latter individuals with more seniority were passed over by this

11    promotion of Plaintiff Hamilton (as stated above, seniority is not the basis upon which promotion

12    decisions are made). With the creation of the new Lead Line Service Technician position, and

13    promotion of Plaintiff Hamilton to it, Signature Flight then employed five Lead Line Service

14    Technicians.

15    27.    Some time after his promotion to Lead Line Service Technician, but before

16    September 11, 2001, Plaintiff Hamilton told me that he intended at some point to leave Signature

17    Flight and work for an airline as an aircraft mechanic. After September 11, 2001, Plaintiff Hamilton

18    told me that he had changed his mind and wanted to stay with Signature Flight because the airlines

19    were then no longer hiring mechanics.

20    28.    On January 18, 2002, Ravi Satyanarayana was re-employed by Signature

21    Flight in the position of Operations Supervisor, a position that had been vacant and posted internally

22    seeking employee applications. I made this decision. AMR Combs had first employed

23    Mr. Satyanarayana on December 11, 1995. After the acquisition of AMR Combs, he continued to

24    work for Signature Flight until he resigned that employment on July 8, 1999. During the time period

25    that Mr. Satyanarayana worked for both AMR Combs and Signature Flight, he was employed as a

26    Lead Line Service Technician and Operations Supervisor. Because of his satisfactory prior

27    employment record as an Operations Supervisor, and his supervisory and general work experience in

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408.998.4150

FIRMWIDE:80631017.1 049112.1002                    8.                    CASE NO. C 05 00490 CW

Declaration Of Steven J. True In Support Of Motion For Partial Sum Jud On Promotion Claims Of Pl Donald Hamilton

1  that position, I made the decision to rehire him for the Operations Supervisor position that was

2  vacant in January 2002.

3        29.    I selected Ravi Satyanarayana for the Operations Supervisor position in

4  January 2002 over Plaintiff Hamilton, who also applied for that position. Contrary to Plaintiff

5  Hamilton's contention, my decision was made not because Plaintiff Hamilton was African-American

6  or stammered, but because Mr. Satyanarayana had previously worked in the San Francisco FBO as

7  an Operations Supervisor; had significant prior experience in that position; and had performed well

8  in it. Specifically, Mr. Satyanarayana had the experience of supervising and running the Company's

9  ramp operations in San Francisco as a supervisor, which Plaintiff Hamilton did not.

10        30.    To my knowledge, the fact that Plaintiff Hamilton stammered on occasion

11  never hindered him or interfered with his work at Signature Flight. Neither Plaintiff Hamilton nor

12  anyone else ever reported to me that he had any work problems because of his stammering. I never

13  observed any such problem. The fact that Plaintiff Hamilton stammered on occasion or that he was

14  African-American was never a factor or consideration in any employment decision I made with

15  respect to Plaintiff Hamilton.

16        31.    Effective October 19, 2002, Ravi Satyanarayana was transferred from

17  Operations Supervisor to HSE&T Supervisor. The HSE&T Supervisor position was created by

18  Signature Flight at the San Francisco FBO. The first person to hold that position was Norman

19  Ramirez. He held that position from April 1, 2002 to August 1, 2002. Among the various functions

20  of that position are the monitoring and enforcement of health, safety, and environmental policies and

21  procedures at the FBO, record keeping required with the enforcement of these policies and

22  procedures, as well as providing training with respect to these areas. Prior to the selection of

23  Mr. Satyanarayana to replace Mr. Ramirez, the HSE&T Supervisor position was posted for

24  employee applications. While both Plaintiff Hamilton and Mr. Satyanarayana applied, I selected

25  Mr. Satyanarayana for the position.

26        32.    I selected Ravi Satyanarayana for the HSE&T Supervisor position based upon

27  his experience as an Operations Supervisor. The previous occupant of the position, Norman

28  Ramirez, had also been an Operations Supervisor before becoming the HSE&T Supervisor. I

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408.998.4150

FIRMWIDE:80631017.1 049112.1002      9.      CASE NO. C 05 00490 CW

Declaration Of Steven J. True In Support Of Motion For Partial Sum Jud On Promotion Claims Of Pl Donald Hamilton

1  selected Mr. Satyanarayana for the position based upon his successfully demonstrated experience as

2  an Operations Supervisor; his supervisory skills; his knowledge in the Company's standard safety

3  procedures; and his strong computer skills necessary for the generation of reports required by the

4  position. The basis for my decision was the foregoing qualifications of Mr. Satyanarayana, not

5  Plaintiff Hamilton's race or stammering. In my opinion Plaintiff Hamilton did not have the same

6  level of qualifications for the position as Mr. Satyanarayana. Subsequently, I promoted Plaintiff

7  Hamilton to the Operations Supervisor position formerly occupied by Mr. Satyanarayana and

8  vacated by him after his transfer to the HSE&T Supervisor position.

9        33.    Approximately three months after Ravi Satyanarayana's transfer to the

10  HSE&T Supervisor position, Plaintiff Hamilton applied for the Operations Supervisor position that

11  Mr. Satyanarayana had vacated and which had been posted for employee applications. Brad Haines,

12  who is not African-American, also applied for the position. I made the decision to promote

13  Plaintiff Hamilton to the position. The promotion of Plaintiff Hamilton was effective January 13,

14  2003. With Plaintiff Hamilton's promotion, there were four Operations Supervisors within the San

15  Francisco operation, Gagendra Singh, Daniel Hinton, Cliff Taylor, and Plaintiff Hamilton, the latter

16  two being African-American.

17        34.    Plaintiff Hamilton was promoted to Operations Supervisor by me effective

18  January 13, 2003. He attended his first supervisors' meeting two days later on January 15, 2003.

19  During that meeting, and contrary to the allegations of Plaintiff Hamilton, **I did not state** to the

20  Plaintiff Hamilton, "Don, I'm going to warn you about something. You have two things working

21  against you here: the fact that you are Black, and you have a stammering problem." I did not make

22  any statement during the meeting similar to the foregoing.

23        35.    The day before the January 15, 2003 supervisors' meeting, I met with

24  Plaintiff Hamilton and Norman Ramirez welcoming Plaintiff Hamilton to his new position as

25  Operations Supervisor. During the meeting Plaintiff Hamilton, Mr. Ramirez, and I discussed

26  Plaintiff Hamilton's proposed training schedule, various company polices, and procedures for

27  emergencies. Regarding Plaintiff Hamilton's training schedule, I told him that Cliff Taylor would be

28  working with Plaintiff Hamilton as his training supervisor and would continue to work with him

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

FIRMWIDE:80631017.1 049112.1002          10.          CASE NO. C 05 00490 CW

Declaration Of Steven J. True In Support Of Motion For Partial Sum Jud On Promotion Claims Of Pl Donald Hamilton

until Mr. Taylor felt he was capable of performing independently. After that portion of the meeting, Mr. Ramirez left my office and I asked Plaintiff Hamilton to remain. I then told Plaintiff Hamilton that I was pleased that he was moving forward in the Company and that I would support him in is new position. I then proceeded to counsel him about potential problems that may occur while working in his new position. Specifically, I told Plaintiff Hamilton that there would be times that he would not be able to meet our Company's service standards and consequently pilots might aggressively and verbally confront him. I told Plaintiff Hamilton that I had two things that I thought might be a problem for him if a service issue became volatile with a pilot. One was that he was Black and the other was his stuttering problem. I said to Plaintiff Hamilton that there were not many Black pilots in corporate aviation. Further, that unfortunately there had been incidents when there was a service problem and the pilots involved had made derogatory racial comments toward employees. I advised Plaintiff Hamilton that if this ever happened that he should not engage in any defensive rhetoric with the pilot, but to call me immediately and I would handle the situation. Regarding his stuttering, I said that this could be a positive attribute. I said that customers normally do not remember an employee's names, but do remember some physical feature of an employee. I used myself as an example, that people sometimes did not remember my name, but when referring to me they have said "the tall dark guy with a mustache." After this I asked Plaintiff Hamilton if he had any questions or concerns, to which he replied that he had none.

36.     Effective May 31, 2003, I demoted Plaintiff Hamilton to a Line Service Technician position because I lost confidence in him due to what I considered to be violations of Company policies. As indicated above, effective December 9, 2002, I had earlier assumed responsibility for the Company's Santa Barbara airport operations. On April 28, 2003, Daniel Harris, who is African-American, was promoted from Lead Line Service Technician to Operations Supervisor at Santa Barbara. Prior to that, I interviewed Mr. Harris for this position and approved his promotion to it. Accordingly, just 32 days before I demoted Plaintiff Hamilton from the Operations Supervisor position in San Francisco, I promoted an African-American, Mr. Harris, to that same employment position in Santa Barbara. On December 8, 2003, I promoted Mr. Harris to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

FIRMWIDE:80631017.1 049112.1002

11.

CASE NO. C 05 00490 CW

Declaration Of Steven J. True In Support Of Motion For Partial Sum Jud On Promotion Claims Of Pl Donald Hamilton

1    Operations Manager, the position in Santa Barbara that is equivalent to the Operations Manager

2    position Kent Foster and Norman Ramirez held at the San Francisco FBO.

3              37.      In response to a job posting, Plaintiff Hamilton applied for an open Operations

4    Supervisor  position  in  September  2004.      Effective  November 13,  2004,  I  promoted

5    Plaintiff Hamilton to that position.

6              I declare under penalty of perjury that the foregoing is true and correct.  Executed

7    December 1, 2005, at San Francisco, California.

8

9                                                        STEVEN J. TRUE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408.998.4150

FIRMWIDE:80631017.1 049112.1002                    12.                           CASE NO. C 05 00490 CW

Declaration Of Steven J. True In Support Of Motion For Partial Sum Jud On Promotion Claims Of Pl Donald Hamilton