## ANDERLINI, FINKELSTEIN, EMERICK & SMOOT

† P. TERRY ANDERLINI
* DAVID G. FINKELSTEIN
** MERRILL G. EMERICK
  PAUL J. SMOOT
  IRENE Y. FUJII
  ERIC T. HARTNETT

† PAST PRESIDENT STATE BAR
* ALSO ADMITTED IN NEW YORK
** ALSO ADMITTED IN OREGON

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
400 SOUTH EL CAMINO REAL
SUITE 700
SAN MATEO, CALIFORNIA 94402

TELEPHONE (650) 348-0102
TELECOPIER (650) 348-0962
INFO@AFELAW.COM

OF COUNSEL
* DANIEL J. MONACO (RET)
  ROBERT M. DESKY
** THOMAS J. BARGER
*** BRUCE M. LUBARSKY
  CHARLES S. BRONITSKY

LEGAL ASSISTANT
DALE M. ROSS, J.D.
G. CHRIS ANDERSEN

* PAST PRES. WORLD JURIST ASSN.
** CERTIFIED PROBATE, ESTATE
   PLANNING AND TRUST LAW
   SPECIALIST
*** ALSO ADMITTED IN DISTRICT
    OF COLUMBIA

December 15, 2005

VIA FACSIMILE

Honorable Susan Illston
United States District Court
Courtroom 10, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Shaposhnikov v. Pacifica School District*
Case No.: C 04 1288 SI

Dear Judge Illston:

Pursuant to your specific request at our Status Conference, Plaintiffs require court intervention to address a Discovery matter.

- On Friday, December 9, 2005, at 2:00 p.m., defendants served upon plaintiffs 1,835 documents relating to disciplinary action taken. I have enclosed Ms. Rimes's cover letter, attached as Exhibit A.

- These 1,835 documents should have been produced with the suspension notices and letters to the parents which defendants' produced, in redacted form, with Initial Disclosures, 11 months ago.

- These documents are significant because they relate to defendants' defense of our case, specifically, what action was taken. Based upon the Bates numbering, these documents were withheld from disclosure and produced at the close of discovery. [Defendants' Bates numbering is over 25000. These documents produced are in the 20000+ range.]

- Prior to this production not a single document was produced relating to detention and discipline referrals.

- Defendants' counsel, the principal and vice-principal had stated during the course of deposition that all documents had been produced.

- Plaintiffs have spent hundreds of hours reviewing the 1000s of documents produced

and prepared for depositions based upon the lack of evidence produced by defendants, specifically that defendants had only issued suspensions, and had never disciplined the bullies in any other manner, i.e., detention or discipline referral.

- Plaintiffs have been severely prejudiced by this delayed production.

- Based upon Mr. Shupe's representation at the deposition of Principal Mindel on December 6, 2005, that all documents requested had been produced, I agreed to defendants' request not to continue discovery except for the depositions already noticed.

- Had plaintiffs' been advised before the December 9, 2005, Joint CMC with your honor, which commenced at 2:40 p.m., 40 minutes after defendants' counsel Anita Rimes had 1,835 documents relating to detention and discipline hand-delivered to my office, I would have raised the issue with the court.

- Plaintiffs contacted defendants and advised them of our dismay and our desire to continue discovery. Defendants refused. Attached as Exhibit B are the two letters.

Plaintiffs respectfully request a telephonic conference to continue non-expert discovery at least 45 days beyond January 29, 2006, and continue all associated dates to a date convenient to the court.

Yours very truly,

ANDERLINI, FINKELSTEIN, EMERICK & SMOOT

Paul J. Smoot

cc: Anita Rimes, Esq.
PJS/uif

# Shupe and Finkelstein

ATTORNEYS AT LAW

JOHN A., SHUPE
DIANE E. FINKELSTEIN

ANITA L. RIMES,

177 BOVET ROAD, SUITE 600
SAN MATEO, CALIFORNIA 94402-3191

TELEPHONE: (650) 341-3693
FACSIMILE: (650) 341-1395
E-MAIL: jas@bovetprofessional.com

December 9, 2005

VIA HAND DELIVERY

Paul A. Smoot
Anderlini, Finkelstein, Emerick & Smoot
400 South El Camino Real, Suite 700
San Mateo, CA 94402

Re:  *Shapsoshnikov v. Pacifica School District, et.*
Case No: C 04 1288 SI

Dear Mr. Smoot:

I spoke with John after the deposition of Ms. Mindel and he mentioned that you did not
have any detention slips.  I further reviewed the documents produced to you.  A former paralegal
was responsible for reviewing the documents assuring that the documents not previously
produced were produced.  I has now come to my attention that we did not produce those
document to you.  Enclosed are Bates Nos. 021035, 21036,021044,021046-021062 021071-
021081, 021106, 021157-021160, 021182,-021199, 021202-021205, 021221,021237, 021238,
021254, 021280-021285,021298, 021299,021302, 021303,021305, 021306,021308-
021310,021312, 021314, 012315-021321,021323,021326,021327,021330-021336,021338-
021354, 021357,021359,021361-021374,021376-021384, 021386-023090.

We apologize for the delay.

Very truly yours,

SHUPE AND FINKELSTEIN

Anita L. Rimes

alr

Enclosures

M:\Shaposhnikov\Letters\SmootReAddDocs2.wpd

# EXHIBIT "A"

†P. TERRY ANDERLINI
*DAVID G. FINKELSTEIN
**MERRILL G. EMERICK
PAUL J. SMOOT
IRENE Y. FUJII
ERIC T. HARTNETT

† PAST PRESIDENT STATE BAR
* ALSO ADMITTED IN NEW YORK
** ALSO ADMITTED IN OREGON

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

400 SOUTH EL CAMINO REAL
SUITE 700
SAN MATEO, CALIFORNIA 94402

TELEPHONE (650) 348-0102
TELECOPIER (650) 348-0962
INFO@AFELAW.COM

OF COUNSEL
* DANIEL J. MONACO (RET)
ROBERT M. DESKY
** THOMAS J. BARGER
*** BRUCE M. LUBARSKY
CHARLES S. BRONITSKY

LEGAL ASSISTANT
DALE M. ROSS, J.D.
G. CHRIS ANDERSEN

* PAST PRES. WORLD JURIST ASSN
** CERTIFIED PROBATE, ESTATE
PLANNING AND TRUST LAW
SPECIALIST
*** ALSO ADMITTED IN DISTRICT
OF COLUMBIA

December 14, 2005

John L. Shupe, Esq.
Anita A. Rimes, Esq.
Shupe and Finkelstein
177 Bovet Rd., Ste. 600
San Mateo, CA 94402

Re: *Shaposhnikov, et al. v. Pacifica School District, et al.*
U. S. District Court Case No. C 04 1288 SI

Dear Counsel:

Based upon my inquiry of Mrs. Mindel regarding detention of students, you have now produced these 1,835 documents previously withheld. I have had my paralegal count and renumber the documents served on my office at 2:00 p.m. on Friday, December 9, 2005, because the Bates numbering provided was so poor most numbers on documents could not be read. Significantly, your office produced 1,835 documents that had been selectively removed from prior production, based upon the Bates numbering, and withheld these documents.

Throughout the course of depositions, Mr. Shupe adamantly stated all documents have been produced. At the last minute discipline records are produced. Frankly, these documents should have been produced with Initial Disclosures. Defendants certainly understood that suspensions and other discipline oriented records were to be produced, and did so. Now to produce detentions and referrals at the last minute, I am going request Judge Illston continue all discovery and continue the trial date 45 days to the existing schedule. Please let me know your thoughts before I submit my letter tomorrow, December 15, 2005.

Yours very truly,

ANDERLINI, FINKELSTEIN, EMERICK & SMOOT

Paul J. Smoot

**EXHIBIT "B"**

# Shupe and Finkelstein
### ATTORNEYS AT LAW
177 BOVET ROAD, SUITE 600
SAN MATEO, CALIFORNIA 94402-3191

JOHN A., SHUPE
DIANE E. FINKELSTEIN

ANITA L. RIMES,

TELEPHONE: (650) 341-3693
FACSIMILE: (650) 341-1395
E-MAIL: jas@bovetprofessional.com

December 14, 2005

Paul A. Smoot
Anderlini, Finkelstein, Emerick & Smoot
400 South El Camino Real, Suite 700
San Mateo, CA 94402

> **VIA FAX - (650)348-0962**

Re:  *Shapsoshnikov v. Pacifica School District, et.*
Case No: C 04 1288 SI

Dear Mr. Smoot:

You are incorrect regarding the documents produced to you on December 9. As I explained in a prior letter a former paralegal was responsible for reviewing the documents assuring that the documents not previously produced were produced. These documents should have been produced in response to plaintiff's request for production of document, set no. two. I promptly produced these documents when it came to my attention that we had not produced them. Only 59 of the documents produced were detention forms and discipline referrals. The majority of the documents produced are minimally relevant. They are signed anti-bullying pledge forms and students' work product from various teachers related to bullying, harassment, and sexual harassment awareness. When you were served with these documents you had at least one week to review the documents prior to any more deposition of our client.

Moreover, these documents should not have been produced with the Initial Disclosure documents. We did produce all documents the client located. And our office can only produce what we have.

I do not see a need to continue all discovery nor continue the trial date 45 days. We have already stipulated to complete all depositions noticed before the discovery cut off. The trial date has already been pushed out one month from the original trial date. There is no need for a further extension.

Very truly yours,

SHUPE AND FINKELSTEIN

Anita L. Rimes

M:\Shaposhnikov\Letters\SmootReDisc&TrialExtension.wpd

# EXHIBIT "B"