City and County of San Francisco, et al.
vs.
Tutor-Saliba Corporation, et al.

Case No. C02-5286 CW (EMC)

**DECLARATION OF ROBERT NIDA FILED IN SUPPORT OF
MOTION TO ENFORCE PRIOR ORDER AND MOTION FOR CONTEMPT OF
COURT FOR FAILURE TO COMPLY WITH ORDER OF THE SPECIAL
MASTER TO CERTIFY PRODUCTION OF DOCUMENTS (DOCKET 717)**

EXHIBIT NO. "1"

Hon. Daniel M. Hanlon
JAMS Inc.
Two Embarcadero Center, Suite 1100
San Francisco, California 94111
(415) 774-2649
(415) 982-5267 (fax)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation and a political subdivision of the State of California and DENNIS J. HERRERA, City Attorney for San Francisco, on behalf of the PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Plaintiffs, <br><br> vs. <br><br> TUTOR-SALIBA CORPORATION; a California corporation; TUTOR-SALIBA PERINI & BUCKLEY, J.V., a California joint venture; PERINI CORPORATION, a Massachusetts corporation; BUCKLEY & COMPANY INC., a Pennsylvania corporation; AMERICAN HOME INSURANCE COMPANY, a New York corporation; FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation; SWISS REINSURANCE AMERICA CORPORATION, a New York corporation; and THE AETNA CASUALTY AND SURETY COMPANY, a Connecticut corporation, RONALD TUTOR, an individual. <br><br> Defendants. | Case No. C 02 5286 CW (EMC) <br><br> **RECOMMENDATION OF SPECIAL MASTER FOR ORDER GRANTING AND DENYING THE TUTOR DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR SANCTIONS.** |

On March 11, 2005, the Motion of Defendants Tutor-Saliba Corporation, ("TSC"); Tutor-Saliba Perini & Buckley, J.V., ("TSPB"); Perini Corporation, ("Perini"); Buckley & Company, Inc., ("Buckley"), and Ronald N. Tutor, ("Mr. Tutor"), (hereinafter referred to as the "Tutor Defendants") to compel Plaintiffs to produce documents

- 1 -

including all electronic documents and data responsive to the Tutor Defendants Request for Production of Documents, Set One as modified and further ordered by the June 7, 2004 Stipulated Discovery Order for prioritized categories 1 through 7, and for monetary sanctions against Plaintiffs and their counsel of record in the amount of $96,595 came before the Honorable Daniel M. Hanlon, Special Master, for hearing.

On October 24, 2004, defendants served their First Request for Production (RFP) on plaintiffs. The defendants aver that they seek documents that the Human Rights Commission (HRC) had received and generated in reviewing and/or approving defendants' bids and proposed subcontracts to be in compliance with the MBE Outreach programs' requirements. The defendants seek documents showing that the HRC had certified defendants' subcontractors on previous City contracts. And defendants seek documents that would evidence plaintiffs' contention that defendants had submitted "unreasonably low" bids to the Airport Commission along with other bids for the contracts and the documentation evidencing Plaintiffs' review and evaluation of the bids.

Defendants brought Motion to Compel before Judge Chen. On February 25, 2004, Judge Chen issued his "Guidance Order" suggesting purposed rulings and a direction to the parties to meet and confer. The Guidance Order recited what documents plaintiffs had agreed to produce and which documents the Court found relevant. Judge Chen directed that a privilege log should be produced at the same time the documents are produced. Finally, Judge Chen directed that documents must be produced either: "(1) as they are kept in the usual cause of business or (2) organized and labeled to correspond with the categories in the request."

The parties met and conferred over a two month period to arrive at a stipulation for the production of plaintiffs' documents. The stipulation was entered as an order by Judge Chen on June 7, 2004.

By terms of the Stipulation Order, plaintiffs agreed to produce all non-privileged documents in accord with the request as prioritized into eight groups. The production agreed to by plaintiffs would include:

1. Documents relating to the subcontractors' identified in Tutor Defendants' request dated on or after 1994;
2. The requested bid packages and similar documents dated on or after 1994;
3. Documents relating to MBEs that plaintiffs contended are "fronts,"

- 2 -

RECOMMENDATION OF SPECIAL MASTER FOR ORDER GRANTING AND DENYING THE TUTOR DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR SANCTIONS

including HRC certifications, investigations, and other City documents pertaining to such MBEs, dated on or after 1994 and without limitation of such documentation to the Airport contracts;

4. Documents relating to the estimating, budgets, design, scheduling and bidding of the Airport contracts.

Over the period of months, discussions and meet and confer letters were undertaken to have the Plaintiffs produce the requested documents. Then Defendants objected that either the relevant documents were not produced or there were plethora of documents leading to a review of irrelevant materials. Many of the facts asserted concerning the production are in dispute. It is obvious that the Defendants' initial requests were broader than what was eventually agreed to during the meet and confer process. And the specific requests for documents changed during this period of time.

The Plaintiff has unequivocally stated in correspondence but not in pleadings that except for documents that have been in remote storage, they have produced all requested documents corresponding to Priorities One through Seven.

Therefore, IT IS HEREBY RECOMMENDED that the Defendants' Motion for Production of those documents relating to Priority Requests One through Seven under the Stipulation is GRANTED. The Plaintiffs shall produce all relevant documents under the Stipulated Order Priorities One through Seven, to the extent these documents have not heretofore been produced, including but not limited to documents from remote storage facilities as well as electronic data basis relative to the First Priority. If Plaintiffs have heretofore produced all documents responding to Priority Requests One through Seven, they shall have a pleading filed so affirming the exhaustion of its production of discovery on those issues.

The Special Master finds that the Motion for production as to the Eighth Priority Request is so obfuscated by the meet and confer process and correspondence as to render further orders, at this point, meaningless. Therefore, Defendants Motion for Production of Documents under the Eighth Priority request is denied without prejudice. Defendants may rephrase the Request for Production of documents under the Eighth Priority with specificity for those relevant documents of the Tutor Saliba subcontractors sought as discoverable.

- 3 -

The defendants have sought monetary sanctions against the plaintiffs for the production of irrelevant materials and not responding with relevant document to the request. These are the subject of numerous letters which contain allegations and accusations of misconduct by both parties. There is no evidence of a meet and confer on the subject of grievances nor is the request supported with sufficient evidence to support a finding for significant sanctions. Therefore, it is the recommendation of the Special Master that the Motion for Sanctions be denied.

Dated: Aug 9, 2005

Hon. Daniel M. Hanlon (Ret.)
Special Master

- 4 -

RECOMMENDATION OF SPECIAL MASTER FOR ORDER GRANTING AND DENYING THE TUTOR DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DUCUMENTS AND FOR SANCTIONS

City and County of San Francisco, et al.
vs.
Tutor-Saliba Corporation, et al.

Case No. C02-5286 CW (EMC)

**DECLARATION OF ROBERT NIDA FILED IN SUPPORT OF
MOTION TO ENFORCE PRIOR ORDER AND MOTION FOR CONTEMPT OF
COURT FOR FAILURE TO COMPLY WITH ORDER OF THE SPECIAL
MASTER TO CERTIFY PRODUCTION OF DOCUMENTS (DOCKET 717)**

EXHIBIT NO. "2"

|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 | UNITED STATES DISTRICT COURT |
| 6 | NORTHERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, *et al.*, | No. C-02-5286 CW (EMC) |
| Plaintiffs, | **ORDER RE SPECIAL MASTER'S RECOMMENDATION RE DEFENDANTS' MOTION TO COMPEL AND FOR SANCTIONS** |
| v. | |
| TUTOR-SALIBA CORPORATION, *et al.*, | (Docket No. 471) |
| Defendants. | |

On August 11, 2005, the Special Master in this case, Justice Hanlon, issued a recommendation for an order granting and denying the Tutor Defendants' motion to compel and for sanctions. *See* Docket No. 717 (recommendation, filed on 8/11/05). Neither party filed an objection to the recommendation. *See* Docket No. 374 (order, filed on 9/7/04) (allowing a party to file an objection to a ruling of the special master within ten days from the time the ruling is served).

The Court has reviewed the recommendation de novo; finds it correct, well reasoned, and thorough; and adopts it in every respect. Accordingly, the Court hereby GRANTS in part and DENIES in part the Tutor Defendants' motion to compel and for sanctions.

///
///
///
///
///

1  In the future, the Court notes that Justice Hanlon's rulings on discovery, unless addressing a
2  potentially dispositive matter (*e.g.*, preclusion sanctions) should be considered orders instead of
3  recommendations. Thus, in this instance, although the Court has issued this order on the motion to
4  compel and for sanctions, Justice Hanlon's "recommendation" should have properly been considered
5  an order (subject to "appeal" to this Court).
6  This order disposes of Docket No. 471.

8  IT IS SO ORDERED.

10 Dated: August 26, 2005

   EDWARD M. CHEN
   United States Magistrate Judge

City and County of San Francisco, et al.
vs.
Tutor-Saliba Corporation, et al.

Case No. C02-5286 CW (EMC)

DECLARATION OF ROBERT NIDA FILED IN SUPPORT OF
MOTION TO ENFORCE PRIOR ORDER AND MOTION FOR CONTEMPT OF
COURT FOR FAILURE TO COMPLY WITH ORDER OF THE SPECIAL
MASTER TO CERTIFY PRODUCTION OF DOCUMENTS (DOCKET 717)

EXHIBIT NO. "3"

NOMI L. CASTLE
MARTIN G. MAMETT*
MATTHEW J. LUCE
DAVID C. ROMYN
ROBERT NIDA
MARY E. LOCKINGTON
ROBERT S. BLONSTEIN
FARZAD TABATABAI
JOHN A. DRAGONETTE

*ALSO ADMITTED IN WASHINGTON
& PENNSYLVANIA

# CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
1925 CENTURY PARK EAST, SUITE 210
LOS ANGELES, CALIFORNIA 90067-2712
TELEPHONE (310) 286-3400
FAX (310) 286-3404

NANCY E. GRAY
OF COUNSEL

December 20, 2005

*Via Facsimile*

Kristine A. Poplawski, Esq.
Deputy City Attorney
**OFFICE OF THE CITY ATTORNEY**
1390 Market Street, 6th Floor
San Francisco, CA 94102-5408

      Re: **City and County of San Francisco v. Tutor-Saliba Corporation, et al.**
           **USDC Case No. 02-5286-CW**

Dear Ms. Poplawski:

It was a pleasure to speak with you on December 16, 2005, concerning the above-referenced case wherein we discussed a number of issues with regard to deposition this letter confirms that Plaintiffs indicated that they will be producing the e-mails previously not produced for John Martin, Tom Kardos, and other executives and others by Wednesday, December 21, 2005. We look forward to receiving that essential evidence in the case.

You also indicated that the certifications, which were ordered to be produced by Plaintiffs last summer, will be produced by January 6, 2006. We look forward to receiving that long overdue certification.

This letter also confirms that you were unable or unwilling to discuss the scheduling of the 30(B)(6) deposition concerning RICO issues and the deposition of the witnesses who Plaintiffs allege discovered the alleged falsities.

Thank you for your attention to this matter.

Very truly yours,

Robert Nida

cc: Stephanie P. Skaff, Esq.
    David C. Veis

Poplawski.K155/20.4-9

City and County of San Francisco, et al.
vs.
Tutor-Saliba Corporation, et al.

Case No. C02-5286 CW (EMC)


DECLARATION OF ROBERT NIDA FILED IN SUPPORT OF
MOTION TO ENFORCE PRIOR ORDER AND MOTION FOR CONTEMPT OF
COURT FOR FAILURE TO COMPLY WITH ORDER OF THE SPECIAL
MASTER TO CERTIFY PRODUCTION OF DOCUMENTS (DOCKET 717)

EXHIBIT NO. "4"

NOMI L. CASTLE
MATTHEW J. LUCE
DAVID C. ROMYN
ROBERT NIDA
MARY E. LOCKINGTON
ROBERT S. BLONSTEIN
FARZAD TABATABAI
DANIELLE TRAMMELL LABRIOLA

NANCY E. GRAY
OF COUNSEL

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
1925 CENTURY PARK EAST, SUITE 210
LOS ANGELES, CALIFORNIA 90067-2712
TELEPHONE (310) 286-3400
FAX (310) 286-3404

January 6, 2006

*Via Facsimile*

Kristine A. Poplawski, Esq.
Deputy City Attorney
**OFFICE OF THE CITY ATTORNEY**
1390 Market Street, 6th Floor
San Francisco, CA 94102-5408

   Re: <u>City and County of San Francisco v. Tutor-Saliba Corporation, et al.</u>
      USDC Case No. 02-5286-CW

Dear Ms. Poplawski:

During our meet and confer session on December 16, 2005, you, on behalf of Plaintiffs, promised to finally comply with the orders requiring Plaintiffs to certify production of certain documents. You promised to comply by January 6, 2006. As we discussed, these certification were expressly ordered and the should have been produced long ago. Please make sure you comply with Plaintiffs' promises. We are concerned that we have not yet received the certifications. If we do not receive as promised, we will have to file a further motion without notice, as we already met and conferred on the issue and Plaintiffs should have complied long ago.

Thank you for your attention to this matter.

Very truly yours,

Robert Nida

cc: Stephanie P. Skaff, Esq.
   David C. Veis

NOMI L. CASTLE
MATTHEW J. LUCE
DAVID C. ROMYN
ROBERT NIDA
MARY E. LOCKINGTON
ROBERT S. BLONSTEIN
FARZAD TABATABAI
DANIELLE TRAMELL LABRIOLA
MICHAEL ALEXANDER GOLD
CATHERINE M. McCLEARY

# CASTLE & ASSOCIATES

A PROFESSIONAL LAW CORPORATION

1925 CENTURY PARK EAST, SUITE 210

LOS ANGELES, CALIFORNIA 90067-2712

TELEPHONE (310) 286-3400

FAX (310) 286-3404

NANCY E. GRAY
Of Counsel

January 9, 2006

**Honorable Daniel M. Hanlon**  *Via Facsimile and E-filing*
**JAMS**
Two Embarcadero Center, Suite 1100
San Francisco, CA 94111

Re: **City and County of San Francisco v. Tutor-Saliba Corporation, et al.**
    **USDC Case No. 02-5286-CW (EMC)**

Dear Justice Hanlon:

This letter addresses the Tutor Defendants' understanding of the timing requirements under your recent order to produce documents and the Tutor Defendants' progress in producing the documents.[1]

On December 27, 2005, the Special Master signed: "Order Plaintiff's Motion to Compel Production of Documents by Tutor Defendants" (Docket 847) (hereinafter "Order"), which was mail served to the parties on December 28, 2005 (proof of service attached to the Order), and received by counsel for the Tutor Defendants on January 3, 2006. The Order was subsequently entered into the Court record on January 4, 2006. The parties disagree as to the timing requirements for compliance under the Order. The Tutor Defendants write this letter to the Special Master to report on their progress and position regarding the production of documents.

## Calculation of Production Time

The Order was served by U.S. Mail on December 28, 2005, and was not received by counsel for the Tutor Defendants until January 3, 2006. The Order (except for the production of Box 474), expressly provides that compliance for most of the documents shall occur within "10 days of the date of entry of this order". (See Order, P. 6, L. 16-17; P. 9, L. 7). The Order was "entered" into the Court Docket on January 4, 2006. The

---

[1] This correspondence is not a motion and does not seek affirmative relief, but is merely a report on the progress of the Tutor Defendants in producing documents to Plaintiffs.

CASTLE & ASSOCIATES

Hon. Daniel M. Hanlon
JAMS
January 9, 2006
Page 2

Tutor Defendants believe they are entitled to gather, review and produce the documents within ten (10) days from said "entry". The Tutor Defendants believe that to calculate the time differently would be contrary to federal law and would not provide the Tutor Defendants enough time to gather, bate stamp and produce the responsive documents. A previous production of the same documents required in the Order is already set for January 17, 2006 – eight short days from this report. Despite the already scheduled production date of January 17, 2006, Plaintiffs demanded that the Tutor Defendants produce all documents within three (3) days from January 3, 2006 – last Friday. Except for the production of Box 474 (which occurred as scheduled on January 6, 2006), the Tutor Defendants believe the date of lawful compliance is January 19, 2006[2], although the Tutor Defendants will voluntarily produce documents on the previously scheduled date of January 17, 2006.

The Tutor Defendants are complying with the Order and have agreed to produce the documents earlier as stated in our two attached letters to Plaintiffs (Exhibits 2 and 4) and confirmed again herein, as follows:

Box 474

In full compliance with the directive of the Special Master, Box 474 was reproduced on Friday, January 6, 2006, and the Tutor Defendants served notice that electronic data was lodged with the electronic production vendor. The Tutor Defendants also served its objections to the production of the 56 DAT back-up tapes, which backed up the massive electronic POD data production. As we previously informed the Special Master and Plaintiffs, producing the backup tapes of the POD would be unduly burdensome and would require hundred of hours to privilege check the massive tapes.

---

[2] In arriving at its calculations, the Tutor Defendants comply with Federal Rules of Civil Procedure, including Rule 6(a) (as cited by Plaintiffs on other occasions during the litigation), which provides that timing of compliance in a period of less then 11 days shall exclude in the calculation of the time period any Saturdays, Sundays, and legal holidays. A copy of the Rule is attached hereto as Exhibit 6. As we informed Plaintiffs in our letters of January 4, 2006 and January 9, 2006 (copies attached along with Plaintiffs' two letters), the weekend days fall on January 7, 8, 14 and 15, 2006, and January 16, 2006, is a legal holiday. Plaintiffs disagree that such dates should be used in the calculation, which is contrary to the express positions taken by Plaintiffs in complying with other orders of the Special Master, including the Fourth Request for Production of Documents, whereby Plaintiffs sought multiple extension from the Special Master and Magistrate Judge before producing records (and Plaintiffs are still belatedly producing said records in direct violation of prior orders).

In addition, under Rule 6(e), the Tutor Defendants should be allotted three additional days due to the mail service of the Order. In the interest of moving the matter forward, however, the Tutor Defendants are not asserting that claim, and they will stand by their previously scheduled production date of January 17, 2006.

Also on Friday, January 6, 2006, the Tutor Defendants voluntarily sent Plaintiffs photocopies of the faces of the disks reproduced from Box 474.

### Scheduling Data

On January 6, 2006, the Tutor Defendants produced Box 474 that contained scheduling data. Scheduling data was also previously produced in the massive POD production last year. Finally, the non-IT scheduling data, first requested on December 5, 2005, will be produced by this Friday, January 13, 2005, which is 6 days before the date required under the Order entered on January 4, 2006.

### Job Cost Documents

As previously agreed and now ordered by the Special Master, the Tutor Defendants will produce hard copies of IT Contract job costs reports for 1996-1998 at the already scheduled production date of January 17, 2006.

In addition, Plaintiffs have sought to again review job cost reports for the non-IT contracts. Those documents have already been produced during the various litigation productions in this case. Plaintiffs, however, apparently neglected to copy the documents. Defendants have agreed to make available on January 17, 2006, specific boxes selected by Plaintiffs for reproduction, including boxes 63, 252, 270, 271A, 272 and 273 (all previously produced during the July-November 2005 productions).

### Rule 26 Documents

The Tutor Defendants are producing documents associated with the Rule 26 disclosures at the already scheduled production date of January 17, 2006. Pursuant to the protocol set in the Stipulation and Order of Judge Chen, dated June 7, 2004, Plaintiffs, by and through David Norman at the City Attorney's Office, selected the documents to be produced on January 17, 2006. The Tutor Defendants are in the process of reviewing and bate stamping those documents selected for production on January 17, 2006.

During the course of this litigation, Plaintiffs have expressly indicated, however, in compliance with the Stipulation and Order of June 7, 2004, that certain documents were not to be produced, including the scores of boxes of "submittals" (which largely include copies of documents submitted to the Plaintiffs during the project) and boxes of documents related to subcontractors not at issue in the litigation. Based on Plaintiffs' express written instructions, the Tutor Defendants have not been preparing those documents for production during the last month. In their most recent correspondence, however, Plaintiffs are now asserting a desire to review the documents they previously excluded from review.

CASTLE & ASSOCIATES

Hon. Daniel M. Hanlon
JAMS
January 9, 2006
Page 4

In response, the Tutor Defendants are certainly willing to produce those documents (although the tens of thousands of "submittals" pages are already in Plaintiffs' records from the projects). We have requested that Plaintiffs suggest a date for production of those documents, as they cannot be produced on January 17, 2006, with the other production. On January 17, 2006, the Tutor Defendants believe they will be producing approximately 100 boxes of documents, which will fill the production room to capacity and tax production staff to its maximum. It will take until January 17, 2006, for the Tutor Defendants to review and bate stamp the already selected documents by Mr. Norman. If Plaintiffs wish to review the "submittals" and documents associated with irrelevant subcontractors, the Tutor Defendants have already requested that Plaintiffs select another date for production of those documents, so the Tutor Defendants can review and prepare the documents for production.

**Certifications**

At the conclusion of the production scheduled for this month, the Tutor Defendants will produce verifications in accordance with the instructions of the Special Master.

The Tutor Defendants are concerned, however, that Plaintiffs will again ignore the orders of the Special Master concerning certifications. As the Special Master may recall, last summer, Plaintiffs were ordered to verify certain productions in writing. Despite the Order of the Special Master, and the Tutor Defendants' demands for compliance and recent meet and confer sessions on the issue, Plaintiffs have failed to submit the required certifications. Recently, Plaintiffs again promised to comply by January 6, 2006. A copy of a confirmation letter is attached hereto as Exhibit 5. Plaintiffs, however, again failed to meet the requirements of the Court's Orders and their promises. Defendants will likely be forced to file an additional law and motion action concerning Plaintiffs' failure to produce documents and failure to confirm their previous productions.

The Tutor Defendants are also concerned that Plaintiffs' delays on this issue (and many others) are jeopardizing the discovery plan schedule and trial schedule and creating an environment that places at risk the Tutor Defendants' right to a fair trial on the merits of this litigation.

Very truly yours,

Robert Nida

cc: David C. Veis (via e-filing)
Karen Kimmey and Stephanie Skaff (via e-filing)
Kristine Poplawski (via e-filing)