KATHRYN J. FRITZ (SBN 148200)
RACHAEL G. SAMBERG (SBN 223694)
FENWICK & WEST LLP
275 Battery Street, Suite 1600
San Francisco, CA 94111
Telephone: (415) 875-2300
Facsimile: (415) 281-1350
Email: kfritz@fenwick.com

KAREN P. ANDERSON (SBN 193618)
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200
Email: kanderson@fenwick.com

Attorneys for Plaintiff and Counterclaim
Defendant PROTEGO NETWORKS, INC.,
now Protego Networks LLC, and
Counterclaim Defendants PARTHA
BHATTACHARYA, IMIN LEE and YU
LIAO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PROTEGO NETWORKS, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL N. ZENCHELSKY,<br><br>　　　　Defendant. | Case No. C05-00464 MJJ<br><br>**REPLY TO SECOND AMENDED COUNTERCLAIM BY COUNTERCLAIM DEFENDANT YU LIAO**<br><br>**DEMAND FOR JURY TRIAL** |
| DANIEL N. ZENCHELSKY,<br><br>　　　　Counterclaimant,<br><br>　　v.<br><br>PROTEGO NETWORKS LLC, PARTHA BHATTACHARYA, IMIN LEE, AND YU LIAO,<br><br>　　　　Counterclaim Defendants. | |

LIAO REPLY TO SACC
CASE NO. C05-00464 MJJ

Counterclaim Defendant Yu Liao hereby replies to the Second Amended Counterclaim ("SACC") of Counterclaimant Daniel N. Zenchelsky as follows:

**PARTIES**

1. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of the SACC and on that basis denies each and every averment contained therein, except Mr. Liao admits that he is informed and believes that Mr. Zenchelsky is an individual who resides in New Jersey.

2. Mr. Liao denies each and every averment contained in paragraph 2 of the SACC, except Mr. Liao admits that he is informed and believes that Protego Networks LLC is a Delaware limited liability company formerly known as Protego Networks, Inc.

3. Mr. Liao denies each and every averment contained in paragraph 3 of the SACC, except Mr. Liao admits that Imin Lee is an individual.

4. Mr. Liao denies each and every averment contained in paragraph 4 of the SACC, except Mr. Liao admits that Partha Bhattacharya is an individual.

5. Mr. Liao denies each and every averment contained in paragraph 5 of the SACC, except Mr. Liao admits that he is an individual and that his business address is 1600 Amphitheatre Parkway, Mountain View, CA 94043.

**JURISDICTION AND VENUE**

6. Mr. Liao neither admits nor denies the averments contained in paragraph 6 of the SACC because those averments are conclusions of law to which no response is required; to the extent that those averments may be deemed averments of fact, Mr. Liao denies them, except Mr. Liao admits that jurisdiction and venue are proper in this district.

**BACKGROUND**

7. Mr. Liao denies each and every averment contained in paragraph 7 of the SACC.

8. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 8 of the SACC and on that basis denies each and every averment contained therein.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 9 of the SACC and on that basis denies each and every averment contained therein.

10. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 10 of the SACC and on that basis denies each and every averment contained therein.

11. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 11 of the SACC and on that basis denies each and every averment contained therein.

12. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 12 of the SACC and on that basis denies each and every averment contained therein.

13. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 13 of the SACC and on that basis denies each and every averment contained therein.

14. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 14 of the SACC and on that basis denies each and every averment contained therein.

15. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 15 of the SACC and on that basis denies each and every averment contained therein.

16. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 16 of the SACC and on that basis denies each and every averment contained therein.

17. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 17 of the SACC and on that basis denies each and every averment contained therein.

18. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 18 of the SACC and on that basis denies each and every averment contained therein

19. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 19 of the SACC and on that basis denies each and every averment contained therein.

20. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 20 of the SACC and on that basis denies each and every averment contained therein.

21. Mr. Liao denies each and every averment contained in paragraph 21 of the SACC.

22. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 22 of the SACC and on that basis denies each and every averment contained therein.

23. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 23 of the SACC and on that basis denies each and every averment contained therein.

24. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 24 of the SACC and on that basis denies each and every averment contained therein.

25. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 25 of the SACC and on that basis denies each and every averment contained therein.

26. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 26 of the SACC and on that basis denies each and every averment contained therein.

27. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 27 of the SACC and on that basis denies each and every averment contained therein.

28. Mr. Liao denies each and every averment contained in paragraph 28 of the SACC.

29. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 29 of the SACC and on that basis denies each and every averment contained therein.

30. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 30 of the SACC and on that basis denies each and every averment contained therein.

31. Mr. Liao denies each and every averment contained in paragraph 31 of the SACC.

32. Mr. Liao denies each and every averment contained in paragraph 32 of the SACC, except he is informed and believes that on June 20, 2002, Protego Networks, Inc. was incorporated in Delaware.

33. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 33 of the SACC and on that basis denies each and every averment contained therein.

34. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 34 of the SACC and on that basis denies each and every averment contained therein.

35. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 35 of the SACC and on that basis denies each and every averment contained therein.

36. Mr. Liao denies each and every averment contained in paragraph 36 of the SACC.

37. Mr. Liao denies each and every averment contained in paragraph 37 of the SACC.

38. Mr. Liao denies each and every averment contained in paragraph 38 of the SACC.

39. Mr. Liao denies each and every averment contained in paragraph 39 of the SACC.

40. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 40 of the SACC and on that basis denies each and every averment contained therein.

41. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 41 of the SACC and on that basis denies each and every averment contained therein.

42. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 42 of the SACC and on that basis denies each and every averment contained therein.

43. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 43 of the SACC and on that basis denies each and every averment contained therein.

44. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 44 of the SACC and on that basis denies each and every averment contained therein.

45. Mr. Liao denies each and every averment contained in paragraph 45 of the SACC.

46. Mr. Liao denies each and every averment contained in paragraph 46 of the SACC.

47. Mr. Liao denies each and every averment contained in paragraph 47 of the SACC.

48. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 48 of the SACC and on that basis denies each and every averment contained therein, except Mr. Liao admits that he is informed and believes that on December 20, 2004, Cisco Systems, Inc. announced its intention to acquire Protego Networks, Inc. for $65 million.

49. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 49 of the SACC and on that basis denies each and every averment contained therein, except Mr. Liao admits that Exhibit B of the SACC is a copy of United States Patent Application Publication No. US 2004/0260763 A1 published on December 23, 2004 ("the '763 patent application").

50. Mr. Liao denies each and every averment contained in paragraph 50 of the SACC.

51. Mr. Liao denies each and every averment contained in paragraph 51 of the SACC, except Mr. Liao admits that he is informed and believes that the '763 patent application was filed on June 23, 2003, and published on December 23, 2004.

52. Mr. Liao denies each and every averment contained in paragraph 52 of the SACC.

53. Mr. Liao denies each and every averment contained in paragraph 53 of the SACC.

# FIRST CAUSE OF ACTION

## (Intentional Fraud Based Upon Suppression of Fact)

(Against Protego and Lee)

54. Replying to paragraph 54 of the SACC, Mr. Liao incorporates by reference his responses to each and every averment in the SACC as though fully set forth herein.

55. Mr. Liao neither admits nor denies the averments contained in paragraph 55 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

56. Mr. Liao neither admits nor denies the averments contained in paragraph 56 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

57. Mr. Liao neither admits nor denies the averments contained in paragraph 57 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

58. Mr. Liao neither admits nor denies the averments contained in paragraph 58 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

59. Mr. Liao neither admits nor denies the averments contained in paragraph 59 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

60. Mr. Liao neither admits nor denies the averments contained in paragraph 60 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

61. Mr. Liao neither admits nor denies the averments contained in paragraph 61 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

62. Mr. Liao neither admits nor denies the averments contained in paragraph 62 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

63. Mr. Liao neither admits nor denies the averments contained in paragraph 63 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

64. Mr. Liao neither admits nor denies the averments contained in paragraph 64 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

## SECOND CAUSE OF ACTION

**(Intentional Fraud Based Upon Affirmative Misrepresentation)**

(Against Protego and Lee)

65. Replying to paragraph 65 of the SACC, Mr. Liao incorporates by reference his responses to each and every averment in the SACC as though fully set forth herein.

66. Mr. Liao neither admits nor denies the averments contained in paragraph 66 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

67. Mr. Liao neither admits nor denies the averments contained in paragraph 67 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

68. Mr. Liao neither admits nor denies the averments contained in paragraph 68 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

1      69.     Mr. Liao neither admits nor denies the averments contained in paragraph 69 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

70.     Mr. Liao neither admits nor denies the averments contained in paragraph 70 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

71.     Mr. Liao neither admits nor denies the averments contained in paragraph 71 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

72.     Mr. Liao neither admits nor denies the averments contained in paragraph 72 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

73.     Mr. Liao neither admits nor denies the averments contained in paragraph 73 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

74.     Mr. Liao neither admits nor denies the averments contained in paragraph 74 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

75.     Mr. Liao neither admits nor denies the averments contained in paragraph 75 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

## **THIRD CAUSE OF ACTION**

**(Fraud Based Upon Negligent Misrepresentation)**

(Against Protego and Lee)

76.     Replying to paragraph 76 of the SACC, Mr. Liao incorporates by reference his responses to each and every averment in the SACC as though fully set forth herein.

77. Mr. Liao neither admits nor denies the averments contained in paragraph 77 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

78. Mr. Liao neither admits nor denies the averments contained in paragraph 78 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

79. Mr. Liao neither admits nor denies the averments contained in paragraph 79 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

80. Mr. Liao neither admits nor denies the averments contained in paragraph 80 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

81. Mr. Liao neither admits nor denies the averments contained in paragraph 81 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

## **FOURTH CAUSE OF ACTION**

### **(Constructive Fraud)**

(Against Protego and Lee)

82. Replying to paragraph 82 of the SACC, Mr. Liao incorporates by reference his responses to each and every averment in the SACC as though fully set forth herein.

83. Mr. Liao neither admits nor denies the averments contained in paragraph 83 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

84. Mr. Liao neither admits nor denies the averments contained in paragraph 84 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

85. Mr. Liao neither admits nor denies the averments contained in paragraph 85 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

86. Mr. Liao neither admits nor denies the averments contained in paragraph 86 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

87. Mr. Liao neither admits nor denies the averments contained in paragraph 87 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

88. Mr. Liao neither admits nor denies the averments contained in paragraph 88 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

89. Mr. Liao neither admits nor denies the averments contained in paragraph 89 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

90. Mr. Liao neither admits nor denies the averments contained in paragraph 90 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

## FIFTH CAUSE OF ACTION

**(Conversion)**

(Against Protego, Bhattacharya, Lee, and Liao)

91. Replying to paragraph 91 of the SACC, Mr. Liao incorporates by reference his responses to each and every averment in the SACC as though fully set forth herein.

92. Mr. Liao denies each and every averment contained in paragraph 92 of the SACC.

93. Mr. Liao denies each and every averment contained in paragraph 93 of the SACC.

94. Mr. Liao denies each and every averment contained in paragraph 94 of the SACC.

95. Mr. Liao denies each and every averment contained in paragraph 95 of the SACC.

96. Mr. Liao denies each and every averment contained in paragraph 96 of the SACC.

## SIXTH CAUSE OF ACTION

### (Breach of Implied-in-Fact Contract)

(Against Protego and Lee)

97. Replying to paragraph 97 of the SACC, Mr. Liao incorporates by reference his responses to each and every averment in the SACC as though fully set forth herein.

98. Mr. Liao neither admits nor denies the averments contained in paragraph 98 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

99. Mr. Liao neither admits nor denies the averments contained in paragraph 99 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

100. Mr. Liao neither admits nor denies the averments contained in paragraph 100 of the SACC because those averments are not against him; to the extent that those averments may be deemed to be against him, Mr. Liao denies them.

## SEVENTH CAUSE OF ACTION

### (Copyright Infringement

### 17 U.S.C. § 501, *et seq.*)

(Against Protego, Bhattacharya, Lee, and Liao)

101. Replying to paragraph 101 of the SACC, Mr. Liao incorporates by reference his responses to each and every averment in the SACC as though fully set forth herein.

102. Mr. Liao denies that he has infringed any copyright for which Mr. Zenchelsky may have registered or applied; Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 102 of the SACC and on that basis denies each and every averment contained therein.

103. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 103 of the SACC and on that basis denies each and every averment contained therein.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

104. Mr. Liao denies each and every averment contained in paragraph 104 of the SACC.

105. Mr. Liao denies each and every averment contained in paragraph 105 of the SACC.

106. Mr. Liao denies each and every averment contained in paragraph 106 of the SACC, except Mr. Liao admits that the SACC purports to seek a permanent injunction.

107. Mr. Liao denies each and every averment contained in paragraph 107 of the SACC, except Mr. Liao admits that the SACC purports to seek an accounting and certain damages, all of which Mr. Liao denies.

## EIGHTH CAUSE OF ACTION

### (Misappropriation of Scientific Ideas)

(Against Protego, Bhattacharya, Lee, and Liao)

108. Replying to paragraph 108 of the SACC, Mr. Liao incorporates by reference his responses to each and every averment in the SACC as though fully set forth herein.

109. Mr. Liao is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 109 of the SACC and on that basis denies each and every averment contained therein.

110. Mr. Liao denies each and every averment contained in paragraph 110 of the SACC.

111. Mr. Liao denies each and every averment contained in paragraph 111 of the SACC.

112. Mr. Liao denies each and every averment contained in paragraph 112 of the SACC.

113. Mr. Liao denies each and every averment contained in paragraph 113 of the SACC.

114. Mr. Liao denies each and every averment contained in paragraph 114 of the SACC.

115. Any allegations in the SACC not expressly admitted herein are hereby denied.

# PRAYER FOR RELIEF

116. Counterclaim Defendant Yu Liao denies that Mr. Zenchelsky is entitled to any relief against any of them.

# AFFIRMATIVE DEFENSES

As separate and affirmative defenses to Mr. Zenchelsky's SACC and to each cause of action, claim, and allegation contained therein, Counterclaim Defendant Yu Liao states as follows:

# FIRST AFFIRMATIVE DEFENSE

(Failure To State a Cause of Action)

117. Each purported cause of action in the SACC fails to state facts sufficient to constitute a cause of action against Mr. Liao.

# SECOND AFFIRMATIVE DEFENSE

(Statutes of Limitations)

118. Each cause of action in the SACC is barred by the applicable statutes of limitations.

# THIRD AFFIRMATIVE DEFENSE

(Fraud)

119. Each cause of action in the SACC is barred by Mr. Zenchelsky's fraudulent conduct.

# FOURTH AFFIRMATIVE DEFENSE

(Bad Faith)

120. Each cause of action in the SACC is barred because Mr. Zenchelsky is prosecuting his claims in bad faith and for an improper purpose. Mr. Zenchelsky's claims are frivolous and entitle Mr. Liao to an award of reasonable expenses and attorneys' fees.

# FIFTH AFFIRMATIVE DEFENSE

(Lack of Standing)

121. Mr. Zenchelsky lacks standing to assert the claims in the SACC.

## SIXTH AFFIRMATIVE DEFENSE

(Unclean Hands)

122. Each cause of action in the SACC is barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

(Waiver)

123. Each cause of action in the SACC has been waived in whole or in part, and, to the extent waived, it is barred.

## EIGHTH AFFIRMATIVE DEFENSE

(Estoppel)

124. Mr. Zenchelsky is estopped by its conduct and by operation of law from asserting the allegations contained in each cause of action in the SACC and from maintaining this action.

## NINTH AFFIRMATIVE DEFENSE

(Laches)

125. Each cause of action in the SACC is barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

(Acquiescence)

126. Each cause of action in the SACC is barred by the doctrine of acquiescence.

## ELEVENTH AFFIRMATIVE DEFENSE

(Consent)

127. Each cause of action in the SACC is barred because the Mr. Zenchelsky consented to and approved all the acts and omissions about which he now complains.

## TWELFTH AFFIRMATIVE DEFENSE

(Failure To Mitigate)

128. Mr. Zenchelsky has failed, and continues to fail, to act reasonably to mitigate the damages he alleges in this action.

# THIRTEENTH AFFIRMATIVE DEFENSE

(Statute of Frauds)

129. The SACC's cause of action for "Breach of Implied-in-Fact Contract" is barred by the Statute of Frauds.

# FOURTEENTH AFFIRMATIVE DEFENSE

(Lack of Originality)

130. Mr. Zenchelsky's cause of action for copyright infringement is barred for lack of originality.

# FIFTEENTH AFFIRMATIVE DEFENSE

(Invalidity of Copyright Registrations)

131. Mr. Zenchelsky's cause of action for copyright infringement is barred because his copyright registrations are invalid.

# SIXTEENTH AFFIRMATIVE DEFENSE

(Preemption)

132. Mr. Zenchelsky's causes of action for conversion and "Misappropriation of Scientific Ideas" are barred on the basis of preemption.

# SEVENTEENTH AFFIRMATIVE DEFENSE

(Independent Creation)

133. Each cause of action in the SACC is barred by the doctrine of independent creation.

# EIGHTEENTH AFFIRMATIVE DEFENSE

(Lack of Subject-Matter Jurisdiction)

134. The Court lacks subject matter jurisdiction over this action.

WHEREFORE, Counterclaim Defendant Yu Liao prays for judgment on the SACC as follows:

1. That Mr. Zenchelsky take nothing by his SACC;

2. That the SACC be dismissed with prejudice;

3. For costs of suit, including reasonable attorneys' fees; and

1       4.    For such other and further relief as this Court may deem just and proper.

Dated: January 20, 2006          FENWICK & WEST LLP

By:   /s/ Kathryn J. Fritz
      Kathryn J. Fritz

Attorneys for Plaintiff and Counterclaim Defendant PROTEGO NETWORKS, INC., now Protego Networks LLC, and Counterclaim Defendants PARTHA BHATTACHARYA, IMIN LEE and YU LIAO

# **DEMAND FOR JURY TRIAL**

Counterclaim Defendant Yu Liao hereby demands a trial by jury on all claims for relief so triable.

Dated: January 20, 2006        FENWICK & WEST LLP

By: /s/ Kathryn J. Fritz
    Kathryn J. Fritz

Attorneys for Plaintiff and Counterclaim Defendant PROTEGO NETWORKS, INC., now Protego Networks LLC, and Counterclaim Defendants PARTHA BHATTACHARYA, IMIN LEE and YU LIAO

# **CERTIFICATION OF INTERESTED PARTIES**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Protego Networks LLC, the successor to Protego Networks, Inc.;

Cisco Systems, Inc., the sole member of Protego Networks LLC; and

Various institutional and individual escrow holders.

Dated: January 20, 2006           FENWICK & WEST LLP

By:   /s/ Kathryn J. Fritz
        Kathryn J. Fritz

Attorneys for Plaintiff and Counterclaim Defendant PROTEGO NETWORKS, INC., now Protego Networks LLC, and Counterclaim Defendants PARTHA BHATTACHARYA, IMIN LEE and YU LIAO

23673/00403/SF/5159272.4